ORIGINAL

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

SEP 28 2010

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| TASER INTERNATIONAL, INC., DAVID BATCHELOR, NATALIE BATCHELOR, DR. THOMAS COLLENTINE, JUDITH COLLENTINE, CHARLES FAIRES, SANDRA FAIRES, MASAJI KELLY, KELLY KELLEY, STEPHEN LISENBY, PATRICIA LISENBY, RICHARD D. ALMEROTH, CONSTANCE L. ALMEROTH, JAMES BAKER, JR., ROBERT BAKER, WILLIAM BURNSIDE, DONNA C. CASH, as Personal Representative of the Estate of Dorothy A. Connelly, SOUTHEAST EYE SURGERY CLINIC, INC. EMPLOYEE PSP, JAMES DUNAGIN, JR., EMILY DUNAGIN, RICHARD C. HASKELL, SUSAN HASKELL, RICHARD C. HASKELL, JR., AMY HASKELL, MARY RICHARDSON, PAMELA LEWIS, JANE MAJ, MARGARET ROCHE, ROSEMARY SCOTT, as Personal Representative of the Estate of Chet Scott, JOHN SCOTT, PETER SCOTT, MICHELLE SCOTT, MARY ROSE STUCKER, MICHAEL BOYER, PHILLIPS WALLER SMITH, PATRICK W. SMITH, THOMAS P. SMITH, DEANNA M. SMITH, BRUCE CULVER, and DONNA T. CULVER,<br><br>Plaintiffs,<br><br>v.<br><br>MORGAN STANLEY & CO., INC., GOLDMAN, SACHS & CO., GOLDMAN SACHS EXECUTION & CLEARING, L.P., BEAR STEARNS & CO, INC., K/N/A JP | CIVIL ACTION NO. -JOF<br><br>1:10-CV-3108<br><br>**NOTICE OF REMOVAL** |

| | |
|---|---|
| MORGAN SECURITIES, INC., BEAR STEARNS SECURITIES CORP., K/N/A JP MORGAN CLEARING CORP., MERRILL LYNCH PRO, PIERCE, FENNER & SMITH, INC., DEUTSCHE BANK SECURITIES, INC., CREDIT SUISSE SECURITIES (USA) LLC, BANC OF AMERICA SECURITIES, LLC, UBS SECURITIES, LLC, MERRILL LYNCH PROFESSIONAL CLEARING CORPORATION, and JOHN DOES 2-10, | : : : : : : : : : : : : |
| Defendants. | : : |

Defendant Merrill Lynch Professional Clearing Corp. ("Merrill Lynch Pro"), by and through its undersigned counsel, hereby provides notice pursuant to 28 U.S.C. § 1446 of the removal of the above-captioned case from the State Court of Fulton County, Georgia, to the United States District Court for the Northern District of Georgia, Atlanta Division. The grounds for removal are as follows:

1. Plaintiffs commenced this action against Merrill Lynch Pro by filing a Seventh Amended Complaint (the "Complaint") on September 15, 2010, in the State Court of Fulton County, Georgia, civil case number 2008-EV-004739 (the "State Court Action"). A true and correct copy of the Complaint is attached as Exhibit A.

2. Merrill Lynch Pro received the Complaint via e-mail on September 15, 2010, and the undersigned counsel accepted service of the Complaint on

2

Merrill Lynch Pro's behalf on September 23, 2010.[1] No pleadings or papers have been filed by Merrill Lynch Pro in the State Court Action, and the time for Merrill Lynch Pro to answer, move to dismiss, or otherwise respond to the Complaint has not yet expired.

3. Under 28 U.S.C. § 1446(b), this Notice of Removal must be filed within 30 days of the service upon Merrill Lynch Pro of the Complaint. Because Merrill Lynch Pro accepted service of the Complaint on September 23, 2010, this Notice of Removal is timely.

4. Concurrent with the filing of this Notice, Merrill Lynch Pro is serving this Notice on Plaintiffs' counsel and filing a copy of the Notice with the Clerk of the State Court of Fulton County, Georgia.

5. The United States District Court for the Northern District of Georgia, Atlanta Division, embraces the county in which the State Court Action is now pending. Venue is therefore proper for this Notice of Removal under 28 U.S.C. §§ 90(a)(2) and 1446(a).

---

[1] A true and correct copy of the Acknowledgment of Service is attached as Exhibit B. Before serving the Complaint, Plaintiffs served Merrill Lynch Pro with Plaintiffs' First Document Requests to Defendant Merrill Lynch Pro Professional Clearing Corporation, dated September 21, 2010. A true and correct copy of these requests is attached as Exhibit C.

3

6. This Court has original jurisdiction over Plaintiffs' action under 28 U.S.C. § 1331 as "a claim or right arising under . . . laws of the United States."

**This Court Has Federal Question Jurisdiction Because
The State Court Action Is Based on Violations of Federal Law
and Requires the Interpretation of Federal Law.**

7. Plaintiffs filed the State Court Action against eight New York-based broker-dealers and their affiliates alleging that they created unauthorized and "phantom" NASDAQ-traded shares of TASER International, Inc. ("TASER") by engaging in abusive naked short selling and failing to deliver TASER shares to the Depository Trust and Clearing Corporation ("DTCC") in accordance with federal law. (*See* Compl. ¶¶ 1–7.) Specifically, Plaintiffs allege that Defendants' conduct violated: (i) Section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j; (ii) Rule 10b-5, 17 C.F.R. § 240.10b-5; (iii) United States Securities and Exchange Commission Regulation SHO, 17 C.F.R § 242.203; (iv) the Broker-Dealer Customer Protection Rule, 17 C.F.R. 240.15c3-3; (v) NASD Uniform Practice Code Section 71; (vi) NASD Rule 3310; (vii) NASD Rule 3370; and (viii) NASD Rule 11830. (*Id.* ¶¶ 72–76.)

8. Plaintiffs incorporate these core allegations by reference into each of their causes of action. (*See* Compl. ¶¶ 99, 164, 169, 171, 175.) Thus, even though Plaintiffs' Complaint asserts only causes of action under Georgia law, including

4

securities fraud under the Georgia Securities Act and violation of the Georgia Racketeer Influenced and Corrupt Organization Act ("RICO") (*id.* ¶¶ 99–180), those causes of action are premised on Defendants' alleged violations of federal law. Plaintiffs necessarily structure their Complaint this way because the rules governing short selling, and the delivery obligations attendant to such sales, are all promulgated under federal law, and the Securities and Exchange Commission ("SEC") has issued extensive regulations, including Regulation SHO, that govern short selling. Because Plaintiffs place Defendants' purported violation of those federal rules and regulations at the center of their case, they have also placed at issue the proper interpretation and application of those federal rules and regulations. Thus, Plaintiffs' claims present a substantial federal question. *See Ayres v. Gen. Motors Corp.*, 234 F.3d 514, 520 (11th Cir. 2000) (finding federal jurisdiction because Georgia RICO claim was based on allegations of violations of federal law and required court to interpret federal law); *see also Adventure Outdoors, Inc. v. Bloomberg*, 552 F.3d 1290, 1296 (11th Cir. 2008) (recognizing that federal courts have jurisdiction over state-law tort claims if they raise a disputed and substantial federal question).

9. Congress conferred exclusive jurisdiction to the federal courts over alleged violations of the Securities Exchange Act of 1934 and of the rules and

regulations promulgated thereunder (including Rule 10b-5 and Regulation SHO). *See* 15 U.S.C. § 78aa(a) ("The district courts of the United States and the United States courts of any Territory or other place subject to the jurisdiction of the United States shall have exclusive jurisdiction of violations of this title [15 USC §§ 78a et seq.] or the rules and regulations thereunder, and of all suits in equity and actions at law brought to enforce any liability or duty created by this title [15 USC §§ 78a et seq.] or the rules and regulations thereunder."); *see also Hawkins v. NASD Inc.*, 149 F.3d 330, 332 (5th Cir. 1998) (affirming federal jurisdiction because plaintiff's claims, including one based on NASD rule, "though carefully articulated in terms of state law, are actions at law seeking to enforce liabilities or duties created by federal securities laws which are governed exclusively by federal courts pursuant to 15 U.S.C. § 78aa"); *Whitehall Wellington Invs., Inc. v. NASD*, 2000 U.S. Dist. LEXIS 18607, at *12–13 (S.D. Fla. Dec. 7, 2000) (finding court had exclusive jurisdiction over state law claims based on NASD rules).

10. Moreover, Plaintiffs appear to have recently added the Section 10(b) claim to the Complaint presumably because they recognize that it is the only criminal provision potentially applicable to the alleged conduct. (Compl. ¶¶ 112–120.) Defendants' alleged failures to deliver TASER shares to the DTCC cannot constitute the other predicate acts Plaintiffs allege—theft, computer fraud, and

6

misrepresentation under Georgia law. Thus, to the extent Plaintiffs allege that failures to deliver may constitute manipulative conduct under Section 10(b) of the federal Securities Exchange Act of 1934, that allegation is an essential element of Plaintiffs' Georgia RICO claim. Including this Section 10(b) allegation as a Georgia RICO predicate act, and not as a stand-alone cause of action, should not be a ground for denying federal jurisdiction over it. In fact, Congress removed violations of the federal securities laws from the federal RICO statute precisely to prevent attempts to use RICO as a way to litigate federal securities law violations. *See* 18 U.S.C. § 1964(c), as amended by Pub. L. No. 104-67, § 107. It should also not be a way to avoid the requirement that all Section 10(b) claims must be heard in federal court. *See* 15 U.S.C. § 78aa(a).

**Plaintiffs Cannot Destroy Federal Question Jurisdiction
By Artfully Pleading Around Their Federal Securities Claims.**

11.   Federal jurisdiction exists in this litigation despite Plaintiffs' efforts to plead otherwise. *See Ayres*, 234 F.3d at 519 n.7; *Hawkins*, 149 F.3d at 332 (upholding removal because plaintiff had "carefully articulated in terms of state law" his claims "to enforce liabilities or duties created by federal securities laws"). Indeed, in the Eleventh Circuit, "[r]emoval will be held proper when the plaintiff has concealed a legitimate ground of removal by . . . artful pleading." *Ayres*, 234 F.3d at 519 n.7. *See also In re Ben Carter*, 618 F.2d 1093, 1101 (11th Cir. 1980)

7

("[T]he accepted rule in this circuit is that upon removal the removal court should inspect the complaint carefully to determine whether a federal claim is necessarily presented, even if the plaintiff has couched his pleading exclusively in terms of state law.").

12. In assessing federal jurisdiction, the Court "looks to the substance of the complaint, not the labels used in it." *Ben Carter*, 618 F.2d at 1101. Here, even a cursory review of the Complaint reveals that the "substance" of Plaintiffs' allegations is that Merrill Lynch Pro harmed Plaintiffs by failing to comply with the federal regulations governing short selling. While Plaintiffs attempt to transform these allegations into violations of Georgia law, the alleged wrongdoing is undeniably federal in nature.

13. Moreover, when a plaintiff sues in state court "based on the same nucleus of facts" as a related federal action, "the court may look more skeptically at a plaintiff's characterization of the law where the plaintiff may be seeking to avoid the federal forum to which a defendant is entitled." *Kahn v. Solomon Bros. Inc.*, 813 F. Supp. 191, 194 (E.D.N.Y. 1993). Here, Plaintiffs' Complaint is "based on the same nucleus of facts" as the recently-dismissed case of *Cohen v. Stevanovich*, 2010 U.S. Dist. LEXIS 66010 (S.D.N.Y. July 1, 2010). There plaintiffs sued the same broker-dealers alleging the same claims Plaintiffs here

attempt to plead as violations of Georgia law—*i.e.*, that defendants created "phantom" shares by failing to deliver securities to the DTCC in accordance with federal regulations. The only difference between *Cohen* and this action is that Plaintiffs here have couched their federal securities law claims as predicate acts under Georgia's RICO statute rather than asserting them directly. This was clearly intended to avoid the federal forum (and the dismissal in *Cohen*) to which Merrill Lynch Pro is entitled.

## CONCLUSION AND PRAYER

WHEREFORE, all of the requirements of 28 U.S.C. §§ 1331 and 1441(a) have been satisfied, and Notice is hereby given that this action is removed from the State Court of Fulton County, State of Georgia, to the United States District Court for the Northern District of Georgia, Atlanta Division.

Dated: September 28, 2010

Respectfully submitted,

Richard H. Sinkfield
Georgia Bar No. 649100
Dan F. Laney
Georgia Bar No. 435290

*Attorneys for Defendant Merrill Lynch Professional Clearing Corp.*

ROGERS & HARDIN LLP
2700 International Tower
 Peachtree Center
229 Peachtree Street, N.E.
Atlanta, GA 30303-1601
Phone: 404-522-4700
Fax: 404-525-2224