# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| TASER INTERNATIONAL, INC., *et al.*, ) | |
| ) | Case No.: 1:10-CV-03108-JOF |
| Plaintiffs, ) | |
| ) | [On removal from the State |
| v. ) | Court of Fulton County, |
| ) | Georgia Case No.: |
| MORGAN STANLEY & CO., INC., *et al.*, ) | 2008-EV-004739-B] |
| ) | |
| Defendants. ) | |
| _____) | |

## BRIEF IN OPPOSITION TO UBS SECURITIES, LLC'S MOTION TO STRIKE

John E. Floyd
Georgia Bar No. 266413
Steven J. Rosenwasser
Georgia Bar No. 614908
Nicole G. Iannarone
Georgia Bar No. 382510
Elizabeth G. Eager
Georgia Bar No. 644007
BONDURANT, MIXSON & ELMORE, LLP
3900 One Atlantic Center
1201 West Peachtree Street, N.W.
Atlanta, Georgia 30309
floyd@bmelaw.com
rosenwasser@bmelaw.com
iannarone@bmelaw.com
eager@bmelaw.com
Telephone: (404) 881-4100
Facsimile: (404) 881-4100

*Attorneys for Plaintiffs*

807361.1

**INTRODUCTION**

Plaintiffs moved for sanctions against UBS Securities, LLC ("UBS"), after it missed deadlines imposed by ***Court Order*** governing its production of data.  In an effort to draw attention from its willful violations, UBS filed a motion to strike portions of Plaintiffs' reply brief or alternatively leave to file a surreply, on the sole ground that Plaintiffs' reply brief allegedly contains new issues because it specified the particular forms of appropriate relief.  That claim is without merit.  Plaintiffs' initial motion expressly sought any and all relief within the Court's powers, which would of course include any specific relief identified by Plaintiffs' in their reply.  Because the relief sought in the Plaintiffs' reply brief was clearly encompassed in Plaintiffs' initial request for any relief the Court deems appropriate, the reply brief did not raise new issues, and this Court should deny UBS's motion.  But, even if the Court grants UBS's motion, the Court's analysis of Plaintiffs' underlying motions for sanctions should not change because the Court possesses the discretion and inherent authority to grant all of the relief Plaintiffs requested.  In fact, the Court can order stricter sanctions if it deems such sanctions appropriate.

**FACTUAL BACKGROUND**

Plaintiffs and Defendant UBS spent months negotiating about when it would produce trading data related to TASER securities and when it would produce data

807361.1

1

from its affiliates. Plaintiffs and UBS entered into a stipulation governing the production of these data sets, which the Court entered as an Order.

When UBS failed to produce either data set by the deadlines set in the Order, Plaintiffs moved for sanctions. In Plaintiffs' initial brief, they requested the

> Court should order UBS to comply with this Court's Order by no later than May 29, 2010 and certify to this Court that it has done so. In addition, **the Court should consider other appropriate sanctions for UBS's failure to preserve and produce accurate data and their unwillingness to provide a full and complete alternative data source**. Finally, because UBS failed to comply with a Court order, Plaintiffs request that the Court order UBS 'to pay reasonable expenses, including attorney's fees, caused by UBS's failure' to comply with this Court's order.

Motion for Relief Concerning Defendant UBS Securities' Violation of This Court Order ("Motion for Relief") (filed May 24, 2010) at 8 (emphasis added), attached hereto as Exhibit A.[1]

Significantly, in its response brief, UBS did not deny that it missed the deadlines but instead presented excuses about why the Court should impose **no** sanction at all. By arguing that no sanctions were appropriate regardless of the type, UBS certainly had the opportunity and did respond to why any specific sanction should not apply. *See* UBS's Opposition to Motion for Relief at 9-11 ("UBS's Opposition Brief") (filed June 23, 2010) (presenting argument that no

---

[1] Exhibits to this brief filed under seal in conjunction with Plaintiffs' Motion for Leave to File Under Seal.

807361.1

2

sanctions should be imposed because UBS's violations were not willful), attached hereto as Exhibit B.

In the reply brief, Plaintiffs responded to UBS's meritless assertions that its violations were not willful and that sanctions were not appropriate. Plaintiffs restated their original request for any relief that the Court deems appropriate and, in addition, suggested specific types of relief:

> Plaintiffs request that the Court: (1) permit Plaintiffs (and not UBS) to take fact discovery of UBS during the expert discovery period; (2) enter a factual finding that the reports, documents and data UBS failed to timely produce create[] a genuine issue of fact on the claims raised in the Complaint; (3) set a trial date for the first available trial calendar after expert discovery to ensure no additional delay; (4) award Plaintiffs their fees incurred in bringing this motion; and (5) enter other relief that the Court deems appropriate to deter UBS from continuing to engage in its willful violation of the Court's Orders.

Plaintiffs' Reply in Support of 5-24-10 Omnibus Discovery Motion ("Reply Brief") (filed July 12, 2010) at 15-16, attached hereto as Exhibit C.[2]

---

[2] Plaintiffs subsequently amended the Reply Brief to remove one sentence. Plaintiffs' Notice of Amendment to Plaintiffs' Reply in Support of May 24, 2010 Omnibus Discovery Motion (filed July 22, 2010), attached hereto as Exhibit D.

807361.1

3

## ARGUMENT AND CITATION OF AUTHORITY

### I.   UBS IS NOT ENTITLED TO ANY RELIEF BECAUSE PLAINTIFFS DID NOT RAISE A NEW ARGUMENT ON REPLY.

UBS's motion is based on the premise that Plaintiffs raised a new argument on reply. While Plaintiffs suggested specific types of relief on reply, no new argument was raised. In the opening brief, Plaintiffs made a broad request for "appropriate sanctions for UBS's failure to preserve and produce accurate data." Motion for Relief at 8.  In the reply brief, Plaintiffs identified specific sanctions that would be appropriate, such as extending the period for fact discovery, entering a factual finding that issues related to the discovery raise general issues of material fact, and setting the case for trial.  *See* Reply Brief at 15-16.  Each of these types of relief fell within the universe of sanctions Plaintiffs requested in the opening brief. UBS claims it did not have an opportunity to explain why the sanctions Plaintiffs requested were not appropriate.  But, UBS could have made such an argument in its response brief—instead, UBS made a tactical decision to argue that **all sanctions** were inappropriate and not to address specific sanctions.  *See* UBS's Opposition Brief at 9-11.  Indeed, in the "surreply" that UBS incorporated into its motion to strike, UBS takes basically the same tactic as in its response brief—recycling the same arguments about why its violations were not willful and why

sanctions are not appropriate.[3]  *See* UBS Securities LLC's Motion to Strike ("Motion to Strike") (filed July 27, 2010), at 4-6, attached hereto as Exhibit E.

UBS has no support for the assertion that Plaintiffs raised a new argument here.  UBS does not cite even one case that stands for the proposition that a broad request for any relief in a motion filed by a narrower request in a reply brief is a new argument.[4]  The cases UBS cites from the Georgia Court of Appeals are not on point—those cases address the Georgia Court of Appeals' rule that limits the arguments that will be decided on appeal to those identified in the enumerations of error.  *See Perez v. Atlanta Check Cashers, Inc.*, 302 Ga. App. 864, 867 n.3 (2010) (refusing to consider the argument raised in reply that the denial of class certification for declaratory and injunctive relief claim was improper when enumeration of error only addressed failure to certify class for monetary damages);

---

[3]   Indeed, UBS's surreply brief contains only one paragraph with a new argument based on UBS's unsupported claim that there is no support for the Plaintiffs' request that the Court enter a finding that there is a genuine of issue material fact.  Motion to Strike at 6.  But, Rule 37 gives the Court broad authority to impose sanctions as the sanctions listed in Rule 37(b)(2)(A) are not intended to be exhaustive.  *See* Fed. R. Civ. P. Rule 37(b)(2)(A) ("the court where the action is pending may issue further just orders.  They ***may*** include the following . . . .") (emphasis added).

[4]   Plaintiffs have moved for remand.  If that motion is granted and the State Court is deciding this issue, UBS also lacks support for its claim that a new argument cannot be raised on reply in State Court.  UBS has identified no statute, rule, or case holding that a party cannot raise a new argument on reply in a Georgia state trial court.

807361.1

*Currid v. DeKalb State Court Probation Dept.*, 274 Ga. App. 704, 706 n.8 (2005) (refusing to consider distinct arguments about why defendants were liable when the errors were not properly presented to the court as an enumeration of error with argument and citation). And, anyway, even if the Georgia Court of Appeals rule applied, the cases UBS cited do not support the conclusion that Plaintiffs have raised a new argument.

Similarly, the federal cases UBS cites do not support the conclusion that Plaintiffs raised a new argument here—instead, the movants in those cases raised arguments in reply that were not related to or did not expand upon arguments made in their opening brief. *See Lewis v. Mercedes-Benz USA, LLC*, No. 1:03-cv-4000, 2004 WL 3756384 (N.D. Ga. Sept. 13, 2004) (striking portion of reply brief in support of motion to dismiss where defendant argued for the first time on reply that federal statute did not give rise to an independent cause of action); *United States v. Georgia Dep't. of Natural Resources*, 897 F. Supp. 1464 (N.D. Ga. 1995) (striking portion of reply brief where defendant identified examples of federal compliance with state-imposed punitive fines for the first time on reply); *see also Harris v. Lenawee County*, No. 07-11932, 2007 WL 4247639, at *1 (E.D. Mich. Dec. 4, 2007) (striking argument in the reply as a "complete[] change[]" from the original

motion where plaintiff for the first time requested an additional defendant be added).

Indeed, courts have rejected a blanket rule that any new assertion in a reply brief is a new argument. Instead, arguments that are similar to those raised initially are not new arguments. *See MC Asset Recovery, LLC v. Southern Co.*, No. 1:06-cv-0417, 2006 WL 5112612, at *11 (N.D. Ga. Dec. 11, 2006) ("Although some of [movant's] Reply arguments are not the same as those asserted in its original Motion for Summary Judgment, they are similar enough that the court will permit them as a Reply . . . ."); *see also Mike's Train House, Inc. v. Broadway Ltd. Imports, LLC*, __ F. Supp. 2d __, 2010 WL 1731677, at *5 (D. Md. Apr. 29, 2010) (refusing to strike portion of reply brief when the "reply merely presented additional evidence for its previous arguments"); *Cotracom Commodity Trading Co. v. Seaboard Corp.*, 189 F.R.D. 655, 658 (D. Kan. 1999) (rejecting argument that issues were raised for first time in reply brief when the reply brief "merely expand[ed] upon already existing arguments"). Movants may use reply briefs to respond to arguments raised by the party opposing the motion and references to matters raised in the initial brief do not raise new arguments. *See Reliance Ins. Co. of Ill. v. Richfield Hosp. Servs., Inc.*, 92 F. Supp. 2d 1329 (N.D. Ga. 2000); *Khoury v. Meserve*, 268 F. Supp. 2d 600, 605-06 (D. Md. 2003) (rejecting argument that

new issues were raised in reply for first time when they were addressed in opening brief).

While the cases UBS cites may support the general proposition that a new argument cannot be raised on reply, the cases do not support UBS's conclusion that Plaintiffs have raised a new argument on reply here.  Accordingly, this Court should deny UBS's motion.

## II.  ALTERNATIVELY, EVEN IF PLAINTIFFS RAISED A NEW ARGUMENT ON APPEAL, STRIKING A PORTION OF PLAINTIFFS' MOTION IS NOT THE PROPER RELIEF.

Alternatively, if the Court concludes Plaintiffs raised a new issue on reply, the Court should permit UBS to file a surreply, not strike a portion of Plaintiffs' reply brief.  This Court has discretion to permit UBS to file a surreply: "Where a party does raise new grounds in its reply, the Court may either strike the new grounds or permit the new grounds or permit." *Int'l Telecommuns. Exch. Corp. v. MCI Telecommuns. Corp.*, 892 F. Supp. 1520, 1531 (N.D. Ga. 1995).  The Court already has the operative pleadings before it:  UBS has already sought permission to file a surreply and in fact incorporated that surreply with its motion to strike. *See* Motion for Relief at 4.

### III. EVEN IF THIS COURT GRANTS UBS'S MOTION AND STRIKES PLAINTIFFS' REQUEST FOR RELIEF, IT STILL CAN GRANT THE RELIEF PLAINTIFFS HAVE REQUESTED.

Finally, if this Court disagrees with Plaintiffs and grants UBS's motion to strike, the Court still has authority to impose a sanction that it deems appropriate, even the ones Plaintiffs proposed in the reply brief. *See* Fed. R. Civ. P. 37(b)(2)(A).[5]

### CONCLUSION

UBS rests its motion on the premise that Plaintiffs raised a new argument in the reply brief. But, in fact, Plaintiffs did not raise a new argument, but merely specified some of the types of relief available under Plaintiffs' initial sanctions request. Alternatively, if this Court concludes a new argument was raised, it should grant UBS leave to file a surreply. Finally, even if Plaintiffs' request for specific relief is stricken, the Court still has authority to award those types of relief.

---

[5] Plaintiffs have moved for remand. If this case is remanded, the State Court also can award the sanctions Plaintiffs seek. *See* O.C.G.A. § 9-11-37(b)(2).

807361.1

Respectfully submitted this 12th day of October, 2010.

>*/s/ Elizabeth G. Eager*
>John E. Floyd
>Georgia Bar No. 266413
>Steven J. Rosenwasser
>Georgia Bar No. 614908
>Nicole G. Iannarone
>Georgia Bar No. 382510
>Elizabeth G. Eager
>Georgia Bar No. 644007
>BONDURANT, MIXSON & ELMORE, LLP
>3900 One Atlantic Center
>1201 West Peachtree Street, N.W.
>Atlanta, Georgia  30309
>floyd@bmelaw.com
>rosenwasser@bmelaw.com
>iannarone@bmelaw.com
>eager@bmelaw.com
>Telephone:  (404) 881-4100
>Facsimile:  (404) 881-4100
>
>***Attorneys for Plaintiffs***

## **CERTIFICATE OF COMPLIANCE**

Pursuant to Local Rule 7.1D of the Local Rules for the District Court for the Northern District of Georgia, I hereby certify that the foregoing pleading has been prepared in Times New Roman, 14 point font, as permitted by Local Rule 5.1B.

Respectfully submitted this 12th day of October, 2010.

                                          */s/ Elizabeth G. Eager*
                                          Elizabeth G. Eager
                                          Georgia Bar No. 644007

## **CERTIFICATE OF SERVICE**

I hereby certify that on this day, a true and correct copy of the foregoing **BRIEF IN OPPOSITION TO UBS SECURITIES, LLC'S MOTION TO STRIKE** was electronically filed with the Clerk of Court using the Court's electronic filing system which will automatically send an email notification of such filing to the following attorneys of record who are registered participants in the Court's electronic notice and filing system:

> **Attorneys for Defendants:**
> Richard H. Sinkfield, Esq.
> Dan F. Laney, III, Esq.
> Rogers & Hardin
> 2700 International Tower, Peachtree Center
> 229 Peachtree Street, N.E.
> Atlanta, GA  30303-1601
> rsinkfield@rh-law.com
>
> **Attorneys for Banc of America Securities, LLC;
> Merrill Lynch, Pierce, Fenner & Smith, Inc.; and Merrill Lynch
> Professional Clearing Corporation:**
> Andrew J. Frackman, Esq.
> Brad Elias, Esq.
> O'Melveny & Myers LLP
> 7 Times Square
> New York, NY  10036
> afrackman@omm.com

**Attorneys for Morgan Stanley & Co. Incorporated:**
Robert F. Wise, Jr., Esq.
William J. Fenrich, Esq.
Melissa T. Aoyagi, Esq.
Davis Polk & Wardwell LLP
450 Lexington Avenue
New York, NY  10017
robert.wise@davispolk.com

**Attorneys for Bear Stearns & Co., Inc. and Bear Stearns Securities Corp.:**
Stephen L. Ratner, Esq.
Harry Frischer, Esq.
Brian L. Friedman, Esq.
Proskauer Rose LLP
1585 Broadway
New York, NY  10036
blfriedman@proskauer.com

**Attorneys for Goldman, Sachs & Co. and Goldman Sachs Execution & Clearing, L.P.:**
Richard C. Pepperman II, Esq.
Richard H. Klapper, Esq.
Tracy Richelle High, Esq.
Sullivan & Cromwell LLP
125 Broad Street
New York, NY  10004
peppermanr@sullcrom.com

**Attorneys for Deutsche Bank Securities Inc.:**
Heather L. Fesnak, Esq.
Peter J. Isajiw, Esq.
Gregory A. Markel, Esq.
Cadwalader Wickersham & Taft LLP
One World Financial Center
New York, NY  10281
peter.isajiw@cwt.com

807361.1

**Attorneys for UBS Securities, LLC:**
Andrew B. Clubok, Esq.
Jeffrey G. Landis, Esq.
Daniel Gomez, Esq.
Kirkland & Ellis LLP
655 Fifteenth Street, N.W., Suite 1200
Washington, DC  20005-5793
aclubok@kirkland.com

Maria Ginzburg, Esq.
Kirkland & Ellis LLP
Citigroup Center
153 East 53rd Street
New York, NY  10022-4611

**Attorneys for Credit Suisse Securities (USA), LLC.:**
Fraser L. Hunter, Jr., Esq.
Wilmer Cutler Pickering Hale & Dorr LLP
399 Park Avenue
New York, NY  10022
fraser.hunter@wilmerhale.com


This 12th day of October, 2010.


>           */s/ Elizabeth G. Eager*
>            Elizabeth G. Eager
>            Georgia Bar No. 644007