IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| TASER INTERNATIONAL, INC., *et al.*, ) | |
| ) | Case No.: 1:10-CV-03108-JOF |
| Plaintiffs, ) | |
| ) | |
| v. ) | [On removal from the State |
| ) | Court of Fulton County, |
| MORGAN STANLEY & CO., INC., *et al.*, ) | Georgia Case No.: |
| ) | 2008-EV-004739-B] |
| Defendants. ) | |
| _____) | |

**PLAINTIFFS' MOTION FOR LEAVE TO FILE UNDER SEAL**

Defendants have unfortunately forced Plaintiffs to move this Court to seek to file its exhibits to the Brief in Opposition to UBS Securities, LLC's Motion to Strike ("Brief") under seal.[1] To be clear from the outset, Plaintiffs do not believe that the exhibits contain confidential information, and thus do not believe that they should be filed under seal. Defendants Banc of America Securities, Merrill Lynch, and UBS refuse to withdraw some of their confidentiality designations.[2]

---

[1] The Brief is attached to Plaintiffs' Motion for Leave to File Opposition to UBS Securities, LLC's Motion to Strike. Plaintiffs have filed the exhibits under seal. Plaintiffs have also filed a redacted version of the exhibits, which does not include the information Defendants have designated confidential.

[2] Defendants Bear Stearns, Credit Suisse, Deutsche Bank, and Goldman Sachs, and Morgan Stanley did agree to remove their confidentiality designations. Banc of America Securities, Merrill Lynch, and UBS Securities only agreed to

807808.1

Regrettably, Plaintiffs have been left with no choice but to file the exhibits under seal.

In 2009, the parties agreed upon the terms of a Protective Order, which was entered by the State Court in April 2010.  Stipulation and Protective Order Regarding Confidential Information, attached hereto as Exhibit A.  That Protective Order is effective and binding on Plaintiffs in this Court pursuant to 28 U.S.C. § 1450.  However, Plaintiffs have been concerned that Defendants are designating thousands and thousands of documents as confidential even though they clearly do not meet the definition of "confidential" under the Protective Order.  While in State Court, Plaintiffs conferred exhaustively with Defendants regarding this issue and asked them to review their confidentiality designations so as to remove overly broad designations.   Unfortunately, Defendants did not agree to re-review their designations during this conferral process.  As a result, Plaintiffs were forced to file a motion with the State Court seeking relief.  *See* Motion for Relief Concerning Defendant UBS Securities' Violation of This Court Order.   That motion is now pending and fully briefed.[3]

---

remove the designations from some of their documents and refused to do so for others.

[3]     Unfortunately, Plaintiffs cannot attach a copy of that motion, or Plaintiffs' reply in support of it, to the instant Motion for Leave to File Under Seal because

807808.1

2

Even though Plaintiffs were forced to file a motion regarding overly broad confidentiality designations, Defendants have persisted in requiring that documents be filed under seal.[4] The exhibits to the Brief that Plaintiffs are being forced to file under seal in this Court provides a paradigmatic example. Without a doubt, the exhibits to the Brief do not contain confidential information and should not be filed under seal. Yet, Plaintiffs are forced to file the exhibits under seal because the Defendants have either designated the exhibits to the Brief as confidential or the exhibits refer to documents Defendants have designated as confidential. For example, Plaintiffs' Reply in Support of its May 24, 2010 Omnibus Discovery

---

Defendants' improper designations require that even a motion seeking the removal of improper confidentiality designations be filed under seal. This material is filed under seal as exhibits to the Brief in Opposition to UBS Securities, LLC's Motion to Strike.

[4]     During the Parties' Rule 26(f) conference, Plaintiffs noted this Court's well known position regarding the filing of documents under seal. In light of Defendants' decision that they would not review their designations and remove overly broad or improper confidentiality designations, Plaintiffs agreed to provide Defendants a short opportunity to remove designations from documents that Plaintiffs intended to use in upcoming briefs. Consistent with that preliminary agreement, Plaintiffs provided Defendants with twenty-four hours notice and requested that each Defendant remove confidentiality documents from a limited number of documents. No Defendant was asked to remove confidentiality designations from more than three documents. *See* Affidavit of Elizabeth G. Eager ("Eager Aff.") and exhibits 1-7, attached hereto as Exhibit B. While Bear Stearns, Credit Suisse, Deutsche Bank, Goldman Sachs, and Morgan Stanley consented, Banc of America Securities, Merrill Lynch, and UBS Securities refused to remove the designations from all of their documents. *See* Eager Aff. ¶¶ 12-14.

807808.1

Motion, which is attached as an exhibit to the Brief, discusses why UBS should be sanctioned for failing to comply with a Court Order and produce accurate trading data on a timely basis. The pleading quotes from UBS's Amended Objections and Responses to Plaintiffs' Third Interrogatories, which responds to interrogatories seeking the identification of known instances where UBS's blue sheets contain inaccurate or incomplete information and the identification of each and every blue sheet that was the subject of a caution, sanction, fine, or adverse action by a regulator. Information responsive to these interrogatories is not confidential. Indeed, UBS's discovery response does not contain a trade secret, an account name, account number, or any other confidential information. UBS may find its violations and inaccuracies embarrassing, but that does not permit UBS to file them under seal.

In an effort to resolve this dispute without Court intervention, Plaintiffs asked each Defendant to remove its confidentiality designation from the relevant documents. *See* Eager Aff. ¶ 11. At the parties' Rule 26(f) conference, the parties agreed they would try to avoid filing documents under seal, and before a party filed a confidential or highly confidential document under seal, the filing party would contact the party that had designated as confidential and request the confidentiality

designation be removed.  But, Defendants Banc of America Securities, Merrill Lynch, and UBS Securities refused to remove the designations.  *See id.* ¶¶ 12-14.

Plaintiffs understand that this Court takes seriously its responsibility to the public "that the docket not be burdened with inordinate amounts of sealed documents." *Tura v. White Oak Group, Inc.*, No. 1:07-CV-0379, 2008 WL 4280363, at *13 (N.D. Ga. Sept. 15, 2008) (Forrester, J.).  Given that Defendants' local counsel has prior experience with this Court and understands the Court's procedures for filing documents under seal,[5] Plaintiffs expected that Defendants would cooperate and remove confidentiality designations that do not meet with the Court's requirements.  But, because these three Defendants have refused to remove their confidentiality designations, Plaintiffs are left with no choice but to file the exhibits to the Brief under seal.  If the Court determines the exhibits should not be filed under seal, Plaintiffs will comply.

---

[5]   *Kipperman v. Onex Corp.*, No. 1:05-CV-1242, slip op (N.D. Ga. Dec. 21, 2007) attached hereto as Exhibit C.

807808.1

Respectfully submitted, this 12th day of October, 2010.

        */s/ Elizabeth G. Eager*
        John E. Floyd
        Georgia Bar No. 266413
        Steven J. Rosenwasser
        Georgia Bar No. 614908
        Nicole G. Iannarone
        Georgia Bar No. 382510
        Elizabeth G. Eager
        Georgia Bar No. 644007
        BONDURANT, MIXSON & ELMORE, LLP
        3900 One Atlantic Center
        1201 West Peachtree Street, N.W.
        Atlanta, Georgia  30309
        floyd@bmelaw.com
        rosenwasser@bmelaw.com
        iannarone@bmelaw.com
        eager@bmelaw.com
        Telephone:  (404) 881-4100
        Facsimile:  (404) 881-4100

        ***Attorneys for Plaintiffs***

## **CERTIFICATE OF COMPLIANCE**

Pursuant to Local Rule 7.1D of the Local Rules for the District Court for the Northern District of Georgia, I hereby certify that the foregoing pleading has been prepared in Times New Roman, 14 point font, as permitted by Local Rule 5.1B.

Respectfully submitted this 12th day of October, 2010.

                                          */s/ Elizabeth G. Eager*
                                          Elizabeth G. Eager
                                          Georgia Bar No. 644007

## **CERTIFICATE OF SERVICE**

I hereby certify that on this day, a true and correct copy of the foregoing **PLAINTIFFS' MOTION FOR LEAVE TO FILE UNDER SEAL** was electronically filed with the Clerk of Court using the Court's electronic filing system which will automatically send an email notification of such filing to the following attorneys of record who are registered participants in the Court's electronic notice and filing system:

>**Attorneys for Defendants:**
>Richard H. Sinkfield, Esq.
>Dan F. Laney, III, Esq.
>Rogers & Hardin
>2700 International Tower, Peachtree Center
>229 Peachtree Street, N.E.
>Atlanta, GA  30303-1601
>rsinkfield@rh-law.com

Further, I hereby certify that on this day, I caused a true and correct copy of the foregoing to be served by Email and U.S. Mail on:

>**Attorneys for Banc of America Securities, LLC;**
>**Merrill Lynch, Pierce, Fenner & Smith, Inc.; and Merrill Lynch**
>**Professional Clearing Corporation:**
>Andrew J. Frackman, Esq.
>Brad Elias, Esq.
>O'Melveny & Myers LLP
>7 Times Square
>New York, NY  10036
>afrackman@omm.com

807808.1

**Attorneys for Morgan Stanley & Co. Incorporated:**
Robert F. Wise, Jr., Esq.
William J. Fenrich, Esq.
Melissa T. Aoyagi, Esq.
Davis Polk & Wardwell LLP
450 Lexington Avenue
New York, NY  10017
robert.wise@davispolk.com

**Attorneys for Bear Stearns & Co., Inc. and Bear Stearns Securities Corp.:**
Stephen L. Ratner, Esq.
Harry Frischer, Esq.
Brian L. Friedman, Esq.
Proskauer Rose LLP
1585 Broadway
New York, NY  10036
blfriedman@proskauer.com

**Attorneys for Goldman, Sachs & Co. and Goldman Sachs Execution & Clearing, L.P.:**
Richard C. Pepperman II, Esq.
Richard H. Klapper, Esq.
Tracy Richelle High, Esq.
Sullivan & Cromwell LLP
125 Broad Street
New York, NY  10004
peppermanr@sullcrom.com

**Attorneys for Deutsche Bank Securities Inc.:**
Heather L. Fesnak, Esq.
Peter J. Isajiw, Esq.
Gregory A. Markel, Esq.
Cadwalader Wickersham & Taft LLP
One World Financial Center
New York, NY  10281
peter.isajiw@cwt.com

**Attorneys for UBS Securities, LLC:**
Andrew B. Clubok, Esq.
Jeffrey G. Landis, Esq.
Daniel Gomez, Esq.
Kirkland & Ellis LLP
655 Fifteenth Street, N.W., Suite 1200
Washington, DC  20005-5793
aclubok@kirkland.com

Maria Ginzburg, Esq.
Kirkland & Ellis LLP
Citigroup Center
153 East 53rd Street
New York, NY  10022-4611

**Attorneys for Credit Suisse Securities (USA), LLC.:**
Fraser L. Hunter, Jr., Esq.
Wilmer Cutler Pickering Hale & Dorr LLP
399 Park Avenue
New York, NY  10022
fraser.hunter@wilmerhale.com

This 12th day of October, 2010.

>             */s/ Elizabeth G. Eager*
>             Elizabeth G. Eager
>             Georgia Bar No. 644007