# EXHIBIT A

138129.1

04/12/2010  12:00   4042340575           JUDGE PATSY PORTER

State Court of Fulton County
***EFILED***
PAGE 01
LexisNexis Transaction ID: 30604538
Date: Apr 15 2010 3:36PM
Mark Harper, Clerk

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| TASER INTERNATIONAL, INC., et al., | : : : | |
| Plaintiffs, | : : | CIVIL ACTION |
| v. | : : | FILE NO.: 2008-EV-004739-B |
| MORGAN STANLEY & CO., INC., et al., | : : : | JURY TRIAL DEMANDED |
| Defendants. | : : | |

## STIPULATION AND [PROPOSED] PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION

All parties to this action, by and through their respective undersigned counsel, hereby stipulate to and respectfully request that the Court enter the following Protective Order Regarding Confidential Information ("Order"), which the parties agree is necessary to safeguard the confidentiality of information and documents to be produced and disclosed in the course of discovery in this action:

1. This Order shall govern the conduct of the parties, their attorneys and agents with respect to all designated records of testimony given at any deposition in this action and all designated answers, documents, information, and other discovery materials produced by the parties or any third party, whether informally or in response to interrogatories, requests for admissions or requests for production of documents or subpoenas, now pending or hereafter served, and any information obtained, summarized, derived, or compiled from such materials (hereafter referred to as "Discovery Material").

2. Any party to this action, as well as any third party responding to a subpoena or any other properly served discovery request in this action who elects to be bound by this Order

(hereafter the "Designating Party"), shall have the right to designate as "CONFIDENTIAL INFORMATION" or "HIGHLY CONFIDENTIAL INFORMATION" any Discovery Material as set forth below.

3. "CONFIDENTIAL INFORMATION"

    a. Discovery Material may be designated as CONFIDENTIAL INFORMATION if it includes information that is entitled to confidential treatment under applicable law, including, without limitation, trade secrets, non-public financial information, non-public information concerning ongoing business activities, non-public personnel or customer-related information, private personal information, or other proprietary or competitively sensitive information.

    b. A Designating Party may designate any Discovery Material as CONFIDENTIAL INFORMATION and subject to this Order by:

        i. Stamping or inscribing on each page of the pertinent Discovery Material the word "CONFIDENTIAL"; or

        ii. So designating portions of a deposition transcript or deposition exhibits, either during the deposition or by written notice to all counsel of record within fifteen (15) calendar days after the court reporter sends the final transcript or written notice that the final transcript is available for review. Until the fifteen (15) calendar day period expires, all deposition transcripts shall be treated as CONFIDENTIAL INFORMATION;

  c.   Discovery Material designated as CONFIDENTIAL INFORMATION may be disclosed only to:

    i.   Counsel of record to the parties in the action and other outside counsel to the parties who are retained with respect to this action;

    ii.   In-house counsel actually working on or with direct oversight responsibility for this action, including clerical, secretarial, and paralegal staff employed by such counsel who work on this matter;

    iii.   The parties to this action, including representatives and employees of the parties;

    iv.   The Court, court staff, deposition and trial reporters and videographers, and any court appointed special masters, mediators, or referees;

    v.   Independent consultants or experts retained by any party or employed by counsel in order to assist in preparation for any deposition, hearing, trial or appeal;

    vi.   Witnesses during the course of their preparation for or the taking of their depositions or testimony;

    vii.   Any person who authored or previously received the CONFIDENTIAL INFORMATION, or who has knowledge of the specific facts identified in such materials;

    viii.   Commercial photocopying services ordinarily used by counsel for the purpose of photocopying;

        ix.    Any other person to whom the Designating Party agrees in writing; and

        x.    Any special masters, mediators, or referees retained by the parties.

    d.    Copies of Discovery Materials designated as CONFIDENTIAL INFORMATION may be made by or for the persons identified in Paragraph 3(c), provided that all copies are appropriately marked and treated as CONFIDENTIAL INFORMATION in accordance with this Order.

4.    "HIGHLY CONFIDENTIAL"

    a.    Discovery Material may be marked as HIGHLY CONFIDENTIAL if it includes information that is especially sensitive, proprietary, private, or otherwise highly confidential in nature, such that the additional protections of this Paragraph are necessary to safeguard its confidentiality. The HIGHLY CONFIDENTIAL designation shall only be used for Discovery Material believed in good faith to contain: (i) social security numbers; (ii) tax-payer identification numbers; (iii) account identifying information; (iv) a party's highly confidential business strategies; or (v) information that, if disclosed, could cause substantial enough harm to the Designating Party's business or economic interests such that it warrants protection beyond that provided by the CONFIDENTIAL INFORMATION designation. If a receiving party believes that a HIGHLY CONFIDENTIAL designation is not warranted, or that the confidentiality concerns requiring a document to be designated as

4

       HIGHLY CONFIDENTIAL could be eliminated through redaction or otherwise, the receiving party shall confer with the producing party. If the parties cannot agree, the Designating Party shall, within 30 calendar days after the end of the conferral process, file a motion with the Court requesting permission to designate the document as HIGHLY CONFIDENTIAL. The document shall retain the HIGHLY CONFIDENTIAL designation until that motion is ruled on by the Court. If no motion is filed within 30 calendar days, the Designating Party shall be deemed to waive any right to designate the document as HIGHLY CONFIDENTIAL.

b.    Given that HIGHLY CONFIDENTIAL information cannot be reviewed by the parties unless they fall within an enumerated exception set forth in 4(c) below, the parties agree to limit the use of that designation where reasonably possible. At this time the parties do not anticipate that a significant number of documents will be marked HIGHLY CONFIDENTIAL solely on the basis that the document contains a social security number, taxpayer identification number or account number. If any defendant determines that it will be marking a significant number of documents HIGHLY CONFIDENTIAL solely on the basis that the document contains a social security number, taxpayer identification number, or account number, or if Plaintiff believes that any defendant has marked a significant number of documents HIGHLY CONFIDENTIAL solely on the basis that the document contains a social security number,

        taxpayer identification number or account number, the parties agree to meet and confer with one another concerning the possibility of altering the treatment of such documents pursuant to this Order.

   c.   HIGHLY CONFIDENTIAL information may be disclosed or made available only to:

      (i)   those persons specified in subsections (i), (ii), and (iv) through (x) of Paragraph 3(c) above; and

      (ii)   five employees and/or representatives of TASER International, Inc. who will be designated in writing before receiving any HIGHLY CONFIDENTIAL information.

   d.   HIGHLY CONFIDENTIAL information shall not be disclosed to persons who are specified in subsection (iii) of Paragraph 3(c), *i.e.* parties and representatives or employees of parties, unless such persons fall within one of the other subsections of Paragraph 3 or in 4(c) above.

   e.   Copies of those portions of Discovery Material designated as HIGHLY CONFIDENTIAL may be made by or for the foregoing persons (i.e., the persons identified in subsections (i), (ii), and (iv) through (x) of Paragraph 3(c) above), provided that all copies are appropriately marked and treated as HIGHLY CONFIDENTIAL in accordance with this Order.

5.   Discovery Material subject to the terms of this Order shall be used only for the purposes of this litigation, shall not be used for any business, competitive, or other legal purpose or function, and shall not be disclosed to anyone except as expressly permitted herein. However, nothing contained in this Order shall apply to any Designating Party's handling of its own

CONFIDENTIAL or HIGHLY CONFIDENTIAL information that has been designated as such solely by that party.

6. If Discovery Material contains HIGHLY CONFIDENTIAL social security numbers and/or tax identification numbers, the producing party may, in lieu of designating the Discovery Material as CONFIDENTIAL or HIGHLY CONFIDENTIAL information, redact or otherwise mask the personal identifying information. If the non-producing party believes that the redacted or masked personal identifying information is germane to the claims alleged in this action and should be produced in an un-redacted or un-masked form, then that party shall confer with the producing party to request that the information be un-redacted. If the parties are unable to agree, the non-producing party may file a motion with the Court requesting that the personal identifying information be produced and explaining why the information is germane to this action. The redacting party shall have the burden of proving why the redaction is necessary. If the Court grants the motion, then it will enter a separate protective order governing the confidentiality, use, and disclosure of, as well as any other protections applicable to, the personal identifying information. The parties shall confer in good faith regarding the terms of any such order.

7. Before any CONFIDENTIAL or HIGHLY CONFIDENTIAL information is disclosed to any individual or entities defined in paragraph 3(c) (v), (vi), (vii), (ix) or (x) as permitted by this Order, the disclosing party shall make best efforts to have the individual or entity read this Order and sign the "Confidentiality Undertaking" attached hereto as Exhibit A.

8. Without written permission from the Designating Party or a court order, a party may not file in the public record any documents which comprise or contain CONFIDENTIAL

INFORMATION or HIGHLY CONFIDENTIAL INFORMATION. If a party seeks to file such information, it must seek to do so under seal.

9. Notwithstanding any other provisions of this Order, nothing in this Order shall prohibit counsel for a party from disclosing any document designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL information to the person whom the document identifies as an author, addressee, or recipient of such document or to a representative of the party who designated the document as confidential. Regardless of a CONFIDENTIAL or HIGHLY CONFIDENTIAL designation under this Order, if a document or testimony makes reference to the actual or alleged conduct or statements of a third party or a person who is a potential witness, counsel may discuss such conduct or statements with such third party or witness, without revealing any portion of the document or testimony other than that which refers to such conduct or statement, and such discussion shall not constitute disclosure of CONFIDENTIAL or HIGHLY CONFIDENTIAL information within the terms of this Order.

10. Any court reporter or transcriber who reports or transcribes testimony in this action at a deposition shall agree, before transcribing any such testimony, that all testimony and information revealed at the deposition is and shall remain confidential and shall not be disclosed by such reporter or transcriber except to the attorneys for either party and any other person who is present while such testimony is being given; and that copies of any transcript, reporter's notes or any other transcription records of any such testimony shall be retained in absolute confidentiality and safekeeping by such shorthand reporter or shall be delivered to the attorneys.

11. A party may challenge any other party's designation of Discovery Material as CONFIDENTIAL or HIGHLY CONFIDENTIAL information by serving a written objection upon the Designating Party. The parties shall confer in good faith as to the validity of the

8

designation. To the extent the parties are unable to reach an agreement as to the designation, the objecting party may file an appropriate application or motion with this Court, with the portions constituting CONFIDENTIAL or HIGHLY CONFIDENTIAL information to be kept under seal. In any such proceeding, the Designating Party shall bear the burden of demonstrating that the disputed designation is legally warranted. Until the parties or the Court finally resolves a dispute over the asserted designation, all parties and persons shall treat the information or materials in question as CONFIDENTIAL or HIGHLY CONFIDENTIAL INFORMATION subject to this Order.

12. The procedures set forth in this Order shall not affect the rights of the parties to object to discovery on any appropriate grounds, nor shall they relieve a party of the necessity of proper responses to discovery devices.

13. Neither the taking of nor the failure to take any action to enforce the provision of this Order, nor the failure to object to any such action or omission, shall constitute a waiver of any claim or defense in the trial of this action or any other action, including but not limited to, any claim or defense that any information is or is not confidential or proprietary to any party or that such information embodies trade secrets of any party.

14. The provisions of this Order shall, absent written permission of the Designating Party or further order of the Court, continue to be binding throughout and after the conclusion of this action. Within sixty (60) days after receiving notice of the entry of an order, judgment or decree finally disposing of this action, including any appeals therefrom, all persons having received CONFIDENTIAL or HIGHLY CONFIDENTIAL information hereunder shall at such persons' own option either return such material and all copies thereof (including summaries and excerpts) to counsel for the Designating Party, or make commercially reasonable efforts to

destroy all such material and copies thereof. Counsel shall be entitled to retain court papers, deposition and trial transcripts and attorney work product provided that such counsel, and employees of such counsel, shall not disclose any CONFIDENTIAL or HIGHLY CONFIDENTIAL information contained in such documents except pursuant to court order or a written agreement with the Designating Party.

15. Nothing in this Order shall be deemed to preclude any party from seeking and obtaining, on an appropriate showing, such additional protection with respect to the confidentiality of documents or other discovery material as that party may consider appropriate.

16. The parties have not reached an agreement with respect to the use of CONFIDENTIAL and HIGHLY CONFIDENTIAL information at trial. Counsel for the parties shall set forth how CONFIDENTIAL and HIGHLY CONFIDENTIAL information will be used at trial in the pre-trial order. If the parties cannot reach agreement as to how such information shall be presented at trial, they shall submit the dispute to the Court to resolve.

17. The parties agree to be bound by the terms of this Order pending its entry by the Court, and any violation of its terms following the parties' stipulation hereto but before entry by the Court shall be subject to the same penalties as if the Order had been entered by the Court.

18. If any party is served with a subpoena or receives an order, process, or other legal compulsion issued in another action, proceeding, or matter that would compel disclosure of any CONFIDENTIAL or HIGHLY CONFIDENTIAL information (an "Other Demand"), such party must notify the Designating Party, in writing, immediately and in no event more than five business days after receiving the Other Demand. Such party also must immediately inform in writing the party who caused the Other Demand to issue that some or all of the material sought is the subject of this Order. If a party is otherwise required by law to disclose CONFIDENTIAL or

HIGHLY CONFIDENTIAL information (excluding information designated as such solely by the party itself), the receiving party must notify the Designating Party, in writing, immediately and in no event more than five business days after receiving notice of such alleged duty.

19. If a receiving party learns that, by inadvertence or otherwise, it has disclosed CONFIDENTIAL or HIGHLY CONFIDENTIAL information to any person or entity under any circumstances not authorized under this Order, such receiving party must immediately (a) notify the Designating Party of all such unauthorized disclosures or uses, (b) use its best efforts to retrieve all copies of the information, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute "Confidentiality Undertaking" that is attached hereto as Exhibit A. Nothing in this Paragraph in any way limits Designating Party's ability to seek immediate remedy and relief in the appropriate fashion, or in any way limits any receiving party's liability for unauthorized disclosure.

20. By stipulating to entry of this Order no party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground. Similarly, no party waives any right to object on any ground to use in evidence of any CONFIDENTIAL or HIGHLY CONFIDENTIAL information.

21. All parties acknowledge that, while each party is making appropriate efforts to identify and withhold from production any documents that such party believes are privileged or otherwise protected from disclosure, there is a possibility that privileged or otherwise protected material may be produced inadvertently. Accordingly, in order to facilitate the production of Discovery Material, the parties understand and agree that, to the extent that Discovery Material may include materials subject to the attorney-client privilege, work product doctrine or other

11

applicable privilege or protection from disclosure, the inadvertent production of such Discovery Material shall not waive its continued protection from disclosure.[1] The parties further agree that, if a producing party at any time notifies each receiving party that any Discovery Material is subject to a claim of privilege or of other protection from disclosure, each receiving party shall return the specified information, testimony, or documents and any copies or summaries or extracts thereof such party has, to the producing party within five (5) business days of receipt of such notice or discovery and shall not review, use, or disclose such items for any purpose; provided, however, that such return shall not preclude the receiving party from seeking to compel production of the materials or from seeking an order that any applicable privilege has been waived. The fact that an inadvertent production of Discovery Material subject to a claim of privilege or otherwise protected from disclosure occurred, however, shall not be used by the parties or considered by the Court as evidence that any applicable privilege has been waived, unless the producing party fails to notify each party receiving such inadvertently produced Discovery Material within 90 days of being made aware of the inadvertent production.

**IT IS SO STIPULATED.**

Dated: August 27, 2009                BONDURANT, MIXSON & ELMORE, LLP

                                      By_____
                                      John E. Floyd
                                      Georgia Bar No. 266413
                                      Steven J. Rosenwasser
                                      Georgia Bar No. 614908
                                        Signed by Richard H. Sinkfield with
                                        express permission

---

[1] However, as set forth below, the production of the information may constitute evidence or grounds for an argument of waiver.

                                          Nicole G. Iannarone
                                          Georgia Bar No. 382510
                                          Alison B. Prout
                                          Georgia Bar No. 141666
                                          3900 One Atlantic Center
                                          1201 West Peachtree Street, N.W.
                                          Atlanta, Georgia 30309
                                          (404) 881-4100 Tel.
                                          (404) 881-4111 Fax

Dated: August 27, 2009              CHRISTIAN, SMITH, & JEWELL, LLP

                                          By _____
                                          James W. Christian
                                          State Bar No. 04228700
                                          Signed by Richard H. Sinkfield with
                                          express permission
                                          2302 Fannin, Suite 500
                                          Houston, Texas 77002
                                          (713) 659-7616 Tel.
                                          (713) 659-7641 Fax

Dated: August 27, 2009              THE O'QUINN LAW FIRM

                                          By _____
                                          John O'Quinn
                                          State Bar No.15296000
                                          Signed by Richard H. Sinkfield with
                                          express permission
                                          440 Louisiana St, Ste. 2300
                                          Houston, Texas 77002
                                          (713) 223-1000 Tel.
                                          (713) 222-6903 Fax

                                          **Attorneys for Plaintiffs**


[SIGNATURES CONTINUED ON NEXT PAGE]

Dated: August 26, 2009                    ROGERS & HARDIN

                                          Richard H. Sinkfield
                                          Georgia Bar No. 649100
                                          2700 International Tower
                                          Peachtree Center
                                          229 Peachtree Street, N.E.
                                          Atlanta, Georgia 30303-1601

                                          **Attorney for Defendants**

Dated: August 26, 2009                    O'MELVENY & MYERS LLP

                                          By
                                          Andrew J. Frackman
                                          Signed by Richard H. Sinkfield with
                                          express permission
                                          Benjamin D. Petrosky
                                          Brendan J. Dowd
                                          7 Times Square
                                          New York, New York 10036
                                          (212) 326-2101 Tel.
                                          (212) 326-2061 Fax

                                          **Attorneys for Banc of America Securities, LLC**


**[SIGNATURES CONTINUED ON NEXT PAGE]**

Dated: August 26, 2009

DAVIS POLK & WARDWELL

By _____
Robert F. Wise, Jr.
Signed by Richard H. Sinkfield with
express permission
William J. Fenrich
David B. Steinberg
Melissa T. Aoyagi
450 Lexington Avenue
New York, New York  10017
(212) 450-4512 Tel.
(212) 450-3512 Fax

**Attorneys for Morgan Stanley & Co. Incorporated**

Dated: August 26, 2009

PROSKAUER ROSE LLP

By _____
Stephen L. Rather
Signed by Richard H. Sinkfield with
express permission
Harry Frischer
Brian L. Friedman
1585 Broadway
New York, New York  10036
(212) 969-3000 Tel.
(212) 969-2900 Fax

**Attorneys for Bear Stearns**

**[SIGNATURES CONTINUED ON NEXT PAGE]**

Dated: August 26, 2009

SULLIVAN & CROMWELL LLP

By /s/ Richard C. Pepperman II
Richard C. Pepperman II
  Signed by Richard H. Sinkfield with
  express permission
Richard H. Klapper
Tracy Richelle High
125 Broad Street
New York, New York 10004
(212) 558-4000 Tel.
(212) 558-3588 Fax

**Attorneys for The Goldman Sachs Group, Inc.**

Dated: August 26, 2009

CADWALADER WICKERSHAM & TAFT LLP

By /s/ Heather L. Fesnak
Heather L. Fesnak
Peter J. Isajiw
Gregory A. Markel
Martin L. Seidel
  Signed by Richard H. Sinkfield with
  express permission
One World Financial Center
New York, New York 10281
(212) 504-6000 Tel.
(212) 504-6666 Fax

**Attorneys for Deutsche Bank Securities Inc.**

Dated: August 26, 2009

KIRKLAND & ELLIS LLP

By /s/ Andrew B. Clubok
Andrew B. Clubok
  Signed by Richard H. Sinkfield with
  express permission
Emily P. Hughes
Jeffrey G. Landis
655 Fifteenth Street, N.W., Suite 1200
Washington, DC 20005-5793
(202) 879-5000 Tel.
(202) 879-5200 Fax

                                                                     KIRKLAND & ELLIS LLP
                                                                     Maria Ginzburg
Citigroup Center
153 East 53rd Street
New York, New York  10022-4611
(212) 446-4800 Tel.
(212) 446-4900 Fax

**Attorneys for UBS Securities, LLC**

Dated: August 26, 2009

WILMER CUTLER PICKERING HALE
& DORR LLP

By _____
Fraser L. Hunter, Jr.
Signed by Richard H. Sinkfield with
express permission
399 Park Avenue
New York, New York  10022

Ryan P. Phair
Wilmer Cutler Pickering Hale
  & Dorr LLP
1875 Pennsylvania Avenue, N.W.
Washington, DC  20006

**Attorneys for Credit Suisse USA, Inc.**

Dated: August 26, 2009

SKADDEN, ARPS, SLATE, MEAGHER
& FLOM LLP

By _____
Paul M. Eckles
Signed by Richard H. Sinkfield with
express permission
Shepard Goldfein
4 Times Square
New York, New York  10036

**Attorneys for Merrill Lynch, Pierce,
Fenner & Smith, Inc.**

17

The foregoing submission by the parties on the subject of confidential information having come before the Court for consideration, it is hereby APPROVED and made the ORDER of the Court.

SO ORDERED, this 15 day of April, 2009.

_____
PATSY Y. PORTER
Judge, State Court of Fulton County