# EXHIBIT 7

138129.1

# Elizabeth G. Eager

| | |
|---|---|
| **From:** | Andrew Clubok [aclubok@kirkland.com] |
| **Sent:** | Sunday, October 10, 2010 4:47 PM |
| **To:** | Steven J. Rosenwasser |
| **Cc:** | Elizabeth G. Eager; John E. Floyd; jgould@kirkland.com; JLandis@kirkland.com; jwc@csj-law.com |
| **Subject:** | Re: TASER/ UBS Confidentiality Documents |

Steven:

    Please work with us cooperatively, as that is what was agreed to on Friday. When is your filing? And if this truly is an "emergency" that requires us to do this tomorrow, why did you not mention this on Monday when we could have set it in motion? As we discussed on Friday, defendants are prepared to work together with you in utmost good faith to address these confidentiality issues as promptly as reasonably possible as they arise. Although we did not specifically say this, we assume it went without saying that you are not going to ask for de-designations where it simply imposes an unnecessary burden on defendants, just as I trust you would not us want to demand you make such de-designations on a few hours notice without need. Please consider simply working with us so we can (a) meet your needs if possible, while (b) not unnecessarily burdening our client if there is no "emergency" that requires it. To that end, and if you seriously need us to complete this by Monday night, please let us know the details.

Thanks

Andrew Clubok

Kirkland & Ellis, LLP
202-879-5173 (w)
202-879-5200 (f)
655 Fifteenth Street, N.W.
Washington, D.C. 20005

Andrew.clubok@kirkland.com

"Steven J. Rosenwasser" <rosenwasser@bmelaw.com>

10/10/2010 04:38 PM

To <aclubok@kirkland.com>
cc "Elizabeth G. Eager" <eager@bmelaw.com>, "John E. Floyd" <floyd@bmelaw.com>, <jgould@kirkland.com>, <JLandis@kirkland.com>, <jwc@csj-law.com>
Subject Re: TASER/ UBS Confidentiality Documents

We ask about a very limited set of documents. We look forward to your response, if any.
--------------------------
Sent from my BlackBerry Wireless Handheld

-----Original Message-----
From: Andrew Clubok <aclubok@kirkland.com>
To: Steven J. Rosenwasser
CC: Elizabeth G. Eager; John E. Floyd; jgould@kirkland.com <jgould@kirkland.com>; JLandis@kirkland.com <JLandis@kirkland.com>; jwc@csj-law.com <jwc@csj-law.com>
Sent: Sun Oct 10 16:35:22 2010
Subject: Re: TASER/ UBS Confidentiality Documents

Steven:

    I could ask you if plaintiffs are going to remove the confidentiality designation from all of their documents, including the ones

1

that they have asked for permission to "blanket designate." I do not think that is productive. Instead, I think we should be working together to protect information that is confidential, without unnecessarily burdening each other or the Court. I find it extremely disappointing that you seem to take offense to having a discussion about what is needed and how we can work together. If you feel the need to raise this issue with the Court immediately instead of working together to find a reasonable solution, I cannot stop you, but I hardly think that is in the spirit of the rules, nor is it what we just discussed on Friday.

   I hope you reconsider.

Thanks,

Andy



Andrew Clubok

Kirkland & Ellis, LLP
202-879-5173 (w)
202-879-5200 (f)
655 Fifteenth Street, N.W.
Washington, D.C. 20005

Andrew.clubok@kirkland.com

"Steven J. Rosenwasser" <rosenwasser@bmelaw.com>

10/10/2010 03:49 PM
To
    <aclubok@kirkland.com>
cc
    "Elizabeth G. Eager" <eager@bmelaw.com>, <jgould@kirkland.com>, <JLandis@kirkland.com>, "John E. Floyd" <floyd@bmelaw.com>, <jwc@csj-law.com>
Subject
    Re: TASER/ UBS Confidentiality Documents




Andy,

It is unfortunate that UBS is unwilling to answer a simple question. I will endeavor to make this as easy as possible. For each document, please tell us whether you agree to remove the confidentiality designation or not. If you agree, great. If you do not, we will so inform the court. If you refuse to answer, we will inform the court of that as well. If you are comfortable with how you are handling this, you should have no issue as you can justify your refusal or non answer to the court (though we prefer not to waste the court's valuable time on this). I will not waste more time of this basic matter. I will wait to hear your response, but don't plan on responding to irrelevant matters.

Enjoy the rest of your sunday.
--------------------------
Sent from my BlackBerry Wireless Handheld


-----Original Message-----
From: Andrew Clubok <aclubok@kirkland.com>
To: Steven J. Rosenwasser
CC: Elizabeth G. Eager; jgould@kirkland.com <jgould@kirkland.com>; JLandis@kirkland.com <JLandis@kirkland.com>
Sent: Sun Oct 10 15:41:56 2010
Subject: Re: TASER/ UBS Confidentiality Documents

2

Steven:

What we all agreed to do (at least what the defendants agreed to do, and I thought you were in agreement as well) was to work together in good faith to address issues promptly as they arise. You certainly did not suggest that we needed to unnecessarily address all prior file motions this coming Monday. To the contrary, you never mentioned anything about that even though we were all together. Please respond to the questions I asked Liz or allow her to respond so we can just work together cooperatively.

Thanks,

Andy


Andrew Clubok

Kirkland & Ellis, LLP
202-879-5173 (w)
202-879-5200 (f)
655 Fifteenth Street, N.W.
Washington, D.C. 20005

Andrew.clubok@kirkland.com

"Steven J. Rosenwasser" <rosenwasser@bmelaw.com>

10/10/2010 03:22 PM
To
    <aclubok@kirkland.com>, "Elizabeth G. Eager" <eager@bmelaw.com>, <JLandis@kirkland.com>, <jgould@kirkland.com>
cc

Subject
    Re: TASER/ UBS Confidentiality Documents



Andy,

With all due respect, we are following the plan defendants requested and we agreed to follow until the remand is decided. Please just answer the question - will you remove the confidentiality designations or not?

Steven
--------------------------
Sent from my BlackBerry Wireless Handheld


-----Original Message-----
From: Andrew Clubok <aclubok@kirkland.com>
To: Elizabeth G. Eager; Jeffrey Landis <JLandis@kirkland.com>; Jeffrey Gould <jgould@kirkland.com>
CC: Steven J. Rosenwasser
Sent: Sun Oct 10 15:19:15 2010
Subject: Re: TASER/ UBS Confidentiality Documents

Liz:

We're happy to address this as quickly as we can, as necessary. I wonder, however, why there is the urgency? It is hard to believe there could be given the schedule for responding to your remand motion, but please explain why you think we need to deal with this

3

by the end of the day tomorrow. What pleading could you possibly be filing that would require this and when exactly are you planning to file? And if there is such an emergency, why did you not alert me to this on friday morning when I saw you and could have commenced working with my client on your request?

Thanks

Andy

---

From: "Elizabeth G. Eager" [eager@bmelaw.com]
Sent: 10/10/2010 02:46 PM AST
To: Andrew Clubok; Jeffrey Landis; Jeffrey Gould
Cc: "Steven J. Rosenwasser" <rosenwasser@bmelaw.com>
Subject: TASER/ UBS Confidentiality Documents

Andy, Jeff, and Jeff,

Plaintiffs request you remove your confidentiality designations from the following documents:

UBS's Amended Objections and Responses to Third Interrogatories;

Response to Plaintiffs' Motion for Relief Concerning Defendant UBS Securities' Violation of This Court's Order; and

Privilege Log

Plaintiffs anticipate filing a pleading that may include the referenced documents. As we explained at the 26(f) conference, we understand that Judge Forrester permits filings under seal in only the most narrow circumstances (e.g.., a social security number, account number, or trade secret). Please let us know by tomorrow at 5 PM if you agree to remove your confidentiality designations.

Thanks,

Liz

*************************************************************
The information contained in this communication is
confidential, may be attorney-client privileged, may
constitute inside information, and is intended only for
the use of the addressee. It is the property of
Kirkland & Ellis LLP or Kirkland & Ellis International LLP.
Unauthorized use, disclosure or copying of this
communication or any part thereof is strictly prohibited
and may be unlawful. If you have received this

# Elizabeth G. Eager

**From:** Elizabeth G. Eager
**Sent:** Monday, October 11, 2010 3:23 PM
**To:** Elizabeth G. Eager; 'Andrew Clubok'; 'Jeffrey Landis'; 'jeffrey.gould@kirkland.com'
**Cc:** Steven J. Rosenwasser
**Subject:** RE: TASER/ UBS Confidentiality Documents

Andy, Jeff and Jeff,

We can extend the deadline for you responding to us regarding the email below until 3:30 PM tomorrow.

For clarity, as to this and yesterday's communication, Plaintiffs continue to object to the removal and take the position that remand is proper. Plaintiffs are simply communicating now to avoid further delay, and this communication is not a waiver of our motion seeking remand.

Liz

---

**From:** Elizabeth G. Eager
**Sent:** Sunday, October 10, 2010 2:47 PM
**To:** Andrew Clubok; Jeffrey Landis; 'jeffrey.gould@kirkland.com'
**Cc:** Steven J. Rosenwasser
**Subject:** TASER/ UBS Confidentiality Documents

Andy, Jeff, and Jeff,

Plaintiffs request you remove your confidentiality designations from the following documents:

UBS's Amended Objections and Responses to Third Interrogatories;
Response to Plaintiffs' Motion for Relief Concerning Defendant UBS Securities' Violation of This Court's Order; and
Privilege Log

Plaintiffs anticipate filing a pleading that may include the referenced documents. As we explained at the 26(f) conference, we understand that Judge Forrester permits filings under seal in only the most narrow circumstances (e.g.., a social security number, account number, or trade secret). Please let us know by tomorrow at 5 PM if you agree to remove your confidentiality designations.

Thanks,
Liz

1

**From:** Andrew Clubok [mailto:aclubok@kirkland.com]
**Sent:** Tuesday, October 12, 2010 3:22 PM
**To:** Steven J. Rosenwasser; Jeffrey Landis
**Cc:** eeager; John E. Floyd; Jeffrey Gould; jwc; Richard H. Sinkfield
**Subject:** Re: TASER/ UBS Confidentiality Documents


Steven:

Our exchange speaks for itself. Our focus was "why the urgency" and "if so urgent, why did you not raise this during our conference last friday, let alone during the past two months after we offered to resolve it. It is not as you are trying to characterize it, and I will leave it at that.

Thanks
Andy

---

**From:** "Steven J. Rosenwasser" [rosenwasser@bmelaw.com]
**Sent:** 10/12/2010 03:19 PM AST
**To:** Andrew Clubok; Jeffrey Landis
**Cc:** <eeager@bmelaw.com>; "John E. Floyd" <floyd@bmelaw.com>; Jeffrey Gould; <jwc@csj-law.com>; <RSinkfield@rh-law.com>
**Subject:** Re: TASER/ UBS Confidentiality Documents


We take your response as not agreeing to unseal the remaining docs, and will move forward accordingly. We regret that we could not agree, and that you elected to discuss the irrelevant question of what motion we were filing instead of answering the only pertinent question of whether the documents were properly designated as confidential.

---
Sent from my BlackBerry Wireless Handheld


-----Original Message-----
From: Andrew Clubok <aclubok@kirkland.com>
To: Steven J. Rosenwasser; Jeffrey Landis <JLandis@kirkland.com>
CC: eeager <eeager@bmelaw.com>; John E. Floyd; Jeffrey Gould <jgould@kirkland.com>; jwc <jwc@csj-law.com>; Richard H. Sinkfield <RSinkfield@rh-law.com>
Sent: Tue Oct 12 15:15:45 2010
Subject: Re: TASER/ UBS Confidentiality Documents

Steven: We are disappointed that you gave us no basis for why today's deadline matters, and you failed to even mention it during last friday's conference. If you must file under seal today instead of trying to work this out, please include all of the correspondence we have had on this issue. Also, we do not think your approach to this issue conforms with your obligations, and we will reserve our rights to raise those objections at the appropriate time. Again, I respectfully ask that you reconsider your approach so that we do not have to burden the court with an issue that we should be able to address if you work with us in good faith

Thanks

From: "Steven J. Rosenwasser" [rosenwasser@bmelaw.com]
Sent: 10/12/2010 03:08 PM AST
To: Jeffrey Landis
Cc: Andrew Clubok; <eeager@bmelaw.com>; "John E. Floyd" <floyd@bmelaw.com>; Jeffrey Gould; <jwc@csj-law.com>; <RSinkfield@rh-law.com>
Subject: Re: TASER/ UBS Confidentiality Documents

Jeff,

Thank you for your response. As we indicated, we intend on filing something today and have a legitimate and good faith basis for doing so. We hope to hear from you on the remaining documents by 330. Otherwise, we will have to move forward filing them under seal, and we will explain why. Thanks.

--------------------------
Sent from my BlackBerry Wireless Handheld


-----Original Message-----
From: Jeffrey Landis <JLandis@kirkland.com>
To: Steven J. Rosenwasser
CC: Andrew Clubok <aclubok@kirkland.com>; eeager <eeager@bmelaw.com>; John E. Floyd; Jeffrey Gould <jgould@kirkland.com>; jwc <jwc@csj-law.com>; Richard H. Sinkfield <RSinkfield@rh-law.com>
Sent: Tue Oct 12 14:59:15 2010
Subject: RE: TASER/ UBS Confidentiality Documents

Steven

As Andy noted below, given that you have repeatedly ignored our efforts to discuss this issue over the past several months we find it hard to believe that there is truly any "emergency" that requires us to provide a response by today, and if so it is an "emergency" that is of your own making. And we are disappointed with how plaintiffs have handled this issue, particularly their refusal to work with us cooperatively as we requested. Nevertheless, to the extent that Plaintiffs truly need to file portions of UBS's privilege log in connection with some upcoming motion we consent to you not making that filing under seal. The same goes for the actual memorandum of law in Response to Plaintiffs' Motion to compel against UBS (the "Response").

We are still awaiting input from our client on the exhibits to the Response and UBS's Objections and Responses to Third Interrogatories which are more nuanced. Again, to the extent there is some real deadline for this motion we request that you provide it to us so as to facilitate the process.

Jeff


Jeffrey Landis
Kirkland & Ellis LLP
202-879-5984
202-879-5200
655 Fifteenth Street, N.W.
Washington, D.C. 20005

"Steven J. Rosenwasser" <rosenwasser@bmelaw.com>

10/12/2010 12:16 PM
To
    "Andrew Clubok" <aclubok@kirkland.com>, "eeager" <eeager@bmelaw.com>, "John E. Floyd" <floyd@bmelaw.com>
cc
    "Jeffrey Gould" <jgould@kirkland.com>, "Jeffrey Landis" <JLandis@kirkland.com>, "jwc" <jwc@csj-law.com>, "Richard H. Sinkfield" <RSinkfield@rh-law.com>
Subject
    RE: TASER/ UBS Confidentiality Documents


Andy,

Please see my response of 11:41am today, stating: "With respect to the meet and confer, we have satisfied our obligations. We have identified specific documents that we believe are improperly designated as confidential, and asked you to remove the designations. As your email indicates, we have repeatedly informed you of the reasons why the documents are confidential. Despite all of that, you have refused to remove the designations. The motion we are filing and its timing have no bearing on the question of whether the documents are confidential, and thus they are not part of the meet and confer."


From: Andrew Clubok [mailto:aclubok@kirkland.com <mailto:aclubok@kirkland.com> ]
Sent: Tuesday, October 12, 2010 12:15 PM
To: Steven J. Rosenwasser; eeager; John E. Floyd
Cc: Jeffrey Gould; Jeffrey Landis; jwc; Richard H. Sinkfield
Subject: Re: TASER/ UBS Confidentiality Documents


Steven:

I am not asking about your strategy or tactics. We just want you to tell us, in good faith, when you are filing and of course satisfy your "meet and confer" obligations. This should not be causing such an issue. I do not understand why you are proceeding in this manner. Please reconsider working together with us to address confidentiality issues.

Thanks

---

From: "Steven J. Rosenwasser" [rosenwasser@bmelaw.com]
Sent: 10/12/2010 12:08 PM AST
To: Andrew Clubok; <eeager@bmelaw.com>; "John E. Floyd" <floyd@bmelaw.com>
Cc: Jeffrey Gould; Jeffrey Landis; <jwc@csj-law.com>; <RSinkfield@rh-law.com>
Subject: Re: TASER/ UBS Confidentiality Documents


Andy,

Our strategic or legal reasons for filing a motion have no bearing on whether documents we have asked you to undesignate for months should be undesignated. If you spent the time looking at the documents instead of sending these emails, you could have answered the question by now. We feel it appropriate to file something today, and are going to do so. At your request, we gave you more time to answer our questions. If you choose not to do so, that is your perogative. The court will decide the issue.

--------------------------

Sent from my BlackBerry Wireless Handheld


-----Original Message-----
From: Andrew Clubok <aclubok@kirkland.com>
To: Steven J. Rosenwasser; Elizabeth G. Eager <eeager@bmelaw.com>; John E. Floyd
CC: Jeffrey Gould <jgould@kirkland.com>; Jeffrey Landis <JLandis@kirkland.com>; jwc <jwc@csj-law.com>; Richard H. Sinkfield <RSinkfield@rh-law.com>
Sent: Tue Oct 12 11:49:35 2010
Subject: Re: TASER/ UBS Confidentiality Documents

The timing of your motion has everything to do with whether we need to tell our client this is an "emergency" notwithstanding your delay of several months. Please respond; otherwise we will presume there is no "emergency" that could, in good faith, justify your demand that we address this by 3:30. Steven, again, I ask you to reconsider this approach. We want to work cooperatively on these kinds of issues. Why in the world do you refuse to help us understand the need to do this today, if there is such a need?

---

From: "Steven J. Rosenwasser" [rosenwasser@bmelaw.com]
Sent: 10/12/2010 11:41 AM AST
To: Andrew Clubok; "Elizabeth G. Eager" <eeager@bmelaw.com>; "John E. Floyd" <floyd@bmelaw.com>
Cc: Jeffrey Gould; Jeffrey Landis; <jwc@csj-law.com>; <RSinkfield@rh-law.com>
Subject: RE: TASER/ UBS Confidentiality Documents


Andy,


I am responding to your email below. We generally disagree with your characterizations, but see no reason to go through each one here. Our failure to respond to any point does not indicate any agreement.


With respect to the meet and confer, we have satisfied our obligations. We have identified specific documents that we believe are improperly designated as confidential, and asked you to remove the designations. As your email indicates, we have repeatedly informed you of the reasons why the documents are confidential. Despite all of that, you have refused to remove the designations. The motion we are filing and its timing have no bearing on the question of whether the documents are confidential, and thus they are not part of the meet and confer.

Please let us know by 3:30 which, if any, documents you agree to remove the confidentiality designations from. Our prior reasons for removing the designations (e.g., they do not meet the defintiion of confidentiality under the Protective Order) stand.


Steven


From: Andrew Clubok [mailto:aclubok@kirkland.com <mailto:aclubok@kirkland.com> ]
Sent: Tuesday, October 12, 2010 11:28 AM
To: Elizabeth G. Eager; Steven J. Rosenwasser; John E. Floyd
Cc: jgould@kirkland.com; JLandis@kirkland.com; jwc@csj-law.com; RSinkfield@rh-law.com
Subject: Re: TASER/ UBS Confidentiality Documents


Steven, Liz and John:

    We have been working with our client to respond to the request you made on Sunday . As I am sure you appreciate, the scope of your request entails quite a bit of work and analysis. As we have repeatedly said, for true "emergencies," we are prepared to take extraordinary measures to try to accommodate your requests, and we hope to be able to respond at least in part by later today. However, we are concerned that you may be setting arbitrary deadlines, as it now appears to have been the case at least with respect to your initial demand that we respond by 5:00 pm yesterday. As an initial matter (and this goes for all future requests of this nature): Can you please tell us your real deadline (and what filing you are planning to make), so we can adjust as truly necessary.

    Also, I must note that we had originally discussed UBS's 3rd Interrogatories this past summer, as you undoubtedly recall. Specifically after a lengthy back and forth on July 23, 2010, I explained that it was UBS's view that "the responses fall within the definition of 'confidential,'" and that "plaintiffs (at least implicitly) acknowledged that by filing them under seal without so much as raising the issue." Nevertheless, in response to plaintiffs' new request that UBS de-designate these interrogatory responses, I noted that UBS was "considering reaching a special accommodation on this point, based on your representation that plaintiffs were going to undergo additional costs (which UBS would like to help them avoid if possible), and based on your representation (if you give it) that you are not planning to use these materials outside the litigation and that you will not try in any way to use our offer to compromise for some other purpose." In other words, we simply asked you to confirm what you had previously told us about supposedly facing extra costs, and we wanted you to confirm you were not planning to use the materials for improper purpose. We did not hear back from you on these basic questions. Then, over a month later, in an August 24, 2010 email, Liz included the confidentiality of the 3rd Interrogatories as an alleged "open issue." In Jeff Landis's September 2, 2010 letter in response to Liz's email, he reminded her of our previous exchange, and pointed out that plaintiffs never responded to our July 23, 2010 proposal. We again did not hear anything from Plaintiffs until your supposed "emergency" email on Sunday afternoon (again after another month had elapsed) requesting that we remove the confidentiality designation on this document, and demanding that such removal occur by 5pm yesterday.

    In light of the foregoing, we find it hard to believe that there is truly any "emergency" that requires us to provide a response by today, and if so it is an "emergency" that is of your own making. Yet, I did not want to lightly accuse you of doing something for improper purposes, so I merely asked you as soon as we received your request to tell us whether or not there indeed is some "emergency" that would require us to proceed on the timetable you demanded yesterday, and I noted if that were the case we would do everything we can (within reason) to try to accommodate your needs. But you refused to answer that question. Rather, the above chain of events, combined with the fact that you did not raise this issue with me on Friday when we were sitting across the table from each other in Atlanta for several hours,

unfortunately suggests that this may be merely another effort by Plaintiffs to unnecessarily burden UBS and engage in some strategic game to prejudice UBS. We continue to be disappointed by such behavior and hope that while we are going through the steps of attempting to respond to your requests, you do the same and simply answer my questions. In the meantime, we will proceed to work with our client on this issue to respond in an reasonable time, and we are optimistic that we will be able to resolve this with you.   We will, however, consider your refusal to respond as a failure to meet your obligation under the Court order to work in good faith and we will take appropriate steps to address that as necessary. Of course, we greatly prefer you simply reconsider your approach. Finally, I will also note that to the extent Plaintiffs are contemplating some filing we would expect that they satisfy their meet and confer obligations in advance of such filing. Please confirm that you have done so (including providing the date when such meet and confer occurred), as I do not recall that occurring.

Thanks,

Andrew Clubok

Kirkland & Ellis, LLP
202-879-5173 (w)
202-879-5200 (f)
655 Fifteenth Street, N.W.
Washington, D.C. 20005

Andrew.clubok@kirkland.com

Andrew Clubok/Washington DC/Kirkland-Ellis

10/10/2010 04:47 PM

>    To

"Steven J. Rosenwasser" <rosenwasser@bmelaw.com>


cc

"Elizabeth G. Eager" <eager@bmelaw.com>, "John E. Floyd" <floyd@bmelaw.com>, jgould@kirkland.com, JLandis@kirkland.com, jwc@csj-law.com


Subject

Re: TASER/ UBS Confidentiality DocumentsLink <Notes://DCNOTES1/852565DB0048894B/DABA975B9FB113EB852564B5001283EA/EEBA0684D7BF10B2862577B800715A36 <Notes://dcnotes1/852565DB0048894B/DABA975B9FB113EB852564B5001283EA/EEBA0684D7BF10B2862577B800715A36> >

Steven:

    Please work with us cooperatively, as that is what was agreed to on Friday. When is your filing? And if this truly is an "emergency" that requires us to do this tomorrow, why did you not mention this on Monday when we could have set it in motion? As we discussed on Friday, defendants are prepared to work together with you in utmost good faith to address these confidentiality issues as promptly as reasonably possible as they arise. Although we did not specifically say this, we assume it went without saying that you are not going to ask for de-designations where it simply imposes an unnecessary burden on defendants, just as I trust you would not us want to demand you make such de-designations on a few hours notice without need. Please consider simply working with us so we can (a) meet your needs if possible, while (b) not unnecessarily burdening our client if there is no "emergency" that requires it. To that end, and if you seriously need us to complete this by Monday night, please let us know the details.

Thanks

Andrew Clubok

Kirkland & Ellis, LLP
202-879-5173 (w)
202-879-5200 (f)
655 Fifteenth Street, N.W.
Washington, D.C. 20005

Andrew.clubok@kirkland.com

"Steven J. Rosenwasser" <rosenwasser@bmelaw.com>

10/10/2010 04:38 PM

    To

    <aclubok@kirkland.com>

cc

    "Elizabeth G. Eager" <eager@bmelaw.com>, "John E. Floyd" <floyd@bmelaw.com>, <jgould@kirkland.com>, <JLandis@kirkland.com>, <jwc@csj-law.com>

Subject

    Re: TASER/ UBS Confidentiality Documents

We ask about a very limited set of documents. We look forward to your response, if any.
--------------------------

Sent from my BlackBerry Wireless Handheld


-----Original Message-----
From: Andrew Clubok <aclubok@kirkland.com>
To: Steven J. Rosenwasser
CC: Elizabeth G. Eager; John E. Floyd; jgould@kirkland.com <jgould@kirkland.com>; JLandis@kirkland.com <JLandis@kirkland.com>; jwc@csj-law.com <jwc@csj-law.com>
Sent: Sun Oct 10 16:35:22 2010
Subject: Re: TASER/ UBS Confidentiality Documents

Steven:

I could ask you if plaintiffs are going to remove the confidentiality designation from all of their documents, including the ones that they have asked for permission to "blanket designate." I do not think that is productive. Instead, I think we should be working together to protect information that is confidential, without unnecessarily burdening each other or the Court. I find it extremely disappointing that you seem to take offense to having a discussion about what is needed and how we can work together. If you feel the need to raise this issue with the Court immediately instead of working together to find a reasonable solution, I cannot stop you, but I hardly think that is in the spirit of the rules, nor is it what we just discussed on Friday.

I hope you reconsider.

Thanks,

Andy



Andrew Clubok

Kirkland & Ellis, LLP
202-879-5173 (w)
202-879-5200 (f)
655 Fifteenth Street, N.W.
Washington, D.C. 20005

Andrew.clubok@kirkland.com

"Steven J. Rosenwasser" <rosenwasser@bmelaw.com>

10/10/2010 03:49 PM
To
    <aclubok@kirkland.com>
cc
    "Elizabeth G. Eager" <eager@bmelaw.com>, <jgould@kirkland.com>, <JLandis@kirkland.com>, "John E. Floyd" <floyd@bmelaw.com>, <jwc@csj-law.com>
Subject
    Re: TASER/ UBS Confidentiality Documents

Andy,

It is unfortunate that UBS is unwilling to answer a simple question. I will endeavor to make this as easy as possible. For each document, please tell us whether you agree to remove the confidentiality designation or not. If you agree, great. If you do not, we will so inform the court. If you refuse to answer, we will inform the court of that as well. If you are comfortable with how you are handling this, you should have no issue as you can justify your refusal or non answer to the court (though we prefer not to waste the court's valuable time on this). I will not waste more time of this basic matter. I will wait to hear your response, but don't plan on responding to irrelevant matters.

Enjoy the rest of your sunday.
---------------------------
Sent from my BlackBerry Wireless Handheld


-----Original Message-----
From: Andrew Clubok <aclubok@kirkland.com>
To: Steven J. Rosenwasser
CC: Elizabeth G. Eager; jgould@kirkland.com <jgould@kirkland.com>; JLandis@kirkland.com <JLandis@kirkland.com>
Sent: Sun Oct 10 15:41:56 2010
Subject: Re: TASER/ UBS Confidentiality Documents

Steven:

   What we all agreed to do (at least what the defendants agreed to do, and I thought you were in agreement as well) was to work together in good faith to address issues promptly as they arise. You certainly did not suggest that we needed to unnecessarily address all prior file motions this coming Monday. To the contrary, you never mentioned anything about that even though we were all together. Please respond to the questions I asked Liz or allow her to respond so we can just work together cooperatively.

Thanks,

Andy



Andrew Clubok

Kirkland & Ellis, LLP
202-879-5173 (w)
202-879-5200 (f)
655 Fifteenth Street, N.W.
Washington, D.C. 20005

Andrew.clubok@kirkland.com

"Steven J. Rosenwasser" <rosenwasser@bmelaw.com>

10/10/2010 03:22 PM
To
   <aclubok@kirkland.com>, "Elizabeth G. Eager" <eager@bmelaw.com>, <JLandis@kirkland.com>, <jgould@kirkland.com>

cc

Subject
   Re: TASER/ UBS Confidentiality Documents


Andy,

With all due respect, we are following the plan defendants requested and we agreed to follow until the remand is decided. Please just answer the question - will you remove the confidentiality designations or not?

Steven
--------------------------
Sent from my BlackBerry Wireless Handheld


-----Original Message-----
From: Andrew Clubok <aclubok@kirkland.com>
To: Elizabeth G. Eager; Jeffrey Landis <JLandis@kirkland.com>; Jeffrey Gould <jgould@kirkland.com>
CC: Steven J. Rosenwasser
Sent: Sun Oct 10 15:19:15 2010
Subject: Re: TASER/ UBS Confidentiality Documents

Liz:

We're happy to address this as quickly as we can, as necessary. I wonder, however, why there is the urgency? It is hard to believe there could be given the schedule for responding to your remand motion, but please explain why you think we need to deal with this by the end of the day tomorrow. What pleading could you possibly be filing that would require this and when exactly are you planning to file? And if there is such an emergency, why did you not alert me to this on friday morning when I saw you and could have commenced working with my client on your request?

Thanks

Andy

---

From: "Elizabeth G. Eager" [eager@bmelaw.com]
Sent: 10/10/2010 02:46 PM AST
To: Andrew Clubok; Jeffrey Landis; Jeffrey Gould
Cc: "Steven J. Rosenwasser" <rosenwasser@bmelaw.com>
Subject: TASER/ UBS Confidentiality Documents


Andy, Jeff, and Jeff,

Plaintiffs request you remove your confidentiality designations from the following documents:

UBS's Amended Objections and Responses to Third Interrogatories;

Response to Plaintiffs' Motion for Relief Concerning Defendant UBS Securities' Violation of This Court's Order; and

Privilege Log

Plaintiffs anticipate filing a pleading that may include the referenced documents. As we explained at the 26(f) conference, we understand that Judge Forrester permits filings under seal in only the most narrow circumstances (e.g.., a social security number, account number, or trade secret). Please let us know by tomorrow at 5 PM if you agree to remove your confidentiality designations.

Thanks,

Liz

***************************************************************
The information contained in this communication is
confidential, may be attorney-client privileged, may
constitute inside information, and is intended only for
the use of the addressee. It is the property of
Kirkland & Ellis LLP or Kirkland & Ellis International LLP.
Unauthorized use, disclosure or copying of this
communication or any part thereof is strictly prohibited
and may be unlawful. If you have received this
communication in error, please notify us immediately by
return e-mail or by e-mail to postmaster@kirkland.com, and
destroy this communication and all copies thereof,
including all attachments.
***************************************************************


***************************************************************
The information contained in this communication is
confidential, may be attorney-client privileged, may
constitute inside information, and is intended only for
the use of the addressee. It is the property of
Kirkland & Ellis LLP or Kirkland & Ellis International LLP.
Unauthorized use, disclosure or copying of this
communication or any part thereof is strictly prohibited
and may be unlawful. If you have received this

# Elizabeth G. Eager

| | |
|---|---|
| **From:** | Steven J. Rosenwasser |
| **Sent:** | Tuesday, October 12, 2010 3:42 PM |
| **To:** | 'Andrew Clubok' |
| **Cc:** | Elizabeth G. Eager |

Andy,

I should note that, as before, we continue to ask that you undesignate the documents we are filing today that you have not responded to. This will avoid this problem again in the future. Like I said last time, I expect UBS's responses to our third rogs will be an exhibit to many filings, and thus please tell us whether they are confidential or not.

steven