CONFIDENTIAL TREATMENT REQUESTED BY GOLDMAN SACHS

**LOG OF DOCUMENTS PRODUCED IN REDACTED FORM**

Goldman Sachs's November 24, 2009 through February 8, 2010 Productions

*Brand International, et al. v. Morgan Stanley Co., et al.*

| Beginning Bates | End Bates | Redacted Pages Start | Redacted Pages End | Date | Document Type | Author | Recipients | Copyees | Other Participants in E-mail Chain | Subject Matter | Privilege |
|---|---|---|---|---|---|---|---|---|---|---|---|
| GSE_T 00051858 | GSE_T 00051861 | GSE_T 00051860 | GSE_T 00051861 | 8/23/2005 | E-mail string with multiple attachments (draft worksheets) | Startseva, Elena | Ahearn, Kevin; Badiola, Brigette; Clancy, Kevin; Cieele, Ellen; Cohen, Geoffrey; Fodera, Giovanni; Gurr, Scott; Jabelly, Anthony; Keating, Stacy; Khusar, Deborah; Melello, James; Page, Michael; Pumross, Sunitha; Sigismondi, Peter; Startseva, Elena; Wade, Richard; Buffolino, Matic; MacDonald, Donna; Maher, Billi; O'Malley, Steven; Kedila, Dennis; Kelly, Keri; Goetz, Lisa | | Aotic, Sharon; Wade, Richard; Bradley, Ourogh; Marshall, Judy; Aumeter, Peter; Mathens, Jeffrey; Lynn, Lisa; Bamford, Doris; Brocon, Michelle; Tran, Marc; McAngh, Sean; Wing, Parry T; Smitson, Taylor; Rector, Felicia; Reilly, James; Kane, John; Jock, Kathleen; Columbini, Conn | Information collected for/provided to counsel (GS Legal Department*) to facilitate legal advice concerning regulatory requests. | Attorney-Client |
| GSE_T 00051862 | GSE_T 00051863 | GSE_T 00051863 | GSE_T 00051863 | 1/30/2006 | E-mail with attachment (draft worksheet) | Startseva, Elena | Ahearn, Kevin; Aitoa, Wanda; Badiola, Brigette; Buffolino, Matic; Clancy, Kevin; Cieele, Ellen; Cohen, Geoffrey; Fodera, Giovanni; Goetz, Lisa; Gurr, Scott; Hafermayer, Steve; Jabelly, Anthony; Keating, Stacy; Kelly, Keri; Kedila, Dennis; Khan, Anji; Khusar, Deborah; MacDonald, Donna; Maher, Billi; Melello, James; O'Malley, Steven; Page, Michael; Pumross, Sunitha; Sigismondi, Peter; Startseva, Elena; Wade, Richard | | | Information collected for/provided to counsel (GS Legal Department*) to facilitate legal advice concerning regulatory requests. | Attorney-Client |
| GSE_T 00051864 | GSE_T 00051865 | GSE_T 00051865 | GSE_T 00051865 | 2/15/2006 | E-mail with attachment (draft worksheet) | Startseva, Elena | Ahearn, Kevin; Aitoa, Wanda; Badiola, Brigette; Buffolino, Matic; Clancy, Kevin; Cieele, Ellen; Cohen, Geoffrey; Fodera, Giovanni; Goetz, Lisa; Gurr, Scott; Hafermayer, Steve; Jabelly, Anthony; Keating, Stacy; Kelly, Keri; Kedila, Dennis; Khan, Anji; Khusar, Deborah; MacDonald, Donna; Maher, Billi; Melello, James; O'Malley, Steven; Page, Michael; Pumross, Sunitha; Sigismondi, Peter; Startseva, Elena; Wade, Richard | | | Information collected for/provided to counsel (GS Legal Department*) to facilitate legal advice concerning regulatory requests. | Attorney-Client |

Unless noted otherwise, the listed individuals are employees of Goldman Sachs.
*Denotes in-house counsel
**Denotes outside counsel

CONFIDENTIAL TREATMENT REQUESTED BY GS&CO/MBIA/ACAG

**LOG OF DOCUMENTS PRODUCED IN REDACTED FORM***

Goldman Sachs November 24, 2009 through February 8, 2010 Productions

_State International, et al. v. Morgan Stanley Co., et al._

| Beginning Bates | End Bates | Redacted Pages Start | Redacted Pages End | Date | Document Type | Author | Recipients | Copyees | Other Participants in E-mail Chain | Subject Matter | Privilege |
|---|---|---|---|---|---|---|---|---|---|---|---|
| GSB_T 00051866 | GSB_T 00051871 | GSB_T 00051867 | GSB_T 00051867 | 2/27/2006 | E-mail with attachment (draft worksheet) | Startseva, Elena | Abram, Kevin; Alites, Wanda; Barletto, Brigette; Buffolino, Matias; Clacey, Kevin; Cheale, Ellen; Cohen, Geoffrey; Faden, Giovanni; Grant, Lisa; Grant, Scott; Hefermeyer, Steve; Ishelly, Anthony; Keating, Scav; Kelly, Kelly; Kent; Kevin, Dennis; Khan, Arif; Kinzer, Daboush; MacDonald, Donna; Maher, Billy; Mskelin, James; O'Malley, Steven; Page, Michael; Punnoose, Shesher; Sigismondi, Peter; Startseva, Elena; Wade, Richard | | | Information provided to counsel (GS Legal Department*) to facilitate legal advice concerning regulatory requests. | Attorney-Client |
| GSB_T 00051868 | | GSB_T 00051869 | GSB_T 00051869 | 3/13/2006 | E-mail with attachment (draft worksheet) | Startseva, Elena | Abram, Kevin; Paul, Jack; Barletto, Brigette; Buffolino, Matias; Clacey, Kevin; Cheale, Ellen; Cohen, Geoffrey; Faden, Giovanni; Grant, Lisa; Grant, Scott; Hefermeyer, Steve; Ishelly, Anthony; Keating, Scav; Kelly, Kent; Ketlin, Dennis; Khan, Arif; Kinzer, Daboush; MacDonald, Donna; Maher, Billy; Mskelin, James; O'Malley, Steven; Page, Michael; Punnoose, Shesher; Sigismondi, Peter; Startseva, Elena; Wade, Richard | | | Information provided to counsel (GS Legal Department*) to facilitate legal advice concerning regulatory requests. | Attorney-Client |
| GSB_T 00051870 | GSB_T 00051871 | GSB_T 00051871 | GSB_T 00051871 | 3/13/2006 | E-mail with attachment (draft worksheet) | Startseva, Elena | geo-compliance | | | Information collected (or) provided to counsel (GS Legal Department*) to facilitate legal advice concerning regulatory requests. | Attorney-Client |
| GSB_T 00051872 | GSB_T 00051873 | GSB_T 00051873 | GSB_T 00051873 | 3/27/2006 | E-mail with attachment (draft worksheet) | Startseva, Elena | geo-compliance | | | Information collected (or) provided to counsel (GS Legal Department*) to facilitate legal advice concerning regulatory requests. | Attorney-Client |

Unless noted otherwise, the listed individuals are employees of Goldman Sachs.
*Denotes in-house counsel
**Denotes outside counsel

LOG OF DOCUMENTS PRODUCED IN REDACTED FORM[1]

Goldman Sachs November 24, 2009 through February 9, 2010 Productions

*Tivoli International, et. al. v. Morgan Stanley Co., et. al.*

| Beginning Bates | End Bates | Redacted Pages Start | Redacted Pages End | Date | Document Type | Author | Recipients | Copyees | Other Participants in E-mail Chain | Subject Matter | Privilege |
|---|---|---|---|---|---|---|---|---|---|---|---|
| GSE_T_00951874 | GSE_T_00951875 | GSE_T_00951875 | GSE_T_00951875 | 4/12/2006 | E-mail with attachment (draft worksheet) | Startseva, Elena | Abram, Kevin; Barldes, Brigette; Buffolino, Mattie; Cloehs, Ethen; Cohen, Geoffrey; Feders, Giovanni; Goetz, Lisa; Grant, Scott; Hudermeyer, Steve; Jabolly, Anthony; Keating, Sean; Kelly, Keri; Kerlla, Dennis; Khan, Arif; Klinzer, Deborah; Maher, Billy; Maidile, James; O'Malley, Steven; Page, Michael; Piuntosess, Smailina, Sigismondi, Peter; Startseva, Elena; Wade, Richard | | | Information collected for/provided to counsel (GS Legal Department") to facilitate legal advice concerning regulatory requests. | Attorney-Client |
| GSE_T_00951876 | GSE_T_00951877 | GSE_T_00951877 | GSE_T_00951877 | 4/27/2006 | E-mail with attachment (draft worksheet) | Startseva, Elena | Abram, Kevin; Barldes, Brigette; Buffolino, Mattie; Cloehs, Ethen; Cohen, Geoffrey; Feders, Giovanni; Goetz, Lisa; Grant, Scott; Hudermeyer, Steve; Jabolly, Anthony; Keating, Sean; Kelly, Keri; Kerlla, Dennis; Khan, Arif; Klinzer, Deborah; Maher, Billy; Maidile, James; O'Malley, Steven; Page, Michael; Piuntosess, Smailina, Sigismondi, Peter; Startseva, Elena; Wade, Richard | | | Information collected for/provided to counsel (GS Legal Department") to facilitate legal advice concerning regulatory requests. | Attorney-Client |
| GSE_T_00951878 | GSE_T_00951879 | GSE_T_00951879 | GSE_T_00951879 | 5/26/2006 | E-mail with attachment (draft worksheet) | Startseva, Elena | gsoc-compliance | | | Information collected for/provided to counsel (GS Legal Department") to facilitate legal advice concerning regulatory requests. | Attorney-Client |
| GSE_T_00951880 | GSE_T_00951881 | GSE_T_00951881 | GSE_T_00951881 | 4/13/2006 | E-mail with attachment (draft worksheet) | Klinzer, Deborah | gsoc-compliance | | | Information collected for/provided to counsel (GS Legal Department") to facilitate legal advice concerning regulatory requests. | Attorney-Client |
| GSE_T_00951882 | GSE_T_00951883 | GSE_T_00951883 | GSE_T_00951883 | 6/28/2006 | E-mail with attachment (draft worksheet) | Startseva, Elena | Abram, Kevin; Buffolino, Mattie; Cloehs, Ethen; Feders, Giovanni; Goetz, Lisa; Grant, Scott; Hudermeyer, Steve; Keating, Sean; Kelly, Keri; Kerlla, Dennis; Khan, Arif; Klinzer, Deborah; Maher, Billy; Maidile, James; Millions, Mark; O'Malley, Steven; Page, Michael; Sigismondi, Peter; Startseva, Elena; Wade, Richard | | | Information collected for/provided to counsel (GS Legal Department") to facilitate legal advice concerning regulatory requests. | Attorney-Client |

CONFIDENTIAL TREATMENT REQUESTED BY GOLDMAN SACHS

Unless noted otherwise, the listed individuals are employees of Goldman Sachs.
* Denotes in-house counsel
** Denotes outside counsel

CONFIDENTIAL TREATMENT REQUESTED BY GOLDMAN SACHS

LOG OF DOCUMENTS PRODUCED IN REDACTED FORM*

Goldman Sachs's November 24, 2009 through February 8, 2010 Productions

Interastibmandl, et. al. v. Morgan Stanley Co., et. al.

| Beginning Bates | End Bates | Redacted Pages Start | Redacted Pages End | Date | Document Type | Author | Recipients | Copyees | Other Participants in E-mail Chain | Subject Matter | Privilege |
|---|---|---|---|---|---|---|---|---|---|---|---|
| GSE_T_00951884 | GSE_T_00951885 | GSE_T_00951885 | GSE_T_00951885 | 7/14/2006 | E-mail with attachment (draft worksheet) | Startseva, Elena | Ahearn, Kevin; Buffolino, Mattia; Cinofe, Efren; Fedora, Giovanni; Gaver, Brian; Gaetz, Lisa; Grant, Scott; Hadzmeyer, Steve; Jakanho, Lela; Kelly, Keti; Kerlin, Dennis; Khan, Arif; Kinzer, Debonsk; Maher, Bill; Maiello, James; Milliones, Mark; O'Malley, Steven; Page, Michael; Sigismund, Peter; Startseva, Elena; Wade, Richard | | | Information collected for/provided to counsel (GS Legal Department*) to facilitate legal advice concerning regulatory requests. | Attorney-Client |
| GSE_T_00951886 | GSE_T_00951887 | GSE_T_00951887 | GSE_T_00951887 | 7/20/2006 | E-mail with attachment (draft worksheet) | Startseva, Elena | Ahearn, Kevin; Buffolino, Mattia; Cinofe, Efren; Fedora, Giovanni; Gaver, Brian; Gaetz, Lisa; Grant, Scott; Hadzmeyer, Steve; Jakanho, Lela; Kelly, Keti; Kerlin, Dennis; Khan, Arif; Kinzer, Debonsk; Maher, Bill; Maiello, James; Milliones, Mark; O'Malley, Steven; Page, Michael; Sigismund, Peter; Startseva, Elena; Wade, Richard; Gover, Brian | | | Information collected for/provided to counsel (GS Legal Department*) to facilitate legal advice concerning regulatory requests. | Attorney-Client |
| GSE_T_00951888 | GSE_T_00951889 | GSE_T_00951889 | GSE_T_00951889 | 8/14/2006 | E-mail with attachment (draft worksheet) | Startseva, Elena | Buffolino, Mattia; Cinofe, Efren; Fedora, Giovanni; Gaver, Brian; Gaetz, Lisa; Grant, Scott; Hadzmeyer, Steve; Jakanho, Lela; Kelly, Keti; Kerlin, Dennis; Khan, Arif; Kinzer, Debonsk; Maher, Bill; Maiello, James; Milliones, Mark; O'Malley, Steven; Page, Michael; Sigismund, Peter; Startseva, Elena; Wade, Richard | | | Information collected for/provided to counsel (GS Legal Department*) to facilitate legal advice concerning regulatory requests. | Attorney-Client |
| GSE_T_00951890 | GSE_T_00951891 | GSE_T_00951891 | GSE_T_00951891 | 4/4/2008 | E-mail with attachment (draft worksheet) | Buffolino, Mattia | Breckenridge, Jonathan* | Wade, Richard* | | Information collected for/provided to counsel to facilitate legal advice concerning regulatory surveillance. | Attorney-Client |
| GSE_T_00951892 | GSE_T_00951893 | GSE_T_00951893 | GSE_T_00951893 | 7/15/2008 | E-mail with attachment (draft worksheet) | Fedora, Giovanni | Wade, Richard; Maiello, James; Milliones, Mark; Kerlin, Dennis; Jenkins, Patrick; Czajak, Kyler; Miller, David; Ruiz, Marc; Andreou, Elton; Breckenridge, Jonathan* | Garceau, Bryan; Buffolino, Mattia; Maletsky, Kevin | | Information collected for/provided to counsel to facilitate legal advice concerning regulatory surveillance. | Attorney-Client |

Unless noted otherwise, the listed individuals are employees of Goldman Sachs.
*Denotes in-house counsel
**Denotes outside counsel

CONFIDENTIAL TREATMENT REQUESTED BY GOLDMAN SACHS

LOG OF DOCUMENTS PRODUCED IN REDACTED FORM[1]

Goldman Sachs's November 24, 2009 through February 8, 2010 Productions

*Tveir International, et. al. v. Morgan Stanley Co., et. al.*

| Beginning Bates | End Bates | Redacted Pages Start | Redacted Pages End | Date | Document Type | Author | Recipients | Copyees | Other Participants in E-mail Chain | Subject Matter | Privilege |
|---|---|---|---|---|---|---|---|---|---|---|---|
| GSBE_T 00051894 | GSBE_T 00051895 | GSBE_T 00051895 | GSBE_T 00051895 | 6/19/2008 | E-mail with attachment (draft worksheet) | Fedora, Giovanni | Roth, John; Buffolino, Matilar; Andrews, Elliot; Midalia, James; Qionsu, Byran; Miller, David; Jenkins, Patricia; Kettin, Dennis; Melody, Kevin; Wade, Richard; Breckenridge, Jonathan*; Williams, Maric; Czapiel, Kyle | Greaua, Byran; Buffolino, Matilar; Malcolm, Kevin | | Information collected for/provided to counsel to facilitate legal advice concerning regulatory surveillance. | Attorney-Client |
| GSBE_T 00051896 | GSBE_T 00051897 | GSBE_T 00051897 | GSBE_T 00051897 | 8/20/2008 | E-mail with attachment (draft worksheet) | Greaua, Byran | Buffolino, Matilar; Frank, David | | Wade, Richard; Midalia, James; Kettin, Dennis; Jenkins, Patricia; Czapiel, Kyle; Miller, David; Roth, John; Andrews, Elliot; Breckenridge, Jonathan* Melody; Kevin | Requesting advice of counsel concerning regulatory request. | Attorney-Client |
| GSBE_T 00052563 | GSBE_T 00052569 | GSBE_T 00052569 | GSBE_T 00052564 | 6/8/2006 | E-mail string | Niedenfuhr, Anthony | Bamie, Stephen | | Sehaia, Christina* O'Malley, Steven; Breckenridge, Jonathan*; DeLuca, Dane; Wade, Richard; Kedin, Dennis; Akram, Keric; Kranenburg, Dirk; Topman, Margo* | Requesting advice of counsel concerning regulatory request. | Attorney-Client |
| GSBE_T 00052565 | GSBE_T 00052567 | GSBE_T 00052567 | GSBE_T 00052567 | 6/9/2006 | E-mail string | Gordon, Mindy | Bamie, Stephen | | Woadnick, Jen; Topman, Margo* | Requesting advice of counsel concerning regulatory request. | Attorney-Client |
| GSBE_T 00052572 | GSBE_T 00052373 | GSBE_T 00052372 | GSBE_T 00052373 | 7/7/2006 | E-mail string | Gordon, Mindy | Bamie, Stephen; DeMonte, Mathew | | Schaia, Christina* O'Malley, Steven; Breckenridge, Jonathan* DeLuca, Dane; Wade, Richard; Kedin, Dennis; Akram, Keric; Kranenburg, Dirk; Niedenhoffer, Anthony; Topman, Margo* | Requesting advice of counsel concerning regulatory request. | Attorney-Client |
| GSBE_T 00055103.0, 00055160.0 01 | GSBE_T 00055160.0 01 | GSBE_T 00055160.0 00055168.0 01 | GSBE_T 00055168.0 01 | 9/22/2004 | E-mail string | Liechtenstein, Stefanie | Lee, Jody*; Hazel, Edvard; Carroll, Sean; Duggan, Brian; Malolin, James; Benedid, Jessica* | Lin, Benaie*; Wolf, Steve; Ahram; Kesler, Principaua, Anthony; Sismez, Kelay; Reldy, Dennis; Gonzalez, Welter; Carroll, Paul; Mendelson, Jack | Kirby, Lorrine; Lougheson, John; Donough, Charles; Mann, Stephen; Carrazo, Anthony; Ferranino, Cloyt; Walsh, Patrick | Requesting advice of counsel concerning compliance procedures in foreign jurisdictions. | Attorney-Client |
| GSBE_T 00055190 | GSBE_T 00055194 | GSBE_T 00055190 | GSBE_T 00055190 | 7/20/2005 | E-mail string with multiple attachments (meeting notes) | Cardov, Maria | Gordon, Mindy; DeLuca, Dane; Niedenhoffer, Anthony; Gambla, Sheetal; Moy, Jimmy; Durley, Nick; Zelazhinny, Kamiluaj; Chang, Boo-Yu; Kalh, Stefane; Jayahama, Ramkumar; Gooding, Margaritia | | Bhatia, Unesh | Requesting advice of counsel (GS Legal Department*) concerning taxes. | Attorney-Client |

Unless noted otherwise, the listed individuals are employees of Goldman Sachs.
*Denotes in-house counsel
**Denotes outside counsel

CONFIDENTIAL TREATMENT REQUESTED BY GOLDMAN SACHS

LOG OF DOCUMENTS PRODUCED IN REDACTED FORM[1]

Goldman Sachs's November 24, 2009 through February 8, 2010 Productions

*Texas International, et. al. v. Moore Brokers Co., et. al.*

| Beginning Bates | End Bates | Redacted Pages Start | Redacted Pages End | Date | Document Type | Author | Recipients | Copyees | Other Participants in E-mail Chain | Subject Matter | Privilege |
|---|---|---|---|---|---|---|---|---|---|---|---|
| GSE_T 00956006 | GSE_T 00956007 | GSE_T 00956007 | GSE_T 00956007 | 6/9/2005 | E-mail with attachment (draft worksheet) | Avila, Sharon R. | Abram, Kevin; Wade, Richard; Bradley, Oomgle; Maathack, Jody; Anwatter, Peter; Medvena, Jeffrey; Lynn, Lisa; Banford, Doris; Broom, Michelle; True, Marc; McHugh, Steve; Wong, Percy**; Seritson, Taylor; Rector, Felicia | Reilly, James; Kiate, John; Jack, Kathleen; Columbia, Court | | | Information collected for/provided to counsel (GS Legal Department*) to facilitate legal advice concerning regulatory requests. | Attorney-Client |
| GSE_T 00956009 | GSE_T 00956010 | GSE_T 00956010 | GSE_T 00956010 | 1/27/2006 | E-mail along with attachment (draft worksheet) | Harding, Devon | Jack, Kathleen; Anwatter, Peter; Medvena, Jeffrey; Lynn, Lisa; Cohen, Thomas | Columbia, Court | Curtis, Carol; Bradley, Oomgle; McHugh, Stan | Information collected for/provided to counsel (GS Legal Department*) to facilitate legal advice concerning regulatory requests. | Attorney-Client |
| GSE_T 00956011 | GSE_T 00956012 | GSE_T 00956012 | GSE_T 00956012 | 2/3/2006 | E-mail with attachment (draft worksheet) | Harding, Devon | Jack, Kathleen; Columbia, Court; Anwatter, Peter; Lynn, Lisa; Cohen, Thomas; Medvena, Jeffrey | | | | Information collected for/provided to counsel (GS Legal Department*) to facilitate legal advice concerning regulatory requests. | Attorney-Client |
| GSE_T 00956013 | GSE_T 00956014 | GSE_T 00956014 | GSE_T 00956014 | 2/6/2006 | E-mail with attachment (draft worksheet) | Harding, Devon | Columbia, Court; Jack, Kathleen; Anwatter, Peter; Lynn, Lisa; Medvena, Jeffrey; Cohen, Thomas | | | | Information collected for/provided to counsel (GS Legal Department*) to facilitate legal advice concerning regulatory requests. | Attorney-Client |
| GSE_T 00956015 | GSE_T 00956016 | GSE_T 00956016 | GSE_T 00956016 | 2/24/2006 | E-mail with attachment (draft worksheet) | Harding, Devon | Columbia, Court; Jack, Kathleen; Medvena, Jeffrey; Lynn, Lisa; Cohen, Thomas; Anwatter, Peter | | | | Information collected for/provided to counsel (GS Legal Department*) to facilitate legal advice concerning regulatory requests. | Attorney-Client |
| GSE_T 00956017 | GSE_T 00956018 | GSE_T 00956018 | GSE_T 00956018 | 3/13/2006 | E-mail with attachment (draft worksheet) | Jack, Kathleen | Lynn, Lisa; Anwatter, Peter; Cohen, Thomas; Medvena, Jeffrey; Wade, Richard; Abram, Kevin | | Harding, Devon; Columbia, Court; Matthew, Tom; Eih, Steve; McHugh, Stan; Bradley, Oomgle; Curtis, Carol | | Information collected for/provided to counsel (GS Legal Department*) to facilitate legal advice concerning regulatory requests. | Attorney-Client |
| GSE_T 00956019 | GSE_T 00956020 | GSE_T 00956020 | GSE_T 00956020 | 3/15/2006 | E-mail with attachment (draft worksheet) | Matthew, Jeffrey | Harding, Devon | | | | Information collected for/provided to counsel (GS Legal Department*) to facilitate legal advice concerning regulatory requests. | Attorney-Client |
| GSE_T 00956021 | GSE_T 00956022 | GSE_T 00956022 | GSE_T 00956022 | 3/27/2006 | E-mail with attachment (draft worksheet) | Harding, Devon | Jack, Kathleen; Anwatter, Peter; Lynn, Lisa; Medvena, Jeffrey; Abram, Kevin; Wade, Richard | | | | Information collected for/provided to counsel (GS Legal Department*) to facilitate legal advice concerning regulatory requests. | Attorney-Client |
| GSE_T 00956023 | GSE_T 00956024 | GSE_T 00956024 | GSE_T 00956024 | 3/31/2006 | E-mail with attachment (draft worksheet) | Harding, Devon | Lynn, Lisa; Medvena, Jeffrey; Anwatter, Peter; Abram, Kevin; Wade, Richard | Jack, Kathleen; Columbia, Court | | | Information collected for/provided to counsel (GS Legal Department*) to facilitate legal advice concerning regulatory requests. | Attorney-Client |

Unless noted otherwise, the listed individuals are employees of Goldman Sachs.
*Denotes in-house counsel
**Denotes outside counsel

CONFIDENTIAL TREATMENT REQUESTED BY GOLDMAN SACHS

LOG OF DOCUMENTS PRODUCED IN REDACTED FORM*

Goldman Sachs November 24, 2009 through February 9, 2010 Productions

*State International, et al. v. Morgan Stanley Co., et al.*

| Beginning Bates | End Bates | Redacted Pages Start | Redacted Pages End | Date | Document Type | Author | Recipients | Cypress | Other Participants in E-mail Chain | Subject Matter | Privilege |
|---|---|---|---|---|---|---|---|---|---|---|---|
| GSE_T 00956025 | GSE_T 00956026 | GSE_T 00956025 | GSE_T 00956026 | 4/17/2006 | E-mail with attachment (draft worksheet) | Harding, Devora | Lynn, Lisa; Mathews, Jeffrey; Auswater, Peter; Ahaum, Kevin; Wade, Richard | Jack, Kathleen; Golumbic, Court | | Information collected for/provided to counsel (GS Legal Department*) to facilitate legal advice concerning regulatory requests. | Attorney-Client |
| GSE_T 00956027 | GSE_T 00956028 | GSE_T 00956028 | GSE_T 00956028 | 4/27/2006 | E-mail with attachment (draft worksheet) | Harding, Devora | Kazzi, Faizz; Lynn, Lisa; Ahaum, Kevin; Auswater, Peter; Mathews, Jeffrey; Wade, Richard | Golumbic, Court; Jack, Kathleen | | Information collected for/provided to counsel (GS Legal Department*) to facilitate legal advice concerning regulatory requests. | Attorney-Client |
| GSE_T 00956029 | GSE_T 00956030 | GSE_T 00956030 | GSE_T 00956030 | 5/1/2006 | E-mail with attachment (draft worksheet) | Mathews, Jeffrey | Harding, Devora | Jack, Kathleen | | Information collected for/provided to counsel (GS Legal Department*) to facilitate legal advice concerning regulatory requests. | Attorney-Client |
| GSE_T 00956031 | GSE_T 00956032 | GSE_T 00956032 | GSE_T 00956032 | 5/11/2006 | E-mail with attachment (draft worksheet) | Harding, Devora | Lynn, Lisa; Kazzi, Faizz; Ahaum, Kevin; Auswater, Peter; Mathews, Jeffrey; Wade, Richard | Golumbic, Court; Jack, Kathleen | | Information collected for/provided to counsel (GS Legal Department*) to facilitate legal advice concerning regulatory requests. | Attorney-Client |
| GSE_T 00956033 | GSE_T 00956034 | GSE_T 00956034 | GSE_T 00956034 | 5/15/2006 | E-mail with attachment (draft worksheet) | Mathews, Jeffrey | Harding, Devora | Jack, Kathleen | | Information collected for/provided to counsel (GS Legal Department*) to facilitate legal advice concerning regulatory requests. | Attorney-Client |
| GSE_T 00956035 | GSE_T 00956036 | GSE_T 00956036 | GSE_T 00956036 | 5/19/2006 | E-mail with attachment (draft worksheet) | Boeraiy, Beverly | Edwards, Denver; Wong, Stephen; Griffith, Donald*; Mathews, Jeffrey | Ben-Cassan, Marc; Bruns, Joseph; Inhaiy, Anthony; Kong, Patrick; Punnoose, Sunisha; Yap, Robert | | Information collected for/provided to counsel to facilitate legal advice concerning regulatory requests. | Attorney-Client |
| GSE_T 00956037 | GSE_T 00956038 | GSE_T 00956038 | GSE_T 00956038 | 5/19/2006 | E-mail with attachment (draft worksheet) | Harding, Devora | Ahaum, Kevin; Auswater, Peter; Kazzi, Faizz; Lynn, Lisa; Mathews, Jeffrey; Wade, Richard | Golumbic, Court; Jack, Kathleen | | Information collected for/provided to counsel (GS Legal Department*) to facilitate legal advice concerning regulatory requests. | Attorney-Client |
| GSE_T 00956039 | GSE_T 00956040 | GSE_T 00956040 | GSE_T 00956040 | 6/1/2006 | E-mail with attachment (draft worksheet) | Mathews, Jeffrey | Harding, Devora | Jack, Kathleen | | Information collected for/provided to counsel (GS Legal Department*) to facilitate legal advice concerning regulatory requests. | Attorney-Client |
| GSE_T 00956041 | GSE_T 00956042 | GSE_T 00956042 | GSE_T 00956042 | 6/2/2006 | E-mail with attachment (draft worksheet) | Boeraiy, Beverly | Edwards, Denver; Griffith, Donald*; Wong, Stephen; Mathews, Jeffrey | | | Information collected for/provided to counsel to facilitate legal advice concerning regulatory requests. | Attorney-Client |
| GSE_T 00956043 | GSE_T 00956044 | GSE_T 00956044 | GSE_T 00956044 | 6/9/2006 | E-mail with attachment (draft worksheet) | Boeraiy, Beverly | Griffith, Donald*; Mathews, Jeffrey; Edwards, Denver; Wong, Stephen; Seeley, Kong, Patrick; Yap, Robert; Inhaiy, Anthony | Bruns, Joseph; Ben-Cassan, Marc; Kong, Patrick; Yap, Robert; Inhaiy, Anthony | | Information collected for/provided to counsel to facilitate legal advice concerning regulatory requests. | Attorney-Client |

Unless noted otherwise, the listed individuals are employees of Goldman Sachs.
*Denotes in-house counsel
**Denotes outside counsel

CONFIDENTIAL TREATMENT REQUESTED BY GOLDMAN SACHS

LOG OF DOCUMENTS PRODUCED IN REDACTED FORM[1]

Goldman Sachs's November 24, 2009 through February 8, 2010 Productions

*Intec International, et al. v. Morgan Stanley Co., et. al.*

| Beginning Bates | End Bates | Redacted Pages Start | Redacted Pages End | Date | Document Type | Author | Recipients | Copyees | Other Participants in E-mail Chain | Subject Matter | Privilege |
|---|---|---|---|---|---|---|---|---|---|---|---|
| GSBL_T 00956045 | GSBL_T 00956046 | GSBL_T 00956045 | GSBL_T 00956046 | 6/12/2006 | E-mail with attachment (draft worksheet) | Harding, Devon | Ahearn, Kevin; Auwarter, Peter; Lynn, Liza; Kamii, Faiza; Mathews, Jeffrey; Wade, Richard | Golumbic, Court; Jack, Kathleen | | Information collected for/provided to counsel (GS Legal Department*) to facilitate legal advice concerning regulatory requests. | Attorney-Client |
| GSBL_T 00956047 | GSBL_T 00956048 | GSBL_T 00956047 | GSBL_T 00956048 | 6/13/2006 | E-mail with attachment (draft worksheet) | Mathews, Jeffrey | Harding, Devon | Jack, Kathleen; Golumbic, Court. | | Information collected for/provided to counsel (GS Legal Department*) to facilitate legal advice concerning regulatory requests. | Attorney-Client |
| GSBL_T 00956049 | GSBL_T 00956050 | GSBL_T 00956049 | GSBL_T 00956050 | 6/28/2006 | E-mail with attachment (draft worksheet) | Harding, Devon | Engelhardt, Laura; Lynn, Liza; Kamii, Faiza; Auwarter, Peter; Mathews, Jeffrey; Ahearn, Kevin; Wade, Richard | Golumbic, Court; Jack, Kathleen | | Information collected for/provided to counsel (GS Legal Department*) to facilitate legal advice concerning regulatory requests. | Attorney-Client |
| GSBL_T 00956051 | GSBL_T 00956052 | GSBL_T 00956051 | GSBL_T 00956052 | 6/28/2006 | E-mail with attachment (draft worksheet) | Mathews, Jeffrey | Harding, Devon | Jack, Kathleen; Golumbic, Court. | | Information collected for/provided to counsel (GS Legal Department*) to facilitate legal advice concerning regulatory requests. | Attorney-Client |
| GSBL_T 00956053 | GSBL_T 00956054 | GSBL_T 00956053 | GSBL_T 00956054 | 7/17/2006 | E-mail with attachment (draft worksheet) | Harding, Devon | Mathews, Jeffrey; Kamii, Faiza; Engelhardt, Laura; Wade, Richard; Ahearn, Kevin; Auwarter, Peter | Golumbic, Court; Jack, Kathleen | | Information collected for/provided to counsel (GS Legal Department*) to facilitate legal advice concerning regulatory requests. | Attorney-Client |
| GSBL_T 00956055 | GSBL_T 00956056 | GSBL_T 00956055 | GSBL_T 00956056 | 7/17/2006 | E-mail with attachment (draft worksheet) | Mathews, Jeffrey | Harding, Devon | Jack, Kathleen | | Information collected for/provided to counsel (GS Legal Department*) to facilitate legal advice concerning regulatory requests. | Attorney-Client |
| GSBL_T 00956057 | GSBL_T 00956058 | GSBL_T 00956057 | GSBL_T 00956058 | 7/25/2006 | E-mail with attachment (draft worksheet) | Harding, Devon | Kamii, Faiza; Engelhardt, Laura; Mathews, Jeffrey; Auwarter, Peter; Wade, Richard; Ahearn, Kevin | Golumbic, Court; Jack, Kathleen | | Information collected for/provided to counsel (GS Legal Department*) to facilitate legal advice concerning regulatory requests. | Attorney-Client |
| GSBL_T 00956061 | GSBL_T 00956062 | GSBL_T 00956061 | GSBL_T 00956062 | 9/5/2006 | E-mail with attachment (draft worksheet) | Harding, Devon | Mathews, Jeffrey | | | Information collected for/provided to counsel (GS Legal Department*) to facilitate legal advice concerning regulatory requests. | Attorney-Client |
| GSBL_T 00956063 | GSBL_T 00956064 | GSBL_T 00956063 | GSBL_T 00956064 | 9/5/2006 | E-mail string with attachment (draft worksheet) | Mathews, Jeffrey | Harding, Devon | | | Information collected for/provided to counsel (GS Legal Department*) to facilitate legal advice concerning regulatory requests. | Attorney-Client |

Unless noted otherwise, the listed individuals are employees of Goldman Sachs.

*persons in-house counsel
**persons outside counsel

ii

CONFIDENTIAL TREATMENT REQUESTED BY GOLDMAN SACHS

LOG OF DOCUMENTS PRODUCED IN REDACTED FORM[1]

Goldman Sachs's November 24, 2009 through February 8, 2010 Productions

TheStreet.com, et al. v. Morgan Stanley & Co., et al.

| Beginning Bates | End Bates | Redacted Pages Start | Redacted Pages End | Date | Document Type | Author | Recipients | Copyees | Other Participants in E-mail Chain | Subject Matter | Privilege |
|---|---|---|---|---|---|---|---|---|---|---|---|
| GSE_T 00956065 | GSE_T 00956066 | GSE_T 00956066 | GSE_T 00956066 | 9/28/2006 | E-mail with attachment (draft worksheet) | Harding, Devora | Engelbach, Laura; Kazmi, Faiza; Mordini, Elise; Awvater, Peter; Medawar, Jeffrey; Wade, Richard | | | Information collected for/provided to counsel (GS Legal Department) to facilitate legal advice concerning regulatory requests. | Attorney-Client |
| GSE_T 00956067 | GSE_T 00956068 | GSE_T 00956068 | GSE_T 00956068 | 9/28/2006 | E-mail string with attachment (draft worksheet) | Medawar, Jeffrey | Harding, Devora | Jack, Kathleen | Engelbach, Laura; Kazmi, Faiza; Mordini, Elise; Awvater, Peter; Wade, Richard | Information collected for/provided to counsel (GS Legal Department) to facilitate legal advice concerning regulatory requests. | Attorney-Client |
| GSE_T 00956069 | GSE_T 00956070 | GSE_T 00956070 | GSE_T 00956070 | 10/16/2006 | E-mail with attachment (draft worksheet) | Harding, Devora | Engelbach, Laura; Kazmi, Faiza; Mordini, Elise; Awvater, Peter; Medawar, Jeffrey; Wade, Richard | | | Information collected for/provided to counsel (GS Legal Department) to facilitate legal advice concerning regulatory requests. | Attorney-Client |
| GSE_T 00956071 | GSE_T 00956072 | GSE_T 00956072 | GSE_T 00956072 | 10/16/2006 | E-mail string with attachment (draft worksheet) | Medawar, Jeffrey | Harding, Devora | | Engelbach, Laura; Kazmi, Faiza; Mordini, Elise; Awvater, Peter; Wade, Richard | Information collected for/provided to counsel (GS Legal Department) to facilitate legal advice concerning regulatory requests. | Attorney-Client |
| GSE_T 00956073 | GSE_T 00956074 | GSE_T 00956074 | GSE_T 00956074 | 10/31/2006 | E-mail string with attachment (draft worksheet) | Harding, Devora | Engelbach, Laura; Kazmi, Faiza; Mordini, Elise; Awvater, Peter; Medawar, Jeffrey; Wade, Richard | Jack, Kathleen; Columbia, Court | | Information collected for/provided to counsel (GS Legal Department) to facilitate legal advice concerning regulatory requests. | Attorney-Client |
| GSE_T 00956075 | GSE_T 00956076 | GSE_T 00956076 | GSE_T 00956076 | 10/31/2006 | E-mail with attachment (draft worksheet) | Medawar, Jeffrey | Harding, Devora | Jack, Kathleen | | Information collected for/provided to counsel (GS Legal Department) to facilitate legal advice concerning regulatory requests. | Attorney-Client |
| GSE_T 00956077 | GSE_T 00956078 | GSE_T 00956078 | GSE_T 00956078 | 11/30/2006 | E-mail with attachment (draft worksheet) | Harding, Devora | Engelbach, Laura; Kazmi, Faiza; Mordini, Elise; Awvater, Peter; Medawar, Jeffrey; Wade, Richard | Jack, Kathleen; Columbia, Court | | Information collected for/provided to counsel (GS Legal Department) to facilitate legal advice concerning regulatory requests. | Attorney-Client |
| GSE_T 00956079 | GSE_T 00956080 | GSE_T 00956080 | GSE_T 00956080 | 12/1/2006 | E-mail string with attachment (draft worksheet) | Medawar, Jeffrey | Harding, Devora | | | Information collected for/provided to counsel (GS Legal Department) to facilitate legal advice concerning regulatory requests. | Attorney-Client |
| GSE_T 00956081 | GSE_T 00956082 | GSE_T 00956082 | GSE_T 00956082 | 12/11/2006 | E-mail with attachment (draft worksheet) | Harding, Devora | Engelbach, Laura; Kazmi, Faiza; Mordini, Elise; Awvater, Peter; Medawar, Jeffrey; Wade, Richard | Columbia, Court; Jack, Kathleen | | Information collected for/provided to counsel (GS Legal Department) to facilitate legal advice concerning regulatory requests. | Attorney-Client |

ii

[1] Unless noted otherwise, the listed individuals are employees of Goldman Sachs.
*Denotes in-house counsel
**Denotes outside counsel

CONFIDENTIAL TREATMENT REQUESTED BY GOLDMAN SACHS

LOG OF DOCUMENTS PRODUCED IN REDACTED FORM[4]

Goldman Sachs November 24, 2009 through February 8, 2010 Productions

*Bayer International, et al. v. Morgan Stanley Co., et al.*

| Beginning Bates | End Bates | Redacted Pages Start | Redacted Pages End | Date | Document Type | Author | Recipients | Copyees | Other Participants in E-mail Chain | Subject Matter | Privilege |
|---|---|---|---|---|---|---|---|---|---|---|---|
| GSE_T 00056083 | GSE_T 00056084 | GSE_T 00056084 | GSE_T 00056084 | 12/14/2006 | E-mail string with attachment (draft worksheet) | Mathews, Jeffrey | Harding, Devera | | Engelhardt, Laura; Kzami, Faisz; Mordini, Elite; Awxaster, Peter; Wade, Richard; Golanshin, Court; Jack; Kathleen | Information collected for/provided to counsel (GS Legal Department") to facilitate legal advice concerning regulatory requests. | Attorney-Client |
| GSE_T 00056085 | GSE_T 00056086 | GSE_T 00056086 | GSE_T 00056086 | 1/22/2007 | E-mail string with attachment (draft worksheet) | Mathews, Jeffrey | Harding, Devera | | Engelhardt, Laura; Kzami, Faisz; Mordini, Elite; Awxaster, Peter; Wade, Richard; Golanshin, Court; Jack; Kathleen | Information collected for/provided to counsel (GS Legal Department") to facilitate legal advice concerning regulatory requests. | Attorney-Client |
| GSE_T 00056087.0 1 | GSE_T 00056088.0 1 | GSE_T 00056088.0 1 | GSE_T 00056088.0 01 | 1/09/2007 | E-mail with attachment (draft worksheet) | Harding, Devera | Engelhardt, Laura; Kzami, Faisz; Mordini, Elite; Awxaster, Peter; Mathews, Jeffrey; Wade, Richard | Iatsubo, Lola | | Information collected for/provided to counsel (GS Legal Department") to facilitate legal advice concerning regulatory requests. | Attorney-Client |
| GSE_T 00060922 | GSE_T 00060923 | GSE_T 00060922 | GSE_T 00060923 | 1/13/2005 | E-mail | Principato, Angelo | Sigismondo, Peter; Fedora, Giovanni | | | Reflects information request to counsel (GS Legal Department") to facilitate legal advice concerning regulatory procedures. | Attorney-Client |
| GSE_T 00060741 | GSE_T 00060743 | GSE_T 00060741 | GSE_T 00060741 | 2/9/2006 | E-mail | Schulz, Christina* | Stckler, Beth (Wil)** | Fedora, Giovanni | Awxaster, Peter; Hob, Kevic; goel-cliu-compliance | Information provided to counsel to facilitate legal advice concerning regulatory request. | Attorney-Client |
| GSE_T 00062979 | GSE_T 00062984 | GSE_T 00062979 | GSE_T 00062982 | 5/25/2004 | E-mail with attachment (committee minutes) | Kellogg, James | Conley, William; Masterson, John; Bambar, Indraja | | | Information collected for/provided to counsel to facilitate legal advice concerning customer requests. | Attorney-Client |
| GSE_T 00063349 | GSE_T 00063395 | GSE_T 00063389 | GSE_T 00063389 | 10/26/2005 | E-mail | Kellogg, James | Masterson, John; Conley, William | | | Reflects advice of counsel (Breckenridge, Joe") concerning regulatory procedures. | Attorney-Client |
| GSE_T 00063433 | GSE_T 00063434 | GSE_T 00063433 | GSE_T 00063434 | 6/22/2006 | E-mail with attachment (draft report) | Foley, Travis | Santino, David; Kellogg, James | Chidambr, Prasad | | Information requested by counsel (Breckenridge, Jonathan") concerning locates. | Attorney-Client |
| GSE_T 01104197 | GSE_T 01104202 | GSE_T 01104197 | GSE_T 01104202 | 7/22/2003 | E-mail string | Pieretti, Bruce | Boon, Rafara | | Conley, William; Quatramaine, Michele; Masterson, John; Appleby, Miller; Shegrin, Alec; Loago, Fredericks; Ushbtic, John; Ferrara, Louis; Kleum, Mark; Milla, Robert; Blumberg, Robyn; Bambar, Stephen; McDermott, Steue; Chan, William; Lun, Wing Yee | Reflects advice of counsel (Gsheil, Rick") concerning regulatory procedures. | Attorney-Client |
| GSE_T 01104437 | GSE_T 01104515 | GSE_T 01104515 | GSE_T 01104515 | 12/23/2004 | Attachment (e-mail string) | Ruth, John | Boon, Rafara; Conti, James | | | Information collected for/provided to counsel (GS Legal Department") concerning regulatory procedures. | Attorney-Client |

Unless noted otherwise, the listed individuals are employees of Goldman Sachs.

*Denotes in-house counsel

**Denotes outside counsel

10

CONFIDENTIAL TREATMENT REQUESTED BY GOLDMAN SACHS

**LOG OF DOCUMENTS PRODUCED IN REDACTED FORM[1]**

Goldman Sachs November 24, 2009 through February 9, 2010 Productions

*State International, et al. v. Morgan Stanley Co., et al.*

| Beginning Bates | End Bates | Redacted Pages Start | Redacted Pages End | Date | Document Type | Author | Recipients | Copyees | Other Participants in E-mail Chain | Subject Matter | Privilege |
|---|---|---|---|---|---|---|---|---|---|---|---|
| GSE_T 0034437 | GSE_T 0034515 | GSE_T 0034437 | GSE_T 0034437 | 12/13/2004 | E-mail string | Ruby, John | Beus, Balazs; Conti, James | | | Reflects request for advice of counsel (Breckenridge, Jonathan*) concerning Regulation SHO. | Attorney-Client |
| GSE_T 0039166 | GSE_T 0039168 | GSE_T 0039168 | GSE_T 0039168 | 1/10/2005 | E-mail string with attachment (draft worksheet) | Dong, Steve | Jask, Kathleen | Lee, Jennifer | Hademanyan, Steve; Fela, Han; Copla, Aki; Q4-Compliance ESQ-NY | Information collected for/provided to counsel (GS Legal Department*) to facilitate legal advice concerning compliance testing. | Attorney-Client |
| GSE_T 0039164 | GSE_T 0039701 | GSE_T 0039694 | GSE_T 0039701 | 8/19/2005 | E-mail string with attachment (e-mail) | O'Malley, Steven | Chiara, Michael; Jabally, Anthony; Nguyen, Frederic; Lang, Jeff; Fleihge, Ken; Marquez, Erica | Kerlin, Dennis | Bertoldi, Jessica*; Kelly, Keri | Information collected for/provided to counsel to facilitate legal advice concerning regulatory request. | Attorney-Client |
| GSE_T 0039694 | GSE_T 0039701 | GSE_T 0057696 | GSE_T 0057701 | 7/18/2005 | (draft response to NASD) | O'Malley, Steven | Trabert, Christopher | | Chiara, Michael; Jabally, Anthony; Nguyen, Frederic; Lang, Jeff; Fleihge, Ken; Marquez, Erica; Kerlin, Dennis; Bertoldi, Jessica*; Kelly, Keri | Advice of counsel concerning regulatory request. | Attorney-Client |
| GSE_T 0057694 | GSE_T 0057701 | GSE_T 0057702 | GSE_T 0057705 | 8/19/2005 | E-mail string with attachment | Nguyen, Frederic | O'Malley, Steven; Chiara, Michael; Jabally, Anthony; Lang, Jeff; Fleihge, Ken; Marquez, Erica | Kerlin, Dennis | Bertoldi, Jessica*; Kelly, Keri | Information collected for/provided to counsel to facilitate legal advice concerning regulatory request. | Attorney-Client |
| GSE_T 0057702 | GSE_T 0057705 | GSE_T 0057706 | GSE_T 0057713 | 8/22/2005 | E-mail string | O'Malley, Steven | Nguyen, Frederic; Chiara, Michael; Jabally, Anthony; Lang, Jeff; Fleihge, Ken; Marquez, Erica | Kerlin, Dennis | Bertoldi, Jessica*; Kelly, Keri | Information collected for/provided to counsel to facilitate legal advice concerning regulatory request. | Attorney-Client |
| GSE_T 0057706 | GSE_T 0057713 | GSE_T 0057714 | GSE_T 0057713 | 5/16/2005 | E-mail string with attachment (draft response to NASD) | O'Malley, Steven | Dettrick, Barbara | | Nguyen, Frederic; Chiara, Michael; Jabally, Anthony; Lang, Jeff; Fleihge, Ken; Marquez, Erica; Kerlin, Dennis; Bertoldi, Jessica*; Kelly, Keri | Advice of counsel concerning regulatory request. | Attorney-Client |
| GSE_T 0057714 | GSE_T 0057715 | GSE_T 0057714 | GSE_T 0057715 | 8/22/2005 | E-mail string | Chiara, Michael | Nguyen, Frederic | | O'Malley, Steven; Jabally, Anthony; Lang, Jeff; Fleihge, Ken; Marquez, Erica; Chiara, Michael; Bertoldi, Jessica*; Kerlin, Dennis; Kelly, Keri | Information collected for/provided to counsel concerning regulatory request. | Attorney-Client |
| GSE_T 0057716 | GSE_T 0057717 | GSE_T 0057716 | GSE_T 0057717 | 9/22/2005 | E-mail string with multiple attachments (e-mail) | Nguyen, Frederic | O'Malley, Steven; Chiara, Michael; Jabally, Anthony; Lang, Jeff; Fleihge, Ken; Marquez, Erica | Lang, Jeff; Wade, Richard; Ahram, Kevin; Chiara, Michael; Cohen, Mitchell | Jabally, Anthony; Fleihge, Ken; Lang, Jeff; Wade, Richard; Ahram, Kevin; Chiara, Michael; Cohen, Mitchell; Jessica*; Kelly, Keri | Information collected for/provided to counsel concerning regulatory request. | Attorney-Client |
| GSE_T 0057718 | GSE_T 0057723 | GSE_T 0057718 | GSE_T 0057723 | 9/16/2005 | (draft response to NASD) | O'Malley, Steven | Dettrick, Barbara | Lang, Jeff; Wade, Richard; Ahram, Kevin; Chiara, Michael; Cohen, Mitchell | Nguyen, Frederic; O'Malley, Steven; Lang, Jeff; Wade, Richard; Ahram, Kevin; Chiara, Michael; Cohen, Mitchell; Jabally, Anthony; Fleihge, Ken; Marquez, Erica; Kerlin, Dennis; Bertoldi, Jessica*; Kelly, Keri | Advice of counsel concerning regulatory request. | Attorney-Client |

Unless noted otherwise, the listed individuals are employees of Goldman Sachs.
*Denotes in-house counsel
**Denotes outside counsel

CONFIDENTIAL TREATMENT REQUESTED BY GOLDMAN SACHS

LOG OF DOCUMENTS PRODUCED IN REDACTED FORM[4]

Goldman Sach's November 24, 2009 through February 4, 2010 Productions

Tiger International, et al. v. Morgan Stanley Co., et al.

| Beginning Bates | End Bates | Redacted Pages Start | Redacted Pages End | Date | Document Type | Author | Recipients | Copyees | Other Participants in E-mail Chain | Subject Matter | Privilege |
|---|---|---|---|---|---|---|---|---|---|---|---|
| GSBL_T 01057716 | GSBL_T 01057723 | GSBL_T 01057721 | GSBL_T 01057723 | 7/20/2005 | (draft response to NASD) | O'Malley, Steven | Dietrick, Barbara | Lang, Jeff; Wade, Richard; Ahsam, Kevin; Ciara, Michael; Colton, Mitchell | Nguyen, Frederic; O'Malley, Steven; Lang, Jeff; Wade, Richard; Ahsam, Kevin; Ciara, Michael; Cohen, Mitchell; Jolaly, Anthony; Fledage, Ken; Marquez, Erica; Kerlin, Dennis; Bartold, Jessica*; Kelly, Keri | Advice of Counsel concerning regulatory request. | Attorney-Client |
| GSBL_T 01057724 | GSBL_T 01057725 | GSBL_T 01057725 | GSBL_T 01057725 | 8/22/2005 | E-mail string | O'Malley, Steven | Nguyen, Frederic | Lang, Jeff; Wade, Richard; Ahsam, Kevin; Ciara, Michael; Cohen, Mitchell | Jolaly, Anthony; Fledage, Ken; Marquez, Erica; Kerlin, Dennis; Bartold, Jessica*; Kelly, Keri | Information collected for/provided to counsel to facilitate legal advice concerning regulatory request. | Attorney-Client |
| GSBL_T 01057726 | GSBL_T 01057731 | GSBL_T 01057727 | GSBL_T 01057728 | 9/9/2005 | E-mail string with attachment (e-mail) | O'Malley, Steven | Nguyen, Frederic | Lang, Jeff; Wade, Richard; Ahsam, Kevin; Ciara, Michael; Cohen, Mitchell | Fledage, Ken; Marquez, Erica; Jolaly, Anthony; Bartold, Jessica*; Kelly, Keri; Cohen, Mitchell; Dennis | Information collected for/provided to counsel to facilitate legal advice concerning regulatory request. | Attorney-Client |
| GSBL_T 01057726 | GSBL_T 01057731 | GSBL_T 01057729 | GSBL_T 01057729 | 7/13/2005 | E-mail string with attachment (e-mail) | Ciara, Michael | O'Malley, Steven; Jolaly, Anthony; Nguyen, Frederic; Lang, Jeff; Fledage, Ken; Marquez, Erica; Breckenridge, Jonathan* | Bartold, Jessica*; Kerlin, Dennis; Kelly, Keri; Cohen, Mitchell | | Information collected for/provided to counsel to facilitate legal advice concerning regulatory request. | Attorney-Client |
| GSBL_T 01057732 | GSBL_T 01057735 | GSBL_T 01057734 | GSBL_T 01057734 | 9/12/2005 | E-mail string with attachment (e-mail) | Ciara, Michael | O'Malley, Steven | Nguyen, Frederic | Lang, Jeff; Wade, Richard; Ahsam, Kevin; Cohen, Mitchell; Kerlin, Dennis; Jolaly, Anthony; Fledage, Ken; Marquez, Erica; Bartold, Jessica*; Kelly, Keri | Information collected for/provided to counsel to facilitate legal advice concerning regulatory request. | Attorney-Client |
| GSBL_T 01126066 | GSBL_T 01126067 | GSBL_T 01126067 | GSBL_T 01126067 | 7/29/2005 | E-mail string with attachment (draft worksheet) | Lyno, Lisa | Aris, Sharon | Jack, Kathleen | Ahsam, Kevin; Wade, Richard; Mobugh, Stan; Wong, Paasy*; Stableaw, Taylor; Aswuter, Peter; Mabaven, Jeffrey; Reeter, Felicia; Bradley, Donagh; Broom, Michelle; True, Max; Banford, Doris; Murobush, Judy; Stariscen, Elena; Kore, John; Columbic, Court | Information collected for/provided to counsel concerning regulatory requests. | Attorney-Client |
| GSBL_T 01126098 | GSBL_T 01126100 | GSBL_T 01126100 | GSBL_T 01126100 | 8/17/2005 | E-mail string with attachment (draft worksheet) | Aris, Sharon | Jack, Kathleen; Columbic, Court | | Ahsam, Kevin; Wade, Richard; Bradley, Donagh; Mobugh, Jody; Aswuter, Peter; Mabaven, Jeffrey; Lyno, Lisa; Banford, Doris; Broom, Michelle; True, Max; Mobugh, Stan; Wong, Paasy*; Stariscen, Taylor; Reeter, Felicia; Kelly, James*; Lyno, John | Information collected for/provided to counsel to facilitate legal advice concerning regulatory requests. | Attorney-Client |
| GSBL_T 01126700,01126700.0 [a] | GSBL_T 01126700,01126700.0 [a] | GSBL_T 01126700,01126700.0 [a] | | 12/9/2005 | E-mail string with attachment (draft worksheet) | Curtis, Carol | Jack, Kathleen; Columbic, Court; Bradley, Donagh; McHugh, Sean | Max, Robert* | | Information collected for/provided to counsel to facilitate legal advice concerning regulatory request. | Attorney-Client |

Unless noted otherwise, the listed individuals are employees of Goldman Sachs.
*Denotes in-house counsel
**Denotes outside counsel

LOG OF DOCUMENTS PRODUCED IN REDACTED FORM[1]

Goldman Sach's November 24, 2009 through February 8, 2010 Productions

Texas International, et al. v. Morgan Stanley Co., et al.

CONFIDENTIAL TREATMENT REQUESTED BY GOLDMAN SACHS

| Baseline Bates | End Bates | Redacted Pages Start | Redacted Pages End | Date | Document Type | Author | Recipients | Copyees | Other Participants in E-mail Chain | Subject Matter | Privilege |
|---|---|---|---|---|---|---|---|---|---|---|---|
| GSE_T_0112703 | GSE_T_0112705 | GSE_T_0112704 | GSE_T_0112704 | 12/13/2005 | E-mail with attachment (draft worksheet) | Lin, Roxanne | Broeckel, Janet*; Golumbic, Court; Greenwald, David*; Heller, Dara; Jack, Kathleen; Kellner, Annette*; Liu, Bonnie*; Maus, Robert*; Reilly, James*; Russo*, David*; Sfekl, Susan; Staula, Randolph* | | | Information collected for/provided to counsel to facilitate legal advice concerning a regulatory request. | Attorney-Client |
| GSE_T_0112705 | GSE_T_0112706 | GSE_T_0112706 | GSE_T_0112706 | 12/13/2005 | E-mail with attachment (draft worksheet) | Lin, Roxanne | Broeckel, Janet*; Golumbic, Court; Greenwald, David*; Heller, Dara; Jack, Kathleen; Kellner, Annette*; Liu, Bonnie*; Maus, Robert*; Reilly, James*; Russo*, David*; Sfekl, Susan; Staula, Randolph* | | | Information collected for/provided to counsel to facilitate legal advice concerning regulatory request. | Attorney-Client |
| GSE_T_0112707.0 01 | GSE_T_0112708.0 01 | GSE_T_0112708.0 01 | GSE_T_0112708.0 01 | 12/16/2005 | E-mail string with attachment (draft worksheet) | Curtis, Carol | Jack, Kathleen; Golumbic, Court; Bradley, Oonagh | Maus, Robert* | McHugh, Sean | Information collected for/provided to counsel to facilitate legal advice concerning regulatory requests. | Attorney-Client |
| GSE_T_0112709.0 01 | GSE_T_0112710.0 01 | GSE_T_0112710.0 01 | GSE_T_0112710.0 01 | 12/19/2005 | E-mail string with attachment (draft worksheet) | Curtis, Carol | Jack, Kathleen; Golumbic, Court | | Bradley, Oonagh; McHugh, Sean; Maus, Robert* | Information collected for/provided to counsel to facilitate legal advice concerning regulatory requests. | Attorney-Client |
| GSE_T_0112711 | GSE_T_0112713 | GSE_T_0112713 | GSE_T_0112713 | 1/30/2006 | E-mail string with attachment (draft worksheet) | Auswater, Peter | Jack, Kathleen; Golumbic, Court | | Mathews, Jeffrey; Lynn, Lisa; Cohen, Thomas; Harding, Devora; Curtis, Carol; Bradley, Oonagh; McHugh, Sean | Information collected for/provided to counsel to facilitate legal advice concerning regulatory requests. | Attorney-Client |
| GSE_T_0112714 | GSE_T_0112716 | GSE_T_0112716 | GSE_T_0112716 | 1/30/2006 | E-mail string with attachment (draft worksheet) | Jack, Kathleen | Harding, Devora | Golumbic, Court | Mathews, Jeffrey; Lynn, Lisa; Cohen, Thomas; Harding, Devora; Curtis, Carol; Bradley, Oonagh; McHugh, Sean | Information collected (for/provided to) counsel (GS Legal Department*) to facilitate legal advice concerning regulatory requests. | Attorney-Client |
| GSE_T_0112717 | GSE_T_0112718 | GSE_T_0112718 | GSE_T_0112718 | 1/30/2006 | E-mail with attachment (draft worksheet) | Auswater, Peter | Golumbic, Court; Jack, Kathleen | | | Information collected (for/provided to) counsel (GS Legal Department*) to facilitate legal advice concerning regulatory requests. | Attorney-Client |
| GSE_T_0112719 | GSE_T_0112720 | GSE_T_0112720 | GSE_T_0112720 | 1/30/2006 | E-mail string with attachment (draft worksheet) | Golumbic, Court | Harding, Devora | Jack, Kathleen | Wade, Richard; Abraas, Kevin; Stantere, Elena | Information collected (for/provided to) counsel (GS Legal Department*) to facilitate legal advice concerning regulatory requests. | Attorney-Client |
| GSE_T_0112721 | GSE_T_0112723 | GSE_T_0112721 | GSE_T_0112721 | 2/1/2006 | E-mail string with attachment (e-mail) | Lynn, Lisa | Jack, Kathleen | Harding, Devora | Auswater, Peter; Mathews, Jeffrey; Cohen, Thomas; Golumbic, Court; Curtis, Carol; Bradley, Oonagh; McHugh, Sean | Reflects advice of counsel (GS Legal Department*) concerning regulatory request. | Attorney-Client |

Unless noted otherwise, the listed individuals are employees of Goldman Sachs.
*Denotes in-house counsel
**Denotes outside counsel

LOG OF DOCUMENTS PRODUCED IN REDACTED FORM[1]

Goldman Sachs' November 24, 2009 through February 8, 2010 Productions

Tsar International, et. al. v. Morgan Stanley Co., et. al.

| Beginning Bates | End Bates | Redacted Pages Start | Redacted Pages End | Date | Document Type | Author | Recipients | Copyees | Other Participants in E-mail Chain | Subject Matter | Privilege |
|---|---|---|---|---|---|---|---|---|---|---|---|
| GSE_T 01126721 | GSE_T 01126723 | GSE_T 01126723 | GSE_T 01126723 | 2/1/2006 | E-mail string with attachment (draft worksheet) | Lyon, Lisa | Jack, Kathleen | Harding, Devon | Aswarter, Peter; Mahoora, Jeffrey; Cohen, Thomas; Golumbic, Court; Curtis, Carol; Bradley, Chris; Oonogh; McHugh, Sean | Information collected for/provided to counsel (GS Legal Department*) to facilitate legal advice concerning regulatory requests. | Attorney-Client |
| GSE_T 01126724 | GSE_T 01126725 | GSE_T 01126725 | GSE_T 01126725 | 2/1/2006 | E-mail string no attachment (e-mail) | Cohen, Thomas | Jack, Kathleen | | Aswarter, Peter; Mahoora, Jeffrey; Golumbic, Court; Curtis, Carol; Chris; Bradley; Oonogh; McHugh, Sean | Information collected for/provided to counsel (GS Legal Department*) to facilitate legal advice concerning regulatory requests. | Attorney-Client |
| GSE_T 01126726 | GSE_T 01126727 | GSE_T 01126726 | GSE_T 01126726 | 2/4/2006 | E-mail string with attachment (draft worksheet) | Harding, Devon | Jack, Kathleen | | | Information collected for/provided to counsel (GS Legal Department*) to facilitate legal advice concerning regulatory requests. | Attorney-Client |
| GSE_T 01126726 | GSE_T 01126726 | GSE_T 01126727 | GSE_T 01126727 | 2/4/2006 | E-mail string with attachment (e-mail) | Harding, Devon | Jack, Kathleen | | | Information collected for/provided to counsel (GS Legal Department*) to facilitate legal advice concerning regulatory requests. | Attorney-Client |
| GSE_T 01126728 | GSE_T 01126729 | GSE_T 01126729 | GSE_T 01126729 | 2/6/2006 | E-mail with attachment (draft worksheet) | Aswarter, Peter | Golumbic, Court; Jack, Kathleen | | | Information collected for/provided to counsel (GS Legal Department*) to facilitate legal advice concerning regulatory requests. | Attorney-Client |
| GSE_T 01126730 | GSE_T 01126731 | GSE_T 01126731 | GSE_T 01126731 | 2/7/2006 | E-mail string with attachment (draft worksheet) | Harding, Devon | Jack, Kathleen | | Golumbic, Court; Abram, Kevin; Wade, Richard; Starters, Elena | Information collected for/provided to counsel (GS Legal Department*) to facilitate legal advice concerning regulatory requests. | Attorney-Client |
| GSE_T 01126732 | GSE_T 01126733 | GSE_T 01126733 | GSE_T 01126733 | 2/23/2006 | E-mail string with attachment (draft worksheet) | Jack, Kathleen | Wade, Richard; Abram, Kevin | Golumbic, Court | Harding, Devon; Mathews, Jeffrey; Lyon, Lisa; Cohen, Thomas | Information collected for/provided to counsel (GS Legal Department*) to facilitate legal advice concerning regulatory requests. | Attorney-Client |
| GSE_T 01126734 | GSE_T 01126735 | GSE_T 01126735 | GSE_T 01126735 | 2/27/2006 | E-mail string with attachment (draft worksheet) | Lyon, Lisa | Harding, Devon; Jack, Kathleen; Golumbic, Court | | Mahees, Jeffrey; Cohen, Thomas; Aswarter, Peter | Information collected for/provided to counsel (GS Legal Department*) to facilitate legal advice concerning regulatory requests. | Attorney-Client |
| GSE_T 01126736 | GSE_T 01126737 | GSE_T 01126737 | GSE_T 01126737 | 2/27/2006 | E-mail with attachment (draft worksheet) | Aswarter, Peter | Harding, Devon | Golumbic, Court; Jack, Kathleen | | Information collected for/provided to counsel (GS Legal Department*) to facilitate legal advice concerning regulatory requests. | Attorney-Client |

Unless noted otherwise, the listed individuals are employees of Goldman Sachs.
* Denotes in-house counsel
** Denotes outside counsel

13

CONFIDENTIAL TREATMENT REQUESTED BY GOLDMAN SACHS

LOG OF DOCUMENTS PRODUCED IN REDACTED FORM[3]

Goldman Sach's November 24, 2009 through February 8, 2010 Productions

State International, et. al. v. Morgan Stanley Co., et. al.

| Beginning Bates | End Bates | Redacted Pages Start | Redacted Pages End | Date | Document Type | Author | Recipients | Coppies | Other Participants in E-mail Chain | Subject Matter | Privilege |
|---|---|---|---|---|---|---|---|---|---|---|---|
| GSE_T 01126738 | GSE_T 01126739 | GSE_T 01126739 | GSE_T 01126739 | 2/23/2006 | E-mail with attachment (draft worksheet) | Harding, Devora | Columbia, Court; Jack, Kathleen | | | Information collected for/provided to counsel (GS1 Legal Department*) to facilitate legal advice concerning regulatory requests. | Attorney-Client |
| GSE_T 01126740 | GSE_T 01126741 | GSE_T 01126741 | GSE_T 01126741 | 3/7/2006 | E-mail with attachment (draft worksheet) | Harding, Devora | Columbia, Court; Jack, Kathleen | | | Information collected for/provided to counsel (GS1 Legal Department*) to facilitate legal advice concerning regulatory requests. | Attorney-Client |
| GSE_T 01126742 | GSE_T 01126743 | GSE_T 01126743 | GSE_T 01126743 | 3/9/2006 | E-mail string with attachment (draft worksheet) | Harding, Devora | Jack, Kathleen | Columbia, Court | | Information collected for/provided to counsel (GS1 Legal Department*) to facilitate legal advice concerning regulatory requests. | Attorney-Client |
| GSE_T 01126744 | GSE_T 01126745 | GSE_T 01126745 | GSE_T 01126745 | 3/10/2006 | E-mail with attachment (draft worksheet) | Lyma, Lisa | Jack, Kathleen | | | Information collected for/provided to counsel (GS1 Legal Department*) to facilitate legal advice concerning regulatory requests. | Attorney-Client |
| GSE_T 01126746 | GSE_T 01126747 | GSE_T 01126747 | GSE_T 01126747 | 3/14/2006 | E-mail with attachment (draft worksheet) | Aurebaey, Peter | Jack, Kathleen; Columbia, Court; Harding, Devora | | | Information collected for/provided to counsel (GS1 Legal Department*) to facilitate legal advice concerning regulatory requests. | Attorney-Client |
| GSE_T 01126748 | GSE_T 01126749 | GSE_T 01126749 | GSE_T 01126749 | 3/14/2006 | E-mail string with multiple attachments (draft worksheets) | Jack, Kathleen | Harding, Devora | Columbia, Court | | Information collected for/provided to counsel (GS1 Legal Department*) to facilitate legal advice concerning regulatory requests. | Attorney-Client |
| GSE_T 01126751 | GSE_T 01126752 | GSE_T 01126752 | GSE_T 01126752 | 3/15/2006 | E-mail string with attachment (draft worksheet) | Harding, Devora | Jack, Kathleen | Columbia, Court | | Information collected for/provided to counsel (GS1 Legal Department*) to facilitate legal advice concerning regulatory requests. | Attorney-Client |
| GSE_T 01126753 | GSE_T 01126754 | GSE_T 01126754 | GSE_T 01126754 | 3/15/2006 | E-mail with attachment (draft worksheet) | Harding, Devora | Jack, Kathleen | Columbia, Court | | Information collected for/provided to counsel (GS1 Legal Department*) to facilitate legal advice concerning regulatory requests. | Attorney-Client |
| GSE_T 01126755 | GSE_T 01126756 | GSE_T 01126756 | GSE_T 01126756 | 3/16/2006 | E-mail string with attachment (draft worksheet) | Jack, Kathleen | Columbia, Court | | Harding, Devora | Information collected for/provided to counsel (GS1 Legal Department*) to facilitate legal advice concerning regulatory requests. | Attorney-Client |

Unless noted otherwise, the listed individuals are employees of Goldman Sachs.
*Denotes [in-house counsel]
**Denotes outside counsel

1

CONFIDENTIAL TREATMENT REQUESTED BY GOLDMAN SACHS

LOG OF DOCUMENTS PRODUCED IN REDACTED FORM[1]

Goldman Sach's November 24, 2009 through February 8, 2010 Productions

Trice International, et. al. v. Morgan Stanley Co., et al.

| Beginning Bates | End Bates | Redacted Pages Start | Redacted Pages End | Date | Document Type | Author | Recipients | Copyees | Other Participants in E-mail Chain | Subject Matter | Privilege |
|---|---|---|---|---|---|---|---|---|---|---|---|
| GSE_T 01126757 | GSE_T 01126764 | GSE_T 01126758 | GSE_T 01126762 | 3/16/2006 | E-mail with multiple attachments (draft report) | Danova, Elena | Ella, Steve; Jack; Kathleen; Mathias; Tony, Columbia, Court | Spiro, Joe; Bamford, Doris | | Information collected for/provided to counsel (GS Legal Department*) to facilitate legal advice concerning regulatory requests. | Attorney-Client |
| GSE_T 01126757 | GSE_T 01126764 | GSE_T 01126763 | GSE_T 01126763 | 3/16/2006 | (draft report) | Danova, Elena | Ella, Steve; Jack; Kathleen; Mathias; Tony, Columbia, Court | Spiro, Joe; Bamford, Doris | | Information collected for/provided to counsel (GS Legal Department*) to facilitate legal advice concerning compliance procedure. | Attorney-Client |
| GSE_T 01126757 | GSE_T 01126764 | GSE_T 01126764 | GSE_T 01126764 | 3/16/2006 | (draft worksheet) | Danova, Elena | Ella, Steve; Jack; Kathleen; Mathias; Tony, Columbia, Court | Spiro, Joe; Bamford, Doris | | Information collected for/provided to counsel (GS Legal Department*) to facilitate legal advice concerning regulatory requests. | Attorney-Client |
| GSE_T 01126765 | GSE_T 01126776 | GSE_T 01126765 | GSE_T 01126776 | 3/16/2006 | E-mail string with multiple attachments (draft worksheet) | Bamford, Doris | Columbia, Court; Mathias, Tony; Ella, Steve; Jack; Kathleen | Danova, Elena; Lex, Jennifer | Lex, Jennifer; Spiro, Joe | Information collected for/provided to counsel (GS Legal Department*) to facilitate legal advice concerning regulatory requests. | Attorney-Client |
| GSE_T 01126777 | GSE_T 01126784 | GSE_T 01126778 | GSE_T 01126782 | 3/17/2006 | E-mail string with multiple attachments (draft report) | Jack, Kathleen | Danova, Elena | Spiro, Joe; Bamford, Doris | | Information collected for/provided to counsel (GS Legal Department*) to facilitate legal advice concerning compliance procedure. | Attorney-Client |
| GSE_T 01126777 | GSE_T 01126784 | GSE_T 01126783 | GSE_T 01126784 | 3/17/2006 | (draft worksheet) | Jack, Kathleen | Danova, Elena | Spiro, Joe; Bamford, Doris | | Information collected for/provided to counsel (GS Legal Department*) to facilitate legal advice concerning regulatory requests. | Attorney-Client |
| GSE_T 01126785 | GSE_T 01126793 | GSE_T 01126787 | GSE_T 01126791 | 3/23/2006 | E-mail string with multiple attachments (draft report) | Danova, Elena | Ella, Steve; Jack; Kathleen; Mathias; Tony, Columbia, Court | Spiro, Joe; Bamford, Doris | | Information collected for/provided to counsel (GS Legal Department*) to facilitate legal advice concerning compliance procedure. | Attorney-Client |
| GSE_T 01126785 | GSE_T 01126793 | GSE_T 01126792 | GSE_T 01126792 | 3/23/2006 | (draft worksheet) | Danova, Elena | Ella, Steve; Jack; Kathleen; Mathias; Tony, Columbia, Court | Spiro, Joe; Bamford, Doris | | Information collected for/provided to counsel (GS Legal Department*) to facilitate legal advice concerning regulatory requests. | Attorney-Client |
| GSE_T 01126785 | GSE_T 01126793 | GSE_T 01126793 | GSE_T 01126793 | 3/23/2006 | (draft worksheet) | Danova, Elena | Ella, Steve; Jack; Kathleen; Mathias; Tony, Columbia, Court | Spiro, Joe; Bamford, Doris | | Information collected for/provided to counsel (GS Legal Department*) to facilitate legal advice concerning regulatory requests. | Attorney-Client |

Unless noted otherwise, the listed individuals are employees of Goldman Sachs.

*Denotes in-house counsel

**Denotes outside counsel

CONFIDENTIAL TREATMENT REQUESTED BY GOLDMAN SACHS

LOG OF DOCUMENTS PRODUCED IN REDACTED FORM[1]

Goldman Sachs's November 24, 2009 through February 8, 2010 Productions

*Tam International, et al. v. Morgan Stanley Co., et al.*

| Beginning Bates | End Bates | Redacted Pages Start | Redacted Pages End | Date | Document Type | Author | Recipients | Copyees | Other Participants in E-mail Chain | Subject Matter | Privilege |
|---|---|---|---|---|---|---|---|---|---|---|---|
| GSE_T 01126794 | GSE_T 01126796 | GSE_T 01126795 | GSE_T 01126795 | 4/3/2006 | E-mail string with attachment (draft worksheet) | Auwarter, Peter | Harding, Devora | Golumbic, Court; Jack, Kathleen | Lynn, Lisa; Mathews, Jeffrey; Ahearn, Kevin; Wade, Richard | Information collected for/provided to counsel (GS Legal Department*) to facilitate legal advice concerning regulatory requests. | Attorney-Client |
| GSE_T 01126796 | GSE_T 01126799 | GSE_T 01126798 | GSE_T 01126799 | 4/3/2006 | E-mail string with attachment (draft worksheet) | Golumbic, Court | Curtis, Carol | Jack, Kathleen | Wade, Richard; Ahearn, Kevin; Auwarter, Peter | Information collected for/provided to counsel (GS Legal Department*) to facilitate legal advice concerning regulatory requests. | Attorney-Client |
| GSE_T 01126800 | GSE_T 01126801 | GSE_T 01126801 | GSE_T 01126801 | 4/6/2006 | E-mail with attachment (draft worksheet) | Harding, Devora | Jack, Kathleen; Golumbic, Court | | | Information collected for/provided to counsel (GS Legal Department*) to facilitate legal advice concerning regulatory requests. | Attorney-Client |
| GSE_T 01126802 | GSE_T 01126803 | GSE_T 01126803 | GSE_T 01126803 | 4/18/2006 | E-mail string with attachment (draft worksheet) | Lynn, Lisa | Harding, Devora; Jack, Kathleen; Golumbic, Court | | Mathews, Jeffrey; Auwarter, Peter; Ahearn, Kevin; Wade, Richard | Information collected for/provided to counsel (GS Legal Department*) to facilitate legal advice concerning regulatory requests. | Attorney-Client |
| GSE_T 01126804 | GSE_T 01126805 | GSE_T 01126805 | GSE_T 01126805 | 4/19/2006 | E-mail with attachment (draft worksheet) | Harding, Devora | Golumbic, Court; Jack, Kathleen | | | Information collected for/provided to counsel (GS Legal Department*) to facilitate legal advice concerning regulatory requests. | Attorney-Client |
| GSE_T 01126806 | GSE_T 01126807 | GSE_T 01126807 | GSE_T 01126807 | 5/1/2006 | E-mail with attachment (draft worksheet) | Harding, Devora | Golumbic, Court; Jack, Kathleen | | | Information collected for/provided to counsel (GS Legal Department*) to facilitate legal advice concerning regulatory requests. | Attorney-Client |
| GSE_T 01126808 | GSE_T 01126809 | GSE_T 01126809 | GSE_T 01126809 | 5/2/2006 | E-mail string with attachment (draft worksheet) | Harding, Devora | Golumbic, Court; Jack, Kathleen | | | Information collected for/provided to counsel (GS Legal Department*) to facilitate legal advice concerning regulatory requests. | Attorney-Client |
| GSE_T 01126810 | GSE_T 01126811 | GSE_T 01126811 | GSE_T 01126811 | 5/15/2006 | E-mail string with attachment (draft worksheet) | Lynn, Lisa | Harding, Devora | Jack, Kathleen; Golumbic, Court | Kaum, Faber, Ahearn, Kevin; Auwarter, Peter; Mathews, Jeffrey; Wade, Richard | Information collected for/provided to counsel (GS Legal Department*) to facilitate legal advice concerning regulatory requests. | Attorney-Client |
| GSE_T 01126812 | GSE_T 01126813 | GSE_T 01126813 | GSE_T 01126813 | 5/15/2006 | E-mail with attachment (draft worksheet) | Harding, Devora | Golumbic, Court; Jack, Kathleen | | | Information collected for/provided to counsel (GS Legal Department*) to facilitate legal advice concerning regulatory requests. | Attorney-Client |

Unless noted otherwise, the listed individual(s) are employees of Goldman Sachs.

*Denotes in-house counsel

**Denotes outside counsel

16

CONFIDENTIAL TREATMENT REQUESTED BY GOLDMAN SACHS

LOG OF DOCUMENTS PRODUCED IN REDACTED FORM¹

Goldman Sachs's November 24, 2009 through February 8, 2010 Productions

Tuur Investments¹, et. al. v. Morgan Stanley Co., et. al.

| Beginning Bates | End Bates | Redacted Pages Start | Redacted Pages End | Document Type | Date | Author | Recipients | Coppees | Other Participants in E-mail Chain | Subject Matter | Privilege |
|---|---|---|---|---|---|---|---|---|---|---|---|
| GSE_T 01126814 | GSE_T 01126815 | GSE_T 01126816 | GSE_T 01126816 | E-mail string with attachment (draft worksheet) | 5/15/2006 | Awaerter, Peter | Harding, Devon | Jack, Kathleen; Columbia, Court | Lynn, Lisa; Kzami, Faizn; Ahsam, Kervin; Mathews, Jeffrey; Wade, Richard | Information collected for/provided to counsel (GS Legal Department*) to facilitate legal advice concerning regulatory requests. | Attorney-Client |
| GSE_T 01126817 | GSE_T 01126818 | GSE_T 01126818 | GSE_T 01126818 | E-mail string with attachment (draft worksheet) | 5/15/2006 | Harding, Devon | Columbia, Court; Jack, Kathleen | | | Information collected for/provided to counsel (GS Legal Department*) to facilitate legal advice concerning regulatory requests. | Attorney-Client |
| GSE_T 01126819 | GSE_T 01126819 | GSE_T 01126820 | GSE_T 01126820 | E-mail string with multiple attachments (draft worksheet) | 5/802006 | Awaerter, Peter | Harding, Devon | Columbia, Court; Jack, Kathleen | Ahsam, Kervin; Kzami, Faizn; Lynn, Lisa; Mathews, Jeffrey; Wade, Richard | Information collected for/provided to counsel (GS Legal Department*) to facilitate legal advice concerning regulatory requests. | Attorney-Client |
| GSE_T 01126819 | GSE_T 01126821 | GSE_T 01126821 | GSE_T 01126821 | (draft worksheet) | 5/802006 | Awaerter, Peter | Harding, Devon | Columbia, Court; Jack, Kathleen | Ahsam, Kervin; Kzami, Faizn; Lynn, Lisa; Mathews, Jeffrey; Wade, Richard | Information collected for/provided to counsel (GS Legal Department*) to facilitate legal advice concerning regulatory requests. | Attorney-Client |
| GSE_T 01126822 | GSE_T 01126823 | GSE_T 01126823 | GSE_T 01126823 | E-mail with attachment (draft worksheet) | 5/312006 | Lynn, Lisa | Harding, Devon | Jack, Kathleen; Columbia, Court | | Information collected for/provided to counsel (GS Legal Department*) to facilitate legal advice concerning regulatory requests. | Attorney-Client |
| GSE_T 01126824 | GSE_T 01126825 | GSE_T 01126825 | GSE_T 01126825 | E-mail with attachment (draft worksheet) | 6/1/2006 | Harding, Devon | Columbia, Court; Jack, Kathleen | | | Information collected for/provided to counsel (GS Legal Department*) to facilitate legal advice concerning regulatory requests. | Attorney-Client |
| GSE_T 01126826 | GSE_T 01126827 | GSE_T 01126827 | GSE_T 01126827 | E-mail with multiple attachments (draft report) | 6/7/2006 | Danova, Elena | Elis, Steve; Jack, Kathleen; Mathias, Tony; Columbia, Court | Spiro, Joe; Bamford, Doris | | Information collected for/provided to counsel (GS Legal Department*) to facilitate legal advice concerning compliance procedures. | Attorney-Client |
| GSE_T 01126826 | GSE_T 01126835 | GSE_T 01126835 | GSE_T 01126835 | (draft worksheet) | 6/7/2006 | Danova, Elena | Elis, Steve; Jack, Kathleen; Mathias, Tony; Columbia, Court | Spiro, Joe; Bamford, Doris | | Information collected for/provided to counsel (GS Legal Department*) to facilitate legal advice concerning regulatory request. | Attorney-Client |
| GSE_T 01126826 | GSE_T 01126836 | GSE_T 01126837 | GSE_T 01126836 | (draft report) | 6/7/2006 | Danova, Elena | Elis, Steve; Jack, Kathleen; Mathias, Tony; Columbia, Court | Spiro, Joe; Bamford, Doris | | Information collected for/provided to counsel (GS Legal Department*) to facilitate legal advice concerning regulatory requests. | Attorney-Client |

Unless noted otherwise, the listed individuals are employees of Goldman Sachs.
*Denotes in-house counsel
**Denotes outside counsel

18

CONFIDENTIAL TREATMENT REQUESTED BY GOLDMAN SACHS

LOG OF DOCUMENTS PRODUCED IN REDACTED FORM*

Goldman Sachs's November 24, 2009 through February 8, 2010 Productions

*Total International, et. al. v. Morgan Stanley Co., et. al.*

| Beginning Bates | End Bates | Redacted Pages Start | Redacted Pages End | Date | Document Type | Author | Recipients | Copyees | Other Participants in E-mail Chain | Subject Matter | Privilege |
|---|---|---|---|---|---|---|---|---|---|---|---|
| GSE_T 01126838 | GSE_T 01126839 | GSE_T 01126839 | GSE_T 01126839 | 6/19/2006 | E-mail with attachment (draft worksheet) | Harding, Devora | Golumbic, Court; Jack, Kathleen | | | Information collected for/provided to counsel (GS Legal Department*) to facilitate legal advice concerning regulatory requests. | Attorney-Client |
| GSE_T 01126840 | GSE_T 01126841 | GSE_T 01126841 | GSE_T 01126841 | 6/29/2006 | E-mail string with attachment (draft worksheet) | Lyon, Lisa | Harding, Devora | Jack, Kathleen; Engelhardt, Laura | Kamil, Falaz; Auwarter, Peter; Madwon, Jeffrey; Abram, Kevin; Wade, Richard; Golumbic, Court | Information collected for/provided to counsel (GS Legal Department*) to facilitate legal advice concerning regulatory requests. | Attorney-Client |
| GSE_T 01126842 | GSE_T 01126843 | GSE_T 01126843 | GSE_T 01126843 | 6/30/2006 | E-mail with attachment (draft worksheet) | Auwarter, Peter | Harding, Devora | Golumbic, Court; Jack, Kathleen | | Information collected for/provided to counsel (GS Legal Department*) to facilitate legal advice concerning regulatory requests. | Attorney-Client |
| GSE_T 01126844 | GSE_T 01126846 | GSE_T 01126845 | GSE_T 01126846 | 7/17/2006 | E-mail string with attachment (draft worksheet) | Auwarter, Peter | Harding, Devora | Jack, Kathleen; Golumbic, Court | Madwon, Jeffrey; Kamil, Falaz; Engelhardt, Laura; Wade, Richard; Abram, Kevin | Information collected for/provided to counsel (GS Legal Department*) to facilitate legal advice concerning regulatory requests. | Attorney-Client |
| GSE_T 01126847 | GSE_T 01126848 | GSE_T 01126848 | GSE_T 01126848 | 7/18/2006 | E-mail with attachment (draft worksheet) | Harding, Devora | Golumbic, Court; Jack, Kathleen | | | Information collected for/provided to counsel (GS Legal Department*) to facilitate legal advice concerning regulatory requests. | Attorney-Client |
| GSE_T 01126849 | GSE_T 01126850 | GSE_T 01126850 | GSE_T 01126850 | 7/31/2006 | E-mail with attachment (draft worksheet) | Auwarter, Peter | Harding, Devora | Jack, Kathleen; Golumbic, Court | | Information collected for/provided to counsel (GS Legal Department*) to facilitate legal advice concerning regulatory requests. | Attorney-Client |
| GSE_T 01126851 | GSE_T 01126852 | GSE_T 01126852 | GSE_T 01126852 | 8/31/2006 | E-mail string with attachment (draft worksheet) | Harding, Devora | Jack, Kathleen | | | Information collected for/provided to counsel (GS Legal Department*) to facilitate legal advice concerning regulatory requests. | Attorney-Client |
| GSE_T 01126853 | GSE_T 01126854 | GSE_T 01126854 | GSE_T 01126854 | 9/15/2006 | E-mail with attachment (draft worksheet) | Auwarter, Peter | Harding, Devora | Golumbic, Court; Jack, Kathleen | | Information collected for/provided to counsel (GS Legal Department*) to facilitate legal advice concerning regulatory requests. | Attorney-Client |
| GSE_T 01126855 | GSE_T 01126856 | GSE_T 01126856 | GSE_T 01126856 | 10/16/2006 | E-mail with attachment (draft worksheet) | Harding, Devora | Golumbic, Court; Jack, Kathleen | | Engelhardt, Laura; Kamil, Falaz; Madini, Elias; Auwarter, Peter; Madwon, Jeffrey; Wade, Richard | Information collected for/provided to counsel (GS Legal Department*) to facilitate legal advice concerning regulatory requests. | Attorney-Client |

Unless noted otherwise, the listed individuals are employees of Goldman Sachs.
*Denotes in-house counsel
**Denotes outside counsel

CONFIDENTIAL TREATMENT REQUESTED BY GOLDMAN SACHS

LOG OF DOCUMENTS PRODUCED IN REDACTED FORM[1]

Goldman Sach's November 24, 2009 through February 9, 2010 Productions

Inter-national, et al. v. Morgan Stanley Co., et al.

| Beginning Bates | End Bates | Redacted Pages Start | Redacted Pages End | Date | Document Type | Author | Recipients | Copyees | Other Participants in E-mail Chain | Subject Matter | Privilege |
|---|---|---|---|---|---|---|---|---|---|---|---|
| GSE_T_01126557 | GSE_T_01126558 | GSE_T_01126558 | GSE_T_01126558 | 10/17/2006 | E-mail with attachment (draft worksheet) | Awsumer, Peter | Harding, Devon | Golumbic, Court; Jack, Kathleen | | Information collected for/provided to counsel (GSI Legal Department*) to facilitate legal advice concerning regulatory requests. | Attorney-Client |
| GSE_T_01126559 | GSE_T_01126560 | GSE_T_01126560 | GSE_T_01126560 | 10/17/2006 | E-mail with attachment (draft worksheet) | Harding, Devon | Jack, Kathleen | | | Information collected for/provided to counsel (GSI Legal Department*) to facilitate legal advice concerning regulatory requests. | Attorney-Client |
| GSE_T_01126561 | GSE_T_01126562 | GSE_T_01126562 | GSE_T_01126562 | 10/30/2006 | E-mail with attachment (draft worksheet) | Awsumer, Peter | Harding, Devon | Golumbic, Court; Jack, Kathleen | | Information collected for/provided to counsel (GSI Legal Department*) to facilitate legal advice concerning regulatory requests. | Attorney-Client |
| GSE_T_01126563 | GSE_T_01126564 | GSE_T_01126564 | GSE_T_01126564 | 11/15/2006 | E-mail with attachment (draft worksheet) | Spiro, Joe | Bradley, Oonagh; Wilsey, Cariane; Golumbic, Court; Jack, Kathleen; Matthias, Tom; McHugh, Sean | Maas, Robert*; Maloney, Kathleen | | Information collected for/provided to counsel (GSI Legal Department*) to facilitate legal advice concerning regulatory requests. | Attorney-Client |
| GSE_T_01126565 | GSE_T_01126566 | GSE_T_01126566 | GSE_T_01126566 | 11/21/2006 | E-mail with attachment (draft worksheet) | Spiro, Joe | Golumbic, Court; Jack, Kathleen; Matthias, Tom; McHugh, Sean | | Maas, Robert*; Maloney, Kathleen; Wilsey, Cariane | Information collected for/provided to counsel to facilitate legal advice concerning regulatory requests. | Attorney-Client |
| GSE_T_01126567 | GSE_T_01126568 | GSE_T_01126568 | GSE_T_01126568 | 11/29/2006 | E-mail with attachment (draft worksheet) | Spiro, Joe | Jack, Kathleen | | Golumbic, Court; Matthias, Tom; McHugh, Sean; Bradley, Oonagh; Wilsey, Cariane; Maas, Robert*; Maloney, Kathleen | Information collected for/provided to counsel to facilitate legal advice concerning regulatory requests. | Attorney-Client |
| GSE_T_01126569 | GSE_T_01126570 | GSE_T_01126570 | GSE_T_01126570 | 12/1/2006 | E-mail with attachment (draft worksheet) | Awsumer, Peter | Harding, Devon | Golumbic, Court; Jack, Kathleen | | Information collected for/provided to counsel (GSI Legal Department*) to facilitate legal advice concerning regulatory requests. | Attorney-Client |
| GSE_T_01126571 | GSE_T_01126572 | GSE_T_01126572 | GSE_T_01126572 | 12/4/2006 | E-mail string with attachment (draft worksheet) | Jack, Kathleen | Harding, Devon | | Joe, Spiro; Golumbic, Court; Matthias, Tom; McHugh, Sean; Bradley, Oonagh; Wilsey, Cariane; Maas, Robert*; Maloney, Kathleen | Information collected for/provided to counsel (GSI Legal Department*) to facilitate legal advice concerning regulatory requests. | Attorney-Client |
| GSE_T_01126573 | GSE_T_01126574 | GSE_T_01126574 | GSE_T_01126574 | 12/4/2006 | E-mail with attachment (draft worksheet) | Harding, Devon | Jack, Kathleen | | | Information collected for/provided to counsel (GSI Legal Department*) to facilitate legal advice concerning regulatory requests. | Attorney-Client |
| GSE_T_01126575 | GSE_T_01126577 | GSE_T_01126577 | GSE_T_01126577 | 12/4/2006 | E-mail string with attachment (draft worksheet) | Harding, Devon | Jack, Kathleen | | Spiro, Joe; Golumbic, Court; Matthias, Tom; McHugh, Sean; Bradley, Oonagh; Wilsey, Cariane; Maas, Robert*; Maloney, Kathleen | Information collected for/provided to counsel (GSI Legal Department*) to facilitate legal advice concerning regulatory requests. | Attorney-Client |

Unless noted otherwise, the listed individuals are employees of Goldman Sachs.
*Denotes in-house counsel
**Denotes outside counsel

CONFIDENTIAL TREATMENT REQUESTED BY GOLDMAN SACHS

LOG OF DOCUMENTS PRODUCED IN REDACTED FORM[1]

Goldman Sachs November 24, 2009 through February 8, 2010 Productions

Trez International, et. al. v. Morgan Stanley & Co., et. al.

| Beginning Bates | End Bates | Redacted Pages Start | Redacted Pages End | Date | Document Type | Author | Recipients | Copyees | Other Participants in E-mail Chain | Subject Matter | Privilege |
|---|---|---|---|---|---|---|---|---|---|---|---|
| GSE_T 01126878 | GSE_T 01126879 | GSE_T 01126878 | GSE_T 01126879 | 1/9/2007 | E-mail string with attachment (draft worksheet) | Harding, Devara | Columbia, Court; Jack, Kathleen | | | Information collected for/provided to counsel (GSI Legal Department*) to facilitate legal advice concerning regulatory requests. | Attorney-Client |
| GSE_T 01126880 | GSE_T 01126881 | GSE_T 01126881 | GSE_T 01126881 | 1/22/2007 | E-mail with attachment (draft worksheet) | Subhana, Rajesh | Jack, Kathleen; Columbia, Court; Mathias, Tom; Ella, Steve; Bradley, Oonagh; Wilbey, Corinne; McHugh, Sean; Savage, Ian | Masz, Robert*; Ehrlich, Ashley; Kane, John; Spies, Joe; Curtis, Carol; Harding, Devara; Mell, Michael; Saechar, John | | Information collected for/provided to counsel to facilitate legal advice concerning regulatory requests. | Attorney-Client |
| GSE_T 01126882 | GSE_T 01126883 | GSE_T 01126883 | GSE_T 01126883 | 1/31/2007 | E-mail string with attachment (draft worksheet) | Mathias, Tom | Jack, Kathleen | | Subhana, Rajesh; Columbia, Court; Ella, Steve; Bradley, Oonagh; Wilbey, Corinne; McHugh, Sean; Savage, Ian; Mass, Robert*; Ehrlich, Ashley; Kane, John; Spies, Joe; Curtis, Carol; Harding, Devara; Mell, Michael; Saechar, John | Information collected for/provided to counsel to facilitate legal advice concerning regulatory requests. | Attorney-Client |
| GSE_T 01126884 | GSE_T 01126888 | GSE_T 01126884 | GSE_T 01126888 | 5/31/2007 | E-mail string | Russof, David* | Jack, Kathleen | | Kweng, Michelle; Wang, Ted; Scialia, Peter; Ding, Armando; Malik, Scott; Stefanak, Thomas; Witschner, Howard; Adams, Kevin; Boshra, Patrick; Albert, Aaron; Robin, Rabecca; Solomon, Noah; Engelhardt, Laura; Cahill, Adam | Requesting advice of counsel concerning regulations. | Attorney-Client |
| GSE_T 01126889 | GSE_T 01126893 | GSE_T 01126889 | GSE_T 01126893 | 5/31/2007 | E-mail string | Jack, Kathleen | Kweng, Michelle | Russof, David* | Wang, Ted; Scialia, Peter; Ding, Armando; Malik, Scott; Stefanak, Thomas; Witschner, Howard; Adams, Kevin; Boshra, Patrick; Albert, Aaron; Robin, Rabecca; Solomon, Noah; Engelhardt, Laura; Cahill, Adam | Reflects advice of counsel concerning regulations. | Attorney-Client |
| GSE_T 01126894 | GSE_T 01126896 | GSE_T 01126895 | GSE_T 01126895 | 1/15/2008 | E-mail with attachments (draft worksheets) | Greenebaum, Rachel | Jack, Kathleen; Mathias, Tom | Lynch, Sandra; Hannaford, Joanne; Lieberman, Lisette | | Information collected for/provided to counsel (GSI Legal Department*) to facilitate legal advice concerning regulatory requests. | Attorney-Client |

Unless noted otherwise, the listed individuals are employees of Goldman Sachs.
*Denotes in-house counsel
**Denotes outside counsel

CONFIDENTIAL TREATMENT REQUESTED BY GOLDMAN SACHS

LOG OF DOCUMENTS PRODUCED IN REDACTED FORM[1]

Goldman Sachs's November 24, 2009 through February 8, 2010 Productions

*TheStreet.com, et al. v. Morgan Stanley & Co., et al.*

| Beginning Bates | End Bates | Redacted Pages Start | Redacted Pages End | Date | Document Type | Author | Recipients | Copyees | Other Participants in E-mail Chain | Subject Matter | Privilege |
|---|---|---|---|---|---|---|---|---|---|---|---|
| GSE_T 01141515 | GSE_T 01141517 | GSE_T 01141515 | GSE_T 01141515 | 2/6/2006 | E-mail with attachment (letter from NASD) | Bromily, Beverly | Wong, Stephen; Bageloun, Roger*; Keng, Patrick; Ben-Canaan, Marc; Yip, Robert; Bruno, Joseph; Brockenridge, Jonathan*; Mahoney, Jeffrey; Jack, Kathleen; Evans, Michael; Cahill, Adam; Rooyantse, Amelie; Miller, Guy*; Kelton, Annette; Columbia, Court; Russell, David*; Murphy, Erin*; Dugan, Jacqueline; Chow, Judy; Asoustav, Peter; Lepur, Phillip; Mass, Robert | | | Requesting advice of counsel concerning regulatory request. | Attorney-Client |
| GSE_T 01141534 | GSE_T 01141535 | GSE_T 01141534 | GSE_T 01141535 | 8/5/2005 | E-mail with attachment (draft worksheet) | Denhard, David | Borges, Jacqueline; Charty, Tim | | | Information collected for/provided to counsel (GS Legal Department*) to facilitate legal advice concerning regulatory request. | Attorney-Client |
| GSE_T 01141527 | GSE_T 01141533 | GSE_T 01141527 | GSE_T 01141533 | 7/12/2005 | E-mail with multiple attachments (e-mail) | O'Malley, Steven | Jabally, Anthony; Nguyen, Frederic; Ciacra, Michael; Lang, Jeff; Flerlage, Ken; Marquez, Erica | Bertoldi, Jessica*; Kerlin, Dennis; Kelly, Keri | Talbot, Christopher | Information collected for/provided to counsel to facilitate legal advice concerning response to regulatory request. | Attorney-Client |
| GSE_T 01141527 | GSE_T 01141533 | GSE_T 01141538 | GSE_T 01141538 | 6/21/2005 | (draft response to NASD) | O'Malley, Steven | Talbot, Christopher | | | Advice of counsel concerning regulatory request. | Attorney-Client |
| GSE_T 01141534 | GSE_T 01141540 | GSE_T 01141534 | GSE_T 01141534 | 7/12/2005 | E-mail with multiple attachments (e-mail) | Cohen, Mitchell | Ciacra, Michael | | Jabally, Anthony; Nguyen, Frederic; Ciacra, Michael; Lang, Jeff; Flerlage, Ken; Marquez, Erica; Bertoldi, Jessica*; Kerlin, Dennis; Kelly, Keri; Talbot, Christopher | Information collected for/provided to counsel to facilitate legal advice concerning response to regulatory request. | Attorney-Client |
| GSE_T 01141535 | GSE_T 01141535 | GSE_T 01141535 | GSE_T 01141535 | 6/21/2005 | (draft response to NASD request) | O'Malley, Steven | Talbot, Christopher | | Cohen, Mitchell; Ciacra, Michael; Jabally, Anthony; Nguyen, Frederic; Lang, Jeff; Flerlage, Ken; Marquez, Erica; Bertoldi, Jessica*; Kerlin, Dennis; Kelly, Keri | Advice of counsel concerning response to regulatory request. | Attorney-Client |
| GSE_T 01141541 | GSE_T 01141541 | GSE_T 01141541 | GSE_T 01141541 | 11/15/2005 | E-mail string | O'Malley, Steven | Ciacra, Michael; Cohen, Mitchell; Nguyen, Frederic | Kerlin, Dennis; Grey, Jennifer* | Kelly, Keri | Information collected for/provided to counsel to facilitate legal advice concerning regulatory request. | Attorney-Client |
| GSE_T 01141546 | GSE_T 01141548 | GSE_T 01141546 | GSE_T 01141547 | 11/28/2005 | E-mail string | Ciacra, Michael | O'Malley, Steven | Kerlin, Dennis; Grey, Jennifer*; Cohen, Mitchell | Nguyen, Frederic; Kelly, Keri; america_fed@gs.emil.gs.com | Information collected for/provided to counsel to facilitate legal advice concerning regulatory request. | Attorney-Client |

Unless noted otherwise, the listed individuals are employees of Goldman Sachs.
*Denotes in-house counsel
**Denotes outside counsel

22

CONFIDENTIAL TREATMENT REQUESTED BY GOLDMAN SACHS

LOG OF DOCUMENTS PRODUCED IN REDACTED FORM[3]

Goldman Sach's November 24, 2009 through February 9, 2010 Productions

TerraNova/Insoford, et al. v. Merven-Steeler/Co., et al.

| Beginning Bates | End Bates | Redacted Pages Start | Redacted Pages End | Date | Document Type | Author | Recipients | Copyees | Other Participants in E-mail Chain | Subject Matter | Privilege |
|---|---|---|---|---|---|---|---|---|---|---|---|
| GSE_T_01141549 | GSE_T_01141557 | GSE_T_01141549 | GSE_T_01141550 | 11/28/2005 | E-mail string | Clarca, Michael. | O'Kelley, Steven | Kevin, Dennis; Gray, Jennifer*; Cohen, Mitchell | Nguyen, Frederic; Kelly, Keri; america_fps@my-email-gs.com | Information collected for/provided to counsel to facilitate legal advice concerning regulatory request. | Attorney-Client |
| GSE_T_01141558 | GSE_T_01141563 | GSE_T_01141558 | GSE_T_01141558 | 12/2/2005 | E-mail string | Schulz, Christina* | Clarca, Michael. | Cohen, Mitchell; Jchaily, Anthony; Gray, Jennifer* | | Information collected for/provided to counsel to facilitate legal advice concerning regulatory request. | Attorney-Client |
| GSE_T_01141558 | GSE_T_01141577 | GSE_T_01141568 | GSE_T_01141568 | 12/7/2005 | E-mail string | O'Kelley, Steven | Schulz, Christina* | Stelter, Beth (WH)**; Cucca, Michael; Kevin, Dennis; Kelly, Keri | | Information requested by counsel to/collected regulatory request to facilitate legal advice. | Attorney-Client |
| GSE_T_01141580 | GSE_T_01141581 | GSE_T_01141581 | GSE_T_01141581 | 12/12/2005 | E-mail string | Clarca, Michael. | Schulz, Christina* | | Stelter, Beth (WH)** | Reflects advice of counsel concerning regulatory request. | Attorney-Client |
| GSE_T_01141582 | GSE_T_01141588 | GSE_T_01141582 | GSE_T_01141584 | 12/12/2005 | E-mail | Schulz, Christina* | Clarca, Michael. | | O'Kelley, Steven; Stelter, Beth (WH)**; Kevin, Dennis; Kelly, Keri; | Information provided to counsel to facilitate legal advice concerning regulatory request. | Attorney-Client |
| GSE_T_01141625 | GSE_T_01141627 | GSE_T_01141625 | GSE_T_01141625 | 2/1/2005 | E-mail string | Wade, Robyn | Matheu, Fabio | | Bolinare, Majoribr; Breckenridge, Jonathan*; Alliordi, Richard; Volanzaeh, ...; Kathleen; Wade, Robyn; Vice, Marc; Murray; Elizabeth; Sisson, Eric; Ehmann, Melissa | Requesting advice of counsel concerning a transaction. | Attorney-Client |
| GSE_T_01141628 | GSE_T_01141631 | GSE_T_01141628 | GSE_T_01141628 | 2/14/2005 | E-mail string | Alliordi, Richard | Breckenridge, Jonathan*; Bolinar, Marfindo | Volanzaeh, Kathleen; Wade, Robyn; Nelson, Leslie | Vice, Marc; Murray, Elizabeth; Sisson, Eric; Ehmann, Melissa | Reflects advice of counsel concerning a transaction. | Attorney-Client |
| GSE_T_01141632 | GSE_T_01141633 | GSE_T_01141633 | GSE_T_01141633 | 6/15/2006 | E-mail string with attachment (draft worksheet) | Roopsaram, Amelia | Harding, Devora | Goldberg, Eli; Jack; Kathleen; Aumatee, Peter | | Information collected for/provided to counsel (GSI Legal Department*) to facilitate legal advice concerning regulatory requests. | Attorney-Client |
| GSE_T_01141634 | GSE_T_01141636 | GSE_T_01141636 | GSE_T_01141636 | 6/20/2006 | E-mail string with attachment (draft worksheet) | Roopsaram, Amelia | Harding, Devora | Ahearn, Kevin; Wade, Richard; Kaani, Faiaz; Golumbia, Court | | Information collected for/provided to counsel (GSI Legal Department*) to facilitate legal advice concerning regulatory request. | Attorney-Client |
| GSE_T_01141634 | GSE_T_01141639 | GSE_T_01141638 | GSE_T_01141638 | 1/18/2006 | E-mail with multiple attachments (draft report) | Bamford, Doris | Golumbia, Court; Matthias, Tont; Elis, Steve; Jack, Kathleen | Danova, Elena; Lee, Jennifer | | Information collected for/provided to counsel (GSI Legal Department*) to facilitate legal advice concerning compliance report. | Attorney-Client |
| GSE_T_01141637 | GSE_T_01141639 | GSE_T_01141639 | GSE_T_01141639 | 1/18/2006 | (draft worksheet) | Bamford, Doris | Golumbia, Court; Matthias, Tont; Elis, Steve; Jack, Kathleen | Danova, Elena; Lee, Jennifer | | Information collected for/provided to counsel (GSI Legal Department*) to facilitate legal advice concerning regulatory request. | Attorney-Client |

Unless noted otherwise, the listed individuals are employees of Goldman Sachs.
* Denotes in-house counsel
** Denotes outside counsel

22

CONFIDENTIAL TREATMENT REQUESTED BY GOLDMAN SACHS

LOG OF DOCUMENTS PRODUCED IN REDACTED FORM[1]

Goldman Sachs November 24, 2009 through February 8, 2010 Productions

*Texas Intercontinental, et. al. v. Morgan Stanley Co., et. al.*

| Beginning Bates | End Bates | Redacted Pages Start | Redacted Pages End | Date | Document Type | Author | Recipients | Copyees | Other Participants in E-mail Chain | Subject Matter | Privilege |
|---|---|---|---|---|---|---|---|---|---|---|---|
| GSE_T 01141044 | GSE_T 01141044 | GSE_T 01141042 | GSE_T 01141043 | 10/14/2004 | E-mail string | Gross, Amy | Alibert, Richard | Noble, David; Miller, David | Colomonico, Eric; Kellogg, James; Conti, James; Aiuvarez, Peter; Breckonridge, Jonathan* | Reflects advice of counsel concerning a transaction. | Attorney-Client |

[1] As agreed by the parties, we have excluded from this log communications related to the instant litigation that are protected by the attorney-client privilege or work-product doctrine.

Unless noted otherwise, the listed individuals are employees of Goldman Sachs.
*Denotes in-house counsel
**Denotes outside counsel

CONFIDENTIAL TREATMENT REQUESTED BY GOLDMAN SACHS

LOG OF DOCUMENTS WITHHELD FROM PRODUCTION[1]

Goldman Sach's November 24, 2009 through February 8, 2010 Productions

_Taser International, et al. v. Morgan Stanley Co., et al._

| Date | Document Type | Author | Recipients | Copyees | Other Participants in E-mail Chain | Subject Matter | Privilege |
|---|---|---|---|---|---|---|---|
| 1/10/2005 | E-mail string with attachment (draft report) | Durso, Steve | Jack, Kathleen | Lou, Jennifer | Coplu, Ali | Reflects advice of counsel concerning compliance testing. | Attorney-Client |
| 7/13/2005 | E-mail string | O'Malley, Steve | Jabally, Anthony; Nguyen, Frederic; Ciasca, Michael; Lang, Jeff; Flerlage, Ken; Marquez, Erica; Breckenridge, Jonathan* | Bertoldi, Jessica*; Kerlin, Dennis; Kelly, Keri | | Information collected for/provided to counsel to facilitate legal advice concerning an NASD request. | Attorney-Client |
| 7/13/2005 | E-mail string with attachment (draft report) | Ciasca, Michael | O'Malley, Steve; Jabally, Anthony; Nguyen, Frederic; Lang, Jeff; Flerlage, Ken; Marquez, Erica; Breckenridge, Jonathan* | Bertoldi, Jessica*; Kerlin, Dennis; Kelly, Keri; Cohen, Mitchell | | Information collected for/provided to counsel to facilitate legal advice concerning an NASD request. | Attorney-Client |
| 7/14/2005 | E-mail string | Marquez, Erica | Ciasca, Mitchell | | O'Malley, Steve; Jabally, Anthony; Nguyen, Frederic; Lang, Jeff; Flerlage, Ken; Marquez, Erica; Breckenridge, Jonathan*; Bertoldi, Jessica* Kerlin, Dennis; Kelly, Keri; Cohen, Mitchell | Information collected for/provided to counsel to facilitate legal advice concerning an NASD request. | Attorney-Client |
| 7/15/2005 | E-mail string | Lang, Jeff | Cohen, Mitchell | | Jabally, Anthony; Nguyen, Frederic; Ciasca, Michael; Flerlage, Ken; Marquez, Erica; Bertoldi, Jessica*; Kerlin, Dennis; Kelly, Keri; O'Malley, Steve; Breckenridge, Jonathan* | Information requested by counsel on which to base legal advice concerning NASD request. | Attorney-Client |
| 7/15/2005 | E-mail string | Flerlage, Ken | Cohen, Mitchell | Lang, Jeff; O'Malley, Steve | Jabally, Anthony; Nguyen, Frederic; Ciasca, Michael; Marquez, Erica; Bertoldi, Jessica*; Kerlin, Dennis; Kelly, Keri; Breckenridge, Jonathan* | Information requested by counsel on which to base legal advice concerning NASD request. | Attorney-Client |
| 7/15/2005 | E-mail string | Cohen, Mitchell | Flerlage, Ken | | Jabally, Anthony; Ciasca, Michael; Lang, Jeff; Marquez, Erica; Bertoldi, Jessica*; Kerlin, Dennis; Kelly, Keri; O'Malley, Steve; Breckenridge, Jonathan* | Information requested by counsel on which to base legal advice concerning NASD request. | Attorney-Client |
| 7/15/2005 | E-mail string | Cohen, Mitchell | O'Malley, Steve; Ciasca, Michael; Jabally, Anthony; Nguyen, Frederic; Lang, Jeff; Flerlage, Ken; Marquez, Erica; Breckenridge, Jonathan* | Bertoldi, Jessica*; Kerlin, Dennis; Kelly, Keri | | Information collected for/provided to counsel to facilitate legal advice concerning an NASD request. | Attorney-Client |

Unless noted otherwise, the listed individuals are employees of Goldman Sachs.
*Denotes in-house counsel
**Denotes outside counsel

CONFIDENTIAL TREATMENT REQUESTED BY GOLDMAN SACHS

LOG OF DOCUMENTS WITHHELD FROM PRODUCTION[1]

Goldman Sach's November 24, 2009 through February 8, 2010 Productions

_Tiser International, et al. v. Morgan Stanley Co., et al._

| Date | Document Type | Author | Recipients | Copyees | Other Participants in E-mail Chain | Subject Matter | Privilege |
|---|---|---|---|---|---|---|---|
| 7/18/2005 | E-mail with attachment (draft response to NASD) | O'Malley, Steve | Breckenridge, Jonathan*; Bertoldi, Jessica*; Flertiage, Ken; Korin, Dennis; Kelly, Keri; Jabaily, Anthony; Ciasca, Michael. | | | Reflects advice of counsel concerning an NASD request. | Attorney-Client |
| 7/18/2005 | E-mail string with attachment (draft response to NASD) | Breckenridge, Jonathan* | O'Malley, Steve; Bertoldi, Jessica*; Flertiage, Ken; Korin, Dennis; Kelly, Keri; Jabaily, Anthony; Ciasca, Michael. | Wade, Richard; Abasin, Kevin; Grafton, Susan* | | Reflects advice of counsel concerning an NASD request. | Attorney-Client |
| 8/22/2005 | E-mail with attachment (spreadsheet) | Borges, Jacqueline | Cahill, Adam | | | Reflects advice of counsel (GS Legal Department*) concerning compliance testing. | Attorney-Client |
| 9/9/2005 | E-mail string with multiple attachments (draft responses to NASD) | O'Malley, Steve | Nguyen, Frederic | Lang, Jeff; Wade, Richard; Abasin, Kevin; Ciasca, Michael; Cohen, Mitchell; Korin, Dennis | Jabaily, Anthony; Flertiage, Ken; Marquez, Erica; Bertoldi, Jessica*; Kelly, Keri; Breckenridge, Jonathan* | Information requested by counsel on which to base legal advice concerning an NASD request. | Attorney-Client |
| 11/23/2005 | E-mail string | O'Malley, Steve | O'Malley, Steve; Ciasca, Michael; Cohen, Mitchell; Nguyen, Frederic | Korin, Dennis; Gray, Jennifer* | | Information collected for/provided to counsel (GS Legal Department*) to facilitate legal advice concerning an NASD request. | Attorney-Client |
| 11/23/2005 | E-mail string | Cohen, Mitchell | Ciasca, Michael | | Cohen, Mitchell; Nguyen, Frederic; Korin, Dennis; Gray, Jennifer* | Information collected for/provided to counsel to facilitate legal advice concerning an NASD request. | Attorney-Client |
| 11/23/2005 | E-mail string | O'Malley, Steve | Ciasca, Michael | Korin, Dennis; Gray, Jennifer*; Cohen, Mitchell | Nguyen, Fredric | Information collected for/provided to counsel (GS Legal Department*) to facilitate legal advice concerning an NASD request. | Attorney-Client |
| 11/26/2005 | E-mail string | O'Malley, Steve | Ciasca, Michael | Korin, Dennis; Gray, Jennifer*; Cohen, Mitchell | Nguyen, Fredric | Information collected for/provided to counsel (GS Legal Department*) to facilitate legal advice concerning an NASD request. | Attorney-Client |

2

Unless noted otherwise, the listed individuals are employees of Goldman Sachs.
*Denotes in-house counsel
**Denotes outside counsel

CONFIDENTIAL TREATMENT REQUESTED BY GOLDMAN SACHS

LOG OF DOCUMENTS WITHHELD FROM PRODUCTION[1]

Goldman Sach's November 24, 2009 through February 8, 2010 Productions

*Taser International, et al. v. Morgan Stanley Co., et al.*

| Date | Document Type | Author | Recipients | Copyees | Other Participants in E-mail Chain | Subject Matter | Privilege |
|------|---------------|--------|------------|---------|-----------------------------------|----------------|-----------|
| 12/5/2005 | E-mail with attachment (draft report) | Ciasca, Michael. | O'Malley, Steve; Schulz, Christina*; Stelcier, Beth (WH)** | | | Information collected for/provided to counsel to facilitate legal advice concerning NASD request. | Attorney-Client |
| 12/7/2005 | E-mails with multiple attachments (draft reports) | Ciasca, Michael. | Schulz, Christina* | | | Information collected for/provided to counsel to facilitate legal advice concerning NASD request. | Attorney-Client |
| 12/7/2005 | E-mails with multiple attachments (draft reports) | Ciasca, Michael. | O'Malley, Steve; Schulz, Christina* | Stelcier, Beth (WH)**; Kerfin, Dennis; Kelly, Kerl | | Information collected for/provided to counsel to facilitate legal advice concerning NASD request. | Attorney-Client |
| 12/7/2005 | E-mail string | O'Malley, Steve | Ciasca, Michael; Schulz, Christina* | Stelcier, Beth (WH)**; Kerfin, Dennis; Kelly, Kerl | | Information collected for/provided to counsel to facilitate legal advice concerning NASD request. | Attorney-Client |
| 12/7/2005 | E-mail string with multiple attachments (draft reports) | Ciasca, Michael. | Schulz, Christina* | | | Information collected for/provided to counsel to facilitate legal advice concerning NASD request. | Attorney-Client |
| 12/13/2005 | E-mail string with attachment (draft response to NASD) | Stelcier, Beth (WH)** | Schulz, Christina* | Kelly, Kerl; Kerfin, Dennis | | Reflects advice of counsel concerning NASD request. | Attorney-Client |
| 12/14/2005 | E-mail string with multiple attachments (draft response to NASD) | Stelcier, Beth (WH)** | Schulz, Christina* | Kelly, Kerl; Kerfin, Dennis | | Reflects advice of counsel concerning NASD request. | Attorney-Client |

3

Unless noted otherwise, the listed individuals are employees of Goldman Sachs.
*Denotes in-house counsel
**Denotes outside counsel

CONFIDENTIAL TREATMENT REQUESTED BY GOLDMAN SACHS

LOG OF DOCUMENTS WITHHELD FROM PRODUCTION[1]

Goldman Sach's November 24, 2009 through February 8, 2010 Productions

Taser International, et al. v. Morgan Stanley Co., et al.

| Date | Document Type | Author | Recipients | Copyees | Other Participants in E-mail Chain | Subject Matter | Privilege |
|---|---|---|---|---|---|---|---|
| 12/14/2005 | E-mail string | Breckenridge, Jonathan* | Stabler, Beth [WHJ]**; Schutz, Christina* | Kelly, Kent; Kerlin, Dennis | Wondrack, Jon; Ostroff, Larry; Sessions, David; Dangler, James; McWilliams, Kelly; Dupuy, Mary; Nelson, Leslie; Cohen, Mitchell; Nguyen, Frederic; Clasen, Michael; Hamlin, Deveraughn; Lang, Jeff; Wade, Richard; Ahearn, Kevin | Advice of counsel concerning NASD request. | Attorney-Client |
| 12/14/2005 | E-mail string | Breckenridge, Jonathan* | Schutz, Christina* | | | Advice of counsel concerning NASD request. | Attorney-Client |
| 1/23/2006 | E-mail with multiple attachments (draft presentation; draft worksheet) | Danova, Elena | Mass, Robert* | Matthias, Tom; Ellis, Steve; Jack, Kashhbaar; Columbia, Court | | Information collected for/provided to counsel to facilitate legal advice concerning compliance review. | Attorney-Client |
| 5/22/2006 | E-mail string | Quartermaine, Michele | Yep, Robert | Chow, Judy; Auwarter, Peter; Lapar, Philip; Rooprashne, Amelia; Breckenridge, Jonathan*; Kellogg, James | | Information collected for/provided to counsel (GS Legal Department*) to facilitate legal advice concerning NASD request. | Attorney-Client |
| 5/22/2006 | E-mail string | Breckenridge, Jonathan* | Yep, Robert; Quartermaine, Michele | Chow, Judy; Auwarter, Peter; Lapar, Philip; Rooprashne, Amelia; Kellogg, James | | Advice of counsel concerning NASD request. | Attorney-Client |

[1] As agreed by the parties, we have excluded from this log communications related to the instant litigation that are protected by the attorney-client privilege or work-product doctrine.

4

Unless noted otherwise, the listed individuals are employees of Goldman Sachs.
*Denotes in-house counsel
**Denotes outside counsel

**State Court of Fulton County**
**\*\*\*EFILED\*\*\***
LexisNexis Transaction ID: 31280812
Date:  May 24 2010  6:26PM
Mark Harper, Clerk

# Exhibit O

144910.1

CONFIDENTIAL TREATMENT REQUESTED

LOG OF DOCUMENTS WITHHELD FROM PRODUCTION
Third Amended Joint Privilege Log et al.

LOG OF DOCUMENTS WITHHELD FROM PRODUCTION

CONFIDENTIAL TREATMENT REQUESTED

CONFIDENTIAL TREATMENT REQUESTED

Merrill Lynch, Pierce, Fenner & Smith Incorporated

LOG OF DOCUMENTS WITHHELD FROM PRODUCTION
Transactions Involving of in re Lehman Bros. Sec. Lit.

CONFIDENTIAL TREATMENT REQUESTED

Merrill Lynch, Pierce, Fenner Smith Incorporated

LOG OF DOCUMENTS WITHHELD FROM PRODUCTION
*Denotes Information Redacted and/or Attorney Blacked Out, et al.

Merrill Lynch, Pierce, Fenner Smith Incorporated

LOG OF DOCUMENTS WITHHELD FROM PRODUCTION
Taylor Defendants et al. v. Morgan Stanley Co., et al.

CONFIDENTIAL TREATMENT REQUESTED

LOG OF DOCUMENTS WITHHELD FROM PRODUCTION

CONFIDENTIAL TREATMENT REQUESTED

Merrill Lynch, Pierce, Fenner Smith Incorporated

LOG OF DOCUMENTS WITHHELD FROM PRODUCTION
*Taser International, et al. v. Morgan Stanley Co., et al.*

CONFIDENTIAL TREATMENT REQUESTED

| Number | Document Type | Date | Author | Recipient(s) | Other Recipients (CC) | BCC | Privilege | Subject Matter |
|---|---|---|---|---|---|---|---|---|
| 125 | E-mail with attachment | 7/17/2008 8:21 | Viswanathan, Chand (GWM-CAI) | Mo, Frank (Transaction Mgmt/Corresp Clrng Tech); Channasandiram, Adi (GWM-CAI); Dennis, Martha (OGC)*; Bastedo, Dan (USPC.PCS&T.Hopewell); Woo, Amy T (OGC)*; +TMCCT Help Desk | Rawin, Sofya (Transaction Mgmt/Corresp Clrng Tech); Dela Cruz, Amadeo (Transaction Mgmt/Corresp Clrng Tech) | Mo, Frank (Transaction Mgmt/Corresp Clrng Tech); Channasandiram, Adi (GWM-CAI); Dennis, Martha (OGC)*; Bastedo, Dan (USPC.PCS&T.Hopewell); Woo, Amy T (OGC)*; +TMCCT Help Desk; Rawin, Sofya (Transaction Mgmt/Corresp Clrng Tech); Dela Cruz, Amadeo (Transaction Mgmt/Corresp Clrng Tech) | Attorney-Client | From client to attorneys and business people providing information requested to provide legal advice regarding internal compliance procedures. |
| 126 | E-mail with attachment | 7/17/2008 9:49 | Woo, Amy T (OGC)* | Mo, Frank (Transaction Mgmt/Corresp Clrng Tech) | Dennis, Martha (OGC)*; Bastedo, Dan (USPC.PCS&T.Hopewell) | Mo, Frank (Transaction Mgmt/Corresp Clrng Tech); Dennis, Martha (OGC)*; Bastedo, Dan (USPC.PCS&T.Hopewell) | Attorney-Client | From attorney to client containing legal advice and requesting information necessary to provide legal advice regarding internal compliance procedures. |
| 127 | E-mail with attachment | 7/17/2008 13:42 | Woo, Amy T (OGC)* | Bastedo, Dan (USPC.PCS&T.Hopewell); Wright, Vanessa (USPC.PCS&T.Hopewell) | Dennis, Martha (OGC)* | Bastedo, Dan (USPC.PCS&T.Hopewell); Wright, Vanessa (USPC.PCS&T.Hopewell); Dennis, Martha (OGC)* | Attorney-Client | From attorney to client containing legal advice regarding compliance with internal procedures. |
| 128 | E-mail with attachments | 10/2/2008 10:41 | Bastedo, Dan (CBCC.Hopewell) | Dennis, Martha (OGC)*; Mo, Frank (Transaction Mgmt/Corresp Clrng Tech); Rossi, Maria (CBCC.Hopewell); Woo, Amy T (OGC)*; Channasandiram, Adi (GWM-CAI) | Martin, Terry (GMIST-Transaction Mgmt/Corresp Clrng Tech); Catta, Tony (GMIS, US TRAD SVCS) | Dennis, Martha (OGC)*; Channasandiram, Adi (GWM-CAI); Mo, Frank (Transaction Mgmt/Corresp Clrng Tech); Rossi, Maria (CBCC.Hopewell); Woo, Amy T (OGC)*; Martin, Terry (GMIST-Transaction Mgmt/Corresp Clrng Tech); Catta, Tony (GMIS, US TRAD SVCS) | Attorney-Client | From client to attorneys and business people conveying legal advice and providing information necessary to provide legal advice regarding internal compliance procedures. |
| 129 | E-mail with attachment | 7/17/2008 9:21 | Viswanathan, Chand (GWM-CAI) | Mo, Frank (Transaction Mgmt/Corresp Clrng Tech); Channasandiram, Adi (GWM-CAI); Dennis, Martha (OGC)*; Bastedo, Dan (USPC.PCS&T.Hopewell); Woo, Amy T (OGC)*; +TMCCT Help Desk | Rawin, Sofya (Transaction Mgmt/Corresp Clrng Tech); Dela Cruz, Amadeo (Transaction Mgmt/Corresp Clrng Tech) | Mo, Frank (Transaction Mgmt/Corresp Clrng Tech); Channasandiram, Adi (GWM-CAI); Dennis, Martha (OGC)*; Bastedo, Dan (USPC.PCS&T.Hopewell); Woo, Amy T (OGC)*; +TMCCT Help Desk; Rawin, Sofya (Transaction Mgmt/Corresp Clrng Tech); Dela Cruz, Amadeo (Transaction Mgmt/Corresp Clrng Tech) | Attorney-Client | From client to attorneys and business people providing information requested to provide legal advice regarding internal compliance procedures. |
| 130 | E-mail with attachment | 7/18/2008 15:06 | Bastedo, Dan (CBCC.Hopewell) | Wright, Vanessa (USPC.PCS&T.Hopewell) | | | Attorney-Client | Between business people conveying legal advice regarding compliance with internal procedures. |
| 131 | E-mail with attachment | 7/18/2008 16:35 | Bastedo, Dan (CBCC.Hopewell) | Wright, Vanessa (USPC.PCS&T.Hopewell) | | | Attorney-Client | Between business people conveying legal advice regarding compliance with internal procedures. |
| 132 | E-mail with attachments | 9/10/2008 14:49 | Mastrianni, Joseph (GEF-Americas) | Messinger, Linda (GEF - Americas); LoPresti, Joseph; Duran, Edwin (OGC)*; Young, Scott (GEF - Americas) | | | Attorney-Client | From client to attorney requesting legal advice regarding a FINRA inquiry. |
| 133 | E-mail | 3/7/2008 9:00 | Mastrianni, Joseph (GEF-Americas) | Duran, Edwin (OGC)* | | | Attorney-Client | From client to attorney providing information necessary to provide legal advice regarding a NASD inquiry. |
| 134 | E-mail | 3/7/2008 9:23 | Duran, Edwin (OGC)* | Mastrianni, Joseph (GEF-Americas) | | | Attorney-Client; Attorney Work Product | From attorney to client containing legal advice regarding a NASD inquiry. |
| 135 | E-mail with attachment | 5/13/2008 13:58 | Ruth, George (USPC.PCS&T.Hopewell) | Moynihan, Kevin (OGC)*; Mahlstedt, Harry (USPC.PCS&T.Hopewell) | Sappington, Bill (GSSL - NJ); Babbitt, Keith (GEF-Americas); Wojciehowski, Ben (USPC.PCS&T.Hopewell) | Wojciehowski, Ben (USPC.PCS&T.Hopewell); Moynihan, Kevin (OGC)*; Mahlstedt, Harry (USPC.PCS&T.Hopewell); Sappington, Bill (GSSL - NJ); Babbitt, Keith (GEF-Americas) | Attorney-Client | From client to attorney(s) providing information necessary to provide legal advice regarding compliance with Reg SHO. |
| 136 | E-mail with attachment | 5/13/2005 14:48 | Ruth, George (USPC.PCS&T.Hopewell) | Semen, George (USPC.PCS&T.Hopewell) | | | Attorney-Client | Between business people conveying legal advice regarding compliance with Reg SHO. |
| 137 | E-mail with attachment | 5/16/2005 11:14 | Ruth, George (USPC.PCS&T.Hopewell) | Mahlstedt, Harry (USPC.PCS&T.Hopewell) | | | Attorney-Client | Between business people conveying legal advice regarding compliance with Reg SHO. |
| 138 | E-mail with attachment | 5/13/2005 13:54 | Moynihan, Kevin (OGC)* | Tirrell, William (Reg Rptg - MOR) | | | Attorney-Client; Attorney Work Product | From attorney to client containing legal advice regarding compliance with Reg SHO. |
| 139 | E-mail with attachment | 5/19/2005 11:26 | Moynihan, Kevin (OGC)* | Tirrell, William (Reg Rptg - MOR) | | | Attorney-Client; Attorney Work Product | From attorney to client containing legal advice regarding compliance with Reg SHO. |
| 140 | E-mail with attachments | 6/20/2007 17:20 | Dorenbos, Peter (GEF&S) | Messinger, Linda (GEF - Americas) | | | Attorney-Client | Between business people conveying legal advice and preparing information requested by counsel to provide legal advice regarding an SEC inquiry. |
| 141 | E-mail with attachments | 9/25/2007 13:06 | Dorenbos, Peter (GEF&S) | Campion, Kevin J.**; Messinger, Linda (GEF - Americas) | | Campion, Kevin J.**; Messinger, Linda (GEF - Americas) | Attorney-Client | From client to attorney providing information necessary to provide legal advice regarding a NASD inquiry. |
| 142 | E-mail with attachment | 12/18/2007 18:22 | Wizniuk, Steve (MLPRO Chi) | Dorenbos, Peter (GEF&S) | | | Attorney-Client | Between business people conveying legal advice regarding FINRA and CBOE inquiries. |
| 143 | E-mail with attachment | 1/10/2008 16:48 | Dorenbos, Peter (GEF&S) | Woods, Ellen (OGC)*; Burke, Scott (OGC)* | Wizniuk, Steve (MLPRO Chi) | Burke, Scott (OGC)*; Wizniuk, Steve (MLPRO Chi); Woods, Ellen (OGC)* | Attorney-Client | From client to attorney prepared at the request of counsel and providing information necessary to provide legal advice regarding regulatory inquiries. |
| 144 | E-mail with attachment | 1/10/2008 16:53 | Dorenbos, Peter (GEF&S) | Messinger, Linda (GEF - Americas) | | | Attorney-Client | Between business people providing documents prepared at the request of counsel and providing information necessary to provide legal advice regarding regulatory inquiries. |
| 145 | E-mail with attachment | 1/8/2007 8:58 | Wizniuk, Steve (MLPRO Chi) | Schreyer, Rudolph (OGC)*; Walker, Tristian (OGC)*; Algaze, Adam (OGC)* | Dorenbos, Peter (GEF&S) | Schreyer, Rudolph (OGC)*; Walker, Tristian (OGC)*; Algaze, Adam (OGC)*; Dorenbos, Peter (GEF&S) | Attorney-Client | From client to attorneys and business people prepared at the request of counsel and providing information necessary to provide legal advice regarding Blue Sheet requests. |
| 146 | E-mail with attachment | 12/6/2006 11:43 | Wizniuk, Steve (MLPRO Chi) | Schreyer, Rudolph (OGC)*; Walker, Tristian (OGC)*; Algaze, Adam (OGC)* | Dorenbos, Peter (GEF&S) | Schreyer, Rudolph (OGC)*; Walker, Tristian (OGC)*; Algaze, Adam (OGC)*; Dorenbos, Peter (GEF&S) | Attorney-Client | From client to attorneys and business people prepared at the request of counsel and providing information necessary to provide legal advice regarding Blue Sheet requests. |
| 147 | E-mail with attachment | 2/6/2008 13:58 | Wizniuk, Steve (MLPRO Chi) | Dorenbos, Peter (GEF&S) | | Dorenbos, Peter (GEF&S) | Attorney-Client | Between business people conveying legal advice regarding production of documents and filing for litigation. |
| 148 | E-mail with attachment | 1/5/2009 12:28 | Dorenbos, Peter (GEF&S) | Algaze, Adam (OGC)* | | | Attorney-Client | From client to attorney prepared at the request of counsel and providing information necessary to provide legal advice regarding Blue Sheet requests. |
| 149 | E-mail with attachment | 12/7/2004 14:04 | Kosarski, Sree (GM Development) | Gettens, Sean (OGC)* | | | Attorney-Client | From client to attorney providing information necessary to provide legal advice regarding an SEC inquiry. |
| 150 | E-mail with attachment | 2/27/2006 8:18 | Dolce, Debra (GMIS, US TRAD SVCS) | Marquez, Valarie (GMIS, CLT SVCS AMER) | | | Attorney-Client | Between business people conveying legal advice and providing information necessary to provide legal advice regarding error accounts. |
| 151 | E-mail with attachment | 5/12/2005 17:01 | Messinger, Linda (GEF - Americas) | Santangelo, Robert (TCS, US STLMNT SRVS); Nass, Celia (TCS, BUS DEV & SIGM) | | Santangelo, Robert (TCS, US STLMNT SRVS); Nass, Celia (TCS, BUS DEV & SIGM) | Attorney-Client | Between business people conveying legal advice and requesting information necessary to provide legal advice regarding disclaimers for client communications. |
| 152 | E-mail with attachment | 5/13/2005 8:47 | Santangelo, Robert (TCS, US STLMNT SRVS) | Albella, Joseph (TCS, US STLMNT SRVS); Radziewski, Bruno (TCS, US STLMNT SRVS) | | | Attorney-Client | Between business people conveying legal advice and requesting information necessary to provide legal advice regarding disclaimers for client communications. |

*Denotes in-house counsel
**Denotes outside counsel



Merrill Lynch, Pierce, Fenner and Smith Incorporated

**SUPPLEMENTAL LOG OF DOCUMENTS WITHHELD FROM PRODUCTION**

*Zeart Incusiness/, et al. v. Morgan Stanley and Co., et al.*

CONFIDENTIAL TREATMENT REQUESTED

| No. | Doc Type | Date/Time | Author/From | Recipient/To | CC | BCC | Privilege | Subject matter/Basis |
|---|---|---|---|---|---|---|---|---|
| 1 | Email | 1/27/05 9:03 AM | Massingue, Linda (MLPRO – Compliance) | Polline, Joseph (GEF-Americas) | | Polline, Joseph (GEF-Americas) | Attorney-Client | Between business people to comply/legal advice regarding compliance with Reg SHO. |
| 2 | Email | 1/27/05 6:18 AM | Polline, Joseph (GEF-Americas) | Massingue, Linda (GEF-Americas) | | | Attorney-Client | Between business people requesting legal advice regarding compliance with Reg SHO. |
| 3 | Email with attachment | 1/27/07 4:44 PM | Vatsch, Steve (MLPRO CN) | Massingue, Linda (GEF-Americas); Medina, Diana (GEF-Americas) | | Massingue, Linda (GEF-Americas) | Attorney-Client | Between business people requesting information necessary to provide legal advice regarding regulatory inquiries into market maker activity. |
| 4 | Email with attachment | 1/27/07 5:11 PM | Vatsch, Steve (MLPRO CN) | Massingue, Linda (GEF-Americas); Medina, Diana (GEF-Americas) | | Medina, Diana (GEF-Americas); Massingue, Linda (GEF-Americas) | Attorney-Client | Between business people providing information necessary to provide legal advice regarding regulatory inquiries into market maker activity. |
| 5 | Email with attachment | 1/27/07 5:35 PM | Vatsch, Steve (MLPRO CN) | Massingue, Linda (GEF-Americas); Medina, Diana (GEF-Americas) | | Massingue, Linda (GEF-Americas); Medina, Diana (GEF-Americas) | Attorney-Client | Between business people providing information necessary to provide legal advice regarding regulatory inquiries into market maker activity. |
| 6 | Email with attachment | 4/28/2005 10:15 PM | Biduborwsky, Oki (Global Equity Markets) | Vatsel, Jennifer (OCC)* | Zalesky, Paul (Global Equity Markets); Matzyn, Devine (Merrill Lynch Banks U.S.); ... | | Attorney-Client | From client to attorney reflecting and requesting legal advice regarding [illegible] securities. |
| 7 | Email with attachments | 4/27/05 9:51 AM | Speleter, Brian (Merrill Lynch Banks U.S.) | Vatsel, Jennifer (OCC)* | Zalesky, Paul (Global Equity Markets); Matzyn, Devine (Merrill Lynch Banks U.S.); ... | | Attorney-Client | |
| 8 | Email with attachments | 7/14/08 11:21 AM | Lerke, Matthew (OCC)* | Syska, David (OCC)* | Oren, Thomas (OCC)* | | Attorney-Client | From attorney requesting legal advice regarding to be executions. |
| 9 | Email | 7/17/08 5:27 PM | Reynolds, Linda (OCC)* | Labscha, Arnel (GMI – NY Portfolio Trading); Syska, Matthew (GMI – NY Portfolio Trading); Lane, Kenneth | Lerke, Matthew (OCC)*; Oren, Thomas (OCC)* | Oren, Thomas (OCC)* | Attorney-Client | Between clients and attorneys requesting and resolving legal advice regarding [illegible]. |
| 10 | Email | 7/18/08 11:22 AM | Labscha, Arnel (GMI – NY Portfolio Trading) | Reynolds, Linda (OCC)*; Syska, Matthew (GMI – NY Portfolio Trading); Lane, Kenneth | Lerke, Matthew (OCC)*; Oren, Thomas (OCC)*; Syska, Matthew (GMI – NY Portfolio Trading); Lane, Kenneth | | Attorney-Client | Between clients and attorneys requesting and obtaining legal advice regarding compliance [illegible]. |
| 11 | Email | 7/18/08 11:54 AM | Lerke, Matthew (OCC)* | Labscha, Arnel (GMI – NY Portfolio Trading) | | Oren, Thomas (OCC)* | Attorney-Client | From client to attorney providing legal advice and requesting information necessary to provide legal advice regarding [illegible]. |
| 12 | Email | 7/18/08 12:20 PM | Labscha, Arnel (GMI – NY Portfolio Trading) | Lerke, Matthew (OCC)* | | Oren, Thomas (OCC)* | Attorney-Client | From client to attorney providing information requested by counsel necessary to provide legal advice regarding compliance with Reg SHO. |
| 13 | Email | 7/18/08 12:41 PM | Labscha, Arnel (GMI – NY Portfolio Trading) | Reynolds, Linda (OCC)*; Syska, Matthew (GMI – NY Portfolio Trading); Lane, Kenneth | Lerke, Matthew (OCC)*; Oren, Thomas (OCC)*; Syska, Matthew (GMI – NY Portfolio Trading); Lane, Kenneth | | Attorney-Client | From client to attorney providing information requested by counsel necessary to provide legal advice regarding compliance with Reg SHO. |
| 14 | Email | 7/18/08 12:49 PM | Lerke, Matthew (OCC)* | Johnson, Chris (GMI – NY Portfolio Trading); Labscha, Lee (GMI – NY Portfolio Trading) | | | Attorney-Client | From client to attorney requesting legal advice regarding compliance with Reg SHO. |
| 15 | Email | 8/4/08 10:19 PM | Mandik, Lee (GMI – NY Portfolio Trading) | Lerke, Matthew (OCC)*; Johnson, Chris (GMI – NY Portfolio Trading) | Lerke, Matthew (OCC)* | Oren, Thomas (OCC)* | Attorney-Client | From client to attorney requesting legal advice regarding compliance with Reg SHO. |
| 16 | Email | 9/08 10:00 AM | Johnson, Chris (GMI – NY Portfolio Trading) | Lerke, Matthew (OCC)* | Oren, Thomas (OCC)*; Mandik, Lee (GMI – NY Portfolio Trading) | | Attorney-Client | From direct to attorney requesting legal advice regarding compliance with Reg SHO. |
| 17 | Email | 9/5/08 11:36 AM | Lerke, Matthew (OCC)* | Johnson, Chris (GMI – NY Portfolio Trading) | Oren, Thomas (OCC)*; Mandik, Lee (GMI – NY Portfolio Trading) | | Attorney-Client | From attorney to client containing legal advice regarding compliance with Reg SHO. |
| 18 | Email with attachments | 10/9/08 9:53 AM | Gelfken, Elsa (OCC)* | Wolanker, Michele (OCC/Benchmark) | Fitzgerald, John (GMI – US Cash Equity Trading); Oren, Thomas (OCC)* | | Attorney-Client* | From attorney to client containing legal advice and requesting information necessary to provide legal advice regarding compliance with Reg SHO. |
| 19 | Email with attachments | 10/9/08 1:00 PM | Gelfken, Elsa (OCC)* | Fitzgerald, John (GMI – US Cash Equity Trading); Upperan, Edward (GMI – US Cash Equity Trading); Oren, Thomas (OCC)* | | | Attorney-Client | From attorney to client requesting information necessary to provide legal advice regarding compliance with Reg SHO. |

*Denotes in-house counsel
*Denotes outside counsel

Merrill Lynch, Pierce, Fenner and Smith Incorporated

SUPPLEMENTAL LOG OF DOCUMENTS WITHHELD FROM PRODUCTION

*Taut Described et al. v. Morgan Stanley and Co., et al.*

CONFIDENTIAL TREATMENT REQUESTED

| | | | | |
|---|---|---|---|---|
| 32 | Email | 3/2/09 8:33 PM | Alzrado, Amati ( GU&I - NY Portfolio Trading) | Reynolds, Linda (OGC)*; Lippman, Edward (GU&I - US Cash Equity Trading); Welham, Elias (OGC)*; Seidenwald, Lee (GU&I - NY Portfolio Trading); Fitzgerald, John (GU&I - US Cash Equity Trading)*; Hickey, Joseph (GU&I - Americas); Levine, Mohney (OGC)*; Reddick, Mary (OGC); McGinYT) Cleveland, Scott; Manzoni, Steve (GU&I - NY Portfolio Trading); Oren, Thomas (OGC)*; Mahlan, William (OGC - GU&I Cleveland) | Attorney-Client | From client to attorneys requesting legal advice regarding compliance with the SHO. |
| 31 | Email | 2/4/09 9:00 AM | Alzrado, Amati (GU&I - NY Portfolio Trading) | Reynolds, Linda (OGC)*; Lippman, Edward (GU&I - US Cash Equity Trading); Welham, Elias (OGC)*; Seidenwald, Lee (GU&I - NY Portfolio Trading); Fitzgerald, John (GU&I - US Cash Equity Trading)*; Hickey, Joseph (GU&I - Americas); Levine, Mohney (OGC)*; Reddick, Mary (OGC); McGinYT) Cleveland, Scott; Manzoni, Steve (GU&I - NY Portfolio Trading); Oren, Thomas (OGC)*; Mahlan, William (OGC - GU&I Compliance) | Attorney-Client | From client to attorneys providing information necessary to provide legal advice and attorneys providing legal advice regarding compliance with the SHO. |
| 21 | Email | 9/7/09 6:07 AM | Fitzgerald, John (GU&I - US Cash Equity Trading) | Barfield, Angela (OGC)* | Attorney-Client | From client to attorneys requesting legal advice and providing information necessary to provide legal advice regarding trade results. |
| 22 | Email with attachment | 5/22/09 12:11 PM | Barre, Patrick (OGC)* | Oren, Thomas (OGC)* | Attorney-Client | Between attorneys containing legal advice regarding an SEC investigation. |
| 23 | Email with attachment | 5/19/05 1:32 PM | Oren, Thomas (OGC)* | Decker, Robert (OGC)*; Philips, Jon (TGS, US TRAD SVCS); McLeish, Jay (OGC)* - US Cash Equity Trading); Barre, Patrick (OGC)*; Hanwella, Jean (TGS, US TRAD SVCS) | Attorney-Client | From attorney to clients and attorneys containing legal advice regarding compliance with the SHO. |
| 24 | Email with attachment | 6/13/05 3:27 PM | Oren, Thomas (OGC)* | Mair, Robert (GU&I - US Cash Equity Trading) | Attorney-Client | From attorney to client containing legal advice regarding compliance with the SHO. |
| 25 | Email with attachment | 7/2/05 12:32 PM | Decker, Robert (OGC)* | Daher, James (GU&I - Cash Equity) | Attorney-Client | From attorney to client containing legal advice regarding trade results and compliance with the SHO. |
| 26 | Email with attachment | 7/2/05 12:33 PM | Decker, Robert (OGC)* | Daher, James (GU&I - Cash Equity) | Attorney-Client | From attorney to client containing legal advice regarding trade results and compliance with the SHO. |
| 28 | Email with attachment | 1/31/05 11:05 AM | Rosvin, Barry (GME1, Custody Clearance & Settlement) | Loranz, Ann (GU&I Development); Ascan, Jonathan (GU&I - OGC)* | Attorney-Client | Work Product | Between clients and attorneys requesting and providing information necessary to provide legal advice regarding an NASD inquiry. |
| 29 | Email with attachment | 11/6/07 3:24 PM | Walden, Elias (OGC)* | Long, Kevin (GU&I - NY Portfolio Trading); Guo, Mei (GU&I Development); Freeman, Steve (GU&I Development); Oren, Thomas (OGC)*; Thatjafard (US SG); Thatjafard (US Equity Software); Shimuhiro, James (GU&I Development) | Attorney-Client | Between clients and attorneys providing legal advice and requesting information necessary to provide legal advice regarding modification of internal tracking systems. |
| 30 | Email with attachment | 7/3/09 10:21 AM | Cabral, Ruth (GU&I Equity) | Barter, Jarrod (GU&I - NY Portfolio Trading); Nair, Robert (GU&I - US Cash Equity Trading); Lefluo, Malow (GU&I); Malver (GU&I); Beron, Lauri (OGC)*; Malcontents, Drew (OFS Investments & Wealth Management); Drew (OFS Investments & Wealth Management); Oren, Thomas (OGC)*; Nahid, Steve (OGC, Oren); Harris, Rivas (GU&I Development) | Attorney-Client | From client to attorneys requesting legal advice regarding internal tracking systems. |
| 31 | Email with attachment | 11/20/07 8:07 AM | Kirkham, Alison (OGC)* | Oren, Thomas (OGC)*; Fairborn, Ross (GU&I Development); Figueroa, Michael (GU&I, US TRAD SVCS GOGS)*; Philips, Jon (GU&I, US TRAD SVCS GOGS); Reeves, Robert (GU&I, US TRAD SVCS); McLeish, Michael (GU&I, US TRAD SVCS) | Attorney-Client | Between clients and attorneys requesting legal advice regarding internal tracking systems. |
| 32 | Email with attachment | 8/16/06 9:27 AM | Kirkham, Allen (OGC)*; Welcome, Drew (OFS Investments & Wealth Management) | Oren, Thomas (OGC)* | Attorney-Client | From client to attorney requesting legal advice regarding internal tracking systems. |
| 33 | Email with attachment | 8/16/06 9:30 AM | Nair, Robert (GU&I - US Cash Equity Trading) | Ingrassia, Lisa (OGC)*; Nahid, Steve (City, Oren) | Attorney-Client | From client to attorney requesting legal advice regarding internal tracking systems. |
| 34 | Email with attachment | 5/9/07 4:05 PM | Reynolds, Linda (OGC)* | Oren, Thomas (OGC)* | Attorney-Client | Between attorneys containing legal advice regarding compliance with the SHO. |
| 35 | Email with attachment | 8/25/07 9:20 AM | Walden, Elias (OGC)* | Ridley, Jon (GU&I, US TRAD SVCS); Beron, Robert (GME1, US TRAD SVCS); Reeves, E. | Oren, Thomas (OGC)*; Adels, Mary (OFS - Americas) | Attorney-Client | Between clients and attorneys requesting legal advice regarding operation of tracking data for compliance. |
| 36 | Email with attachment | 8/25/07 9:14 AM | Oren, Thomas (OGC)* | Philips, Jon (GU&I, US TRAD SVCS); Reeves, Robert (GME1, US TRAD SVCS); Reeves, E. (GME1, US TRAD SVCS) | Attorney-Client | Between attorneys requesting legal advice regarding operation of tracking data for compliance. |
| 37 | Email with attachment | 9/19/07 9:06 AM | McEvar, Kevin (GU&I Cash Pattern) | Philips, Jon (GU&I, US TRAD SVCS); Reeves, Robert (GME1, US TRAD SVCS); Reeves, E. (GME1, US TRAD SVCS) | Oren, Thomas (OGC)*; McLei, Jay (OGC)*; Adels, Mary (OFS - Americas) | Attorney-Client | From client to attorneys requesting legal advice regarding operation of tracking data for compliance. |
| 38 | Email with attachments | 6/20/07 4:49 PM | McEvar, Kevin (GU&I Cash Pattern) | Philips, Jon (GU&I, US TRAD SVCS); Reeves, Robert (GME1, US TRAD SVCS); Reeves, E. | Oren, Thomas (OGC)*; Adels, Mary (OFS - Americas) | Attorney-Client | Between clients and attorneys requesting legal advice regarding operation of tracking data. |
| 39 | Email with attachment | 10/9/07 4:53 PM | Meyer, Kevin (GU&I Cash Pattern) | Oren, Thomas (OGC)* | Attorney-Client | Between attorneys providing legal advice regarding operation of tracking data. |

* Denotes in-house counsel
** Denotes outside counsel

Merrill Lynch, Pierce, Fenner and Smith Incorporated

SUPPLEMENTAL LOG OF DOCUMENTS WITHHELD FROM PRODUCTION
*Taser International, et al. v. Morgan Stanley and Co., et al.*

CONFIDENTIAL TREATMENT REQUESTED

| | | | | | |
|---|---|---|---|---|---|
| 40 | Email with attachment | 10/10/07 8:39 AM | Oram, Thomas (OGC)* | Reynolds, Linda (OGC)* | Attorney-Client | Between attorney conducting legal advice regarding review of trading data. |
| 41 | Email with attachment | 10/10/07 11:03 AM | Slavey, Kevin (GM Surveillance) | Oram, Thomas (OGC)* | Attorney-Client | From client to attorney regarding legal advice regarding review of trading data. |
| 42 | Email with attachments | 10/11/07 11:23 AM | Bugnacki, Ursi (OGC)* | Valy, Robert (GMI - US Cash Equity Trading); Phillips, Jon (GMI, US TRAD SVCS); Bacsse, Robert (GMI, US TRAD SVCS); Oram, Thomas (OGC)*; Schliesin, Francis (GMI - Development) | Attorney-Client | From attorney to clients regarding advice for FINRA inquiry. |
| 43 | Email with attachment | 10/11/07 11:54 AM | Bugnacki, Ursi (OGC)* | Phillips, Jon (GMI, US TRAD SVCS); Bacsse, Robert (GMI, US TRAD SVCS); Oram, Thomas (OGC)*; Schliesin, Francis (GMI - Development); Hauland (GMI, US TRAD SVCS); Mishak (GMI - US Cash Equity Trading) | Attorney-Client | Between clients and attorneys regarding legal advice regarding trading data for compliance. |
| 44 | Email with attachment | 10/16/07 8:54 AM | Oakham, Elsa (OGC)* | Robert (GMI, US TRAD SVCS); Hauland, Michael (GMI, US TRAD SVCS); Mishak, Robert (GMI - US Cash Equity Trading) | Attorney-Client | From attorney to client and attorney regarding information necessary to provide legal advice regarding trading data for compliance. |
| 45 | Email with attachment | 10/16/07 9:01 AM | Oram, Thomas (OGC)* | Papova, Michael (GMI, US TRAD SVCS) | Attorney-Client | From attorney to client and attorney regarding information necessary to provide legal advice regarding trading data for compliance. |
| 46 | Email with attachment | 11/6/07 8:04 AM | Oram, Thomas (OGC)* | Pelchon, Elsa (OGC)*; Papova, Michael (GMI, US TRAD SVCS); Kleiham, Elsa (OGC)*; Levina, Jay (OGC)* Levine, Matthew (OGC)* | Attorney-Client | Between attorney to client regarding information necessary to provide legal advice regarding trading data for compliance. |
| 47 | Email with attachment | 11/6/07 1:29 PM | Oakham, Elsa (OGC)* | Phillips, Jon (GMI, US TRAD SVCS); Papova, Michael (GMI, US TRAD SVCS); Marvell (GMI, US TRAD SVCS) | Attorney-Client | Between clients and attorneys regarding legal advice regarding trading data for compliance. |
| 48 | Email with attachment | 11/6/07 7:32 AM | Oakham, Elsa (OGC)* | Oram, Thomas (OGC)*; Levina, Matthew (OGC)*; Mishak, Jay (OGC)*; Anton Mishy (GSF – Americas); Mishak, William (OGC – GMI Compliance) | Attorney-Client | Between clients and attorneys regarding legal advice regarding trading data for compliance. |
| 49 | Email with attachment | 11/6/07 8:53 AM | Oakham, Elsa (OGC)* | Papova, Michael (GMI, US TRAD SVCS); Pelchon, Elsa (OGC)*; Levina, Jay (OGC)* | Attorney-Client | From attorney to client requesting information necessary to provide legal advice regarding review of trading data for compliance. |
| 50 | Email with attachment | 11/6/07 9:29 PM | Oakham, Elsa (OGC)* | Oral, Elaine (Equities Trading), Oram, Min (GMI – Development) | Attorney-Client | From attorney to client requesting information necessary to provide legal advice regarding review of trading data for compliance. |
| 51 | Email with attachment | 11/21/07 1:56 PM | Oram, Thomas (OGC)* | Oral, Elaine (Equities Trading), Ben (GMI Development), Dawes (GMI Development), Oram, Thomas (OGC)* (Telafonn, Elsa (OGC)*); Booth (GMI Development, US Penfade Trading); Colephon, Booth (Garments Trading); Oakham, Michael (Equities Trading); Oke, Min (GMI Development) (GMI, US TRAD SVCS) | Attorney-Client | Between clients and attorneys providing legal advice regarding trading data for compliance. |
| 52 | Email with attachment | 11/21/07 1:53 PM | Oram, Thomas (OGC)* | Reynolds, Linda (OGC)* | Attorney-Client | Between attorneys discussing legal advice regarding review of trading data for compliance. |
| 53 | Email with attachment | 11/21/07 10:00 AM | Slade, David (GMI – US Dark Market) | Oram, David (OGC)*; Lam, Wing (GMI Development) | Attorney-Client | From client to attorney providing information necessary to provide legal advice regarding review of trading data. |
| 54 | Email with attachment | 5/9/08 11:56 AM | Levine, Matthew (OGC)* | Oram, Thomas (OGC)* | Attorney-Client | Between attorneys discussing legal advice regarding supervisory review regarding review of trading data. |
| 55 | Email with attachment | 2/10/09 11:56 AM | Kleiham, Ross (GMI Development) | Kim, Lane (GMI Development); Val Vchne (GMI Development); Kleiham, Ross (GMI – NY Penfade Trading); Oakham, Michael (GMI – NY Penfade Trading); Pelchon, Elsa (GMI, US TRAD SVCS); Oram, Thomas (GMI Development) (Equities Trading); Penners, Bernard (Oral, Elaine (Equities Trading); Penfade Trading); Amanda (Analytics); Oram, Min (GMI Development); Schwartz, Steven (GMI Development); Levina, Jay (OGC)*; Mishy, Jay (OGC)*; Ananda (Analytics); Pelchon, Elsa (GMI, US TRAD SVCS) | Attorney-Client | From client to clients and attorneys requesting legal advice regarding trade reporting data. |
| 56 | Email | 6/6/08 9:42 AM | Oram, Thomas (OGC)* | Oram, Thomas (OGC)*; Pelchon, Booth (GMI Development); Lam, Kenneth | Gram, Thomas (OGC)*; Lam, Wing (OGC)* | Attorney-Client | Between clients and attorneys regarding trade execution data. |

*Denotes internal counsel
*Denotes outside counsel

3

State Court of Fulton County
***EFILED***
LexisNexis Transaction ID: 31280812
Date:  May 24 2010  6:26PM
Mark Harper, Clerk

# Exhibit P

February 18, 2010

Taser International, et al. v. Morgan Stanley & Co., et al. (Civ. Action No. 2108-EV-004739-B)
MORGAN STANLEY & CO. INCORPORATED'S FIRST PRIVILEGE LOG

| No. | Date | Document Type | Author(s)/From | Recipient(s)/To | CC/BCC | Description | Privilege Asserted |
|---|---|---|---|---|---|---|---|
| 1. | Apr 27 2007 | Electronic Mail Message Thread with Single Attachment | Richard, William D | Tsang, Jasmin | | Privileged communication seeking and reflecting advice and work product of counsel (Riche McKnight) concerning a regulatory matter. | Attorney-Client; Attorney Work Product |
| 2. | May 18 2007 | Electronic Mail Message Thread with Single Attachment | Richard, William D | McKnight, Riche | | Privileged communication seeking and reflecting advice and work product of counsel (Riche McKnight) concerning a regulatory matter. | Attorney-Client; Attorney Work Product |
| 3. | Mar 13 2007 | Electronic Mail Message Thread with Single Attachment | Richard, William D | McKnight, Riche | | Privileged communication seeking advice of and reflecting work undertaken at the direction of counsel (Riche McKnight) concerning a regulatory matter. | Attorney-Client; Attorney Work Product |
| 4. | May 15 2007 | Electronic Mail Message Thread with Single Attachment | McKnight, Riche | Baross, Richard; Bulfin, Kent; Kopiasacky, Aaron; McKnight, Riche; Sheppell, Michelle | Richard, William D | Privileged communication reflecting advice and work product of counsel (Riche McKnight) concerning a regulatory matter. | Attorney-Client; Attorney Work Product |
| 5. | May 11 2007 | Electronic Mail Message with Single Attachment | Richard, William D | Pestell, Peter | | Privileged communication reflecting work undertaken at the direction of counsel (Riche McKnight) concerning a regulatory matter. | Attorney Work Product |
| 6. | Feb 13 2007 | Electronic Mail Message Thread with Single Attachment | Sheppell, Michelle | Richard, William D; Trombley, Brian | DeCristofaro, Christopher; McKnight, Riche; Rankowski, Lori | Privileged communication seeking advice of and reflecting work undertaken at the direction of counsel (Riche McKnight) concerning a regulatory matter. | Attorney-Client; Attorney Work Product |
| 7. | May 18 2007 | Electronic Mail Message Thread with Single Attachment | Trombley, Brian | McKnight, Riche | Richard, William D | Privileged communication seeking advice and reflecting advice and work product of counsel (Riche McKnight) concerning a regulatory matter. | Attorney-Client; Attorney Work Product |
| 8. | May 18 2007 | Electronic Mail Message with Single Attachment | Richard, William D | McKnight, Riche | | Privileged communication reflecting advice and work product of counsel (Riche McKnight) concerning a regulatory matter. | Attorney-Client; Attorney Work Product |

1 of 6

CONFIDENTIAL

February 18, 2010

Taser International, et al. v. Morgan Stanley & Co., et al. (Civ. Action No. 2008-EV-004739-B)
MORGAN STANLEY & CO. INCORPORATED'S FIRST PRIVILEGE LOG

| Log Number | Bates Number | Date | Document Type | Author/From | To/Recipient | CC | Blind Copy | Privilege Description | Privilege Type |
|---|---|---|---|---|---|---|---|---|---|
| 9. | | Feb 09 2007 | Electronic Mail Message with Single Attachment | Richard, William D | Rutkowski, Lori | DeCrescito, Christopher; McKnight, Richie | | Privileged communication seeking advice of and reflecting work undertaken at the direction of counsel (Richie McKnight) concerning a regulatory matter. | Attorney-Client; Attorney Work Product |
| 10. | | Feb 12 2007 | Electronic Mail Message with Single Attachment | Richard, William D | Shappell, Michelle; Trombley, Brian | DeCrescito, Christopher; McKnight, Richie; Rutkowski, Lori | | Privileged communication seeking advice of and reflecting work undertaken at the direction of counsel (Richie McKnight) concerning a regulatory matter. | Attorney-Client; Attorney Work Product |
| 11. | | Feb 21 2007 | Electronic Mail Message Thread with Single Attachment | Trombley, Brian | Richard, William D; Shappell, Michelle | DeCrescito, Christopher; McKnight, Richie; Rutkowski, Lori | | Privileged communication seeking advice of and reflecting work undertaken at the direction of counsel (Richie McKnight) concerning a regulatory matter. | Attorney-Client; Attorney Work Product |
| 12. | | Apr 05 2007 | Electronic Mail Message with Single Attachment | Richard, William D | McKnight, Richie | Rutkowski, Lori; Shappell, Michelle; Trombley, Brian | nobody@sourceply.ms.com | Privileged communication seeking and reflecting advice and work product of counsel (Richie McKnight) concerning a regulatory matter. | Attorney-Client; Attorney Work Product |
| 13. | | Apr 27 2007 | Electronic Mail Message Thread with Single Attachment | Richard, William D | DeCrescito, Christopher | | | Privileged communication seeking and reflecting advice and work product of counsel (Richie McKnight) concerning a regulatory matter. | Attorney-Client; Attorney Work Product |
| 14. | | Apr 27 2007 | Electronic Mail Message with Single Attachment | Richard, William D | Craig, Finbar | | | Privileged communication reflecting work undertaken at the direction of counsel (Richie McKnight) concerning a regulatory matter. | Attorney Work Product |
| 15. | MS_TASR_02745949 | Jan 02 2004 | Electronic Mail Message | Loshkov, Richard | Soliavo, Anthony | | | Privileged communication reflecting request for advice from counsel (Robert O'Conner and Hsi-Chun Kiskay) regarding buy-ins. | Redact – AC |
| 16. | | Jan 18 2005 | Electronic Mail Message with Single Attachment | Bagen, David | Loshkov, Richard; O'Conner, Robert; Soliavo, Anthony; Tell, Martin; Troconco, Alberto | Bagen, David; Dimitrie, Darin; Marbetha, Edward | | Privileged communication seeking advice of counsel (Robert O'Conard) concerning implementation of Reg SHO. | Attorney-Client |

CONFIDENTIAL

Taser International, et al. v. Morgan Stanley & Co., et al. (Civ. Action No. 1108-EV-004739-B)
MORGAN STANLEY & CO. INCORPORATED'S FIRST PRIVILEGE LOG

| Entry Number | Date | Document Type | From | To | CC | BCC | Description | Privilege Asserted |
|---|---|---|---|---|---|---|---|---|
| 17. | Jun 01 2005 | Electronic Mail Message Thread with Single Attachment | Mauri, Antonino | Rehler, Hei-Chun | Domich, Dario | | Privileged communications seeking advice of counsel (Hei-Chun Rehler) concerning disclosure of Reg SHO list to client. | Attorney-Client |
| 18. | Feb 07 2005 | Electronic Mail Message with Single Attachment | Gugg, Dawn | Bagan, David; Bardicchi, Marc; Domich, Dario; Dephilipe, Joseph; Diaz, Catherine; Duclos, Marie; Eckrich, James; Fisher, John; Gugg, Dawn; Graffeo, Mary Jo; Groom, Eric; Mauri, Antonino; Mantica, Michael; Machatka, Edward; O'Connor, Robert; Schiavo, A. | | | Privileged communications seeking advice of counsel (Robert O'Connor) regarding Reg SHO. | Attorney-Client; Attorney Work Product |
| 19. | May 23 2007 | Electronic Mail Message Thread | Richard, William D. | DeOrazio, Christopher; Rudkowski, Lori; Tseng, Jasmin | | | Privileged communication reflecting advice of counsel (Reto McKnight) concerning a regulatory matter. | Attorney-Client |
| 20. | Jan 04 2007 | Electronic Mail Message with Single Attachment | Schiavo, Anthony | Doyle, James; Perlman, Noah | | | Privileged communication seeking advice of and reflecting work undertaken at the direction of counsel (James Doyle and Noah Perlman) regarding borrowing and lending activity. | Attorney-Client; Attorney Work Product |
| 21. | Jan 04 2007 | Electronic Mail Message with Single Attachment | Schiavo, Anthony | Doyle, James; Perlman, Noah | | | Privileged communications seeking advice of and reflecting work undertaken at the direction of counsel (James Doyle and Noah Perlman) regarding borrowing and lending activity. | Attorney-Client; Attorney Work Product |
| 22. | Sep 19 2008 | Electronic Mail Message Thread | Welles, Dede | Fitzgerald, Paul I.; Keuna, Gud | McKinley, TA | | Privileged communications seeking and reflecting advice of counsel (Paul Fitzgerald, T.A. McKinney and Dede Welles) concerning short sale ban. | Attorney-Client |

CONFIDENTIAL

February 18, 2010

Tase: International, et al. v. Morgan Stanley & Co., et al. (Civ. Action No. 2008-EV-004739-B)
MORGAN STANLEY & CO. INCORPORATED'S FIRST PRIVILEGE LOG

| No. | Bates Beg. No. | Document Type | From | To | CC | Description | Privilege Claimed |
|---|---|---|---|---|---|---|---|
| 23. | MS_TASR_02198538 | Jan 12 2008 | Electronic Mail Message Thread | Barry, Scott | Frenzes, Solomon; Guenzi, Devine; Ham, Grace; Horstmann, Matthew; JMag, Kevin; Koo-Tee, Kiley; O'Connor, Robert; msst-surveillance@morganstanley.com | Privileged communication seeking advice of counsel (Robert O'Connor) regarding ibotes. | Redact – AC |
| 24. | | May 16 2007 | Electronic Mail Message Thread with Single Attachment | McKnight, Richie | Koplansky, Aaron; Trembley, Brian | McGovern, William; 1S41@morganstanley.com | Privileged communication seeking and reflecting advice and work product of counsel (Richie McKnight and William McGovern) concerning a regulatory matter. | Attorney-Client; Attorney Work Product |
| 25. | | Feb 21 2007 | Electronic Mail Message Thread | Koplansky, Aaron | Snedeker, Peter; Trembley, Brian; Valiteecourt, Lisa; Wong, Michael | Shappell, Michelle; phnomchixben@morganstanley.com | Privileged communication seeking advice of and reflecting work undertaken at the direction of counsel (Richie McKnight) concerning a regulatory matter. | Attorney-Client; Attorney Work Product |
| 26. | | Feb 16 2007 | Electronic Mail Message with Single Attachment | Snedeker, Peter | Koplansky, Aaron | | Privileged communication seeking advice of and reflecting work undertaken at the direction of counsel (Richie McKnight) concerning a regulatory matter. | Attorney-Client; Attorney Work Product |
| 27. | | Apr 16 2007 | Electronic Mail Message with Single Attachment | Trembley, Brian | Chu, Kenny; Wong, Michael | Trembley, Brian; Cunningham, Jennifer; Fitzgerald, Jennifer; Risati, Jennifer; Fridolski, Kerns; Callahan, Tara; nobody@antonoly/ms.com | Privileged communication reflecting work undertaken at the direction of counsel (Richie McKnight) concerning a regulatory matter. | Attorney Work Product |
| 28. | | Feb 14 2007 | Electronic Mail Message Thread | Wong, Michael | Koplansky, Aaron; Trembley, Brian; Valiteecourt, Lisa | 1S41@morganstanley.com; phfmance@morganstanley.com | Steinmetz, David; Cunningham, Jennifer; Fitzgerald, Jennifer; Risati, Jennifer; Fridolski, Kerns; Wong, Michael; Shappell, Michelle; Turgeon, Pierre; Dann, Solomon; Callahan, Tara; Enorthores, Vesichy | Privileged communication seeking advice of and reflecting work undertaken at the direction of counsel (Richie McKnight) concerning a regulatory matter. | Attorney-Client; Attorney Work Product |

CONFIDENTIAL

February 18, 2010

Taser International, et al. v. Morgan Stanley & Co., et al. (Civ. Action No. 2008-EV-004739-B)
MORGAN STANLEY & CO. INCORPORATED'S FIRST PRIVILEGE LOG

| No. | Date | Document Type | From/Author | To/Recipients | CC | BCC | Description | Privileges Claimed/Basis |
|---|---|---|---|---|---|---|---|---|
| 29. | Feb 15 2007 | Electronic Mail Message Thread | Koplansky, Aaron | Snedeker, Peter | | | Privileged communication seeking advice of and reflecting work undertaken at the direction of counsel (Richie McKnight) concerning a regulatory matter. | Attorney-Client; Attorney Work Product |
| 30. | May 02 2007 | Electronic Mail Message Thread with Multiple Attachments | Koplansky, Aaron | McKnight, Richie | | | Privileged communication seeking advice of and reflecting work undertaken at the direction of counsel (Richie McKnight) concerning a regulatory matter. | Attorney-Client; Attorney Work Product |
| 31. | Feb 20 2007 | Electronic Mail Message Thread | Wong, Michael | Snedeker, Peter; Trombley, Brian; Vallincourt, Lisa | Koplansky, Aaron; pbonsnideivkzu@morganstan ley.com | Ritzker, Hei-Chun; Wong, Michael; Jones, Robert A; Kim, Sue; nobody@autoreply.ms.com | | Privileged communication seeking advice of and reflecting work undertaken at the direction of counsel (Hei-Chun Ritzker and Richie McKnight) concerning a regulatory matter. | Attorney-Client; Attorney Work Product |
| 32. | Feb 15 2007 | Electronic Mail Message Thread | Koplansky, Aaron | Griffin, Mary Jo | Snedeker, Peter; Vallincourt, Lisa; Wong, Michael | | | Privileged communication seeking advice of and reflecting work undertaken at the direction of counsel (Richie McKnight) concerning a regulatory matter. | Attorney-Client; Attorney Work Product |
| 33. | Feb 20 2007 | Electronic Mail Message Thread | Trombley, Brian | Snedeker, Peter; Vallincourt, Lisa | Koplansky, Aaron; Wong, Michael; pbonsnideivkzu@morganstan ley.com | nobody@autoreply.ms.com | | Privileged communication seeking advice of and reflecting work undertaken at the direction of counsel (Richie McKnight) concerning a regulatory matter. | Attorney-Client; Attorney Work Product |
| 34. | Feb 21 2007 | Electronic Mail Message Thread | Trombley, Brian | Snedeker, Peter; Vallincourt, Lisa; Wong, Michael | Koplansky, Aaron; Shappell, Michelle; pbonsnideivkzu@ms.com | Ritzker, Hei-Chun; Jones, Robert A; Kim, Sue; nobody@autoreply.ms.com | | Privileged communication seeking advice of and reflecting work undertaken at the direction of counsel (Hei-Chun Ritzker and Richie McKnight) concerning a regulatory matter. | Attorney-Client; Attorney Work Product |
| 35. | Feb 21 2007 | Electronic Mail Message Thread | Trombley, Brian | Koplansky, Aaron; Snedeker, Peter; Vallincourt, Lisa; Wong, Michael | Shappell, Michelle; pbonsnideivkzu@ms.com | Ritzker, Hei-Chun; Jones, Robert A; Kim, Sue; nobody@autoreply.ms.com | | Privileged communication seeking advice of and reflecting work undertaken at the direction of counsel (Hei-Chun Ritzker and Richie McKnight) concerning a regulatory matter. | Attorney-Client; Attorney Work Product |

5 of 6

CONFIDENTIAL

February 18, 2010

Taser International, et al. v. Morgan Stanley & Co., et al. (Civ. Action No. 2008-EV-004739-B)
MORGAN STANLEY & CO. INCORPORATED'S FIRST PRIVILEGE LOG

| Privilege Log No. | Date | Document Type | From/Author | To/Recipient(s) | CC | BCC | Email Reply To | Privilege Description | Basis for Withholding/Redacting |
|---|---|---|---|---|---|---|---|---|---|
| 36. | Feb 20 2007 | Electronic Mail Message Thread with Single Attachment | Kaplantzky, Aaron | Trombley, Brian | | | | Privileged communication seeking advice of and reflecting work undertaken at the direction of counsel (Rishe McGeigh) concerning a regulatory matter. | Attorney-Client; Attorney Work Product |
| 37. | Apr 26 2007 | Electronic Mail Message Thread with Multiple Attachments | Shappell, Michele | Kaplantzky, Aaron | | | | Privileged communication seeking advice of and reflecting work undertaken at the direction of counsel (Rishe McGeigh) concerning a regulatory matter. | Attorney-Client; Attorney Work Product |

9 of 9

CONFIDENTIAL

**State Court of Fulton County**
**\*\*\*EFILED\*\*\***
LexisNexis Transaction ID: 31280812
Date:  May 24 2010  6:26PM
Mark Harper, Clerk

# Exhibit Q

UBS Privilege Log 1

**LOG OF DOCUMENTS WITHHELD FROM PRODUCTION**
*Taser International, et al. v. Morgan Stanley Co., et al.*

| Log # | Date | Author | TO | CC | BCC | Privilege Description | Privilege Designation |
|---|---|---|---|---|---|---|---|
| 1 | 5/6/2004 | Cilera, Gerard* | Cilera, Gerard* | | | Email chain and attachment providing information to counsel in furtherance of representation regarding the booking or execution of trades, prepared in anticipation of litigation. | Attorney-Client; Attorney Work Product |
| 2 | 8/5/2004 | Hayes, Ed | Laska, Jeff* | Buscemi, Ed; Greenbaum, Frederic | | Email chain and attachment requesting legal advice regarding public filings or disclosures. | Attorney-Client |
| 3 | 8/5/2004 | Anderson, Scott-W* | Miller, David-W*; Greenbaum, Frederic; Buscemi, Ed | | | Email and attachment reflecting legal advice and mental impressions of counsel regarding amendment to securities regulation. | Attorney-Client |
| 4 | 8/5/2004 | Cilera, Gerard* | Spichiger, Eric; Kiss, Pamela; Vasilakis, Taki | | | Email chain and attachment transmitting legal advice and mental impressions of counsel regarding amendment to securities regulation. | Attorney-Client |
| 5 | 10/5/2004 | Aganis, Susan | Monteiro, Jason | | | Email chain and attachments containing legal analysis and mental impressions of S. Anderson* regarding amendment to securities regulation. | Attorney-Client |
| 6 | 10/11/2004 | Finley, Karen | Lyon, Bob^ | Somma, Joseph; Nacincik, John; Glattel, Peter | | Email and attachment providing information to accountant regarding audit. | Accountant-Client |
| 7 | 10/11/2004 | Finley, Karen | Lyon, Bob^ | Somma, Joseph; Nacincik, John; Glattel, Peter | | Email and attachments providing information to accountant regarding audit. | Accountant-Client |
| 8 | 11/1/2004 | Selde, Kathy | Lee, Son-Mi; Miller, David-W*; Lynch, David | Buscemi, Ed | | Email chain providing information to counsel in furtherance of representation regarding stock lending. | Attorney-Client |
| 9 | 11/1/2004 | Lynch, David | Miller, David-W* | Buscemi, Ed; Selde, Kathy; Lee, Son-Mi | | Email chain and attachment providing information to counsel in furtherance of representation regarding stock lending. | Attorney-Client |
| 10 | 11/1/2004 | Buscemi, Ed | Lee, Son-Mi; Lynch, David; Selde, Kathy; Miller, David-W* | | | Email chain providing information to counsel in furtherance of representation regarding stock lending. | Attorney-Client |
| 11 | 11/1/2004 | Lee, Son-Mi | Selde, Kathy; Buscemi, Ed; Miller, David-W*; Lynch, David | | | Email chain providing information to counsel in furtherance of representation regarding stock lending. | Attorney-Client |
| 12 | 11/15/2004 | Selde, Kathy | Miller, David-W*; Lynch, David | Buscemi, Ed; Lee, Son-Mi; DeStefani, Karen | | Email chain providing information to counsel in furtherance of representation regarding stock lending. | Attorney-Client |
| 13 | 11/15/2004 | Miller, David-W* | Selde, Kathy; Lynch, David | Buscemi, Ed; Lee, Son-Mi; DeStefani, Karen | | Email chain containing legal advice and providing information to counsel in furtherance of representation regarding stock lending. | Attorney-Client |
| 14 | 1/13/2005 | Buscemi, Ed | Byun, Rhonda* | | | Email chain and attachments providing information to counsel in furtherance of representation regarding the booking or execution of trades. | Attorney-Client |

(*) Indicates attorneys; (^) indicates accountants

UBS Privilege Log 1

LOG OF DOCUMENTS WITHHELD FROM PRODUCTION
*Taser International, et al. v. Morgan Stanley Co., et al.*

| Log # | Date | Author | TO | CC | BCC | Privilege Description | Privilege Designation |
|---|---|---|---|---|---|---|---|
| 15 | 1/21/2005 | Messina, Jennifer | Lin, BoonHiat^ | Newcomer, Andrew; Disken, Brian; Larkin, Kristen; Boss, William; Constantine, Frank; Mattei, Robert; Appelson, Steven; Panfino, Steven; Lada, Carlos; Somma, Joseph; McCallin, David; Hedstrom, Peggy; Kent, Victoria; Baxter, Bryce; Ceranoglia, Michael; Butler, John-G; Chiu, Liliana; DL-TFRA-Stamford | | Email chain and attachments requesting information from, and providing information to, accountant regarding audit. | Accountant-Client |
| 16 | 1/28/2005 | Wilkinson, Doug | Xia, Wei^ | Zumano, Christine^ Kronenfeld, David^; Giattini, Peter | | Email chain and attachments requesting information from, and providing information to, accountants regarding audit. | Accountant-Client |
| 17 | 2/2/2005 | Xia, Wei^ | Wilkinson, Doug | Zumano, Christine^; Kronenfeld, David^; Giattini, Peter | | Email chain and attachments requesting information from, and providing information to, accountant regarding audit. | Accountant-Client |
| 18 | 3/4/2005 | Citera, Gerard* | Anderson, Scott-W*; Buscemi, Ed; Greenbaum, Frederic; Miller, David-W*; Vasilakis, Taki; Thurley, Stan; Jackman, Frank; Farago, George; Madalo, Michael; Niesen, Mark; Mcgrath, Daniel; Cymbol, Bradley; Nacinolik, John; Mattei, Robert; McDade, James; Dudowitz, Steve | Nicholas, Will; Fasanello, Robert; Sathe, Anand-A; Giattini, Peter | | Email chain and attachments containing legal advice regarding securities regulations. | Attorney-Client |
| 19 | 3/4/2005 | Citera, Gerard* | Anderson, Scott-W*; Buscemi, Ed; Greenbaum, Frederic; Miller, David-W*; Vasilakis, Taki; Thurley, Stan; Jackman, Frank; Farago, George; Madalo, Michael; Niesen, Mark; Mcgrath, Daniel; Cymbol, Bradley; Nacinolik, John; Mattei, Robert; McDade, James; Dudowitz, Steve | Nicholas, Will; Fasanello, Robert; Sathe, Anand-A; Giattini, Peter | | Email chain and attachments containing legal advice regarding securities regulations. | Attorney-Client |
| 20 | 3/9/2005 | Goldstein, Steven | Moskowitz, Douglas | Anderson, Scott-W*; Miller, David-W* | | Email chain and attachments providing information to counsel in furtherance of representation regarding the booking or execution of trades. | Attorney-Client |
| 21 | 4/27/2005 | Giattini, Peter | Tay, Tida | | | Email chain and attachment providing information to A. "Tomarazzo" regarding regulatory inquiry, prepared in anticipation of litigation. | Attorney-Client; Attorney Work Product |
| 22 | 5/6/2005 | Moskowitz, Douglas | Greenbaum, Frederic | | | Email chain discussing and containing mental impressions of S. Anderson* and M. Edwards* regarding the booking or execution of trades, prepared in anticipation of litigation. | Attorney-Client; Attorney Work Product |
| 23 | 5/9/2005 | Hayes, Ed | Laskie, Jeff* | Buscemi, Ed | | Email and attachments requesting legal advice regarding public filings or disclosures. | Attorney-Client |

(*) Indicates attorneys; (^) Indicates accountants

Confidential

LOG OF DOCUMENTS WITHHELD FROM PRODUCTION
*Taser International, et al. v. Morgan Stanley Co., et al.*

UBS Privilege Log 1

| Log # | Date | Author | TO | CC | BCC | Privilege Description | Privilege Designation |
|---|---|---|---|---|---|---|---|
| 24 | 5/9/2005 | Buscemi, Ed | Polarin, John* | | | Email and attachment reflecting legal advice of J. Laska* regarding public filings or disclosures. | Attorney-Client |
| 25 | 6/10/2005 | Tay, Tula | Giatini, Peter | | | Email chain and attachments discussing and containing information prepared at the direction of A. Tomarazzo* regarding regulatory inquiry, prepared in anticipation of litigation. | Attorney-Client; Attorney Work Product |
| 26 | 5/11/2005 | Buscemi, Ed | Polarin, John* | | | Email chain and attachment containing mental impressions of J. Laska* regarding public filings or disclosures. | Attorney-Client |
| 27 | 5/13/2005 | Buscemi, Ed | Polarin, John* | | | Email chain and attachments reflecting legal advice and mental impressions of J. Laska*, and providing information to L. Ebur* and N. O'Toole* in furtherance of representation regarding public filings or disclosures. | Attorney-Client |
| 28 | 5/31/2005 | Berens, Mark | Monteiro, Jason; Mansell, David | Appelson, Steven; Romaine, Judith* | | Email chain and attachments containing and discussing request for legal advice regarding regulatory inquiry, prepared in anticipation of litigation. | Attorney-Client; Attorney Work Product |
| 29 | 6/8/2005 | Greenbaum, Frederic | Scifalano, Joseph | Citera, Gerard*; Brandt, Todd; Spidliger, Eric; Cook, Burke; Anderson, Scott-W*; Matchett, Thomas; Simmes, Steve | | Email and attachment providing information to counsel in furtherance of representation regarding the booking or execution of trades. | Attorney-Client |
| 30 | 6/14/2005 | Tay, Tula | Haight, Robert; Baumann, Richard; Feinstein, Alex; Lees, Jeremy; Deshpande, Sanjay; Agala, Richard*; Torres, Siggy; Gerlich, Rudy*; Solomon, Michael; Carristrasi, John*; Greenbaum, Frederic; Citera, Gerard*; Miller, David-W*; Anderson, Scott-W*; Feinberg, Lee; Mecane, Joseph; Scifalano, Joseph | | | Email and attachment providing information to counsel in furtherance of representation regarding the booking or execution of trades. | Attorney-Client |
| 31 | 7/22/2005 | Berks, Graham | Nackrick, John; Giatini, Peter; Pereira, Luis A. | Hon, Angela | | Email chain and attachments containing information prepared at the direction of counsel regarding regulatory inquiry, prepared in anticipation of litigation. | Attorney-Client; Attorney Work Product |
| 32 | 7/28/2005 | Giatini, Peter | Wilmot, Charles | Nacirick, John; Berks, Graham; Pereira, Luis A.; Fusillo, Ronald | | Email chain and attachments containing information prepared at the direction of counsel regarding regulatory inquiry, prepared in anticipation of litigation. | Attorney-Client; Attorney Work Product |
| 33 | 8/22/2005 | Buscemi, Ed | Hayes, Ed | | | Email chain and attachment containing legal request from J. Laska* regarding public filings or disclosures. | Attorney-Client |
| 34 | 8/8/2005 | Buscemi, Ed | Citera, Gerard* | | | Email chain providing information to J. Cohn* in furtherance of representation and reflecting mental impressions of G. Citera* regarding amendment to securities regulation. | Attorney-Client |

(*) indicates attorneys; (^) indicates accountants

UBS Privilege Log 1

**LOG OF DOCUMENTS WITHHELD FROM PRODUCTION**
*Taser International, et al. v. Morgan Stanley Co., et al.*

| Log # | Date | Author | TO | CC | BCC | Privilege Description | Privilege Designation |
|---|---|---|---|---|---|---|---|
| 35 | 8/12/2005 | Mitchell, Dee | Caparano, Jacqueline | Buscemi, Ed | | Email chain and attachments providing information to J. Polanin* in furtherance of representation regarding public filings or disclosures. | Attorney-Client |
| 36 | 8/22/2005 | Berens, Mark | Romaine, Judith*; Monteiro, Jason | Mansell, David; SH-ETD-DCG-NA; Ratzesberger, John; Scotto-Lavino, Nicholas | | Email chain and attachments requesting legal advice and providing information to counsel in furtherance of representation regarding regulatory inquiry, prepared in anticipation of litigation. | Attorney-Client; Attorney Work Product |
| 37 | 8/14/2005 | Edwards, Mia* | Moskowitz, Douglas | | | Email chain and attachments providing legal advice regarding regulatory inquiry, prepared in anticipation of litigation. | Attorney-Client; Attorney Work Product |
| 38 | 10/8/2005 | Berens, Mark | Romaine, Judith*; Appelson, Steven | Monteiro, Jason | | Email chain and attachments containing information prepared at the request of counsel regarding regulatory inquiries, prepared in anticipation of litigation. | Attorney-Client; Attorney Work Product |
| 39 | 2/7/2006 | Mattal, Robert | Siddiqi, Zia; Aleksa, Jason | McClure, Carol | | Email chain and attachments containing request for information from D. Korenefsky* and reflecting accountant-client communications regarding audit. | Accountant-Client |
| 40 | 3/29/2006 | Appelson, Steven | Byun, Rhonda* | Monteiro, Jason | | Email and attachments providing information to counsel in furtherance of representation regarding the booking or execution of trades. | Attorney-Client |
| 41 | 3/29/2006 | Stelwagen, Matthew | Pearle, Lauren-C* | | | Email chain and attachment providing information to J. Romaine* and L. Pearle* in furtherance of representation regarding regulatory inquiry, prepared in anticipation of litigation. | Attorney-Client; Attorney Work Product |
| 42 | 4/3/2006 | Garikapati, Seetha | Stelwagen, Matthew | Schafer, Joseph; Romaine, Judith*; Jackman, Frank | | Email chain and attachment providing information to counsel in furtherance of representation regarding the booking or execution of trades. | Attorney-Client |
| 43 | 4/3/2006 | Stelwagen, Matthew | Pearle, Lauren-C* | Romaine, Judith* | | Email chain and attachments providing information to counsel in furtherance of representation regarding regulatory inquiry, prepared in anticipation of litigation. | Attorney-Client; Attorney Work Product |
| 44 | 4/4/2006 | Moskowitz, Douglas | NeJaime, Jody; Chang, Angela* | | | Email chain and attachment containing information prepared at the request of counsel in furtherance of representation regarding the booking or execution of trades. | Attorney-Client |
| 45 | 4/7/2006 | Pearle, Lauren-C* | Sathe, Anand-A | Garikapati, Seetha; Reddy, Ramachandra; Stelwagen, Matthew; Schafer, Joseph; Romaine, Judith*; Simmes, Steve | | Email and attachment providing information to counsel in furtherance of representation regarding the booking or execution of trades. | Attorney-Client |
| 46 | 4/7/2006 | Pearle, Lauren-C* | Sathe, Anand-A | Garikapati, Seetha; Reddy, Ramachandra; Stelwagen, Matthew; Schafer, Joseph; Romaine, Judith*; Simmes, Steve | | Email and attachment containing legal advice and providing information to counsel in furtherance of representation regarding the booking or execution of trades. | Attorney-Client |

(*) indicates attorneys; (^) indicates accountants

UBS Privilege Log 1

LOG OF DOCUMENTS WITHHELD FROM PRODUCTION
*Taser International, et al. v. Morgan Stanley Co., et al.*

| Log # | Date | Author | TO | CC | BCC | Privilege Description | Privilege Designation |
|---|---|---|---|---|---|---|---|
| 47 | 4/7/2006 | Pearle, Lauren-C* | Romaine, Judith* | Stellwagen, Matthew | | Email and attachment providing information to counsel in furtherance of representation regarding regulatory inquiry, prepared in anticipation of litigation. | Attorney-Client; Attorney Work Product |
| 48 | 4/25/2006 | Reddy, Ramachandra | Stellwagen, Matthew | Hasan, Mohammed; Schafer, Joseph; Haight, Robert | | Email chain and attachment containing and discussing legal advice of L. Pearle* and providing information to J. Romaine* in furtherance of representation regarding the booking or execution of trades. | Attorney-Client |
| 49 | 4/27/2006 | Canavan, Patricia* | Monteiro, Jason | | | Email chain and attachments reflecting mental impressions of counsel regarding regulatory inquiry, prepared in anticipation of litigation. | Attorney-Client; Attorney Work Product |
| 50 | 5/5/2006 | Monteiro, Jason | Baedke, William; Coulson, Ken; Bodek, Helm | Canavan, Patricia*; Romaine, Judith*; Appelson, Steven | | Email and attachments requesting legal advice regarding regulatory compliance issues. | Attorney-Client |
| 51 | 5/8/2006 | Byun, Rhonda* | Stellwagen, Matthew; Haight, Robert | | | Email chain and attachments containing mental impressions of R. Byun* regarding regulatory inquiry, prepared in anticipation of litigation. | Attorney-Client; Attorney Work Product |
| 52 | 5/8/2006 | Kenigel, Harry | Wendell, Karen* | Mecane, Joseph; Giacalone, Thomas; Citera, Gerard* | | Email chain and attachments requesting legal advice regarding amendment to securities regulation. | Attorney-Client |
| 53 | 6/2/2006 | Stellwagen, Matthew | Byun, Rhonda* | | | Email and attachment providing information to counsel in furtherance of representation regarding the booking or execution of trades. | Attorney-Client |
| 54 | 6/5/2006 | Byun, Rhonda* | Reddy, Ramachandra | Stellwagen, Matthew | | Email containing legal advice regarding regulatory inquiry, prepared in anticipation of litigation. | Attorney-Client; Attorney Work Product |
| 55 | 6/5/2006 | Stellwagen, Matthew | Byun, Rhonda* | | | Email and attachment providing information to counsel in furtherance of representation regarding the booking or execution of trades. | Attorney-Client |
| 56 | 6/5/2006 | Stellwagen, Matthew | Schafer, Joseph | | | Email chain and attachment providing information to J. Romaine* in furtherance of representation regarding regulatory inquiry, prepared in anticipation of litigation. | Attorney-Client; Attorney Work Product |
| 57 | 6/21/2006 | Reddy, Ramachandra | Stellwagen, Matthew | Schafer, Joseph; Byun, Rhonda* | | Email chain and attachment containing information prepared at the request of R. Byun* in furtherance of representation regarding the booking or execution of trades. | Attorney-Client |
| 58 | 6/21/2006 | Byun, Rhonda* | Stellwagen, Matthew | | | Email and attachment providing information in furtherance of representation regarding the booking or execution of trades. | Attorney-Client |
| 59 | 6/26/2006 | Monteiro, Jason | Baedke, William; Bodek, Helm | Romaine, Judith*; Canavan, Patricia*; Appelson, Steven | | Email chain and attachments requesting legal advice, and providing information to counsel in furtherance of representation regarding quoting obligations. | Attorney-Client |

UBS Privilege Log 1

LOG OF DOCUMENTS WITHHELD FROM PRODUCTION
*Taser International, et al. v. Morgan Stanley Co., et al.*

| Log # | Date | Author | TO | CC | BCC | Privilege Description | Privilege Designation |
|---|---|---|---|---|---|---|---|
| 60 | 7/6/2006 | Canavan, Patricia* | Citera, Gerard*; Beedle, William, Bodek, Helm; Montelro, Jason | | | Email and attachments containing mental impressions of counsel regarding regulatory inquiry, prepared in anticipation of litigation. | Attorney-Client; Attorney Work Product |
| 61 | 7/26/2006 | Byun, Rhonda* | Schafer, Joseph | Haight, Robert; Stellwagen, Matthew | | | Email and attachments containing mental impressions of R. Byun* and requesting information in furtherance of representation regarding the booking or execution of trades. | Attorney-Client |
| 62 | 7/27/2006 | Reddy, Ramachandra | Byun, Rhonda* | Stellwagen, Matthew; Schafer, Joseph; Haight, Robert | | | Email chain and attachments providing information to counsel in furtherance of representation regarding regulatory inquiry, prepared in anticipation of litigation. | Attorney-Client; Attorney Work Product |
| 63 | 8/3/2006 | Verma, Jogesh | Friend, Meredith* | Jackman, Frank; Muller, Marc; Thurley, Stan; Citera, Gerard* | | | Email chain and attachments providing information to counsel in furtherance of representation regarding regulatory inquiry, prepared in anticipation of litigation. | Attorney-Client; Attorney Work Product |
| 64 | 8/10/2006 | Hayes, Ed | Elser, Louis* | Busceml, Ed; Capello, Mike | | | Email chain and attachment requesting legal advice regarding public filings or disclosures. | Attorney-Client |
| 65 | 8/10/2006 | Verma, Jogesh | Friend, Meredith* | Jackman, Frank | | | Email and attachments containing information prepared at the request of counsel in furtherance of representation regarding the booking or execution of trades, prepared in anticipation of litigation. | Attorney-Client; Attorney Work Product |
| 66 | 8/14/2006 | Friend, Meredith* | Sterling, Will; Thurley, Stan; Muller, Marc; Andersson, Scott-W*; Citera, Gerard* | Romaine, Justin* | | | Email and attachments reflecting legal advice and containing information prepared at the direction of counsel in furtherance of representation regarding regulatory inquiry, prepared in anticipation of litigation. | Attorney-Client; Attorney Work Product |
| 67 | 8/28/2006 | Zuckerman, Lonnie | Busceml, Ed; Aluise, Karen*; Madaio, Michael; DelBello, Richard | Glafini, Peter; Nacincik, John; Cooke, Darryl | | | Email and attachments providing information to counsel in furtherance of representation regarding the booking or execution of trades. | Attorney-Client |
| 68 | 9/11/2006 | Madaio, Michael | Aluise, Karen* | | | | Email chain and attachments containing information prepared at the request of counsel in furtherance of representation regarding the booking or execution of trades. | Attorney-Client |
| 69 | 9/18/2006 | Lede, Carlos | Lam, Siu-Pang | Rungee, Robert; Grover, Rahul; Byun, Rhonda* | | | Email and attachments providing information to counsel in furtherance of representation regarding regulatory compliance. | Attorney-Client |
| 70 | 10/12/2006 | Lam, Siu-Pang | Lede, Carlos | | | | Email chain providing information to R. Byun* in furtherance of representation regarding the booking or execution of trades. | Attorney-Client |
| 71 | 10/17/2006 | Canavan, Patricia* | Appelson, Steven | | | | Email and attachments requesting information in furtherance of representation regarding regulatory inquiry, prepared in anticipation of litigation. | Attorney-Client; Attorney Work Product |
| 72 | 10/19/2006 | Appelson, Steven | Maroney, Christopher | Scott, John; Byun, Rhonda*; Lam, Siu-Pang; Lede, Carlos | | | Email and attachment providing information to counsel in furtherance of representation regarding the booking or execution of trades. | Attorney-Client |
| 73 | 10/26/2006 | Burke, Joseph | Marks, Amy | Schmidl, Walter; Karabots, Denise | | | Email chain and attachment providing information to J. Cohn* and S. Munro* in furtherance of representation regarding the booking or execution of trades. | Attorney-Client |

(*) Indicates attorneys; (^) Indicates accountants

UBS Privilege Log 1

**LOG OF DOCUMENTS WITHHELD FROM PRODUCTION**
*Taser International, et al. v. Morgan Stanley Co., et al.*

| Log # | Date | Author | TO | CC | BCC | Privilege Description | Privilege Designation |
|---|---|---|---|---|---|---|---|
| 74 | 11/10/2006 | Hayes, Ed | Eber, Louis^; Buscemi, Ed | Copello, Mike; Fassler, Pamela | | Email chain and attachment requesting legal advice regarding public filings or disclosures. | Attorney-Client |
| 75 | 11/14/2006 | Montalvo, Jason | Beedle, William; Bodek, Haim; Coulson, Ken | Appelson, Steven; Kiss, Pamela; Canavan, Patricia*; Primmer, Ryan | | Email chain and attachment requesting legal advice, and providing information to counsel in furtherance of representation regarding regulatory inquiry. | Attorney-Client |
| 76 | 11/17/2006 | Giatini, Peter | Fasanello, Robert | Nacinovic, John; Somma, Joseph; Jackson, Raymond | | Email chain and attachments providing information to K. Aluise* in furtherance of representation regarding the booking or execution of trades. | Attorney-Client |
| 77 | 12/5/2006 | Cheung, Ada | Leon, Carlos | Kanigel, Harry; Giacalone, Thomas; Byun, Rhonda*; Lam, Siu-Fang; Grover, Rahul | | Email and attachments providing information to counsel in furtherance of representation regarding the booking or execution of trades. | Attorney-Client |
| 78 | 12/28/2006 | Friend, Meredith* | Stellwagen, Matthew | | | Email and attachment requesting information in furtherance of representation and containing information prepared by L. Pearle* in furtherance of representation regarding the booking or execution of trades. | Attorney-Client |
| 79 | 1/16/2007 | Greaney, Brian | Sethe, Anand-A | Giacalone, Thomas; Radhakrishnan, Vivek; Kanigel, Harry; Greaney, Brian | | Email chain and attachment providing information to K. Wendel* in furtherance of representation regarding regulatory compliance. | Attorney-Client |
| 80 | 1/18/2007 | Stellwagen, Matthew | Friend, Meredith* | | | Email chain and attachment containing legal advice of L. Pearle* and providing information to counsel in furtherance of representation regarding the booking or execution of trades. | Attorney-Client |
| 81 | 1/18/2007 | Stellwagen, Matthew | Friend, Meredith* | | | Email chain and attachment containing legal advice of L. Pearle* and providing information to counsel in furtherance of representation regarding the booking or execution of trades. | Attorney-Client |
| 82 | 1/18/2007 | Stellwagen, Matthew | Friend, Meredith* | | | Email chain and attachment providing information to counsel in furtherance of representation regarding regulatory inquiry, prepared in anticipation of litigation. | Attorney-Client; Attorney Work Product |
| 83 | 1/18/2007 | Stellwagen, Matthew | Friend, Meredith* | | | Email chain and attachment providing information to J. Romaine* and M. Friend* in furtherance of representation regarding regulatory inquiry, prepared in anticipation of litigation. | Attorney-Client; Attorney Work Product |
| 84 | 1/24/2007 | Friend, Meredith* | Stellwagen, Matthew | | | Email chain and attachment requesting information in furtherance of representation regarding securities regulations. | Attorney-Client |
| 85 | 1/24/2007 | Friend, Meredith* | Stellwagen, Matthew | | | Email chain and attachment requesting information in furtherance of representation and containing information prepared by L. Pearle* in furtherance of representation regarding the booking or execution of trades. | Attorney-Client |
| 86 | 1/25/2007 | Aluise, Karen* | Kiss, Pamela | | | Email chain and attachments providing information to G. Citera* and M. Edwards^ in furtherance of representation regarding the booking or execution of trades. | Attorney-Client |

(*) indicates attorneys; (^) indicates accountants

UBS Privilege Log 1

**LOG OF DOCUMENTS WITHHELD FROM PRODUCTION**
*Taser International, et al. v. Morgan Stanley Co., et al.*

| Log # | Date | Author | TO | CC | BCC | Privilege Description | Privilege Designation |
|---|---|---|---|---|---|---|---|
| 87 | 1/25/2007 | Zuckerman, Lonnie | Govic, John; Bostic, Anderson; Buscemi, Ed; Aluise, Karen*; Citera, Gerard*; Anderson, Scott-W*; Plimmer, Ryan; Finemore, Shane; Edwards, Mila*; Kiss, Pamela; DL-RCG-email-list | Madaio, Michael; DelBello, Richard; Lynch, David; Keleher, Michael-W; Glatfii, Peter; Nacincik, John; Kovacevic, Sue | | Email and attachments providing information to counsel in furtherance of representation regarding the booking or execution of trades. | Attorney-Client |
| 88 | 1/25/2007 | Berens, Mark | Canavan, Patricia* | Appelson, Steven; Scott, John; Ajayi, Olu; Micarek, Steven | | Email chain and attachments providing information to counsel in furtherance of representation regarding expiring options. | Attorney-Client |
| 89 | 1/29/2007 | Mulcahy, Richard | Romaine, Justin* | | | Email chain and attachments providing information to counsel in furtherance of representation regarding the booking or execution of trades. | Attorney-Client |
| 90 | 2/1/2007 | Zuckerman, Lonnie | Citera, Gerard*; Buscemi, Ed; Madaio, Michael; DelBello, Richard; Govic, John; Bostic, Anderson; Aluise, Karen*; Anderson, Scott-W* | Glatfii, Peter; Plimmer, Ryan; Finemore, Shane; Kiss, Pamela; DL-RCG-email-list; Lynch, David; Keleher, Michael-W | | Email and attachments providing information to counsel in furtherance of representation regarding the booking or execution of trades. | Attorney-Client |
| 91 | 2/19/2007 | Berens, Mark | Appelson, Steven; Monteiro, Jason; Romaine, Justin*; Canavan, Patricia* | Scott, John; Ajayi, Olu; Micarek, Steven; Kasper, Andre | | Email and attachments providing information to counsel in furtherance of representation regarding the booking or execution of trades. | Attorney-Client |
| 92 | 3/6/2007 | Mamikyarao, David | Sullivan, Patricia*; Monteiro, Jason | Kiernan-T, Peter; Romaine, Judith*; DL-SKE-GSD-NA | | Email chain and attachment providing information to counsel in furtherance of representation regarding regulatory inquiry, prepared in anticipation of litigation. | Attorney-Client; Attorney Work Product |
| 93 | 3/6/2007 | Sullivan, Patricia* | Stabwagen, Matthew | Romaine, Judith*; Kiernan-T, Peter; Haight, Robert | | Email chain and attachments reflecting legal strategy and requesting information in furtherance of representation regarding securities regulations, prepared in anticipation of litigation. | Attorney-Client; Attorney Work Product |
| 94 | 3/13/2007 | Costanzo, Jared | Sullivan, Patricia* | Somma, Joseph; Glatfii, Peter; Lachaga, Stephan; Nacincik, John | | Email and attachment containing information prepared at the request of counsel regarding regulatory inquiry, prepared in anticipation of litigation. | Attorney-Client; Attorney Work Product |
| 95 | 4/3/2007 | Zuckerman, Lonnie | Citera, Gerard*; Anderson, Scott-W*; Kiss, Pamela; DL-RCG-email-list; Buscemi, Ed; Bostic, Anderson; Govic, John | Madaio, Michael; Keleher, Michael-W; Lynch, David; Stabwagen, Matthew | | Email and attachment providing information to counsel in furtherance of representation regarding the booking or execution of trades. | Attorney-Client |
| 96 | 4/25/2007 | Lam, Siu-Pang | Sullivan, Patricia* | Lachaga, Stephen; Leda, Carlos | | Email and attachment containing information prepared at the request of counsel in furtherance of representation regarding regulatory inquiry, prepared in anticipation of litigation. | Attorney-Client; Attorney Work Product |
| 97 | 5/23/2007 | Monteiro, Jason | Sullivan, Patricia* | | | Email chain and attachments providing information to counsel in furtherance of representation regarding regulatory inquiry, prepared in anticipation of litigation. | Attorney-Client; Attorney Work Product |
| 98 | 5/25/2007 | Simmos, Steve | Klein, Scott* | | | Email chain and attachments requesting legal advice regarding disclaimer language. | Attorney-Client |

(*) indicates attorneys; (^) indicates accountants

Confidential

UBS Privilege Log 1

LOG OF DOCUMENTS WITHHELD FROM PRODUCTION
*Taser International, et al. v. Morgan Stanley Co., et al.*

| Log # | Date | Author | TO | CC | BCC | Privilege Description | Privilege Designation |
|---|---|---|---|---|---|---|---|
| 99 | 5/25/2007 | Fleischman, Sam | Kioh, Scott* | | | Email chain containing and discussing legal advice regarding disclaimer language. | Attorney-Client |
| 100 | 5/31/2007 | Greenleigh, Golan | DiMarco, Patrick*; Shockledge, Oona | Swanson, Martin; Rennie, Ian; Gerlach, Elizabeth | | Email chain and attachment containing information prepared at the request of counsel in furtherance of representation regarding amendment to securities regulation. | Attorney-Client |
| 101 | 6/6/2007 | Pactor, Bonni | Aluise, Karen* | Hon, Angelia; Madato, Michael; Gliman, Tanya | | Email chain and attachment requesting legal advice and providing information to counsel in furtherance of representation regarding disclaimer language. | Attorney-Client |
| 102 | 6/7/2007 | Aluise, Karen* | Cohn, Joseph* | | | Email chain and attachment requesting legal advice and providing information to counsel in furtherance of representation regarding disclaimer language. | Attorney-Client |
| 103 | 6/8/2007 | Aluise, Karen* | Amsten, Pamela*; Cohn, Joseph* | | | Email chain and attachments requesting legal advice regarding disclaimer language. | Attorney-Client |
| 104 | 6/11/2007 | Scott, John | Canavan, Patricia* | Appelson, Steven; Berene, Mark; Montano, Jason; Price, Matthew; Scott, John | | Email chain and attachments providing information to counsel in furtherance of representation regarding regulatory inquiry, prepared in anticipation of litigation. | Attorney-Client; Attorney Work Product |
| 105 | 6/20/2007 | Simmes, Steve | Kioh, Scott* | | | Email chain and attachment containing request for legal advice regarding the booking or execution of trades. | Attorney-Client |
| 106 | 6/20/2007 | Kioh, Scott* | Kiss, Pamela | | | Email chain containing request for legal advice regarding the booking or execution of trades. | Attorney-Client |
| 107 | 6/21/2007 | Kiss, Pamela | Beck, Joel; Kioh, Scott* | | | Email containing request for legal advice regarding the booking or execution of trades. | Attorney-Client |
| 108 | 6/22/2007 | Kiss, Pamela | Buck, Corey; Mendoza, Victor | Kioh, Scott*; Haight, Robert; Stellwagen, Matthew; Simmes, Steve; Glattin, Peter; Sullivan, Patricia* | | Email chain and attachment providing information to counsel in furtherance of representation regarding the booking or execution of trades. | |
| 109 | 6/28/2007 | Friend, Meredith* | Stellwagen, Matthew | | | Email and attachments requesting information in furtherance of representation regarding the booking or execution of trades. | |
| 110 | 7/8/2007 | Kiss, Pamela | Kioh, Scott* | Beck, Joel; Leonard, Brian; DePasquale, Elisha | | Email chain and attachment containing request for legal advice regarding the booking or execution of trades. | Attorney-Client |
| 111 | 7/12/2007 | Harold, Marc | Aluise, Karen* | | | Email requesting legal advice regarding the booking or execution of trades. | Attorney-Client |
| 112 | 7/12/2007 | Stellwagen, Matthew | Simmes, Steve; Chi, Patrick* | Anderson, Scott-W* | | Email and attachment providing information to counsel in furtherance of representation regarding the booking or execution of trades. | Attorney-Client |
| 113 | 7/12/2007 | Stellwagen, Matthew | Brubaker, Mark | Simmes, Steve; Chi, Patrick* | | Email and attachment containing information prepared at the request of counsel regarding the booking or execution of trades. | Attorney-Client |
| 114 | 7/20/2007 | Byun, Rhonda* | Hasan, Mohammed | O-Reilly, Kevin; Schafer, Joseph; Stellwagen, Matthew | | Email requesting information in furtherance of representation regarding the booking or execution of trades. | Attorney-Client |

(*) indicates attorneys; (^) indicates accountants

UBS Privilege Log 1

LOG OF DOCUMENTS WITHHELD FROM PRODUCTION
*Taser International, et al. v. Morgan Stanley Co., et al.*

| Log # | Date | Author | TO | CC | BCC | Privilege Description | Privilege Designation |
|---|---|---|---|---|---|---|---|
| 115 | 7/27/2007 | Buck, Corey | Klein, Scott* | | | Email chain and attachments providing information to counsel in furtherance of representation regarding the booking or execution of trades. | Attorney-Client |
| 116 | 7/31/2007 | Stellwagen, Matthew | Anderson, Scott-W* | Simmes, Steve | | Email chain and attachment requesting legal advice regarding the booking or execution of trades, prepared in anticipation of litigation. | Attorney-Client; Attorney Work Product |
| 117 | 7/31/2007 | Anderson, Scott-W* | Stellwagen, Matthew | Simmes, Steve | | Email chain and attachments reflecting mental impressions of counsel regarding the booking or execution of trades. | Attorney-Client |
| 118 | 8/9/2007 | Dowd, James* | Wendell, Karen*, Anderson, Scott-W* | | | Email and attachment reflecting mental impressions of counsel regarding amendment to securities regulation. | Attorney-Client |
| 119 | 8/9/2007 | Harold, Marc | Klein, Scott* | . | | Email chain and attachment requesting legal advice regarding amendment to securities regulation. | Attorney-Client |
| 120 | 8/13/2007 | Klein, Scott* | Morgenstein, Ross | | | Email chain containing information prepared at the request of counsel in furtherance of representation regarding the booking or execution of trades. | Attorney-Client |
| 121 | 8/17/2007 | Luther, Martin | Anderson, Scott-W* | | | Email chain requesting legal advice and providing information to P. Canavan* and B. Altor* in furtherance of representation regarding regulatory inquiry, prepared in anticipation of litigation. | Attorney-Client; Attorney Work Product |
| 122 | 8/17/2007 | Luther, Martin | Anderson, Scott-W* | | | Email chain requesting legal advice and providing information to P. Canavan* and B. Altor* in furtherance of representation regarding regulatory inquiry, prepared in anticipation of litigation. | Attorney-Client; Attorney Work Product |
| 123 | 9/6/2007 | Buscomi, Ed | Cilena, Gerard* Anderson, Scott-W* | Wendell, Karen*; Kelly, David*; Macaine, Joseph; Schifano, Joseph; Macknick, John; Beedie, William; Klein, Scott* | | Email chain and attachment containing and discussing legal analysis of G. Cilena* and S. Anderson* regarding amendment to securities regulation. | Attorney-Client; Attorney Work Product |
| 124 | 9/6/2007 | Testa, Michael* | Giattini, Peter | | | Email chain and attachment requesting information from, and providing information to, accountants regarding audit. | Accountant-Client |
| 125 | 9/10/2007 | Stellwagen, Matthew | Lucks, Albert | | | Email chain and attachment providing information to S. Klein* and P. Sullivan* in furtherance of representation regarding regulatory compliance. | Attorney-Client |
| 126 | 8/17/2007 | Lucks, Albert | Anderson, Scott-W* | | | Email chain and attachment requesting legal advice and containing mental impressions of M. Edwards* regarding regulatory compliance. | Attorney Work Product |
| 127 | 9/24/2007 | Canavan, Patricia* | Simmes, Steve; Anderson, Scott-W* | Romaine, Judith* | | Email chain and attachments reflecting mental impressions of counsel regarding the booking or execution of trades. | Attorney Work Product |
| 128 | 9/24/2007 | Mulcahy, Richard | Simmes, Steve; Canavan, Patricia* | | | Email and attachment providing information to counsel in furtherance of representation regarding regulatory compliance. | Attorney-Client |

(*) indicates attorneys; (^) indicates accountants

UBS Privilege Log 1

LOG OF DOCUMENTS WITHHELD FROM PRODUCTION
Taser International, et al. v. Morgan Stanley Co., et al.

| Log # | Date | Author | TO | CC | BCC | Privilege Description | Privilege Designation |
|---|---|---|---|---|---|---|---|
| 129 | 9/24/2007 | Canavan, Patricia* | Grammas, Louis | Stelhwagen, Matthew; Petrie, James* | | Email and attachments containing legal advice regarding regulatory inquiry, prepared in anticipation of litigation. | Attorney-Client; Attorney Work Product |
| 130 | 10/1/2007 | Zeng, Michelle^ | Fusilo, Ronald | Yakoob, Waqar^ | | Email chain and attachments providing information to accountant regarding audit. | Accountant-Client |
| 131 | 10/22/2007 | Anderson, Scott-W* | Simmes, Steve | | | Email chain and attachments requesting legal advice and containing mental impressions of P. Conti* regarding regulatory inquiry, prepared in anticipation of litigation. | Attorney-Client; Attorney Work Product |
| 132 | 10/22/2007 | Paley, Jennifer* | Ingrilli, John | Anderson, Scott-W*; Kiss, Pamela; Moon, John*; Brudner, Alan* | | Email chain and attachments requesting legal advice and containing mental impressions of P. Conti* regarding regulatory inquiry, prepared in anticipation of litigation. | Attorney-Client; Attorney Work Product |
| 133 | 10/28/2007 | Friend, Meredith* | Fusilo, Ronald | | | Email and attachment containing mental impressions of counsel and information prepared at the request of counsel regarding the booking or execution of trades, prepared in anticipation of litigation. | Attorney-Client; Attorney Work Product |
| 134 | 10/30/2007 | Friend, Meredith* | Fusilo, Ronald | | | Email and attachment containing mental impressions of counsel and information prepared at the request of representation regarding the booking or execution of trades, prepared in anticipation of litigation. | Attorney-Client; Attorney Work Product |
| 135 | 10/30/2007 | Friend, Meredith* | Fusilo, Ronald; Vega, Henry | Friend, Meredith* | | Email and attachment containing information prepared at the request of counsel regarding the booking or execution of trades. | Attorney-Client |
| 136 | 10/30/2007 | Friend, Meredith* | Fusilo, Ronald; Vega, Henry | | | Email and attachment containing information prepared at the request of counsel in furtherance of representation regarding the booking or execution of trades. | Attorney-Client |
| 137 | 10/30/2007 | Friend, Meredith* | Muller, Marc | Vega, Henry; Fusilo, Ronald | | Email and attachment reflecting mental impressions of counsel, and containing information prepared at the request of counsel regarding the booking or execution of trades. | Attorney-Client |
| 138 | 11/26/2007 | Canavan, Patricia* | Appelson, Steven | | | Email chain and attachment containing and discussing information provided to counsel in furtherance of representation regarding the booking or execution of trades. | Attorney-Client |
| 139 | 11/27/2007 | Appelson, Steven | Canavan, Patricia* | | | Email chain and attachments reflecting legal advice and mental impressions of counsel, and providing information to counsel in furtherance of representation regarding regulatory inquiry, prepared in anticipation of litigation. | Attorney-Client; Attorney Work Product |
| 140 | 12/6/2007 | Churcher, Andrew | Chaplin, Tony; Burns, John; Magrath, Sue; Osborne, Neil | Gordon, Nic; Swanson, Martin; DiMarco, Patrick* | | Email and attachment reflecting legal analysis of P. DiMarco* regarding the booking or execution of trades. | Attorney-Client |
| 141 | 12/17/2007 | Appelson, Steven | Monteiro, Jason; Romaine, Judith*; Canavan, Patricia* | | | Email chain and attachments providing information to counsel in furtherance of representation regarding the booking or execution of trades. | Attorney-Client |

(*) Indicates attorneys; (^) Indicates accountants

UBS Privilege Log 1

**LOG OF DOCUMENTS WITHHELD FROM PRODUCTION**
*Taser International, et al. v. Morgan Stanley Co., et al.*

| Log # | Date | Author | TO | CC | BCC | Privilege Description | Privilege Designation |
|---|---|---|---|---|---|---|---|
| 142 | 12/21/2007 | Vega, Henry | Murray, Kevin-A* | Fusillo, Ronald; Rangwala, Abdemanaf-A | | Email and attachments providing information to counsel in furtherance of representation regarding regulatory inquiry, prepared in anticipation of litigation. | Attorney-Client; Attorney Work Product |
| 143 | 1/10/2008 | Canavan, Patricia* | Klein, Scott*; Wolfe, Mark | | | Email chain and attachments providing information to counsel in furtherance of representation regarding the booking or execution of trades. | Attorney-Client |
| 144 | 1/11/2008 | Montello, Jason | Canavan, Patricia*; Cho, Edwin* | Appelson, Steven | | Email chain and attachment providing information to counsel in furtherance of representation regarding the booking or execution of trades. | Attorney-Client |
| 145 | 1/22/2008 | Fusillo, Ronald | Zeng, Michelle^ | | | Email and attachment providing information to accountant regarding audit. | Accountant-Client |
| 146 | 1/28/2008 | Buck, Corey | Canavan, Patricia* | Harold, Marc | | Email and attachment providing information to counsel in furtherance of representation regarding the booking or execution of trades. | Attorney-Client |
| 147 | 2/4/2008 | Byun, Rhonda* | Lede, Carlos; Lam, Siu-Pang | | | Email chain and attachments requesting information in furtherance of representation regarding the booking or execution of trades. | Attorney-Client |
| 148 | 2/4/2008 | Fairclough, Kimberley | Lede, Carlos; Lam, Siu-Pang; Byun, Rhonda*; Appelson, Steven | Samaritano-Jr, Frank; Lieu, Hieu | | Email chain and attachments providing information to counsel in furtherance of representation regarding the booking or execution of trades. | Attorney-Client |
| 149 | 2/6/2008 | Appelson, Steven | Cho, Edwin* | Canavan, Patricia*; Montello, Jason | | Email chain and attachments providing information to counsel in furtherance of representation regarding the booking or execution of trades. | Attorney-Client |
| 150 | 2/8/2008 | Cho, Edwin* | Appelson, Steven | | | Email chain and attachments containing information prepared at the request of counsel and requesting information in furtherance of representation regarding regulatory inquiry, prepared in anticipation of litigation. | Attorney-Client; Attorney Work Product |
| 151 | 3/4/2008 | Gattini, Peter | Byun, Rhonda* | Nacinich, John | | Email chain and attachments reflecting legal advice and mental impressions of counsel, and providing information to counsel in furtherance of representation regarding regulatory inquiry, prepared in anticipation of litigation. | Attorney-Client; Attorney Work Product |
| 152 | 3/6/2008 | Fusillo, Ronald | Zeng, Michelle^ | | | Email chain and attachment requesting information from, and providing information to, accountant regarding audit. | Accountant-Client |
| 153 | 3/6/2008 | Byun, Rhonda* | Gattini, Peter | Nacinich, John | | Email chain and attachment requesting information in furtherance of representation regarding regulatory inquiry, prepared in anticipation of litigation. | Attorney-Client; Attorney Work Product |
| 154 | 3/10/2008 | Ritz, Daniel | Fusillo, Ronald | Rocaniello, Robert; Carrano, Andrew | | Email chain and attachment containing information prepared at the direction of counsel and reflecting mental impressions of counsel regarding regulatory inquiry, prepared in anticipation of litigation. | Attorney-Client; Attorney Work Product |

UBS Privilege Log 1

LOG OF DOCUMENTS WITHHELD FROM PRODUCTION
*Taser International, et al. v. Morgan Stanley Co., et al.*

| Log # | Date | Author | TO | CC | BCC | Privilege Description | Privilege Designation |
|---|---|---|---|---|---|---|---|
| 155 | 3/14/2008 | Ritz, Daniel | Ferlazzo, Thomas; Tao, Cathy | Fusillo, Ronald | | Email chain and attachment containing information prepared at the direction of counsel and reflecting mental impressions of counsel regarding regulatory inquiry, prepared in anticipation of litigation. | Attorney-Client; Attorney Work Product |
| 156 | 3/19/2008 | Appelson, Steven | Vega, Henry | Byun, Rhonda* | | Email chain and attachments containing and discussing information provided to counsel in furtherance of representation regarding the booking or execution of trades. | Attorney-Client |
| 157 | 4/3/2008 | Cho, Edwin* | Appelson, Steven; Monteiro, Jason | | | Email chain and attachments containing legal analysis and requesting information in furtherance of representation regulatory inquiry, prepared in anticipation of litigation. | Attorney-Client; Attorney Work Product |
| 158 | 4/4/2008 | Appelson, Steven | Byun, Rhonda*; Ferlazzo, Thomas; Scott, John; Monteiro, Jason | | | Email and attachments containing information prepared at the request of counsel in furtherance of representation regarding the booking or execution of trades. | Attorney-Client |
| 159 | 4/11/2008 | Mulcahy, Richard | Canavan, Patricia* | Romaine, Judith* | | Email containing information prepared at the request of counsel in furtherance of representation regarding audit. | Attorney-Client |
| 160 | 4/28/2008 | Capello, Mike | Canavan, Patricia* | | | Email chain and attachments transmitting legal advice of G. Citera* to counsel in furtherance of representation regarding securities regulations. | Attorney-Client |
| 161 | 4/29/2008 | Mulcahy, Richard | Canavan, Patricia* | Arbolino, Nadia | | Email and attachments providing information to counsel in furtherance of representation regarding securities regulations. | Attorney-Client |
| 162 | 4/29/2008 | Canavan, Patricia* | Belcher, Sheri; McClorin, David | Stellwagen, Matthew | | Email and attachments containing legal advice of P. Canavan* regarding securities regulations. | Attorney-Client |
| 163 | 5/5/2008 | Monteiro, Jason | Baedke, William; Coulson, Ken; Appelson, Steven; Buck, Corey; Kiss, Pamela | Anderson, Scott-W* | | Email chain and attachment providing information to counsel in furtherance of representation regarding the booking or execution of trades. | Attorney-Client |
| 164 | 5/16/2008 | Appelson, Steven | Cho, Edwin* | | | Email chain and attachments providing information to counsel in furtherance of representation regarding regulatory inquiry, prepared in anticipation of litigation. | Attorney-Client |
| 165 | 5/21/2008 | Chi, Patrick* | Brubaker, Mark | Wendell, Karen*; Kiss, Pamela; Harold, Marc | | Email and attachments requesting information in furtherance of representation and containing mental impressions of P. Chi* regarding the booking or execution of trades. | Attorney-Client; Attorney Work Product |
| 166 | 5/21/2008 | Byun, Rhonda* | Schifano, Joseph; Klein, Scott*; Kiss, Pamela | | | Email chain and attachment containing information prepared at the direction of counsel in furtherance of representation regarding the booking or execution of trades. | Attorney-Client |
| 167 | 6/2/2008 | Capello, Mike | Lucido, Albert | | | Email chain and attachments reflecting legal advice of G. Citera* regarding regulatory compliance. | |
| 168 | 6/3/2008 | Canavan, Patricia* | Harold, Marc | | | Email chain and attachments containing mental impressions of P. Canavan* and requesting information in furtherance of representation regarding stock lending. | Attorney-Client |

(*) indicates attorneys; (^) indicates accountants

UBS Privilege Log 1

## LOG OF DOCUMENTS WITHHELD FROM PRODUCTION
### _Taser International, et al. v. Morgan Stanley Co., et al._

| Log # | Date | Author | TO | CC | BCC | Privilege Description | Privilege Designation |
|---|---|---|---|---|---|---|---|
| 169 | 6/10/2008 | Appelson, Steven | Cho, Edwin* | | | Email chain and attachments providing information to counsel in furtherance of representation regarding regulatory inquiry, prepared in anticipation of litigation. | Attorney-Client; Attorney Work Product |
| 170 | 6/12/2008 | Wa, Charles | Alito, Bonnie*; Aluise, Karen*; Aluise, Karen*; Gitman, Tanya; Hesz, Tom; Jones, William; Prior, Ant; Canavan, Patricia* | Wa, Charles | | Email and attachment containing information prepared at the request of counsel in furtherance of representation regarding regulatory compliance. | Attorney-Client |
| 171 | 6/16/2008 | Canavan, Patricia* | Gitman, Tanya; Jones, William; Wa, Charles; Prior, Ant | Aluise, Karen*; Kelleher, Michael-W; Alto Bonnie L.* | | Email and attachments reflecting legal advice and mental impressions of P. Canavan* regarding regulatory inquiry, prepared in anticipation of litigation. | Attorney-Client; Attorney Work Product |
| 172 | 6/20/2008 | Fusillo, Ronald | Zeng, Michelle^ | | | Email and attachment providing information to accountant regarding audit. | Accountant-Client |
| 173 | 7/10/2008 | Giatlini, Peter; Zeng, Michelle^ | Giatlini, Peter; Zeng, Michelle^ | Cuomo, Anthony^; Wilkinson, Doug; Costanzo, Javed; Somma, Joseph; Yakoob, Waqal^ | | Email chain and attachments requesting information form, and providing information to, accountants regarding audit. | Accountant-Client |
| 174 | 7/21/2008 | Giatlini, Peter | Cho, Edwin*; Byun, Rhonda*; Nachick, John | | | Email chain and attachments containing information prepared at the request of counsel in furtherance of representation regarding regulatory compliance. | Attorney-Client |
| 175 | 7/21/2008 | Hagstrom, Christopher | Esquivel, Raul; Pecci, Matt; Ingrilli, John | Canavan, Patricia*; Kelleher, Michael-W | | Email chain and attachment reflecting legal strategy and containing information prepared at the request of counsel in furtherance of representation regarding regulatory inquiry, prepared in anticipation of litigation. | Attorney-Client; Attorney Work Product |
| 176 | 7/21/2008 | Gitman, Tanya | Kelleher, Michael-W; Hagstrom, Christopher; Canavan, Patricia*; Alto, Bonnie L.* | Wa, Charles | | Email chain and attachment containing information prepared at the request of counsel in furtherance of representation regarding regulatory inquiry, prepared in anticipation of litigation. | Attorney-Client; Attorney Work Product |
| 177 | 7/23/2008 | Appelson, Steven | Arbolino, Nadia | Cho, Edwin* | | Email chain and attachments providing information to counsel in furtherance of representation regarding the booking or execution of trades. | Attorney-Client |
| 178 | 7/24/2008 | Canavan, Patricia* | Aluise, Karen** | | | Email chain and attachment reflecting legal advice and providing information to counsel in furtherance of representation regarding regulatory compliance. | Attorney-Client |
| 179 | 7/24/2008 | Gitman, Tanya | Canavan, Patricia*; Kelleher, Michael-W; Hagstrom, Christopher; Alto, Bonnie*, Flannery, Anne*; Jackman, Frank | | | Email chain and attachment reflecting legal advice and providing information to counsel in furtherance of representation regarding regulatory compliance. | Attorney-Client |
| 180 | 7/25/2008 | Giatlini, Peter | Zeng, Michelle^ | Cuomo, Anthony^ | | Email chain and attachments requesting information form, and providing information to, accountants regarding audit. | Accountant-Client |
| 181 | 8/1/2008 | Giatlini, Peter | Taiwar, Sami*; Wallace, Jonathan | Thomas, Nick; Shen, Yawen | | Email chain and attachments requesting information form, and providing information to, accountants regarding audit. | Accountant-Client |

(*) indicates attorneys; (^) indicates accountants

LOG OF DOCUMENTS WITHHELD FROM PRODUCTION
*Taser International, et al. v. Morgan Stanley Co., et al.*

UBS Privilege Log 1

| Log # | Date | Author | TO | CC | BCC | Privilege Description | Privilege Designation |
|---|---|---|---|---|---|---|---|
| 182 | 8/1/2008 | Giatini, Peter | Talwar, Sami^; Wallace, Jonathan | Thomas, Nick; Shen, Yawen | | Email chain and attachments requesting information form, and providing information to, accountant regarding audit. | Accountant-Client |
| 183 | 8/11/2008 | Giatini, Peter | Lin, Cecilia Y. | Fuchs, Fred S.; Tonarazzo, Annette^; Greve, Peter; Terr, Jerald; Chieo, Robert; Somma, Joseph; Capano, Michael | | Email and attachments providing information to counsel in furtherance of representation regarding regulatory inquiry, prepared in anticipation of litigation. | Attorney-Client; Attorney Work Product |
| 184 | 8/20/2008 | Hoyn, Jeffrey | Fusillo, Ronald | Bowman, Lanbing^ | | Email chain and attachments requesting information form, and providing information to, accountant regarding audit. | Accountant-Client |
| 185 | 8/27/2008 | Rodriguez, Diana-D | Somma, Joseph; Byun, Rhonda^; Pereira, Luis A. | Cooke, Darryl | | Email chain and attachments reflecting mental impressions of counsel and providing information to counsel in furtherance of representation regarding regulatory inquiry, prepared in anticipation of litigation. | Attorney-Client; Attorney Work Product |
| 186 | 9/8/2008 | Giatini, Peter | Talwar, Sami^; Wallace, Jonathan; Thomas, Nick | Shen, Yawen^; Mahjabeen, Salma^; Albergo, Rosemarie; Isobiockj, Selin^ | | Email chain and attachments requesting information form, and providing information to, accountant regarding audit. | Accountant-Client |
| 187 | 9/11/2008 | Fusillo, Ronald | Bowman, Lanbing^ | Zeng, Michelle^ | | Email chain and attachments requesting information form, and providing information to, accountant regarding audit. | Accountant-Client |
| 188 | 9/24/2008 | Wendell, Karen^ | Hanglin, Joseph | Anderson, Scott-W^ | | Email and attachment reflecting legal advice and mental impressions of counsel regarding the booking or execution of trades. | Attorney-Client |
| 189 | 9/24/2008 | Fusillo, Ronald | Bowman, Lanbing^ | | | Email chain and attachments requesting information form, and providing information to, accountant regarding audit. . | Accountant-Client |
| 190 | 9/26/2008 | Wendell, Karen^ | Appelson, Steven | | | Email chain and attachments reflecting legal advice and mental impressions of counsel and containing information prepared at the request of counsel in furtherance of representation regarding the booking or execution of trades. | Attorney-Client |
| 191 | 9/27/2008 | Anderson, Scott-W^ | Harold, Marc | | | Email chain and attachment providing information to K. Wendell^ in furtherance of representation regarding the booking or execution of trades. | Attorney-Client |
| 192 | 10/22/2008 | Appelson, Steven | Cho, Edwin^ | | | Email chain and attachments providing information to counsel in furtherance of representation regarding the booking or execution of trades. | Attorney-Client |
| 193 | 10/8/2008 | Cheung, Ada | Giacatone, Thomas; Leda, Carlos; Vega, Henry; Appelson, Steven; Byun, Rhonda^; Odell, Thomas; Baylizian, Silva; Ramos, Felic; Samaritano-Jr, Frank; Lieu, Hieu; Dewan, Vikram; Scott, John | | | Email chain and attachments providing information to counsel in furtherance of representation regarding regulatory issue. | Attorney-Client |
| 194 | 10/16/2008 | Appelson, Steven | Cho, Edwin^ | | | Email chain and attachments providing information to counsel in furtherance of representation regarding regulatory inquiry, prepared in anticipation of litigation. | Attorney-Client; Attorney Work Product |

Confidential

(^) Indicates attorneys; (*) Indicates accountants

LOG OF DOCUMENTS WITHHELD FROM PRODUCTION
*Taser International, et al. v. Morgan Stanley Co., et al*

UBS Privilege Log 1

| Log # | Date | Author | TO | CC | BCC | Privilege Description | Privilege Designation |
|---|---|---|---|---|---|---|---|
| 195 | 10/16/2008 | Kenner, Michael | Ibabeld, Selin^ | Glatfini, Peter | | Email chain and attachments requesting information from, and providing information to, accountant regarding audit. | Accountant-Client |
| 196 | 10/16/2008 | Harold, Marc | Canavan, Patricia* | | | Email chain and attachment providing information to counsel in furtherance of representation regarding regulatory inquiry, prepared in anticipation of litigation. | Attorney-Client; Attorney Work Product |
| 197 | 10/16/2008 | Glatfini, Peter | Talwar, Samir^ | Cooke, Darryl; Wallace, Jonathan; Somma, Joseph; Thomas, Nick; Albergo, Rosemarie; Mahjabeen, Salma^; Ibabeld, Selin^; Shen, Yawen^ | | Email chain and attachments requesting information from, and providing information to, accountants regarding audit. | Accountant-Client |
| 198 | 10/17/2008 | Cheung, Ada | Vega, Henry; Appelson, Steven; Byun, Rhonda^; Leda, Carlos; Odell, Thomas; Bagician, Silvar; Ramos, Felix; Sarraellano-Jr., Frank; Lieu, Hieur; Dewan, Vikram; Glacalone, Thomas; Scott, John | | | Email chain and attachments providing information to counsel in furtherance of representation regarding the booking or execution of trades. | Attorney-Client |
| 199 | 10/22/2008 | Harold, Marc | Canavan, Patricia* | | | Email chain and attachment providing information to counsel in furtherance of representation regarding regulatory inquiry, prepared in anticipation of litigation. | Attorney-Client; Attorney Work Product |
| 200 | 10/23/2008 | Appelson, Steven | Clay, Christopher | | | Email chain and attachments reflecting legal advice of R. Byun* regarding regulatory inquiry, prepared in anticipation of litigation. | Attorney-Client; Attorney Work Product |
| 201 | 10/27/2008 | Harold, Marc | Canavan, Patricia* | | | Email and attachments providing information to counsel in furtherance of representation regarding the booking or execution of trades. | Attorney-Client |
| 202 | 10/31/2008 | Bowman, Lanbing^ | Fusillo, Ronald | Flourentzou, Chrystal; Zeng, Michelle | | Email and attachments requesting information in furtherance of audit. | Accountant-Client |
| 203 | 11/3/2008 | Glatfini, Peter | Tomarazzo, Annelise*; Somma, Joseph | Bonfella, Gregg | | Email and attachments containing legal advice of A. Tomarazzo* regarding regulatory inquiry, prepared in anticipation of litigation. | Attorney-Client; Attorney Work Product |
| 204 | 11/5/2008 | Bowman, Lanbing^ | Fusillo, Ronald | | | Email chain and attachment requesting information from, and providing information to, accountant regarding audit. | Accountant-Client |

(*) Indicates attorneys; (^) Indicates accountants

UBS Privilege Log 1

LOG OF DOCUMENTS WITHHELD FROM PRODUCTION
*Taser International, et al. v. Morgan Stanley Co., et al.*

| Log # | Date | Author | TO | CC | BCC | Privilege Description | Privilege Designation |
|---|---|---|---|---|---|---|---|
| 205 | 1/15/2008 | Giatini, Peter | Albergo, Rosemarie | | | Email chain and attachments requesting information from, and providing information to, S. Talwar*, S. Mahjabeen*, S. Isabekic* and Y. Shen* regarding audit. | Accountant-Client |
| 206 | 11/7/2008 | Scott, John | Wendell, Karen* | Montero, Jason; Appelson, Steven; Scott, John | | Email chain and attachment providing information to counsel in furtherance of representation regarding the booking or execution of trades. | Attorney-Client |
| 207 | 11/10/2008 | Fernando, Judo | Fusillo, Ronald; Bhardwaj, Sunny; DL-REMEDY-ECT-GSD; DL-ECT-GSD-FTS-NY | Gilman, Tanya; Tsao, Roland | | Email chain and attachments reflecting legal advice and mental impressions of J. Romaine* and containing information prepared at the request of counsel in furtherance of representation regarding regulatory inquiry, prepared in anticipation of litigation. | Attorney-Client; Attorney Work Product |
| 208 | 11/13/2008 | Alito, Bonnie L.* | Canavan, Patricia*; Harold, Marc | | | Email chain and attachment providing information to counsel in furtherance of representation regarding regulatory inquiry, prepared in anticipation of litigation. | Attorney-Client; Attorney Work Product |
| 209 | 11/14/2008 | Harold, Marc | Cross, Bryan-Andrew | Wolfe, Mark | | Email chain and attachment transmitting and discussing information provided to P. Canavan* in furtherance of representation regarding regulatory inquiry, prepared in anticipation of litigation. | Attorney-Client; Attorney Work Product |
| 210 | 1/5/2009 | Appelson, Steven | Jamroz, Marilyn | Byun, Rhonda* | | Email chain and attachment providing information to counsel in furtherance of representation regarding the booking or execution of trades. | Attorney-Client |
| 211 | 2/12/2009 | Hayes, Ed | DeFilippis, Anthony; Kiesling, Gordon* | Voufhounis, Georgia | | Email chain and attachment requesting legal advice regarding public filings or disclosures. | Attorney-Client |
| 212 | 2/13/2009 | Mcgrath, Daniel | Cohn, Joseph*; Capano, Michael; Biscoe, Steve | Hayes, Brian; Steyn, Susanne; Voufhounis, Georgia | | Email chain and attachment requesting legal advice regarding regulatory compliance. | Attorney-Client |
| 213 | 3/9/2009 | Kwan, Jackie | Prior, Ant; Harold, Marc; Fernando, Judo | Wa, Charles; Canavan, Patricia* | | Email and attachments containing information prepared at the request of counsel regarding regulatory inquiry, prepared in anticipation of litigation. | Attorney-Client; Attorney Work Product |
| 214 | 4/3/2009 | Wa, Charles | Reddy, Sriddhi | Kelloher, Michael-W | | Email chain and attachments reflecting mental impressions and legal advice of P. Canavan* and providing information to B. Alino* in furtherance of representation regarding the booking or execution of trades, prepared in anticipation of litigation. | Attorney-Client; Attorney Work Product |
| 215 | 4/14/2009 | Harold, Marc | Wendell, Karen* | | | Email and attachment providing information to counsel in furtherance of representation regarding the booking or execution of trades, prepared anticipation of litigation. | Attorney-Client; Attorney Work Product |
| 216 | 4/14/2009 | Wendell, Karen* | Ngai, Kenneth | Harold, Marc; Marschner, Kenneth | | Email chain and attachment reflecting legal advice and mental impressions of counsel, and requesting information in furtherance of representation of trades, prepared in anticipation of litigation. | Attorney-Client; Attorney Work Product |

(*) indicates attorneys; (^) indicates accountants

UBS Privilege Log 1

LOG OF DOCUMENTS WITHHELD FROM PRODUCTION
*Taser International, et al. v. Morgan Stanley Co., et al.*

| Log # | Date | Author | TO | CC | BCC | Privilege Description | Privilege Designation |
|---|---|---|---|---|---|---|---|
| 217 | 4/17/2009 | Ngai, Kenneth | Alito, Bonnie L*.; Harold, Marc | | | Email chain and attachments providing information to P. Canavan* and outside counsel in furtherance of representation regarding stock lending. | Attorney-Client |

(*) Indicates attorneys; (^) Indicates accountants

**State Court of Fulton County**
**\*\*\*EFILED\*\*\***
LexisNexis Transaction ID: 31280812
Date:  May 24 2010  6:26PM
Mark Harper, Clerk

# Exhibit R

144910.1

O

O'MELVENY & MYERS LLP

BEIJING
BRUSSELS
CENTURY CITY
HONG KONG
LONDON
LOS ANGELES
NEWPORT BEACH

Times Square Tower
7 Times Square
New York, New York  10036

TELEPHONE (212) 326-2000
FACSIMILE (212) 326-2061
www.omm.com

SAN FRANCISCO
SHANGHAI
SILICON VALLEY
SINGAPORE
TOKYO
WASHINGTON, D.C.

May 18, 2010

OUR FILE NUMBER
045,231-098

**VIA E-MAIL**

WRITER'S DIRECT DIAL
(212) 326-2248

WRITER'S E-MAIL ADDRESS
belias@omm.com

Steven J. Rosenwasser, Esq.
Bondurant, Mixson & Elmore, LLP
3900 One Atlantic Center
1201 West Peachtree Street, N.W.
Atlanta, Georgia  30309-3417

Re:   *Taser International, Inc., et al. v. Morgan Stanley & Co., et al.,*
      Civil Case No. 2008-EV-004739-B

Dear Mr. Rosenwasser:

As you know, we represent Banc of America Securities LLC ("BAS") in this action.  We write in response to your April 28 and May 18 emails in which you threaten to file a motion in connection with BAS's privilege log.

As an initial matter, we have serious concerns that you do not seek to meet and confer on this issue in good faith.  Instead, it appears you seek to manufacture deficiencies in BAS's privilege log to advance your case for the appointment of a Special Master to review each of the defendants' privilege designations.  Our concerns stem from the fact that we have produced more than 135,000 documents to date and *have withheld only 34 on the basis of privilege* (12 of which are communications arising directly from this litigation).  Thus, any concern that we are over-designating documents as privileged is ill-founded.  To the contrary, it is readily apparent from these figures that we have been judicious and accurate in our privilege designations.  Accordingly, if you insist on filing a motion, we insist that you not lump defendants together and we request that you attach this letter so the Court will be provided with full context.

You have also failed to identify any specific deficiencies in BAS's privilege log.  Instead, you have asked us to provide a breathtaking level of detail regarding the actual contents of privileged communications.  This is clearly improper.  To make matters worse, much of the information you request is wholly irrelevant to determining whether the underlying documents are privileged.  For example, you request that BAS state the "stocks involved in the inquiry" and the "subject matter being investigated."  But this information has no bearing on whether the email contains legal advice or information gathered at the request of counsel.  Your requests are further flawed in that they would require BAS to perform an extensive investigation of

O'MELVENY & MYERS LLP
Steven J. Rosenwasser, Esq., May 18, 2010 - Page 2

documents that are privileged on their face. For example, you request that BAS state "whether any of the information in the email or attachment was disclosed to the agency at any point in time." Responding to this request would require BAS to review every prior and future communication with the agency and compare it to the information contained in the email or attachment. We are aware of no basis under Georgia law for you to demand such an investigation. Finally, you ask BAS to "confirm that the email and the attachments contain nothing but legal advice." As this is not the standard by which privilege is judged under Georgia or any other law, there are no grounds for such a request.

Notwithstanding your unfounded allegations and overbroad requests, we have engaged in a good faith re-review of each document appearing on our privilege log. This re-review revealed that three documents appearing on the log are non-responsive to your document requests and do not relate to the "conduct at issue" as defined in Exhibit A to the recent stipulation and order. Those documents should not have been included on the log, and we are providing an amended log with those entries removed.

Of the remaining thirty-one documents, twelve involve communications that took place in connection with this litigation. Those documents are unquestionably privileged, as they contain requests from counsel for information necessary to provide legal advice. Our privilege log clearly describes the purpose of these communications, and there is no basis for you to question the sufficiency of those descriptions.

As for the final nineteen documents, they fall into three categories: (i) documents specifically relating to information gathered or analyzed at the request of attorneys necessary to provide legal advice in connection with other matters or inquiries; (ii) emails from attorneys providing legal advice and attaching work product reflecting their legal advice regarding regulatory inquiries; or (iii) requests for legal advice which attach information necessary to provide legal advice regarding regulatory inquiries. Our privilege log clearly describes the purpose of each communication, and again, you have no basis to question the sufficiency of those descriptions.

Accordingly, BAS is currently unwilling to provide the broad swaths of additional information you request. BAS, however, is willing to again meet and confer if you can demonstrate that Georgia law requires the broad level of disclosure you request. Once again, please include this letter with any motion you may file on this issue.

Sincerely,

Brad M. Elias
for O'MELVENY & MYERS LLP

cc: Defense counsel (via email)

NY1:1814705.1

**State Court of Fulton County**
**\*\*\*EFILED\*\*\***
LexisNexis Transaction ID: 31280812
Date: May 24 2010  6:26PM
Mark Harper, Clerk

# Exhibit S

144910.1

04/12/2010  12:00     40423405

JUDGE PATSY POR

State Court of Fulton County
***EFILED***
PAGE  01
LexisNexis Transaction ID: 30604538
Date: Apr 15 2010 3:36PM
Mark Harper, Clerk

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| TASER INTERNATIONAL, INC.,<br>*et al.*, | : | |
| | : | |
| Plaintiffs, | : | CIVIL ACTION |
| | : | FILE NO.: 2008-EV-004739-B |
| v. | : | |
| | : | |
| MORGAN STANLEY & CO., INC.,<br>*et al.*, | : | JURY TRIAL DEMANDED |
| | : | |
| Defendants. | : | |

## STIPULATION AND [PROPOSED] PROTECTIVE ORDER
## REGARDING CONFIDENTIAL INFORMATION

All parties to this action, by and through their respective undersigned counsel, hereby

stipulate to and respectfully request that the Court enter the following Protective Order

Regarding Confidential Information ("Order"), which the parties agree is necessary to safeguard

the confidentiality of information and documents to be produced and disclosed in the course of

discovery in this action:

1.      This Order shall govern the conduct of the parties, their attorneys and agents with

respect to all designated records of testimony given at any deposition in this action and all

designated answers, documents, information, and other discovery materials produced by the

parties or any third party, whether informally or in response to interrogatories, requests for

admissions or requests for production of documents or subpoenas, now pending or hereafter

served, and any information obtained, summarized, derived, or compiled from such materials

(hereafter referred to as "Discovery Material").

2.      Any party to this action, as well as any third party responding to a subpoena or

any other properly served discovery request in this action who elects to be bound by this Order

(hereafter the "Designating Party"), shall have the right to designate as "CONFIDENTIAL INFORMATION" or "HIGHLY CONFIDENTIAL INFORMATION" any Discovery Material as set forth below.

3. "CONFIDENTIAL INFORMATION"

a. Discovery Material may be designated as CONFIDENTIAL INFORMATION if it includes information that is entitled to confidential treatment under applicable law, including, without limitation, trade secrets, non-public financial information, non-public information concerning ongoing business activities, non-public personnel or customer-related information, private personal information, or other proprietary or competitively sensitive information.

b. A Designating Party may designate any Discovery Material as CONFIDENTIAL INFORMATION and subject to this Order by:

i. Stamping or inscribing on each page of the pertinent Discovery Material the word "CONFIDENTIAL"; or

ii. So designating portions of a deposition transcript or deposition exhibits, either during the deposition or by written notice to all counsel of record within fifteen (15) calendar days after the court reporter sends the final transcript or written notice that the final transcript is available for review.  Until the fifteen (15) calendar day period expires, all deposition transcripts shall be treated as CONFIDENTIAL INFORMATION;

c.   Discovery Material designated as CONFIDENTIAL INFORMATION may be disclosed only to:

i.   Counsel of record to the parties in the action and other outside counsel to the parties who are retained with respect to this action;

ii.   In-house counsel actually working on or with direct oversight responsibility for this action, including clerical, secretarial, and paralegal staff employed by such counsel who work on this matter;

iii.   The parties to this action, including representatives and employees of the parties;

iv.   The Court, court staff, deposition and trial reporters and videographers, and any court appointed special masters, mediators, or referees;

v.   Independent consultants or experts retained by any party or employed by counsel in order to assist in preparation for any deposition, hearing, trial or appeal;

vi.   Witnesses during the course of their preparation for or the taking of their depositions or testimony;

vii.   Any person who authored or previously received the CONFIDENTIAL INFORMATION, or who has knowledge of the specific facts identified in such materials;

viii.   Commercial photocopying services ordinarily used by counsel for the purpose of photocopying;

3

ix.   Any other person to whom the Designating Party agrees in writing;
and

x.   Any special masters, mediators, or referees retained by the parties.

d.   Copies of Discovery Materials designated as CONFIDENTIAL
INFORMATION may be made by or for the persons identified in
Paragraph 3(c), provided that all copies are appropriately marked and
treated as CONFIDENTIAL INFORMATION in accordance with this
Order.

4.   "HIGHLY CONFIDENTIAL"

a.   Discovery Material may be marked as HIGHLY CONFIDENTIAL
if it includes information that is especially sensitive, proprietary,
private, or otherwise highly confidential in nature, such that the additional
protections of this Paragraph are necessary to safeguard its confidentiality.
The HIGHLY CONFIDENTIAL designation shall only be used for
Discovery Material believed in good faith to contain: (i) social security
numbers; (ii) tax-payer identification numbers; (iii) account identifying
information; (iv) a party's highly confidential business strategies;
or (v) information that, if disclosed, could cause substantial enough harm
to the Designating Party's business or economic interests such that it
warrants protection beyond that provided by the CONFIDENTIAL
INFORMATION designation.  If a receiving party believes that a
HIGHLY CONFIDENTIAL designation is not warranted, or that the
confidentiality concerns requiring a document to be designated as

4

HIGHLY CONFIDENTIAL could be eliminated through redaction or
otherwise, the receiving party shall confer with the producing party.  If the
parties cannot agree, the Designating Party shall, within 30 calendar
days after the end of the conferral process, file a motion with the Court
requesting permission to designate the document as HIGHLY
CONFIDENTIAL.  The document shall retain the HIGHLY
CONFIDENTIAL designation until that motion is ruled on by the Court.
If no motion is filed within 30 calendar days, the Designating Party shall
be deemed to waive any right to designate the document as HIGHLY
CONFIDENTIAL.

b.  Given that HIGHLY CONFIDENTIAL information cannot be reviewed
by the parties unless they fall within an enumerated exception set forth in
4(c) below, the parties agree to limit the use of that designation
where reasonably possible.  At this time the parties do not anticipate that a
significant number of documents will be marked HIGHLY
CONFIDENTIAL solely on the basis that the document contains a social
security number, taxpayer identification number or account number.  If
any defendant determines that it will be marking a significant number of
documents HIGHLY CONFIDENTIAL solely on the basis that the
document contains a social security number, taxpayer identification
number, or account number, or if Plaintiff believes that any defendant has
marked a significant number of documents HIGHLY CONFIDENTIAL
solely on the basis that the document contains a social security number,

5

taxpayer identification number or account number, the parties agree to meet and confer with one another concerning the possibility of altering the treatment of such documents pursuant to this Order .

 c. HIGHLY CONFIDENTIAL information may be disclosed or made available only to:

  (i) those persons specified in subsections (i), (ii), and (iv) through (x) of Paragraph 3(c) above; and

  (ii) five employees and/or representatives of TASER International, Inc. who will be designated in writing before receiving any HIGHLY CONFIDENTIAL information.

 d. HIGHLY CONFIDENTIAL information shall not be disclosed to persons who are specified in subsection (iii) of Paragraph 3(c), *i.e.* parties and representatives or employees of parties, unless such persons fall within one of the other subsections of Paragraph 3 or in 4(c) above.

 e. Copies of those portions of Discovery Material designated as HIGHLY CONFIDENTIAL may be made by or for the foregoing persons (i.e., the persons identified in subsections (i), (ii), and (iv) through (x) of Paragraph 3(c) above), provided that all copies are appropriately marked and treated as HIGHLY CONFIDENTIAL in accordance with this Order.

 5. Discovery Material subject to the terms of this Order shall be used only for the purposes of this litigation, shall not be used for any business, competitive, or other legal purpose or function, and shall not be disclosed to anyone except as expressly permitted herein. However, nothing contained in this Order shall apply to any Designating Party's handling of its own

CONFIDENTIAL or HIGHLY CONFIDENTIAL information that has been designated as such solely by that party.

6.    If Discovery Material contains HIGHLY CONFIDENTIAL social security numbers and/or tax identification numbers, the producing party may, in lieu of designating the Discovery Material as CONFIDENTIAL or HIGHLY CONFIDENTIAL information, redact or otherwise mask the personal identifying information.  If the non-producing party believes that the redacted or masked personal identifying information is germane to the claims alleged in this action and should be produced in an un-redacted or un-masked form, then that party shall confer with the producing party to request that the information be un-redacted.  If the parties are unable to agree, the non-producing party may file a motion with the Court requesting that the personal identifying information be produced and explaining why the information is germane to this action.  The redacting party shall have the burden of proving why the redaction is necessary.  If the Court grants the motion, then it will enter a separate protective order governing the confidentiality, use, and disclosure of, as well as any other protections applicable to, the personal identifying information.  The parties shall confer in good faith regarding the terms of any such order.

7.    Before any CONFIDENTIAL or HIGHLY CONFIDENTIAL information is disclosed to any individual or entities defined in paragraph 3(c) (v), (vi), (vii), (ix) or (x) as permitted by this Order, the disclosing party shall make best efforts to have the individual or entity read this Order and sign the "Confidentiality Undertaking" attached hereto as Exhibit A.

8.    Without written permission from the Designating Party or a court order, a party may not file in the public record any documents which comprise or contain CONFIDENTIAL

7

INFORMATION or HIGHLY CONFIDENTIAL INFORMATION.  If a party seeks to file such information, it must seek to do so under seal.

9.    Notwithstanding any other provisions of this Order, nothing in this Order shall prohibit counsel for a party from disclosing any document designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL information to the person whom the document identifies as an author, addressee, or recipient of such document or to a representative of the party who designated the document as confidential.  Regardless of a CONFIDENTIAL or HIGHLY CONFIDENTIAL designation under this Order, if a document or testimony makes reference to the actual or alleged conduct or statements of a third party or a person who is a potential witness, counsel may discuss such conduct or statements with such third party or witness, without revealing any portion of the document or testimony other than that which refers to such conduct or statement, and such discussion shall not constitute disclosure of CONFIDENTIAL or HIGHLY CONFIDENTIAL information within the terms of this Order.

10.    Any court reporter or transcriber who reports or transcribes testimony in this action at a deposition shall agree, before transcribing any such testimony, that all testimony and information revealed at the deposition is and shall remain confidential and shall not be disclosed by such reporter or transcriber except to the attorneys for either party and any other person who is present while such testimony is being given; and that copies of any transcript, reporter's notes or any other transcription records of any such testimony shall be retained in absolute confidentiality and safekeeping by such shorthand reporter or shall be delivered to the attorneys.

11.    A party may challenge any other party's designation of Discovery Material as CONFIDENTIAL or HIGHLY CONFIDENTIAL information by serving a written objection upon the Designating Party.  The parties shall confer in good faith as to the validity of the

8



designation.  To the extent the parties are unable to reach an agreement as to the designation, the objecting party may file an appropriate application or motion with this Court, with the portions constituting CONFIDENTIAL or HIGHLY CONFIDENTIAL information to be kept under seal. In any such proceeding, the Designating Party shall bear the burden of demonstrating that the disputed designation is legally warranted.  Until the parties or the Court finally resolves a dispute over the asserted designation, all parties and persons shall treat the information or materials in question as CONFIDENTIAL or HIGHLY CONFIDENTIAL INFORMATION subject to this Order.

12.     The procedures set forth in this Order shall not affect the rights of the parties to object to discovery on any appropriate grounds, nor shall they relieve a party of the necessity of proper responses to discovery devices.

13.     Neither the taking of nor the failure to take any action to enforce the provision of this Order, nor the failure to object to any such action or omission, shall constitute a waiver of any claim or defense in the trial of this action or any other action, including but not limited to, any claim or defense that any information is or is not confidential or proprietary to any party or that such information embodies trade secrets of any party.

14.     The provisions of this Order shall, absent written permission of the Designating Party or further order of the Court, continue to be binding throughout and after the conclusion of this action.  Within sixty (60) days after receiving notice of the entry of an order, judgment or decree finally disposing of this action, including any appeals therefrom, all persons having received CONFIDENTIAL or HIGHLY CONFIDENTIAL information hereunder shall at such persons' own option either return such material and all copies thereof (including summaries and excerpts) to counsel for the Designating Party, or make commercially reasonable efforts to

9

destroy all such material and copies thereof. Counsel shall be entitled to retain court papers, deposition and trial transcripts and attorney work product provided that such counsel, and employees of such counsel, shall not disclose any CONFIDENTIAL or HIGHLY CONFIDENTIAL information contained in such documents except pursuant to court order or a written agreement with the Designating Party.

15.    Nothing in this Order shall be deemed to preclude any party from seeking and obtaining, on an appropriate showing, such additional protection with respect to the confidentiality of documents or other discovery material as that party may consider appropriate.

16.    The parties have not reached an agreement with respect to the use of CONFIDENTIAL and HIGHLY CONFIDENTIAL information at trial. Counsel for the parties shall set forth how CONFIDENTIAL and HIGHLY CONFIDENTIAL information will be used at trial in the pre-trial order. If the parties cannot reach agreement as to how such information shall be presented at trial, they shall submit the dispute to the Court to resolve.

17.    The parties agree to be bound by the terms of this Order pending its entry by the Court, and any violation of its terms following the parties' stipulation hereto but before entry by the Court shall be subject to the same penalties as if the Order had been entered by the Court.

18.    If any party is served with a subpoena or receives an order, process, or other legal compulsion issued in another action, proceeding, or matter that would compel disclosure of any CONFIDENTIAL or HIGHLY CONFIDENTIAL information (an "Other Demand"), such party must notify the Designating Party, in writing, immediately and in no event more than five business days after receiving the Other Demand. Such party also must immediately inform in writing the party who caused the Other Demand to issue that some or all of the material sought is the subject of this Order. If a party is otherwise required by law to disclose CONFIDENTIAL or

HIGHLY CONFIDENTIAL information (excluding information designated as such solely by the party itself), the receiving party must notify the Designating Party, in writing, immediately and in no event more than five business days after receiving notice of such alleged duty.

19.    If a receiving party learns that, by inadvertence or otherwise, it has disclosed CONFIDENTIAL or HIGHLY CONFIDENTIAL information to any person or entity under any circumstances not authorized under this Order, such receiving party must immediately (a) notify the Designating Party of all such unauthorized disclosures or uses, (b) use its best efforts to retrieve all copies of the information, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute "Confidentiality Undertaking" that is attached hereto as Exhibit A. Nothing in this Paragraph in any way limits Designating Party's ability to seek immediate remedy and relief in the appropriate fashion, or in any way limits any receiving party's liability for unauthorized disclosure.

20.    By stipulating to entry of this Order no party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground. Similarly, no party waives any right to object on any ground to use in evidence of any CONFIDENTIAL or HIGHLY CONFIDENTIAL information.

21.    All parties acknowledge that, while each party is making appropriate efforts to identify and withhold from production any documents that such party believes are privileged or otherwise protected from disclosure, there is a possibility that privileged or otherwise protected material may be produced inadvertently. Accordingly, in order to facilitate the production of Discovery Material, the parties understand and agree that, to the extent that Discovery Material may include materials subject to the attorney-client privilege, work product doctrine or other

11

applicable privilege or protection from disclosure, the inadvertent production of such Discovery Material shall not waive its continued protection from disclosure.[1] The parties further agree that, if a producing party at any time notifies each receiving party that any Discovery Material is subject to a claim of privilege or of other protection from disclosure, each receiving party shall return the specified information, testimony, or documents and any copies or summaries or extracts thereof such party has, to the producing party within five (5) business days of receipt of such notice or discovery and shall not review, use, or disclose such items for any purpose; provided, however, that such return shall not preclude the receiving party from seeking to compel production of the materials or from seeking an order that any applicable privilege has been waived. The fact that an inadvertent production of Discovery Material subject to a claim of privilege or otherwise protected from disclosure occurred, however, shall not be used by the parties or considered by the Court as evidence that any applicable privilege has been waived, unless the producing party fails to notify each party receiving such inadvertently produced Discovery Material within 90 days of being made aware of the inadvertent production.

**IT IS SO STIPULATED.**

Dated: August 27, 2009                    BONDURANT, MIXSON & ELMORE, LLP

                                          By
                                          John E. Floyd
                                          Georgia Bar No. 266413
                                          Steven J. Rosenwasser
                                          Georgia Bar No. 614908
                                          Signed by Richard H. Sinkfield with
                                          express permission

---

[1] However, as set forth below, the production of the information may constitute evidence or grounds for an argument of waiver.

Dated: August 26, 2009

ROGERS & HARDIN

By:

Richard H. Sinkfield
Georgia Bar No. 649100
2700 International Tower
Peachtree Center
229 Peachtree Street, N.E.
Atlanta, Georgia  30303-1601

**Attorney for Defendants**

Dated: August 26, 2009

O'MELVENY & MYERS LLP

By

Andrew J. Frackman
Signed by Richard H. Sinkfield with
express permission
Benjamin D. Petrosky
Brendan J. Dowd
7 Times Square
New York, New York  10036
(212) 326-2101 Tel.
(212) 326-2061 Fax

**Attorneys for Banc of America Securities,
LLC**

**[SIGNATURES CONTINUED ON NEXT PAGE]**

14

Dated: August 26, 2009

DAVIS POLK & WARDWELL

By

Robert F. Wise, Jr.
Signed by Richard H. Sinkfield with
express permission
William J. Fenrich
David B. Steinberg
Melissa T. Aoyagi
450 Lexington Avenue
New York, New York  10017
(212) 450-4512 Tel.
(212) 450-3512 Fax

**Attorneys for Morgan Stanley & Co.
Incorporated**

Dated: August 26, 2009

PROSKAUER ROSE LLP

By

Stephen L. Rather
Signed by Richard H. Sinkfield with
express permission
Harry Frischer
Brian L. Friedman
1585 Broadway
New York, New York  10036
(212) 969-3000 Tel.
(212) 969-2900 Fax

**Attorneys for Bear Stearns**

**[SIGNATURES CONTINUED ON NEXT PAGE]**

15

KIRKLAND & ELLIS LLP
Maria Ginzburg
Citigroup Center
153 East 53rd Street
New York, New York  10022-4611
(212) 446-4800 Tel.
(212) 446-4900 Fax

Attorneys for UBS Securities, LLC

Dated: August 26, 2009

WILMER CUTLER PICKERING HALE
  & DORR LLP

By
  Fraser L. Hunter, Jr.
  Signed by Richard H. Sinkfield with
  express permission
  399 Park Avenue
  New York, New York  10022

Ryan P. Phair
Wilmer Cutler Pickering Hale
  & Dorr LLP
1875 Pennsylvania Avenue, N.W.
Washington, DC  20006

Attorneys for Credit Suisse USA, Inc.

Dated: August 26, 2009

SKADDEN, ARPS, SLATE, MEAGHER
  & FLOM LLP

By
  Paul M. Eckles
  Signed by Richard H. Sinkfield with
  express permission
  Shepard Goldfein
  4 Times Square
  New York, New York  10036

Attorneys for Merrill Lynch, Pierce,
Fenner & Smith, Inc.

17

The foregoing submission by the parties on the subject of confidential information having come before the Court for consideration, it is hereby APPROVED and made the ORDER of the Court.

SO ORDERED, this 15 day of April, 2009.

_____

PATSY Y. PORTER
Judge, State Court of Fulton County

**State Court of Fulton County**
**\*\*\*EFILED\*\*\***
LexisNexis Transaction ID: 31280812
Date:  May 24 2010  6:26PM
Mark Harper, Clerk

# Exhibit T

144910.1

 

**Steven J. Rosenwasser**

From:        Steven J. Rosenwasser
Sent:        Monday, April 19, 2010 10:42 AM
To:          'Friedman, Brian L.'
Cc:          Nicole G. Iannarone; Elizabeth G. Eager
Subject:     Privilege Log Conferral

Brian,

Good morning. I am writing as a follow up to our recent conversations regarding the Defendants' privilege logs. Per the Defendants' request, rather than seeking a Special Master at this time, we are willing to endeavor to try and narrow the documents at issue. To that end, below please find our follow up conferral on Bear Stearns' privilege log.

First, Plaintiffs do not believe that Bear Stearns' descriptions, in the "description" column, are sufficient to permit us to ascertain whether the privilege has been properly invoked. For example, with respect to nearly all of the entries, Bear Stearns simply states that the document is an "email string regarding regulatory inquiry." While the fact that the email involves a regulatory inquiry is relevant, we need additional facts to determine whether the email is privileged. For example:

1.      Was the substance of the communication or any information contained in the email later provided, in whole or in part, to the regulatory agency?
2.      Did your client contemplate that any information contained within the email would be provided to a third party, such as the regulatory agency?
3.      Would your client have responded to the inquiry regardless of whether there was litigation anticipated?
4.      Does any of the email convey business, as opposed to legal, advice?
5.      Does any portion of the email contain non-legal advice, such as trading, locate, borrowing or lending data?
6.      Please identify the regulatory inquiry referred to (i.e., what agency was involved, what was the issue, which security or securities)?
7.      When the inquiry was made by the regulatory agency, did your internal rules, regulations, policies or procedures require you to investigate and respond?

Second, many of the documents contain attachments. *See, e.g,* entries 1-3, 5-6, 8-12, 17-18, 29-30, 38-40, 47-52, 54, 57-61. Can you please explain why each of the attachments is privileged? The simple fact that they were sent to an attorney does not, standing alone, render them privileged. Please describe the attachment and why you contend its privileged. Also, please identify all persons who ever reviewed or received attachments? Were the attachments, or any part thereof, ever sent to a regulatory agency? Was there any contemplation that they may be?

Third, in entry numbers 11 and 12, the email is between two non-lawyers. You claim it is because it was conducted at the "direction of counsel." Please provide the facts you have supporting that claim. Further, please explain why the information contained within the email is privileged; e.g., if it is trading data, the basic information is not privileged.

Fourth, in entry number 18, you state that the email is privileged because it forwards communication of counsel. The fact that an attachment contains a communication from counsel does not necessarily mean that the cover email is privileged. Please explain why you contend the cover email is privileged. Also, with respect to the document being forwarded, please identify all authors and receipients of the document, and explain why you contend its privileged.

Thanks,

Steven

**Steven J. Rosenwasser**

| | |
|---|---|
| From: | Steven J. Rosenwasser |
| Sent: | Tuesday, April 20, 2010 10:13 AM |
| To: | 'Eckles, Paul M'; 'Horvath, Jr., Richard S' |
| Cc: | Elizabeth G. Eager; Nicole G. Iannarone |
| Subject: | Privilege Log Conferral |

Paul and Richard,

Good morning. I am writing as a follow up to our recent conversations regarding the Defendants' privilege logs. Per the Defendants' request, rather than seeking a Special Master at this time, we are willing to endeavor to try and narrow the documents at issue. To that end, below please find our follow up conferral on Merrill Lynch's original and supplemental privilege logs. The number on the left refers to the privilege log entry, and the description thereafter is our conferral.

<u>General Matter</u>

In many instances, you refer to a NASD, FINRA, SEC or other regulatory inquiry or investigation. In order to determine whether the privilege applies to any such inquiries, we need the following information for each entry referring to an inquiry: (a) name of agency involved; (b) dates of investigation/inquiry; (c) stocks involved in inquiry; (d) matter being investigated and (e) whether any of the information in the email was disclosed to the agency.

<u>Original Privilege Log</u>

1.      The description in the "subject matter" column is insufficient to permit us to ascertain whether the privilege was properly invoked. Please provide additional information. Among other things please indicate: (a) why <u>each</u> of the recipients needed to know the information; (b) whether the email contains any information that is not privileged, such as business advice or trading data; (c) the name(s) of each Merrill Lynch affiliate or subsidiary that received this email through one of its employees or representatives (e.g., Broadcort); (d) whether any of the information contained within the email was ever disseminated to a third party, including the SEC, FINRA, NYSE or NASDAQ; (e) whether any of the information in the email was ever used in training employees; (f) whether, as part of Merrill Lynch's internal rules, regulations or procedures, it evaluates compliance with Reg. SHO; (g) whether litigation that was anticipated at the time this communication was sent and, if so, what litigation.

In addition, please provide information on the attachments, including all receipients, a description of their subject matter and your bases for contending they are privileged. Also, is it your contention that all of the information on the attachments is privileged?

2.      The description in the "subject matter" column is insufficient to permit us to ascertain whether the privilege was properly invoked. Please provide additional information. In particular, please describe why Merrill Lynch did not have to send this communication as part of its normal, routine business operations. Further, please provide the information requested for entry number 1.

3.      The description in the "subject matter" column is insufficient to permit us to ascertain whether the privilege was properly invoked. Please provide additional information. Among other things please indicate: (a) whether <u>any</u> of the information contained in this email OR the attachment was ever sent to a regulatory agency or other third party; (b) the potential Regulation SHO inquiry (including the stock and agency involved); (c) whether these communications included any business advice or trading data.

1

4.      See entry 3.

5.      You claim that this email is between client and attorneys, but attorneys are only listed as a cc.  Please explain why copying a single attorney in a correspondence within over 10 people makes this email privileged.  Also please indicate: (a) why each of the recipients needed to know the information; (b) whether the email contains any information that is not privileged, such as business advice or trading data; (c) whether any of the information contained within the email was ever disseminated to a third party, including the SEC, FINRA, NYSE or NASDAQ; (d) whether any of the information in the email was ever used in training employees.

11.     You state that this document involves an attorney, but no counsel appears on the privilege log.

12.     Please confirm that the entire email is privileged, as opposed to only portions thereof.  Further, please explain whether each of the recipients needed to know the alleged legal advice that was conveyed, and the name of the attorney(s) who initially provided the legal advice and when.  Further, please explain why the attachments are privileged.

13.     Please explain why information relating to fee structures and borrow rates constitutes legal, as opposed to business advice.   Further, please explain why each of the recipients to the email needed to know legal advice relating to those issues.   Finally, please explain what the attachments are, who received them and why they are privileged.

14.     Please provide more information to allow us to ascertain whether a privilege applies.  Among other things, please explain: (a) whether all of the information in this email constitutes legal advice, as opposed to including some business or trade information; (b) has any of the information or positions provided in this email ever been disclosed outside of the firm; e.g. ,to any regulatory agency; (c) please explain what the attachments are, who received them and why they are privileged.

15.     See entry 14.

16.     Please provide the following information: (a) what attorney(s) provided the initial legal advice and when; (b) is the "legal" advice in this email in any way different than what was indicated by counsel, and, if so, how; (c) why did each of the people receiving this email need to have this legal advice; (d) s any business or policy information contained in this email; (d) please explain what the attachments are, who received them and why they are privileged.

17 through 20.   See entry 16.

21.     Please: (a) explain how one non-attorney can send another non-attorney information "necessary to provide legal advice"; (b) identify the attorney(s) from whom the legal advice was requested and when; (c) identify the Reg. SHO investigation (including date, agency and stock(s) involved); (d) state whether all of the information in this email privileged, or is there business or policy/procedure information as well; (e) answer whether there is any trading, loan, borrow or fail data in this email?; (f) explain whether the information in this email was provided, in any way, while fulfilling normal/routine compliance procedures or processes?; (g) explain what the attachments are, who received them and why they are privileged.

22.     See entry 21.

23.     See entry 21.

24.     Please: (a) state whether the entire email contains legal advice; (b) state whether the meeting to discuss compliance with Reg. SHO was done in the course of routine compliance or in anticipation of litigation; (c) state whether the matters discussed were company policies and procedures; (d) identify who provided the initial legal advice and when; (e) was the information conveyed in this email distributed outside of the receipients and, if so, to whom?; and (f) please explain what the attachments are, who received them and why they are privileged.

25.     See entry 24.

26.     See entry 21.

27.     Was the information requested part of the firm's routine compliance procedures? If not, please identify the anticipated litigation.

28.     Please state who initially provided the legal advice that is being conveyed and when. Also, is the entire email privileged? Is there any business advice? Does this email pertain to the development or implementation of firm policies and procedures?

29.     Please state who initially provided the legal advice that is being conveyed and when. Please state why each recipient needed to know the legal advice. Is the legal advice conveyed part of the firm's policies and procedures? Was it conveyed to only the recipients of this emai or on a broader basis? If broader, who received it. Also, please explain what the attachments are, who received them and why they are privileged.

30.     See entry 21.

31.     See entry 24.

33.     Does the email or its attachments contain any non-privileged information, including underlying facts or trading data. Please explain what the attachments are, who received them and why they are privileged. Further, please explain the NASD inquiry, including the stock involved and the issues involved. Was any of the information in the email or attachment told or sent to NASD or any other agency?

34.     See entry 33.

35.     See entry 33. Also, please identify the anticipated litigation, including who you anticipated bringing suit, when you anticipated the suit and the nature of the suit.

36.     Please identify the persons who make up "Reg. SHO Buys Ins." Was the information provided in response to any inquiry or was it part of ordinary monitoring/compliance? See also entry 24.

37.     Please state whether all of the information in this email is privileged, or whether it also includes business advice, communications with third parties or trading data. Further, please identify the Reg. SHO inquiry, including who  made the inquiry, when the inquiry was made and what stock(s) it involved. Please confirm that none of the information contained in the email was sent or otherwise disclosed to the regulatory agency or other party making the inquiry. Please explain what the attachments are, who received them and why they are privileged.

38.     See entry 37.

39.     See entry 37.

40.     See entry 37.

41.     See entry 37.

44.     Was any of the information contained in this email non-legal advice, such as business or trading data. Please explain what the attachments are, who received them and why they are privileged.

46.     Please state who initially provided the legal advice that is being conveyed and when. Please state why each recipient needed to know the legal advice. Please describe the FINRA filing you are referring to.

47.     Is any of the information contained within the email business information or trading data? Please describe the regulatory filing, including which agency and the type of filing. Please explain what the attachments are, who received them and why they are privileged.

48.     Is any of the information contained within the email business information or trading data? Please describe the SEC inquiry, including the subject matter and stock(s) involved. Was any of the information contained in the email or attachment given to the SEC at any point in time? Please explain what the attachments are, who received them and why they are privileged.

49.     Please state which attorney(s) initially provided legal advice and when. Is any of the information in this email non-legal advice; e.g., does it involve trading data? Please describe the SEC inquiry, including the subject matter and stock(s) involved. Was any of the information contained in the email or attachment given to the SEC at any point in time? Please explain what the attachments are, who received them and why they are privileged.

50 through 52.  See entry 48.

53 through 55.  See entry 49.

56, 57.  Please identify the SEC inquiry by number, stock(s) and basis of inquiry. Please confirm that none of the information contained in the emails or attachments was ever provided to the SEC. Please explain what the attachments are, who received them and why they are privileged.

58.     Please state which attorney(s) initially provided legal advice and when. Is any of the information in this email non-legal advice; e.g., does it involve trading data? Please describe the SEC inquiry, including the subject matter and stock(s) involved. Was any of the information contained in the email or attachment given to the SEC at any point in time? Please explain what the attachments are, who received them and why they are privileged.

59.     See entry 59. Also, please describe the litigation that was anticipated, when you anticipated litigation and your bases for claiming that litigation was anticipated.

62.     Please confirm that the email and attachments contain only legal advice, and no business or trading information.  Further, please identify the SEC and other regulatory inquiries referred to. .  Also, please describe the litigation that was anticipated, when you anticipated litigation and your bases for claiming that litigation was anticipated. Please explain what the attachments are, who received them and why they are privileged.

63 through 70.  Please explain what SEC meeting is referred to, including who was at the meeting, when it took place and reason for meeting. Further, please confirm that none of the information contained in the email was

disclosed or provided to the SEC. So, please confirm that the email contains only legal advice, and does not have business information, trading data or discussions of what took place in SEC meeting.

71 through 73 - Please identify the litigation, and confirm that the information in these emails and attachments were never disclosed outside of the firm.

74 through 77.  Please confirm that these emails and attachments contain only legal advice, and not business information or trading data.  Please explain what the attachments are, who received them and why they are privileged.

78.      Please state which attorney(s) initially provided legal advice and when.  Is any of the information in this email non-legal advice; e.g., does it involve trading data?  Please identify the regulatory inquiry by agency, stock(s) involved, issues and inquiry number.  Please confirm that none of the information contained in the email or attachment was disclosed to the agency.  Please explain what the attachments are, who received them and why they are privileged.

80 through 81.   Please confirm that these emails and attachments contain only legal advice, and not business information or trading data.  Please explain what the attachments are, who received them and why they are privileged.

83.      Please confirm that the email and attachments contain only legal advice, and no business or trading information.   Further, please identify the inquiry, including agency, inquiry number, stock(s) involved and issues involved.  Please explain what the attachments are, who received them and why they are privileged.  Please explain why all the recipients needed to know the legal advice.

84.      Please state which attorney(s) initially provided legal advice and when.  Is any of the information in this email non-legal advice; e.g., does it involve trading data?  Further, please identify the inquiry, including agency, inquiry number, stock(s) involved and issues involved.  Please explain what the attachments are, who received them and why they are privileged.  Please explain why all the recipients needed to know the legal advice.

86.      See entry 84.

87 through 96.  Please confirm that the email and attachments contain only legal advice, and no business or trading information.   Please explain what the attachments are, who received them and why they are privileged.

97 through 100. See entry 84.

101 through 104.        Please confirm that the email and attachments contain only legal advice, and no business or trading information.   Please explain what the attachments are, who received them and why they are privileged.

108.      Please confirm that the email and attachments contain only legal advice, and no business or trading information.   Please explain what the attachments are, who received them and why they are privileged.

109.      Please confirm that the email and attachments contain only legal advice, and no business or trading information.   Please explain what the attachments are, who received them and why they are privileged.  Further, please identify the inquiry, including agency, inquiry number, stock(s) involved and issues involved. Finally, confirm that none of the information in the emails or attachments was disclosed to the SEC.

110.   Please confirm that the et... and attachments contain only legal a...ce, and no business or trading information.   Please explain what the attachments are, who received them and why they are privileged.

111.   See entry 109.

112.   See entry 109.

113.   Please state which attorney(s) initially provided legal advice and when.  Is any of the information in this email non-legal advice; e.g., does it involve trading data? Please explain what the attachments are, who received them and why they are privileged.

114.   Please state whether this email was generated as part of normal compliance and business operations. If not, please identify why the document was created.  Please explain why the document was "necessary to provide legal advice."  Please explain what the attachments are, who received them and why they are privileged.

115.   Please state which attorney(s) initially provided legal advice and when.  Is any of the information in this email non-legal advice; e.g., does it involve trading data or a discussion of the business project? Please explain why each of the recipients needed to know the legal advice.  Please explain what the attachments are, who received them and why they are privileged.

116 through 119 -  Please state whether this email was generated as part of normal compliance and business operations.  If not, please identify why the document was created.   Please state why each of the recipients needed to know the legal advice.  Please confirm that the email and attachments contain only legal advice, and no business or trading information.   Please confirm that the information provided was never conveyed on a broader scale.  Please explain what the attachments are, who received them and why they are privileged.

125.   Please explain why the information itself is privileged (i.e., the non-legal advice).  Please state whether the information requested was part of normal compliance and business operations.  If it was created for a unique purpose, please explain what that was.  Please explain what the attachments are, who received them and why they are privileged.

126.   See entry 125.

128.   Please explain how the "client" conveyed legal advice, and from who the client obtained the advice and when.  Please explain why the substantive information (as opposed the legal advice) is privileged.  Please state whether the information requested was part of normal compliance and business operations.  If it was created for a unique purpose, please explain what that was.  Please explain what the attachments are, who received them and why they are privileged.

129.   See entry 128.

130.   Please state which attorney(s) initially provided legal advice and when.  Is any of the information in this email non-legal advice; e.g., does it involve trading data? Please explain what the attachments are, who received them and why they are privileged.  Please state whether the information requested was part of normal compliance and business operations.  If it was created for a unique purpose, please explain what that was.

131.   See entry 130.

132.   Please identify the FINRA inquiry by inquiry number, stock(s) involved and substance of inquiry. Please confirm that none of the information in the emails and attachments were disclosed to FINRA. Please explain what the attachments are, who received them and why they are privileged.

133.   Please explain why the underlying information provided is privileged.   Please identify the NASD inquiry by inquiry number, stock(s) involved and substance of inquiry.  Please confirm that none of the information in the emails and attachments were disclosed to NASD. Please explain what the attachments are, who received them and why they are privileged.

134.   See entry 133.

135.   Please explain why the information itself is privileged (i.e., the non-legal advice).  Please state whether the information requested was part of normal compliance and business operations.  If it was created for a unique purpose, please explain what that was.  Please explain what the attachments are, who received them and why they are privileged.

136 and 137.   Please state which attorney(s) initially provided legal advice and when.  Is any of the information in this email non-legal advice; e.g., does it involve trading data or a discussion of business matters? Please explain what the attachments are, who received them and why they are privileged.   Please explain how this differs from routine compliance matters.

138 and 139.   Please identify the anticipated litigation, including who you anticipated bringing litigation, when and why.

140.   Please state which attorney(s) initially provided legal advice and when.  Is any of the information in this email non-legal advice; e.g., does it involve trading data or a discussion of business matters?  Please identify the SEC inquiry by inquiry number, stock(s) involved and substance of inquiry.  Please confirm that none of the information in the emails and attachments was disclosed to SEC.   Please explain what the attachments are, who received them and why they are privileged.

141.   Please explain why the information provided, which are just facts, is privileged.  Please identify the NASD inquiry by inquiry number, stock(s) involved and substance of inquiry.  Please confirm that none of the information in the emails and attachments were disclosed to NASD.  Please explain what the attachments are, who received them and why they are privileged.

142.   Please state which attorney(s) initially provided legal advice and when.  Is any of the information in this email non-legal advice; e.g., does it involve trading data or a discussion of business matters?  Please identify the FINRA/CBOE inquiry by inquiry number, stock(s) involved and substance of inquiry.  Please confirm that none of the information in the emails and attachments was disclosed to FINRA/CBOE.   Please explain what the attachments are, who received them and why they are privileged.

143.   Please explain why the information provided, which are just facts, is privileged.  Please identify the regulatory inquiries by agency, inquiry number, date, stock(s) involved and substance of inquiry.  Please confirm that none of the information in the email or attachments were disclosed to any regulatory agency.  Please explain what the attachments are, who received them and why they are privileged.

144.   Please explain why the information provided, which are just facts, is privileged.  Please identify the regulatory inquiries by agency, inquiry number, date, stock(s) involved and substance of inquiry.  Please confirm that none of the information in the email or attachments were disclosed to any regulatory agency.  Please explain what the attachments are, who received them and why they are privileged.

145.    Please explain why the information provided, which are just facts, is privileged. Please identify the
regulatory inquiries by agency, inquiry number, date, stock(s) involved and substance of inquiry. Please
confirm that none of the information in the email or attachments were disclosed to any regulatory agency.
Please explain what the attachments are, who received them and why they are privileged. Please explain why
you contend responding to a Blue Sheet request is privileged, when you have previously contended they are
routine, non-legal and administrative matters.

146.    See entry 145.

148.    See entry 145.

149.    Please explain why the information provided, which are just facts, is privileged. Please identify the
SEC inquiry by inquiry number, stock(s) involved, date of inquiry and substance of inquiry. Please confirm that
none of the information in the emails and attachments were disclosed to SEC. Please explain what the
attachments are, who received them and why they are privileged.

150.    Please describe what you mean by error accounts. state which attorney(s) initially provided legal
advice and when. Is any of the information in this email non-legal advice; e.g., does it involve trading data or a
discussion of business matters? Please explain what the attachments are, who received them and why they are
privileged.

153.    Please explain why the information provided, which are just facts, is privileged. Please state whether
the information requested was part of normal compliance and business operations. If it was created for a unique
purpose, please explain what that was. Please explain what the attachments are, who received them and why
they are privileged.

Supplemental Privilege Log

1.    Please identify the attorney(s) who initially provided the legal advice and when it was conveyed.  Please
state whether the conveying of legal advice was done pursuant to routine compliance or monitoring.  Please
confirm that the email contains only legal advice, and no business information or trading data.

2.    See entry 1.

3.    Please state why the information itself is privileged; that is, why information constitutes legal advice.
Please identify to whom the legal advice was given. Please identify the regulatory inquiry, including the agency
involved, stock(s) involved and date of inquiry. Please confirm that none of the information contained in the
email or attachment was disclosed to the agency. Please explain what the attachments are, who received them
and why they are privileged.   Please confirm that the email contains only legal advice, and no business
information or trading data.

4.    See entry 3.

5.    See entry 3.

6.    Please explain what the attachments are, who received them and why they are privileged.  Please
confirm that the email contains only legal advice, and no business information or trading data.

7.    See entry 6.

20.    Please confirm that the email contains only legal advice, and no business information or trading data. Please explain why each of the receipients needed to know the legal advice.

21.    Please state why the information itself is privileged; that is, why information constitutes legal advice. Or, please confirm that the email contains only legal advice, and no business information or trading data.

22.    Please state why the information itself is privileged; that is, why information constitutes legal advice. Or, please confirm that the email contains only legal advice, and no business information or trading data. Please explain what the attachments are, who received them and why they are privileged.

23.    Please identify the SEC investigation by date, investigation number, stock(s) involved and substance of investigation. Please confirm that none of the information contained in the email was disclosed to the SEC. Please explain what the attachments are, who received them and why they are privileged.

28.    Please identify the NASD investigation by date, investigation number, stock(s) involved and substance of investigation. Please confirm that none of the information contained in the email was disclosed to the NASD. Please explain what the attachments are, who received them and why they are privileged. Please confirm that the email contains only legal advice, and no business information or trading data.

31.    Please explain what the attachments are, who received them and why they are privileged. Please confirm that the email contains only legal advice, and no business information or trading data.

32.    Please explain what the attachments are, who received them and why they are privileged. Please confirm that the email contains only legal advice, and no business information or trading data.

33.    See entry 32.

34 through 39.    Please explain what the attachments are, who received them and why they are privileged. Please confirm that the email contains only legal advice, and no business information or trading data.

42.    Please identify the FINRA investigation by date, investigation number, stock(s) involved and substance of investigation. Please confirm that none of the information contained in the email was disclosed to the FIRNA. Please explain what the attachments are, who received them and why they are privileged. Please confirm that the email contains only legal advice, and no business information or trading data.

45.    Please explain what the attachments are, who received them and why they are privileged. Please confirm that the email contains only legal advice, and no business information or trading data. Please explain how this email differs from routine and normal compliance matters.

48 through 51.    Please explain what the attachments are, who received them and why they are privileged. Please confirm that the email contains only legal advice, and no business information or trading data.

54.    Please explain what the attachments are, who received them and why they are privileged. Please confirm that the email contains only legal advice, and no business information or trading data.

We appreciate your cooperation,

Steven

**Steven J. Rosenwasser**

| | |
|---|---|
| From: | Steven J. Rosenwasser |
| Sent: | Tuesday, April 20, 2010 11:06 AM |
| To: | 'Dowd, Brendan'; 'bellas@omm.com' |
| Cc: | Elizabeth G. Eager; Nicole G. Iannarone |
| Subject: | Privilege Log Conferral |

Brendan and Brad,

Good morning. I am writing as a follow up to our recent conversations regarding the Defendants' privilege logs. Per the Defendants' request, rather than seeking a Special Master at this time, we are willing to endeavor to try and narrow the documents at issue. To that end, below please find our follow up conferral on Bank of America's privilege log. The number on the left refers to the privilege log entry, and the description thereafter is our conferral.

General Matter

In many instances, you refer to a NASD, FINRA, SEC or other regulatory inquiry or investigation. In order to determine whether the privilege applies to any such inquiries, we need the following information for each entry referring to an inquiry: (a) name of agency involved; (b) dates of investigation/inquiry; (c) stocks involved in inquiry; (d) subject matter being investigated and (e) whether any of the information in the email or attachment was disclosed to the agency at any point in time.

Individual Entries:

Entry 1 -  With respect to the regulatory inquiry, please provide the information requested in the "General Matter" section above. Further, please explain why the underlying information (e.g., facts, trading data, communications with third parties) provided is itself privileged. Please identify the contents of the attachment, including listing all parties that sent or received it, what it contains and why it is privileged. Also, please state whether you would have responded to the regulatory inquiry in the normal course of business and as part of your compliance process, regardless of whether litigation was anticipated. As to your claim of work product, please state: (a) when you first anticipated litigation; (b) who you anticipated bringing the litigation; (c) why you anticipated litigation and (d) the subject matter of the anticipated litigation. Finally, please confirm that the email and the attachments contain nothing but legal advice.

Entry 2 - Please identify the contents of the attachment, including listing all parties that sent or received it, what it contains and why it is privileged. Also, please confirm that the email and the attachments contain nothing but legal advice.

Entry 3 - With respect to the regulatory inquiry, please provide the information requested in the "General Matter" section above. Further, please explain why the information provided is itself privileged; i.e., why facts, trading data or conveying of communications with others is privileged. Please identify the contents of the attachment, including listing all parties that sent or received it, what it contains and why it is privileged. Also, please state whether you would have responded to the regulatory inquiry in the normal course of business and as part of your compliance process, regardless of whether litigation was anticipated. As to your claim of work product, please state: (a) when you first anticipated litigation; (b) who you anticipated bringing the litigation; (c) why you anticipated litigation and (d) the subject matter of the anticipated litigation. Finally, please confirm that the email and the attachments contain nothing but legal advice.

1

Entry 4 - With respect to the regula___y inquiry, please provide the informat___ requested in the "General Matter" section above. Further, please explain why the information provided is itself privileged; i.e., why facts, trading data or conveying of communications with others is privileged.
Please identify the contents of the attachment, including listing all parties that sent or received it, what it contains and why it is privileged. Also, please state whether you would have responded to the regulatory inquiry in the normal course of business and as part of your compliance process, regardless of whether litigation was anticipated. As to your claim of work product, please state: (a) when you first anticipated litigation; (b) who you anticipated bringing the litigation; (c) why you anticipated litigation and (d) the subject matter of the anticipated litigation. Please confirm that the email and the attachments contain nothing but legal advice. Finally, please provide the titles of each of the senders/recipients of the email at the time it was sent.

Entry 5 - See entry 4.

Entry 6- See entry 4.

Entry 7 - See entry 4.

Entry 8 - See entry 4

Entry 9 - See entry 4

Entry 10 - See entry 4

Entry 11 - See entry 4

Entry 12 - See entry 4

Entry 13 - See entry 4

Entry 14 - See entry 4

Entry 15 - Please explain why the information provided is itself privileged; i.e., why facts, trading data or conveying of communications with others is privileged. Please confirm that the email and the attachments contain nothing but legal advice. Please identify the contents of the attachment, including listing all parties that sent or received it, what it contains and why it is privileged.

Entry 16 - See entry 4

Entry 17 - See entry 4

Entry 18 - See entry 4

Entry 19 - See entry 4

Entry 20 - See entry 4

Entry 21 - See entry 4

Entry 22 - Please explain why the underlying factual information, such as trading data or communications with third parties, is privileged. Alternatively, please confirm that the email and the attachments contain only legal advice, and nothing else (including no trading data or discussions with clients or third parties).

2

Entry 23 - See Entry 22.

Entry 24 - See Entry 22.

Entry 25 - See Entry 22.

Entry 26 - See Entry 22.

Entry 27 - See Entry 22.

Entry 31 - See Entry 22.

Entry 32 - See Entry 22.

Entry 33 - See Entry 22.

Entry 34 - See Entry 22.

We appreciate your cooperation,

Steven

Steven J. Rosenwasser

| | |
|---|---|
| **From:** | Steven J. Rosenwasser |
| **Sent:** | Tuesday, April 20, 2010 12:52 PM |
| **To:** | 'Wise, Jr., Robert F.'; 'Aoyagi, Melissa T.' |
| **Cc:** | Nicole G. Iannarone; Elizabeth G. Eager |
| **Subject:** | Privilege Log Conferral |

Bob and Melissa,

Good morning.  I am writing as a follow up to our recent conversations regarding the Defendants' privilege logs.  Per the Defendants' request, rather than seeking a Special Master at this time, we are willing to endeavor to try and narrow the documents at issue.  To that end, below please find our follow up conferral on Morgan Stanley's privilege log.  The number on the left refers to the privilege log entry, and the description thereafter is our conferral.

General Matter

In many instances, you refer to a NASD, FINRA, SEC or other regulatory inquiry or investigation.  In order to determine whether the privilege applies to any such inquiries, we need the following information for each entry referring to an inquiry: (a) name of agency involved; (b) dates of investigation/inquiry; (c) stocks involved in inquiry; (d) subject matter being investigated and (e) whether any of the information in the email or attachment was disclosed to the agency at any point in time.

Individual Entries:

Entry 1 - With respect to the regulatory matter, please provide the information requested in the "General Matter" section above.  Further, can you please explain why the underlying information (e.g., trade data, business information, conveying of communications with third parties) is privileged? Also, please indicate whether you contend that all of the email and the attachment contains legal advice and is privileged (i.e., is it your position that this email includes no business information, trade data or other non-legal matters).  Please identify the contents of the attachment, including listing all parties that sent or received it, what it contains and why it is privileged.  As to your claim of work product, please state: (a) when you first anticipated litigation; (b) who you anticipated bringing the litigation; (c) why you anticipated litigation and (d) the subject matter of the anticipated litigation. Finally, please identify the titles of each of the receipients at the time they sent/received the email.

Entry 2 - Please see entry 1.

Entry 3 - Please see entry 1.

Entry 4 - Please see entry 1.

Entry 5 - Please see entry 1.

Entry 6 - Please see entry 1.

Entry 7 - Please see entry 1.

Entry 8 - Please see entry 1.

Entry 9 - Please see entry 1.

Entry 10 - Please see entry 1.

Entry 11 - Please see entry 1.

Entry 12 - Please see entry 1.

Entry 13 - Please see entry 1.

Entry 14 - Please see entry 1.

Entry 15 - Please explain why the redacted material constitutes privileged information, as opposed to information provided in the normal course of business or in accordance with the company's compliance policies and procedures. Also, please indicate why Mr. Schiavo needed to know the information, and when the legal advice was first conveyed by counsel.

Entry 16 - Please indicate whether all of this document, including the attachment, contains legal advice. If not, it should be redacted to conceal only the privileged information. Further, please identify, by title at the time, each of the receipients of the email and explain why they needed to know the alleged legal advice. Please identify the contents of the attachment, including listing all parties that sent or received it, what it contains and why it is privileged.

Entry 18 - See entry 16.

Entry 19 - Please see entry 1.

Entry 20 - Can you please explain why the underlying information (e.g., trade data, business information, conveying of communications with third parties) is privileged? Also, please indicate whether you contend that all of the email and the attachment contains legal advice and is privileged. Please identify the contents of the attachment, including listing all parties that sent or received it, what it contains and why it is privileged. As to your claim of work product, please state: (a) when you first anticipated litigation; (b) who you anticipated bringing the litigation; (c) why you anticipated litigation and (d) the subject matter of the anticipated litigation.

Entry 21 - Please see entry 21.

Entry 22 - Please state whether all of the information contained in this email is legal advice. Also, please indicate whether any of the information contained within this email was at any time disclosed to the SEC, Dept. of Treasury or any other third party. Similarly, state whether any part of this communication reveals or discusses communications with any third party. Further, is it your contention that this email contains no business advice or business-related information, but only legal matters? Also, please state to whom the legal advice was provided and for what purpose? Finally, have all the receipients of the email (and the entire thread) been listed?

Entry 23 - Please explain why the first email in the time period (from Kevin O'Conner at 11:36am) was redacted. As for the remaining entries, please explain how they are privileged communications seeking advice of counsel when counsel never provides a response. Rather, all of the exchanges are between lawyers. The fact that an attorney was cc'ed on the email is insufficient grounds, standing alone, to claim privilege. Further, please confirm that the emails do not contain any trading data or business information, as opposed to legal advice. Also, were these emails sent as part of routine compliance matters or for some other reason. If some other reason, please state what it is.

2

Entry 24 - Please see entry 1.

Entry 25 - Please see entry 1.

Entry 26 - Please see entry 1.

Entry 27 - Please see entry 1.

Entry 28 - Please see entry 1.

Entry 29 - Please see entry 1.

Entry 30 - Please see entry 1.

Entry 31 - Please see entry 1.

Entry 32 - Please see entry 1.

Entry 33 - Please see entry 1.

Entry 34 - Please see entry 1.

Entry 35 - Please see entry 1.

Entry 36 - Please see entry 1.

Entry 37 - Please see entry 1.

We appreciate your cooperation.

Steven

Steven J. Rosenwasser
_____

| From: | Steven J. Rosenwasser |
|---|---|
| Sent: | Tuesday, April 20, 2010 3:05 PM |
| To: | 'Reynard, Andrew H.'; 'Pepperman, Richard' |
| Cc: | Nicole G. Iannarone; Elizabeth G. Eager |
| Subject: | Privilege Log Conferral |

Good afternoon.  I am writing as a follow up to our recent conversations regarding the Defendants' privilege logs.  Per the Defendants' request, rather than seeking a Special Master at this time, we are willing to endeavor to try and narrow the documents at issue.   To that end, below please find our follow up conferral on Goldman's privilege log.  The number on the left refers to the privilege log entry (i.e., the entry 1 refers to the first entry on the log), and the description thereafter is our conferral.

General Matter

In many instances, you refer to a NASD, FINRA, SEC or other regulatory inquiry or investigation.  In order to determine whether the privilege applies to any such inquiries, we need the following information for each entry referring to an inquiry: (a) name of agency involved; (b) dates of investigation/inquiry; (c) stocks involved in inquiry; (d) subject matter being investigated and (e) whether any of the information in the email or attachment was disclosed to the agency at any point in time.

Individual Entries In Log of Documents Withheld From Production:

Entry 1 - Please identify the counsel who provided the advice and when it was provided.   Please indicate whether this document was created as part of a normal part of compliance operations and/or monitoring.  Please state each of the senders/receeipients title at the time the email was sent, and why he/she needed to know the legal advice.  Please confirm that all of the email and attachment includes legal advice, as opposed to business operations or business advice.  Please identify the contents of the attachment, including listing all parties that sent or received it, what it contains and why it is privileged.  Please indicate whether any portion of the email or attachment was ever disclosed to other individuals and, if so, to whom.

Entry 2 - With respect to the NASD inquiry, please provide the information requested in the "General Matter" section above.  Further, please explain why the underlying information (e.g., facts, trading data, communications with third parties) provided is itself privileged.  Also, please state whether you would have responded to the regulatory inquiry in the normal course of business and as part of your compliance process, regardless of whether litigation was anticipated.  Please indicate whether any information contained within the email was disclosed at any time to NASD.  Finally, please confirm that the email contains nothing but legal advice.

Entry 3 -  With respect to the NASD inquiry, please provide the information requested in the "General Matter" section above.  Please identify the contents of the attachment, including listing all parties that sent or received it, what it contains and why it is privileged.  Further, please explain why the underlying information (e.g., facts, trading data, communications with third parties) provided is itself privileged.  Also, please state whether you would have responded to the regulatory inquiry in the normal course of business and as part of your compliance process, regardless of whether litigation was anticipated.  Please indicate whether any information contained within the email or attachment was disclosed at any time to NASD.  Please explain what steps were taken to ensure that the recipients of the information knew to keep it confidential.
Finally, please confirm that the email and attachment contains nothing but legal advice (i.e., there is no trading data, comments relating to discussions with third parties, business operations information, or policies/procedures information).

Entry 4 - Please see Entry 3.

Entry 5 - Please see Entry 3.

Entry 6 - Please see Entry 3.

Entry 7 - Please see Entry 3.

Entry 8 - Please see Entry 3.

Entry 9 - Please see Entry 3.  Also, please identify the attorney(s) whose advice Mr. O'Malley is conveying, when that advice was given and who was present when it was given.  Further, please provide the title of each person who received this email and explain why they needed to know the legal advice.

Entry 10 - Please see Entry 9.

Entry 11 - Please see Entry 1.

Entry 12 - Please see Entry 3.

Entry 13 - Please see Entry 3.

Entry 14 - Please see Entry 3.

Entry 15 - Please see Entry 3.

Entry 16 - Please see Entry 3.

Entry 17 - Please see Entry 3.

Entry 18 - Please see Entry 3.

Entry 19 - Please see Entry 3.

Entry 20 - Please see Entry 3.

Entry 21 - Please see Entry 3.

Entry 22 - Please see Entry 3

Entry 23 - Please see Entry 3.

Entry 24 - Please see Entry 3.

Entry 25 - Please see Entry 3.

Entry 26 - Please see Entry 3.

Entry 27 - Please see Entry 3.

Entry 28 - Please see Entry 3.

Redaction Log

Entry 1 - Please explain how Ms. Yung is seeking the advice of counsel, when numerous other individuals are cc'ed on the email. Please identify the titles of each recipient and explain why they needed to know the legal advice. Please confirm that the redacted part of the email contains only a request for legal advice, and no other information. For example, confirm that there is no discussion of the FINRA request or any trading data.

Entry 2 - Please explain why the underlying information (e.g., facts, trading data, communications with third parties) provided is itself privileged. Facts are not privileged. With respect to the FINRA inquiry, please provide the information requested in the "General Matter" section above. Please identify all of the persons who received the emails at the addresses factory.support@nmclpsa01.ny.fw.gs.com, gs-reg-sho-reports; and ficc-unixclr-ny. Finally, please confirm that the redacted part of the email/attachment contains nothing but legal advice (i.e., there is no trading data, comments relating to discussions with third parties, business operations information, or policies/procedures information).

Entry 3 - See entry 1.

Entry 4 - Please explain why the underlying information (e.g., facts, trading data, communications with third parties) provided is itself privileged. Please identify the counsel that requested the information. Please identify the titles of each recipient and explain why they needed to know the legal advice.  Please explain what steps were taken to ensure that the recipients of the information knew to keep it confidential. Finally, please confirm that the redacted part of the email/attachment contains nothing but legal advice (i.e., there is no trading data, comments relating to discussions with third parties, business operations information, or policies/procedures information). Please identify the contents of the attachment, including listing all parties that sent or received it, what it contains and why it is privileged.

Entry 5 - see entry 4.

Entry 6 - Please identify the counsel who provided the advice that is being reflected, and indicate when the advice was provided and who was present. With respect to the regulatory request, please provide the information requested in the "General Matter" section. Finally, please confirm that the redacted part of the email/attachment contains nothing but legal advice (i.e., there is no trading data, comments relating to discussions with third parties, business operations information, or policies/procedures information).

Entry 7 - With respect to the regulatory request, please provide the information requested in the "General Matter" section. Further, please explain how the email requests legal advice, when the direct recipients are not lawyers.  Finally, please confirm that the redacted part of the email/attachment contains nothing but legal advice (i.e., there is no trading data, comments relating to discussions with third parties, business operations information, or policies/procedures information).

Entry 8 - Please explain how an email between two non-lawyers can "request[] advice of counsel." Also, please confirm that the redacted part of the email/attachment contains nothing but legal advice (i.e., there is no trading data, comments relating to discussions with third parties, business operations information, or policies/procedures information).

Entry 9 - Please identify the persons who receive emails at "gs-microtraders." Please explain how Mr. Rusoff was asked legal advice when he is not a receipient of the email. Please explain why each of the receipients needed to be on this email purporting seeking legal advice.

State Court of Fulton County
***EFILED***
LexisNexis Transaction ID: 31280812
Date:  May 24 2010  6:26PM
Mark Harper, Clerk

# Exhibit T

Entry 10 - Please identify when M\_\_\_\_reckenride provided the legal advice, \_\_\_ who was present.

Entry 11 - Please identify who in the GS legal department provided the advice. Please identify who the gss-compliance-ny authors were of this email. Please identify who receives email at eq-gss-crc. Finally, please confirm that the redacted part of the email/attachment contains nothing but legal advice (i.e., there is no trading data, comments relating to discussions with third parties, business operations information, or policies/procedures information).

Entry 12 - See entry 11. Further, please explain why the underlying information (e.g., facts, trading data, communications with third parties) provided is itself privileged.

Entry 13 - See entry 11. Further, please explain why the underlying information (e.g., facts, trading data, communications with third parties) provided is itself privileged.

Entry 14 - Please explain why the underlying information (e.g., facts, trading data, communications with third parties) provided is itself privileged. With respect to the regulatory request, please provide the information requested in the "General Matter" section. Finally, please confirm that the redacted part of the email/attachment contains nothing but legal advice (i.e., there is no trading data, comments relating to discussions with third parties, business operations information, or policies/procedures information). Please provide the title of each of the receipients at the time they received the email and explain why they needed to know the information.

Entry 15 - Please see entry 14.

Entry 16 - Please identify when Mr. Breckenride provided the legal advice, and who was present.

Entry 17 - See entry 11. Further, please explain why the underlying information (e.g., facts, trading data, communications with third parties) provided is itself privileged.

Entry 19 - Please explain why the underlying information (e.g., facts, trading data, communications with third parties) provided is itself privileged. With respect to the regulatory request, please provide the information requested in the "General Matter" section. Please confirm that the redacted part of the email/attachment contains nothing but legal advice (i.e., there is no trading data, comments relating to discussions with third parties, business operations information, or policies/procedures information). Please provide the title of each of the receipients at the time they received the email and explain why they needed to know the information. Confirm that none of the redacted information was later provided to or disclosed to the regulatory agency, in whole or in part. Please state whether you were required to obtain the some or all of the information in the email/attachment by law, rule, regulation, subpoena or other agency regulation.

Entries 20 through 40 - See Entry 19

Entries 40 and 41 - Please explain how this email reflects the advice of counsel when counsel was not a direct recipient. Please confirm that the redacted part of the email/attachment contains nothing but legal advice (i.e., there is no trading data, comments relating to discussions with third parties, business operations information, or policies/procedures information). With respect to the regulatory request, please provide the information requested in the "General Matter" section.

Entries 43 through 82 - See Entry 19.

Entry 83 - Please explain how this reflects a request to counsel, when no counsel are listed on the email. Please explain how an information request is privileged.



Entry 84 - Please see Entry 83.

Entry 85 - Please explain how this reflects information provided to counsel when no attorney is listed on the email.  Please confirm that the redacted part of the email/attachment contains nothing but legal advice (i.e., there is no trading data, comments relating to discussions with third parties, business operations information, or policies/procedures information).

Entry 86 - Please explain when Mr. Breckenridge provided the advice and who was present at the time.

Entry 87 - Please explain why the underlying information (e.g., facts, trading data, communications with third parties) provided is itself privileged.  Please confirm that the redacted part of the email/attachment contains nothing but legal advice (i.e., there is no trading data, comments relating to discussions with third parties, business operations information, or policies/procedures information).  Please provide the title of each of the receipients at the time they received the email and explain why they needed to know the information.  Please explain whether this request was done pursuant to normal compliance monitoring policies and practices.

Entry 88 - Please explain when Mr. Schell provided the advice and who was present at the time.

Entry 89 - Please explain why the underlying information (e.g., facts, trading data, communications with third parties) provided is itself privileged.  Please state whether you were required to obtain the some or all of the information in the email/attachment by law, rule, regulation, subpoena or other agency regulation.

Entry 90 - Please explain when Mr. Breckenridge provided the advice and who was present at the time.

Entry 91 - Please see Entry 19.

Entry 92 - Please see Entry 19.

Entry 93 - Please identify which counsel's advice is reflected in the redacted portion, and who was present when the advice was given.  With respect to the regulatory request, please provide the information requested in the "General Matter" section.  Please confirm that the redacted part of the email/attachment contains nothing but legal advice (i.e., there is no trading data, comments relating to discussions with third parties, business operations information, or policies/procedures information).  Please provide the title of each of the receipients at the time they received the email and explain why they needed to know the information.  Confirm that none of the redacted information was later provided to or disclosed to the regulatory agency, in whole or in part. Please state whether you were required to obtain the some or all of the information in the email/attachment by law, rule, regulation, subpoena or other agency regulation.  Please explain why the underlying information (e.g., facts, trading data, communications with third parties) provided is itself privileged.

Entries 94 and 95 - Please see Entry 19.

Entry 96 - Please see Entry 93.

Entries 97 and 98 - Please see Entry 19.

Entries 99 and 100 - Please see Entry 93.

Entries 101 through 115 - Please see Entry 19.

Entry 116 - Please see Entry 93

Entries 117 through 183 - Please see Entry 19.

Entry 186 - Please see Entry 19

Entry 187 - Please see Entry 93.

Entries 188 and 189 - Please see Entry 19

Entry 190 - Please see Entry 93.

Entry 191 - Please see Entry 19.

Entry 192 - Please see Entry 93.

Entries 193 through 197 - Please see Entry 19.

Entry 199 - Please see Entry 19.

Entry 200 - Please explain how this reflects a request of advice from counsel, when counsel is not a direct recipient. Please confirm that the redacted part of the email/attachment contains nothing but legal advice (i.e., there is no trading data, comments relating to discussions with third parties, business operations information, or policies/procedures information).

Entries 201 through 205 - Please see Entry 19

Entry 206 - Please see Entry 200.

Thank you for your cooperation,

Steven

## Steven J. Rosenwasser

| | |
|---|---|
| **From:** | Steven J. Rosenwasser |
| **Sent:** | Tuesday, April 20, 2010 3:15 PM |
| **To:** | 'Seidel, Martin' |
| **Cc:** | Elizabeth G. Eager; Nicole G. Iannarone |
| **Subject:** | Privilege Log Conferral |

Martin,

Good afternoon. I am writing as a follow up to our recent conversations regarding the Defendants' privilege logs. Per the Defendants' request, rather than seeking a Special Master at this time, we are willing to endeavor to try and narrow the documents at issue. To that end, below please find our follow up conferral on DBSI's privilege log. The number on the left refers to the privilege log entry, and the description thereafter is our conferral.

Entry 1 - Please state whether <u>all</u> of the email and the attachment contains legal advice (as opposed to trading data, business operations, facts or comments/memorializations of conversations with third parties). Also, please confirm that none of the information contained within the email or attachment was ever disclosed, in whole or in part, to a third party such as a regulatory agency. As to your claim for work product, please: (a) state when you first anticipated litigation; (b) who you anticipated the litigation to be brought by; (c) the subject matter of the anticipated litigation; and (d) your bases for claiming litigation was anticipated. Finally, please provide more information about the attached report, including who created it, why it was created, who it was disseminated to (at any point in time), its contents and why you contend any underlying facts or trading data are privileged.

Entry 2 - Please state when Mr. Jordan provided the legal advice and who was present when it was given. Please confirm that the advice contained in the email is identical in substance to what Mr. Jordan stated. Please state whether <u>all</u> of the email and the attachment contains legal advice (as opposed to trading data, business operations, facts or comments/memorializations of conversations with third parties). Also, please confirm that none of the information contained within the email or attachment was ever disclosed, in whole or in part, to a third party such as a regulatory agency. As to your claim for work product, please: (a) state when you first anticipated litigation; (b) who you anticipated the litigation to be brought by; (c) the subject matter of the anticipated litigation; and (d) your bases for claiming litigation was anticipated. Finally, please provide more information about the attached report, including who created it, why it was created, who it was disseminated to (at any point in time), its contents and why you contend any underlying facts are privileged.

Entries 3 through 8 - Please see Entry 1.

We appreciate your cooperation,

Steven

**Steven J. Rosenwasser**

| | |
|---|---|
| **From:** | Steven J. Rosenwasser |
| **Sent:** | Wednesday, April 21, 2010 8:15 AM |
| **To:** | 'Jeffrey Landis'; 'Andrew Clubok' |
| **Cc:** | Nicole G. Iannarone; Elizabeth G. Eager |
| **Subject:** | Privilege Log Conferral |

Andy and Jeff,

Good morning. I am writing as a follow up to our recent conversations regarding the Defendants' privilege logs. Per the Defendants' request, rather than seeking a Special Master at this time, we are willing to endeavor to try and narrow the documents at issue. To that end, below please find our follow up conferral on UBS's privilege log. The number on the left refers to the privilege log entry, and the description thereafter is our conferral.

General Matter

In many instances, you refer to a NASD, FINRA, SEC or other regulatory inquiry or investigation. In order to determine whether the privilege applies to any such inquiries, we need the following information for each entry referring to an inquiry: (a) name of agency involved; (b) dates of investigation/inquiry; (c) stocks involved in inquiry; (d) subject matter being investigated and (e) whether any of the information in the email or attachment was disclosed to the agency at any point in time.

Individual Entries

Entry 1 - Your description of the document describes this as an email chain, yet you only list one person. Please identify all persons on the email chain. Further, you reference an attachment stating that it is "providing information to counsel." Please state who prepared the attachment, identify the type of information it contained and name all persons who reviewed the information on the attachment. Further, please explain why the underlying information and facts (e.g., trade data, references to statements made by third parties, business operations information) are privileged. Also, please indicate whether it is UBS's position that all of the email and the attachment contains legal advice. If not, please explain why the non-legal advice is privileged. Finally, with respect to your claim of work product, please: (a) state when you first anticipated litigation; (b) who you anticipated bringing the litigation; (c) why you anticipated litigation and (d) the subject matter of the anticipated litigation.

Entry 2 - Please identify the contents of the attachment, including listing all parties that sent or received it, what it contains and why it is privileged. Also, please confirm that the email and the attachments contain nothing but legal advice (i.e., there is no trading data, references to comments by third parties, general business information or business advice).

Entry 3 - Please identify the amendment you are referring to, including whether it had passed as of the date of the email. If the amendment had not passed, please explain how this email constitutes legal advice. With respect to the attachment, please identify its contents, including all parties that sent or received it, what it contains and why it is privileged. Also, please confirm that the email and the attachments contain nothing but legal advice (i.e., there is no trading data, references to comments by third parties, general business information or business advice).

Entry 4 - Please see entry 3.

Entry 5 - Please indicate when S. A...erson gave the purported legal advice, ...d who was present when it was given (or received the earlier email containing that advice). With respect to the attachment, please identify its contents, including all parties that sent or received it, what it contains and why it is privileged. Also, please confirm that the email and the attachments contain nothing but legal advice (i.e., there is no trading data, references to comments by third parties, general business information or business advice).

Entry 6 - Please explain why the underlying information and facts (e.g., trade data, references to statements made by third parties, business operations information) are privileged.

Entry 7 - Please see entry 6.

Entries 8 through 13 - Please explain the context of the "representation" relating to stock lending. Was there pending litigation or a regulatory inquiry? If so, please identify it. Further, please explain why the "information" provided (particularly facts such as trading data, communications with third parties, business matters) are privileged. Or, alternatively, confirm that the email and attachments contain only legal advice and no underlying facts. With respect to the attachment, please identify its contents, including all parties that sent or received it, what it contains and why it is privileged.

Entry 14 - You reference an attachment stating that it is "providing information to counsel." Please state who prepared the attachment, identify the type of information it contained and name all persons who reviewed the information on the attachment. Further, please explain why the underlying information and facts (e.g., trade data, references to statements made by third parties, business operations information) are privileged. Also, please indicate whether it is UBS's position that all of the email and the attachment contains legal advice. If not, please explain why the non-legal advice is privileged. Finally, with respect to your claim of work product, please: (a) state when you first anticipated litigation; (b) who you anticipated bringing the litigation; (c) why you anticipated litigation and (d) the subject matter of the anticipated litigation.

Entry 15 - Please identify all persons who receive email at "DL-TPRA-Stamford." With respect to the audit, please state whether it was a routine audit done in the ordinary course of business or for some other reason. Also, please explain why the underlying information (i.e., facts such as p&l, trading data, etc..) are privileged. Please identify, by title, all the cc's and explain why they needed the know the information that you contend is privileged. With respect to the attachment, please identify its contents, including all parties that sent or received it, what it contains and why it is privileged.

Entry 16 - See Entry 15.

Entry 17 - See Entry 15.

Entry 18 - With respect to the attachment, please identify its contents, including all parties that sent or received it, what it contains and why it is privileged. Further, please explain why the underlying information and facts (e.g., trade data, references to statements made by third parties, business operations information) are privileged. Also, please indicate whether it is UBS's position that all of the email and the attachment contains legal advice. If not, please explain why the non-legal advice is privileged. Please provide the titles of each person who received the email (the title should be at the time they received the email). If the title is not available, please describe the person's position so we can determine whether they needed to know the purported legal advice.

Entry 19 - See Entry 18.

Entry 20 - Please see Entry 14.

Entry 21 - With respect to the regu____ry inquiry, please provide the informa____n requested under "General Matter" above.  Further, please explain why the underlying information and facts (e.g., trade data, references to statements made by third parties, business operations information) are privileged.  Also, please indicate whether it is UBS's position that all of the email and the attachment contains legal advice.  If not, please explain why the non-legal advice is privileged.  With respect to the attachment, please identify its contents, including all parties that sent or received it, what it contains and why it is privileged.   Please confirm that none of the information in the email or attachment was disclosed to the regulatory agency or any other third party at any time.  As to your claim of work product, please: (a) state when you first anticipated litigation; (b) who you anticipated bringing the litigation; (c) why you anticipated litigation and (d) the subject matter of the anticipated litigation.  Finally, please identify the title (or, if not available, general job duties) of each of the receipients so we can ascertain whether they needed to know the contents of the email.

Entry 22 - Please explain how an email between two attorneys is entirely privileged.  Is it your position that Mr. Moskowitz's statements exactly mirror counsel's statements and that his email contains none of his own opinions, impressions or thoughts?  Also, does the email and attachment contain no underlying facts.  As to your claim of work product, please: (a) state when you first anticipated litigation; (b) who you anticipated bringing the litigation; (c) why you anticipated litigation and (d) the subject matter of the anticipated litigation.  Finally, please indicate when Mr. Anders and Edwards provided the legal advice that you claim is privileged, and who was present when that advice was given (or cc'ed on the email in which it was given).

Entry 25 - Please see entry 21.

Entry 28 - Please see entry 21.

Entry 29 - Please see entry 14.

Entry 30 - Please see entry 14.

Entry 31 - Please see entry 21.

Entry 32 - Please see entry 21.

Entry 34 - Please explain how an email from Ed Buscemi to Citera contains mental impressions of Citera? Further, you indicate that this email provides information to J. Cohn, but he is not listed as a recipient.  Further, please explain why the underlying information and facts (e.g., trade data, references to statements made by third parties, business operations information) are privileged.  Also, please indicate whether it is UBS's position that all of the email and the attachment contains legal advice.  Please identify the amendment you are referring to, including whether it had passed as of the date of the email.   If the amendment had not passed, please explain how this email constitutes legal advice.

Entry 36 - Please see entry 21.  Also, please identify all receipients of email at "SH-ETD-DCG-NA", including their titles and why they needed to know the information.

Entry 37 - Please see entry 21.

Entry 38 - Please see entry 21.

Entry 39 - Please explain why the underlying information and facts (e.g., trade data, references to statements made by third parties, business operations information) are privileged.   Please explain whether the audit was a routine audit or for some other reason.  With respect to the attachment, please identify its contents, including all parties that sent or received it, what it contains and why it is privileged.

3



Entry 40 - Please see entry 14.

Entry 41 - Please see entry 21.

Entry 42 - You reference an attachment stating that it is "providing information to counsel." Please state who prepared the attachment, identify the type of information it contained and name all persons who reviewed the information on the attachment. Further, please explain why the underlying information and facts (e.g., trade data, references to statements made by third parties, business operations information) are privileged. Also, please indicate whether it is UBS's position that <u>all</u> of the email and the attachment contains legal advice (i.e., there is no trade data, references to communications with third parties, business advice or business matters). If not, please explain why the non-legal advice is privileged.

Entry 43 - Please see entry 21.

Entry 44 - Please see entry 42. Also, you reference an email chain - are all participants in the chain listed?

Entry 45 - Please see entry 42.

Entry 46 - Please see entry 42.

Entry 47 - Please see entry 21.

Entry 48 - Please explain how this email and attachment provide information to an attorney, when no attorey is listed on the log. Further, with respect to the purported advice from Pearle, please identify when it was given and who was present when it was given. Also, please explain why the underlying information and facts (e.g., trade data, references to statements made by third parties, business operations information) are privileged. Further, please indicate whether it is UBS's position that <u>all</u> of the email and the attachment contains legal advice. With respect to the attachment, please identify its contents, including all parties that sent or received it, what it contains and why it is privileged.

Entry 49 - Please see entry 21.

Entry 50 - Please see entry 21.

Entry 51 - Please see entry 21.

Entry 52 - Please see entry 34.

Entry 53 - Please see entry 3.

Entry 54 - Please see entry 21.

Entry 55 - Please explain why the underlying information and facts (e.g., trade data, references to statements made by third parties, business operations information) are privileged. Further, please indicate whether it is UBS's position that <u>all</u> of the email and the attachment contains legal advice. With respect to the attachment, please identify its contents, including all parties that sent or received it, what it contains and why it is privileged.

Entry 56 - Please explain how this email provides information to Romaine when he is not listed as a recipient. Please see entry 21.

Entry 57 - Please explain why the underlying information and facts (e.g., trade data, references to statements made by third parties, business operations information) are privileged. Further, please indicate whether it is UBS's position that all of the email and the attachment contains legal advice. With respect to the attachment, please identify its contents, including all parties that sent or received it, what it contains and why it is privileged.

Entry 58 - Please see entry 57.

Entry 60 - Please see entry 21.

Entry 61 - Please explain why the underlying information and facts (e.g., trade data, references to statements made by third parties, business operations information) are privileged. Further, please indicate whether it is UBS's position that all of the email and the attachment contains legal advice. With respect to the attachment, please identify its contents, including all parties that sent or received it, what it contains and why it is privileged.

Entry 62 - Please see entry 21.

Entry 63 - Please see entry 21.

Entry 65 - Please explain why the underlying information and facts (e.g., trade data, references to statements made by third parties, business operations information) are privileged. Further, please indicate whether it is UBS's position that all of the email and the attachment contains legal advice. With respect to the attachment, please identify its contents, including all parties that sent or received it, what it contains and why it is privileged. As to your claim of work product, please: (a) state when you first anticipated litigation; (b) who you anticipated bringing the litigation; (c) why you anticipated litigation and (d) the subject matter of the anticipated litigation.

Entry 66 - Please see entry 21.

Entry 67 - Please explain why the underlying information and facts (e.g., trade data, references to statements made by third parties, business operations information) are privileged. Further, please indicate whether it is UBS's position that all of the email and the attachment contains legal advice. With respect to the attachment, please identify its contents, including all parties that sent or received it, what it contains and why it is privileged. Please identify who requested that the information be prepared.

Entry 68 - Please explain why the underlying information and facts (e.g., trade data, references to statements made by third parties, business operations information) are privileged. Further, please indicate whether it is UBS's position that all of the email and the attachment contains legal advice. With respect to the attachment, please identify its contents, including all parties that sent or received it, what it contains and why it is privileged.

Entry 69 - Please explain how requested the legal advice and for what purpose. Please explain why the underlying information and facts (e.g., trade data, references to statements made by third parties, business operations information) are privileged. Further, please indicate whether it is UBS's position that all of the email and the attachment contains legal advice.

Entry 70 - Please explain why the underlying information and facts (e.g., trade data, references to statements made by third parties, business operations information) are privileged. Further, please indicate whether it is UBS's position that all of the email and the attachment contains legal advice. With respect to the attachment, please identify its contents, including all parties that sent or received it, what it contains and why it is privileged.

Entry 71 - Please see entry 21.



Entry 72 - Please explain why the underlying information and facts (e.g., trade data, references to statements made by third parties, business operations information) are privileged. Further, please indicate whether it is UBS's position that <u>all</u> of the email and the attachment contains legal advice. With respect to the attachment, please identify its contents, including all parties that sent or received it, what it contains and why it is privileged

Entry 73 - Please explain how this email and attachment were providing information to Cohn and Munro when they are not listed as recipients. Please explain why the underlying information and facts (e.g., trade data, references to statements made by third parties, business operations information) are privileged. Further, please indicate whether it is UBS's position that <u>all</u> of the email and the attachment contains legal advice. With respect to the attachment, please identify its contents, including all parties that sent or received it, what it contains and why it is privileged. Please explain in what capacity Cohn and Munro were providing representation (e.g., in preparation for litigation, routine compliance, regulatory inquiry).

Entry 75 - Please see entry 21. Further, please explain how this email requests legal advice when the direct receipients (i.e., not the cc's) are not attorneys.

Entry 76 - Please explain how this email and attachment are meant to provide information to Aluise, when Aluise is not listed as a recipient of the email or attachment. Please explain why the underlying information and facts (e.g., trade data, references to statements made by third parties, business operations information) are privileged. Further, please indicate whether it is UBS's position that <u>all</u> of the email and the attachment contains legal advice. With respect to the attachment, please identify its contents, including all parties that sent or received it, what it contains and why it is privileged.

Entry 77 - Please explain how this email and attachment are meant to provide information to counsel, when counsel is not listed as a recipient of the email or attachment. Please explain why the underlying information and facts (e.g., trade data, references to statements made by third parties, business operations information) are privileged. Further, please indicate whether it is UBS's position that <u>all</u> of the email and the attachment contains legal advice. With respect to the attachment, please identify its contents, including all parties that sent or received it, what it contains and why it is privileged.

Entry 79 - Please explain how the email chain and attachment provides information to Wendell, when Wendell is not listed on the chain. Further, please state whether it is UBS's position that <u>all</u> of the information on each of the emails and attachments contains legal advice (i.e., there is no trade data, business information or referrals to outside communications). With respect to the attachment, please identify its contents, including all parties that sent or received it, what it contains and why it is privileged.

Entry 80 - Please indicate when Pearle provided the legal advice, and who was present or received the advice at that time. Please explain why the underlying information and facts (e.g., trade data, references to statements made by third parties, business operations information) are privileged. Further, please indicate whether it is UBS's position that <u>all</u> of the email and the attachment contains legal advice. With respect to the attachment, please identify its contents, including all parties that sent or received it, what it contains and why it is privileged.

Entry 81 - Please see entry 80.

Entry 82 - Please see entry 21.

Entry 83 - Please see entry 21.

Entry 85 - Please see entry 80.

Entry 86 - Please explain why the underlying information and facts (e.g., trade data, references to statements made by third parties, business operations information) are privileged.  Further, please indicate whether it is UBS's position that all of the email and the attachment contains legal advice.  With respect to the attachment, please identify its contents, including all parties that sent or received it, what it contains and why it is privileged.  Please explain how the email was for the purpose of providing Citera information, when he is not listed as a recipient.

Entry 87 - Please identify all persons who receive email at "DL-RCG-email-list."  Please provide their titles (or, if not available, job duties) and explain why they needed to know the information in the email and attachments.  Please explain why the underlying information and facts (e.g., trade data, references to statements made by third parties, business operations information) are privileged.  Further, please indicate whether it is UBS's position that all of the email and the attachment contains legal advice.  With respect to the attachment, please identify its contents, including all parties that sent or received it, what it contains and why it is privileged.

Entry 88 - Please explain why the underlying information and facts (e.g., trade data, references to statements made by third parties, business operations information) are privileged.  Further, please indicate whether it is UBS's position that all of the email and the attachment contains legal advice.  With respect to the attachment, please identify its contents, including all parties that sent or received it, what it contains and why it is privileged.  With respect to the "representation," please indicate whether it was particularly with respect to a potential lawsuit, regulatory inquiry or routine compliance.

Entry 89 - Please explain why the underlying information and facts (e.g., trade data, references to statements made by third parties, business operations information) are privileged.  Further, please indicate whether it is UBS's position that all of the email and the attachment contains legal advice.  With respect to the attachment, please identify its contents, including all parties that sent or received it, what it contains and why it is privileged.

Entry 90 - Please identify all persons who receive email at "DL-RCG-email-list."  Please provide their titles (or, if not available, job duties) and explain why they needed to know the information in the email and attachments.  Please explain why the underlying information and facts (e.g., trade data, references to statements made by third parties, business operations information) are privileged.  Further, please indicate whether it is UBS's position that all of the email and the attachment contains legal advice.  With respect to the attachment, please identify its contents, including all parties that sent or received it, what it contains and why it is privileged.

Entry 91 - Please explain why the underlying information and facts (e.g., trade data, references to statements made by third parties, business operations information) are privileged.  Further, please indicate whether it is UBS's position that all of the email and the attachment contains legal advice.  With respect to the attachment, please identify its contents, including all parties that sent or received it, what it contains and why it is privileged.

Entry 92 -  Please see entry 21.  Also, please identify all persons who receive email at "DL-SKE-GSD-NA."  Please provide their titles (or, if not available, job duties) and explain why they needed to know the information in the email and attachments.

Entry 93 - Please explain what you mean by "representation regarding securities regulations."  Was there a potential or actual regulatory inquiry? If so, please see entry 21.  Please explain why the underlying information and facts (e.g., trade data, references to statements made by third parties, business operations information) are privileged.  Further, please indicate whether it is UBS's position that all of the email and the attachment contains legal advice.  With respect to the attachment, please identify its contents, including all parties that sent or received it, what it contains and why it is privileged.  As to your claim of work product, please: (a) state when you first anticipated litigation; (b) who you anticipated bringing the litigation; (c) why you anticipated litigation and (d) the subject matter of the anticipated litigation.

Entry 94 - Please see entry 21.

Entry 95 - Please identify all persons who receive email at "DL-RCG-email-list." Please provide their titles (or, if not available, job duties) and explain why they needed to know the information in the email and attachments. Please explain why the underlying information and facts (e.g., trade data, references to statements made by third parties, business operations information) are privileged. Further, please indicate whether it is UBS's position that all of the email and the attachment contains legal advice. With respect to the attachment, please identify its contents, including all parties that sent or received it, what it contains and why it is privileged. Please explain what you mean by "representation regarding the booking or execution of trades." Was there a potential or actual regulatory inquiry? If so, please see entry 21.

Entry 96 - Please see entry 21.

Entry 97 - Please see entry 21.

Entry 100 - Please identify the amendment you are referring to, including whether it had passed as of the date of the email. If the amendment had not passed, please explain how this email constitutes legal advice. With respect to the attachment, please identify its contents, including all parties that sent or received it, what it contains and why it is privileged. Also, please confirm that the email and the attachments contain nothing but legal advice (i.e., there is no trading data, references to comments by third parties, general business information or business advice).
Please explain what you mean by "representation regarding amendment to securities regulation." What was counsel's role?

Entry 104 - Please see entry 21.

Entries 105 through 115 - Please explain why the underlying information and facts (e.g., trade data, references to statements made by third parties, business operations information) are privileged. Further, please indicate whether it is UBS's position that all of the email and the attachment contains legal advice. With respect to the attachment, please identify its contents, including all parties that sent or received it, what it contains and why it is privileged.

Entry 116 - Please explain why the underlying information and facts (e.g., trade data, references to statements made by third parties, business operations information) are privileged. Further, please indicate whether it is UBS's position that all of the email and the attachment contains legal advice. With respect to the attachment, please identify its contents, including all parties that sent or received it, what it contains and why it is privileged. As to your claim of work product, please: (a) state when you first anticipated litigation; (b) who you anticipated bringing the litigation; (c) why you anticipated litigation and (d) the subject matter of the anticipated litigation.

Entry 118 - Please identify the amendment you are referring to, including whether it had passed as of the date of the email. If the amendment had not passed, please explain how this email constitutes legal advice. With respect to the attachment, please identify its contents, including all parties that sent or received it, what it contains and why it is privileged. Also, please confirm that the email and the attachments contain nothing but legal advice (i.e., there is no trading data, references to comments by third parties, general business information or business advice).
Please explain what you mean by "representation regarding amendment to securities regulation." What was counsel's role?

Entry 121 - Please see entry 21.

Entry 122 - Please see entry 21.

Entry 123 - Please identify the amendment you are referring to, including whether it had passed as of the date of the email. If the amendment had not passed, please explain how this email constitutes legal advice. With respect to the attachment, please identify its contents, including all parties that sent or received it, what it contains and why it is privileged. Also, please confirm that the email and the attachments contain nothing but legal advice (i.e., there is no trading data, references to comments by third parties, general business information or business advice).
Please explain what you mean by "representation regarding amendment to securities regulation." What was counsel's role?

Entry 124 - Please identify all persons who receive email at "DL-TPRA-Stamford." With respect to the audit, please state whether it was a routine audit done in the ordinary course of business or for some other reason. Also, please explain why the underlying information (i.e., facts such as p&l, trading data, etc..) are privileged. Please identify, by title, all the cc's and explain why they needed the know the information that you contend is privileged. With respect to the attachment, please identify its contents, including all parties that sent or received it, what it contains and why it is privileged.

Entry 125 - Please explain how this email was for the purpose of providing information to counsel, when counsel is not listed as a recipient. Please explain what you mean by "representation regarding regulatory compliance." What was counsel's role? Was there an inquiry or investigation? With respect to the attachment, please identify its contents, including all parties that sent or received it, what it contains and why it is privileged.

Entry 126 - With respect to the attachment, please identify its contents, including all parties that sent or received it, what it contains and why it is privileged. Also, please confirm that the email and the attachments contain nothing but legal advice (i.e., there is no trading data, references to comments by third parties, general business information or business advice).

Entry 128 - Please see entry 125.

Entry 129 - Please see entry 21.

Entry 130 - With respect to the audit, please state whether it was a routine audit done in the ordinary course of business or for some other reason. Also, please explain why the underlying information (i.e., facts such as p&l, trading data, etc..) are privileged. Please identify, by title, all the cc's and explain why they needed the know the information that you contend is privileged. With respect to the attachment, please identify its contents, including all parties that sent or received it, what it contains and why it is privileged.

Entry 131 - See entry 21.

Entry 132 - See entry 21.

Entries 133 through 141 - Please explain why the underlying information and facts (e.g., trade data, references to statements made by third parties, business operations information) are privileged. Further, please indicate whether it is UBS's position that all of the email and the attachment contains legal advice. With respect to the attachment, please identify its contents, including all parties that sent or received it, what it contains and why it is privileged. As to your claim of work product, please: (a) state when you first anticipated litigation; (b) who you anticipated bringing the litigation; (c) why you anticipated litigation and (d) the subject matter of the anticipated litigation.

Entry 142 - See entry 21.

Entry 143 and 144 - Please explain why the underlying information and facts (e.g., trade data, references to statements made by third parties, business operations information) are privileged. Further, please indicate whether it is UBS's position that all of the email and the attachment contains legal advice. With respect to the attachment, please identify its contents, including all parties that sent or received it, what it contains and why it is privileged. Please explain what you mean by "representation regarding the booking or execution of trades." What was counsel's role? Was this routine compliance or in response to a potential or actual regulatory inquiry?

Entry 145 - With respect to the audit, please state whether it was a routine audit done in the ordinary course of business or for some other reason. Also, please explain why the underlying information (i.e., facts such as p&l, trading data, etc..) are privileged. Please identify, by title, all the cc's and explain why they needed the know the information that you contend is privileged. With respect to the attachment, please identify its contents, including all parties that sent or received it, what it contains and why it is privileged.

Entries 146 through 149 - Please explain why the underlying information and facts (e.g., trade data, references to statements made by third parties, business operations information) are privileged. Further, please indicate whether it is UBS's position that all of the email and the attachment contains legal advice. With respect to the attachment, please identify its contents, including all parties that sent or received it, what it contains and why it is privileged. Please explain what you mean by "representation regarding the booking or execution of trades." What was counsel's role? Was this routine compliance or in response to a potential or actual regulatory inquiry?

Entries 150 and 151 - Please see entry 21.

Entry 152 - With respect to the audit, please state whether it was a routine audit done in the ordinary course of business or for some other reason. Also, please explain why the underlying information (i.e., facts such as p&l, trading data, etc..) are privileged. Please identify, by title, all the cc's and explain why they needed the know the information that you contend is privileged. With respect to the attachment, please identify its contents, including all parties that sent or received it, what it contains and why it is privileged.

Entries 153, 154 and 155 - Please see entry 21.

Entry 156 - Please explain why the underlying information and facts (e.g., trade data, references to statements made by third parties, business operations information) are privileged. Further, please indicate whether it is UBS's position that all of the email and the attachment contains legal advice. With respect to the attachment, please identify its contents, including all parties that sent or received it, what it contains and why it is privileged. Please explain what you mean by "representation regarding the booking or execution of trades." What was counsel's role? Was this routine compliance or in response to a potential or actual regulatory inquiry?

Entry 157 - Please see entry 21.

Entry 158 - Please explain why the underlying information and facts (e.g., trade data, references to statements made by third parties, business operations information) are privileged. Further, please indicate whether it is UBS's position that all of the email and the attachment contains legal advice. With respect to the attachment, please identify its contents, including all parties that sent or received it, what it contains and why it is privileged. Please explain what you mean by "representation regarding the booking or execution of trades." What was counsel's role? Was this routine compliance or in response to a potential or actual regulatory inquiry?

Entry 159 - Please identify the audit, including who conducted it, why it was conducted and whether any of the information contained in the email or attachment was disclosed to any third party. Please explain why the underlying information and facts (e.g., trade data, references to statements made by third parties, business operations information) are privileged. Further, please indicate whether it is UBS's position that all of the email

and the attachment contains legal a___.ce.  With respect to the attachment, pl__.e identify its contents, including all parties that sent or received it, what it contains and why it is privileged.

Entry 160 - Please explain how a non-lawyer (Capello) can transmit legal advice? Please explain why the underlying information and facts (e.g., trade data, references to statements made by third parties, business operations information) are privileged.  Further, please indicate whether it is UBS's position that all of the email and the attachment contains legal advice.  With respect to the attachment, please identify its contents, including all parties that sent or received it, what it contains and why it is privileged.  Please explain what you mean by "representation regarding securities regulation."  What was counsel's role?  Was this routine compliance or in response to a potential or actual regulatory inquiry?

Entry 161 - Please see entry 160.

Entry 163 - Please explain how Mr. Monteiro's email is "providing information to counsel" when counsel is not one of the 5 persons to whom the email was sent, but rather was only cc'ed.  Please explain why the underlying information and facts (e.g., trade data, references to statements made by third parties, business operations information) are privileged.  Further, please indicate whether it is UBS's position that all of the email and the attachment contains legal advice.  With respect to the attachment, please identify its contents, including all parties that sent or received it, what it contains and why it is privileged.

Entry 164 - Please see entry 21.

Entry 167 - Please indicate when Mr. Citera provided the legal advice, and who was present when it was provided (or received the email containing it).   Further, confirm that Mr. Capello's email does not contain any of his own opinions, conclusions, impressions or thoughts.  Also, confirm that the email does not contain any facts such as trading data or business advice.

Entries 169, 170 and 171 - Please see entry 21.

Entry 172 - With respect to the audit, please state whether it was a routine audit done in the ordinary course of business or for some other reason.  Also, please explain why the underlying information (i.e., facts such as p&l, trading data, etc..) are privileged.  Please identify, by title, all the cc's and explain why they needed the know the information that you contend is privileged.   With respect to the attachment, please identify its contents, including all parties that sent or received it, what it contains and why it is privileged.

Entry 173 - With respect to the audit, please state whether it was a routine audit done in the ordinary course of business or for some other reason.  Also, please explain why the underlying information (i.e., facts such as p&l, trading data, etc..) are privileged.  Please identify, by title, all the cc's and explain why they needed the know the information that you contend is privileged.   With respect to the attachment, please identify its contents, including all parties that sent or received it, what it contains and why it is privileged.

Entries 174, 175 and 176 - Please see entry 21.

Entry 177 - Please explain why the underlying information and facts (e.g., trade data, references to statements made by third parties, business operations information) are privileged.  Further, please indicate whether it is UBS's position that all of the email and the attachment contains legal advice.  With respect to the attachment, please identify its contents, including all parties that sent or received it, what it contains and why it is privileged.  Please explain how this was for the purpose of legal advice, when counsel was only a  cc, not a direct recipient.

Entries 178 and 179 - Please see entry 21.

Entries 180, 181, 182 and 184 - With respect to the audit, please state whether it was a routine audit done in the ordinary course of business or for some other reason. Also, please explain why the underlying information (i.e., facts such as p&l, trading data, etc..) are privileged. Please identify, by title, all the cc's and explain why they needed the know the information that you contend is privileged.  With respect to the attachment, please identify its contents, including all parties that sent or received it, what it contains and why it is privileged.

Entry 183 - Please see entry 21.

Entry 184 - With respect to the audit, please state whether it was a routine audit done in the ordinary course of business or for some other reason. Also, please explain why the underlying information (i.e., facts such as p&l, trading data, etc..) are privileged. Please identify, by title, all the cc's and explain why they needed the know the information that you contend is privileged.  With respect to the attachment, please identify its contents, including all parties that sent or received it, what it contains and why it is privileged.

Entry 185 -Please see entry 21.

Entry 186 and 187 - With respect to the audit, please state whether it was a routine audit done in the ordinary course of business or for some other reason. Also, please explain why the underlying information (i.e., facts such as p&l, trading data, etc..) are privileged. Please identify, by title, all the cc's and explain why they needed the know the information that you contend is privileged.  With respect to the attachment, please identify its contents, including all parties that sent or received it, what it contains and why it is privileged.

Entry 193 - Please see entry 21.

Entry 194 - Please see entry 21.

Entry 195 - With respect to the audit, please state whether it was a routine audit done in the ordinary course of business or for some other reason. Also, please explain why the underlying information (i.e., facts such as p&l, trading data, etc..) are privileged. Please identify, by title, all the cc's and explain why they needed the know the information that you contend is privileged.  With respect to the attachment, please identify its contents, including all parties that sent or received it, what it contains and why it is privileged.

Entry 196 - Please see entry 21.

Entries 199 and 200 - Please see entry 21.

Entry 203 - Please see entry 21.

Entries 207, 208 and 209 - Please see entry 21.

Entry 213 - Please see entry 21.

Entry 214, 215 and 216  - Please explain why the underlying information and facts (e.g., trade data, references to statements made by third parties, business operations information) are privileged. Further, please indicate whether it is UBS's position that all of the email and the attachment contains legal advice.  With respect to the attachment, please identify its contents, including all parties that sent or received it, what it contains and why it is privileged.  As to your claim of work product, please: (a) state when you first anticipated litigation; (b) who you anticipated bringing the litigation; (c) why you anticipated litigation and (d) the subject matter of the anticipated litigation.

Entry 219 - Please explain why the underlying information and facts (e.g., these data, references to statements made by third parties, business operations information) are privileged.  Further, please indicate whether it is UBS's position that all of the email and the attachment contains legal advice.  With respect to the attachment, please identify its contents, including all parties that sent or received it, what it contains and why it is privileged.

We appreciate your cooperation.

Steven

**Steven J. Rosenwasser**

| | |
|---|---|
| **From:** | Steven J. Rosenwasser |
| **Sent:** | Wednesday, April 21, 2010 8:20 AM |
| **To:** | 'Hunter, Fraser' |
| **Cc:** | Nicole G. Iannarone; Elizabeth G. Eager |
| **Subject:** | Privilege Log Conferral |

Fraser,

Good morning. I am writing as a follow up to our recent conversations regarding the Defendants' privilege logs. Per the Defendants' request, rather than seeking a Special Master at this time, we are willing to endeavor to try and narrow the documents at issue. To that end, below please find our follow up conferral on Credit Suisse's privilege log. The number on the left refers to the privilege log entry, and the description thereafter is our conferral.

General Matter

In many instances, you refer to a NASD, FINRA, SEC or other regulatory inquiry or investigation. In order to determine whether the privilege applies to any such inquiries, we need the following information for each entry referring to an inquiry: (a) name of agency involved; (b) dates of investigation/inquiry; (c) stocks involved in inquiry; (d) subject matter being investigated and (e) whether <u>any</u> of the information in the email or attachment was disclosed to the agency <u>at any point in time</u>.

Individual Entries

Entry 1 - With respect to the regulatory inquiry, please provide the information requested under "General Matter" above. Further, please explain why the underlying information and facts (e.g., trade data, references to statements made by third parties, business operations information) are privileged. Also, please indicate whether it is Credit Suisse's position that <u>all</u> of the email and the attachment contains legal advice (i.e., there is no trading data, business advice, information on business operations, references to communications with third parties). If not, please explain why the non-legal advice is privileged. With respect to the attachment, please identify its contents, including all parties that sent or received it, what it contains and why it is privileged. Please confirm that <u>none</u> of the information in the email or attachment was disclosed to the regulatory agency or any other third party <u>at any time</u>. As to your claim of work product, please: (a) state when you first anticipated litigation; (b) who you anticipated bringing the litigation; (c) why you anticipated litigation and (d) the subject matter of the anticipated litigation. Finally, please identify the title (or, if not available, general job duties) of each of the receipients so we can ascertain whether they needed to know the contents of the email.

Entry 2 - Please see entry 1.

Entry 4 - Please explain why the underlying information and facts (e.g., trade data, references to statements made by third parties, business operations information) are privileged. Also, please indicate whether it is Credit Suisse's position that <u>all</u> of the email and the attachment contains legal advice (i.e., there is no trading data, business advice, information on business operations, references to communications with third parties). If not, please explain why the non-legal advice is privileged. With respect to the attachment, please identify its contents, including all parties that sent or received it, what it contains and why it is privileged.

Entry 5 - Please explain why this email is privileged in its entirety? Is it Credit Suisse's position that there is no public or non-responsive information on this document? Also, is it your position that the mere fact that a regulatory agency is inquiring or investigating Credit Suisse a privileged fact? Are you contending that the

status of an inquiry/investigation is privileged? What about litigations, are you contending the simple fact of litigation or its status is privileged?

Entry 6 - Please see entry 1.

Entry 7 - Please see entry 5.

Entry 8 - Please see entry 5.

Entries 9 through 15 - Please see entry 1.

Entries 16 and 17 - Please explain why the underlying information and facts (e.g., trade data, references to statements made by third parties, business operations information) are privileged. Also, please indicate whether it is Credit Suisse's position that all of the email and the attachment contains legal advice (i.e., there is no trading data, business advice, information on business operations, references to communications with third parties). If not, please explain why the non-legal advice is privileged. With respect to the attachment, please identify its contents, including all parties that sent or received it, what it contains and why it is privileged.

Entry 18 - Please see entry 5.

Entries 19 through 25 - Please see entry 1.

We appreciate your cooperation,

Steven

State Court of Fulton County
***EFILED***
LexisNexis Transaction ID: 31280812
Date:  May 24 2010  6:26PM
Mark Harper, Clerk

# Exhibit U

## SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

FOUR TIMES SQUARE
NEW YORK 10036-6522
———
TEL: (212) 735-3000
FAX: (212) 735-2000
www.skadden.com

FIRM/AFFILIATE OFFICES
———
BOSTON
CHICAGO
HOUSTON
LOS ANGELES
PALO ALTO
SAN FRANCISCO
WASHINGTON, D.C.
WILMINGTON
———
BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MOSCOW
MUNICH
PARIS
SÃO PAULO
SHANGHAI
SINGAPORE
SYDNEY
TOKYO
TORONTO
VIENNA

DIRECT DIAL
(212) 735-2578
DIRECT FAX
(917) 777-2578
EMAIL ADDRESS
PAUL.ECKLES@SKADDEN.COM

May 17, 2010

**By Email and FedEx**

Steven J. Rosenwasser, Esq.
Bondurant, Mixson & Elmore, LLP
3900 One Atlantic Center
1201 West Peachtree Street, N.W.
Atlanta, Georgia 30309

RE:   *TASER International, Inc., et al. v. Morgan Stanley &*
      *Co., Inc., et al.*, Civil Case No. 2008-EV-004739-B

Dear Steven:

        I write on behalf of Merrill Lynch, Pierce, Fenner & Smith Incorporated ("Merrill Lynch") in response to your February 4, 2010 and April 20, 2010 e-mails regarding Merrill Lynch's privilege log.

        Your initial e-mail to Richard Horvath on February 4, 2010 identified 41 entries on Merrill Lynch's privilege log that you wished to discuss. On February 24, 2010, you and I engaged in an extended Meet & Confer on various discovery topics, including Merrill Lynch's privilege log. During that conversation, you articulated the reasons behind your requests. For 14 of those documents (Nos. 52-57, 64-70 and 113), you stated that your concern was not about the specific documents listed on the privilege log, but rather whether Merrill Lynch had produced any responsive, non-privileged documents relating to the inquiries or investigations that were the subject of the documents listed in the privilege log. Indeed, you acknowledged that we had included all the information we could reasonably be expected to provide regarding those documents without actually revealing the substance of privileged material. You instead asked us to look into whether the

Steven J. Rosenwasser, Esq.
May 17, 2010
Page 2

investigation and/or inquiry referenced in those documents related to Taser
securities.[1]  After further investigation, we can now confirm that they did not.[2]

Also on the February 24, 2010 call, you stated that your main concern
as to the remaining set of documents was that no attorney appeared as an author or
recipient for those particular e-mails.  Entries 3, 4, 5, 7, 36, 138 and 139 all contain
an in-house attorney (designated by the asterisk) as a recipient.  Entries 9, 11, 16, 20-
23, 30, 84, 97-100, 130, 131, 136 and 137 have attorney(s) as author(s) and/or
recipient(s) on e-mails that appear earlier in the string.  In all those cases, the earlier
e-mails on which attorneys are authors and/or recipients contain legal advice or
request information necessary to provide legal advice.  The descriptions of the
subsequent e-mails (the ones cited in the privilege log) indicate as much.  While we
do not believe it necessary, below is a chart that lists the attorneys or persons
working on their behalf appearing as authors and/or recipients in e-mail strings in
Entries 9, 11, 16, 20-23, 30, 84, 97-100, 130, 131, 136 and 137.

| Entry | Attorney(s) |
|---|---|
| 9 | Moschetta, Luciano (OGC)*, Mazzone, Lucy (OGC)*, Tiedemann, Thomas (OGC)*, Gilmartin, Sean (OGC)*, Aasland, Morten (OGC)* |
| 11 | Willis, Mark (OGC)* |
| 16 | Moynihan, Kevin (OGC)*, Willis, Mark (OGC)* |
| 20 | Willis, Mark (OGC)* |
| 21 | Willis, Mark (OGC)* |
| 22 | Willis, Mark (OGC)* |
| 23 | Willis, Mark (OGC)* |
| 30 | Willis, Mark (OGC)* |
| 84 | Ingrassia, Lisa (OGC)*, Desimone, Lisa (OGC)* |
| 97 | Algaze, Adam (OGC)*, Olmedo, Jonelle (OGC)* |
| 98 | Algaze, Adam (OGC)*, Olmedo, Jonelle (OGC)* |
| 99 | Algaze, Adam (OGC)*, Olmedo, Jonelle (OGC)* |

---

[1]     With the exception of Entry No. 113, each of these documents contains multiple e-mails
directly between Merrill Lynch employees and either its in-house attorneys or outside counsel.  For
Entries 52, 56, 57, and 64 through 70, the top e-mail in the string falls into that category.  For Entries
53, 54, and 55, although the top e-mail is between Merrill Lynch employees only, multiple e-mails to
and from Michael D. Mann and Kevin J. Campion, both outside counsel to Merrill Lynch, are also
contained in the e-mail string.  For these entries, the top e-mail is the continuation of a discussion with
outside counsel where Linda Messinger and Steve Wizniuk, Merrill Lynch employees, are discussing
the legal advice given to them by outside counsel in previous e-mails.

[2]     While we note that the applicable Georgia statues and case law do not in any case require
Merrill Lynch to provide you with this information, we have done so in this instance as a measure of
good faith.

Steven J. Rosenwasser, Esq.
May 17, 2010
Page 3

| 100 | Algaze, Adam (OGC)*, Olmedo, Jonelle (OGC)* |
| 130 | Woo, Amy (OGC)*, Dennis, Martha (OGC)* |
| 131 | Woo, Amy (OGC)*, Dennis, Martha (OGC)* |
| 136 | Moynihan, Kevin (OGC)* |
| 137 | Moynihan, Kevin (OGC)* |

The remaining entries (Nos. 2, 17, 29, and 113) do not have an attorney in the e-mail string. With regard to Entries 29 and 113, after further review, we are willing to produce these documents. They will be included in our next production. For Entries 2 and 17, the chart below contains more detailed descriptions of these documents and any attachments. We believe that this information is more than sufficient to satisfy our obligations under applicable Georgia law as to our privilege designation.

| Entry | Subject Matter |
|-------|----------------|
| 2 | This e-mail string contains communications among business people. These e-mails were sent and received in the months immediately preceding the implementation of Reg SHO. Attached to these e-mails is a document containing legal advice and analysis regarding Reg SHO requirements and the implementation of compliance procedures. The e-mail references the content of that attachment. |
| 17 | This e-mail string contains communications among business people. These e-mails were sent and received in the months immediately preceding the implementation of Reg SHO. The e-mail itself contains an agenda for a meeting between these business people and Mark Willis, a Merrill Lynch attorney. Attached to these e-mails is a document containing legal analysis regarding Reg SHO requirements and compliance efforts. The e-mail references the content of that attachment. |

This letter has addressed and responded to the issues you raised in your February 4, 2010 e-mail and during our February 24, 2010 Meet & Confer. We are aware that you sent a subsequent e-mail on April 20, 2010 regarding Merrill Lynch's privilege log. That e-mail requests a tremendous amount of information for virtually *every single entry* on Merrill Lynch's initial and supplemental privilege logs, almost all of which is completely unnecessary to assess Merrill Lynch's privilege assertions. Among other things, the letter requests information about the "stocks involved" in regulatory inquiries cited in "Subject Matter" descriptions, "why each of the recipients needed to know the information" and confirmation that "the information provided [in an e-mail] was never conveyed on a broader scale." There is simply no basis in Georgia law for these painfully broad and virtually unanswerable requests. Needless to say, the requests contained in this second e-mail

Steven J. Rosenwasser, Esq.
May 17, 2010
Page 4

differed substantially from those in your initial e-mail and are inconsistent with the positions you took during our Meet & Confer.

Common sense dictates that Merrill Lynch view this letter in the context and timeframe in which it was received. Only days earlier, Merrill Lynch and the other Defendants declined Plaintiffs' request to submit all privilege issues to a Special Master. Having been denied this request, Plaintiffs then endeavored, through this letter, to harass Merrill Lynch to such a degree as to make the Meet & Confer process on privilege issues so utterly frivolous and unmanageable as to coerce its consent for the appointment of a Special Master. There is simply no other explanation for why your initial list of straightforward and generally reasonable requests was followed 75 days later by a 4,400-word "conferral" on the same subject.

Merrill Lynch has chosen to respond to your initial requests, as conveyed in your February 4, 2010 e-mail and the February 24, 2010 Meet & Confer, as it believes these to be your only well-founded concerns regarding Merrill Lynch's privilege log. It views those communications as the only ones on this subject that have been in good faith and without ulterior motive.

Merrill Lynch does not believe there is any Georgia statute or case law that requires disclosure of the further information you now request. Therefore, Merrill Lynch is currently unwilling to provide such information. If you believe otherwise, please let me know.

Please feel free to contact me if you have any questions.

Very truly yours,

Paul M. Eckles /es

Paul M. Eckles

State Court of Fulton County
***EFILED***
LexisNexis Transaction ID: 31280812
Date:  May 24 2010  6:26PM
Mark Harper, Clerk

# Exhibit V

144910.1

# ROGERS & HARDIN

### ATTORNEYS AT LAW
A LIMITED LIABILITY PARTNERSHIP

RICHARD H. SINKFIELD
DIRECT: (404) 420-4605
DIRECT FAX: (404) 230-0970
EMAIL: RHS@RH-LAW.COM

2700 INTERNATIONAL TOWER, PEACHTREE CENTER
229 PEACHTREE STREET, N.E.
ATLANTA, GEORGIA 30303-1601
(404) 522-4700
FACSIMILE: (404) 525-2224

August 27, 2009

<u>**VIA HAND DELIVERY**</u>

The Honorable Patsy Y. Porter
Fulton County State Court
Justice Center Tower, Suite 2855
185 Central Avenue, S.W.
Atlanta, Georgia 30303

     Re:   <u>Taser International, Inc., et al. v. Morgan Stanley & Co., Inc., et al.</u>

Dear Judge Porter:

     I enclose, for the Court's consideration, the parties' "Stipulation and [Proposed] Protective Order Regarding Confidential Information."

     All parties have agreed to the terms of this proposed order.

     We are available to answer any questions and otherwise assist the Court in this matter.

Respectfully,

Richard H. Sinkfield

RHS:mr
Enclosure

cc:   Michelle Arrington, Esq. (with enclosure, via hand delivery)
      Steven J. Rosenwasser, Esq. (with enclosure, via e-mail PDF)
      James W. Christian, Esq. (with enclosure, via e-mail PDF)
      John M. O'Quinn, Esq. (with enclosure, via e-mail PDF)

**State Court of Fulton County**
**\*\*\*EFILED\*\*\***
LexisNexis Transaction ID: 31280812
Date:  May 24 2010  6:26PM
Mark Harper, Clerk

# Exhibit W

144910.1

# FILED UNDER SEAL

State Court of Fulton County
***EFILED***
LexisNexis Transaction ID: 31280812
Date:  May 24 2010  6:26PM
Mark Harper, Clerk

# Exhibit X

144910.1