**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| Taser International, Inc., et al., | : |
| | : |
| Plaintiffs | : |
| | : |
| v. | : CIVIL ACTION NO. |
| | : 1:10-cv-03108-JOF |
| Morgan Stanley & Co., Inc., et al., | : |
| | : |
| Defendants. | : |
| | : |

## REVISED CASE INSTRUCTIONS[1]

This case has been assigned to Judge J. Owen Forrester. Lawyers often want to know what a judge's rules, policies and preferences are. These case instructions are sent to you to answer some of these questions.

Judge Forrester has no rule that is different from the Local Rules of Practice of the United States District Court for the Northern District of Georgia.

<u>Initial Matters</u>

Counsel should feel free to seek scheduling conferences, discovery conferences, preliminary pretrial conferences, and settlement conferences when counsel believe it will promote the goals of Rule 1, *Federal Rules of Civil Procedure*.

Counsel should not seek to discuss the merits of the case with the judge's staff.

---

[1]Revised 04/02/08

In cases where lead counsel has been admitted *pro hac vice*, there must also be local counsel who should be thoroughly familiar with the case. The court begins with the presumption that lawyers admitted to the bar of other district courts are competent, ethical, and courteous, but the presumption is rebuttable, and, therefore, the *pro hac vice* admission is provisional.

Discovery

The court expects that the initial disclosures will be as complete as possible based on information reasonably available. Responses may not be reserved.

Responses to written discovery must be in writing with the required formality.

All discovery should end within the period allowed. The court does not enforce side deals to conduct discovery beyond the end of the period.

The court does not permit the taking of depositions for the preservation of testimony after the close of discovery over objection if the witness was not deposed during the period for discovery, unless for very good cause shown.

The court does not allow evidence at trial which was requested and not revealed during the discovery period.

The court generally rules on discovery disputes in conference.

Protective Orders and Documents Filed Under Seal

Do not submit protective orders to the Court that allow matters to be filed with the Clerk of the Court under seal.

If a party has very good cause to request sealing, the party shall first present to chambers a motion to file under seal. The party shall indicate by entry of a "notice" on the CM/ECF docket that a motion to seal has been presented to the chambers. Attached to the motion should be the material desired to be sealed. The Court will review the material *in camera* and make a decision whether to grant or deny the motion to seal. If the Court determines that the motion is to be granted, the Court will forward the signed motion and accompanying materials to the Clerk of the Court for entry of the motion on CM/ECF docket and appropriate filing of the sealed materials. If the Court determines that the motion is to

be denied, the Court will contact the filing party which may then retrieve the motion and materials.

### Motion for Default Judgment

Motions for Default Judgment should be accompanied by a brief that sets out why the party believes it is entitled to recover for its causes of action under the well-pleaded allegations of the complaint.

### Corporate Representation, Local Rule 83.1

As discussed in the Local Rules of the Northern District of Georgia, a corporation must be represented in court by an attorney. A corporate officer may not represent the corporation unless that officer is also licensed to practice law in the state of Georgia. Failure to comply with this rule can result in dismissal of a corporation's complaint or default being entered against the corporation.

### Motion for Attorneys' Fees

In any circumstance that requires the filing of a petition for attorney's fees, parties are expected to comply with the requirements of *Norman v. Housing Authority*, 836 F.2d 1292 (11th Cir. 1988), and *ACLU v. Barnes*, 168 F.3d 423, 430 (11th Cir. 1999).

### Electronic Filing of Exhibits and Attachments

The parties should make every effort to label all electronically uploaded exhibits and attachments according to their content to assist the court in making its ruling. For example, the court would prefer to have documents uploaded as Ex A: Smith Deposition, Ex B: Employment Contract, and Ex. C: Jones Letter, rather than as Ex. A, Ex. B, and Ex. C.

### Motions for Summary Judgment

Each of the movant's numbered material facts must be accompanied by citations to record evidence supporting such fact. Undisputed facts alleged by the movant will be deemed admitted unless specifically controverted by the respondent.

AO 72A
(Rev.8/82)

The respondent may file, in addition to a response to the movant's numbered material facts not in dispute, a statement of facts to which there exists a genuine issue to be tried. As with the movant's numbered material facts, the respondent must include citations to record evidence supporting its responses or facts. A separate statement of undisputed facts filed by the respondent will not be considered for purposes of determining material facts not in dispute. The movant's facts must be specifically denied.

Documents and other record materials, such as depositions, which are relied upon by a party moving for or opposing a motion for summary judgment are required to be filed in their entirety.

If a Motion for Summary Judgment is pending, the Pretrial Order need not be filed until 30 days after ruling on the motion is received.

Pretrial Order

The statement of contentions in the pretrial order governs the issues to be tried.

The plaintiff should make certain that all theories of liability are explicitly stated, together with the type and amount of each type of damage sought. The specific actionable conduct should be set out, and, in a multi-defendant case, the actionable conduct of each defendant should be identified.

The defendant should explicitly set out any affirmative defenses.

In listing witnesses or exhibits do not attempt to reserve the right to supplement or to adopt another party's list by reference.

In listing exhibits, number each exhibit as to which a separate foundation must be laid. For example, numbering one exhibit as "hospital records" or "photographs" is not satisfactory.

Witnesses and exhibits not identified in the Pretrial Order may not be used during trial, unless to prevent manifest injustice.

Exhibits and depositions will be admitted when offered unless timely objected to before trial in the pretrial order.

4

Pretrial Conference

The court conducts a pretrial conference immediately prior to the selection of the jury. The court will endeavor to simplify the issues and to rule on objections to evidence raised in the pretrial order. Finally, the court will discuss settlement with the parties if the case is to be tried to a jury.

The court prefers that Motions In Limine not be separately filed in advance of trial unless an early ruling will materially aid in settlement discussions.

Trial

The court usually is in session from 9:30 a.m. until 4:30 p.m. Frequently, the court must conduct sentencing on Friday afternoons and, therefore, the trial may recess at 12:30 p.m.

The court has some access to video playback equipment, overhead projectors, and a Doar Presenter if prior arrangements are made.

During voir dire, the jurors verbally answer a detailed questionnaire on personal matters, and then the attorneys are allowed 30 minutes to the side to pose questions. Questions may relate to the personal data or to experiences or associations. They may not relate to questions of fact or law involved in the case.

Opening statements are generally limited to 15 minutes in routine cases. Closing arguments generally are set at 30 minutes.

Be very precise in defining the area of expertise of tendered experts, and be prepared to show how the expert has attempted to falsify his opinion. Where the primary occupation of the expert is as a witness, the court may comment on this fact in instructing the jury.

The court will consider charging the jury before arguments.

The court rarely submits cases to the jury on general verdicts.

5

AO 72A
(Rev.8/82)

To the extent that any comment above is directory, **IT IS SO ORDERED.**

This, the 13th day of October, 2010.

                    J. OWEN FORRESTER
                    SENIOR UNITED STATES DISTRICT JUDGE

                    BY: s/ Patricia A. Healy
                    Patricia A. Healy
                    Judicial Assistant
                    404/215-1311