# Exhibit B

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

TASER INTERNATIONAL, INC., *et al.*,          :

      Plaintiffs,          :

          v.          :

MORGAN STANLEY & CO., INC., *et al.*,          :

      Defendants.          :

:
:

CIVIL ACTION NO.
1:10-CV-03108-JOF

---

### DEFENDANT MERRILL LYNCH, PIERCE, FENNER & SMITH INCORPORATED'S OPPOSITION TO PLAINTIFFS' REQUEST FOR AN ABEYANCE

Defendant Merrill Lynch, Pierce, Fenner & Smith Incorporated ("Merrill Lynch") respectfully submits this memorandum in opposition to Plaintiffs' Request to Hold Motion in Abeyance to Conduct Further Discovery on Pertinent Issues, dated September 17, 2010 (the "Request").

### PRELIMINARY STATEMENT

Plaintiffs' request for an abeyance is a desperate attempt to avoid an adverse ruling on one of the key issues in this litigation—*i.e.*, whether Merrill Lynch's market-maker clients were permitted under the federal securities laws to intentionally fail to deliver stock by the settlement date.  Plaintiffs put this issue at

the forefront of their motion to compel, repeatedly alleging that intentional failures to deliver are criminal and "always illegal"—even for market makers.  Indeed, this is the only legal basis Plaintiffs provided for applying the so-called crime-fraud exception to the privileged communication at issue.  But when confronted with indisputable evidence in Merrill Lynch's opposition papers that market makers are in fact permitted under federal law to intentionally fail to deliver, Plaintiffs abandon their previous position and request an "abeyance to conduct further discovery" into whether Merrill Lynch's clients were "bona fide" market makers. Implicit in this request is an acknowledgment that Plaintiffs' previous position was incorrect.  If intentional failures to deliver were always illegal—as Plaintiffs repeatedly asserted in their motion—there would be no need to determine whether a marker maker's activities were "bona fide" when applying the crime-fraud exception.  Thus, by seeking discovery on this issue, Plaintiffs now concede that it is legal for *bona fide* market makers to intentionally fail to deliver shares by the settlement date.  This concession is fatal to Plaintiffs' motion because it eliminates the only stated basis for applying the crime-fraud exception.  While Plaintiffs acknowledge this by offering to withdraw their motion absent an abeyance, Merrill Lynch is entitled to a ruling now on this key legal issue, especially considering that it has been fully briefed by both sides.

Plaintiffs' request for an abeyance and offer to withdraw their motion is also an acknowledgment that they failed to satisfy their burden of demonstrating that the crime-fraud exception applies to the privileged communication at issue—if they had met that burden, there would be no need for additional discovery. Plaintiffs admit that they were required to make a *prima facie* showing that the attorney-client communication at issue was made in furtherance of an illegal or fraudulent activity. But Plaintiffs fail to make any showing whatsoever of illegality or fraud. Rather, they request an abeyance in the mere hope that additional discovery will yield some evidence of wrongdoing. Plaintiffs should not be permitted to put their motion on hold indefinitely while they conduct a fishing expedition. Plaintiffs bore the burden of establishing ***in their moving papers*** that the crime-fraud exception applies. They failed to meet that burden, and thus their motion to compel and their request for an abeyance should be denied.

Plaintiffs should not be rewarded for their sloppy legal work. If Plaintiffs are permitted to withdraw their motion (or it is denied on its merits), Merrill Lynch should be awarded the attorneys' fees and expenses it incurred in responding to the motion. Merrill Lynch's response was time-consuming and expensive, requiring a twenty-plus page memorandum laying out the regulatory scheme governing short sales both before and after Regulation SHO. Plaintiffs should not be permitted to

3

impose these significant costs on Merrill Lynch and then simply withdraw their

motion when they realize that it lacks any legal basis.  Accordingly, Plaintiffs'

request for an abeyance should be denied, Plaintiffs' motion to compel should be

denied, and Merrill Lynch should be awarded the attorneys' fees and expenses it

incurred in responding to both.

## ARGUMENT

I.     **Plaintiffs Now Concede that Market Makers Are Permitted Under the Federal Securities Laws to Intentionally Fail to Deliver Securities by the Settlement Date.**

Plaintiffs' motion to compel was premised entirely on the contention that

intentional failures to deliver are "always illegal" and criminal—regardless of

whether the short seller is a market maker.  (*See* Plaintiffs' Motion to Compel

Merrill Lynch to Produce Non-Privileged Document, dated July 29, 2010 ("Mot. to

Compel") at 2.)  Plaintiffs asserted that "[e]ngaging in a short sale knowing and

intending that the underlying stock will not be borrowed or delivered by the

settlement date is undeniably criminal and fraudulent conduct." (*Id.* at 3.)  In fact,

even when addressing the market-maker exemptions contained in federal

regulations, Plaintiffs still contended that "Regulation SHO never permits a short

seller to intentionally fail to borrow and deliver stock by the settlement date." (*Id.*

at 7–8 n.7.)

4

But Merrill Lynch conclusively established in its opposition brief that Plaintiffs' contentions were incorrect as a matter of law, and that federal regulations permit market makers to intentionally fail to deliver stock by the settlement date. (*See* Merrill Lynch's Opposition to Plaintiffs' Motion to Compel Production of Non-Privilege Document, dated August 30, 2010 ("Opp.") at 7–18.) Merrill Lynch identified the regulations governing the delivery of stock during the relevant period and demonstrated that each contained an exemption for market-makers. (*Id.* at 12–13.)  In fact, the Securities and Exchange Commission expressly stated in 2008 that market makers do not represent to buyers that they intend to deliver by the settlement date when they engage in a short sale. (*Id.* at 17.)

Faced with this indisputable evidence, Plaintiffs did not file a reply brief or otherwise attempt to show that Merrill Lynch misrepresented or misinterpreted the relevant rules or regulations.  Rather, Plaintiffs now request an abeyance based on Merrill Lynch's purported assertion of a market-maker "defense" and the need for additional discovery on whether the market-makers in question were "bona fide." (Request at 3.)  The Request, however, is a direct acknowledgement that Plaintiffs' previous position was incorrect and that market makers are in fact permitted under federal law to intentionally fail to deliver stock by the settlement date.  If

5

Plaintiffs' previous position were correct and intentional failures to deliver are always illegal and criminal, there would be no need for discovery on whether market makers were "bona fide"—the mere fact that market makers intentionally failed to deliver stock would be sufficient to show illegality. Plaintiffs' concession is fatal to the Request since they have identified no other illegal or fraudulent conduct.

Moreover, Plaintiffs' assertion that Merrill Lynch raised the market-maker exemption as a "defense" is absurd. (Request at 3.) Plaintiffs therefore knew before filing their motion that the privileged request for legal advice concerned market makers. Merrill Lynch did not raise this issue for the first time in opposition to Plaintiffs' motion and certainly did not raise it as a "defense." It is completely disingenuous for Plaintiffs to now argue that they need discovery into whether those clients' market-making activities were "bona fide." If such discovery were necessary to establish that the

6

crime-fraud exception applies, Plaintiffs should have sought it before filing their motion.  Their failure to do so is not grounds to put their motion indefinitely on hold.

**II.    Plaintiffs' Request for an Abeyance Is an Acknowledgment that They Failed to Meet Their Burden of Establishing that the Crime-Fraud Exception Applies.**

Plaintiffs admit that in order to overcome the attorney-client privilege, they bear the burden of making a *prima facie* showing that "the communication at issue was made in furtherance of an illegal or fraudulent activity."  (Mot. to Compel at 6 (*citing Rose v. Commercial Factors of Atlanta, Inc.*, 262 Ga. App. 528, 529-30 (2003)).)  By requesting additional discovery, Plaintiffs implicitly acknowledge that they failed to meet this burden—if they had met it, no additional discovery would be necessary and the Court could immediately decide their motion on its merits.

Plaintiffs need additional discovery because they have ***no evidence*** of illegal or fraudulent conduct by Merrill Lynch, and therefore the crime-fraud exception cannot apply.  The only illegal conduct alleged in their motion—permitting market-maker clients to intentionally fail to deliver stock by the settlement date— was shown to be legal in Merrill Lynch's opposition papers.  Plaintiffs' assertion that additional discovery ***might*** reveal some basis for applying the crime-fraud

exception does not justify putting their motion indefinitely on hold, especially where Plaintiffs provide no reason to believe that Merrill Lynch's market-making clients were not engaged in bona fide market-making activity.  Plaintiffs' conclusory allegations that this may be the case are nothing but a desperate attempt to avoid an adverse ruling on their motion, and they certainly do not justify granting Plaintiffs an abeyance.

**III.     Merrill Lynch Should Be Awarded Its Attorneys' Fees and Expenses.**

In their request for an abeyance, Plaintiffs state that "[s]hould the Court decline to hold Plaintiffs' Motion in abeyance, Plaintiffs will withdraw it without prejudice and reserve their right to file it at a later date." (Request at 5.)  Plaintiffs' stated intention to withdraw their motion further demonstrates that they (i) misstated the law in their motion to compel by incorrectly asserting that market makers may never intentionally fail to deliver stock by the settlement date, and (ii) failed to meet their burden of establishing that the privileged communication at issue was in furtherance of a crime or fraud.

Under these circumstances, Plaintiffs should not be permitted to withdraw their motion without penalty.  Merrill Lynch expended significant financial and human resources in responding to the motion and submitted a twenty-plus page memorandum examining in detail the regulatory scheme governing short sales both

8

before and after Regulation SHO.  Merrill Lynch also had first requested that Plaintiffs withdraw their motion because, among other things, it improperly revealed privileged information to other Defendants in this case.  (*See* Merrill Lynch's Memorandum of Law in Support of Its Emergency Motion to Protect Privileged Communications by Striking Plaintiffs Motion to Compel, dated August 2, 2010, at 7.)  Plaintiffs refused this request.  (*Id.*)  Merrill Lynch therefore requests an award of attorneys' fees and expenses incurred while responding to a baseless motion that Plaintiffs now seek to withdraw.

## CONCLUSION

For all the foregoing reasons, Merrill Lynch respectfully requests that the Court (i) deny Plaintiffs' Request for an Abeyance, (ii) deny Plaintiffs' Motion to Compel, and (iii) award Merrill Lynch the attorneys' fees and expenses it incurred in responding to both.

Respectfully submitted, this 19th day of October, 2010.

RICHARD H. SINKFIELD
Georgia Bar No. 649100
E-mail: rsinkfield@rh-law.com

Dan F. Laney III
Georgia Bar No. 435290
E-mail: dlaney@rh-law.com

ROGERS & HARDIN LLP
229 Peachtree Street, N.E.
2700 International Tower
Atlanta, Georgia  30303
Tel.:  404-522-4700
Fax:  404-525-2224


*Attorneys for Defendant Merrill Lynch,
Pierce, Fenner & Smith Incorporated*

10

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 5.1(B)

Pursuant to Local Rule 7.1, the undersigned counsel hereby certifies that the

foregoing **OPPOSITION TO PLAINTIFFS' REQUEST FOR AN**

**ABEYANCE** has been prepared in accordance with Local Rule 5.1(b) with 14-

point Times New Roman font.

RICHARD H. SINKFIELD
Georgia Bar No. 649100
E-mail: rsinkfield@rh-law.com

ROGERS & HARDIN LLP
229 Peachtree Street, N.E.
2700 International Tower
Atlanta, Georgia  30303
Tel.:  404-522-4700
Fax:  404-525-2224

*Attorneys for Defendant Merrill Lynch,*
*Pierce, Fenner & Smith Incorporated*

11