## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

TASER INTERNATIONAL, INC., *et al.*,   )
                             )    Case No.: 1:10-CV-03108-JOF
     Plaintiffs,           )
                             )    [On removal from the State
v.                          )    Court of Fulton County,
                             )    Georgia Case No.:
MORGAN STANLEY & CO., INC.*, et al.*, )    2008-EV-004739-B]
                             )
     Defendants.          )
_____)

### PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO COMPEL PRODUCTION OF PLAINTIFFS' <u>HEARING PRESENTATION NOTEBOOK</u>

Defendants' Motion is simply a transparent attempt to win a short-term tactical advantage by gaining possession of a three-ring notebook or binder containing visual presentation aids that Plaintiffs' counsel had prepared for use during his oral argument at a hearing on August 17, 2010 on pending discovery motions. After the parties had argued the first of the ten motions on the calendar that day, the Court suspended the hearing pending the appointment of a Special Master to hear and determine these and other discovery motions. At the outset of the oral argument, the binder had been handed to Defendants' counsel at the same time it was handed to the Court. Once the hearing was suspended and it was

apparent that most of the visual aids in the binder would not be used that day, Plaintiffs' counsel appropriately retrieved the binder from the Defendants' counsel table in the then-empty courtroom, intending to use the rest at the hearing on those motions before the Special Master.

Defendants' counsel's sudden demand for the binder more than two weeks later, now a motion to compel, is without legal justification.  The binder should and will be provided to the Defendants' counsel when the hearing on the discovery motions resumes — when, Plaintiffs' counsel assumes, Defendants' counsel will likewise provide them with copies of any demonstratives or visual aids that Defendants use at the hearing.  Any other outcome would give the Defendants an unfair advantage arising solely from the fact that the Court suspended the original hearing part-way through Plaintiffs' counsel's presentation — a fact over which Plaintiffs had absolutely no control.

## I.  Background

On August 17, 2010, the Court held a hearing on ten pending discovery motions.  At the beginning of the hearing, Plaintiffs' counsel Steven Rosenwasser handed the Court and the Defendants' counsel sitting at counsel table a copy of a three-ring binder containing copies of the visual aids (primarily PowerPoint slides essentially comprising an outline of his argument on each motion and the key legal

authorities and evidence supporting those arguments) that he would use during his arguments on all ten motions.  The cover of the binder reads, "Motions Hearing August 17, 2010" with the style of the case and the legend, "Prepared by Attorneys for Plaintiffs." The binder contained tabs that organized the slides by motion.

As Mr. Rosenwasser argued the first motion, he directed the Court to the tab containing the slides that pertained to that particular motion.  As Mr. Rosenwasser began his argument on the second motion, however, the Court suspended the hearing until such time as a Special Master could be appointed to hear and decide all discovery motions. Thus, only a very small portion of the materials in the binder (those behind the first tab) were actually used that day, because the other portions pertained to the nine motions that were not argued.

At the conclusion of the hearing, Defendants, apparently recognizing that it would be improper and inappropriate to retain a binder containing materials relating to arguments that had not yet occurred (but would soon occur), left the binder — and only the binder — on the counsel table, taking with them all of their own materials that were on the table.[1]  Mr. Rosenwasser then retrieved the binder

---

[1] Defendants asked for and were granted the Court's permission to retrieve at a later time their boxes of materials that were located elsewhere in the courtroom. Those boxes of materials remained in the court room after the hearing.  However, Defendants took all of the materials from the counsel table in the court room except for the binder.

from Defendants' table so that Defendants would not gain an unfair advantage by having a copy of his arguments on the remaining motions before those arguments were given.[2]  Neither at the courthouse nor after the conclusion of the hearing did any Defendant mention the binder or request it back.

Approximately two weeks after the hearing, on August 27, 2010, Defendants apparently realized the tactical advantage that they could gain from reviewing in advance Plaintiffs' outline and supporting materials for the upcoming arguments before the Special Master, and thus *for the first time* claimed that they believed Plaintiffs' retrieval of the binder was inappropriate.  They requested that Plaintiffs immediately provide them with a copy.  Plaintiffs responded with their view that Defendants are not entitled to a preview of the arguments Plaintiffs plan to make, just as Plaintiffs are not entitled to an advance copy of the visual aids Defendants intend to use, until a hearing occurs.  On September 2, Plaintiffs wrote a letter to the Court outlining the pertinent facts relating to the dispute over the binder and requesting that the Court return or dispose of the binder.  Ex. B to Affidavit of Richard H. Sinkfield filed in conjunction with Defendants' Motion to Compel

---

[2] Moreover, Plaintiffs did not want the binder, which contained certain material marked "highly confidential" that had been produced by the Defendants in discovery, left on a courthouse table where it could be reviewed or taken by members of the public.

("Sinkfield Aff.").[3]  In that letter, Plaintiffs agreed to and did produce to Defendants copies of the pages of the binder that were actually used at the hearing (those pertaining to the first motion).

The next day, on September 3, 2010, Defendants served Plaintiffs with Defendants' Fifth Request to Plaintiffs for Production of Documents ("Fifth Request") which requested production only of the binder.  Ex. E to Sinkfield Aff. Under O.C.G.A. § 9-11-34(b)(2), Plaintiffs' responses and/or objections to the Fifth Request were due originally on October 4, 2010 (the 30th day after service falls on a Sunday).[4]  Nevertheless, on September 17, 2010, before Plaintiffs' responses or objections were even due, Defendants filed this Motion to Compel. Thus, at the time Defendants filed their Motion, there had been no "fail[ure] to respond . . . or permit inspection" that would authorize Defendants to move to compel under O.C.G.A. § 9-11-37(a)(2).  Although Defendants "request[ed] that

---

[3] The Motion and accompanying exhibits are attached hereto as Exhibit 1.

[4] On September 29, 2010, Defendant Merrill Lynch Professional Clearing Corporation filed a notice of removal of this action.  As a result, on October 1, 2010, the parties entered into a Stipulation and Consent Order Extending Time for certain deadlines, including extending the date for Plaintiffs to object and/or respond to the Fifth Request until October 11, 2010.  On October 8, 2010, the parties agreed at the 26(f) conference to extend the deadline until October 15, 2010.  Plaintiffs' Response to Defendants' Fifth Request to the Plaintiffs for Production of Documents was served on October 15, 2010 and is attached hereto as Exhibit 2.

the Plaintiffs expedite their response to this [Fifth] [R]equest" and insisted upon a "response and production . . . within five (5) calendar days" (Ex. E to Sinkfield Aff. at 1), there has been no order shortening the time for Plaintiffs to object or respond.  Indeed, Defendants failed even to move for an expedited response to this discovery request.  The only conceivable reason for this unilateral attempt to shorten the discovery response time and the premature filing of the Motion was so that Defendants could use the binder to prepare for the hearing on the remaining motions.  These actions demonstrate Defendant's improper purpose in seeking the binder.

Defendants do not dispute that the obvious purpose of the binder was to support visually arguments that were planned to, but did not, occur.  The Court's suspension of the arguments on the motions before completion — which suddenly removed any obligation for Plaintiffs to provide Defendants with copies of Plaintiffs' presentation materials at that time — was unanticipated by the parties and, obviously, was not under either party's control.  Thus, there can be no argument that Plaintiffs provided the binder to Defendants knowing or intending that Defendants would have access to Plaintiffs' arguments weeks or months before the arguments actually occurred.  Defendants have not offered to provide,

nor have they provided, Plaintiffs with advance copies of Defendants' presentation materials that they intend to use in the hearing on the remaining motions.

## II. Argument

Defendants' attempt to obtain the binder now – with full knowledge that it outlines the Plaintiffs' upcoming arguments in detail – is a transparent attempt to obtain an unfair tactical advantage.  Defendants admitted, both during the conferral process and in writing after filing the Motion, that the reason they are seeking the binder is use it to prepare for the hearing on the remaining motions.  Defendants cannot articulate any **legitimate** reason why they are entitled to the binder in advance.  It does not contain pleadings, briefs, discovery material or evidence with which Defendants have not previously been served.[5]  Instead, it contains a visual presentation that is essentially an outline of Plaintiffs' counsel's argument on the pending discovery motions, with references to supporting evidence and legal authorities.[6]

_____

[5] While Defendants contend that the binder was "served" on them, there is no certificate of service indicating that it was formally "served" on them, as opposed to being provided as a courtesy so that they could follow along during the hearing.

[6] Even if Comment 4 to Ga. Rule of Professional Conduct 3.5, cited by Defendants (Defs. Mot. at 6 n.3), was intended to apply to visual aids for an argument presented in open court, it did not apply here once the Court announced that the Special Master rather than the Court was going to decide the motions (and thus, the binder was no longer even arguably a communication with the decision maker.)

While Defendants stridently charge that Plaintiffs "wrongfully" took the binder from them, as Defendants are well aware from Plaintiffs' September 2 letter to the Court and the parties' other communications, Plaintiffs concluded that Defendants had left the binder behind in the courtroom because Defendants recognized that they were not entitled to it once the hearing on the motions was suspended. Indeed, Plaintiffs surmise that Defendants asked for it weeks later only because someone on the Defendants' side realized that there was a tactical advantage to be gained by seeing Plaintiffs' demonstrative exhibits in advance of the hearing and before having to provide Defendants' demonstratives to Plaintiffs. The Defendants do not dispute that neither party anticipated that the Court would suspend the hearing during the arguments, suddenly removing any obligation for Plaintiffs to show Defendants their demonstrative materials. Therefore, while providing the other side with work product materials would normally constitute a waiver, in these particular circumstances it is difficult to see how Plaintiffs "waived" anything by providing Defendants with the binder.

Defendants' sole argument, unsupported by any legal authority or principle, is essentially, "you gave it to us so you can't take it back" — even though they do not deny that the circumstances under which the binder was given changed suddenly and completely. Defendants' "gotcha" argument evidences

gamesmanship that must not be condoned; in fairness, the Motion should be

denied.

Respectfully submitted, this 19th day of October, 2010.

/s/ Elizabeth G. Eager
John E. Floyd
Georgia Bar No. 266413
Steven J. Rosenwasser
Georgia Bar No. 614908
Nicole G. Iannarone
Georgia Bar No. 382510
Elizabeth G. Eager
Georgia Bar No. 644007
Bondurant, Mixson & Elmore, LLP
3900 One Atlantic Center
1201 West Peachtree Street, N.W.
Atlanta, Georgia  30309-3417
(404) 881-4100 Tel.
(404) 881-4111 Fax

James W. Christian
State Bar No. 04228700
Gary M. Jewell
State Bar No. 10664800
Scott R. Link
State Bar No. 12390900
Christian, Smith, & Jewell, LLP
2302 Fannin, Suite 500
Houston, Texas  77002
(713) 659-7617 Tel.
(713) 659-7641 Fax

**ATTORNEYS FOR PLAINTIFFS**

## <u>CERTIFICATE OF COMPLIANCE</u>

Pursuant to Local Rule 7.1D of the Local Rules for the District Court for the

Northern District of Georgia, I hereby certify that the foregoing pleading has been

prepared in Times New Roman, 14 point font, as permitted by Local Rule 5.1B.

Respectfully submitted this 19th day of October, 2010.


*/s/ Elizabeth G. Eager*
Elizabeth G. Eager
Georgia Bar No. 644007

## CERTIFICATE OF SERVICE

I hereby certify that on this day, a true and correct copy of the foregoing

**PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION
TO COMPEL PRODUCTION OF PLAINTIFFS' HEARING
PRESENTATION NOTEBOOK** was electronically filed with the Clerk of Court

using the Court's electronic filing system which will automatically send an email

notification of such filing to the following attorneys of record who are registered

participants in the Court's electronic notice and filing system:

> **Attorneys for Defendants:**
> Richard H. Sinkfield, Esq.
> Dan F. Laney, III, Esq.
> Kristina M. Jones, Esq.
> Stefanie H. Jackman, Esq.
> James W. Cobb, Esq.
> Rogers & Hardin
> 2700 International Tower, Peachtree Center
> 229 Peachtree Street, N.E.
> Atlanta, GA  30303-1601
> rsinkfield@rh-law.com

Further, I hereby certify that on this day, I caused a true and correct copy of

the foregoing to be served by U.S. Mail on:

**Attorneys for Banc of America Securities, LLC;
Merrill Lynch, Pierce, Fenner & Smith, Inc.; and Merrill Lynch
Professional Clearing Corporation:**
Andrew J. Frackman, Esq.
Brad Elias, Esq.
O'Melveny & Myers LLP
7 Times Square
New York, NY 10036
afrackman@omm.com

**Attorneys for Morgan Stanley & Co. Incorporated:**
Robert F. Wise, Jr., Esq.
William J. Fenrich, Esq.
Melissa T. Aoyagi, Esq.
Davis Polk & Wardwell LLP
450 Lexington Avenue
New York, NY 10017
robert.wise@davispolk.com

**Attorneys for Bear Stearns & Co., Inc. and Bear Stearns
Securities Corp.:**
Stephen L. Ratner, Esq.
Harry Frischer, Esq.
Brian L. Friedman, Esq.
Proskauer Rose LLP
1585 Broadway
New York, NY 10036
blfriedman@proskauer.com

**Attorneys for Goldman, Sachs & Co. and Goldman Sachs
Execution & Clearing, L.P.:**
Richard C. Pepperman II, Esq.
Richard H. Klapper, Esq.
Tracy Richelle High, Esq.
Sullivan & Cromwell LLP
125 Broad Street
New York, NY 10004
peppermanr@sullcrom.com

806537.1

**Attorneys for Deutsche Bank Securities Inc.:**
Heather L. Fesnak, Esq.
Peter J. Isajiw, Esq.
Gregory A. Markel, Esq.
Cadwalader Wickersham & Taft LLP
One World Financial Center
New York, NY  10281
peter.isajiw@cwt.com

**Attorneys for UBS Securities, LLC:**
Andrew B. Clubok, Esq.
Jeffrey G. Landis, Esq.
Daniel Gomez, Esq.
Kirkland & Ellis LLP
655 Fifteenth Street, N.W., Suite 1200
Washington, DC  20005-5793
aclubok@kirkland.com

Maria Ginzburg, Esq.
Kirkland & Ellis LLP
Citigroup Center
153 East 53rd Street
New York, NY  10022-4611

**Attorneys for Credit Suisse Securities (USA), LLC.:**
Fraser L. Hunter, Jr., Esq.
Wilmer Cutler Pickering Hale & Dorr LLP
399 Park Avenue
New York, NY  10022
fraser.hunter@wilmerhale.com

This 19th day of October, 2010.

*/s/ Elizabeth G. Eager*
Elizabeth G. Eager
Georgia Bar No. 644007

806537.1

13