E
X
H
I
B
I
T

1

**State Court of Fulton County**
**\*\*\*EFILED\*\*\***
LexisNexis Transaction ID: 33303529
Date: Sep 17 2010  4:18PM
Mark Harper, Clerk

## IN THE STATE COURT OF FULTON COUNTY
## STATE OF GEORGIA

TASER INTERNATIONAL, INC.,
*et al.*,

      Plaintiffs,

v.

MORGAN STANLEY & CO., INC.,
*et al.*,

      Defendants.

Civil Case No.
2008-EV-004739-B

## DEFENDANTS' MOTION TO COMPEL PRODUCTION OF PRESENTATION NOTEBOOK IMPROPERLY TAKEN FROM DEFENDANTS' TABLE, IN COURT (AND MEMORANDUM IN SUPPORT)

Defendants seek and are entitled to the instant production and return of materials wrongfully taken from their counsel table in the courtroom by Plaintiffs' counsel at the hearing before this Court on August 17, 2010.

Defendants respectfully move this Court for an order directing the Plaintiffs to return to Defendants immediately the notebook binder that Plaintiffs delivered to the Court and served on the Defendants and that Plaintiffs' counsel thereafter took from defense counsel's table at the conclusion of the August 17, 2010 hearing without notice, without discussion, and without defense counsel's knowledge. This notebook is the Defendants' property, and the Plaintiffs are wrongfully withholding it from the Defendants.

In support of this motion, the Defendants file the Affidavit of Richard H. Sinkfield (the "Sinkfield Affidavit"), and on that basis, show the Court:

1.      On August 17, 2010, Plaintiffs delivered a copy of the presentation binder to the Court at the beginning of the argument before the Court on a number of pending motions.  Plaintiffs also served a copy on the Defendants.  There were no conditions attached to the delivery and service of those materials.

2.      As the Plaintiffs' initial presentation proceeded, defense counsel reviewed portions of the Plaintiffs' notebook that related to then-upcoming arguments.

3.      Following the hearing, counsel for one of the Defendants asked that Rogers & Hardin, LLP, local counsel for all Defendants, provide them a copy of the materials that had been served by the Plaintiffs at the hearing.  We reviewed the boxes of materials that we had brought back from the Court and discovered that the binder was not included in the materials that we had gathered.  After internal inquiries and inquiries to other defense counsel as to whether anyone had the notebook, we concluded that none of defense counsel had the materials and that the appropriate thing to do was to ask Plaintiffs for another copy.

4.      When we inquired, Mr. Rosenwasser responded by e-mail on Saturday, August 28, and declined to provide a copy of the notebook.  He did not

2

advise at that time that Plaintiffs' counsel had themselves taken the notebook from defense counsel's table.  Thereafter, Mr. Sinkfield called Mr. Rosenwasser directly on Monday, August 30, 2010, and asked that he provide a copy of the notebook. Mr. Rosenwasser responded, in part, by asserting a claim of "work product" with respect to the binder.  During the call, Mr. Rosenwasser disclosed, for the first time, that the disappearance of the notebook from defense counsel's table was a deliberate, intentional taking by Plaintiffs' counsel.

   5.    On September 1, 2010, Mr. Sinkfield wrote to Mr. Rosenwasser.  A copy of the September 1 letter is attached to the Sinkfield Affidavit as Exhibit "A." As noted in the letter, Plaintiffs' counsel's service of the notebook and defense counsel's review of the notebook ended any claim of work product privilege by the Plaintiffs.[1]  Mr. Sinkfield also protested Plaintiffs' counsel's misconduct in appropriating the notebook:

> More disturbing to me, however, is the fact that once the Court gave notice of its intent to appoint a Special Master and we (certain of the defense counsel and certain of the Plaintiffs' counsel) adjourned to the hallway outside, someone from the Plaintiffs' team actually removed our copy of that presentation from the defense table without request and without authorization.  I had not realized its removal was both intentional and strategic until I spoke with you by phone.  There you indicated that Plaintiffs

---

[1]    In light of the delivery, service and review of the notebook, the Court need not consider whether the binder was "work product."

3

made the strategic decision to remove ("take back") the notebook on the asserted ground of "work product."

> In my opinion, the removal of that set of documents from our table was unauthorized and constituted a non-permitted taking – it could be characterized more harshly than that. I write this letter to make a further request that the binder be returned to us, and I would invite you to do so no later than close of business on Tuesday, September 7, 2010. I regret the necessity to make a formal request for the document, but it was removed improperly. I called you Monday to call that fact to your attention and to invite you to return the document without having to raise the level of concern to a formal request.

As noted, the Defendants requested that the Plaintiffs return the notebook by

September 7, 2010.

6.     The next morning, September 2, 2010, Plaintiffs' counsel – without

first responding to Mr. Sinkfield's letter – wrote to the Court to request that the

Court dispose of or return its copy of the presentation notebook. A copy of

Plaintiffs' counsel's September 2 letter to the Court is attached to the Sinkfield

Affidavit as Exhibit "B."[2]  Plaintiffs' counsel admitted having taken the notebook

and asserted that the Defendants had left the binder "and only it – on the table,

taking their own materials with them."  Mr. Rosenwasser sought by this statement

---

[2]     In his letter to the Court, Mr. Rosenwasser asserts that Defendants delayed in requesting return of the notebook. As noted, defense counsel had no knowledge that Plaintiffs' counsel had taken the notebook and undertook to locate it amongst themselves on the assumption that once Plaintiffs served a copy on Defendants, one of the defense counsel had retained the copy.

to create the misimpression that the notebook was the only item left in the courtroom and that defense counsel had left the courthouse and abandoned the notebook. In fact, substantial materials belonging to the Defendants were still in the courtroom, with the Court's express permission after discussion with court personnel as to how to gain access to the materials later for pick-up. Moreover, Mr. Rosenwasser himself acknowledged in a subsequent e-mail to Mr. Sinkfield that defense counsel had not left the courthouse but in fact returned to the courtroom while he was still present (presumably before he had actually removed the notebook from the courthouse but after he took it from the defense table). A copy of Mr. Rosenwasser's e-mail is attached to the Sinkfield Affidavit as Exhibit "C." Mr. Rosenwasser made no claim in his e-mail that he discussed his action with any of these counsel or in any way disclosed that he had taken the notebook.

      7.    Later on September 2, 2010, Mr. Sinkfield wrote to the Court to respond to the Plaintiffs' counsel's letter and to request that the Court direct return of the notebook to the Defendants. A copy of Mr. Sinkfield's September 2, 2010 letter to the Court is attached to the Sinkfield Affidavit as Exhibit "D."

      8.    On September 3, 2010, the Defendants served a formal request for production of the notebook. A copy of the request is attached to the Sinkfield Affidavit as Exhibit "D." The Defendants requested that the Plaintiffs expedite

their response and production.  While the Plaintiffs have declined to expedite their formal response, Mr. Rosenwasser has reiterated that the Plaintiffs will not return the binder and has questioned the urgency of the matter.  Since the binder is the property of the Defendants, each day that the Plaintiffs continue to hold that property deprives the Defendants of the opportunity and the right to make use of the property in connection with their defense of the case.

9.      Plaintiffs' counsel's taking was unauthorized and improper.  There can be no bona fide claim that the Defendants are not entitled to a document properly served on them at the same time it was delivered to the Court.  Had the Plaintiffs believed that they were entitled to return of the notebook, the time to ask the Court and defense counsel for its return would have been at the conclusion of the hearing.  Plainly, Plaintiffs' counsel did not take that course.  Without undertaking to further characterize or describe the fact of the taking without permission, Defendants respectfully request that the Court direct the Plaintiffs immediately to return the notebook to the Defendants in the condition and completeness as previously served.[3]

---

[3]      Comment 4 to Georgia Rule of Professional Conduct 3.5 emphasizes that written communications to the Court – like the binder – are to be provided simultaneously to opposing counsel.  "A lawyer may communicate as to the merits of the cause with a judge in the course of official proceedings in the case, in writing if the lawyer simultaneously delivers a copy of the writing to opposing

6

## RULE 6.4 CERTIFICATE

Pursuant to Uniform State Court Rule 6.4, the undersigned Counsel for the

Defendants hereby certifies that prior to filing this motion, they conferred in good

faith with counsel for Plaintiffs about the subject matter of the motion, but

Defendants' efforts to resolve the dispute failed.

Richard H. Sinkfield
Georgia Bar No. 649100
Dan F. Laney
Georgia Bar No. 435290

counsel or to the adverse party if the party is not represented by a lawyer, or orally
upon adequate notice to opposing counsel or to the adverse party if the party is not
represented by a lawyer." This corresponds to the service requirements of
O.C.G.A. § 9-11-5(a). Service, once made, is complete, and the rule is violated by
Plaintiffs' counsel's unilateral purported "take-back." See also Standard 2 of the
Code of Pretrial Conduct of the American College of Trial Lawyers, which also
requires simultaneous service on opposing counsel of papers delivered to the Court
and emphasizes fair conduct that "should not be calculated to disadvantage . . . the
party being served."

7

ROGERS & HARDIN LLP
2700 International Tower
 Peachtree Center
229 Peachtree Street, N.E.
Atlanta, GA 30303-1601
Phone: 404-522-4700
Fax: 404-525-2224

*Attorneys for Defendants Morgan Stanley & Co. Incorporated; Goldman, Sachs & Co.; Goldman Sachs Execution & Clearing, L.P.; Bear, Stearns & Co. Inc. k/n/a/ JP Morgan Securities, Inc.; Bear Stearns Securities Corp. k/n/a/ JP Morgan Clearing Corp.; Merrill Lynch, Pierce, Fenner & Smith, Inc.; Deutsche Bank Securities Inc.; Credit Suisse Securities (USA) LLC; Banc of America Securities LLC; and UBS Securities, LLC*

8

## CERTIFICATE OF SERVICE

I hereby certify that on the 17th day of September, 2010, I caused a true and correct copy of the foregoing **DEFENDANTS' MOTION TO COMPEL PRODUCTION OF PRESENTATION NOTEBOOK IMPROPERLY TAKEN FROM DEFENDANTS' TABLE, IN COURT (AND MEMORANDUM IN SUPPORT)** and **AFFIDAVIT OF RICHARD H. SINKFIELD** to be served via delivery by hand to:

> John E. Floyd, Esq.
> Steven J. Rosenwasser, Esq.
> Bondurant, Mixson & Elmore, LLP
> 3900 One Atlantic Center
> 1201 West Peachtree Street, N.W.
> Atlanta, Georgia 30309;

and via U.S. Mail postage prepaid and addressed to the following attorney of record:

> James W. Christian, Esq.
> Christian, Smith & Jewell LLP
> 2302 Fannin, Suite 500
> Houston, Texas 77002

This 17th day of September, 2010.

Richard H. Sinkfield
Georgia Bar No. 649100

ROGERS & HARDIN LLP
2700 International Tower
229 Peachtree Street, NE
Atlanta, GA 30303-1601
Tel.   (404) 522-4700
Fax    (404) 525-2224

**State Court of Fulton County**
**\*\*\*EFILED\*\*\***
LexisNexis Transaction ID: 33303529
Date:  Sep 17 2010  4:18PM
Mark Harper, Clerk

## IN THE STATE COURT OF FULTON COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| TASER INTERNATIONAL, INC.,<br>*et al.*,<br><br>　　　Plaintiffs,<br>v.<br><br>MORGAN STANLEY & CO., INC.,<br>*et al.*,<br><br>　　　Defendants. | Civil Case No.<br>2008-EV-004739-B |

## AFFIDAVIT OF RICHARD H. SINKFIELD

Before the undersigned officer authorized to administer oaths, comes Richard H. Sinkfield, who, after being first duly sworn, deposes and says:

1.

I am over the age of eighteen years, of sound mind, and competent to give this affidavit.  This affidavit is based upon my personal knowledge and my knowledge, experience, and training as an attorney licensed to practice law in the State of Georgia for over thirty years.

2.

I am counsel for the Defendants in the above captioned case.

3.

On September 1, 2010, I sent a letter to counsel for the Plaintiffs Steven J. Rosenwasser, a true and correct copy of which is attached hereto as Exhibit "A."

4.

On September 2, 2010, I received a copy of a letter from Mr. Rosenwasser to the Court, a true and correct copy of which is attached hereto as Exhibit "B."

5.

On September 2, 2010, after I received Exhibit "B," I received an e-mail from Mr. Rosenwasser, a true and correct copy of which is attached hereto as Exhibit "C."

6.

On September 2, 2010, after I received Exhibit "B" and "Exhibit "C," I sent a letter to the Court, a true and correct copy of which is attached hereto as Exhibit "D."

7.

On September 3, 2010, I signed and caused to be served on the Plaintiffs the "Defendants' Fifth Request to the Plaintiffs for Production of Documents," a true and correct copy of which is attached hereto as Exhibit "E."

7.

On September 8, 2010, I received an e-mail from Mr. Rosenwasser, a true
and correct copy of which is attached hereto as Exhibit "F."

8.

On September 13, 2010, I spoke with Mr. Rosenwasser in person about the
Plaintiffs' response to the "Defendants' Fifth Request to the Plaintiffs for
Production of Documents."  Mr. Rosenwasser confirmed that the Plaintiffs would
not produce the presentation notebook as requested in the "Defendants' Fifth
Request to the Plaintiffs for Production of Documents."  I also advised Mr.
Rosenwasser that the production of the presentation notebook was an urgent matter
in that, in my view, the Plaintiffs had taken the property of the Defendants and
each day that the Plaintiffs continue to hold that property deprives the Defendants
of the right and the opportunity to make use of the property in connection with
their defense of the case.

**FURTHER AFFIANT SAYETH NOT.**

This 17 day of September, 2010.

RICHARD H. SINKFIELD

(Jurat on following page)

3

Sworn to and subscribed before me
this *17*ᵗʰ day of September, 2010.

_____
Notary Public

My commission expires on:

_____

4

**State Court of Fulton County**
**\*\*\*EFILED\*\*\***
LexisNexis Transaction ID: 33303529
Date:  Sep 17 2010  4:18PM
Mark Harper, Clerk

# EXHIBIT "A"

# ROGERS & HARDIN

Direct Dial
(404) 420-4605

September 1, 2010

**VIA E-MAIL PDF AND**
**U. S. REGULAR MAIL**

Steven J. Rosenwasser, Esq.
Bondurant, Mixson & Elmore, LLP
3900 One Atlantic Center
1201 West Peachtree Street, N.W.
Atlanta, GA 30309-3400

      Re:   <u>Taser International, et al. v. Morgan Stanley & Co., et al.</u>

Dear Steven:

      This letter follows our phone conversation on Monday, August 30, 2010.

      The purpose of my call was to ask that Plaintiffs return to us the copy of the large binder that was served on us as a part of the presentation at the hearing before Judge Porter on August 17, 2010. You declined my request and indicated that, in your opinion, those portions of the binder not actually reached in your presentation to the Court are considered by you to be "work product." I outline below the basis of our request for return of the binder.

      Plaintiffs served on Defendants a copy of the binder at the beginning of the argument before Judge Porter. Likewise, Plaintiffs served and delivered a copy of that presentation to the Court. At that point, any claim of work product would, of course, have been waived. There were no conditions attached to the service of the materials.

      As you proceeded with your first presentation, I reviewed the upcoming portions of the presentation that would have related to arguments that I was expecting to make. Likewise, my co-counsel reviewed a number of the sections relating to areas that they expected to argue. Again, were there any claim of work product, that claim would have been waived by those reviews.

# ROGERS & HARDIN

Steven J. Rosenwasser, Esq.
September 1, 2010
Page 2

More disturbing to me, however, is the fact that once the Court gave notice of its intent to appoint a Special Master and we (certain of the defense counsel and certain of the Plaintiffs' counsel) adjourned to the hallway outside, someone from the Plaintiffs' team actually removed our copy of that presentation from the defense table without request and without authorization. I had not realized its removal was both intentional and strategic until I spoke with you by phone. There you indicated that Plaintiffs made the strategic decision to remove ("take back") the notebook on the asserted ground of "work product."

In my opinion, the removal of that set of documents from our table was unauthorized and constituted a non-permitted taking – it could be characterized more harshly than that. I write this letter to make a further request that the binder be returned to us, and I would invite you to do so no later than close of business on Tuesday, September 7, 2010. I regret the necessity to make a formal request for the document, but it was removed improperly. I called you Monday to call that fact to your attention and to invite you to return the document without having to raise the level of concern to a formal request.

If we do not hear from you by the indicated time frame, we will take such other action as we deem necessary and appropriate. Your indicated willingness to ask the Court to give you back the copy that you provided to the Judge does not cure the inappropriate taking or the waiver with respect to work product.

Best regards.

Yours very truly,

Richard H. Sinkfield

RHS:ewd

cc:   Emmet J. Bondurant II, Esq. (Via e-mail PDF)
      John E. Floyd, Esq. (Via e-mail PDF)
      Nicole G. Iannarone, Esq. (Via e-mail PDF)

**State Court of Fulton County**
**\*\*\*EFILED\*\*\***
LexisNexis Transaction ID: 33303529
Date:  Sep 17 2010  4:18PM
Mark Harper, Clerk

# EXHIBIT "B"

**BONDURANT, MIXSON & ELMORE, LLP**
ATTORNEYS AT LAW
3900 ONE ATLANTIC CENTER
1201 WEST PEACHTREE STREET, N.W.
ATLANTA, GEORGIA 30309-3417
(404) 881-4100
TELECOPIER (404) 881-4111

STEVEN J. ROSENWASSER

WRITER'S DIRECT DIAL
(404) 881-4167
rosenwasser@bmelaw.com

September 2, 2010

<u>VIA HAND DELIVERY AND EMAIL</u>

Honorable Patsy Y. Porter
Justice Center Tower
185 Central Avenue SW
Suite 2855/2D
Atlanta, GA 30303

    Re: *TASER Int'l, Inc., et al. v. Morgan Stanley & Co., Inc., et al.*
       Civil Action File No. 2008-EV-004739-B

Dear Judge Porter:

  I write on behalf of Plaintiffs in the *TASER* matter regarding the binder provided to the Court at the August 17, 2010 hearing. At the outset of the hearing, Plaintiffs provided the Court and Defendants with a binder containing the materials they planned to use in arguing all of the pending motions. After the first motion was argued, the Court postponed argument on the remaining motions until such time as a Special Master would be appointed. Thus, the vast majority of the binder was not used because it pertained to the nine unargued motions.

  Accordingly, at the conclusion of the hearing, Defendants, apparently recognizing that it would be improper and inappropriate to maintain a binder containing materials relating to arguments that did not (but will soon) occur, left it - and only it - on the table, taking their own materials with them. Thereafter, I retrieved the binder from Defendants' table so that the information regarding yet to be argued motions would remain protected until the time an argument was actually held so that Defendants would not have an advantage in knowing the argument before it was given.[1]  Neither at the courthouse nor after the hearing did any Defendant claim that it was entitled to the binder and request it back.

---

[1] Moreover, Plaintiffs did not want a binder containing highly confidential material left on a court house table where it could be reviewed or taken by any member of the public.

797071.1

**BONDURANT, MIXSON & ELMORE, LLP**

Honorable Patsy Y. Porter
September 2, 2010
Page 2


Approximately two weeks after the hearing, on August 27, 2010, Defendants apparently concluded that they wanted to review in advance Plaintiffs' outline and materials for the upcoming arguments before the Special Master, and thus claimed *for the first time* that they believed the retrieval of the binder was not appropriate and requested that Plaintiffs provide them with a copy. Plaintiffs do not agree that Defendants are entitled to a preview of the arguments they plan to make before the Special Master, just as Plaintiffs are not entitled to an advance copy of the materials Defendants intend to use. All parties recognize that the obvious purpose of the binder was to support arguments that were planned to, but did not, occur. Defendants attempt to obtain the binder now – with full knowledge that it relates to upcoming arguments – is a transparent attempt to obtain an unfair advantage. Plaintiffs, however, will provide Defendants with a copy of the materials actually used and presented to the Court on August 17.

Plaintiffs understand that the Court still has a copy of the binder. In the interest of fairness to all parties and to protect from the potential disclosure of Plaintiffs' arguments prematurely, Plaintiffs respectfully request that the Court either dispose of the binder or permit Plaintiffs to retrieve it.

Respectfully submitted,

Steven Rosenwasser

SJR/tls
cc:     All Defense Counsel (via email)

797071.1

State Court of Fulton County
***EFILED***
LexisNexis Transaction ID: 33303529
Date: Sep 17 2010 4:18PM
Mark Harper, Clerk

# EXHIBIT "C"

**Sinkfield, Richard**

| | |
|---|---|
| **From:** | Steven J. Rosenwasser [rosenwasser@bmelaw.com] |
| **Sent:** | Thursday, September 02, 2010 10:40 AM |
| **To:** | Sinkfield, Richard |
| **Cc:** | Nicole G. Iannarone; John E. Floyd; Emmet J. Bondurant; Wes Christian |
| **Subject:** | Resposne |

Richard,

I am responding to your letter of September 1, 2010, regarding the notebook Plaintiffs prepared, but did not use, at the August 17, 2010 hearing.  As set forth below, we respectfully disagree with your position.

During our call, I set forth the various reasons why we disagree with your assertion that the notebook was "served" and that Defendants are entitled to it.  Thus, I see no reason to repeat those reasons here.

I do, however, want to address your incorrect claim that Plaintiffs engaged in an "unauthorized" and "non-permitted taking." You neglect to mention several facts.  After the hearing ended, Defendants gathered their materials and left the Court room.  Apparently understanding that it would not be appropriate to maintain a binder containing materials relating to arguments that did not (but will soon) occur, left it - and only it - on the table, taking their own materials with them.  Thereafter, I retrieved the binder from Defendants' table so that the information regarding yet to be argued motions would remain protected until the time an argument was actually held so that Defendants would not have an advantage in knowing the argument before it was given.  Moreover, Plaintiffs did not want a binder containing highly confidential material left on a court house table where it could be reviewed or taken by any member of the public. And, notably, when some defense counsel later came back into the Courtroom to discuss the Special Master, not a single defendant requested the notebook back.  Rather, you waited several weeks and, only after concluding that you wanted it for a tactical advantage, you sought to obtain it.

For these and the other reasons we discussed, we disagree with your assertions.

As I expect you have seen, we sent a letter to the Court today on this issue, and will be sending the UBS slides shortly.

Steven

9/2/2010

**State Court of Fulton County**
**\*\*\*EFILED\*\*\***
LexisNexis Transaction ID: 33303529
Date:  Sep 17 2010  4:18PM
Mark Harper, Clerk

# EXHIBIT "D"

# ROGERS & HARDIN

Richard H. Sinkfield
Direct: 404.420.4605
Email: rsinkfield@rh-law.com

September 2, 2010

**VIA E-MAIL PDF TO MICHELLE ARRINGTON, ESQ.**
**AND VIA HAND DELIVERY**

The Honorable Patsy Y. Porter
Chief Judge, State Court of Fulton County
Justice Center Tower, Suite 2855
185 Central Avenue, S.W.
Atlanta, Georgia 30303

     Re:   Taser International, Inc., et al. v. Morgan Stanley & Co., Inc., et al.

Dear Judge Porter:

     I write in response to a letter that you received today from Plaintiffs' counsel. I ask that the Court direct Plaintiffs' counsel to return to the Defendants the documents that were served on Defendants on August 17, 2010 during proceedings before Your Honor on the various discovery motions and that were subsequently taken by Plaintiffs' counsel from the Defendants' counsel's table without notice or permission.

     I note below several facts responsive to Plaintiffs' letter and the circumstances relating to the improper taking by Plaintiffs of materials from the Defendants' table.

     On August 17, 2010, Plaintiffs served on Defendants a copy of a binder at the beginning of the argument before Your Honor. Likewise, Plaintiffs served and delivered a copy of that binder and presentation to the Court. There were no conditions attached to the service and delivery of those materials.

     As the initial presentation proceeded, I reviewed the portions of the Plaintiffs' notebook that related to my then-upcoming arguments. Likewise, I shared the notebook with my co-counsel in order that they could review portions relating to their upcoming arguments.

# ROGERS & HARDIN

The Honorable Patsy Y. Porter
September 2, 2010
Page 2

Following the hearing, counsel for one of the Defendants made an inquiry of my office that we provide them a copy of the materials that had been served by the Plaintiffs at the hearing. We reviewed the boxes of materials that we had brought back from the Court and discovered that the binder was not included in the materials that we had gathered. Thereafter, we made inquiry via e-mail and phone to other defense counsel asking that they check their materials to determine whether one of them had retrieved the notebook. After internal inquiries as to whether anyone had retrieved the notebook, we determined that we did not have the materials and that the appropriate thing to do was to ask Plaintiffs for another copy.[1]

The initial call to Plaintiffs' counsel was placed by Kristina Jones of my office to Plaintiffs' counsel, Mr. Michael Caplan, on Friday, August 27. He took the request under advisement and said that he would pass the request on. Mr. Rosenwasser responded by e-mail on Saturday, August 28 and declined to provide a copy of the notebook. He did not advise that Plaintiffs' counsel had taken the notebook from defense counsel's table.

On receipt of Mr. Rosenwasser's response, I placed a call directly to Mr. Rosenwasser on Monday, August 30 in which I asked that he provide a copy of the notebook. I told him that I was calling on an informal basis and that I did not wish to have the matter escalate beyond that point, and I outlined to him the basis for the request. He asserted his claim of "work product." During the call, I learned from him that the disappearance of the notebook from defense counsel's table was a deliberate, intentional taking by Plaintiffs' counsel.

I subsequently confirmed to him my understanding of the facts by letter dated September 1, 2010. I enclose a copy of my September 1 letter.

In my letter, I explained to Mr. Rosenwasser that the materials had been served on us without condition. I also observed that as he proceeded with his arguments, I and my co-counsel had reviewed sections of the notebook relating to the upcoming arguments in order to familiarize ourselves with the documents included and to better respond to the arguments. As noted in my letter, service and review of the notebook put an end to any claim of work product privilege by the Plaintiffs.

---

[1]     In his letter to the Court, Mr. Rosenwasser asserts that Defendants delayed in requesting return of the notebook. As noted, defense counsel had no knowledge that Plaintiffs' counsel had taken the notebook and undertook to locate it amongst themselves on the assumption that once Plaintiffs served a copy on Defendants, one of the defense counsel had retained the copy.

# ROGERS & HARDIN

The Honorable Patsy Y. Porter
September 2, 2010
Page 3

In further response to Mr. Rosenwasser's assertion that he was entitled to take back the notebook, I made the point to him, as indicated in my letter:

> More disturbing to me, however, is the fact that once the Court gave notice of its intent to appoint a Special Master and we (certain of the defense counsel and certain of the Plaintiffs' counsel) adjourned to the hallway outside, someone from the Plaintiffs' team actually removed our copy of that presentation from the defense table without request and without authorization. I had not realized its removal was both intentional and strategic until I spoke with you by phone. There you indicated that Plaintiffs made the strategic decision to remove ("take back") the notebook on the asserted ground of "work product."

> In my opinion, the removal of that set of documents from our table was unauthorized and constituted a non-permitted taking – it could be characterized more harshly than that. I write this letter to make a further request that the binder be returned to us, and I would invite you to do so no later than close of business on Tuesday, September 7, 2010. I regret the necessity to make a formal request for the document, but it was removed improperly. I called you Monday to call that fact to your attention and to invite you to return the document without having to raise the level of concern to a formal request.

> If we do not hear from you by the indicated time frame, we will take such other action as we deem necessary and appropriate. Your indicated willingness to ask the Court to give you back the copy that you provided to the Judge does not cure the inappropriate taking or the waiver with respect to work product.

The next response that I received from Mr. Rosenwasser was his e-mail to Ms. Arrington forwarding a copy of his September 2, 2010 letter to the Court. That e-mail to the Court was followed by two e-mails by Mr. Rosenwasser directly to me over a half-hour later. In the first, he continued to attempt to justify his conduct and admitted that he personally took the notebook from the table. He also observed that after he took the notebook, some of the Defendants' counsel returned to the courtroom. Mr. Rosenwasser makes no claim that he discussed his action with any of these counsel or in any way disclosed that he had taken the notebook. This taking was unauthorized and improper. I enclose a copy of Mr. Rosenwasser's first e-mail to me.[2]

---

[2]     In the second e-mail, Mr. Rosenwasser forwarded the slides relating to the argument that he made against UBS at the hearing.

# ROGERS & HARDIN

The Honorable Patsy Y. Porter
September 2, 2010
Page 4

The Court may note that Mr. Rosenwasser asserts in his letter to the Court of today that the Defendants had left the binder "and only it – on the table, taking their own materials with them." This gives the impression that the notebook was the only item left in the courtroom and that defense counsel had left the courthouse at the time Mr. Rosenwasser took the notebook. In fact, substantial materials belonging to the Defendants were still in the courtroom with the court's permission after discussion between Ms. Jones and court personnel as to how to gain access to them later for pick-up. Moreover, Mr. Rosenwasser's acknowledgment in his e-mail to me that defense counsel returned to the courtroom after he took the notebook also contradicts the notion that the notebook had been abandoned and nothing else remained in the courtroom.

There can be no bona fide claim that the Defendants are not entitled to a document properly served on them at the same time it was delivered to the Court. Had the Plaintiffs believed that they were entitled to return of the notebook, the time to ask the Court and defense counsel for its return would have been at the conclusion of the hearing. Plainly, Plaintiffs' counsel did not take that course.

Without undertaking to further characterize or describe the fact of the taking without permission, Defendants respectfully request that the Court direct the Plaintiffs to return the documents to the Defendants in the condition and completeness as previously served. If, on the other hand, the Court would prefer to have this matter addressed by motion, Defendants would be prepared to file such a motion and have the matter handled in a formal proceeding.

Respectfully,

Richard H. Sinkfield

RHS:ewd
Enclosures

cc:   John E. Floyd, Esq. (*By e-mail*)
      Steven J. Rosenwasser, Esq. (*By e-mail*)

# ROGERS & HARDIN

Direct Dial
(404) 420-4605

September 1, 2010

**VIA E-MAIL PDF AND**
**U. S. REGULAR MAIL**

Steven J. Rosenwasser, Esq.
Bondurant, Mixson & Elmore, LLP
3900 One Atlantic Center
1201 West Peachtree Street, N.W.
Atlanta, GA 30309-3400

Re:   Taser International, et al. v. Morgan Stanley & Co., et al.

Dear Steven:

This letter follows our phone conversation on Monday, August 30, 2010.

The purpose of my call was to ask that Plaintiffs return to us the copy of the large binder that was served on us as a part of the presentation at the hearing before Judge Porter on August 17, 2010. You declined my request and indicated that, in your opinion, those portions of the binder not actually reached in your presentation to the Court are considered by you to be "work product." I outline below the basis of our request for return of the binder.

Plaintiffs served on Defendants a copy of the binder at the beginning of the argument before Judge Porter. Likewise, Plaintiffs served and delivered a copy of that presentation to the Court. At that point, any claim of work product would, of course, have been waived. There were no conditions attached to the service of the materials.

As you proceeded with your first presentation, I reviewed the upcoming portions of the presentation that would have related to arguments that I was expecting to make. Likewise, my co-counsel reviewed a number of the sections relating to areas that they expected to argue. Again, were there any claim of work product, that claim would have been waived by those reviews.

ROGERS & HARDIN

Steven J. Rosenwasser, Esq.
September 1, 2010
Page 2

More disturbing to me, however, is the fact that once the Court gave notice of its intent to appoint a Special Master and we (certain of the defense counsel and certain of the Plaintiffs' counsel) adjourned to the hallway outside, someone from the Plaintiffs' team actually removed our copy of that presentation from the defense table without request and without authorization. I had not realized its removal was both intentional and strategic until I spoke with you by phone. There you indicated that Plaintiffs made the strategic decision to remove ("take back") the notebook on the asserted ground of "work product."

In my opinion, the removal of that set of documents from our table was unauthorized and constituted a non-permitted taking – it could be characterized more harshly than that. I write this letter to make a further request that the binder be returned to us, and I would invite you to do so no later than close of business on Tuesday, September 7, 2010. I regret the necessity to make a formal request for the document, but it was removed improperly. I called you Monday to call that fact to your attention and to invite you to return the document without having to raise the level of concern to a formal request.

If we do not hear from you by the indicated time frame, we will take such other action as we deem necessary and appropriate. Your indicated willingness to ask the Court to give you back the copy that you provided to the Judge does not cure the inappropriate taking or the waiver with respect to work product.

Best regards.

Yours very truly,

Richard H. Sinkfield

RHS:ewd

cc:   Emmet J. Bondurant II, Esq. (Via e-mail PDF)
      John E. Floyd, Esq. (Via e-mail PDF)
      Nicole G. Iannarone, Esq. (Via e-mail PDF)

## Sinkfield, Richard

| | |
|---|---|
| **From:** | Steven J. Rosenwasser [rosenwasser@bmelaw.com] |
| **Sent:** | Thursday, September 02, 2010 10:40 AM |
| **To:** | Sinkfield, Richard |
| **Cc:** | Nicole G. Iannarone; John E. Floyd; Emmet J. Bondurant; Wes Christian |
| **Subject:** | Resposne |

Richard,

I am responding to your letter of September 1, 2010, regarding the notebook Plaintiffs prepared, but did not use, at the August 17, 2010 hearing.  As set forth below, we respectfully disagree with your position.

During our call, I set forth the various reasons why we disagree with your assertion that the notebook was "served" and that Defendants are entitled to it.   Thus, I see no reason to repeat those reasons here.

I do, however, want to address your incorrect claim that Plaintiffs engaged in an "unauthorized" and "non-permitted taking." You neglect to mention several facts.  After the hearing ended, Defendants gathered their materials and left the Court room.  Apparently understanding that it would not be appropriate to maintain a binder containing materials relating to arguments that did not (but will soon) occur, left it - and only it - on the table, taking their own materials with them.  Thereafter, I retrieved the binder from Defendants' table so that the information regarding yet to be argued motions would remain protected until the time an argument was actually held so that Defendants would not have an advantage in knowing the argument before it was given.  Moreover, Plaintiffs did not want a binder containing highly confidential material left on a court house table where it could be reviewed or taken by any member of the public.  And, notably, when some defense counsel later came back into the Courtroom to discuss the Special Master, not a single defendant requested the notebook back.   Rather, you waited several weeks and, only after concluding that you wanted it for a tactical advantage, you sought to obtain it.

For these and the other reasons we discussed, we disagree with your assertions.

As I expect you have seen, we sent a letter to the Court today on this issue, and will be sending the UBS slides shortly.

Steven

9/2/2010

State Court of Fulton County
***EFILED***
LexisNexis Transaction ID: 33303529
Date: Sep 17 2010 4:18PM
Mark Harper, Clerk

# EXHIBIT "E"

**IN THE STATE COURT OF FULTON COUNTY**
**STATE OF GEORGIA**

| | |
|---|---|
| TASER INTERNATIONAL, INC., et al., ) | |
| ) | |
| Plaintiffs ) | Civil Action No. |
| ) | 2008-EV-004739-B |
| vs. ) | |
| ) | |
| MORGAN STANLEY & CO., INC., et al., ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS' FIFTH REQUEST TO THE PLAINTIFFS**
**FOR PRODUCTION OF DOCUMENTS**

COME NOW the Defendants, by and through their undersigned counsel, pursuant to O.C.G.A. § 9-11-34, and hereby request that the Plaintiffs produce for inspection and copying at Rogers & Hardin, LLP, 229 Peachtree Street, N.E., Suite 2700, Atlanta, Georgia 30303 the following items that are within the Plaintiffs possession, custody or control:

1.     That certain notebook or binder (including all of its contents) delivered to and served on counsel for the Defendants (and also delivered to the Court) by counsel for the Plaintiffs in open court at the time of the hearing before the Court on August 17, 2010, reviewed by Defendants' counsel, and thereafter removed by Plaintiffs' counsel from Defendants' counsel's table at some time after the conclusion of the hearing.

The Defendants request that the Plaintiffs expedite their response to this request. Absent a response and production of the notebook or binder within five (5) calendar days of service of this request, the Defendants will seek an order from the Court directing an expedited response and production.

Dated:  September 3, 2010

_Richard H. Sinkfield_
Georgia Bar No. 649100
Dan F. Laney III
Georgia Bar No. 435290

*Attorneys for Defendants Morgan Stanley &
Co. Incorporated; Goldman, Sachs & Co.,
Goldman Sachs Execution & Clearing, L.P.;
Bear, Stearns Securities Corp. (n/k/a JP
Morgan Clearing Corp.) Bear, Stearns &
Co. Inc. (n/k/a JP Morgan Securities Inc.);
Merrill Lynch, Pierce, Fenner & Smith, Inc.;
Deutsche Bank Securities Inc.; Credit Suisse
Securities (USA) LLC, Inc.; Banc of America
Securities LLC; and UBS Securities, LLC*

ROGERS & HARDIN LLP
2700 International Tower
 Peachtree Center
229 Peachtree St, NE
Atlanta, Georgia  30303
Phone:  404 522-4700
Fax:  404-525-2224

–2–

State Court of Fulton County
***EFILED***
LexisNexis Transaction ID: 33043381
Date: Sep 3 2010 4:28PM
Mark Harper, Clerk

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

TASER INTERNATIONAL, INC., et al.,                )
                                                   )
                Plaintiffs                         )       Civil Action No.
                                                   )       2008-EV-004739-B
        vs.                                        )
                                                   )
MORGAN STANLEY & CO., INC., et al.,                )
                                                   )
                Defendants.                        )
_____)

## CERTIFICATE OF SERVICE

I hereby certify that on this 3rd day of September, 2010, a true and correct copy of the

foregoing **DEFENDANTS' FIFTH REQUEST TO THE PLAINTIFFS FOR**

**PRODUCTION OF DOCUMENTS** was served via hand delivery on the following attorneys of

record:

        John E. Floyd, Esq.
        Steven J. Rosenwasser, Esq.
        Bondurant, Mixson & Elmore, LLP
        3900 One Atlantic Center
        1201 West Peachtree Street, N.W.
        Atlanta, Georgia 30309;

and via U.S. Mail postage prepaid and addressed to the following attorney of record:

        James W. Christian, Esq.
        Christian, Smith & Jewell LLP
        2302 Fannin, Suite 500
        Houston, Texas 77002

This 3rd day of September, 2010.

                                        Richard H. Sinkfield
                                        Georgia Bar No. 649100

ROGERS & HARDIN LLP
2700 International Tower
229 Peachtree Street, NE
Atlanta, GA 30303-1601
Tel.    (404) 522-4700
Fax     (404) 525-2224

State Court of Fulton County
***EFILED***
LexisNexis Transaction ID: 33303529
Date:  Sep 17 2010  4:18PM
Mark Harper, Clerk

# EXHIBIT "F"

## Sinkfield, Richard

| | |
|---|---|
| **From:** | Steven J. Rosenwasser [rosenwasser@bmelaw.com] |
| **Sent:** | Wednesday, September 08, 2010 12:57 PM |
| **To:** | Wise, Jr., Robert F.; bfriedman@proskauer.com; Hunter, Fraser; Markel, Gregory; Jeffrey Landis; Sinkfield, Richard; Elias, Brad |
| **Cc:** | Elizabeth G. Eager; Nicole G. Iannarone |
| **Subject:** | 5th doc requests |
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Completed |

All:

We are writing with respect to Defendants' Fifth Request for Production of Documents. Defendants' Fifth Requests were served on the afternoon of Friday September 3, 2010, which is the Labor Day holiday weekend. In the requests, Defendants ignore the Georgia Civil Practice Act, and purport to require that Plaintiffs serve their written response to the Requests "within five (5) calendar days." Of course, the Georgia Civil Practice Act provides Plaintiffs with thirty (30) calendar days to respond. Thus, your request that we respond sooner is in conflict with established discovery rules. Plaintiffs intend on following the discovery rules, and will serve their response on or before thirty (30) days from the date of service. That said, if Defendants believe that there is some urgency that necessitates a quicker response than provided by the rules, Plaintiffs are willing to meet and confer in good faith to discuss any claimed urgency. Plaintiffs note that this response does not indicate one way or the other whether we agree with or will object to the request.

Steven