IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| TASER INTERNATIONAL, INC., *et al.*, ) | |
| ) | Case No.: 1:10-CV-03108-JOF |
| Plaintiffs, ) | |
| ) | |
| v. ) | [On removal from the State |
| ) | Court of Fulton County, |
| MORGAN STANLEY & CO., INC., *et al.*, ) | Georgia Case No.: |
| ) | 2008-EV-004739-B] |
| Defendants. ) | |
| _____ ) | |

**PLAINTIFFS' REPLY BRIEF IN SUPPORT OF MOTION FOR
SANCTIONS AGAINST DEUTSCHE BANK SECURITIES, INC. FOR
UNDISPUTED VIOLATION OF THE COURT'S JULY 16, 2009
SCHEDULING ORDER**

Defendant Deutsche Bank Securities, Inc.'s ("DBSI") Opposition to

Plaintiffs' motion for sanctions confirms that DBSI violated the Court's July 16,

2009 Scheduling Order.[1] DBSI attempts to downplay the significance of its

violations – deciding for Plaintiffs and the Court that the data DBSI failed to

---

[1] Plaintiffs' Motion for Sanctions Against Deutsche Bank Securities, Inc. for Undisputed Violation of the Court's July 16, 2009 Scheduling Order (the "Motion") is attached hereto as Exhibit 1. Defendant Deutsche Bank Securities Inc.'s Opposition to Plaintiffs' Motion for Sanctions Against Deutsche Bank Securities, Inc. for Undisputed Violation ("Opp'n Br.") is attached hereto as Exhibit 2. DBSI originally filed its Opp'n Br. and certain supporting exhibits under seal. Before Plaintiffs filed this brief, DBSI consented to Plaintiffs publicly filing its Opp'n Br. and exhibits.

803789.1

timely produce is not all that important. But there is no question that DBSI failed to produce data by the deadline set in the Scheduling Order and further failed to remedy that violation by the deadline set in the January 11, 2010 Stipulation and Order. Plaintiffs' request that the Court add three months to the period in which they may conduct fact discovery of DBSI is hardly a drastic or "grossly disproportionate" sanction, but is instead a reasonable measure tailored to compensate for the delay caused by DBSI's discovery violations. Opp'n Br. at 3.

DBSI's protests notwithstanding, it is in fact undisputed that DBSI violated the July 16, 2009 Scheduling Order, attached hereto as Exhibit 3. The Order required DBSI to produce "[r]esponsive data or information from [its] trading systems," which includes Blue Sheet data, "[w]ithin 60 days," or by September 15, 2009. Exhibit 3 at Attachment A-3. DBSI now admits that it failed "to extract certain data" and that "this information was not included in the blue sheet data provided." Opp'n Br. at 2. DBSI did not (purport to) produce the missing data until September 22, 2010, *more than a year late*, and only *after* Plaintiffs filed the pending motion.

While DBSI relegates its discussion of the January 11, 2010 Stipulation and Order to a footnote, it is also undisputed that DBSI made an inaccurate representation in that Stipulation and Order. *See* Opp'n Br. at 5 n.5. The

803789.1

2

Stipulation and Order states, "DBSI represents that the information contained on the Blue Sheets it produced to Plaintiffs is a fair and accurate representation of the information as it exists in DBSI's records."  Stipulation and Order, attached hereto as Exhibit 4 at 2 (Number 7).  But DBSI now admits that certain "data was available in DBSI's relevant databases but not included in the blue sheets."  Opp'n Br. at 9.

DBSI further admits, without saying so, that it violated its additional representation and obligation in the Stipulation and Order that "[i]f DBSI becomes aware or should have reasonably been aware of any corrections to the Blue Sheets (or other documents evidencing that the Blue Sheets DBSI provided to Plaintiffs are inaccurate), those shall be provided to Plaintiffs within ten (10) business days upon discovery."  Exhibit 4 at 2-3.  As set forth in Plaintiffs' motion, DBSI "should have reasonably been aware of" the need to correct its Blue Sheet data in November 2009 (when Plaintiffs raised questions about fields that were "not populated"),[2] in December 2009 (when Plaintiffs again "raised the issue of data missing on the blue sheets"),[3] on January 11, 2010 (when DBSI certified the

---

[2] *See* Motion, Exhibit 1 at Tab A (November 12, 2009 email from Plaintiffs' counsel, Steven Rosenwasser, to DBSI's counsel, Martin Seidel).

[3] *See* Motion, Exhibit 1 at Tab C (December 16, 2009 email from Plaintiffs' counsel, Elizabeth Eager, to DBSI's counsel).

accuracy of its Blue Sheet data to Plaintiffs and the Court) and on January 18, 2010 (when Plaintiffs wrote, "On or around Nov. 30, I asked whether the data was available somewhere else, and you agreed to check").[4]  But even if the Court were to accept DBSI's various excuses for not correcting its data at any of these points, DBSI still violated the Stipulation and Order.  DBSI admits in its Opposition that "in mid-July" 2010, it discovered errors in its Blue Sheets.  Opp'n Br. at 9.  Yet, despite Plaintiffs' entreaties, DBSI did not provide corrected data within ten business days, and instead only purported to provide corrected data on September 22, 2010, *after* Plaintiffs filed this motion.  Had Plaintiffs not filed this motion, they clearly would still be waiting for the data.[5]

In the end, DBSI cannot deny that it violated the July 16, 2009 and January 11, 2010 Orders.  Given that DBSI was aware in late 2009 that the Blue Sheet information it produced was incomplete, that DBSI expressly certified in early 2010 that the Blue Sheet data it produced accurately represented the information in its databases and that DBSI at all times was in possession of the missing data, DBSI's conduct can fairly be characterized as willful.

---

[4] *See* Motion, Exhibit 1 at Tab F at 2-3 (January 18, 2010 email from Steven Rosenwasser to DBSI's counsel).

[5] Plaintiffs still have concerns that DBSI's replacement data is not complete.  In the September 2010 replacement data, the opposing broker code is blank for trades consisting of 89% of the volume of TASER shares that DBSI transacted.

803789.1

In any event, DBSI delayed producing the data at issue for more than a year. Indeed, just last week, DBSI informed Plaintiffs that it had identified a *new* problem with its blue sheets and that the blue sheets DBSI has produced excluded TASER trades made by a certain account. DBSI only supplemented its production with these trades on October 15, 2010. It is entirely reasonable for the Court to order that Plaintiffs be given an additional three months to complete fact discovery of DBSI.

DBSI's assertion that the data at issue has little relevance is wrong and is itself immaterial.[6] For example, data in the depository institution identifier field helps Plaintiffs track and analyze trades, including helping Plaintiffs determine whether trades are inside DBSI or outside DBSI, a potentially important factor in assessing DBSI's motives and Plaintiffs' conspiracy claims. Data in the account type identifier field helps Plaintiffs determine whether trades are in short accounts, proprietary accounts, customer accounts or institutional accounts. Thus, such data can help Plaintiffs analyze the degree to which DBSI engaged in abusive naked short selling for its own benefit.

---

[6] DBSI claims that the trades are "de minimis" because there were only nine transactions. But, without a doubt, the new problem DBSI identified with its blue sheets last week—that they are missing TASER trades—involves relevant information.

803789.1

5

Regardless of DBSI's self-serving view of the relevance of the data it failed to produce, (1) that data is discoverable, (2) DBSI was required to produce the data pursuant to a Court Order and (3) Plaintiffs intend to analyze the data. DBSI cannot avoid sanctions by asserting that data it was ordered to produce might be found irrelevant at trial. In particular, that assertion is not a basis to avoid a sanction that is designed to give Plaintiffs additional time to analyze the belatedly-produced data.[7]

DBSI's claim that its year-late production has not prejudiced Plaintiffs is untenable. Plaintiffs have obviously been precluded from analyzing the improperly-withheld data. Plaintiffs were also forced to file a Motion for Sanctions to get the data.

WHEREFORE, Plaintiffs respectfully request that the Court grant their Motion for Sanctions and award all relief requested in the Motion, at 6-7.

---

[7] DBSI's argument that it has produced a large amount of *other* data to Plaintiffs is also irrelevant to the pending motion. DBSI cannot withhold data it has specifically been ordered to produce on the theory that, overall, it has produced a large amount of other data.

803789.1

Respectfully submitted, this 19th day of October, 2010.

>*/s/ Elizabeth G. Eager*
>John E. Floyd
>Georgia Bar No. 266413
>Steven J. Rosenwasser
>Georgia Bar No. 614908
>Nicole G. Iannarone
>Georgia Bar No. 382510
>Elizabeth G. Eager
>Georgia Bar No. 644007
>Bondurant, Mixson & Elmore, LLP
>3900 One Atlantic Center
>1201 West Peachtree Street, N.W.
>Atlanta, Georgia  30309-3417
>(404) 881-4100 Tel.
>(404) 881-4111 Fax
>
>James W. Christian
>State Bar No. 04228700
>Gary M. Jewell
>State Bar No. 10664800
>Scott R. Link
>State Bar No. 12390900
>Christian, Smith, & Jewell, LLP
>2302 Fannin, Suite 500
>Houston, Texas  77002
>(713) 659-7617 Tel.
>(713) 659-7641 Fax
>
>***ATTORNEYS FOR PLAINTIFFS***

## **CERTIFICATE OF COMPLIANCE**

Pursuant to Local Rule 7.1D of the Local Rules for the District Court for the Northern District of Georgia, I hereby certify that the foregoing pleading has been prepared in Times New Roman, 14 point font, as permitted by Local Rule 5.1B.

Respectfully submitted, this 19th day of October, 2010.

*/s/ Elizabeth G. Eager*
Elizabeth G. Eager
Georgia Bar No. 644007


**CERTIFICATE OF SERVICE**

I hereby certify that on this day, a true and correct copy of the foregoing **PLAINTIFFS' REPLY BRIEF IN SUPPORT OF MOTION FOR SANCTIONS AGAINST DEUTSCHE BANK SECURITIES, INC. FOR UNDISPUTED VIOLATION OF THE COURT'S JULY 16, 2009 SCHEDULING ORDER** was electronically filed with the Clerk of Court using the Court's electronic filing system which will automatically send an email notification of such filing to the following attorneys of record who are registered participants in the Court's electronic notice and filing system:

> **Attorneys for Defendants:**
> Richard H. Sinkfield, Esq.
> Dan F. Laney, III, Esq.
> Kristina M. Jones, Esq.
> Stefanie H. Jackman, Esq.
> James W. Cobb, Esq.
> Rogers & Hardin
> 2700 International Tower, Peachtree Center
> 229 Peachtree Street, N.E.
> Atlanta, GA  30303-1601
> rsinkfield@rh-law.com

Further, I hereby certify that on this day, I caused a true and correct copy of the foregoing to be served by U.S. Mail on:

**Attorneys for Banc of America Securities, LLC; Merrill Lynch, Pierce, Fenner & Smith, Inc.; and Merrill Lynch Professional Clearing Corporation:**
Andrew J. Frackman, Esq.
Brad Elias, Esq.
O'Melveny & Myers LLP
7 Times Square
New York, NY 10036
afrackman@omm.com

**Attorneys for Morgan Stanley & Co. Incorporated:**
Robert F. Wise, Jr., Esq.
William J. Fenrich, Esq.
Melissa T. Aoyagi, Esq.
Davis Polk & Wardwell LLP
450 Lexington Avenue
New York, NY 10017
robert.wise@davispolk.com

**Attorneys for Bear Stearns & Co., Inc. and Bear Stearns Securities Corp.:**
Stephen L. Ratner, Esq.
Harry Frischer, Esq.
Brian L. Friedman, Esq.
Proskauer Rose LLP
1585 Broadway
New York, NY 10036
blfriedman@proskauer.com

**Attorneys for Goldman, Sachs & Co. and Goldman Sachs Execution & Clearing, L.P.:**
Richard C. Pepperman II, Esq.
Richard H. Klapper, Esq.
Tracy Richelle High, Esq.
Sullivan & Cromwell LLP
125 Broad Street
New York, NY 10004
peppermanr@sullcrom.com

803789.1

10

**Attorneys for Deutsche Bank Securities Inc.:**
Heather L. Fesnak, Esq.
Peter J. Isajiw, Esq.
Gregory A. Markel, Esq.
Cadwalader Wickersham & Taft LLP
One World Financial Center
New York, NY  10281
peter.isajiw@cwt.com

**Attorneys for UBS Securities, LLC:**
Andrew B. Clubok, Esq.
Jeffrey G. Landis, Esq.
Daniel Gomez, Esq.
Kirkland & Ellis LLP
655 Fifteenth Street, N.W., Suite 1200
Washington, DC  20005-5793
aclubok@kirkland.com

Maria Ginzburg, Esq.
Kirkland & Ellis LLP
Citigroup Center
153 East 53rd Street
New York, NY  10022-4611

**Attorneys for Credit Suisse Securities (USA), LLC.:**
Fraser L. Hunter, Jr., Esq.
Wilmer Cutler Pickering Hale & Dorr LLP
399 Park Avenue
New York, NY  10022
fraser.hunter@wilmerhale.com

This 19th day of October, 2010.

> */s/ Elizabeth G. Eager*
> Elizabeth G. Eager
> Georgia Bar No. 644007