EXHIBIT 4

State Court of Fulton County
\*\*\*EFILED\*\*\*
LexisNexis Transaction ID: 28934322
Date: Jan 11 2010  2:31PM
Mark Harper, Clerk

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

TASER INTERNATIONAL, INC., : 
et al.,                     :
                            :
    Plaintiffs,             :      CIVIL ACTION
                            :      FILE NO.: 2008-EV-004739-B
v.                          :
                            :
MORGAN STANLEY & CO., INC., :      JURY TRIAL DEMANDED
et al.,                     :
                            :
    Defendants.             :

## STIPULATION AND ORDER

All Plaintiffs and Defendant Deutsche Bank Securities, Inc. ("DBSI") (collectively, the "Parties"), by and through their respective undersigned counsel, hereby stipulate and agree as follows:

(1) DBSI agrees to accept the custodian list forwarded by Plaintiffs to DBSI on December 15, 2009, and will search those custodians for non-privileged, responsive documents for the time periods when those custodians held relevant positions. Plaintiffs retain the right to request additional custodians, and DBSI retains the right to object (however, nothing in this paragraph or agreement affects the parties' agreement to allow Plaintiffs to obtain electronic information from specific traders).

(2) Regarding the production of documents referencing TASER, TASR, and the CUSIP for TASER (the "TASER Documents"), the Parties agree to the following production schedule:

   a. DBSI represents that by January 13, 2010 it will complete production of all responsive, non-privileged electronic and hard copy information from the agreed-upon custodians that is not contained in the Legato system. This includes emails, word processing documents, spreadsheets, powerpoints, Bloombergs and instant messages that are accessible as set forth in the October 9, 2009 letter from DBSI and in accordance with the parties' agreements.

   b. DBSI will complete production of all electronic information stored in Legato by March 15, 2010.

   c. DBSI will produce documents on a rolling basis. In particular, DBSI will promptly produce all responsive, non-privileged emails as document review is completed and will endeavor to make daily productions to the extent documents are ready for production until production is completed. In addition, DBSI will

727399.1

produce all of the documents that have been reviewed and are ready for production as of the following dates: January 22 and 29; February 12 and 26 and March 8.

(3) With regard to keywords, DBSI agrees to use the keywords Plaintiffs forwarded on December 28, 2009. If, after conducting additional sampling (which Plaintiffs believe is unnecessary), DBSI believes that a search term is too broad or not sufficiently focused, it can request that Plaintiffs consider changing that term, and Plaintiffs shall consider that request in good faith. However, any such request must be made prior to January 12, 2009. In the event a request to change is made, and the parties cannot reach agreement, the matter shall be heard by the Court during the January hearing. DBSI agrees to move forward with the gathering, processing, reviewing and production of those documents containing keywords for which there is no objection (even if it maintains objections to other keywords).

(4) DBSI shall review and produce all non-privileged, responsive documents relating to or discussing: any inquiry or investigation by the SEC, FINRA, NASDAQ or any SRO specifically relating to TASER common stock, or listed options, if any, including, but not limited to, any SEC Blue Sheet requests (*see, e.g.*, DBSI8972-73). Based upon a good faith search of its reasonably available records, DBSI is not aware of any such inquiry/investigation specifically relating to TASER common stock or listed options, other than routine SEC Blue Sheet requests. With respect to each such SEC Blue Sheet request, DBSI agrees, to search for responsive documents from those persons reasonably likely to have participated in preparing or responding to the Blue Sheet request regardless of whether they have been previously identified as a custodian. DBSI's search shall be limited in scope to the search terms TASER, TASR, and the CUSIP, and limited in time to the day before the SEC Blue Sheet request and 10 days after it is closed. DBSI will complete production of documents pursuant to this request by June 1, 2010.

(5) Plaintiffs have requested the following data from Deutsche Bank Trust Company Americas and Deutsche Bank Securities Limited regarding TASER: (a) daily trade blotters; (b) blue sheets; (c) daily/ weekly stock positions; (d) loan/ borrow records; and (e) listed OTC derivatives. DBSI has informed Plaintiffs that, based on current knowledge, Deutsche Bank Trust Company Americas was sold to State Street in early 2003 and Deutsche Bank Securities Limited is a Canadian company that does not participate in CNS and did not participate in any trading, settlement or clearance activities concerning TASER securities or journaling of TASER common stock or listed options. DBSI has agreed to continue to research the issue and, if the above remain correct, to provide Plaintiffs with a representation that the above information is accurate. If that representation is provided, Plaintiffs agree to withdraw their request.

(6) DBSI shall produce a privilege log for the documents produced by January 13, 2010 no later than January 29, 2010 and shall produce a privilege log for the documents reviewed by March 15, 2010 no later than April 23, 2010.

(7) DBSI represents that the information contained on the Blue Sheets it produced to Plaintiffs is a fair and accurate representation of the information as it exists in DBSI's records. If DBSI becomes aware or should have reasonably been aware of any corrections to the Blue

Sheets (or other documents evidencing that the Blue Sheets DBSI provided to Plaintiffs are inaccurate), those shall be provided to Plaintiffs within ten (10) business days upon discovery.

(8) With respect to all documents and data covered by the November 13, 2009 Stipulation and Order and this Agreement, DBSI agrees not to seek from Plaintiffs any costs associated with gathering, processing and/or searching emails or other electronic information that has been requested as of the date of this agreement.

(9) DBSI will not seek another extension relating to any of the matters covered by this Agreement or the November 13, 2009 Stipulation and Order absent extraordinary circumstances. In the event an extension is granted, DBSI shall produce all non-privileged, responsive documents it has reviewed and are ready for production as of March 15, 2010 and every 7 calendar days thereafter.

(10) This agreement shall constitute an amendment to the Stipulation and Order agreed to on November 13, 2009 and later entered into by the Court. The parties shall jointly submit this agreement to the Court to enter as an Order, and the parties agree that in the event of any breach, deviation or violation of this Agreement, Plaintiffs may seek and the Court may enter all available sanctions for violation or breaches of a Court Order. Except as expressly set forth herein, the original Stipulation and Order remains fully intact and without change. Thus, this amendment shall have no bearing or effect on any deadlines for any Defendants other than DBSI.

(11) DBSI acknowledges that Plaintiffs may not be able to respond, in whole or in part, to certain written or deposition discovery (e.g., discovery relating to trading activity and damages) without having received all of the data and documents covered by this Agreement and without having adequate time to review and analyze it. Accordingly:

>  a. Plaintiffs shall not be required to provide any response to Defendants' Second Set of Interrogatories and Third Request for Production of Documents with respect to DBSI until April 15, 2010;

>  b. DBSI acknowledges that any response Plaintiffs provide to other Defendants discovery prior to April 15, 2010 may be incomplete because Plaintiffs had not received or had adequate time to review documents/data from DBSI which may bear on the liability or damages of other Defendants.

>  c. Timing of depositions.

>>  (i) As to depositions of individual plaintiffs, if Defendants elect to take the depositions of any individual plaintiffs prior to May 1, they may examine the witnesses regarding their own trading activity, including any gains and/or losses resulting from such trading and why he/she purchased and/or sold TASER. If Defendants take the deposition prior to May 1, they do so understanding and agreeing that: (1) the witness(es) shall not be required to answer questions that require knowledge of information contained within Defendants' documents or data, including, but not

727399.1

limited to, questions about Defendants' trading activity, the amount by which Defendants' conduct caused damage or impacted TASER's stock price and any alleged wrongdoing by Defendants; and (2) the Defendants (individually or collectively) would not be permitted to depose that witness again.

(ii)     As to any 30(b)(6) deposition of TASER, if Defendants elect to take the deposition prior to May 1, 2010, the parties agree that TASER's representatives shall be required to testify only as to facts within the corporation's knowledge as of the time of the deposition (for clarity, such knowledge shall not include information produced by Defendants in this action). If Defendants take the deposition prior to May 1, 2010, they do so understanding and agreeing that: (1) the witness(es) shall not be required to answer questions that require knowledge of information contained within Defendants' documents or data, including, but not limited to, Defendants' trading activity, the amount by which Defendants' conduct caused damage or impacted TASER's stock price and any alleged wrongdoing by Defendants; and (2) the Defendants (individually or collectively) would not be permitted to take another 30(b)(6) deposition on the same or similar topic.

(iii)    The Defendants shall not be permitted to move for partial or full summary judgment until May 1, 2010. If the Defendants move in advance of the May 1, 2010 deadline for summary judgment as set forth in the Scheduling Order, Plaintiffs reserve all rights to object, including the right to object on the ground that it is premature.

(iv)    DBSI has conferred with all of the Defendants with respect to this paragraph 11(c) and represents that all Defendants agree to it.

(12) Nothing in this Agreement alters the parties' previous agreement to allow Plaintiffs to obtain e-discovery from specific traders. Further, except as expressly set forth above, nothing in this Agreement alters the November 13, 2009 Stipulation and Order.

SO ORDERED this day of January _____, 2010


                                        _____
                                        Hon. Patsy Y. Porter
                                        Judge, State Court of Fulton County


727399.1

Dated: January 11, 2010                         BONDURANT, MIXSON & ELMORE, LLP


                                                By  /s/ Steven Rosenwasser
                                                   John E. Floyd
                                                   Georgia Bar No. 266413
                                                   Steven J. Rosenwasser
                                                   Georgia Bar No. 614908
                                                   Nicole G. Iannarone
                                                   Georgia Bar No. 382510
                                                   Alison B. Prout
                                                   Georgia Bar No. 141666
                                                   3900 One Atlantic Center
                                                   1201 West Peachtree Street, N.W.
                                                   Atlanta, Georgia 30309
                                                   (404) 881-4100 Tel.
                                                   (404) 881-4111 Fax

                                                **Attorneys for Plaintiffs**


Dated: January 11, 2010                         CADWALADER WICKERSHAM & TAFT LLP


                                                By  /s/ Martin L. Seidel
                                                   Gregory A. Markel
                                                   Martin L. Seidel
                                                   Heather L. Fesnak
                                                   Peter J. Isajiw
                                                   One World Financial Center
                                                   New York, New York  10281
                                                   (212) 504-6000 Tel.
                                                   (212) 504-6666 Fax

                                                **Attorneys for Deutsche Bank Securities Inc.**

727399.1