# EXHIBIT A

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

TASER INTERNATIONAL, INC., *et al.*,

    Plaintiffs,

v.

MORGAN STANLEY & CO., INC., *et al.*,

    Defendants.

CIVIL ACTION
FILE NO. 2008-EV-004739-B

**AFFIDAVIT OF KEBA VAUGHN IN SUPPORT OF BANC OF AMERICA
SECURITIES LLC'S OPPOSITION TO PLAINTIFFS' MOTION FOR SANCTIONS
FOR VIOLATION OF THE COURT'S JULY 16, 2009 SCHEDULING ORDER**

STATE OF NEW YORK
COUNTY OF NEW YORK

    Keba T. Vaughn personally appeared before the undersigned Notary Public, who is duly authorized to administer oaths in this state, and after first being duly sworn, deposes and states as follows:

    1.    I am an Assistant Vice President in the Regulatory Inquiry Group at Bank of America Corporation. I am over 18 years of age and have personal knowledge of the matters set forth in this affidavit. I submit this affidavit in support of Banc of America Securities LLC's Opposition to Plaintiffs' Motion for Sanctions for Violation of the Court's July 16, 2009 Scheduling Order, dated October 19, 2010.

    2.    On or about July 1, 2009, I began running a computer script created by Bill Kerr that was intended to extract portions of Banc of America Securities LLC's ("BAS's") Daily Stock Record relating to TASER International, Inc. ("TASER"). It took me approximately a

month to run this computer script on all Daily Stock Records covering the period January 1, 2003 through May 31, 2009.

3. After this process was complete, I spent several weeks converting the Daily Stock Records excerpts generated by the computer script to PDF format so that the non-TASER data that was inadvertently captured could be redacted. I was assisted by a contracted intern who is no longer employed by Bank of America. I then spent another several weeks working with the contracted intern to redact the non-TASER data from the PDFs.

4. After the redactions were complete, I sent the Daily Stock Record to outside counsel. I believed at the time that I sent this data that it was accurate and complete.

5. I first learned that some TASER-specific data may have been inadvertently excluded from the Daily Stock Record when outside counsel informed me on July 21, 2010 that Plaintiffs' counsel was questioning the completeness of the records. In response to this inquiry from outside counsel, I contacted internal BAS personnel and asked them to analyze the data and assess the issues raised by Plaintiffs' counsel. On August 9, 2010, I was informed that the some TASER-specific data had been excluded from the Daily Stock Record where that data extended beyond the pages captured by the computer script.

6. After learning of this inadvertent error, I spoke to outside counsel regarding the best way to correct it. I was not able to provide a date certain by which BAS could produce the excluded data, but I anticipated that it would take at least several months. A decision was then made by outside counsel to use an outside vendor to speed up the process.

7. On August 26, 2010, I sent outside counsel several DVDs containing BAS's entire Daily Stock Record for the relevant six-and-a-half-year period. These text files totaled approximately 120 gigabytes.

Executed on this 12 day of October 2010.

_____
Keba T. Vaughn

Sworn to and subscribed
before me this 12th day of October 2010.

_____
Notary Public

My commission expires August 11, 2011

ROHINA B. NAIMI
Notary Public - State of New York
No. 01NA6173469
Qualified in Queens County
My Commission Expires August 11, 2011

3