Except UBS And Fourth Set to UBS and Plaintiffs' Second Set of Interrogatories to Each Defendant, Interrogatory No. 5, and, as such, is designed to harass the Bear Stearns Entities. The Bear Stearns Entities also object to Request No. 24 on the grounds that it is overly broad and unduly burdensome. The Bear Stearns Entities also object to Request No. 24 on the ground that it seeks to impose an obligation on the Bear Stearns Entities to gather information about securities other than TASER beyond what Plaintiffs represented to the Court in connection with "same or similar conduct." The Bear Stearns Entities further object to Request No. 24 on the ground that it seeks information that is not relevant to the claims and defenses in this action and thus reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 25:**

In 2007, you failed to close out at least one failure to deliver position as required by Regulation SHO.

**RESPONSE TO REQUEST NO. 25:**

In addition to the General Objections set forth above, the Bear Stearns Entities object to Request No. 25 on the grounds that it is cumulative and duplicative of Plaintiffs' other discovery requests, including but not limited to Plaintiffs Third Set of Interrogatories to All Defendants Except UBS And Fourth Set to UBS and Plaintiffs' Second Set of Interrogatories to Each Defendant, Interrogatory No. 5, and, as such, is designed to harass the Bear Stearns Entities. The Bear Stearns Entities also object to Request No. 25 on the grounds that it is overly broad and unduly burdensome. The Bear Stearns Entities also object to Request No. 25 on the ground that it seeks to impose an obligation on the Bear Stearns Entities to gather information about securities other than TASER beyond what Plaintiffs represented to the Court in connection with "same or similar conduct." The Bear Stearns Entities further object to Request No. 25 on the

25

ground that it seeks information that is not relevant to the claims and defenses in this action and thus not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 26:**

In 2008, you failed to close out at least one failure to deliver position as required by Regulation SHO.

**RESPONSE TO REQUEST NO. 26:**

In addition to the General Objections set forth above, the Bear Stearns Entities object to Request No. 26 on the grounds that it is cumulative and duplicative of Plaintiffs' other discovery requests, including but not limited to Plaintiffs Third Set of Interrogatories to All Defendants Except UBS And Fourth Set to UBS and Plaintiffs' Second Set of Interrogatories to Each Defendant, Interrogatory No. 5, and, as such, is designed to harass the Bear Stearns Entities. The Bear Stearns Entities also object to Request No. 26 on the grounds that it is overly broad and unduly burdensome. The Bear Stearns Entities also object to Request No. 26 on the ground that it seeks to impose an obligation on the Bear Stearns Entities to gather information about securities other than TASER beyond what Plaintiffs represented to the Court in connection with "same or similar conduct." The Bear Stearns Entities further object to Request No. 26 on the ground that it seeks information that is not relevant to the claims and defenses in this action and thus not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 27:**

In 2009, you failed to close out at least one failure to deliver position as required by Regulation SHO.

**RESPONSE TO REQUEST NO. 27:**

In addition to the General Objections set forth above, the Bear Stearns Entities object to Request No. 27 on the grounds that it is cumulative and duplicative of Plaintiffs' other discovery requests, including but not limited to Plaintiffs Third Set of Interrogatories to All Defendants Except UBS And Fourth Set to UBS and Plaintiffs' Second Set of Interrogatories to Each Defendant, Interrogatory No. 5, and, as such, is designed to harass the Bear Stearns Entities. The Bear Stearns Entities also object to Request No. 27 on the grounds that it is overly broad and unduly burdensome. The Bear Stearns Entities also object to Request No. 27 on the ground that it seeks to impose an obligation on the Bear Stearns Entities to gather information about securities other than TASER beyond what Plaintiffs represented to the Court in connection with "same or similar conduct." The Bear Stearns Entities further object to Request No. 27 on the ground that it seeks information that is not relevant to the claims and defenses in this action and thus not reasonably calculated to lead to the discovery of admissible evidence.

Dated: July 19, 2010

Stephen L. Ratner
   Admitted Pro Hac Vice
Brian L. Friedman
   Admitted Pro Hac Vice

*Attorneys for Bear, Stearns & Co. Inc. (n/k/a JP Morgan Securities Inc.) and Bear, Stearns Securities Corp. (n/k/a JP Morgan Clearing Corp.)*

PROSKAUER ROSE LLP
1585 Broadway
New York, New York 10036
Ph: 212-969-3000
Fax: 212-969-2900

Richard H. Sinkfield, Esq.
Georgia Bar No. 649100
Dan F. Laney, III
Georgia Bar No. 435290
ROGERS & HARDIN LLP
2700 International Tower
229 Peachtree St, NW
Atlanta, Georgia 30307
Ph: 404-522-4700
Fax: 404-525-2224

*Attorneys for Defendants Morgan Stanley & Co. Incorporated; Goldman, Sachs & Co., Goldman Sachs Execution & Clearing, L.P.; Bear, Stearns Securities Corp. (n/k/a JP Morgan Clearing Corp.); Bear, Stearns & Co. Inc. (n/k/a JP Morgan Securities Inc.); the Bear Stearns Entities, Pierce, Fenner & Smith, Inc.; Deutsche Bank Securities Inc.; Credit Suisse Securities (USA) LLC, Inc.; Banc of America Securities LLC; and UBS Securities, LLC*

28

**State Court of Fulton County**
**\*\*\*EFILED\*\*\***
LexisNexis Transaction ID: 32215379
Date:  Jul 19 2010  9:53PM
Mark Harper, Clerk

# Exhibit F

<table>
<tr><td colspan="2" align="center">IN THE STATE COURT OF FULTON COUNTY<br>STATE OF GEORGIA</td></tr>
<tr><td>TASER INTERNATIONAL, INC., et al.,<br><br>     Plaintiffs,<br>v.<br><br>MORGAN STANLEY & CO., INC., et al.,<br><br>     Defendants.</td><td>CIVIL ACTION<br>FILE NO. 2008-EV-004739-B<br><br>JURY TRIAL DEMANDED</td></tr>
</table>

**DEFENDANT CREDIT SUISSE SECURITIES (USA) LLC'S
OBJECTIONS AND RESPONSES TO PLAINTIFFS' FOURTH REQUESTS
FOR ADMISSION TO DEFENDANTS EXCEPT GOLDMAN SACHS
AND FIFTH REQUEST FOR ADMISSION TO GOLDMAN SACHS**

Defendant Credit Suisse Securities (USA) LLC ("Credit Suisse Securities")
hereby submits its Objections and Responses to Plaintiffs' Fourth Requests for
Admission to Defendants Except Goldman Sachs and Fifth Request For Admission to
Goldman Sachs (the "Requests").

Credit Suisse Securities has already produced to Plaintiffs million pages of
documents and thousands of gigabytes of data.  Credit Suisse Securities also has provided
a significant volume of information in response to Plaintiffs' numerous previous
interrogatories, requests for admission and informal discovery requests.  Notwithstanding
these facts, Plaintiffs seek through these Requests to again improperly expand the scope
of discovery into a general audit of Credit Suisse Securities' short selling and related
trade settlement activities concerning all securities over a six-year time period, regardless
of whether those activities had any effect on trading in TASER securities.  This directly
contradicts Plaintiffs' express representation to the Court on December 3, 2009 that
expanding the scope of discovery to include "same or similar conduct" would not impose
any additional burden on Defendants.  *See* Plaintiffs' Reply in Support of Plaintiffs'
Motion to Compel Production of Documents, filed December 3, 2009, at 14-15, and
Defendants' Motion for Protective Order With Respect to Discovery Served by Plaintiffs
On June 10, 2010.  Moreover, the expense and burden that would be involved in
responding to these Requests is not justified because Plaintiffs have (a) yet to even
identify any instances of alleged "abusive naked short selling" with respect to TASER—
the only security at issue in this litigation, and (b) produced documents that show that
nearly every Plaintiff profited from their trading in TASER and thus suffered no
cognizable harm as a result of the alleged misconduct.

Contemporaneous with service of these responses and objections, Defendants are also filing a Motion For Protective Order With Respect To Plaintiffs' June 10, 2010 Discovery for the reasons discussed herein and as explained in further detail in their Motion.  Credit Suisse Securities reserves the right to amend these responses and objections and, if necessary, to respond to the Requests following a decision on that motion.

## GENERAL OBJECTIONS

Credit Suisse Securities hereby makes the following General Objections, which apply to each and every specific Request and are incorporated by reference in the response to each request as if set forth fully therein.  Credit Suisse Securities' specific objections to specific Requests are made without waiving these General Objections.  Credit Suisse Securities has not repeated these objections in every response to improve readability.  Failure to reiterate a General Objection below does not constitute a waiver of that or any other objection.

1.      Credit Suisse Securities objects to all Definitions and Requests to the extent that they call for Credit Suisse Securities to do more than is required under the Official Code of Georgia, the Uniform State Court Rules, the Local Rules or other applicable law.

2.      Credit Suisse Securities objects to the Requests on the grounds that they are overly broad and duplicative of Plaintiffs' prior discovery requests and, as such, are designed to harass Credit Suisse Securities.  Specifically, the Requests are duplicative of

Plaintiffs' Amended Second Set of Interrogatories No. 5 and Plaintiffs' Third Set of Interrogatories to Defendants Other Than UBS.

3. Credit Suisse Securities objects to the Requests on the ground that they are unduly burdensome because they seek to impose an obligation on Credit Suisse Securities to gather information about securities other than TASER beyond what Plaintiffs represented to the Court in connection with their motion to compel relating to "same or similar conduct." (*See* Defendants' Motion For Protective Order With Respect To Discovery Served By Plaintiffs On June 10, 2010.) Contemporaneous with service of these responses, Defendants are also filing a Motion For Protective Order With Respect To Plaintiffs' June 10, 2010 Discovery for the reasons discussed herein and as explained in further detail in their Motion. Credit Suisse Securities reserves the right to amend these objections and, if necessary, to respond to the Requests following a decision on that motion.

4. Credit Suisse Securities objects to each Request to the extent that it seeks information that is not relevant to the claims and defenses in this action and thus not reasonably calculated to lead to the discovery of admissible evidence.

5. Credit Suisse Securities reserves all objections that may be available to it at any hearing or trial or on any motion related to the use or admissibility of any information provided, as well as the right to object to further discovery relating to the subject matter of any information provided.

6. Credit Suisse Securities objects to each Request to the extent it seeks information and/or documents covered by the attorney-client privilege, the joint defense

- 3 -

or common interest privilege, the attorney work product doctrine, or any other legally recognized privilege, immunity or exemption from production.

7.      Credit Suisse Securities objects to the Requests as premature, improper, unduly oppressive and intended to harass Credit Suisse Securities. To the extent Credit Suisse Securities later answers any of the Requests, Credit Suisse Securities will make a good faith attempt to respond to the Requests based on its knowledge of the relevant facts *at that time*. Because Credit Suisse Securities continues to review the relevant substantive and procedural facts of this case, its current position with respect to any of the Requests might change as a result of this ongoing review. Therefore, Credit Suisse Securities reserves the right to supplement or alter its responses at any time pursuant to § 9-11-26(e) of the Official Code of Georgia. Credit Suisse Securities also reserves the right to use or rely on, at any time, subsequently discovered information or information omitted from these responses as a result of mistake, error, oversight or inadvertence.

8.      Credit Suisse Securities objects to each Request on the grounds that, taken as a whole and as written, the Requests are overbroad, unduly burdensome and vague, and purport to require the production of irrelevant information for a period of more than six years.

9.      Credit Suisse Securities objects to each Request to the extent it purports to require Credit Suisse Securities to seek documents and/or information in the possession, custody or control of other persons or entities.

10.     Credit Suisse Securities objects to each Request to the extent it requires Credit Suisse Securities to search for, review, provide and/or conduct an analysis of

information and/or documents that are not centrally maintained or from persons not believed to have significant involvement in the transactions at issue.  Any Request that purports to require Credit Suisse Securities to do more than that seeks to impose an undue burden and/or unreasonable costs upon Credit Suisse Securities.

11.   Credit Suisse Securities objects to the definition of the terms "You," "Your" and "Yourself" to the extent Plaintiffs employ the terms to seek information beyond Credit Suisse Securities' possession, custody or control or about entities other than Credit Suisse Securities.  To the extent Credit Suisse Securities later responds to any of the Requests, Credit Suisse Securities will respond only on behalf of the entity named as a Defendant in the Sixth Amended Complaint.  Credit Suisse Securities also objects to the definition of the terms "You" "Your" and "Yours" to the extent they seek information and/or documents covered by the attorney-client privilege, the attorney work product doctrine, or any other privilege or immunity from discovery.

12.   Credit Suisse Securities objects to the definition of the term "proprietary account" as overbroad, vague and ambiguous.  To the extent Credit Suisse Securities later responds to any of the Requests, Credit Suisse Securities will respond to any request concerning "proprietary account" as referring to trading by Credit Suisse Securities on its own behalf for the purpose of profiting from a long or short position in the particular security.  Thus, the term excludes market-making and other trading for the purpose of facilitating customer orders and hedging activities (*i.e.*, trades designed to reduce the risk of other trades or positions).  Credit Suisse Securities also objects to the definition of "proprietary account" to the extent it seeks information that is not relevant to the claims

- 5 -

or defenses in this action and thus not reasonably calculated to lead to the discovery of admissible evidence.

13.     Credit Suisse Securities' failure to object to any Request on a particular ground or grounds shall not be construed as a waiver of its right to object to any additional ground(s) consistent with further investigation and discovery.

## OBJECTIONS TO SPECIFIC REQUESTS FOR ADMISSIONS

In addition to the General Objections set forth above, which are expressly incorporated by reference in each response below, Credit Suisse Securities further makes the following specific objections.

### REQUEST NO. 1

*In 2004, you violated NASD Rule 3370 with respect to at least one short sale in a proprietary account.*

### RESPONSE TO REQUEST NO. 1:

Credit Suisse Securities objects to Request No. 1 on the grounds that it is cumulative and duplicative of Plaintiffs' other discovery requests, including but not limited to Plaintiffs' Third Set of Interrogatories To All Defendants Except UBS, and, as such, is designed to harass Credit Suisse Securities. Credit Suisse Securities also objects to Request No. 1 on the grounds that it is overly broad and unduly burdensome. Credit Suisse Securities further objects to Request No. 1 on the ground that it seeks to impose an obligation on Credit Suisse Securities to gather information about securities other than TASER beyond what Plaintiffs represented to the Court in connection with their motion to compel concerning "same or similar conduct." Additionally, Credit Suisse Securities

- 6 -

objects to Request No. 1 on the ground that the term "proprietary account" is overly broad, poorly defined, and unduly burdensome.  Finally, Credit Suisse Securities objects to Request No. 1 on the ground that it seeks information that is not relevant to the claims and defenses in this action and thus not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 2:**

*In 2004, you violated UPC71 with respect to at least one short sale in a proprietary account.*

**RESPONSE TO REQUEST NO. 2:**

Credit Suisse Securities objects to Request No. 2 on the grounds that it is cumulative and duplicative of Plaintiffs' other discovery requests, including but not limited to Plaintiffs' Third Set of Interrogatories To All Defendants Except UBS, and, as such, is designed to harass Credit Suisse Securities.  Credit Suisse Securities also objects to Request No. 2 on the grounds that it is overly broad and unduly burdensome.  Credit Suisse Securities further objects to Request No. 2 on the ground that it seeks to impose an obligation on Credit Suisse Securities to gather information about securities other than TASER beyond what Plaintiffs represented to the Court in connection with their motion to compel concerning "same or similar conduct."   Additionally Credit Suisse Securities objects to Request No. 2 on the ground that the term "proprietary account" is overly broad, poorly defined, and unduly burdensome.  Finally, Credit Suisse Securities objects to Request No. 2 on the ground that it seeks information that is not relevant to the claims

and defenses in this action and thus not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 3:**

*In 2005, you violated Regulation SHO with respect to at least one short sale in a proprietary account.*

**RESPONSE TO REQUEST NO. 3:**

Credit Suisse Securities objects to Request No. 3 on the grounds that it is cumulative and duplicative of Plaintiffs' other discovery requests, including but not limited to Plaintiffs' Third Set of Interrogatories To All Defendants Except UBS, and, as such, is designed to harass Credit Suisse Securities. Credit Suisse Securities also object to Request No. 3 on the grounds that it is overly broad and unduly burdensome. Credit Suisse Securities further object to Request No. 3 on the ground that it seeks to impose an obligation on Credit Suisse Securities to gather information about securities other than TASER beyond what Plaintiffs represented to the Court in connection with their motion to compel concerning "same or similar conduct." Additionally, Credit Suisse Securities objects to Request No. 3 on the ground that the term "proprietary account" is overly broad, poorly defined, and unduly burdensome. Finally, Credit Suisse Securities objects to Request No. 3 on the ground that it seeks information that is not relevant to the claims and defenses in this action and thus not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 4:**

*In 2006, you violated Regulation SHO with respect to at least one short sale in a proprietary account.*

**RESPONSE TO REQUEST NO. 4:**

Credit Suisse Securities objects to Request No. 4 on the grounds that it is cumulative and duplicative of Plaintiffs' other discovery requests, including but not limited to Plaintiffs' Third Set of Interrogatories To All Defendants Except UBS, and, as such, is designed to harass Credit Suisse Securities. Credit Suisse Securities also objects to Request No. 4 on the grounds that it is overly broad and unduly burdensome. Credit Suisse Securities further objects to Request No. 4 on the ground that it seeks to impose an obligation on Credit Suisse Securities to gather information about securities other than TASER beyond what Plaintiffs represented to the Court in connection with their motion to compel concerning "same or similar conduct." Additionally, Credit Suisse Securities objects to Request No. 4 on the ground that the term "proprietary account" is overly broad, poorly defined, and unduly burdensome. Finally, Credit Suisse Securities objects to Request No. 4 on the ground that it seeks information that is not relevant to the claims and defenses in this action and thus not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 5:**

*In 2007, you violated Regulation SHO with respect to at least one short sale in a proprietary account.*

**RESPONSE TO REQUEST NO. 5:**

Credit Suisse Securities objects to Request No. 5 on the grounds that it is cumulative and duplicative of Plaintiffs' other discovery requests, including but not limited to Plaintiffs' Third Set of Interrogatories To All Defendants Except UBS, and, as such, is designed to harass Credit Suisse Securities. Credit Suisse Securities also objects to Request No. 5 on the grounds that it is overly broad and unduly burdensome. Credit Suisse Securities further objects to Request No. 5 on the ground that it seeks to impose an obligation on Credit Suisse Securities to gather information about securities other than TASER beyond what Plaintiffs represented to the Court in connection with their motion to compel concerning "same or similar conduct." Additionally, Credit Suisse Securities objects to Request No. 5 on the ground that the term "proprietary account" is overly broad, poorly defined, and unduly burdensome. Finally, Credit Suisse Securities objects to Request No. 5 on the ground that it seeks information that is not relevant to the claims and defenses in this action and thus not reasonably calculated to lead to the discovery of admissible evidence.

## REQUEST NO. 6:

*In 2008, you violated Regulation SHO with respect to at least one short sale in a proprietary account.*

## RESPONSE TO REQUEST NO. 6:

Credit Suisse Securities objects to Request No. 6 on the grounds that it is cumulative and duplicative of Plaintiffs' other discovery requests, including but not limited to Plaintiffs' Third Set of Interrogatories To All Defendants Except UBS, and, as such, is designed to harass Credit Suisse Securities. Credit Suisse Securities also objects to Request No. 6 on the grounds that it is overly broad and unduly burdensome. Credit Suisse Securities further objects to Request No. 6 on the ground that it seeks to impose an obligation on Credit Suisse Securities to gather information about securities other than TASER beyond what Plaintiffs represented to the Court in connection with their motion to compel concerning "same or similar conduct." Additionally, Credit Suisse Securities objects to Request No. 6 on the ground that the term "proprietary account" is overly broad, poorly defined, and unduly burdensome. Finally, Credit Suisse Securities objects to Request No. 6 on the ground that it seeks information that is not relevant to the claims and defenses in this action and thus not reasonably calculated to lead to the discovery of admissible evidence.

## REQUEST NO. 7:

*In 2009, you violated Regulation SHO with respect to at least one short sale in a proprietary account.*

- 11 -

**RESPONSE TO REQUEST NO. 7:**

Credit Suisse Securities objects to Request No. 7 on the grounds that it is cumulative and duplicative of Plaintiffs' other discovery requests, including but not limited to Plaintiffs' Third Set of Interrogatories To All Defendants Except UBS, and, as such, is designed to harass Credit Suisse Securities. Credit Suisse Securities also objects to Request No. 7 on the grounds that it is overly broad and unduly burdensome. Credit Suisse Securities further objects to Request No. 7 on the ground that it seeks to impose an obligation on Credit Suisse Securities to gather information about securities other than TASER beyond what Plaintiffs represented to the Court in connection with their motion to compel concerning "same or similar conduct." Additionally, Credit Suisse Securities objects to Request No. 7 on the ground that the term "proprietary account" is overly broad, poorly defined, and unduly burdensome. Finally, Credit Suisse Securities objects to Request No. 7 on the ground that it seeks information that is not relevant to the claims and defenses in this action and thus not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 8:**

*In 2005, as an executing broker, you violated Regulation SHO with respect to at least one short sale for or on behalf of one of your customers.*

**RESPONSE TO REQUEST NO. 8:**

Credit Suisse Securities objects to Request No. 8 on the grounds that it is cumulative and duplicative of Plaintiffs' other discovery requests, including but not limited to Plaintiffs' Third Set of Interrogatories To All Defendants Except UBS, and, as

such, is designed to harass Credit Suisse Securities.  Credit Suisse Securities also objects

to Request No. 8 on the grounds that it is overly broad and unduly burdensome.  Credit

Suisse Securities further objects to Request No. 8 on the ground that it seeks to impose an

obligation on Credit Suisse Securities to gather information about securities other than

TASER beyond what Plaintiffs represented to the Court in connection with "same or

similar conduct."  Additionally, Credit Suisse Securities objects to Request No. 8 on the

ground that it seeks information that is not relevant to the claims and defenses in this

action and thus not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 9:**

    *In 2006, as an executing broker, you violated Regulation SHO with respect to at least one short sale for or on behalf of one of your customers.*

**RESPONSE TO REQUEST NO. 9:**

    Credit Suisse Securities objects to Request No. 9 on the grounds that it is

cumulative and duplicative of Plaintiffs' other discovery requests, including but not

limited to Plaintiffs' Third Set of Interrogatories To All Defendants Except UBS, and, as

such, is designed to harass Credit Suisse Securities. Credit Suisse Securities also objects

to Request No. 9 on the grounds that it is overly broad and unduly burdensome.  Credit

Suisse Securities further objects to Request No. 9 on the ground that it seeks to impose an

obligation on Credit Suisse Securities to gather information about securities other than

TASER beyond what Plaintiffs represented to the Court in connection with "same or

similar conduct."  Additionally, Credit Suisse Securities objects to Request No. 9 on the

ground that it seeks information that is not relevant to the claims and defenses in this action and thus not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 10:**

*In 2007, as an executing broker, you violated Regulation SHO with respect to at least one short sale for or on behalf of one of your customers.*

**RESPONSE TO REQUEST NO. 10:**

Credit Suisse Securities objects to Request No. 10 on the grounds that it is cumulative and duplicative of Plaintiffs' other discovery requests, including but not limited to Plaintiffs' Third Set of Interrogatories To All Defendants Except UBS, and, as such, is designed to harass Credit Suisse Securities. Credit Suisse Securities also objects to Request No. 10 on the grounds that it is overly broad and unduly burdensome. Credit Suisse Securities further objects to Request No. 10 on the ground that it seeks to impose an obligation on Credit Suisse Securities to gather information about securities other than TASER beyond what Plaintiffs represented to the Court in connection with "same or similar conduct." Additionally, Credit Suisse Securities objects to Request No. 10 on the ground that it seeks information that is not relevant to the claims and defenses in this action and thus not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 11:**

*In 2008, as an executing broker, you violated Regulation SHO with respect to at least one short sale for or on behalf of one of your customers.*

**RESPONSE TO REQUEST NO. 11:**

Credit Suisse Securities objects to Request No. 11 on the grounds that it is cumulative and duplicative of Plaintiffs' other discovery requests, including but not

- 14 -

limited to Plaintiffs' Third Set of Interrogatories To All Defendants Except UBS, and, as

such, is designed to harass Credit Suisse Securities. Credit Suisse Securities also objects

to Request No. 11 on the grounds that it is overly broad and unduly burdensome. Credit

Suisse Securities further objects to Request No. 11 on the ground that it seeks to impose

an obligation on Credit Suisse Securities to gather information about securities other than

TASER beyond what Plaintiffs represented to the Court in connection with "same or

similar conduct." Additionally, Credit Suisse Securities objects to Request No. 11 on the

ground that it seeks information that is not relevant to the claims and defenses in this

action and thus not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 12:**

> *In 2009, as an executing broker, you violated Regulation SHO with respect to at
> least one short sale for or on behalf of one of your customers.*

**RESPONSE TO REQUEST NO. 12:**

Credit Suisse Securities objects to Request No. 12 on the grounds that it is

cumulative and duplicative of Plaintiffs' other discovery requests, including but not

limited to Plaintiffs' Third Set of Interrogatories To All Defendants Except UBS, and, as

such, is designed to harass Credit Suisse Securities. Credit Suisse Securities also objects

to Request No. 12 on the grounds that it is overly broad and unduly burdensome. Credit

Suisse Securities further objects to Request No. 12 on the ground that it seeks to impose

an obligation on Credit Suisse Securities to gather information about securities other than

TASER beyond what Plaintiffs represented to the Court in connection with "same or

similar conduct." Additionally, Credit Suisse Securities objects to Request No. 12 on the

- 15 -

ground that it seeks information that is not relevant to the claims and defenses in this action and thus not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 13:**

*In 2005, you failed to deliver a security in the time required by Regulation SHO with respect to at least one short sale for a proprietary account.*

**RESPONSE TO REQUEST NO. 13:**

Credit Suisse Securities objects to Request No. 13 on the grounds that it is cumulative and duplicative of Plaintiffs' other discovery requests, including but not limited to Plaintiffs' Third Set of Interrogatories To All Defendants Except UBS and Plaintiffs' Second Set of Interrogatories To Each Defendant, Interrogatory 5, and, as such, is designed to harass Credit Suisse Securities. Credit Suisse Securities also objects to Request No. 13 on the grounds that it is overly broad and unduly burdensome. Credit Suisse Securities also objects to Request No. 13 on the ground that it seeks to impose an obligation on Credit Suisse Securities to gather information about securities other than TASER beyond what Plaintiffs represented to the Court in connection with their motion to compel concerning "same or similar conduct." Credit Suisse Securities further objects to Request No. 13 on the grounds that the term "proprietary account" is overly broad, poorly defined, and unduly burdensome. Additionally, Credit Suisse Securities objects to Request No. 13 on the ground that it seeks information that is not relevant to the claims and defenses in this action and thus not reasonably calculated to lead to the discovery of admissible evidence. Finally, Credit Suisse Securities objects to Request No. 13 on the grounds that it is unclear, vague and ambiguous, particularly because the Continuous Net Settlement system aggregates and nets the daily receipt and daily delivery obligations of

its participants and thus the system does not associate specific transactions or customers with specific failures to deliver.

**REQUEST NO. 14:**

*In 2006, you failed to deliver a security in the time required by Regulation SHO with respect to at least one short sale for a proprietary account.*

**RESPONSE TO REQUEST NO. 14:**

Credit Suisse Securities objects to Request No. 14 on the grounds that it is cumulative and duplicative of Plaintiffs' other discovery requests, including but not limited to Plaintiffs' Third Set of Interrogatories To All Defendants Except UBS and Plaintiffs' Second Set of Interrogatories To Each Defendant, Interrogatory 5, and, as such, is designed to harass Credit Suisse Securities. Credit Suisse Securities also objects to Request No. 14 on the grounds that it is overly broad and unduly burdensome. Credit Suisse Securities also objects to Request No. 14 on the ground that it is unduly burdensome because it seeks to impose an obligation on Credit Suisse Securities to gather information about securities other than TASER beyond what Plaintiffs represented to the Court in connection with their motion to compel concerning "same or similar conduct." Credit Suisse Securities further objects to Request No. 14 on the grounds that the term "proprietary account" is overly broad, poorly defined, and unduly burdensome. Additionally, Credit Suisse Securities objects to Request No. 14 on the ground that it seeks information that is not relevant to the claims and defenses in this action and thus not reasonably calculated to lead to the discovery of admissible evidence. Finally, Credit Suisse Securities objects to Request No. 14 on the grounds that it is unclear, vague and

ambiguous, particularly because the Continuous Net Settlement system aggregates and nets the daily receipt and daily delivery obligations of its participants and thus the system does not associate specific transactions or customers with specific failures to deliver.

**REQUEST NO. 15:**

> *In 2007, you failed to deliver a security in the time required by Regulation SHO with respect to at least one short sale for a proprietary account.*

**RESPONSE TO REQUEST NO. 15:**

Credit Suisse Securities objects to Request No. 15 on the grounds that it is cumulative and duplicative of Plaintiffs' other discovery requests, including but not limited to Plaintiffs' Third Set of Interrogatories To All Defendants Except UBS and Plaintiffs' Second Set of Interrogatories To Each Defendant, Interrogatory 5, and, as such, is designed to harass Credit Suisse Securities. Credit Suisse Securities also objects to Request No. 15 on the grounds that it is overly broad and unduly burdensome. Credit Suisse Securities also objects to Request No. 15 on the ground that it seeks to impose an obligation on Credit Suisse Securities to gather information about securities other than TASER beyond what Plaintiffs represented to the Court in connection with their motion to compel concerning "same or similar conduct." Credit Suisse Securities further objects to Request No. 15 on the grounds that the term "proprietary account" is overly broad, poorly defined, and unduly burdensome. Additionally, Credit Suisse Securities objects to Request No. 15 on the ground that it seeks information that is not relevant to the claims and defenses in this action and thus not reasonably calculated to lead to the discovery of admissible evidence. Finally, Credit Suisse Securities objects to Request No. 15 on the grounds that it is unclear, vague and ambiguous, particularly because the Continuous Net

Settlement system aggregates and nets the daily receipt and daily delivery obligations of its participants and thus the system does not associate specific transactions or customers with specific failures to deliver.

**REQUEST NO. 16:**

*In 2008, you failed to deliver a security in the time required by Regulation SHO with respect to at least one short sale for a proprietary account.*

**RESPONSE TO REQUEST NO. 16:**

Credit Suisse Securities objects to Request No. 16 on the grounds that it is cumulative and duplicative of Plaintiffs' other discovery requests, including but not limited to Plaintiffs' Third Set of Interrogatories To All Defendants Except UBS and Plaintiffs' Second Set of Interrogatories To Each Defendant, Interrogatory 5, and, as such, is designed to harass Credit Suisse Securities. Credit Suisse Securities also objects to Request No. 16 on the grounds that it is overly broad and unduly burdensome. Credit Suisse Securities also objects to Request No. 16 on the ground that it seeks to impose an obligation on Credit Suisse Securities to gather information about securities other than TASER beyond what Plaintiffs represented to the Court in connection with their motion to compel concerning "same or similar conduct." Credit Suisse Securities further objects to Request No. 16 on the grounds that the term "proprietary account" is overly broad, poorly defined, and unduly burdensome. Additionally, Credit Suisse Securities objects to Request No. 16 on the ground that it seeks information that is not relevant to the claims and defenses in this action and thus not reasonably calculated to lead to the discovery of admissible evidence. Finally, Credit Suisse Securities objects to Request No. 16 on the

grounds that it is unclear, vague and ambiguous, particularly because the Continuous Net Settlement system aggregates and nets the daily receipt and daily delivery obligations of its participants and thus the system does not associate specific transactions or customers with specific failures to deliver.

**REQUEST NO. 17**:

   *In 2009, you failed to deliver a security in the time required by Regulation SHO with respect to at least one short sale for a proprietary account.*

**RESPONSE TO REQUEST NO. 17:**

   Credit Suisse Securities objects to Request No. 17 on the grounds that it is cumulative and duplicative of Plaintiffs' other discovery requests, including but not limited to Plaintiffs' Third Set of Interrogatories To All Defendants Except UBS and Plaintiffs' Second Set of Interrogatories To Each Defendant, Interrogatory 5, and, as such, is designed to harass Credit Suisse Securities. Credit Suisse Securities also object to Request No. 17 on the grounds that it is overly broad and unduly burdensome. Credit Suisse Securities also objects to Request No. 17 on the ground that it seeks to impose an obligation on Credit Suisse Securities to gather information about securities other than TASER beyond what Plaintiffs represented to the Court in connection with their motion to compel concerning "same or similar conduct." Credit Suisse Securities further objects to Request No. 17 on the grounds that the term "proprietary account" is overly broad, poorly defined, and unduly burdensome. Additionally, Credit Suisse Securities objects to Request No. 17 on the ground that it seeks information that is not relevant to the claims and defenses in this action and thus not reasonably calculated to lead to the discovery of

admissible evidence. Finally, Credit Suisse Securities objects to Request No. 17 on the grounds that it is unclear, vague and ambiguous, particularly because the Continuous Net Settlement system aggregates and nets the daily receipt and daily delivery obligations of its participants and thus the system does not associate specific transactions or customers with specific failures to deliver.

**REQUEST NO. 18**:

*In 2005, you failed to require a buy-in as required by Regulation SHO.*

**RESPONSE TO REQUEST NO. 18**:

Credit Suisse Securities objects to Request No. 18 on the grounds that it is cumulative and duplicative of Plaintiffs' other discovery requests, including but not limited to Plaintiffs' Third Set of Interrogatories To All Defendants Except UBS and Plaintiffs' Second Set of Interrogatories To Each Defendant, Interrogatory 5, and, as such, is designed to harass Credit Suisse Securities. Credit Suisse Securities also objects to Request No. 18 on the grounds that it is overly broad and unduly burdensome. Credit Suisse Securities also objects to Request No. 18 on the ground that it seeks to impose an obligation on Credit Suisse Securities to gather information about securities other than TASER beyond what Plaintiffs represented to the Court in connection with "same or similar conduct." Credit Suisse Securities further objects to Request No. 18 on the ground that it seeks information that is not relevant to the claims and defenses in this action and thus not reasonably calculated to lead to the discovery of admissible evidence.

- 21 -

**REQUEST NO. 19**:

 *In 2006, you failed to require a buy-in as required by Regulation SHO.*

**RESPONSE TO REQUEST NO. 19**:

 Credit Suisse Securities objects to Request No. 19 on the grounds that it is cumulative and duplicative of Plaintiffs' other discovery requests, including but not limited to Plaintiffs' Third Set of Interrogatories To All Defendants Except UBS and Plaintiffs' Second Set of Interrogatories To Each Defendant, Interrogatory 5, and, as such, is designed to harass Credit Suisse Securities.  Credit Suisse Securities also object to Request No. 19 on the grounds that it is overly broad and unduly burdensome.  Credit Suisse Securities also objects to Request No. 19 on the ground that it seeks to impose an obligation on Credit Suisse Securities to gather information about securities other than TASER beyond what Plaintiffs represented to the Court in connection with "same or similar conduct."  Credit Suisse Securities further objects to Request No. 19 on the ground that it seeks information that is not relevant to the claims and defenses in this action and thus not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 20**:

 *In 2007, you failed to require a buy-in as required by Regulation SHO.*

**RESPONSE TO REQUEST NO. 20**:

 Credit Suisse Securities objects to Request No. 20 on the grounds that it is cumulative and duplicative of Plaintiffs' other discovery requests, including but not limited to Plaintiffs' Third Set of Interrogatories To All Defendants Except UBS and Plaintiffs' Second Set of Interrogatories To Each Defendant, Interrogatory 5, and, as

such, is designed to harass Credit Suisse Securities. Credit Suisse Securities also objects
to Request No. 20 on the grounds that it is overly broad and unduly burdensome. Credit
Suisse Securities also objects to Request No. 20 on the ground that it seeks to impose an
obligation on Credit Suisse Securities to gather information about securities other than
TASER beyond what Plaintiffs represented to the Court in connection with "same or
similar conduct." Credit Suisse Securities further objects to Request No. 20 on the
ground that it seeks information that is not relevant to the claims and defenses in this
action and thus not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 21:**

*In 2008, you failed to require a buy-in as required by Regulation SHO.*

**RESPONSE TO REQUEST NO. 21:**

Credit Suisse Securities objects to Request No. 21 on the grounds that it is
cumulative and duplicative of Plaintiffs' other discovery requests, including but not
limited to Plaintiffs' Third Set of Interrogatories To All Defendants Except UBS and
Plaintiffs' Second Set of Interrogatories To Each Defendant, Interrogatory 5, and, as
such, is designed to harass Credit Suisse Securities. Credit Suisse Securities also objects
to Request No. 21 on the grounds that it is overly broad and unduly burdensome. Credit
Suisse Securities also objects to Request No. 21 on the ground that it seeks to impose an
obligation on Credit Suisse Securities to gather information about securities other than
TASER beyond what Plaintiffs represented to the Court in connection with "same or
similar conduct." Credit Suisse Securities further objects to Request No. 21 on the

ground that it seeks information that is not relevant to the claims and defenses in this action and thus not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 22**:

*In 2009, you failed to require a buy-in as required by Regulation SHO.*

**RESPONSE TO REQUEST NO. 22**:

Credit Suisse Securities objects to Request No. 22 on the grounds that it is cumulative and duplicative of Plaintiffs' other discovery requests, including but not limited to Plaintiffs' Third Set of Interrogatories To All Defendants Except UBS and Plaintiffs' Second Set of Interrogatories To Each Defendant, Interrogatory 5, and, as such, is designed to harass Credit Suisse Securities.  Credit Suisse Securities also objects to Request No. 22 on the grounds that it is overly broad and unduly burdensome.  Credit Suisse Securities also objects to Request No. 22 on the ground that it seeks to impose an obligation on Credit Suisse Securities to gather information about securities other than TASER beyond what Plaintiffs represented to the Court in connection with "same or similar conduct."  Credit Suisse Securities further objects to Request No. 22 on the ground that it seeks information that is not relevant to the claims and defenses in this action and thus not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 23**:

*In 2005, you failed to close out at least one failure to deliver position as required by Regulation SHO.*

**RESPONSE TO REQUEST NO. 23:**

Credit Suisse Securities objects to Request No. 23 on the grounds that it is cumulative and duplicative of Plaintiffs' other discovery requests, including but not limited to Plaintiffs' Third Set of Interrogatories To All Defendants Except UBS and Plaintiffs' Second Set of Interrogatories To Each Defendant, Interrogatory 5, and, as such, is designed to harass Credit Suisse Securities. Credit Suisse Securities also objects to Request No. 23 on the grounds that it is overly broad and unduly burdensome. Credit Suisse Securities also objects to Request No. 23 on the ground that it seeks to impose an obligation on Credit Suisse Securities to gather information about securities other than TASER beyond what Plaintiffs represented to the Court in connection with "same or similar conduct." Credit Suisse Securities further objects to Request No. 23 on the ground that it seeks information that is not relevant to the claims and defenses in this action and thus not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 24:**

*In 2006, you failed to close out at least one failure to deliver position as required by Regulation SHO.*

**RESPONSE TO REQUEST NO. 24:**

Credit Suisse Securities objects to Request No. 24 on the grounds that it is cumulative and duplicative of Plaintiffs' other discovery requests, including but not limited to Plaintiffs' Third Set of Interrogatories To All Defendants Except UBS and Plaintiffs' Second Set of Interrogatories To Each Defendant, Interrogatory 5, and, as such, is designed to harass Credit Suisse Securities. Credit Suisse Securities also objects

to Request No. 24 on the grounds that it is overly broad and unduly burdensome.  Credit

Suisse Securities also objects to Request No. 24 on the ground that it seeks to impose an

obligation on Credit Suisse Securities to gather information about securities other than

TASER beyond what Plaintiffs represented to the Court in connection with "same or

similar conduct."  Credit Suisse Securities further objects to Request No. 24 on the

ground that it seeks information that is not relevant to the claims and defenses in this

action and thus reasonably calculated to lead to the discovery of admissible evidence.

### REQUEST NO. 25:

*In 2007, you failed to close out at least one failure to deliver position as required by Regulation SHO.*

### RESPONSE TO REQUEST NO. 25:

Credit Suisse Securities objects to Request No. 25 on the grounds that it is

cumulative and duplicative of Plaintiffs' other discovery requests, including but not

limited to Plaintiffs' Third Set of Interrogatories To All Defendants Except UBS and

Plaintiffs' Second Set of Interrogatories To Each Defendant, Interrogatory 5, and, as

such, is designed to harass Credit Suisse Securities.  Credit Suisse Securities also objects

to Request No. 25 on the grounds that it is overly broad and unduly burdensome.  Credit

Suisse Securities also objects to Request No. 25 on the ground that it seeks to impose an

obligation on Credit Suisse Securities to gather information about securities other than

TASER beyond what Plaintiffs represented to the Court in connection with "same or

similar conduct."  Credit Suisse Securities further object to Request No. 25 on the ground

- 26 -

that it seeks information that is not relevant to the claims and defenses in this action and thus not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 26:**

*In 2008, you failed to close out at least one failure to deliver position as required by Regulation SHO.*

**RESPONSE TO REQUEST NO. 26:**

Credit Suisse Securities objects to Request No. 26 on the grounds that it is cumulative and duplicative of Plaintiffs' other discovery requests, including but not limited to Plaintiffs' Third Set of Interrogatories To All Defendants Except UBS and Plaintiffs' Second Set of Interrogatories To Each Defendant, Interrogatory 5, and, as such, is designed to harass Credit Suisse Securities. Credit Suisse Securities also objects to Request No. 26 on the grounds that it is overly broad and unduly burdensome. Credit Suisse Securities also objects to Request No. 26 on the ground that it seeks to impose an obligation on Credit Suisse Securities to gather information about securities other than TASER beyond what Plaintiffs represented to the Court in connection with "same or similar conduct." Credit Suisse Securities further objects to Request No. 26 on the ground that it seeks information that is not relevant to the claims and defenses in this action and thus not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 27:**

*In 2009, you failed to close out at least one failure to deliver position as required by Regulation SHO.*

**RESPONSE TO REQUEST NO. 27:**

Credit Suisse Securities objects to Request No. 27 on the grounds that it is cumulative and duplicative of Plaintiffs' other discovery requests, including but not limited to Plaintiffs' Third Set of Interrogatories To All Defendants Except UBS and Plaintiffs' Second Set of Interrogatories To Each Defendant, Interrogatory 5, and, as such, is designed to harass Credit Suisse Securities. Credit Suisse Securities also objects to Request No. 27 on the grounds that it is overly broad and unduly burdensome. Credit Suisse Securities also objects to Request No. 27 on the ground that it seeks to impose an obligation Credit Suisse Securities to gather information about securities other than TASER beyond what Plaintiffs represented to the Court in connection with "same or similar conduct." Credit Suisse Securities further objects to Request No. 27 on the ground that it seeks information that is not relevant to the claims and defenses in this action and thus not reasonably calculated to lead to the discovery of admissible evidence.

Dated: July 19, 2010

Brad E. Konstandt
   Admitted Pro Hac Vice

Fraser L. Hunter, Jr.
   Admitted Pro Hac Vice

*Attorneys for Credit Suisse Securities (USA) LLC*

WILMER CUTLER PICKERING
HALE AND DORR LLP
399 Park Avenue
New York, New York 10022

- 28 -

Ph: 212-230-8800
Fax:  212-230-8888

Richard H. Sinkfield, Esq.
Georgia Bar No. 649100
Dan F. Laney, III
Georgia Bar No. 435290
ROGERS & HARDIN LLP
2700 International Tower
229 Peachtree St, NW
Atlanta, Georgia 30307
Ph:  404 522-4700
Fax:  404-525-2224

*Attorneys for Defendants Morgan Stanley
& Co. Incorporated; Goldman, Sachs &
Co.,  Goldman  Sachs  Execution  &
Clearing, L.P.; Bear, Stearns Securities
Corp. (n/k/a JP Morgan Clearing Corp.);
Bear,  Stearns  &  Co.  Inc.  (n/k/a  JP
Morgan Securities Inc.); the Bear Stearns
Entities,  Pierce,  Fenner  &  Smith,  Inc.;
Deutsche  Bank  Securities  Inc.;  Credit
Suisse  Securities  (USA)  LLC;  Banc  of
America  Securities  LLC;  and  UBS
Securities, LLC*

**State Court of Fulton County**
**\*\*\*EFILED\*\*\***
LexisNexis Transaction ID: 32215379
Date:  Jul 19 2010  9:53PM
Mark Harper, Clerk

# Exhibit G

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

TASER INTERNATIONAL, INC., *et al.*,

                                    Plaintiffs,

                    v.

MORGAN STANLEY & CO., INC., *et al.*,

                                    Defendants.

CIVIL ACTION
FILE NO. 2008-EV-004739-B

**DEFENDANT DEUTSCHE BANK SECURITIES INC.'S
OBJECTIONS TO PLAINTIFFS' FOURTH REQUESTS FOR
ADMISSION TO ALL DEFENDANTS EXCEPT GOLDMAN SACHS
AND FIFTH REQUESTS FOR ADMISSION TO GOLDMAN SACHS**

Defendant Deutsche Bank Securities Inc. ("DBSI") hereby submits its Objections

to Plaintiffs' Fourth Requests for Admission to All Defendants Except Goldman Sachs and Fifth

Requests for Admission to Goldman Sachs (the "Requests").

At the outset, DBSI notes that it has already produced to Plaintiffs over seven (7)

million pages of documents in response to Plaintiffs' broad document requests, as well as

approximately half-a-million lines of data concerning trading in the securities of TASER

International, Inc. ("TASER"). DBSI also has provided a significant volume of information in

response to Plaintiffs' numerous previous interrogatories, requests for admission and informal

discovery requests. Notwithstanding these facts, through these Requests, Plaintiffs seek to

improperly expand the scope of discovery into a general audit of DBSI's short selling and related

trade settlement activities concerning all securities over a six year time period, regardless of

whether those activities had any effect on trading in TASER securities. This directly contradicts

Plaintiffs' express representation to the Court on December 3, 2009 that expanding the scope of

discovery to include "same or similar conduct" would not impose any additional burden on Defendants.  *See* Plaintiffs' Reply in Support of Plaintiffs' Motion to Compel Production of Documents, filed on December 3, 2009, at 14-15.  More importantly, the expense and burden that would be involved in responding to these Requests is not justified because Plaintiffs have yet to meaningfully identify any instances in which DBSI purportedly engaged in manipulative "abusive naked short selling" with respect to TASER – the only security at issue in this litigation – thereby impacting the price of TASER stock.  Further, Plaintiffs have responded to written discovery admitting – and produced documents demonstrating – that almost every individual Plaintiff profited from trading in TASER and thus suffered no cognizable harm as a result of any hypothetical misconduct.

Contemporaneous with service of these objections, Defendants are also filing a Motion For Protective Order With Respect To Plaintiffs' June 10, 2010 Discovery for the reasons discussed herein and as explained in further detail in their Motion.  DBSI reserves the right to amend these objections and, if necessary, to respond to the Requests following a decision on that motion.

## GENERAL OBJECTIONS

DBSI hereby makes the following General Objections, which apply to each and every specific Request and are incorporated by reference in the response to each request as if set forth fully therein.  DBSI has not repeated these objections in every response to improve readability.  Failure to reiterate a General Objection below does not constitute a waiver of that or any other objection.

1.      DBSI objects to all Definitions and Requests to the extent that they call for DBSI to do more than is required under the Official Code of Georgia, the Uniform State Court Rules, the Local Rules or other applicable law.

2.      DBSI objects to the Requests on the grounds that they are cumulative and duplicative of Plaintiffs' prior discovery requests and, as such, are designed to harass DBSI. Specifically, the Requests are duplicative of Plaintiffs' Amended Second Set of Interrogatories to Each Defendant ("Plaintiffs' Second Interrogatories"), and Plaintiffs' Third Set of Interrogatories to All Defendants Other Than UBS ("Plaintiffs' Third Interrogatories").

3.      DBSI objects to the Requests on the ground that they are unduly burdensome because they seek to impose an obligation on DBSI to gather information about securities other than TASER beyond what Plaintiffs represented to the Court in connection with their motion to compel relating to "same or similar conduct." (*See* Defendants' Motion For Protective Order With Respect To Discovery Served By Plaintiffs On June 10, 2010.)

4.      DBSI objects to each Request to the extent that it seeks information that is not relevant to the claims and defenses in this action, and thus not reasonably calculated to lead to the discovery of admissible evidence.

5.      DBSI objects to each Request to the extent it seeks information and/or documents covered by the attorney-client privilege, the joint defense or common interest privilege, the attorney work product doctrine, or any other legally recognized privilege, immunity or exemption from disclosure.

6.      DBSI objects to each Request on the grounds that, taken as a whole and as written, the Requests are overbroad, unduly burdensome and vague, and purport to require the production of irrelevant information for a period of six years.

7.    Contemporaneous with service of these objections, Defendants are also filing a Motion For Protective Order With Respect To Plaintiffs' June 10, 2010 Discovery for the reasons discussed herein and as explained in further detail in their Motion. DBSI reserves the right to amend these objections and, if necessary, to respond to the Requests following a decision on that motion.

8.    DBSI objects to each Request to the extent it purports to require DBSI to seek documents and/or information in the possession, custody or control of other persons or entities.

9.    DBSI objects to each Request to the extent it requires DBSI to search for, review, provide and/or conduct an analysis of information and/or documents, including email and other electronic documents (e.g., Microsoft Word and PowerPoint documents, Excel spreadsheets, calendars, instant messages, etc.) that are not centrally maintained or readily accessible, or from persons not believed to have significant involvement in the transactions at issue. Any Request that purports to require DBSI to do more than that seeks to impose an undue burden and/or unreasonable costs upon DBSI.

10.    DBSI objects to the definition of the terms "You," "Your" and "Yourself" to the extent Plaintiffs employ the terms to seek information not in DBSI's possession, custody or control or about entities other than DBSI. DBSI also objects to the definition of the terms "You," "Your" and "Yours" to the extent they seek information and/or documents covered by the attorney-client privilege, the attorney work product doctrine, or any other privilege or immunity from discovery.

11.    DBSI objects to the definition of the term "proprietary account" as overbroad, vague and ambiguous to the extent it includes anything other than trading by DBSI on its own behalf for the purpose of profiting from a long or short position in a particular security.

DBSI also objects to the definition of the term "proprietary account" to the extent it includes market making and other trading for the purpose of facilitating customer orders and hedging activities (i.e., trades designed to reduce the risk of other trades or positions). DBSI also objects to the definition of "proprietary account" to the extent it seeks information that is not relevant to the claims or defenses in this action, and thus not reasonably calculated to lead to the discovery of admissible evidence, including to the extent it includes computerized trading such as program and index-driven trading (e.g., where a particular security is selected for trading due to an algorithm or because it is part of one or more market indices).

12.     DBSI objects to each Request to the extent it purports to seek information relating to DBSI's Private Client Services ("PCS") retail trading activity. Through the meet and confer process, Plaintiffs and DBSI have agreed to exclude from discovery any documents or information related to PCS accounts or retail trading activity.

13.     DBSI objects to each Request to the extent it purports to seek information for transactions in accounts other than prime brokerage, institutional or firm accounts.

14.     DBSI reserves all objections that may be available to them at any hearing or trial or on any motion related to the use or admissibility of any information provided, as well as the right to object to further discovery relating to the subject matter of any information provided.

15.     DBSI's failure to object to any Request on a particular ground or grounds shall not be construed as a waiver of its right to object to any additional ground(s) consistent with further investigation and discovery.

## OBJECTIONS TO
## SPECIFIC REQUESTS FOR ADMISSIONS

In addition to the General Objections set forth above, which are expressly incorporated by reference in each response below, DBSI further makes the following specific objections.

## REQUEST NO. 1:

In 2004, you violated NASD Rule 3370 with respect to at least one short sale in a proprietary account.

## RESPONSE TO REQUEST NO. 1:

In addition to the General Objections set forth above, DBSI objects to Request No. 1 on the grounds that it is cumulative and duplicative of Plaintiffs' other discovery requests, including but not limited to Plaintiffs' Third Interrogatories, and, as such, is designed to harass DBSI. DBSI also objects to Request No. 1 on the grounds that it is overly broad and unduly burdensome. DBSI further objects to Request No. 1 on the ground that it seeks to impose an obligation on DBSI to gather information about securities other than TASER beyond what Plaintiffs represented to the Court in connection with their motion to compel concerning "same or similar conduct." Additionally, DBSI objects to Request No. 1 on the ground that the term "proprietary account" is overly broad, poorly defined and unduly burdensome. Finally, DBSI objects to this Request on the ground that it seeks information that is not relevant to the claims and defenses in this action, and thus not reasonably calculated to lead to the discovery of admissible evidence.

## REQUEST NO. 2:

In 2004, you violated UPC71 with respect to at least one short sale in a proprietary account.

**RESPONSE TO REQUEST NO. 2:**

In addition to the General Objections set forth above, DBSI objects to Request No. 2 on the grounds that it is cumulative and duplicative of Plaintiffs' other discovery requests, including but not limited to Plaintiffs' Third Interrogatories, and, as such, is designed to harass DBSI. DBSI also objects to Request No. 2 on the grounds that it is overly broad and unduly burdensome. DBSI further objects to Request No. 2 on the ground that it seeks to impose an obligation on DBSI to gather information about securities other than TASER beyond what Plaintiffs represented to the Court in connection with their motion to compel concerning "same or similar conduct." Additionally, DBSI objects to Request No. 2 on the ground that the term "proprietary account" is overly broad, poorly defined and unduly burdensome. Finally, DBSI objects to Request No. 2 on the ground that it seeks information that is not relevant to the claims and defenses in this action, and thus not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 3:**

In 2005, you violated Regulation SHO with respect to at least one short sale in a proprietary account.

**RESPONSE TO REQUEST NO. 3:**

In addition to the General Objections set forth above, DBSI objects to Request No. 3 on the grounds that it is cumulative and duplicative of Plaintiffs' other discovery requests, including but not limited to Plaintiffs' Third Interrogatories, and, as such, is designed to harass DBSI. DBSI also objects to Request No. 3 on the grounds that it is overly broad and unduly burdensome. DBSI further objects to Request No. 3 on the ground that it seeks to impose an obligation on DBSI to gather information about securities other than TASER beyond what Plaintiffs represented to the Court in connection with their motion to compel concerning "same or similar conduct." Additionally, DBSI objects to Request No. 3 on the ground that the term

"proprietary account" is overly broad, poorly defined and unduly burdensome. Finally, DBSI objects to Request No. 3 on the ground that it seeks information that is not relevant to the claims and defenses in this action, and thus not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 4:**

In 2006, you violated Regulation SHO with respect to at least one short sale in a proprietary account.

**RESPONSE TO REQUEST NO. 4:**

In addition to the General Objections set forth above, DBSI objects to Request No. 4 on the grounds that it is cumulative and duplicative of Plaintiffs' other discovery requests, including but not limited to Plaintiffs' Third Interrogatories, and, as such, is designed to harass DBSI. DBSI also objects to Request No. 4 on the grounds that it is overly broad and unduly burdensome. DBSI further objects to Request No. 4 on the ground that it seeks to impose an obligation on DBSI to gather information about securities other than TASER beyond what Plaintiffs represented to the Court in connection with their motion to compel concerning "same or similar conduct." Additionally, DBSI objects to Request No. 4 on the ground that the term "proprietary account" is overly broad, poorly defined and unduly burdensome. Finally, DBSI objects to Request No. 4 on the ground that it seeks information that is not relevant to the claims and defenses in this action, and thus not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 5:**

In 2007, you violated Regulation SHO with respect to at least one short sale in a proprietary account.

**RESPONSE TO REQUEST NO. 5:**

In addition to the General Objections set forth above, DBSI objects to Request No. 5 on the grounds that it is cumulative and duplicative of Plaintiffs' other discovery requests, including but not limited to Plaintiffs' Third Interrogatories, and, as such, is designed to harass DBSI. DBSI also objects to Request No. 5 on the grounds that it is overly broad and unduly burdensome. DBSI further objects to Request No. 5 on the ground that it seeks to impose an obligation on DBSI to gather information about securities other than TASER beyond what Plaintiffs represented to the Court in connection with their motion to compel concerning "same or similar conduct." Additionally, DBSI objects to Request No. 5 on the ground that the term "proprietary account" is overly broad, poorly defined and unduly burdensome. Finally, DBSI objects to Request No. 5 on the ground that it seeks information that is not relevant to the claims and defenses in this action, and thus not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 6:**

In 2008, you violated Regulation SHO with respect to at least one short sale in a proprietary account.

**RESPONSE TO REQUEST NO. 6:**

In addition to the General Objections set forth above, DBSI objects to Request No. 6 on the grounds that it is cumulative and duplicative of Plaintiffs' other discovery requests, including but not limited to Plaintiffs' Third Interrogatories, and, as such, is designed to harass DBSI. DBSI also objects to Request No. 6 on the grounds that it is overly broad and unduly burdensome. DBSI further objects to Request No. 6 on the ground that it seeks to impose an obligation on DBSI to gather information about securities other than TASER beyond what Plaintiffs represented to the Court in connection with their motion to compel concerning "same or similar conduct." Additionally, DBSI objects to Request No. 6 on the ground that the term

"proprietary account" is overly broad, poorly defined and unduly burdensome. Finally, DBSI objects to Request No. 6 on the ground that it seeks information that is not relevant to the claims and defenses in this action, and thus not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 7:**

In 2009, you violated Regulation SHO with respect to at least one short sale in a proprietary account.

**RESPONSE TO REQUEST NO. 7:**

In addition to the General Objections set forth above, DBSI objects to Request No. 7 on the grounds that it is cumulative and duplicative of Plaintiffs' other discovery requests, including but not limited to Plaintiffs' Third Interrogatories, and, as such, is designed to harass DBSI. DBSI also objects to Request No. 7 on the grounds that it is overly broad and unduly burdensome. DBSI further objects to Request No. 7 on the ground that it seeks to impose an obligation on DBSI to gather information about securities other than TASER beyond what Plaintiffs represented to the Court in connection with their motion to compel concerning "same or similar conduct." Additionally, DBSI objects to Request No. 7 on the ground that the term "proprietary account" is overly broad, poorly defined and unduly burdensome. Finally, DBSI objects to Request No. 7 on the ground that it seeks information that is not relevant to the claims and defenses in this action, and thus not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 8:**

In 2005, as an executing broker, you violated Regulation SHO with respect to at least one short sale for or on behalf of one of your customers.

**RESPONSE TO REQUEST NO. 8:**

  In addition to the General Objections set forth above, DBSI objects to Request No. 8 on the grounds that it is cumulative and duplicative of Plaintiffs' other discovery requests, including but not limited to Plaintiffs' Third Interrogatories, and, as such, is designed to harass DBSI. DBSI also objects to Request No. 8 on the grounds that it is overly broad and unduly burdensome. DBSI further objects to Request No. 8 on the ground that it seeks to impose an obligation on DBSI to gather information about securities other than TASER beyond what Plaintiffs represented to the Court in connection with their motion to compel concerning "same or similar conduct." Additionally, DBSI objects to Request No. 8 on the ground that it seeks information that is not relevant to the claims and defenses in this action, and thus not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 9:**

  In 2006, as an executing broker, you violated Regulation SHO with respect to at least one short sale for or on behalf of one of your customers.

**RESPONSE TO REQUEST NO. 9:**

  In addition to the General Objections set forth above, DBSI objects to Request No. 9 on the grounds that it is cumulative and duplicative of Plaintiffs' other discovery requests, including but not limited to Plaintiffs' Third Interrogatories, and, as such, is designed to harass DBSI. DBSI also objects to Request No. 9 on the grounds that it is overly broad and unduly burdensome. DBSI further objects to Request No. 9 on the ground that it seeks to impose an obligation on DBSI to gather information about securities other than TASER beyond what Plaintiffs represented to the Court in connection with their motion to compel concerning "same or similar conduct." Additionally, DBSI objects to Request No. 9 on the ground that it seeks information that is not relevant to the claims and defenses in this action, and thus not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 10**

In 2007, as an executing broker, you violated Regulation SHO with respect to at least one short sale for or on behalf of one of your customers.

**RESPONSE TO REQUEST NO. 10:**

In addition to the General Objections set forth above, DBSI objects to Request No. 10 on the grounds that it is cumulative and duplicative of Plaintiffs' other discovery requests, including but not limited to Plaintiffs' Third Interrogatories, and, as such, is designed to harass DBSI. DBSI also objects to Request No. 10 on the grounds that it is overly broad and unduly burdensome. DBSI further objects to Request No. 10 on the ground that it seeks to impose an obligation on DBSI to gather information about securities other than TASER beyond what Plaintiffs represented to the Court in connection with their motion to compel concerning "same or similar conduct." Additionally, DBSI objects to Request No. 10 on the ground that it seeks information that is not relevant to the claims and defenses in this action, and thus not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 11:**

In 2008, as an executing broker, you violated Regulation SHO with respect to at least one short sale for or on behalf of one of your customers.

**RESPONSE TO REQUEST NO. 11:**

In addition to the General Objections set forth above, DBSI objects to Request No. 11 on the grounds that it is cumulative and duplicative of Plaintiffs' other discovery requests, including but not limited to Plaintiffs' Third Interrogatories, and, as such, is designed to harass DBSI. DBSI also objects to Request No. 11 on the grounds that it is overly broad and unduly burdensome. DBSI further objects to Request No. 11 on the ground that it seeks to impose an obligation on DBSI to gather information about securities other than TASER beyond what Plaintiffs represented to the Court in connection with their motion to compel concerning

"same or similar conduct." Additionally, DBSI objects to Request No. 11 on the ground that it seeks information that is not relevant to the claims and defenses in this action, and thus not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 12:**

In 2009, as an executing broker, you violated Regulation SHO with respect to at least one short sale for or on behalf of one of your customers.

**RESPONSE TO REQUEST NO. 12:**

In addition to the General Objections set forth above, DBSI objects to Request No. 12 on the grounds that it is cumulative and duplicative of Plaintiffs' other discovery requests, including but not limited to Plaintiffs' Third Interrogatories, and, as such, is designed to harass DBSI. DBSI also objects to Request No. 12 on the grounds that it is overly broad and unduly burdensome. DBSI further objects to Request No. 12 on the ground that it seeks to impose an obligation on DBSI to gather information about securities other than TASER beyond what Plaintiffs represented to the Court in connection with their motion to compel concerning "same or similar conduct." Additionally, DBSI objects to Request No. 12 on the ground that it seeks information that is not relevant to the claims and defenses in this action, and thus not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 13:**

In 2005, you failed to deliver a security in the time required by Regulation SHO with respect to at least one short sale for a proprietary account;

**RESPONSE TO REQUEST NO. 13:**

In addition to the General Objections set forth above, DBSI objects to Request No. 13 on the grounds that it is cumulative and duplicative of Plaintiffs' other discovery requests, including but not limited to Plaintiffs' Third Interrogatories and Interrogatory No. 5 of Plaintiffs' Second Interrogatories, and, as such, is designed to harass DBSI. DBSI also objects to

Request No. 13 on the grounds that it is overly broad and unduly burdensome. DBSI also objects to Request No. 13 on the ground that it seeks to impose an obligation on DBSI to gather information about securities other than TASER beyond what Plaintiffs represented to the Court in connection with their motion to compel concerning "same or similar conduct." DBSI furthers objects to Request No. 13 on the grounds that the term "proprietary account" is overly broad, poorly defined and unduly burdensome. Additionally, DBSI objects to Request No. 13 on the ground that it seeks information that is not relevant to the claims and defenses in this action, and thus not reasonably calculated to lead to the discovery of admissible evidence. Finally, DBSI objects to Request No. 13 on the grounds that it is unclear, vague and ambiguous, including because the Continuous Net Settlement system aggregates and nets the daily receipt and daily delivery obligations of its participants and thus the system does not associate specific transactions or customers with specific failures to deliver.

**REQUEST NO. 14:**

In 2006, you failed to deliver a security in the time required by Regulation SHO with respect to at least one short sale for a proprietary account.

**RESPONSE TO REQUEST NO. 14:**

In addition to the General Objections set forth above, DBSI objects to Request No. 14 on the grounds that it is cumulative and duplicative of Plaintiffs' other discovery requests, including but not limited to Plaintiffs' Third Interrogatories and Interrogatory No. 5 of Plaintiffs' Second Interrogatories; and, as such, is designed to harass DBSI. DBSI also objects to Request No. 14 on the grounds that it is overly broad and unduly burdensome. DBSI also objects to Request No. 14 on the ground that it seeks to impose an obligation on DBSI to gather information about securities other than TASER beyond what Plaintiffs represented to the Court in connection with their motion to compel concerning "same or similar conduct." DBSI furthers

objects to Request No. 14 on the grounds that the term "proprietary account" is overly broad, poorly defined and unduly burdensome. Additionally, DBSI objects to Request No. 14 on the ground that it seeks information that is not relevant to the claims and defenses in this action, and thus not reasonably calculated to lead to the discovery of admissible evidence. Finally, DBSI objects to Request No. 14 on the grounds that it is unclear, vague and ambiguous, including because the Continuous Net Settlement system aggregates and nets the daily receipt and daily delivery obligations of its participants and thus the system does not associate specific transactions or customers with specific failures to deliver.

**REQUEST NO. 15:**

In 2007, you failed to deliver a security in the time required by Regulation SHO with respect to at least one short sale for a proprietary account.

**RESPONSE TO REQUEST NO. 15:**

In addition to the General Objections set forth above, DBSI objects to Request No. 15 on the grounds that it is cumulative and duplicative of Plaintiffs' other discovery requests, including but not limited to Plaintiffs' Third Interrogatories and Interrogatory No. 5 of Plaintiffs' Second Interrogatories, and, as such, is designed to harass DBSI. DBSI also objects to Request No. 15 on the grounds that it is overly broad and unduly burdensome. DBSI also objects to Request No. 15 on the ground that it seeks to impose an obligation on DBSI to gather information about securities other than TASER beyond what Plaintiffs represented to the Court in connection with their motion to compel concerning "same or similar conduct." DBSI furthers objects to Request No. 15 on the grounds that the term "proprietary account" is overly broad, poorly defined and unduly burdensome. Additionally, DBSI objects to Request No. 15 on the ground that it seeks information that is not relevant to the claims and defenses in this action, and thus not reasonably calculated to lead to the discovery of admissible evidence. Finally, DBSI

objects to Request No. 15 on the grounds that it is unclear, vague and ambiguous, including because the Continuous Net Settlement system aggregates and nets the daily receipt and daily delivery obligations of its participants and thus the system does not associate specific transactions or customers with specific failures to deliver.

**REQUEST NO. 16:**

> In 2008, you failed to deliver a security in the time required by Regulation SHO with respect to at least one short sale for a proprietary account.

**RESPONSE TO REQUEST NO. 16:**

> In addition to the General Objections set forth above, DBSI objects to Request No. 16 on the grounds that it is cumulative and duplicative of Plaintiffs' other discovery requests, including but not limited to Plaintiffs' Third Interrogatories and Interrogatory No. 5 of Plaintiffs' Second Interrogatories, and, as such, is designed to harass DBSI. DBSI also objects to Request No. 16 on the grounds that it is overly broad and unduly burdensome. DBSI also objects to Request No. 16 on the ground that it seeks to impose an obligation on DBSI to gather information about securities other than TASER beyond what Plaintiffs represented to the Court in connection with their motion to compel concerning "same or similar conduct." DBSI furthers objects to Request No. 16 on the grounds that the term "proprietary account" is overly broad, poorly defined and unduly burdensome. Additionally, DBSI objects to Request No. 16 on the ground that it seeks information that is not relevant to the claims and defenses in this action, and thus not reasonably calculated to lead to the discovery of admissible evidence. Finally, DBSI objects to Request No. 16 on the grounds that it is unclear, vague and ambiguous, including because the Continuous Net Settlement system aggregates and nets the daily receipt and daily delivery obligations of its participants and thus the system does not associate specific transactions or customers with specific failures to deliver.

**REQUEST NO. 17:**

In 2009, you failed to deliver a security in the time required by Regulation SHO with respect to at least one short sale for a proprietary account.

**RESPONSE TO REQUEST NO. 17:**

In addition to the General Objections set forth above, DBSI objects to Request No. 17 on the grounds that it is cumulative and duplicative of Plaintiffs' other discovery requests, including but not limited to Plaintiffs' Third Interrogatories and Interrogatory No. 5 of Plaintiffs' Second Interrogatories, and, as such, is designed to harass DBSI. DBSI also objects to Request No. 17 on the grounds that it is overly broad and unduly burdensome. DBSI also objects to Request No. 17 on the ground that it seeks to impose an obligation on DBSI to gather information about securities other than TASER beyond what Plaintiffs represented to the Court in connection with their motion to compel concerning "same or similar conduct." DBSI furthers objects to Request No. 17 on the grounds that the term "proprietary account" is overly broad, poorly defined and unduly burdensome. Additionally, DBSI objects to Request No. 17 on the ground that it seeks information that is not relevant to the claims and defenses in this action, and thus not reasonably calculated to lead to the discovery of admissible evidence. Finally, DBSI objects to Request No. 17 on the grounds that it is unclear, vague and ambiguous, including because the Continuous Net Settlement system aggregates and nets the daily receipt and daily delivery obligations of its participants and thus the system does not associate specific transactions or customers with specific failures to deliver.

**REQUEST NO. 18:**

In 2005, you failed to require a buy-in as required by Regulation SHO:

**RESPONSE TO REQUEST NO. 18:**

In addition to the General Objections set forth above, DBSI objects to Request No. 18 on the grounds that it is cumulative and duplicative of Plaintiffs' other discovery

requests, including but not limited to Plaintiffs' Third Interrogatories and Interrogatory No. 5 of Plaintiffs' Second Interrogatories, and, as such, is designed to harass DBSI. DBSI also objects to Request No. 18 on the ground that it is overly broad and unduly burdensome. DBSI also objects to Request No. 18 on the ground that it seeks to impose an obligation on DBSI to gather information about securities other than TASER beyond what Plaintiffs represented to the Court in connection with "same or similar conduct." DBSI further objects to Request No. 18 on the ground that it seeks information that is not relevant to the claims and defenses in this action, and thus not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 19:**

In 2006, you failed to require a buy-in as required by Regulation SHO.

**RESPONSE TO REQUEST NO. 19:**

In addition to the General Objections set forth above, DBSI objects to Request No. 19 on the grounds that it is cumulative and duplicative of Plaintiffs' other discovery requests, including but not limited to Plaintiffs' Third Interrogatories and Interrogatory No. 5 of Plaintiffs' Second Interrogatories, and, as such, is designed to harass DBSI. DBSI also objects to Request No. 19 on the ground that it is overly broad and unduly burdensome. DBSI also objects to Request No. 19 on the ground that it seeks to impose an obligation on DBSI to gather information about securities other than TASER beyond what Plaintiffs represented to the Court in connection with "same or similar conduct." DBSI further objects to Request No. 19 on the ground that it seeks information that is not relevant to the claims and defenses in this action, and thus not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 20:**

In 2007, you failed to require a buy-in as required by Regulation SHO.

**RESPONSE TO REQUEST NO. 20:**

In addition to the General Objections set forth above, DBSI objects to Request No. 20 on the grounds that it is cumulative and duplicative of Plaintiffs' other discovery requests, including but not limited to Plaintiffs' Third Interrogatories and Interrogatory No. 5 of Plaintiffs' Second Interrogatories, and, as such, is designed to harass DBSI. DBSI also objects to Request No. 20 on the ground that it is overly broad and unduly burdensome. DBSI also objects to Request No. 20 on the ground that it seeks to impose an obligation on DBSI to gather information about securities other than TASER beyond what Plaintiffs represented to the Court in connection with "same or similar conduct." DBSI further objects to Request No. 20 on the ground that it seeks information that is not relevant to the claims and defenses in this action, and thus not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 21:**

In 2008, you failed to require a buy-in as required by Regulation SHO.

**RESPONSE TO REQUEST NO. 21:**

In addition to the General Objections set forth above, DBSI objects to Request No. 21 on the grounds that it is cumulative and duplicative of Plaintiffs' other discovery requests, including but not limited to Plaintiffs' Third Interrogatories and Interrogatory No. 5 of Plaintiffs' Second Interrogatories, and, as such, is designed to harass DBSI. DBSI also objects to Request No. 21 on the ground that it is overly broad and unduly burdensome. DBSI also objects to Request No. 21 on the ground that it seeks to impose an obligation on DBSI to gather information about securities other than TASER beyond what Plaintiffs represented to the Court in connection with "same or similar conduct." DBSI further objects to Request No. 21 on the ground that it seeks information that is not relevant to the claims and defenses in this action, and thus not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 22:**

In 2009, you failed to require a buy-in as required by Regulation SHO.

**RESPONSE TO REQUEST NO. 22:**

In addition to the General Objections set forth above, DBSI objects to Request No. 22 on the grounds that it is cumulative and duplicative of Plaintiffs' other discovery requests, including but not limited to Plaintiffs' Third Interrogatories and Interrogatory No. 5 of Plaintiffs' Second Interrogatories, and, as such, is designed to harass DBSI. DBSI also objects to Request No. 22 on the ground that it is overly broad and unduly burdensome. DBSI also objects to Request No. 22 on the ground that it seeks to impose an obligation on DBSI to gather information about securities other than TASER beyond what Plaintiffs represented to the Court in connection with "same or similar conduct." DBSI further objects to Request No. 22 on the ground that it seeks information that is not relevant to the claims and defenses in this action, and thus not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 23:**

In 2005, you failed to close out at least one failure to deliver position as required by Regulation SHO.

**RESPONSE TO REQUEST NO. 23:**

In addition to the General Objections set forth above, DBSI objects to Request No. 23 on the grounds that it is cumulative and duplicative of Plaintiffs' other discovery requests, including but not limited to Plaintiffs' Third Interrogatories and Interrogatory No. 5 of Plaintiffs' Second Interrogatories, and, as such, is designed to harass DBSI. DBSI also objects to Request No. 23 on the grounds that it is overly broad and unduly burdensome. DBSI also objects to Request No. 23 on the ground that it seeks to impose an obligation on DBSI to gather information about securities other than TASER beyond what Plaintiffs represented to the Court in connection with "same or similar conduct." DBSI further objects to Request No. 23 on the

ground that it seeks information that is not relevant to the claims and defenses in this action, and thus not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 24:**

In 2006, you failed to close out at least one failure to deliver position as required by Regulation SHO.

**RESPONSE TO REQUEST NO. 24:**

In addition to the General Objections set forth above, DBSI objects to Request No. 24 on the grounds that it is cumulative and duplicative of Plaintiffs' other discovery requests, including but not limited to Plaintiffs' Third Interrogatories and Interrogatory No. 5 of Plaintiffs' Second Interrogatories, and, as such, is designed to harass DBSI. DBSI also objects to Request No. 24 on the grounds that it is overly broad and unduly burdensome. DBSI also objects to Request No. 24 on the ground that it seeks to impose an obligation on DBSI to gather information about securities other than TASER beyond what Plaintiffs represented to the Court in connection with "same or similar conduct." DBSI further objects to Request No. 24 on the ground that it seeks information that is not relevant to the claims and defenses in this action, and thus not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 25:**

In 2007, you failed to close out at least one failure to deliver position as required by Regulation SHO.

**RESPONSE TO REQUEST NO. 25:**

In addition to the General Objections set forth above, DBSI objects to Request No. 25 on the grounds that it is cumulative and duplicative of Plaintiffs' other discovery requests, including but not limited to Plaintiffs' Third Interrogatories and Interrogatory No. 5 of Plaintiffs' Second Interrogatories, and, as such, is designed to harass DBSI. DBSI also objects to Request No. 25 on the grounds that it is overly broad and unduly burdensome. DBSI also

objects to Request No. 25 on the ground that it seeks to impose an obligation on DBSI to gather information about securities other than TASER beyond what Plaintiffs represented to the Court in connection with "same or similar conduct." DBSI further objects to Request No. 25 on the ground that it seeks information that is not relevant to the claims and defenses in this action, and thus not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 26:**

In 2008, you failed to close out at least one failure to deliver position as required by Regulation SHO.

**RESPONSE TO REQUEST NO. 26:**

In addition to the General Objections set forth above, DBSI objects to Request No. 26 on the grounds that it is cumulative and duplicative of Plaintiffs' other discovery requests, including but not limited to Plaintiffs' Third Interrogatories and Interrogatory No. 5 of Plaintiffs' Second Interrogatories, and, as such, is designed to harass DBSI. DBSI also objects to Request No. 26 on the grounds that it is overly broad and unduly burdensome. DBSI also objects to Request No. 26 on the ground that it seeks to impose an obligation on DBSI to gather information about securities other than TASER beyond what Plaintiffs represented to the Court in connection with "same or similar conduct." DBSI further objects to Request No. 26 on the ground that it seeks information that is not relevant to the claims and defenses in this action, and thus not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 27:**

In 2009, you failed to close out at least one failure to deliver position as required by Regulation SHO.

**RESPONSE TO REQUEST NO. 27:**

In addition to the General Objections set forth above, DBSI objects to Request No. 27 on the grounds that it is cumulative and duplicative of Plaintiffs' other discovery

requests, including but not limited to Plaintiffs' Third Interrogatories and Interrogatory No. 5 of Plaintiffs' Second Interrogatories, and, as such, is designed to harass DBSI. DBSI also objects to Request No. 27 on the grounds that it is overly broad and unduly burdensome. DBSI also objects to Request No. 27 on the ground that it seeks to impose an obligation on DBSI to gather information about securities other than TASER beyond what Plaintiffs represented to the Court in connection with "same or similar conduct." DBSI further objects to Request No. 27 on the ground that it seeks information that is not relevant to the claims and defenses in this action, and thus not reasonably calculated to lead to the discovery of admissible evidence.

Dated:      July 19, 2010

_____
Gregory A. Markel
(admitted *pro hac vice*)
Peter J. Isajiw
(admitted *pro hac vice*)
CADWALADER, WICKERSHAM & TAFT LLP
1 World Financial Center
New York, New York 10281
Tel: (212) 504-6000
Fax: (212) 504-6666

*Attorneys for Deutsche Bank Securities Inc.*

Richard H. Sinkfield
Georgia Bar No. 649100
Don F. Laney III
Georgia Bar No. 435290

ROGERS & HARDIN LLP
2700 International Tower
Peachtree Center
229 Peachtree Street, NW
Atlanta, Georgia 30307
Phone: 404-522-4700
Fax: 404-525-2224

*Attorneys for Defendants Morgan Stanley & Co.
Incorporated; Goldman, Sachs & Co., Goldman
Sachs Execution & Clearing, L.P.; Bear,
Stearns Securities Corp. (n/k/a JP Morgan
Clearing Corp.) Bear, Stearns & Co. Inc. (n/k/a
JP Morgan Securities Inc.); Merrill Lynch,
Pierce, Fenner & Smith, Inc.; Deutsche Bank
Securities Inc.; Credit Suisse Securities (USA)
LLC, Inc.; Banc of America Securities LLC; and
UBS Securities, LLC*

**State Court of Fulton County**
**\*\*\*EFILED\*\*\***
LexisNexis Transaction ID: 32215379
Date: Jul 19 2010  9:53PM
Mark Harper, Clerk

# Exhibit H

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

TASER INTERNATIONAL, INC.,
*et al.*,

      Plaintiffs,

                                         Civil Case No.

v.                                     2008-EV-004739-B

MORGAN STANLEY & CO., INC.,
*et al.*,

      Defendants.

## RESPONSES AND OBJECTIONS OF DEFENDANTS GOLDMAN, SACHS & CO. AND GOLDMAN SACHS EXECUTION & CLEARING, L.P. TO PLAINTIFFS' FIFTH REQUESTS FOR ADMISSIONS TO DEFENDANTS GOLDMAN, SACHS & CO. AND GOLDMAN SACHS EXECUTION & CLEARING, L.P.

Defendants Goldman, Sachs & Co. ("GS&Co.") and Goldman Sachs Execution & Clearing, L.P. ("GSEC") (collectively "Goldman Sachs") hereby object and respond as follows to Plaintiffs' Fifth Requests for Admission to Goldman Sachs (the "Requests").

At the outset, Goldman Sachs notes that it has already produced to Plaintiffs over three million pages of documents and thousands of gigabytes of data. Goldman Sachs also has provided a significant volume of information in response to Plaintiffs' numerous previous interrogatories, requests for admission and informal discovery requests. Notwithstanding these facts, Plaintiffs seek through these Interrogatories to again improperly expand the scope of discovery into a general audit of Goldman Sachs's short selling and related trade settlement activities concerning all securities over a five-year time period, regardless of whether those activities had any effect on trading in TASER securities. This directly contradicts Plaintiffs' express representation to the Court on December 3, 2009 that expanding the scope of discovery to include "same or similar conduct" would not impose any additional burden on Defendants.

*See* Plaintiffs' Reply in Support of Plaintiffs' Motion to Compel Production of Documents, filed December 3, 2009, at 14-15. Moreover, the expense and burden that would be involved in responding to these Interrogatories is not justified because Plaintiffs have (a) yet to even identify any instances of alleged "abusive naked short selling" with respect to TASER—the only security at issue in this litigation, and (b) produced documents that show that nearly every Plaintiff profited from their trading in TASER and thus suffered no cognizable harm as a result of the alleged misconduct.

Contemporaneous with service of these responses, Goldman Sachs and all other Defendants are filing a Motion For Protective Order With Respect To Plaintiffs' June 10, 2010 Discovery for the reasons discussed herein and as explained in further detail in their Motion. Goldman Sachs reserves the right to amend these objections and, if necessary, to respond to the Requests following a decision on that motion.

## GENERAL OBJECTIONS

Goldman Sachs hereby makes the following General Objections, which apply to each Request and are incorporated by reference in the response to each Request as if set forth fully therein. Goldman Sachs's response to each Request is made subject to and without waiving these General Objections or any specific objections raised by Goldman Sachs. To improve readability, Goldman Sachs has not repeated these objections in its response to each Request. Failure to reiterate a General Objection below does not constitute a waiver of that or any other objection.

1.      Goldman Sachs objects to all Definitions and Requests to the extent that they call for Goldman Sachs to do more than is required under the Official Code of Georgia, the Uniform State Court Rules, the Local Rules or other applicable law.

2.     Goldman Sachs objects to the Requests on the grounds that they are overbroad and duplicative of Plaintiffs' prior discovery requests and, as such, are designed to harass Goldman Sachs.  Specifically, the Requests are duplicative of Plaintiffs' Amended Second Set of Interrogatories No. 5 and Plaintiffs' Third Set of Interrogatories to Defendants Other Than UBS. Contemporaneous with service of these responses, Goldman Sachs and all other Defendants are filing a Motion For Protective Order With Respect To Plaintiffs' June 10, 2010 Discovery for the reasons discussed herein and as explained in further detail in their Motion.  Goldman Sachs reserves the right to amend these objections and, if necessary, to respond to the Requests following a decision on that motion.

3.     Goldman Sachs objects to the Requests on the ground that they are unduly burdensome because they seek to impose an obligation on Goldman Sachs to gather information about securities other than TASER beyond what Plaintiffs represented to the Court in connection with their motion to compel relating to "same or similar conduct."  (*See* Defendants' Motion For Protective Order With Respect To Discovery Served By Plaintiffs On June 10, 2010.)

4.     Goldman Sachs objects to each Request to the extent that it seeks information that is not relevant to the claims and defenses in this action and thus not reasonably calculated to lead to the discovery of admissible evidence.

5.     Goldman Sachs reserves all objections that may be available to it at any hearing or trial or on any motion related to the use or admissibility of any information provided, as well as the right to object to further discovery relating to the subject matter of any information provided.

6.     Goldman Sachs objects to each Request to the extent it seeks information and/or documents covered by the attorney-client privilege, the joint defense or common interest

-3-

privilege, the attorney work product doctrine, or any other legally recognized privilege, immunity or exemption from production.

7.     Goldman Sachs objects to the Requests as premature, improper, unduly oppressive and intended to harass Goldman Sachs.  To the extent Goldman Sachs later answers any of the Requests, Goldman Sachs will make a good faith attempt to respond to the Requests based on its knowledge of the relevant facts *at that time*.  Because Goldman Sachs continues to review the relevant substantive and procedural facts of this case, its current position with respect to any of the Requests might change as a result of this ongoing review.  Therefore, Goldman Sachs reserves the right to supplement or alter its responses at any time pursuant to § 9-11-26(e) of the Official Code of Georgia.  Goldman Sachs also reserves the right to use or rely on, at any time, subsequently discovered information or information omitted from these responses as a result of mistake, error, oversight or inadvertence.

8.     Goldman Sachs objects to each Request on the grounds that, taken as a whole and as written, the Requests are overbroad, unduly burdensome and vague, and purport to require the production of irrelevant information for a period of more than six years.

9.     Goldman Sachs objects to each Request to the extent it purports to require Goldman Sachs to seek documents and/or information in the possession, custody or control of other persons or entities.

10.     Goldman Sachs objects to each Request to the extent it requires Goldman Sachs to search for, review, provide and/or conduct an analysis of information and/or documents that are not centrally maintained or from persons not believed to have significant involvement in the transactions at issue.  Any Request that purports to require Goldman Sachs to do more than that seeks to impose an undue burden and/or unreasonable costs upon Goldman Sachs.

-4-

11.     Goldman Sachs objects to the definition of the terms "You," "Your" and "Yourself" to the extent Plaintiffs employ those terms to seek information beyond Goldman Sachs's possession, custody or control or about entities other than Goldman Sachs.  To the extent Goldman Sachs later responds to any of the Requests, Goldman Sachs will respond only on behalf of the entities named as Defendants in the Sixth Amended Complaint.  Goldman Sachs also objects to the definition of the terms "You" "Your" and "Yours" to the extent they seek information and/or documents covered by the attorney-client privilege, the attorney work product doctrine, or any other privilege or immunity from discovery.

12.     Goldman Sachs objects to the definition of the term "proprietary account" as overbroad, vague and ambiguous.  To the extent Goldman Sachs later responds to any of the Requests, Goldman Sachs will respond to any request concerning "proprietary account" as referring to trading by Goldman Sachs on its own behalf (i.e., as a principal, putting the firm's assets at risk) for the purpose of profiting from a long or short position in the particular security.

13.     Goldman Sachs's failure to object to any Request on a particular ground or grounds shall not be construed as a waiver of its right to object to any additional ground(s) consistent with further investigation and discovery.

## SPECIFIC OBJECTIONS AND RESPONSES

### REQUEST NO. 1

In 2004, you violated NASD Rule 3370 with respect to at least one short sale in a proprietary account.

### RESPONSE TO REQUEST NO. 1:

Goldman Sachs objects to Request No. 1 on the grounds that it is cumulative and duplicative of Plaintiffs' other discovery requests, including but not limited to Plaintiffs' Third Set of Interrogatories To All Defendants Except UBS, and, as such, is designed to harass

Goldman Sachs.  Goldman Sachs also objects to Request No. 1 on the grounds that it is
overbroad, unduly burdensome, and seeks to impose an obligation on Goldman Sachs to gather
information about securities other than TASER beyond what Plaintiffs represented to the Court
in connection with their motion to compel concerning "same or similar conduct."  Goldman
Sachs further objects to Request No. 1 on the ground that the term "proprietary account" is
overbroad, poorly defined, and unduly burdensome.  Additionally, Goldman Sachs objects to
Request No. 1 on the ground that it seeks information that is not relevant to the claims and
defenses in this action and thus not reasonably calculated to lead to the discovery of admissible
evidence.

**REQUEST NO. 2:**

In 2004, you violated UPC71 with respect to at least one short sale in a proprietary
account.

**RESPONSE TO REQUEST NO. 2:**

Goldman Sachs objects to Request No. 2 on the grounds that it is cumulative and
duplicative of Plaintiffs' other discovery requests, including but not limited to Plaintiffs' Third
Set of Interrogatories To All Defendants Except UBS, and, as such, is designed to harass
Goldman Sachs.  Goldman Sachs also objects to Request No. 2 on the grounds that it is
overbroad, burdensome, and seeks to impose an obligation on Goldman Sachs to gather
information about securities other than TASER beyond what Plaintiffs represented to the Court
in connection with their motion to compel concerning "same or similar conduct."  Goldman
Sachs further objects to Request No. 2 on the ground that the term "proprietary account" is
overbroad, poorly defined, and unduly burdensome.  Additionally, Goldman Sachs objects to
Request No. 2 on the ground that it seeks information that is not relevant to the claims and

defenses in this action and thus not reasonably calculated to lead to the discovery of admissible evidence.

## REQUEST NO. 3:

In 2005, you violated Regulation SHO with respect to at least one short sale in a proprietary account.

## RESPONSE TO REQUEST NO. 3:

Goldman Sachs objects to Request No. 3 on the grounds that it is cumulative and duplicative of Plaintiffs' other discovery requests, including but not limited to Plaintiffs' Third Set of Interrogatories To All Defendants Except UBS, and, as such, is designed to harass Goldman Sachs.  Goldman Sachs also objects to Request No. 3 on the grounds that it is overbroad, unduly burdensome, and seeks to impose an obligation on Goldman Sachs to gather information about securities other than TASER beyond what Plaintiffs represented to the Court in connection with their motion to compel concerning "same or similar conduct."  Goldman Sachs further objects to Request No. 3 on the ground that the term "proprietary account" is overbroad, poorly defined, and unduly burdensome.  Additionally, Goldman Sachs objects to Request No. 3 on the ground that it seeks information that is not relevant to the claims and defenses in this action and thus not reasonably calculated to lead to the discovery of admissible evidence.

## REQUEST NO. 4:

In 2006, you violated Regulation SHO with respect to at least one short sale in a proprietary account.

## RESPONSE TO REQUEST NO. 4:

Goldman Sachs objects to Request No. 4 on the grounds that it is cumulative and duplicative of Plaintiffs' other discovery requests, including but not limited to Plaintiffs' Third

-7-

Set of Interrogatories To All Defendants Except UBS, and, as such, is designed to harass Goldman Sachs.  Goldman Sachs also objects to Request No. 4 on the grounds that it is overbroad, unduly burdensome, and seeks to impose an obligation on Goldman Sachs to gather information about securities other than TASER beyond what Plaintiffs represented to the Court in connection with their motion to compel concerning "same or similar conduct."  Goldman Sachs further objects to Request No. 4 on the ground that the term "proprietary account" is overbroad, poorly defined, and unduly burdensome.  Additionally, Goldman Sachs objects to Request No. 4 on the ground that it seeks information that is not relevant to the claims and defenses in this action and thus not reasonably calculated to lead to the discovery of admissible evidence.

## REQUEST NO. 5:

In 2007, you violated Regulation SHO with respect to at least one short sale in a proprietary account.

## RESPONSE TO REQUEST NO. 5:

Goldman Sachs objects to Request No. 5 on the grounds that it is cumulative and duplicative of Plaintiffs' other discovery requests, including but not limited to Plaintiffs' Third Set of Interrogatories To All Defendants Except UBS, and, as such, is designed to harass Goldman Sachs.  Goldman Sachs also objects to Request No. 5 on the grounds that it is overbroad, unduly burdensome, and seeks to impose an obligation on Goldman Sachs to gather information about securities other than TASER beyond what Plaintiffs represented to the Court in connection with their motion to compel concerning "same or similar conduct."  Goldman Sachs further objects to Request No. 5 on the ground that the term "proprietary account" is overbroad, poorly defined, and unduly burdensome.  Additionally, Goldman Sachs objects to Request No. 5 on the ground that it seeks information that is not relevant to the claims and

defenses in this action and thus not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 6:**

In 2008, you violated Regulation SHO with respect to at least one short sale in a proprietary account.

**RESPONSE TO REQUEST NO. 6:**

Goldman Sachs objects to Request No. 6 on the grounds that it is cumulative and duplicative of Plaintiffs' other discovery requests, including but not limited to Plaintiffs' Third Set of Interrogatories To All Defendants Except UBS, and, as such, is designed to harass Goldman Sachs.  Goldman Sachs also objects to Request No. 6 on the grounds that it is overbroad, unduly burdensome, and seeks to impose an obligation on Goldman Sachs to gather information about securities other than TASER beyond what Plaintiffs represented to the Court in connection with their motion to compel concerning "same or similar conduct."  Goldman Sachs further objects to Request No. 6 on the ground that the term "proprietary account" is overbroad, poorly defined, and unduly burdensome.  Additionally, Goldman Sachs objects to Request No. 6 on the ground that it seeks information that is not relevant to the claims and defenses in this action and thus not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 7:**

In 2009, you violated Regulation SHO with respect to at least one short sale in a proprietary account.

**RESPONSE TO REQUEST NO. 7:**

Goldman Sachs objects to Request No. 7 on the grounds that it is cumulative and duplicative of Plaintiffs' other discovery requests, including but not limited to Plaintiffs' Third

Set of Interrogatories To All Defendants Except UBS, and, as such, is designed to harass Goldman Sachs. Goldman Sachs also objects to Request No. 7 on the grounds that it is overbroad, unduly burdensome, and seeks to impose an obligation on Goldman Sachs to gather information about securities other than TASER beyond what Plaintiffs represented to the Court in connection with their motion to compel concerning "same or similar conduct." Goldman Sachs further objects to Request No. 7 on the ground that the term "proprietary account" is overbroad, poorly defined, and unduly burdensome. Additionally, Goldman Sachs objects to Request No. 7 on the ground that it seeks information that is not relevant to the claims and defenses in this action and thus not reasonably calculated to lead to the discovery of admissible evidence.

## REQUEST NO. 8:

In 2005, as an executing broker, you violated Regulation SHO with respect to at least one short sale for or on behalf of one of your customers.

## RESPONSE TO REQUEST NO. 8:

Goldman Sachs objects to Request No. 8 on the grounds that it is cumulative and duplicative of Plaintiffs' other discovery requests, including but not limited to Plaintiffs' Third Set of Interrogatories To All Defendants Except UBS, and, as such, is designed to harass Goldman Sachs. Goldman Sachs also objects to Request No. 8 on the grounds that it is overbroad, unduly burdensome, and seeks to impose an obligation on Goldman Sachs to gather information about securities other than TASER beyond what Plaintiffs represented to the Court in connection with "same or similar conduct." Goldman Sachs further objects to Request No. 8 on the ground that it seeks information that is not relevant to the claims and defenses in this action and thus not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 9:**

In 2006, as an executing broker, you violated Regulation SHO with respect to at least one short sale for or on behalf of one of your customers.

**RESPONSE TO REQUEST NO. 9:**

Goldman Sachs objects to Request No. 9 on the grounds that it is cumulative and

duplicative of Plaintiffs' other discovery requests, including but not limited to Plaintiffs' Third

Set of Interrogatories To All Defendants Except UBS, and, as such, is designed to harass

Goldman Sachs.  Goldman Sachs also objects to Request No. 9 on the grounds that it is

overbroad, unduly burdensome, and seeks to impose an obligation on Goldman Sachs to gather

information about securities other than TASER beyond what Plaintiffs represented to the Court

in connection with "same or similar conduct."  Goldman Sachs further objects to Request No. 9

on the ground that it seeks information that is not relevant to the claims and defenses in this

action and thus not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 10:**

In 2007, as an executing broker, you violated Regulation SHO with respect to at least one short sale for or on behalf of one of your customers.

**RESPONSE TO REQUEST NO. 10:**

Goldman Sachs objects to Request No. 10 on the grounds that it is cumulative and

duplicative of Plaintiffs' other discovery requests, including but not limited to Plaintiffs' Third

Set of Interrogatories To All Defendants Except UBS, and, as such, is designed to harass

Goldman Sachs.  Goldman Sachs also objects to Request No. 10 on the grounds that it is

overbroad, unduly burdensome, and seeks to impose an obligation on Goldman Sachs to gather

information about securities other than TASER beyond what Plaintiffs represented to the Court

in connection with "same or similar conduct."  Goldman Sachs further objects to Request No. 10

on the ground that it seeks information that is not relevant to the claims and defenses in this action and thus not reasonably calculated to lead to the discovery of admissible evidence.

## REQUEST NO. 11:

In 2008, as an executing broker, you violated Regulation SHO with respect to at least one short sale for or on behalf of one of your customers.

## RESPONSE TO REQUEST NO. 11:

Goldman Sachs objects to Request No. 11 on the grounds that it is cumulative and duplicative of Plaintiffs' other discovery requests, including but not limited to Plaintiffs' Third Set of Interrogatories To All Defendants Except UBS, and, as such, is designed to harass Goldman Sachs. Goldman Sachs also objects to Request No. 11 on the grounds that it is overbroad, unduly burdensome, and seeks to impose an obligation on Goldman Sachs to gather information about securities other than TASER beyond what Plaintiffs represented to the Court in connection with "same or similar conduct." Goldman Sachs further objects to Request No. 11 on the ground that it seeks information that is not relevant to the claims and defenses in this action and thus not reasonably calculated to lead to the discovery of admissible evidence.

## REQUEST NO. 12:

In 2009, as an executing broker, you violated Regulation SHO with respect to at least one short sale for or on behalf of one of your customers.

## RESPONSE TO REQUEST NO. 12:

Goldman Sachs objects to Request No. 12 on the grounds that it is cumulative and duplicative of Plaintiffs' other discovery requests, including but not limited to Plaintiffs' Third Set of Interrogatories To All Defendants Except UBS, and, as such, is designed to harass Goldman Sachs. Goldman Sachs also objects to Request No. 12 on the grounds that it is overbroad, unduly burdensome, and seeks to impose an obligation on Goldman Sachs to gather

-12-

information about securities other than TASER beyond what Plaintiffs represented to the Court

in connection with "same or similar conduct."  Goldman Sachs further objects to Request No. 12

on the ground that it seeks information that is not relevant to the claims and defenses in this

action and thus not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 13:**

In 2005, you failed to deliver a security in the time required by Regulation SHO with
respect to at least one short sale for a proprietary account.

**RESPONSE TO REQUEST NO. 13:**

Goldman Sachs objects to Request No. 13 on the grounds that it is cumulative and

duplicative of Plaintiffs' other discovery requests, including but not limited to Plaintiffs' Third

Set of Interrogatories To All Defendants Except UBS and Plaintiffs' Second Set of

Interrogatories To Each Defendant, Interrogatory No. 5, and, as such, is designed to harass

Goldman Sachs.  Goldman Sachs also objects to Request No. 13 on the grounds that it is

overbroad, unduly burdensome, and seeks to impose an obligation on Goldman Sachs to gather

information about securities other than TASER beyond what Plaintiffs represented to the Court

in connection with their motion to compel concerning "same or similar conduct."  Goldman

Sachs further objects to Request No. 13 on the grounds that the term "proprietary account" is

overbroad, poorly defined, and unduly burdensome.  Additionally, Goldman Sachs objects to

Request No. 13 on the ground that it seeks information that is not relevant to the claims and

defenses in this action and thus not reasonably calculated to lead to the discovery of admissible

evidence.  Finally, Goldman Sachs objects to Request No. 13 as unclear, vague and ambiguous,

particularly because the Continuous Net Settlement system aggregates and nets the daily receipt

and daily delivery obligations of its participants and thus the system does not associate specific

transactions or customers with specific failures to deliver.

-13-

## REQUEST NO. 14:

In 2006, you failed to deliver a security in the time required by Regulation SHO with respect to at least one short sale for a proprietary account.

## RESPONSE TO REQUEST NO. 14:

Goldman Sachs objects to Request No. 14 on the grounds that it is cumulative and duplicative of Plaintiffs' other discovery requests, including but not limited to Plaintiffs' Third Set of Interrogatories To All Defendants Except UBS and Plaintiffs' Second Set of Interrogatories To Each Defendant, Interrogatory No. 5, and, as such, is designed to harass Goldman Sachs. Goldman Sachs also objects to Request No. 14 on the grounds that it is overbroad, unduly burdensome, and seeks to impose an obligation on Goldman Sachs to gather information about securities other than TASER beyond what Plaintiffs represented to the Court in connection with their motion to compel concerning "same or similar conduct." Goldman Sachs further objects to Request No. 14 on the grounds that the term "proprietary account" is overbroad, poorly defined, and unduly burdensome. Additionally, Goldman Sachs objects to Request No. 14 on the ground that it seeks information that is not relevant to the claims and defenses in this action and thus not reasonably calculated to lead to the discovery of admissible evidence. Finally, Goldman Sachs objects to Request No. 14 as unclear, vague and ambiguous, particularly because the Continuous Net Settlement system aggregates and nets the daily receipt and daily delivery obligations of its participants and thus the system does not associate specific transactions or customers with specific failures to deliver.

## REQUEST NO. 15:

In 2007, you failed to deliver a security in the time required by Regulation SHO with respect to at least one short sale for a proprietary account.

## RESPONSE TO REQUEST NO. 15:

Goldman Sachs objects to Request No. 15 on the grounds that it is cumulative and duplicative of Plaintiffs' other discovery requests, including but not limited to Plaintiffs' Third Set of Interrogatories To All Defendants Except UBS and Plaintiffs' Second Set of Interrogatories To Each Defendant, Interrogatory No. 5, and, as such, is designed to harass Goldman Sachs. Goldman Sachs also objects to Request No. 15 on the grounds that it is overbroad, unduly burdensome, and seeks to impose an obligation on Goldman Sachs to gather information about securities other than TASER beyond what Plaintiffs represented to the Court in connection with their motion to compel concerning "same or similar conduct." Goldman Sachs further objects to Request No. 15 on the grounds that the term "proprietary account" is overbroad, poorly defined, and unduly burdensome. Additionally, Goldman Sachs objects to Request No. 15 on the ground that it seeks information that is not relevant to the claims and defenses in this action and thus not reasonably calculated to lead to the discovery of admissible evidence. Finally, Goldman Sachs objects to Request No. 15 as unclear, vague and ambiguous, particularly because the Continuous Net Settlement system aggregates and nets the daily receipt and daily delivery obligations of its participants and thus the system does not associate specific transactions or customers with specific failures to deliver.

## REQUEST NO. 16:

In 2008, you failed to deliver a security in the time required by Regulation SHO with respect to at least one short sale for a proprietary account.

## RESPONSE TO REQUEST NO. 16:

Goldman Sachs objects to Request No. 16 on the grounds that it is cumulative and duplicative of Plaintiffs' other discovery requests, including but not limited to Plaintiffs' Third Set of Interrogatories To All Defendants Except UBS and Plaintiffs' Second Set of Interrogatories To Each Defendant, Interrogatory No. 5, and, as such, is designed to harass Goldman Sachs. Goldman Sachs also objects to Request No. 16 on the grounds that it is overbroad, unduly burdensome, and seeks to impose an obligation on Goldman Sachs to gather information about securities other than TASER beyond what Plaintiffs represented to the Court in connection with their motion to compel concerning "same or similar conduct." Goldman Sachs further objects to Request No. 16 on the grounds that the term "proprietary account" is overbroad, poorly defined, and unduly burdensome. Additionally, Goldman Sachs objects to Request No. 16 on the ground that it seeks information that is not relevant to the claims and defenses in this action and thus not reasonably calculated to lead to the discovery of admissible evidence. Finally, Goldman Sachs objects to Request No. 16 as unclear, vague and ambiguous, particularly because the Continuous Net Settlement system aggregates and nets the daily receipt and daily delivery obligations of its participants and thus the system does not associate specific transactions or customers with specific failures to deliver.

**REQUEST NO. 17:**

In 2009, you failed to deliver a security in the time required by Regulation SHO with respect to at least one short sale for a proprietary account.

**RESPONSE TO REQUEST NO. 17:**

Goldman Sachs objects to Request No. 17 on the grounds that it is cumulative and duplicative of Plaintiffs' other discovery requests, including but not limited to Plaintiffs' Third Set of Interrogatories To All Defendants Except UBS and Plaintiffs' Second Set of Interrogatories To Each Defendant, Interrogatory No. 5, and, as such, is designed to harass Goldman Sachs. Goldman Sachs also objects to Request No. 17 on the grounds that it is overbroad, unduly burdensome, and seeks to impose an obligation on Goldman Sachs to gather information about securities other than TASER beyond what Plaintiffs represented to the Court in connection with their motion to compel concerning "same or similar conduct." Goldman Sachs further objects to Request No. 17 on the grounds that the term "proprietary account" is overbroad, poorly defined, and unduly burdensome. Additionally, Goldman Sachs objects to Request No. 17 on the ground that it seeks information that is not relevant to the claims and defenses in this action and thus not reasonably calculated to lead to the discovery of admissible evidence. Finally, Goldman Sachs objects to Request No. 17 as unclear, vague and ambiguous, particularly because the Continuous Net Settlement system aggregates and nets the daily receipt and daily delivery obligations of its participants and thus the system does not associate specific transactions or customers with specific failures to deliver.

**REQUEST NO. 18:**

In 2005, you failed to require a buy-in as required by Regulation SHO.

**RESPONSE TO REQUEST NO. 18:**

Goldman Sachs objects to Request No. 18 on the grounds that it is cumulative and duplicative of Plaintiffs' other discovery requests, including but not limited to Plaintiffs' Third Set of Interrogatories To All Defendants Except UBS and Plaintiffs' Second Set of Interrogatories To Each Defendant, Interrogatory No. 5, and, as such, is designed to harass Goldman Sachs. Goldman Sachs also objects to Request No. 18 on the grounds that it is overbroad, unduly burdensome, and seeks to impose an obligation on Goldman Sachs to gather information about securities other than TASER beyond what Plaintiffs represented to the Court in connection with "same or similar conduct." Goldman Sachs further objects to Request No. 18 on the ground that it seeks information that is not relevant to the claims and defenses in this action and thus not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 19:**

In 2006, you failed to require a buy-in as required by Regulation SHO.

**RESPONSE TO REQUEST NO. 19:**

Goldman Sachs objects to Request No. 19 on the grounds that it is cumulative and duplicative of Plaintiffs' other discovery requests, including but not limited to Plaintiffs' Third Set of Interrogatories To All Defendants Except UBS and Plaintiffs' Second Set of Interrogatories To Each Defendant, Interrogatory No. 5, and, as such, is designed to harass Goldman Sachs. Goldman Sachs also objects to Request No. 19 on the grounds that it is overbroad, unduly burdensome, and seeks to impose an obligation on Goldman Sachs to gather information about securities other than TASER beyond what Plaintiffs represented to the Court

-18-

in connection with "same or similar conduct." Goldman Sachs further objects to Request No. 19 on the ground that it seeks information that is not relevant to the claims and defenses in this action and thus not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 20:**

In 2007, you failed to require a buy-in as required by Regulation SHO.

**RESPONSE TO REQUEST NO. 20:**

Goldman Sachs objects to Request No. 20 on the grounds that it is cumulative and duplicative of Plaintiffs' other discovery requests, including but not limited to Plaintiffs' Third Set of Interrogatories To All Defendants Except UBS and Plaintiffs' Second Set of Interrogatories To Each Defendant, Interrogatory No. 5, and, as such, is designed to harass Goldman Sachs.  Goldman Sachs also objects to Request No. 20 on the grounds that it is overbroad, unduly burdensome, and seeks to impose an obligation on Goldman Sachs to gather information about securities other than TASER beyond what Plaintiffs represented to the Court in connection with "same or similar conduct."  Goldman Sachs further objects to Request No. 20 on the ground that it seeks information that is not relevant to the claims and defenses in this action and thus not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 21:**

In 2008, you failed to require a buy-in as required by Regulation SHO.

**RESPONSE TO REQUEST NO. 21:**

Goldman Sachs objects to Request No. 20 on the grounds that it is cumulative and duplicative of Plaintiffs' other discovery requests, including but not limited to Plaintiffs' Third Set of Interrogatories To All Defendants Except UBS and Plaintiffs' Second Set of Interrogatories To Each Defendant, Interrogatory No. 5, and, as such, is designed to harass

Goldman Sachs.  Goldman Sachs also objects to Request No. 20 on the grounds that it is

overbroad, unduly burdensome and seeks to impose an obligation on Goldman Sachs to gather

information about securities other than TASER beyond what Plaintiffs represented to the Court

in connection with "same or similar conduct."  Goldman Sachs further objects to Request No. 20

on the ground that it seeks information that is not relevant to the claims and defenses in this

action and thus not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 22:**

In 2009, you failed to require a buy-in as required by Regulation SHO.

**RESPONSE TO REQUEST NO. 22:**

Goldman Sachs objects to Request No. 22 on the grounds that it is cumulative and

duplicative of Plaintiffs' other discovery requests, including but not limited to Plaintiffs' Third

Set of Interrogatories To All Defendants Except UBS and Plaintiffs' Second Set of

Interrogatories To Each Defendant, Interrogatory No. 5, and, as such, is designed to harass

Goldman Sachs.  Goldman Sachs also objects to Request No. 22 on the grounds that it is

overbroad, unduly burdensome, and seeks to impose an obligation on Goldman Sachs to gather

information about securities other than TASER beyond what Plaintiffs represented to the Court

in connection with "same or similar conduct."  Goldman Sachs further objects to Request No. 22

on the ground that it seeks information that is not relevant to the claims and defenses in this

action and thus not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 23:**

In 2005, you failed to close out at least one failure to deliver position as required by
Regulation SHO.

**RESPONSE TO REQUEST NO. 23:**

Goldman Sachs objects to Request No. 23 on the grounds that it is cumulative and duplicative of Plaintiffs' other discovery requests, including but not limited to Plaintiffs' Third Set of Interrogatories To All Defendants Except UBS and Plaintiffs' Second Set of Interrogatories To Each Defendant, Interrogatory No. 5, and, as such, is designed to harass Goldman Sachs. Goldman Sachs also objects to Request No. 23 on the grounds that it is overbroad, unduly burdensome, and seeks to impose an obligation on Goldman Sachs to gather information about securities other than TASER beyond what Plaintiffs represented to the Court in connection with "same or similar conduct." Goldman Sachs further objects to Request No. 23 on the ground that it seeks information that is not relevant to the claims and defenses in this action and thus not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 24:**

In 2006, you failed to close out at least one failure to deliver position as required by Regulation SHO.

**RESPONSE TO REQUEST NO. 24:**

Goldman Sachs objects to Request No. 24 on the grounds that it is cumulative and duplicative of Plaintiffs' other discovery requests, including but not limited to Plaintiffs' Third Set of Interrogatories To All Defendants Except UBS and Plaintiffs' Second Set of Interrogatories To Each Defendant, Interrogatory No. 5, and, as such, is designed to harass Goldman Sachs. Goldman Sachs also objects to Request No. 24 on the grounds that it is overbroad, unduly burdensome, and seeks to impose an obligation on Goldman Sachs to gather information about securities other than TASER beyond what Plaintiffs represented to the Court in connection with "same or similar conduct." Goldman Sachs further objects to Request No. 24

on the ground that it seeks information that is not relevant to the claims and defenses in this action and thus not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 25:**

In 2007, you failed to close out at least one failure to deliver position as required by Regulation SHO.

**RESPONSE TO REQUEST NO. 25:**

Goldman Sachs objects to Request No. 25 on the grounds that it is cumulative and duplicative of Plaintiffs' other discovery requests, including but not limited to Plaintiffs' Third Set of Interrogatories To All Defendants Except UBS and Plaintiffs' Second Set of Interrogatories To Each Defendant, Interrogatory No. 5, and, as such, is designed to harass Goldman Sachs. Goldman Sachs also objects to Request No. 25 on the grounds that it is overbroad, unduly burdensome, and seeks to impose an obligation on Goldman Sachs to gather information about securities other than TASER beyond what Plaintiffs represented to the Court in connection with "same or similar conduct." Goldman Sachs further objects to Request No. 25 on the ground that it seeks information that is not relevant to the claims and defenses in this action and thus not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 26:**

In 2008, you failed to close out at least one failure to deliver position as required by Regulation SHO.

**RESPONSE TO REQUEST NO. 26:**

Goldman Sachs objects to Request No. 26 on the grounds that it is cumulative and duplicative of Plaintiffs' other discovery requests, including but not limited to Plaintiffs' Third Set of Interrogatories To All Defendants Except UBS and Plaintiffs' Second Set of Interrogatories To Each Defendant, Interrogatory No. 5, and, as such, is designed to harass

-22-

Goldman Sachs. Goldman Sachs also objects to Request No. 26 on the grounds that it is
overbroad, unduly burdensome, and seeks to impose an obligation on Goldman Sachs to gather
information about securities other than TASER beyond what Plaintiffs represented to the Court
in connection with "same or similar conduct." Goldman Sachs further objects to Request No. 26
on the ground that it seeks information that is not relevant to the claims and defenses in this
action and thus not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 27:**

In 2009, you failed to close out at least one failure to deliver position as required by
Regulation SHO.

**RESPONSE TO REQUEST NO. 27:**

Goldman Sachs objects to Request No. 27 on the grounds that it is cumulative and
duplicative of Plaintiffs' other discovery requests, including but not limited to Plaintiffs' Third
Set of Interrogatories To All Defendants Except UBS and Plaintiffs' Second Set of
Interrogatories To Each Defendant, Interrogatory No. 5, and, as such, is designed to harass
Goldman Sachs. Goldman Sachs also objects to Request No. 27 on the grounds that it is
overbroad, unduly burdensome, and seeks to impose an obligation on Goldman Sachs to gather
information about securities other than TASER beyond what Plaintiffs represented to the Court
in connection with "same or similar conduct." Goldman Sachs further objects to Request No. 27
on the ground that it seeks information that is not relevant to the claims and defenses in this
action and thus not reasonably calculated to lead to the discovery of admissible evidence.

Dated: July 19, 2010

Richard H. Klapper
Admitted Pro Hac Vice
Richard C. Pepperman, II
Admitted Pro Hac Vice
Tracy Richelle High
Admitted Pro Hac Vice

SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004
Ph: 212-558-4000
Fax: 212-558-3588

*Attorneys for Defendants Goldman, Sachs & Co.
and Goldman Sachs Execution & Clearing, L.P.*

Richard H. Sinkfield
Georgia Bar No. 649100
Dan F. Laney, III
Georgia Bar No. 435290

ROGERS & HARDIN LLP
2700 International Tower
Peachtree Center
229 Peachtree Street, N. E.
Atlanta, GA 30303-1601
Phone: 404-522-4700
Fax: 404-525-2224
*Attorneys for Defendants*

**State Court of Fulton County**
**\*\*\*EFILED\*\*\***
LexisNexis Transaction ID: 32215379
Date: Jul 19 2010  9:53PM
Mark Harper, Clerk

# Exhibit I

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

TASER INTERNATIONAL, INC.,
*et al.*,

         Plaintiffs,

v.                                                    Civil Case No.
                                                      2008-EV-004739-B
MORGAN STANLEY & CO., INC.,
*et al.*,

         Defendants.

## MERRILL LYNCH, PIERCE, FENNER & SMITH INCORPORATED'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' FOURTH REQUESTS FOR ADMISSIONS

Defendant Merrill Lynch, Pierce, Fenner & Smith Incorporated ("Merrill Lynch") hereby responds to Plaintiffs' Fourth Requests for Admission to All Defendants Except Goldman Sachs and Fifth Requests for Admission to Goldman Sachs (the "Requests").

At the outset, Merrill Lynch notes that it has already produced to Plaintiffs over one million pages of documents and hundreds of gigabytes of data, including millions of data entries concerning trading in TASER securities. Merrill Lynch also has provided a significant volume of information in response to Plaintiffs' numerous previous interrogatories, requests for admission and informal discovery requests. Notwithstanding these facts, Plaintiffs seek through these Requests to again improperly expand the scope of discovery into a general audit of Merrill Lynch's short selling and related trade settlement activities concerning all securities over a five-year time period, regardless of whether those activities impacted trading in TASER securities. This directly contradicts Plaintiffs' express representation to the Court on December 3, 2009 that expanding the scope of discovery to include "same or similar conduct" would not impose any additional burden on Defendants. *See* Plaintiffs' Reply in Support of Plaintiffs' Motion to

Compel Production of Documents, filed December 3, 2009, at 14-15. Moreover, the expense and burden that would be involved in responding to these Requests is not justified where Plaintiffs have (a) yet to even identify any instances of alleged "abusive naked short selling" with respect to TASER —the only security at issue in this litigation, and (b) admitted that nearly every Plaintiff profited from their trading in TASER. Contemporaneous with service of these responses, Defendants are also filing a Motion For Protective Order With Respect To Plaintiffs' June 10, 2010 Discovery for the reasons discussed herein and as explained in further detail in their Motion.

## GENERAL OBJECTIONS

Merrill Lynch hereby makes the following General Objections, which apply to each Request and are incorporated by reference in the response to each Request as if set forth fully therein. Merrill Lynch's specific objections to each Request are made without waiving these General Objections. To improve readability, Merrill Lynch has not repeated these objections in its response to each Request. Failure to reiterate a General Objection below does not constitute a waiver of that or any other objection.

1.      Merrill Lynch objects to all Definitions and Requests to the extent that they call for Merrill Lynch to do more than is required under the Official Code of Georgia, the Uniform State Court Rules, the Local Rules or other applicable law.

2.      Merrill Lynch objects to the Requests on the grounds that they are overbroad and duplicative of Plaintiffs' prior discovery requests and, as such, are designed to harass Merrill Lynch. Specifically, the Requests are duplicative of Plaintiffs' Amended Second Set of Interrogatories No. 5 and Plaintiffs' Third Set of Interrogatories to Defendants Other Than UBS.

3.      Merrill Lynch objects to the Requests on the ground that they are unduly burdensome because they seek to impose an obligation on Merrill Lynch to gather information about securities other than TASER beyond what Plaintiffs represented to the Court in connection with their motion to compel relating to "same or similar conduct." Contemporaneous with service of these responses, Defendants are filing a Motion For Protective Order With Respect To Plaintiffs' June 10, 2010 Discovery for the reasons discussed herein and as explained in further detail in their Motion. Merrill Lynch reserves the right to amend these objections and, if necessary, to respond to the Requests following a decision on that motion.

4.      Merrill Lynch objects to each Request to the extent that it seeks information that is not relevant to the claims and defenses in this action and thus not reasonably calculated to lead to the discovery of admissible evidence.

5.      Merrill Lynch reserves all objections that may be available to it at any hearing or trial or on any motion related to the use or admissibility of any information provided, as well as the right to object to further discovery relating to the subject matter of any information provided.

6.      Merrill Lynch objects to each Request to the extent it seeks information and/or documents covered by the attorney-client privilege, the joint defense or common interest privilege, the attorney work product doctrine, or any other legally recognized privilege, immunity or exemption from production. Merrill Lynch will not produce information and/or documents containing such information or will produce the material in redacted form.

7.      Merrill Lynch objects to each Request to the extent it purports to seek information and/or documents that contain personal, private, confidential, proprietary, financial or commercial information relating to Merrill Lynch or its clients.

-3-

8.     Merrill Lynch objects to the Requests as premature, improper, unduly oppressive and intended to harass Merrill Lynch.  To the extent Merrill Lynch later answers any of the Requests, Merrill Lynch will make a good faith attempt to respond to the Requests based on its knowledge of the relevant facts *at that time*.  Because Merrill Lynch continues to review the relevant substantive and procedural facts of this case, its current position with respect to any of the Requests might change as a result of this ongoing review.  Therefore, Merrill Lynch reserves the right to supplement or alter its responses at any time pursuant to § 9-11-26(e) of the Official Code of Georgia.  Merrill Lynch also reserves the right to use or rely on, at any time, subsequently discovered information or information omitted from these responses as a result of mistake, error, oversight or inadvertence.

9.     Merrill Lynch objects to each Request on the grounds that, taken as a whole and as written, the Requests are overbroad, unduly burdensome and vague, and purport to require the production of irrelevant information for a period of more than six years.

10.     Merrill Lynch objects to each Request to the extent it purports to require Merrill Lynch to seek documents and/or information in the possession, custody or control of other persons or entities.

11.     Merrill Lynch objects to each Request to the extent it requires Merrill Lynch to search for, review, provide and/or conduct an analysis of information and/or documents that are not centrally maintained or from persons not believed to have significant involvement in the transactions at issue.  Any Request that purports to require Merrill Lynch to do more than that seeks to impose an undue burden and/or unreasonable costs upon Merrill Lynch.

12.     Merrill Lynch objects to the definition of the terms "You," "Your" and "Yourself" to the extent Plaintiffs employ those terms to seek information beyond Merrill

-4-

Lynch's possession, custody or control or about entities other than Merrill Lynch. To the extent Merrill Lynch later responds to any of the Requests, Merrill Lynch will respond only on behalf of the entity named as Defendant in the Sixth Amended Complaint. Merrill Lynch also objects to the definition of the terms "You" "Your" and "Yours" to the extent they seek information and/or documents covered by the attorney-client privilege, the attorney work product doctrine, or any other privilege or immunity from discovery.

13.      Merrill Lynch objects to the definition of the term "proprietary account" as overbroad, vague and ambiguous. To the extent Merrill Lynch later responds to any of the Requests, Merrill Lynch will respond to any request concerning "proprietary account" as referring to trading by Merrill Lynch on its own behalf for the purpose of profiting from a long or short position in the particular security. Thus, the term excludes market-making and other trading for the purpose of facilitating customer orders and hedging activities (*i.e.*, trades designed to reduce the risk of other trades or positions). Merrill Lynch also objects to the definition of "proprietary account" to the extent it seeks information that is not relevant to the claims or defenses in this action and thus not reasonably calculated to lead to the discovery of admissible evidence. In particular, Merrill Lynch objects to this definition to the extent it includes computerized trading such as program and index-driven trading (*e.g.*, where a particular security is selected for trading due to an algorithm or because it is part of one or more market indices). To the extent Merrill Lynch later responds to any of the Requests, Merrill Lynch will exclude such trading from its responses.

14.      Merrill Lynch's failure to object to any Request on a particular ground or grounds shall not be construed as a waiver of its right to object to any additional ground(s) consistent with further investigation and discovery.

## SPECIFIC OBJECTIONS AND RESPONSES

### REQUEST NO. 1

In 2004, you violated NASD Rule 3370 with respect to at least one short sale in a proprietary account.

### RESPONSE TO REQUEST NO. 1:

Merrill Lynch objects to Request No. 1 on the grounds that it is cumulative and duplicative of Plaintiffs' other discovery requests, including but not limited to Plaintiffs' Third Interrogatories and Interrogatory No. 5 of Plaintiffs' Second Interrogatories, and, as such, is designed to harass Merrill Lynch. Merrill Lynch also objects to Request No. 1 on the grounds that it is overbroad, unduly burdensome, and seeks to impose an obligation on Merrill Lynch to gather information about securities other than TASER beyond what Plaintiffs represented to the Court in connection with their motion to compel concerning "same or similar conduct." Merrill Lynch further objects to Request No. 1 on the ground that the term "proprietary account" is overbroad, poorly defined, and unduly burdensome. Additionally, Merrill Lynch objects to Request No. 1 on the ground that it seeks information that is not relevant to the claims and defenses in this action and thus not reasonably calculated to lead to the discovery of admissible evidence.

### REQUEST NO. 2:

In 2004, you violated UPC71 with respect to at least one short sale in a proprietary account.

### RESPONSE TO REQUEST NO. 2:

Merrill Lynch objects to Request No. 2 on the grounds that it is cumulative and duplicative of Plaintiffs' other discovery requests, including but not limited to Plaintiffs' Third Interrogatories and Interrogatory No. 5 of Plaintiffs' Second Interrogatories, and, as such, is

designed to harass Merrill Lynch. Merrill Lynch also objects to Request No. 2 on the grounds

that it is overbroad, unduly burdensome, and seeks to impose an obligation on Merrill Lynch to

gather information about securities other than TASER beyond what Plaintiffs represented to the

Court in connection with their motion to compel concerning "same or similar conduct." Merrill

Lynch further objects to Request No. 2 on the ground that the term "proprietary account" is

overbroad, poorly defined, and unduly burdensome. Additionally, Merrill Lynch objects to

Request No. 2 on the ground that it seeks information that is not relevant to the claims and

defenses in this action and thus not reasonably calculated to lead to the discovery of admissible

evidence.

**REQUEST NO. 3:**

In 2005, you violated Regulation SHO with respect to at least one short sale in a
proprietary account.

**RESPONSE TO REQUEST NO. 3:**

Merrill Lynch objects to Request No. 3 on the grounds that it is cumulative and

duplicative of Plaintiffs' other discovery requests, including but not limited to Plaintiffs' Third

Interrogatories and Interrogatory No. 5 of Plaintiffs' Second Interrogatories, and, as such, is

designed to harass Merrill Lynch. Merrill Lynch also objects to Request No. 3 on the grounds

that it is overbroad, unduly burdensome, and seeks to impose an obligation on Merrill Lynch to

gather information about securities other than TASER beyond what Plaintiffs represented to the

Court in connection with their motion to compel concerning "same or similar conduct." Merrill

Lynch further objects to Request No. 3 on the ground that the term "proprietary account" is

overbroad, poorly defined, and unduly burdensome. Additionally, Merrill Lynch objects to

Request No. 3 on the ground that it seeks information that is not relevant to the claims and

defenses in this action and thus not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 4:**

In 2006, you violated Regulation SHO with respect to at least one short sale in a proprietary account.

**RESPONSE TO REQUEST NO. 4:**

Merrill Lynch objects to Request No. 4 on the grounds that it is cumulative and duplicative of Plaintiffs' other discovery requests, including but not limited to Plaintiffs' Third Interrogatories and Interrogatory No. 5 of Plaintiffs' Second Interrogatories, and, as such, is designed to harass Merrill Lynch. Merrill Lynch also objects to Request No. 4 on the grounds that it is overbroad, unduly burdensome, and seeks to impose an obligation on Merrill Lynch to gather information about securities other than TASER beyond what Plaintiffs represented to the Court in connection with their motion to compel concerning "same or similar conduct." Merrill Lynch further objects to Request No. 4 on the ground that the term "proprietary account" is overbroad, poorly defined, and unduly burdensome. Additionally, Merrill Lynch objects to Request No. 4 on the ground that it seeks information that is not relevant to the claims and defenses in this action and thus not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 5:**

In 2007, you violated Regulation SHO with respect to at least one short sale in a proprietary account.

**RESPONSE TO REQUEST NO. 5:**

Merrill Lynch objects to Request No. 5 on the grounds that it is cumulative and duplicative of Plaintiffs' other discovery requests, including but not limited to Plaintiffs' Third

-8-

Interrogatories and Interrogatory No. 5 of Plaintiffs' Second Interrogatories, and, as such, is

designed to harass Merrill Lynch. Merrill Lynch also objects to Request No. 5 on the grounds

that it is overbroad, unduly burdensome, and seeks to impose an obligation on Merrill Lynch to

gather information about securities other than TASER beyond what Plaintiffs represented to the

Court in connection with their motion to compel concerning "same or similar conduct." Merrill

Lynch further objects to Request No. 5 on the ground that the term "proprietary account" is

overbroad, poorly defined, and unduly burdensome. Additionally, Merrill Lynch objects to

Request No. 5 on the ground that it seeks information that is not relevant to the claims and

defenses in this action and thus not reasonably calculated to lead to the discovery of admissible

evidence.

**REQUEST NO. 6:**

In 2008, you violated Regulation SHO with respect to at least one short sale in a
proprietary account.

**RESPONSE TO REQUEST NO. 6:**

Merrill Lynch objects to Request No. 6 on the grounds that it is cumulative and

duplicative of Plaintiffs' other discovery requests, including but not limited to Plaintiffs' Third

Interrogatories and Interrogatory No. 5 of Plaintiffs' Second Interrogatories, and, as such, is

designed to harass Merrill Lynch. Merrill Lynch also objects to Request No. 6 on the grounds

that it is overbroad unduly burdensome because it seeks to impose an obligation on Merrill

Lynch to gather information about securities other than TASER beyond what Plaintiffs

represented to the Court in connection with their motion to compel concerning "same or similar

conduct." Merrill Lynch further objects to Request No. 6 on the ground that the term

"proprietary account" is overbroad, poorly defined, and unduly burdensome. Additionally,

Merrill Lynch objects to Request No. 6 on the ground that it seeks information that is not relevant to the claims and defenses in this action and thus not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 7:**

In 2009, you violated Regulation SHO with respect to at least one short sale in a proprietary account.

**RESPONSE TO REQUEST NO. 7:**

Merrill Lynch objects to Request No. 7 on the grounds that it is cumulative and duplicative of Plaintiffs' other discovery requests, including but not limited to Plaintiffs' Third Interrogatories and Interrogatory No. 5 of Plaintiffs' Second Interrogatories, and, as such, is designed to harass Merrill Lynch. Merrill Lynch also objects to Request No. 7 on the grounds that it is overbroad, unduly burdensome, and seeks to impose an obligation on Merrill Lynch to gather information about securities other than TASER beyond what Plaintiffs represented to the Court in connection with their motion to compel concerning "same or similar conduct." Merrill Lynch further objects to Request No. 7 on the ground that the term "proprietary account" is overbroad, poorly defined, and unduly burdensome. Additionally, Merrill Lynch objects to Request No. 7 on the ground that it seeks information that is not relevant to the claims and defenses in this action and thus not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 8:**

In 2005, as an executing broker, you violated Regulation SHO with respect to at least one short sale for or on behalf of one of your customers.

## RESPONSE TO REQUEST NO. 8:

Merrill Lynch objects to Request No. 8 on the grounds that it is cumulative and duplicative of Plaintiffs' other discovery requests, including but not limited to Plaintiffs' Third Interrogatories and Interrogatory No. 5 of Plaintiffs' Second Interrogatories, and, as such, is designed to harass Merrill Lynch.  Merrill Lynch also objects to Request No. 8 on the grounds that it is overbroad, unduly burdensome, and seeks to impose an obligation on Merrill Lynch to gather information about securities other than TASER beyond what Plaintiffs represented to the Court in connection with "same or similar conduct."  Merrill Lynch further objects to Request No. 8 on the ground that it seeks information that is not relevant to the claims and defenses in this action and thus not reasonably calculated to lead to the discovery of admissible evidence.

## REQUEST NO. 9:

In 2006, as an executing broker, you violated Regulation SHO with respect to at least one short sale for or on behalf of one of your customers.

## RESPONSE TO REQUEST NO. 9:

Merrill Lynch objects to Request No. 9 on the grounds that it is cumulative and duplicative of Plaintiffs' other discovery requests, including but not limited to Plaintiffs' Third Interrogatories and Interrogatory No. 5 of Plaintiffs' Second Interrogatories, and, as such, is designed to harass Merrill Lynch.  Merrill Lynch also objects to Request No. 9 on the grounds that it is overbroad, unduly burdensome, and seeks to impose an obligation on Merrill Lynch to gather information about securities other than TASER beyond what Plaintiffs represented to the Court in connection with "same or similar conduct."  Merrill Lynch further objects to Request No. 9 on the ground that it seeks information that is not relevant to the claims and defenses in this action and thus not reasonably calculated to lead to the discovery of admissible evidence.

-11-

## REQUEST NO. 10:

In 2007, as an executing broker, you violated Regulation SHO with respect to at least one short sale for or on behalf of one of your customers.

## RESPONSE TO REQUEST NO. 10:

Merrill Lynch objects to Request No. 10 on the grounds that it is cumulative and duplicative of Plaintiffs' other discovery requests, including but not limited to Plaintiffs' Third Interrogatories and Interrogatory No. 5 of Plaintiffs' Second Interrogatories, and, as such, is designed to harass Merrill Lynch. Merrill Lynch also objects to Request No. 10 on the grounds that it is overbroad, unduly burdensome, and seeks to impose an obligation on Merrill Lynch to gather information about securities other than TASER beyond what Plaintiffs represented to the Court in connection with "same or similar conduct." Merrill Lynch further objects to Request No. 10 on the ground that it seeks information that is not relevant to the claims and defenses in this action and thus not reasonably calculated to lead to the discovery of admissible evidence.

## REQUEST NO. 11:

In 2008, as an executing broker, you violated Regulation SHO with respect to at least one short sale for or on behalf of one of your customers.

## RESPONSE TO REQUEST NO. 11:

Merrill Lynch objects to Request No. 11 on the grounds that it is cumulative and duplicative of Plaintiffs' other discovery requests, including but not limited to Plaintiffs' Third Interrogatories and Interrogatory No. 5 of Plaintiffs' Second Interrogatories, and, as such, is designed to harass Merrill Lynch. Merrill Lynch also objects to Request No. 11 on the grounds that it is overbroad, unduly burdensome, and seeks to impose an obligation on Merrill Lynch to gather information about securities other than TASER beyond what Plaintiffs represented to the Court in connection with "same or similar conduct." Merrill Lynch further objects to Request

-12-

No. 11 on the ground that it seeks information that is not relevant to the claims and defenses in this action and thus not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 12:**

In 2009, as an executing broker, you violated Regulation SHO with respect to at least one short sale for or on behalf of one of your customers.

**RESPONSE TO REQUEST NO. 12:**

Merrill Lynch objects to Request No. 12 on the grounds that it is cumulative and duplicative of Plaintiffs' other discovery requests, including but not limited to Plaintiffs' Third Interrogatories and Interrogatory No. 5 of Plaintiffs' Second Interrogatories, and, as such, is designed to harass Merrill Lynch. Merrill Lynch also objects to Request No. 12 on the grounds that it is overbroad, unduly burdensome, and seeks to impose an obligation on Merrill Lynch to gather information about securities other than TASER beyond what Plaintiffs represented to the Court in connection with "same or similar conduct." Merrill Lynch further objects to Request No. 12 on the ground that it seeks information that is not relevant to the claims and defenses in this action and thus not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 13:**

In 2005, you failed to deliver a security in the time required by Regulation SHO with respect to at least one short sale for a proprietary account.

**RESPONSE TO REQUEST NO. 13:**

Merrill Lynch objects to Request No. 13 on the grounds that it is cumulative and duplicative of Plaintiffs' other discovery requests, including but not limited to Plaintiffs' Third Interrogatories and Interrogatory No. 5 of Plaintiffs' Second Interrogatories, and, as such, is designed to harass Merrill Lynch. Merrill Lynch also objects to Request No. 13 on the grounds that it is overbroad, unduly burdensome, and seeks to impose an obligation on Merrill Lynch to

-13-

gather information about securities other than TASER beyond what Plaintiffs represented to the Court in connection with their motion to compel concerning "same or similar conduct." Merrill Lynch further objects to Request No. 13 on the grounds that the term "proprietary account" is overbroad, poorly defined, and unduly burdensome. Additionally, Merrill Lynch objects to Request No. 13 on the ground that it seeks information that is not relevant to the claims and defenses in this action and thus not reasonably calculated to lead to the discovery of admissible evidence. Finally, Merrill Lynch objects to Request No. 13 as unclear, vague and ambiguous, particularly because the Continuous Net Settlement system aggregates and nets the daily receipt and daily delivery obligations of its participants and thus the system does not associate specific transactions or customers with specific failures to deliver.

**REQUEST NO. 14:**

In 2006, you failed to deliver a security in the time required by Regulation SHO with respect to at least one short sale for a proprietary account.

**RESPONSE TO REQUEST NO. 14:**

Merrill Lynch objects to Request No. 14 on the grounds that it is cumulative and duplicative of Plaintiffs' other discovery requests, including but not limited to Plaintiffs' Third Interrogatories and Interrogatory No. 5 of Plaintiffs' Second Interrogatories, and, as such, is designed to harass Merrill Lynch. Merrill Lynch also objects to Request No. 14 on the grounds that it is overbroad, unduly burdensome, and seeks to impose an obligation on Merrill Lynch to gather information about securities other than TASER beyond what Plaintiffs represented to the Court in connection with their motion to compel concerning "same or similar conduct." Merrill Lynch further objects to Request No. 14 on the grounds that the term "proprietary account" is overbroad, poorly defined, and unduly burdensome. Additionally, Merrill Lynch objects to

-14-

Request No. 14 on the ground that it seeks information that is not relevant to the claims and defenses in this action and thus not reasonably calculated to lead to the discovery of admissible evidence. Finally, Merrill Lynch objects to Request No. 14 as unclear, vague and ambiguous, particularly because the Continuous Net Settlement system aggregates and nets the daily receipt and daily delivery obligations of its participants and thus the system does not associate specific transactions or customers with specific failures to deliver.

**REQUEST NO. 15:**

In 2007, you failed to deliver a security in the time required by Regulation SHO with respect to at least one short sale for a proprietary account.

**RESPONSE TO REQUEST NO. 15:**

Merrill Lynch objects to Request No. 15 on the grounds that it is cumulative and duplicative of Plaintiffs' other discovery requests, including but not limited to Plaintiffs' Third Interrogatories and Interrogatory No. 5 of Plaintiffs' Second Interrogatories, and, as such, is designed to harass Merrill Lynch. Merrill Lynch also objects to Request No. 15 on the grounds that it is overbroad, unduly burdensome, and seeks to impose an obligation on Merrill Lynch to gather information about securities other than TASER beyond what Plaintiffs represented to the Court in connection with their motion to compel concerning "same or similar conduct." Merrill Lynch further objects to Request No. 15 on the grounds that the term "proprietary account" is overbroad, poorly defined, and unduly burdensome. Additionally, Merrill Lynch objects to Request No. 15 on the ground that it seeks information that is not relevant to the claims and defenses in this action and thus not reasonably calculated to lead to the discovery of admissible evidence. Finally, Merrill Lynch objects to Request No. 15 as unclear, vague and ambiguous, particularly because the Continuous Net Settlement system aggregates and nets the daily receipt

-15-

and daily delivery obligations of its participants and thus the system does not associate specific transactions or customers with specific failures to deliver.

**REQUEST NO. 16:**

In 2008, you failed to deliver a security in the time required by Regulation SHO with respect to at least one short sale for a proprietary account.

**RESPONSE TO REQUEST NO. 16:**

Merrill Lynch objects to Request No. 16 on the grounds that it is cumulative and duplicative of Plaintiffs' other discovery requests, including but not limited to Plaintiffs' Third Interrogatories and Interrogatory No. 5 of Plaintiffs' Second Interrogatories, and, as such, is designed to harass Merrill Lynch. Merrill Lynch also objects to Request No. 16 on the grounds that it is overbroad, unduly burdensome, and seeks to impose an obligation on Merrill Lynch to gather information about securities other than TASER beyond what Plaintiffs represented to the Court in connection with their motion to compel concerning "same or similar conduct." Merrill Lynch further objects to Request No. 16 on the grounds that the term "proprietary account" is overbroad, poorly defined, and unduly burdensome. Additionally, Merrill Lynch objects to Request No. 16 on the ground that it seeks information that is not relevant to the claims and defenses in this action and thus not reasonably calculated to lead to the discovery of admissible evidence. Finally, Merrill Lynch objects to Request No. 16 as unclear, vague and ambiguous, particularly because the Continuous Net Settlement system aggregates and nets the daily receipt and daily delivery obligations of its participants and thus the system does not associate specific transactions or customers with specific failures to deliver.

**REQUEST NO. 17:**

In 2009, you failed to deliver a security in the time required by Regulation SHO with respect to at least one short sale for a proprietary account.

**RESPONSE TO REQUEST NO. 17:**

Merrill Lynch objects to Request No. 17 on the grounds that it is cumulative and duplicative of Plaintiffs' other discovery requests, including but not limited to Plaintiffs' Third Interrogatories and Interrogatory No. 5 of Plaintiffs' Second Interrogatories, and, as such, is designed to harass Merrill Lynch. Merrill Lynch also objects to Request No. 17 on the grounds that it is overbroad, unduly burdensome, and seeks to impose an obligation on Merrill Lynch to gather information about securities other than TASER beyond what Plaintiffs represented to the Court in connection with their motion to compel concerning "same or similar conduct." Merrill Lynch further objects to Request No. 17 on the grounds that the term "proprietary account" is overbroad, poorly defined, and unduly burdensome. Additionally, Merrill Lynch objects to Request No. 17 on the ground that it seeks information that is not relevant to the claims and defenses in this action and thus not reasonably calculated to lead to the discovery of admissible evidence. Finally, Merrill Lynch objects to Request No. 17 as unclear, vague and ambiguous, particularly because the Continuous Net Settlement system aggregates and nets the daily receipt and daily delivery obligations of its participants and thus the system does not associate specific transactions or customers with specific failures to deliver.

**REQUEST NO. 18:**

~~In 2005, you failed to require a buy-in as required by Regulation SHO.~~

**RESPONSE TO REQUEST NO. 18:**

Merrill Lynch objects to Request No. 18 on the grounds that it is cumulative and duplicative of Plaintiffs' other discovery requests, including but not limited to Plaintiffs' Third Interrogatories and Interrogatory No. 5 of Plaintiffs' Second Interrogatories, and, as such, is

designed to harass Merrill Lynch.  Merrill Lynch also objects to Request No. 18 on the grounds

that it is overbroad, unduly burdensome, and seeks to impose an obligation on Merrill Lynch to

gather information about securities other than TASER beyond what Plaintiffs represented to the

Court in connection with "same or similar conduct."  Merrill Lynch further objects to Request

No. 18 on the ground that it seeks information that is not relevant to the claims and defenses in

this action and thus not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 19:**

In 2006, you failed to require a buy-in as required by Regulation SHO.

**RESPONSE TO REQUEST NO. 19:**

Merrill Lynch objects to Request No. 19 on the grounds that it is cumulative and

duplicative of Plaintiffs' other discovery requests, including but not limited to Plaintiffs' Third

Interrogatories and Interrogatory No. 5 of Plaintiffs' Second Interrogatories, and, as such, is

designed to harass Merrill Lynch.  Merrill Lynch also objects to Request No. 19 on the grounds

that it is overbroad, unduly burdensome, and seeks to impose an obligation on Merrill Lynch to

gather information about securities other than TASER beyond what Plaintiffs represented to the

Court in connection with "same or similar conduct."  Merrill Lynch further objects to Request

No. 19 on the ground that it seeks information that is not relevant to the claims and defenses in

this action and thus not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 20:**

In 2007, you failed to require a buy-in as required by Regulation SHO.

**RESPONSE TO REQUEST NO. 20:**

Merrill Lynch objects to Request No. 20 on the grounds that it is cumulative and

duplicative of Plaintiffs' other discovery requests, including but not limited to Plaintiffs' Third

-18-

Interrogatories and Interrogatory No. 5 of Plaintiffs' Second Interrogatories, and, as such, is designed to harass Merrill Lynch. Merrill Lynch also objects to Request No. 20 on the grounds that it is overbroad, unduly burdensome, and seeks to impose an obligation on Merrill Lynch to gather information about securities other than TASER beyond what Plaintiffs represented to the Court in connection with "same or similar conduct." Merrill Lynch further objects to Request No. 20 on the ground that it seeks information that is not relevant to the claims and defenses in this action and thus not reasonably calculated to lead to the discovery of admissible evidence.

### REQUEST NO. 21:

In 2008, you failed to require a buy-in as required by Regulation SHO.

### RESPONSE TO REQUEST NO. 21:

Merrill Lynch objects to Request No. 21 on the grounds that it is cumulative and duplicative of Plaintiffs' other discovery requests, including but not limited to Plaintiffs' Third Interrogatories and Interrogatory No. 5 of Plaintiffs' Second Interrogatories, and, as such, is designed to harass Merrill Lynch. Merrill Lynch also objects to Request No. 20 on the grounds that it is overbroad, unduly burdensome, and seeks to impose an obligation on Merrill Lynch to gather information about securities other than TASER beyond what Plaintiffs represented to the Court in connection with "same or similar conduct." Merrill Lynch further objects to Request No. 20 on the ground that it seeks information that is not relevant to the claims and defenses in this action and thus not reasonably calculated to lead to the discovery of admissible evidence.

### REQUEST NO. 22:

In 2009, you failed to require a buy-in as required by Regulation SHO.

**RESPONSE TO REQUEST NO. 22:**

Merrill Lynch objects to Request No. 22 on the grounds that it is cumulative and duplicative of Plaintiffs' other discovery requests, including but not limited to Plaintiffs' Third Interrogatories and Interrogatory No. 5 of Plaintiffs' Second Interrogatories, and, as such, is designed to harass Merrill Lynch. Merrill Lynch also objects to Request No. 22 on the grounds that it is overbroad, unduly burdensome, and seeks to impose an obligation on Merrill Lynch to gather information about securities other than TASER beyond what Plaintiffs represented to the Court in connection with "same or similar conduct." Merrill Lynch further objects to Request No. 22 on the ground that it seeks information that is not relevant to the claims and defenses in this action and thus not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 23:**

In 2005, you failed to close out at least one failure to deliver position as required by Regulation SHO.

**RESPONSE TO REQUEST NO. 23:**

Merrill Lynch objects to Request No. 23 on the grounds that it is cumulative and duplicative of Plaintiffs' other discovery requests, including but not limited to Plaintiffs' Third Interrogatories and Interrogatory No. 5 of Plaintiffs' Second Interrogatories, and, as such, is designed to harass Merrill Lynch. Merrill Lynch also objects to Request No. 23 on the grounds that it is overbroad, unduly burdensome, and seeks to impose an obligation on Merrill Lynch to gather information about securities other than TASER beyond what Plaintiffs represented to the Court in connection with "same or similar conduct." Merrill Lynch further objects to Request No. 23 on the ground that it seeks information that is not relevant to the claims and defenses in this action and thus not reasonably calculated to lead to the discovery of admissible evidence.

-20-

**REQUEST NO. 24:**

In 2006, you failed to close out at least one failure to deliver position as required by Regulation SHO.

**RESPONSE TO REQUEST NO. 24:**

Merrill Lynch objects to Request No. 24 on the grounds that it is cumulative and duplicative of Plaintiffs' other discovery requests, including but not limited to Plaintiffs' Third Interrogatories and Interrogatory No. 5 of Plaintiffs' Second Interrogatories, and, as such, is designed to harass Merrill Lynch. Merrill Lynch also objects to Request No. 24 on the grounds that it is overbroad, unduly burdensome, and seeks to impose an obligation on Merrill Lynch to gather information about securities other than TASER beyond what Plaintiffs represented to the Court in connection with "same or similar conduct." Merrill Lynch further objects to Request No. 24 on the ground that it seeks information that is not relevant to the claims and defenses in this action and thus not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 25:**

In 2007, you failed to close out at least one failure to deliver position as required by Regulation SHO.

**RESPONSE TO REQUEST NO. 25:**

Merrill Lynch objects to Request No. 25 on the grounds that it is cumulative and duplicative of Plaintiffs' other discovery requests, including but not limited to Plaintiffs' Third Interrogatories and Interrogatory No. 5 of Plaintiffs' Second Interrogatories, and, as such, is designed to harass Merrill Lynch. Merrill Lynch also objects to Request No. 25 on the grounds that it is overbroad, unduly burdensome, and seeks to impose an obligation on Merrill Lynch to gather information about securities other than TASER beyond what Plaintiffs represented to the Court in connection with "same or similar conduct." Merrill Lynch further objects to Request

-21-

No. 25 on the ground that it seeks information that is not relevant to the claims and defenses in this action and thus not reasonably calculated to lead to the discovery of admissible evidence.

## REQUEST NO. 26:

In 2008, you failed to close out at least one failure to deliver position as required by Regulation SHO.

## RESPONSE TO REQUEST NO. 26:

Merrill Lynch objects to Request No. 26 on the grounds that it is cumulative and duplicative of Plaintiffs' other discovery requests, including but not limited to Plaintiffs' Third Interrogatories and Interrogatory No. 5 of Plaintiffs' Second Interrogatories, and, as such, is designed to harass Merrill Lynch. Merrill Lynch also objects to Request No. 26 on the grounds that it is overbroad, unduly burdensome, and seeks to impose an obligation on Merrill Lynch to gather information about securities other than TASER beyond what Plaintiffs represented to the Court in connection with "same or similar conduct." Merrill Lynch further objects to Request No. 26 on the ground that it seeks information that is not relevant to the claims and defenses in this action and thus not reasonably calculated to lead to the discovery of admissible evidence.

## REQUEST NO. 27:

In 2009, you failed to close out at least one failure to deliver position as required by Regulation SHO.

## RESPONSE TO REQUEST NO. 27:

Merrill Lynch objects to Request No. 27 on the grounds that it is cumulative and duplicative of Plaintiffs' other discovery requests, including but not limited to Plaintiffs' Third Interrogatories and Interrogatory No. 5 of Plaintiffs' Second Interrogatories, and, as such, is designed to harass Merrill Lynch. Merrill Lynch also objects to Request No. 27 on the grounds that it is overbroad, unduly burdensome, and seeks to impose an obligation on Merrill Lynch to

-22-

gather information about securities other than TASER beyond what Plaintiffs represented to the Court in connection with "same or similar conduct." Merrill Lynch further objects to Request No. 27 on the ground that it seeks information that is not relevant to the claims and defenses in this action and thus not reasonably calculated to lead to the discovery of admissible evidence.

Dated: July 19, 2010

                                        _____

                                          Andrew J. Frackman
                                            Admitted *Pro Hac Vice*
                                        Brad M. Elias
                                            Admitted *Pro Hac Vice*

                                        *Attorneys Merrill Lynch, Pierce, Fenner &*
                                        *Smith Incorporated*

                                        O'MELVENY & MYERS LLP
                                        Times Square Tower
                                        7 Times Square
                                        New York, New York  10036
                                        Phone:  (212) 326-2000
                                        Fax:  (212) 326-2061

Richard H. Sinkfield, Esq.
Georgia Bar No. 649100
Dan F. Laney, III
Georgia Bar No. 435290
ROGERS & HARDIN LLP
2700 International Tower
229 Peachtree St, NW
Atlanta, Georgia  30307
Phone: (404) 522-4700
Fax: (404) 525-2224

*Attorneys for Defendants Morgan Stanley & Co.*
*Incorporated; Goldman, Sachs & Co., Goldman*
*Sachs Execution & Clearing, L.P.; Bear,*
*Stearns Securities Corp. (n/k/a JP Morgan*
*Clearing Corp.); Bear, Stearns & Co. Inc.*
*(n/k/a JP Morgan Securities Inc.); Merrill*
*Lynch, Pierce, Fenner & Smith, Inc.; Deutsche*
*Bank Securities Inc.; Credit Suisse Securities*
*(USA) LLC, Inc.; Banc of America Securities*
*LLC; and UBS Securities, LLC*