**State Court of Fulton County**
**\*\*\*EFILED\*\*\***
LexisNexis Transaction ID: 32215379
Date:  Jul 19 2010  9:53PM
Mark Harper, Clerk

# Exhibit J

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

TASER INTERNATIONAL, INC., *et al.*,

        Plaintiffs,

v.

MORGAN STANLEY & CO., INC., *et al.*,

        Defendants.

Civil Case No.
2008-EV-004739-B

## DEFENDANT MORGAN STANLEY & CO. INC.'S OBJECTIONS TO PLAINTIFFS' FOURTH REQUESTS FOR ADMISSION TO DEFENDANTS EXCEPT GOLDMAN SACHS AND FIFTH REQUEST FOR ADMISSION TO GOLDMAN SACHS

Defendant Morgan Stanley & Co. Incorporated ("MSCO") hereby objects to Plaintiffs'

Fourth Requests for Admission to Defendants Except Goldman Sachs and Fifth Request for

Admission to Goldman Sachs (the "Requests") as follows.

At the outset, MSCO notes that it has already produced to Plaintiffs over 3.1 million

pages of documents and over 2.5 million rows of data. MSCO also has provided a significant

volume of information in response to Plaintiffs' numerous previous interrogatories, requests for

production, requests for admission and informal discovery requests. Notwithstanding these facts,

Plaintiffs seek through these Requests again improperly to expand the scope of discovery into a

general audit of MSCO's short selling and related trade settlement activities concerning all

securities over a five-year time period, regardless of whether those activities had any effect on

trading in TASER securities. This directly contradicts Plaintiffs' express representation to the

Court on December 3, 2009 that expanding the scope of discovery to include "same or similar

conduct" would not impose any additional burden on Defendants. (*See* Plaintiffs' Reply in

Support of Plaintiffs' Motion to Compel Production of Documents, at 14–15 (Dec. 3, 2009).)

Moreover, the expense and burden that would be involved in responding to these Requests is not justified because Plaintiffs have yet to meaningfully identify any instances in which MSCO purportedly engaged in manipulative "abusive naked short selling" with respect to TASER—the only security at issue in this litigation—thereby impacting the price of TASER stock.  Further, Plaintiffs have responded to written discovery admitting—and produced documents demonstrating—that almost every Plaintiff profited from trading in TASER and thus suffered no cognizable harm as a result of any hypothetical misconduct.

Contemporaneous with service of these objections, Defendants are also filing a Motion for Protective Order with Respect to Plaintiffs' June 10, 2010 Discovery for the reasons discussed herein and as explained in further detail in that motion.  MSCO reserves the right to amend these objections and, if necessary, to respond to the Requests following a decision on that motion.

## GENERAL OBJECTIONS

MSCO hereby makes the following General Objections, which apply to each and every specific Request for Admission and are incorporated by reference in the response to each request as if set forth fully therein.  MSCO's responses to specific Requests are made without waiving these General Objections or any specific objections raised by MSCO.  To improve readability, MSCO has not repeated these objections in every response.  Failure to reiterate a General Objection below does not constitute a waiver of that or any other objection.

1.    MSCO objects to all Definitions and Requests to the extent that they call for MSCO to do more than is required under the Official Code of Georgia, the Uniform State Court Rules, the Local Rules or other applicable law.

2.      MSCO objects to each Request to the extent each seeks information that is

protected by applicable privileges or immunities from disclosure, including, without limitation,

the attorney-client privilege and the work-product doctrine.  Inadvertent disclosure, if any, of

information subject to any privilege, including without limitation the attorney-client privilege or

work-product doctrine, is not intended to, and shall not, waive any such privilege or doctrine.

3.      MSCO objects to each Request to the extent it purports to seek information for

transactions in accounts other than prime brokerage, firm, institutional or private wealth

management accounts.

4.      MSCO objects to the Requests to the extent that they are unreasonably cumulative

or duplicative, or seek information that is already in Plaintiffs' possession or that is obtainable

from another source that is more convenient, less burdensome, or less expensive.

5.      MSCO objects to the Requests as premature, improper and unduly oppressive.  To

the extent that MSCO later answers any of the Requests, MSCO will make a good faith attempt

to respond to the Requests based on its knowledge of the relevant facts *at that time*.  Because

MSCO continues to review the relevant substantive and procedural facts of this case, its current

position with respect to any of the Requests might change as a result of this ongoing review.

Therefore, MSCO reserves its right to supplement or alter its responses to the Requests at any

time pursuant to § 9-11-26(e) of the Official Code of Georgia.  MSCO also reserves the right to

use or rely on, at any time, subsequently discovered information or information omitted from

these responses as a result of mistake, error, oversight or inadvertence.

6.      MSCO objects to each Request to the extent it requires MSCO to search for,

review, provide and/or conduct an analysis of information and/or documents that are not

centrally maintained or from persons not believed to have significant involvement in the

transactions at issue.  Any Request that purports to require MSCO to do more than that seeks to impose an undue burden and/or unreasonable costs upon MSCO.

7.      MSCO objects to each Request to the extent it purports to require MSCO to seek documents and/or information in the possession, custody or control of other persons or entities. MSCO objects to the definition of the terms "You," "Your" and "Yourself" to the extent Plaintiffs employ the terms to seek information beyond MSCO's possession, custody or control or about entities other than MSCO.  To the extent MSCO later responds to any of the Requests, MSCO will respond only on its own behalf.  MSCO also objects to the definition of the terms "You" "Your" and "Yourself" to the extent that they seek information and/or documents covered by the attorney-client privilege, the attorney work product doctrine or any other privilege or immunity from discovery.

8.      MSCO objects to the Plaintiffs' definition of the term "proprietary account" as overly broad, vague and ambiguous.  To the extent MSCO later responds to any of the Requests, MSCO will respond to any Request concerning "proprietary account" as referring to trading by MSCO on its own behalf for the purpose of profiting from a long or short position in the particular security.  Thus, the term excludes market making and other trading for the purpose of facilitating customer orders and related hedging activities (i.e., trades designed to reduce the risk of other trades or positions).  MSCO also objects to the definition of "proprietary account" to the extent it seeks information that is not relevant to the claims or defenses in this action and thus not reasonably calculated to lead to the discovery of admissible evidence.

9.      MSCO's failure to object to any Request on a particular ground or grounds shall not be construed as a waiver of their right to object to any additional ground(s) consistent with further investigation and discovery.  MSCO reserves all objections that may be available to it at

4

any hearing or trial or on any motion related to the use or admissibility of any information

provided, as well as the right to object to further discovery relating to the subject matter of any

information provided.

### OBJECTIONS TO SPECIFIC REQUESTS FOR ADMISSIONS

In addition to the General Objections set forth above, which are expressly incorporated

by reference in each response below, MSCO makes the following specific objections.

### REQUEST FOR ADMISSION NO. 1

In 2004, you violated NASD Rule 3370 with respect to at least one short sale in a proprietary
account.

### RESPONSE TO REQUEST FOR ADMISSION NO. 1:

In addition to the General Objections, MSCO objects to Request No. 1 on the grounds

that it is cumulative and duplicative of Plaintiffs' other discovery requests, including, but not

limited to Plaintiffs' Third Set of Interrogatories to All Defendants Except UBS, and, as such, is

designed to harass MSCO.  MSCO also objects to this Request on the ground that it is overly

broad and unduly burdensome, particularly because it seeks to require MSCO to gather

information about securities other than TASER beyond what Plaintiffs represented to the Court

in connection with their motion to compel relating to "same or similar conduct" at issue.  The

regulatory provision cited in the Request is administrative and Plaintiffs make no claim, and

could not make any claim, based on its violation.  It is therefore not "at issue" in this action.

Finally, MSCO objects to Request No. 1 on the ground that it seeks information that is irrelevant

to the claims and defenses in this action and therefore is not reasonably calculated to lead to the

discovery of admissible evidence.

**REQUEST FOR ADMISSION NO. 2:**

In 2004, you violated UPC71 with respect to at least one short sale in a proprietary account.

**RESPONSE TO REQUEST FOR ADMISSION NO. 2:**

In addition to the General Objections, MSCO objects to Request No. 2 on the grounds that it is cumulative and duplicative of Plaintiffs' other discovery requests, including, but not limited to Plaintiffs' Third Set of Interrogatories to All Defendants Except UBS, and, as such, is designed to harass MSCO. MSCO also objects to this Request on the ground that it is overly broad and unduly burdensome, particularly because it seeks to require MSCO to gather information about securities other than TASER beyond what Plaintiffs represented to the Court in connection with their motion to compel relating to "same or similar conduct" at issue. The regulatory provision cited in the Request is administrative and Plaintiffs make no claim, and could not make any claim, based on its violation. It is therefore not "at issue" in this action. Finally, MSCO objects to this Request on the ground that it seeks information that is irrelevant to the claims and defenses in this action and therefore is not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR ADMISSION NO. 3:**

In 2005, you violated Regulation SHO with respect to at least one short sale in a proprietary account.

**RESPONSE TO REQUEST FOR ADMISSION NO. 3:**

In addition to the General Objections, MSCO objects to Request No. 3 on the grounds on the grounds that it is cumulative and duplicative of Plaintiffs' other discovery requests, including, but not limited to Plaintiffs' Third Set of Interrogatories to All Defendants Except UBS, and, as such, is designed to harass MSCO. MSCO also objects to this Request on the ground that it is overly broad and unduly burdensome, particularly because it seeks to require

MSCO to gather information about securities other than TASER beyond what Plaintiffs represented to the Court in connection with their motion to compel relating to "same or similar conduct" at issue.  The regulatory provision cited in the Request is administrative and Plaintiffs make no claim, and could not make any claim, based on its violation.  It is therefore not "at issue" in this action.  Finally, MSCO objects to this Request on the ground that it seeks information that is irrelevant to the claims and defenses in this action and therefore is not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR ADMISSION NO. 4**:

In 2006, you violated Regulation SHO with respect to at least one short sale in a proprietary account.

**RESPONSE TO REQUEST FOR ADMISSION NO. 4**:

In addition to the General Objections, MSCO objects to Request No. 4 on the grounds that it is cumulative and duplicative of Plaintiffs' other discovery requests, including, but not limited to Plaintiffs' Third Set of Interrogatories to All Defendants Except UBS, and, as such, is designed to harass MSCO.  MSCO also objects to this Request on the ground that it is overly broad and unduly burdensome, particularly because it seeks to require MSCO to gather information about securities other than TASER beyond what Plaintiffs represented to the Court in connection with their motion to compel relating to "same or similar conduct" at issue.  The regulatory provision cited in the Request is administrative and Plaintiffs make no claim, and could not make any claim, based on its violation.  It is therefore not "at issue" in this action. Finally, MSCO objects to this Request on the ground that it seeks information that is irrelevant to the claims and defenses in this action and therefore is not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR ADMISSION NO. 5:**

In 2007, you violated Regulation SHO with respect to at least one short sale in a proprietary account.

**RESPONSE TO REQUEST FOR ADMISSION NO. 5:**

In addition to the General Objections, MSCO objects to Request No. 5 on the grounds that it is cumulative and duplicative of Plaintiffs' other discovery requests, including, but not limited to Plaintiffs' Third Set of Interrogatories to All Defendants Except UBS, and, as such, is designed to harass MSCO. MSCO also objects to this Request on the ground that it is overly broad and unduly burdensome, particularly because it seeks to require MSCO to gather information about securities other than TASER beyond what Plaintiffs represented to the Court in connection with their motion to compel relating to "same or similar conduct" at issue. The regulatory provision cited in the Request is administrative and Plaintiffs make no claim, and could not make any claim, based on its violation. It is therefore not "at issue" in this action. Finally, MSCO objects to this Request on the ground that it seeks information that is irrelevant to the claims and defenses in this action and therefore is not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR ADMISSION NO. 6:**

In 2008, you violated Regulation SHO with respect to at least one short sale in a proprietary account.

**RESPONSE TO REQUEST FOR ADMISSION NO. 6:**

In addition to the General Objections, MSCO objects to Request No. 6 on the grounds that it is cumulative and duplicative of Plaintiffs' other discovery requests, including, but not limited to Plaintiffs' Third Set of Interrogatories to All Defendants Except UBS, and, as such, is designed to harass MSCO. MSCO also objects to this Request on the ground that it is overly

broad and unduly burdensome, particularly because it seeks to require MSCO to gather information about securities other than TASER beyond what Plaintiffs represented to the Court in connection with their motion to compel relating to "same or similar conduct" at issue. The regulatory provision cited in the Request is administrative and Plaintiffs make no claim, and could not make any claim, based on its violation. It is therefore not "at issue" in this action. Finally, MSCO objects to this Request on the ground that it seeks information that is irrelevant to the claims and defenses in this action and therefore is not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR ADMISSION NO. 7:**

In 2009, you violated Regulation SHO with respect to at least one short sale in a proprietary account.

**RESPONSE TO REQUEST FOR ADMISSION NO. 7:**

In addition to the General Objections, MSCO objects to Request No. 7 on the grounds that it is cumulative and duplicative of Plaintiffs' other discovery requests, including, but not limited to Plaintiffs' Third Set of Interrogatories to All Defendants Except UBS, and, as such, is designed to harass MSCO. MSCO also objects to this Request on the ground that it is overly broad and unduly burdensome, particularly because it seeks to require MSCO to gather information about securities other than TASER beyond what Plaintiffs represented to the Court in connection with their motion to compel relating to "same or similar conduct" at issue. The regulatory provision cited in the Request is administrative and Plaintiffs make no claim, and could not make any claim, based on its violation. It is therefore not "at issue" in this action. Finally, MSCO objects to this Request on the ground that it seeks information that is irrelevant to the claims and defenses in this action and therefore is not reasonably calculated to lead to the discovery of admissible evidence.

9

**REQUEST FOR ADMISSION NO. 8:**

In 2005, as an executing broker, you violated Regulation SHO with respect to at least one short sale for or on behalf of one of your customers.

**RESPONSE TO REQUEST FOR ADMISSION NO. 8:**

In addition to the General Objections, MSCO objects to Request No. 8 on the grounds that it is cumulative and duplicative of Plaintiffs' other discovery requests, including, but not limited to Plaintiffs' Third Set of Interrogatories to All Defendants Except UBS, and, as such, is designed to harass MSCO. MSCO also objects to this Request on the ground that it is overly broad and unduly burdensome, particularly because it seeks to require MSCO to gather information about securities other than TASER beyond what Plaintiffs represented to the Court in connection with their motion to compel relating to "same or similar conduct" at issue. The regulatory provision cited in the Request is administrative and Plaintiffs make no claim, and could not make any claim, based on its violation. It is therefore not "at issue" in this action. Additionally, MSCO objects to this Request on the ground that it seeks information that is irrelevant to the claims and defenses in this action and therefore is not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR ADMISSION NO. 9:**

In 2006, as an executing broker, you violated Regulation SHO with respect to at least one short sale for or on behalf of one of your customers.

**RESPONSE TO REQUEST FOR ADMISSION NO. 9:**

In addition to the General Objections, MSCO objects to Request No. 9 on the grounds that it is cumulative and duplicative of Plaintiffs' other discovery requests, including, but not limited to Plaintiffs' Third Set of Interrogatories to All Defendants Except UBS, and, as such, is designed to harass MSCO. MSCO also objects to this Request on the ground that it is overly

broad and unduly burdensome, particularly because it seeks to require MSCO to gather information about securities other than TASER beyond what Plaintiffs represented to the Court in connection with their motion to compel relating to "same or similar conduct" at issue. The regulatory provision cited in the Request is administrative and Plaintiffs make no claim, and could not make any claim, based on its violation. It is therefore not "at issue" in this action. Additionally, MSCO objects to this Request on the ground that it seeks information that is irrelevant to the claims and defenses in this action and therefore is not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR ADMISSION NO. 10:**

In 2007, as an executing broker, you violated Regulation SHO with respect to at least one short sale for or on behalf of one of your customers.

**RESPONSE TO REQUEST FOR ADMISSION NO. 10:**

In addition to the General Objections, MSCO objects to Request No. 10 on the grounds that it is cumulative and duplicative of Plaintiffs' other discovery requests, including, but not limited to Plaintiffs' Third Set of Interrogatories to All Defendants Except UBS, and, as such, is designed to harass MSCO. MSCO also objects to this Request on the ground that it is overly broad and unduly burdensome, particularly because it seeks to require MSCO to gather information about securities other than TASER beyond what Plaintiffs represented to the Court in connection with their motion to compel relating to "same or similar conduct" at issue. The regulatory provision cited in the Request is administrative and Plaintiffs make no claim, and could not make any claim, based on its violation. It is therefore not "at issue" in this action. Additionally, MSCO objects to this Request on the ground that it seeks information that is irrelevant to the claims and defenses in this action and therefore is not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR ADMISSION NO. 11**:

In 2008, as an executing broker, you violated Regulation SHO with respect to at least one short sale for or on behalf of one of your customers.

**RESPONSE TO REQUEST FOR ADMISSION NO. 11**:

In addition to the General Objections, MSCO objects to Request No. 11 on the grounds that it is cumulative and duplicative of Plaintiffs' other discovery requests, including, but not limited to Plaintiffs' Third Set of Interrogatories to All Defendants Except UBS, and, as such, is designed to harass MSCO. MSCO also objects to this Request on the ground that it is overly broad and unduly burdensome, particularly because it seeks to require MSCO to gather information about securities other than TASER beyond what Plaintiffs represented to the Court in connection with their motion to compel relating to "same or similar conduct" at issue. The regulatory provision cited in the Request is administrative and Plaintiffs make no claim, and could not make any claim, based on its violation. It is therefore not "at issue" in this action. Additionally, MSCO objects to this Request on the ground that it seeks information that is irrelevant to the claims and defenses in this action and therefore is not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR ADMISSION NO. 12**:

In 2009, as an executing broker, you violated Regulation SHO with respect to at least one short sale for or on behalf of one of your customers.

**RESPONSE TO REQUEST FOR ADMISSION NO. 12**:

In addition to the General Objections, MSCO objects to Request No. 12 on the grounds that it is cumulative and duplicative of Plaintiffs' other discovery requests, including, but not limited to Plaintiffs' Third Set of Interrogatories to All Defendants Except UBS, and, as such, is designed to harass MSCO. MSCO also objects to this Request on the ground that it is overly

broad and unduly burdensome, particularly because it seeks to require MSCO to gather information about securities other than TASER beyond what Plaintiffs represented to the Court in connection with their motion to compel relating to "same or similar conduct" at issue. The regulatory provision cited in the Request is administrative and Plaintiffs make no claim, and could not make any claim, based on its violation. It is therefore not "at issue" in this action. Additionally, MSCO objects to this Request on the ground that it seeks information that is irrelevant to the claims and defenses in this action and therefore is not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR ADMISSION NO. 13:**

In 2005, you failed to deliver a security in the time required by Regulation SHO with respect to at least one short sale for a proprietary account.

**RESPONSE TO REQUEST FOR ADMISSION NO. 13:**

In addition to the General Objections, MSCO objects to Request No. 13 on the grounds that it is cumulative and duplicative of Plaintiffs' other discovery requests, including, but not limited to Plaintiffs' Third Set of Interrogatories to All Defendants Except UBS and Plaintiffs' Second Set of Interrogatories to Each Defendant, Interrogatory No. 5, and, as such, is designed to harass MSCO. MSCO also objects to this Request on the ground that it is overly broad and unduly burdensome, particularly because it seeks to require MSCO to gather information about securities other than TASER beyond what Plaintiffs represented to the Court in connection with their motion to compel relating to "same or similar conduct" at issue. The regulatory provision cited in the Request is administrative and Plaintiffs make no claim, and could not make any claim, based on its violation. It is therefore not "at issue" in this action. Additionally, MSCO objects to this Request on the ground that it seeks information that is irrelevant to the claims and defenses in this action and therefore is not reasonably calculated to lead to the discovery of

13

admissible evidence.  Finally, MSCO objects to this Request on the grounds that it is unclear,

vague and ambiguous, particularly because the Continuous Net Settlement system aggregates

and nets the daily receipt and daily delivery obligations of its participants and thus the system

does not associate specific transactions or customers with specific failures to deliver.

**REQUEST FOR ADMISSION NO. 14**:

In 2006, you failed to deliver a security in the time required by Regulation SHO with respect to
at least one short sale for a proprietary account.

**RESPONSE TO REQUEST FOR ADMISSION NO. 14**:

In addition to the General Objections, MSCO objects to Request No. 14 on the grounds

that it is cumulative and duplicative of Plaintiffs' other discovery requests, including, but not

limited to Plaintiffs' Third Set of Interrogatories to All Defendants Except UBS and Plaintiffs'

Second Set of Interrogatories to Each Defendant, Interrogatory No. 5, and, as such, is designed to

harass MSCO.  MSCO also objects to this Request on the ground that it is overly broad and

unduly burdensome, particularly because it seeks to require MSCO to gather information about

securities other than TASER beyond what Plaintiffs represented to the Court in connection with

their motion to compel relating to "same or similar conduct" at issue.  The regulatory provision

cited in the Request is administrative and Plaintiffs make no claim, and could not make any

claim, based on its violation.  It is therefore not "at issue" in this action.  Additionally, MSCO

objects to this Request on the ground that it seeks information that is irrelevant to the claims and

defenses in this action and therefore is not reasonably calculated to lead to the discovery of

admissible evidence.  Finally, MSCO objects to this Request on the grounds that it is unclear,

vague and ambiguous, particularly because the Continuous Net Settlement system aggregates

and nets the daily receipt and daily delivery obligations of its participants and thus the system

does not associate specific transactions or customers with specific failures to deliver.

**REQUEST FOR ADMISSION NO. 15:**

In 2007, you failed to deliver a security in the time required by Regulation SHO with respect to at least one short sale for a proprietary account.

**RESPONSE TO REQUEST FOR ADMISSION NO. 15:**

In addition to the General Objections, MSCO objects to Request No. 15 on the grounds that it is cumulative and duplicative of Plaintiffs' other discovery requests, including, but not limited to Plaintiffs' Third Set of Interrogatories to All Defendants Except UBS and Plaintiffs' Second Set of Interrogatories to Each Defendant, Interrogatory No. 5, and, as such, is designed to harass MSCO. MSCO also objects to this Request on the ground that it is overly broad and unduly burdensome, particularly because it seeks to require MSCO to gather information about securities other than TASER beyond what Plaintiffs represented to the Court in connection with their motion to compel relating to "same or similar conduct" at issue. The regulatory provision cited in the Request is administrative and Plaintiffs make no claim, and could not make any claim, based on its violation. It is therefore not "at issue" in this action. Additionally, MSCO objects to this Request on the ground that it seeks information that is irrelevant to the claims and defenses in this action and therefore is not reasonably calculated to lead to the discovery of admissible evidence. Finally, MSCO objects to this Request on the grounds that it is unclear, vague and ambiguous, particularly because the Continuous Net Settlement system aggregates and nets the daily receipt and daily delivery obligations of its participants and thus the system does not associate specific transactions or customers with specific failures to deliver.

**REQUEST FOR ADMISSION NO. 16:**

In 2008, you failed to deliver a security in the time required by Regulation SHO with respect to at least one short sale for a proprietary account.

**RESPONSE TO REQUEST FOR ADMISSION NO. 16:**

In addition to the General Objections, MSCO objects to Request No. 16 on the grounds that it is cumulative and duplicative of Plaintiffs' other discovery requests, including, but not limited to Plaintiffs' Third Set of Interrogatories to All Defendants Except UBS and Plaintiffs' Second Set of Interrogatories to Each Defendant, Interrogatory No. 5, and, as such, is designed to harass MSCO.  MSCO also objects to this Request on the ground that it is overly broad and unduly burdensome, particularly because it seeks to require MSCO to gather information about securities other than TASER beyond what Plaintiffs represented to the Court in connection with their motion to compel relating to "same or similar conduct" at issue.  The regulatory provision cited in the Request is administrative and Plaintiffs make no claim, and could not make any claim, based on its violation.  It is therefore not "at issue" in this action.  Additionally, MSCO objects to this Request on the ground that it seeks information that is irrelevant to the claims and defenses in this action and therefore is not reasonably calculated to lead to the discovery of admissible evidence.  Finally, MSCO objects to this Request on the grounds that it is unclear, vague and ambiguous, particularly because the Continuous Net Settlement system aggregates and nets the daily receipt and daily delivery obligations of its participants and thus the system does not associate specific transactions or customers with specific failures to deliver.

**REQUEST FOR ADMISSION NO. 17:**

In 2009, you failed to deliver a security in the time required by Regulation SHO with respect to at least one short sale for a proprietary account.

**RESPONSE TO REQUEST FOR ADMISSION NO. 17:**

In addition to the General Objections, MSCO objects to Request No. 17 on the grounds that it is cumulative and duplicative of Plaintiffs' other discovery requests, including, but not limited to Plaintiffs' Third Set of Interrogatories to All Defendants Except UBS and Plaintiffs'

16

Second Set of Interrogatories to Each Defendant, Interrogatory No. 5, and, as such, is designed to harass MSCO. MSCO also objects to this Request on the ground that it is overly broad and unduly burdensome, particularly because it seeks to require MSCO to gather information about securities other than TASER beyond what Plaintiffs represented to the Court in connection with their motion to compel relating to "same or similar conduct" at issue. The regulatory provision cited in the Request is administrative and Plaintiffs make no claim, and could not make any claim, based on its violation. It is therefore not "at issue" in this action. Additionally, MSCO objects to this Request on the ground that it seeks information that is irrelevant to the claims and defenses in this action and therefore is not reasonably calculated to lead to the discovery of admissible evidence. Finally, MSCO objects to this Request on the grounds that it is unclear, vague and ambiguous, particularly because the Continuous Net Settlement system aggregates and nets the daily receipt and daily delivery obligations of its participants and thus the system does not associate specific transactions or customers with specific failures to deliver.

**REQUEST FOR ADMISSION NO. 18:**

In 2005, you failed to require a buy-in as required by Regulation SHO.

**RESPONSE TO REQUEST FOR ADMISSION NO. 18:**

In addition to the General Objections, MSCO objects to Request No. 18 on the grounds that it is cumulative and duplicative of Plaintiffs' other discovery requests, including, but not limited to Plaintiffs' Third Set of Interrogatories to All Defendants Except UBS and Plaintiffs' Second Set of Interrogatories to Each Defendant, Interrogatory No. 5, and, as such, is designed to harass MSCO. MSCO also objects to this Request on the ground that it is overly broad and unduly burdensome, particularly because it seeks to require MSCO to gather information about securities other than TASER beyond what Plaintiffs represented to the Court in connection with

their motion to compel relating to "same or similar conduct" at issue.  The regulatory provision cited in the Request is administrative and Plaintiffs make no claim, and could not make any claim, based on its violation.  It is therefore not "at issue" in this action.  MSCO also objects to this Request on the ground that it seeks information that is irrelevant to the claims and defenses in this action and therefore is not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR ADMISSION NO. 19:**

In 2006, you failed to require a buy-in as required by Regulation SHO.

**RESPONSE TO REQUEST FOR ADMISSION NO. 19:**

In addition to the General Objections, MSCO objects to Request No. 19 on the grounds that it is cumulative and duplicative of Plaintiffs' other discovery requests, including, but not limited to Plaintiffs' Third Set of Interrogatories to All Defendants Except UBS and Plaintiffs' Second Set of Interrogatories to Each Defendant, Interrogatory No. 5, and, as such, is designed to harass MSCO.  MSCO also objects to this Request on the ground that it is overly broad and unduly burdensome, particularly because it seeks to require MSCO to gather information about securities other than TASER beyond what Plaintiffs represented to the Court in connection with their motion to compel relating to "same or similar conduct" at issue.  The regulatory provision cited in the Request is administrative and Plaintiffs make no claim, and could not make any claim, based on its violation.  It is therefore not "at issue" in this action.  Additionally, MSCO objects to this Request on the ground that it seeks information that is irrelevant to the claims and defenses in this action and therefore is not reasonably calculated to lead to the discovery of admissible evidence.

18

**REQUEST FOR ADMISSION NO. 20:**

In 2007, you failed to require a buy-in as required by Regulation SHO.

**RESPONSE TO REQUEST FOR ADMISSION NO. 20:**

In addition to the General Objections, MSCO objects to Request No. 20 on the grounds that it is cumulative and duplicative of Plaintiffs' other discovery requests, including, but not limited to Plaintiffs' Third Set of Interrogatories to All Defendants Except UBS and Plaintiffs' Second Set of Interrogatories to Each Defendant, Interrogatory No. 5, and, as such, is designed to harass MSCO. MSCO also objects to this Request on the ground that it is overly broad and unduly burdensome, particularly because it seeks to require MSCO to gather information about securities other than TASER beyond what Plaintiffs represented to the Court in connection with their motion to compel relating to "same or similar conduct" at issue. The regulatory provision cited in the Request is administrative and Plaintiffs make no claim, and could not make any claim, based on its violation. It is therefore not "at issue" in this action. Additionally, MSCO objects to this Request on the ground that it seeks information that is irrelevant to the claims and defenses in this action and therefore is not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR ADMISSION NO. 21:**

In 2008, you failed to require a buy-in as required by Regulation SHO.

**RESPONSE TO REQUEST FOR ADMISSION NO. 21:**

In addition to the General Objections, MSCO objects to Request No. 21 on the grounds that it is cumulative and duplicative of Plaintiffs' other discovery requests, including, but not limited to Plaintiffs' Third Set of Interrogatories to All Defendants Except UBS and Plaintiffs' Second Set of Interrogatories to Each Defendant, Interrogatory No. 5, and, as such, is designed to

harass MSCO.  MSCO also objects to this Request on the ground that it is overly broad and

unduly burdensome, particularly because it seeks to require MSCO to gather information about

securities other than TASER beyond what Plaintiffs represented to the Court in connection with

their motion to compel relating to "same or similar conduct" at issue.  The regulatory provision

cited in the Request is administrative and Plaintiffs make no claim, and could not make any

claim, based on its violation.  It is therefore not "at issue" in this action.  Additionally, MSCO

objects to this Request on the ground that it seeks information that is irrelevant to the claims and

defenses in this action and therefore is not reasonably calculated to lead to the discovery of

admissible evidence.

**REQUEST FOR ADMISSION NO. 22:**

In 2009, you failed to require a buy-in as required by Regulation SHO.

**RESPONSE TO REQUEST FOR ADMISSION NO. 22:**

In addition to the General Objections, MSCO objects to Request No. 22 on the grounds

that it is cumulative and duplicative of Plaintiffs' other discovery requests, including, but not

limited to Plaintiffs' Third Set of Interrogatories to All Defendants Except UBS and Plaintiffs'

Second Set of Interrogatories to Each Defendant, Interrogatory No. 5, and, as such, is designed to

harass MSCO.  MSCO also objects to this Request on the ground that it is overly broad and

unduly burdensome, particularly because it seeks to require MSCO to gather information about

securities other than TASER beyond what Plaintiffs represented to the Court in connection with

their motion to compel relating to "same or similar conduct" at issue.  The regulatory provision

cited in the Request is administrative and Plaintiffs make no claim, and could not make any

claim, based on its violation.  It is therefore not "at issue" in this action.  Additionally, MSCO

objects to this Request on the ground that it seeks information that is irrelevant to the claims and

defenses in this action and therefore is not reasonably calculated to lead to the discovery of admissible evidence.

## REQUEST FOR ADMISSION NO. 23:

In 2005, you failed to close out at least one failure to deliver position as required by Regulation SHO.

## RESPONSE TO REQUEST FOR ADMISSION NO. 23:

In addition to the General Objections, MSCO objects to Request No. 23 on the grounds that it is cumulative and duplicative of Plaintiffs' other discovery requests, including, but not limited to Plaintiffs' Third Set of Interrogatories to All Defendants Except UBS and Plaintiffs' Second Set of Interrogatories to Each Defendant, Interrogatory No. 5, and, as such, is designed to harass MSCO. MSCO also objects to this Request on the ground that it is overly broad and unduly burdensome, particularly because it seeks to require MSCO to gather information about securities other than TASER beyond what Plaintiffs represented to the Court in connection with their motion to compel relating to "same or similar conduct" at issue. The regulatory provision cited in the Request is administrative and Plaintiffs make no claim, and could not make any claim, based on its violation. It is therefore not "at issue" in this action. Additionally, MSCO objects to this Request on the ground that it seeks information that is irrelevant to the claims and defenses in this action and therefore is not reasonably calculated to lead to the discovery of admissible evidence.

## REQUEST FOR ADMISSION NO. 24:

In 2006, you failed to close out at least one failure to deliver position as required by Regulation SHO.

**RESPONSE TO REQUEST NO. 24:**

In addition to the General Objections, MSCO objects to Request No. 24 on the grounds that it is cumulative and duplicative of Plaintiffs' other discovery requests, including, but not limited to Plaintiffs' Third Set of Interrogatories to All Defendants Except UBS and Plaintiffs' Second Set of Interrogatories to Each Defendant, Interrogatory No. 5, and, as such, is designed to harass MSCO. MSCO also objects to this Request on the ground that it is overly broad and unduly burdensome, particularly because it seeks to require MSCO to gather information about securities other than TASER beyond what Plaintiffs represented to the Court in connection with their motion to compel relating to "same or similar conduct" at issue. The regulatory provision cited in the Request is administrative and Plaintiffs make no claim, and could not make any claim, based on its violation. It is therefore not "at issue" in this action. Additionally, MSCO objects to this Request on the ground that it seeks information that is irrelevant to the claims and defenses in this action and therefore is not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR ADMISSION NO. 25:**

In 2007, you failed to close out at least one failure to deliver position as required by Regulation SHO.

**RESPONSE TO REQUEST FOR ADMISSION NO. 25:**

In addition to the General Objections, MSCO objects to Request No. 25 on the grounds that it is cumulative and duplicative of Plaintiffs' other discovery requests, including, but not limited to Plaintiffs' Third Set of Interrogatories to All Defendants Except UBS and Plaintiffs' Second Set of Interrogatories to Each Defendant, Interrogatory No. 5, and, as such, is designed to harass MSCO. MSCO also objects to this Request on the ground that it is overly broad and unduly burdensome, particularly because it seeks to require MSCO to gather information about

securities other than TASER beyond what Plaintiffs represented to the Court in connection with their motion to compel relating to "same or similar conduct" at issue. The regulatory provision cited in the Request is administrative and Plaintiffs make no claim, and could not make any claim, based on its violation. It is therefore not "at issue" in this action. Additionally, MSCO objects to this Request on the ground that it seeks information that is irrelevant to the claims and defenses in this action and therefore is not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR ADMISSION NO. 26:**

In 2008, you failed to close out at least one failure to deliver position as required by Regulation SHO.

**RESPONSE TO REQUEST FOR ADMISSION NO. 26:**

In addition to the General Objections, MSCO objects to Request No. 26 on the grounds that it is cumulative and duplicative of Plaintiffs' other discovery requests, including, but not limited to Plaintiffs' Third Set of Interrogatories to All Defendants Except UBS and Plaintiffs' Second Set of Interrogatories to Each Defendant, Interrogatory No. 5, and, as such, is designed to harass MSCO. MSCO also objects to this Request on the ground that it is overly broad and unduly burdensome, particularly because it seeks to require MSCO to gather information about securities other than TASER beyond what Plaintiffs represented to the Court in connection with their motion to compel relating to "same or similar conduct" at issue. The regulatory provision cited in the Request is administrative and Plaintiffs make no claim, and could not make any claim, based on its violation. It is therefore not "at issue" in this action. Additionally, MSCO objects to this Request on the ground that it seeks information that is irrelevant to the claims and defenses in this action and therefore is not reasonably calculated to lead to the discovery of admissible evidence.

23

**REQUEST FOR ADMISSION NO. 27:**

In 2009, you failed to close out at least one failure to deliver position as required by Regulation SHO.

**RESPONSE TO REQUEST FOR ADMISSION NO. 27:**

In addition to the General Objections, MSCO objects to Request No. 27 on the grounds that it is cumulative and duplicative of Plaintiffs' other discovery requests, including, but not limited to Plaintiffs' Third Set of Interrogatories to All Defendants Except UBS and Plaintiffs' Second Set of Interrogatories to Each Defendant, Interrogatory No. 5, and, as such, is designed to harass MSCO.  MSCO also objects to this Request on the ground that it is overly broad and unduly burdensome, particularly because it seeks to require MSCO to gather information about securities other than TASER beyond what Plaintiffs represented to the Court in connection with their motion to compel relating to "same or similar conduct" at issue.  The regulatory provision cited in the Request is administrative and Plaintiffs make no claim, and could not make any claim, based on its violation.  It is therefore not "at issue" in this action.  Additionally, MSCO objects to this Request on the ground that it seeks information that is irrelevant to the claims and defenses in this action and therefore is not reasonably calculated to lead to the discovery of admissible evidence.

Dated:  July 19, 2010

_____

Robert F. Wise, Jr. (admitted *pro hac vice*)
William J. Fenrich (admitted *pro hac vice*)
Melissa T. Aoyagi (admitted *pro hac vice*)

*Attorneys for Morgan Stanley & Co.*
*Incorporated*

DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York  10017
Tel: (212) 450-4000
Fax: (212) 701-5800

Richard H. Sinkfield
Georgia Bar No. 649100
Dan F. Laney, III
Georgia Bar No. 435290

*Attorneys for Defendants Morgan Stanley & Co.*
*Incorporated; Goldman, Sachs & Co.; Goldman*
*Sachs Execution & Clearing, L.P.; Bear,*
*Stearns Securities Corp. (n/k/a J.P. Morgan*
*Clearing Corp.); Bear, Stearns & Co. Inc. (n/k/a*
*J.P. Morgan Securities Inc.); Merrill Lynch,*
*Pierce, Fenner & Smith, Inc.; Deutsche Bank*
*Securities Incorporated.; Credit Suisse*
*Securities (USA) LLC; Banc of America*
*Securities LLC; and UBS Securities, LLC*

ROGERS & HARDIN LLP
2700 International Tower
Peachtree Center
229 Peachtree St., NE
Atlanta, Georgia  30303
Phone:  (404) 522-4700
Fax:  (404) 525-2224

25

State Court of Fulton County
***EFILED***
LexisNexis Transaction ID: 32215379
Date: Jul 19 2010 9:53PM
Mark Harper, Clerk

# Exhibit K

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

TASER INTERNATIONAL, INC.,
*et al.*,                                    )
                                             )
                                             )
                    Plaintiffs,              )
                                             )
v.                                           )        CIVIL ACTION FILE NO.
                                             )        2008-EV-004739-B
MORGAN STANLEY & CO., INC.,                  )
*et al.*,                                    )
                                             )
                    Defendants.              )
_____          )
                                             )

**UBS SECURITIES, LLC'S OBJECTIONS AND RESPONSES TO PLAINTIFFS'
FOURTH REQUESTS FOR ADMISSION TO ALL DEFENDANTS EXCEPT
GOLDMAN SACHS AND FIFTH REQUESTS FOR ADMISSION
TO GOLDMAN SACHS**

Defendant UBS Securities, LLC ("UBS") hereby responds to Plaintiffs' Fourth Requests

for Admissions to All Defendants Except Goldman Sachs and Fifth Request for Admission to

Goldman Sachs (the "Requests") as follows:

UBS has already produced to Plaintiffs over 1.2 million pages of documents and

thousands of gigabytes of data, including millions of data entries concerning trading in TASER

securities. UBS also has provided a significant volume of information in response to Plaintiffs'

numerous interrogatories, previous requests for admission and informal discovery requests.

Notwithstanding these facts, Plaintiffs seek through these Requests to again improperly expand

the scope of discovery into a general audit of UBS's short selling and related trade settlement

activities concerning all securities over a five-year time period, regardless of whether those

activities impacted trading in TASER securities. This directly contradicts Plaintiffs' express

representation to the Court on December 3, 2009 that expanding the scope of discovery to

include "same or similar conduct" would not impose any additional burden on Defendants. *See* Plaintiffs' Reply in Support of Plaintiffs' Motion to Compel Production of Documents, filed December 3, 2009, at 14-15. Moreover, the expense and burden that would be involved in responding to these Interrogatories is not justified where Plaintiffs have (a) yet to even identify any instances of alleged "abusive naked short selling" with respect to TASER — the only security at issue in this litigation, and (b) admitted that nearly every Plaintiff profited from their trading in TASER.

Contemporaneous with service of these responses, Defendants are also filing a Motion For Protective Order With Respect To Plaintiffs' June 10, 2010 Discovery for the reasons discussed herein and as explained in further detail in their Motion. UBS reserves the right to amend these objections and, if necessary, to respond to the Requests following a decision on their Motion.

## GENERAL OBJECTIONS

UBS hereby makes the following General Objections, which apply to each and every specific Request and are incorporated into each and every response below as if set forth fully therein. Any response to specific Requests is made without waiving these General Objections. UBS has not repeated these objections in every response to improve readability. Failure to reiterate a General Objection below does not constitute a waiver of that or any other objection.

1. UBS objects to all Instructions, Definitions and Requests to the extent that they call for UBS to do more than is required under the Official Code of Georgia, the Uniform State Court Rules, the Local Rules or other applicable law.

2. UBS objects to the Requests on the grounds that they are overbroad and unduly burdensome. UBS has already produced to Plaintiffs over 1.2 million pages of documents and

2

thousands of gigabytes of data, including millions of data entries concerning trading in TASER securities. UBS has also provided a significant volume of information in response to Plaintiffs' numerous interrogatories, previous requests for admission and informal discovery requests. Notwithstanding that fact, through these Interrogatories Plaintiffs seek to again expand the scope of discovery into a general audit of Defendants' short selling and related trade settlement activities concerning all securities over a more than five-year time period, regardless of whether those activities impacted or relate to trading in TASER securities. Contemporaneous with service of these responses, Defendants are also filing a Motion For Protective Order With Respect To Plaintiffs' June 10, 2010 Discovery for the reasons discussed herein and as explained in further detail in their Motion. UBS reserves the right to amend these objections and, if necessary, to respond to the Requests following a decision on their Motion.

3.     UBS objects to the Requests on the grounds that they are unduly burdensome because they seek to impose an obligation on UBS to gather information about securities other than TASER beyond what Plaintiffs represented to the Court in connection with their motion to compel relating to "same or similar conduct." (*See* Defendants' Motion For Protective Order With Respect To Discovery Served By Plaintiffs On June 10, 2010.)

4.     UBS objects to each Request on the grounds that it seeks information that is neither relevant to the claims and defenses in this action, nor reasonably calculated to lead to the discovery of admissible evidence.

5.     UBS objects to these Requests as cumulative and duplicative of other discovery already provided by UBS, including discovery provided in response to Plaintiffs' Amended Second Set of Interrogatories No. 5 and Plaintiffs' Fourth Set of Interrogatories to UBS where UBS identified investigations or inquiries of UBS concerning alleged violations of U.S.

3

securities laws or regulations related to the so-called "Conduct at Issue," (as that term is mis-used by Plaintiffs) during the Time Period that resulted in a settlement, fine, sanction, censure, or NASD/FINRA Letter of Caution or Cautionary Action during the Time Period.

6.   UBS objects to each Request to the extent it seeks information and/or documents covered by the attorney-client privilege, the joint defense or common interest privilege, the attorney work product doctrine, the accountant-client privilege, or any other legally recognized privilege, immunity or exemption from production. UBS will not produce information and/or documents containing such information or will produce the material in redacted form. UBS would be willing to provide a log in accordance with the governing rules if documents are redacted or withheld because they are protected from disclosure.

7.   To the extent that UBS provides information covered by the attorney-client privilege, the joint defense or common interest privilege, the attorney work product doctrine, the accountant-client privilege or any other legally recognized privilege, immunity or exemption from disclosure in response to any Request, such provision is inadvertent and does not constitute a waiver of the attorney-client privilege, the joint defense or common interest privilege, the attorney work product doctrine, the accountant-client privilege or any other legally recognized privilege with respect to other information and/or documents. UBS reserves the right to request the return of any such information and/or documents.

8.   UBS objects to each Request to the extent that it purports to require UBS to seek information and/or documents in the possession, custody or control of other persons or entities. UBS also objects to each Request to the extent that it requests documents that are in the public domain and are therefore equally available to all parties. UBS will provide responses, if any, only to the extent that such information or materials are in its possession, custody or control.

4

9.      UBS objects to each Request to the extent that it requires UBS to search for and produce information and/or documents that are not centrally maintained or from persons not believed to have significant involvement in the subject matter at issue.  To the extent that each Request purports to require UBS to do so, it seeks to impose an undue burden and/or unreasonable costs upon UBS.

10.     UBS reserves all objections that may be available to it at any hearing or trial or on any motion to the use or admissibility of any information provided, as well as the right to object to further discovery relating to the subject matter of any information provided.

11.     UBS objects to the definition of the term "proprietary account" as overbroad, vague and ambiguous.  To the extent that UBS later responds to any Request, it will respond concerning "proprietary account" as referring to trading by UBS on its own behalf (*i.e.*, as a principal, putting the firm's assets at risk) for the purpose of profiting from a long or short position in the particular security, excluding market-making and other trading for the purpose of facilitating customer orders and hedging activities (*i.e.*, trades designed to reduce the risk of other trades or positions).  UBS objects to the definition of "proprietary account" to the extent it seeks information that is not relevant to the claims or defenses in this action nor reasonably calculated to lead to the discovery of admissible evidence and, in particular, to the extent it includes computerized trading such as program and index-driven trading (*e.g.*, where a particular security is selected for trading due to an algorithm or because it is part of one or more market indices).

12.     UBS objects to the definition of the terms "You," "Your," and "Yourself" to the extent Plaintiffs employ the terms to seek information beyond UBS's possession, custody or control or about entities other than UBS.  UBS will respond to each Request only on behalf of

5

the entity named as Defendant in the Sixth Amended Complaint.  UBS also objects to the definition of the terms "You," "Your," and "Yourself" to the extent they seek information and/or documents covered by the attorney-client privilege, the attorney work product doctrine, the accountant-client privilege, or any other privilege or immunity from discovery.

13.    UBS's failure to object to any Request on a particular ground or grounds shall not be construed as a waiver of its right to object on any additional ground(s) consistent with further investigation and discovery.

### RESPONSES AND OBJECTIONS TO SPECIFIC REQUESTS FOR ADMISSIONS

### REQUEST FOR ADMISSION NO. 1

In 2004, you violated NASD Rule 3370 with respect to at least one short sale in a proprietary account.

### RESPONSE TO REQUEST FOR ADMISSION NO. 1:

UBS objects to Request No. 1 on the grounds that it is cumulative and duplicative of Plaintiffs' other discovery requests and, as such, is designed to harass UBS.  Specifically, UBS refers Plaintiffs to UBS's Amended Responses to Plaintiffs' Fourth Set of Interrogatories To UBS, which previously identified investigations or inquiries of UBS concerning alleged violations of U.S. securities laws or regulations related to the so-called "Conduct at Issue," (as that term is mis-used by Plaintiffs) during the Time Period that resulted in a settlement, fine, sanction, censure, or NASD/FINRA Letter of Caution or Cautionary Action during the Time Period.  UBS also objects to Request No. 1 on the grounds that it is overbroad and unduly burdensome.  UBS further objects to Request No. 1 on the grounds that it seeks to impose an obligation on UBS to gather information about securities other than TASER beyond what

6

Plaintiffs represented to the Court in connection with their motion to compel concerning "same or similar conduct." UBS further objects to Request No. 1 on the grounds that the term "proprietary account" is overly broad, poorly defined, and unduly burdensome. Additionally, UBS objects to Request No. 1 on the grounds that it seeks information that is neither relevant to the claims and defenses in this action, nor reasonably calculated to lead to the discovery of admissible evidence.

### REQUEST FOR ADMISSION NO. 2:

In 2004, you violated UPC71 with respect to at least one short sale in a proprietary account.

### RESPONSE TO REQUEST FOR ADMISSION NO. 2:

UBS objects to Request No. 2 on the grounds that it is cumulative and duplicative of Plaintiffs' other discovery requests and, as such, is designed to harass UBS. Specifically, UBS refers Plaintiffs to UBS's Amended Responses to Plaintiffs' Fourth Set of Interrogatories To UBS, which previously identified investigations or inquiries of UBS concerning alleged violations of U.S. securities laws or regulations related to the so-called "Conduct at Issue," (as that term is mis-used by Plaintiffs) during the Time Period that resulted in a settlement, fine, sanction, censure, or NASD/FINRA Letter of Caution or Cautionary Action during the Time Period. UBS also objects to Request No. 2 on the grounds that it is overbroad and unduly burdensome. UBS further objects to Request No. 2 on the grounds that it seeks to impose an obligation on UBS to gather information about securities other than TASER beyond what Plaintiffs represented to the Court in connection with their motion to compel concerning "same or similar conduct." UBS further objects to Request No. 2 on the grounds that the term "proprietary account" is overly broad, poorly defined, and unduly burdensome. Additionally,

7

UBS objects to Request No. 2 on the grounds that it seeks information that is neither relevant to the claims and defenses in this action, nor reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR ADMISSION NO. 3:**

In 2005, you violated Regulation SHO with respect to at least one short sale for a proprietary account.

**RESPONSE TO REQUEST FOR ADMISSION NO. 3:**

UBS objects to Request No. 3 on the grounds that it is cumulative and duplicative of Plaintiffs' other discovery requests and, as such, is designed to harass UBS. Specifically, UBS refers Plaintiffs to UBS's Amended Responses to Plaintiffs' Fourth Set of Interrogatories To UBS, which previously identified investigations or inquiries of UBS concerning alleged violations of U.S. securities laws or regulations related to the so-called "Conduct at Issue," (as that term is mis-used) by Plaintiffs during the Time Period that resulted in a settlement, fine, sanction, censure, or NASD/FINRA Letter of Caution or Cautionary Action during the Time Period. UBS also objects to Request No. 3 on the grounds that it is overbroad and unduly burdensome. UBS further objects to Request No. 3 on the grounds that it seeks to impose an obligation on UBS to gather information about securities other than TASER beyond what Plaintiffs represented to the Court in connection with their motion to compel concerning "same or similar conduct." UBS further objects to Request No. 3 on the grounds that the term "proprietary account" is overly broad, poorly defined, and unduly burdensome. Additionally, UBS objects to Request No. 3 on the grounds that it seeks information that is neither relevant to the claims and defenses in this action, nor reasonably calculated to lead to the discovery of admissible evidence.

8

## REQUEST FOR ADMISSION NO. 4:

In 2006, you violated Regulation SHO with respect to at least one short sale for a proprietary account.

## RESPONSE TO REQUEST FOR ADMISSION NO. 4:

UBS objects to Request No. 4 on the grounds that it is cumulative and duplicative of Plaintiffs' other discovery requests and, as such, is designed to harass UBS. Specifically, UBS refers Plaintiffs to UBS's Amended Responses to Plaintiffs' Fourth Set of Interrogatories To UBS, which previously identified investigations or inquiries of UBS concerning alleged violations of U.S. securities laws or regulations related to the so-called "Conduct at Issue," (as that term is mis-used by Plaintiffs) during the Time Period that resulted in a settlement, fine, sanction, censure, or NASD/FINRA Letter of Caution or Cautionary Action during the Time Period. UBS also objects to Request No. 4 on the grounds that it is overbroad and unduly burdensome. UBS further objects to Request No. 4 on the grounds that it seeks to impose an obligation on UBS to gather information about securities other than TASER beyond what Plaintiffs represented to the Court in connection with their motion to compel concerning "same or similar conduct." UBS further objects to Request No. 4 on the grounds that the term "proprietary account" is overly broad, poorly defined, and unduly burdensome. Additionally, UBS objects to Request No. 4 on the grounds that it seeks information that is neither relevant to the claims and defenses in this action, nor reasonably calculated to lead to the discovery of admissible evidence.

## REQUEST FOR ADMISSION NO. 5:

In 2007, you violated Regulation SHO with respect to at least one short sale for a proprietary account.

9

**RESPONSE TO REQUEST FOR ADMISSION NO. 5:**

UBS objects to Request No. 5 on the grounds that it is cumulative and duplicative of Plaintiffs' other discovery requests and, as such, is designed to harass UBS. Specifically, UBS refers Plaintiffs to UBS's Amended Responses to Plaintiffs' Fourth Set of Interrogatories To UBS, which previously identified investigations or inquiries of UBS concerning alleged violations of U.S. securities laws or regulations related to the so-called "Conduct at Issue," (as that term is mis-used by Plaintiffs) during the Time Period that resulted in a settlement, fine, sanction, censure, or NASD/FINRA Letter of Caution or Cautionary Action during the Time Period. UBS also objects to Request No. 5 on the grounds that it is overbroad and unduly burdensome. UBS further objects to Request No. 5 on the grounds that it seeks to impose an obligation on UBS to gather information about securities other than TASER beyond what Plaintiffs represented to the Court in connection with their motion to compel concerning "same or similar conduct." UBS further objects to Request No. 5 on the grounds that the term "proprietary account" is overly broad, poorly defined, and unduly burdensome. Additionally, UBS objects to Request No. 5 on the grounds that it seeks information that is neither relevant to the claims and defenses in this action, nor reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR ADMISSION NO. 6:**

In 2008, you violated Regulation SHO with respect to at least one short sale for a proprietary account.

**RESPONSE TO REQUEST FOR ADMISSION NO. 6:**

UBS objects to Request No. 6 on the grounds that it is cumulative and duplicative of Plaintiffs' other discovery requests and, as such, is designed to harass UBS. Specifically, UBS refers Plaintiffs to UBS's Amended Responses to Plaintiffs' Fourth Set of Interrogatories To UBS, which previously identified investigations or inquiries of UBS concerning alleged violations of U.S. securities laws or regulations related to the so-called "Conduct at Issue," (as that term is mis-used by Plaintiffs) during the Time Period that resulted in a settlement, fine, sanction, censure, or NASD/FINRA Letter of Caution or Cautionary Action during the Time Period. UBS also objects to Request No. 6 on the grounds that it is overbroad and unduly burdensome. UBS further objects to Request No. 6 on the grounds that it seeks to impose an obligation on UBS to gather information about securities other than TASER beyond what Plaintiffs represented to the Court in connection with their motion to compel concerning "same or similar conduct." UBS further objects to Request No. 6 on the grounds that the term "proprietary account" is overly broad, poorly defined, and unduly burdensome. Additionally, UBS objects to Request No. 6 on the grounds that it seeks information that is neither relevant to the claims and defenses in this action, nor reasonably calculated to lead to the discovery of admissible evidence.

## REQUEST FOR ADMISSION NO. 7:

In 2009, you violated Regulation SHO with respect to at least one short sale for a proprietary account.

## RESPONSE TO REQUEST FOR ADMISSION NO. 7:

UBS objects to Request No. 7 on the grounds that it is cumulative and duplicative of Plaintiffs' other discovery requests and, as such, is designed to harass UBS. Specifically, UBS refers Plaintiffs to UBS's Amended Responses to Plaintiffs' Fourth Set of Interrogatories To

11

UBS, which previously identified investigations or inquiries of UBS concerning alleged violations of U.S. securities laws or regulations related to the so-called "Conduct at Issue," (as that term is mis-used by Plaintiffs) during the Time Period that resulted in a settlement, fine, sanction, censure, or NASD/FINRA Letter of Caution or Cautionary Action during the Time Period.   UBS also objects to Request No. 7 on the grounds that it is overbroad and unduly burdensome.   UBS further objects to Request No. 7 on the grounds that it seeks to impose an obligation on UBS to gather information about securities other than TASER beyond what Plaintiffs represented to the Court in connection with their motion to compel concerning "same or similar conduct."   UBS further objects to Request No. 7 on the grounds that the term "proprietary account" is overly broad, poorly defined, and unduly burdensome.   Additionally, UBS objects to Request No. 7 on the grounds that it seeks information that is neither relevant to the claims and defenses in this action, nor reasonably calculated to lead to the discovery of admissible evidence.

## REQUEST FOR ADMISSION NO. 8:

In 2005, as an executing broker, you violated Regulation SHO with respect to at least one short sale for or on behalf of one of your customers.

## RESPONSE TO REQUEST FOR ADMISSION NO. 8:

UBS objects to Request No. 8 on the grounds that it is cumulative and duplicative of Plaintiffs' other discovery requests and, as such, is designed to harass UBS. Specifically, UBS refers Plaintiffs to UBS's Amended Responses to Plaintiffs' Fourth Set of Interrogatories To UBS, which previously identified investigations or inquiries of UBS concerning alleged violations of U.S. securities laws or regulations related to the so-called "Conduct at Issue," (as that term is mis-used by Plaintiffs) during the Time Period that resulted in a settlement, fine,

sanction, censure, or NASD/FINRA Letter of Caution or Cautionary Action during the Time Period. UBS also objects to Request No. 8 on the grounds that it is overbroad and unduly burdensome. UBS further objects to Request No. 8 on the grounds that it seeks to impose an obligation on UBS to gather information about securities other than TASER beyond what Plaintiffs represented to the Court in connection with "same or similar conduct." UBS further objects to Request No. 8 on the grounds that it seeks information that is neither relevant to the claims and defenses in this action, nor reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR ADMISSION NO. 9**:

In 2006, as an executing broker, you violated Regulation SHO with respect to at least one short sale for or on behalf of one of your customers.

**RESPONSE TO REQUEST FOR ADMISSION NO. 9**:

UBS objects to Request No. 9 on the grounds that it is cumulative and duplicative of Plaintiffs' other discovery requests and, as such, is designed to harass UBS. Specifically, UBS refers Plaintiffs to UBS's Amended Responses to Plaintiffs' Fourth Set of Interrogatories To UBS, which previously identified investigations or inquiries of UBS concerning alleged violations of U.S. securities laws or regulations related to the so-called "Conduct at Issue," (as that term is mis-used by Plaintiffs) during the Time Period that resulted in a settlement, fine, sanction, censure, or NASD/FINRA Letter of Caution or Cautionary Action during the Time Period. UBS also objects to Request No. 9 on the grounds that it is overbroad and unduly burdensome. UBS further objects to Request No. 9 on the grounds that it seeks to impose an obligation on UBS to gather information about securities other than TASER beyond what Plaintiffs represented to the Court in connection with "same or similar conduct." UBS further

13

objects to Request No. 9 on the grounds that it seeks information that is neither relevant to the claims and defenses in this action, nor reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR ADMISSION NO. 10:**

In 2007, as an executing broker, you violated Regulation SHO with respect to at least one short sale for or on behalf of one of your customers.

**RESPONSE TO REQUEST FOR ADMISSION NO. 10:**

UBS objects to Request No. 10 on the grounds that it is cumulative and duplicative of Plaintiffs' other discovery requests and, as such, is designed to harass UBS. Specifically, UBS refers Plaintiffs to UBS's Amended Responses to Plaintiffs' Fourth Set of Interrogatories To UBS, which previously identified investigations or inquiries of UBS concerning alleged violations of U.S. securities laws or regulations related to the so-called "Conduct at Issue," (as that term is mis-used by Plaintiffs) during the Time Period that resulted in a settlement, fine, sanction, censure, or NASD/FINRA Letter of Caution or Cautionary Action during the Time Period. UBS also objects to Request No. 10 on the grounds that it is overbroad and unduly burdensome. UBS further objects to Request No. 10 on the grounds that it seeks to impose an obligation on UBS to gather information about securities other than TASER beyond what Plaintiffs represented to the Court in connection with "same or similar conduct." UBS further objects to Request No. 10 on the grounds that it seeks information that is neither relevant to the claims and defenses in this action, nor reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR ADMISSION NO. 11:**

14

In 2008, as an executing broker, you violated Regulation SHO with respect to at least one short sale for or on behalf of one of your customers.

**RESPONSE TO REQUEST FOR ADMISSION NO. 11:**

UBS objects to Request No. 11 on the grounds that it is cumulative and duplicative of Plaintiffs' other discovery requests and, as such, is designed to harass UBS. Specifically, UBS refers Plaintiffs to UBS's Amended Responses to Plaintiffs' Fourth Set of Interrogatories To UBS, which previously identified investigations or inquiries of UBS concerning alleged violations of U.S. securities laws or regulations related to the so-called "Conduct at Issue," (as that term is mis-used by Plaintiffs) during the Time Period that resulted in a settlement, fine, sanction, censure, or NASD/FINRA Letter of Caution or Cautionary Action during the Time Period. UBS also objects to Request No. 11 on the grounds that it is overbroad and unduly burdensome. UBS further objects to Request No. 11 on the grounds that it seeks to impose an obligation on UBS to gather information about securities other than TASER beyond what Plaintiffs represented to the Court in connection with "same or similar conduct." UBS further objects to Request No. 11 on the grounds that it seeks information that is neither relevant to the claims and defenses in this action, nor reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR ADMISSION NO. 12:**

In 2009, as an executing broker, you violated Regulation SHO with respect to at least one short sale for or on behalf of one of your customers.

**RESPONSE TO REQUEST FOR ADMISSION NO. 12:**

UBS objects to Request No. 12 on the grounds that it is cumulative and duplicative of Plaintiffs' other discovery requests and, as such, is designed to harass UBS. Specifically, UBS

15

refers Plaintiffs to UBS's Amended Responses to Plaintiffs' Fourth Set of Interrogatories To UBS, which previously identified investigations or inquiries of UBS concerning alleged violations of U.S. securities laws or regulations related to the so-called "Conduct at Issue," (as that term is mis-used by Plaintiffs) during the Time Period that resulted in a settlement, fine, sanction, censure, or NASD/FINRA Letter of Caution or Cautionary Action during the Time Period.  UBS also objects to Request No. 12 on the grounds that it is overbroad and unduly burdensome.  UBS further objects to Request No. 12 on the grounds that it seeks to impose an obligation on UBS to gather information about securities other than TASER beyond what Plaintiffs represented to the Court in connection with "same or similar conduct."  UBS further objects to Request No. 12 on the grounds that it seeks information that is neither relevant to the claims and defenses in this action, nor reasonably calculated to lead to the discovery of admissible evidence.

### REQUEST FOR ADMISSION NO. 13:

In 2005, you failed to deliver a security in the time required by Regulation SHO with respect to at least one short sale for a proprietary account.

### RESPONSE TO REQUEST FOR ADMISSION NO. 13:

UBS objects to Request No. 13 on the grounds that it is cumulative and duplicative of Plaintiffs' other discovery requests and, as such, is designed to harass UBS.  Specifically, UBS refers Plaintiffs to UBS's Amended Responses to Plaintiffs' Fourth Set of Interrogatories To UBS, which previously identified investigations or inquiries of UBS concerning alleged violations of U.S. securities laws or regulations related to the so-called "Conduct at Issue," (as that term is mis-used by Plaintiffs) during the Time Period that resulted in a settlement, fine, sanction, censure, or NASD/FINRA Letter of Caution or Cautionary Action during the Time

16

Period, as well as UBS's Response To Plaintiffs' Amended Second Set of Interrogatories To Each Defendant, Interrogatory 5. UBS also objects to Request No. 13 on the grounds that it is overbroad and unduly burdensome. UBS further objects to Request No. 13 on the grounds that it seeks to impose an obligation on UBS to gather information about securities other than TASER beyond what Plaintiffs represented to the Court in connection with their motion to compel concerning "same or similar conduct." UBS further objects to Request No. 13 on the grounds that the term "proprietary account" is overly broad, poorly defined, and unduly burdensome. Additionally, UBS objects to Request No. 13 on the grounds that it seeks information that is neither relevant to the claims and defenses in this action, nor reasonably calculated to lead to the discovery of admissible evidence. Finally, UBS objects to Request No. 13 on the grounds that it is unclear, vague and ambiguous, particularly because the Continuous Net Settlement system aggregates and nets the daily receipt and daily delivery obligations of its participants and thus the system does not associate specific transactions or customers with specific failures to deliver.

**REQUEST FOR ADMISSION NO. 14:**

In 2006, you failed to deliver a security in the time required by Regulation SHO with respect to at least one short sale for a proprietary account.

**RESPONSE TO REQUEST FOR ADMISSION NO. 14:**

UBS objects to Request No. 14 on the grounds that it is cumulative and duplicative of Plaintiffs' other discovery requests and, as such, is designed to harass UBS. Specifically, UBS refers Plaintiffs to UBS's Amended Responses to Plaintiffs' Fourth Set of Interrogatories To UBS, which previously identified investigations or inquiries of UBS concerning alleged violations of U.S. securities laws or regulations related to the so-called "Conduct at Issue," (as that term is mis-used by Plaintiffs) during the Time Period that resulted in a settlement, fine,

17

sanction, censure, or NASD/FINRA Letter of Caution or Cautionary Action during the Time Period, as well as UBS's Response To Plaintiffs' Amended Second Set of Interrogatories To Each Defendant, Interrogatory 5. UBS also objects to Request No. 14 on the grounds that it is overbroad and unduly burdensome. UBS further objects to Request No. 14 on the grounds that it seeks to impose an obligation on UBS to gather information about securities other than TASER beyond what Plaintiffs represented to the Court in connection with their motion to compel concerning "same or similar conduct." UBS further objects to Request No. 14 on the grounds that the term "proprietary account" is overly broad, poorly defined, and unduly burdensome. Additionally, UBS objects to Request No. 14 on the grounds that it seeks information that is neither relevant to the claims and defenses in this action, nor reasonably calculated to lead to the discovery of admissible evidence. Finally, UBS objects to Request No. 14 on the grounds that it is unclear, vague and ambiguous, particularly because the Continuous Net Settlement system aggregates and nets the daily receipt and daily delivery obligations of its participants and thus the system does not associate specific transactions or customers with specific failures to deliver.

**REQUEST FOR ADMISSION NO. 15:**

In 2007, you failed to deliver a security in the time required by Regulation SHO with respect to at least one short sale for a proprietary account.

**RESPONSE TO REQUEST FOR ADMISSION NO. 15:**

UBS objects to Request No. 15 on the grounds that it is cumulative and duplicative of Plaintiffs' other discovery requests and, as such, is designed to harass UBS. Specifically, UBS refers Plaintiffs to UBS's Amended Responses to Plaintiffs' Fourth Set of Interrogatories To UBS, which previously identified investigations or inquiries of UBS concerning alleged violations of U.S. securities laws or regulations related to the so-called "Conduct at Issue," (as

that term is mis-used by Plaintiffs) during the Time Period that resulted in a settlement, fine, sanction, censure, or NASD/FINRA Letter of Caution or Cautionary Action during the Time Period, as well as UBS's Response To Plaintiffs' Amended Second Set of Interrogatories To Each Defendant, Interrogatory 5.  UBS also objects to Request No. 15 on the grounds that it is overbroad and unduly burdensome.  UBS further objects to Request No. 15 on the grounds that it seeks to impose an obligation on UBS to gather information about securities other than TASER beyond what Plaintiffs represented to the Court in connection with their motion to compel concerning "same or similar conduct."  UBS further objects to Request No. 15 on the grounds that the term "proprietary account" is overly broad, poorly defined, and unduly burdensome. Additionally, UBS objects to Request No. 15 on the grounds that it seeks information that is neither relevant to the claims and defenses in this action, nor reasonably calculated to lead to the discovery of admissible evidence.  Finally, UBS objects to Request No. 15 on the grounds that it is unclear, vague and ambiguous, particularly because the Continuous Net Settlement system aggregates and nets the daily receipt and daily delivery obligations of its participants and thus the system does not associate specific transactions or customers with specific failures to deliver.

## REQUEST FOR ADMISSION NO. 16:

In 2008, you failed to deliver a security in the time required by Regulation SHO with respect to at least one short sale for a proprietary account.

## RESPONSE TO REQUEST FOR ADMISSION NO. 16:

UBS objects to Request No. 16 on the grounds that it is cumulative and duplicative of Plaintiffs' other discovery requests and, as such, is designed to harass UBS.  Specifically, UBS refers Plaintiffs to UBS's Amended Responses to Plaintiffs' Fourth Set of Interrogatories To UBS, which previously identified investigations or inquiries of UBS concerning alleged

19

violations of U.S. securities laws or regulations related to the so-called "Conduct at Issue," (as that term is mis-used by Plaintiffs) during the Time Period that resulted in a settlement, fine, sanction, censure, or NASD/FINRA Letter of Caution or Cautionary Action during the Time Period, as well as UBS's Response To Plaintiffs' Amended Second Set of Interrogatories To Each Defendant, Interrogatory 5. UBS also objects to Request No. 16 on the grounds that it is overbroad and unduly burdensome. UBS further objects to Request No. 16 on the grounds that it seeks to impose an obligation on UBS to gather information about securities other than TASER beyond what Plaintiffs represented to the Court in connection with their motion to compel concerning "same or similar conduct." UBS further objects to Request No. 16 on the grounds that the term "proprietary account" is overly broad, poorly defined, and unduly burdensome. Additionally, UBS objects to Request No. 16 on the grounds that it seeks information that is neither relevant to the claims and defenses in this action, nor reasonably calculated to lead to the discovery of admissible evidence. Finally, UBS objects to Request No. 16 on the grounds that it is unclear, vague and ambiguous, particularly because the Continuous Net Settlement system aggregates and nets the daily receipt and daily delivery obligations of its participants and thus the system does not associate specific transactions or customers with specific failures to deliver.

**REQUEST FOR ADMISSION NO. 17:**

In 2009, you failed to deliver a security in the time required by Regulation SHO with respect to at least one short sale for a proprietary account.

**RESPONSE TO REQUEST FOR ADMISSION NO. 17:**

UBS objects to Request No. 17 on the grounds that it is cumulative and duplicative of Plaintiffs' other discovery requests and, as such, is designed to harass UBS. Specifically, UBS refers Plaintiffs to UBS's Amended Responses to Plaintiffs' Fourth Set of Interrogatories To

UBS, which previously identified investigations or inquiries of UBS concerning alleged violations of U.S. securities laws or regulations related to the so-called "Conduct at Issue," (as that term is mis-used by Plaintiffs) during the Time Period that resulted in a settlement, fine, sanction, censure, or NASD/FINRA Letter of Caution or Cautionary Action during the Time Period, as well as UBS's Response To Plaintiffs' Amended Second Set of Interrogatories To Each Defendant, Interrogatory 5. UBS also objects to Request No. 17 on the grounds that it is overbroad and unduly burdensome. UBS further objects to Request No. 17 on the grounds that it seeks to impose an obligation on UBS to gather information about securities other than TASER beyond what Plaintiffs represented to the Court in connection with their motion to compel concerning "same or similar conduct." UBS further objects to Request No. 17 on the grounds that the term "proprietary account" is overly broad, poorly defined, and unduly burdensome. Additionally, UBS objects to Request No. 17 on the grounds that it seeks information that is neither relevant to the claims and defenses in this action, nor reasonably calculated to lead to the discovery of admissible evidence. Finally, UBS objects to Request No. 17 on the grounds that it is unclear, vague and ambiguous, particularly because the Continuous Net Settlement system aggregates and nets the daily receipt and daily delivery obligations of its participants and thus the system does not associate specific transactions or customers with specific failures to deliver.

**REQUEST FOR ADMISSION NO. 18:**

In 2005, you failed to require a buy-in as required by Regulation SHO.

**RESPONSE TO REQUEST FOR ADMISSION NO. 18:**

UBS objects to Request No. 18 on the grounds that it is cumulative and duplicative of Plaintiffs' other discovery requests and, as such, is designed to harass UBS. Specifically, UBS refers Plaintiffs to UBS's Amended Responses to Plaintiffs' Fourth Set of Interrogatories To

21

UBS, which previously identified investigations or inquiries of UBS concerning alleged violations of U.S. securities laws or regulations related to the so-called "Conduct at Issue," (as that term is mis-used by Plaintiffs) during the Time Period that resulted in a settlement, fine, sanction, censure, or NASD/FINRA Letter of Caution or Cautionary Action during the Time Period, as well as UBS's Response To Plaintiffs' Amended Second Set of Interrogatories To Each Defendant, Interrogatory 5. UBS also objects to Request No. 18 on the grounds that it is overbroad and unduly burdensome. UBS further objects to Request No. 18 on the grounds that it seeks to impose an obligation on UBS to gather information about securities other than TASER beyond what Plaintiffs represented to the Court in connection with "same or similar conduct." UBS further objects to Request No. 18 on the grounds that it seeks information that is neither relevant to the claims and defenses in this action, nor reasonably calculated to lead to the discovery of admissible evidence.

## REQUEST FOR ADMISSION NO. 19:

In 2006, you failed to require a buy-in as required by Regulation SHO.

## RESPONSE TO REQUEST FOR ADMISSION NO. 19:

UBS objects to Request No. 19 on the grounds that it is cumulative and duplicative of Plaintiffs' other discovery requests and, as such, is designed to harass UBS. Specifically, UBS refers Plaintiffs to UBS's Amended Responses to Plaintiffs' Fourth Set of Interrogatories To UBS, which previously identified investigations or inquiries of UBS concerning alleged violations of U.S. securities laws or regulations related to the so-called "Conduct at Issue," (as that term is mis-used by Plaintiffs) during the Time Period that resulted in a settlement, fine, sanction, censure, or NASD/FINRA Letter of Caution or Cautionary Action during the Time Period, as well as UBS's Response To Plaintiffs' Amended Second Set of Interrogatories To

22

Each Defendant, Interrogatory 5.  UBS also objects to Request No. 19 on the grounds that it is overbroad and unduly burdensome.  UBS further objects to Request No. 19 on the grounds that it seeks to impose an obligation on UBS to gather information about securities other than TASER beyond what Plaintiffs represented to the Court in connection with "same or similar conduct." UBS further objects to Request No. 19 on the grounds that it seeks information that is neither relevant to the claims and defenses in this action, nor reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR ADMISSION NO. 20:**

In 2007, you failed to require a buy-in as required by Regulation SHO.

**RESPONSE TO REQUEST FOR ADMISSION NO. 20:**

UBS objects to Request No. 20 on the grounds that it is cumulative and duplicative of Plaintiffs' other discovery requests and, as such, is designed to harass UBS.  Specifically, UBS refers Plaintiffs to UBS's Amended Responses to Plaintiffs' Fourth Set of Interrogatories To UBS, which previously identified investigations or inquiries of UBS concerning alleged violations of U.S. securities laws or regulations related to the so-called "Conduct at Issue," (as that term is mis-used by Plaintiffs) during the Time Period that resulted in a settlement, fine, sanction, censure, or NASD/FINRA Letter of Caution or Cautionary Action during the Time Period, as well as UBS's Response To Plaintiffs' Amended Second Set of Interrogatories To Each Defendant, Interrogatory 5.  UBS also objects to Request No. 20 on the grounds that it is overbroad and unduly burdensome.  UBS further objects to Request No. 20 on the grounds that it seeks to impose an obligation on UBS to gather information about securities other than TASER beyond what Plaintiffs represented to the Court in connection with "same or similar conduct." UBS further objects to Request No. 20 on the grounds that it seeks information that is neither

23

relevant to the claims and defenses in this action, nor reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR ADMISSION NO. 21:**

In 2008, you failed to require a buy-in as required by Regulation SHO.

**RESPONSE TO REQUEST FOR ADMISSION NO. 21:**

UBS objects to Request No. 21 on the grounds that it is cumulative and duplicative of Plaintiffs' other discovery requests and, as such, is designed to harass UBS. Specifically, UBS refers Plaintiffs to UBS's Amended Responses to Plaintiffs' Fourth Set of Interrogatories To UBS, which previously identified investigations or inquiries of UBS concerning alleged violations of U.S. securities laws or regulations related to the so-called "Conduct at Issue," (as that term is mis-used by Plaintiffs) during the Time Period that resulted in a settlement, fine, sanction, censure, or NASD/FINRA Letter of Caution or Cautionary Action during the Time Period, as well as UBS's Response To Plaintiffs' Amended Second Set of Interrogatories To Each Defendant, Interrogatory 5. UBS also objects to Request No. 21 on the grounds that it is overbroad and unduly burdensome. UBS further objects to Request No. 21 on the grounds that it seeks to impose an obligation on UBS to gather information about securities other than TASER beyond what Plaintiffs represented to the Court in connection with "same or similar conduct." UBS further objects to Request No. 21 on the grounds that it seeks information that is neither relevant to the claims and defenses in this action, nor reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR ADMISSION NO. 22:**

In 2009, you failed to require a buy-in as required by Regulation SHO.

**RESPONSE TO REQUEST FOR ADMISSION NO. 22:**

UBS objects to Request No. 22 on the grounds that it is cumulative and duplicative of Plaintiffs' other discovery requests and, as such, is designed to harass UBS. Specifically, UBS refers Plaintiffs to UBS's Amended Responses to Plaintiffs' Fourth Set of Interrogatories To UBS, which previously identified investigations or inquiries of UBS concerning alleged violations of U.S. securities laws or regulations related to the so-called "Conduct at Issue," (as that term is mis-used by Plaintiffs) during the Time Period that resulted in a settlement, fine, sanction, censure, or NASD/FINRA Letter of Caution or Cautionary Action during the Time Period, as well as UBS's Response To Plaintiffs' Amended Second Set of Interrogatories To Each Defendant, Interrogatory 5. UBS also objects to Request No. 22 on the grounds that it is overbroad and unduly burdensome. UBS further objects to Request No. 22 on the grounds that it seeks to impose an obligation on UBS to gather information about securities other than TASER beyond what Plaintiffs represented to the Court in connection with "same or similar conduct." UBS further objects to Request No. 22 on the grounds that it seeks information that is neither relevant to the claims and defenses in this action, nor reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR ADMISSION NO. 23:**

In 2005, you failed to close out at least one failure to deliver position as required by Regulation SHO.

**RESPONSE TO REQUEST FOR ADMISSION NO. 23:**

UBS objects to Request No. 23 on the grounds that it is cumulative and duplicative of Plaintiffs' other discovery requests and, as such, is designed to harass UBS. Specifically, UBS refers Plaintiffs to UBS's Amended Responses to Plaintiffs' Fourth Set of Interrogatories To UBS, which previously identified investigations or inquiries of UBS concerning alleged

violations of U.S. securities laws or regulations related to the so-called "Conduct at Issue," (as that term is mis-used by Plaintiffs) during the Time Period that resulted in a settlement, fine, sanction, censure, or NASD/FINRA Letter of Caution or Cautionary Action during the Time Period, as well as UBS's Response To Plaintiffs' Amended Second Set of Interrogatories To Each Defendant, Interrogatory 5.  UBS also objects to Request No. 23 on the grounds that it is overbroad and unduly burdensome.  UBS further objects to Request No. 23 on the grounds that it seeks to impose an obligation on UBS to gather information about securities other than TASER beyond what Plaintiffs represented to the Court in connection with "same or similar conduct." UBS further objects to Request No. 23 on the grounds that it seeks information that is neither relevant to the claims and defenses in this action, nor reasonably calculated to lead to the discovery of admissible evidence.

### REQUEST FOR ADMISSION NO. 24:

In 2006, you failed to close out at least one failure to deliver position as required by Regulation SHO.

### RESPONSE TO REQUEST FOR ADMISSION NO. 24:

UBS objects to Request No. 24 on the grounds that it is cumulative and duplicative of Plaintiffs' other discovery requests and, as such, is designed to harass UBS. Specifically, UBS refers Plaintiffs to UBS's Amended Responses to Plaintiffs' Fourth Set of Interrogatories To UBS, which previously identified investigations or inquiries of UBS concerning alleged violations of U.S. securities laws or regulations related to the so-called "Conduct at Issue," (as that term is mis-used by Plaintiffs) during the Time Period that resulted in a settlement, fine, sanction, censure, or NASD/FINRA Letter of Caution or Cautionary Action during the Time Period, as well as UBS's Response To Plaintiffs' Amended Second Set of Interrogatories To

Each Defendant, Interrogatory 5.  UBS also objects to Request No. 24 on the grounds that it is overbroad and unduly burdensome.  UBS further objects to Request No. 24 on the grounds that it seeks to impose an obligation on UBS to gather information about securities other than TASER beyond what Plaintiffs represented to the Court in connection with "same or similar conduct." UBS further objects to Request No. 24 on the grounds that it seeks information that is neither relevant to the claims and defenses in this action, nor reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR ADMISSION NO. 25:**

In 2007, you failed to close out at least one failure to deliver position as required by Regulation SHO.

**RESPONSE TO REQUEST FOR ADMISSION NO. 25:**

UBS objects to Request No. 25 on the grounds that it is cumulative and duplicative of Plaintiffs' other discovery requests and, as such, is designed to harass UBS.  Specifically, UBS refers Plaintiffs to UBS's Amended Responses to Plaintiffs' Fourth Set of Interrogatories To UBS, which previously identified investigations or inquiries of UBS concerning alleged violations of U.S. securities laws or regulations related to the so-called "Conduct at Issue," (as that term is mis-used by Plaintiffs) during the Time Period that resulted in a settlement, fine, sanction, censure, or NASD/FINRA Letter of Caution or Cautionary Action during the Time Period, as well as UBS's Response To Plaintiffs' Amended Second Set of Interrogatories To Each Defendant, Interrogatory 5.  UBS also objects to Request No. 25 on the grounds that it is overbroad and unduly burdensome.  UBS further objects to Request No. 25 on the grounds that it seeks to impose an obligation on UBS to gather information about securities other than TASER beyond what Plaintiffs represented to the Court in connection with "same or similar conduct."

27

UBS further objects to Request No. 25 on the grounds that it seeks information that is neither relevant to the claims and defenses in this action, nor reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR ADMISSION NO. 26:**

In 2008, you failed to close out at least one failure to deliver position as required by Regulation SHO.

**RESPONSE TO REQUEST FOR ADMISSION NO. 26:**

UBS objects to Request No. 26 on the grounds that it is cumulative and duplicative of Plaintiffs' other discovery requests and, as such, is designed to harass UBS. Specifically, UBS refers Plaintiffs to UBS's Amended Responses to Plaintiffs' Fourth Set of Interrogatories To UBS, which previously identified investigations or inquiries of UBS concerning alleged violations of U.S. securities laws or regulations related to the so-called "Conduct at Issue," (as that term is mis-used by Plaintiffs) during the Time Period that resulted in a settlement, fine, sanction, censure, or NASD/FINRA Letter of Caution or Cautionary Action during the Time Period, as well as UBS's Response To Plaintiffs' Amended Second Set of Interrogatories To Each Defendant, Interrogatory 5. UBS also objects to Request No. 26 on the grounds that it is overbroad and unduly burdensome. UBS further objects to Request No. 26 on the grounds that it seeks to impose an obligation on UBS to gather information about securities other than TASER beyond what Plaintiffs represented to the Court in connection with "same or similar conduct." UBS further objects to Request No. 26 on the grounds that it seeks information that is neither relevant to the claims and defenses in this action, nor reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR ADMISSION NO. 27:**

28

In 2009, you failed to close out at least one failure to deliver position as required by Regulation SHO.

**RESPONSE TO REQUEST FOR ADMISSION NO. 27:**

UBS objects to Request No. 27 on the grounds that it is cumulative and duplicative of Plaintiffs' other discovery requests and, as such, is designed to harass UBS. Specifically, UBS refers Plaintiffs to UBS's Amended Responses to Plaintiffs' Fourth Set of Interrogatories To UBS, which previously identified any investigation or inquiry of UBS concerning alleged violations of U.S. securities laws or regulations related to the so-called "Conduct at Issue," (as that term is mis-used by Plaintiffs) during the Time Period that resulted in a settlement, fine, sanction, censure, or NASD/FINRA Letter of Caution or Cautionary Action during the Time Period, as well as UBS's Response To Plaintiffs' Amended Second Set of Interrogatories To Each Defendant, Interrogatory 5. UBS also objects to Request No. 27 on the grounds that it is overbroad and unduly burdensome. UBS further objects to Request No. 27 on the grounds that it seeks to impose an obligation on UBS to gather information about securities other than TASER beyond what Plaintiffs represented to the Court in connection with "same or similar conduct." UBS further objects to Request No. 27 on the grounds that it seeks information that is neither relevant to the claims and defenses in this action, nor reasonably calculated to lead to the discovery of admissible evidence.

Dated: July 19, 2010

_____

Andrew B. Clubok
*Admitted Pro Hac Vice*
Jeffrey G. Landis
*Admitted Pro Hac Vice*
Jeffrey M. Gould
*Admitted Pro Hac Vice*

*Attorneys for Defendant UBS Securities, LLC*

KIRKLAND & ELLIS LLP
655 Fifteenth Street, N.W.
Washington, DC 20005
Phone:  202-879-5000
Fax:  202-879-5200

Richard H. Sinkfield
Georgia Bar No. 649100
Dan F. Laney, III
Georgia Bar No. 435290

*Attorneys for Defendants Morgan Stanley &
Co., Inc.; The Goldman Sachs Group, Inc.;
Bear Stearns Capital Markets, Inc.; Bear,
Stearns & Co., Inc.; The Bear Stearns
Companies, Inc.; Merrill Lynch, Pierce,
Fenner & Smith, Inc.; Deutsche Bank
Securities, Inc.; Credit Suisse USA, Inc.; Banc
of America Securities, LLC; and UBS
Securities, LLC*

ROGERS & HARDIN LLP
2700 International Tower
Peachtree Center
229 Peachtree Street, N. E.
Atlanta, GA 30303-1601
Phone:  404-522-4700
Fax:  404-525-2224

30

**IN THE STATE COURT OF FULTON COUNTY**

**STATE OF GEORGIA**

| | | |
|---|---|---|
| TASER INTERNATIONAL, INC., *et al.*, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | CIVIL ACTION FILE NO. 2008-EV-004739-B |
| MORGAN STANLEY & CO., INC., *et al.*, | ) ) ) | |
| Defendants. | ) ) ) | |

**CERTIFICATE OF SERVICE**

I hereby certify that on this 19th day of July, 2010, a true and correct copy of UBS's Responses to Plaintiffs' Fourth Requests For Admission to UBS Securities, LLC was served via e-mail and First Class Mail to the following attorneys of record:

ATTORNEYS FOR PLAINTIFFS
Steven J. Rosenwasser, Esq.
Bondurant, Mixson & Elmore, LLP
3900 One Atlantic Center
1201 West Peachtree Street, N.W.
Atlanta, Georgia 30309

And via electronic mail upon the following attorneys of record:

ATTORNEYS FOR DEFENDANTS

Richard H. Sinkfield, Esq.
Rogers & Hardin LLP
2700 International Tower
Atlanta, GA  30303
rsinkfield@rh-law.com

Brendan Dowd, Esq.
O'Melveny & Myers LLP
Times Square Tower
7 Times Square
New York, NY  10036
bdowd@omm.com

Brian L. Friedman, Esq.
Proskauer Rose LLP
1585 Broadway
New York, NY 10036
blfriedman@proskauer.com

Fraser L. Hunter, Jr., Esq.
Wilmer Cutler Pickering Hale
and Dorr LLP
399 Park Avenue
New York, NY 10022
fraser.hunter@wilmerhale.com

Richard H. Klapper, Esq.
Sullivan and Cromwell LLP
125 Broad Street
New York, NY 10004
Tel: (212) 558-4000
Fax: (212) 558-3588
klapper@sullcrom.com

Gregory Merkel, Esq.
Cadwalader Wickersham
& Taft LLP
One World Financial Center
New York, NY 10281
Tel: (212) 504-6000
greg.markel@cwt.com

Robert F. Wise, Jr., Esq.
Davis Polk & Wardwell
450 Lexington Avenue
New York, NY 10017
Robert.wise@dpw.com

This 19th day of July, 2010

KIRKLAND & ELLIS LLP
655 Fifteenth Street, N.W.
Washington, DC 20005
Phone: 202-879-5000
Fax: 202-879-5200

**State Court of Fulton County**
**\*\*\*EFILED\*\*\***
LexisNexis Transaction ID: 32215379
Date: Jul 19 2010 9:53PM
Mark Harper, Clerk

# Exhibit L

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

TASER INTERNATIONAL, INC.,
*et al.*,

      Plaintiffs,

v.

MORGAN STANLEY & CO., INC.,
*et al.*,
.

      Defendants.

Civil Case No.
2008-EV-004739-B

## BANC OF AMERICA SECURITIES LLC'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIFTH INTERROGATORIES TO ALL DEFENDANTS

Defendant Banc of America Securities LLC ("BAS") hereby responds to Plaintiffs' Fifth

Interrogatories to all Defendants and Sixth Interrogatories to UBS (the "Interrogatories").

At the outset, BAS notes that it has already produced to Plaintiffs over seven million

pages of documents and hundreds of gigabytes of data, including hundreds of thousands of data

entries concerning trading in TASER securities. BAS also has provided a significant volume of

information in response to Plaintiffs' numerous previous interrogatories, requests for admission

and informal discovery requests. Notwithstanding these facts, Plaintiffs seek through these

Interrogatories to again improperly expand the scope of discovery into a general audit of BAS's

short selling and related trade settlement activities concerning all securities over a five-year time

period, regardless of whether those activities impacted trading in TASER securities. This

directly contradicts Plaintiffs' express representation to the Court on December 3, 2009 that

expanding the scope of discovery to include "same or similar conduct" would not impose any

additional burden on Defendants. *See* Plaintiffs' Reply in Support of Plaintiffs' Motion to

Compel Production of Documents, filed December 3, 2009, at 14-15. Moreover, the expense

and burden that would be involved in responding to these Interrogatories is not justified where

Plaintiffs have (a) yet to even identify any instances of alleged "abusive naked short selling" with respect to TASER —the only security at issue in this litigation, and (b) admitted that nearly every Plaintiff profited from their trading in TASER.

Moreover, BAS notes that with these Interrogatories, Plaintiffs have exceeded the permissible number of 50 interrogatories, including subparts, allowed by O.C.G.A. § 9-11-33(a) "without leave of court upon a showing of complex litigation or undue hardship incurred."

## GENERAL OBJECTIONS

BAS hereby makes the following General Objections, which apply to each Interrogatory and are incorporated by reference in the response to each Interrogatory as if set forth fully therein. Any response to each Interrogatory is made subject to and without waiving these General Objections. To improve readability, BAS has not repeated these objections in its response to each Interrogatory. Failure to reiterate a General Objection below does not constitute a waiver of that or any other objection.

1.    BAS objects to all Instructions, Definitions and Interrogatories to the extent that they call for BAS to do more than is required under the Official Code of Georgia, the Uniform State Court Rules, the Local Rules or other applicable law.

2.    In particular, BAS objects to the Interrogatories on the ground that Plaintiffs have now exceeded the permissible number of 50, including subparts, under O.C.G.A. § 9-11-33(a) "without leave of court upon a showing of complex litigation or undue hardship incurred."

3.    BAS objects to the Interrogatories on the grounds that they are overbroad and unduly burdensome in that BAS has already produced to Plaintiffs over seven million pages of documents and hundreds of gigabytes of data, including hundreds of thousands of data entries concerning trading in TASER securities. BAS has also provided a significant volume of

information in response to Plaintiffs' numerous interrogatories, requests for admission and informal discovery requests. Notwithstanding that fact, through these Interrogatories Plaintiffs seek to again expand the scope of discovery into a general audit of Defendants' short selling and related trade settlement activities concerning all securities over a more than five-year time period, regardless of whether those activities impacted or relate to trading in TASER securities.

4.    BAS objects to the Interrogatories on the ground that they are unduly burdensome because they seek to impose an obligation on BAS to gather information about non-TASER securities beyond what Plaintiffs represented to the Court in connection with their motion to compel relating to "same or similar conduct." (*See* Defendants' Motion For Protective Order With Respect To Discovery Served By Plaintiffs On June 10, 2010.)

5.    BAS objects to each Interrogatory on the ground that it seeks information that is neither relevant to the claims and defenses in this action, nor reasonably calculated to lead to the discovery of admissible evidence.

6.    BAS objects to these Interrogatories as cumulative and duplicative of other discovery already provided by BAS, including, but not limited to, discovery provided in response to Plaintiffs' requests for production of documents and Plaintiffs' Amended Second Interrogatories to Each Defendant.

7.    BAS objects to each Interrogatory to the extent it seeks information and/or documents covered by the attorney-client privilege, the joint defense or common interest privilege, the attorney work product doctrine, the accountant-client privilege, or any other legally recognized privilege, immunity or exemption from production. BAS will not produce information and/or documents containing such information or will produce the material in

3

redacted form.  BAS would be willing to provide a log in accordance with the governing rules if documents are redacted or withheld because they are protected from disclosure.

8.    To the extent that BAS provides information and/or documents covered by the attorney-client privilege, the joint defense or common interest privilege, the attorney work product doctrine, the accountant-client privilege or any legally recognized privilege, immunity or exemption from production in response to any Interrogatory, such provision is inadvertent and does not constitute a waiver of the attorney-client privilege, the joint defense or common interest privilege, the attorney work product doctrine, the accountant-client privilege or any other privilege with respect to other information and/or documents.  Consistent with the terms of the Stipulation and Protective Order Regarding Confidential Information, BAS reserves the right to request the return of any such information and/or documents.

9.    BAS objects to each Interrogatory to the extent it purports to seek information and/or documents that contain personal, private, confidential, proprietary, financial or commercial information relating to BAS or its customers.

10.    BAS objects to each Interrogatory to the extent that it purports to require BAS to seek information and/or documents in the possession, custody or control of other persons or entities or to create documents not presently in BAS's possession, custody or control.  BAS also objects to each Interrogatory to the extent that it requests documents that are in the public domain and are therefore equally available to all parties.  BAS will provide responses, if any, only to the extent that such information or materials are in its possession, custody or control.

11.    BAS objects to each Interrogatory to the extent that it requires BAS to search for and produce information and/or documents that are not centrally maintained or from persons not believed to have significant involvement in the subject matter at issue.  To the extent that each

Interrogatory purports to require BAS to do so, it seeks to impose an undue burden and/or unreasonable costs upon BAS.

12.     BAS objects to each Interrogatory to the extent that it explicitly or implicitly characterizes facts, events, circumstances or issues relating to the subject of this litigation.

13.     BAS objects to the definition of "rules, policies and procedures" in Footnote 1 as vague and ambiguous, particularly with respect to the phrase "any other formal rules, policies and procedures adopted by the Company."

14.     BAS objects to the relevance and scope of the definition of the terms "Security" or "Securities" to the extent they define security or securities as instruments other than the common stock of TASER International, Inc.

15.     BAS objects to the definition of the terms "You" and "Your" to the extent Plaintiffs employ the terms to seek information beyond BAS's possession, custody or control or about entities other than BAS.  To the extent BAS responds to these Interrogatories, it will do so only on behalf of the entity named as Defendant in the Sixth Amended Complaint.  BAS also objects to the definition of the terms "You" and "Your" to the extent they seek information and/or documents covered by the attorney-client privilege, the attorney work product doctrine, the accountant-client privilege, or any other privilege or immunity from discovery.

16.     BAS continues to review the relevant substantive and procedural facts of this case and its current position with respect to each Interrogatory may change as a result of its ongoing review.  Accordingly, BAS reserves its right to amend, supplement, correct, clarify and/or add to its responses and objections to the Interrogatory at any time pursuant to §9-11-26(e) of the Official Code of Georgia.

17.    BAS reserves all objections that may be available to it at any hearing or trial or on any motion related to the use or admissibility of any information provided, as well as the right to object to further discovery relating to the subject matter of any information provided.

18.    BAS expressly incorporates all of the General Objections set forth above, as well as any General Objections identified in BAS's objections and responses to Plaintiffs' first, second, amended second, third, and fourth interrogatories to BAS, into the Specific Objections to each Interrogatory.

## SPECIFIC OBJECTIONS AND RESPONSES

### *INTERROGATORY NO. 1(a):*

For each year from 2004 through 2008, please Identify (as that term is defined below): a. Each instance in which you violated NASD Rule 3370, UPC 71 or Regulation SHO;

### RESPONSE TO INTERROGATORY NO. 1(a):

In addition to the General Objections set forth above, BAS objects to Interrogatory 1(a) on the grounds that it is overbroad, unduly burdensome and seeks information that is irrelevant to the claims or defenses in this action and therefore is not reasonably calculated to lead to the discovery of admissible evidence in that Interrogatory 1(a) seeks information regarding transactions in all securities, regardless of whether the transaction related to TASER securities. BAS also objects to Interrogatory 1(a) on the ground that it is unduly burdensome because it seeks to impose an obligation on BAS to gather information about non-TASER securities beyond what Plaintiffs represented to the Court in connection with their motion to compel concerning "same or similar conduct." BAS further objects to Interrogatory 1(a) as cumulative and duplicative of other discovery sought in this matter, particularly Plaintiffs' Third Set of Interrogatories to all Defendants Except UBS and Fourth Set of Interrogatories to UBS. BAS further objects to Interrogatory 1(a) to the extent that it seeks information protected by the

6

attorney-client privilege, attorney work product doctrine, or any other applicable privilege.

Additionally, BAS objects to Interrogatory 1(a) on the ground that it calls for a legal conclusion.

### *INTERROGATORY NO. 1(b):*

For each year from 2004 through 2008, please Identify (as that term is defined below):  b. Each instance in which you failed to deliver a security in the time period required by your own rules, policies and procedures;[1]

### RESPONSE TO INTERROGATORY NO. 1(b):

In addition to the General Objections set forth above, BAS objects to Interrogatory 1(b)

on the grounds that it is overbroad, unduly burdensome and seeks information that is irrelevant to

the claims or defenses in this action and therefore is not reasonably calculated to lead to the

discovery of admissible evidence in that Interrogatory 1(b) seeks information regarding

transactions in all securities, regardless of whether the transaction related to TASER securities.

BAS also objects to Interrogatory 1(b) on the ground that it is unduly burdensome because it

seeks to impose an obligation on BAS to gather information about non-TASER securities beyond

what Plaintiffs represented to the Court in connection with their motion to compel concerning

"same or similar conduct."  BAS further objects to Interrogatory 1(b) as cumulative and

duplicative of other discovery sought in this matter, particularly Plaintiffs' Third Set of

Interrogatories to all Defendants Except UBS and Fourth Set of Interrogatories to UBS.  BAS

further objects to Interrogatory 1(b) to the extent that it seeks information protected by the

attorney-client privilege, attorney work product doctrine, or any other applicable privilege.  BAS

further objects to the term "rules, policies and procedures" and to the definition of "rules,

---

[1]   For purposes of this and all subparts, "rules, policies and procedures" refers to the rules, policies and procedures contained within your compliance manuals, as well as any other formal rules, policies and procedures adopted by the company.

policies and procedures" in Footnote 1 as vague and ambiguous, particularly with respect to the phrase "any other formal rules, policies and procedures adopted by the company."

### *INTERROGATORY NO. 1(c):*

For each year from 2004 through 2008, please Identify (as that term is defined below): c. Each instance in which you failed to require a buy-in as required by your own rules, policies and procedures:

### RESPONSE TO INTERROGATORY NO. 1(c):

In addition to the General Objections set forth above, BAS objects to Interrogatory 1(c) on the grounds that it is overbroad, unduly burdensome and seeks information that is irrelevant to the claims or defenses in this action and therefore is not reasonably calculated to lead to the discovery of admissible evidence in that Interrogatory 1(c) seeks information regarding transactions in all securities, regardless of whether the transaction related to TASER securities. BAS also objects to Interrogatory 1(c) on the ground that it is unduly burdensome because it seeks to impose an obligation on BAS to gather information about non-TASER securities beyond what Plaintiffs represented to the Court in connection with their motion to compel concerning "same or similar conduct." BAS further objects to Interrogatory 1(c) as cumulative and duplicative of other discovery sought in this matter, particularly Plaintiffs' Third Set of Interrogatories to all Defendants Except UBS and Fourth Set of Interrogatories to UBS. BAS further objects to Interrogatory 1(c) to the extent that it seeks information protected by the attorney-client privilege, attorney work product doctrine, or any other applicable privilege. BAS further objects to the term "rules, policies and procedures" and to the definition of "rules, policies and procedures" in Footnote 1 as vague and ambiguous, particularly with respect to the phrase "any other formal rules, policies and procedures adopted by the company."

### *INTERROGATORY NO. 1(d):*

For each year from 2004 through 2008, please Identify (as that term is defined below):  d. Each instance in which you failed to close out a failure to deliver position as required by your own rules, policies;[2]

### RESPONSE TO INTERROGATORY NO. 1(d):

In addition to the General Objections set forth above, BAS objects to Interrogatory 1(d) on the ground that Plaintiffs have exceeded the permissible number of Interrogatories under O.C.G.A. § 9-11-33(a).  BAS further objects to Interrogatory 1(d) on the grounds that it is overbroad, unduly burdensome and seeks information that is irrelevant to the claims or defenses in this action and therefore is not reasonably calculated to lead to the discovery of admissible evidence in that Interrogatory 1(d) seeks information regarding transactions in all securities, regardless of whether the transaction related to TASER securities.  BAS also objects to Interrogatory 1(d) on the ground that it is unduly burdensome because it seeks to impose an obligation on BAS to gather information about non-TASER securities beyond what Plaintiffs represented to the Court in connection with their motion to compel concerning "same or similar conduct."  BAS further objects to Interrogatory 1(d) as cumulative and duplicative of other discovery sought in this matter, particularly Plaintiffs' Third Set of Interrogatories to all Defendants Except UBS and Fourth Set of Interrogatories to UBS.  BAS further objects to Interrogatory 1(d) to the extent that it seeks information protected by the attorney-client privilege, attorney work product doctrine, or any other applicable privilege.  BAS further objects to the term "rules, policies and procedures" and to the definition of "rules, policies and procedures" in Footnote 1 as vague and ambiguous, particularly with respect to the phrase "any other formal rules, policies and procedures adopted by the company."

---

[2]   The terms "effecting" and "close out" are taken from regulatory actions on this topic, such as found in GS_T62 and GS_T211.  Thus, there should be no issue as to their clarity.

*INTERROGATORY NO. 1(e):*

For each year from 2004 through 2008, please Identify (as that term is defined below): e. Each short sale in which your rules, policies and/or procedures required you to conduct a locate prior to effecting the short sale, but you failed to do so;[3]

**RESPONSE TO INTERROGATORY NO. 1(e):**

In addition to the General Objections set forth above, BAS objects to Interrogatory 1(e) on the ground that Plaintiffs have exceeded the permissible number of Interrogatories under O.C.G.A. § 9-11-33(a). BAS further objects to Interrogatory 1(e) on the grounds that it is overbroad, unduly burdensome and seeks information that is irrelevant to the claims or defenses in this action and therefore is not reasonably calculated to lead to the discovery of admissible evidence in that Interrogatory 1(e) seeks information regarding transactions in all securities, regardless of whether the transaction related to TASER securities. BAS also objects to Interrogatory 1(e) on the ground that it is unduly burdensome because it seeks to impose an obligation on BAS to gather information about non-TASER securities beyond what Plaintiffs represented to the Court in connection with their motion to compel concerning "same or similar conduct." BAS further objects to Interrogatory 1(e) as cumulative and duplicative of other discovery sought in this matter, particularly Plaintiffs' Third Set of Interrogatories to all Defendants Except UBS and Fourth Set of Interrogatories to UBS. BAS further objects to Interrogatory 1(e) to the extent that it seeks information protected by the attorney-client privilege, attorney work product doctrine, or any other applicable privilege. BAS further objects to the term "rules, policies and procedures" and to the definition of "rules, policies and procedures" in Footnote 1 as vague and ambiguous, particularly with respect to the phrase "any other formal rules, policies and procedures adopted by the company."

---

[3] The terms "effecting" and "close out" are taken from regulatory actions on this topic, such as found in GS_T62 and GS_T211. Thus, there should be no issue as to their clarity.

### _INTERROGATORY NO. 1(f):_

For each year from 2004 through 2008, please Identify (as that term is defined below):  f. Each short sale in which your rules, policies and procedures required you to make an affirmative determination that you could borrow the securities or otherwise provide for delivery of the securities by the settlement date but you failed to do so.

### RESPONSE TO INTERROGATORY NO. 1(f):

In addition to the General Objections set forth above, BAS objects to Interrogatory 1(f) on the ground that Plaintiffs have exceeded the permissible number of Interrogatories under O.C.G.A. § 9-11-33(a).  BAS further objects to Interrogatory 1(f) on the grounds that it is overbroad, unduly burdensome and seeks information that is irrelevant to the claims or defenses in this action and therefore is not reasonably calculated to lead to the discovery of admissible evidence in that Interrogatory 1(f) seeks information regarding transactions in all securities, regardless of whether the transaction related to TASER securities.  BAS also objects to Interrogatory 1(f) on the ground that it is unduly burdensome because it seeks to impose an obligation on BAS to gather information about non-TASER securities beyond what Plaintiffs represented to the Court in connection with their motion to compel concerning "same or similar conduct."  BAS further objects to Interrogatory 1(f) as cumulative and duplicative of other discovery sought in this matter, particularly Plaintiffs' Third Set of Interrogatories to all Defendants Except UBS and Fourth Set of Interrogatories to UBS.  BAS further objects to Interrogatory 1(f) to the extent that it seeks information protected by the attorney-client privilege, attorney work product doctrine, or any other applicable privilege.  BAS further objects to the term "rules, policies and procedures" and to the definition of "rules, policies and procedures" in Footnote 1 as vague and ambiguous, particularly with respect to the phrase "any other formal rules, policies and procedures adopted by the company."

Dated:  July 19, 2010

_____
Andrew J. Frackman
    Admitted *Pro Hac Vice*
Brad M. Elias
    Admitted *Pro Hac Vice*

*Attorneys for Banc of America Securities LLC*

O'MELVENY & MYERS LLP
Times Square Tower
7 Times Square
New York, New York  10036
Phone:  (212) 326-2000
Fax:  (212) 326-2061

Richard H. Sinkfield, Esq.
Georgia Bar No. 649100
Dan F. Laney, III
Georgia Bar No. 435290
ROGERS & HARDIN LLP
2700 International Tower
229 Peachtree St, NW
Atlanta, Georgia  30307
Phone:  (404) 522-4700
Fax:  (404) 525-2224

*Attorneys for Defendants Morgan Stanley & Co.*
*Incorporated; Goldman, Sachs & Co., Goldman*
*Sachs Execution & Clearing, L.P.; Bear,*
*Stearns Securities Corp. (n/k/a JP Morgan*
*Clearing Corp.); Bear, Stearns & Co. Inc.*
*(n/k/a JP Morgan Securities Inc.); Merrill*
*Lynch, Pierce, Fenner & Smith, Inc.; Deutsche*
*Bank Securities Inc.; Credit Suisse Securities*
*(USA) LLC, Inc.; Banc of America Securities*
*LLC; and UBS Securities, LLC*

NY1:1819778.1

12

**State Court of Fulton County**
**\*\*\*EFILED\*\*\***
LexisNexis Transaction ID: 32215379
Date:  Jul 19 2010  9:53PM
Mark Harper, Clerk

# Exhibit M

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

TASER INTERNATIONAL, INC.,
*et al.*,

        Plaintiffs,

v.

MORGAN STANLEY & CO., INC.,
*et al.*,

        Defendants.

Civil Case No.
2008-EV-004739-B

## DEFENDANT BEAR, STEARNS & CO., INC.'S AND BEAR, STEARNS SECURITIES CORP.'S OBJECTIONS TO PLAINTIFFS' FIFTH INTERROGATORIES TO ALL DEFENDANTS AND SIXTH INTERROGATORIES TO UBS

Defendants Bear, Stearns Securities Corp. ("BSSC") (n/k/a JP Morgan Clearing Corp.) and Bear, Stearns & Co. Inc. ("BS&Co.") (n/k/a JP Morgan Securities Inc.) (collectively the "Bear Stearns Entities") hereby object to Plaintiffs' Fifth Interrogatories to all Defendants and Sixth Set of Interrogatories to UBS (the "Interrogatories") as follows.

At the outset, the Bear Stearns Entities note that they already produced to Plaintiffs over one million pages of documents and thousands of gigabytes of data, including millions of data entries concerning trading in TASER securities. The Bear Stearns Entities also have provided a significant volume of information in response to Plaintiffs' numerous interrogatories, requests for admission and informal discovery requests. Notwithstanding these facts, Plaintiffs seek through these Interrogatories to again improperly expand the scope of discovery into a general audit of the Bear Stearns Entities' short selling and related trade settlement activities concerning all securities over a five-year time period, regardless of whether those activities had any effect on trading in TASER securities. This directly contradicts Plaintiffs' express representation to the Court on December 3, 2009 that expanding the scope of discovery to include "same or similar

conduct" would not impose any additional burden on Defendants. (*See* Plaintiffs' Reply in Support of Plaintiffs' Motion to Compel Production of Documents at 14-15 (Dec. 3, 2009).) Moreover, the expense and burden that would be involved in responding to these Interrogatories is not justified because Plaintiffs have yet to meaningfully identify any instances in which the Bear Stearns Entities purportedly engaged in manipulative "abusive naked short selling" with respect to TASER—the only security at issue in this litigation—thereby impacting the price of TASER stock. Further, Plaintiffs have responded to written discovery admitting—and produced documents demonstrating—that almost every Plaintiff profited from trading in TASER and thus suffered no cognizable harm as a result of any hypothetical misconduct.

Contemporaneous with service of these objections, Defendants are also filing a Motion For Protective Order With Respect To Plaintiffs' June 10, 2010 Discovery for the reasons discussed herein and as explained in further detail in their Motion. The Bear Stearns Entities reserve the right to amend these objections and, if necessary, to respond to the Interrogatories following a decision on that motion.

## **GENERAL OBJECTIONS**

The Bear Stearns Entities hereby make the following General Objections, which apply to each Interrogatory and are incorporated by reference in the response to each Interrogatory as if set forth fully therein. The Bear Stearns Entities' response to each Interrogatory is made subject to and without waiving these General Objections or any specific objections raised by the Bear Stearns Entities. The Bear Stearns Entities have not repeated these objections in their response to each Interrogatory to improve readability. Failure to reiterate a General Objection below does not constitute a waiver of that or any other objection.

1.     The Bear Stearns Entities object to all Instructions, Definitions and Interrogatories to the extent that they call for the Bear Stearns Entities to do more than is required under the Official Code of Georgia, the Uniform State Court Rules, the Local Rules or other applicable law.

2.     In particular, the Bear Stearns Entities object to the Interrogatories on the ground that they exceed the permissible number of fifty (50) interrogatories, including subparts under O.C.G.A. § 9-11-33(a) "without leave of court upon a showing of complex litigation or undue hardship incurred."

3.     The Bear Stearns Entities object to the Interrogatories on the grounds that they are overbroad and unduly burdensome.   Contemporaneous with service of these responses, Defendants are also filing a Motion For Protective Order With Respect To Plaintiffs' June 10, 2010 Discovery for the reasons discussed herein and as explained in further detail in their Motion. The Bear Stearns Entities reserve the right to amend these objections and, if necessary, to respond to the Interrogatories following a decision on that motion.

4.     The Bear Stearns Entities object to the Interrogatories on the ground that they are unduly burdensome because they seek to impose an obligation on the Bear Stearns Entities to gather information about securities other than TASER beyond what Plaintiffs represented to the Court in connection with their motion to compel relating to "same or similar conduct." The regulatory provisions cited in the Interrogatories are administrative and Plaintiffs make no claim, and could not make any claim, based on their violation. They are therefore not "at issue" in this action. (*See* Defendants' Motion For Protective Order With Respect To Discovery Served By Plaintiffs On June 10, 2010.)

5.     The Bear Stearns Entities object to these Interrogatories as cumulative and duplicative of other discovery already provided by the Bear Stearns Entities including, but not limited to, discovery provided in response to Plaintiffs' requests for production of documents and Plaintiffs' Second Set of Interrogatories to Each Defendant.

6.     The Bear Stearns Entities object to each Interrogatory on the ground that it seeks information that is irrelevant to the claims or defenses in this action and therefore is not reasonably calculated to lead to the discovery of admissible evidence.

7.     The Bear Stearns Entities object to each Interrogatory to the extent it seeks information and/or documents covered by the attorney-client privilege, the joint defense or common interest privilege, the attorney work product doctrine, the accountant-client privilege, or any other legally recognized privilege, immunity or exemption from production.

8.     To the extent that the Bear Stearns Entities provide information and/or documents covered by the attorney-client privilege, the joint defense or common interest privilege, the attorney work product doctrine, the accountant-client privilege or any legally recognized privilege, immunity or exemption from production in response to any Interrogatory, such provision is inadvertent and does not constitute a waiver of the attorney-client privilege, the joint defense or common interest privilege, the attorney work product doctrine, the accountant-client privilege or any other privilege with respect to other information and/or documents.  Consistent with the terms of the Stipulation and Protective Order Concerning Confidential Information entered by the Court on April 15, 2010, the Bear Stearns Entities reserve the right to request the return of any such information and/or documents.

9.     Plaintiffs have requested that Defendants answer the Interrogatories "to the extent they are currently aware of responsive information." To the extent the Bear Stearns Entities later

answer any of the Interrogatories, the Bear Stearns Entities will make a good-faith attempt to respond to the Interrogatories based on their knowledge of the relevant facts *at this time* and will not conduct an audit or investigation of trades that have not previously been investigated by the relevant groups or personnel in the Bear Stearns Entities' Compliance department. The Bear Stearns Entities reserve their right to amend, supplement, correct, clarify and/or add to their responses and objections to the Interrogatory and Requests at any time pursuant to §9-11-26(e) of the Official Code of Georgia. The Bear Stearns Entities also reserve the right to use or rely on, at any time, subsequently discovered information or information omitted from these responses as a result of mistake, error, oversight or inadvertence.

10.    The Bear Stearns Entities object to each Interrogatory to the extent that it requires the Bear Stearns Entities to search for and produce information and/or documents that are not centrally maintained or from persons not believed to have significant involvement in the subject matter at issue. To the extent that each Interrogatory purports to require the Bear Stearns Entities to do so, it seeks to impose an undue burden and/or unreasonable costs upon the Bear Stearns Entities.

11.    The Bear Stearns Entities object to each Interrogatory to the extent that it explicitly or implicitly characterizes facts, events, circumstances or issues relating to the subject of this litigation.

12.    The Bear Stearns Entities object to each Interrogatory to the extent it purports to require the Bear Stearns Entities to seek information and/or documents in the possession, custody or control of other persons or entities or to create documents not presently in the Bear Stearns Entities' possession, custody or control. The Bear Stearns Entities will provide responses only to

the extent such information or materials are in their possession, custody or control and can be obtained through a reasonable search.

13.    The Bear Stearns Entities object to the definition of the terms "You" and "Your" to the extent Plaintiffs employ the terms to seek information beyond the Bear Stearns Entities' possession, custody or control or about entities other than the Bear Stearns Entities.  The Bear Stearns Entities will respond to each Interrogatory only on behalf of the entity named as Defendant in the Sixth Amended Complaint.  The Bear Stearns Entities also object to the definition of the terms "You" and "Your" to the extent they seek information and/or documents covered by the attorney-client privilege, the attorney work product doctrine, the accountant-client privilege, or any other privilege or immunity from discovery.

14.    The Bear Stearns Entities object to the definition of "rules, policies and procedures" in Footnote 1 as vague and ambiguous, particularly with respect to the phrase "any other formal rules, policies and procedures adopted by the Company."

15.    The Bear Stearns Entities object to the relevance and scope of the definition of the terms "Security" or "Securities" to the extent they define security or securities as instruments other than the common stock of TASER International, Inc.

16.    The Bear Stearns Entities reserve all objections that may be available to them at any hearing or trial or on any motion related to the use or admissibility of any information provided, as well as the right to object to further discovery relating to the subject matter of any information provided.

17.    The Bear Stearns Entities expressly incorporate all of the General Objections set forth above, as well as any General Objections identified in the Bear Stearns Entities' objections

and responses to Plaintiffs' first, second, amended second, third, and fourth interrogatories to the

Bear Stearns Entities, into the Specific Objections to each Interrogatory. \

In addition to the General Objections set forth above, which are expressly incorporated

by reference in each response below, MSCO further makes the following responses and

objections.

## OBJECTIONS TO SPECIFIC INTERROGATORIES

### INTERROGATORY NO. 1(a):

For each year from 2004 through 2008, please Identify (as that term is defined below): a.
Each instance in which you violated NASD Rule 3370, UPC 71 or Regulation SHO; and

### RESPONSE TO INTERROGATORY NO. 1(a):

In addition to the General Objections set forth above, the Bear Stearns Entities object to

this Interrogatory on the grounds that it is overly broad and unduly burdensome. The Bear

Stearns Entities also object to this Interrogatory on the ground that it seeks information that is

irrelevant to the claims or defenses in this action and therefore is not reasonably calculated to

lead to the discovery of admissible. The Bear Stearns Entities further object to this Interrogatory

on the ground it seeks to impose an obligation on the Bear Stearns Entities to gather information

about securities other than TASER beyond what Plaintiffs represented to the Court in connection

with their motion to compel concerning "same or similar conduct." The Bear Stearns Entities

further object to this Interrogatory on the grounds that it is cumulative and duplicative of other

discovery sought in this matter, including but not limited to Plaintiffs' Third Set of

Interrogatories to All Defendants Except UBS and Fourth Set of Interrogatories to UBS, and, as

such is designed to harass the Bear Stearns Entities. Additionally, the Bear Stearns Entities

object to this Interrogatory to the extent that it seeks information and/or documents protected

from disclosure by the attorney-client privilege, the joint defense or common interest privilege,

the attorney work product doctrine, or any other legally recognized privilege, immunity or exemption from disclosure. Finally, the Bear Stearns Entities object to this Interrogatory on the ground that it calls for a legal conclusion.

## INTERROGATORY NO. 1(b):

For each year from 2004 through 2008, please Identify (as that term is defined below): b. Each instance in which you failed to deliver a security in the time period required by your own rules, policies and procedures;[1]

## RESPONSE TO INTERROGATORY NO. 1(b):

In addition to the General Objections set forth above, the Bear Stearns Entities object to this Interrogatory on the grounds that it is overly broad and unduly burdensome. The Bear Stearns Entities also object to this Interrogatory on the ground that it seeks information that is irrelevant to the claims or defenses in this action and therefore is not reasonably calculated to lead to the discovery of admissible. The Bear Stearns Entities further object to this Interrogatory on the ground it seeks to impose an obligation on the Bear Stearns Entities to gather information about securities other than TASER beyond what Plaintiffs represented to the Court in connection with their motion to compel concerning "same or similar conduct." The Bear Stearns Entities further object to this Interrogatory on the grounds that it is cumulative and duplicative of other discovery sought in this matter, including but not limited to Plaintiffs' Second Set of Interrogatories To Each Defendant, Interrogatory No. 5 and Plaintiffs' Third Set of Interrogatories to All Defendants Except UBS and Fourth Set of Interrogatories to UBS, and, as such, is designed to harass the Bear Stearns Entities. Additionally, the Bear Stearns Entities object to this Interrogatory to the extent that it seeks information and/or documents protected

---

[1] For purposes of this and all subparts, "rules, policies and procedures" refers to the rules, policies and procedures contained within your compliance manuals, as well as any other formal rules, policies and procedures adopted by the company.

from disclosure by the attorney-client privilege, the joint defense or common interest privilege, the attorney work product doctrine, or any other legally recognized privilege, immunity or exemption from disclosure. Finally, the Bear Stearns Entities object to the term "rules, policies and procedures" and to the definition of "rules, policies and procedures" in Footnote 1 as vague and ambiguous, particularly with respect to the phrase "any other formal rules, policies and procedures adopted by the Company."

**INTERROGATORY NO. 1(c):**

For each year from 2004 through 2008, please Identify (as that term is defined below): c. Each instance in which you failed to require a buy-in as required by your own rules, policies and procedures;

**RESPONSE TO INTERROGATORY NO. 1(c):**

In addition to the General Objections set forth above, the Bear Stearns Entities object to this Interrogatory on the grounds that it is overly broad and unduly burdensome. The Bear Stearns Entities also object to this Interrogatory on the ground that it seeks information that is irrelevant to the claims or defenses in this action and therefore is not reasonably calculated to lead to the discovery of admissible. The Bear Stearns Entities further object to this Interrogatory on the ground it seeks to impose an obligation on the Bear Stearns Entities to gather information about securities other than TASER beyond what Plaintiffs represented to the Court in connection with their motion to compel concerning "same or similar conduct." The Bear Stearns Entities further object to this Interrogatory on the grounds that it is cumulative and duplicative of other discovery sought in this matter, including but not limited to Plaintiffs' Second Set of Interrogatories To Each Defendant, Interrogatory No. 5 and Plaintiffs' Third Set of Interrogatories to All Defendants Except UBS and Fourth Set of Interrogatories to UBS, and, as such, is designed to harass the Bear Stearns Entities. Additionally, the Bear Stearns Entities

object to this Interrogatory to the extent that it seeks information and/or documents protected from disclosure by the attorney-client privilege, the joint defense or common interest privilege, the attorney work product doctrine, or any other legally recognized privilege, immunity or exemption from disclosure. Finally, the Bear Stearns Entities object to the term "rules, policies and procedures" and to the definition of "rules, policies and procedures" in Footnote 1 as vague and ambiguous, particularly with respect to the phrase "any other formal rules, policies and procedures adopted by the Company."

## INTERROGATORY NO. 1(d):

For each year from 2004 through 2008, please Identify (as that term is defined below):  d. Each instance in which you failed to close out a failure to deliver position as required by your own rules, policies;[2]

## RESPONSE TO INTERROGATORY NO. 1(d):

In addition to the General Objections set forth above, the Bear Stearns Entities object to this Interrogatory on the grounds that it is overly broad and unduly burdensome. The Bear Stearns Entities also object to this Interrogatory on the ground that it seeks information that is irrelevant to the claims or defenses in this action and therefore is not reasonably calculated to lead to the discovery of admissible. The Bear Stearns Entities further object to this Interrogatory on the ground it seeks to impose an obligation on the Bear Stearns Entities to gather information about securities other than TASER beyond what Plaintiffs represented to the Court in connection with their motion to compel concerning "same or similar conduct." The Bear Stearns Entities further object to this Interrogatory on the grounds that it is cumulative and duplicative of other discovery sought in this matter, including but not limited to Plaintiffs' Second Set of Interrogatories To Each Defendant, Interrogatory No. 5 and Plaintiffs' Third Set of

---

[2]     The terms "effecting" and "close out" are taken from regulatory actions on this topic, such as found in GS_T62 and GS_T211. Thus, there should be no issue as to their clarity.

Interrogatories to All Defendants Except UBS and Fourth Set of Interrogatories to UBS, and, as

such, is designed to harass the Bear Stearns Entities.  Additionally, the Bear Stearns Entities

object to this Interrogatory to the extent that it seeks information and/or documents protected

from disclosure by the attorney-client privilege, the joint defense or common interest privilege,

the attorney work product doctrine, or any other legally recognized privilege, immunity or

exemption from disclosure.  Finally, the Bear Stearns Entities object to the term "rules, policies

and procedures" and to the definition of "rules, policies and procedures" in Footnote 1 as vague

and ambiguous, particularly with respect to the phrase "any other formal rules, policies and

procedures adopted by the Company."

## INTERROGATORY NO. 1(e):

For each year from 2004 through 2008, please Identify (as that term is defined below):  e.
Each short sale in which your rules, policies and/or procedures required you to conduct a locate
prior to effecting the short sale, but you failed to do so;[3] and

## RESPONSE TO INTERROGATORY NO. 1(e):

In addition to the General Objections set forth above, the Bear Stearns Entities object to

this Interrogatory on the grounds that it is overly broad and unduly burdensome.  The Bear

Stearns Entities also object to this Interrogatory on the ground that it seeks information that is

irrelevant to the claims or defenses in this action and therefore is not reasonably calculated to

lead to the discovery of admissible.  The Bear Stearns Entities further object to this Interrogatory

on the ground it seeks to impose an obligation on the Bear Stearns Entities to gather information

about securities other than TASER beyond what Plaintiffs represented to the Court in connection

with their motion to compel concerning "same or similar conduct."  The Bear Stearns Entities

further object to this Interrogatory on the grounds that it is cumulative and duplicative of other

---

[3]     The terms "effecting" and "close out" are taken from regulatory actions on this topic, such as found in
        GS_T62 and GS_T211.  Thus, there should be no issue as to their clarity.

discovery sought in this matter, including but not limited to Plaintiffs' Second Set of Interrogatories To Each Defendant, Interrogatory No. 5 and Plaintiffs' Third Set of Interrogatories to All Defendants Except UBS and Fourth Set of Interrogatories to UBS, and, as such, is designed to harass the Bear Stearns Entities.  Additionally, the Bear Stearns Entities object to this Interrogatory to the extent that it seeks information and/or documents protected from disclosure by the attorney-client privilege, the joint defense or common interest privilege, the attorney work product doctrine, or any other legally recognized privilege, immunity or exemption from disclosure.  Finally, the Bear Stearns Entities object to the term "rules, policies and procedures" and to the definition of "rules, policies and procedures" in Footnote 1 as vague and ambiguous, particularly with respect to the phrase "any other formal rules, policies and procedures adopted by the Company."

## INTERROGATORY NO. 1(f):

For each year from 2004 through 2008, please Identify (as that term is defined below): f. Each short sale in which your rules, policies and procedures required you to make an affirmative determination that you could borrow the securities or otherwise provide for delivery of the securities by the settlement date but you failed to do so.

## RESPONSE TO INTERROGATORY NO. 1(f):

In addition to the General Objections set forth above, the Bear Stearns Entities object to this Interrogatory on the grounds that it is overly broad and unduly burdensome.  The Bear Stearns Entities also object to this Interrogatory on the ground that it seeks information that is irrelevant to the claims or defenses in this action and therefore is not reasonably calculated to lead to the discovery of admissible.  The Bear Stearns Entities further object to this Interrogatory on the ground it seeks to impose an obligation on the Bear Stearns Entities to gather information about securities other than TASER beyond what Plaintiffs represented to the Court in connection with their motion to compel concerning "same or similar conduct."  The Bear Stearns Entities

further object to this Interrogatory on the grounds that it is cumulative and duplicative of other discovery sought in this matter, including but not limited to Plaintiffs' Second Set of Interrogatories To Each Defendant, Interrogatory No. 5 and Plaintiffs' Third Set of Interrogatories to All Defendants Except UBS and Fourth Set of Interrogatories to UBS, and, as such, is designed to harass the Bear Stearns Entities.  Additionally, the Bear Stearns Entities object to this Interrogatory to the extent that it seeks information and/or documents protected from disclosure by the attorney-client privilege, the joint defense or common interest privilege, the attorney work product doctrine, or any other legally recognized privilege, immunity or exemption from disclosure.  Finally, the Bear Stearns Entities object to the term "rules, policies and procedures" and to the definition of "rules, policies and procedures" in Footnote 1 as vague and ambiguous, particularly with respect to the phrase "any other formal rules, policies and procedures adopted by the company."

Dated:  July 19, 2010

_____
Stephen L. Ratner
   Admitted Pro Hac Vice
Brian L. Friedman
   Admitted Pro Hac Vice

*Attorneys for Bear, Stearns & Co. Inc. (n/k/a JP Morgan Securities Inc.) and Bear, Stearns Securities Corp. (n/k/a JP Morgan Clearing Corp.)*

PROSKAUER ROSE LLP
1585 Broadway
New York, New York 10036
Ph: 212-969-3000
Fax:  212-969-2900

13

Richard H. Sinkfield
Georgia Bar No. 649100
Dan F. Laney, III
Georgia Bar No. 435290

*Attorneys for Defendants Morgan Stanley &
Co., Inc.; The Goldman Sachs Group, Inc.;
Bear Stearns Capital Markets, Inc.; Bear,
Stearns & Co., Inc.; The Bear Stearns
Companies, Inc.; Merrill Lynch, Pierce,
Fenner & Smith, Inc.; Deutsche Bank
Securities, Inc.; Credit Suisse USA, Inc.; Banc
of America Securities, LLC; and UBS
Securities, LLC*

ROGERS & HARDIN LLP
2700 International Tower
Peachtree Center
229 Peachtree Street, N. E.
Atlanta, GA 30303-1601
Phone: 404-522-4700
Fax:  404-525-2224

14

**State Court of Fulton County**
**\*\*\*EFILED\*\*\***
LexisNexis Transaction ID: 32215379
Date:  Jul 19 2010  9:53PM
Mark Harper, Clerk

# Exhibit N

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

| | |
|---|---|
| TASER INTERNATIONAL, INC., *et al.*,<br><br>    Plaintiffs,<br><br>v.<br><br>MORGAN STANLEY & CO., INC., *et al.*,<br><br>    Defendants. | Civil Case No.<br>2008-EV-004739-B |

## RESPONSES AND OBJECTIONS OF DEFENDANT CREDIT SUISSE SECURITIES (USA) LLC TO PLAINTIFFS' FIFTH SET OF INTERROGATORIES TO ALL DEFENDANTS AND SIXTH SET OF INTERROGATORIES TO UBS

Defendant Credit Suisse Securities (USA) LLC ("Credit Suisse Securities") hereby objects and responds to Plaintiffs' Fifth Set of Interrogatories to all Defendants and Sixth Set of Interrogatories to UBS (the "Interrogatories") as follows.

Credit Suisse Securities has already produced to Plaintiffs million pages of documents and thousands of gigabytes of data.  Credit Suisse Securities also has provided a significant volume of information in response to Plaintiffs' numerous previous interrogatories, requests for admission and informal discovery requests.  Notwithstanding these facts, Plaintiffs seek through these Interrogatories to again improperly expand the scope of discovery into a general audit of Credit Suisse Securities' short selling and related trade settlement activities concerning all securities over a five-year time period, regardless of whether those activities had any effect on trading in TASER securities.  This directly contradicts Plaintiffs' express representation to the Court on December 3, 2009 that expanding the scope of discovery to include "same or similar conduct" would not impose any additional burden on Defendants.  *See* Plaintiffs' Reply in

Support of Plaintiffs' Motion to Compel Production of Documents, filed December 3, 2009, at 14-15, and Defendants' Motion for Protective Order With Respect to Discovery Served by Plaintiffs On June 10, 2010. Moreover, the expense and burden that would be involved in responding to these Interrogatories is not justified because Plaintiffs have (a) yet to even identify any instances of alleged "abusive naked short selling" with respect to TASER—the only security at issue in this litigation, and (b) produced documents that show that nearly every Plaintiff profited from their trading in TASER and thus suffered no cognizable harm as a result of the alleged misconduct.

Contemporaneous with service of these responses, Defendants are also filing a Motion For Protective Order With Respect To Plaintiffs' June 10, 2010 Discovery for the reasons discussed herein and as explained in further detail in their Motion. Credit Suisse Securities reserves the right to amend these objections and, if necessary, to respond to the Requests following a decision on that motion.

## GENERAL OBJECTIONS

Credit Suisse Securities hereby makes the following General Objections, which apply to each Interrogatory and are incorporated by reference in the response to each Interrogatory as if set forth fully therein. Credit Suisse Securities' response to each Interrogatory is made subject to and without waiving these General Objections or any specific objections raised by Credit Suisse Securities. To improve readability, Credit Suisse Securities has not repeated these objections in its response to each Interrogatory. Failure to reiterate a General Objection below does not constitute a waiver of that or any other objection.

1.      Credit Suisse Securities objects to all Instructions, Definitions and Interrogatories to the extent that they call for Credit Suisse Securities to do more than is required under the

-2-