IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

TASER INTERNATIONAL, INC.,    :
*et al.*,                     :
                              :
       Plaintiffs,    :        CIVIL ACTION
                              :        FILE NO.: 2008-EV-004739-B
v.                            :
                              :
MORGAN STANLEY & CO., INC.,   :        JURY TRIAL DEMANDED
*et al.*,                     :
                              :
       Defendants.    :

**PLAINTIFF WILLIAM BURNSIDE'S**
**RESPONSES TO DEFENDANTS' FIRST SET OF**
**REQUESTS FOR ADMISSION TO INDIVIDUAL PLAINTIFFS**

Plaintiff William Burnside ("W. Burnside") hereby submits his Responses to Defendants' First Set of Requests for Admission to Individual Plaintiffs. W. Burnside reserves the right to enter additional objections and responses, and to supplement its responses as necessary. The failure to object to any of the Requests for Admission does not waive any general or specific objection or privilege. W. Burnside also agrees to meet and confer with Defendants' counsel, in good faith, in an attempt to resolve any disagreements with W. Burnside's Responses and Objections herein.

767759.1

1.     W. Burnside objects to Request No. 7 on the ground that it is not relevant to this litigation and is not reasonably calculated to lead to the discovery of admissible evidence.

2.     W. Burnside objects to Request No. 7 on the ground that it is unclear, vague, and ambiguous in total and particularly in its use of the undefined terms "assets," "account(s)," "you maintained" and "located in an account in the State of Georgia."

3.     W. Burnside objects to Request No. 7 to the extent that it calls for speculation and information held by third parties; *e.g.*, where banks may physically hold or have previously held deposited assets at an undefined time in the past.  W. Burnside's response to this request is limited to its own knowledge.

## 8.

**Subtracting the total sum of monies you received as a result of your sales of the common stock of TASER from the total sum of monies you paid to purchase the common stock of TASER, you realized a net gain based on those transactions.**

**RESPONSE:**

a.     Admitted.

b.     Objections:

767759.1                                                11

1.      W. Burnside objects to Request No. 8 on the ground that it is not relevant to this litigation and is not reasonably calculated to lead to the discovery of admissible evidence.

2.      W. Burnside objects to Request No. 8 on the ground that it is unclear, vague, and ambiguous, particularly in its use of the undefined terms "total sum of monies you received as a result of your sales of the common stock of TASER," "total sum of monies you paid to purchase the common stock of TASER," "realized," and "net gain."

3.      W. Burnside objects to Request No. 8 to the extent that it prematurely seeks expert discovery.

4.      W. Burnside objects to Request No. 8 insofar as it does not specify whether the costs of purchasing/sales should be considered and whether any monies should be discounted to present value and/or for investment and other opportunity costs.

**9.**

**You currently do not own, hold, or possess, directly or indirectly, any common stock of TASER.**

**RESPONSE:**

a.      Admitted.

b.      Objections:

767759.1

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

TASER INTERNATIONAL, INC., :
*et al.,*                    :
                            :
         Plaintiffs,         :          CIVIL ACTION
                            :          FILE NO.: 2008-EV-004739-B
v.                           :
                            :
MORGAN STANLEY & CO., INC., :           JURY TRIAL DEMANDED
*et al.,*                    :
                            :
         Defendants.         :

## PLAINTIFF DONNA C. CASH'S
### RESPONSES TO DEFENDANTS' FIRST SET OF
### REQUESTS FOR ADMISSION TO INDIVIDUAL PLAINTIFFS

Plaintiff Donna C. Cash ("D. Cash"), as personal representative of the Estate of Dorothy A. Connelly hereby submits her Responses to Defendants' First Set of Requests for Admission to Individual Plaintiffs. D. Cash reserves the right to enter additional objections and responses, and to supplement its responses as necessary. The failure to object to any of the Requests for Admission does not waive any general or specific objection or privilege. D. Cash also agrees to meet and confer with Defendants' counsel, in good faith, in an attempt to resolve any disagreements with D. Cash's Responses and Objections herein.

767764.1

the undefined terms "assets," "account(s)," "you maintained" and

"located in an account in the State of Georgia."

3.      D. Cash objects to Request No. 7 to the extent that it calls for

speculation and information held by third parties; *e.g.*, where banks

may physically hold or have previously held deposited assets at an

undefined time in the past. D. Cash's response to this request is

limited to its own knowledge.

### 8.

**Subtracting the total sum of monies you received as a result of your sales of the common stock of TASER from the total sum of monies you paid to purchase the common stock of TASER, you realized a net gain based on those transactions.**

**RESPONSE:**

a.   Admitted.

b.   Objections:

1.      D. Cash objects to Request No. 8 on the ground that it is not

relevant to this litigation and is not reasonably calculated to lead to the

discovery of admissible evidence.

2.      D. Cash objects to Request No. 8 on the ground that it is

unclear, vague, and ambiguous, particularly in its use of the undefined

terms "total sum of monies you received as a result of your sales of

the common stock of TASER," "total sum of monies you paid to purchase the common stock of TASER," "realized," and "net gain."

3.    D. Cash objects to Request No. 8 to the extent that it prematurely seeks expert discovery.

4.    D. Cash objects to Request No. 8 insofar as it does not specify whether the costs of purchasing/sales should be considered and whether any monies should be discounted to present value and/or for investment and other opportunity costs.

**9.**

**You currently do not own, hold, or possess, directly or indirectly, any common stock of TASER.**

**RESPONSE:**

a.    Admitted.

b.    Objections:

1.    D. Cash objects to Request No. 9 on the ground that it is unclear, vague, and ambiguous, particularly in its use of the undefined term "possess . . . directly or indirectly."

2.    D. Cash objects to Request No. 9 on the ground insofar as it does not request information concerning a specific time period.  For purposes of Request No. 9, D. Cash construes the Request as inquiring

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

TASER INTERNATIONAL, INC.,          :
*et al.*,                           :
                                    :
            Plaintiffs,             :          CIVIL ACTION
                                    :          FILE NO.: 2008-EV-004739-B
v.                                  :
                                    :
MORGAN STANLEY & CO., INC.,         :          JURY TRIAL DEMANDED
*et al.*,                           :
                                    :
            Defendants.             :

## PLAINTIFF JUDITH COLLENTINE
## RESPONSES TO DEFENDANTS' FIRST SET OF
## <u>REQUESTS FOR ADMISSION TO INDIVIDUAL PLAINTIFFS</u>

Plaintiff Judith Collentine ("J. Collentine") hereby submits her Responses to

Defendants' First Set of Requests for Admission to Individual Plaintiffs.  J.

Collentine reserves the right to enter additional objections and responses, and to

supplement its responses as necessary.  The failure to object to any of the Requests

for Admission does not waive any general or specific objection or privilege.  J.

Collentine also agrees to meet and confer with Defendants' counsel, in good faith,

in an attempt to resolve any disagreements with J. Collentine's Responses and

Objections herein.

767765.1

1.     J. Collentine objects to Request No. 7 on the ground that it is
not relevant to this litigation and is not reasonably calculated to lead
to the discovery of admissible evidence.

2.     J. Collentine objects to Request No. 7 on the ground that it is
unclear, vague, and ambiguous in total and particularly in its use of
the undefined terms "assets," "account(s)," "you maintained" and
"located in an account in the State of Georgia."

3.     J. Collentine objects to Request No. 7 to the extent that it calls
for speculation and information held by third parties; *e.g.*, where
banks may physically hold or have previously held deposited assets at
an undefined time in the past.  J. Collentine's response to this request
is limited to its own knowledge.

### 8.

**Subtracting the total sum of monies you received as a result of your
sales of the common stock of TASER from the total sum of monies you paid to
purchase the common stock of TASER, you realized a net gain based on those
transactions.**

**RESPONSE:**

a.     Admitted.

b.     Objections:

1.      J. Collentine objects to Request No. 8 on the ground that it is
not relevant to this litigation and is not reasonably calculated to lead
to the discovery of admissible evidence.

2.      J. Collentine objects to Request No. 8 on the ground that it is
unclear, vague, and ambiguous, particularly in its use of the undefined
terms "total sum of monies you received as a result of your sales of
the common stock of TASER," "total sum of monies you paid to
purchase the common stock of TASER," "realized," and "net gain."

3.      J. Collentine objects to Request No. 8 to the extent that it
prematurely seeks expert discovery.

4.      J. Collentine objects to Request No. 8 insofar as it does not
specify whether the costs of purchasing/sales should be considered
and whether any monies should be discounted to present value and/or
for investment and other opportunity costs.

### 9.

**You currently do not own, hold, or possess, directly or indirectly, any
common stock of TASER.**

RESPONSE:

a.      Admitted.

b.      Objections:

767765.1                             12

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

TASER INTERNATIONAL, INC., :
*et al.,*                    :
                            :
        Plaintiffs,          :        CIVIL ACTION
                            :        FILE NO.: 2008-EV-004739-B
v.                           :
                            :
MORGAN STANLEY & CO., INC., :        JURY TRIAL DEMANDED
*et al.,*                    :
                            :
        Defendants.          :

## PLAINTIFF THOMAS COLLENTINE'S
## RESPONSES TO DEFENDANTS' FIRST SET OF
## REQUESTS FOR ADMISSION TO INDIVIDUAL PLAINTIFFS

Plaintiff Thomas Collentine ("T. Collentine") hereby submits his Responses
to Defendants' First Set of Requests for Admission to Individual Plaintiffs.  T.
Collentine reserves the right to enter additional objections and responses, and to
supplement its responses as necessary.  The failure to object to any of the Requests
for Admission does not waive any general or specific objection or privilege.  T.
Collentine also agrees to meet and confer with Defendants' counsel, in good faith,
in an attempt to resolve any disagreements with T. Collentine's Responses and
Objections herein.

767767.1

1.      T. Collentine objects to Request No. 7 on the ground that it is not relevant to this litigation and is not reasonably calculated to lead to the discovery of admissible evidence.

2.      T. Collentine objects to Request No. 7 on the ground that it is unclear, vague, and ambiguous in total and particularly in its use of the undefined terms "assets," "account(s)," "you maintained" and "located in an account in the State of Georgia."

3.      T. Collentine objects to Request No. 7 to the extent that it calls for speculation and information held by third parties; *e.g.*, where banks may physically hold or have previously held deposited assets at an undefined time in the past.  T. Collentine's response to this request is limited to its own knowledge.

### 8.

**Subtracting the total sum of monies you received as a result of your sales of the common stock of TASER from the total sum of monies you paid to purchase the common stock of TASER, you realized a net gain based on those transactions.**

**RESPONSE:**

a.      Admitted.

b.      Objections:

767767.1

11

1.    T. Collentine objects to Request No. 8 on the ground that it is not relevant to this litigation and is not reasonably calculated to lead to the discovery of admissible evidence.

2.    T. Collentine objects to Request No. 8 on the ground that it is unclear, vague, and ambiguous, particularly in its use of the undefined terms "total sum of monies you received as a result of your sales of the common stock of TASER," "total sum of monies you paid to purchase the common stock of TASER," "realized," and "net gain."

3.    T. Collentine objects to Request No. 8 to the extent that it prematurely seeks expert discovery.

4.    T. Collentine objects to Request No. 8 insofar as it does not specify whether the costs of purchasing/sales should be considered and whether any monies should be discounted to present value and/or for investment and other opportunity costs.

### 9.

**You currently do not own, hold, or possess, directly or indirectly, any common stock of TASER.**

**RESPONSE:**

a.    Admitted.

b.    Objections:

767767.1                                    12

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

TASER INTERNATIONAL, INC.,    :
*et al.,*                     :
                              :
         Plaintiffs,          :          CIVIL ACTION
                              :          FILE NO.: 2008-EV-004739-B
v.                            :
                              :
MORGAN STANLEY & CO., INC.,   :          JURY TRIAL DEMANDED
*et al.,*                     :
                              :
         Defendants.          :


**PLAINTIFF BRUCE CULVER'S RESPONSES TO DEFENDANTS'**
**FIRST SET OF REQUESTS FOR ADMISSION TO INDIVIDUAL**
**PLAINTIFFS**


Plaintiff Bruce Culver ("B. Culver") hereby submits his Responses to

Defendants' First Set of Requests for Admission to Individual Plaintiffs. B. Culver

reserves the right to enter additional objections and responses, and to supplement

its responses as necessary. The failure to object to any of the Requests for

Admission does not waive any general or specific objection or privilege. B. Culver

also agrees to meet and confer with Defendants' counsel, in good faith, in an

attempt to resolve any disagreements with B. Culver's Responses and Objections

herein.

767768.1

1.      B. Culver objects to Request No. 7 on the ground that it is not relevant to this litigation and is not reasonably calculated to lead to the discovery of admissible evidence.

2.      B. Culver objects to Request No. 7 on the ground that it is unclear, vague, and ambiguous in total and particularly in its use of the undefined terms "assets," "account(s)," "you maintained" and "located in an account in the State of Georgia."

3.      B. Culver objects to Request No. 7 to the extent that it calls for speculation and information held by third parties; *e.g.*, where banks may physically hold or have previously held deposited assets at an undefined time in the past. B. Culver's response to this request is limited to its own knowledge.

**8.**

**Subtracting the total sum of monies you received as a result of your sales of the common stock of TASER from the total sum of monies you paid to purchase the common stock of TASER, you realized a net gain based on those transactions.**

**RESPONSE:**

a.      Admitted.

b.      Objections:

1.    B. Culver objects to Request No. 8 on the ground that it is not relevant to this litigation and is not reasonably calculated to lead to the discovery of admissible evidence.

2.    B. Culver objects to Request No. 8 on the ground that it is unclear, vague, and ambiguous, particularly in its use of the undefined terms "total sum of monies you received as a result of your sales of the common stock of TASER," "total sum of monies you paid to purchase the common stock of TASER," "realized," and "net gain."

3.    B. Culver objects to Request No. 8 to the extent that it prematurely seeks expert discovery.

4.    B. Culver objects to Request No. 8 insofar as it does not specify whether the costs of purchasing/sales should be considered and whether any monies should be discounted to present value and/or for investment and other opportunity costs.

### 9.

**You currently do not own, hold, or possess, directly or indirectly, any common stock of TASER.**

**RESPONSE:**

a.    Denied.

b.    Objections:

767768.1

12

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

TASER INTERNATIONAL, INC.,  :
*et al.,*                    :
                            :
        Plaintiffs,          :         CIVIL ACTION
                            :         FILE NO.: 2008-EV-004739-B
v.                          :
                            :
MORGAN STANLEY & CO., INC., :         JURY TRIAL DEMANDED
*et al.,*                    :
                            :
        Defendants.          :

## PLAINTIFF DONNA CULVER'S RESPONSES TO DEFENDANTS' FIRST SET OF REQUESTS FOR ADMISSION TO INDIVIDUAL PLAINTIFFS

Plaintiff Donna Culver ("D. Culver") hereby submits her Responses to Defendants' First Set of Requests for Admission to Individual Plaintiffs. D. Culver reserves the right to enter additional objections and responses, and to supplement its responses as necessary. The failure to object to any of the Requests for Admission does not waive any general or specific objection or privilege. D. Culver also agrees to meet and confer with Defendants' counsel, in good faith, in an attempt to resolve any disagreements with D. Culver's Responses and Objections herein.

767770.1

1.      D. Culver objects to Request No. 7 on the ground that it is not relevant to this litigation and is not reasonably calculated to lead to the discovery of admissible evidence.

2.      D. Culver objects to Request No. 7 on the ground that it is unclear, vague, and ambiguous in total and particularly in its use of the undefined terms "assets," "account(s)," "you maintained" and "located in an account in the State of Georgia."

3.      D. Culver objects to Request No. 7 to the extent that it calls for speculation and information held by third parties; *e.g.*, where banks may physically hold or have previously held deposited assets at an undefined time in the past.  D. Culver's response to this request is limited to its own knowledge.

**8.**

**Subtracting the total sum of monies you received as a result of your sales of the common stock of TASER from the total sum of monies you paid to purchase the common stock of TASER, you realized a net gain based on those transactions.**

**RESPONSE:**

a.      Admitted.

b.      Objections:

1.      D. Culver objects to Request No. 8 on the ground that it is not relevant to this litigation and is not reasonably calculated to lead to the discovery of admissible evidence.

2.      D. Culver objects to Request No. 8 on the ground that it is unclear, vague, and ambiguous, particularly in its use of the undefined terms "total sum of monies you received as a result of your sales of the common stock of TASER," "total sum of monies you paid to purchase the common stock of TASER," "realized," and "net gain."

3.      D. Culver objects to Request No. 8 to the extent that it prematurely seeks expert discovery.

4.      D. Culver objects to Request No. 8 insofar as it does not specify whether the costs of purchasing/sales should be considered and whether any monies should be discounted to present value and/or for investment and other opportunity costs.

9.

**You currently do not own, hold, or possess, directly or indirectly, any common stock of TASER.**

**RESPONSE:**

    a.   Denied.

    b.   Objections:

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

TASER INTERNATIONAL, INC.,      :
*et al.*,                               :
                                :
          Plaintiffs,           :        CIVIL ACTION
                                :        FILE NO.: 2008-EV-004739-B
v.                              :
                                :
MORGAN STANLEY & CO., INC.,     :        JURY TRIAL DEMANDED
*et al.*,                               :
                                :
          Defendants.           :


**PLAINTIFF EMILY DUNAGIN'S
RESPONSES TO DEFENDANTS' FIRST SET OF
REQUESTS FOR ADMISSION TO INDIVIDUAL PLAINTIFFS**


Plaintiff Emily Dunagin ("E. Dunagin") hereby submits her Responses to

Defendants' First Set of Requests for Admission to Individual Plaintiffs.  E.

Dunagin reserves the right to enter additional objections and responses, and to

supplement its responses as necessary.  The failure to object to any of the Requests

for Admission does not waive any general or specific objection or privilege.  E.

Dunagin also agrees to meet and confer with Defendants' counsel, in good faith, in

an attempt to resolve any disagreements with E. Dunagin's Responses and

Objections herein.


767776.1

1.      E. Dunagin objects to Request No. 7 on the ground that it is not relevant to this litigation and is not reasonably calculated to lead to the discovery of admissible evidence.

2.      E. Dunagin objects to Request No. 7 on the ground that it is unclear, vague, and ambiguous in total and particularly in its use of the undefined terms "assets," "account(s)," "you maintained" and "located in an account in the State of Georgia."

3.      E. Dunagin objects to Request No. 7 to the extent that it calls for speculation and information held by third parties; *e.g.*, where banks may physically hold or have previously held deposited assets at an undefined time in the past. E. Dunagin's response to this request is limited to its own knowledge.

8.

Subtracting the total sum of monies you received as a result of your sales of the common stock of TASER from the total sum of monies you paid to purchase the common stock of TASER, you realized a net gain based on those transactions.

RESPONSE:

a.      Admitted.

b.      Objections:

1.    E. Dunagin objects to Request No. 8 on the ground that it is not relevant to this litigation and is not reasonably calculated to lead to the discovery of admissible evidence.

2.    E. Dunagin objects to Request No. 8 on the ground that it is unclear, vague, and ambiguous, particularly in its use of the undefined terms "total sum of monies you received as a result of your sales of the common stock of TASER," "total sum of monies you paid to purchase the common stock of TASER," "realized," and "net gain."

3.    E. Dunagin objects to Request No. 8 to the extent that it prematurely seeks expert discovery.

4.    E. Dunagin objects to Request No. 8 insofar as it does not specify whether the costs of purchasing/sales should be considered and whether any monies should be discounted to present value and/or for investment and other opportunity costs.

**9.**

**You currently do not own, hold, or possess, directly or indirectly, any common stock of TASER.**

**RESPONSE:**

a.    Admitted.

b.    Objections:

767776.1                                    12

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

TASER INTERNATIONAL, INC.,   :
*et al.*,                     :
                             :
         Plaintiffs,          :        CIVIL ACTION
                             :        FILE NO.: 2008-EV-004739-B
v.                           :
                             :
MORGAN STANLEY & CO., INC.,   :        JURY TRIAL DEMANDED
*et al.*,                     :
                             :
         Defendants.          :

**PLAINTIFFS JAMES L. DUNAGIN'S RESPONSES TO DEFENDANTS'
FIRST SET OF REQUESTS FOR ADMISSION TO INDIVIDUAL
PLAINTIFFS**

Plaintiff James L. Dunagin ("J. Dunagin") hereby submits his Responses to

Defendants' First Set of Requests for Admission to Individual Plaintiffs.  J.

Dunagin reserves the right to enter additional objections and responses, and to

supplement its responses as necessary.  The failure to object to any of the Requests

for Admission does not waive any general or specific objection or privilege.  J.

Dunagin also agrees to meet and confer with Defendants' counsel, in good faith, in

an attempt to resolve any disagreements with J. Dunagin's Responses and

Objections herein.

767810.1

1.      J. Dunagin objects to Request No. 7 on the ground that it is not

relevant to this litigation and is not reasonably calculated to lead to the

discovery of admissible evidence.

2.      J. Dunagin objects to Request No. 7 on the ground that it is

unclear, vague, and ambiguous in total and particularly in its use of

the undefined terms "assets," "account(s)," "you maintained" and

"located in an account in the State of Georgia."

3.      J. Dunagin objects to Request No. 7 to the extent that it calls for

speculation and information held by third parties; *e.g.*, where banks

may physically hold or have previously held deposited assets at an

undefined time in the past.  J. Dunagin's response to this request is

limited to its own knowledge.

**8.**

**Subtracting the total sum of monies you received as a result of your
sales of the common stock of TASER from the total sum of monies you paid to
purchase the common stock of TASER, you realized a net gain based on those
transactions.**

**RESPONSE:**

a.      Admitted.

b.      Objections:

1.      J. Dunagin objects to Request No. 8 on the ground that it is not relevant to this litigation and is not reasonably calculated to lead to the discovery of admissible evidence.

2.      J. Dunagin objects to Request No. 8 on the ground that it is unclear, vague, and ambiguous, particularly in its use of the undefined terms "total sum of monies you received as a result of your sales of the common stock of TASER," "total sum of monies you paid to purchase the common stock of TASER," "realized," and "net gain."

3.      J. Dunagin objects to Request No. 8 to the extent that it prematurely seeks expert discovery.

4.      J. Dunagin objects to Request No. 8 insofar as it does not specify whether the costs of purchasing/sales should be considered and whether any monies should be discounted to present value and/or for investment and other opportunity costs.

**9.**

**You currently do not own, hold, or possess, directly or indirectly, any common stock of TASER.**

**RESPONSE:**

a.      Admitted.

b.      Objections:

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| TASER INTERNATIONAL, INC., *et al.*, | : | |
| | : | |
| | : | |
| Plaintiffs, | : | CIVIL ACTION |
| | : | FILE NO.: 2008-EV-004739-B |
| v. | : | |
| | : | |
| MORGAN STANLEY & CO., INC., *et al.*, | : | JURY TRIAL DEMANDED |
| | : | |
| | : | |
| Defendants. | : | |

**PLAINTIFFS SOUTHEAST EYE SURGERY CLINIC, INC. PSP'S
RESPONSES TO DEFENDANTS' FIRST SET OF
REQUESTS FOR ADMISSION TO INDIVIDUAL PLAINTIFFS**

Plaintiff Southeast Eye Surgery Clinic, Inc. PSP ("SEESC") hereby submits its Responses to Defendants' First Set of Requests for Admission to Individual Plaintiffs. SEESC reserves the right to enter additional objections and responses, and to supplement its responses as necessary. The failure to object to any of the Requests for Admission does not waive any general or specific objection or privilege. SEESC also agrees to meet and confer with Defendants' counsel, in good faith, in an attempt to resolve any disagreements with SEESC's Responses and Objections herein.

767815.1

the undefined terms "assets," "account(s)," "you maintained" and

"located in an account in the State of Georgia."

3.      SEESC objects to Request No. 7 to the extent that it calls for

speculation and information held by third parties; *e.g.*, where banks

may physically hold or have previously held deposited assets at an

undefined time in the past.  SEESC's response to this request is

limited to its own knowledge.

## 8.

**Subtracting the total sum of monies you received as a result of your sales of the common stock of TASER from the total sum of monies you paid to purchase the common stock of TASER, you realized a net gain based on those transactions.**

**RESPONSE:**

a.      Admitted.

b.      Objections:

1.      SEESC objects to Request No. 8 on the ground that it is not

relevant to this litigation and is not reasonably calculated to lead to the

discovery of admissible evidence.

2.      SEESC objects to Request No. 8 on the ground that it is

unclear, vague, and ambiguous, particularly in its use of the undefined

terms "total sum of monies you received as a result of your sales of

the common stock of TASER," "total sum of monies you paid to purchase the common stock of TASER," "realized," and "net gain."

3.      SEESC objects to Request No. 8 to the extent that it prematurely seeks expert discovery.

4.      SEESC objects to Request No. 8 insofar as it does not specify whether the costs of purchasing/sales should be considered and whether any monies should be discounted to present value and/or for investment and other opportunity costs.

### 9.

**You currently do not own, hold, or possess, directly or indirectly, any common stock of TASER.**

**<u>RESPONSE</u>:**

a.      Admitted.

b.      Objections:

1.      SEESC objects to Request No. 9 on the ground that it is unclear, vague, and ambiguous, particularly in its use of the undefined term "possess . . . directly or indirectly."

2.      SEESC objects to Request No. 9 on the ground insofar as it does not request information concerning a specific time period.  For purposes of Request No. 9, SEESC construes the Request as inquiring

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

TASER INTERNATIONAL, INC.,         :
*et al.,*                          :
                                   :
         Plaintiffs,               :         CIVIL ACTION
                                   :         FILE NO.: 2008-EV-004739-B
v.                                 :
                                   :
MORGAN STANLEY & CO., INC.,        :         JURY TRIAL DEMANDED
*et al.,*                          :
                                   :
         Defendants.               :


**PLAINTIFF CHARLES FAIRES' RESPONSES TO DEFENDANTS'**
**FIRST SET OF REQUESTS FOR ADMISSION TO INDIVIDUAL**
**PLAINTIFFS**


Plaintiff Charles Faires ("C. Faires") hereby submits his Responses to

Defendants' First Set of Requests for Admission to Individual Plaintiffs.  C. Faires

reserves the right to enter additional objections and responses, and to supplement

its responses as necessary.  The failure to object to any of the Requests for

Admission does not waive any general or specific objection or privilege.  C. Faires

also agrees to meet and confer with Defendants' counsel, in good faith, in an

attempt to resolve any disagreements with C. Faires' Responses and Objections

herein.

the undefined terms "assets," "account(s)," "you maintained" and

"located in an account in the State of Georgia."

3.      C. Faires objects to Request No. 7 to the extent that it calls for

speculation and information held by third parties; *e.g.*, where banks

may physically hold or have previously held deposited assets at an

undefined time in the past.  C. Faires' response to this request is

limited to its own knowledge.

## 8.

**Subtracting the total sum of monies you received as a result of your sales of the common stock of TASER from the total sum of monies you paid to purchase the common stock of TASER, you realized a net gain based on those transactions.**

## RESPONSE:

a.      Admitted.

b.      Objections:

1.      C. Faires objects to Request No. 8 on the ground that it is not

relevant to this litigation and is not reasonably calculated to lead to the

discovery of admissible evidence.

2.      C. Faires objects to Request No. 8 on the ground that it is

unclear, vague, and ambiguous, particularly in its use of the undefined

terms "total sum of monies you received as a result of your sales of

the common stock of TASER," "total sum of monies you paid to

purchase the common stock of TASER," "realized," and "net gain."

3.      C. Faires objects to Request No. 8 to the extent that it

prematurely seeks expert discovery.

4.      C. Faires objects to Request No. 8 insofar as it does not specify

whether the costs of purchasing/sales should be considered and

whether any monies should be discounted to present value and/or for

investment and other opportunity costs.

### 9.

**You currently do not own, hold, or possess, directly or indirectly, any common stock of TASER.**

<u>**RESPONSE:**</u>

a.      Denied.

b.      Objections:

1.      C. Faires objects to Request No. 9 on the ground that it is

unclear, vague, and ambiguous, particularly in its use of the undefined

term "possess . . . directly or indirectly."

2.      C. Faires objects to Request No. 9 on the ground insofar as it

does not request information concerning a specific time period.  For

purposes of Request No. 9, C. Faires construes the Request as

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

TASER INTERNATIONAL, INC.,  :
*et al.*,                   :
                            :
        Plaintiffs,         :        CIVIL ACTION
                            :        FILE NO.: 2008-EV-004739-B
v.                          :
                            :
MORGAN STANLEY & CO., INC., :        JURY TRIAL DEMANDED
*et al.*,                   :
                            :
        Defendants.         :

## PLAINTIFF SANDRA FAIRES' RESPONSES TO DEFENDANTS' FIRST SET OF REQUESTS FOR ADMISSION TO INDIVIDUAL PLAINTIFFS

Plaintiff Sandra Faires ("S. Faires") hereby submits her Responses to Defendants' First Set of Requests for Admission to Individual Plaintiffs.  S. Faires reserves the right to enter additional objections and responses, and to supplement its responses as necessary.  The failure to object to any of the Requests for Admission does not waive any general or specific objection or privilege.  S. Faires also agrees to meet and confer with Defendants' counsel, in good faith, in an attempt to resolve any disagreements with S. Faires' Responses and Objections herein.

767824.1

the undefined terms "assets," "account(s)," "you maintained" and

"located in an account in the State of Georgia."

3.      S. Faires objects to Request No. 7 to the extent that it calls for

speculation and information held by third parties; *e.g.*, where banks

may physically hold or have previously held deposited assets at an

undefined time in the past.  S. Faires' response to this request is

limited to its own knowledge.

## 8.

**Subtracting the total sum of monies you received as a result of your sales of the common stock of TASER from the total sum of monies you paid to purchase the common stock of TASER, you realized a net gain based on those transactions.**

**RESPONSE:**

a.      Admitted.

b.      Objections:

1.      S. Faires objects to Request No. 8 on the ground that it is not

relevant to this litigation and is not reasonably calculated to lead to the

discovery of admissible evidence.

2.      S. Faires objects to Request No. 8 on the ground that it is

unclear, vague, and ambiguous, particularly in its use of the undefined

terms "total sum of monies you received as a result of your sales of

the common stock of TASER," "total sum of monies you paid to purchase the common stock of TASER," "realized," and "net gain."

3.      S. Faires objects to Request No. 8 to the extent that it prematurely seeks expert discovery.

4.      S. Faires objects to Request No. 8 insofar as it does not specify whether the costs of purchasing/sales should be considered and whether any monies should be discounted to present value and/or for investment and other opportunity costs.

## 9.

**You currently do not own, hold, or possess, directly or indirectly, any common stock of TASER.**

<u>**RESPONSE:**</u>

a.      Admitted.

b.      Objections:

1.      S. Faires objects to Request No. 9 on the ground that it is unclear, vague, and ambiguous, particularly in its use of the undefined term "possess . . . directly or indirectly."

2.      S. Faires objects to Request No. 9 on the ground insofar as it does not request information concerning a specific time period.  For purposes of Request No. 9, S. Faires construes the Request as

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

TASER INTERNATIONAL, INC., :
*et al.,*                  :
                          :
        Plaintiffs,       :        CIVIL ACTION
                          :        FILE NO.: 2008-EV-004739-B
v.                        :
                          :
MORGAN STANLEY & CO., INC., :      JURY TRIAL DEMANDED
*et al.,*                   :
                          :
        Defendants.       :

## PLAINTIFF AMY HASKELL'S RESPONSES TO DEFENDANTS' FIRST SET OF REQUESTS FOR ADMISSION TO INDIVIDUAL PLAINTIFFS

Plaintiff Amy Haskell ("A. Haskell") hereby submits her Responses to

Defendants' First Set of Requests for Admission to Individual Plaintiffs. A.

Haskell reserves the right to enter additional objections and responses, and to

supplement its responses as necessary. The failure to object to any of the Requests

for Admission does not waive any general or specific objection or privilege. A.

Haskell also agrees to meet and confer with Defendants' counsel, in good faith, in

an attempt to resolve any disagreements with A. Haskell's Responses and

Objections herein.

767826.1

1.    A. Haskell objects to Request No. 7 on the ground that it is not relevant to this litigation and is not reasonably calculated to lead to the discovery of admissible evidence.

2.    A. Haskell objects to Request No. 7 on the ground that it is unclear, vague, and ambiguous in total and particularly in its use of the undefined terms "assets," "account(s)," "you maintained" and "located in an account in the State of Georgia."

3.    A. Haskell objects to Request No. 7 to the extent that it calls for speculation and information held by third parties; *e.g.*, where banks may physically hold or have previously held deposited assets at an undefined time in the past.  A. Haskell's response to this request is limited to its own knowledge.

**8.**

**Subtracting the total sum of monies you received as a result of your sales of the common stock of TASER from the total sum of monies you paid to purchase the common stock of TASER, you realized a net gain based on those transactions.**

**RESPONSE:**

a.    Admitted.

b.    Objections:

1.     A. Haskell objects to Request No. 8 on the ground that it is not relevant to this litigation and is not reasonably calculated to lead to the discovery of admissible evidence.

2.     A. Haskell objects to Request No. 8 on the ground that it is unclear, vague, and ambiguous, particularly in its use of the undefined terms "total sum of monies you received as a result of your sales of the common stock of TASER," "total sum of monies you paid to purchase the common stock of TASER," "realized," and "net gain."

3.     A. Haskell objects to Request No. 8 to the extent that it prematurely seeks expert discovery.

4.     A. Haskell objects to Request No. 8 insofar as it does not specify whether the costs of purchasing/sales should be considered and whether any monies should be discounted to present value and/or for investment and other opportunity costs.

### 9.

**You currently do not own, hold, or possess, directly or indirectly, any common stock of TASER.**

**RESPONSE:**

a.     Denied.

b.     Objections:

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| TASER INTERNATIONAL, INC., *et al.,* | : | |
| | : | |
| | : | |
| Plaintiffs, | : | CIVIL ACTION |
| | : | FILE NO.: 2008-EV-004739-B |
| v. | : | |
| | : | |
| MORGAN STANLEY & CO., INC., *et al.,* | : | JURY TRIAL DEMANDED |
| | : | |
| | : | |
| Defendants. | : | |

**PLAINTIFF RICHARD C. HASKELL, JR.'S
RESPONSES TO DEFENDANTS' FIRST SET OF
<u>REQUESTS FOR ADMISSION TO INDIVIDUAL PLAINTIFFS</u>**

Plaintiff Richard C. Haskell, Jr. ("R. Haskell") hereby submits his Responses to Defendants' First Set of Requests for Admission to Individual Plaintiffs. R. Haskell reserves the right to enter additional objections and responses, and to supplement its responses as necessary. The failure to object to any of the Requests for Admission does not waive any general or specific objection or privilege. R. Haskell also agrees to meet and confer with Defendants' counsel, in good faith, in an attempt to resolve any disagreements with R. Haskell's Responses and Objections herein.

767827.1

the undefined terms "assets," "account(s)," "you maintained" and "located in an account in the State of Georgia."

3.     R. Haskell objects to Request No. 7 to the extent that it calls for speculation and information held by third parties; *e.g.*, where banks may physically hold or have previously held deposited assets at an undefined time in the past. R. Haskell's response to this request is limited to its own knowledge.

**8.**

**Subtracting the total sum of monies you received as a result of your sales of the common stock of TASER from the total sum of monies you paid to purchase the common stock of TASER, you realized a net gain based on those transactions.**

**RESPONSE:**

a.     Admitted.

b.     Objections:

1.     R. Haskell objects to Request No. 8 on the ground that it is not relevant to this litigation and is not reasonably calculated to lead to the discovery of admissible evidence.

2.     R. Haskell objects to Request No. 8 on the ground that it is unclear, vague, and ambiguous, particularly in its use of the undefined terms "total sum of monies you received as a result of your sales of

the common stock of TASER," "total sum of monies you paid to purchase the common stock of TASER," "realized," and "net gain."

3.      R. Haskell objects to Request No. 8 to the extent that it prematurely seeks expert discovery.

4.      R. Haskell objects to Request No. 8 insofar as it does not specify whether the costs of purchasing/sales should be considered and whether any monies should be discounted to present value and/or for investment and other opportunity costs.

## 9.

**You currently do not own, hold, or possess, directly or indirectly, any common stock of TASER.**

## RESPONSE:

a.      Denied.

b.      Objections:

1.      R. Haskell objects to Request No. 9 on the ground that it is unclear, vague, and ambiguous, particularly in its use of the undefined term "possess . . . directly or indirectly."

2.      R. Haskell objects to Request No. 9 on the ground insofar as it does not request information concerning a specific time period.  For purposes of Request No. 9, R. Haskell construes the Request as inquiring whether R. Haskell owns or posses any shares of the

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

TASER INTERNATIONAL, INC.,   :
*et al.,*   :
   :
     Plaintiffs,   :    CIVIL ACTION
   :    FILE NO.: 2008-EV-004739-B
v.   :
   :
MORGAN STANLEY & CO., INC.,   :    JURY TRIAL DEMANDED
*et al.,*   :
   :
     Defendants.   :

## PLAINTIFF RICHARD ("DICK") C. HASKELL'S RESPONSES TO DEFENDANTS' FIRST SET OF REQUESTS FOR ADMISSION TO INDIVIDUAL PLAINTIFFS

Plaintiff Richard ("Dick") C. Haskell ("D. Haskell") hereby submits his Responses to Defendants' First Set of Requests for Admission to Individual Plaintiffs. D. Haskell reserves the right to enter additional objections and responses, and to supplement its responses as necessary. The failure to object to any of the Requests for Admission does not waive any general or specific objection or privilege. D. Haskell also agrees to meet and confer with Defendants' counsel, in good faith, in an attempt to resolve any disagreements with D. Haskell's Responses and Objections herein.

767829.1

1.     D. Haskell objects to Request No. 7 on the ground that it is not relevant to this litigation and is not reasonably calculated to lead to the discovery of admissible evidence.

2.     D. Haskell objects to Request No. 7 on the ground that it is unclear, vague, and ambiguous in total and particularly in its use of the undefined terms "assets," "account(s)," "you maintained" and "located in an account in the State of Georgia."

3.     D. Haskell objects to Request No. 7 to the extent that it calls for speculation and information held by third parties; *e.g.*, where banks may physically hold or have previously held deposited assets at an undefined time in the past.  D. Haskell's response to this request is limited to its own knowledge.

**8.**

**Subtracting the total sum of monies you received as a result of your sales of the common stock of TASER from the total sum of monies you paid to purchase the common stock of TASER, you realized a net gain based on those transactions.**

**RESPONSE:**

a.     Admitted.

b.     Objections:

1.      D. Haskell objects to Request No. 8 on the ground that it is not relevant to this litigation and is not reasonably calculated to lead to the discovery of admissible evidence.

2.      D. Haskell objects to Request No. 8 on the ground that it is unclear, vague, and ambiguous, particularly in its use of the undefined terms "total sum of monies you received as a result of your sales of the common stock of TASER," "total sum of monies you paid to purchase the common stock of TASER," "realized," and "net gain."

3.      D. Haskell objects to Request No. 8 to the extent that it prematurely seeks expert discovery.

4.      D. Haskell objects to Request No. 8 insofar as it does not specify whether the costs of purchasing/sales should be considered and whether any monies should be discounted to present value and/or for investment and other opportunity costs.

**9.**

**You currently do not own, hold, or possess, directly or indirectly, any common stock of TASER.**

**RESPONSE:**

a.      Admitted.

b.      Objections:

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

TASER INTERNATIONAL, INC.,      :
*et al.*,                        :
                                 :
        Plaintiffs,              :        CIVIL ACTION
                                 :        FILE NO.: 2008-EV-004739-B
v.                               :
                                 :
MORGAN STANLEY & CO., INC.,      :        JURY TRIAL DEMANDED
*et al.*,                        :
                                 :
        Defendants.              :

## PLAINTIFF SUSAN HASKELL'S
## RESPONSES TO DEFENDANTS' FIRST SET OF
## <u>REQUESTS FOR ADMISSION TO INDIVIDUAL PLAINTIFFS</u>

Plaintiff Susan Haskell ("S. Haskell") hereby submits her Responses to

Defendants' First Set of Requests for Admission to Individual Plaintiffs.  S.

Haskell reserves the right to enter additional objections and responses, and to

supplement its responses as necessary.  The failure to object to any of the Requests

for Admission does not waive any general or specific objection or privilege.  S.

Haskell also agrees to meet and confer with Defendants' counsel, in good faith, in

an attempt to resolve any disagreements with S. Haskell's Responses and

Objections herein.

767845.1

the undefined terms "assets," "account(s)," "you maintained" and

"located in an account in the State of Georgia."

3.     S. Haskell objects to Request No. 7 to the extent that it calls for

speculation and information held by third parties; *e.g.*, where banks

may physically hold or have previously held deposited assets at an

undefined time in the past.  S. Haskell's response to this request is

limited to its own knowledge.

### 8.

**Subtracting the total sum of monies you received as a result of your sales of the common stock of TASER from the total sum of monies you paid to purchase the common stock of TASER, you realized a net gain based on those transactions.**

**RESPONSE:**

a.     Admitted.

b.     Objections:

1.     S. Haskell objects to Request No. 8 on the ground that it is not

relevant to this litigation and is not reasonably calculated to lead to the

discovery of admissible evidence.

2.     S. Haskell objects to Request No. 8 on the ground that it is

unclear, vague, and ambiguous, particularly in its use of the undefined

terms "total sum of monies you received as a result of your sales of

the common stock of TASER," "total sum of monies you paid to purchase the common stock of TASER," "realized," and "net gain."

3.     S. Haskell objects to Request No. 8 to the extent that it prematurely seeks expert discovery.

4.     S. Haskell objects to Request No. 8 insofar as it does not specify whether the costs of purchasing/sales should be considered and whether any monies should be discounted to present value and/or for investment and other opportunity costs.

### 9.

**You currently do not own, hold, or possess, directly or indirectly, any common stock of TASER.**

**RESPONSE:**

a.     Admitted.

b.     Objections:

1.     S. Haskell objects to Request No. 9 on the ground that it is unclear, vague, and ambiguous, particularly in its use of the undefined term "possess . . . directly or indirectly."

2.     S. Haskell objects to Request No. 9 on the ground insofar as it does not request information concerning a specific time period. For purposes of Request No. 9, S. Haskell construes the Request as inquiring whether S. Haskell owns or posses any shares of the

767845.1

12

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

TASER INTERNATIONAL, INC., :
*et al.,* :
               :
       Plaintiffs, :     CIVIL ACTION
               :     FILE NO.: 2008-EV-004739-B
v. :
               :
MORGAN STANLEY & CO., INC., :     JURY TRIAL DEMANDED
*et al.,* :
               :
       Defendants. :

## PLAINTIFF KELLY KELLEY'S
## RESPONSES TO DEFENDANTS' FIRST SET OF
## <u>REQUESTS FOR ADMISSION TO INDIVIDUAL PLAINTIFFS</u>

Plaintiff Kelly Kelley ("K. Kelley") hereby submits her Responses to

Defendants' First Set of Requests for Admission to Individual Plaintiffs.  K. Kelley

reserves the right to enter additional objections and responses, and to supplement

its responses as necessary.  The failure to object to any of the Requests for

Admission does not waive any general or specific objection or privilege.  K. Kelley

also agrees to meet and confer with Defendants' counsel, in good faith, in an

attempt to resolve any disagreements with K. Kelley's Responses and Objections

herein.

767854.1

the undefined terms "assets," "account(s)," "you maintained" and

"located in an account in the State of Georgia."

    3.    K. Kelley objects to Request No. 7 to the extent that it calls for

speculation and information held by third parties; *e.g.*, where banks

may physically hold or have previously held deposited assets at an

undefined time in the past.  K. Kelley's response to this request is

limited to its own knowledge.

8.

**Subtracting the total sum of monies you received as a result of your sales of the common stock of TASER from the total sum of monies you paid to purchase the common stock of TASER, you realized a net gain based on those transactions.**

<u>**RESPONSE**</u>:

    a.    Admitted.

    b.    Objections:

    1.    K. Kelley objects to Request No. 8 on the ground that it is not

relevant to this litigation and is not reasonably calculated to lead to the

discovery of admissible evidence.

    2.    K. Kelley objects to Request No. 8 on the ground that it is

unclear, vague, and ambiguous, particularly in its use of the undefined

terms "total sum of monies you received as a result of your sales of

the common stock of TASER," "total sum of monies you paid to purchase the common stock of TASER," "realized," and "net gain."

3.     K. Kelley objects to Request No. 8 to the extent that it prematurely seeks expert discovery.

4.     K. Kelley objects to Request No. 8 insofar as it does not specify whether the costs of purchasing/sales should be considered and whether any monies should be discounted to present value and/or for investment and other opportunity costs.

## 9.

**You currently do not own, hold, or possess, directly or indirectly, any common stock of TASER.**

**RESPONSE:**

a.     Admitted.

b.     Objections:

1.     K. Kelley objects to Request No. 9 on the ground that it is unclear, vague, and ambiguous, particularly in its use of the undefined term "possess . . . directly or indirectly."

2.     K. Kelley objects to Request No. 9 on the ground insofar as it does not request information concerning a specific time period. For purposes of Request No. 9, K. Kelley construes the Request as inquiring whether K. Kelley owns or posses any shares of the

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

TASER INTERNATIONAL, INC.,      :
*et al.*,                       :
                                :
        Plaintiffs,             :       CIVIL ACTION
                                :       FILE NO.: 2008-EV-004739-B
v.                              :
                                :
MORGAN STANLEY & CO., INC.,     :       JURY TRIAL DEMANDED
*et al.*,                       :
                                :
        Defendants.             :

**PLAINTIFF MASAJI KELLEY'S
RESPONSES TO DEFENDANTS' FIRST SET OF
<u>REQUESTS FOR ADMISSION TO INDIVIDUAL PLAINTIFFS</u>**

Plaintiff Masaji Kelley ("M. Kelley") hereby submits his Responses to

Defendants' First Set of Requests for Admission to Individual Plaintiffs. M.

Kelley reserves the right to enter additional objections and responses, and to

supplement its responses as necessary. The failure to object to any of the Requests

for Admission does not waive any general or specific objection or privilege. M.

Kelley also agrees to meet and confer with Defendants' counsel, in good faith, in

an attempt to resolve any disagreements with M. Kelley's Responses and

Objections herein.

767856.1

the undefined terms "assets," "account(s)," "you maintained" and

"located in an account in the State of Georgia."

3.      M. Kelley objects to Request No. 7 to the extent that it calls for

speculation and information held by third parties; *e.g.*, where banks

may physically hold or have previously held deposited assets at an

undefined time in the past.  M. Kelley's response to this request is

limited to its own knowledge.

### 8.

**Subtracting the total sum of monies you received as a result of your sales of the common stock of TASER from the total sum of monies you paid to purchase the common stock of TASER, you realized a net gain based on those transactions.**

### RESPONSE:

a.      Admitted.

b.      Objections:

1.      M. Kelley objects to Request No. 8 on the ground that it is not

relevant to this litigation and is not reasonably calculated to lead to the

discovery of admissible evidence.

2.      M. Kelley objects to Request No. 8 on the ground that it is

unclear, vague, and ambiguous, particularly in its use of the undefined

terms "total sum of monies you received as a result of your sales of

the common stock of TASER," "total sum of monies you paid to purchase the common stock of TASER," "realized," and "net gain."

3.     M. Kelley objects to Request No. 8 to the extent that it prematurely seeks expert discovery.

4.     M. Kelley objects to Request No. 8 insofar as it does not specify whether the costs of purchasing/sales should be considered and whether any monies should be discounted to present value and/or for investment and other opportunity costs.

## 9.

**You currently do not own, hold, or possess, directly or indirectly, any common stock of TASER.**

### RESPONSE:

a.     Admitted.

b.     Objections:

1.     M. Kelley objects to Request No. 9 on the ground that it is unclear, vague, and ambiguous, particularly in its use of the undefined term "possess . . . directly or indirectly."

2.     M. Kelley objects to Request No. 9 on the ground insofar as it does not request information concerning a specific time period.  For purposes of Request No. 9, M. Kelley construes the Request as inquiring whether M. Kelley owns or posses any shares of the

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

TASER INTERNATIONAL, INC.,    :
*et al.*,                     :
                              :
        Plaintiffs,           :    CIVIL ACTION
                              :    FILE NO.: 2008-EV-004739-B
v.                            :
                              :
MORGAN STANLEY & CO., INC.,   :    JURY TRIAL DEMANDED
*et al.*,                     :
                              :
        Defendants.           :

**PLAINTIFF PAMELA LEWIS'S
RESPONSES TO DEFENDANTS' FIRST SET OF
<u>REQUESTS FOR ADMISSION TO INDIVIDUAL PLAINTIFFS</u>**

Plaintiff Pamela Lewis ("P. Lewis") hereby submits her Responses to

Defendants' First Set of Requests for Admission to Individual Plaintiffs.  P. Lewis

reserves the right to enter additional objections and responses, and to supplement

its responses as necessary.  The failure to object to any of the Requests for

Admission does not waive any general or specific objection or privilege.  P. Lewis

also agrees to meet and confer with Defendants' counsel, in good faith, in an

attempt to resolve any disagreements with P. Lewis's Responses and Objections

herein.

767857.1

1.      P. Lewis objects to Request No. 7 on the ground that it is not relevant to this litigation and is not reasonably calculated to lead to the discovery of admissible evidence.

2.      P. Lewis objects to Request No. 7 on the ground that it is unclear, vague, and ambiguous in total and particularly in its use of the undefined terms "assets," "account(s)," "you maintained" and "located in an account in the State of Georgia."

3.      P. Lewis objects to Request No. 7 to the extent that it calls for speculation and information held by third parties; *e.g.*, where banks may physically hold or have previously held deposited assets at an undefined time in the past. P. Lewis's response to this request is limited to its own knowledge.

**8.**

**Subtracting the total sum of monies you received as a result of your sales of the common stock of TASER from the total sum of monies you paid to purchase the common stock of TASER, you realized a net gain based on those transactions.**

**RESPONSE:**

a.      Admitted.

b.      Objections:

1.     P. Lewis objects to Request No. 8 on the ground that it is not relevant to this litigation and is not reasonably calculated to lead to the discovery of admissible evidence.

2.     P. Lewis objects to Request No. 8 on the ground that it is unclear, vague, and ambiguous, particularly in its use of the undefined terms "total sum of monies you received as a result of your sales of the common stock of TASER," "total sum of monies you paid to purchase the common stock of TASER," "realized," and "net gain."

3.     P. Lewis objects to Request No. 8 to the extent that it prematurely seeks expert discovery.

4.     P. Lewis objects to Request No. 8 insofar as it does not specify whether the costs of purchasing/sales should be considered and whether any monies should be discounted to present value and/or for investment and other opportunity costs.

**9.**

**You currently do not own, hold, or possess, directly or indirectly, any common stock of TASER.**

**RESPONSE:**

a.     Admitted.

b.     Objections:

767857.1

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

TASER INTERNATIONAL, INC.,    :
*et al.*,                      :
                              :
        Plaintiffs,           :        CIVIL ACTION
                              :        FILE NO.: 2008-EV-004739-B
v.                            :
                              :
MORGAN STANLEY & CO., INC.,   :        JURY TRIAL DEMANDED
*et al.*,                      :
                              :
        Defendants.           :

## PLAINTIFF PATRICIA LISENBY'S
## RESPONSES TO DEFENDANTS' FIRST SET OF
## <u>REQUESTS FOR ADMISSION TO INDIVIDUAL PLAINTIFFS</u>

Plaintiff Patricia Lisenby ("P. Lisenby") hereby submits her Responses to

Defendants' First Set of Requests for Admission to Individual Plaintiffs. P.

Lisenby reserves the right to enter additional objections and responses, and to

supplement its responses as necessary. The failure to object to any of the Requests

for Admission does not waive any general or specific objection or privilege. P.

Lisenby also agrees to meet and confer with Defendants' counsel, in good faith, in

an attempt to resolve any disagreements with P. Lisenby's Responses and

Objections herein.

767859.1

1.      P. Lisenby objects to Request No. 7 on the ground that it is not relevant to this litigation and is not reasonably calculated to lead to the discovery of admissible evidence.

2.      P. Lisenby objects to Request No. 7 on the ground that it is unclear, vague, and ambiguous in total and particularly in its use of the undefined terms "assets," "account(s)," "you maintained" and "located in an account in the State of Georgia."

3.      P. Lisenby objects to Request No. 7 to the extent that it calls for speculation and information held by third parties; *e.g.*, where banks may physically hold or have previously held deposited assets at an undefined time in the past.  P. Lisenby's response to this request is limited to its own knowledge.

## 8.

**Subtracting the total sum of monies you received as a result of your sales of the common stock of TASER from the total sum of monies you paid to purchase the common stock of TASER, you realized a net gain based on those transactions.**

<u>**RESPONSE:**</u>

a.      Admitted.

b.      Objections:

1.     P. Lisenby objects to Request No. 8 on the ground that it is not relevant to this litigation and is not reasonably calculated to lead to the discovery of admissible evidence.

2.     P. Lisenby objects to Request No. 8 on the ground that it is unclear, vague, and ambiguous, particularly in its use of the undefined terms "total sum of monies you received as a result of your sales of the common stock of TASER," "total sum of monies you paid to purchase the common stock of TASER," "realized," and "net gain."

3.     P. Lisenby objects to Request No. 8 to the extent that it prematurely seeks expert discovery.

4.     P. Lisenby objects to Request No. 8 insofar as it does not specify whether the costs of purchasing/sales should be considered and whether any monies should be discounted to present value and/or for investment and other opportunity costs.

9.

You currently do not own, hold, or possess, directly or indirectly, any common stock of TASER.

**RESPONSE:**

a.     Admitted.

b.     Objections:

767859.1                                            12

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

TASER INTERNATIONAL, INC., :
*et al.,* :
                                :
        Plaintiffs,             :        CIVIL ACTION
                                :        FILE NO.: 2008-EV-004739-B
v.                              :
                                :
MORGAN STANLEY & CO., INC., :            JURY TRIAL DEMANDED
*et al.,* :
                                :
        Defendants.             :

## PLAINTIFF JANE MAJ'S
## RESPONSES TO DEFENDANTS' FIRST SET OF
## REQUESTS FOR ADMISSION TO INDIVIDUAL PLAINTIFFS

Plaintiff Jane Maj ("J. Maj") hereby submits her Responses to Defendants'
First Set of Requests for Admission to Individual Plaintiffs.  J. Maj reserves the
right to enter additional objections and responses, and to supplement its responses
as necessary.  The failure to object to any of the Requests for Admission does not
waive any general or specific objection or privilege.  J. Maj also agrees to meet and
confer with Defendants' counsel, in good faith, in an attempt to resolve any
disagreements with J. Maj's Responses and Objections herein.

## OBJECTIONS TO THE GENERAL INSTRUCTIONS

1.      J. Maj objects to the General Instructions to the extent that they are
unduly burdensome or seek to impose greater obligations than those imposed by

767861.1

3. J. Maj objects to Request No. 7 to the extent that it calls for speculation and information held by third parties; *e.g.*, where banks may physically hold or have previously held deposited assets at an undefined time in the past. J. Maj's response to this request is limited to its own knowledge.

## 8.

**Subtracting the total sum of monies you received as a result of your sales of the common stock of TASER from the total sum of monies you paid to purchase the common stock of TASER, you realized a net gain based on those transactions.**

## RESPONSE:

a. Admitted.

b. Objections:

1. J. Maj objects to Request No. 8 on the ground that it is not relevant to this litigation and is not reasonably calculated to lead to the discovery of admissible evidence.

2. J. Maj objects to Request No. 8 on the ground that it is unclear, vague, and ambiguous, particularly in its use of the undefined terms "total sum of monies you received as a result of your sales of the common stock of TASER," "total sum of monies you paid to purchase the common stock of TASER," "realized," and "net gain."

3. J. Maj objects to Request No. 8 to the extent that it prematurely seeks expert discovery.

4. J. Maj objects to Request No. 8 insofar as it does not specify whether the costs of purchasing/sales should be considered and whether any monies should be discounted to present value and/or for investment and other opportunity costs.

### 9.

**You currently do not own, hold, or possess, directly or indirectly, any common stock of TASER.**

<u>**RESPONSE:**</u>

a. Admitted.

b. Objections:

1. J. Maj objects to Request No. 9 on the ground that it is unclear, vague, and ambiguous, particularly in its use of the undefined term "possess . . . directly or indirectly."

2. J. Maj objects to Request No. 9 on the ground insofar as it does not request information concerning a specific time period. For purposes of Request No. 9, J. Maj construes the Request as inquiring whether J. Maj owns or posses any shares of the common stock of TASER on the date of signing and serving these Responses.

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

|                                 |   |                          |
|---------------------------------|---|--------------------------|
| TASER INTERNATIONAL, INC., *et al.*, | : |                          |
|                                 | : |                          |
|                                 | : |                          |
| Plaintiffs,                     | : | CIVIL ACTION             |
|                                 | : | FILE NO.: 2008-EV-004739-B |
| v.                              | : |                          |
|                                 | : |                          |
| MORGAN STANLEY & CO., INC., *et al.*, | : | JURY TRIAL DEMANDED      |
|                                 | : |                          |
|                                 | : |                          |
| Defendants.                     | : |                          |

## PLAINTIFF CRAIG W. MILLER'S RESPONSES TO DEFENDANTS' FIRST SET OF REQUESTS FOR ADMISSION TO INDIVIDUAL PLAINTIFFS

Plaintiff Craig W. Miller ("C. Miller") hereby submits his Responses to Defendants' First Set of Requests for Admission to Individual Plaintiffs.  C. Miller reserves the right to enter additional objections and responses, and to supplement its responses as necessary.  The failure to object to any of the Requests for Admission does not waive any general or specific objection or privilege.  C. Miller also agrees to meet and confer with Defendants' counsel, in good faith, in an attempt to resolve any disagreements with C. Miller's Responses and Objections herein.

767864.1

1.    C. Miller objects to Request No. 7 on the ground that it is not relevant to this litigation and is not reasonably calculated to lead to the discovery of admissible evidence.

2.    C. Miller objects to Request No. 7 on the ground that it is unclear, vague, and ambiguous in total and particularly in its use of the undefined terms "assets," "account(s)," "you maintained" and "located in an account in the State of Georgia."

3.    C. Miller objects to Request No. 7 to the extent that it calls for speculation and information held by third parties; *e.g.*, where banks may physically hold or have previously held deposited assets at an undefined time in the past.  C. Miller's response to this request is limited to its own knowledge.

**8.**

**Subtracting the total sum of monies you received as a result of your sales of the common stock of TASER from the total sum of monies you paid to purchase the common stock of TASER, you realized a net gain based on those transactions.**

**RESPONSE:**

a.    Denied.

b.    Objections:

1.    C. Miller objects to Request No. 8 on the ground that it is not relevant to this litigation and is not reasonably calculated to lead to the discovery of admissible evidence.

2.    C. Miller objects to Request No. 8 on the ground that it is unclear, vague, and ambiguous, particularly in its use of the undefined terms "total sum of monies you received as a result of your sales of the common stock of TASER," "total sum of monies you paid to purchase the common stock of TASER," "realized," and "net gain."

3.    C. Miller objects to Request No. 8 to the extent that it prematurely seeks expert discovery.

4.    C. Miller objects to Request No. 8 insofar as it does not specify whether the costs of purchasing/sales should be considered and whether any monies should be discounted to present value and/or for investment and other opportunity costs.

### 9.

**You currently do not own, hold, or possess, directly or indirectly, any common stock of TASER.**

**RESPONSE:**

a.    Denied.

b.    Objections:

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

TASER INTERNATIONAL, INC., :
et al., :
                  :
     Plaintiffs,    :    CIVIL ACTION
                  :    FILE NO.: 2008-EV-004739-B
v.                :
                  :
MORGAN STANLEY & CO., INC., :    JURY TRIAL DEMANDED
et al., :
                  :
     Defendants.   :

**PLAINTIFF MARY RICHARDSON'S
RESPONSES TO DEFENDANTS' FIRST SET OF
<u>REQUESTS FOR ADMISSION TO INDIVIDUAL PLAINTIFFS</u>**

Plaintiff Mary Richardson ("M. Richardson") hereby submits her Responses to Defendants' First Set of Requests for Admission to Individual Plaintiffs. M. Richardson reserves the right to enter additional objections and responses, and to supplement its responses as necessary. The failure to object to any of the Requests for Admission does not waive any general or specific objection or privilege. M. Richardson also agrees to meet and confer with Defendants' counsel, in good faith, in an attempt to resolve any disagreements with M. Richardson's Responses and Objections herein.

767875.1

1.     M. Richardson objects to Request No. 7 on the ground that it is not relevant to this litigation and is not reasonably calculated to lead to the discovery of admissible evidence.

2.     M. Richardson objects to Request No. 7 on the ground that it is unclear, vague, and ambiguous in total and particularly in its use of the undefined terms "assets," "account(s)," "you maintained" and "located in an account in the State of Georgia."

3.     M. Richardson objects to Request No. 7 to the extent that it calls for speculation and information held by third parties; *e.g.*, where banks may physically hold or have previously held deposited assets at an undefined time in the past.  M. Richardson's response to this request is limited to its own knowledge.

### 8.

**Subtracting the total sum of monies you received as a result of your sales of the common stock of TASER from the total sum of monies you paid to purchase the common stock of TASER, you realized a net gain based on those transactions.**

**RESPONSE:**

a.     Denied.

b.     Objections:

1.     M. Richardson objects to Request No. 8 on the ground that it is not relevant to this litigation and is not reasonably calculated to lead to the discovery of admissible evidence.

2.     M. Richardson objects to Request No. 8 on the ground that it is unclear, vague, and ambiguous, particularly in its use of the undefined terms "total sum of monies you received as a result of your sales of the common stock of TASER," "total sum of monies you paid to purchase the common stock of TASER," "realized," and "net gain."

3.     M. Richardson objects to Request No. 8 to the extent that it prematurely seeks expert discovery.

4.     M. Richardson objects to Request No. 8 insofar as it does not specify whether the costs of purchasing/sales should be considered and whether any monies should be discounted to present value and/or for investment and other opportunity costs.

**9.**

**You currently do not own, hold, or possess, directly or indirectly, any common stock of TASER.**

**RESPONSE:**

a.     Admitted.

b.     Objections:

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

TASER INTERNATIONAL, INC., :
*et al.*, :
  :
      Plaintiffs, :     CIVIL ACTION
  :     FILE NO.: 2008-EV-004739-B
v. :
  :
MORGAN STANLEY & CO., INC., :     JURY TRIAL DEMANDED
*et al.*, :
  :
      Defendants. :

**PLAINTIFF MARGARET ROCHE'S
RESPONSES TO DEFENDANTS' FIRST SET OF
REQUESTS FOR ADMISSION TO INDIVIDUAL PLAINTIFFS**

Plaintiff Margaret Roche ("M. Roche") hereby submits her Responses to
Defendants' First Set of Requests for Admission to Individual Plaintiffs. M.
Roche reserves the right to enter additional objections and responses, and to
supplement its responses as necessary. The failure to object to any of the Requests
for Admission does not waive any general or specific objection or privilege. M.
Roche also agrees to meet and confer with Defendants' counsel, in good faith, in
an attempt to resolve any disagreements with M. Roche's Responses and
Objections herein.

767890.1

1.      M. Roche objects to Request No. 7 on the ground that it is not relevant to this litigation and is not reasonably calculated to lead to the discovery of admissible evidence.

2.      M. Roche objects to Request No. 7 on the ground that it is unclear, vague, and ambiguous in total and particularly in its use of the undefined terms "assets," "account(s)," "you maintained" and "located in an account in the State of Georgia."

3.      M. Roche objects to Request No. 7 to the extent that it calls for speculation and information held by third parties; *e.g.*, where banks may physically hold or have previously held deposited assets at an undefined time in the past.  M. Roche's response to this request is limited to its own knowledge.

**8.**

**Subtracting the total sum of monies you received as a result of your sales of the common stock of TASER from the total sum of monies you paid to purchase the common stock of TASER, you realized a net gain based on those transactions.**

**RESPONSE:**

a.      Admitted.

b.      Objections:

767890.1

11

1.    M. Roche objects to Request No. 8 on the ground that it is not relevant to this litigation and is not reasonably calculated to lead to the discovery of admissible evidence.

2.    M. Roche objects to Request No. 8 on the ground that it is unclear, vague, and ambiguous, particularly in its use of the undefined terms "total sum of monies you received as a result of your sales of the common stock of TASER," "total sum of monies you paid to purchase the common stock of TASER," "realized," and "net gain."

3.    M. Roche objects to Request No. 8 to the extent that it prematurely seeks expert discovery.

4.    M. Roche objects to Request No. 8 insofar as it does not specify whether the costs of purchasing/sales should be considered and whether any monies should be discounted to present value and/or for investment and other opportunity costs.

9.

**You currently do not own, hold, or possess, directly or indirectly, any common stock of TASER.**

<u>RESPONSE</u>:

a.    Admitted.

b.    Objections:

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

TASER INTERNATIONAL, INC.,   :
*et al.*,   :
  :
      Plaintiffs,   :    CIVIL ACTION
  :    FILE NO.: 2008-EV-004739-B
v.   :
  :
MORGAN STANLEY & CO., INC.,   :    JURY TRIAL DEMANDED
*et al.*,   :
  :
      Defendants.   :

**PLAINTIFF JOHN SCOTT'S RESPONSES TO DEFENDANTS'
FIRST SET OF REQUESTS FOR ADMISSION TO INDIVIDUAL
PLAINTIFFS**

Plaintiff John Scott ("J. Scott") hereby submits his Responses to Defendants'
First Set of Requests for Admission to Individual Plaintiffs.  J. Scott reserves the
right to enter additional objections and responses, and to supplement its responses
as necessary.  The failure to object to any of the Requests for Admission does not
waive any general or specific objection or privilege.  J. Scott also agrees to meet
and confer with Defendants' counsel, in good faith, in an attempt to resolve any
disagreements with J. Scott's Responses and Objections herein.

**OBJECTIONS TO THE GENERAL INSTRUCTIONS**

1.    J. Scott objects to the General Instructions to the extent that they are
unduly burdensome or seek to impose greater obligations than those imposed by

767891.1

1.      J. Scott objects to Request No. 7 on the ground that it is not relevant to this litigation and is not reasonably calculated to lead to the discovery of admissible evidence.

2.      J. Scott objects to Request No. 7 on the ground that it is unclear, vague, and ambiguous in total and particularly in its use of the undefined terms "assets," "account(s)," "you maintained" and "located in an account in the State of Georgia."

3.      J. Scott objects to Request No. 7 to the extent that it calls for speculation and information held by third parties; *e.g.*, where banks may physically hold or have previously held deposited assets at an undefined time in the past.  J. Scott's response to this request is limited to its own knowledge.

**8.**

**Subtracting the total sum of monies you received as a result of your sales of the common stock of TASER from the total sum of monies you paid to purchase the common stock of TASER, you realized a net gain based on those transactions.**

<u>**RESPONSE:**</u>

a.      Admitted.

b.      Objections:

1.      J. Scott objects to Request No. 8 on the ground that it is not relevant to this litigation and is not reasonably calculated to lead to the discovery of admissible evidence.

2.      J. Scott objects to Request No. 8 on the ground that it is unclear, vague, and ambiguous, particularly in its use of the undefined terms "total sum of monies you received as a result of your sales of the common stock of TASER," "total sum of monies you paid to purchase the common stock of TASER," "realized," and "net gain."

3.      J. Scott objects to Request No. 8 to the extent that it prematurely seeks expert discovery.

4.      J. Scott objects to Request No. 8 insofar as it does not specify whether the costs of purchasing/sales should be considered and whether any monies should be discounted to present value and/or for investment and other opportunity costs.

**9.**

**You currently do not own, hold, or possess, directly or indirectly, any common stock of TASER.**

**RESPONSE:**

a.      Admitted.

b.      Objections:

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

TASER INTERNATIONAL, INC.,   :
*et al.*,   :
  :
      Plaintiffs,   :     CIVIL ACTION
  :     FILE NO.: 2008-EV-004739-B
v.   :
  :
MORGAN STANLEY & CO., INC.,   :     JURY TRIAL DEMANDED
*et al.*,   :
  :
      Defendants.   :

**PLAINTIFF MICHELLE SCOTT'S RESPONSES TO DEFENDANTS'
<u>FIRST SET OF REQUESTS FOR ADMISSION TO INDIVIDUAL
PLAINTIFFS</u>**

Plaintiff Michelle Scott ("M. Scott") hereby submits her Responses to

Defendants' First Set of Requests for Admission to Individual Plaintiffs. M. Scott

reserves the right to enter additional objections and responses, and to supplement

its responses as necessary. The failure to object to any of the Requests for

Admission does not waive any general or specific objection or privilege. M. Scott

also agrees to meet and confer with Defendants' counsel, in good faith, in an

attempt to resolve any disagreements with M. Scott's Responses and Objections

herein.

767892.1

1.      M. Scott objects to Request No. 7 on the ground that it is not relevant to this litigation and is not reasonably calculated to lead to the discovery of admissible evidence.

2.      M. Scott objects to Request No. 7 on the ground that it is unclear, vague, and ambiguous in total and particularly in its use of the undefined terms "assets," "account(s)," "you maintained" and "located in an account in the State of Georgia."

3.      M. Scott objects to Request No. 7 to the extent that it calls for speculation and information held by third parties; *e.g.*, where banks may physically hold or have previously held deposited assets at an undefined time in the past.  M. Scott's response to this request is limited to its own knowledge.

**8.**

**Subtracting the total sum of monies you received as a result of your sales of the common stock of TASER from the total sum of monies you paid to purchase the common stock of TASER, you realized a net gain based on those transactions.**

**RESPONSE:**

a.      Admitted.

b.      Objections:

1.      M. Scott objects to Request No. 8 on the ground that it is not relevant to this litigation and is not reasonably calculated to lead to the discovery of admissible evidence.

2.      M. Scott objects to Request No. 8 on the ground that it is unclear, vague, and ambiguous, particularly in its use of the undefined terms "total sum of monies you received as a result of your sales of the common stock of TASER," "total sum of monies you paid to purchase the common stock of TASER," "realized," and "net gain."

3.      M. Scott objects to Request No. 8 to the extent that it prematurely seeks expert discovery.

4.      M. Scott objects to Request No. 8 insofar as it does not specify whether the costs of purchasing/sales should be considered and whether any monies should be discounted to present value and/or for investment and other opportunity costs.

**9.**

**You currently do not own, hold, or possess, directly or indirectly, any common stock of TASER.**

**RESPONSE:**

a.      Admitted.

b.      Objections:

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

TASER INTERNATIONAL, INC.,  :
*et al.*,                          :
                                 :
      Plaintiffs,          :    CIVIL ACTION
                                 :    FILE NO.: 2008-EV-004739-B
v.                               :
                                 :
MORGAN STANLEY & CO., INC.,  :    JURY TRIAL DEMANDED
*et al.*,                          :
                                 :
      Defendants.          :

## PLAINTIFF PAULA SCOTT'S
## RESPONSES TO DEFENDANTS' FIRST SET OF
## <u>REQUESTS FOR ADMISSION TO INDIVIDUAL PLAINTIFFS</u>

Plaintiff Paula Scott ("Paula Scott") hereby submits her Responses to

Defendants' First Set of Requests for Admission to Individual Plaintiffs.  Paula

Scott reserves the right to enter additional objections and responses, and to

supplement its responses as necessary.  The failure to object to any of the Requests

for Admission does not waive any general or specific objection or privilege.  Paula

Scott also agrees to meet and confer with Defendants' counsel, in good faith, in an

attempt to resolve any disagreements with Paula Scott's Responses and Objections

herein.

767895.1

1.      Paula Scott objects to Request No. 7 on the ground that it is not relevant to this litigation and is not reasonably calculated to lead to the discovery of admissible evidence.

2.      Paula Scott objects to Request No. 7 on the ground that it is unclear, vague, and ambiguous in total and particularly in its use of the undefined terms "assets," "account(s)," "you maintained" and "located in an account in the State of Georgia."

3.      Paula Scott objects to Request No. 7 to the extent that it calls for speculation and information held by third parties; *e.g.,* where banks may physically hold or have previously held deposited assets at an undefined time in the past.  Paula Scott's response to this request is limited to its own knowledge.

**8.**

**Subtracting the total sum of monies you received as a result of your sales of the common stock of TASER from the total sum of monies you paid to purchase the common stock of TASER, you realized a net gain based on those transactions.**

**RESPONSE:**

a.      Denied.

b.      Objections:

1.      Paula Scott objects to Request No. 8 on the ground that it is not relevant to this litigation and is not reasonably calculated to lead to the discovery of admissible evidence.

2.      Paula Scott objects to Request No. 8 on the ground that it is unclear, vague, and ambiguous, particularly in its use of the undefined terms "total sum of monies you received as a result of your sales of the common stock of TASER," "total sum of monies you paid to purchase the common stock of TASER," "realized," and "net gain."

3.      Paula Scott objects to Request No. 8 to the extent that it prematurely seeks expert discovery.

4.      Paula Scott objects to Request No. 8 insofar as it does not specify whether the costs of purchasing/sales should be considered and whether any monies should be discounted to present value and/or for investment and other opportunity costs.

## 9.

**You currently do not own, hold, or possess, directly or indirectly, any common stock of TASER.**

**RESPONSE:**

a.      Admitted.

b.      Objections:

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| TASER INTERNATIONAL, INC., *et al.,* | : | |
| | : | |
| | : | |
| Plaintiffs, | : | CIVIL ACTION |
| | : | FILE NO.: 2008-EV-004739-B |
| v. | : | |
| | : | |
| MORGAN STANLEY & CO., INC., *et al.,* | : | JURY TRIAL DEMANDED |
| | : | |
| | : | |
| Defendants. | : | |

## PLAINTIFF PETER SCOTT'S RESPONSES TO DEFENDANTS' FIRST SET OF REQUESTS FOR ADMISSION TO INDIVIDUAL PLAINTIFFS

Plaintiff Peter Scott ("Peter Scott") hereby submits his Responses to Defendants' First Set of Requests for Admission to Individual Plaintiffs. Peter Scott reserves the right to enter additional objections and responses, and to supplement its responses as necessary. The failure to object to any of the Requests for Admission does not waive any general or specific objection or privilege. Peter Scott also agrees to meet and confer with Defendants' counsel, in good faith, in an attempt to resolve any disagreements with Peter Scott's Responses and Objections herein.

1.      Peter Scott objects to Request No. 7 on the ground that it is not relevant to this litigation and is not reasonably calculated to lead to the discovery of admissible evidence.

2.      Peter Scott objects to Request No. 7 on the ground that it is unclear, vague, and ambiguous in total and particularly in its use of the undefined terms "assets," "account(s)," "you maintained" and "located in an account in the State of Georgia."

3.      Peter Scott objects to Request No. 7 to the extent that it calls for speculation and information held by third parties; *e.g.*, where banks may physically hold or have previously held deposited assets at an undefined time in the past.  Peter Scott's response to this request is limited to its own knowledge.

## 8.

**Subtracting the total sum of monies you received as a result of your sales of the common stock of TASER from the total sum of monies you paid to purchase the common stock of TASER, you realized a net gain based on those transactions.**

**RESPONSE:**

a.      Admitted.

b.      Objections:

1.      Peter Scott objects to Request No. 8 on the ground that it is not relevant to this litigation and is not reasonably calculated to lead to the discovery of admissible evidence.

2.      Peter Scott objects to Request No. 8 on the ground that it is unclear, vague, and ambiguous, particularly in its use of the undefined terms "total sum of monies you received as a result of your sales of the common stock of TASER," "total sum of monies you paid to purchase the common stock of TASER," "realized," and "net gain."

3.      Peter Scott objects to Request No. 8 to the extent that it prematurely seeks expert discovery.

4.      Peter Scott objects to Request No. 8 insofar as it does not specify whether the costs of purchasing/sales should be considered and whether any monies should be discounted to present value and/or for investment and other opportunity costs.

### 9.

**You currently do not own, hold, or possess, directly or indirectly, any common stock of TASER.**

**RESPONSE:**

a.      Admitted.

b.      Objections:

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

TASER INTERNATIONAL, INC.,          :
*et al.*,                           :
                                    :
     Plaintiffs,          :          CIVIL ACTION
                                    :          FILE NO.: 2008-EV-004739-B
v.                                  :
                                    :
MORGAN STANLEY & CO., INC.,         :          JURY TRIAL DEMANDED
*et al.*,                           :
                                    :
     Defendants.          :


## PLAINTIFF DEANNA M. SMITH'S RESPONSES TO DEFENDANTS' FIRST SET OF REQUESTS FOR ADMISSION TO INDIVIDUAL PLAINTIFFS

Plaintiff Deanna M. Smith ("D. Smith") hereby submits her Responses to Defendants' First Set of Requests for Admission to Individual Plaintiffs. D. Smith reserves the right to enter additional objections and responses, and to supplement its responses as necessary. The failure to object to any of the Requests for Admission does not waive any general or specific objection or privilege. D. Smith also agrees to meet and confer with Defendants' counsel, in good faith, in an attempt to resolve any disagreements with D. Smith's Responses and Objections herein.

767899.1

1.      D. Smith objects to Request No. 7 on the ground that it is not relevant to this litigation and is not reasonably calculated to lead to the discovery of admissible evidence.

2.      D. Smith objects to Request No. 7 on the ground that it is unclear, vague, and ambiguous in total and particularly in its use of the undefined terms "assets," "account(s)," "you maintained" and "located in an account in the State of Georgia."

3.      D. Smith objects to Request No. 7 to the extent that it calls for speculation and information held by third parties; *e.g.*, where banks may physically hold or have previously held deposited assets at an undefined time in the past.  D. Smith's response to this request is limited to its own knowledge.

**8.**

**Subtracting the total sum of monies you received as a result of your sales of the common stock of TASER from the total sum of monies you paid to purchase the common stock of TASER, you realized a net gain based on those transactions.**

**RESPONSE:**

a.     Admitted.

b.     Objections:

1.      D. Smith objects to Request No. 8 on the ground that it is not relevant to this litigation and is not reasonably calculated to lead to the discovery of admissible evidence.

2.      D. Smith objects to Request No. 8 on the ground that it is unclear, vague, and ambiguous, particularly in its use of the undefined terms "total sum of monies you received as a result of your sales of the common stock of TASER," "total sum of monies you paid to purchase the common stock of TASER," "realized," and "net gain."

3.      D. Smith objects to Request No. 8 to the extent that it prematurely seeks expert discovery.

4.      D. Smith objects to Request No. 8 insofar as it does not specify whether the costs of purchasing/sales should be considered and whether any monies should be discounted to present value and/or for investment and other opportunity costs.

## 9.

**You currently do not own, hold, or possess, directly or indirectly, any common stock of TASER.**

**RESPONSE:**

a.      Denied.

b.      Objections:

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| TASER INTERNATIONAL, INC., *et al.*, | : | |
| | : | |
| Plaintiffs, | : | CIVIL ACTION |
| | : | FILE NO.: 2008-EV-004739-B |
| v. | : | |
| | : | |
| MORGAN STANLEY & CO., INC., *et al.*, | : | JURY TRIAL DEMANDED |
| | : | |
| Defendants. | : | |

## PLAINTIFF PATRICK ("RICK") W. SMITH'S
## RESPONSES TO DEFENDANTS' FIRST SET OF
## <u>REQUESTS FOR ADMISSION TO INDIVIDUAL PLAINTIFFS</u>

Plaintiff Patrick ("Rick") W. Smith ("R. Smith") hereby submits his

Responses to Defendants' First Set of Requests for Admission to Individual

Plaintiffs.  R. Smith reserves the right to enter additional objections and responses,

and to supplement its responses as necessary.  The failure to object to any of the

Requests for Admission does not waive any general or specific objection or

privilege.  R. Smith also agrees to meet and confer with Defendants' counsel, in

good faith, in an attempt to resolve any disagreements with R. Smith's Responses

and Objections herein.

767900.1

1.      R. Smith objects to Request No. 7 on the ground that it is not relevant to this litigation and is not reasonably calculated to lead to the discovery of admissible evidence.

2.      R. Smith objects to Request No. 7 on the ground that it is unclear, vague, and ambiguous in total and particularly in its use of the undefined terms "assets," "account(s)," "you maintained" and "located in an account in the State of Georgia."

3.      R. Smith objects to Request No. 7 to the extent that it calls for speculation and information held by third parties; *e.g.*, where banks may physically hold or have previously held deposited assets at an undefined time in the past.  R. Smith's response to this request is limited to its own knowledge.

**8.**

**Subtracting the total sum of monies you received as a result of your sales of the common stock of TASER from the total sum of monies you paid to purchase the common stock of TASER, you realized a net gain based on those transactions.**

<u>**RESPONSE**</u>**:**

a.      Admitted.

b.      Objections:

1.      R. Smith objects to Request No. 8 on the ground that it is not relevant to this litigation and is not reasonably calculated to lead to the discovery of admissible evidence.

2.      R. Smith objects to Request No. 8 on the ground that it is unclear, vague, and ambiguous, particularly in its use of the undefined terms "total sum of monies you received as a result of your sales of the common stock of TASER," "total sum of monies you paid to purchase the common stock of TASER," "realized," and "net gain."

3.      R. Smith objects to Request No. 8 to the extent that it prematurely seeks expert discovery.

4.      R. Smith objects to Request No. 8 insofar as it does not specify whether the costs of purchasing/sales should be considered and whether any monies should be discounted to present value and/or for investment and other opportunity costs.

**9.**

**You currently do not own, hold, or possess, directly or indirectly, any common stock of TASER.**

**RESPONSE:**

a.      Denied.

b.      Objections:

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

TASER INTERNATIONAL, INC., :
*et al.,* :
                      :
       Plaintiffs,      :      CIVIL ACTION
                       :      FILE NO.: 2008-EV-004739-B
v.                    :
                       :
MORGAN STANLEY & CO., INC., :      JURY TRIAL DEMANDED
*et al.,* :
                       :
       Defendants.    :

## PLAINTIFF PHILLIPS WALLER SMITH'S RESPONSES TO DEFENDANTS' FIRST SET OF <u>REQUESTS FOR ADMISSION TO INDIVIDUAL PLAINTIFFS</u>

Plaintiff Phillips Waller Smith ("P. Smith") hereby submits his Responses to Defendants' First Set of Requests for Admission to Individual Plaintiffs. P. Smith reserves the right to enter additional objections and responses, and to supplement its responses as necessary. The failure to object to any of the Requests for Admission does not waive any general or specific objection or privilege. P. Smith also agrees to meet and confer with Defendants' counsel, in good faith, in an attempt to resolve any disagreements with P. Smith's Responses and Objections herein.

1.    P. Smith objects to Request No. 7 on the ground that it is not relevant to this litigation and is not reasonably calculated to lead to the discovery of admissible evidence.

2.    P. Smith objects to Request No. 7 on the ground that it is unclear, vague, and ambiguous in total and particularly in its use of the undefined terms "assets," "account(s)," "you maintained" and "located in an account in the State of Georgia."

3.    P. Smith objects to Request No. 7 to the extent that it calls for speculation and information held by third parties; *e.g.*, where banks may physically hold or have previously held deposited assets at an undefined time in the past.  P. Smith's response to this request is limited to its own knowledge.

**8.**

**Subtracting the total sum of monies you received as a result of your sales of the common stock of TASER from the total sum of monies you paid to purchase the common stock of TASER, you realized a net gain based on those transactions.**

<u>**RESPONSE:**</u>

a.    Admitted.

b.    Objections:

1.      P. Smith objects to Request No. 8 on the ground that it is not relevant to this litigation and is not reasonably calculated to lead to the discovery of admissible evidence.

2.      P. Smith objects to Request No. 8 on the ground that it is unclear, vague, and ambiguous, particularly in its use of the undefined terms "total sum of monies you received as a result of your sales of the common stock of TASER," "total sum of monies you paid to purchase the common stock of TASER," "realized," and "net gain."

3.      P. Smith objects to Request No. 8 to the extent that it prematurely seeks expert discovery.

4.      P. Smith objects to Request No. 8 insofar as it does not specify whether the costs of purchasing/sales should be considered and whether any monies should be discounted to present value and/or for investment and other opportunity costs.

### 9.

**You currently do not own, hold, or possess, directly or indirectly, any common stock of TASER.**

**RESPONSE:**

a.      Admitted.

b.      Objections:

767901.1                                    12

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

|  |  |  |
|---|---|---|
| TASER INTERNATIONAL, INC., *et al.*, | : : : | |
| Plaintiffs, | : : | CIVIL ACTION FILE NO.: 2008-EV-004739-B |
| v. | : : | |
| MORGAN STANLEY & CO., INC., *et al.*, | : : : | JURY TRIAL DEMANDED |
| Defendants. | : : | |

## PLAINTIFF THOMAS P. SMITH'S RESPONSES TO DEFENDANTS' FIRST SET OF REQUESTS FOR ADMISSION TO INDIVIDUAL PLAINTIFFS

Plaintiff Thomas P. Smith ("T. Smith") hereby submits his Responses to Defendants' First Set of Requests for Admission to Individual Plaintiffs. T. Smith reserves the right to enter additional objections and responses, and to supplement its responses as necessary. The failure to object to any of the Requests for Admission does not waive any general or specific objection or privilege. T. Smith also agrees to meet and confer with Defendants' counsel, in good faith, in an attempt to resolve any disagreements with T. Smith's Responses and Objections herein.

767903.1

1.      T. Smith objects to Request No. 7 on the ground that it is not relevant to this litigation and is not reasonably calculated to lead to the discovery of admissible evidence.

2.      T. Smith objects to Request No. 7 on the ground that it is unclear, vague, and ambiguous in total and particularly in its use of the undefined terms "assets," "account(s)," "you maintained" and "located in an account in the State of Georgia."

3.      T. Smith objects to Request No. 7 to the extent that it calls for speculation and information held by third parties; *e.g.*, where banks may physically hold or have previously held deposited assets at an undefined time in the past. T. Smith's response to this request is limited to its own knowledge.

**8.**

**Subtracting the total sum of monies you received as a result of your sales of the common stock of TASER from the total sum of monies you paid to purchase the common stock of TASER, you realized a net gain based on those transactions.**

**RESPONSE:**

a.      Admitted.

b.      Objections:

1.      T. Smith objects to Request No. 8 on the ground that it is not relevant to this litigation and is not reasonably calculated to lead to the discovery of admissible evidence.

2.      T. Smith objects to Request No. 8 on the ground that it is unclear, vague, and ambiguous, particularly in its use of the undefined terms "total sum of monies you received as a result of your sales of the common stock of TASER," "total sum of monies you paid to purchase the common stock of TASER," "realized," and "net gain."

3.      T. Smith objects to Request No. 8 to the extent that it prematurely seeks expert discovery.

4.      T. Smith objects to Request No. 8 insofar as it does not specify whether the costs of purchasing/sales should be considered and whether any monies should be discounted to present value and/or for investment and other opportunity costs.

**9.**

**You currently do not own, hold, or possess, directly or indirectly, any common stock of TASER.**

**RESPONSE:**

a.      Denied.

b.      Objections:

767903.1                                        12

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

TASER INTERNATIONAL, INC.,  :
*et al.*,                   :
                            :
        Plaintiffs,         :    CIVIL ACTION
                            :    FILE NO.: 2008-EV-004739-B
v.                          :
                            :
MORGAN STANLEY & CO., INC., :    JURY TRIAL DEMANDED
*et al.*,                   :
                            :
        Defendants.         :

**PLAINTIFF MARY ROSE STUCKER'S
RESPONSES TO DEFENDANTS' FIRST SET OF
REQUESTS FOR ADMISSION TO INDIVIDUAL PLAINTIFFS**

Plaintiff Mary Rose Stucker ("M. Stucker") hereby submits her Responses to Defendants' First Set of Requests for Admission to Individual Plaintiffs. M. Stucker reserves the right to enter additional objections and responses, and to supplement its responses as necessary. The failure to object to any of the Requests for Admission does not waive any general or specific objection or privilege. M. Stucker also agrees to meet and confer with Defendants' counsel, in good faith, in an attempt to resolve any disagreements with M. Stucker's Responses and Objections herein.

767907.1

1.      M. Stucker objects to Request No. 7 on the ground that it is not

relevant to this litigation and is not reasonably calculated to lead to the

discovery of admissible evidence.

2.      M. Stucker objects to Request No. 7 on the ground that it is

unclear, vague, and ambiguous in total and particularly in its use of

the undefined terms "assets," "account(s)," "you maintained" and

"located in an account in the State of Georgia."

3.      M. Stucker objects to Request No. 7 to the extent that it calls

for speculation and information held by third parties; *e.g.*, where

banks may physically hold or have previously held deposited assets at

an undefined time in the past.  M. Stucker's response to this request is

limited to its own knowledge.

**8.**

**Subtracting the total sum of monies you received as a result of your
sales of the common stock of TASER from the total sum of monies you paid to
purchase the common stock of TASER, you realized a net gain based on those
transactions.**

**RESPONSE:**

a.      Admitted.

b.      Objections:

1.      M. Stucker objects to Request No. 8 on the ground that it is not relevant to this litigation and is not reasonably calculated to lead to the discovery of admissible evidence.

2.      M. Stucker objects to Request No. 8 on the ground that it is unclear, vague, and ambiguous, particularly in its use of the undefined terms "total sum of monies you received as a result of your sales of the common stock of TASER," "total sum of monies you paid to purchase the common stock of TASER," "realized," and "net gain."

3.      M. Stucker objects to Request No. 8 to the extent that it prematurely seeks expert discovery.

4.      M. Stucker objects to Request No. 8 insofar as it does not specify whether the costs of purchasing/sales should be considered and whether any monies should be discounted to present value and/or for investment and other opportunity costs.

9.

**You currently do not own, hold, or possess, directly or indirectly, any common stock of TASER.**

**RESPONSE:**

a.      Admitted.

b.      Objections:

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| TASER INTERNATIONAL, INC., *et al.,* | : | |
| | : | |
| | : | |
| Plaintiffs, | : | CIVIL ACTION |
| | : | FILE NO.: 2008-EV-004739-B |
| v. | : | |
| | : | |
| MORGAN STANLEY & CO., INC., *et al.,* | : | JURY TRIAL DEMANDED |
| | : | |
| | : | |
| Defendants. | : | |

**PLAINTIFF ANNE ZELTEN'S RESPONSES TO DEFENDANTS'**
**FIRST SET OF REQUESTS FOR ADMISSION TO INDIVIDUAL**
**PLAINTIFFS**

Plaintiff Anne Zelten ("A. Zelten") hereby submits her Responses to
Defendants' First Set of Requests for Admission to Individual Plaintiffs.  A. Zelten
reserves the right to enter additional objections and responses, and to supplement
its responses as necessary.  The failure to object to any of the Requests for
Admission does not waive any general or specific objection or privilege.  A. Zelten
also agrees to meet and confer with Defendants' counsel, in good faith, in an
attempt to resolve any disagreements with A. Zelten's Responses and Objections
herein.

767912.1

1.      A. Zelten objects to Request No. 7 on the ground that it is not relevant to this litigation and is not reasonably calculated to lead to the discovery of admissible evidence.

2.      A. Zelten objects to Request No. 7 on the ground that it is unclear, vague, and ambiguous in total and particularly in its use of the undefined terms "assets," "account(s)," "you maintained" and "located in an account in the State of Georgia."

3.      A. Zelten objects to Request No. 7 to the extent that it calls for speculation and information held by third parties; *e.g.*, where banks may physically hold or have previously held deposited assets at an undefined time in the past.  A. Zelten's response to this request is limited to its own knowledge.

**8.**

**Subtracting the total sum of monies you received as a result of your sales of the common stock of TASER from the total sum of monies you paid to purchase the common stock of TASER, you realized a net gain based on those transactions.**

**RESPONSE:**

a.      Admitted.

b.      Objections:

1.    A. Zelten objects to Request No. 8 on the ground that it is not relevant to this litigation and is not reasonably calculated to lead to the discovery of admissible evidence.

2.    A. Zelten objects to Request No. 8 on the ground that it is unclear, vague, and ambiguous, particularly in its use of the undefined terms "total sum of monies you received as a result of your sales of the common stock of TASER," "total sum of monies you paid to purchase the common stock of TASER," "realized," and "net gain."

3.    A. Zelten objects to Request No. 8 to the extent that it prematurely seeks expert discovery.

4.    A. Zelten objects to Request No. 8 insofar as it does not specify whether the costs of purchasing/sales should be considered and whether any monies should be discounted to present value and/or for investment and other opportunity costs.

**9.**

**You currently do not own, hold, or possess, directly or indirectly, any common stock of TASER.**

**RESPONSE:**

a.    Admitted.

b.    Objections:

**State Court of Fulton County**
**\*\*\*EFILED\*\*\***
LexisNexis Transaction ID: 32215379
Date: Jul 19 2010  9:53PM
Mark Harper, Clerk

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

TASER INTERNATIONAL, INC.,
*et al.,*

       Plaintiffs,

v.

MORGAN STANLEY & CO., INC.,
*et al.,*

       Defendants.

Civil Case No.
2008-EV-004739-B

**AFFIDAVIT OF ROBERT F. WISE, JR. IN SUPPORT OF
DEFENDANTS' MOTION FOR PROTECTIVE ORDER
WITH RESPECT TO PLAINTIFFS' JUNE 10, 2010 DISCOVERY**

STATE OF NEW YORK      )
                         )   ss.:
COUNTY OF NEW YORK   )

      Robert F. Wise, Jr. personally appeared before the undersigned Notary Public, who is duly authorized to administer oaths in this state, and after first being duly sworn, deposes and states as follows:

      1.      I am a partner with the law firm of Davis Polk & Wardwell LLP and counsel for Defendant Morgan Stanley & Co. Incorporated ("MSCO") in this action. I am over 18 years of age and have personal knowledge of the matters set forth in this affidavit. I submit this affidavit in support of Defendants' Motion for Protective Order with Respect to Plaintiffs' June 10, 2010 Discovery.

      2.      From approximately August 2009 through in or around November 2009, MSCO produced approximately 2,300 files, spanning over 36,000 pages, and including over 2.5

million data entries.  These productions included certain policies and procedures concerning (a) prime brokerage; (b) short sales of common stock; (c) common stock lending; (d) clearance, delivery and settlement of short sales of common stock and (e) proprietary trading (produced in or around August 2009); organizational charts covering those groups involved in various aspects of short selling activities (produced in or around September 2009); and data from multiple sources concerning trading in TASER common stock and listed options for a six-and-one-half year period, as well as certain documents agreed upon by the parties (produced in or around September 2009 through November 2009).

      3.     On or around September 4, 2009, MSCO provided written responses to Plaintiffs' questionnaire concerning its systems for storage and retrieval of e-mail and other electronically stored information.

      4.     On or before December 31, 2009, MSCO produced approximately 60,000 files to Plaintiffs (including natively produced files), amounting to more than 2.6 million pages. These files were retrieved from 77 custodians using the TASER search terms.

      5.     On or before June 1, 2010, MSCO produced approximately 82,200 additional files, amounting to more than 300,000 pages.  These files were retrieved from 77 custodians using non-TASER search terms negotiated by the parties from September 2009 through December 2009.

      6.     Defendants have advised Plaintiffs that they do not maintain centralized records cataloguing each and every instance (if any) of potential variances from its policies for every single security going back through a five-year historical period.

.

7.      Defendants have advised Plaintiffs that they use multiple procedures to conduct extensive internal surveillance, monitoring, supervising, or reporting, including, but not limited to, potentially dozens of different reports and e-mail correspondence.

8.      Attached to this affidavit as Exhibit 1 is a true and correct copy of the email from Steven J. Rosenwasser to Defense Counsel, dated June 25, 2010.

9.      Attached to this affidavit as Exhibit 2 is a true and correct copy of the email from Robert F. Wise, Jr. to Steven J. Rosenwasser, dated June 28, 2010.

10.      Attached to this affidavit as Exhibit 3 is a true and correct copy of the email from Steven J. Rosenwasser to Defense Counsel, dated June 10, 2010 (without attachments).

11.      Attached to this affidavit as Exhibit 4 is a true and correct copy of the email from Steven J. Rosenwasser to Defense Counsel, dated June 29, 2010.

12.      Attached to this affidavit as Exhibit 5 is a true and correct copy of the email from Steven J. Rosenwasser to Defense Counsel, dated July 9, 2010.

13.      Attached to this affidavit as Exhibit 6 is a true and correct copy of the email from Steven J. Rosenwasser to Defense Counsel, dated June 8, 2010.

3

Executed on this 19th day of July, 2010.

Robert F. Wise, Jr.

Sworn to and subscribed
before me this 19th day
of July, 2010.

Notary Public
My commission expires

ELEANORE A. SILVERBERG
NOTARY PUBLIC, State of New York
No. 01SI6210845
Qualified in New York County
Commission Expires Sept. 8, 20 13

4

**State Court of Fulton County**
**\*\*\*EFILED\*\*\***
LexisNexis Transaction ID: 32215379
Date:  Jul 19 2010  9:53PM
Mark Harper, Clerk

# Exhibit 1

**From:** Steven J. Rosenwasser [mailto:rosenwasser@bmelaw.com]
**Sent:** Friday, June 25, 2010 6:48 AM
**To:** Elias, Brad; Friedman, Brian L.; Hunter, Fraser; Markel, Gregory; Pepperman, Richard; Eckles, Paul M; Wise, Jr., Robert F.; Andrew Clubok; RSinkfield@rh-law.com
**Cc:** Nicole G. Iannarone; Elizabeth G. Eager
**Subject:** Conferral Follow Up (evaluations/rogs)

All:

Good morning.  I am following up on our telephone conference of yesterday regarding: (1) our document requests seeking self-reviews and performance evaluations for certain employees and (2) the discovery plaintiffs served on June 10.   I address each issue below.

I.        **Self-Reviews/Performance Evaluations**

       For the reasons stated in my prior emails on this topic and as discussed during yesterday's call, we believe the discovery as written is appropriate.   Nonetheless, in light of your objections and in a good faith effort to reach a compromise on this discovery, we are willing to discuss narrowing the scope of the request *if* you agree to provide the documents. Please note that we are agreeing to narrow the scope as a means of avoiding Court intervention, and that if we cannot reach an agreement, we reserve the right to seek all of the discovery sought by the requests.

       With that context, and with the hope that the parties can reach an agreement, Plaintiffs are willing to narrow the scope of the discovery as follows: Defendants will only need to provide reviews/evaluations/disciplinary action for the following custodians: (i) those persons who held a position in compliance; (ii) any head(s) or co-head(s) of a securities lending/stock loan department; and (iii) traders.   Plaintiffs reserve the right to seek additional persons at a later date, and you reserve the right to object.

       Also, during the call, the parties discussed whether, if there is an agreement to narrow the scope, Plaintiffs would have to reserve new document requests.  Plaintiffs informed Defendants that they have been willing to work with Defendants to narrow the scope of Defendants' overly broad document requests, and did not intend on requiring Defendants to serve new requests reflecting any agreements.   However, mutuality is important.  Thus,

1

before we agree to limit any of Defendants' requests without reserving them, the parties need to have an understanding that now and throughout discovery, if the parties reach an agreement to narrow, limit or otherwise change discovery, they will not require that discovery to be re-served.

Please let me know your thoughts on these issues.

## II.  June 10 Discovery

As with the evaluations/reviews, Plaintiffs believe that the discovery, as written, is appropriate and incorporate their positions set forth above with respect to this discovery. But, again in an effort to avoid Court intervention, we are willing to narrow the scope of the interrogatories/30b6 so they now read:

1.  For each year from 2004 through 2008, please Identify (as that term is defined below):

    a.  Each instance in which you violated NASD Rule 3370, UPC 71, or Regulation SHO (collectively, the "Rule") by:

        (i) failing to delivery a security in the time period required by the Rule;
        (ii) failing to have reasonable grounds to believe that the security can be borrowed so that it can be delivered on the date delivery is due before effecting the short sale (when required to do so by the Rule);
        (iii)  effecting short shales in a threshold security that has a failure to deliver position that is open for 13 consecutive settlement days or longer without borrowing or entering into a bona fide agreement to borrow the security (when required to do so by the Rule); or
        (iv) failing to close out a failure to deliver position when required to do so by the Rule;

    b.  Each instance in which you failed to deliver common stock in the time period required by your own policies and procedures;

    c.  Each instance in which you failed to require a buy-in in accordance with own policies and procedures;

    d.  Each instance in which you failed to close out a failure to deliver position in accordance with your own policies or procedures; and

    e.  Each short sale in which your rules, policies and procedures required you to make an affirmative determination that you could borrow the securities or otherwise

2

provide for delivery of the securities by the settlement date but you failed to do so.

The definitions of the terms above are the same as those set forth in the interrogatory. Similarly, the instruction limiting your search to known violations and your compliance departments (instruction 7) applies.

Finally, as I indicated during the call, if you still contend that this interrogatory is too burdensome, we are glad to speak with any and all Defendants individually to determine whether there is any additional means of reducing the alleged burden.

**III.    Issues With Plaintiffs**

During the call, I asked whether there were any outstanding issues Defendants have with respect to Plaintiffs that are not already covered in Plaintiffs' motion.  Other than a general statement that you believe Plaintiffs should attempt to limit written discovery moving forward, you indicated that there are no outstanding issues.

Thanks,

Steven

**State Court of Fulton County**
**\*\*\*EFILED\*\*\***
LexisNexis Transaction ID: 32215379
Date: Jul 19 2010  9:53PM
Mark Harper, Clerk

# Exhibit 2

| From: | Wise, Jr., Robert F. |
|---|---|
| Sent: | Monday, June 28, 2010 6:46 PM |
| To: | Steven J. Rosenwasser; Elias, Brad; Friedman, Brian L.; Hunter, Fraser; Markel, Gregory; Pepperman, Richard; Eckles, Paul M; Andrew Clubok; RSinkfield@rh-law.com |
| Cc: | Nicole G. Iannarone; Elizabeth G. Eager |
| Subject: | RE: Conferral Follow Up (evaluations/rogs) |

Dear Steven,

Your note of last Friday with respect to our meet and confer call Thursday is at some variance with the understandings defendants had thought we had reached.  Specifically:

1. We did discuss defendants' objections to the extent and relevance of plaintiffs' 6th RFP concerning personnel files.  You did offer at the end to propose some narrowing of the custodians and, we thought, the scope of the requests to limit them to matters at least arguably relevant to the case.  We agreed to consider your proposal.  The proposal set out in your note of last Friday, however, does not materially restrict the number of custodians for whom you are seeking such files and does not limit at all the scope of the materials you seek.  If a custodian was evaluated regarding some aspect of his or her performance having no bearing on compliance with the short selling rules, the evaluation is simply not relevant to this case.  We will consider your proposal with the defense group and make a formal response shortly, but we are disappointed that you have essentially ignored the concerns we raised about over-breadth, relevancy, and unwarranted invasion of employees' privacy rights with respect to their personnel files.

2. We also discussed our concerns with plaintiffs' June 10 discovery, including the interrogatories, requests for admissions and Rule 30(b)(6) deposition notice.  We pointed out that they would vastly expand the scope of discovery regarding trading in non-Taser securities, going far beyond the court's "same or similar conduct" ruling, which as we have discussed with you at length was based on what you said in your motion papers was "abusive naked short selling."  Plaintiffs now seek discovery regarding essentially every procedural or regulatory infraction with respect to short sales over a five year period in every security traded by the eight defendants.  Aside from the over-breadth and irrelevance of such discovery, we pointed out the very substantial additional burden and expense that any attempt to collect such information would entail.  Such burden is particularly unwarranted at this point given the volume and cost of discovery defendants have already provided compared to what the discovery from plaintiffs to date indicates is the nominal losses on their Taser investments (most appear to have profited).  We asked that plaintiffs withdraw the June 10 discovery and indicated that if they did not, we were prepared to seek a protective order.  In response, we understood you to have agreed (1) to reconsider whether plaintiffs would proceed with the June 10 discovery or instead depose defendants' compliance personnel to gain a better understanding of how defendants monitor short selling and follow up on exceptions; and (2) in the meantime and while you considered this, the 30(b)(6) depositions and defendants' responses to the interrogatories and requests for admission were adjourned *sine die*.

In your note Friday, you mention virtually none of this regarding the June 10 discovery and instead propose a slight rewording of some of the interrogatories.  Are plaintiffs still considering whether to proceed by depositions in lieu of the June 10 discovery or are we to understand from your note that plaintiffs are pressing ahead with that discovery, albeit with some revisions to the interrogatories?  Do we have an agreement suspending the time periods for the June 10 discovery or should we proceed now with our motion for a protective order?

3. We also briefly discussed plaintiffs 2d and 3d RFAs and your concern with that portion of Richard's letter dated June 21, 2010 regarding group responses to certain of the requests discussed during the earlier meet and confer call.  Our understanding was that defendants would get back to you separately either orally or in writing to address their individual positions on the group responses to the extent they differ from the understanding expressed in your e-mail note of June 21, 2010.

4. In response to your Point III below (issues with Plaintiffs), we indicated that we believed that there may, in fact, be outstanding issues and that defendants would get back to you on that point.

1

Given the timing, we would appreciate your prompt response regarding the status of the June 10 discovery.

Bob

Robert F. Wise, Jr.

Davis Polk & Wardwell LLP
450 Lexington Avenue
New York, NY 10017

212 450 4512   tel
212 701 5512   fax
robert.wise@davispolk.com

**Davis Polk**

---

**From:** Steven J. Rosenwasser [mailto:rosenwasser@bmelaw.com]
**Sent:** Friday, June 25, 2010 6:48 AM
**To:** Elias, Brad; Friedman, Brian L.; Hunter, Fraser; Markel, Gregory; Pepperman, Richard; Eckles, Paul M; Wise, Jr., Robert F.; Andrew Clubok; RSinkfield@rh-law.com
**Cc:** Nicole G. Iannarone; Elizabeth G. Eager
**Subject:** Conferral Follow Up (evaluations/rogs)

All:

Good morning.  I am following up on our telephone conference of yesterday regarding: (1) our document requests seeking self-reviews and performance evaluations for certain employees and (2) the discovery plaintiffs served on June 10.   I address each issue below.

I.       **Self-Reviews/Performance Evaluations**

        For the reasons stated in my prior emails on this topic and as discussed during yesterday's call, we believe the discovery as written is appropriate.   Nonetheless, in light of your objections and in a good faith effort to reach a compromise on this discovery, we are willing to discuss narrowing the scope of the request _if_ you agree to provide the documents.  Please note that we are agreeing to narrow the scope as a means of avoiding Court intervention, and that if we cannot reach an agreement, we reserve the right to seek all of the discovery sought by the requests.

        With that context, and with the hope that the parties can reach an agreement, Plaintiffs are willing to narrow the scope of the discovery as follows: Defendants will only need to provide reviews/evaluations/disciplinary action for the following custodians: (i) those persons who held a position in compliance; (ii) any head(s) or co-head(s) of a securities lending/stock loan department; and (iii) traders.   Plaintiffs

2

reserve the right to seek additional persons at a later date, and you reserve the right to object.

Also, during the call, the parties discussed whether, if there is an agreement to narrow the scope, Plaintiffs would have to reserve new document requests. Plaintiffs informed Defendants that they have been willing to work with Defendants to narrow the scope of Defendants' overly broad document requests, and did not intend on requiring Defendants to serve new requests reflecting any agreements. However, mutuality is important. Thus, before we agree to limit any of Defendants' requests without reserving them, the parties need to have an understanding that now and throughout discovery, if the parties reach an agreement to narrow, limit or otherwise change discovery, they will not require that discovery to be re-served.

Please let me know your thoughts on these issues.

**II.    June 10 Discovery**

As with the evaluations/reviews, Plaintiffs believe that the discovery, as written, is appropriate and incorporate their positions set forth above with respect to this discovery. But, again in an effort to avoid Court intervention, we are willing to narrow the scope of the interrogatories/30b6 so they now read:

1.    For each year from 2004 through 2008, please Identify (as that term is defined below):

    a.    Each instance in which you violated NASD Rule 3370, UPC 71, or Regulation SHO (collectively, the "Rule") by:

        (i) failing to delivery a security in the time period required by the Rule;
        (ii) failing to have reasonable grounds to believe that the security can be borrowed so that it can be delivered on the date delivery is due before effecting the short sale (when required to do so by the Rule);
        (iii) effecting short shales in a threshold security that has a failure to deliver position that is open for 13 consecutive settlement days or longer without borrowing or entering into a bona fide agreement to borrow the security (when required to do so by the Rule); or
        (iv) failing to close out a failure to deliver position when required to do so by the Rule;

b.      Each instance in which you failed to deliver common stock in the time period required by your own policies and procedures;

c.      Each instance in which you failed to require a buy-in in accordance with own policies and procedures;

d.      Each instance in which you failed to close out a failure to deliver position in accordance with your own policies or procedures; and

e.      Each short sale in which your rules, policies and procedures required you to make an affirmative determination that you could borrow the securities or otherwise provide for delivery of the securities by the settlement date but you failed to do so.

The definitions of the terms above are the same as those set forth in the interrogatory. Similarly, the instruction limiting your search to known violations and your compliance departments (instruction 7) applies.

Finally, as I indicated during the call, if you still contend that this interrogatory is too burdensome, we are glad to speak with any and all Defendants individually to determine whether there is any additional means of reducing the alleged burden.

**III.    Issues With Plaintiffs**

During the call, I asked whether there were any outstanding issues Defendants have with respect to Plaintiffs that are not already covered in Plaintiffs' motion.  Other than a general statement that you believe Plaintiffs should attempt to limit written discovery moving forward, you indicated that there are no outstanding issues.

Thanks,

Steven

**State Court of Fulton County**
**\*\*\*EFILED\*\*\***
LexisNexis Transaction ID: 32215379
Date:  Jul 19 2010  9:53PM
Mark Harper, Clerk

# Exhibit 3

| | |
|---|---|
| **From:** | Steven J. Rosenwasser [rosenwasser@bmelaw.com] |
| **Sent:** | Thursday, June 10, 2010 12:51 PM |
| **To:** | Elias, Brad; Friedman, Brian L.; Hunter, Fraser; Markel, Gregory; Pepperman, Richard; Wise, Jr., Robert F.; Jeffrey Gould; Eckles, Paul M |
| **Cc:** | Nicole G. Iannarone; Elizabeth G. Eager |
| **Subject:** | Taser discovery |
| **Attachments:** | 2010-06-10 Plaintiffs 5th Rogs to All Except UBS and 6th Rogs to UBS.pdf; 2010-06-10 Notice of 30b6 Deposition to ALL Defendants.pdf; 2010-06-10 Plaintiffs 4th RFAs to All Except Goldman Sachs and 5th RFAs to Goldman Sachs.pdf |

All:

Please see the attached discovery we served today.   As you will note, the interrogatories and notice of deposition seek identical information.   We requested the information two different ways in order to offer you the option as to which means of discovery you would like to provide it (i.e., we are trying to make this as efficient and convenient as possible). We do not intend on seeking it in duplicative ways, and would like to meet and confer as to which discovery method you would prefer to provide the information (e.g., if you provide it by interrogatory (without objections), we will withdraw the deposition).

Please let me know a convenient day/time to discuss this.

Steven

1

**State Court of Fulton County**
**\*\*\*EFILED\*\*\***
LexisNexis Transaction ID: 32215379
Date: Jul 19 2010  9:53PM
Mark Harper, Clerk

# Exhibit 4

**From:** Steven J. Rosenwasser [mailto:rosenwasser@bmelaw.com]
**Sent:** Tuesday, June 29, 2010 7:23 AM
**To:** Wise, Jr., Robert F.; Elias, Brad; Friedman, Brian L.; Hunter, Fraser; Markel, Gregory; Pepperman, Richard; Eckles, Paul M; Andrew Clubok; RSinkfield@rh-law.com
**Cc:** Nicole G. Iannarone; Elizabeth G. Eager
**Subject:** RE: Conferral Follow Up (evaluations/rogs)

Bob,

Thank you for your email of yesterday, copied below.  Our thoughts are below yours in all capital letters.  Thanks.

---

**From:** Wise, Jr., Robert F. [mailto:robert.wise@davispolk.com]
**Sent:** Monday, June 28, 2010 6:46 PM
**To:** Steven J. Rosenwasser; Elias, Brad; Friedman, Brian L.; Hunter, Fraser; Markel, Gregory; Pepperman, Richard; Eckles, Paul M; Andrew Clubok; RSinkfield@rh-law.com
**Cc:** Nicole G. Iannarone; Elizabeth G. Eager
**Subject:** RE: Conferral Follow Up (evaluations/rogs)

Dear Steven,

Your note of last Friday with respect to our meet and confer call Thursday is at some variance with the understandings defendants had thought we had reached.  Specifically:

1.  We did discuss defendants' objections to the extent and relevance of plaintiffs' 6th RFP concerning personnel files.  You did offer at the end to propose some narrowing of the custodians and, we thought, the scope of the requests to limit them to matters at least arguably relevant to the case.  We agreed to consider your proposal.  The proposal set out in your note of last Friday, however, does not materially restrict the number of custodians for whom you are seeking such files and does not limit at all the scope of the materials you seek.  If a custodian was evaluated regarding some aspect of his or her performance having no bearing on compliance with the short selling rules, the evaluation is simply not relevant to this case.  We will consider your proposal with the defense group and make a formal response shortly, but we are disappointed that you have essentially ignored the concerns we raised about over-breadth, relevancy, and unwarranted invasion of employees' privacy rights with respect to their personnel files.

WE ARE WILLING TO CONSIDER SOME NARROWING OF THE REQUEST TO ADDRESS YOUR CONCERN ABOUT PROVIDING IRRELEVANT PORTIONS OF EVALUATIONS.  AT A MINIMUM, WE BELIEVE WE SHOULD RECEIVE THOSE PORTIONS DEALING WITH COMPLIANCE WITH EXTERNAL LAWS OR INTERNAL POLICIES AND PROCEDURES THAT RELATE TO THE "CONDUCT AT ISSUE" AND ANY PORTIONS ADDRESSING FINANCIAL GOALS (E.G., CERTAIN GOALS FOR STOCK LOAN REVENUES/PROFITS, PROP DESK REVENUES OR PROFITS, TYING COMPENSATION TO PERFORMANCE OF DEPARTMENT/UNIT).  AS FOR IGNORING YOUR CONCERNS, IN AN EFFORT TO KEEP THE EMAIL TARGETED, I DID NOT GO INTO ANY DETAILS ABOUT YOUR CONCERNS OR THE REASONS WHY WE BELIEVE THEM TO BE UNFOUNDED.  I BELIEVED THE MORE EFFICIENT APPROACH WAS TO MENTION YOU HAVE OBJECTIONS, WE DISAGREED, BUT WE ARE TRYING TO WORK OUT A PROPOSAL..

2.  We also discussed our concerns with plaintiffs' June 10 discovery, including the interrogatories, requests for admissions and Rule 30(b)(6) deposition notice.  We pointed out that they would vastly expand the scope of discovery regarding

1

trading in non-Taser securities, going far beyond the court's "same or similar conduct" ruling, which as we have discussed with you at length was based on what you said in your motion papers was "abusive naked short selling." Plaintiffs now seek discovery regarding essentially every procedural or regulatory infraction with respect to short sales over a five year period in every security traded by the eight defendants. Aside from the over-breadth and irrelevance of such discovery, we pointed out the very substantial additional burden and expense that any attempt to collect such information would entail. Such burden is particularly unwarranted at this point given the volume and cost of discovery defendants have already provided compared to what the discovery from plaintiffs to date indicates is the nominal losses on their Taser investments (most appear to have profited). We asked that plaintiffs withdraw the June 10 discovery and indicated that if they did not, we were prepared to seek a protective order. In response, we understood you to have agreed (1) to reconsider whether plaintiffs would proceed with the June 10 discovery or instead depose defendants' compliance personnel to gain a better understanding of how defendants monitor short selling and follow up on exceptions; and (2) in the meantime and while you considered this, the 30(b)(6) depositions and defendants' responses to the interrogatories and requests for admission were adjourned *sine die*.

In your note Friday, you mention virtually none of this regarding the June 10 discovery and instead propose a slight rewording of some of the interrogatories. Are plaintiffs still considering whether to proceed by depositions in lieu of the June 10 discovery or are we to understand from your note that plaintiffs are pressing ahead with that discovery, albeit with some revisions to the interrogatories? Do we have an agreement suspending the time periods for the June 10 discovery or should we proceed now with our motion for a protective order?

YOU ARE CORRECT THAT WE AGREED TO NOT MOVE FORWARD WITH THE DEPOSITIONS ON THE DATES NOTICED WHILE THE PARTIES CONTINUE TO MEET AND CONFER. IN THE EVENT THE CONFERRAL PROCESS FAILS, WE WILL LET YOU KNOW WHETHER WE ARE SEEKING THE INTERROGATORIES OR DEPOSITIONS.

WITH RESPECT TO THE SUBSTANTIVE MATTERS, WE DISAGREE WITH YOUR STATEMENTS AS TO THE SCOPE AND RELEVANCE OF THIS DISCOVERY. AS I INDICATED, AND AS OUR COMPROMISE INDICATES, WE ARE SEEKING KNOWN VIOLATIONS OF LAWS, POLICIES AND PROCEDURES THAT ARE DIRECTLY AT ISSUE IN THIS CASE, SUCH AS FAILURES TO DELIVER. WE MADE CLEAR THAT WE ARE NOT ASKING YOU TO MAKE A DETERMINATION NOW THROUGH A NEW AUDIT OR INVESTIGATION, BUT RATHER TO SIMPLY CONVEY WHAT YOUR COMPLIANCE OR OTHER RELEVANT DEPARTMENT KNOWS. I ALSO INDICATED THAT IF ANY DEFENDANT WANTS TO MAKE A CERTIFICATION THAT ITS COMPLIANCE DEPARTMENT DOES NOT TRACK KNOWN VIOLATIONS OR VIOLATORS, WE WOULD BE WILLING TO CONSIDER SUCH A CERTIFICATION IN LIEU OF SOME OR ALL OF THE DISCOVERY.

BASED ON YOUR RESPONSE, IT SOUNDS AS THOUGH THE DEFENDANTS ARE REJECTED OUR COMPROMISE INTERROGATORY. IS THAT CORRECT? ARE YOU GOING TO OFFER ANY ALTERNATIVE?

3. We also briefly discussed plaintiffs 2d and 3d RFAs and your concern with that portion of Richard's letter dated June 21, 2010 regarding group responses to certain of the requests discussed during the earlier meet and confer call. Our understanding was that defendants would get back to you separately either orally or in writing to address their individual positions on the group responses to the extent they differ from the understanding expressed in your e-mail note of June 21, 2010.

PLEASE LET US KNOW WHEN WE CAN EXPECT A RESPONSE. WE HAVE BEEN CONFERRING ON THESE FOR WELL OVER A MONTH.

4. In response to your Point III below (issues with Plaintiffs), we indicated that we believed that there may, in fact, be outstanding issues and that defendants would get back to you on that point.

AS I INDICATED DURING OUR CALL, OTHER THAN DEFENDANTS FOURTH REQUESTS FOR PRODUCTION (WHICH WE PROVIDED A PROPOSAL ON AND HAVE NOT HEARD BACK), PLAINTIFFS ARE CURRENTLY UNAWARE OF ANY ISSUES DEFENDANTS HAVE WITH PLAINTIFFS. PLEASE LET US KNOW IF THERE ARE ANY, AND WHAT THEY ARE.

Given the timing, we would appreciate your prompt response regarding the status of the June 10 discovery.

Bob

Robert F. Wise, Jr.

Davis Polk & Wardwell LLP
450 Lexington Avenue
New York, NY 10017

212 450 4512  tel
212 701 5512  fax
robert.wise@davispolk.com

**Davis Polk**

---

**From:** Steven J. Rosenwasser [mailto:rosenwasser@bmelaw.com]
**Sent:** Friday, June 25, 2010 6:48 AM
**To:** Elias, Brad; Friedman, Brian L.; Hunter, Fraser; Markel, Gregory; Pepperman, Richard; Eckles, Paul M; Wise, Jr., Robert F.; Andrew Clubok; RSinkfield@rh-law.com
**Cc:** Nicole G. Iannarone; Elizabeth G. Eager
**Subject:** Conferral Follow Up (evaluations/rogs)

All:

Good morning.  I am following up on our telephone conference of yesterday regarding: (1) our document requests seeking self-reviews and performance evaluations for certain employees and (2) the discovery plaintiffs served on June 10.   I address each issue below.

I.      **Self-Reviews/Performance Evaluations**

        For the reasons stated in my prior emails on this topic and as discussed during yesterday's call, we believe the discovery as written is appropriate.   Nonetheless, in light of your objections and in a good faith effort to reach a compromise on this discovery, we are willing to discuss narrowing the scope of the request _if_ you agree to provide the documents.  Please note that we are agreeing to narrow the scope as a means of avoiding Court intervention, and that if we cannot reach an agreement, we reserve the right to seek all of the discovery sought by the requests.

        With that context, and with the hope that the parties can reach an agreement, Plaintiffs are willing to narrow the scope of the discovery as follows: Defendants will only need to provide reviews/evaluations/disciplinary action for the following custodians: (i) those persons who held a position in compliance; (ii) any head(s) or co-head(s) of a securities lending/stock loan department; and (iii) traders.   Plaintiffs reserve the right to seek additional persons at a later date, and you reserve the right to object.

Also, during the call, the parties discussed whether, if there is an agreement to narrow the scope, Plaintiffs would have to reserve new document requests.  Plaintiffs informed Defendants that they have been willing to work with Defendants to narrow the scope of Defendants' overly broad document requests, and did not intend on requiring Defendants to serve new requests reflecting any agreements.   However, mutuality is important.  Thus, before we agree to limit any of Defendants' requests without reserving them, the parties need to have an understanding that now and throughout discovery, if the parties reach an agreement to narrow, limit or otherwise change discovery, they will not require that discovery to be re-served.

Please let me know your thoughts on these issues.

**II.    June 10 Discovery**

As with the evaluations/reviews, Plaintiffs believe that the discovery, as written, is appropriate and incorporate their positions set forth above with respect to this discovery.   But, again in an effort to avoid Court intervention, we are willing to narrow the scope of the interrogatories/30b6 so they now read:

1.    For each year from 2004 through 2008, please Identify (as that term is defined below):

    a.    Each instance in which you violated NASD Rule 3370, UPC 71, or Regulation SHO (collectively, the "Rule") by:

        (i) failing to delivery a security in the time period required by the Rule;

        (ii) failing to have reasonable grounds to believe that the security can be borrowed so that it can be delivered on the date delivery is due before effecting the short sale (when required to do so by the Rule);

        (iii)  effecting short shales in a threshold security that has a failure to deliver position that is open for 13 consecutive settlement days or longer without borrowing or entering into a bona fide agreement to borrow the security (when required to do so by the Rule); or

        (iv) failing to close out a failure to deliver position when required to do so by the Rule;

    b.    Each instance in which you failed to deliver common stock in the time period required by your own policies and procedures;

c.      Each instance in which you failed to require a buy-in in accordance with
own policies and procedures;

d.      Each instance in which you failed to close out a failure to deliver position in
accordance with your own policies or procedures; and

e.       Each short sale in which your rules, policies and procedures required you
to make an affirmative determination that you could borrow the securities
or otherwise provide for delivery of the securities by the settlement date
but you failed to do so.

The definitions of the terms above are the same as those set forth in the interrogatory.
Similarly, the instruction limiting your search to known violations and your compliance
departments (instruction 7) applies.

Finally, as I indicated during the call, if you still contend that this interrogatory is too
burdensome, we are glad to speak with any and all Defendants individually to determine
whether there is any additional means of reducing the alleged burden.

## III.    Issues With Plaintiffs

During the call, I asked whether there were any outstanding issues Defendants
have with respect to Plaintiffs that are not already covered in Plaintiffs' motion.  Other
than a general statement that you believe Plaintiffs should attempt to limit written
discovery moving forward, you indicated that there are no outstanding issues.

Thanks,

Steven

**State Court of Fulton County**
**\*\*\*EFILED\*\*\***
LexisNexis Transaction ID: 32215379
Date:  Jul 19 2010  9:53PM
Mark Harper, Clerk

# Exhibit 5

| | |
|---|---|
| **From:** | Steven J. Rosenwasser [rosenwasser@bmelaw.com] |
| **Sent:** | Friday, July 09, 2010 3:09 PM |
| **To:** | Wise, Jr., Robert F.; Elizabeth G. Eager; Aoyagi, Melissa T. |
| **Subject:** | RE: Confirmation of 7/9 Call Related to Group Issue |

Bob,

A few clarifications in all capitals below.  Thanks.

---

**From:** Wise, Jr., Robert F. [mailto:robert.wise@davispolk.com]
**Sent:** Friday, July 09, 2010 2:24 PM
**To:** Elizabeth G. Eager; Aoyagi, Melissa T.
**Cc:** Steven J. Rosenwasser
**Subject:** RE: Confirmation of 7/9 Call Related to Group Issue

Liz,

We agree to deal with the group issue regarding the "June 10" discovery separately from the other MS specific issues we discussed.

During our discussion of the "June 10" discovery, Steven said that while plaintiffs had agreed to adjourn the Rule 30(b)(6) deposition, they had not agreed to adjourn the time for responses to the interrogatories or requests for admission, which are otherwise due next Monday, July 12.  We said that defendants had understood based on the last meet and confer call with the group, which was confirmed in my e-mail to Steven dated June 28, that the "June 10" discovery, which in the e-mail expressly included all three discovery requests, had been adjourned *sine die* while plaintiffs considered the alternatives that we had discussed.  We pointed out that Steven responded by e-mail on June 29 that we were "correct" that plaintiffs had agreed not to proceed with the depositions on the noticed dates while the parties conferred and if the process failed, would "let us know" whether plaintiffs would proceed with the depositions or the interrogatories.  Based on what appears to have been some unintentional confusion generated by this exchange regarding the timing of responses to the written discovery requests, Steven agreed that plaintiffs would grant a short extension with respect to both the interrogatories and requests for admissions.  The length of the extension is dependent on whether the defendants intend to assert across the board objections (in which case, the extension would be a week or so) or were willing to make substantive responses to the interrogatories and RFAs, in which case plaintiffs would consider a longer extension.  We agreed to consult with the defense group and get back to you promptly on this point.

AS WE DISCUSSED, MY JUNE 28 EMAIL INDICATES THAT WE AGREED TO POSTPONE THE 30B6, IT DOES NOT SAY WE AGREED WITH YOUR STATEMENT TO POSTPONE THE RFAS OR ROGS.    REGARDLESS, WE DID DISCUSS A POTENTIAL EXTENSION NOW.  BEFORE WE AGREE TO ANYTHING, WE NEED TO GET A PROPOSAL FROM THE DEFENSE GROUP, AND ASK THAT YOU PLEASE PROVIDE IT ASAP.

We also advised you that defendants continue in their belief, as expressed during the previous meet and confer on this issue and in my June 28 e-mail, that the "June 10" discovery is overbroad, well beyond Judge Porter's prior ruling on "same or similar conduct," burdensome, and not sufficiently relevant to justify the very substantial costs of providing such discovery, particularly in light of discovery from plaintiffs showing that the amount of potential damages in the case are modest, at best.  We advised that if plaintiffs are not willing to explore alternative and less burdensome and expensive means of pursuing these issues, defendants are prepared to seek appropriate relief from the court.  We pointed out that defendants had not received any response from plaintiffs regarding their proposal that as an alternative to the "June 10" discovery, plaintiffs consider proceeding by deposition of a compliance officer, as suggested in my June 28 e-mail.  While we did not understand plaintiffs to take a firm position on that, based on the discussion, it appears that plaintiffs are not prepared to agree to do so at this time.  Steven asked instead that defendants consider the modifications to the interrogatories he proposed in his e-mail dated June 25, and advise plaintiffs whether defendants would answer those as a compromise.  Although we said that we believe those modifications do not address the burden, cost, and relevance problems defendants have noted, we agreed to pass this to the defense group and respond to that as well.

1

AS WE DISCUSSED, PLAINTIFFS ARE WILLING TO CONFER ON YOUR OBJECTIONS, THOUGH WE DO DISAGREE WITH THEM.  SPECIFICALLY, WE EXPRESSED OUR WILLINGNESS TO DISCUSS NARROWING OR FURTHER SPECIFYING THE DISCOVERY, OR HOW YOU WILL SEEK ANSWERS TO IT.  TO THAT END, WE PROVIDED A PROPOSAL ON JUNE 25 AND, DESPITE REPEATED REQUESTS, NEVER RECEIVED A RESPONSE.  IT IS DIFFICULT TO CONFER AND AGREE WHEN THE DEFENSE GROUP DOES NOT TIMELY RESPOND.

We assume you will let us know if you disagree with the above summary of our conversation.

Robert F. Wise, Jr.

Davis Polk & Wardwell LLP
450 Lexington Avenue
New York, NY 10017

212 450 4512  tel
212 701 5512  fax
robert.wise@davispolk.com

**Davis Polk**

---

**From:** Elizabeth G. Eager [mailto:eager@bmelaw.com]
**Sent:** Friday, July 09, 2010 1:18 PM
**To:** Wise, Jr., Robert F.; Aoyagi, Melissa T.
**Cc:** Steven J. Rosenwasser
**Subject:** Confirmation of 7/9 Call Related to Group Issue

Bob and Melissa,

This email is to confirm the portion of our phone call today related to the group issue, which is the 30b6 notice, requests for admission and interrogatories, which were served on June 10.  Because we conferred on Morgan Stanley issues and group issues, Plaintiffs will send a separate email on Morgan Stanley issues.  Please let us know if you disagree with this summary.

Currently, Defendants responses to the requests for admission and interrogatories served on June 10 are due on Monday.  However, at Defendants' request, we are willing to grant all Defendants an extension, the length of which depends on whether Defendants are going to object to the interrogatories and requests for admissions or will provide substantive answers.  You are going to go to the defense group and will get back to us on the length of the extension which the Defendants seek.

Thanks,
Liz

---

**State Court of Fulton County**
**\*\*\*EFILED\*\*\***
LexisNexis Transaction ID: 32215379
Date:  Jul 19 2010  9:53PM
Mark Harper, Clerk

# Exhibit 6

| | |
|---|---|
| **From:** | Steven J. Rosenwasser [rosenwasser@bmelaw.com] |
| **Sent:** | Tuesday, June 08, 2010 5:40 AM |
| **To:** | Elias, Brad; Friedman, Brian L.; Hunter, Fraser; Markel, Gregory; Pepperman, Richard; Eckles, Paul M; Wise, Jr., Robert F.; Jeffrey Gould |
| **Cc:** | Sinkfield, Richard; Nicole G. Iannarone; Elizabeth G. Eager |
| **Subject:** | Conferral RFPs Re: Evaluations |

All:

Good morning.  I am writing to confer in good faith on your responses to our document requests seeking self-reviews and performance evaluations and similar documents from certain employees.  Each of you has refused to produce any documents, claiming that they are irrelevant.  We respectfully disagree.

Perhaps the clearest way to demonstrate the relevance of these documents is by example.  As I am sure you are aware, Defendant Goldman Sachs is in fraud litigation with the Securities Exchange Commission ("SEC") pertaining to, *inter alia*, subprime mortgages and shorting relating thereto.  As part of the SEC's case, it has presented self reviews and performance evaluations, which demonstrate the motive and intent of the relevant traders.  For example, Goldman's chief executive, Lloyd Blankfein, wrote in his own self-review that while Goldman lost money in the "mortgage mess," the company "made more than we lost because of shorts."  Other self reviews and evaluations tout the company becoming "very profitable" as a result of the allegedly improper conduct.  That type of information is equally relevant here.   Indeed, we look forward to hearing your position as to why such documents are relevant in the SEC proceedings and not here.

Moreover, self reviews and performance evaluations are relevant to show the company's and employee's knowledge of potential or actual violations of the law or internal rules or regulations, as well as to show the extent to which the company failed to engage in proper supervision or monitoring.  For example, reviews or evaluations criticizing violations show that the company was aware of improper acts.  Similarly, reviews or evaluations criticizing supervisors for permitting violations would show knowledge of improper acts (and an acknowledgement that the conduct was unlawful).  Also, reviews or evaluations of supervisors or compliance officers, which indicate a failure to perform up to job duties or responsibilities, would show that compliance responsibilities and duties were not being followed.  Certainly, Plaintiffs are entitled to see how supervisors and compliance officers were rated by the company itself with respect to their responsibilities to ensure that the law was followed.

Finally, to the extent employees were given trading quotas or had their compensation tied to performance, that provides information as to motive.

Given the above, we would like to discuss this issue with you at your earliest convenience.  I will note that we are willing to discuss an appropriate limitation on custodians with respect to these documents.

Please let me know a day/time you are available.

Steven

**State Court of Fulton County**
**\*\*\*EFILED\*\*\***
LexisNexis Transaction ID: 32215379
Date: Jul 19 2010  9:53PM
Mark Harper, Clerk

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

| | |
|---|---|
| TASER INTERNATIONAL, INC., *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> MORGAN STANLEY & CO., INC., *et al.*, <br><br> Defendants. | Civil Case No. <br> 2008-EV-004739-B |

**AFFIDAVIT OF BRIAN L. FRIEDMAN IN SUPPORT OF
DEFENDANTS' MOTION FOR PROTECTIVE ORDER
WITH RESPECT TO PLAINTIFFS' JUNE 10, 2010 DISCOVERY**

STATE OF NEW YORK        )
                                          )    ss.:
COUNTY OF NEW YORK   )

Brian L. Friedman personally appeared before the undersigned Notary Public, who is duly authorized to administer oaths in this state, and after first being duly sworn, deposes and states as follows:

1.      I am an associate with the law firm of Proskauer Rose LLP and counsel for Defendants Bear, Stearns Securities Corp. ("BSSC") (n/k/a JP Morgan Clearing Corp.) and Bear, Stearns & Co. Inc. ("BS&Co.") (n/k/a JP Morgan Securities Inc.) (collectively "Bear Stearns") in this action.  I am over 18 years of age and have personal knowledge of the matters set forth in this affidavit.  I submit this affidavit in support of Defendants' Motion for Protective Order with Respect to Plaintiffs' June 10, 2010 Discovery.

2.      From approximately August 2009 through November 2009, Bear Stearns produced over 30,682 pages and over 1.1 million data entries.  These productions included certain policies and procedures concerning (a) prime brokerage; (b) short sales of common stock; (c) common stock lending; (d) clearance, delivery and settlement of short sales of common stock and (e) proprietary trading (produced in or around August 2009); organizational charts covering those groups involved in various aspects of short selling activities (produced in or around September 2009); and data from multiple sources concerning trading in TASER common stock and listed options for a six-and-one-half year period (produced in or around September 2009 and November 2009).

3.      On or around September 17, 2009, Bear Stearns provided written responses to Plaintiffs' questionnaire concerning its systems for storage and retrieval of e-mail and other electronically stored information.

4.      On or before January 20, 2010, Bear Stearns produced approximately 39,218 files to Plaintiffs (including natively produced files), amounting to approximately 1,187,732 pages.  These files were retrieved from 113 custodians using the TASER search terms.

5.      On or before June 30, 2010, Bear Stearns produced approximately 36,215 files, amounting to approximately 143,399 pages.  These files were retrieved from 113 custodians using non-TASER search terms agreed upon on December 8, 2009.

SIGNATURE ON NEXT PAGE

Executed on this 19th day of July 2010 in New York, New York.

_____
Brian L. Friedman

Sworn to and subscribed
before me this 19th day
of July, 2010.

_____
Notary Public

My commission expires

RYAN KEITH PIFER
Notary Public, State of New York
No. 01PI6222264
Qualified in New York County
Commission Expires May 24, 2014

State Court of Fulton County
***EFILED***
LexisNexis Transaction ID: 32215379
Date: Jul 19 2010 9:53PM
Mark Harper, Clerk

## IN THE STATE COURT OF FULTON COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| TASER INTERNATIONAL, INC., *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> MORGAN STANLEY & CO., INC., *et al.*, <br><br> Defendants. | Civil Case No. 2008-EV-004739-B |

## AFFIDAVIT OF BRAD E. KONSTANDT IN SUPPORT OF DEFENDANTS' MOTION FOR PROTECTIVE ORDER WITH RESPECT TO PLAINTIFFS' JUNE 10, 2010 DISCOVERY

STATE OF NEW YORK          )
                           )   ss.:
COUNTY OF NEW YORK         )

Brad E. Konstandt personally appeared before the undersigned Notary Public, who is duly authorized to administer oaths in this state, and after first being duly sworn, deposes and states as follows:

1.     I am an associate with the law firm of Wilmer Cutler Pickering Hale and Dorr LLP and counsel for Defendant Credit Suisse Securities (USA) LLC ("Credit Suisse Securities") in this action. I am over 18 years of age and have personal knowledge of the matters set forth in this affidavit. I submit this affidavit in support of Defendants' Motion for Protective Order with Respect to Plaintiffs' June 10, 2010 Discovery.

2.    From approximately August 2009 through November 2009, Credit Suisse Securities produced more than 290,000 pages of documents to Plaintiffs, including over 4 million data entries.   These productions included certain policies and procedures concerning (a) prime brokerage; (b) short sales of common stock; (c) common stock lending; (d) clearance, delivery and settlement of short sales of common stock, and (e) proprietary trading (produced in or around August 2009); organizational charts covering those groups involved in various aspects of short selling activities (produced in or around September 2009); and data from multiple sources concerning trading in TASER common stock and listed options for a six-and-one-half year period (produced in or around September 2009 and November 2009).

3.    On or around September 4, 2009, Credit Suisse Securities provided written responses to Plaintiffs' questionnaire concerning its systems for storage and retrieval of e-mail and other electronically stored information.

4.    On or before December 31, 2009, Credit Suisse Securities produced more than 180,000 files to Plaintiffs, amounting to more than 7 million pages of documents.  These files were retrieved from 65 custodians using the TASER search terms.

5.     On or before June 30, 2010, Credit Suisse Securities produced more than 115,000 files to Plaintiffs, amounting to more than 220,000 pages of documents.  These files were retrieved from 65 custodians using non-TASER search terms negotiated by the parties from September 2009 through January 7, 2009.

Executed on this 19th day of July 2010.

_____
Brad E. Konstandt

Sworn to and subscribed
before me this 19th day
of July, 2010.

_____
Notary Public

My commission expires

KAY BLOOMFIELD
NOTARY PUBLIC, State of New York
No. 01BL609038
Qualified in Queens County
My Commission Expires April 14, 2012

3

State Court of Fulton County
***EFILED***
LexisNexis Transaction ID: 32215379
Date: Jul 19 2010  9:53PM
Mark Harper, Clerk

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

TASER INTERNATIONAL, INC.,
*et al.*,

      Plaintiffs,

v.

MORGAN STANLEY & CO., INC.,
*et al.*,

      Defendants.

Civil Case No.
2008-EV-004739-B

**AFFIDAVIT OF GREGORY A. MARKEL IN SUPPORT OF
DEFENDANTS' MOTION FOR PROTECTIVE ORDER
WITH RESPECT TO PLAINTIFFS' JUNE 10, 2010 DISCOVERY**

STATE OF NEW YORK      )
                          )   ss.:
COUNTY OF NEW YORK   )

      Gregory A. Markel personally appeared before the undersigned Notary Public, who is

duly authorized to administer oaths in this state, and after first being duly sworn, deposes and

states as follows:

      1.      I am a partner with the law firm of Cadwalader, Wickersham & Taft LLP

and counsel for Defendant Deutsche Bank Securities Inc. ("DBSI") in this action. I am over 18

years of age and have personal knowledge of the matters set forth in this affidavit. I submit this

affidavit in support of Defendants' Motion for Protective Order with Respect to Plaintiffs' June

10, 2010 Discovery.

      2.      From approximately August 2009 through November 13, 2009, DBSI

produced approximately 2068 records, spanning over 8900 pages, including approximately

500,000 lines of data entries. These productions included certain policies and procedures concerning (a) prime brokerage; (b) short sales of common stock; (c) common stock lending and (d) clearance, delivery and settlement of short sales of common stock (produced in or around August 2009 and November 2009); organizational charts covering those groups involved in various aspects of short selling activities (produced in or around September 2009); and data from multiple sources concerning trading in TASER common stock and listed options for a six-and-one-half year period (produced in or around September 2009 and November 2009).

      3.      On or around October 9, 2009, DBSI provided written responses to Plaintiffs' questionnaire concerning its systems for storage and retrieval of e-mail and other electronically stored information.

      4.      On or before March 15, 2010, DBSI produced approximately 235,000 documents to Plaintiffs, amounting to more than 1.8 million pages. These files were retrieved from 72 custodians using the TASER search terms.

      5.      On or before June 1, 2010, DBSI produced approximately 345,000 documents, amounting to more than 5 million pages. These files were retrieved from 72 custodians using non-TASER search terms.

Executed on this 19th day of July 2010.

_Gregory A. Markel_
Gregory A. Markel

Sworn to and subscribed
before me this 19th day
of July, 2010.

_Christine L. Essler_
Notary Public

My commission expires 11/24/2012

CHRISTINE L. ESSLER
Notary Public, State of New York
No. 01ES6196852
Qualified in Kings County
Commission Expires November 24, 2012

3

**State Court of Fulton County**
**\*\*\*EFILED\*\*\***
LexisNexis Transaction ID: 32215379
Date: Jul 19 2010 9:53PM
Mark Harper, Clerk

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| TASER INTERNATIONAL, INC., *et al.*, | : | |
| | : | |
| Plaintiffs, | : | |
| | : | CIVIL ACTION |
| v. | : | FILE NO. 2008-EV-004739-B |
| MORGAN STANLEY & CO., INC., *et al.*, | : | JURY TRIAL DEMANDED |
| | : | |
| Defendants. | : | |
| | : | |
| | : | |
| - - - - - - - - - - - - - - - - - - - - - - - - - - x | | |

**AFFIDAVIT OF RICHARD C. PEPPERMAN, II**
**IN SUPPORT OF**
**DEFENDANTS' MOTION FOR PROTECTIVE ORDER**
**WITH RESPECT TO PLAINTIFFS' JUNE 10, 2010 DISCOVERY**

STATE OF NEW YORK      )
                                       )    ss.:
COUNTY OF NEW YORK  )

Richard C. Pepperman, II personally appeared before the undersigned Notary Public, who is duly authorized to administer oaths in this state, and after first being duly sworn, deposes and states as follows:

1.      I am a member of the law firm of Sullivan & Cromwell LLP and counsel for Defendants Goldman, Sachs & Co. and Goldman Sachs Execution & Clearing, L.P. (together, "Goldman Sachs") in this action. I am over 18 years of age and have personal knowledge of the matters set forth in this affidavit. I submit this affidavit in support of Defendants' Motion for Protective Order with Respect to Plaintiffs' June 10, 2010 Discovery.

2.      From approximately August 2009 through November 2009, Goldman Sachs produced to Plaintiffs approximately 12,800 files, spanning over 110,000 pages, and including over 5.3 million data entries. These productions included certain policies and procedures

concerning (a) prime brokerage; (b) short sales of common stock; (c) common stock lending; (d) clearance, delivery and settlement of short sales of common stock; and (e) proprietary trading (produced in or around August 2009). The productions also included organizational charts covering those groups involved in various aspects of short selling activities (produced in or around September 2009) and data from multiple sources concerning trading in TASER common stock and listed options for a six-and-one-half year period (produced in or around August 2009 through November 2009).

3.     On or around September 4, 2009, Goldman Sachs provided written responses to Plaintiffs' questionnaire concerning its systems for storage and retrieval of e-mail and other electronically stored information

4.     On or before December 31, 2009, Goldman Sachs produced over 300,000 files to Plaintiffs (including natively produced files), amounting to more than one million pages. These files were retrieved from 76 custodians using various TASER-related search terms.

5.     On or before June 30, 2010, Goldman Sachs made additional productions to Plaintiffs of more than 739,000 files, amounting to approximately 1.6 million pages. These files were retrieved from the same 76 custodians using non-TASER search terms agreed to by the parties on November 30, 2009.

SIGNATURE ON NEXT PAGE

-2-

Executed on this 19th day of July 2010 in New York, New York.


Richard C. Pepperman, II


Sworn to and subscribed
before me this 19th day
of July, 2010.


Notary Public
My Commission Expires: 5/20/14

Rose Marie McClellan
Notary Public, State of New York
No. 01McFL6089617
Qualified in Richmond County
Certificate Filed in New York County
Commission Expires May 20 2014

State Court of Fulton County
***EFILED***
LexisNexis Transaction ID: 32215379
Date: Jul 19 2010 9:53PM
Mark Harper, Clerk

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

| | |
|---|---|
| TASER INTERNATIONAL, INC., *et al.*, | |
| Plaintiffs, v. | Civil Case No. 2008-EV-004739-B |
| MORGAN STANLEY & CO., INC., *et al.*, | |
| Defendants. | |

**AFFIDAVIT OF ANDREW J. FRACKMAN IN SUPPORT OF
DEFENDANTS' MOTION FOR PROTECTIVE ORDER
WITH RESPECT TO PLAINTIFFS' JUNE 10, 2010 DISCOVERY**

STATE OF NEW YORK      )
                                          )   ss.:
COUNTY OF NEW YORK   )

Andrew J. Frackman personally appeared before the undersigned Notary Public, who is duly authorized to administer oaths in this state, and after first being duly sworn, deposes and states as follows:

1.      I am a partner with the law firm of O'Melveny & Myers LLP and counsel for Merrill Lynch, Pierce, Fenner & Smith Incorporated ("Merrill Lynch") and Banc of America Securities LLC ("BAS") in this action.  I am over 18 years of age and have personal knowledge of the matters set forth in this affidavit.  I submit this affidavit in support of Defendants' Motion for Protective Order with Respect to Plaintiffs' June 10, 2010 Discovery.

2.      From approximately August 2009 through November 2009, Merrill Lynch produced approximately 4200 files, spanning over 63,000 pages, and including over 3.9 million data entries.  These productions included certain policies and procedures concerning (a) prime

brokerage; (b) short sales of common stock; (c) common stock lending; (d) clearance, delivery and settlement of short sales of common stock and (e) proprietary trading (produced in or around August 2009); organizational charts covering those groups involved in various aspects of short selling activities (produced in or around September 2009); and data from multiple sources concerning trading in TASER common stock and listed options for a six-and-one-half year period (produced in or around September 2009 and November 2009).

        3.      On or around September 15, 2009, Merrill Lynch provided written responses to Plaintiffs' questionnaire concerning its systems for storage and retrieval of e-mail and other electronically stored information.

        4.      On or before February 26, 2010, Merrill Lynch produced approximately 110,000 files to Plaintiffs (including natively produced files), amounting to more than 8.5 million pages. These files were retrieved from 69 custodians using the TASER search terms.

        5.      On or before June 1, 2010, Merrill Lynch produced approximately 1,012,426 files, amounting to more than 13 million pages. These files were retrieved from 69 custodians using non-TASER search terms agreed upon on or about January 12, 2010.

        6.      From approximately August 2009 through November 2009, BAS produced approximately 4,400 files, spanning over 22,000 pages, and including over one hundred thousand data entries. These productions included certain policies and procedures concerning (a) prime brokerage; (b) short sales of common stock; (c) common stock lending; (d) clearance, delivery and settlement of short sales of common stock and (e) proprietary trading (produced in or around August 2009); organizational charts covering those groups involved in various aspects of short selling activities (produced in or around September 2009); and data from

2

multiple sources concerning trading in TASER common stock and listed options for a six-and-one-half year period (produced in or around September 2009 and November 2009).

7.      On or around September 9, 2009, BAS provided written responses to Plaintiffs' questionnaire concerning its systems for storage and retrieval of e-mail and other electronically stored information.

8.      On or before February 26, 2010, BAS produced approximately 95,000 files to Plaintiffs (including natively produced files), amounting to more than 6.8 million pages. These files were retrieved from 40 custodians using the TASER search terms.

9.      On or before June 1, 2010, BAS produced approximately 81,000 files, amounting to more than 120,000 pages.  These files were retrieved from 40 custodians using non-TASER search terms agreed upon on or about January 11, 2010.

Executed on this 19th day of July 2010.

_____
Andrew J. Frackman, Esq.

Sworn to and subscribed
before me this 19th day of July 2010.

_____
Notary Public

My commission expires   9|27|13

STEPHANIE CASSAGNOL
NOTARY PUBLIC, State of New York
No. 2C-031 xx....1275
Qualified in Kings County
Certificate Filed in New York County
Commission Expires Sept. 27, 2009 2013

3

**State Court of Fulton County**
**\*\*\*EFILED\*\*\***
LexisNexis Transaction ID: 32215379
Date: Jul 19 2010  9:53PM
Mark Harper, Clerk

## IN THE STATE COURT OF FULTON COUNTY
## STATE OF GEORGIA

TASER INTERNATIONAL, INC.,
*et al.*,

      Plaintiffs,

v.

MORGAN STANLEY & CO., INC.,
*et al.*,

      Defendants.

Civil Case No.
2008-EV-004739-B

---

### AFFIDAVIT OF JEFFREY M. GOULD IN SUPPORT OF DEFENDANTS' MOTION FOR PROTECTIVE ORDER WITH RESPECT TO PLAINTIFFS' JUNE 10, 2010 DISCOVERY

DISTRICT OF COLUMBIA      )
                             )    ss.:
                             )

Jeffrey M. Gould personally appeared before the undersigned Notary Public, who is duly authorized to administer oaths in this state, and after first being duly sworn, deposes and states as follows:

    1.    I am an associate with the law firm of Kirkland & Ellis LLP and counsel for UBS Securities, LLC ("UBS") in this action. I am over 18 years of age and have personal knowledge of the matters set forth in this affidavit. I submit this affidavit in support of Defendants' Motion for Protective Order with Respect to Plaintiffs' June 10, 2010 Discovery.

    2.    From approximately August 2009 through November 2009, UBS produced approximately 13,800 files, spanning over 294,600 pages, and including over 12.4 million data entries. These productions included certain policies and procedures concerning

prime brokerage, short sales of common stock, common stock lending, and clearance, delivery and settlement of short sales of common stock (produced between August and November 2009); organizational charts covering those groups involved in various aspects of short selling activities (produced in or around September 2009); and data from multiple sources concerning trading in TASER common stock and listed options for a six-and-one-half year period (produced in or around September 2009 and November 2009).

3.     On September 4, 2009, UBS provided written responses to Plaintiffs' questionnaire concerning its systems for storage and retrieval of e-mail and other electronically stored information.

4.     On or before January 21, 2010, UBS produced approximately 117,000 files to Plaintiffs (including natively produced files), amounting to more than 1.12 million pages. These files were retrieved from 57 custodians using the TASER search terms.

5.     Between January 22, 2010 and June 1, 2010, UBS produced approximately 148,000 additional files (including natively produced files), amounting to more than 165,000 pages.  These files were retrieved from 57 custodians using non-TASER search terms agreed upon on December 21, 2009.

Executed on this 19th day of July 2010.

Jeffrey M. Gould

Sworn to and subscribed
before me this 19th day
of July, 2010.

2

_____
Notary Public

My commission expires          Karen A. Taylor
                               Notary Public, District of Columbia
                               My Commission Expires 07-31-2014

3