# EXHIBIT B

138129.1

# NASD
# LETTER OF ACCEPTANCE, WAIVER AND CONSENT

20042000105

TO:    Department of Market Regulation
NASD

RE:    Goldman, Sachs & Co.
Broker-Dealer
CRD No. 361

Pursuant to Rule 9216 of the NASD Code of Procedure, Goldman, Sachs & Co. (the "firm" or "GSCO") submits this Letter of Acceptance, Waiver and Consent ("AWC") for the purpose of proposing a settlement of the alleged rule violations described in Part II below. This AWC is submitted on the condition that, if accepted, NASD will not bring any future actions against the firm alleging violations based on the same factual findings.

The firm understands that:

1. Submission of this AWC is voluntary and will not resolve this matter unless and until it has been reviewed and accepted by NASD's Department of Market Regulation and the National Adjudicatory Council ("NAC") Review Subcommittee or Office of Disciplinary Affairs, pursuant to NASD Rule 9216;

2. If this AWC is not accepted, its submission will not be used as evidence to prove any of the allegations against the firm; and

3. If accepted:

   a. this AWC will become part of the firm's permanent disciplinary record and may be considered in any future actions brought by the NASD or any other regulator against the firm;

   b. this AWC will be made available through NASD's public disclosure program in response to public inquiries about the firm's disciplinary record;

   c. NASD may make a public announcement concerning this agreement and the subject matter thereof in accordance with NASD Rule 8310 and IM-8310-2; and

   d. the firm may not take any action or make or permit to be made any public statement, including in regulatory filings or otherwise, denying, directly or indirectly, any allegation in this AWC or create the impression that the AWC is without factual basis. Nothing in

1

this provision affects the firm's testimonial obligations or right to take legal or factual positions in litigation or other legal proceedings in which the NASD is not a party.

The firm also understands that its experience in the securities industry and its disciplinary history may be factors that will be considered in deciding whether to accept this AWC.

GSCO became a member of the Association on October 26, 1936, and its registration remains in effect. GSCO has the following relevant disciplinary history:

- In December 2004, NASD accepted GSCO's AWC (CMS040209) in which the firm agreed to a fine of $5,000 for supervisory deficiencies, in violation of Conduct Rules 2110 and 3010.

- In July 2004, NASD accepted GSCO's AWC (CMS040106) in which the firm agreed to a censure and a fine totaling $5 million for violations of NASD Conduct Rules 2110 and 3010, among other NASD rules, and Section 17(a) of the Securities Exchange Act of 1934, and Rules 17a-3 and 17a-4 thereunder, between July 2000 and August 2001. Of the total amount of the fine, $1.5 million was for supervision deficiencies in the area of high yield and distressed bond trading.

- In November 2002 (CAF020064), as part of a global settlement also involving the Securities and Exchange Commission and the New York Stock Exchange, NASD censured the firm and fined it for violations of the recordkeeping provisions of Section 17(a) of the Securities Exchange Act of 1934 and Rules 17a-3 and 17a-4, and NASD Conduct Rules 3010 and 3110 that took place from 1999 to at least 2001. Total fines against the firm were $1,650,000 ($550,000 each to NASD, NYSE, and SEC) and the firm undertook to revise its written supervisory procedures.

- In August 2002, NASD accepted GSCO's AWC (CMS020150) in which it agreed to a censure and a fine totaling $7,500, which included violations of Marketplace Rule 6130(d) that took place in March 2000.

## I.

## WAIVER OF PROCEDURAL RIGHTS

The firm specifically and voluntarily waives the following rights granted under the NASD's Code of Procedure:

A. To have a Formal Complaint issued specifying the allegations against the firm;

B. To be notified of the Formal Complaint and have the opportunity to answer the allegations in writing;

C. To defend against the allegations in a disciplinary hearing before a hearing panel, to have a written record of the hearing made and to have a written decision issued; and

D. To appeal any such decision to the NAC and then to the U.S. Securities and Exchange Commission and a U.S. Court of Appeals.

Further, the firm specifically and voluntarily waives any right to claim bias or prejudgment of the General Counsel, the NAC, or any member of the NAC, in connection with such person's or body's participation in discussions regarding the terms and conditions of this AWC, or other consideration of this AWC, including acceptance. or rejection of this AWC.

The firm further specifically and voluntarily waives any right to claim that a person violated the *ex parte* prohibitions of Rule 9143 or the separation of functions prohibitions of Rule 9144, in connection with such person's or body's participation in discussions regarding the terms and conditions of this AWC, or other consideration of this AWC, including its acceptance or rejection.

## II.

## ACCEPTANCE AND CONSENT

This matter is the result of the Department of Market Regulation's Trading and Market Making Surveillance Examination in MRD200341928/20042000105, for which the on-site portion of the examination took place on September 15-22, 2003.

The staff reviewed the following for trade dates July 22 and 23, 2003:

- 30 customer sale transactions, for compliance with NASD Conduct Rules 3110 and 3370 and SEC Rule 10a-1;
- 20 proprietary sale transactions, for compliance with NASD Conduct Rule 3370 and SEC Rule 10a-1;

3

20042000105/MRD200341928 (MJD)

- 34 sales in NNM securities, for compliance with NASD Marketplace Rule 6130;
- 8 short sales in NNM securities, for compliance with NASD Conduct Rule 3350;
- 2 short sales in CQS securities, for compliance with SEC Rule 10a-1;
- 50 limit orders in market making securities, for compliance with NASD Conduct Rules 2110, IM-2110-2, and 2320, Marketplace Rule 6440, and SEC Rule 11Ac1-4;
- 25 marketable orders received while holding "non-displayed" limit orders in the same security, for compliance with NASD Conduct Rule 2320;
- 10 market orders executed as principal, for compliance with NASD Conduct Rule 2320;
- 60 limit and market orders executed in a principal or riskless principal capacity, for compliance with capacity reporting under NASD Trade Reporting and ACT rules;
- 7 open buy limit orders and stop sell limit orders in securities traded exdividend, for compliance with NASD Conduct Rule 3220;
- 65 trades reported as riskless principal, agent, and principal, for compliance with the SEC section 28(e) safe harbor on soft dollar compensation; and
- 25 trades reported and modified through a mixed capacity regulatory report, for compliance with NASD Marketplace Rule 6130;
- 25 trades reported in market making securities, for compliance with SEC Rule 11Ac1-5;
- 4 security/size/order data statistics published on the firm's monthly order execution report, for compliance with SEC Rule 11Ac1-5;
- data published on the firm's quarterly order routing report, for compliance with SEC Rule 11Ac1-6;
- the firm's establishment and implementation of "regular & rigorous" reviews of the execution quality of orders sent to other market centers for execution, for compliance with NASD Rules 2320 and 3010;
- 50 orders for trades which were eligible for OATS reporting, reviewed for compliance with NASD Rule 6955;
- 25 customer transactions in OTCBB and/or OTC equity securities, for compliance with NASD Rules 3110(b) and 2320;
- 11 persons engaged in the firm's trading and market making activities, for compliance with NASD Registration rules;
- 272 order/trade records prepared and maintained for the above samples, for compliance with NASD Rule 3110 and SEC Rules 17a-3 and 17a-4;
- trades reported to ACT, for compliance with NASD Trade Reporting and ACT rules;
- 125 customer trade confirmations, for compliance with SEC Rule 10b-10, (soft dollars and mixed-capacity included); and

4

- the firm's establishment and implementation of a supervisory system and written supervisory procedures, for compliance with NASD Conduct Rule 3010.

A. The firm hereby accepts and consents, without admitting or denying the allegations or findings, and solely for the purposes of this proceeding and any other proceeding brought by or on behalf of NASD, or to which NASD is a party, prior to a hearing and without an adjudication of any issue of law or fact, to the entry of the following findings by NASD:

1. During the review period, the firm effected six short sales in certain securities for the firm's proprietary account(s) and failed to make/annotate an affirmative determination that the firm could borrow the securities or otherwise provide for delivery of the securities by settlement date.

2. The conduct described in paragraph one constitutes separate and distinct violations of NASD Conduct Rule 3370.

3. GSCO failed in 11 instances to correctly report to ACT riskless principal transactions in Nasdaq National Market securities.

4. The conduct described in paragraph three constitutes separate and distinct violations of NASD Marketplace Rule 4632.

5. During the review period, GSCO executed two short sale transactions and failed to report each of these transactions to ACT with a short sale modifier.

6. During the review period, GSCO failed to report to ACT the correct symbol indicating whether the transaction was a buy, sell, sell short, sell short exempt or cross for four transactions in eligible securities.

7. The conduct described in paragraphs five and six constitutes separate and distinct violations of NASD Marketplace Rule 6130.

8. During the review period, GSCO transmitted to OATS nine reports that contained inaccurate, incomplete, or improperly formatted data. Specifically, in five instances, GSCO improperly included the exception code "M" in the OATS report. In two instances, GSCO incorrectly reported customer buys to OATS as proprietary short sales. In one instance, GSCO incorrectly reported to OATS a market order as a limit order. In one instance, GSCO failed to report the special handling code of Not Held to OATS.

GS_T 000053

9. The conduct described in paragraph eight constitutes separate and distinct violations of NASD Marketplace Rule 6955(a) and a violation of Conduct Rule 2110.

10. The firm's supervisory system did not provide for supervision reasonably designed to achieve compliance with respect to the applicable securities laws and regulations, and the Rules of NASD, concerning trade reporting, short sales, and customer sale transaction reporting obligations. Specifically, the firm's supervisory system did not include written supervisory procedures providing for: (1) identification of the person(s) responsible for supervision with respect to the applicable rules; (2) a statement of the supervisory step(s) to be taken by the identified person(s); (3) a statement as to how often such person(s) should take such step(s); and (4) a statement as to how the completion of the step(s) included in the written supervisory procedures should be documented.

11. The conduct described in paragraph 10 constitutes separate and distinct violations of NASD Conduct Rules 2110 and 3010.

B. The firm also consents to the imposition, at a maximum, of the following sanctions:

> A censure and a fine totaling $25,000, comprised of a $5,000 fine for the short sale violations, $5,000 each for Marketplace Rules 4632 and 6130, $5,000 for the OATS violations, and $5,000 for the deficient written supervisory procedures.

The sanctions imposed herein shall be effective on a date set by the Association staff.

### III.

### OTHER MATTERS

A. The firm understands that it may attach a Corrective Action Statement to this AWC, which is a statement of demonstrable corrective steps taken to prevent future misconduct. Respondent understands that it may not deny the charges or make any statement that is inconsistent with the AWC in this Statement. This Statement does not constitute factual or legal findings by NASD, nor does it reflect the views of NASD or its staff.

B. The firm agrees to pay any monetary sanctions imposed on it upon notice that this AWC has been accepted and that such payments are due and payable, and has attached the Election of Payment form showing the method by which the firm proposes to pay any fine imposed.

6

20042000105/MRD20034]928 (MJD)

GS_T 000054

C.  The firm specifically and voluntarily waives any right to claim that it is unable to pay, now or at any time hereafter, any monetary sanction imposed in this matter.

The firm certifies that it has read and understands all of the provisions of this AWC and has been given a full opportunity to ask questions about it, and that no offer, threat, inducement, or promise of any kind, other than the terms set forth herein, has been made to induce the firm to submit it.

6/15/05
Date

Respondent,
Goldman, Sachs & Co.

By: _____
Name: Armando A. Diaz
Title: MD

Reviewed by:

_____
Counsel for Goldman, Sachs & Co.

Accepted by NASD:

7/18/05
Date

_____
Thomas R. Gira
Executive Vice President and Deputy
Department of Market Regulation

Signed on behalf of the Director of ODA,
by delegated authority

Attachment:

Standard Election of Payment Form

7

20042000105/MRD200341928 (MJD)

GS_T 000055

Attachment

## ELECTION OF PAYMENT FORM

Goldman, Sachs & Co. intends to pay the fine proposed in Section II of the Letter of Acceptance, Waiver and Consent by the following method (check one):

☒ A personal/firm check or bank check for the full amount;

☐ Credit card authorization for the full amount;[1]

☐ The installment payment plan (only if approved by NASD staff and the National Adjudicatory Council).[2]

Respectfully submitted,
Goldman, Sachs & Co.

6/15/05
Date

By: *Jeffrey S. Mathews*

Name: Jeffrey S. Mathews

Title: Vice President

---

[1] Only MasterCard and Visa are accepted for payment by credit card. If this option is chosen, the appropriate forms will be mailed to you, with an invoice, by the NASD's Finance Department. **Do not include your credit card number on this form.**

[2] The installment payment plan is only available for fines of $5,000 or more. Certain interest payments, minimum initial and monthly payments, and other requirements apply. You must discuss these terms with the NASD staff prior to requesting this method of payment.

8

20042000105/MRD200341928 (MJD)