# EXHIBIT  C

138129.1

## NASD
## NOTICE OF ACCEPTANCE OF AWC

October 13, 2005

CERTIFIED, RETURN RECEIPT REQUESTED

To:    Goldman, Sachs & Co.
Attn:   Jeffrey S. Mathews
       Vice President
       30 Hudson Street, 27th Floor
       Jersey City, NJ  07302-4699

      Re:  Letter of Acceptance, Waiver and Consent No. 20050002343-01 AWC

Dear Mr. Mathews:

Please be advised that the above-referenced Letter of Acceptance, Waiver and Consent has been accepted by NASD's Office of Disciplinary Affairs and the National Adjudicatory Council.  A copy is enclosed herewith.

You are again reminded of GSCO's obligation to immediately update GSCO's registration (Form BD) to reflect the conclusion of this disciplinary action.  Additionally, you must also notify NASD in writing of any change of address or other changes required to be made to GSCO's Form BD.

You will be notified by our CRD/Public Disclosure Department regarding sanctions, and by the Finance Department regarding the payment of any fine.  If you have any questions concerning this matter, please call the Finance Department at (240) 386-5392.

Very truly yours,

Thomas R. Gira
Executive Vice President & Deputy
Market Regulation

Enclosure

cc:    District 10
      Hans Reich, Regional Director
      One Liberty Plaza
      New York, NY 10006

## NASD
### LETTER OF ACCEPTANCE, WAIVER AND CONSENT
#### 20050002343-01

TO:  Department of Market Regulation
     NASD

RE:  Goldman, Sachs & Co.
     Broker-Dealer
     CRD No. 361

Pursuant to Rule 9216 of the NASD Code of Procedure, Goldman, Sachs & Co. (the "firm" or "GSCO") submits this Letter of Acceptance, Waiver and Consent ("AWC") for the purpose of proposing a settlement of the alleged rule violations described in Part II below. This AWC is submitted on the condition that, if accepted, NASD will not bring any future actions against the firm alleging violations based on the same factual findings.

The firm understands that:

    1.    Submission of this AWC is voluntary and will not resolve this matter unless and until it has been reviewed and accepted by NASD's Department of Market Regulation and the National Adjudicatory Council ("NAC") Review Subcommittee or Office of Disciplinary Affairs, pursuant to NASD Rule 9216;

    2.    If this AWC is not accepted, its submission will not be used as evidence to prove any of the allegations against the firm; and

    3.    If accepted:

        a.    this AWC will become part of the firm's permanent disciplinary record and may be considered in any future actions brought by the NASD or any other regulator against the firm;

        b.    this AWC will be made available through NASD's public disclosure program in response to public inquiries about the firm's disciplinary record;

        c.    NASD may make a public announcement concerning this agreement and the subject matter thereof in accordance with NASD Rule 8310 and IM-8310-2; and

        d.    the firm may not take any action or make or permit to be made any public statement, including in regulatory filings or otherwise, denying, directly or indirectly, any allegation in this AWC or create the impression that the AWC is without factual basis. Nothing in this provision affects the firm's testimonial obligations or right to take legal or factual positions in litigation or other legal proceedings in which the NASD is not a party.

GS_T 000058

The firm also understands that its experience in the securities industry and its disciplinary history may be factors that will be considered in deciding whether to accept this AWC.

GSCO became a member of the Association on October 26, 1936, and its registration remains in effect. GSCO has the following relevant disciplinary history:

- In July 2005, NASD accepted GSCO's AWC (No. 20042000105) in which the firm agreed to a censure and a fine of $25,000, of which $5,000 was for violations of Conduct Rule 3370, $5,000 for Marketplace Rule 6130, and $5,000 for supervisory deficiencies during September 2003.

- In December 2004, NASD accepted GSCO's AWC (CMS040209) in which the firm agreed to a fine of $5,000 for supervisory deficiencies, in violation of Conduct Rule 3010.

- In July 2004, NASD accepted GSCO's AWC (CMS040106) in which the firm agreed to a censure and a fine totaling $5,000,000 for violations of NASD Conduct Rules 2110, 2440, IM-2440, 3010, and 3110, Marketplace Rule 6240, and Section 17(a) of the Securities Exchange Act of 1934 and Rules 17a-3 and 17a-4 thereunder that took place between July 2000 and August 2001. The amount included $343,575 in restitution and fines of $1,656,425 for markup/markdown and Fixed Income Pricing System reporting violations, $1,500,000 for books and records violations, and $1,500,000 for supervision deficiencies in the area of high yield and distressed bond trading.

- In November 2002 (CAF020064), as part of a global settlement also involving the Securities and Exchange Commission and the New York Stock Exchange, NASD censured and fined the firm for violations of the recordkeeping provisions of Section 17(a) of the Securities Exchange Act of 1934 and Rules 17a-3 and 17a-4, and NASD Conduct Rules 3010 and 3110 that took place from 1999 to at least 2001. Total fines against the firm were $1,650,000 ($550,000 each to NASD, NYSE, and SEC) and the firm undertook to revise its written supervisory procedures.

- In August 2002, NASD accepted GSCO's AWC (CMS020150) in which it agreed to a censure and a fine totaling $7,500, which included violations of Marketplace Rule 6130(d) that took place in March 2000.

2

GS_T 000059

# I.

## WAIVER OF PROCEDURAL RIGHTS

The firm specifically and voluntarily waives the following rights granted under the NASD's Code of Procedure:

    A.    To have a Formal Complaint issued specifying the allegations against the firm;

    B.    To be notified of the Formal Complaint and have the opportunity to answer the allegations in writing;

    C.    To defend against the allegations in a disciplinary hearing before a hearing panel, to have a written record of the hearing made and to have a written decision issued; and

    D.    To appeal any such decision to the NAC and then to the U.S. Securities and Exchange Commission and a U.S. Court of Appeals.

Further, the firm specifically and voluntarily waives any right to claim bias or prejudgment of the General Counsel, the NAC, or any member of the NAC, in connection with such person's or body's participation in discussions regarding the terms and conditions of this AWC, or other consideration of this AWC, including acceptance, or rejection of this AWC.

The firm further specifically and voluntarily waives any right to claim that a person violated the *ex parte* prohibitions of Rule 9143 or the separation of functions prohibitions of Rule 9144, in connection with such person's or body's participation in discussions regarding the terms and conditions of this AWC, or other consideration of this AWC, including its acceptance or rejection.

# II.

## ACCEPTANCE AND CONSENT

This matter is the result of the Department of Market Regulation's Trading and Market Making Surveillance Examination in MRD200448353/20050002343 (the "TMMS exam"), for which the on-site portion of the examination took place on October 25 and 26, 2004.

The staff reviewed the following during the on-site examination for trade dates August 23 and 24, 2004:

- 23 customer sale orders, for compliance with NASD Conduct Rules 3110 and 3370;
- 25 proprietary sale transactions, for compliance with NASD Conduct Rule 3370 and SEC Rule 10a-1;

3

GS_T 000060

- 92 customer and proprietary sales, for compliance with Marketplace Rule 6130 (ACT short sale reporting);
- 3 short sales in NNM securities, for compliance with NASD Conduct Rule 3350;
- 5 short sales in CQS securities, for compliance with SEC Rule 10a-1;
- 50 limit orders executed as principal, for compliance with NASD Conduct Rules 2110, IM-2110-2, and 2320, Marketplace Rules 6440 and 6541, and SEC Rules 11Ac1-1 and 11Ac1-4;
- 21 "non-displayed" limit orders, for compliance with Conduct Rule 2320;
- 42 limit and market orders executed in a principal or riskless principal capacity, for compliance with capacity reporting under NASD Trade Reporting and ACT rules;
- 10 institutional market not-held orders for compliance with Conduct Rule 2320;
- 5 orders for Nasdaq securities in soft dollar accounts and 99 related executions, for compliance with trade reporting rules and the safe harbor limitations of SEC section 28(e);
- 10 open buy limit orders and stop sell limit orders in securities traded ex-dividend, for compliance with NASD Rule 3220;
- 25 trades reported and modified through a mixed capacity regulatory report, for compliance with NASD Marketplace Rule 6130;
- 25 orders in securities for which the firm was a market center, for compliance with the order size/type requirement of SEC Rule 11Ac1-5;
- 4 security/size/order data statistics published on the firm's monthly order execution report for the month of August 2004, for compliance with SEC Rule 11Ac1-5;
- data published on the firm's quarterly order routing report, for compliance with SEC Rule 11Ac1-6;
- 25 customer transactions in OTCBB and OTC equity securities, for compliance with Conduct Rules 2320 and 3110(b);
- 12 persons engaged in the firm's trading and market making activities, for compliance with NASD Registration rules;
- 287 order/trade records prepared and maintained for the above samples, for compliance with NASD Rule 3110 and SEC Rules 17a-3 and 17a-4;
- 833 trades reported to ACT or TRACS, for compliance with NASD Trade Reporting and ACT rules;
- 12 customer trade confirmations, for compliance with SEC Rule 10b-10;
- the firm's establishment and implementation of "regular & rigorous" reviews of the execution quality of orders sent to other market centers for execution, for compliance with NASD Rules 2320 and 3010; and
- the firm's establishment and implementation of a supervisory system and written supervisory procedures, for compliance with NASD Rule 3010.

4

GS_T 000061

A.  The firm hereby accepts and consents, without admitting or denying the allegations or findings, and solely for the purposes of this proceeding and any other proceeding brought by or on behalf of NASD, or to which NASD is a party, prior to a hearing and without an adjudication of any issue of law or fact, to the entry of the following findings by NASD:

1.  During the review period, the firm effected 13 short sales in certain securities for the firm's proprietary accounts and failed to make/annotate an affirmative determination that the firm could borrow the securities or otherwise provide for delivery of the securities by settlement date.

2.  The conduct described in paragraph one constitutes separate and distinct violations of NASD Conduct Rule 3370.

3.  During the review period, GSCO executed 11 short sale transactions and failed to report each of these transactions to the Nasdaq Market Center with a short sale modifier. In three instances, GSCO incorrectly reported long sale transactions to the Nasdaq Market Center with a short sale modifier. In two instances, GSCO incorrectly reported to the Nasdaq Market Center journal entries between GSCO accounts.

4.  The conduct described in paragraph three constitutes separate and distinct violations of NASD Marketplace Rule 6130.

5.  The firm's supervisory system did not provide for supervision reasonably designed to achieve compliance with respect to the applicable securities laws and regulations, and the Rules of NASD, concerning registration and books and records. Specifically, the firm's supervisory system did not include written supervisory procedures providing for: (1) identification of the person(s) responsible for supervision with respect to the applicable rules; (2) a statement of the supervisory step(s) to be taken by the identified person(s); (3) a statement as to how often such person(s) should take such step(s); and (4) a statement as to how the completion of the step(s) included in the written supervisory procedures should be documented.

6.  The conduct described in paragraph five constitutes separate and distinct violations of NASD Conduct Rules 2110 and 3010.

B.  The firm also consents to the imposition, at a maximum, of the following sanctions:

A censure and a fine totaling $15,000, comprised of a $5,000 fine for the short sale violations, $5,000 for Marketplace Rule 6130, and $5,000 for supervision deficiencies.

5

GS_T 000062

The sanctions imposed herein shall be effective on a date set by the Association staff.

## III.

### OTHER MATTERS

A.  The firm understands that it may attach a Corrective Action Statement to this AWC, which is a statement of demonstrable corrective steps taken to prevent future misconduct. Respondent understands that it may not deny the charges or make any statement that is inconsistent with the AWC in this Statement. This Statement does not constitute factual or legal findings by NASD, nor does it reflect the views of NASD or its staff.

B.  The firm agrees to pay any monetary sanctions imposed on it upon notice that this AWC has been accepted and that such payments are due and payable, and has attached the Election of Payment form showing the method by which the firm proposes to pay any fine imposed.

C.  The firm specifically and voluntarily waives any right to claim that it is unable to pay, now or at any time hereafter, any monetary sanction imposed in this matter.

The firm certifies that it has read and understands all of the provisions of this AWC and has been given a full opportunity to ask questions about it, and that no offer, threat, inducement, or promise of any kind, other than the terms set forth herein, has been made to induce the firm to submit it.

Respondent,
Goldman, Sachs & Co.

8|26|05
Date

By: _____

Name: Armando A. Diaz

Title: MD

Reviewed by: _____

_____
Counsel for Goldman, Sachs & Co.

6

GS_T 000063

Accepted by NASD:

_____10/13/05_____
Date

_Thomas R. Gira_ (signature)
Thomas R. Gira
Executive Vice President and Deputy
Department of Market Regulation

Signed on behalf of the Director of ODA,
by delegated authority

Attachment:

     Standard Election of Payment Form

7

GS_T 000064

Attachment

## ELECTION OF PAYMENT FORM

Goldman, Sachs & Co. intends to pay the fine proposed in Section II of the Letter of Acceptance, Waiver and Consent by the following method (check one):

☒  A personal/firm check or bank check for the full amount;

☐  Credit card authorization for the full amount;[1]

☐  The installment payment plan (only if approved by NASD staff and the National Adjudicatory Council).[2]

Respectfully submitted,
Goldman, Sachs & Co.

8/26/05
Date

By: _Jeffrey Matthews_

Name: _Jeffrey S. Matthews_

Title: _VP_

---

[1]  Only MasterCard and Visa are accepted for payment by credit card. If this option is chosen, the appropriate forms will be mailed to you, with an invoice, by the NASD's Finance Department. Do not include your credit card number on this form.

[2]  The installment payment plan is only available for fines of $5,000 or more. Certain interest payments, minimum initial and monthly payments, and other requirements apply. You must discuss these terms with the NASD staff prior to requesting this method of payment.

8

20050002343/MRD200448353 (MJD)

GS_T 000065