# EXHIBIT E

138129.1



Financial Industry Regulatory Authority

### VIA ELECTRONIC MAIL AND FEDERAL EXPRESS

January 29, 2009

Janet A. Broeckel, Esq.
Managing Director and Associate General Counsel
Goldman Sachs & Co.
One New York Plaza
New York, New York 10004

RE: **Cautionary Action in the Matter of Goldman Sachs & Co.**

Dear Ms. Broeckel:

As you know, the Enforcement Department of the Financial Industry Regulatory Authority ("FINRA") has been investigating Goldman Sachs & Co. ("GSCO" or the "Firm") regarding its compliance with 17 CFR Part 242 ("Reg SHO").

Please be advised that based on the information presently available to FINRA, the investigation has been concluded with the disposition set forth below.

Reg SHO Rule 203(b)(1) requires the Firm to have a reasonable basis for accepting away locates and Reg SHO Rules 200(g)(1) and 203(a) require the Firm to have a reasonable basis for accepting long sale orders. It is FINRA's expectation that all of its members have the capability of demonstrating that they have reasonable grounds for accepting and/or marking an order as long; and for accepting an away locate as a basis for entry of a short sale order.

Enforcement's investigation revealed that from January 2005 through the present, GSCO was not consistently capable of demonstrating that it had a reasonable basis for accepting away locates and long sale orders because those determinations were not adequately documented.

FINRA's investigation further revealed that during the period of June 5, 2006 to August 1, 2006, the Firm failed to comply with specific provisions of Reg SHO as follows. On at least five occasions during that period, GSCO was unable to document that it had a valid locate for an order accepted for execution. This conduct violated Reg SHO Rule 203(b)(1) in that the Firm:

a) accepted short sale orders in equity securities without having borrowed the security, entered into a bona-fide arrangement to borrow the security, or reasonable grounds to believe that the security could be borrowed so that it could be delivered on the date delivery was due in that it.

Investor protection. Market integrity.

14 Wall Street
New York, NY
10005-2101

www.finra.org

CONFIDENTIAL                                                                                          GS_T 000133

b) failed to document that it had borrowed the security, entered into a bona-fide arrangement to borrow the security, or had reasonable grounds to believe that the security could be borrowed so that it could be delivered on the date delivery was due before accepting short sale orders in equity securities from other persons and/or effecting short sale orders in equity securities for its own account.

In determining the appropriate regulatory action in this matter, FINRA considered the Firm's letter, dated January 16, 2009, which commits the Firm to implement enhanced procedures by April 30, 2009 regarding the monitoring and documenting of its review of (1) long sales for which the customer fails to deliver securities to the Firm for settlement, and (2) short sales for which the customer provides an away locate.

Nonetheless, the Firm is required to know and comply with federal securities laws and NASD rules. The Firm's conduct in this matter did not satisfy such obligations.

For your information, a Cautionary Action is not included in the Central Registration Depository (CRD), nor must it be reported on Form BD or Form U4. However, since it is a cautionary action, repeat violations will be taken into consideration in determining any future matter.

If you have any questions regarding this matter, you may contact Janice Payne at 646-315-7387.

Very truly yours,

Suzanne R. Elovic
Chief Counsel

Janice A. Payne
Senior Counsel

FINRA Enforcement
14 Wall Street
New York, NY 10005

cc: Beth A. Stekler, Esq., WilmerHale, 1875 Pennsylvania Avenue NW Washington, DC 20006 (Counsel for GSCO)(Via E-mail and Federal Express)


Financial Industry Regulatory Authority

**VIA FEDERAL EXPRESS**

January 29, 2009

Mr. Richard J. Wade, Jr.
Chief Compliance Officer
Goldman Sachs Execution & Clearing, L.P.
30 Hudson Street
Jersey City, New Jersey 07302

RE:   **Cautionary Action in the Matter of Goldman Sachs Execution & Clearing, L.P.**

Dear Mr. Wade:

As you know, the Enforcement Department of the Financial Industry Regulatory Authority ("FINRA") has been investigating Goldman Sachs Execution & Clearing, L.P. ("GSEC" or the "Firm") regarding its compliance with 17 CFR Part 242 ("Reg SHO").

Please be advised that based on the information presently available to FINRA, the investigation has been concluded with the disposition set forth below.

Reg SHO Rule 203(b)(1) requires the Firm to have a reasonable basis for accepting away locates and Reg SHO Rules 200(g)(1) and 203(a) require the Firm to have a reasonable basis for accepting long sale orders. It is FINRA's expectation that all of its members have the capability of demonstrating that they have reasonable grounds for accepting and/or marking an order as long; and for accepting an away locate as a basis for entry of a short sale order.

Enforcement's investigation revealed that from June 2006 through the present, GSEC was not consistently capable of demonstrating that it had a reasonable basis for accepting away locates and long sale orders because those determinations were not adequately documented.

In determining the appropriate regulatory action in this matter, FINRA considered the Firm's letter, dated January 16, 2009, which commits the Firm to implement enhanced procedures by April 30, 2009 regarding the monitoring and documenting of its review of (1) long sales for which the customer fails to deliver securities to the Firm for settlement, and (2) short sales for which the customer provides an away locate.

Nonetheless, the Firm is required to know and comply with federal securities laws and NASD rules. The Firm's conduct in this matter did not satisfy such obligations.

Investor protection. Market integrity.   14 Wall Street   www.finra.org
New York, NY
10005-2101

**CONFIDENTIAL**   GS_T 000135

For your information, a Cautionary Action is not included in the Central Registration Depository (CRD), nor must it be reported on Form BD or Form U4. However, since it is a cautionary action, repeat violations will be taken into consideration in determining any future matter.

If you have any questions regarding this matter, you may contact Janice Payne at 646-315-7387.

Very truly yours,

Suzanne R. Elovic
Chief Counsel

Janice A. Payne
Senior Counsel

FINRA Enforcement
14 Wall Street
New York, NY 10005

cc: Beth A. Stekler, Esq., WilmerHale, 1875 Pennsylvania Avenue NW Washington, DC 20006 (Counsel for GSEC)(Via E-mail and Federal Express)

**CONFIDENTIAL**

GS_T 000136