# EXHIBIT G

138129.1



July 10, 2006

**Via Facsimile (312) 362-2251 and U.S. Mail**

Goldman Sachs Execution & Clearing, L.P./FOC
c/o Steven O'Malley
Vice President, Compliance
440 South Lasalle Street
Chicago, IL 60605-1058

Re:   Compliance Conference
      Case No.'s 20050004618
                 20050011737
                 20050014892
                 20050015707
                 20050017567
                 20050023950
                 20050024995

Dear Mr. O'Malley:

This letter concerns the Market Regulation Department staff's ("the staff") review of Goldman Sachs Execution & Clearing, L.P.'s ("FOCC" or "the firm") fails to deliver in various Threshold securities during the period of January 7, 2005 through August 25, 2005 (the "review period").

The staff's review revealed certain deficiencies in FOCC's compliance with the close out provisions of SEC Regulation SHO ("SEC Rule 203(b)(3)") as well as FOCC's written supervisory procedures relating to Regulation SHO. Specifically,

1. the firm did not adequately take steps to close out fails to deliver in threshold securities that were caused by long sale transactions; and
2. the firm's written supervisory system did not provide for supervision reasonably designed to achieve compliance with respect to SEC Rules 200(g) ("Order Marking"), 203(a) ("Long Sales"), 203(b) ("Locate Requirements"), and 203(b)(3) ("Threshold Securities"). Specifically, the firm's supervisory system did not include written supervisory procedures providing for: (1) the identification of the person(s) responsible for supervision with respect to the applicable rules; (2) a statement of the supervisory step(s) to be taken by the identified person(s); (3) a statement as to how often such person(s) should take such step(s); and (4) a statement as to how the completion of the steps included in the written supervisory procedures should be documented.

Consequently, it has been determined that these deficiencies should be the subject of a Compliance Conference to be conducted at NASD.

Although the staff does not contemplate taking further action at this time with respect to this matter, your firm is cautioned that further evidence of these or other violations relating to SEC

**Market Regulation**
9509 Key West Avenue     tel 240 386 5126
Rockville, MD            fax 240 386 5139
20850-3329               www.nasd.com

Investor protection. Market Integrity.

CONFIDENTIAL                                                          GS_T 000095

Goldman Sachs Execution & Clearing, L.P./FOC
July 10, 2006
Page 2

Rule 203(b)(3) or supervision could result in a formal disciplinary action against the firm and/or individual(s) responsible.

For your information, a Compliance Conference is a cautionary action by NASD and is not included in the Central Registration Depository, nor must it be reported on Form BD. It has been long-standing NASD practice that Compliance Conferences and other regulatory actions against a firm for prior violations of a particular rule will be considered by NASD staff in determining an appropriate disciplinary action against the firm for subsequent violations of that rule.

The firm is required to send a letter to the staff within two weeks after the Compliance Conference is completed. The letter must be signed by a registered principal of the firm; acknowledge each deficiency that was discussed during the Compliance Conference; and set forth the steps that will be taken by the firm to address each deficiency.

You are required to contact the staff within two weeks to schedule the Compliance Conference, which is to take place no later than **August 28, 2006**. Any questions regarding this matter should be directed to Christopher Trabert at (240) 386-6038.

Sincerely,

*[signature]*

Cameron K. Funkhouser
Senior Vice President
Market Regulation


cc: Diane Jensen, Administrative Assistant, Legal Section
    Carlotta Romano, Regional Director, NASD District 8

**NASD**

July 10, 2006

<u>Via Facsimile (312) 362-2251 and U.S. Mail</u>

Mr. Steven O'Malley
Vice President, Compliance
Goldman Sachs Execution & Clearing, L.P./FOC
440 South Lasalle Street
Chicago, IL 60605-1058

Re:   Case No.'s 20050004618
            20050011737
            20050014892
            20050015707
            20050017567
            20050023950
            20050024995

Dear Mr. O'Malley:

This letter is being provided to Goldman Sachs Execution & Clearing, L.P. ("the firm") in connection with the Market Regulation Department's ("the staff") reviews of the firm's compliance with the close out provisions of SEC Regulation SHO ("SEC Rule 203(b)(3)") during the period of January 7, 2005 through August 25, 2005 (the "review period").

SEC Rule 203(b)(3) requires a participant of a registered clearing agency that has a fail to deliver position at a registered clearing agency in a threshold security for thirteen consecutive settlement days, to immediately close out the fail to deliver position by purchasing securities of like kind and quantity. According to guidance published by the U.S. Securities and Exchange Commission ("SEC") on March 17, 2006, in Frequently Asked Question 5.8 ("FAQ 5.8"), a participant's close out obligation under this rule is determined by the change in its end-of-day net fail to deliver position, in excess of any grandfathered amount, that has remained open for 13 consecutive settlement days. The SEC further states that if the participant reduces its end-of-day net fail to deliver position prior to the 13th consecutive settlement day, the participant may first apply such reduction to the most recent increase in its fail to deliver position and then to any increase existing on the day preceding that day and so forth (i.e., on a LIFO basis). According to the SEC's guidance, a member may only apply a reduction in its end-of-day net fail to deliver in accordance with the methodology described in FAQ 5.8.

The staff's reviews revealed that during the review period, the firm applied reductions in its end-of-day net fail to deliver positions to the most aged increase in its fail to deliver positions (i.e., on a FIFO basis). It is the staff's understanding that this FIFO methodology is inconsistent with the guidance published in FAQ 5.8. According to NASD Notice to Members 06-18, member firms must implement a methodology consistent with FAQ 5.8 no later than May 1, 2006. Accordingly, the firm

Investor protection. Market integrity.   9509 Key West Avenue
Rockville, MD
20850-3329   tel 301 590 6500
www.rasd.com

CONFIDENTIAL                                                                GS_T 000097

Mr. Steven O'Malley
July 10, 2006
Page 2

should no longer be utilizing the FIFO methodology when determining its close out obligations under SEC Rule 203(b)(3). The staff requests that the firm submit a letter to the staff that is signed by a registered principal of the firm, acknowledges receipt of this correspondence, provides the date the firm ceased utilizing the FIFO methodology, and confirms that the firm has updated its compliance and supervisory procedures accordingly.

The above cited reviews of the firm continue to remain open at NASD and a final determination regarding their resolution has not been made. Additionally, the firm may be subject to ongoing surveillance by the Market Regulation Department for compliance with NASD and SEC short sale rules, and may be subject to formal disciplinary action should the staff uncover any activity that is not in conformance with the SEC guidance described above.

If you have any questions concerning this matter, please contact the undersigned at (240) 386-5034.

Sincerely,

*Yvonne K. Huber*

Yvonne K. Huber
Associate Director
Market Regulation

CONFIDENTIAL                                                                     GS_T 000098