# EXHIBIT J

138129.1

Date Received by NASD:
Signature: 7/26/06

# NASD
## NOTICE OF ACCEPTANCE OF AWC

July 20, 2006

CERTIFIED, RETURN RECEIPT REQUESTED

To: Goldman, Sachs & Co.
Attn: Donald E. Griffith, Esq.
30 Hudson Street, 27th Floor
Jersey City, NJ 07302-4699

gph: 10/36

Re: Letter of Acceptance, Waiver and Consent No. 20050023340-01 AWC

Dear Mr. Griffith:

Please be advised that the above-referenced Letter of Acceptance, Waiver and Consent has been accepted by NASD's Office of Disciplinary Affairs and the National Adjudicatory Council. A copy is enclosed herewith.

You are again reminded of GSCO's obligation to immediately update GSCO's registration (Form BD) to reflect the conclusion of this disciplinary action. Additionally, you must also notify NASD in writing of any change of address or other changes required to be made to GSCO's Form BD.

You will be notified by our CRD/Public Disclosure Department regarding sanctions, and by the Finance Department regarding the payment of any fine. If you have any questions concerning this matter, please call the Finance Department at (240) 386-5392.

Very truly yours,

Thomas R. Gira
Executive Vice President & Deputy
Market Regulation

Enclosure

cc: NASD - District 10
Hans Reich, Regional Director
One Liberty Plaza
New York, NY 10006

JUN-14-2006 13:37 From: To:2403865132 P.2/8

# NASD
# LETTER OF ACCEPTANCE, WAIVER AND CONSENT
## 20050023340-01

TO: Department of Market Regulation
 NASD

RE: Goldman, Sachs & Co.
 BD No. 361

Pursuant to Rule 9216 of the NASD Code of Procedure, Goldman, Sachs & Co. (the "firm" or "GSCO") submits this Letter of Acceptance, Waiver and Consent ("AWC") for the purpose of proposing a settlement of the alleged rule violations described in Part II below. This AWC is submitted on the condition that, if accepted, NASD will not bring any future actions against the firm alleging violations based on the same factual findings.

The firm understands that:

1. Submission of this AWC is voluntary and will not resolve this matter unless and until it has been reviewed and accepted by NASD's Department of Market Regulation and the National Adjudicatory Council ("NAC") Review Subcommittee or Office of Disciplinary Affairs, pursuant to NASD Rule 9216;

2. If this AWC is not accepted, its submission will not be used as evidence to prove any of the allegations against the firm; and

3. If accepted:

   a. this AWC will become part of the firm's permanent disciplinary record and may be considered in any future actions brought by the NASD or any other regulator against the firm;

   b. this AWC will be made available through NASD's public disclosure program in response to public inquiries about the firm's disciplinary record;

   c. NASD may make a public announcement concerning this agreement and the subject matter thereof in accordance with NASD Rule 8310 and IM-8310-2; and

   d. the firm may not take any action or make or permit to be made any public statement, including in regulatory filings or otherwise, denying, directly or indirectly, any allegation in this AWC or create the impression that the AWC is without factual basis. Nothing in this provision affects the firm's testimonial obligations or right to take legal or factual positions in litigation or other legal proceedings in which the NASD is not a party.

20050023340 [MJD]

@002                                                    08/17/2006 09:23 FAX

GS_T 000101

The firm also understands that its experience in the securities industry and its disciplinary history may be factors that will be considered in deciding whether to accept this AWC.

GSCO became a member of NASD in 1936, and its registration remains in effect. GSCO has the following relevant disciplinary history:

- In May 2006, NASD accepted GSCO's AWC (20041000178) in which the firm agreed to a censure and a total fine of $20,000, $12,500 of which was for violations of Conduct Rule 3370 and $7,500 for violations of Marketplace Rule 6130, from November 2003 to January 2004.

- In October 2005, NASD accepted GSCO's AWC (20050002343), in which the firm agreed to a censure and a total fine of $15,000, of which $5,000 was for violations of Conduct Rule 3370 and $5,000 for violations of Marketplace Rule 6130 in August 2004.

- In July 2005, NASD accepted GSCO's AWC (20042000105) in which the firm agreed to a censure and a fine of $25,000, of which $5,000 was for violations of Conduct Rule 3370, $5,000 for Marketplace Rule 6130, and $5,000 for Marketplace Rule 6955, in July 2003.

I.

## WAIVER OF PROCEDURAL RIGHTS

The firm specifically and voluntarily waives the following rights granted under the NASD's Code of Procedure:

A. To have a Formal Complaint issued specifying the allegations against the firm;

B. To be notified of the Formal Complaint and have the opportunity to answer the allegations in writing;

C. To defend against the allegations in a disciplinary hearing before a hearing panel, to have a written record of the hearing made and to have a written decision issued; and

D. To appeal any such decision to the NAC and then to the U.S. Securities and Exchange Commission and a U.S. Court of Appeals.

Further, the firm specifically and voluntarily waives any right to claim bias or prejudgment of the General Counsel, the NAC, or any member of the NAC, in connection with such person's or body's participation in discussions regarding the terms and conditions of this AWC, or other consideration of this AWC, including acceptance, or rejection of this AWC.

2

20050023340 (MJD)

JUN-14-2006 13:37 From: To:2403865132 P.4/9

The firm further specifically and voluntarily waives any right to claim that a person violated the *ex parte* prohibitions of Rule 9143 or the separation of functions prohibitions of Rule 9144, in connection with such person's or body's participation in discussions regarding the terms and conditions of this AWC, or other consideration of this AWC, including its acceptance or rejection.

## II.

## ACCEPTANCE AND CONSENT

This matter is the result of the Department of Market Regulation's 2005 Trading and Market Making Surveillance Examination in review 20050023340, for which the on-site portion of the examination took place on October 24 to 28, 2005.

The staff reviewed the following during the on-site examination for trade dates August 3 and 4, 2005 (the "review period"):

- 113 customer and proprietary sale transactions, for compliance with SEC Rules 200(g) and/or 203(b);
- 114 customer and proprietary sales, for compliance with NASD Marketplace Rule 6130;
- 49 limit orders executed as principal, for compliance with Conduct Rules 2110, IM-2110-2, and 2320, Marketplace Rules 6440 and 6541, and SEC Rules 11Ac1-1 and 11Ac1-4;
- 4 "non-displayed" limit orders received while holding the "non-displayed" orders, for compliance with Conduct Rule 2320;
- 50 limit and market orders executed in a principal or riskless principal capacity, for compliance with capacity reporting under NASD Trade Reporting and ACT rules;
- 2 orders for Nasdaq securities in soft dollar accounts and 50 related executions, for compliance with trade reporting rules and the safe harbor limitations of SEC section 28(e);
- 10 open buy limit orders and stop sell limit orders in securities traded ex-dividend, for compliance with NASD Rule 3220;
- 37 trades reported and modified through a mixed capacity regulatory report, for compliance with NASD Marketplace Rule 6130;
- 25 orders in securities for which the firm was a market center for trades reported during August 2005, for compliance with the order size/type requirement of SEC Rule 11Ac1-5 (currently SEC Rule 605);
- 28 security/size/order data statistics published on the firm's monthly order execution report for the month of June 2005, for compliance with SEC Rule 11Ac1-5 (currently SEC Rule 605);
- data published on the firm's quarterly order routing report for the third quarter of 2005, for compliance with SEC Rule 11Ac1-6 (currently SEC Rule 606);

3

20050023340 (MJD)

08/17/2006 09:24 FAX @004

GS_T 000103

JUN-14-2006 13:37 From: To:2403965132 P.5/8

- 25 customer transactions in OTCBB and OTC equity securities, for compliance with Conduct Rules 2320 and 3110(b);
- 50 cancelled orders, for compliance with Marketplace Rules 4632(g), 4642(g), 4652(g), 6420(f), and 6620(f) and SEC Rules 17a-3(a)(6) and (a)(7);
- 10 persons engaged in the firm's trading and market making activities, selected from trading staff in August 2005, for compliance with NASD Membership and Registration Rules;
- 394 order/trade records prepared and maintained for the above samples, for compliance with NASD Rule 3110 and SEC Rules 17a-3 and 17a-4;
- 498 trades reported to ACT or TRACS in connection with the above samples, for compliance with NASD Trade Reporting and ACT rules;
- 52 customer trade confirmations, for compliance with SEC Rule 10b-10;
- 75 orders in NNM and SC securities submitted to OATS, for compliance with NASD Rule 6955;
- the firm's establishment and implementation of "regular & rigorous" reviews of the execution quality of orders sent to other market centers for execution, based on procedures in effect in August 2005, for compliance with NASD Rules 2320 and 3010; and
- the firm's establishment and implementation of a supervisory system and written supervisory procedures, based on procedures in effect in August 2005, for compliance with NASD Rule 3010.

A. The firm hereby accepts and consents, without admitting or denying the allegations or findings, and solely for the purposes of this proceeding and any other proceeding brought by or on behalf of NASD, or to which NASD is a party, prior to a hearing and without an adjudication of any issue of law or fact, to the entry of the following findings by NASD:

1. During the review period, GSCO executed seven proprietary short sales and failed to properly mark the order tickets as short.

2. The conduct described in paragraph one constitutes separate and distinct violations of SEC Rule 200(g).

3. During the review period, with respect to seven proprietary short sale transactions, GSCO incorrectly reported each transaction as a long sale.

4. The conduct described in paragraph three constitutes separate and distinct violations of NASD Marketplace Rule 6130.

5. During the review period, GSCO transmitted to OATS 66 reports that contained inaccurate, incomplete, or improperly formatted data. For example, in 32 instances, GSCO failed to submit a Cancel Report; in 22 instances, it incorrectly submitted an Order/Route Report and execution data; in five instances, the firm failed to submit Cancel/Replace Report and/or a Route Report; and in three instances, it incorrectly submitted a

4

200360233240 (MJD)

JUN-14-2006 13:38 From: To:2403865132 P.6/8

New Order Report rather than a combined Order Execution report. These inaccurate and/or incomplete reports represented 88 percent of all reports transmitted by the firm during the review period.

6. The conduct described in paragraph five constitutes separate and distinct violations of NASD Marketplace Rule 6955.

B. The firm also consents to the imposition, at a maximum, of the following sanctions:

A censure and a [redacted] comprised of a $5,000 fine for violations of SEC Rule 200(g), $5,000 for Marketplace Rule 6130, and $10,000 for the OATS violations.

The sanctions imposed herein shall be effective on a date set by the Association staff.

## III.

## OTHER MATTERS

A. The firm understands that it may attach a Corrective Action Statement to this AWC, which is a statement of demonstrable corrective steps taken to prevent future misconduct. Respondent understands that it may not deny the charges or make any statement that is inconsistent with the AWC in this Statement. This Statement does not constitute factual or legal findings by NASD, nor does it reflect the views of NASD or its staff.

B. The firm agrees to pay any monetary sanctions imposed on it upon notice that this AWC has been accepted and that such payments are due and payable, and has attached the Election of Payment form showing the method by which the firm proposes to pay any fine imposed.

C. The firm specifically and voluntarily waives any right to claim that it is unable to pay, now or at any time hereafter, any monetary sanction imposed in this matter.

5

Z003/023340 (NJD)

@006 06/17/2006 09:24 FAX

GS_T 000105

The firm certifies that it has read and understands all of the provisions of this AWC and has been given a full opportunity to ask questions about it, and that no offer, threat, inducement, or promise of any kind, other than the terms set forth herein, has been made to induce the firm to submit it.

Respondent,
Goldman, Sachs & Co.

Dec 14, 2005
Date

By: _____
Name: Norman Feit
Title: Managing Director

Reviewed by:

_____
Counsel for Goldman, Sachs & Co.

Accepted by NASD:

7/20/06
Date

Thomas R. Gira
Executive Vice President and Deputy
Department of Market Regulation

Signed on behalf of the Director of ODA,
by delegated authority

Attachment:

Standard Election of Payment Form

6

30010023140 (MJD)

JUN-14-2006 13:38 From: To:2403665132 P.8/8

Attachment

## ELECTION OF PAYMENT FORM

Goldman, Sachs & Co. intends to pay the fine proposed in Section II of the Letter of Acceptance, Waiver and Consent by the following method (check one):

- [x] A personal/firm check or bank check for the full amount;
- [ ] Credit card authorization for the full amount;[1]
- [ ] The installment payment plan (only if approved by NASD staff and the National Adjudicatory Council).[2]

Jun 14, 2006
Date

Respectfully submitted,
Goldman, Sachs & Co.

By: _____
Name: Noreen ___
Title: Managing Director

---

[1] Only MasterCard and Visa are accepted for payment by credit card. If this option is chosen, the appropriate forms will be mailed to you, with an invoice, by the NASD's Finance Department. Do not include your credit card number on this form.

[2] The installment payment plan is only available for fines of $5,000 or more. Certain interest payments, minimum initial and monthly payments, and other requirements apply. You must discuss these terms with the NASD staff prior to requesting this method of payment.

7

20059023340 (MJD)