# EXHIBIT M

138129.1

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

TASER INTERNATIONAL, INC., :
*et al.*,                  :
                           :
   Plaintiffs,             :   CIVIL ACTION
                           :   FILE NO.: 2008-EV-004739-B
v.                         :
                           :
MORGAN STANLEY & CO., INC., :  JURY TRIAL DEMANDED
*et al.*,                  :
                           :
   Defendants.             :

## CORRECTED AMENDED NOTICE TO TAKE O.C.G.A. § 9-11-30(b)(6) DEPOSITION OF DEFENDANT GOLDMAN SACHS & CO. AND GOLDMAN SACHS EXECUTION & CLEARING, L.P.

**TO:** **Goldman Sachs & Co. and**
**Goldman Sachs Execution & Clearing, L.P.**
c/o Richard C. Pepperman II, Esq.
Richard H. Klapper, Esq.
Tracy Richelle High, Esq.
Sullivan & Cromwell LLP
125 Broad Street
New York, NY 10004

**COME NOW** plaintiffs in the above-referenced matter pursuant to O.C.G.A. § 9-11-30(b)(6) and notice the deposition of an individual designated by GOLDMAN SACHS & CO. AND GOLDMAN SACHS EXECUTION & CLEARING, L.P. (HEREAFTER, COLLECTIVELY "GOLDMAN") to testify about the matters identified on Exhibit A attached hereto. The deposition will take place on September 16, 2010, beginning at 9:00 a.m. The deposition will occur at

the offices of Rogers & Hardin, 2700 International Tower, Peachtree Center, 229 Peachtree Street, N.E., Atlanta, GA 30303, or at such other time and place as may be mutually agreed upon by the parties. The deposition will take place before a court reporter authorized to administer oaths in the State of Georgia and before a videographer. The deposition will be taken for all purposes allowable under the Georgia Civil Practice Act.

Respectfully submitted this 11th day of August, 2010.

/s/ Steven J. Rosenwasser
John E. Floyd
Georgia Bar No. 266413
Steven J. Rosenwasser
Georgia Bar No. 614908
Nicole G. Iannarone
Georgia Bar No. 382510
Bondurant, Mixson & Elmore, LLP
3900 One Atlantic Center
1201 West Peachtree Street, N.W.
Atlanta, Georgia 30309-3417
(404) 881-4100 Tel.
(404) 881-4111 Fax

James W. Christian
State Bar No. 04228700
Gary M. Jewell
State Bar No. 10664800
Scott R. Link
State Bar No. 12390900
Christian, Smith, & Jewell, LLP
2302 Fannin, Suite 500
Houston, Texas 77002
(713) 659-7617 Tel.
(713) 659-7641 Fax
(admitted pro hac vice)

## CERTIFICATE OF SERVICE

I hereby certify that on this day, a true and correct copy of the foregoing CORRECTED AMENDED NOTICE TO TAKE O.C.G.A. § 9-11-30(b)(6) DEPOSITION OF DEFENDANT GOLDMAN SACHS & CO. AND GOLDMAN SACHS EXECUTION & CLEARING, L.P. was served on the following counsel of record electronically via Lexis File & Serve:

**Attorneys for Defendants:**
Richard H. Sinkfield, Esq.
Rogers & Hardin
2700 International Tower, Peachtree Center
229 Peachtree Street, N.E.
Atlanta, GA  30303-1601

**Attorneys for Banc of America Securities, LLC and Merrill Lynch, Pierce, Fenner & Smith, Inc.:**
Andrew J. Frackman, Esq.
O'Melveny & Myers LLP
7 Times Square
New York, NY  10036

**Attorneys for Morgan Stanley & Co. Incorporated:**
Robert F. Wise, Jr., Esq.
William J. Fenrich, Esq.
Melissa T. Aoyagi, Esq.
Davis Polk & Wardwell LLP
450 Lexington Avenue
New York, NY  10017

**Attorneys for Bear Stearns:**
Stephen L. Ratner, Esq.
Harry Frischer, Esq.
Brian L. Friedman, Esq.
Proskauer Rose LLP
1585 Broadway
New York, NY 10036

**Attorneys for The Goldman Sachs Group, Inc.:**
Richard C. Pepperman II, Esq.
Richard H. Klapper, Esq.
Tracy Richelle High, Esq.
Sullivan & Cromwell LLP
125 Broad Street
New York, NY 10004

**Attorneys for Deutsche Bank Securities Inc.:**
Heather L. Fesnak, Esq.
Peter J. Isajiw, Esq.
Gregory A. Markel, Esq.
Martin L. Seidel, Esq.
Cadwalader Wickersham & Taft LLP
One World Financial Center
New York, NY 10281

**Attorneys for UBS Securities, LLC:**
Andrew B. Clubok, Esq.
Jeffrey G. Landis, Esq.
Daniel Gomez, Esq.
Kirkland & Ellis LLP
655 Fifteenth Street, N.W., Suite 1200
Washington, DC 20005-5793

Maria Ginzburg, Esq.
Kirkland & Ellis LLP
Citigroup Center
153 East 53rd Street
New York, NY 10022-4611

**Attorneys for Credit Suisse USA, Inc.:**
Fraser L. Hunter, Jr., Esq.
Wilmer Cutler Pickering Hale & Dorr LLP
399 Park Avenue
New York, NY 10022


This 11th day of August, 2010.


/s/ Steven J. Rosenwasser
Steven J. Rosenwasser
Georgia Bar No. 614908

BONDURANT, MIXSON & ELMORE, LLP
3900 One Atlantic Center
1201 West Peachtree Street, N.W.
Atlanta, GA 30309-3417
Telephone (404) 881-4100
Facsimile (404) 881-4111

## EXHIBIT A

1.  Each of the matters below, together with the underlying investigation, inquiry and examination, shall be referred to individually as the "Investigation" or collectively as the "Investigations"

    (a) 20042000105 AWC (see GS_T48-56). However, for purposes of this Topic 1, the deponent does not need to be prepared to testify as to Paragraphs A3-9 on pages GS_T53-54.

    (b) 20050002343-01 AWC (see GS T_57-65). However, for purposes of this Topic 1, the deponent does not need to be prepared to testify as to Paragraphs A3-4 on page GS_T62.

    (c) March 13, 2006 NASD Letter of Caution (see GS T_66-67);

    (d) March 29, 2006 AWC (see GS_T 68-73). However, for purposes of this Topic 1, the deponent does not need to be prepared to testify as to Paragraphs A4-7 on page GS_T70.

    (e) NYSE Hearing Board Decision 06-128 (see GS T_74-83) and related June 27, 2006 Stipulation of Facts and Consent to Penalty (see GS _T84-94). However, for purposes of this Topic 1, the deponent does not need to be prepared to testify as to Paragraphs 10-12 on pages GS_T78-79 and GS_T86-87.

    (f) July 10, 2006 NASD Letters (see GS T_95-96 and 97-98).

    (g) July 26, 2006 NASD AWC (see GS T_99-107). However, for purposes of this Topic 1, the deponent does not need to be prepared to testify as to Paragraphs A5-6 on page GS_T104-05.

    (h) January 29, 2009 Cautionary Action (see GS T_133-134 and 135-136).

    (i) May 3, 2010 Hearing Board Decision 10-NYSE-11 (see GS T194-205) and Stipulation of Facts and Consent to Penalty (see GS T206-219).

    (j) May 2010 Cease and Desist Order (see GS T220-27).

For each Investigation, please provide a witness to testify as to the following:

a. The scope of the Investigation, in particular (i) the approximate date(s) when Goldman was first notified of the Investigation; (ii) the securities understood to be the subject matter of the Investigation; (iii) the traders/trading desks principally involved, (iv) the time periods examined and (v) the types of conduct investigated;

b. Goldman's knowledge of the conduct described in each Investigation's AWC, Cautionary Action, Decision, Stipulation of Facts and Consent to Penalty or Letter, including (i) when Goldman first learned of each alleged violation or each type of alleged improper or illegal conduct; (ii) identification of the persons within Goldman with principal knowledge of the violation or alleged improper conduct in each Investigation and (ii) the approximate dates when they obtained that knowledge;

c. From January 1, 2003 onwards, the policies and procedures Goldman has employed and now employs to prevent the conduct described in the AWC, Cautionary Action, Decision, Stipulation of Facts and Consent to Penalty or Letter. This includes, but is not limited to, the means through which Goldman monitored or supervised the conduct;

d. Goldman's position as to whether the conduct described in the AWC, Cautionary Action, Decision, Stipulation of Facts and Consent to Penalty or Letter Goldman occurred and, if Goldman denies that any of the conduct occurred, the facts and bases for that denial;[1]

e. Whether the conduct described in the AWC, Cautionary Action, Decision, Stipulation of Facts and Consent to Penalty or Letter violated any Goldman policy or procedure (including any rule, regulation or procedure contained in any compliance manuals) and, if so, which one(s);

---

[1] Plaintiffs are not requesting that Goldman first conduct an audit. Rather, this topic only seeks Goldman's current knowledge. Thus, if Goldman does not currently have a position or know whether the conduct occurred, it need only testify as to that fact.

f.  What actions, if any, Goldman took in response to the AWC, Cautionary Action, Decision, Stipulation of Facts and Consent to Penalty or Letter to address the prior violation and/or to prevent the conduct from occurring again;

g.  Whether Goldman is aware of any other instances in which the conduct described in the AWC, Cautionary Action, Decision, Stipulation of Facts and Consent to Penalty or Letter occurred and, if so, what the conduct was, when it occurred, the trading desks/traders involved and the securities involved;[2]

h.  Whether Goldman conducted its own internal investigation into the issues raised by the Investigation or in the AWC, Cautionary Action, Decision, Stipulation of Facts and Consent to Penalty or Letter and, if so, and if not protected by privilege or attorney work product: (i) approximately when the investigation occurred, (ii) the persons principally involved in the investigation, (iii) the securities involved and (iv) the identification of any reports, analyses or memoranda showing the results of the investigation and to whom they were addressed or intended for;

i.  To the extent Goldman has a position, the impact and effect the conduct described in the AWC, Cautionary Action, Decision, Stipulation of Facts and Consent to Penalty or Letter had or could have on: (1) the accuracy of records; (2) the delivery or receipt of securities; or (3) stock price;[3]

j.  From January 1, 2003 to May 31, 2009, the person(s) principally responsible for ensuring that the conduct described in the AWC, Cautionary Action, Decision, Stipulation of Facts and Consent to Penalty or Letter did not occur, including their name and titles;

---

[2] Plaintiffs are not requesting that Goldman first conduct an audit. Rather, Goldman need only provide information as to "matters known or reasonably available" to the firm. O.C.G.A. 9-11-30(b)(6).

[3] Plaintiffs are not seeking expert testimony. Rather, this topic addresses any position Goldman may have outside of its experts in this case.

789155.1

8

n. Goldman's rights and options with respect to the Investigation, including, but not limited to, the information it can and/or must provide to the regulator, the ability to provide witnesses or evidence and the right to a hearing or to challenge findings. This topic is limited to the rights and options set forth in the AWC, Cautionary Action and Consent, and will not seek any legal opinions;

o. For each of the trading desks and traders involved in the conduct described in the AWC, Cautionary Action, Decision, Stipulation of Facts and Consent to Penalty or Letter, information relating to any other currently known instances in which they were alleged or in fact violated any Goldman policy or procedure relating to short selling, mismarking or inaccurately marking tickets or Reg. SHO[4];

p. Identification of the trading desks and traders involved in the conduct;

q. Identification of any hard copy documents, audio or video recordings of any meetings or telephone calls with regulators relating to the Investigation; and

r. Whether any of the conduct described in the AWC, Cautionary Action, Decision, Stipulation of Facts and Consent to Penalty or Letter ever occurred with respect to TASER securities, options or derivatives.

2. In lieu of providing a witness, no later than October 1, 2010, Goldman shall produce or specifically identify in its prior production data sufficient to show whether Goldman's Equity Finance Group ("EFG") executed any trades involving TASER common stock, equities or derivatives and, if so:

a. When the trades took place;

b. the account names/numbers;

c. the number of shares; and

d. the type of trade (e.g., short or long);

---

[4] See footnote 1.

789155.1

e. whether any of the transactions identified in (a) – (d) involved situations where the shares were not delivered within T+3;

f. whether any of the transactions identified in (a) – (d) above were not recorded to the Nasdaq Market Center in accordance with Goldman's own policies and procedures;

g. whether any of the transactions identified in (a) – (d) above were not completely and accurately recorded in accordance with Goldman's own policies and procedures.

h. Goldman's policies and procedures for recording transactions to the Nasdaq Market Center.

NOTE: This topic is limited to current knowledge, and Plaintiffs are not requesting that Goldman first conduct an audit now.