# EXHIBIT O

# Elizabeth G. Eager

**From:** Elizabeth G. Eager
**Sent:** Tuesday, August 10, 2010 2:45 PM
**To:** 'greg.markel@cwt.com'; 'Isajiw, Peter'; 'Jason.Halper@cwt.com'
**Cc:** Steven J. Rosenwasser
**Subject:** TASER DBSI Follow Up to 8-10 Phone Call

Greg, Jason and Peter,

I am emailing to follow up on the draft Amended 30b6 Notice Steven sent you yesterday. We had a phone call on the topics in the deposition notice. This email summarizes our discussion on the phone call. Please let us know if you disagree with our summary.

You noted on the phone call that everything was still subject to client approval.

**Topic 1d.**

The topic is modified so to read "Paragraphs A(3) through A(7)." The use of "and" was a typo. The amended notice we are filing today will correct this.

**Topic 1. Subtopic 2.**

You expressed concern that this topic would require an audit because it covers a variety of conduct over a six-year period, including documents sent to and from compliance. We explained that we are interested in knowing when DBSI came to the opinion, if ever, that it has or may have a problem or issue with respect to the conduct at issue. Thus, we were not asking DBSI to review all potential instances of violations, but rather whether through, among other things, regulators, surveillance, monitoring, exams, audits, etc. DBSI found that it may have an issue in the particular area. Thus, DBSI may respond that it never identified the conduct as a systemic or other issue, that it identified it after regulators brought it to the firm's attention, etc. If you have alternate language you would like to propose, please do so. You will get back to us on this topic.

**Topic 1. Subtopic 4.**

You expressed concern over this topic. Plaintiffs reiterated that we are not looking for an audit. We explained that the answer to this question (in general and simplified terms) is likely one of the following: (1) Yes, we agree it occurred; (2) no, it did not occur (with an explanation why); or (3) DBSI never made a determination as to whether the conduct occurred.

You will get back to us on this topic.

**Topic 1. Subtopic 5.**

You expressed concern over the burden associated with this topic and its relevance. You expressed concern over the number of types of conduct covered by the investigations and the burden with having to look at various rules. Plaintiffs explained that we already limited the conduct when we limited the investigations for which we were seeking the 30(b)(6) deposition. We also noted that there is a lot of overlap between the investigations as to the conduct at issue. You also expressed concern that you may have to review compliance manuals for 2003 through 2009. We agreed to limit the identification of the rules, regulations or procedures that were violated to those that were in existence when the violation occurred, which is reflected in the amended notice we will serve today.

**Topic 1, Subtopic 7**

This topic requests you to identify specific instances of which you are aware. Plaintiffs explained that if DBSI's maintains a log, report, tracking document or something similar that lists or tracks violations we would want the listed violations. If DBSI does not maintain a log or tracking report that lists known violations, Plaintiffs would take a representation that such a log or tracking report does not exist (i.e, that DBSI does not track violations of the conduct).

**Topic 1, Subtopic 9**
You asked whether Plaintiffs were seeking an IT-type employee to testify about how systems interface with each other. Plaintiffs explained this is not the type of information we seek. Instead, we seek testimony on how an error (like a mismarking) would track into other data sets. While we understand that systems are integrated, we are interested in knowing to what other data sets the error would be transmitted but are not interested in how the transmission occurs. For example, if a short sale was marked long in a certain database, we wanted to know what other documents would have the same mismarking because it is linked to the original error or otherwise.

You indicated that part 3 of this subtopic regarding the effect on stock price was an expert issue. Plaintiffs explained that we are seeking to understand if DBSI has a position on the effect of the conduct in the AWC, letter of caution, etc. on delivery of securities or on stock price. We are NOT looking for expert opinion or testimony. Rather, whether, outside of any expert testimony DBSI may present in this case, DBSI has a position on the impact of the conduct on delivery or price. If the answer is no, we will accept that as responsive in the deposition.

**Topic 1, Subtopic 11**
DBSI takes the position that it is not appropriate for a 30(b)(6) witness to testify as to legal rights. Plaintiffs take the position that we are entitled to show what options DBSI had with regulators in lieu of agreeing to an AWC or other sanction. You mentioned that we may cross examine a witness about that trial. We responded that we believe we are entitled to the testimony now, particularly if DBSI is going to object to either trial depositions after discovery or bringing its current or former employees to Atlanta for trial. You are considering this issue.

**Topic 1, Subtopic 12**
We will treat this like Topic 1, Subtopic 7.

**Topic 1, Subtopic 13**
You asked about what the term "conduct" in the subtopic referred to. Plaintiffs explained that we meant conduct like that which was the subject of the AWC. Thus, if the AWC said a certain prop desk and trader "John Doe" were involved, Plaintiffs would expect them to be identified in response to this topic.

**Topic 1, Subtopic 14**
Plaintiffs agreed to remove the "or telephone calls" language. Plaintiffs clarified that the reference to "hard copy documents" does not refer to formal correspondence with regulators. Instead, it refers to notes of meetings with regulators. DBSI indicated that it might have privilege concerns. Plaintiffs indicated that this was a topic that we would be willing to take a writing on this topic, in lieu of a deposition. Our amended notice reflects this.

**Topic 1, Subtopic 15**
You raised burden concerns as to this topic, claiming that it would require you to reconstruct the TASER trading activity. Plaintiffs indicated that you could answer this topic based on the type of information discussed as top topic 2.

**Topic 1, Subtopic 16**
Steven and Greg had an earlier conversation on the issue of Mr. Bosco's knowledge. You indicated that DBSI would likely prepare for this topic by talking to Mr. Bosco about his knowledge and what he remembers about each investigation. Plaintiffs explained that we are not seeking information about Mr. Bosco's knowledge of all of the specifics of the investigation but instead general information about his level of involvement with and knowledge of each investigation.

**Topic 2**

Plaintiffs indicated that while we believe topic two is appropriate for a deposition, to compromise, we would be willing to take a writing on topic two) (though we reserve the right to take a deposition on it, and you reserve the right to object). You asked whether this included subtopic 6 because it did not have a footnote. Plaintiffs confirmed that we will also take a writing on subtopic 6 and that the omission of the footnote was an oversight. You explained that DBSI's response to topic two will be based on written correspondence. We believe that you are required to provide information "reasonably available" to DBSI, whatever that information may be.

### Topic 3
You asked whether Plaintiffs were seeking testimony from IT personnel. Plaintiffs confirmed that we are not seeking such testimony. Instead, we want to know how a locate would be done for an easy-to-borrow stock, such as if a client would use an online order execution system. And for a hard-to-borrow stock, would a client call stock loan for a manual locate.

We discussed the time period. Plaintiffs proposed 1/1/03-present day for subtopic 1 and 1/1//03-9/30/09 for the other subtopics.

### Topic 3, Subtopic 3
You indicated that you believed for the second sentence, the information does not exist in a readily attainable form, and you would have to recreate trading activity. In an attempt to limit the burden, Plaintiffs asked if the automated block was disabled for all clients or just for a certain list of accounts or clients. You will try to get additional information and get back to us.

### Topic 3, Subtopic 5
We discussed treating this topic like Topic 1, Subtopic 15.

### Topic 3, Subtopic 8
You indicated that read literally this topic would require DBSI to perform an audit. Plaintiffs confirmed that they do not seek for you to do an audit. Instead, Plaintiffs want to know if you keep track of this information. We discussed treating this topic like Topic 1, Subtopic 7.

### Topic 5
We discussed treating this topic like Topic 2. You indicated that DBSI's response would likely be based on written correspondence. We believe that you are required to provide information "reasonably available" to DBSI, whatever that information may be.

### Topic 6
Plaintiffs indicated a writing was fine on this topic and that you could even send an informal email to resolve the issue.

At the end of the call, Plaintiffs indicated we would be serving the amended 30(b)(6) notice for September 17. Plaintiffs are, however, willing to confer on these topics. If we reach an agreement, Plaintiffs would consider postponing the deposition.

You are going to discuss these issues with your client and will get back to us.

Thanks,
Liz