# EXHIBIT A

AO88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the
## UNITED STATES DISTRICT COURT

DISTRICT OF **DELAWARE**

| TASER INTERNATIONAL, INC., et al., | **SUBPOENA IN A CIVIL CASE** |
|---|---|
| V. | |
| MORGAN STANLEY & CO, INC., et al., | Case Number:[1] 1:10-CV-03108-JOF |

TO: SECURITIES INDUSTRY AND FINANCIAL MARKETS ASSOCIATION
C/O CORPORATION TRUST COMPANY
1209 ORANGE STREET
WILMINGTON, DELAWARE 19801

CASE PENDING IN THE NORTHERN DISTRICT OF GEORGIA

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

SEE EXHIBIT A

| PLACE | DATE AND TIME |
|---|---|
| BONDURANT, MIXSON & ELMORE, LLP, 1201 WEST PEACHTREE STREET, SUITE 3900, ATLANTA GEORGIA, 30305 | 11/08/2010 at 10:00 AM |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *Elizabeth G. Eager* Attorney for Plaintiffs | 10/21/10 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Elizabeth G. Eager, Bondurant, Mixson & Elmore, 1201 W. Peachtree Street, Suite 3900, Atlanta, Georgia, 30305, 404-881-4186

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

---

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| DATE | PLACE |
|------|-------|

SERVED

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|------------------------|-------------------|

| SERVED BY (PRINT NAME) | TITLE |
|------------------------|-------|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                    DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

# EXHIBIT A

Documents are requested for the period of time beginning January 1, 2003 up to May 31, 2009. This Subpoena covers the Security Industry and Financial Markets Association ("SIFMA"), its predecessors, including the Securities Industry Association, its subsidiaries, divisions, related entities and affiliates both domestic and foreign (collectively, the "Subpoenaed Parties").

## DEFINITIONS

1. The terms "Security" and "Securities" mean any note, common stock, preferred stock, treasury stock, put, call, straddle, option, bond, debenture, evidence of indebtedness, transferable share, investment contract, group or index of securities (including any interest therein or based on the value thereof) or, in general, any interest or instrument commonly known as a "security;" or any certificate of interest or participation in, temporary or interim certificate for, receipt for, guarantee of, or warrant or right to subscribe to or purchase, which references, which is derived from, or whose value is determined based upon common stock. All of the foregoing interests are Securities whether or not evidenced by a written document.

2. "Documents" means all writings and things of any nature by which information may be stored or communicated, including originals and all non-identical copies and drafts thereof, in your possession, custody, or control, regardless of where located, including, without limitation, contracts, agreements, memoranda, notes, correspondence, letters, e-mails, communications, telegrams, teletypes, telecopies, transmissions, messages (including, but not limited to, records, reports, or memoranda of telephone calls and conversations), reports, studies, summaries, analyses, minutes, diaries, calendars, logs, notes, agenda, bulletins, notices, circulars, announcements, instructions, charts, tables, manuals, brochures, schedules, price lists, records, orders, invoices, statements, bills, books of account, ledgers, statistics, accounting, and financial statements, forecasts, work papers, notebooks, data sheets, translations, photographs, drawings, tape recordings, computer-stored information which can be retrieved or placed into reasonably usable form, written communications and written evidence of oral communications, and any other "document" from which information can be obtained or translated, if necessary, by you through detection devices into reasonably usable form. In all cases where originals and/or non-identical copies

797688.1

are not available, "documents" also means identical copies of original documents and copies of non-identical copies.

3. "And" as well as "or" shall be construed disjunctively or conjunctively so as to bring within the scope of each request all documents, writings, and things which might otherwise be construed to be outside its scope.

4. The term "reflecting" is intended to have the broadest possible scope so that all documents, including drafts, are included if they in any way constitute, contain, pertain to, or mention the indicated subject or document. Whenever a document provides part, but less than all, of the information requested, such document should be produced along with all other related documents.

5. The term "you" and "SIFMA" shall mean the Security Industry and Financial Markets Association, as well as its parents, subsidiaries, divisions, affiliates, predecessors, assigns, or successors, and any of its present or former liquidators, officers, directors, trustees, employees, agents, representatives, attorneys and/or other persons acting on its behalf. This term specifically includes the Securities Industry Association ("SIA").

6. "Time Period" refers to January 1, 2003 through present day.

7. The term "Defendants" refers to Banc of America Securities, LLC; Bear Stearns & Co., Inc. k/n/a JP Morgan Securities, Inc.; Bear Stearns Securities Corp. k/n/a JP Morgan Clearing Corp.; Credit Suisse Securities (USA) LLC; Deutsche Bank Securities, Inc.; Goldman, Sachs & Co.; Goldman Sachs Execution & Clearing, L.P.; Merrill, Lynch, Pierce, Fenner & Smith, Inc.; Morgan Stanley & Co., Inc.; UBS Securities, LLC and includes any of their parents, subsidiaries, divisions, affiliates, predecessors, assigns, or successors, and of their present or former officers, directors, trustees, employees, agents, representatives, attorneys and/or other persons acting on their behalf.

8. The term "Naked Short Selling" shall refer to practices or conduct identified in Exhibit A to this document.

## INSTRUCTIONS

1. Documents attached to other documents or materials shall not be

separated unless sufficient records are kept to permit reconstruction of the grouping or context in which the document is maintained in the ordinary course of your business.

2    These document requests specifically seek electronic records (e.g., email, word processing documents, PowerPoints, Excel spreadsheets). You shall produce all such records regardless of whether they are maintained or stored on an active, storage or archived system. Thus, these requests specifically include, but are not limited to, active, near-line and off-line electronic records, as well as electronic records stored on back-up tapes, floppy disc, compact disc, disaster tapes, magnetic tapes or any other medium used to store or archive email. Documents that exist in electronic format must also be produced in electronic format, with an identification of the hardware and software necessary to convert the data from machine-readable to human readable form.

3.    Unless expressly stated otherwise, each of the document requests seeks documents from January 1, 2003, through present day.

4.    If any responsive document cannot be produced in its entirety, you are requested to produce the document to the fullest extent possible, specifying the reasons for your inability to produce the remainder of the document and describing to the fullest extent possible the contents of the un-produced portion.

5.    If you object to any request or any portion thereof, you are required to state the ground for any such objection in full.

6.    If you contend it would be unreasonably burdensome to obtain and provide all of the documents or information called for in response to any request, then as to that request you should produce all documents or information available without unreasonable burden, and describe with particularity the efforts made to secure any documents or information the provision of which you claim would be an unreasonable burden.

## DOCUMENTS REQUESTED

1.    Documents discussing, referencing, or reflecting communications with all, some, or any of the Defendants regarding:

- Regulation SHO or NASD Rule 3370;

- Failures to deliver or failures to receive securities or security entitlement;

- Failures to make affirmative determinations and/or conduct locates; and

- Naked short selling.

2. Any minutes, notes or other documents made in preparation for, memorializing, discussing or referencing communications, discussions and/or meetings You had with a regulatory agency, including the Securities and Exchange Commission, New York Stock Exchange, National Association of Securities Dealers, Financial Industry Regulatory Authority, NASDAQ, American Stock Exchange, Chicago Board Options Exchange, or other regulatory organization regarding:

- Regulation SHO or NASD Rule 3370;

- Failures to deliver or failures to receive securities or security entitlement;

- Failures to make affirmative determinations and/or conduct locates; and

- Naked short selling.

3. Documents sufficient to identify all members of any ad hoc or formal industry group organized by the Securities Industry Association, which discussed failures to deliver, the requirement to make affirmative determinations, and/or the requirement to conduct locates with the New York Stock Exchange and/or Securities and Exchange Commission.

4. Documents sufficient to identify all members of the SLD Executive Committee during the Time Period.

5.  Documents sufficient to identify all members of the SIA Reg SHO Working Group during the Time Period.

6.  Any minutes, agenda, notes or other documents made in preparation for, memorializing, discussing or referencing communications, discussions and/or meetings of any ad hoc or formal industry group organized by the Securities Industry Association, which discussed failures to deliver, the requirement to make affirmative determinations, and/or the requirement to conduct locates with the New York Stock Exchange and/or Securities and Exchange Commission; the SLD Executive Committee; or the SIA Working Group.

7.  Produce all communications from, to or between you and any person employed or engaged by, or who is a member of, Morgan, Lewis & Bockius LLP; Rogers & Hardin LLP; O'Melveny & Myers LLP; Davis Polk & Wardwell LLP; Proskauer Rose LLP; Sullivan & Cromwell LLP; Cadwalader Wickersham & Taft LLP; Kirkland & Ellis LLP; Wilmer Cutler Pickering Hale & Dorr LLP; Skadden, Arps, Slate, Meagher & Flom LLP, concerning this litigation.