# EXHIBIT H

Case 1:10-cv-03108-JEC Document 56-8 Filed 10/25/10 Page 2 of 2

Finally, Applicant argues that the characteristics of the Plan are essentially typical of those maintained by many single corporate employers and that the legislative history of the relevant language in Section 3(a)(2); of the Act does not suggest any intent on the part of Congress that interests issued in connection with single-employer Keogh plans necessarily should be registered under the Act. Applicant argues that its Plan is distinguishable from multi-employer plans or uniform prototype plans designed to be marketed by a sponsoring financial institution or promoter to numerous unrelated self-employed persons and that these latter plans are the type of plans Congress intended to exclude from the Section 3(a)(2) exemption. Applicant states that the Amended Plan will cover Partners and employees of a single firm and will not be a uniform prototype plan of a type designed to be marketed by a sponsoring financial institution or promoter to numerous unrelated self-employed persons.

For all of the foregoing reasons, Applicant believes that the Commission should issue an order finding that an exemption from the provisions of Section 5 of the Act for interests or participations issued in connection with the Plan is appropriate in the public interest and consistent with the protection of investors and the purposes fairly intended by the policy and provisions of the Act.

Notice is further given that any interested person may, not later than February 2, 1981 at 5:30 p.m., submit to the Commission in writing a request for a hearing on the matter accompanied by a statement as to the nature of his or her interest, the reasons for such request, and the issues, if any, of fact or law proposed to be controverted, or he or she may request to be notified if the Commission should order a hearing thereon. Any such communication should be addressed: Secretary, Securities and Exchange Commission, 500 North Capitol Street, Washington, D.C., 20549. A copy of such request shall be served personally or by mail upon Applicant at the address stated above. Proof of such service (by affidavit, or in the case of an attorney-at-law, by certificate) shall be filed contemporaneously with the request. An order disposing of the application will be issued as of course following February 2, 1981 unless the Commission thereafter orders a hearing upon request or upon the Commission's own motion. Persons who request a hearing, or advice as to whether a hearing is

ordered, will receive any notices and orders issued in this matter, including the date of the hearing (if ordered) and any postponements thereof.

For the Commission, by the Division of Investment Management, pursuant to delegated authority.

George A. Fitzsimmons,
*Secretary.*

[FR Doc. 81-1052 Filed 1-12-81; 8:45 am]
BILLING CODE 8010-01-M

---

[Release No. 34-17422: File No. SR-NSCC-80-36]

## National Securities Clearing Corporation; Proposed Rule Change

Pursuant to Section 19(b)(1) of the Securities Exchange Act of 1934, 14 U.S.C. 78s(b)(1), as amended by Pub. L. 94-29, 16 (June 4, 1975), notice is hereby given that on December 29, 1980, the above-mentioned self-regulatory organization filed with the Securities and Exchange Commission proposed rule change as follows:

*Statement of the Terms of Substance of the Proposed Rule Change*

The proposed rule change makes permanent the procedures which describe how National Securities Clearing Corporation (NSCC) currently effects borrowing of securities to meet system needs and the formula which NSCC currently uses to determine the order in which it will borrow securities made available by participants.

The proposed rule change would make permanent, effective January 24, 1981, SR-NSCC-79-18 which had previously become effective on January 24, 1980 for a one year period of time, and SR-NSCC-80-6, which had previously become effective on March 3, 1980, which filing contained a "sunset provision" which by its own terms will terminate the rules on January 24, 1981.

*Statement of Basis and Purpose*

The basis and purpose of the foregoing proposed rule change is as follows:

The proposed rule change makes permanent the procedures and formula attendant to the automated borrowing of securities to meet system needs including borrowing for the Order Out Service (Section VI of the SCC Division Procedures) and CNS buy-ins (Section 7 of Rule 11 of the SCC Division).

The proposed rule change relates to NSCC's capacity to facilitate the prompt and accurate clearance and settlement of securities transactions for which it is responsible by providing specific procedures to be followed and the formula to be utilized in connection with

NSCC borrowing securities, under existing authority, to meet the needs of the NSCC system for clearance and settlement.

No comments on the proposed rule change or the formula used have been received.

NSCC does not perceive that the proposed rule change would constitute a burden on competition.

The foregoing rule change has become effective, pursuant to Section 19(b)(3) of the Securities Exchange Act of 1934. At any time within sixty days of the filing of such proposed rule change, the Commission may summarily abrogate such rule change if it appears to the Commission that such action is necessary or appropriate in the public interest, for the protection of investors, or otherwise in furtherance of the purposes of the Securities Exchange Act of 1934.

Interested persons are invited to submit written data, views and arguments concerning the foregoing. Persons desiring to make written submissions should file six copies thereof with the Secretary of the Commission, Securities and Exchange Commission, Washington, D.C. 20549. Copies of the filing with respect to the foregoing and of all written submissions will be available for inspection and copying in the Public Reference Room, 1100 L Street, N.W., Washington, D.C. Copies of such filing will also be available for inspection and copying at the principal office of the above-mentioned self-regulatory organization. All submissions should refer to the file number referenced in the caption above and should be submitted by February 3, 1981.

For the Commission by the Division of Market Regulation, pursuant to delegated authority.

George A. Fitzsimmons,
*Secretary.*
January 7, 1981.
[FR Doc. 81-1051 Filed 1-12-81; 8:45 am]
BILLING CODE 8010-01-M

---

## SMALL BUSINESS ADMINISTRATION

[Delegation of Authority No. 1-A; Revision 9]

## Line of Succession to the Administrator; Delegation of Authority

Delegation of Authority No. 1-A (Revision 8) (45 FR 43918) is hereby revised to read as follows:

I. Pursuant to authority vested in me by the Small Business Act, 72 Stat. 384, as amended, the Small Business Investment Act of 1958, 72 Stat. 689, as amended, authority is hereby