# EXHIBIT P

**FILED**
Superior Court of California
County of Los Angeles

MAR 0 1 2010

John A. Clarke, Executive Officer/ Clerk
By _M. Cervantes_, Deputy
M. CERVANTES

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| SIGNALIFE, INC., dba HEARTTRONICS, A Delaware Corporation,<br><br>Plaintiffs,<br><br>vs.<br><br>KENNETH VIANALE, an individual, et al.,<br><br>Defendants. | Case No.: BC397448<br><br>ORDER SUSTAINING DEMURRER TO PLAINTIFF'S SECOND AMENDED COMPLAINT BY DEFENDANTS BANC OF AMERICA SECURITIES LLC,; THE BANK OF NEW YORK MELLON; CITIGROUP, INC.; CHARLES SCHWAB & CO., INC..; DEUTSCHE BANK; E*TRADE BANK; E*TRADE FINANCIAL CORP.; E*TRADE SECURITIES LLC,; THE GOLDMAN SACHS GROUP, INC.; JP MORGAN CLEARING CORP.; MORGAN STANLEY & CO. INCORPORATED; MERRILL LYNCH, PIERCE, FENNER & SMITH INCORPORATED; SCOTTRADE, INC.; AND UBS SECURITIES, LLC. |

**I. Introduction**

Plaintiff alleges that Defendants participated in a large unlawful conspiracy of short selling Plaintiff's stock, the result of which drove down the value of that stock causing injury.  Plaintiff filed its Second Amended Complaint ("SAC"), on May 26, 2009, after the Court struck the First Amended Complaint on its own motion for failure to plead causes of action with sufficient particularity.  The following Defendants joined together pursuant to the Court's recommendation in filing the demurrer (hereinafter the "Financial Defendants"): Banc of America Securities, LLC; the Bank of New York Mellon; Citigroup, Inc.; Charles Schwab & Co., Inc.; E*Trade Bank; E*Trade Financial Corp.; E*Trade Securities, LLC; The Goldman Sachs Group, Inc.,; JP Morgan Clearing, Inc.; Morgan Stanley & Co. Incorporated; Merrill Lynch, Pierce, Fenner & Smith Incorporated; Scottrade, Inc.; UBS Securities, LLC, and Deutsche Bank Securities, Inc.  Only two causes of action are affected by the demurrer: the First Cause of Action for violations of the California Corporations Code § 25400 *et seq.* (§ 25400), and

the Fifth Cause of Action for violations the California Business and Professions Code §§ 17200 *et seq.* and 17500 *et seq.* ("UCL").

### III. Analysis:

The sole function of a demurrer is to test the legal sufficiency of the allegations set forth in a pleading. *Smeltzy v. Nicholson* (1977) 18 Cal.3d 932. In testing a pleading by demurrer, the facts alleged "are deemed to be true, however improbable they may be." *Del. E. Webb, Corp. v. Structural Materials Co.* (1981) 123 Cal.App.3d 593, 604.

Financial Defendants present persuasive arguments why a demurrer to both causes of action must be sustained. First, the § 25400 claim sounds of fraud requiring Plaintiff to plead particularized facts, which it does not. Second, the UCL claim does not apply to securities transactions as a matter of law. Therefore, a cause of action based on that theory must fail. *Bowen v. Ziasun Technologies, Inc.* (2004) 116 Cal.App.4th 777.

### A. § 25400 Claim:

§ 25400 is the California fraud statute used for securities transactions that omit the requirement that plaintiffs prove reliance. While the pleading requirements for a § 25400 claim are not evident from the face of the statute, they have been interpreted by relevant case law. In *California Amplifier, Inc. v. RLI Ins. Co.*, the court noted that § 25400 claims apply to fraudulent conduct in the purchase and sale of securities and that the purpose of the statute was to "eliminate[] some of the elements of common law fraud but balance[] this expansion of liability by placing other restrictions of recovery." (2001) 94 Cal.App.4th 102, 109. The *California Amplifier* court found that while a plaintiff need not show reliance or privity as it would in common law fraud, the plaintiff is required to plead an increased level of specific intent in § 25400 claims. *Id* at 110. Other courts have commented on the reduced pleading requirements in §25400 claims. *See eg. Bowden v. Robinson*, (1977) 67 Cal.App.3d 705, 714 (noting that "[§ 25400] . . . establish[s] a statutory cause of action for fraud, however, conspicuously avoiding the requirement of 'actual reliance;'" *Mirkin v. Wasserman* (1993) 5 Cal.4th 1082, 1102 (same).

Apart from reliance and privity, the case law is clear that all other elements of common law fraud claims are similarly required in § 25400 claims. While the above cases do not speak directly to pleading standards, *California Amplifier* ruled for defendants in a motion for judgment on the pleadings which,

like a demurrer, directly tests the sufficiency of the complaint for failure to state a cause of action. 94 Cal.App.4th at 107. Therefore, like common law fraud claims, § 25400 claims must allege fraudulent conduct with sufficient particularity in order to survive a demurrer.

Plaintiff's § 25400 claim is based on allegedly fraudulent market manipulation. Plaintiff must allege the specifics of the transactions that each Financial Defendant effected and must plead facts showing how those transactions purportedly violated §25400. The SAC does not satisfy this requirement. It lumps the Financial Defendants together and refers to their conduct as a group. At no point does the SAC itemize even a single particular transaction or misrepresentation by any particular Financial Defendant. The SAC vaguely and generally alleges conspiracy by all of the Defendants without making any attempt to distinguish among them.

Taking the particularity requirement even further exposes how flawed Plaintiff's pleading is. The court in *Tarmann v. State Farm Mut. Auto Ins. Co.*, held "the requirement of specificity in a fraud action against a corporation requires the plaintiff to allege the names of the persons who made the allegedly fraudulent representations, their authority to speak, to whom they spoke, what they said or wrote, and when it was said or written." 2 Cal.App.4th 153, 157. However, no individual agent of any of the Financial Defendants appears in the SAC. Indeed, the only individuals to whom Plaintiffs attribute any fraudulent conduct are the individual Vianale Defendants and Mr. McMahan. There is no allegation that naming any of those people can or does satisfy the *Tarmann* requirements. For these reasons, Plaintiff's §25400 claim fails.

**B. UCL Claim**:

Plaintiff's Fifth Cause of Action alleges violations of the UCL. SAC Paragraph 76 deals with the alleged wrongful conduct, most pertinently alleging: "Defendants' actions alleged herein have created phantom shares of HearTronics stock, which the Defendants have effectively sold, and *through such sale*, have taken from HeartTronics the compensation it was rightly entitled to for the sale of these shares (emphasis added)." As is apparent from the face of the SAC, the alleged wrongful conduct of Financial Defendants was based on securities transactions.

The UCL does not apply to securities transactions. *Bowen,* 116 Cal.App.4th at 786-88, 790. Plaintiff's argument otherwise is misleading and without merit.

Plaintiff argues that *Overstock.com, Inc. v. Gradient Analytics, Inc., et al.* (2007) 151 Cal.App.4th 688, controls and authorizes its UCL claims. It does not. *Overstock* dealt with an anti-SLAPP motion based on an allegation of defamation. Defendants unsuccessfully argued that plaintiff could not bring a UCL claim. In permitting the UCL claim, the court distinguished the case from *Bowen* because the defamation was based, not on securities transactions, but on defamatory reports defendant published. *Id* at 715. Plaintiff cites, completely out of context, the *Overstock* court's citation to *Roskind v. Morgan Stanely Dean Witter & Co.* (2000) 80 Cal.App.4th 345, for the proposition that the UCL encompasses claims based on securities transactions. *See* Opposition 20:12-25. However, as the *Bowen* court clearly found, *Roskind* was a preemption case and did not control the issue:

> In *Roskind*, the court only held that federal securities laws do not *preempt* [UCL claims] . . . however; we are not presented here with the question of whether federal securities law preempts [the UCL], but rather whether that section and its federal counterpart apply to securities transactions at all . . . the *Roskind* case is inapplicable and does not support a conclusion that [the UCL] applies to securities transaction.

116 Cal.App.4th at 789-90. Plaintiff has not and cannot provide authority authorizing its UCL claim based on alleged securities transactions by Financial Defendants. Therefore, a demurrer to Plaintiff's UCL claim must be sustained.

Based on the foregoing reasoning, Financial Defendants' demurrer to Plaintiff's Second Amended Complaint is SUSTAINED in its entirety, with 20 days' leave to amend.

**IT IS SO ORDERED.**

DATED: ~~February __, 2010~~ MAR 0 1 2010

_____
Anthony J. Mohr
Judge of the Los Angeles Superior Court