# EXHIBIT S

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

PET QUARTERS, INC., et al                                      PLAINTIFFS

v.                        NO. 4:04-cv-1528 RSW-JWC

DEPOSITORY TRUST, et al                                        DEFENDANTS

## ORDER ADOPTING PROPOSED FINDINGS AND RECOMMENDATIONS

### I. Introduction

The Plaintiffs ("Pet Quarters") move for a remand of this case back to Arkansas state court, arguing the Court has no subject-matter jurisdiction (doc. #14). The Defendants ("Depository Trust") oppose the motion, contending this Court has jurisdiction on the basis of complete preemption or the substantial federal-question doctrine. This Court referred the motion to the Honorable Jerry W. Cavaneau, Magistrate Judge for the Eastern District of Arkansas. In April 2007, Judge Cavaneau filed his Proposed Findings and Recommendations ("PFR") (doc. #41). Both parties have filed objections to Judge Cavaneau's PFR (docs. #51 & #52-2). This Court relies on Judge Cavaneau's statement of the facts and claims and will not restate them. For the reasons given below, the Court **ACCEPTS** Judge Cavaneau's recommendation. Pet Quarter's Motion to Remand is **DENIED**.

### II. Discussion

#### A. Standard of Review

The parties disagree over whether Rule 72(a) or 72(b), Fed. R. Civ. P., governs review of the PFR. The Court concludes a

1

motion to remand is a dispositive motion because it has the functional effect of other dispositive motions. <u>Vogel v. U.S. Office Prods. Co.</u>, 258 F.3d 509, 517 (6th Cir. 2001); <u>First Union Mortgage Corp. v. Smith</u>, 229 F.3d 992, 996 (10th 2000); <u>In re U.S. Healthcare</u>, 159 F.3d 142, 145-46 (3d Cir. 1998). Thus, the Court will review the PFR de novo under Fed. R. Civ. P. 72(b).

**B. Complete Preemption**

The Court must review the complaint under the well-pleaded complaint rule. <u>Beneficial Nat. Bank v. Anderson</u>, 539 U.S. 1, 6 (2003). The Court looks only to the Plaintiff's claims to decide if the claims are based on federal law. <u>Id.</u> If Congress's statutory intent clearly establishes that it has completely preempted an area of state law, the claims are considered to arise under federal law and are properly removable. <u>Id.</u> at 8.

The Court agrees with Judge Cavaneau that § 28 of the Securities and Exchange Act of 1934, 15 U.S.C. § 78bb, and the savings and conflict preemption clause of § 17A, 15 U.S.C. § 78q-1(d)(4), demonstrates Congress did not completely preempt state claims. Depository Trust argues these statutes do not prevent preemption in the narrower realm of securities clearing. However, § 17A appears in the very statute that created a federal securities clearing system:

> Nothing in this section shall be construed to impair the authority of any State banking authority or other State or Federal regulatory authority having jurisdiction over a person registered as a clearing agency, transfer agent, or person associated with a transfer agent, to make and enforce rules governing

2

such person which are not inconsistent with this
chapter and the rules and regulations thereunder.

Congress envisioned the states will still play some role in securities clearing. As Justice Ginsburg has said, "If Congress intends a preemption instruction completely to displace ordinarily applicable state law, and to confer federal jurisdiction thereby, it may be expected to make that atypical intention clear." Empire Healthchoice Assurance, Inc. v. McVeigh, 126 S. Ct. 2121, 2135 (2006). Although Congress wanted to have a heavy federal interest in security clearing, if it had wanted the states to have no interest it could have easily said as much. Therefore, the complete preemption does not give this Court jurisdiction.

C. **Substantial Federal Question**

Pet Quarters contends Depository Trust cannot rely on the substantial federal-question doctrine to justify its removal because it did not raise the doctrine in its original notice of removal. The Court agrees with Depository Trust, however, that complete preemption and the substantial federal-question doctrine are related because they both include the concept of jurisdiction "arising under" federal law. Legal deficiencies are not fatal to a notice of removal so long as sufficient facts are pled. Hayduk v. United Parcel Service, Inc., 930 F. Supp. 584, 593 (S.D. Fla. 1996). Therefore, the Court will consider the doctrine.

The Court agrees with Judge Cavaneau that this case presents a substantial federal question sufficient to convey jurisdiction

3

to the Court. It agrees that if Pet Quarters were to prevail, the Stock Borrowing Program ("SBP"), which the SEC has approved and regulates, would have to be reexamined. The SBP has become the backbone of Congress's intent to have a unified system to facilitate the clearing of securities. If the SBP was disrupted, Congress's intent would be frustrated. This raises a substantial question of federal law sufficient to convey jurisdiction of this case.

Pet Quarters argues two recent Supreme Court cases not cited in the PFR preclude substantial federal question jurisdiction. See generally Grable & Sons Metal Products, Inc. v. Darue Engineering & Mfg., 545 U.S. 308 (2005) and Empire Healthchoice Assurance, Inc. v. McVeigh, 126 S. Ct. 2121, 2135 (2006). The Court agrees the cases are relevant, but does not reach the same conclusion as Pet Quarters. In Grable, the Court clarified the standard for substantial federal question and held the test is "does a state-law claim [1] necessarily raise a stated federal issue, actually disputed and substantial, [2] which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." Grable, 545 U.S. at 314.

The first element is met here because the SBP implicates presently disputed and substantial federal issues. If the SBP violates state law, the entire unified system of securities clearing will be disrupted, raising issues of SEC regulation and § 17A.

4

Furthermore, exercising federal jurisdiction over this case will not disrupt the balance between the federal and state judiciaries. The SBP is approved by the SEC. SEC matters are for federal courts to decide. The area of securities litigation is largely federal. Therefore, the balance regarding securities cases can easily weigh in favor of the federal courts. Depository Trust has opened the "arising under" door by presenting more than just a federal element. See Empire Healthchoice, 126 S. Ct. at 2137 ("Grable emphasized that it takes more than a federal element 'to open the "arising under" door.'"). This Court may exercise subject-matter jurisdiction over this case under the substantial federal-question doctrine.

**III. Attorney's Fees**

Neither party is entitled to attorneys fees.

**IV. Conclusion**

After de novo review, this Court **ACCEPTS** Judge Cavaneau's PFR. It holds it may exercise subject-matter jurisdiction over this case under the substantial federal-question doctrine. The Plaintiffs' Motion for Remand is **DENIED**.

**IT IS SO ORDERED.**

Dated this 10th day of July, 2007.

/s/ Rodney S. Webb
RODNEY S. WEBB, District Judge
United States District Court

5