# EXHIBIT W

THEODORE A. GRIFFINGER, JR. (SBN 66028)
ELLEN A. CIRANGLE (SBN 164188)
TANYA HERRERA (SBN 177790)
STEIN & LUBIN LLP
600 Montgomery Street, 14th Floor
San Francisco, CA 94111
Telephone: (415) 981-0550
Facsimile: (415) 981-4343
Email: tgriffinger@steinlubin.com
Email: ecirangle@steinlubin.com
Email: therrera@steinlubin.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH AVENIUS, an individual; et al.,<br><br>Plaintiffs,<br><br>v.<br><br>BANC OF AMERICA SECURITIES LLC; THE BANK OF NEW YORK; BEAR, STEARNS SECURITIES CORP.; CITIGROUP, INC.; CREDIT SUISSE (USA) INC.; DEUTSCHE BANK SECURITIES, INC.; THE GOLDMAN SACHS GROUP, INC.; LEHMAN BROTHERS INC.; MERRILL LYNCH, PIERCE, FENNER & SMITH, INC.; MORGAN STANLEY & CO., INCORPORATED; UBS FINANCIAL SERVICES, INC.; and DOES 1 through 100,<br><br>Defendants. | Case No. 06-4458 MJJ<br><br>**PLAINTIFFS' REPLY TO DEFENDANTS' OPPOSITION TO MOTION TO REMAND PURSUANT TO 28 U.S.C. SECTION 1447(c)**<br><br>(Oral Argument Requested)<br><br>Hearing:<br>Date: October 17, 2006<br>Time: 9:30 a.m.<br>Dept.: Courtroom 11<br>Judge: Honorable Martin J. Jenkins<br><br><br><br>Action Filed: July 21, 2006<br>Trial Date: None Set |

was a securities class action case which was found to come within a specific federal statute, the Securities Litigation Uniform Standards Act ("SLUSA"). Unlike the Act, SLUSA contains an express federal preemption clause and a federal cause of action governing cases under that statute. As such, the federal courts were found to have exclusive jurisdiction over the case.

Defendants do not contend that this case is governed by SLUSA: In fact, Defendants do not contend that any federal law, rule or regulation expressly preempts or creates an exclusive federal cause of action for conduct alleged in the Plaintiffs' Complaint. Defendants cannot: No federal law, rule or regulation contains such provisions. As such, federal question jurisdiction cannot be based on the theory of preemption or an exclusive federal cause of action.

### B. Plaintiffs' Claims Do Not Necessarily Raise A Substantial And Disputed Federal Issue

The Supreme Court has stated that removal on the basis of federal question jurisdiction can be based on state law claims which "necessarily raise a stated federal issue, actually disputed and substantial which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Grable*, 545 U.S. at 311; *County of Santa Clara*, 401 F.Supp. 2d at 1025. Recently, the Supreme Court narrowed *Grable*, holding application should be limited to a "special and small category" of cases, and that the *Grable* doctrine should be limited to cases in which federal law is "an essential element" and "indeed, '… the only…issue contested in the case.'" *Empire Healthchoice Assurance, Inc. v. McVeigh*, 126 S.Ct. 2121, 2136-2137 (2006).

These cases confirm a long line of cases which hold that whether a case is "necessarily" federal in character depends on whether Plaintiffs' right to relief depends on the resolution of an "actually disputed and substantial" federal question: Is there some "basic" or "pivotal" federal question that impacts on Plaintiffs' right to relief? *Roskind v. Morgan Stanley Dean Witter & Co.*, 165 F.Supp.2d 1059, 1067 (N.D.Cal. 2001). The "mere presence of a federal issue in a state case of action," however, does not raise a federal issue. *Merrell Dow Pharms., Inc.*, 478 U.S. at 813.

Plaintiffs' state law causes of action are based on Defendants' unlawful

manipulation of the price of NFI stock. The elements of Plaintiffs' causes of action are described in California statutes prohibiting this conduct. Plaintiffs' Complaint sets forth those elements. Plaintiffs' claims are based on Defendants' violations of those statutes, not any federal law, rule or Reg. SHO, as Defendants assert.

Plaintiffs' Section 25400 cause of action alleges that Defendants intentionally engaged in market manipulation. Section 25400 requires, and the Plaintiffs allege, that Defendants intentionally manipulated the market in NFI stock by taking and executing short sales of NFI stock with no intention to complete those transactions by locating and delivering the equivalent amount of NFI stock to the buyer of their client's short sale. Defendants engaged in this conduct to save the cost of covering the sale and because the artificially high amount of selling activity would drop NFI's per share stock price, to the benefit of Defendants' clients. Plaintiffs, owners of NFI stock, were damaged by the wrongful drop in the value of NFI's stock. ("Defendants knew that the transactions they were effecting would be reported solely as a sale, without a corresponding purchase or change in the beneficial ownership of NFI common stock. Defendants acted with the intent to and thereby did create a false or misleading appearance with respect to the market for NFI's common stock, in violation of Section 25400(b)." Complaint ¶76). Plaintiffs' Section 17200 cause of action is also based on Defendants' intentional wrongful manipulation of NFI's stock and requires proof of unfair or fraudulent business practices.

Defendants twist Plaintiffs' Complaint to fit their argument. They cite three individual sentences from Plaintiffs' Complaint which refer to requirements of a short selling transaction and two other individual sentences which Defendants argue contain "allegations that Defendants violated those requirements." Opp. 7:21-28, 8:1-4. Defendants extrapolate from these quotes that Plaintiffs' claims are based on federal law: They argue that the quotes can only be referring to Reg. SHO; that Plaintiffs' Complaint is thereby based on violations of Reg. SHO; and that federal question jurisdiction is therefore appropriate. Opp. 19:17-20:19.

Defendants are wrong. Plaintiffs' mention of requirements and regulations in their Complaint is merely for background purposes. What a short sale is, who the parties are and what their roles in the short sale transaction are, are not in dispute. *See* Opp. 2:7-11, 15-16. Plaintiffs'

Case 3:10-cv-03408-JFC Document 56-23 Filed 10/25/10 Page 5 of 6
Case 3:06-cv-04458-MJJ Document 50-2 Filed 10/03/06 Page 13 of 20

claims turn on whether the Defendants manipulated the market for NFI stock by intentionally not performing their side of the transaction in violation of state law. That can be proven without reference to federal statutes, rules or regulations.

Well-established case law is clear that specific references to a federal law, rule or regulation in a complaint's state cause of action do not create federal question jurisdiction. *Merrell*, 478 U.S. at 813; *Rains v. Criterion Systems, Inc.*, 80 F.3d 339, 343 (9th Cir. 1996) (multiple references in complaint's state law causes of action to Title VII of Civil Rights Act, 42 U.S.C. § 2000(e)-2 did not create federal question jurisdiction by making state-law claims into federal claims); *ARCO Environmental Remediation, L.L.C. v. Department of Health and Environmental Quality of Montana*, 213 F.3d 1108, 1113 (9th Cir. 2000) (complaint's state law causes of action referring to federal statute and U.S. Constitution did not create federal question jurisdiction). In *Lippitt, supra*, the Ninth Circuit held that no federal question jurisdiction was appropriate "…even though Lippitt's complaint implicates a federally regulated security, it does not directly challenge a right or liability under the Exchange Act – it merely challenges Defendants' purportedly deceptive sales tactics under California state law." *Lippitt*, 340 F.2d at 1044.

In this case, the passing references in Plaintiffs' Complaint to requirements or regulations governing short sales are strictly by way of background. Violations of federal rules and regulations are not an element of Plaintiffs' state law market manipulation claims. Whether Defendants complied with Reg. SHO is irrelevant to Plaintiffs' causes of action. Plaintiffs are not challenging short selling *per se*. Similarly, neither the Act nor Reg. SHO provide a "safe haven" sanctioning the intentional market manipulation alleged in Plaintiffs' Complaint.[2]

---

[2] Defendants' argue that the injunctive relief sought by Plaintiffs' Complaint to enjoin Defendants' intentional market manipulation would lead to a court "wrestling" with the SEC's "careful calibration of the rules regarding short selling…." Opp. 21: 1-4. This argument has been specifically rejected by both federal and state courts: Plaintiffs are seeking to enjoin Defendants' intentional market manipulation, wrongful conduct as defined by state statute, not to invade the world of federal regulations. *Lippitt, supra*, 340 F.2d at 1040; *Diamond Multimedia Systems, Inc., supra*, 19 Cal.4th at 1050 (validating California's power under Section 25400 "to enjoin manipulative conduct by California licensed stockbrokers and dealers whose intent is to affect the national market in a stock or to enjoin such conduct before any transactions in the stock are affected by the conduct.")

8     Case No. 06-4458 MJJ
PLAINTIFFS' REPLY BRIEF RE: MOTION TO REMAND PURSUANT TO 28 U.S.C. § 1447(C)

Even a complaint's specific direct assertion of a federal law to establish an element of a state cause of action does not confer federal question jurisdiction if the plaintiff also invokes a state statute that serves the same purpose. *Rains,* 80 F.3d at 346 (If a plaintiff can support his claim with "alternative and independent theories – one of which is a state law theory and one of which is a federal law theory – federal question jurisdiction does not attach."); *Cortazar v. Wells Fargo & Co.,* 2004 WL 1774219, *3 (N.D.Cal.)("…if a violation of a federal law is not a necessary element …or if that claim is supported by an independent state law theory, federal jurisdiction would not attach, notwithstanding the references to federal statutes.")

As a corollary, the existence of overlapping federal and state systems of regulation over a particular subject matter does not create federal question jurisdiction if the complaint is based on a valid state regulatory scheme, such as Section 25400 and Section 17200. *Diamond,* 14 Cal.4th, at 1047-48; *California ex rel. Lockyer v. Powerex Corp.,* 2005 WL 2030718, *6 (E.D. Cal.) (Remand granted: "Whether Plaintiff's alleged activities underlying these state claims also violated the FPA or a federal tariff is irrelevant since Plaintiff, as master of its complaint, chose to allege that Defendant engaged in conduct that was unlawful under state law, instead of alleging violations of federal law." Citing *Caterpillar, Inc.,* 482 U.S. at 392.);" *Roskind,* 165 F.Supp.2d at 1067 (case remanded because plaintiff's state claims did not depend on federal law: the scope of defendant's fiduciary duty could be defined by state law as well as NASD rules).

Finally, throughout their Opposition, Defendants trumpet their intention to file a motion to dismiss based on Reg. SHO. Opp., 21:11-14; 23:1-3 (including cases cited in fn. 10); 8:13-14. That sentiment and those cases are irrelevant to this motion: Defendants' assertion or the anticipated assertion of a federal defense, including preemption, does not create federal question jurisdiction. *Caterpillar,* 482 U.S. 393; *Ritchey v. Upjohn Drug Company,* 139 F.3d 1313, 1319 (9th Cir. 1998).

### C. Defendants' Remaining Cases Are Not On Point In That Resolution Of Each Necessarily Involved Substantial And Disputed Issues Of Federal Law

The remaining cases in Defendants' cite finding federal question jurisdiction are materially different from the case before the Court. Many involve claims which turn exclusively