IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| TASER INTERNATIONAL, INC., et al., | : | |
| | : | CIVIL ACTION NO. |
| Plaintiffs, | : | 1:10-cv-03108-JOF |
| | : | |
| v. | : | |
| | : | |
| MORGAN STANLEY & CO., INC., et al., | : | |
| | : | |
| Defendants. | : | |

_____

**DEFENDANT MERRILL LYNCH
PROFESSIONAL CLEARING CORP.'S MOTION
TO DISMISS FOR LACK OF PERSONAL JURISDICTION OR,
<u>IN THE ALTERNATIVE, TO TRANSFER UNDER 28 U.S.C. § 1406(a)</u>**

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ........................................................................1

BACKGROUND ...........................................................................................2

ARGUMENT ...............................................................................................4

   I.  Merrill Pro Does Not Fall Within the Reach of Georgia's Long-arm
      Statute ..............................................................................................6

      A.  Personal jurisdiction is not proper under Subsection 9-10-91(1) ...........7

      B.  Personal jurisdiction is not proper under Subsection 9-10-91(2) ...........8

      C.  Personal jurisdiction is not proper under Subsection 9-10-91(3) ...........9

   II.  Relying on Georgia's Long-arm Statute to Exert Jurisdiction Over
      Merrill Pro Would Violate the Due Process Clause....................................11

      A.  Merrill Pro has not purposefully established minimum contacts
           with Georgia ...............................................................................11

      B.  Merrill Pro cannot be hauled into Georgia court without
           offending traditional notions of fair play and substantial justice..........14

   III. Plaintiffs Cannot Impute Personal Jurisdiction to Merrill Pro Under
      Vague and Unsupported Claims of a Conspiracy .......................................16

      A.  Plaintiffs' mere allegations of conspiracy are insufficient to
           establish personal jurisdiction over Merrill Pro ....................................16

      B.  Plaintiffs fail to state that the alleged conspiracy targeted
           Georgia .......................................................................................18

   IV. As an Alternative to Dismissing Merrill Pro, this Court May
      Transfer this Case to the Southern District of New York ...........................20

CONCLUSION ............................................................................................21

# TABLE OF AUTHORITIES

**Page**

## CASES

*3Q Techs., Ltd., v. Canfield Scientific, Inc.*,
2006 U.S. Dist. LEXIS 36490 (N.D. Ga. May 16, 2006)....................................7

*Adstep, Inc. v. Freeman Decorating Co.*,
2003 U.S. Dist. LEXIS 25728 (M.D. Fla. Sept. 16, 2003)...............................15

*Arandell Corp. v. Xcel Energy, Inc.*,
605 F. Supp. 2d 1118 (D. Nev. 2009)..................................................................18

*Barton S. Co. v. Manhole Barrier Sys., Inc.*,
318 F. Supp. 2d 1174 (N.D. Ga. 2004)...............................................................21

*Burger King Corp. v. Rudzewicz*,
471 U.S. 462 (1985)................................................................................12, 14, 15

*Cashatt v. Merrimac Assocs., Inc.*,
2010 U.S. Dist. LEXIS 103530 (N.D. Ga. Sept. 30, 2010)................................8

*Global Payments Direct, Inc. v. Am. Bank of Commerce*,
2006 U.S. Dist. LEXIS 6632 (N.D. Ga. Feb. 3, 2006).....................8, 11, 12, 13

*Coopers & Lybrand v. Cocklereece*,
157 Ga. App. 240 (Ga. Ct. App. 1981)..........................................10, 16, 17, 18

*Diamond Crystal Brands, Inc. v. Food Movers Int'l, Inc.*,
593 F.3d 1249 (11th Cir. 2010) ............................................................... *passim*

*First Nat'l Bank of Ames, Iowa v. Innovative Clinical & Consulting
Servs., LLC*,
266 Ga. App. 842 (Ga. Ct. App. 2004) ), *aff'd*, 279 Ga. 672 (2005).................9

*Francosteel Corp. v. M/V Charm*,
19 F.3d 624 (11th Cir. 1994) .............................................................................4

*Gould v. Nat'l Life Ins. Co.*,
990 F. Supp. 1354 (M.D. Ala. 1998) ...............................................................21

*Helicopteros Nacionales de Columbia, S. A. v. Hall*,
466 U.S. 408 (1984).........................................................................................12

*Innovative Clinical & Consulting Servs., LLC v. First Nat'l Bank of
Ames, Iowa*,
279 Ga. 672 (2005) .......................................................................................8, 9

*Kipperman v. Onex Corp.*,
2006 U.S. Dist. LEXIS 96944 (N.D. Ga. Sept. 15, 2006)................................4

## TABLE OF AUTHORITIES
### (continued)

**Page**

*Manley v. Engram,*
   755 F.2d 1463 (11th Cir. 1985) .......................................................................20

*McLaughlin v. McPhail,*
   707 F.2d 800 (4th Cir. 1983) ..........................................................................16

*Nat'l Egg Co. v. Bank Leumi le-Israel, B.M.,*
   514 F. Supp. 1125 (N.D. Ga. 1981)..................................................................10

*Ohio Cas. Ins. Co. v. John W. Spratlin & Son, LLC,*
   2007 U.S. Dist. LEXIS 31465 (N.D. Ga. Apr. 30, 2007)............................20, 21

*Oldfield v. Pueblo De Bahia Lora, S.A.,*
   558 F.3d 1210 (11th Cir. 2009) ..................................................................13, 14

*Rudo v. Stubbs,*
   221 Ga. App. 702 (Ga. Ct. App. 1996) ............................................................17

*Tommy Bahama Group, Inc. v. The Walking Co.,*
   2007 WL 3156254 (N.D. Ga. Oct. 19, 2007) ...................................................21

*Ultra Prods., Inc. v. Antec, Inc.,*
   2009 U.S. Dist. LEXIS 97498 (M.D. Fla. Aug. 27, 2009) ................................20

### STATUTES

28 U.S.C. § 1404.......................................................................................................21

28 U.S.C. § 1406(a) ..................................................................................................20

Ga. Code Ann. § 9-10-91 ................................................................................. *passim*

## PRELIMINARY STATEMENT

This Court lacks jurisdiction over Defendant Merrill Lynch Professional Clearing Corp. ("Merrill Pro"), a Delaware corporation with its principal place of business in New York.  As explained in Merrill Pro Managing Director Peter Melz's declaration filed herewith, Merrill Pro has no office in Georgia, no employees in the state of Georgia, does no significant business in Georgia, and has undertaken no activity relevant to Plaintiffs' claims in Georgia.  In fact, Merrill Pro had *no* customers in Georgia for almost all of the relevant time period in this case. It currently has only *one* customer in Georgia, and that is not one of the Plaintiffs.

Although Plaintiffs initiated their lawsuit several years ago, have engaged in significant discovery against other Defendants, and have amended their claims seven times, all they can allege to justify bringing Merrill Pro into this Georgia lawsuit is the conclusory speculation that Merrill Pro "is registered to conduct business in Georgia, conducts business in or that impacts Georgia, and/or maintains an office in Fulton County, Georgia."  (See Seventh Amended Compl. (the "Complaint") ¶ 49.)  Not only is Plaintiffs' allegation demonstrably incorrect, it is also insufficient for submitting Merrill Pro to personal jurisdiction in Georgia.

Indeed, the facts here do not come close to satisfying the requirements for jurisdiction under either the Georgia long-arm statute or the Due Process Clause.

The Complaint fails to mention a single specific instance of any Merrill Pro purposeful contact with Georgia so as to invoke any of the long-arm statute's provisions.  Nor have Plaintiffs alleged any contacts with Georgia—whether generally or specifically in connection with Plaintiffs' claims—sufficient to satisfy due process requirements.  That is because none exist.  And to the extent that any of the other Defendants have contacts with Georgia, Plaintiffs' vague and unsupported conspiracy claims do not impute those contacts to Merrill Pro—there are no allegations that any Defendant targeted its supposed misconduct at Georgia residents or otherwise engaged in misconduct in Georgia.

If Plaintiffs want to assert these claims against Merrill Pro, the place to do so is New York, where Merrill Pro and all other Defendants have their principal places of business and where the alleged wrongful conduct underlying Plaintiffs' claims took place.  Accordingly, the Court should dismiss Plaintiffs' claims against Merrill Pro under Federal Rule of Civil Procedure 12(b)(2) or, in the alternative, transfer this case under 28 U.S.C. § 1406(a) to the Southern District of New York.

## BACKGROUND

After more than two years of litigation, Plaintiffs have now filed the Complaint to add Merrill Pro, a subsidiary of Merrill Lynch, Pierce, Fenner & Smith, Inc., as a Defendant.  The Complaint generally alleges that eight New York-

based broker-dealers and their affiliates, individually and in coordination with each other, created unauthorized and "phantom" NASDAQ-traded shares of Arizon-based TASER International, Inc. ("TASER") by failing to deliver TASER shares to the Depository Trust and Clearing Corporation ("DTCC") in accordance with federal law.  (*See* Complaint ¶¶ 1–7.)  Merrill Pro principally functions as a clearing broker for other financial institutions.  This means that it acts as a liaison between a broker-dealer that has executed a trade and the DTCC's subsidiary clearing corporation, ensuring that the transaction is completed successfully.

Notably, the Complaint does not allege that any of the activities forming the basis of Plaintiffs' claims occurred in Georgia.  Nor do Plaintiffs allege any specific contacts between Merrill Pro and Georgia.  Indeed, the only allegation discussing Merrill Pro's connection with Georgia is the vague assertion that "Merrill Professional Clearing Corp. is registered to conduct business in Georgia, conducts business in or that impacts Georgia, and/or maintains an office in Fulton County, Georgia."  (Compl. ¶ 49.)  But in fact:

- Merrill Pro is incorporated in Delaware and has its principal place of business in New York.  (October 26, 2010 Declaration of Peter Melz ("Melz Decl.") ¶ 3.)

- Merrill Pro has never had any office, telephone number, or employees in the state of Georgia.  (*Id.* ¶ 4.)

- Merrill Pro has never had a bank account in the state of Georgia.  Merrill Pro has received no income in the state of Georgia.  (*Id.* ¶ 5.)

- Merrill Pro has never owned any real property in the state of Georgia and holds no mortgage or other lien on any real property in the state of Georgia.  (*Id.* ¶ 6.)

- Merrill Pro's operations, which consist largely of clearing trades for other financial institutions, including broker-dealers, are conducted principally in New York, with some activity in Chicago and Philadelphia.  None of Merrill Pro's operations is or has ever been conducted in the state of Georgia.  (*Id.* ¶ 7.)

- Merrill Pro had no customers in the state of Georgia until May 19, 2008.  (*Id.* ¶ 8.)

- Merrill Pro currently has only one customer in the state of Georgia.  (*Id.* ¶ 9.)[1]

- None of the Plaintiffs is a customer of Merrill Pro, and Merrill Pro has never conducted any business with any of the Plaintiffs.  (*Id.* ¶ 10.)

- During the relevant time period, Merrill Pro had no customers in the state of Georgia who have requested Merrill Pro to conduct or participate in short sales of TASER stock on their behalf.  (*Id.* ¶ 11.)

Plaintiffs' allegations are insufficient given this indisputable evidence.

## ARGUMENT

It is well established that "Plaintiff bears the burden of establishing personal jurisdiction over the defendant."  *Kipperman v. Onex Corp.*, 2006 U.S. Dist. LEXIS 96944, at *14 (N.D. Ga. Sept. 15, 2006) (Forrester, J.) (citing *Francosteel*

---

[1] Some of Merrill Pro's broker-dealer clients located outside Georgia have customers in the state of Georgia whose transactions flow through Merrill Pro. (Melz Decl. ¶ 9.)

- 4 -

*Corp. v. M/V Charm*, 19 F.3d 624, 626 (11th Cir. 1994)).  Further, "[a] plaintiff

seeking the exercise of personal jurisdiction over a nonresident defendant bears the

initial burden of alleging in the complaint sufficient facts to make out a prima facie

case of jurisdiction."  *Diamond Crystal Brands, Inc. v. Food Movers Int'l*, 593

F.3d 1249, 1257 (11th Cir. 2010).  And because Merrill Pro has submitted

evidence by way of Mr. Melz's declaration, Plaintiffs bear the burden of

substantiating their jurisdictional allegations "by affidavits or other competent

proof, and not merely [by] reiterat[ing] the factual allegations in the complaint."

*Id*.  The Court must then make both a statutory and a constitutional inquiry:

"jurisdiction must (1) be appropriate under the state long-arm statute and (2) not

violate the Due Process Clause of the Fourteenth Amendment to the United States

Constitution."  *Id*.

Plaintiffs cannot satisfy either test in this case.  Plaintiffs' conclusory

"and/or" speculation in the Complaint that Merrill Pro has connections to Georgia

offers no basis for subjecting Merrill Pro to suit in Georgia.  In fact, as Merrill

Pro's evidence demonstrates, Merrill Pro has no significant contacts justifying the

Georgia long-arm statute's application.  And subjecting Merrill Pro (a New York

Defendant that has no relationship to any of the Plaintiffs and is not alleged to have

engaged in any misconduct in Georgia) to jurisdiction in Georgia simply because a

small minority of Plaintiffs reside here stands in clear contravention to the Due Process Clause.  The Court should dismiss Merrill Pro or transfer this case to the Southern District of New York where venue is proper as to all Defendants.

## I.  Merrill Pro Does Not Fall Within the Reach of Georgia's Long-arm Statute.

When assessing personal jurisdiction, "courts must apply the specific limitations and requirements of [Ga. Code Ann.] § 9-10-91 literally and must engage in a statutory examination that is independent of, and distinct from, the constitutional analysis to ensure that both, separate prongs of the jurisdictional inquiry are satisfied."  *Diamond Crystal Brands*, 593 F.3d at 1263.  Under Section 9-10-91, Plaintiffs bear the burden of showing that Merrill Pro "(1) Transact[ed] any business within this state; (2) Commit[ted] a tortious act or omission within this state . . . ; [or] (3) Commit[ted] a tortious injury in this state caused by an act or omission outside this state [and] regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this state."  Ga. Code Ann. § 9-10-91(1)-(3).  Neither Plaintiffs' threadbare assertion that Merrill Pro "conducts business in or that impacts Georgia" (Compl. ¶ 49) nor even the most charitable reading of their convoluted theory of injury (linking Defendants' New

York activities to Georgia shareholders through injury to an Arizona company's stock price) can bring Merrill Pro within the ambit of this statute.

### A.   Personal jurisdiction is not proper under Subsection 9-10-91(1).

Plaintiffs cannot assert personal jurisdiction over Merrill Pro under the "transacting business" provision of Section 9-10-91 because this Subsection only applies if the nonresident defendant has "consummated some transaction in this state" giving rise to plaintiffs' claims. *Diamond Crystal Brands*, 593 F.3d at 1260. And courts have traditionally limited this Subsection "only to claims based on contract, not those sounding in tort." *3Q Techs., Ltd., v. Canfield Scientific, Inc.*, 2006 U.S. Dist. LEXIS 36490, at **12-13 (N.D. Ga. May 16, 2006).  Here, Plaintiffs have not alleged *any* form of business relationship with Merrill Pro, let alone a contractual one.  Nor have Plaintiffs alleged any other purposeful business transaction by Merrill Pro in Georgia that could in any way be relevant to their claims.  Plaintiffs' allegations revolve around alleged activities in New York that they claim harmed stock prices of an Arizona company traded in a New York marketplace.  None of that comprises transacting business in Georgia.  Subsection (1) therefore does not apply.

Merrill Pro also is not subject to "transacting business" jurisdiction because Plaintiffs' claims do not arise out from Merrill Pro's minuscule contacts with

Georgia.  In order for a plaintiff to allege personal jurisdiction over a non-resident

defendant under the "transacting business" provision, the plaintiff's "cause of

action [must] arise[] from or [be] connected with such act or transaction."  *Cashatt*

*v. Merrimac Assocs., Inc.*, 2010 U.S. Dist. LEXIS 103530, at **5–6 (N.D. Ga.

Sept. 30, 2010).  Here, Plaintiffs have alleged no specific act or transaction by

Merrill Pro in Georgia *at all*, let alone one that caused the injuries they claim.  *Cf.*

*Global Payments Direct, Inc. v. Am. Bank of Commerce*, 2006 U.S. Dist. LEXIS

6632, at *8 (N.D. Ga. Feb. 3, 2006) (Forrester, J.) (finding Texas company not

subject to "transacting business" jurisdiction even though it contracted with

Georgia company because its contract negotiations were in Texas and it had "no

communications of any significance with [plaintiff's Georgia] office").  And

Plaintiffs cannot do so.  (*See* Melz Decl. ¶¶ 8–11.)  Jurisdiction under Subsection

(1) is therefore improper.

###    B.    Personal jurisdiction is not proper under Subsection 9-10-91(2).

Plaintiffs also cannot establish jurisdiction under Subsection § 9-10-91(2)

because they do not allege that Merrill Pro committed any "tortious act or omission

*within this state*."  Ga. Code Ann. § 9-10-91(2) (emphasis added); *Innovative*

*Clinical & Consulting Servs., LLC v. First Nat'l Bank of Ames, Iowa*, 279 Ga. 672,

676 (2005) (rejecting jurisdiction under § 9-10-91(2) over Iowa bank because it did

not act in Georgia, despite written and telephone communication with Georgia plaintiff with regard to subject of claims).  Here Plaintiffs do not allege that Merrill Pro took *any* action in Georgia, let alone facts to support a "tortious act or omission" here.  All of Merrill Pro's alleged wrongful conduct took place in New York, Illinois, or Pennsylvania.  (*See* Compl. ¶ 8 (listing Defendants' business operations); Melz Decl. ¶¶ 7–11.)  Accordingly, Subsection (2) is inapplicable.

### C.   Personal jurisdiction is not proper under Subsection 9-10-91(3).

Jurisdiction also fails under Subsection (3) of the Georgia long-arm statute because Merrill Pro does not regularly do or solicit business in Georgia, engage in any persistent course of conduct in Georgia, or derive substantial revenue from services rendered in Georgia.  *See* Ga. Code Ann. § 9-10-91(3); *see also Innovative Clinical*, 279 Ga. at 676.  In *Innovative Clinical*, the Georgia Supreme Court emphasized that jurisdiction under this Subsection requires the defendant's contacts to be "regular," "persistent," or "substantial," 279 Ga. at 676 n.4, and agreed with the trial court that even allegations that the defendant bank "exchanged letters and telephone calls with [the Georgia plaintiff] regarding [its] accounts," do not suffice, *see First Nat'l Bank of Ames, Iowa v. Innovative Clinical & Consulting Servs., LLC*, 266 Ga. App. 842, 844–45 (Ga. Ct. App. 2004), *aff'd*, 279 Ga. at 676.

Plaintiffs here have alleged far fewer contacts between Merrill Pro and Georgia than the Georgia Supreme Court found insufficient in *Innovative Clinical*. Nor could they allege anything more, as Merrill Pro has no office in Georgia, no employees in Georgia, and does not derive substantial revenue from Georgia.  (*See* Melz Decl. ¶¶ 4, 5.)  Merrill Pro had *zero* Georgia-based customers for most of the relevant time period.  (*Id.* ¶ 8.)  Merrill Pro currently has *one* Georgia-based customer.  (*Id.* ¶ 9.)  And even with this Georgia customer, Merrill Pro's interaction with Georgia is minimal—mailing account statements from New York to the customer's office.  (*Id.*)  All substantive operations undertaken on this customer's behalf occur in New York, Chicago, or Philadelphia.  (*Id.* ¶ 7.)

Subsection (3) is also unavailing to Plaintiffs because Plaintiffs cannot show that Merrill Pro "[c]omit[ed] a tortious injury in" Georgia with its activities outside Georgia.  To satisfy this requirement Plaintiffs must demonstrate that Merrill Pro specifically targeted Georgia or its citizens.  *See Nat'l Egg Co. v. Bank Leumi le-Israel, B.M.*, 514 F. Supp. 1125, 1128 (N.D. Ga. 1981) ("[T]he mere allegation that an act of a nonresident without the state, without more, that ultimately results in an injury to a citizen of this state, does not establish a 'contact' with this state in the absence of implicit or explicit evidence of purposefully sought activity with or in Georgia by the nonresident." (citing *Coopers & Lybrand v. Cocklereece*, 157 Ga.

App. 240, 246 (Ga. Ct. App. 1981)).  But Plaintiffs' claim is that Merrill Pro and

the other Defendants injured an Arizona company's stock and *all* of its nationwide

shareholders.  And the Complaint contains no allegations that Merrill Pro (or any

other Defendant) anticipated or intended to cause injury in Georgia.  (*See* Compl.

¶ 14.)  There is therefore no jurisdiction under Subsection (3).

## II.    Relying on Georgia's Long-arm Statute to Exert Jurisdiction over Merrill Pro Would Violate the Due Process Clause.

Even if Plaintiffs could establish that the long-arm statute provides

jurisdiction over Merrill Pro, the Due Process Clause precludes it.  *See Diamond*

*Crystal Brands*, 593 F.3d at 1257–58 (holding that courts must evaluate personal

jurisdiction against both statutory and constitutional limits and disapproving of

decisions that collapsed two inquiries).  The Fourteenth Amendment requires both

that "(1) . . . the nonresident defendant h[ave] purposefully established minimum

contacts with the forum, and (2) . . . the exercise of jurisdiction would [not] offend

traditional notions of fair play and substantial justice." *Global Payments Direct*,

2006 U.S. Dist. LEXIS 6632, at **6–7.  Requiring Merrill Pro—a New York-

based company with no operations in Georgia—to come to Georgia to defend

conduct that occurred primarily in New York and in no way targeted Georgia

violates those principles.

**A. Merrill Pro has not purposefully established minimum contacts with Georgia.**

Merrill Pro has not purposefully established minimum contacts with Georgia to provide either general or specific jurisdiction. "To establish general jurisdiction, a plaintiff has to show that the general contacts a defendant has with the forum state are continuous and systemic." *Global Payments Direct*, 2006 U.S. Dist. LEXIS 6632, at **6–7 (citing *Helicopteros Nacionales de Columbia, S. A. v. Hall*, 466 U.S. 408, 414–16 (1984)). In *Global Payments Direct*, this Court found that standard unsatisfied, even though the Atlanta-based plaintiff had contracted with the defendant and they had exchanged correspondence. The Court similarly does not have general jurisdiction over Merrill Pro here. Like the defendant in *Global Payments Direct*, Merrill Pro has no office and no employees in Georgia and conducts no regular business activities in Georgia. (*See* Melz Decl. ¶¶ 4, 7.) Merrill Pro therefore lacks a "continuous" and "systemic" presence in Georgia that would give rise to general jurisdiction under due process analysis.

Plaintiffs fare no better in attempting to assert specific jurisdiction over Merrill Pro. "In specific jurisdiction cases, the [Due Process Clause's] 'fair warning requirement is satisfied if the defendant has purposefully directed his activities at residents of the forum . . . and the litigation results from alleged injuries that arise out of or relate to those activities.'" *Diamond Crystal Brands*,

593 F.3d at 1267 (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472-73 (1985)).  Specifically, the defendant's contacts "must (1) be related to plaintiffs' cause of action; (2) involve some act of purposeful availment by the defendant of the privileges of the forum; and (3) be such that the defendant should reasonably anticipate being haled into court there."  *Global Payments Direct*, 2006 U.S. Dist. LEXIS 6632, at \*7 (internal quotation marks omitted).

Merrill Pro's supposed contacts in Georgia do not approach satisfying these specific jurisdiction requirements.  Plaintiffs allege no facts beyond the conclusory speculation that Merrill Pro "conducts business in or that impacts Georgia." (Compl. ¶ 49.)  They do not assert any contacts between Merrill Pro and Georgia that relate to their cause of action or that constitute "purposeful availment" such that Merrill Pro could reasonably anticipate being forced to litigate in Georgia.  *See Oldfield v. Pueblo De Bahia Lora, S.A.*, 558 F.3d 1210, 1222–23 (11th Cir. 2009) (remanding with instructions to dismiss case and explaining that contact between defendant and forum state "must be a 'but-for' cause of the tort" and be of such type that defendant has "fair warning that a particular activity will subject [it] to the jurisdiction of a foreign sovereign").

Moreover, Plaintiffs cannot establish specific jurisdiction over Merrill Pro simply because some Plaintiffs happen to be Georgia residents.  "The focus must

always be on the nonresident defendant's conduct, that is, whether the defendant deliberately engaged in significant activities within a state or created continuing obligations with residents of the forum." *Diamond Crystal Brands*, 593 F.3d at 1268. Courts must focus on the Defendant's conduct, rather than the Plaintiffs' conduct, because the Due Process Clause prohibits jurisdiction based "solely on 'random,' 'fortuitous,' or 'attenuated' contacts." *See id.*

Here, Plaintiffs' only potential theory of specific jurisdiction rests entirely on random, fortuitous, and attenuated contacts, rather than on Merrill Pro's purposeful intention to enter the Georgia forum. Plaintiffs' attenuated chain of causation—that Defendants' activities in New York harmed an Arizona company and its nationwide stockholders, causing injury in Georgia by the happenstance of a Plaintiff shareholder residing here—is insufficient to conclude that Defendants' actions would foreseeably subject them to jurisdiction in Georgia. *See Oldfield*, 558 F.3d at 1223–24 (defendant foreign resort's act of booking vacation with Florida plaintiff through Florida website was not sufficiently "related to" plaintiff's later injury while on vacation so as to subject foreign resort to personal jurisdiction in Florida).

**B.  Merrill Pro cannot be hauled into Georgia court without offending traditional notions of fair play and substantial justice.**

Asserting jurisdiction over Merrill Pro also would not comport with fair play and substantial justice. *See Burger King*, 471 U.S. at 476.  In considering whether due process would be satisfied, the Eleventh Circuit directs courts to evaluate "'the burden on the defendant, the forum State's interest in adjudicating the dispute, the plaintiff's interest in obtaining convenient and effective relief, the interstate judicial system's interest in obtaining the most efficient resolution of controversies, and the shared interest of the several states in furthering fundamental substantive social policies.'" *Diamond Crystal Brands*, 593 F.3d at 1268 (quoting *Burger King*, 471 U.S. at 476–77).

Although a few Plaintiffs might want to litigate in Georgia, no other factor favors this Court's assertion of jurisdiction over Merrill Pro.  It is burdensome for Merrill Pro to defend its New York-based conduct in Georgia, and no social policy is served by dragging a corporation with its principal place of business in New York to litigate in Georgia.  Furthermore, none of the alleged wrongdoing underlying Plaintiffs' claims occurred in Georgia, so Georgia has no interest in adjudicating this action.  *See, e.g., Adstep Inc. v. Freeman Decorating Co.*, 2003 U.S. Dist. LEXIS 25728, at *22 (M.D. Fla. Sept. 16, 2003) ("'[F]air play and substantial justice' do not support exercise of personal jurisdiction" since "Florida

[] has no interest in adjudicating this case.  It arises from acts allegedly done in

Illinois by a defendant which cannot do business in this state, and the cause of

action is unrelated to any contact [defendant] has with Florida.").  Accordingly,

forcing Merrill Pro to litigate in Georgia would violate due process principles of

fair play and justice.

### III.  Plaintiffs Cannot Impute Personal Jurisdiction to Merrill Pro Under Vague and Unsupported Claims of a Conspiracy.

Plaintiffs cannot bypass due process requirements by resting on unsupported

allegations that Merrill Pro conspired with other actors over whom this Court has

jurisdiction.  Basic notions of fairness require that even if Merrill Pro was a

conspirator, it still must have a reasonable expectation of being haled into a

*Georgia* court.  *See Cocklereece*, 157 Ga. App. at 244, 246.  For conspiracy-based

jurisdiction, Plaintiffs must (i) make a *prima facie* showing of a conspiracy and

(ii) demonstrate that the conspiracy targeted Georgians and that Merrill Pro knew

or had reason to know about this Georgia target.  *Id*.  Plaintiffs fail on all counts.

#### A.  Plaintiffs' mere allegations of conspiracy are insufficient to establish personal jurisdiction over Merrill Pro.

Plaintiffs seeking to impute jurisdiction to a purported non-resident

co-conspirator must do more than offer "mere allegation[s]" of a conspiracy.  *See,*

*e.g., Cocklereece*, 157 Ga. App. at 246 ("[M]ere allegation that a non-resident is a

co-conspirator . . . does not establish a 'contact' with this forum.").  Instead Plaintiffs must make a *prima facie* factual showing.  *Id.* (dismissing claims because of an absence of "implicit or explicit *evidence* of purposefully sought activity with or in Georgia by the non-resident" (emphasis added)); *see also McLaughlin v. McPhail*, 707 F.2d 800, 807 (4th Cir. 1983) (finding no personal jurisdiction because plaintiff failed to make *prima facie* showing of conspiracy).

More than two years into this case, after millions of pages of produced documents and seven amended complaints, Plaintiffs still find themselves unable to articulate more than two or three vague, general averments of conspiracy. Indeed, Plaintiffs offer no evidence of conspiracy—let alone Merrill Pro's participation in one—even approaching the level courts require for conspiracy-based jurisdiction.  Rather, in an attempt to disguise their lack of foundation for a conspiracy claim, Plaintiffs throw the word conspiracy into virtually every page of the Complaint and then proceed to describe individual Defendant activity without any allegations of agreement or coordination.  The closest Plaintiffs come to alleging actual conspiracy is to state that defendants "have conspired and agreed not to require each other to clear out 'fails'; instead permitting 'fail' transactions to remain unfulfilled indefinitely" (Compl. ¶ D.4), and "agre[ed] to violate the requirement that they deliver actual shares by the three-day settlement date" (*id.*

¶ 87).  These sparse, vague allegations starkly contrast with the type of showing Georgia courts require.  *See Rudo v. Stubbs*, 221 Ga. App. 702, 704 (Ga. Ct. App. 1996) (emphasizing that conspiracy-based jurisdiction would be improper without plaintiff's specific evidentiary showing of conspiracy); *Cocklereece*, 157 Ga. App. at 245–46 (finding no personal jurisdiction over foreign accounting firm accused of furnishing audit used in investment fraud scheme, despite evidence that firm had "loose affiliation" with other, similarly named defendants).

### B.   Plaintiffs fail to state that the alleged conspiracy targeted Georgia.

Even if Plaintiffs could make a *prima facie* showing of conspiracy, that would be insufficient to satisfy Merrill Pro's due process rights.  Instead, Plaintiffs must demonstrate that the conspiracy purposefully availed itself of Georgia by targeting Georgia residents and that Merrill Pro knew or should have known that Georgia was targeted.  *See Cocklereece*, 157 Ga. App. at 243-44 (finding no conspiracy basis for jurisdiction because no evidence that defendant "purposefully avail[ed] himself of the privilege of doing business in the forum state").  Again, Plaintiffs have not, and cannot, establish this point.

Plaintiffs nowhere allege that the supposed conspiracy targeted Georgia residents or that Merrill Pro knew Georgians were being targeted.  Instead, Plaintiffs speak of a purported nationwide securities conspiracy involving every

major investment bank, none of which is based in Georgia, that happened to allegedly affect Georgia residents who happened to own an Arizona company's stock that traded through the banks' various systems. These allegations of highly attenuated connections to Georgia do not suffice. In *Arandell Corp. v. Xcel Energy, Inc.*, for example, a District Court in Nevada following Georgia's approach to conspiracy-based jurisdiction faced a similar fact pattern and found that it lacked jurisdiction:

> Here, Plaintiffs' [complaint] does not allege REI purposefully availed itself of Wisconsin by individually targeting known Wisconsin residents. Rather, the [complaint] alleges a nationwide conspiracy to manipulate natural gas prices resulting in inflated prices generally, including in Wisconsin. The mere likelihood that the price manipulation allegedly occurring in other states foreseeably would affect natural gas prices in Wisconsin does not amount to purposeful direction at Wisconsin. . . . The [complaint] does not allege the conspirators made an agreement specifically regarding Wisconsin or its residents. While other alleged conspirators such as RES may have purposefully directed their conduct at known Wisconsin residents, the [complaint] contains no non-conclusory allegations that REI purposefully did so.

605 F. Supp. 2d 1118, 1140–41 (D. Nev. 2009).

Similarly, in *Cocklereese* the defendant accounting firm had allegedly performed a fraudulent audit as part of a general conspiracy to defraud potential investors. The Court of Appeals rejected the exercise of jurisdiction based on the in-state actions of co-conspirators, since there was no evidence that the non-

resident defendant knew or should have known the audit would be used in Georgia; and without that knowledge, there was no purposeful activity directed at Georgia and no reasonable anticipation of being haled into court there.  *See* 157 Ga. App. at 246.  The same result is warranted here, where the Complaint contains not one allegation that the supposed conspiracy was directed at Georgia.  Consequently, Plaintiffs' repetitive and conclusory allegations of conspiracy provide no grounds for this Court's exercise of jurisdiction over Merrill Pro.

**IV.  As an Alternative to Dismissing Merrill Pro, this Court May Transfer this Case to the Southern District of New York.**

Because Merrill Pro is not subject to personal jurisdiction in Georgia, this case may not proceed against it in this forum.  As an alternative to dismissal, however, the Court may transfer this action to "any district or division in which it could have been brought."  28 U.S.C. § 1406(a).

Transfer under section 1406(a) is appropriate where the case "lays venue in the wrong . . . district."  *Ultra Prods., Inc. v. Antec, Inc.*, 2009 U.S. Dist. LEXIS 97498, at *16 (M.D. Fla. Aug. 27, 2009).  Here, the present district is "wrong" because this Court lacks personal jurisdiction over Merrill Pro.  *See id.* at *16 (noting that transfer under section 1406(a) is appropriate where original forum lacks personal jurisdiction); *see also Manley v. Engram*, 755 F.2d 1463, 1467 n.8 (11th Cir. 1985) (explaining that "incorrect venue, absence of personal jurisdiction,

or both" can render venue "wrong"); *Ohio Cas. Ins. Co. v. John W. Spratlin & Son, LLC*, 2007 U.S. Dist. LEXIS 31465, at **10–11 (N.D. Ga. Apr. 30, 2007) (granting 1406(a) transfer because defendant corporation was not subject to personal jurisdiction and therefore venue was improper).

As a result, section 1406(a) mandates that Merrill Pro either be dismissed from this action outright or that the action be transferred "in the interest of justice" to the United States District Court for the Southern District of New York, where all Defendants reside.  *See Ohio Cas. Ins. Co.*, 2007 U.S. Dist. LEXIS 31465, at **11–12 (1406(a) transfer to district where defendant resided was in interest of justice); *Barton S. Co. v. Manhole Barrier Sys., Inc.*, 318 F. Supp. 2d 1174, 1178-79 (N.D. Ga. 2004) (same).  Indeed, there can be no dispute that this case could have been brought in the Southern District of New York, because all Defendants have their principal places of business there and the events allegedly giving rise to Plaintiffs' claims occurred there.[2]  Thus, if this case belongs anywhere, it belongs in that court.

---

[2] Transfer to the Southern District of New York therefore would also be appropriate under 28 U.S.C. § 1404(a), particularly since most witnesses reside only within that court's subpoena power.  *See Tommy Bahama Group, Inc.* v. *The Walking Co.*, 2007 WL 3156254, at *3 (N.D. Ga. Oct. 19, 2007) (granting transfer where "many of [defendant's] key witnesses reside and work in [the transferee district]"); *Gould v. Nat'l Life Ins. Co.*, 990 F. Supp. 1354, 1359 (M.D. Ala. 1998) (transfer to the defendant's home district was "especially important given that the [transferring court] would be unable to compel attendance of [former employee witnesses]").

## CONCLUSION

For the foregoing reasons, Defendant Merrill Pro respectfully requests that the Court dismiss this case under Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction or transfer it under 28 U.S.C. § 1406(a) to the United States District Court for the Southern District of New York.

Dated:  October 26, 2010                    Respectfully submitted,


                                    /s/ Richard H. Sinkfield
                                     Richard H. Sinkfield
                                     Georgia Bar No. 649100
                                     Dan F. Laney
                                     Georgia Bar No. 435290

                                     *Attorneys for Defendant Merrill Lynch
                                     Professional Clearing Corp.*

ROGERS & HARDIN LLP
2700 International Tower
  Peachtree Center
229 Peachtree Street, N.E.
Atlanta, GA 30303-1601
Phone:  404-522-4700
Fax:  404-525-2224

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

TASER INTERNATIONAL, INC.,
*et al.*

      Plaintiffs,

v.

MORGAN STANLEY & CO., INC.,
*et al.*

      Defendants.

CIVIL ACTION NUMBER:
1:10-CV-03108-JOF

## CERTIFICATE OF SERVICE

This is to certify that I have this day caused a copy of the foregoing

***DEFENDANT MERRILL LYNCH PROFESSIONAL CLEARING CORP.'S***

***MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION OR, IN***

***THE ALTERNATIVE, TO TRANSFER UNDER 28 U.S.C. § 1406(a)*** to be filed

with the Clerk of Court using the CM/ECF system, which will automatically send

e-mail notification of such filing to the following attorneys of record:

      John E. Floyd, Esq.
      floyd@bmelaw.com

      Steven J. Rosenwasser, Esq.
      rosenwasser@bmelaw.com

      Nicole G. Iannarone, Esq.
      iannarone@bmelaw.com

Elizabeth G. Eager, Esq.
eager@bmelaw.com

Robert L. Ashe, III, Esq.
ashe@bmelaw.com

Michael A. Caplan, Esq.
caplan@bmelaw.com

and that I have caused a copy of the foregoing to be served on the following

attorneys of record by U.S. Mail:

James W. Christian, Esq.
CHRISTIAN, SMITH & JEWELL LLP
2302 Fannin, Suite 500
Houston, TX  77002

Robert F. Wise, Jr., Esq.
William J. Fenrich, Esq.
Melissa Aoyagi, Esq.
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, NY  10017

Richard H. Klapper, Esq.
Richard C. Pepperman, II, Esq.
Tracy Richelle High, Esq.
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, NY  10004-2498

Stephen L. Ratner, Esq.
Brian L. Friedman, Esq.
PROSKAUER ROSE LLP
1585 Broadway
New York, NY  10036

Gregory A. Markel, Esq.
Martin L. Seidel, Esq.
Peter J. Isajiw, Esq.
Heather L. Fesnak, Esq.
CADWALADER, WICKERSHAM & TAFT LLP
One World Financial Center
New York, NY  10281

Fraser L. Hunter, Jr., Esq.
WILMER CUTLER PICKERING HALE AND
DORR LLP
399 Park Avenue
New York, NY  10022

Andrew J. Frackman, Esq.
O'MELVENY & MYERS LLP
Times Square Tower
7 Times Square
New York, NY  10036

Andrew B. Clubok, Esq.
Jeffrey G. Landis, Esq.
Jeffrey M. Gould, Esq.
KIRKLAND & ELLIS LLP
655 Fifteenth Street, N.W.
Washington, DC  20005

Dated:  October 26, 2010

_____
/s/ James W. Cobb

James W. Cobb
ROGERS & HARDIN LLP
Georgia Bar No. 420133
E-mail: jcobb@rh-law.com

Attorneys for Defendant

3