IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

TASER INTERNATIONAL, INC., *et al.*,　)
　　　　　　　　　　　　　　　　　　)　Case No.: 1:10-CV-03108-JOF
　　　Plaintiffs,　　　　　　　　　)
　　　　　　　　　　　　　　　　　　)
v.　　　　　　　　　　　　　　　　　)　[On removal from the State
　　　　　　　　　　　　　　　　　　)　Court of Fulton County,
MORGAN STANLEY & CO., INC*., et al.*,　)　Georgia Case No.:
　　　　　　　　　　　　　　　　　　)　2008-EV-004739-B]
　　　Defendants.　　　　　　　　　)
_____)

## JOINT PRELIMINARY REPORT
## AND DISCOVERY PLAN

1.　**Description of Case:**

　　(a)　**Describe briefly the nature of this action.**

**Plaintiffs:** Plaintiffs[1] are entitled to damages for the injuries they have

suffered as a result of the Defendants' unlawful conduct related to their

participating, facilitating, permitting, engaging in or concealing abusive naked

short selling and related activities (including, but not limited to, improper or failure

to locate/affirmative determinations, failures to deliver, fails to buy-in, mismarking

order tickets/blue sheets, intentional failures to borrow and unlawful conversions,

---

[1] Plaintiffs do not believe that the removal of this action was proper.  Plaintiffs do
not consent to removal or to the subject matter jurisdiction of this Court.

reverse conversions, flex options and resets), and bring this action for:

(1) violations of the Georgia Racketeer Influenced and Corrupt Organizations Act ("RICO"), O.C.G.A. §§ 16-14-1, *et. seq.;* (2) violations of the Georgia Securities Act; (3) violations of the Georgia Computer Systems Protection Act; (4) conversion; and (5) money had and received.  This case, which only contains Georgia state law claims, has been pending in the State Court of Fulton County, Georgia for over two years and Plaintiffs have already defeated two motions to dismiss based upon preemption and Georgia state law challenges.

**Defendants:**  This case was filed in the State Court of Fulton County, Georgia (the "State Court"), in May 2008 by TASER International, Inc. and forty-two of its investors.  In September 2010, Plaintiffs amended their complaint for the seventh time and a new Defendant, Merrill Lynch Professional Clearing Corporation ("ML Pro"), was added.  ML Pro removed the case to the U.S. District Court for the Northern District of Georgia and the remaining Defendants joined in the removal.  The Seventh Amended Complaint asserts five claims, brought under Georgia RICO, the Georgia Securities Act, the Georgia Computer Systems Protection Act and Georgia common law (conversion and money had and received).  Among other asserted predicate acts under Georgia RICO, Plaintiffs for the first time contend that Defendants committed securities fraud in violation of the

Securities Exchange Act of 1934 and various regulations promulgated thereunder, 15 U.S.C. § 78j, Reg. SHO, Rule 15c3-3, and Rule 10b-5, as to which exclusive jurisdiction is vested in the federal courts.

**(b)    Summarize, in the space provided below, the facts of this case.  The summary should not be argumentative nor recite evidence.**

<u>Plaintiffs</u>:  This case involving Georgia state law claims arises out of Defendants' efforts to reap profits by creating, facilitating and trading in unauthorized, artificial shares of the common stock of TASER International ("TASER") through, *inter alia*, the Defendants' intentional acts of abusive and illegal naked short selling.  Seventh Amended Complaint ("Complaint") ¶ 1 (Dkt. No. 1-1, Ex. A to Notice of Removal).  Plaintiffs are TASER, a national company that does business in Georgia, among other places, and numerous individual purchasers of TASER stock, many of whom reside in Georgia.  Defendants are eleven Wall Street institutions.  *Id.* ¶¶ 45-53.  Defendants are registered in Georgia, have offices in Georgia and undertake business, including trading in TASER stock, in Georgia.  Defendants' illegal conduct occurs in the context of short sales of TASER stock.  In a typical legal short sale, a seller who expects the price of a company's stock to decline borrows shares of that stock and sells the borrowed

shares at the existing stock price; the seller then replaces the borrowed shares with shares purchased at a later date and, hopefully, at a lower price.  *Id.* ¶ 2.

Defendants have devised and engaged in numerous deceptive, manipulative and illegal short selling practices.  *Id.* ¶¶ 5, 8.  For example, Defendants engage in and facilitate short sales of TASER stock (and other companies' stock) without actually borrowing the shares they purport to sell and without any intention of ever borrowing or delivering those shares.  In essence, Defendants, for themselves and/or their clients, sell shares that they neither own nor intend to possess.  Yet, Defendants falsely represent that they have borrowed (or will borrow) and will deliver shares of the shorted stock.  *Id.* ¶ 8.

When Defendants engage in illegal short sales of TASER stock, among other things, they intentionally create unauthorized, artificial shares of that stock.[2] As set forth in the Complaint, to protect *bona fide* purchasers of stock, when parties engage in short sales, electronic book entries are made that reflect a transfer of shares to the purchaser, ***even if the shares are not actually delivered***.  *Id.* ¶ 4. Thus, when Defendants fail to deliver shares reflected in transfer entries, which they do intentionally, they have sold shares that they never owned or intended to

_____

[2] As used in this Joint Preliminary Report, the terms "shares" and "stock" refer to shares of common stock and/or security entitlements to that stock.

possess, and effectively created artificial shares of TASER stock. *Id.* ¶ 5 (former SEC Chairman states, "'Phantom shares created by naked shorting are analogous to counterfeit money'") (citation omitted). Those artificial "shares," which were not authorized or issued by Plaintiff TASER (and for which TASER was never paid in a public offering), are then traded and re-traded, often by Defendants. Defendants reap profits from virtually every aspect of their misconduct, even charging interest on non-existent loans and commissions on short sales of never-delivered stock.

Defendants' practices, which are known as abusive naked short selling, injure TASER and its shareholders in many ways, including by flooding the market with unauthorized, artificial TASER "shares" that dilute the value of legitimate TASER shares. *Id.* ¶ 6 (former SEC Chairman states that artificial shares "'devalue an issuer's shares to the detriment of investors and [legitimate] issuers alike'") (citation omitted). Defendants have been repeatedly fined by securities regulators for engaging in the conduct alleged in the Complaint. *Id.* ¶ 8 (five-page list of sanctions issued against Defendants).

Plaintiffs' further state that the facts of this case, including the facts of Defendants' unlawful conduct, are set forth in Plaintiffs' response to Interrogatory No. 2 contained in Plaintiffs' Responses to Defendants' Second Interrogatories to

Plaintiffs, which is attached hereto as Exhibit A (this version is redacted to avoid disclosure of customer names and account numbers).

**Defendants**:  Plaintiff TASER International, Inc. is a publicly traded maker of electric stun guns headquartered in Scottsdale, Arizona.  It has no offices in Georgia.  Its stock is traded electronically on NASDAQ, which is headquartered in Maryland.  The remaining Plaintiffs—forty-two investors who reside throughout the United States—allegedly bought and sold TASER stock during the period from January 1, 2003 through May 31, 2009.  Plaintiffs contend that Defendants' short selling activities depressed the price of TASER stock, thereby causing them harm.

Defendants are eight of the nation's largest securities broker-dealers, all headquartered in New York.  They regularly buy and sell securities on the national securities markets both on behalf of customers and in firm accounts.  Defendants execute, clear and/or settle transactions, including short sales, in thousands of securities on a daily basis, including TASER.

Short selling is a legitimate and generally beneficial market trading activity, as recognized by the SEC and Congress over the decades.  Such sales, in the ordinary course, are not inherently manipulative.  Settlement of short sales is accomplished in the same way as settlement of most other trades, through the Continuous Net Settlement ("CNS") system under rules approved by the SEC.

Participants in the CNS system, such as Defendants, deliver or receive securities electronically on a net basis, as distinguished from a transaction-by-transaction basis, taking into account all of their daily trading activity in any particular security.  Short sales in a particular security may, but will not always, result in a broker-dealer having a net delivery requirement to the CNS system on the settlement date for such trades.  That delivery requirement may be satisfied by, among other things, borrowing the shares that need to be delivered from owners of the securities who are willing to lend them for a period of time.  In some instances, the broker-dealer is unable to obtain sufficient shares to meet its delivery requirement, which results in a failure to deliver to the CNS system.  Federal Regulation SHO, which was promulgated by the SEC under the Securities Exchange Act of 1934, sets out the requirements for resolving such failures to deliver and in some instances prohibits further short sales until a fail has been cleared.  Whether or not delivery is made to the CNS system on the settlement date for a sale has no impact on the market price of the security, and fails are not in and of themselves manipulative.

Defendants engaged in legitimate broker-dealer activity facilitating customer and proprietary trades in TASER and did not have any manipulative intent when engaging in such trades.  Such trading had no manipulative impact on the price of

TASER stock.  During the period, TASER's stock price was adversely affected by multiple factors not caused by short selling or fails, including revelations by the Company of accounting irregularities, an SEC fraud investigation, multiple securities class actions brought against the Company, and widely publicized problems regarding the safety and legality of the Company's chief product, electric stun guns, the use of which resulted in some instances in death or serious injury. Moreover, all but a few of the investor Plaintiffs admit that they in fact profited from their trading in TASER; they have no recoverable losses.  TASER itself did not trade in its own securities, and also has no recoverable losses.

 **(c)  The legal issues to be tried are as follows:**

<u>**Plaintiffs**</u>**:**

- Whether this Court has subject matter jurisdiction to hear this case;

- Whether the Defendants facilitated, permitted, engaged in, concealed and/or profited from abusive naked short selling and related activities (including but not limited to conversions, reverse conversions, flex options, resets and sham locates);

- Whether the Defendants violated the Georgia Racketeer Influenced and Corrupt Organizations Act ("RICO"), O.C.G.A. §§ 16-14-1, *et seq*.;

- Whether the Defendants violated the Georgia Securities Act;

- ▪ Whether the Defendants violated the  Georgia Computer Systems Protection Act;

- ▪ Whether the Defendants converted the property of Plaintiffs;

- ▪ Whether the Defendants received money or other property owned by Plaintiffs and are liable under Plaintiffs' money had and received claim;

- ▪ Whether Plaintiffs suffered an injury caused by the Defendants as a result of the Defendants' actions;

- ▪ The amount and extent of damages suffered by the Plaintiffs as a result of the Defendants' alleged misconduct;

- ▪ Whether Plaintiffs are entitled to recover punitive damages; and

- ▪ Whether Plaintiffs are entitled to recover attorneys' fees.

**<u>Defendants:</u>**

- • Whether Defendants' trading in TASER stock constitutes a conspiracy to violate § 16-14-4(a) of the Georgia Racketeer Influence and Corrupt Organizations Act, including whether Defendants' conduct violated the Securities Exchange Act of 1934 and various regulations promulgated thereunder, including 15 U.S.C. § 78j, Reg. SHO, Rule 15c3-3, and Rule 10b-5.

- Whether Defendants' trading in TASER stock violated the Georgia Securities Act.

- Whether Defendants' trading in TASER stock violated the Georgia Computer Systems Protection Act.

- Whether Defendants have converted the personal property of TASER shareholders.

- Whether Defendants have received money or other material benefit owned by TASER to which they are not properly entitled.

- Whether Plaintiffs' state law claims are preempted by the federal scheme regulating the execution, clearing and settlement of short sales.[3]

- Whether Plaintiffs have suffered a cognizable injury.

- Whether any injury suffered by Plaintiffs was caused by Defendants' conduct.

    **(d)    The cases listed below (include both style and action number) are:**

        (1)    **Pending Related Cases:**   None.

        (2)    **Previously Adjudicated Related Cases:**  None.

---

[3] Plaintiffs do not believe that this is an issue that needs to be tried as the State Court has previously denied a motion to dismiss based on preemption.

**2.      This case is complex because it possesses one or more of the features**

**listed below (please check):**

   x    (1)      Unusually large number of parties

   x    (2)      Unusually large number of claims or defenses

   x    (3)      Factual issues are exceptionally complex

   x    (4)      Greater than normal volume of evidence

   x    (5)      Extended discovery period needed

   x    (6)      Problems locating or preserving evidence

   x    (7)      Pending parallel investigations or action by government[4]

   x    (8)      Multiple use of experts

        (9)      Need for discovery outside United States boundaries

   x    (10)     Existence of highly technical issues and proof

**3.      Counsel:**

The following individually-named attorneys are hereby designated as lead

counsel for the parties:

---

[4] It is unclear at this time whether there is a pending parallel investigation or action by the government.  Plaintiffs have checked this item in an abundance of caution. Defendants do not believe there are any parallel investigations or actions.

**Plaintiffs:**

John E. Floyd, Esq.
Steven Rosenwasser, Esq.
Bondurant, Mixson & Elmore, LLP
3900 One Atlantic Center
1201 West Peachtree Street, N.W.
Atlanta GA 30309
Telephone No. 404-881-4100
Fax No. 404-881-4111

James W. Christian
Christian, Smith, & Jewell, LLP
2302 Fannin, Suite 500
Houston, Texas 77002
(713) 659-7616 Tel.
(713) 659-7641 Fax
(*pro hac vice* admission granted in State Court)[5]

**Defendants:**

**For Defendant Morgan Stanley & Co. Incorporated:**
Robert F. Wise, Jr.
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, NY  10017

---

[5] Pursuant to 28 U.S.C. § 1450, the Orders of the State Court granting *pro hac vice* admissions remain in place in this Court.  The parties have submitted a joint motion asking the Court to confirm that the State Court Orders granting *pro hac vice* admissions remain in effect.  *See* Dkt. No. 25.

**For Defendants Goldman, Sachs & Co. and Goldman Sachs Execution & Clearing, L.P.:**

Richard C. Pepperman, II
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, NY  10004-2498

**For Defendants Bear Stearns & Co., Inc., n/k/a JP Morgan Securities LLC and Bear Stearns Securities Corp., n/k/a JP Morgan Clearing Corp.:**

Stephen L. Ratner
PROSKAUER ROSE LLP
1585 Broadway
New York, NY  10036

**For Defendant Deutsche Bank Securities Inc.:**

Gregory A. Markel
CADWALADER, WICKERSHAM & TAFT LLP
One World Financial Center
New York, NY  10281

**For Defendant Credit Suisse Securities (USA) LLC:**

Fraser L. Hunter, Jr.
WILMER CUTLER PICKERING HALE AND DORR LLP
399 Park Avenue
New York, NY  10022

**For Defendants Banc of America Securities LLC, Merrill Lynch, Pierce, Fenner & Smith, Incorporated, and Merrill Lynch Professional Clearing Corp.:**

Andrew J. Frackman
O'MELVENY & MYERS LLP
Times Square Tower
7 Times Square
New York, NY  10036

**For Defendant UBS Securities, LLC:**
Andrew B. Clubok
KIRKLAND & ELLIS LLP
655 Fifteenth Street, N.W.
Washington, DC  20005

**Local Counsel for All Defendants:**
Richard H. Sinkfield
ROGERS & HARDIN LLP
229 Peachtree Street, N.E.
2700 International Tower
Atlanta, Georgia  30303

**4.     Jurisdiction:**

Is there any question regarding this Court's jurisdiction?

  _x_   Yes            ____  No

If "yes," please attach a statement not to exceed one (1) page, explaining the jurisdictional objection.   When there are multiple claims, identify and discuss separately the claim(s) on which the objection is based.  Each objection should be supported by authority.

**Plaintiffs:**   This Court lacks subject matter jurisdiction to hear this case. Plaintiffs' position regarding the Court's lack of subject matter jurisdiction is summarized on Exhibit B, attached.  In addition, Plaintiffs' statement as to why this court lacks subject matter jurisdiction may also be found in their Motion to Remand, Dkt. No. 7.  Plaintiffs disagree that the Court lacks personal jurisdiction over ML Pro and will file a response outlining their positions after having had a

full opportunity to review ML Pro's recent motion and obtain the necessary discovery from ML Pro.

**Defendants:**   Defendants believe that the Court has federal question jurisdiction under 28 U.S.C. § 1331, as well as jurisdiction under 15 U.S.C. § 78aa. Defendants refer to the arguments and authorities set out in their memoranda filed in opposition to Plaintiffs' Motion for Remand, Fees and Costs, Docket Nos. 55 and 60.

In particular, ML Pro's position regarding this Court's removal jurisdiction and its lack of personal jurisdiction is summarized on Exhibit C.  In addition, ML Pro's statement as to why this Court has removal jurisdiction may be found in its Opposition to Plaintiffs' Motion for Remand, Fees and Costs, Dkt. No. 55, and its statement as to why this Court lacks personal jurisdiction may be found in its Motion to Dismiss for Lack of Personal Jurisdiction, Dkt. No. 59.

**5.    Parties to This Action:**

**(a)    The following persons are necessary parties who have not been joined:**  Counsel is not aware at this time of any persons who are necessary parties that have not been joined. Plaintiffs have designated "John Doe" defendants and reserve the right to specifically name those defendants once their identities become known.

**(b)     The following persons are improperly joined as parties:**  None.

**(c)     The names of the following parties are either inaccurately stated or necessary portions of their names are omitted:**  None.

**(d)     The parties shall have a continuing duty to inform the Court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.**

**6.     Amendments to the Pleadings:**

Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Rule 15, Federal Rules of Civil Procedure. Further instructions regarding amendments are contained in Local Rule 15.

**(a)     List separately any amendments to the pleadings which the parties anticipate will be necessary:**

<u>**Plaintiff**</u>:  Plaintiff may amend the pleadings during or after the conclusion of discovery to identify John Doe defendants and to the extent that additional claims, causes of actions or the need for other amendments are discovered or created through discovery.  Plaintiffs dispute that Defendants other than ML Pro have a right to file a pleading in response to the Seventh Amended Complaint other than an answer.

**Defendants:**  Pursuant to stipulation [and order], Defendants' (other than ML Pro) time to answer or otherwise move in response to the Seventh Amended Complaint has been extended through and including 10 calendar days after the entry of the Court's order granting or denying the pending Plaintiffs' motion for remand, fees and costs.

(b)     Amendments to the pleadings submitted LATER THAN (30) DAYS after the Joint Preliminary Report and Discovery Plan is filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by law.

**7.     Filing Times for Motions:**

**Plaintiffs:**  Plaintiffs believe that the regular time periods for motions as provided by default on this form (as listed below) should not be applicable to this case.   This case is two years old, and the parties are in the last half of fact discovery.    For that and other reasons, Plaintiffs believe that – except for potentially seeking additional time as a result of the improper removal – this case should maintain the same schedule it has been operating under for more than two years.  Specifically, the State Court entered several Orders prior to the removal of this case, including a Scheduling Order and an Order Appointing Special Master (which contained timeframes for the filing of responses to and replies in support of certain discovery motions).  Plaintiffs believe that the timeframes and deadlines set

forth in the existing Orders should remain in place as a result of 28 U.S.C. § 1450. In pending motions, Plaintiffs have sought and still seek relief extending the time period for Plaintiffs (and only Plaintiffs) to engage in fact discovery as a result of Defendants' improper conduct. Moreover, for clarity, Plaintiffs believe that the appropriate time for summary judgment, *Daubert*, or any other dispositive motions by Defendants, if any, should be within 20 days of the close of *expert* discovery.

**<u>Defendants:</u>** Defendants believe that there are no material conflicts between the schedule set by the State Court and the motion deadlines specified under the Northern District of Georgia Local Rules. To the extent there may be conflicts, the parties should endeavor to reach agreement on any necessary modifications, subject to approval by the Court.

All motions should be filed as soon as possible. The local rules set specific filing limits for some motions. These times are restated below.

All other motions must be filed WITHIN (30) DAYS after the preliminary statement is filed or should have been filed, unless the filing party has obtained prior permission of the Court to file later. Local Rule 7.1(A)(2).

(a)     *Motions to Compel*:  before the close of discovery or within the extension period allowed in some instances. Local Rule 37.1.

(b)   *Summary Judgment Motions*:   within (20) days after the close of discovery, unless otherwise permitted by Court order.  Local Rule 56.1.

(c)   *Other Limited Motions*:   Refer to Local Rules 7.2(A); 7.2(B), and 7.2(E), respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.

(d)   *Motions Objecting to Expert Testimony*:  <u>Daubert</u> motions with regard to expert testimony no later than the date that the proposed pretrial order is submitted.  Refer to Local Rule 7.2(F).

**8.    Initial Disclosures:**

The parties are required to serve initial disclosures in accordance with Fed. R. Civ. P. 26.  If any party objects that initial disclosures are not appropriate, state the party and basis of the party's objection:  The parties are currently conferring as to the scope of initial disclosures that they will provide and the timing of when they should be provided, but the parties agree that initial disclosures will be provided.

**<u>Plaintiffs:</u>**

Plaintiffs believe that the parties should serve all of the initial disclosures, including the initial disclosure relating to the location of documents and other matters that the parties intend to use to support their claims because that particular

information has not previously been exchanged.  Plaintiffs believe that the disclosure at issue does not seek to restart the discovery conferral process regarding the source and location of all ESI, but rather asks the parties to list the materials that they intend to use to support their claims and defenses.  Plaintiffs understand that the parties have reached an agreement as to the scope of the disclosure related to the location of documents and that all parties will be exchanging the agreed upon information.

**Defendants:**

Defendants believe that the parties have already exchanged disclosures regarding the location of documents and matters relating to electronically stored information.  Defendants believe that the parties have made extensive disclosures and production of documents, including electronically stored information, such that no additional disclosures regarding such matters are necessary at this time.

**9.     Request for Scheduling Conference:**

Does any party request a scheduling conference with the Court?  If so, please state the issues which could be addressed and the position of each party.

__Plaintiffs__:  Plaintiffs request a scheduling conference as soon as practicable. Plaintiffs believe the Court should address: (1) whether the Protective Order entered in State Court should be modified due to the Court's practice regarding confidential materials; (2) whether the Orders entered by the State Court as to *pro hac vice* admission remain in place; (3) the status of the currently pending discovery motions, including whether the State Court Order appointing a Special Master (Ex. D) remains effective pursuant to 28 U.S.C. § 1450; and (4) whether the Scheduling Order entered by the State Court (and to which the parties consented) remain in place.

__Defendants__:  There are 24 discovery-related motions pending in this action.[6] Prior to removal, the State Court appointed Henry D. Fellows, Jr., Esq. to serve as Special Master to oversee discovery in this matter and to decide these outstanding motions.  In order to determine how the Court wishes to proceed with discovery in this matter, particularly in light of Plaintiffs' motion for remand, Defendants request a conference with the Court concerning the outstanding discovery in this

---

[6]     A list of the pending discovery motions is attached hereto as Exhibit E.

action and the pending motions.  Should the Court determine that it is appropriate

for the Special Master to continue to oversee discovery and/or to hear any or all of

the pending motions, Defendants have no objection to the continuation of

Mr. Fellows in that role.

**10.    Discovery Period:**

The discovery period commences thirty (30) days after the appearance of the

first defendant by answer to the complaint.  As stated in Local Rule 26.2A,

responses to initiated discovery must be completed before the expiration of the

assigned period.

Cases in this Court are assigned to one of the following three (3) discovery

tracks:  (a) zero (0)-months discovery period, (b) four (4)-months discovery period,

and (c) eight (8)-months discovery period.  A chart showing the assignment of

cases to a discovery track by filing category is contained in Appendix F.  The track

to which a particular case is assigned is also stamped on the complaint and service

copies of the complaint at the time of filing.

Please state below the subjects on which discovery may be needed:

**<u>Plaintiffs</u>**:  Discovery will be necessary into each of Plaintiffs' claims,

including whether the Defendants engaged in the conduct as alleged by Plaintiffs,

the damages suffered by Plaintiffs as a result of Defendants' actions and the profits

Defendants received as a result of their illegal activity.  Although much discovery

was obtained in the State Court in the two years this case was pending there prior

to its removal, deposition and documentary evidence will still be required.

Plaintiffs believe that the discovery period should be the same as set forth in the

existing Scheduling Order (except as modified in response to Plaintiffs' pending

motions for sanctions).  Plaintiffs strongly disagree with Defendants' contentions

that no further written discovery should be permitted.  Plaintiffs have not exceeded

the number of interrogatories permitted under either this Court's rules or the State

Court's rules.  Moreover, the nature of this case necessitates the promulgation of

written discovery after the Defendants produce documents.  It is not until Plaintiffs

are able to review and consider all of the documents produced by Defendants that

they can determine whether additional follow-up discovery is necessary.  The rules

used in the normal course should be followed, and in the event Defendants believe

that any particular written discovery request is unduly burdensome or the number

of permitted interrogatories has been exceeded, they may so objection.  No

limitation on written discovery is necessary.

　　　**Defendants:**  The parties have already served extensive discovery requests

on one another, some of which are the subject of the pending discovery motions.

The subjects of discovery also include those topics listed in the Scheduling Order

issued by the State Court on July 16, 2009 (the "Scheduling Order").  A copy of that Order is attached hereto as Exhibit F.[7]

If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery or that discovery should be conducted in phases or be limited to or focused upon particular issues, please state those reasons in detail below:

**Plaintiffs**:  Plaintiffs state that the discovery period provided for by the State Court through the Scheduling Order should remain in place.  *See id.*  However, in the event that this Court does not remand the case, Plaintiffs may request that the discovery period be expanded as a result of the delay caused by Defendants' removal.

**Defendants**:  Defendants believe that discovery should be conducted in accordance with deadlines established by the Scheduling Order, as modified by the December 17, 2009 and January 7, 2010 Orders.

---

[7]    The deadlines in the Scheduling Order were subsequently modified by Orders dated December 17, 2009 and January 7, 2010 (copies of which are attached hereto as Exhibits G and H).

**11.    Discovery Limitation:**

What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed?

**<u>Plaintiffs</u>**:  Plaintiffs state that there should be no limits on discovery in this Court.  The discovery period provided for by the State Court should remain in place.  *See* Exhibit F (Scheduling Order).  However, in the event that this Court does not remand the case, Plaintiffs may request that the discovery period be expanded as a result of the delay caused by Defendants' removal.  Plaintiffs strongly disagree with Defendants' contentions that no further written discovery should be permitted.  Plaintiffs have not exceeded the number of interrogatories permitted under either this Court's rules or the State Court's rules.  Moreover, the nature of this case necessitates the promulgation of written discovery after the Defendants produce documents.  It is not until Plaintiffs are able to review and consider all of the documents produced by Defendants that they can determine whether additional follow-up discovery is necessary.  The rules used in the normal course should be followed, and in the event Defendants believe that any particular written discovery request is unduly burdensome or the number of permitted

interrogatories has been exceeded, they may so objection.  No limitation on written discovery is necessary.

**Defendants**:  There has been very extensive and time consuming written discovery in the action to date, including numerous requests for production, requests for admissions and interrogatories.  Indeed, the limit on the number of interrogatories permitted under Fed. R. Civ. P 33 has already been exceeded by Plaintiffs.  (Plaintiffs have also exceeded the number of interrogatories permitted under the Georgia Civil Practice Act.)  In light of the substantial volume of materials that Defendants have already produced and the wide-ranging subject matter covered by Defendants' responses to Plaintiffs' discovery requests, Plaintiffs' ability to serve further document requests and requests for admission should be limited and permitted only by leave of Court for good cause shown.

## 12.   Other Orders:

What other orders do the parties think that the Court should enter under Rule 26(c) or under Rule 16(b) and (c)?

Plaintiffs believe that the Court should clarify in a conference that the State Court's Orders remain in effect pursuant to 28 U.S.C. § 1450.

**13.    Settlement Potential:**

(a)    Lead counsel for the parties certify by their signatures below that they conducted a Rule 26(f) conference that was held on October 8, 2010 for all Defendants except for ML Pro and on October 26 with Plaintiffs and ML Pro and that they participated in settlement discussions.  Other persons who participated in the settlement discussions are listed according to party.

**For Plaintiffs:**    Lead counsel (signature): Steven J. Rosenwasser

Other participants:  Nicole G. Iannarone, Elizabeth G. Eager

**For Defendants:**    Local counsel (signature): Richard Sinkfield

Other participants:  Andy Frackman, Brian Friedman, Brad Konstandt, Peter Isajiw, Tracy High, Robert Wise, Melissa Aoyagi, Andy Clubok, Kristina Jones and James Cobb.  Brad Elias, Stephen Ratner and Greg Markel participated via telephone.

(b)    All parties were promptly informed of all offers of settlement, and following discussion by all counsel, it appears that there is now:

(__X__)    A possibility of settlement before discovery (as to some defendants).

(__X__)    A possibility of settlement after discovery (as to some defendants).

(____)        A possibility of settlement, but a conference with the judge is

        needed.

(__X__)        No possibility of settlement (as to some defendants).

(c)    Counsel (__x__) do or (__) do not intend to hold additional settlement

conferences among themselves prior to the close of discovery.

(d)    The following specific problems have created a hindrance to

settlement of this case:

        None.

### 14.    Trial by Magistrate Judge:

(a)    The parties (___) do consent to having this case tried before a

magistrate judge of this Court.  A completed *Consent to Jurisdiction by a United*

*States Magistrate Judge* form has been submitted to the Clerk of Court this ___

day of _____, 2008.

(b)    The parties (__X__) do not consent to having this case tried before a

magistrate judge of this Court.

Jointly submitted this 28th day of October 2010.

/s/ Nicole G. Iannarone

JOHN E. FLOYD
Georgia Bar No. 266413
Email: floyd@bmelaw.com

STEVEN J. ROSENWASSER
Georgia Bar No. 614908
Email: rosenwasser@bmelaw.com

NICOLE G. IANNARONE
Georgia Bar No. 382510
Email: iannarone@bmelaw.com

BONDURANT, MIXON &
ELMORE LLP
3900 One Atlantic Center
1201 West Peachtree Street, N.W.
Atlanta, GA  30309
Tel.:   404-881-4100
Fax:   404-881-4111

James W. Christian*
State Bar No. 04228700
Gary M. Jewell*
State Bar No. 10664800
Scott R. Link*
State Bar No. 12390900
Katherine Gonyea*
State Bar No. 24066701
Christian, Smith & Jewell, LLP
2302 Fannin, Suite 500
Houston, Texas 77002
(713) 659-7617

/s/ Richard H. Sinkfield

RICHARD H. SINKFIELD
Georgia Bar No. 649100
E-mail: rsinkfield@rh-law.com

Dan F. Laney III
Georgia Bar No. 435290
E-mail: dlaney@rh-law.com

ROGERS & HARDIN LLP
229 Peachtree Street, N.E.
2700 International Tower
Atlanta, Georgia  30303
Tel.:   404-522-4700
Fax:   404-525-2224

*Attorneys for Defendants Morgan
Stanley & Co. Incorporated;
Goldman, Sachs & Co.; Goldman
Sachs Execution & Clearing, L.P.;
Bear Stearns & Co., Inc., n/k/a JP
Morgan Securities LLC; Bear
Stearns Securities Corp., n/k/a JP
Morgan Clearing Corp.; Merrill
Lynch, Pierce, Fenner & Smith,
Incorporated; Deutsche Bank
Securities Inc.; Credit Suisse
Securities (USA) LLC; Banc of
America Securities LLC; UBS
Securities, LLC; and Merrill Lynch
Professional Clearing Corp.*

(*admitted *pro hac vice* in State
Court and *pro hac vice* motion
pending)

*Attorneys for Plaintiffs*

*Defense counsel for whom a* pro hac
vice motion *is pending:*

Robert F. Wise, Jr.
Davis Polk & Wardwell LLP
450 Lexington Avenue
New York, NY  10017
Tel: 212-450-4512
Fax: 212-701-5512

*Attorneys for Defendant Morgan
Stanley & Co. Incorporated*

Richard C. Pepperman, II
Sullivan & Cromwell LLP
125 Broad Street
New York, NY  10004-2498
Tel: 212-558-3493
Fax: 212-558-3588

*Attorneys for Defendants Goldman,
Sachs & Co. and Goldman Sachs
Execution & Clearing, L.P.*

Stephen L. Ratner
Proskauer Rose LLP
1585 Broadway
New York, NY  10036
Tel: 212-969-3290
Fax: 212-969-2900

*Attorneys for Defendants Bear Stearns
& Co., Inc., n/k/a JP Morgan Securities
LLC and Bear Stearns Securities
Corp., n/k/a JP Morgan Clearing
Corp.*

Gregory A. Markel
Cadwalader, Wickersham & Taft LLP
One World Financial Center
New York, NY  10281
Tel: 212-504-6112
Fax: 212-504-6666

*Attorneys for Defendant Deutsche Bank
Securities Inc.*

Fraser L. Hunter, Jr.
Wilmer Cutler Pickering Hale And
Dorr LLP
399 Park Avenue
New York, NY  10022
Tel: 202-663-6812
Fax: 202-663-6363

*Attorneys for Defendant Credit Suisse
Securities (USA) LLC*

Andrew J. Frackman
O'Melveny & Myers LLP
Times Square Tower
7 Times Square
New York, NY  10036
Tel: 212-326-2017
Fax: 212-326-2061

*Attorneys for Defendants Banc of America Securities, LLC, Merrill Lynch, Pierce, Fenner & Smith, Inc., and Merrill Lynch Professional Clearing Corp.*

Andrew B. Clubok
Kirkland & Ellis LLP
655 Fifteenth Street, N.W.
Washington, DC  20005
Tel: 202-879-5000
Fax: 202-879-5200

*Attorneys for Defendant UBS Securities, LLC*

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| TASER INTERNATIONAL, INC., *et al.*, | ) | |
| | ) | Case No.: 1:10-CV-03108-JOF |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | [On removal from the State |
| | ) | Court of Fulton County, |
| MORGAN STANLEY & CO., INC., *et al.*, | ) | Georgia Case No.: |
| | ) | 2008-EV-004739-B] |
| Defendants. | ) | |
| _____ | ) | |

**[PROPOSED] SCHEDULING ORDER**

Upon review of the information contained in the *Joint Preliminary Report and Discovery Plan* form completed and filed by the parties, the Court orders that the time limits for filing motions, completing discovery, and discussing settlement are as stated in the Scheduling Order entered in State Court (attached as Exhibit F, and as modified by Exhibits G and H, to the Joint Preliminary Report and Discovery Plan).  The Court further orders that the time limits for adding parties and amending the pleadings are as stated in the above completed form, except as herein modified:

_____

_____

_____

**IT IS SO ORDERED**, this ___ day of _____ 2010.

_____
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF GEORGIA

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| TASER INTERNATIONAL, INC., *et al.*, | ) | |
| | ) | Case No.: 1:10-CV-03108-JOF |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | [On removal from the State |
| | ) | Court of Fulton County, |
| MORGAN STANLEY & CO., INC.*, et al.*, | ) | Georgia Case No.: |
| | ) | 2008-EV-004739-B] |
| Defendants. | ) | |
| _____ | ) | |

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on October 28, 2010, I caused a copy of the foregoing

***JOINT PRELIMINARY REPORT AND DISCOVERY PLAN*** to be filed with the

Clerk of Court using the CM/ECF system, which will automatically send e-mail

notification of such filing to the following attorneys of record:

John E. Floyd, Esq.
floyd@bmelaw.com

Steven J. Rosenwasser, Esq.
rosenwasser@bmelaw.com

Nicole G. Iannarone
iannarone@bmelaw.com

Elizabeth G. Eager
eager@bmelaw.com

Robert L. Ashe, III, Esq.
ashe@bmelaw.com

Michael A. Caplan, Esq.
caplan@bmelaw.com

and that I have caused a copy to be served by U.S. Mail on the following attorneys

of record:

James W. Christian, Esq.
CHRISTIAN, SMITH & JEWELL LLP
2302 Fannin, Suite 500
Houston, TX 77002

Robert F. Wise, Jr., Esq.
William J. Fenrich, Esq.
Melissa Aoyagi, Esq.
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, NY 10017

Richard H. Klapper, Esq.
Richard C. Pepperman, II, Esq.
Tracy Richelle High, Esq.
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, NY 10004-2498

Stephen L. Ratner, Esq.
Brian L. Friedman, Esq.
PROSKAUER ROSE LLP
1585 Broadway
New York, NY 10036

Gregory A. Markel, Esq.
Martin L. Seidel, Esq.
Peter J. Isajiw, Esq.
Heather L. Fesnak, Esq.
CADWALADER, WICKERSHAM &
TAFT LLP
One World Financial Center
New York, NY  10281

Fraser L. Hunter, Jr., Esq.
WILMER CUTLER PICKERING HALE
AND DORR LLP
399 Park Avenue
New York, NY  10022

Andrew J. Frackman, Esq.
O'MELVENY & MYERS LLP
Times Square Tower
7 Times Square
New York, NY  10036

Andrew B. Clubok, Esq.
Jeffrey G. Landis, Esq.
Jeffrey M. Gould, Esq.
KIRKLAND & ELLIS LLP
655 Fifteenth Street, N.W.
Washington, DC  20005

/s/ Richard H. Sinkfield

RICHARD H. SINKFIELD
Georgia Bar No. 649100
E-mail: rsinkfield@rh-law.com

3