# Exhibit B

Exhibit B
Plaintiffs' Statement Regarding the Court's Lack of Jurisdiction

Plaintiffs filed a Motion for Remand (and will soon file a reply) outlining why the Court lacks subject matter jurisdiction. Those pleadings are incorporated by reference. Generally, ML Pro's removal is improper because it is based upon the ***repeatedly rejected*** tactic of claiming that federal question jurisdiction exists because one of many predicate acts alleged in support of a ***Georgia*** RICO claim involves violations of federal law. This Court has rejected the argument that *Ayres v. General Motors Corp.*, 234 F.3d 514 (11th Cir. 2000) supports federal jurisdiction over Georgia RICO claims when, as here, Plaintiffs' claims include state law predicates.[8]   Plaintiffs' claims are based on state law, federal question jurisdiction does not exist, and the case must be remanded.

However, personal jurisdiction over ML Pro, who is registered to do business in Georgia, exists. Plaintiffs' position will be further set forth in their response to ML Pro's Motion to Dismiss after obtaining the necessary discovery.

---

[8] *See, e.g., Austin v. Ameriquest Mortg. Co.*, 510 F. Supp.2d 1218, 1226 (N.D. Ga. 2007); *Scouten v. Amerisave Mortg. Corp.*, Nos. 1:04-cv-1125-CAM, 2004CV83343, 2004 WL 5486512, at *2 (N.D. Ga. Dec. 16, 2004); *Gates Condominium Assoc., Inc. v. Arrow Exterminators, Inc.*, No. 1:04-cv-1258-CAP, slip op. at 6-7 (N.D. Ga. June 30, 2004); *Graham Commercial Realty, Inc. v. Shamsi*, 75 F. Supp. 2d 1371 (N.D. Ga. 1998); *Coker v. DaimlerChrysler*, 220 F. Supp. 2d 1367, 1371-72 (N.D. Ga. 2002).