# Exhibit C

**Exhibit C –** Defendant ML Pro's Statement Regarding the Court's Removal Jurisdiction and Lack of Personal Jurisdiction

This Court has jurisdiction over this action under 28 U.S.C. § 1331 because each of Plaintiffs' state-law claims raises the same substantial and disputed federal question: Does the National Clearance and Settlement System create counterfeit shares?[9] This Court also has jurisdiction under 15 U.S.C. § 78aa because Plaintiffs allege violations of the Securities Exchange Act of 1934, over which Congress conferred exclusive jurisdiction to the federal courts.[10]

This Court lacks personal jurisdiction because ML Pro does not fall within the Georgia Long-Arm statute, and because the exercise of jurisdiction would violate due process.[11] Merrill Pro has not conducted business in Georgia related to Plaintiffs' claims, has not committed a tort in Georgia, and does not have regular business with Georgia. Merrill Pro has not purposefully directed any conduct at Georgia nor could reasonably have anticipated being haled into court there.

---

[9] *See, e.g.*, *Grable & Sons Metal Prods. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005); *Ayres v. GMC*, 234 F.3d 514, 518 (11th Cir. Ga. 2000).

[10] *See, e.g.*, *D'Alessio v. N.Y. Stock Exch., Inc.*, 258 F.3d 93, 101-02 (2d Cir. 2001); *Sparta Surgical Corp. v. NASD*, 159 F.3d 1209, 1212 (9th Cir. 1998).

[11] *See Diamond Crystal Brands, Inc. v. Food Movers Int'l*, 593 F.3d 1249 (11th Cir. 2010); *Cashatt v. Merrimac Assocs., Inc.*, 2010 U.S. Dist. LEXIS 103530 (N.D. Ga. Sept. 30, 2010)*; Global Payments Direct, Inc. v. Am. Bank of Commerce*, 2006 U.S. Dist. LEXIS 6632 (N.D. Ga. Feb. 3, 2006).