# EXHIBIT G




**GRANTED**

State Court of Fulton County
***EFILED***
LexisNexis Transaction ID: 28565362
Date: Dec 17 2009 2:35PM
Mark Harper, Clerk

***EFILED***
LexisNexis Transaction ID: 28512986
Date: Dec 15 2009 12:25PM
Mark Harper, Clerk

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| TASER INTERNATIONAL, INC., et al., | : | |
| Plaintiffs, | : | CIVIL ACTION |
| | : | FILE NO.: 2008-EV-004739-B |
| v. | : | |
| MORGAN STANLEY & CO., INC., et al., | : | JURY TRIAL DEMANDED |
| Defendants. | : | |

## STIPULATION AND ORDER

All parties to this action except for UBS, by and through their respective undersigned counsel, hereby stipulate as follows, which shall be treated as an Order of this Court:

1. All conferrals on keywords and custodians will end no later than November 30. If there are any outstanding disputes, the parties will submit them for the Court to resolve at the December monthly hearing or as soon thereafter as the Court would like.

2. For the agreed upon custodians, defendants will produce all responsive documents containing the keywords Taser, Tasr or Taser's CUSIP (collectively, "TASER") under the following schedule:

   a) Each defendant will diligently review documents and engage in a rolling production that, at a minimum, requires it to produce all of the documents it has located and reviewed as of the following dates: November 24, December 15 and December 31.

   b) Defendants will complete production of all responsive documents no later than December 31, and agree that they will not produce a substantial majority of the documents on or immediately before that date.

3. With respect to the outstanding disputes on the scope of discovery:

   a) General Applicability - Defendants agree that if the agreed-upon keywords locate a document that is responsive to a document request, that document will be produced even if it does not specifically reference TASER so long as the document deals, in whole or in part, with general concepts, subject matters or positions responsive to the document requests. Notwithstanding anything in this

721884.1

paragraph, defendants continue to object to producing documents or information responsive to the document requests that refer: (a) only to a security other than Taser (as opposed to, for example, stocks in general), or (b) to any agency, regulatory or other investigation not specifically related to Taser securities.[1]

b) <u>Defendants' Position Documents</u> - If responsive to a document request, defendants agree to produce all documents and information containing, referencing or memorializing any positions taken or statements made by them with respect to naked or abusive short selling, including, but not limited to, the potential impact, actual impact, costs or potential or actual effects of naked or abusive short selling. With respect to documents referencing, evidencing or memorializing communications with the SEC or any other federal agency or committee in 2008 or 2009, defendants are not limited to searching only the agreed-upon custodians, but rather will search the email boxes and files of those persons reasonably likely to have responsive information using the agreed upon keywords under para. 1 above. This agreement expressly includes communications with the SEC and other agencies regarding naked or abusive short selling of defendants' own stocks.

c) <u>Similar Conduct With Other Securities</u> – The parties have a dispute as to whether defendants are required to produce documents and information responsive to a document request that primarily involves (i) a specific security other than Taser or (ii) any agency, regulatory or other investigation not specifically related to Taser securities. The parties will jointly contact the Court (via phone and/or email) regarding these issues. The parties understand that plaintiffs will request that the Court rule now without further briefing or argument and that defendants will request an opportunity to brief these issues.

4. Each defendant agrees not to claim that its gathering and reviewing of 1.5 million or fewer emails[2] identified by plaintiffs' proposed total keyword searches is burdensome (with the exception of any claim of burden relating to the restoration of back-up tapes). Plaintiffs may request that a defendant search more than 1.5 million emails, and each defendant reserves its right to object to that request. The 1.5 million number is not intended to provide evidence in support of either parties' position that a request for greater than 1.5 million emails is burdensome or not burdensome (e.g., a defendant cannot argue that the 1.5 million number is a ceiling and plaintiffs cannot argue it is a floor).

5. Defendants will diligently review all documents responsive to plaintiffs' requests identified by a non-TASER keyword, and they will produce those documents on a rolling basis (i.e., defendants will produce all of the documents they have identified and reviewed at least every thirty (30) days beginning on February 10, 2010). Defendants will complete production of

---

[1] As set forth in 3(b) below, this objection does <u>not</u> include investigations or communications defendants had with any agency relating to their own stock.

[2] This number refers to unique emails (i.e,. after deduplication).

721884.1

2

the non-TASER keyword[3] documents by June 1, 2010, and agree that they will not produce a substantial majority of those documents on or shortly before that date.

6. As of today, none of the defendants except for UBS is requesting that plaintiffs be responsible for any costs associated with processing, gathering, searching and reviewing emails and application documents or data. Defendants other than UBS reserve the right to seek cost sharing to the extent that electronic information sought by plaintiffs is not readily accessible or searchable or presents particular burdens with respect to processing. Plaintiffs maintain that under the applicable law they are not required to share costs. Regardless, defendants agree that any dispute as to cost sharing will not delay document production and does not constitute a ground to extend any deadline.

7. Plaintiffs' deadline for producing documents responsive to defendants' first document requests will be due no later than December 31 (and will be produced on a rolling basis). Plaintiffs will produce documents responsive to defendants' second document requests by no later than June 1, 2010 (plaintiffs will produce on a rolling basis).

8. By November 30, 2009, defendants will complete production of data dictionaries and other information that plaintiffs requested prior to October 31, 2009 to read and understand the data that has already been produced by defendants. To the extent that plaintiffs thereafter have questions about any data code, defendants will provide responsive information, to the extent such information exists and is readily available, within 30 days.

9. All deadlines in the scheduling order starting from the end of fact discovery will be moved back 7 months (the parties will submit a joint consent order). This change in the scheduling order refers only to the date that fact discovery closes and the dates thereafter; i.e., none of the deadlines prior to the close of fact discovery shall change except as expressly set forth in this Stipulation and Order.

10. To allow defendants to focus on document production, the parties will postpone all previously noticed 30b6 depositions until at least January 15, 2010 (and will follow the already agreed upon order of depositions). Nothing in this paragraph or agreement precludes the parties from noticing and taking other depositions.

11. By reaching this agreement, plaintiffs do not waive their right to request other search terms or other custodians at a later time. Nor does this agreement affect the parties' prior agreement of August 12, 2009 as it relates to information (including emails) from individual traders.

12. This agreement has no bearing on other potential disputes between the parties, including, but not limited to, disputes relating to the completeness and accuracy of the data plaintiffs have or will soon receive.

---

[3] Non-Taser keywords refer to keywords other than Taser, Tasr or Taser's CUSIP (i.e, the keywords the parties are currently negotiating and will complete negotiating by November 30).

13. Defendants shall not file any motion to compel or seek any relief challenging the sufficiency or completeness of plaintiffs' responses to any discovery to the extent that plaintiffs' responses depend on a review or analysis of any data (including the information necessary to read, understand and use the data) or documents that have not been produced by defendants either at all or in the sixty days prior to the motion being filed. To the extent, however, plaintiffs can partially answer discovery requests, they may not withhold such responses pending any supplementation that may depend on a review or analysis of any such data or documents.

14. For any discovery requests previously served upon defendants not specifically addressed in the foregoing paragraphs, defendants will meet and confer on those requests as soon as practicable and complete their conferral on or before January 15, 2010. Any documents or other information responsive to those requests will be produced to plaintiffs no later than June 1, 2010.

15. The above agreement will be submitted to the Court for entry as a Court Order.

*[signature]*
Hon. Patsy Y. Porter
Judge, State Court of Fulton County

721884.1

4