# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

TASER INTERNATIONAL, INC., *et al.*, )
)   Case No.: 1:10-cv-3108-WBH
Plaintiffs, )
)   [On removal from the State
v. )   Court of Fulton County,
)   Georgia Case No.:
MORGAN STANLEY & CO., INC., *et al.*, )   2008-EV-004739-B]
)
Defendants. )
_____ )

## PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR REMAND, FEES AND COSTS AND IN OPPOSITION TO MERRILL LYNCH PROFESSIONAL CLEARING CORP.'S RESPONSE

## [REDACTED VERSION]

John E. Floyd
Georgia Bar No. 266413
Steven J. Rosenwasser
Georgia Bar No. 614908
Nicole G. Iannarone
Georgia Bar No. 382510
BONDURANT, MIXSON & ELMORE, LLP
3900 One Atlantic Center
1201 West Peachtree Street, N.W.
Atlanta, Georgia  30309
floyd@bmelaw.com
rosenwasser@bmelaw.com
iannarone@bmelaw.com
Telephone:  (404) 881-4100
Facsimile:  (404) 881-4100

*Attorneys for Plaintiff*

814589.1

## __INTRODUCTION__

ML Pro's Opposition to Plaintiffs' Motion for Remand ("Opposition" or "Opp.") runs from the legal standard for establishing federal question jurisdiction, runs from the full scope of the allegations in the Seventh Amended Complaint ("Complaint"), and runs from the many decisions of this Court remanding cases that involve Georgia RICO claims based on both state and federal predicate acts.

ML Pro cannot meet its burden of proving that removal is proper unless it proves that a substantial, disputed issue of federal law is an ***essential element*** of Plaintiffs' state law claims.  While that standard does not appear in the Opposition, it is mandated by Eleventh Circuit authority, including *Ayres* (which ML Pro now tries to bury), and Supreme Court authority, including *Empire HealthChoice Assurance, Inc. v. McVeigh*, 547 U.S. 677 (2006), which ML Pro does not discuss.

After reviewing the 101-page Complaint, ML Pro identifies only ***one*** issue that it claims is a substantial, disputed federal issue:  whether federal law conflicts with Plaintiffs' allegation that Defendants' intentional fails create "counterfeit shares" in the Continuous Net Settlement System ("CNS").  Opp. at 11.

That "issue" does not justify removal because it is not an essential element of Plaintiffs' state law claims.  Plaintiffs allege that Defendants have engaged in abusive naked short selling and thereby depressed the price of TASER stock.  The

SEC agrees that abusive naked short selling is illegal and can depress a stock's price.[1]  Whether the SEC *also* agrees with Plaintiffs' description of the excess securities entitlements Defendants create when they intentionally fail to deliver TASER stock as "counterfeit shares" is irrelevant.[2]  Proof of counterfeit stock is not an element of any of Plaintiffs' claims and not required to prove Defendants' conduct is illegal.  To the contrary, the SEC regularly fines Defendants for the precise misconduct alleged in the Complaint without finding that they have created counterfeit shares.  Compl. ¶ 8.  The SEC and AMEX also recently fined two ML Pro hedge fund customers $8 million for the misconduct alleged in the Complaint, again without regard to whether they had created "counterfeit shares."  Ex. C.

The Complaint is based on a myriad of unlawful acts that Defendants have

---

[1] Ex. A (attached hereto) (SEC Press Release 2008-204) ("[I]n an abusive naked short transaction, the seller doesn't actually borrow the stock, and fails to deliver it to the buyer. For this reason, ***naked shorting can allow manipulators to force prices down far lower than would be possible in legitimate short-selling conditions***.") (emphasis added); Ex. B (attached hereto) (SEC Exchange Act Release) 73 FR 61666, at *61667 (10/17/08) ("abusive 'naked' short selling as part of a manipulative scheme is always illegal under the general antifraud provisions of the federal securities laws"); Complaint ¶¶ 5, 6.

[2] CNS transactions do not involve paper shares, but rather electronic "securities entitlements," which represent ownership interests in a company's stock.  When Defendants intentionally fail to deliver TASER stock they have agreed to deliver, they cause the creation of TASER securities entitlements in buyers' accounts.  As the SEC observes, those new entitlements are not shares authorized or issued by TASER.  Yet, they can be sold, borrowed and voted just like TASER shares.  Thus, the Complaint refers to them as "counterfeit shares."  Complaint ¶ 1 n.1.

engaged in to profit from abusive naked short selling and that establish Plaintiffs' state law claims regardless of whether Defendants created "counterfeit shares" in the CNS.  *Id.* (listing 23 types of misconduct).  For example, Plaintiffs allege that Defendants effected abusive naked short sales by, *inter alia*, lying about whether they had located TASER stock to sell, falsifying loans of TASER stock, misrepresenting that they intended to deliver TASER stock and mismarking order tickets as long rather than short.  That misconduct, ***by itself,*** gives rise to claims under the Georgia Securities Act ("GSA") and Georgia RICO.

Further, the Complaint alleges (and discovery shows) that Defendants engage in abusive naked short sales ***outside the CNS***.  *See, e.g.*, Complaint ¶ 8(h) (Defendants "transact[ ] illegal stock sales off the primary market and outside of the DTCC system to avoid NASDAQ oversight").  Whether Defendants create counterfeit shares ***in the CNS*** is not an issue, much less an essential element, of state law claims based on abusive naked short sales conducted ***outside the CNS***.

ML Pro also fails the essential element test because it is raising a ***defense***, specifically a conflict preemption defense.  ML Pro argues that federal law bars the allegation that Defendants have created counterfeit shares in the CNS.  Even if that were true, it is a federal defense to a state law claim.  Black-letter law holds that a federal defense to a state law claim cannot justify removal.  *Caterpillar, Inc. v.*

*Williams*, 482 U.S. 386, 399 (1987); Dkt. 7 at 24.  And Defendants **already lost** this defense in state court.  *Id.* at 7 (citing Order denying motion to dismiss because "Plaintiffs['] State law claims do not conflict with the Federal securities laws").

ML Pro's bid for removal based on 15 U.S.C. § 78aa also fails.  Plaintiffs' allegations that Defendants have violated rules promulgated under the Exchange Act are ***alternate*** grounds for relief under a ***state law cause of action***.  ***Every case*** the parties cite in which a plaintiff based a state law cause of action on ***both*** violations of state law ***and*** violations of federal law, including cases involving Exchange Act violations, orders remand.  That is the result in every Northern District case cited in Plaintiffs' opening brief and in *Meinders v. Refco Sec., Inc.*, 865 F. Supp. 721 (D. Colo. 1994), *Fairfax Fin. Holdings, Ltd. v. S.A.C. Capital Mgmt., LLC*, 2007 U.S. Dist. LEXIS 39214 (D.N.J. May 15, 2007) (Ex. D), and *Avenius v. Banc of Am. Sec. LLC*, 2006 WL 4008711 (N.D. Cal. Dec. 30, 2006), which all involve the Exchange Act.  The cases ML Pro relies on are inapposite because they all involve situations, unlike this one, in which the ***only*** way a plaintiff could prevail on a state law claim was to prove a violation of Exchange Act rules.  This Court should not break with precedent and reach out to assert jurisdiction where proof of a violation of Exchange Act rules is not an essential element of Plaintiffs' claims.

## BACKGROUND

The first ten pages of the Opposition are an effort at distraction.  That the SEC has authority over the CNS is irrelevant to the Motion to Remand.  A federal regulatory scheme does not justify removal unless Congress decides to completely preempt all state law claims in a field.  *Dunlap v. G&L Holding Group, Inc.*, 381 F.3d 1285, 1290 n.8 (11th Cir. 2004).  Congress made the opposite decision here, expressly preserving States' rights to create independent duties and claims in the securities field, and Georgia has done so.  Dkt. 7 at 21-22.

The Complaint does not challenge any aspect of the CNS.  Rather, Plaintiffs challenge deceptive and manipulative acts that Defendants have perpetrated in the CNS (and outside the CNS) in violation of (not conformity with) state and federal law.  Past cases filed by other plaintiffs challenging DTCC regulations are not relevant in this case challenging Wall Street misconduct regarding TASER stock.

## ARGUMENT

### I.     ML PRO MUST PROVE THAT A SUBSTANTIAL, DISPUTED FEDERAL QUESTION IS AN <u>ESSENTIAL ELEMENT</u> OF PLAINTIFFS' STATE LAW CLAIMS.

ML Pro does not quote the law on what it must prove to establish federal question jurisdiction, but instead sets forth its own test so as to avoid the essential element standard.  Opp. at 11.  The Eleventh Circuit, however, has held that "for a

state-law claim to raise substantial questions of federal law, 'federal law must be an ***essential element of [the plaintiff's] claim***.'"  *Dunlap*, 381 F.3d at 1290 (citation omitted) (emphasis added); *Ayres*, 234 F.3d at 520 (federal jurisdiction requires "the necessity for Plaintiffs to prove, as an ***essential element of their state law cause of action***, the existence of federal" law violations) (emphasis added); *Adventure Outdoors, Inc. v. Bloomberg*, 552 F.3d 1290, 1296 (11th Cir. 2008) (removal proper only if state law claims ***"necessarily raise"*** federal issue).

The Supreme Court's most recent decision on the subject is *Empire HealthChoice*, 547 U.S. 677 (2006), where it emphasized that the category of cases in which federal jurisdiction exists over state law claims is a "special and small category."  *Id.* at 699.  The *Empire* Court stated that *Grable & Sons Metal Prods., Inc. v. DaRue Eng'g & Mfg.*, 545 U.S. 308 (2005), which ML Pro cites, fit this "slim category," 547 U.S. at 701, because whether the plaintiff received notice within the meaning of a federal tax provision was "'an ***essential element*** of" the plaintiff's state law claim and "'appear[ed] to be ***the only…issue contested in the case***.'"  *Id.* at 700 (*quoting Grable*, 545 U.S. at 315) (emphasis added).  Indeed, the "resolution" of that question in *Grable* was "dispositive of the case."  *Id.* at 701.

ML Pro is required to prove that there is no way Plaintiffs can prevail on their state law claims without prevailing on a federal issue:

> A plaintiff's right to relief for a given claim necessarily depends on a question of federal law only when *every* legal theory supporting the claim requires the resolution of a federal issue. *Mulcahey [v. Columbia Organic Chems. Co.,* 29 F.3d 148, 153 (4th Cir. 1994)] ("[I]f a claim is supported not only by a theory establishing federal subject matter jurisdiction but also by an alternative theory which would not establish such jurisdiction, then federal subject matter jurisdiction does not exist.").

*Dixon v. Coburg Dairy, Inc.*, 369 F.3d 811, 816-17 (4th Cir. 2004) (*en banc*) (also citing *Christianson v. Colt Indus. Operating Corp.,* 486 U.S. 800, 810 (1988)). Where, as here, a violation of federal law is "an alternate theory supporting a single claim, the federal question is not a *necessary* element of the state claim, and thus does not create federal question jurisdiction." *Howery v. Allstate Ins. Co.,* 243 F.3d 912, 918 (5th Cir. 2001).

## II.   THE COUNTERFEIT SHARES ALLEGATION IS NOT AN ESSENTIAL ELEMENT OF PLAINTIFFS' STATE LAW CLAIMS.

### A.   ML Pro Ignores a Wide Range of Misconduct That Proves Plaintiffs' Claims Apart from the Counterfeit Shares Allegation.

ML Pro's argument – that "it would be impossible to adjudicate any of [Plaintiff's] claims" without adjudicating whether federal law rejects the allegation that Defendants create counterfeit shares in the CNS – is an exercise in willful blindness.  Opp. at 12.  The one paragraph of the Opposition ML Pro devotes to this argument cites just five paragraphs of the Complaint.  *Id.* at 12-13.  Review of the *entire* Complaint reveals the many ways Plaintiffs can prevail on their claims

without the counterfeit shares allegation.  The following examples alone show that ML Pro has failed the essential element test:

**Georgia Securities Act.**  Plaintiffs can prevail on their GSA claim by proving that Defendants made "untrue statement[s] of a material fact or omitt[ed] to state a material fact" in violation of O.C.G.A. § 10-5-12(a)(2)(B)[3] – without also proving that Defendants created counterfeit shares.  Plaintiffs can do so by, *inter alia*, proving their allegations that Defendants "falsely mark[ed] short sales as 'long' on blue sheets, order tickets and other documents," Complaint ¶ 8(d), "falsely represent[ed] that they either possessed the borrowed securities or had located them for borrowing and delivery," *id.* ¶ 8(l), "falsely claim[ed] that they or their clients are subject to the *bona fide* market maker or option market maker exception," *id.* ¶ 8(t), or omitted to disclose that they intended not to deliver the stock they purported to sell, *id.* ¶ 108 – to specify several possibilities.

Likewise, Plaintiffs can prevail on their GSA claim by proving that Defendants "employ[ed] a device, scheme, or artifice to defraud," in violation of O.C.G.A. § 10-5-12(a)(2)(A) – again, without also proving that Defendants created counterfeit shares.  Plaintiffs can independently prove such a violation by, *inter alia*, proving their allegations that Defendants "enter[ed] into fictitious or sham

---

[3] Cited GSA provisions are attached as Exhibit B to Plaintiffs' initial brief.

option contracts to conceal naked short sales," Complaint ¶ 8(c), "conceal[ed] fails

through washed and matched trades," *id.* ¶ 8(g), or "engage[ed] in unlawful

conversions, reverse conversions, flex options, [and] exits."  *Id.* ¶ 8(u).

**Georgia Computer Systems Protection Act (CSPA).**  Plaintiffs can prevail

on their CSPA claim by proving that Defendants "have provided inaccurate and

false reports on their electronic blue sheets (*i.e.*, Responses to Request by the SEC)

regarding the identity of an account holder for whom specific trades were executed

and whether transactions were buys or sales, or longs or shorts."  Complaint ¶ 141.

That allegation has nothing to do with counterfeit shares.

**Georgia RICO.**  Proof of GSA and CSPA claims as outlined above would

prove predicate acts supporting a Georgia RICO claim.  Thus, without discussing

every predicate act alleged in the Complaint, it is clear that Plaintiffs can prevail on

their Georgia RICO claim without adjudication of the single issue ML Pro raises.

**Conversion.**  Plaintiffs' count for conversion does not even allege that

Defendants have created counterfeit shares.  *Id.* ¶¶ 171-74.  Defendants have

engaged in illegal abusive naked short selling and impaired Plaintiffs' property

(including the value of their stock) and ownership rights (*e.g.*, voting rights), *id.*

¶ 174, whether or not Defendants are deemed to have created counterfeit shares.

**Money Had and Received.**  Plaintiffs' count for money had and received

also contains no allegation that Defendants have created counterfeit shares.  *Id.* ¶¶ 175-80.  Plaintiffs can establish that Defendants "have received monies" of which they "are not the true owners, and which, in equity and good conscience, [they] should not be permitted to keep," without such an allegation.  *Id.* ¶ 176.  As just one example, Defendants reap fees and interest from purported loans of TASER stock that they do not actually make.  Complaint ¶ 15(b).

**Misconduct Outside the CNS.**  The Complaint alleges that Defendants engaged in abusive naked short sales in transactions outside the CNS, known as "ex-clearing" transactions:  "Defendants' failures to deliver and/or receive the securities of TASER and other publicly traded corporations were not limited to DTCC failures, but also included ex-clearing fails outside of the DTCC system."  Complaint ¶ 75; *id.* ¶ 8(h).  ML Pro identifies no federal issue that applies to claims based on such transactions.  The sole issue ML Pro raises is limited to the CNS (what ML Pro calls the National System) and DTCC Stock Borrow Program, Opp. at 6, which do not apply to ex-clearing transactions.

**B.    The Counterfeit Shares Allegation Is Not Dispositive of Whether Defendants Have Engaged in Illegal Naked Short Selling.**

As set forth, *supra*, at 1-2, the disagreement ML Pro alleges between the SEC and Plaintiffs is not dispositive of the claims in this case.  The SEC ***agrees*** with Plaintiffs, in one of the very briefs ML Pro cites, that fails to deliver can

create securities entitlements in excess of the number of shares of stock a company has issued.[4]  The SEC further ***agrees*** that "abusive naked short selling can have negative effects on the market, as fraudsters may use naked short selling to engage in ***illegal*** market manipulation, e.g., by selling stock short and failing to deliver shares at the time of settlement with the purpose of driving down the stock price." Ex. E at 7 (emphasis added); *see supra* n.1.


**REDACTED**


Plaintiffs and the SEC thus agree that the substantive misconduct alleged in the Complaint is actionable; whether they also agree that the phrase "counterfeit shares" describes the excess securities entitlements Defendants create through intentional fails is academic.

### C.    ML Pro Raises a Defense, Not an Element of a Claim.

***ML Pro cites no Georgia law establishing that proof that Defendants have***

---

[4] Opp., Ex. V (SEC Brief) at 11-12 (a buyer's account may be credited "with a security entitlement even though" a "seller of securities has failed to deliver" the security and "[i]f an intermediary credits entitlements to customer accounts even though the intermediary does not hold the security, ***the result may be that the total number of securities entitlements credited to all customer accounts exceeds the number of shares issued by the issuer***") (citation omitted) (emphasis added).

***created counterfeit shares is an element of any of Plaintiffs' claims.*** ML Pro is

arguing that the SEC does not agree that Defendants create "counterfeit shares"

and that, under federal law, this disagreement somehow immunizes Defendants'

abusive naked short selling.  While ML Pro is wrong, the important point at

present is that this argument is a defense.  ML Pro cannot contest the Supreme

Court's holding that "Congress has long since decided that federal defenses do not

provide a basis for removal."  *Caterpillar*, 482 U.S. at 399; *Dunlap*, 381 F.3d at

1290 n.8 (ordinary preemption defense "will not provide a basis for removal").

## III.  PLAINTIFFS' FEDERAL SECURITIES ALLEGATIONS ARE NOT A BASIS FOR REMOVAL.

ML Pro pushes to the back of its brief the argument it raised in its Notice of

Removal, that Plaintiffs' allegations of violations of federal securities regulations

justify removal.  It does so because the ***applicable*** caselaw rejects that argument.

First, this Court has repeatedly held that federal jurisdiction is lacking when a

Georgia RICO claim is based on ***both*** state law and federal law predicates.  There

is no principled difference between (1) cases in which a state law claim is based on

***both*** violations of state law duties ***and*** violations of federal mail and wire fraud

statutes and (2) cases in which a state law claim is based on ***both*** violations of state

law duties ***and*** violations of Exchange Act rules.  Federal jurisdiction over mail

and wire fraud is obviously exclusive – these are federal crimes that can only be

prosecuted by the United States in federal court.  Despite such exclusivity, when these federal crimes are asserted as alternate bases for relief under a state law cause of action, they do not support removal.

Consistent with the foregoing, all three cases the parties cite that involve state law claims based on *both* state law theories *and* alleged violations of Exchange Act rules order remand.  *Meinders* rejected the argument that "plaintiffs' allegation of federal securities fraud [under 15 U.S.C. §§ 78(b), 78ff] as a predicate act" for a state RICO claim justified removal when, as here, the plaintiff *also* alleged securities fraud under a state securities statute as a predicate act.  865 F. Supp. at 723.  This Court relied on *Meinders* in *Graham,* 75 F. Supp. 2d at 1373.

In *Fairfax*, a short-selling case, the plaintiffs alleged both violations of state law and violations of Rule 10b-5 (an Exchange Act rule) as predicate acts for a state RICO claim.  The court rejected the precise arguments ML Pro makes here. It held that "[t]he Complaint does not 'necessarily raise' a federal question because" plaintiffs "could litigate and prevail upon their New Jersey RICO claims or any of their other state-law claims without any need to prove or establish a violation of federal law."  2007 U.S. Dist. LEXIS 39214, at *9 (citation omitted).

*Fairfax* also expressly held that 15 U.S.C. § 78aa did not justify removal "because Plaintiffs' action is not an action brought to enforce the securities laws"

and "Plaintiffs' allegations that Defendants violated provisions of the Exchange Act merely support Plaintiffs' state causes of action." *Id.* at *15. So did the court in *Gordon v. Buntrock*, 2000 U.S. Dist. LEXIS 5977, at **14-15 (N.D. Ill. Apr. 28, 2000) (Ex. G), which also granted a motion to remand:

> Defendants argue that because plaintiff's complaint alleges that defendants violated the duties which arise under the Act and the rules and regulations promulgated thereunder, it is an action "brought to enforce" the Act and its rules. This court rejects this argument. This is not an action "brought to enforce" the Act and its rules. Rather, plaintiff alleges defendants' violation of the Act and its rules as support for the allegation that defendants breached their common law duties of full and fair disclosure. Nor does plaintiff's right to relief necessarily depend on the resolution of federal law.

ML Pro's attempt to distinguish *Avenius* fails. While the plaintiffs there disavowed reliance on Exchange Act violations, the court ruled on the defendants' argument that the plaintiffs' claims "depend[ed]" on such violations. 2006 WL 4008711 at *2. In rejecting that argument, the court did not hold that Exchange Act rules were irrelevant, but instead remanded because the plaintiffs' state law claims were not based ***exclusively*** on violations of such rules: "Plaintiff's UCL claim is not predicated ***solely*** on a violation of federal law….In addition, because Plaintiff's claims are not predicated ***entirely*** on rights or obligations created by federal law, a court need not refer ***only*** to federal law to determine whether Defendants' conduct was unfair or fraudulent." *Id.* at *5 (emphasis added). The same is true here: Plaintiffs can prevail on their claims based on state law duties,

*e.g.*, duties under the GSA, that prohibit Defendants' misconduct.[5]

The cases ML Pro relies on do not apply here because they involve situations in which the ***only*** way the plaintiff could prevail was to prove that the defendant had violated duties under the Exchange Act.[6]  That is not true of this case, and the Eleventh Circuit has held that "federal jurisdiction is not created by the mere fact that proof of violation of a federal statute is ***an element*** of a plaintiff's state law cause of action."  *Dunlap*, 381 F.3d at 1292 (emphasis added).  ML Pro ignores the Complaint and applicable authority.  The Court should remand and award fees.

---

[5] *See also Beechwood Dev. Group, Inc. v. Konersman*, 517 F. Supp. 2d 770 (D.S.C. 2007) (remanding where breach of fiduciary duty could be proved by violation of ***either*** Securities Act of 1933 ***or*** South Carolina Uniform Securities Act).

[6] *Sparta Surgical Corp. v. NASD*, 159 F.3d 1209, 1212 (9th Cir. 1998) (all claims are "founded on the defendants' conduct in suspending trading and de-listing the offering, the propriety of which must be ***exclusively*** determined by federal law") (emphasis added); *D'Alessio v. NYSE*, 258 F.3d 93, 101 (2d Cir. 2001) (gravamen of claims is that NYSE "failed to perform its statutory duty, *created under federal law*, to enforce its members' compliance with those laws"); *Hawkins v. NASD*, 149 F.3d 330, 332 (5th Cir. 1998) ("all of [plaintiff's] claims against the NASD…are actions at law seeking to enforce liabilities or duties created by federal securities laws"); *Opulent Fund, L.P. v. NASDAQ*, 2007 U.S. Dist. LEXIS 79260, at **7-8 (N.D. Cal. Oct. 12, 2007) ("the SEC-approved rules are a 'necessary element' of" plaintiffs claims); *Lowe v. NASD Regulation*, 1999 U.S. Dist. LEXIS 19489, at *9 (D.D.C. Dec. 14, 2009) ("each claim is predicated on the NASDR's violations of its own rules," which are "dut[ies] imposed by the Exchange Act"); *Shimoda-Atlantic v. FINRA*, 2008 U.S. Dist. LEXIS 37900, at *9 (W.D. Ark. May 8, 2008) ("gravamen of" claims is FINRA's improper issuance of securities registrations, "a duty created by the Exchange Act"); *Whitehall Wellington Invs., Inc. v. NASD*, 2000 U.S. Dist. LEXIS 18607, at *13 (S.D. Fla. Dec. 7, 2000) ( complaint "amount[s] to a claim that [NASD] breached a 'liability' or 'duty' under the Exchange Act).

Respectfully submitted this 8th day of November, 2010.


/s/ Steven J. Rosenwasser
John E. Floyd
Georgia Bar No. 266413
floyd@bmelaw.com
Steven J. Rosenwasser
Georgia Bar No. 614908
rosenwasser@bmelaw.com
Nicole G. Iannarone
Georgia Bar No. 382510
iannarone@bmelaw.com
Michael A. Caplan
Georgia Bar No. 601039
caplan@bmelaw.com
Elizabeth G. Eager
Georgia Bar No. 644007
eager@bmelaw.com
Robert L. Ashe
Georgia Bar No. 208077
ashe@bmelaw.com
Bondurant, Mixson & Elmore, LLP
3900 One Atlantic Center
1201 West Peachtree Street, N.W.
Atlanta, Georgia  30309-3417
(404) 881-4100 Tel.
(404) 881-4111 Fax

James W. Christian
State Bar No. 04228700
jchristian@csj-law.com
Gary M. Jewell
State Bar No. 10664800
gjewell@csj-law.com
Scott R. Link
State Bar No. 12390900
slink@csj-law.com
Katherine Morton-Gonyea
State Bar No. 24066701
kgonyea@csj-law.com
Christian, Smith, & Jewell, LLP
2302 Fannin, Suite 500
Houston, Texas  77002
(713) 659-7617 Tel.
(713) 659-7641 Fax
(admitted *pro hac vice* in State Court)

Attorneys for Plaintiffs

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this day, a true and correct copy of the foregoing

**PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR REMAND, FEES**

**AND COSTS AND IN OPPOSITION TO MERRILL LYNCH**

**PROFESSIONAL CLEARING CORP.'S RESPONSE [REDACTED**

**VERSION]** was electronically filed with the Clerk of Court using the Court's

electronic filing system which will automatically send an email notification of such

filing to the following attorneys of record who are registered participants in the

Court's electronic notice and filing system:

> **Attorneys for Defendants:**
> Richard H. Sinkfield, Esq.
> Dan F. Laney, III, Esq.
> Kristina M. Jones, Esq.
> Stefanie H. Jackman, Esq.
> James W. Cobb, Esq.
> Rogers & Hardin
> 2700 International Tower, Peachtree Center
> 229 Peachtree Street, N.E.
> Atlanta, GA  30303-1601
> rsinkfield@rh-law.com

Further, I hereby certify that on this day, I caused to be served a true and

correct copy of the foregoing via United States mail on:

814589.1

**Attorneys for Banc of America Securities, LLC;
Merrill Lynch, Pierce, Fenner & Smith, Inc.; and Merrill Lynch
Professional Clearing Corporation:**
Andrew J. Frackman, Esq.
Brad Elias, Esq.
O'Melveny & Myers LLP
7 Times Square
New York, NY  10036

**Attorneys for Morgan Stanley & Co. Incorporated:**
Robert F. Wise, Jr., Esq.
William J. Fenrich, Esq.
Melissa T. Aoyagi, Esq.
Davis Polk & Wardwell LLP
450 Lexington Avenue
New York, NY  10017

**Attorneys for Bear Stearns & Co., Inc. and Bear Stearns
Securities Corp.:**
Stephen L. Ratner, Esq.
Harry Frischer, Esq.
Brian L. Friedman, Esq.
Proskauer Rose LLP
1585 Broadway
New York, NY  10036

**Attorneys for Goldman, Sachs & Co. and Goldman Sachs
Execution & Clearing, L.P.:**
Richard C. Pepperman II, Esq.
Richard H. Klapper, Esq.
Tracy Richelle High, Esq.
Sullivan & Cromwell LLP
125 Broad Street
New York, NY  10004

**Attorneys for Deutsche Bank Securities Inc.:**
Heather L. Fesnak, Esq.
Peter J. Isajiw, Esq.
Gregory A. Markel, Esq.
Cadwalader Wickersham & Taft LLP
One World Financial Center
New York, NY  10281

**Attorneys for UBS Securities, LLC:**
Andrew B. Clubok, Esq.
Jeffrey G. Landis, Esq.
Daniel Gomez, Esq.
Kirkland & Ellis LLP
655 Fifteenth Street, N.W., Suite 1200
Washington, DC  20005-5793

Maria Ginzburg, Esq.
Kirkland & Ellis LLP
Citigroup Center
153 East 53rd Street
New York, NY  10022-4611

**Attorneys for Credit Suisse Securities (USA), LLC.:**
Fraser L. Hunter, Jr., Esq.
Wilmer Cutler Pickering Hale & Dorr LLP
399 Park Avenue
New York, NY  10022

This 8th day of November, 2010.


/s/ Steven Rosenwasser
Steven Rosenwasser
Georgia Bar No. 614908