# Exhibit D



LEXSEE 2007 US DIST LEXIS 39214

FAIRFAX FINANCIAL HOLDINGS LIMITED, et ano., Plaintiffs, v. S.A.C.
CAPITAL MANAGEMENT, LLC, et al., Defendants.

Civil Action No. 06-cv-4197 (DMC)

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY

2007 U.S. Dist. LEXIS 39214

May 15, 2007, Decided
May 15, 2007, Filed

**NOTICE:** [*1] NOT FOR PUBLICATION

**COUNSEL:** For FAIRFAX FINANCIAL HOLDINGS LIMITED, CRUM & FORSTER HOLDINGS CORP., Plaintiffs: BRUCE HELLER NAGEL, ROBERT H. SOLOMON, LEAD ATTORNEYS, NAGEL RICE, LLP, ROSELAND, NJ; LEONARD A. FEIWUS, LEAD ATTORNEY, KASOWITZ, BENSON, TORRES & FRIEDMAN LLP, NEW YORK, NY.

For S.A.C. CAPITAL MANAGEMENT, LLC, S.A.C. CAPITAL ADVISORS, LLC, S.A.C. CAPITAL ASSOCIATES, LLC, S.A.C. HEALTHCO FUNDS, LLC, SIGMA CAPITAL MANAGEMENT, LLC, STEVEN A. COHEN, Defendants: JOSEPH T. BOCCASSINI, LEAD ATTORNEY, MCCARTER & ENGLISH LLP, NEWARK, NJ.

For EXIS CAPITAL MANAGEMENT, INC., EXIS CAPITAL, LLC, EXIS DIFFERENTIAL PARTNERS, L.P., EXIS INTEGRATED PARTNERS, L.P., ADAM D. SENDER, ANDREW HELLER, Defendants: SEAN JAMES MACK, LEAD ATTORNEY, PASHMAN STEIN, PC, HACKENSACK, NJ.

For LONE PINE CAPITAL, LLC, LONE PINE MEMBERS, LLC, LONE PINE ASSOCIATES, LLC, Defendants: ANDREW E. ANSELMI, McCUSKER, ANSELMI, ROSEN & CARVELLI, PC, CHATHAM, NJ.

For ROCKER PARTNERS, L.P., COPPER RIVER PARTNERS, L.P., DAVID ROCKER, Defendants: GAVIN J. ROONEY, MICHAEL J. HAHN, LEAD ATTORNEYS, LOWENSTEIN SANDLER, PC, ROSELAND, NJ.

For THIRD POINT LLC, DANIEL S. LOEB, JEFFREY PERRY, Defendants: DAVID A. [*2] KOTLER, LEAD ATTORNEY, DECHERT LLP, PRINCETON, NJ.

For MORGAN KEEGAN & COMPANY, INC., JOHN D. GWYNN, Defendants: DONALD ALAN KESSLER, STEPHEN JAY EDELSTEIN, LEAD ATTORNEYS, SCHWARTZ, SIMON, EDELSTEIN, CELSO & KESSLER, LLP, FLORHAM PARK, NJ.

**JUDGES:** Dennis M. Cavanaugh, U.S.D.J.

**OPINION BY:** Dennis M. Cavanaugh

**OPINION**

*DENNIS M. CAVANAUGH, U.S.D.J.:*

This matter comes before the Court upon motion by Plaintiffs Fairfax Financial Holdings Limited ("Fairfax Financial") and Crum & Forster Holdings Corp. ("C&F" and, together with Fairfax Financial, "Fairfax or "Plaintiffs") pursuant to *28 U.S.C. § 1447(c)* to remand

this action to the Superior Court of New Jersey, Law Division, Morris County and for an award of costs and expenses, including attorneys fees. Pursuant to *Rule 78 of the Federal Rules of Civil Procedure* no oral argument was heard. After carefully considering the submissions of the parties, and based upon the following, it is the finding of this Court that Plaintiffs' motion to remand is granted and the motion for costs and expenses is denied.

I. *BACKGROUND*

A. Factual Background

Plaintiff C&F is a New Jersey-based [*3] insurance holding company, a subsidiary of Plaintiff Fairfax Financial. Fairfax Financial is an insurance and financial services company operating in Canada and the United States. Compl. PP 4, 9, 10, 72-84.

Among the named Defendants are hedge funds and their affiliates - S.A.C. Capital Management ("SAC"), Exis Capital Management ("Exis") and New Jersey-based Rocker Partners ("Rocker"). Compl. PP 44-58, 67. Additionally, the Complaint names independent stock research analysts - including Morgan Keegan's John Gwynn - as defendants. Compl. PP 68-70. Further, the Complaint alleges that Defendants Spyro Contogouris and Max Bernstein acted as operatives of the hedge fund defendants, holding themselves out as representatives of a sham entity, MI4 Reconnaissance. Compl. PP 20-21, 59-64.

Plaintiffs claim that Defendants engaged in manipulative "short-selling" of Fairfax Financial's stock, conspiring to devastate the business and reputation of Fairfax. "Short-selling" is the practice of borrowing shares of stock, selling them and seeking to repurchase those shares at a lower price, returning the lower-priced shares to the lender and keeping the difference as profit. While Plaintiffs concede [*4] that the practice of "short-selling" is legal, they contend that Defendants' tactics are illegal and thereby actionable. Defendants' alleged tactics include, *inter alia,* (i) the dissemination of corrupt and materially misleading equity research regarding Fairfax's business condition; (ii) defamation; and (iii) harassment of Plaintiffs' agents and employees.

B. Procedural Background

Plaintiffs filed the instant action on July 26, 2006 in the Superior Court of New Jersey, Law Division, Morris County. The Complaint contained six counts, all alleging claims pursuant to New Jersey's RICO statute and New Jersey common law:

. Count I - racketeering pursuant to New Jersey's RICO statute

. Count II - racketeering conspiracy pursuant to New Jersey's RICO statute

. Count III - commercial disparagement pursuant to New Jersey common law

. Count IV - tortious interference with contractual relationships pursuant to New Jersey common law

. Count V - tortious interference with prospective economic advantage pursuant to New Jersey common law

. Count VI - common law civil conspiracy

Plaintiffs' state RICO claims allege both state and federal predicate acts. *See* Compl. PP [*5] 155, 160, 165-68.

On September 5, 2006, Defendants filed a Notice of Removal from the Superior Court of the State of New Jersey, Law Division, Morris County to this Court pursuant to *28 U.S.C. §§ 1331, 1367, 1441 et seq.* and *15 U.S.C. §§ 77p* and *78bb(f)*. Thereafter, Plaintiffs moved to remand this action to the New Jersey Superior Court pursuant to *28 U.S.C. § 1447(c)* and for an award of attorney's fees.

II. *DISCUSSION*

A. Standard of Review on Motion to Remand

Removal of a case to federal court is governed by *28 U.S.C. § 1441*. *Section 1441* is to be strictly construed against removal. *See Samuel-Bassett v. KIA Motors Am., Inc., 357 F.3d 392, 396 (3d Cir. 2004)*; *Boyer v. Snap-On Tools, Corp., 913 F.2d 108, 111 (3d Cir. 1990)*. Defendant bears the burden of showing that removal was proper. *See 28 U.S.C. § 1441*; *Samuel-Bassett, 357 F.3d at 396*. The existence of this Court's jurisdiction must be decided on the face of the complaint. [*6] *See Merrell Dow Pharms. v. Thompson, 478 U.S. 804, 808, 106 S. Ct. 3229, 92 L. Ed. 2d 650 (1986)* (providing that "the

Case 1:10-cv-03108-JEC Document 74-4 Filed 11/08/10 Page 4 of 7

Page 3
2007 U.S. Dist. LEXIS 39214, *6

question whether a claim 'arises under' federal law must be determined by reference to the 'well-pleaded complaint') (quoting *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Trust for S. Cal., 463 U.S. 1, 9-10, 103 S. Ct. 2841, 77 L. Ed. 2d 420 (1983)*).

Here, Defendants contend that removal was proper on three grounds: (1) this Court is vested with original "arising under" jurisdiction because Plaintiffs' claims necessarily raise substantial and disputed issues of federal law; (2) this Court is vested with exclusive jurisdiction pursuant to *Section 27* of the Securities Exchange Act of 1934; and (3) this Court is vested with jurisdiction under the Securities Litigation Uniform Standards Act of 1988 (SLUSA).

B. Original Jurisdiction: *Grable* and *Merrell Dow*

Defendants contend that this Court has original jurisdiction over the instant action under the "longstanding, if less frequently encountered, variety of federal 'arising under' jurisdiction." *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg., 545 U.S. 308, 312, 125 S. Ct. 2363, 162 L. Ed. 2d 257 (2005)* (citing *Hopkins v. Walker, 244 U.S. 486, 490-91, 37 S. Ct. 711, 61 L. Ed. 1270 (1917)*). [*7] "The doctrine captures the commonsense notion that a federal court ought to be able to hear claims recognized under state law that nonetheless turn on substantial questions of federal law, and thus justify resort to the experience, solicitude, and hope of uniformity that a federal forum offers on federal issues." *Id.; see also Franchise Tax Bd., 463 U.S. at 9*. Recently, in *Grable*, the Supreme Court clarified that in assessing whether there is federal "arising under" jurisdiction

> the question is, does a state-law claim necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities.

*Grable 545 U.S. at 314.*

Here, Defendants argue that this Court is vested with "arising under" jurisdiction over Plaintiffs' action because Plaintiffs' RICO claims (1) raise substantial questions of federal law (2) which are and will be disputed in this action, and (3) because multiple decisions from the Supreme Court and lower courts establish that such claims properly lie within the removal jurisdiction [*8] of this Court. *See* Defs. Opp'n Br. at 2. Central to this argument is Defendants' contention that the inclusion of federal law predicates for Plaintiffs' state RICO claims gives rise to federal jurisdiction.

As set forth more fully below, this Court agrees with Judge Chesler's recent ruling in a factually similar case alleging state RICO claims with federal predicates - *Biovail Corp. v. S.A.C. Capital Management*, (06-1625) (D.N.J.). In *Biovail*, Judge Chesler concluded that the district court was not vested with "arising under" jurisdiction because a plaintiff's inclusion of federal criminal laws as predicate acts in their state-created RICO claims does not raise substantial questions of federal law. As both Judge Chesler noted in *Biovail* and Judge Simandle noted in *Horowitz v. Marlton Oncology, P.C., 116 F. Supp. 2d 551 (D.N.J. 1999)*, adopting Defendants' argument would have the effect of vesting state legislatures with the power to "confer federal question jurisdiction upon a federal court," - simply an "untenable position." *Horowitz, 116 F. Supp. 2d at 556; see Biovail*, Tr. of Jan. 9, 2007 Hearing ("*Biovail* Tr.") at 46:11-15; [*9] 47:1-2. [1]

> 1  This Court disagrees with Defendants and finds that *Horowitz* remains good law post-*Grable*. *Grable* did not overrule *Merrell Dow* and the reasoning in *Horowitz* is consistent with the test for "arising under" jurisdiction as set forth in *Grable*.

1. *Necessarily Raise*

The Complaint does not "necessarily raise" a federal question because it alleges predicate violations of both federal and state law. *See* Compl. PP 155, 160, 165, 166-168. As Plaintiffs note, they could litigate and prevail upon their New Jersey RICO claims or any of their other state-law claims without any need to prove or establish a violation of federal law. In other words, this case could be decided without ever reaching a federal issue. As noted by the Supreme Court in *Christianson v. Colt Industries Operating Corp., 486 U.S. 800, 810, 108 S. Ct. 2166, 100 L. Ed. 2d 811 (1988)* and *Franchise Tax Board, 463 U.S. at 26*, if

> on the face of a well-pleaded complaint there are . . . reasons completely unrelated [*10] to the provisions and purposes of [the federal laws] why the [plaintiff] may

or may not be entitled to the relief it seeks then the claim does not 'arise under' those laws. Thus, a claim supported by alternative theories in the complaint may not form the basis for [federal 'arising under'] jurisdiction unless [federal law] is essential to each of those theories.

*Christianson*, 486 U.S. at 810 (internal citations omitted). Here, Plaintiffs' well-pleaded Complaint sets forth alternative, non-federal theories for relief. Accordingly, federal law is not essential to each of Plaintiffs' theories for relief and the Complaint does not "necessarily raise" a federal question.

Defendants reply that Plaintiffs' Complaint requires resolution of federal issues because Plaintiffs' state law predicates are meritless. In effect, Defendants invite this Court to engage in an evaluation of the merits of Plaintiffs' Complaint. Acceptance of such an invitation would be wholly improper. A motion to remand must be decided on the face of the complaint. *Merrell Dow, 478 U.S. at 808*; *Railway Labor Executives Ass'n v. Pittsburgh & L.E.R. Co., 858 F.2d 936, 939 (3d Cir. 1988)*. [*11] This Court must establish the existence of subject-matter jurisdiction before engaging in any consideration of the merits. *Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 101-2, 118 S. Ct. 1003, 140 L. Ed. 2d 210 (1998)*. Moreover, while "a plaintiff may not defeat removal by omitting to plead necessary federal questions in a complaint," ultimately plaintiffs are the master of the complaint. *Franchise Tax, 463 U.S. at 22* (citing *Avco Corp. v. Aero Lodge No. 735, International Asso. of Machinists & Aerospace Workers, 376 F.2d 337, 339-40 (6th Cir. 1967) aff'd, 390 U.S. 557, 88 S. Ct. 1235, 20 L. Ed. 2d 126 (1968)* and *The Fair v. Kohler Die & Specialty Co., 228 U.S. 22, 25, 33 S. Ct. 410, 57 L. Ed. 716, 1913 Dec. Comm'r Pat. 530 (1913))*. There is no indication that Plaintiffs avoided pleading necessary federal questions or that the state predicates are a sham. Because Plaintiffs' action alleges both state and federal predicate acts for the state RICO claims, the Complaint does not necessarily raise federal issues and no "arising under" jurisdiction exists.

2. *Actually Disputed & Substantial*

This Court also finds that there is a lack of actually disputed and substantial federal issues raised by Plaintiffs' Complaint. Accordingly, this Court [*12] also lacks federal "arising under" jurisdiction under the second prong of the *Grable* inquiry.

Defendants cite the following substantial and allegedly disputed issues of federal law raised by Plaintiffs' Complaint:

. whether the alleged violations of federal mail and wire fraud statutes are insufficient absent allegations of reliance

. whether the alleged violations of the federal RICO, mail fraud and wire fraud statutes are foreclosed by the Private Securities Litigation Reform Act

. whether the alleged violations of Section 10 and *Rule 10b-5* are insufficient absent allegations of loss causation

. whether the conduct alleged in the complaint constitutes a violation of Section 10 and *Rule 10b-5*

Defs. Opp'n Br. at 27-31. Even if these are substantial issues in this case they do not vest this Court with "arising under" jurisdiction because they relate to issues governed by state law or they raise questions of fact. See *Grable, 545 U.S. at 313*; *Cal. v. H&R Block, Inc., No. 06-2058, 2006 U.S. Dist. LEXIS 69472, at *11 n. 2. (N.D. Cal. Sept. 18, 2006)* (both providing that the disputed issue must raise federal legal issues, not [*13] factual issues). Consequently, this case does not raise any disputed issues of federal law.

3. *Balance of Federal and State Judicial Responsibilities*

Having concluded that the first and second *Grable* factors are not satisfied, this Court need not consider the third factor - whether a federal forum may entertain Plaintiffs' action without disturbing any congressionally approved balance of federal and state judicial responsibilities. The third *Grable* factor is only a "possible veto" that may defeat federal jurisdiction, not sustain it.

C. Exclusive Jurisdiction: *Section 27* of the Securities Exchange Act of 1934

Additionally, Defendants contend that this Court is vested with exclusive jurisdiction over Plaintiffs' action

because Plaintiffs allege that Defendants violated the Securities Exchange Act of 1934 ("the Act"). *Section 27* of the Act provides in relevant part:

> The district courts of the United States . . . shall have exclusive jurisdiction of violations of this chapter or the rules and regulations thereunder, and of all suits in equity and actions at law brought to enforce any liability or duty created by this chapter or the rules and regulations thereunder. [*14]

*15 U.S.C. § 78aa.* As the Supreme Court explained, *Section 27* "confers exclusive jurisdiction upon the federal courts for suits brought to enforce the Act or rules and regulations promulgated thereunder." *Matsushita Elec. Indus. Co., Ltd. v. Epstein, 516 U.S. 367, 370, 116 S. Ct. 873, 134 L. Ed. 2d 6 (1996)*. Relying heavily on *Section 27's* grant of exclusive jurisdiction, Defendants contend that this Court is vested with jurisdiction over Plaintiffs' claims because Plaintiffs are "seeking relief predicated on violations of the Exchange Act and rules adopted under it." Defs. Opp'n. Br. at 14.

In response, Plaintiffs argue that *Section 27* has no applicability to this case and, further, that *Section 28* establishes that this Court does not have exclusive jurisdiction over Plaintiffs' claims. First, Plaintiffs contend that *Section 27* "refers to claims created by the Act or by rules promulgated thereunder, but not to claims created by state law." Pls. Br. at 25-56 (citing *Barbara v. New York Stock Exch., Inc., 99 F.3d 49, 55 (2d Cir. 1996)*); Pls. Reply Br. at 26-27 (citing *Lippitt v. Raymond James Fin. Servs. Inc., 340 F.3d 1033, 1042 (9th Cir. 2003)*; [*15] *Fin. & Trading, Ltd. v. Rhodia S.A., No. 04-6083, 2004 U.S. Dist. LEXIS 24148, at *17 (S.D.N.Y. Nov. 29, 2004)*; *Gordon v. Buntrock, No. 00-303, 2000 U.S. Dist. LEXIS 5977, at *14 (N.D. Ill. Apr. 28, 2000)*). This Court agrees with the cases cited by Plaintiffs: *Section 27* does not grant this Court with exclusive jurisdiction because Plaintiffs' action is not an action brought to enforce the securities laws. Rather, Plaintiffs' allegations that Defendants violated provisions of the Exchange Act merely support Plaintiffs' state causes of action. Second, as Plaintiffs note, *Section 28* of the Act preserves state causes of action: "[t]he rights and remedies provided by this chapter shall be in addition to any and all other rights and remedies that may exist in law or in equity." *15 U.S.C. § 78bb*. As the Ninth Circuit noted in *Lippitt, Section 28* "saves existing state laws that provide private remedies to enforce a state's own laws to protect its citizens from conduct that is actionable under state law." *340 F.3d at 1037*. In this case, *Section 28* saves New Jersey's cause of action that protects New Jersey citizens [*16] from actionable conduct - namely, a state RICO claim predicated upon a violation of the Exchange Act. Accordingly, it is the finding of this Court that *Section 27* of the Act does not support removal jurisdiction over Plaintiff's Complaint.

D. Securities Litigation Uniform Standards Act of 1998 (SLUSA) Removal

Finally, Defendants argue that removal is appropriate pursuant to the Securities Litigation Uniform Standards Act of 1998 (SLUSA). SLUSA provides for federal jurisdiction and removal of particular covered class actions. SLUSA defines "covered class action" as a lawsuit in which, among other requirements, "[d]amages are sought on behalf of more than 50 persons or prospective class members" or "one or more named parties seek to recover damages on a representative basis on behalf of themselves and other unnamed parties similarly situated." *15 U.S.C. § 78bb(f)(5)(B)*. While there are only *two* plaintiffs in this case, Defendants creatively, yet unpersuasively, argue that this case is the functional equivalent of a "covered class action." Specifically, Defendants contend that this action is actually a class action on behalf of Plaintiffs' shareholders [*17] because the action seeks damages on behalf of Fairfax's shareholders.

Defendants' argument is unpersuasive for two reasons. First, Plaintiffs do not claim to represent a class of shareholders. As Judge Chesler noted in his *Biovail* ruling, "[i]t may very well be that the damages sought by [Plaintiffs] are not recoverable by a corporation . . . But the fact that they have sought those damages does not turn this into a representative action in any way, shape or form." Tr. 53:1-7. Second and more importantly, SLUSA explicitly states that "corporation" for purposes of the "covered class action" definition "shall be treated as one person or prospective class member." *15 U.S.C. § 78bb(f)(5)(D)*. Accordingly, the SLUSA "covered class action" provision does not support removal jurisdiction.

III. *COSTS AND ATTORNEY'S FEES*

Plaintiffs seek the attorneys' fees and costs associated with this remand motion. This Court has

discretion to award attorneys' fees on remand motions pursuant to *28 U.S.C. § 1447(c)*; however, such discretion is to be exercised "where the removing party lacked an objectively reasonable basis for seeking removal. [*18] " *Martin v. Franklin Capital, 546 U.S. 132, 126 S. Ct 704, 708, 163 L. Ed. 2d 547 (2005)*. See also *Newton v. Tavani, 962 F. Supp. 45, 48 (D.N.J. 1997)* (internal citations omitted). Where there is a colorable claim for removal, an award of fees should not be granted. *See id.; Roxbury Condo. Ass'n, Inc, v. Anthony S. Cupo Agency, 316 F.3d 224, 228 (3d Cir. 2003)*. In this case, the Court finds that Plaintiffs' request for attorneys' fees is denied.

IV. *CONCLUSION*

For the reasons stated, it is the finding of this Court that Plaintiffs' motion to remand is granted and the motion for costs and expenses is denied. An appropriate Order accompanies this Opinion.

S/ Dennis M. Cavanaugh, U.S.D.J.

Date: May 15, 2007

ORDER

This matter coming before the Court upon motion by Plaintiffs Fairfax Financial Holdings Limited and Crum & Forster Holdings Corp. pursuant to *28 U.S.C. § 1447(c)* to remand this action to the Superior Court of New Jersey, Law Division, Morris County and for an award of costs and expenses, including attorneys fees; and the Court having further reviewed all submissions; and for the reasons stated in its Opinion issued on [*19] this day,

IT IS on this *15* day of May, 2007;

ORDERED that Plaintiffs' motion to remand is granted; and it is further

ORDERED that Plaintiffs' motion for costs and expenses is denied.

S/ Dennis M. Cavanaugh, U.S.D.J.