# Exhibit G



LEXSEE 2000 US DIST LEXIS 5977

**SAM GORDON, on behalf of himself and all others similarly situated, Plaintiff, v. DEAN L. BUNTROCK, PHILLIP B. ROONEY, JAMES E. KOENIG, JOHN D. SANFORD, THOMAS C. HAU, WASTE MANAGEMENT, INC., and ARTHUR ANDERSON LLP, Defendants.**

No. 00 CV 303

UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

*2000 U.S. Dist. LEXIS 5977*

April 28, 2000, Decided
May 3, 2000, Docketed

**SUBSEQUENT HISTORY:** Motion granted by, Motion denied by, *Remanded by Gordon v. Buntrock, 2005 U.S. Dist. LEXIS 57 (N.D. Ill., Jan. 3, 2005)*

**DISPOSITION:** [*1] Plaintiff's motion to remand GRANTED. Case remanded to Circuit Court of Cook County.

**COUNSEL:** For SAM GORDON, plaintiff: Lawrence Walner, Dennis Tighe Trainor, Lawrence Walner & Associates, Ltd., Chicago, IL.

For SAM GORDON, plaintiff: Stewart M. Weltman, Stewart M. Weltman, Chicago, IL.

For SAM GORDON, plaintiff: Michael A Hanzman, Hanzman Criden Korge & Chaykin, PA, Miami, FL.

For DEAN L BUNTROCK, defendant: Francis James Higgins, Peter G. Rush, Sarah Kirstine Johnson, Bell, Boyd & Lloyd, Chicago, IL.

For PHILLIP B ROONEY, defendant: Nicholas Joseph Etten, Lawrence M. Gavin, Bell, Boyd & Lloyd, Chicago, IL.

For JAMES E KOENIG, defendant: Sarah R. Wolff, Jonathan Stuart Quinn, Matthew John O'Hara, Sachnoff & Weaver, Ltd., Chicago, IL.

For JOHN D SANFORD, defendant: David H. Kistenbroker, Pamela Gregory Smith, Leah J. Domitrovic, Freeborn & Peters, Chicago, IL.

For THOMAS C HAU, defendant: Kevin Michael Forde, Mary Anne Elizabeth Mason, Kevin M. Forde, Ltd., Chicago, IL.

For WASTE MANAGEMENT, INC., defendant: David E. Springer, Donna L. McDevitt, Matthew Robert Kipp, Erynne Allison Ross, Skadden, Arps, Slate, Meagher & Flom, Chicago, IL.

For ARTHUR [*2] ANDERSEN LLP, defendant: James C. Schroeder, Jonathan C. Medow, Mayer, Brown & Platt, Chicago, IL.

**JUDGES:** JAMES F. HOLDERMAN, United States District Judge.

**OPINION BY:** JAMES F. HOLDERMAN

**OPINION**

*MEMORANDUM OPINION AND ORDER*

JAMES F. HOLDERMAN, District Judge:

On December 22, 1999, plaintiff Sam Gordon, on behalf of himself and others similarly situated, commenced this putative class action, case No. 99 CH 18378, in the Circuit Court of Cook County, Illinois. Plaintiff's complaint contains four counts: negligent misrepresentation, common law fraud, breach of fiduciary duty, and aiding and abetting breach of fiduciary duty. Defendants Dean L. Buntrock, Phillip B. Rooney, James E. Koenig, John D. Sanford, Thomas C. Hau, Waste Management, Inc., and Arthur Anderson LLP (collectively, "defendants") removed the action to this court pursuant to *28 U.S.C. § 1441* and *§ 1446*, and the Securities Litigation Uniform Standards Act of 1998 (the "Uniform Standards Act" or "SLUSA"), *15 U.S.C. § 78bb(f)*. Plaintiff filed a motion to remand. For the following reasons, plaintiff's motion is GRANTED.

*ANALYSIS*

Plaintiff's complaint is brought [*3] on behalf of those persons who purchased common stock of Waste Management, a Delaware corporation, prior to November 3, 1994, and held the stock through February 24, 1998 (the class period). Plaintiff alleges that, during the period of time from November 3, 1994 to February 24, 1998, defendants "issued and caused to be disseminated to the plaintiff and class members, all of whom were shareholders in Waste Management, false and misleading annual reports, 10-Ks, other shareholder communications, financial statements and audit opinions on financial statements and related auditor's letters certifying the accuracy of financial statements all of which falsely portrayed [Waste Management's] revenues, earnings, and resultant financial condition." The complaint seeks damages for injuries that plaintiff and the putative class members allegedly suffered in their capacities as shareholders and investors in WMX, including investment opportunity losses and benefit of the bargain damages incurred as a result of defendants' misconduct. Plaintiff alleges that, at a minimum, plaintiff and class members lost the value of what was represented to them versus the actual value of their Waste Management [*4] stock once the truth was known.

Defendants contend that plaintiff's complaint was properly removed to federal court for two reasons. First, they argue that the Uniform Standards Act, *15 U.S.C. § 78bb(f)*, mandates removal to federal court because the complaint alleges misrepresentations in connection with the purchase or sale of securities. In the alternative, defendants argue that the complaint was properly removed under *28 U.S.C. § 1441* and *§ 1446* because plaintiffs cause of action arises under § 27 of the Securities Exchange Act of 1934, *15 U.S.C. § 78aa, et. seq.* ("the 1934 Act).

I. *Uniform Standards Act*

Defendants' primary argument is that plaintiff's complaint was subject to mandatory removal under the Uniform Standards Act, an amendment to *§ 78bb* of the Securities Exchange Act passed in 1998. The Uniform Standards Act provides, in relevant part:

> (f) Limitations on remedies
>
> > (1) Class action limitations
> >
> > No covered class action based upon the statutory or common law of any state or subdivision thereof may be maintained in any State or Federal Court by any private party [*5] alleging --
> >
> > (A) a misrepresentation or omission of material fact in connection with the purchase or sale of a covered security; or
> >
> > (B) that a defendant used or employed any manipulative or deceptive device or contrivance with the purchase or sale of a covered security.
>
> (2) Removal of covered class actions
>
> Any class action brought in any State

court involving a covered security, as set forth in paragraph (1), shall be removable to the Federal district court for the district in which the action is pending, and shall be subject to paragraph (1).

The parties agree that plaintiff's complaint is a "covered class action" and involves a "covered security" within the meaning of the Act. The parties also do not dispute that the complaint alleges misrepresentations and omission of material facts. As such, the only dispute between the parties is whether the complaint alleges misrepresentations or omissions of material facts "in connection with" the purchase or sale of those covered securities. If the misrepresentations are not alleged to have occurred "in connection with" the purchase or sale of a security, then the complaint was properly removed, and the motion [*6] to remand must be denied. If the misrepresentations are not alleged to have occurred "in connection with" the purchase or sale of a security, then the removal was improper and the motion to remand should be granted.

The parties have briefed this issue at length, and this court recognizes that the issue of whether plaintiff's complaint was properly removed to this court pursuant to the Uniform Standards Act is a complicated issue. This court is convinced, however, that the plain language of the statute precludes mandatory removal of this action. Congress apparently attempted to create a uniform, national body of law governing the litigation of securities fraud claims with the Uniform Standards Act. *See* Joint Explanatory Statement of the Committee of Conference, Statement of Managers, 144 Cong. Rec. H11019-01, * H11020, 1998 WL 720293 at *5-6 (1998) ("This legislation establishes uniform national rules for securities class action litigation involving our national capital markets."). Nevertheless, this court is bound by the plain language of the statute, and that language provides that only those covered class actions which allege misrepresentations in connection with [*7] the purchase or sale of a covered security "shall" be removable to federal court.

Defendants argue that plaintiff's complaint alleges misrepresentations "in connection with" the purchase of Waste Management securities for two reasons: (1) plaintiff alleges misrepresentations which date prior to the date by which the putative class members purchased their stock, and thus the complaint implicitly alleges that those class members purchased securities at artificially inflated prices, and (2) plaintiffs implicitly allege a "unitary" scheme of fraud which began before the class members purchased their securities, and continued until after November 3, 1994, at which time the class members merely held the securities. In so arguing, defendants rely upon cases which have interpreted § 10b of the Securities and Exchange Act of 1934, which makes unlawful "to use or employ, in connection with the purchase or sale of any security registered on a national securities exchange or any security not so registered, any manipulative or deceptive device or contrivance in contravention of such rules and regulations as the Commission may prescribe as necessary or appropriate in the public interest or for [*8] the protection of investors." *15 U.S.C. § 78j(b)*.

Plaintiff responds that his complaint is explicitly limited to damages caused by the holding of securities and the loss of value which resulted from such holding. Plaintiff argues that his complaint merely states common law claims for breach of fiduciary duty which have been recognized under Delaware law and expressly contemplated by the Supreme Court. Plaintiff argues that he is not seeking "purchaser/seller" damages arising out of any frauds that may or may not have occurred when he purchased the stock on behalf of himself or the class members he seeks to represent. Rather, he seeks damages for being fraudulently induced to hold Waste Management stock, after he and the putative class members had purchased the stock. In support of the argument that this class action is not subject to removal under the Uniform Standards Act, plaintiff relies upon *Blue Chip Stamps v. Manor Drug Stores, 421 U.S. 723, 95 S. Ct. 1917, 44 L. Ed. 2d 539 (1975)*. The Court in *Blue Chip Stamps* held that claims brought on behalf of persons who claimed that they were defrauded into not purchasing a stock (nonpurchasers) [*9] or persons who were defrauded into continuing to hold a stock (nonsellers or holders) were not covered under § 10b of the *1934 Act. Id. at 748, 95 S. Ct. at 1931*. In so holding, the Court noted that the harsh result was mitigated "to the extent that remedies are available to nonpurcahsers and nonsellers under state law." *Id. at 739 n.9, 95 S. Ct. at 1927*. Since that time, the Delaware Supreme Court has ruled that holders of stock in Delaware corporations, such as Waste Management, may state valid claims under state common law theories of breach of fiduciary duty for nondisclosure against directors, officers, and auditors without running afoul of federal securities laws. *Malone v. Brincat, 722 A.2d 5, 12 (Del. Supr. 1998)*. Plaintiff

argues that he is asserting a *Malone*-style claim, not one for damages incurred "in connection with" the sale or purchase of a security, and thus his claims are not subject to mandatory removal under the Uniform Standards Act.

This court finds that, because plaintiff does not allege that defendant's misrepresentations occurred in connection with the purchase or sale of a covered security, his complaint [*10] was not properly removable under the Uniform Standards Act. In so ruling, this court recognizes the broad reading that many courts have given the "in connection with" language under § 10b -- where plaintiffs alleged that misrepresentations had occurred in connection with the purchase or sale of securities. *See e.g., SEC v. Rana Research Inc., 8 F.3d 1358, 1362 (9th Cir. 1993)* (reasoning that "in connection with" requirement is met if fraud alleged "touches upon" or has "some nexus" with a securities transaction). This court also recognizes that a broad reading of plaintiff's complaint could encompass misrepresentations in connection with the putative class members' purchase of securities. However, plaintiff has gone to great lengths to stress that his complaint alleges misrepresentations *only* in the holding of securities, and expressly disavows any injury resulting from the purchase or sale of securities. Plaintiff explains that allegations of pre-November 1994 misrepresentations in the complaint are intended only "background facts," and that he is not seeking damages for misrepresentations which occurred prior to the beginning of the class period. As such, plaintiff's [*11] complaint states that, as of November 3, 1994, the day by which all class members had already purchased Waste Management stock, the stock was fairly valued (i.e., that the class members had not been and were not, at that point, being deceived into holding the stock). Plaintiff's complaint alleges that *only* those misrepresentations which occurred after November 3, 1994 resulted in the class members being deceived into holding their stock. Given these limitations, this court finds that plaintiff has not alleged misrepresentations which "touched," and therefore occurred "in connection with" the sale of Waste Management securities. *See id.*

Likewise, this court recognizes that plaintiff's complaint could plausibly be read to allege a common or unitary scheme of fraud that began before and during the time that plaintiff and class members purchased stock in Waste Management. Courts have found that an allegation of an "unitary scheme of fraud" which began before a plaintiff purchased securities and continued afterward can meet the "in connection with" requirement, where the plaintiff had alleged fraud both in the purchase and holding of securities under 10b. *See, e.g., Rudolph v. Arthur Andersen & Co., 800 F.2d 1040, 1046* [*12] (11h Cir. 1986). However, here, unlike in those cases cited by defendants, plaintiff does not allege that defendants' pre-November, 1998 misdeeds were part of a unitary scheme. The heart of plaintiff's complaint, as stated in the first paragraph, is that "during the period from November 3, 1994, through February 24, 1998, defendants issued and caused to be disseminated to the plaintiff and class members" various false and misleading communications. No where does plaintiff allege that the pre-November 1994 misdeeds were part of a common scheme which continued after November, 1994. Rather, plaintiff argues that the allegations of misdeeds which occurred prior to the class period are separate "background facts." Plaintiff alleges that all the misrepresentations which caused injury to himself and the putative class members occurred *after* he and the class members purchased their shares of Waste Management. "[A] fraudulent scheme which takes place entirely after the securities transaction is complete is not 'in connection with' that transaction." *Id. at 1046.*

Given plaintiff's characterization of the complaint and the fact that he clearly does not state a cause of [*13] action for misrepresentations made prior to November 3, 1999, this court cannot conclude that plaintiff's complaint states a cause of action for misrepresentations made "in connection with" purchases of securities made prior to November 3, 1999. This court must conclude that, whatever Congress intended in enacting the Uniform Standards Act, it did not make class actions on behalf of "nonsellers" and "nonpurchasers" removable to federal court. In enacting the Uniform Standards Act, Congress was aware of the interpretation of § 10b of the 1934 Act, which acknowledged that causes of actions for the "nonpurchase" or "nonsale" of securities were not covered by the 1934 Act, and that state law would fill those gaps. Congress could have expanded the scope of actions covered by the Uniform Standards Act by providing that actions alleging misrepresentations in connection with the failure to purchase or sell a covered security also shall be removable to federal court. Because Congress did not so provide, this court must conclude that the Uniform Standards Act subjects only those actions in which the plaintiff alleges that misrepresentations occurred in connection with the purchase or sale of [*14] a covered security to removal in federal court. Because plaintiff has not alleged that

defendants' misrepresentations occurred in connection with the purchase or sale of his or the class members' securities, the complaint was not properly removed under the Uniform Standards Act.

II. *Removal Under Sections 1441 and 1446*

In the alternative, defendants argue that plaintiff's complaint is removable to federal court on the basis of § 27 of the Securities Exchange Act, *15 U.S.C. § 78aa*. That section provides that federal courts shall have exclusive jurisdiction over violations of the Act or its rules and regulations and all suits in equity and actions at law brought to enforce any liability created by the Act or its rules and regulations. Defendants argue that because plaintiff's complaint alleges that defendants violated the duties which arise under the Act and the rules and regulations promulgated thereunder, it is an action "brought to enforce" the Act and its rules. This court rejects this argument. This is not an action to enforce the securities laws. Rather, plaintiff alleges defendants' violation of the Act and its rules as support for the allegation [*15] that defendants breached their common law duties of full and fair disclosure. Nor does plaintiff's right to relief necessarily depend on the resolution of federal law. *See Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 808, 108 S. Ct. 2166, 2173-74, 100 L. Ed. 2d 811 (1987)*. As such, plaintiff's reference to federal securities law does not mandate removal of his complaint to federal court.

*CONCLUSION*

For the reasons stated, plaintiff's motion to remand is GRANTED. This case is remanded to the Circuit Court of Cook County.

ENTER:

JAMES F. HOLDERMAN

United States District Judge

DATE: April 28, 2000