# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | |
|---|---|
| TASER INTERNATIONAL, INC., *et al.*,   ) | |
| ) | Case No.: 1:10-cv-3108-WBH |
| Plaintiffs,   ) | |
| ) | [On removal from the State |
| v.   ) | Court of Fulton County, |
| ) | Georgia Case No.: |
| MORGAN STANLEY & CO., INC., *et al.*,   ) | 2008-EV-004739-B] |
| ) | |
| Defendants.   ) | |
| _____ ) | |

## PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR REMAND, FEES AND COSTS AND IN OPPOSITION TO DEFENDANTS' MEMORANDUM OF LAW IN RESPONSE

John E. Floyd
Georgia Bar No. 266413
Steven J. Rosenwasser
Georgia Bar No. 614908
Nicole G. Iannarone
Georgia Bar No. 382510
BONDURANT, MIXSON & ELMORE, LLP
3900 One Atlantic Center
1201 West Peachtree Street, N.W.
Atlanta, Georgia  30309
floyd@bmelaw.com
rosenwasser@bmelaw.com
iannarone@bmelaw.com
Telephone:  (404) 881-4100
Facsimile:  (404) 881-4100

*Attorneys for Plaintiff*

814795.1

The ten Defendants in this case other than Merrill Lynch Professional Clearing Corp. ("ML Pro") filed a Memorandum of Law [Dkt. 60] in Opposition to Plaintiffs' Motion for Remand, Fees and Costs on October 27, 2010.  Plaintiffs refer to those ten Defendants as the "Original Defendants" and to their Memorandum as the "Original Defendants' Opposition."  Plaintiffs submit the reply below to the Original Defendants' Opposition and also incorporate herein the arguments in Plaintiffs' Reply in Support of Motion for Remand, Fees and Costs and in Opposition to ML Pro's Response, filed concurrently herewith.

## INTRODUCTION

The Original Defendants' Opposition demonstrates precisely why this case cannot be removed.  The Original Defendants do not argue that any claim in the original complaint or any of six amended complaints permits removal.  They argue only that removal is permitted based on the addition of federal predicates to Plaintiffs' Georgia RICO claim via the Seventh Amended Complaint.  Thus, the Original Defendants effectively concede that all of Plaintiffs' non-RICO claims and the state predicate-based Georgia RICO claim that have existed in this case for years do *not* require resolution of a substantial, disputed federal question.

The argument that the addition of federal predicates makes the Georgia RICO claim removable fails for the reasons set forth in Plaintiffs' Reply to ML

Pro's Opposition to the Motion for Remand and for additional reasons as well.

First, the state court **denied** the Original Defendants' motion to dismiss the Georgia

RICO count when that count was based solely on state law predicates.  This denial

unequivocally establishes that federal predicates are **not** essential to the Georgia

RICO count, but rather an alternate theory upon which Plaintiffs can also prevail.

Moreover, **the Original Defendants do not cite a single case in which any court**

**permitted removal of a state RICO claim that was based on <u>both</u> state law and**

**federal law predicate acts**.  Thus, even putting aside their ineffective attempts to

distinguish **five** Northern District decisions that remand such cases, the Original

Defendants have failed to carry their burden of justifying removal.

## <u>ARGUMENT</u>

## I.  THE ORIGINAL DEFENDANTS CONCEDE THAT REMOVAL CANNOT BE BASED ON ANY CLAIM ASSERTED PRIOR TO THE SEVENTH AMENDED COMPLAINT.

The Original Defendants do not and cannot argue that Plaintiffs' claims for

violations of the Georgia Securities Act ("GSA"), violations of the Georgia

Computer Systems Protection Act ("GCSPA"), conversion, money had and

received and violations of Georgia RICO based on state law predicates present any

basis for removal.  The Original Defendants' conduct and arguments negate any

argument by ML Pro that removal can somehow be based on these claims.

Plaintiffs asserted their GSA, GCSPA and conversion claims, as well as their Georgia RICO claim based on state law predicates, in the Original Complaint on May 27, 2008.  Pursuant to 28 U.S.C. § 1446(b), the Original Defendants were required to remove within 30 days if they contended that those claims presented a basis for removal.  They did not do so.  On September 10, 2009, in the Sixth Amended Complaint, Plaintiffs asserted their claim for money had and received. Exhibit A (attached hereto) at 73.  Again, the Original Defendants were required to remove within 30 days if they contended that claim presented a basis for removal. Again, they did not do so.  Having waived any argument that the foregoing claims are removable, the Original Defendants may not now argue to the contrary.[1]

Indeed, in their Opposition, the Original Defendants effectively concede that the foregoing claims present no basis for removal.  They argue only that removal is warranted based on the ***addition*** of federal predicates to Plaintiffs' Georgia RICO claim via the filing of the Seventh Amended Complaint on September 15, 2010.[2]

---

[1] One of the Original Defendants who did not remove the previous six complaints is Merrill Lynch Pierce Fenner & Smith, Inc., which is represented by the same counsel that represents ML Pro.  ML Pro's counsel is thus well aware that the claims discussed above present no basis for removal.

[2] Orig. Defs.' Opp. at 1 (the Original Defendants "submit this separate memorandum in support of their contention that Plaintiffs' addition in the Seventh Amended Complaint of alleged violations of section 10(b) of the Securities Exchange Act of 1934 (the 'Exchange Act') as predicate acts supporting their

In other words, they concede that nothing in the previous complaints was a basis for removal.  Thus, while the Original Defendants purport to join all of ML Pro's arguments, they in fact undercut any argument that any claim asserted prior to the Seventh Amended Complaint is a basis for removal.  The Original Defendants then ignore the facts and law establishing that the addition of federal predicates to Plaintiffs' Georgia RICO claim does ***not*** make this case removable.

## II.     THE DENIAL OF THE ORIGINAL DEFENDANTS' 12(B)(6) MOTION ESTABLISHES THAT FEDERAL PREDICATES ARE NOT ESSENTIAL ELEMENTS OF PLAINTIFFS' CLAIMS.

The Original Defendants fail to mention a ruling by the state court that defeats their argument (and ML Pro's argument) that the addition of federal predicates to Plaintiffs' Georgia RICO claim presents a basis for removal.  On September 17, 2008, the Original Defendants moved to dismiss Plaintiffs' Georgia RICO count (and all of Plaintiffs' other counts) under O.C.G.A. § 9-11-12(b)(6) for failure to state a claim.  Ex. B at 3 (arguing that "Plaintiffs' RICO claims also fail as a matter of law").  That Motion to Dismiss was directed at Plaintiffs' Third Amended Complaint, which alleged only ***state law predicate acts*** in support of the Georgia RICO claim.  Ex. C ¶¶ 91-115 (alleging violations of GSA, Georgia theft by taking statute, Georgia theft by deception statute and GCSPA as predicate acts).

Georgia RICO claim by itself invokes federal question jurisdiction sufficient to support removal").

On July 29, 2009, the state court, after hearing oral argument, denied the

Original Defendants' Motion to Dismiss.  Brief in Support of Plaintiffs' Motion for

Remand, Fees and Costs, Ex. D (Order) [Dkt. 7-5].  The state court held:

> In regards to the <u>Defendants' Motion to Dismiss the Plaintiffs' Third-Amended Complaint</u>, the Court finds the Defendants have failed to meet the standard required for a Motion to Dismiss and to prove to this Court that the plaintiff would not be entitled to relief under any state of provable facts. ***The Plaintiffs have properly pled and stated a claim upon which relief can be granted***.  The Court therefore DENIES the Defendants' Motion to Dismiss the Plaintiff[s'] Third-Amended Complaint.

*Id.* at 2 (emphasis added).

In other words, the court held that Plaintiffs' Georgia RICO claim "stated a

claim upon which relief can be granted" based solely on state law predicate acts.

***This adjudication that Plaintiffs can prevail on their Georgia RICO claim based***

***solely on state law predicate acts forecloses any argument that federal predicate***

***acts are an essential element of or necessary to the Georgia RICO claim***.  The

Original Defendants have it exactly wrong when they argue that Plaintiffs "had to"

add federal predicate acts based on violations of Exchange Act rules.  Orig. Defs.'

Opp. at 1.  To the contrary, Plaintiffs had ***already prevailed*** on the argument that

state law predicate acts alone were sufficient to establish a Georgia RICO claim.

Plaintiffs added federal predicates as an ***alternate*** argument.  The question of

whether Defendants' misconduct violates Exchange Act rules is ***not***, as the

Original Defendants contend, "essential to [Plaintiffs'] claim." *Id.*

## III.   THE CASELAW ESTABLISHES THAT FEDERAL PREDICATES ARE NOT ESSENTIAL ELEMENTS OF PLAINTIFFS' CLAIMS.

The Original Defendants concede that they (and ML Pro) bear the burden of establishing that the Exchange Act question they raise is an "essential" element of Plaintiffs' Georgia RICO claim. *Id.* That requirement is set by Supreme Court and Eleventh Circuit authority, as discussed in Plaintiffs' initial brief, (Dkt. 7-1 at 9-10, 19-20) and Plaintiffs' Reply to ML Pro's Opposition to the Motion for Remand. Like ML Pro, the Original Defendants fail to carry that burden.

In particular, they fail to cite any authority – from the Supreme Court, Eleventh Circuit or a district court – establishing that the Exchange Act question they raise is an essential element of Plaintiffs' claims. Indeed, when the Original Defendants cite *Grable & Sons Metal Prods., Inc. v. DaRue Eng'g & Mfg.*, 545 U.S. 308 (2005), they avoid discussing the essential element requirement entirely. While the Original Defendants note *Grable's* statement that federal jurisdiction over a state law claim requires that the "state-law claim ***necessarily raise*** a stated federal issue," *id.* at 314 (emphasis added); Dkt. 60 at 9, they then immediately proceed to ignore that requirement, focusing instead on whether the Exchange Act issue they raise is substantial or important to the federal government. *Id.* at 9-12.

Defendants' problem is that they cannot pass the initial hurdle of proving

that Plaintiffs' Georgia RICO claim "necessarily" raises that federal issue.  As set

forth above, Plaintiffs can prevail on their Georgia RICO claim based solely on

state law predicate acts, without consideration of the alleged Exchange Act

violations.  Defendants never confront the fact that, quite apart from federal laws

or regulations, Georgia law imposes duties to refrain from fraud, deception, market

manipulation and misappropriation, including in the sale of securities.  *See, e.g.*,

O.C.G.A. § 10-5-12(a)(2)(A) (GSA prohibits "untrue statement[s] of material fact"

and material omissions);[3] O.C.G.A. § 10-5-12(a)(2)(B) (GSA prohibits "an act,

practice or course of business that operates or would operate as a fraud or deceit");

O.C.G.A. § 10-5-12(a)(2)(C) (GSA prohibits "misappropriat[ion]"); O.C.G.A.

§ 10-5-12(d)(5) (GSA prohibits employing a "deceptive or fraudulent device,

scheme or artifice to manipulate the market in a security"); O.C.G.A. § 16-8-2

(prohibiting theft by taking); O.C.G.A. § 16-8-3 (prohibiting theft by deception).[4]

    ***Empire***.  Further, the Original Defendants do not even cite the Supreme

Court's post-*Grable* decision in *Empire HealthChoice Assurance, Inc. v. McVeigh*,

---

[3] The GSA provisions cited herein are contained in Exhibit B to the Brief in
Support of Plaintiffs' Motion for Remand, Dkt. 7.
[4] The Original Defendants' cursory and fact-based argument that they have a
***defense*** under federal law to a Georgia market manipulation predicate, Orig. Defs.'
Opp. at 22, is irrelevant.  Black-letter law holds that a federal defense to a state law
claim cannot justify removal.  *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 399
(1987); Dkt. 7 at 24.

547 U.S. 677 (2006).  In *Empire*, the Court emphasized that the category of cases in which federal jurisdiction exists over state law claims is a "special and small category."  *Id.* at 699.  The Supreme Court stated that *Grable* fit this "slim category," 547 U.S. at 701, because there whether the plaintiff received notice within the meaning of a federal tax provision was "'an ***essential element*** of" the plaintiff's state law claim and "'appear[ed] to be ***the only…issue contested in the case***.'"  *Id.* at 700 (*quoting Grable*, 545 U.S. at 315) (emphasis added).  Indeed, the "resolution" of that question in *Grable* was "dispositive of the case."  *Id.* at 701. Here, by contrast, whether Defendants' misconduct violates the Exchange Act is ***not*** an essential element of Plaintiffs' Georgia RICO claim, ***not*** the only issue contested in the case and ***not*** dispositive of the case.[5]

   ***Ayres***.  The Original Defendants' approach of avoiding the issue extends to *Ayres v. General Motors Corp.*, 234 F.3d 514 (11th Cir. 2000).  The Original Defendants do not even attempt to respond to the distinction of *Ayres* set forth in Plaintiffs' initial brief.  Dkt. 7-1 at 10-12.  Unlike the present case, *Ayres* was a

---

[5] Moreover, the issue in *Grable* "centered on the action of a federal agency," its resolution would have been "controlling in numerous other cases" and it was "a nearly 'pure issue of law'" that was not fact-bound and situation-specific." *Empire*, 547 U.S. at 700-01 (citation omitted).  Here, whether Defendants violated the Exchange Act centers on the actions of private parties, a state court's resolution of that question is not binding on the federal government and the question turns on fact-specific issues such as whether Defendants intended to fail to deliver TASER stock and failed to borrow TASER stock.

case in which a Georgia RICO claim was predicated **solely** on alleged violations of federal law, not on alleged violations of **both** state and federal law.  The Original Defendants declare that *Ayres* remains "good law."  Orig. Defs.' Opp. at 8.  The statement in *Ayres* that federal jurisdiction requires proof of "the necessity for Plaintiffs to prove, as an **essential element of their state law cause of action**, the existence of federal" law violations, 234 F.3d at 520 (emphasis added), assuredly remains good law under *Empire*.  But the critical point about *Ayres* is that the Eleventh Circuit's finding of federal jurisdiction was the result of a narrow set of circumstances that does not exist here.

Indeed, **Defendants do not cite a single post-<u>Ayres</u> decision that applies <u>Ayres</u> to permit removal of a Georgia RICO action**.  Instead, **every** decision the parties cite that addresses an argument that *Ayres* permits removal of a Georgia RICO action rejects that argument and orders remand.  *Neighborhood Mortg., Inc. v. Fegans*, 2007 WL 2479205 (N.D. Ga. Aug. 28, 2007) (Forrester, J.); *Austin v. Ameriquest Mortg. Co.*, 510 F. Supp.2d 1218 (N.D. Ga. 2007) (Carnes, J.); *Scouten v. Amerisave Mortg. Corp.*, 2004 WL 5486512 (N.D. Ga. Dec. 16, 2004) (Moye, J.); *Gates Condominium Assoc., Inc. v. Arrow Exterminators, Inc.*, No. 1:04-cv-1258-CAP, slip op. (N.D. Ga. June 30, 2004) (Pannell, J.).

The Original Defendants fail in their bid to distinguish each of this Court's

repeated holdings that federal jurisdiction does not exist over Georgia RICO claims based on **both** state and federal predicate acts.  First, the various distinctions they offer to these cases that all reach the same result are ineffective.  Second, the Northern District cases are in line with a wealth of cases from other jurisdictions that reach the same conclusion:  When a state RICO claim is based on **both** alleged violations of federal law and alleged violations of state law, the federal violations are not "essential elements" of the RICO claim and cannot justify removal.

 **_Scouten_**.  Contrary to the Original Defendants' characterization, *Scouten* turns on the fact that federal predicates are not essential when a Georgia RICO plaintiff alleges state law predicates.  The Original Defendants ignore this Court's holding that "*[u]nlike the plaintiffs in **Ayres**, Plaintiffs here alleged predicate acts under Georgia law such that the alleged predicate acts under federal law are not 'an essential element of the Plaintiffs' cause of action.'*"  2004 WL 5486512, at *2 (emphasis added).  Indeed, *Scouten* emphasized that in *Ayres*, "violation of the federal mail and wire fraud statutes [was] an *essential* element of the Plaintiffs' cause of action" and that "resolution of [*Ayres*] depend[ed] *entirely* on the interpretation of the federal mail and wire fraud statutes *and* their interaction with the Safety Act."  *Id.* at *1 (quoting *Ayres*) (emphasis in *Scouten*).

 **_Austin_**.  The Original Defendants' attempt to distinguish *Austin* is curious.

First, they ignore the fact that *Austin* holds, "In addition, **the Court does not find that this case raises a substantial federal question <u>because plaintiff's RICO allegations do not rest solely on federal law</u>.  Rather, plaintiff's allegations of violations of Georgia's theft by deception and theft by taking statutes could serve as plaintiff's predicate acts** under Georgia's RICO statute."  510 F. Supp. 2d at 1227 (emphasis added).  That is also true here.  Second, the Original Defendants cite a passage in which *Austin* recognizes that federal jurisdiction does ***not*** exist simply because a court is called on to determine whether a defendant has violated the federal laws cited in a predicate act:  "At most, the Court must determine whether defendant committed a federal violation, which may serve as a predicate act under Georgia's RICO statute.  It should be noted that other courts in and outside of this circuit have held that a plaintiff's allegations of violations of federal law as predicate acts under a state RICO act is not sufficiently substantial to confer federal question jurisdiction."  *Id.* at 1226-27.  In other words, that a court may be called on to determine, *inter alia*, whether Defendants violated requirements for locating stock, borrowing stock and delivering stock that are set forth in Exchange Act regulations does not justify the assertion of federal jurisdiction.

>  <u>**Neighborhood Mortgage**</u>.  The Original Defendants similarly miss the point when they argue that *Neighborhood Mortgage* does not apply because it involved

"the 'mere citation of federal mail and wire fraud as predicate acts.'"  Orig. Defs.'

Opp. at 13 (quoting *Neighborhood Mortgage*, 2007 WL 2479205, at *4.  What this

Court actually said was, "Unlike *Ayres* where the court had to decide whether the

federal mail and wire fraud statutes would ***also*** constitute a breach of the National

Traffic and Motor Safety Vehicle Act, ***where there is no other federal question***,

courts have held that mere citation of federal mail and wire fraud as predicate acts

to a state RICO action is not sufficiently substantial to confer federal jurisdiction."

2007 WL 2479205, at *4 (emphasis added).  In other words, where the court's task

involves determining whether the defendant violated the federal laws cited as

predicate acts, but the court does not ***also*** have to interpret some other federal

statute, there is no federal jurisdiction.  That is the case here.  Further, the Original

Defendants simply ignore the extensive discussion in *Neighborhood Mortgage* as

to how *Ayres* is limited to cases in which a federal predicate act is an "essential"

element of a Georgia RICO claim.  *Id.* at **3-4.

**<u>Gates</u>**.  In attempting to spin *Gates* as resting solely on the insubstantiality of

a federal issue, the Original Defendants ignore the following:  "Moreover, the

court ***need not necessarily reach this issue***, as only two of the twelve predicate

acts alleged in the complaint involve the federal mail fraud statute; the others

concern theft by deception, theft by taking" and other state laws."  *Gates*, slip op.

at 7 (emphasis added).  This Court recognized that a complaint that alleges both state and federal predicates does not support federal jurisdiction.  *See id.* at 5-6 (discussing *Ayres*).  Just as only two of twelve predicates alleged violations of federal law in *Gates*, only one of five categories of predicates does so here.

**<u>Graham</u>**.  The Original Defendants' attempt to distinguish *Graham Commercial Realty, Inc. v. Shamsi*, 75 F. Supp. 2d 1371 (N.D. Ga. 1998), on the basis that it was decided before *Ayres* fails.  This Court relied on *Graham* in *Scouten*, *Austin* and *Neighborhood Mortgage*.  In other words, *Graham's* holding that a Georgia RICO claim based on both state and federal predicates is not removable has repeatedly been re-affirmed.

**<u>Other Courts</u>**.  The Northern District decisions cited above are in line with numerous decisions from other courts that remand cases in which a state RICO claim alleges violations of ***both*** state and federal law.  *See, e.g., Lennar Corp. v. Briarwood Capital, LLC*, 430 B.R. 253, 263 (Bankr. S.D. Fla. 2010) (ordering remand where Florida RICO claim is based on state and federal predicates) ("The Court is persuaded by Plaintiffs' argument and finds that it may not be necessary for Plaintiffs to prove a federal law violation here, where non-federal predicate acts are included in the Complaint."); *Fairfax Fin. Holdings, Ltd. v. S.A.C. Capital Mgmt., LLC*, 2007 U.S. Dist. LEXIS 39214 (D.N.J. May 15, 2007) (ordering

remand where New Jersey RICO claim is based on state and federal predicates, including Exchange Act predicates) (discussed in Plaintiffs' Reply to ML Pro Opposition); *Bourke v. Carnahan*, 2003 WL 23412975, at *5 (S.D. Ohio July 1, 2003) (ordering remanding where Ohio RICO claim is based on state and federal predicates) ("[E]ven if a significant interpretation of the predicate acts [related to the federal mail and wire statutes] were required, that interpretation would have no dispositive effect on whether Bourke's state RICO claim could go forward because Bourke has alleged several other federal and state predicate acts that would be sufficient to carry forward his state RICO claim."); *In re United Container LLC*, 284 B.R. 162, 173 (Bankr. S.D. Fla. 2002) (ordering remand of Florida RICO claim based on state and federal predicates) ("[I]t is not 'necessary' for [plaintiff] to prove federal law violations since non-federal predicate acts are included in both complaints.") (distinguishing *Ayres*); *Meinders v. Refco Sec., Inc.*, 865 F. Supp. 721 (D. Colo. 1994) (ordering remand where Colorado RICO claim is based on state and federal predicates, including Exchange Act predicates) (discussed in Plaintiffs' Reply to ML Pro Opposition).

Against the array of authority discussed above, the Original Defendants cite nothing.  They cite no decision that permits removal of a state RICO claim based on both state and federal predicates, and in particular, no decision that permits

removal on the basis that federal predicates include alleged Exchange Act violations.  While the Original Defendants spend a great deal of time discussing the importance of the Exchange Act to the federal government and the Act's exclusive jurisdiction provision, they cite no authority that supports removal.  The problem Defendants cannot overcome is that, whatever the nature of the federal predicate, it must be an "essential" element of a plaintiff's state law claims to support removal, and that is simply not the case here.  The state court's ruling that Plaintiffs can prevail on their Georgia RICO claim based solely on state law predicates confirms that Defendants cannot meet this standard.  The state court's ruling further puts the lie to the Original Defendants' unsupported assertion that abusive naked short selling is only illegal if it violates federal law.[6]  Remand statutes are strictly construed, and Defendants have failed to carry their burden of justifying removal here.  The Court should remand and award fees and costs against ML Pro.

---

[6] To the extent the Original Defendants attempt to argue that Plaintiffs' "counterfeit shares" allegation is a basis for removal, there are two sets of problems.  First, as set forth in Plaintiffs' Reply to ML Pro's Opposition to the Motion for Remand, that allegation is not an element, let alone an essential element, of any of Plaintiffs' claims, but rather a defense that cannot support removal.  Second, that allegation was included in each of Plaintiffs' previous complaints, such that the Original Defendants are well aware that it is not a basis for removal and have waived any such argument.  *See, e.g.*, Ex. A ¶ 1; Ex. C ¶ 1.

Respectfully submitted this 8th day of November, 2010.


/s/ Steven J. Rosenwasser
John E. Floyd
Georgia Bar No. 266413
floyd@bmelaw.com
Steven J. Rosenwasser
Georgia Bar No. 614908
rosenwasser@bmelaw.com
Nicole G. Iannarone
Georgia Bar No. 382510
iannarone@bmelaw.com
Michael A. Caplan
Georgia Bar No. 601039
caplan@bmelaw.com
Elizabeth G. Eager
Georgia Bar No. 644007
eager@bmelaw.com
Robert L. Ashe
Georgia Bar No. 208077
ashe@bmelaw.com
Bondurant, Mixson & Elmore, LLP
3900 One Atlantic Center
1201 West Peachtree Street, N.W.
Atlanta, Georgia  30309-3417
(404) 881-4100 Tel.
(404) 881-4111 Fax

James W. Christian
State Bar No. 04228700
jchristian@csj-law.com
Gary M. Jewell
State Bar No. 10664800
gjewell@csj-law.com
Scott R. Link
State Bar No. 12390900
slink@csj-law.com
Katherine Morton-Gonyea
State Bar No. 24066701
kgonyea@csj-law.com
Christian, Smith, & Jewell, LLP
2302 Fannin, Suite 500
Houston, Texas  77002
(713) 659-7617 Tel.
(713) 659-7641 Fax
(admitted *pro hac vice* in State Court)

Attorneys for Plaintiffs

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this day, a true and correct copy of the foregoing

**PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR REMAND, FEES**

**AND COSTS AND IN OPPOSITION TO DEFENDANTS' MEMORANDUM**

**OF LAW IN RESPONSE** was electronically filed with the Clerk of Court using

the Court's electronic filing system which will automatically send an email

notification of such filing to the following attorneys of record who are registered

participants in the Court's electronic notice and filing system:

> **Attorneys for Defendants:**
> Richard H. Sinkfield, Esq.
> Dan F. Laney, III, Esq.
> Kristina M. Jones, Esq.
> Stefanie H. Jackman, Esq.
> James W. Cobb, Esq.
> Rogers & Hardin
> 2700 International Tower, Peachtree Center
> 229 Peachtree Street, N.E.
> Atlanta, GA  30303-1601
> rsinkfield@rh-law.com

Further, I hereby certify that on this day, I caused to be served a true and

correct copy of the foregoing via United States mail on:

**Attorneys for Banc of America Securities, LLC;**
**Merrill Lynch, Pierce, Fenner & Smith, Inc.; and Merrill Lynch**
**Professional Clearing Corporation:**
Andrew J. Frackman, Esq.
Brad Elias, Esq.
O'Melveny & Myers LLP
7 Times Square
New York, NY  10036

**Attorneys for Morgan Stanley & Co. Incorporated:**
Robert F. Wise, Jr., Esq.
William J. Fenrich, Esq.
Melissa T. Aoyagi, Esq.
Davis Polk & Wardwell LLP
450 Lexington Avenue
New York, NY  10017

**Attorneys for Bear Stearns & Co., Inc. and Bear Stearns**
**Securities Corp.:**
Stephen L. Ratner, Esq.
Harry Frischer, Esq.
Brian L. Friedman, Esq.
Proskauer Rose LLP
1585 Broadway
New York, NY  10036

**Attorneys for Goldman, Sachs & Co. and Goldman Sachs**
**Execution & Clearing, L.P.:**
Richard C. Pepperman II, Esq.
Richard H. Klapper, Esq.
Tracy Richelle High, Esq.
Sullivan & Cromwell LLP
125 Broad Street
New York, NY  10004

**Attorneys for Deutsche Bank Securities Inc.:**
Heather L. Fesnak, Esq.
Peter J. Isajiw, Esq.
Gregory A. Markel, Esq.
Cadwalader Wickersham & Taft LLP
One World Financial Center
New York, NY  10281

**Attorneys for UBS Securities, LLC:**
Andrew B. Clubok, Esq.
Jeffrey G. Landis, Esq.
Daniel Gomez, Esq.
Kirkland & Ellis LLP
655 Fifteenth Street, N.W., Suite 1200
Washington, DC  20005-5793

Maria Ginzburg, Esq.
Kirkland & Ellis LLP
Citigroup Center
153 East 53rd Street
New York, NY  10022-4611

**Attorneys for Credit Suisse Securities (USA), LLC.:**
Fraser L. Hunter, Jr., Esq.
Wilmer Cutler Pickering Hale & Dorr LLP
399 Park Avenue
New York, NY  10022

This 8th day of November, 2010.

/s/ Steven Rosenwasser
Steven Rosenwasser
Georgia Bar No. 614908

814795.1