.

# Exhibit B

State Court of Fulton County
***EFILED***
LexisNexis Transaction ID: 21576970
Date: Sep 17 2008 5:29PM
Mark Harper, Clerk

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

TASER INTERNATIONAL, INC., DAVID and NATALIE
BATCHELOR, DR. THOMAS and JUDITH COLLENTINE,
CHARLES and SANDRA FAIRES, MASAJI and KELLY
KELLEY, STEPHEN and PATRICIA LISENBY, RICHARD
and CONSTANCE ALMEROTH, JAMES BAKER, JR.,
ROBERT BAKER, WILLIAM BURNSIDE, DAVID
EVERETT, KELLIE BURNSIDE, HELEN BURNSIDE,
ESTATE OF JAMES CONNELLY, DOROTHY
CONNELLY, JAMES L. DUNAGIN, JR. TTEE
SOUTHEAST EYE SURGERY CLINIC, INC. EMPLOYEE
PSP, JAMES and EMILY DUNAGIN, RICHARD C.
HASKELL, SUSAN HASKELL, RICHARD C. and AMY
HASKELL, JR., MARY RICHARDSON, PAMELA LEWIS,
JANE MAJ, ROZALIA MAJ, CRAIG MILLER,
MARGARET ROCHE, CHET SCOTT, JOHN SCOTT,
PAULA SCOTT, PETER and MICHELLE SCOTT, MARY
ROSE STUCKER, DAVID and ANNE ZEBER, and
MICHAEL BOYER,

Civil Case No.
2008-EV-004739-B

Plaintiffs,

-against-

MORGAN STANLEY & CO., INC., GOLDMAN SACHS
GROUP, INC., BEAR STEARNS CAPITAL MARKETS,
INC., BEAR STEARNS & CO., INC., THE BEAR STEARNS
COMPANIES, INC., MERRILL LYNCH, PIERCE, FENNER
& SMITH, INC., DEUTSCHE BANK SECURITIES INC.,
CREDIT SUISSE USA, INC., BANC OF AMERICA
SECURITIES, LLC, and UBS SECURITIES, LLC,

Defendants.

**DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' THIRD AMENDED
COMPLAINT AND, ALTERNATIVELY, MOTION FOR A MORE DEFINITE
STATEMENT**

Pursuant to Georgia Civil Practice Act § 9-11-12(b)(6) and, alternatively, pursuant to § 9-11-12(e), Defendants Morgan Stanley & Co. Incorporated, The Goldman Sachs Group, Inc., Bear Stearns Capital Markets Inc., Bear, Stearns & Co. Inc., The Bear Stearns Companies Inc., Merrill Lynch, Pierce, Fenner & Smith, Inc., Deutsche Bank Securities Inc., Credit Suisse USA, Inc., Banc of America Securities LLC, and UBS Securities, LLC (collectively, the "Defendants") respectfully submit this motion to dismiss Plaintiffs' Third Amended Complaint ("Complaint") and, alternatively, this motion for a more definite statement (the "Motion").

The grounds for this Motion are set for in detail in the accompanying memorandum of law. In sum, the grounds for this Motion are as follows:

1.      The Complaint should be dismissed because it fails adequately to allege any direct and cognizable injury resulting from any Defendant's actions. Plaintiffs therefore lack standing to bring any private cause of action. To the extent the forty-two individual Plaintiffs still own shares of TASER stock, their claim that Defendants somehow depressed the market price of TASER shares is too speculative to measure and does not constitute a legally cognizable injury. Blue Chip Stamps v. Manor Drug Stores, 421 U.S. 723, 734-35 (1975). Even assuming *arguendo* that some Plaintiffs sold some or all of their shares (an allegation the Complaint never makes), the Complaint does not allege that those shares were sold at a loss, let alone that any such loss was caused by any Defendant's conduct. Like the individual Plaintiffs, TASER has not alleged any legally cognizable injury resulting from Defendants' actions. Having failed to allege a cognizable injury, Plaintiffs should not be permitted to bring a suit that amounts to no more than a private attempt to supplant the authority of federal and state securities regulators in the enforcement of the securities laws.

2. The Complaint should be dismissed because the facts alleged in the Complaint do not support the application of Georgia law. Only ten of the forty-two individual Plaintiffs reside in Georgia, and there is no allegation that any of Defendants' conduct occurred within the state. For its part, TASER is a Delaware corporation based in Arizona. As such, Plaintiffs' statutory claims under Georgia's Securities Act, Computer Systems Protection Act and Racketeer Influenced and Corrupt Organization ("RICO") Act fail because Georgia statutes do not regulate conduct that occurs outside of Georgia. Ohio So. Express Co. v. Beeler, 110 Ga. App. 867, 868, 140 S.E.2d 235, 236 (1965).

3. Even assuming that Georgia law applies, the Complaint does not adequately allege the elements of the four causes of action asserted: (1) violations of the Georgia Securities Act; (2) violations of the Computer Systems Protection Act; (3) Conversion; and (4) Conspiracy and Endeavor to Violate Section 16-4-4(a) of the Georgia RICO Act. Each of these claims thus fails as a matter of law, even apart from Plaintiffs' lack of injury or basis to impose Georgia laws on Defendants.

a. Plaintiffs' Georgia Securities Act claims fail for, among other reasons, lack of standing. The private right of action under Georgia's Securities Act § 10-5-14(a) is expressly limited to purchasers of securities. See Carter v. Moody, 236 Ga. App. 262, 264, 511 S.E.2d 520, 522 (1999). Plaintiffs are not purchasers as that term is defined by the Georgia Securities Act because they do not allege that they purchased their securities during the relevant time frame (which is not specified in the Complaint) in reliance on any action, misstatement or omission of Defendants. Rather, the individual Plaintiffs merely allege that they are current or former holders of TASER securities, without any elaboration as to how or when those shares were acquired or sold, and TASER is simply

the issuer of the shares.  Moreover, the Complaint fails to allege with the requisite particularity facts sufficient to plead that Defendants acted with scienter, a necessary element of a Georgia Securities Act claim.  And Plaintiffs' allegations that Defendants' actions resulted in the sale of unregistered shares of TASER stock in violation of the Securities Act fail because TASER is traded on NASDAQ and thus is exempt from the registration requirements of the Act.

   b.   Plaintiffs' Computer Systems Protection Act claims fail because that statute prohibits the unauthorized use of a computer to obtain property by deceitful means, which Plaintiffs fail to plead.  See O.C.G.A. § 16-9-93(a).

   c.   Likewise, Plaintiffs' conversion claims fail as a matter of law because conversion requires "'an unauthorized assumption and exercise of the right of ownership over personal property belonging to another, in hostility to his rights; an act of dominion over the personal property of another inconsistent with his rights; or an unauthorized appropriation.'"  Maryland Cas. Ins. Co. v. Welchel, 257 Ga. 259, 261, 356 S.E.2d 877, 880 (1987) (citations omitted).  Plaintiffs have not alleged any facts to support a claim that Defendants have taken ownership of their TASER shares.  Indeed, Plaintiffs admit just the opposite to the extent they describe themselves as current holders of those shares.

   d.   Plaintiffs' RICO claims also fail as a matter of law.  As a threshold matter, the Georgia state court is not the proper forum for these claims because the Superior Court has exclusive jurisdiction over state RICO actions.  In any event, the Complaint fails adequately to allege any of the statutorily required predicate acts necessary to sustain a RICO claim, let alone that such predicate acts directly caused Plaintiffs' injury or were committed with the requisite criminal intent.  Plaintiffs' RICO conspiracy claim

also fails because the Complaint does not allege any agreement among Defendants to violate RICO. Accordingly, the Complaint's RICO claims should be dismissed.

4.    Finally, despite the fact that every one of Plaintiffs' allegations sounds in fraud, they fail to meet the heightened pleading requirement of Georgia Civil Practice Act § 9-11-9(b) necessary to establish any these claims.    The Complaint improperly rests upon conclusory allegations and generalized claims of misconduct by Defendants as a group. As such, if the Court does not dismiss the Complaint outright, it should grant Defendants' motion for a more definite statement pursuant to § 9-11-12(e) because the facts alleged in the Complaint are "so vague or ambiguous" that Defendants "cannot reasonably be required to frame a proper responsive pleading." .O.C.G.A. § 9-11-12(e).

WHEREFORE, Defendants respectfully request that the Court enter an order dismissing this action in its entirety with prejudice.   Alternatively, Defendants respectfully request that the Court order Plaintiffs to make a more definite statement regarding each of their claims pursuant to O.C.G.A. § 9-11-12(e).

Richard H. Sinkfield
Georgia Bar No. 649100
Dan F. Laney, III
Georgia Bar No. 435290

*Attorneys for Defendants Morgan Stanley & Co. Incorporated; The Goldman Sachs Group, Inc.; Bear Stearns Capital Markets Inc.; Bear, Stearns & Co. Inc.; The Bear Stearns Companies Inc.; Merrill Lynch, Pierce, Fenner & Smith, Inc.; Deutsche Bank Securities Inc.; Credit Suisse USA, Inc.; Banc of America Securities LLC; and UBS Securities, LLC*

-4-

ROGERS & HARDIN LLP
2700 International Tower
  Peachtree Center
229 Peachtree Street, N. E.
Atlanta, GA 30303-1601
Phone:  404-522-4700
Fax:  404-525-2224

Robert F. Wise, Jr.
Admitted Pro Hac Vice
  Signed by Richard H. Sinkfield with
  express permission
William J. Fenrich
Admitted Pro Hac Vice
Melissa Aoyagi
Admitted Pro Hac Vice

*Attorneys for Defendant Morgan Stanley &
Co. Incorporated.*

DAVIS POLK & WARDWELL
450 Lexington Avenue
New York, NY 10017
Phone:  212-450-4000
Fax:  212-450-3800

Richard H. Klapper
Admitted Pro Hac Vice
  Signed by Richard H. Sinkfield with
  express permission
Richard C. Pepperman, II
Admitted Pro Hac Vice
Tracy Richelle High
Admitted Pro Hac Vice

*Attorneys for Defendant The Goldman Sachs
Group, Inc.*

SULLIVAN & CROMWELL LLP
125 Broad Street
New York, NY 10004-2498
Phone:  212-558-4000
Fax:  212-558-3588

-5-

Stephen L. Ratner
Admitted Pro Hac Vice
   Signed by Richard H. Sinkfield with
   express permission
Harry Frischer
Admitted Pro Hac Vice
Brian L. Friedman
Admitted Pro Hac Vice

*Attorneys for Bear Stearns Capital Markets
Inc.; Bear, Stearns & Co. Inc.; and The Bear
Stearns Companies Inc.*

PROSKAUER ROSE LLP
1585 Broadway
New York, NY 10036
Phone:  212-969-3000
Fax:  212-969-2900

Shepard Goldfein
Admitted Pro Hac Vice
   Signed by Richard H. Sinkfield with
   express permission
Paul M. Eckles
Admitted Pro Hac Vice

*Attorneys for Defendant Merrill Lynch,
Pierce, Fenner & Smith Inc.*

SKADDEN, ARPS, SLATE, MEAGHER &
   FLOM LLP
4 Times Square
New York, NY 10036
Phone:  212-735-3000
Fax:  212-735-2000

-6-

Gregory A. Markel
Admitted Pro Hac Vice
  Signed by Richard H. Sinkfield with
  express permission
Martin L. Seidel
Admitted Pro Hac Vice
Peter J. Isajiw
Admitted Pro Hac Vice
Heather L. Fesnak
Admitted Pro Hac Vice

*Attorneys for Defendant Deutsche Bank
Securities Inc.*

CADWALADER, WICKERSHAM &
  TAFT LLP
One World Financial Center
New York, NY 10281
Phone:  212-504-6000
Fax:  212-504-6666

Fraser L. Hunter, Jr.
Admitted Pro Hac Vice
  Signed by Richard H. Sinkfield with
  express permission

*Attorney for Defendant Credit Suisse USA,
Inc.*

WILMER CUTLER PICKERING HALE
  AND DORR LLP
399 Park Avenue
New York, NY 10022
Phone:  212-230-8800
Fax:  212-230-8888

Ryan Patrick Phair
Admitted Pro Hac Vice

*Attorney for Defendant Credit Suisse USA,
Inc.*

-7-

WILMER CUTLER PICKERING HALE
  AND DORR LLP
1875 Pennsylvania Avenue, N.W.
Washington, DC 20006
Phone: 202-663-6000
Fax: 202-663-6363

Andrew J. Frackman
Admitted Pro Hac Vice
  Signed by Richard H. Sinkfield with
  express permission
Brendan J. Dowd
Admitted Pro Hac Vice
Benjamin D. Petrosky
Admitted Pro Hac Vice

*Attorneys for Defendant Banc of America*
*Securities LLC*

O'MELVENY & MYERS LLP
Times Square Tower
7 Times Square
New York, NY 10036
Phone: 212-326-2000
Fax: 212-326-2061

Andrew B. Clubok
Admitted Pro Hac Vice
  Signed by Richard H. Sinkfield with
  express permission
Jeffrey G. Landis
Admitted Pro Hac Vice
Emily P. Hughes
Admitted Pro Hac Vice

*Attorneys for Defendant UBS Securities, LLC*

KIRKLAND & ELLIS LLP
655 Fifteenth Street, N.W.
Washington, DC 20005
Phone: 202-879-5000
Fax: 202-879-5200

Maria Ginzburg
Admitted Pro Hac Vice

*Attorney for Defendant UBS Securities, LLC*

KIRKLAND & ELLIS LLP
Citicorp Center
153 East 53rd Street
New York, NY 10022
Phone: 212-446-4800
Fax: 212-446-4900

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

TASER INTERNATIONAL, INC.,  )
et al.,                     )
                            )
        Plaintiffs,         )
                            )
v.                          )   CIVIL ACTION FILE NO.
                            )   2008-EV-004739-B
MORGAN STANLEY & CO., INC., )
GOLDMAN SACHS GROUP, INC.,  )
BEAR STEARNS SECURITIES CORP., )
BEAR STEARNS CAPITAL        )
MARKETS, INC., BEAR STEARNS & )
CO., INC.,   THE BEAR STEARNS )
COMPANIES, INC., MERRILL    )
LYNCH, PIERCE, FENNER & SMITH, )
INC., DEUTSCHE BANK SECURITIES, )
INC., CREDIT SUISSE      USA, INC., )
BANC OF AMERICA SECURITIES, )
LLC, and UBS SECURITIES, LLC, )
                            )
        Defendants.         )

## CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of September, 2008, a true and correct copy of the

foregoing DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' THIRD AMENDED

COMPLAINT AND, ALTERNATIVELY, MOTION FOR A MORE DEFINITE STATEMENT

was electronically filed with the Clerk of Court using the Court's electronic filing system which

will automatically send an email notification of such filing to the following attorneys of record

who are registered participants in the Court's electronic notice and filing system:

John E. Floyd, Esq.
Steven J. Rosenwasser, Esq.
Bondurant, Mixson & Elmore, LLP
3900 One Atlantic Center
1201 West Peachtree Street, N.W.
Atlanta, Georgia 30309

And via U.S. Mail postage prepaid and addressed as follows:

James W. Christian, Esq.
Christian, Smith & Jewell LLP
2302 Fannin, Suite 500
Houston, Texas 77002

John O'Quinn, Esq.
The O'Quinn Law Firm
440 Louisiana Street, Suite 2300
Houston, Texas 77002

This 17th day of September, 2008.

Richard H. Sinkfield
Georgia Bar No. 649100

ROGERS & HARDIN LLP
2700 International Tower
229 Peachtree Street, NE
Atlanta, GA 30303-1601
Tel.   (404) 522-4700
Fax    (404) 525-2224