IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| TASER INTERNATIONAL, INC., *et al.*, ) | |
| ) | Case No.: 1:10-cv-3108-WBH |
| Plaintiffs, ) | |
| ) | |
| v. ) | [On removal from the State |
| ) | Court of Fulton County, |
| MORGAN STANLEY & CO., INC., *et al.*, ) | Georgia Case No.: |
| ) | 2008-EV-004739-B] |
| Defendants. ) | |
| _____) | |

**PLAINTIFFS' INITIAL DISCLOSURES**

**(1)　State precisely the classification of the cause of action being filed, a brief factual outline of the case including plaintiff's contentions as to what defendant did or failed to do, and a succinct statement of the legal issues in the case.**

Plaintiffs[1] are entitled to damages for the injuries they have suffered as a result of the Defendants' unlawful conduct related to their participating, facilitating, permitting, engaging in or concealing abusive naked short selling and related activities (including, but not limited to, improper or failure to locate/affirmative determinations, failures to deliver, fails to buy-in, mismarking order tickets/blue sheets, intentional failures to borrow and unlawful conversions, reverse conversions, flex options and resets), and bring this action for: (1)

---

[1] Plaintiffs do not believe that the removal of this action was proper.  Plaintiffs do not consent to removal or to the subject matter jurisdiction of this Court.

814913.1

violations of the Georgia Racketeer Influenced and Corrupt Organizations Act ("RICO"), O.C.G.A. §§ 16-14-1, *et. seq.;* (2) violations of the Georgia Securities Act; (3) violations of the Georgia Computer Systems Protection Act; (4) conversion; and (5) money had and received.  This case, which only contains Georgia state law claims, has been pending in the State Court of Fulton County, Georgia for over two years and Plaintiffs have already defeated two motions to dismiss based upon preemption and Georgia state law challenges.

This case involving Georgia state law claims arises out of Defendants' efforts to reap profits by creating, facilitating and trading in unauthorized, artificial shares of the common stock of TASER International ("TASER") through, *inter alia*, the Defendants' intentional acts of abusive and illegal naked short selling. Seventh Amended Complaint ("Complaint") ¶ 1 (Dkt. No. 1-1, Ex. A to Notice of Removal).  Plaintiffs are TASER, a national company that does business in Georgia, among other places, and numerous individual purchasers of TASER stock, many of whom reside in Georgia.  Defendants are eleven Wall Street institutions.  *Id.* ¶¶ 45-53.  Defendants have offices in Georgia and undertake business, including trading in TASER stock, in Georgia.  Defendants' illegal conduct occurs in the context of short sales of TASER stock.  In a typical legal short sale, a seller who expects the price of a company's stock to decline borrows

shares of that stock and sells the borrowed shares at the existing stock price; the seller then replaces the borrowed shares with shares purchased at a later date and, hopefully, at a lower price.  *Id.* ¶ 2.

Defendants have devised and engaged in numerous deceptive, manipulative and illegal short selling practices.  *Id.* ¶¶ 5, 8.  For example, Defendants engage in and facilitate short sales of TASER stock (and other companies' stock) without actually borrowing the shares they purport to sell and without any intention of ever borrowing or delivering those shares.  In essence, Defendants, for themselves and/or their clients, sell shares that they neither own nor intend to possess.  Yet, Defendants falsely represent that they have borrowed (or will borrow) and will deliver shares of the shorted stock.  *Id.* ¶ 8.

Defendants' practices, which are known as abusive naked short selling, injure TASER and its shareholders in many ways, including diluting the value of legitimate TASER shares.  *Id.* ¶ 6 (former SEC Chairman states that artificial shares "'devalue an issuer's shares to the detriment of investors and [legitimate] issuers alike'") (citation omitted).  Defendants have been repeatedly fined by securities regulators for engaging in the conduct alleged in the Complaint.  *Id.* ¶ 8 (five-page list of sanctions issued against Defendants).

Plaintiffs' further state that the facts of this case are set forth in Plaintiffs' response to Interrogatory No. 2 contained in Plaintiffs' Responses to Defendants' Second Interrogatories to Plaintiffs, amended October 19, 2010.

**(2) Describe in detail all statutes, codes, regulations, legal principles, standards and customs or usages, and illustrative case law which plaintiff contends are applicable to this action.**

The following statues, codes, regulations, legal principles, standards and customs or usages apply to this case:

All statutes, codes, regulations, legal principles, standards and customs or uses contained in Plaintiffs' Responses to Defendants' Second Interrogatories (as amended on October 19, 2010).

All statutes, codes, regulations, legal principles, standards and customs or uses contained in Plaintiffs' Seventh Amended Complaint.

All statutes, codes, regulations, legal principles, standards and customs or uses contained in Plaintiffs' responses and oppositions to Defendants' Motions to Dismiss filed in the State Court of Fulton County, Georgia.

Plaintiffs' claims include violations of Georgia's Racketeer Influenced and Corrupt Organization Act ("RICO"), including the following statutes: O.C.G.A. §§ 16-14-4(a), 16-14-4(c), 16-14-6(c), 16-14-3(9)(A)(ix), 16-14-3(9)(A)(xxi), 16-14-3(9)(A)(xv), 16-14-3(9)(A)(xxviii), 16-14-3(9)(A)(xxix), 16-14-3(9)(B), 16-8-1,

814913.1

4

16-8-2, 16-8-3, 16-9-93, 16-10-70, 10-5-5, 10-5-12, and 10-5-24.  Defendants' violations of the Georgia RICO Statute also involve the following:  Regulation SHO, 17 C.F.R. § 242.203; Rule 15c3-3, 17 C.F.R. § 240.15c3-3; Rule 10b-5, 17 C.F.R. § 240.10b-5, the Securities and Exchange Act of 1934 as amended and 15 U.S.C. § 78j.  Plaintiffs also intend to rely upon the Georgia Computer Systems Protection Act and the Georgia Securities Act.  Plaintiffs rely upon the principles of law related to conversion, money had and received and punitive damages.

**(3)   Provide the name, and if known, the address and telephone number of each individual likely to have discoverable information that you may use to support your claims or defenses, unless solely for impeachment, identifying the subjects of the information.**
**(Attach witness list to Initial Disclosures as Attachment A.)**

See Exhibit A (attached).

**(4)   Provide the name of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence.  For all experts described in Fed.R.Civ.P. 26(a)(2)(B), provide a separate written report satisfying the provisions of that rule.**
**(Attach expert witness list and written reports to Responses to Initial Disclosures as Attachment B.)**

While Plaintiffs anticipate calling experts to testify in this matter, they have not identified any testifying experts at this time.  Plaintiffs will identify testifying experts at the appropriate time and pursuant to the Scheduling Order agreed upon by the parties.

**(5) Provide a copy of, or a description by category and location of, all documents, data compilations, and tangible things in your possession, custody, or control that you may use to support your claims or defenses unless solely for impeachment, identifying the subjects of the information.**
**(Attach document list and descriptions to Initial Disclosures as Attachment C.)**

    See Exhibit C (attached).

**(6) In the space provided below, provide a computation of any category of damages claimed by you. In addition, include a copy of, or describe by category and location of, the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered, making such documents or evidentiary material available for inspection and copying as under Fed.R.Civ.P. 34.**
**(Attach any copies and descriptions to Initial Disclosures as Attachment D.)**

    See Exhibit D (attached).

**(7) Attach for inspection and copying as under Fed.R.Civ.P. 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy the judgment.**
**(Attach copy of insurance agreement to Initial Disclosures as Attachment E.)**

    Plaintiffs are not aware of any such insurance agreements.

**(8) Disclose the full name, address, and telephone number of all persons or legal entities who have a subrogation interest in the cause of action set forth in plaintiff's cause of action and state the basis and extent of such interest.**

    Plaintiffs are not aware of any persons or legal entities who have a subrogation interest in the plaintiffs' causes of action.

814913.1

6

This 8th day of November, 2010.

/s/ Nicole G. Iannarone
John E. Floyd
Georgia Bar No. 266413
floyd@bmelaw.com
Steven J. Rosenwasser
Georgia Bar No. 614908
rosenwasser@bmelaw.com
Nicole G. Iannarone
Georgia Bar No. 382510
iannarone@bmelaw.com
Michael A. Caplan
Georgia Bar No. 601039
caplan@bmelaw.com
Elizabeth G. Eager
Georgia Bar No. 644007
eager@bmelaw.com
Robert L. Ashe
Georgia Bar No. 208077
ashe@bmelaw.com
Bondurant, Mixson & Elmore, LLP
3900 One Atlantic Center
1201 West Peachtree Street, N.W.
Atlanta, Georgia  30309-3417
(404) 881-4100 Tel.
(404) 881-4111 Fax

        James W. Christian
        State Bar No. 04228700
        jchristian@csj-law.com
        Gary M. Jewell
        State Bar No. 10664800
        gjewell@csj-law.com
        Scott R. Link
        State Bar No. 12390900
        slink@csj-law.com
        Katherine Morton-Gonyea
        State Bar No. 24066701
        kgonyea@csj-law.com
        Christian, Smith, & Jewell, LLP
        2302 Fannin, Suite 500
        Houston, Texas  77002
        (713) 659-7617 Tel.
        (713) 659-7641 Fax
        (admitted *pro hac vice* in State Court)

        Attorneys for Plaintiffs

## **CERTIFICATE OF COMPLIANCE**

Undersigned counsel certifies the foregoing document has been prepared with one of the font and point selections (Times New Roman, 14 point) approved by the Court in Local Rule 5.1(c) and 7.1(D).

This 8th day of November, 2010.

                                        /s/ *Nicole G. Iannarone*
                                        Nicole G. Iannarone
                                        Georgia Bar No. 382510
                                        Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that on this day, a true and correct copy of the foregoing **PLAINTIFFS' INITIAL DISCLOSURES** was electronically filed with the Clerk of Court using the Court's electronic filing system which will automatically send an email notification of such filing to the following attorneys of record who are registered participants in the Court's electronic notice and filing system:

> **Attorneys for Defendants:**
> Richard H. Sinkfield, Esq.
> Dan F. Laney, III, Esq.
> Kristina M. Jones, Esq.
> Stefanie H. Jackman, Esq.
> James W. Cobb, Esq.
> Rogers & Hardin
> 2700 International Tower, Peachtree Center
> 229 Peachtree Street, N.E.
> Atlanta, GA  30303-1601
> rsinkfield@rh-law.com

Further, I hereby certify that on this day, I caused to be served a true and correct copy of the foregoing via United States mail on:

> **Attorneys for Banc of America Securities, LLC;**
> **Merrill Lynch, Pierce, Fenner & Smith, Inc.; and Merrill Lynch**
> **Professional Clearing Corporation:**
> Andrew J. Frackman, Esq.
> Brad Elias, Esq.
> O'Melveny & Myers LLP
> 7 Times Square
> New York, NY  10036

814913.1

10

**Attorneys for Morgan Stanley & Co. Incorporated:**
Robert F. Wise, Jr., Esq.
William J. Fenrich, Esq.
Melissa T. Aoyagi, Esq.
Davis Polk & Wardwell LLP
450 Lexington Avenue
New York, NY  10017

**Attorneys for Bear Stearns & Co., Inc. and Bear Stearns Securities Corp.:**
Stephen L. Ratner, Esq.
Harry Frischer, Esq.
Brian L. Friedman, Esq.
Proskauer Rose LLP
1585 Broadway
New York, NY  10036

**Attorneys for Goldman, Sachs & Co. and Goldman Sachs Execution & Clearing, L.P.:**
Richard C. Pepperman II, Esq.
Richard H. Klapper, Esq.
Tracy Richelle High, Esq.
Sullivan & Cromwell LLP
125 Broad Street
New York, NY  10004

**Attorneys for Deutsche Bank Securities Inc.:**
Heather L. Fesnak, Esq.
Peter J. Isajiw, Esq.
Gregory A. Markel, Esq.
Cadwalader Wickersham & Taft LLP
One World Financial Center
New York, NY  10281

**Attorneys for UBS Securities, LLC:**
Andrew B. Clubok, Esq.
Jeffrey G. Landis, Esq.
Daniel Gomez, Esq.
Kirkland & Ellis LLP
655 Fifteenth Street, N.W., Suite 1200
Washington, DC  20005-5793

Maria Ginzburg, Esq.
Kirkland & Ellis LLP
Citigroup Center
153 East 53rd Street
New York, NY  10022-4611

**Attorneys for Credit Suisse Securities (USA), LLC.:**
Fraser L. Hunter, Jr., Esq.
Wilmer Cutler Pickering Hale & Dorr LLP
399 Park Avenue
New York, NY  10022

This 8th day of November, 2010.


                                      */s/ Nicole G. Iannarone*
                                      Nicole G. Iannarone
                                      Georgia Bar No. 382510