Exhibit A-2

Non-parties with Potential Knowledge:

| Name | Knowledge | Contact |
|---|---|---|
| Weiss, Harry J. | Outside counsel for Goldman Sachs knowledgeable about regulatory inquiry | Wilmer Hale, 1875 Pennsylvania Avenue, Washington D.C., 20006 |
| Klima, Jaime | Outside counsel for Goldman Sachs knowledgeable about regulatory inquiry | Wilmer Hale, 1875 Pennsylvania Avenue, Washington D.C., 20006 |
| Beasley, Robert | Outside counsel for Goldman Sachs knowledgeable about regulatory inquiry | Wilmer Hale, 1875 Pennsylvania Avenue, Washington D.C., 20006 |
| Steckler, Beth | Outside counsel for Goldman Sachs knowledgeable about regulatory inquiry | Wilmer Hale, 1875 Pennsylvania Avenue, Washington D.C., 20006 |
| Gephardt Group Government Affairs | Lobbyist for Goldman Sachs knowledgeable about Goldman's positions on short selling | 1101 K Street NW, Suite 310, Washington, DC 20005 |
| Rich Feuer Group | Lobbyist for certain Defendants knowledgeable about their positions on short selling | 1133 Connecticut Ave., NW, Suite 620, Washington, DC 20036 |
| Aly, Amal | SIFMA employee who communicated with Defendants regarding short selling regulations | 120 Broadway, 35th Floor, New York, NY 10271-0080 |
| Vleck, Ann | SIFMA employee who communicated with Defendants regarding short selling regulations | 120 Broadway, 35th Floor, New York, NY 10271-0080 |
| Campion, Kevin | SIFMA outside counsel who communicated with Defendants | Sidley Austin, 1501 K. Street, N.W., |

815812.1

| | | |
|---|---|---|
| | regarding short selling regulations | Washington, D.C. 20005 |
| Indek, Ben | Outside counsel for DBSI and Merrill Lynch knowledgeable about regulatory investigations of DBSI and Merrill Lynch | Morgan, Lewis & Bockius, 101 Park Avenue, New York, NY 10178-0060 |
| Ward, Adrienne | Outside counsel for Merrill Lynch knowledgeable about regulatory investigations of Merrill Lynch | Morgan, Lewis & Bockius, 101 Park Avenue, New York, New York 10178-0060 |
| Dunbar, Mary | Outside counsel for DBSI knowledgeable about regulatory investigations of DBSI | Ellenoff Grossman & Schole LLP 150 East 42nd Street New York, New York, 10017 |
| Trocchio, Michael R. | Outside counsel for Merrill Lynch and Morgan Stanley knowledgeable about communications between those defendants and SEC regarding regulation of short selling | Bingham McCutchen, 2020 K Street NW, Washington, DC 20006-1806 |
| Callcott, W. Hardy | Outside counsel for Merrill Lynch and Morgan Stanley knowledgeable about communications between those defendants and SEC regarding regulation of short selling | Bingham McCutchen, 3 Embarcadero Center, San Francisco, CA 94111-4067 |
| Rosenstrock, Jeff | Outside counsel for Merrill Lynch and Morgan Stanley knowledgeable about communications between those defendants and SEC regarding regulation of short selling | unknown |
| Fenrich, William J. | Outside counsel for Morgan Stanley knowledgeable about regulatory inquiries | Davis Polk 450 Lexington Avenue |

| | | |
|---|---|---|
| | | New York, NY 10017 |
| Aoyagi, Melissa | Outside counsel for Morgan Stanley knowledgeable about regulatory inquiries | Davis Polk<br>450 Lexington Avenue<br>New York, NY 10017 |
| Rashkover, Barry | Outside counsel for DBSI knowledgeable about regulatory inquiries | Sidley Austin<br>787 Seventh Avenue<br>New York, New York 10019 |
| Hunter, Fraser | Outside counsel for Credit Suisse knowledgeable about regulatory inquiries | Wilmer Hale<br>399 Park Avenue,<br>New York, New York 10022 |
| Schneider, John | Employee of Navigant Consulting who is knowledge about DBSI's policies and procedures related to Regulation SHO | c/o Monica Weed<br>Navigant Consulting, Inc, 30 S. Wacker Drive, Suite 3550, Chicago, IL 60606 |
| Klein, Bruce | Employee of Navigant Consulting who is knowledge about DBSI's policies and procedures related to Regulation SHO | c/o Monica Weed<br>Navigant Consulting, Inc, 30 S. Wacker Drive, Suite 3550, Chicago, IL 60606 |
| Warren, Adam | Employee of Navigant Consulting who is knowledge about DBSI's policies and procedures related to Regulation SHO | c/o Monica Weed<br>Navigant Consulting, Inc, 30 S. Wacker Drive, Suite 3550, Chicago, IL 60606 |
| Visser, Steven | Employee of Navigant Consulting who is knowledge about DBSI's policies and procedures related to Regulation SHO | c/o Monica Weed<br>Navigant Consulting, Inc, 30 S. Wacker Drive, Suite 3550, Chicago, IL 60606 |
| Barker, Chris | Employee of Navigant Consulting who is knowledge | c/o Monica Weed<br>Navigant Consulting, |

| | | |
|---|---|---|
| | about DBSI's policies and procedures related to Regulation SHO | Inc, 30 S. Wacker Drive, Suite 3550, Chicago, IL 60606 |
| Glazier, Jeremy | Employee of Navigant Consulting who is knowledge about DBSI's policies and procedures related to Regulation SHO | c/o Monica Weed Navigant Consulting, Inc, 30 S. Wacker Drive, Suite 3550, Chicago, IL 60606 |
| Hutchison, Daren | Employee of Navigant Consulting who is knowledge about DBSI's policies and procedures related to Regulation SHO | c/o Monica Weed Navigant Consulting, Inc, 30 S. Wacker Drive, Suite 3550, Chicago, IL 60606 |
| Louie, Stephanie | Employee of Navigant Consulting who is knowledge about DBSI's policies and procedures related to Regulation SHO | c/o Monica Weed Navigant Consulting, Inc, 30 S. Wacker Drive, Suite 3550, Chicago, IL 60606 |
| Sy, Hazel | Employee of Navigant Consulting who is knowledge about DBSI's policies and procedures related to Regulation SHO | c/o Monica Weed Navigant Consulting, Inc, 30 S. Wacker Drive, Suite 3550, Chicago, IL 60606 |
| Steinbrenner, Carly | Employee of Navigant Consulting who is knowledge about DBSI's policies and procedures related to Regulation SHO | c/o Monica Weed Navigant Consulting, Inc, 30 S. Wacker Drive, Suite 3550, Chicago, IL 60606 |
| Welty, Marc | Employee of Navigant Consulting who is knowledge about DBSI's policies and procedures related to Regulation SHO | c/o Monica Weed Navigant Consulting, Inc, 30 S. Wacker Drive, Suite 3550, Chicago, IL 60606 |
| KPMG | Plaintiffs have served a subpoena for documents and testimony on this entity because it may have materials relevant to one or more | see subpoena for contact information |

| | | |
|---|---|---|
| | of the Defendants' involvement in the allegations contained in this lawsuit; this party also has knowledge regarding an investigation by the SEC and/or U.S. Attorney's Office into Merrill Lynch | |
| Depository Trust & Clearing Corp. | Plaintiffs have served a subpoena for documents and testimony on this entity because it may have materials relevant to one or more of the Defendants' involvement in the allegations contained in this lawsuit; this party also has information regarding the Defendants' clearance and settlement data | see subpoena for contact information |
| Chicago Board of Options Exchange, Inc. | Plaintiffs have served a subpoena for documents and testimony on this entity because it may have materials relevant to one or more of the Defendants' involvement in the allegations contained in this lawsuit; this party also has information regarding the Defendants' and other third parties' clearance and settlement data regarding options | see subpoena for contact information |
| NYSE Group, Inc. | Plaintiffs have served a subpoena for documents and testimony on this entity because it may have materials relevant to one or more of the Defendants' involvement in the allegations contained in this lawsuit; this party also has information regarding the Defendants' trading in TASER | see subpoena for contact information |

| | | |
|---|---|---|
| | and whether this party conducted any investigation into TASER | |
| Financial Industry Regulatory Authority, Inc. | Plaintiffs have served a subpoena for documents and testimony on this entity because it may have materials relevant to one or more of the Defendants' involvement in the allegations contained in this lawsuit; this party may have information regarding investigations by FINRA into Defendants' short selling activities | see subpoena for contact information |
| The NASDAQ Stock Market, LLC | Plaintiffs have served a subpoena for documents and testimony on this entity because it may have materials relevant to one or more of the Defendants' involvement in the allegations contained in this lawsuit; this party may have information regarding investigations into Defendants' short selling activities as well trading data in TASER | see subpoena for contact information |
| Knight Equity Markets, L.P. | Plaintiffs have served a subpoena for documents and testimony on this entity because it may have materials relevant to one or more of the Defendants' involvement in the allegations contained in this lawsuit; this party also has information regarding trading data in TASER, including records of borrowing and loaning of TASER stock from or to the Defendants and records regarding the giving or receiving of locates | see subpoena for contact information |

| | | |
|---|---|---|
| | in TASER to or from the Defendants | |
| Pershing, LLC | Plaintiffs have served a subpoena for documents and testimony on this entity because it may have materials relevant to one or more of the Defendants' involvement in the allegations contained in this lawsuit; this party also has information regarding execution and clearing of trades in TASER | see subpoena for contact information |
| The Vanguard Group, Inc. | Plaintiffs have served a subpoena for documents and testimony on this entity because it may have materials relevant to one or more of the Defendants' involvement in the allegations contained in this lawsuit; this party also has information regarding execution and clearing of trades in TASER and records of any loan transactions or giving or receiving of locates in connection with the Defendants; this party also has information regarding whether locates identified by the Defendants were legitimate | see subpoena for contact information |
| Bank of New York Mellon Corp. | Plaintiffs have served a subpoena for documents and testimony on this entity because it may have materials relevant to one or more of the Defendants' involvement in the allegations contained in this lawsuit; this party also has information regarding execution and clearing of trades in TASER and records of any loan | see subpoena for contact information |

| | | |
|---|---|---|
| | transactions or giving or receiving of locates in connection with the Defendants; this party also has information regarding whether locates identified by the Defendants were legitimate | |
| The PNC Financial Services Group, Inc. | Plaintiffs have served a subpoena for documents and testimony on this entity because it may have materials relevant to one or more of the Defendants' involvement in the allegations contained in this lawsuit; this party also has information regarding execution and clearing of trades in TASER and records of any loan transactions or giving or receiving of locates in connection with the Defendants; this party also has information regarding whether locates identified by the Defendants were legitimate | see subpoena for contact information |
| Chicago Stock Exchange, Inc. | Plaintiffs have served a subpoena for documents and testimony on this entity because it may have materials relevant to one or more of the Defendants' involvement in the allegations contained in this lawsuit; this party may have information regarding investigations into Defendants' short selling activities as well trading data in TASER | see subpoena for contact information |
| Securities Industry and Financial Markets Association | Plaintiffs have served a subpoena for documents and testimony on this entity because it may have materials relevant to one or more | see subpoena for contact information |

| | | |
|---|---|---|
| (SIFMA) | of the Defendants' involvement in the allegations contained in this lawsuit, particularly relating to the Defendants' comments on and lobbying efforts regarding legislation and regulation of short sale transactions | |

Third Parties Employed or Formerly Employed by TASER International, Inc.:

The following may be contacted care of Plaintiffs' counsel. In the event any of the following cannot be contacted by Plaintiffs' counsel for any reason, Plaintiffs will so inform the Defendants. Defendants have also proposed a number of custodians that Plaintiffs do not believe have information relevant to this lawsuit, but who Defendants have requested solely to burden Plaintiffs.

| **TASER Employee or Former Employee** | **Knowledge** |
|---|---|
| Kathy Hanrahan | As former Controller, CFO, Chief Operations Officer and President of TASER, Ms. Hanrahan has knowledge of TASER's operations and business. |
| Dan Behrendt | As TASER's CFO, Mr. Behrendt has knowledge regarding TASER's operations, business and financial dealings. |
| Martin MacLeod | As TASER's former External Reporting Manager and current Director of Financial Planning, Mr. MacLeod has information regarding TASER's business and financial dealings. |
| Max Nerheim | As TASER's former Electronic Engineering Manager and VP Research and current Development Technical Fellow, Mr. Nerheim has information and knowledge regarding TASER's products. Plaintiffs do not believe that Mr. Nerheim's knowledge is relevant to this action. |
| Steve Tuttle | As the former Director of Gov Affairs and current VP Communications of TASER, Mr. Tuttle has information regarding TASER's business and |

| | |
|---|---|
| | operations and media communications |
| Ray Rivera | As TASER's former Operations and Information Systems Manager and current CIO, Mr. Rivera may have knowledge regarding TASER's operations and has knowledge regarding TASER's systems. |
| Laurie Gritti | As TASER's former Controller, Ms. Gritti may have knowledge regarding TASER's financial performance and business. |
| Marcy Rigoni | As TASER's former Controller/HR Human Resources Manager and current Director of Human Resources, Ms. Rigoni may have knowledge regarding TASER's finances, business operations and human resources. |
| Pete Holran | As TASER's VP Public Relations and Government Affairs and current Vice President of Government and Public Affairs, Mr. Holran has knowledge regarding TASER's dealings with the government and public. Plaintiffs do not believe that such knowledge is relevant to this case. |
| Bill Denzer | As TASER's former Manufacturing Manager and current Director of Manufacturing, Mr. Denzer has knowledge regarding TASER's products. Plaintiffs do not believe this knowledge is relevant to this case. |
| Steve Mercier | As former Executive Vice President of Operations, Mr. Mercier has knowledge of TASER's business and operations. |
| Jim Halstead | As TASER's former Regional Sales Manager and current VP of Law Enforcement Sales, Mr. Halstead has knowledge of TASER's sales. Plaintiffs do not believe that this knowledge is relevant to this case. |
| Jose Rojas | As TASER's former Sales and Service Tech Rep and Customer Service Manager and current VP Customer Service, Mr. Rojas has knowledge of TASER's product and consumer relations. Plaintiffs do not believe that this knowledge is relevant to this |

| | |
|---|---|
| | case. |
| Stacie Sundberg | As TASER's former Inside Sales and Customer Service Manager and Vice President of Global Sales, Ms. Sundberg has knowledge regarding TASER's sales. Plaintiffs do not believe this knowledge is relevant to this case. |
| Andrew Hinz | As TASER's former Sales and Services Tech Rep, Law Enforcement Tech Coordinator and current Medical & Technical Programs Manager, Mr. Hinz has information regarding TASER's product and sales. Plaintiffs do not believe that this knowledge is relevant to this case. |
| Mark Johnson | As TASER's former Law Enforcement Liaison and Director of Technical Programs, Mr. Johnson may have knowledge regarding TASER's product, trainings and interaction with law enforcement. Plaintiffs do not believe that this knowledge is relevant to this case. |
| Doug Klint | As TASER's General Counsel, Secretary and President, Mr. Klint has knowledge regarding TASER's business, operations and legal strategies. Mr. Klint's knowledge contains a large amount of privileged information. |
| Susan White | As the executive assistant for several of TASER's management, Ms. White may have information regarding TASER's business and operations |
| Matthew McBrady | As a director of TASER prior to 2003, Mr. McBrady may have information related to TASER's business and operations |
| Mark Kroll | As a director of TASER since 2003, Mr. Kroll has information related to TASER's business and operations |
| John Caldwell | As a director of TASER since 2006, Mr. Caldwell has information regarding TASER's business and operations |
| Michael Garnreither | As a director of TASER since 2006, Mr. Garnreither |

| | |
|---|---|
| | has information regarding TASER's business and operations |
| Judy Martz | As a director of TASER since 2005, Ms. Martz may have information regarding TASER's business and operations |
| Richard Carmona | As a director of TASER since 2007, Mr. Carmona may have information regarding TASER's business and operations |
| Bernhard Kerik | As a former director of TASER, Mr. Kerik has information regarding TASER's business and operations |