# EXHIBIT D

## COMPUTATION OF DAMAGES

With the understanding that because expert discovery has not commenced, Plaintiffs lack full and complete knowledge of the types and amounts of damage defendants caused, Plaintiffs identify the following categories of damages:

Based upon a preliminary analysis of the partial information that has been produced to date, and subject to amendment and/or addition during expert discovery, Defendants' conduct potentially caused Plaintiffs damages in at least the additional following ways:

(1)    The creation of artificial securities entitlements diluted Plaintiffs' ownership and value of TASER stock, as well as their voting rights and the control and authority of TASER's Board;

(2)    By engaging in abusive naked short sales, particularly at or around times when TASER announced positive news, Defendants created artificial impediments to TASER's stock price appreciation;

(3)    The manipulation may have discouraged analysts or others to follow TASER stock, which may have affected demand;

(4)    Plaintiffs lost some of the rights, benefits, value and/or control over the tangible and intangible rights associated with TASER securities and/or treasury stock;

816019.1

(5) Plaintiffs lost the potential full value associated with lending TASER securities and obtaining interest associated therewith;

(6) By creating artificial security entitlements, Defendants misappropriated and/or engaged in theft of TASER's name, likeness, goodwill and property (both tangible and intangible);

(7) By creating the false impression of sales, Defendants created further downward pressure on TASER's stock price by, *inter alia*, the sales themselves and providing a perceived credibility to negative market rumors;

(8) Abusive naked short selling creates an incentive to disseminate false news or information about TASER securities, which can detrimentally affect the company's stock price;

(9) Because a Defendant's cost to deliver failed shares is marked to market each day, each Defendant has an incentive to lower TASER's stock price as much as possible to reduce its obligation and collateral requirements;

(10) To the extent a Defendant was short TASER in its proprietary accounts, it had an incentive to lower TASER's stock price as much as possible;

(11) By driving down the price of TASER stock, Defendants reduced the value of stock issuances, stock grants and stock options;

(12) But for Defendants' illegal conduct which drove down the price of TASER stock, Defendants' conduct may have affected Plaintiffs' ability to sell their

shares for their true value, resulting in the delay of sales (including but not limited to losses resulting from the time value of money) or selling shares for sums less than they were worth;

(13) Defendants' naked short selling resulted in market manipulation;[1] and

(14) Defendants' naked short selling infringed on the rights of actual shareholders of TASER stock.[2]

(15) TASER's damages may include, but are not limited to, the full value of the share that was artificially sold and/or delivered (*i.e.*, the amount of money TASER would have obtained if it sold a legitimate share in the market). Alternatively, TASER is entitled to the negative borrow rate associated with the time period for which fails improperly existed (*e.g.*, if there are 10,000 artificial shares or security entitlements for a period of one year, and the negative borrow rate during that time is 10%, TASER is entitled to the negative borrow rate of 10% for the 10,000 shares over the year).

(16) Defendants' conduct caused the price of TASER stock to be lower than it otherwise would have been absent Defendants' conduct.

The type and amount of damages each Plaintiff suffered as a result of Defendants' conduct is the subject of expert testimony and will be addressed during expert discovery. Accordingly, Plaintiffs reserve their right to supplement

---

[1] *See, e.g.*, GSE_T 01146058.
[2] *Id.*

816019.1

their response to this initial disclosure as discovery continues and through expert discovery.

Plaintiffs also intend to seek the following categories of damages:

(1) damages caused by Defendants' conversion, unlawful receipt of Plaintiffs' money and property, violations of the Georgia RICO Act, violation of the Georgia Securities Act and violations of the Georgia Computer Systems Protection Act;

(2) treble damages under Georgia RICO;

(3) attorneys' fees and expenses; and

(4) punitive damages.

Plaintiffs expressly incorporate, as if fully stated herein, their complete response to Interrogatory No. 1 contained in Plaintiffs' Responses to Defendants' Second Interrogatories to Plaintiffs (as amended through October 19, 2010).

816019.1

EXHIBIT D-4