## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| TASER INTERNATIONAL, INC., *et al.*, | ) | |
| | ) | Case No.: 1:10-CV-03108-JEC |
| Plaintiffs, | ) | |
| | ) | [On removal from the State |
| v. | ) | Court of Fulton County, |
| | ) | Georgia Case No.: |
| MORGAN STANLEY & CO., INC., *et al.*, | ) | 2008-EV-004739-B] |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

### AMENDED NOTICE TO TAKE RULE 30(b)(6) DEPOSITION OF
### DEFENDANT MORGAN STANLEY & CO., INCORPORATED

**TO:  Morgan Stanley & Co., Incorporated**
      c/o Robert F. Wise, Jr., Esq.
      William J. Fenrich, Esq.
      Melissa T. Aoyagi, Esq.
      Davis Polk & Wardwell LLP
      450 Lexington Avenue
      New York, NY  10017

**COME NOW** plaintiffs[1] in the above-referenced matter pursuant to Federal

Rule of Civil Procedure 30(b)(6) and notice the deposition of an individual

designated by MORGAN STANLEY AND CO., INCORPORATED to testify

about the matters identified on Exhibit A attached hereto.  The deposition will take

---

[1] Plaintiffs object to the improper removal of this case and do not believe that this court has subject matter jurisdiction in this case.  Plaintiffs have filed a motion to remand which is currently pending.

817423.1

place on December 13, 2010, beginning at 10:00 a.m.  The deposition will occur at the offices of Rogers & Hardin, 2700 International Tower, Peachtree Center, 229 Peachtree Street, N.E., Atlanta, GA  30303, or at such other time and place as may be mutually agreed upon by the parties.  The depositions will take place before a person authorized by law to administer oaths and will be recorded by sound, videotape and/or stenographic means.  The deposition will be taken for all purposes allowable under the Federal Rules of Civil Procedure.

Respectfully submitted this 11th day of November, 2010.

/s/ Elizabeth G. Eager
John E. Floyd
Georgia Bar No. 266413
floyd@bmelaw.com
Jill A. Pryor
Georgia Bar No. 589140
pryor@bmelaw.com
Steven J. Rosenwasser
Georgia Bar No. 614908
rosenwasser@bmelaw.com
Nicole G. Iannarone
Georgia Bar No. 382510
iannarone@bmelaw.com
Michael A. Caplan
Georgia Bar No. 601039
caplan@bmelaw.com
Elizabeth G. Eager
Georgia Bar No. 644007
eager@bmelaw.com

817423.1

Robert L. Ashe
Georgia Bar No. 208077
ashe@bmelaw.com
Bondurant, Mixson & Elmore, LLP
3900 One Atlantic Center
1201 West Peachtree Street, N.W.
Atlanta, Georgia  30309-3417
(404) 881-4100 Tel.
(404) 881-4111 Fax

James W. Christian
State Bar No. 04228700
jchristian@csj-law.com
Gary M. Jewell
State Bar No. 10664800
gjewell@csj-law.com
Scott R. Link
State Bar No. 12390900
slink@csj-law.com
Katherine Morton-Gonyea
State Bar No. 24066701
kgonyea@csj-law.com
Christian, Smith, & Jewell, LLP
2302 Fannin, Suite 500
Houston, Texas  77002
(713) 659-7617 Tel.
(713) 659-7641 Fax
(admitted *pro hac vice* in State Court)

Attorneys for Plaintiffs

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this day, a true and correct copy of the foregoing

**AMENDED NOTICE TO TAKE RULE 30(b)(6) DEPOSITION OF**

**DEFENDANT MORGAN STANLEY & CO., INCORPORATED** was

electronically filed with the Clerk of Court using the Court's electronic filing

system which will automatically send an email notification of such filing to the

following attorneys of record who are registered participants in the Court's

electronic notice and filing system:

> **Attorneys for Defendants:**
> Richard H. Sinkfield, Esq.
> Dan F. Laney, III, Esq.
> Kristina M. Jones, Esq.
> Stefanie H. Jackman, Esq.
> James W. Cobb, Esq.
> Rogers & Hardin
> 2700 International Tower, Peachtree Center
> 229 Peachtree Street, N.E.
> Atlanta, GA  30303-1601
> rsinkfield@rh-law.com

Further, I hereby certify that on this day, I caused to be served a true and

correct copy of the foregoing via United States mail on:

817423.1

4

**Attorneys for Banc of America Securities, LLC;**
**Merrill Lynch, Pierce, Fenner & Smith, Inc.; and Merrill Lynch**
**Professional Clearing Corporation:**
Andrew J. Frackman, Esq.
Brad Elias, Esq.
O'Melveny & Myers LLP
7 Times Square
New York, NY  10036

**Attorneys for Morgan Stanley & Co. Incorporated:**
Robert F. Wise, Jr., Esq.
William J. Fenrich, Esq.
Melissa T. Aoyagi, Esq.
Davis Polk & Wardwell LLP
450 Lexington Avenue
New York, NY  10017

**Attorneys for Bear Stearns & Co., Inc. and Bear Stearns**
**Securities Corp.:**
Stephen L. Ratner, Esq.
Harry Frischer, Esq.
Brian L. Friedman, Esq.
Proskauer Rose LLP
1585 Broadway
New York, NY  10036

**Attorneys for Goldman, Sachs & Co. and Goldman Sachs**
**Execution & Clearing, L.P.:**
Richard C. Pepperman II, Esq.
Richard H. Klapper, Esq.
Tracy Richelle High, Esq.
Sullivan & Cromwell LLP
125 Broad Street
New York, NY  10004

**Attorneys for Deutsche Bank Securities Inc.:**
Heather L. Fesnak, Esq.
Peter J. Isajiw, Esq.
Gregory A. Markel, Esq.
Cadwalader Wickersham & Taft LLP
One World Financial Center
New York, NY  10281

**Attorneys for UBS Securities, LLC:**
Andrew B. Clubok, Esq.
Jeffrey G. Landis, Esq.
Daniel Gomez, Esq.
Kirkland & Ellis LLP
655 Fifteenth Street, N.W., Suite 1200
Washington, DC  20005-5793

Maria Ginzburg, Esq.
Kirkland & Ellis LLP
Citigroup Center
153 East 53rd Street
New York, NY  10022-4611

**Attorneys for Credit Suisse Securities (USA), LLC.:**
Fraser L. Hunter, Jr., Esq.
Wilmer Cutler Pickering Hale & Dorr LLP
399 Park Avenue
New York, NY  10022

This 11th day of November, 2010.


/s/ Elizabeth G. Eager
Elizabeth G. Eager
Georgia Bar No. 644007

817423.1

6

# EXHIBIT A

## EXHIBIT A

1.      The facts, issues and circumstances underlying:

      a.      Hearing Panel Decision 04-184 (see MS_TASR_2886716-30);[1]

      b.      December 31, 2004 AWC (see MS_TASR_2886731-38);

      c.      March 13, 2006 NASD Letter of Caution (see MS_TASR_2886739-40);

      d.      August 21, 2006 AWC (see MS_TASR_2886741-71);[2]

      e.      November 2003 American Stock Exchange Letter (see MS_TASR_2886772-73) and March 13, 2007 Decision (see MS_TASR_2886774-85);

---

[1] Plaintiffs agree to exclude Paragraphs 26-33 and 69-70 of the Investigation.  The deposition topic explicitly includes Paragraph 5 of the Investigation except to the extent Paragraph 5 includes the conduct discussed in Paragraphs 26-33 and 69-70. For Paragraphs 34-39 Plaintiffs agree that the examination will be limited to questions regarding: (A) the allegations; (B) whether the conduct actually occurred; (C) whether it involved TASER securities; (D) whether the conduct violated any Morgan Stanley formal internal policy or procedure, and (E) whether you are currently aware (without conducting a new investigation or audit) of any instances in which the conduct happened again.  The subtopics identified below will not be asked as to these paragraphs.

[2] Plaintiffs agree to exclude Paragraphs 42-47 and 50-51.   For Paragraphs 37 and 39-49, Plaintiffs agree that the examination will be limited to questions regarding: (A) the allegations; (B) whether the conduct actually occurred; (C) whether it involved TASER securities; and (D) whether the conduct violated any Morgan Stanley formal internal policy or procedure.  The subtopics identified below will not be asked as to these paragraphs.

      f.      FINRA July 24, 2008 Cautionary Action (see MS_TASR_2886786);[3] and

      g.      FINRA January 26, 2009 Cautionary Action (see MS_TASR_2886788-89).

Each of the above, together with the underlying investigation, inquiry and examination, shall be referred to individually as the "Investigation" or collectively as the "Investigations"

For each Investigation, except as noted in footnotes 1-3, please provide a witness to testify as to the following:

      a.      The scope of the Investigation: when the Investigation started, the securities investigated, the time periods examined and the types of conduct investigated;

      b.      Morgan Stanley and Co.'s ("Morgan") knowledge of the conduct described in each Investigation's AWC, Cautionary Action, Decision, Stipulation of Facts and Consent to Penalty or Letter:  (i) when Morgan first learned of each alleged violation or each type of alleged improper or illegal conduct; and (ii) the persons within Morgan who knew of the alleged violation or improper or illegal conduct, and when they obtained that knowledge;[4]

      c.      From January 1, 2003 to May 31, 2009, the policies and procedures Morgan employed to prevent the conduct described in the AWC, Cautionary Action, Decision, Stipulation of Facts and Consent to Penalty or Letter; from January 1, 2003 to May 31, 2009, the means through which Morgan monitored or supervised the conduct described in the AWC, Cautionary Action, Decision, Stipulation of Facts and Consent to Penalty or Letter; and the actions, if any, Morgan took in

---

[3] Plaintiffs agree to exclude any portions of this document regarding the bid test.

[4] Plaintiffs note that they are **not** asking Morgan to now first engage in an audit or investigation, but rather to follow Rule 30(b)(6), which requires it to provide information on "information known or reasonably available" to the firm.

815289.1

2

response to the AWC, Cautionary Action, Decision, Stipulation of Facts and Consent to Penalty or Letter;

d.    Morgan's position as to whether the conduct described in the AWC, Cautionary Action, Decision, Stipulation of Facts and Consent to Penalty or Letter Morgan occurred and, if Morgan denies that any of the conduct occurred, the facts and bases for that denial;[5]

e.    Whether the conduct described in the AWC, Cautionary Action, Decision, Stipulation of Facts and Consent to Penalty or Letter violated any Morgan rule, regulation or procedure (including any rule, regulation or procedure contained in any compliance manuals) and, if so, which one(s);

f.    Whether Morgan is aware of any other instances in which the conduct described in the AWC, Cautionary Action, Decision, Stipulation of Facts and Consent to Penalty or Letter occurred and, if so, what the conduct was, when it occurred, the trading desks and traders involved and the securities involved;[6]

g.    Whether Morgan conducted its own internal investigation into the issues raised by the Investigation or in the AWC, Cautionary Action, Decision, Stipulation of Facts and Consent to Penalty or Letter and, if so: (i) when the investigation occurred, (ii) the persons actively involved in the investigation, (iii) securities involved and (iv) the identification of any reports, analyses or memoranda showing the results of the investigation and who reviewed them;

---

[5] Plaintiffs are not requesting that Morgan Stanley first conduct an audit. Rather this topic only seeks Morgan's current knowledge. Thus, if Morgan Stanley does not currently have a position or know whether the conduct occurred, it need only testify as to that fact.

[6] If Morgan Stanley's position is that for one or more types of the conduct it does not track or otherwise log or monitor violations, then the company can provide this as its response to the topic. Additionally, *see* footnote 4.

h.    The impact and effect the conduct described in the AWC, Cautionary Action, Decision, Stipulation of Facts and Consent to Penalty or Letter had or could have on (a) the accuracy of records; (b) the delivery or receipt of securities and/or (c) stock price;[7]

i.    From January 1, 2003 to May 31, 2009, the person(s) responsible for ensuring that the conduct described in the AWC, Cautionary Action, Decision, Stipulation of Facts and Consent to Penalty or Letter did not occur, including their name and titles;

j.    Morgan's rights and responsibilities with respect to the Investigation: the information it can and/or must provide to the regulator, the ability to provide witnesses or evidence and the right to a hearing or to challenge findings;[8]

k.    For each of the trading desks and traders involved in the conduct described in the AWC, Cautionary Action, Decision, Stipulation of Facts and Consent to Penalty or Letter, information relating to any other instances in which they were alleged or in fact violated any Morgan rule, regulation or procedure or federal, state or agency rule or regulation relating to short selling, mismarking or inaccurately marking tickets or Reg. SHO;[9]

l.    Identification of the trading desks and traders involved in the conduct;[10]

m.    For the conduct or matters referenced in the AWC, Cautionary Action, Decision, Stipulation of Facts and Consent to Penalty or Letter, facts relating to: (i) the securities involved; (ii) the amount of shares traded;

---

[7] Plaintiffs are *not* seeking expert testimony.  Rather this topic addresses any position Morgan Stanley may have outside of its experts in this case.

[8] Plaintiffs are not seeking any more information than what is presented on the AWCs, Letter of Caution, Hearing Decision or Stipulation.

[9] *See* Footnote 4.

[10] *See* Footnote 4.

815289.1

        (iii) the trading desks and traders involved and (iv) when the conduct occurred;

n.      Identification of any in-person meetings (and any notes relating to the meeting), audio recordings or video recordings with regulators relating to or discussing the Investigation, including telephone calls. This includes the date(s) of the meetings, the participants, what documents were exchanged or shown and the substance of the discussions;

o.      Whether any of the conduct described in the AWC, Cautionary Action, Decision, Stipulation of Facts and Consent to Penalty or Letter ever occurred with respect to TASER securities, options or derivatives; and

p.      Morgan's explanation as to why each type of conduct described in the AWC, Cautionary Action, Decision, Stipulation of Facts and Consent to Penalty or Letter occurred.[11]

2.    For the time period January 1, 2003 through May 31, 2009, the steps, policies and procedures Morgan followed to ensure that customer short sale orders entered into Morgan's Client Direct System complied with all reporting requirements, locate requirements, UPC 71 requirements, Information Circulars #90-25 and #98-1135, NASD 3370 requirements and Reg. SHO requirements.  Please provide a witness to testify as to the following:

a.      the steps, policies and procedures Morgan followed to conduct locates;

b.      the steps, policies and procedures Morgan to make an affirmative determination that Morgan would receive delivery of the security on behalf of the customer or that Morgan could borrow the security on behalf of the customer for delivery by the settlement date;

---

[11] Plaintiffs are not seeking any more information than what is presented on the AWCs, Letter of Caution, Hearing Decision or Stipulation.

    c.      all records Morgan created and maintained to show or reflect locates and/or affirmative determinations; and

    d.      all instances in which Morgan failed to make an affirmative determination that Morgan would receive delivery of the security on behalf of the customer or that Morgan could borrow the security on behalf of the customer for delivery by the settlement date.

3.      The meaning of the following codes, references or entries when they are contained in "Contra-broker" column of Morgan Stanley's trade runs.[12]

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| 007B | 108M | 11CK | 11R2 | 11YY | 12BC | 13EB | 192F | 1WSA | 22FB |
| 01WP | 109M | 11CS | 11RY | 120Z | 12CN | 13FD | 1A21 | 1WSB | 22FC |
| 03FD | 109P | 11GS | 11S6 | 121X | 12CV | 13FH | 1AGA | 1WSC | 22FD |
| 104V | 109U | 11GU | 11S8 | 121Z | 12D3 | 13H7 | 1AGB | 1WSD | 22FE |
| 105S | 109W | 11KU | 11UJ | 122C | 12H7 | 13K0 | 1AGC | 1WSE | 22FF |
| 106A | 111Z | 11KW | 11UK | 125J | 12HM | 13K3 | 1AGD | 1WSF | 31B5 |
| 106G | 119G | 11MD | 11VM | 126T | 12S1 | 13KB | 1AGE | 21BC | |
| 107B | 119N | 11NM | 11WF | 128H | 12S9 | 13KW | 1AGH | 22EJ | |
| 108H | 119W | 11NR | 11WP | 128X | 12SD | 156B | 1AGN | 22EX | |
| 108K | 11B2 | 11NW | 11YF | 12B1 | 12XV | 181G | 1AGT | 22FA | |

4.      Your production of documents and data related to "exit out of CNS transactions" involving TASER securities, specifically whether such documents were produced or not, and the amount and location of documents produced by you.

---

[12] The topics contained in items 3-8 are all relate to questions that Plaintiffs have raised informally with Morgan Stanley and which have been pending in some instances since May of this year without a response. Plaintiffs are willing to withdraw these particular topics from this Notice if Morgan Stanley provides satisfactory responses to the pending questions prior to the deposition date. Plaintiffs would prefer to resolve these particular matters outside of a deposition, but were left with no choice but to include these topics because Morgan Stanley has not provided responses to Plaintiffs' questions regarding production for several months.

815289.1

5.      Your production of documents and data related to conversion, reverse conversion, and flex option transactions involving TASER securities, specifically whether such documents were produced or not, and the amount and location of documents produced by you.

6.      Morgan Stanley's "No Goods for T/D Report."  (*See, e.g.*, MS_TASR_01888895.)  Please provide a witness to testify as to the following:

        a.      Your production of the "No Goods for T/D report," specifically whether you produced any such documents and the amount and location of any such documents produced by you;

        b.      The identity of the person or persons responsible for creating, maintaining and/or distributing the report;

        c.      Your policies and procedures regarding securities identified on the report; and

        d.      The information contained on the report and your uses of the report.

7.      Your production of documents and data regarding the sources of MS Security Services, Inc.'s ("MSSSI") borrows and locates.  Please provide a witness to testify as to the following:

        a.      The data in your possession, custody or control regarding the potential supply of TASER securities from third-party lenders you used as the basis for providing locates from January 1, 2003 through May 31, 2009; and

        b.      The data in your possession, custody or control regarding the borrow of TASER securities from third-party lenders from January 1, 2003 through May 31, 2009.

8.      Your production of DTCC Market Maker Reports.  *See, e.g.*, MS_TASR_00099525.  Please provide a witness to testify as to the following:

815289.1

7

a.      The frequency with which you received DTCC Market Maker Reports
        from the DTCC;

b.      The method in which you received the DTCC Market Maker Reports
        from the DTCC and specifically how you received the reports, the
        format in which they were delivered to you and to whom they were
        delivered at your offices from the DTCC;

c.      The identity of the person or persons within your company who
        received the DTCC Market Maker Reports; and

d.      The method or methods for storing or maintaining the DTCC Market
        Maker Reports you received and specifically whether and where you
        saved copies of the DTCC Market Maker Reports and whether and
        where you maintained any backups of the DTCC Market Maker
        Reports.