IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| TASER INTERNATIONAL, INC., *et al.*, <br><br> Plaintiffs, <br> v. <br> MORGAN STANLEY & CO., INC., *et al.*, <br> Defendants. | Civil Case No. <br> 1:10-CV-03108-JEC |

**MERRILL LYNCH PROFESSIONAL CLEARING CORP.'S
SUPPLEMENTAL MEMORANDUM IN FURTHER SUPPORT OF ITS
MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

Merrill Lynch Professional Clearing Corp. ("ML Pro") submits this supplemental memorandum in further support of its Motion to Dismiss for Lack of Personal Jurisdiction or, in the Alternative, to Transfer Under 28 U.S.C. § 1406(a) (the "Motion to Dismiss") (Dkt. No. 59).

On October 26, 2010, ML Pro filed the Motion to Dismiss, which demonstrates that ML Pro, a Delaware corporation with its principal place of business in New York, has no office in Georgia, no employees in Georgia, does no significant business in Georgia, and has undertaken no activity relevant to Plaintiffs' claims in Georgia.

Before filing the Motion to Dismiss, counsel for ML Pro accessed the website for the Georgia Secretary of State to determine whether ML Pro was registered to do business in Georgia. (Elias Decl. ¶ 3.[1]) ML Pro concluded, through counsel, that it was not so registered. (*Id.*)

On October 27, 2010, Plaintiffs' counsel contacted ML Pro's counsel and informed them that the Financial Industry Regulatory Authority's ("FINRA") "broker check report" indicated that ML Pro was registered to do business in the State of Georgia. (*Id.* at ¶ 4.) Upon further investigation, it was determined that, although ML Pro is not registered with the Georgia Secretary of State, Corporations Division, it has been registered as a broker-dealer with the Georgia Secretary of State, as Commissioner of Securities, since October 19, 1993. (*Id.*)

It was also determined that, as part of the standardized FINRA registration process (*id.* at ¶ 5), ML Pro agreed to the following consent-to-service provision and appointed an agent in all fifty states to accept service of process:

> For the purposes of complying with the laws of the State(s) designated in Item 2 relating to either the offer or sale of securities or commodities, the undersigned and *applicant* hereby certify that the *applicant* is in compliance with applicable state surety bonding requirements and irrevocably appoint the administrator of

---

[1] "Elias Decl." means the Declaration of Brad Elias in Further Support of Merrill Lynch Professional Clearing Corp.'s Motion to Dismiss for Lack of Personal Jurisdiction, filed concurrently herewith.

> each of those State(s) or such other person designated by law, and the successors in such office, attorney for the *applicant* in said State(s), upon whom may be served any notice, process, or pleading in any action or *proceeding* against the *applicant* arising out of or in connection with the offer or sale of securities or commodities, or out of the violation or alleged violation of the law of those State(s), and the *applicant* hereby consents that any such action or *proceeding* against the *applicant* may be commenced in any court of competent jurisdiction and proper venue within said State(s) by service of process upon said appointee with the same effect as if *applicant* were a resident in said State(s) and had lawfully been served with process in said State(s).

SEC Form BD "Uniform Application for Broker-Dealer Registration" (emphasis in original).[2]

While ML Pro did not identify and bring this registration to the Court's attention in its Motion to Dismiss, the execution of the Form BD is not determinative of whether the Court has personal jurisdiction over ML Pro, and the Motion to Dismiss still should be granted. The Due Process Clause prevents ML Pro from being unreasonably haled into court in a foreign state. *See World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980) ("[T]he foreseeability

---

[2] In addition to Form BD, Plaintiffs also requested that ML Pro produce any Form U-4 ("Uniform Application for Securities Industry Registration or Transfer") that was submitted to FINRA by an ML Pro employee during the relevant period. (*See* Elias Decl., Ex. A.) Unlike Form BD, Form U-4 is not a firm registration, but rather an individual employee registration. The Form U-4s therefore are not relevant to whether *Merrill Pro* consented to jurisdiction in Georgia.

that is critical to due process analysis . . . is that the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there."). And the Eleventh Circuit has held that the appointment of an agent for service of process is insufficient to meet the constitutional standard for general personal jurisdiction. *See, e.g.*, *Consolidated Dev. Corp. v. Sherritt, Inc.*, 216 F.3d 1286, 1293 (11th Cir. 2000) (rejecting "the argument that appointing a registered agent is sufficient to establish general personal jurisdiction over a corporation"); *see also Siemer v. Learjet Acquisition Corp.*, 966 F.2d 179, 182 (5th Cir. 1992) ("While the last item, being qualified to do business, may on its face appear to be significant, it 'is of no special weight' in evaluating general personal jurisdiction. Plaintiffs cite no case and this Court has found none that supports the proposition that the appointment of an agent for process and the registration to do business within the state, without more, suffices to satisfy the criteria for the exercise of general jurisdiction."); *Sofrar, S.A. v. Graham Engineering Corp.*, 35 F. Supp. 2d 919, 921 (S.D. Fla. 1999) (finding no general personal jurisdiction under Florida's long-arm statute, even though defendants appointed an agent for service of process and were registered to do business in the state).

Moreover, at least one court has held that registration as a broker-dealer dealer coupled with minimal contacts to a state does not constitute consent to general personal jurisdiction.  S*ee Pearl Invs., LLC v. Std. I/O, Inc.*, 224 F. Supp. 2d 277, 282 (D. Me. 2002) (holding that court could not exercise general personal jurisdiction over defendant registered in Maine as broker-dealer); *see also Nutrishare, Inc. v. BioRx, L.L.C.*, No. CIV. S-08-1252 WBS EFB, 2008 U.S. Dist. LEXIS 62722, at *1 (E.D. Cal. Aug. 14, 2008) (holding that the court lacked personal jurisdiction over defendant that registered with California State Board of Pharmacy and, in doing so, appointed agent in California to accept service of process); *Leonard v. USA Petroleum Corp.*, 829 F. Supp. 882, 889 (S.D. Tex. 1993) ("The idea that a foreign corporation consents to jurisdiction in Texas by completing a state-required form, without having contact with Texas, is entirely fictional.  Due process is central to consent; it is not waived lightly.  A waiver through consent must be willful, thoughtful, and fair. 'Extorted actual consent' and 'equally unwilling implied consent' are not the stuff of due process."); *Reynolds & Reynolds Holdings, Inc. v. Data Supplies*, Inc., 301 F. Supp. 2d 545, 551 (E.D. Va. 2004) ("[T]he court finds the reasoning of the cases holding that a company does not consent to jurisdiction by registering with the state and appointing an agent for service of process more consistent with the due process standard set forth in

*International Shoe* and its progeny than the cases implying consent."); *Mednet, MPC Corp. v. United Healthcare, Inc.*, No. CIV. 3:95-cv-2723 AHN, 1996 U.S. Dist. LEXIS 22338, at *18-19 (D. Conn. Aug. 14, 1996) ("[Defendant] could not reasonably anticipate being haled into court in Connecticut based on its precautionary compliance with Connecticut's registration statutes alone.  To hold otherwise would, in effect, punish large corporations like [Defendant] who, in good faith, comply with domestication statutes on the premise that they might conduct business within the forum state in the future.").

## CONCLUSION

This supplemental memorandum is intended both to inform the Court of ML Pro's oversight and to provide Plaintiffs with notice of ML Pro's position that Form BD does not constitute ML Pro's consent to general personal jurisdiction in Georgia.  To the extent that Plaintiffs disagree, ML Pro will address their arguments on reply.

Accordingly, for the foregoing reasons and for those set forth in the Motion to Dismiss, Plaintiffs' Seventh Amended Complaint should be dismissed for lack of personal jurisdiction.

Dated: November 12, 2010

/s/ Richard H. Sinkfield
Richard H. Sinkfield
Georgia Bar No. 649100
RSinkfield@rh-law.com

Dan F. Laney
Georgia Bar No. 435290
DLaney@rh-law.com

ROGERS & HARDIN LLP
229 Peachtree Street, N.E.
2700 International Tower
Atlanta, Georgia  30303
Tel.:  404-522-4700
Fax:  404-525-2224

Andrew J. Frackman
Abby F. Rudzin
Brad M. Elias
*Pro Hac Vice* Applications Pending

O'MELVENY & MYERS LLP
7 Times Square
New York, New York  10036
Phone:  212-326-2000
Fax:  212-326-2061

*Attorneys for Defendant Merrill Lynch Professional Clearing Corp.*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| TASER INTERNATIONAL, INC., *et al.* <br><br> Plaintiffs, <br><br> v. <br><br> MORGAN STANLEY & CO., INC., *et al.* <br><br> Defendants. | CIVIL ACTION NUMBER: <br> 1:10-CV-03108-JEC |

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 12, 2010, I caused a copy of the foregoing **MERRILL LYNCH PROFESSIONAL CLEARING CORP.'S SUPPLEMENTAL MEMORANDUM IN FURTHER SUPPORT OF ITS MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION** to be filed with the Clerk of Court using the CM/ECF system, which will automatically send e-mail notification of such filing to the following attorneys of record:

John E. Floyd, Esq.
floyd@bmelaw.com

Steven J. Rosenwasser, Esq.
rosenwasser@bmelaw.com

Nicole G. Iannarone
iannarone@bmelaw.com

Jill A. Pryor
pryor@bmelaw.com

Robert L. Ashe, III, Esq.
ashe@bmelaw.com

Michael A. Caplan, Esq.
caplan@bmelaw.com

Elizabeth G. Eager
eager@bmelaw.com

and that I have caused a copy to be served by U.S. Mail on the following attorneys

of record:

James W. Christian, Esq.
CHRISTIAN, SMITH & JEWELL LLP
2302 Fannin, Suite 500
Houston, TX  77002

Robert F. Wise, Jr., Esq.
William J. Fenrich, Esq.
Melissa Aoyagi, Esq.
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, NY  10017

Richard H. Klapper, Esq.
Richard C. Pepperman, II, Esq.
Tracy Richelle High, Esq.
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, NY  10004-2498

Stephen L. Ratner, Esq.
Brian L. Friedman, Esq.
PROSKAUER ROSE LLP
1585 Broadway
New York, NY  10036

Gregory A. Markel, Esq.
Martin L. Seidel, Esq.
Peter J. Isajiw, Esq.
Heather L. Fesnak, Esq.
CADWALADER, WICKERSHAM &
TAFT LLP
One World Financial Center
New York, NY  10281

Fraser L. Hunter, Jr., Esq.
WILMER CUTLER PICKERING HALE
AND DORR LLP
399 Park Avenue
New York, NY  10022

Andrew J. Frackman, Esq.
O'MELVENY & MYERS LLP
Times Square Tower
7 Times Square
New York, NY  10036

Andrew B. Clubok, Esq.
Jeffrey G. Landis, Esq.
Jeffrey M. Gould, Esq.
KIRKLAND & ELLIS LLP
655 Fifteenth Street, N.W.
Washington, DC  20005


/*s*/ Richard H. Sinkfield

Richard H. Sinkfield
Georgia Bar No. 649100
rsinkfield@rh-law.com