IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| TASER INTERNATIONAL, INC., *et al.*,<br><br>        Plaintiffs,<br>v.<br>MORGAN STANLEY & CO., INC., *et al.*,<br>        Defendants. | Civil Case No.<br>1:10-CV-03108-JEC |

**DECLARATION OF BRAD M. ELIAS IN FURTHER SUPPORT OF
MERRILL LYNCH PROFESSIONAL CLEARING CORP.'S
MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

I, Brad M. Elias, declare as follows:

1.      I am an associate at the law firm of O'Melveny & Myers LLP ("OMM") and am one of the attorneys representing Defendant Merrill Lynch Professional Clearing Corp. ("ML Pro") in this action. I make this declaration in connection with ML Pro's Motion to Dismiss for Lack of Personal Jurisdiction or, in the Alternative, to Transfer Under 28 U.S.C. § 1406(a), dated October 26, 2010 (the "Motion to Dismiss") (Dkt. No. 59). I have personal knowledge of the facts recited herein except as otherwise indicated and if called to testify concerning them under oath, I could and would competently testify thereto.

2. On October 26, 2010, ML Pro filed a motion to dismiss for lack of personal jurisdiction. The motion and supporting papers demonstrate that ML Pro, a Delaware corporation with its principal place of business in New York, has no office in Georgia, no employees in Georgia, does no significant business in Georgia, and has undertaken no activity relevant to Plaintiffs' claims in Georgia.

3. Before filing the Motion to Dismiss, I performed an electronic search of the Georgia Secretary of State's online records to determine whether ML Pro was registered to do business in the State of Georgia. I concluded that ML Pro was not registered and had never been registered with the Georgia Secretary of State.

4. On October 27, 2010, Plaintiffs' counsel informed me that the Financial Industry Regulatory Authority's ("FINRA") "broker check report" indicated that ML Pro was registered to do business in the State of Georgia. Upon further investigation, it was determined that, although ML Pro is not registered with the Georgia Secretary of State, Corporations Division, it has been registered as a broker-dealer with the Georgia Secretary of State, as Commissioner of Securities, since October 19, 1993.

5. It was also determined that, as part of the standardized FINRA registration process, ML Pro agreed to the following consent-to-service provision and appointed an agent in all fifty states to accept service of process:

> For the purposes of complying with the laws of the State(s) designated in Item 2 relating to either the offer or sale of securities or commodities, the undersigned and *applicant* hereby certify that the *applicant* is in compliance with applicable state surety bonding requirements and irrevocably appoint the administrator of each of those State(s) or such other person designated by law, and the successors in such office, attorney for the *applicant* in said State(s), upon whom may be served any notice, process, or pleading in any action or *proceeding* against the *applicant* arising out of or in connection with the offer or sale of securities or commodities, or out of the violation or alleged violation of the law of those State(s), and the *applicant* hereby consents that any such action or *proceeding* against the *applicant* may be commenced in any court of competent jurisdiction and proper venue within said State(s) by service of process upon said appointee with the same effect as if *applicant* were a resident in said State(s) and had lawfully been served with process in said State(s).

SEC Form BD "Uniform Application for Broker-Dealer Registration" (emphasis in original).

6. On October 29, 2010, ML Pro produced a true and correct copy of the first three pages of its 2003 Form BD. (*See* ML_TSINTL_0091502-04.) Upon learning that ML Pro agreed to the above consent-to-service provision, Plaintiffs' counsel asked ML Pro to withdraw the Motion to Dismiss. ML Pro declined.

7. Plaintiffs also requested that ML Pro produce all Form BDs for the period 2003 through the present. But to avoid the time and expense of producing each form, ML Pro agreed on November 5, 2010, to stipulate, among other things,

to the fact that this consent-to-service and appointment-of-agent provision was in effect during the entire relevant period. A true and correct copy of the stipulation (Dkt. No. 72) is attached hereto as Exhibit A.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 12th day of November, 2010 in New York, New York.

                                            /s/ Brad M. Elias
                                            Brad M. Elias

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| TASER INTERNATIONAL, INC., *et al.*<br><br>　　Plaintiffs,<br><br>v.<br><br>MORGAN STANLEY & CO., INC., *et al.*<br><br>　　Defendants. | CIVIL ACTION NUMBER:<br>1:10-CV-03108-JEC |

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 12, 2010, I caused a copy of the foregoing **DECLARATION OF BRAD M. ELIAS IN FURTHER SUPPORT OF MERRILL LYNCH PROFESSIONAL CLEARING CORP.'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION** to be filed with the Clerk of Court using the CM/ECF system, which will automatically send e-mail notification of such filing to the following attorneys of record:

　　　　John E. Floyd, Esq.
　　　　floyd@bmelaw.com

　　　　Steven J. Rosenwasser, Esq.
　　　　rosenwasser@bmelaw.com

　　　　Nicole G. Iannarone
　　　　iannarone@bmelaw.com

>Jill A. Pryor
>pryor@bmelaw.com
>
>Robert L. Ashe, III, Esq.
>ashe@bmelaw.com
>
>Michael A. Caplan, Esq.
>caplan@bmelaw.com
>
>Elizabeth G. Eager
>eager@bmelaw.com

and that I have caused a copy to be served by U.S. Mail on the following attorneys

of record:

>James W. Christian, Esq.
>CHRISTIAN, SMITH & JEWELL LLP
>2302 Fannin, Suite 500
>Houston, TX  77002
>
>Robert F. Wise, Jr., Esq.
>William J. Fenrich, Esq.
>Melissa Aoyagi, Esq.
>DAVIS POLK & WARDWELL LLP
>450 Lexington Avenue
>New York, NY  10017
>
>Richard H. Klapper, Esq.
>Richard C. Pepperman, II, Esq.
>Tracy Richelle High, Esq.
>SULLIVAN & CROMWELL LLP
>125 Broad Street
>New York, NY  10004-2498

Stephen L. Ratner, Esq.
Brian L. Friedman, Esq.
PROSKAUER ROSE LLP
1585 Broadway
New York, NY  10036

Gregory A. Markel, Esq.
Martin L. Seidel, Esq.
Peter J. Isajiw, Esq.
Heather L. Fesnak, Esq.
CADWALADER, WICKERSHAM &
TAFT LLP
One World Financial Center
New York, NY  10281

Fraser L. Hunter, Jr., Esq.
WILMER CUTLER PICKERING HALE
AND DORR LLP
399 Park Avenue
New York, NY  10022

Andrew J. Frackman, Esq.
O'MELVENY & MYERS LLP
Times Square Tower
7 Times Square
New York, NY  10036

Andrew B. Clubok, Esq.
Jeffrey G. Landis, Esq.
Jeffrey M. Gould, Esq.
KIRKLAND & ELLIS LLP
655 Fifteenth Street, N.W.
Washington, DC  20005

/*s*/ Richard H. Sinkfield

Richard H. Sinkfield
Georgia Bar No. 649100
rsinkfield@rh-law.com