IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

TASER INTERNATIONAL, INC., et al.,

    Plaintiffs,

v.

MORGAN STANLEY & CO., INC., et al.,

    Defendants.

CIVIL ACTION NO.
1:10-cv-03108-JEC

**DEFENDANT MERRILL LYNCH
PROFESSIONAL CLEARING CORP.'S MOTION
TO STAY NON-JURISDICTIONAL DISCOVERY
<u>AND MEMORANDUM OF LAW IN SUPPORT</u>**

## PRELIMINARY STATEMENT

On October 26, 2010, Defendant Merrill Lynch Professional Clearing Corp. ("ML Pro") moved to dismiss Plaintiffs' Seventh Amended Complaint for lack of personal jurisdiction or to transfer the case to where jurisdiction and venue are proper.  On that same day, Plaintiffs served ML Pro with numerous discovery requests that go solely to the merits of Plaintiffs' allegations and are irrelevant to the threshold jurisdictional issue before the Court.  These broad discovery demands would impose a tremendous financial burden on ML Pro.  Plaintiffs' demands comprise:  (i) thirty-three document requests seeking, among other things, internal and external e-mails, trading data, regulatory submissions, surveillance reports, compliance procedures, and regulatory analyses; and (ii) eight interrogatories, with twenty-three subparts, asking ML Pro to, among other things, analyze trading data over a six-and-a-half year period to identify potential regulatory violations.  The substantial time and money required to respond to these broad demands would prove a waste should the Court dismiss the case against ML Pro—which is likely given that Plaintiffs' claims do not arise from ML Pro's insubstantial contacts with Georgia.  Accordingly, ML Pro respectfully requests that the Court stay discovery on the merits of Plaintiffs' allegations against ML Pro until the Court has resolved ML Pro's pending personal jurisdiction motion.

## BACKGROUND

### I. Plaintiffs' Seventh Amended Complaint

Plaintiffs commenced this action against ML Pro on September 15, 2010, by filing a Seventh Amended Complaint (the "Complaint") in the State Court of Fulton County, Georgia. ML Pro filed a notice of removal on September 28 that all Defendants joined. The core allegation in the Complaint is that the Defendants facilitated "naked short selling" (*i.e.*, short selling a stock without determining that such stock can be borrowed and delivered by the settlement date) in the common stock of Arizona-based TASER International, Inc. ("TASER") by intentionally failing to borrow and deliver TASER shares. (*See* Compl. ¶¶ 1–7.) These "failures to deliver" allegedly created "counterfeit" shares that flooded the market and reduced the value of Plaintiffs' "legitimate" TASER shares. (*Id.* ¶¶ 1–4, 14.)

### II. ML Pro's Motion to Dismiss

Although Plaintiffs have been litigating this case for more than two years and have received tens of millions of pages of discovery, Plaintiffs offer only a single conclusory allegation regarding ML Pro's purported connections to Georgia: their boilerplate speculation that ML Pro "is registered to conduct business in Georgia, conducts business in or that impacts Georgia, and/or maintains an office in Fulton County, Georgia." (*Id.* ¶ 49.) But Plaintiffs' conjecture does not justify

forcing ML Pro to litigate here, and on October 26, 2010, ML Pro moved to dismiss or transfer Plaintiffs' Complaint for lack of personal jurisdiction.  (*See* Dkt. No. 59 (the "Motion to Dismiss").)  In support of this motion, ML Pro presented the sworn declaration of ML Pro President and Chief Operating Officer Peter Melz as evidence that it has no office or employees in Georgia, has not conducted any significant or regular business with Georgia, and has no other relevant connections to Georgia.  (*See* Dkt. No. 59.1.)  Based on these facts, the Motion to Dismiss argues both that the Georgia Long-Arm Statute does not reach ML Pro and that Georgia may not constitutionally maintain either general or specific jurisdiction over ML Pro.

### III. Plaintiffs' Merits Discovery Demands

Despite having no basis for suing ML Pro in Georgia, Plaintiffs are now attempting to plow forward with aggressive and burdensome discovery in this forum.  The very same day that ML Pro filed its motion to dismiss, Plaintiffs served ML Pro with a litany of interrogatories and document requests going to the merits of Plaintiffs' allegations.  (*See* Pls.' Reserved First Doc. Reqs. ("First Doc. Reqs.") (Ex. 1); Pls. [*sic*] Taser Int'l's First Interrogs. ("First Interrogs.") (Ex. 2).[1])

---

[1] All exhibits are attached to the November 12, 2010 Declaration of Brad Elias submitted herewith.

These discovery demands have nothing to do with the jurisdictional issues raised in the Motion to Dismiss.  Rather, they seek a sweeping range of information and documents, including trading data, regulatory inquiries and submissions, client communications, internal analyses, and any document or communication making reference to a laundry list of more than ninety individuals and investment firms. (*See, e.g.*, First Doc. Reqs. (Ex. 1); First Interrogs. (Ex. 2).)  Researching and collecting this information would impose tremendous costs on ML Pro in terms of both time and money and would potentially require the review and production of millions of pages of e-mails and other documents.

Notably, Plaintiffs assert that their Georgia RICO claim justifies discovery into Defendants' conduct in ***all*** securities, not just TASER securities,[2] and they have already served broad discovery on ML Pro seeking documents and information unrelated to TASER securities.  In light of the tremendous burden presented by Plaintiffs' merits discovery requests, ML Pro asked Plaintiffs to agree to stay merits discovery pending the Court's resolution of the Motion to Dismiss. Plaintiffs refused.

---

[2]  *See* February 10, 2010 Order granting Pls.' Mot. to Compel the production by Defendants other than ML Pro of documents relating to conduct in certain securities other than TASER, Case No. 2008-EV-004739 (Ga. St. Ct.) (Ex. 3).

### IV. Plaintiffs' Jurisdictional Discovery Demands

Just six days after serving their merits discovery demands, Plaintiffs served ML Pro with a second round of discovery requests purportedly aimed solely at identifying ML Pro's connections with Georgia. (*See* Pls.' Second Reqs. for Produc. (Ex. 4); Pls.' First Req. for Admis. (Ex. 5).) ML Pro does not object in principle to limited jurisdictional discovery, and this motion is not aimed at those jurisdictional discovery requests.

## ARGUMENT

### I. Courts Routinely Stay Irrelevant and Burdensome Discovery Demands While Resolving Jurisdictional Challenges.

Federal Rule of Civil Procedure 26 grants district courts broad discretion to protect against burdensome and potentially unnecessary discovery. *See, e.g.*, *R.E.F. Golf Co. v. Roberts Metals, Inc.*, 1992 WL 161041, at *3 (M.D. Fla. June 29, 2002) ("The court has broad discretion to stay discovery until preliminary questions that may dispose of the case are determined." (*citing Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987))). This discretion has two distinct sources in the text of Rule 26, both of which are applicable here. First, Rule 26(b)(2)(C) directs that "[o]n motion or on its own, the court must limit the frequency or extent of discovery" if "the burden or expense of the proposed discovery outweighs its likely benefit . . . ." Fed. R. Civ. Pro. 26(b)(2)(C). Second, Rule 26(c)(1) directs that the

court "may, for good cause, issue an order to protect a party from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. Pro. 26(c)(1). Courts have cited both of these provisions in staying merits discovery until resolution of jurisdictional challenges. *See Orchid Biosciences, Inc. v. St. Louis Univ.*, 198 F.R.D. 670, 675 (S.D. Cal. 2001) (granting merits discovery stay and citing Rule 26(b)(2)[3]); *E.I. Du Pont De Nemours & Co. v. Teflon Blood Inc.*, 2010 WL 1957306, at *1 (D. Colo. May 13, 2010) (granting merits discovery stay and citing Rule 26(c)).

The Eleventh Circuit has recognized that resolving motions to dismiss before allowing discovery can be the most efficient way to manage a case. *See Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997) (reversing as abuse of discretion district court's insistence that defendant comply with discovery before resolution of motion to dismiss); *see also Horsley v. Feldt*, 304 F.3d 1125, 1131 n.2 (11th Cir. 2002) (affirming district court's discretion to suspend discovery pending resolution of motion for judgment on the pleadings). In *Chudasama*, the Court listed the significant costs that discovery imposes on not only the recipient but also the proponent and the court, *see* 123 F.3d at 1367, and explained that therefore "[i]f the district court dismisses a nonmeritorious claim

---

[3] Note that the quoted portion of Rule 26(b)(2) was later moved to 26(b)(2)(C).

before discovery has begun, unnecessary costs to the litigants and to the court system can be avoided" *id.* at 1367. *Chudasama* even recognized the precise situation here, noting a motion to dismiss for personal jurisdiction requires only "limited discovery before a meaningful ruling can be made." *Id.*

It is therefore not surprising that courts in this district routinely stay pre-motion merits discovery when a defendant contests personal jurisdiction. For example, in *Canty v. Fry's Electronics, Inc.*, 2010 WL 3516834, at *25 (N.D. Ga. Sept. 1, 2010), the court stayed discovery until resolution of defendants' dispositive motions, including a motion to dismiss for lack of personal jurisdiction. Similarly, in *Datacom Warranty Corp. v. Phone Connection of Kansas*, 2006 U.S. Dist. LEXIS 76622, at *12-13 (N.D. Ga. Oct. 20, 2006), the court stayed "all other matters in this case, including the filing of the Joint Preliminary Report and Discovery Plan," while providing for "limited discovery in order to resolve a motion to dismiss for lack of personal jurisdiction." Other district courts in the Eleventh Circuit regularly reach the same result. *See, e.g., Carter ex rel. Carter v. Hoffman-La Roche Inc.*, 1991 WL 11701166, at *1 (S.D. Ga. Dec. 2, 1991) (ordering "stay of merits discovery pending disposition of the motion to dismiss" and permitting only "limited discovery on the issue of personal jurisdiction"); *Abercrombie & Fitch Stores, Inc. v. Texas Fixture Installers*, 2010 WL 2465185, at

*2 (M.D. Fla. June 9, 2010) ("[G]eneral discovery shall be stayed until such time as the Court issues a ruling on Defendant['s] . . . Motion to Dismiss for Insufficient Service of Process and Lack of Personal Jurisdiction." (emphasis omitted)).

Indeed, federal courts around the country agree. *See, e.g.*, *E.I Du Pont De Nemours & Co. v. Teflon Blood Inc.*, 2010 WL 1957306, at *1-2 (D. Colo. May 13, 2010) (staying discovery, because "if the district court were to conclude that this court has no personal jurisdiction over Defendant after this court required the parties to conduct discovery, then Defendant would likely be irreparably prejudiced by having engaged in expensive and burdensome discovery in a court that had no jurisdiction over it"); *Norfolk So. Ry. Co. v. Power Source Supply, Inc.*, 2007 WL 709312, at *1-2 (W.D. Pa. Mar. 5, 2007) (staying discovery until resolution of personal jurisdiction motion to dismiss); *Orchid Biosciences*, 198 F.R.D. at 672 ("[S]ince there is a motion to dismiss for lack of personal jurisdiction pending, any discovery which seeks to reach the merits of this case would be unnecessary, costly and burdensome at this time."). This Court should do likewise.

## II. The Balance of Relevant Factors Heavily Favors Staying Merits Discovery as to ML Pro.

A stay should be granted here because the burden imposed by the discovery and the likelihood that it will be unnecessary far outweigh the harm to Plaintiffs

8

from delaying discovery.  *See Orchid Biosciences*, 198 F.R.D. at 675 ("Inasmuch as a dispositive motion is pending, . . . allowing discovery which extends beyond jurisdictional issues at this juncture would place a burden upon Defendant which far exceeds any benefit Plaintiff would derive.").  Plaintiffs' First Interrogatories and Revised First Document Requests are both irrelevant to any jurisdictional issue and are incredibly broad and burdensome.  Plaintiffs' merits discovery comprises thirty-document requests and interrogatories containing twenty-three sub-parts.  (First Doc. Reqs. (Ex. 1); First Interrogs. (Ex. 2).)  In addition to sheer volume, these requests are wide ranging and indefinite in scope and therefore represent a significant burden to ML Pro.  For example, Plaintiffs demand the following sweeping categories of documents:

> All documents discussing transactions or transfers in TASER securities.

(First Doc. Reqs. (Ex. 1), Req. No. 5.)

> All documents discussing [any of] the following [list of more than ninety separate] individuals or entities and the Conduct at Issue;

(*Id.*, Req. No. 6.)

> All documents discussing permitting the failure to deliver or receive of securities;

(*Id.*, Req. No. 13.)

> All Documents discussing potential changes to SEC rules and/or regulations regarding short sales.

(*Id.*, Req. No. 21.)  Plaintiffs also make the following interrogatory requests:

> Please identify each instance in which you (for your proprietary account or for or on behalf of a client):  [did any one of at least 12 different types of conduct, including] Failed to deliver a TASER security as required by Reg SHO, NASD 3310 or UPC71 [or] Failed to deliver shares in TASER or any other security in violation of your formal policies and procedures[, and for each instance identify] the security involved, date of the instance, whether the violation involved a proprietary or client/customer trade (and if the latter, the customer's name and account number) . . . .

(First Interrogs. (Ex. 2), Interrog. No. 1.)

> Please identify every formal or informal examination, inquiry or investigation . . . of you by any agency, regulatory body or SRO . . . related to the Conduct at Issue whether or not specifically related to TASER securities . . . stating the agency, regulatory body or self-regulatory organization (SRO) at issue; describing, in detail, the conduct being examined, inquired about or investigated; the security or securities at issue; the dates of the investigation; the name of any outside entity or firm that represented or assisted you in the investigation . . . ; the names and titles of any persons who actively participated in responding to the investigation; the findings/conclusions of the investigation, and the result of the investigation . . . .

(*Id.*, Interrog. No. 7.)

These discovery requests, which are not limited to transactions involving TASER stock or to abusive naked short selling (or, indeed, even to short selling generally), are incredibly broad.  Preparing responses would potentially require

10

ML Pro to collect and review six-and-a-half-years' worth of e-mails and documents from hundreds of employees, at a significant cost in both time and money. This large and likely unnecessary burden justifies a merits discovery stay.

The tremendous burden is not the only factor favoring ML Pro's request for a stay. ML Pro's grounds for challenging personal jurisdiction are substantial and supported by the concrete facts set forth in Peter Melz's declaration. *See E.I. Du Pont De Nemours*, 2010 WL 1957306, at *2 (staying discovery where defendant offered "more than conclusory, frivolous, or pretextual allegations as to why jurisdiction is lacking"). Indeed, ML Pro, a Delaware corporation with its principal place of business in New York, has no office in Georgia, no employees in Georgia, does no significant business in Georgia, and has no relationship with Plaintiffs in Georgia (or elsewhere). Plaintiffs' merits discovery is not necessary to resolve the jurisdictional issues. *See Yongo v. Nationwide Affinity Ins. Co. of Am.*, 2008 WL 516744, at *2 (E.D.N.C. Feb. 25, 2008) (staying discovery where defendant's affidavit provided "substantial support" for personal jurisdiction motion and plaintiffs' merits interrogatories had "no bearing" on jurisdiction challenge).

Moreover, Plaintiffs cannot claim prejudice from any delay in taking merits discovery from ML Pro because ***Plaintiffs themselves waited more than two years***

11

*before adding ML Pro as a Defendant in this action*. In sum, "[s]hould Defendant prevail on its motion to dismiss, any effort expended in responding to merits-related discovery would prove to be a waste of both parties' time and resources. Should Defendant's motion be denied, however, Plaintiff will still have ample time and opportunity to conduct discovery on the merits." *Orchid Biosciences, Inc.*, 198 F.R.D. at 675.

## CONCLUSION

For the foregoing reasons, ML Pro respectfully requests that this Court stay all merits discovery as to ML Pro until the Court has resolved the threshold jurisdictional issue raised in ML Pro's pending motion to dismiss.

## FEDERAL RULE OF CIVIL PROCEDURE 26(c)(1) CERTIFICATION

I hereby certify that counsel for ML Pro has in good faith conferred or attempted to confer with counsel for Plaintiffs in an effort to resolve the matters raised in this Motion without court action.

Dated:  November 12, 2010

   /*s/* Dan F. Laney III

Richard H. Sinkfield
Georgia Bar No. 649100
RSinkfield@rh-law.com

Dan F. Laney III
Georgia Bar No. 435290
DLaney@rh-law.com

ROGERS & HARDIN LLP
229 Peachtree Street, N.E.
2700 International Tower
Atlanta, Georgia  30303
Tel.:  404-522-4700,  Fax: 404-525-2224

Andrew J. Frackman
Abby F. Rudzin
Brad M. Elias
*Pro Hac Vice* Applications Pending

O'MELVENY & MYERS LLP
7 Times Square
New York, New York  10036
Tel.:  212-326-2000, Fax:  212-326-2061

*Attorneys for Defendant Merrill Lynch Professional Clearing Corp.*

## **CERTIFICATE OF COMPLIANCE**

Pursuant to Local Rule 7.1(D), I hereby certify that the foregoing brief has been prepared in Times New Roman, 14 point font, as permitted by Local Rule 5.1(C).

/s/ James W. Cobb
James W. Cobb
Georgia Bar No. 420133
jcobb@rh-law.com

ROGERS & HARDIN LLP
229 Peachtree Street, N.E.
2700 International Tower
Atlanta, Georgia  30303
Tel.:  404-522-4700
Fax: 404-525-2224

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| TASER INTERNATIONAL, INC., *et al.*<br><br>　　　Plaintiffs,<br><br>v.<br><br>MORGAN STANLEY & CO., INC., *et al.*<br><br>　　　Defendants. | CIVIL ACTION NUMBER:<br>1:10-CV-03108-JEC |

## CERTIFICATE OF SERVICE

I hereby certify that on November 12, 2010, I caused a copy of the foregoing **DEFENDANT MERRILL LYNCH PROFESSIONAL CLEARING CORP.'S MOTION TO STAY NON-JURISDICTIONAL DISCOVERY AND MEMORANDUM OF LAW IN SUPPORT** to be filed with the Clerk of Court using the CM/ECF system, which will automatically send e-mail notification of such filing to the following attorneys of record:

　　　　　　John E. Floyd, Esq.
　　　　　　floyd@bmelaw.com

　　　　　　Steven J. Rosenwasser, Esq.
　　　　　　rosenwasser@bmelaw.com

　　　　　　Nicole G. Iannarone
　　　　　　iannarone@bmelaw.com

>Jill A. Pryor
>pryor@bmelaw.com
>
>Robert L. Ashe, III, Esq.
>ashe@bmelaw.com
>
>Michael A. Caplan, Esq.
>caplan@bmelaw.com
>
>Elizabeth G. Eager
>eager@bmelaw.com

and that I have caused a copy to be served by U.S. Mail on the following attorneys

of record:

>James W. Christian, Esq.
>CHRISTIAN, SMITH & JEWELL LLP
>2302 Fannin, Suite 500
>Houston, TX  77002
>
>Robert F. Wise, Jr., Esq.
>William J. Fenrich, Esq.
>Melissa Aoyagi, Esq.
>DAVIS POLK & WARDWELL LLP
>450 Lexington Avenue
>New York, NY  10017
>
>Richard H. Klapper, Esq.
>Richard C. Pepperman, II, Esq.
>Tracy Richelle High, Esq.
>SULLIVAN & CROMWELL LLP
>125 Broad Street
>New York, NY  10004-2498

Stephen L. Ratner, Esq.
Brian L. Friedman, Esq.
PROSKAUER ROSE LLP
1585 Broadway
New York, NY  10036

Gregory A. Markel, Esq.
Martin L. Seidel, Esq.
Peter J. Isajiw, Esq.
Heather L. Fesnak, Esq.
CADWALADER, WICKERSHAM &
TAFT LLP
One World Financial Center
New York, NY  10281

Fraser L. Hunter, Jr., Esq.
WILMER CUTLER PICKERING HALE
AND DORR LLP
399 Park Avenue
New York, NY  10022

Andrew J. Frackman, Esq.
O'MELVENY & MYERS LLP
Times Square Tower
7 Times Square
New York, NY  10036

Andrew B. Clubok, Esq.
Jeffrey G. Landis, Esq.
Jeffrey M. Gould, Esq.
KIRKLAND & ELLIS LLP
655 Fifteenth Street, N.W.
Washington, DC  20005

/*s*/ James W. Cobb

James W. Cobb
Georgia Bar No. 420133
jcobb@rh-law.com

4