# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

TASER INTERNATIONAL, INC., *et al.*,  )
                                       )  Case No.: 1:10-CV-03108-JOF
    Plaintiffs,                        )
                                       )  [On removal from the State
v.                                     )  Court of Fulton County,
                                       )  Georgia Case No.:
MORGAN STANLEY & CO., INC., *et al.*,  )  2008-EV-004739-B]
                                       )
    Defendants.                        )
                                       )

## PLAINTIFFS' RESERVED FIRST DOCUMENT REQUESTS TO DEFENDANT MERRILL LYNCH PROFESSIONAL CLEARING CORPORATION

Pursuant to O.C.G.A. § 9-11-26, O.C.G.A. § 9-11-34, Fed. R. Civ. P. 26, and Fed. R. Civ. P. 34,[1] Plaintiffs hereby serve the following requests for production of documents, requesting that Defendant Merrill Lynch Professional Clearing Corporation, produce the documents as herein requested and described for inspection and copying at the offices of Bondurant, Mixson & Elmore, 1201 W. Peachtree St., Suite 3900, Atlanta, Georgia 30309.

Plaintiffs previously served identical document requests on September 21, 2010. After that date, Merrill Pro removed this case to federal court. Plaintiffs

---

[1] Plaintiffs have moved to remand this case because the federal court lacks subject-matter jurisdiction. By serving these requests for admission, Plaintiffs in no way waive their objection to litigating in federal court.

contend that the original document requests are still in force and that Merrill Pro

must respond to those.  In an abundance of caution, Plaintiffs are reserving the

document requests.

### Definitions

1.      "Documents" means all writings and things of any nature by which

information may be stored or communicated, including originals and all non-

identical copies and drafts thereof, in your possession, custody, or control,

regardless of where located, including without limitation contracts, agreements,

memoranda, notes, correspondence, letters, e-mails, communications, telegrams,

teletypes, telecopies, transmissions, messages (including, but not limited to,

records, reports, or memoranda of telephone calls and conversations), reports,

studies, summaries, analyses, minutes, diaries, calendars, logs, notes, agenda,

bulletins, notices, circulars, announcements, instructions, charts, tables, manuals,

brochures, schedules, price lists, records, orders, invoices, statements, bills, books

of account, ledgers, statistical, accounting, and financial statements, forecasts,

work papers, notebooks, data sheets, translations, photographs, drawings, tape

recordings, computer-stored information which can be retrieved or placed into

reasonably usable form, written communications and written evidence of oral

communications, and any other "document" from which information can be

obtained or translated, if necessary, by you through detection devices into reasonably usable form.  In all cases where originals and/or non-identical copies are not available, "documents" also means identical copies of original documents and copies of non-identical copies.

2.      "And" as well as "or" shall be construed disjunctively or conjunctively so as to bring within the scope of each request all documents, writings, and things which might otherwise be construed to be outside its scope.

3.      The use herein of the singular form of any noun or pronoun shall include, where appropriate, the plural thereof; the use herein of the masculine gender shall include, where appropriate, the feminine.

4.      The term "communication" includes, but is not limited to, all inquiries, discussions, conversations, negotiations, agreements, understandings, meetings, conferences, interviews, telephone conversations, correspondence, notes, minutes, memoranda, telegrams, telexes, electronic mail messages, facsimiles, advertisements, or other forms of oral or written intercourse, however transmitted.

5.      The terms "record", "reflect", "relate to", and "concern" are intended to have the broadest possible scope so that all documents, including drafts, are included if they in any way constitute, contain, pertain to, or mention the indicated subject or document.  Whenever a document provides part, but less than all, of the

information requested, such document should be produced along with all other related documents.

6.    "You" or "your" designates Merrill Lynch Professional Clearing Corp, subsidiaries, divisions, affiliates, predecessors, assigns or successors, and of their present or former officers, directors, trustees, employees, agents, representatives, attorneys and/or other persons acting on their behalf.  This term explicitly includes the PAX division.

7.    "Conduct at Issue" refers to the practices identified in Exhibit A to the parties' May 5 Stipulation and Order.

8.    "TASER" shall mean TASER International, Inc., a company publicly traded on the NASDAQ stock market under the symbol TASR.

9.    "Security" or "Securities" mean any note, common stock, preferred stock, treasury stock, put, call, straddle, option, bond, debenture, evidence of indebtedness, transferable share, investment contract or, in general, any interest or instrument commonly known as a "security."

10.    "Threshold Securities Investigation" shall refer to the investigation by the Securities and Exchange Commission *In the Matter of Certain Trading in Threshold Securities*, No. NY-7729.  The SEC's Order Directing Private

Investigation and Designating Officers to Take Testimony is available at

GSOC2_T 00004117-20.

11.   "Time Period" refers to January 1, 2003 to and through the present.

### Instructions

1.   Documents attached to other documents or materials shall not be

separated unless sufficient records are kept to permit reconstruction of the

grouping or context in which the document is maintained in the ordinary course of

your business.

2.   If any document which you would have produced in response to any

request was, but is no longer, in your present possession or subject to your control

or is no longer in existence, please state whether any such document is:

(1) missing or lost; (2) destroyed; (3) transferred to others; or (4) otherwise

disposed of.  In any such instance set forth the surrounding circumstances and any

authorization for such disposition and state the approximate date of any such

disposition, and, if known, state the present location and custodian of such

document.

3.   These document requests specifically seek electronic records (e.g.,

email, word processing documents, PowerPoints, Excel spreadsheets).  Plaintiff

shall produce all such records regardless of whether they are maintained or stored

on an active, storage or archived system.  Thus, these requests specifically include, but are not limited to, active, near-line and off-line electronic records, as well as electronic records stored on back-up tapes, floppy disc, compact disc, disaster tapes, magnetic tapes or any other medium used to store or archive email.  These requests also specifically include "deleted" emails that can be retrieved.  Finally, these requests seek metadata.

4.     Unless expressly stated otherwise, each of the document requests seeks documents from January 1, 2003, to May 31, 2009.

5.     If you contend that any document requested to be produced for inspection and copying is protected from disclosure by virtue of a privilege, provide the following with respect to each such document:

(a)     The type of each such document (e.g., letter, memoranda, e-mail,  telegram, telefax, notes, or memoranda of telephone conversations, etc.);

(b)     The date of each such document;

(c)     The author of each such document;

(d)     The person to whom such document was directed;

(e)     The person who received a copy of each such document; and

(f)     The general subject matter of each such document.

(g)     With respect to each document which you claim is protected from disclosure by virtue of a privilege, as provided for in the foregoing instruction, it is requested that you shall provide as part of such description thereof:

(h)     Each privilege whereby you contend the contents of such document are protected from disclosure; and

(i)     Each and every fact upon which you rely to support such claim.

## REQUESTS FOR PRODUCTION

### 1.

To the extent not already produced, all data showing or underlying any buys, sales, flips, conversions, reverse conversions, transfers, options, flex options, castles, synthetics, swaps or other transactions involving TASER securities, including options and derivatives.

### 2.

All documents sent to or received from the SEC in the Threshold Securities Investigation.  This request includes, but is not limited, to documents, correspondence, data, tape recordings, transcripts of tape recordings, video recordings, transcripts of video recordings, and testimony given in connection with the investigation.

812458.1

3.

All documents discussing, relating or referencing the Threshold Securities Investigation.

4.

All documents relating to any formal or informal examination, inquiry, or investigation (collectively, "investigation") of you by any department or agency of the United States or any State, regulatory body, or SRO (including, but not limited to, NASDAQ, FINRA, NYSE, ARCA, CBOE, any options trading board) related to the Conduct at Issue whether or not specifically related to TASER securities, so long as the investigation either resulted in a fine, censure, letter of caution, censure, or other sanction or is ongoing.[2]  This request includes but is not limited to any documents/ data sent or received from the agency or regulatory body, any findings by the agency or regulatory body, and any non-privileged internal communications related to or discussing the examination, inquiry or investigation.

5.

All documents discussing transactions or transfers in TASER securities.

---

[2] With respect to ongoing investigations or inquiries, this Request does not seek information relating to routine blue sheet requests.

6.

All documents discussing the following individuals or entities and the

Conduct at Issue:

- Ascend US Map Fund LLC;

- AGS Specialists LLC; AGS Specialists II LLC;

- Argonaut Capital Management Corp.;

- Blackrock Advisors;

- Botta Capital Management; Botta Specialist; Botta Trading LLC;

- Bridger; Bridger Capital, LLC; Bridger Management, LLC;

- Catalpa, Inc. Small Cap;

- Caxton Corporation; GDK Inc.; Caxton International Limited; Caxton
  Associates LLC; Dan Romanelli;

- Centurion; Centurion Securities LLC;

- Chilton Investment Co.; Chilton Investment Partners LP; Chilton Investment
  Company, Inc. GP; Despina Symeonides; Chilton Opportunity International
  LP; Chilton Opportunity Trust LP; Chilton QP Investment Partners LP;
  Chilton US Map Fund Ltd;

- Citadel Derivatives Group; Citadel Equity Fund Ltd; Citadel Securities LLC; Citadel Ltd Partnership; Citadel Trading Group; Citadel Limited Partnership; Eric Grappi;

- Coatue Capital LLC; Coatue Management LLC; Phillipe Laffont;

- Consolidated Trading, LLC;

- Cutler Group LP;

- DRO WST Trading LLC;

- Echotrade, LLC;

- Group One Trading LP;

- Halloran Trading, LLC;

- Hazan Capital Management, LLC; Steven Hazan;

- Highside Capital Management LP;

- Intrepid Capital Management;

- Kings Bay Capital;

- Lion Trading; Robert Leone;

- Lone Pine Capital;

- Magnetar Investment Management; Magnetar Capital; Magnetar Capital Master Fund Ltd.;

- Maple Leaf;

- Maverick;

- Millenco LLC; Millenco LP; Israel A. Engalder & Co., Inc.;

- Pequot New River Master Fund Limited; Pequot Scrs Fund LP;

- Peregrine Capital Management;

- Rocker Partners, David Rocker;

- Ronin Capital LLC;

- SAC Capital Associates; Sigma Capital Associates;

- Sallerson-Troob LLC; GAB I LLLC; Vintage Capital LLC;

- SBA Trading, LLC; Brian Arenstein; Scott Arenstein; ALA Trading LLC

- SOL Trading, L.P.;

- Susquehanna Capital Group; Susquehanna Investment Group; Susquehanna Securities; Susquehanna Financial Group LLLLP;

- Swiftcurrent Partners LP; Swiftcurrent Offshore LTD;

- Tesseract Capital LLC;

- Third Millennium Trading;

- Tiger Executions; Tiger Partners LP; Tigers Trust;

- TJM Investments LLC; TJM Proprietary Trading LLC;

- Viking Capital; Viking Global Equities; Viking Global Investors; and

- Wol Corp.; Jeffrey Wolfson.

7.

All documents discussing or referring to a market maker or other client failing to borrow a security that has a high negative or high negative borrow rate.

8.

All documents analyzing or discussing whether to permit or facilitate transactions for market makers or other clients who want to engage in short sales without borrowing the securities because they have a negative borrow rate.

9.

All documents discussing or referring to a market maker or other client failing to deliver a security by the settlement date because it has a negative or high negative borrow rate.

10.

All documents discussing flipping securities to Merrill Pro, the Pax Division of Merrill Pro, Merrill Lynch Pierce Fenner & Smith or any other Merrill Lynch subsidiary or affiliate in connection with a security that (a) has a negative borrow rate; (b) was sold short by a market maker; or (c) a market maker or other client is failing to deliver by the settlement date or time required by your internal policies and procedures.

11.

All formal analyses, audits, reports, and reviews of your compliance with Regulation SHO, UPC 71, NASD 3310, or NASD 3370.

12.

All formal analyses, audits, reports, and reviews of your policies, practices and procedures relating to Regulation SHO, UPC71, NASD 3170, or NASD 3370.

13.

All documents discussing permitting the failure to deliver or receive of securities.

14.

All documents concerning, discussing, or referencing abusive naked short selling.

15.

All documents discussing charging a client any fees or commissions relating to the short sale of securities when ML Pro did not loan or borrow the securities.

16.

All documents discussing or referencing the amount of profit you made or money you lost through the short sale (either directly for proprietary accounts) or indirectly for customers or partners of TASER securities.

17.

All documents discussing or referencing the amount of revenues and/or profits you received in connection with borrowing or loaning TASER securities.

18.

Documents sufficient to show the yearly profit or losses for ML Pro.

19.

All Suspicious Activity Reports involving the Conduct at Issue.

20.

All DTCC Market Maker reports.

21.

All Documents discussing potential changes to SEC rules and/or regulations regarding short sales.  This request includes any minutes, notes or any other documents made in preparation for, memorializing, discussing or referencing communications, you had with a regulatory agency, including the Securities and Exchange Commission, or self-regulatory organization.  This request includes, but is not limited to, documents relating to meetings with the SEC relating to: (a) any amendments to Reg SHO; (b) naked short selling; (c) the "Naked" Short Selling Antifraud Rule (*see http://www.sec.gov/rules/final/2008/34-58774.pdf*); or (d) any Emergency Order by the SEC relating to short selling of any of the Defendants'

stock, including, but not limited to, SEC Release No. 34-58166, SEC Release No. 34-58190 and SEC Release No. 34-58572.

22.

All documents discussing the potential impact or effect of: (a) any amendments to Reg SHO; (b) abusive naked short selling; (c) the "Naked" Short Selling Antifraud Rule (*see http://www.sec.gov/rules/final/2008/34-58774.pdf*); or (d) any Emergency Order by the SEC relating to short selling of any of the Defendants' stock, including, but not limited to, SEC Release No. 34-58166, SEC Release No. 34-58190 and SEC Release No. 34-58572.

23.

Organizational charts for the Time Period.

24.

Documents sufficient to show your document retention policies, practices and procedures, including, but not limited to, any litigation holds put on place for purposes of this litigation.

25.

All documents referenced in or in support of any responses you provide to interrogatories or requests for admission served by plaintiffs.

26.

All documents supporting any responses or affirmative defenses set forth in your Answer.

27.

Documents relied upon by any experts you may hire in this matter.

28.

Documents you receive from any third party relating to or arising out of this litigation.

29.

Please produce all insurance agreements and/or policies under which any insurance company may be liable to satisfy part or all of any judgment which may be rendered in this action, or indemnity or reimburse for payments made to satisfy the judgment or legal fees, including all endorsements, riders, other supplemental information, and declarations page(s).

30.

Documents sent to or received from a United States Attorney's Office or the Department of Justice that pertain to or involve the Conduct at issue.

812458.1

31.

Documents sufficient to show your policies and procedures relating to: (a) flex options; (b) conversions; (c) reverse conversions; and (d) flipping securities to Merrill Lynch subsidiaries or affiliates.

32.

All documents supporting any claim that the market-maker or option-market-maker exemption applied with respect to any transactions involving TASER securities, including options or derivatives.  This includes, but is not limited to, any attestations by the market maker or option market maker that an exemption applied any research or analysis you conducted to verify whether the exemption applied.

33.

All documents referencing, referring to, or discussing whether any of the entities or individuals identified in Request No. 6 above qualify for, are entitled to, or improperly claimed the market maker or options market maker exemption.

Respectfully submitted this 26th day of October, 2010.

*Elizabeth G. Eager*

John E. Floyd
Georgia Bar No. 266413
Steven J. Rosenwasser
Georgia Bar No. 614908
Nicole G. Iannarone
Georgia Bar No. 382510
Elizabeth G. Eager
Georgia Bar No. 644007
Bondurant, Mixson & Elmore, LLP
3900 One Atlantic Center
1201 West Peachtree Street, N.W.
Atlanta, Georgia  30309-3417
(404) 881-4100 Tel.
(404) 881-4111 Fax

James W. Christian
State Bar No. 04228700
Gary M. Jewell
State Bar No. 10664800
Scott R. Link
State Bar No. 12390900
Christian, Smith, & Jewell, LLP
2302 Fannin, Suite 500
Houston, Texas  77002
(713) 659-7617 Tel.
(713) 659-7641 Fax
(admitted pro hac vice)

***ATTORNEYS FOR PLAINTIFFS***

## CERTIFICATE OF SERVICE

**I hereby certify that on this day, I caused to be served a true and correct copy of the within and foregoing PLAINTIFFS' RESERVED FIRST DOCUMENT REQUESTS TO DEFENDANT MERRILL LYNCH PROFESSIONAL CLEARING CORPORATION** to be served via e-mail and United States Mail, with adequate postage thereon and addressed as follows:

> **Attorneys for Defendants:**
> Richard H. Sinkfield, Esq.
> Dan F. Laney, III, Esq.
> Kristina M. Jones, Esq.
> Stefanie H. Jackman, Esq.
> James W. Cobb, Esq.
> Rogers & Hardin
> 2700 International Tower, Peachtree Center
> 229 Peachtree Street, N.E.
> Atlanta, GA  30303-1601
> rsinkfield@rh-law.com

Further, I hereby certify that on this day, I caused to be served a true and correct copy of the foregoing to be served by U.S. Mail on:

> **Attorneys for Banc of America Securities, LLC;**
> **Merrill Lynch, Pierce, Fenner & Smith, Inc.; and Merrill Lynch**
> **Professional Clearing Corporation:**
> Andrew J. Frackman, Esq.
> Brad Elias, Esq.
> O'Melveny & Myers LLP
> 7 Times Square
> New York, NY  10036
> afrackman@omm.com

812458.1

**Attorneys for Morgan Stanley & Co. Incorporated:**
Robert F. Wise, Jr., Esq.
William J. Fenrich, Esq.
Melissa T. Aoyagi, Esq.
Davis Polk & Wardwell LLP
450 Lexington Avenue
New York, NY  10017
robert.wise@davispolk.com

**Attorneys for Bear Stearns & Co., Inc. and Bear Stearns Securities Corp.:**
Stephen L. Ratner, Esq.
Harry Frischer, Esq.
Brian L. Friedman, Esq.
Proskauer Rose LLP
1585 Broadway
New York, NY  10036
blfriedman@proskauer.com

**Attorneys for Goldman, Sachs & Co. and Goldman Sachs Execution & Clearing, L.P.:**
Richard C. Pepperman II, Esq.
Richard H. Klapper, Esq.
Tracy Richelle High, Esq.
Sullivan & Cromwell LLP
125 Broad Street
New York, NY  10004
peppermanr@sullcrom.com

**Attorneys for Deutsche Bank Securities Inc.:**
Heather L. Fesnak, Esq.
Peter J. Isajiw, Esq.
Gregory A. Markel, Esq.
Cadwalader Wickersham & Taft LLP
One World Financial Center
New York, NY  10281
peter.isajiw@cwt.com

812458.1

**Attorneys for UBS Securities, LLC:**
Andrew B. Clubok, Esq.
Jeffrey G. Landis, Esq.
Daniel Gomez, Esq.
Kirkland & Ellis LLP
655 Fifteenth Street, N.W., Suite 1200
Washington, DC  20005-5793
aclubok@kirkland.com

Maria Ginzburg, Esq.
Kirkland & Ellis LLP
Citigroup Center
153 East 53rd Street
New York, NY  10022-4611

**Attorneys for Credit Suisse Securities (USA), LLC.:**
Fraser L. Hunter, Jr., Esq.
Wilmer Cutler Pickering Hale & Dorr LLP
399 Park Avenue
New York, NY  10022
fraser.hunter@wilmerhale.com

This 26th day of October, 2010.

Elizabeth G. Eager
Georgia Bar No. 644007