# EXHIBIT 4

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| TASER INTERNATIONAL, INC., *et al.*, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> MORGAN STANLEY & CO., INC., *et al.*, ) <br> ) <br> Defendants. ) <br> _____ ) | Case No.: 1:10-CV-03108-JOF <br><br> [On removal from the State Court of Fulton County, Georgia Case No.: 2008-EV-004739-B] |

### PLAINTIFFS' SECOND REQUESTS FOR PRODUCTION TO DEFENDANT MERRILL LYNCH PROFESSIONAL CLEARING CORP.

Pursuant to Fed. R. Civ. P. 26 and Fed. R. Civ. P. 34,[1] Plaintiffs hereby serve the following requests for production of documents, requesting that Defendant Merrill Lynch Professional Clearing Corp. ("ML Pro") produce the documents herein requested and described for inspection and copying at the offices of Bondurant, Mixson & Elmore, 1201 W. Peachtree St., Suite 3900, Atlanta, Georgia 30309.

---

[1] Plaintiffs have moved to remand this case because the federal court lacks subject-matter jurisdiction. By serving these requests for production, Plaintiffs in no way waive their objection to litigating in federal court.

813607.1

## **Definitions**

1.  "Documents" means all writings and things of any nature by which information may be stored or communicated, including originals and all non-identical copies and drafts thereof, in your possession, custody, or control, regardless of where located, including without limitation contracts, agreements, memoranda, notes, correspondence, letters, e-mails, communications, telegrams, teletypes, telecopies, transmissions, messages (including, but not limited to, records, reports, or memoranda of telephone calls and conversations), reports, studies, summaries, analyses, minutes, diaries, calendars, logs, notes, agenda, bulletins, notices, circulars, announcements, instructions, charts, tables, manuals, brochures, schedules, price lists, records, orders, invoices, statements, bills, books of account, ledgers, statistical, accounting, and financial statements, forecasts, work papers, notebooks, data sheets, translations, photographs, drawings, tape recordings, computer-stored information which can be retrieved or placed into reasonably usable form, written communications and written evidence of oral communications, and any other "document" from which information can be obtained or translated, if necessary, by you through detection devices into reasonably usable form.  In all cases where originals and/or non-identical copies

are not available, "documents" also means identical copies of original documents and copies of non-identical copies.

2. "And" as well as "or" shall be construed disjunctively or conjunctively so as to bring within the scope of each request all documents, writings, and things which might otherwise be construed to be outside its scope.

3. The use herein of the singular form of any noun or pronoun shall include, where appropriate, the plural thereof; the use herein of the masculine gender shall include, where appropriate, the feminine.

4. The term "communication" includes, but is not limited to, all inquiries, discussions, conversations, negotiations, agreements, understandings, meetings, conferences, interviews, telephone conversations, correspondence, notes, minutes, memoranda, telegrams, telexes, electronic mail messages, facsimiles, advertisements, or other forms of oral or written intercourse, however transmitted.

5. The terms "record", "reflect", "relate to", and "concern" are intended to have the broadest possible scope so that all documents, including drafts, are included if they in any way constitute, contain, pertain to, or mention the indicated subject or document. Whenever a document provides part, but less than all, of the information requested, such document should be produced along with all other related documents.

6. "You" or "your" designates Merrill Lynch Professional Clearing Corp., its subsidiaries, divisions, affiliates, predecessors, assigns or successors, and all of their present or former officers, directors, trustees, employees, agents, representatives, attorneys and/or other persons acting on their behalf. This term explicitly includes the PAX and SAGE divisions.

7. "Conduct at Issue" refers to the practices identified in Exhibit A to the May 5, 2010 Stipulation and Order entered in this case in the State Court of Fulton County, Georgia.

8. "TASER" means TASER International, Inc., a company publicly traded on the NASDAQ stock market under the symbol TASR.

9. "Security" or "Securities" means any note, common stock, preferred stock, treasury stock, put, call, straddle, option, conversion, reverse conversion, flex option, bond, debenture, evidence of indebtedness, transferable share, investment contract or, in general, any interest or instrument commonly known as a "security."

10. The term "Person" as used herein shall mean an individual, corporation, partnership, or association, or any other business, regulatory or governmental entity (both foreign and domestic).

11. The term "Person in Georgia" refers to a Person (as that term is defined in Definition No. 10 herein) whom: (a) has or had an account with the Defendant for which the account address is in Georgia; (b) resides or is domiciled in Georgia; (c) you know to have made the purchase, sale, loan or borrow request or order from Georgia; (d) receives or received correspondence, statements or money from the Defendant in Georgia; or (e) the Defendant otherwise knows is located in Georgia.

12. "Time Period" refers to January 1, 2003 to and through the present.

13. "Melz Declaration" refers to the Declaration of Peter Melz filed as Docket No. 59-1 in the federal district court docket of this case.

### Instructions

1. Documents attached to other documents or materials shall not be separated unless sufficient records are kept to permit reconstruction of the grouping or context in which the document is maintained in the ordinary course of your business.

2. If any document which you would have produced in response to any request was, but is no longer, in your present possession or subject to your control or is no longer in existence, please state whether any such document is: (1) missing or lost; (2) destroyed; (3) transferred to others; or (4) otherwise

disposed of. In any such instance set forth the surrounding circumstances and any authorization for such disposition and state the approximate date of any such disposition, and, if known, state the present location and custodian of such document.

    3. These document requests specifically seek electronic records (*e.g.*, email, word processing documents, PowerPoints, Excel spreadsheets, data and databases). Plaintiff shall produce all such records regardless of whether they are maintained or stored on an active, storage or archived system. Thus, these requests specifically include, but are not limited to, active, near-line and off-line electronic records, as well as electronic records stored on back-up tapes, floppy disc, hard drives, disc drives, portable drives, compact disc, disaster tapes, magnetic tapes or any other medium used to store or archive email. These requests also specifically include "deleted" emails that can be retrieved. Finally, these requests seek metadata.

    4. Unless expressly stated otherwise, each of the document requests seeks documents for the period from January 1, 2003 to the present.

    5. If you contend that any document requested to be produced for inspection and copying is protected from disclosure by virtue of a privilege, provide the following with respect to each such document:

(a) The type of each such document (*e.g.*, letter, memoranda, e-mail, telegram, telefax, notes, or memoranda of telephone conversations, etc.);

(b) The date of each such document;

(c) The author of each such document;

(d) The person to whom such document was directed;

(e) The person who received a copy of each such document; and

(f) The general subject matter of each such document.

(g) With respect to each document which you claim is protected from disclosure by virtue of a privilege, as provided for in the foregoing instruction, it is requested that you shall provide as part of such description thereof:

(h) Each privilege whereby you contend the contents of such document are protected from disclosure; and

(i) Each and every fact upon which you rely to support such claim.

## REQUESTS FOR PRODUCTION[2]

1. Please produce all Uniform Applications for Broker-Dealer Registration (also known as Form BD) that you have completed and submitted to any Person during the Time Period or that was in effect during the Time Period.

---

[2] The Requests for Production *do not* seek the production of documents that you sent to or received from Georgia solely as part of this litigation.

813607.1

7

This specifically includes, but is not limited to, any Form BD submitted to FINRA, NASD, AMEX, CBOE, OCC, SPIC or the SEC.

2. Please produce all Forms U-4 or Rev. Form U-4 that you or any of your employees have completed and submitted to any Person during the Time Period or that was in effect during the Time Period. This specifically includes, but is not limited to, any Form BD submitted to FINRA, NASD, AMEX, CBOE, OCC, SPIC or the SEC.

3. Please produce all documents, including emails and other documents in electronic form, that you sent to or received from a Person in Georgia that relate to the purchase, sale, loan, borrow or delivery of securities or derivatives.

4. Please produce all contracts or agreements you have entered into in which any signatory or party is a Person in Georgia.

5. Please produce all documents, including emails and other documents in electronic form, sent to or received from the "customer in Georgia" identified in the Melz Declaration.

6. Please produce all documents sufficient to reflect or show the identity of and securities transactions you undertook for or on behalf of the "customer in Georgia" identified in the Melz Declaration.

7. Please produce documents sufficient to reflect or show the "Georgia customers whose transactions flow through Merrill Pro" as described in the Melz Declaration and, for each such customer, please produce documents sufficient to reflect or show each such transaction.

8. Please produce documents sufficient to reflect or show "Merrill Pro's broker-dealer clients" who "have Georgia customers whose transactions flow through Merrill Pro" as described in the Melz Declaration and, for each such customer, please produce documents sufficient to reflect or show each such transaction.

9. Please produce all phone logs or other documents identifying any telephone calls or facsimiles you made, sent to or received from any Person in Georgia.

10. Please produce all documents, including emails, reflecting communications between you and any office of Merrill Lynch Pierce Fenner & Smith, Inc. located in Georgia.

11. Please produce all documents, including emails and any carbon copies ("ccs"), that you sent to or received from the Securities and Exchange Commission's Atlanta, Georgia office.

12. Please produce documents sufficient to reflect or show all instances in which you cleared a security transaction for or on behalf of a Person in Georgia.

13. Please produce all presentations or marketing materials that you sent or presented to a Person in Georgia.

14. Please produce all documents you sent to or received from Knight Capital's offices in Georgia.

15. Please produce all documents you sent to or received from Susquehanna Investment Group's (hereinafter "Susquehanna") offices in Georgia.

16. Please produce all documents relating to any property you owned, leased or rented in Georgia.

17. Please produce all registrations you filed or made in order to do business in Georgia, including, but not limited to, all registrations with any governmental agency, self regulatory organization ("SRO"), exchange or alternative trading system.

18. Please produce all applications, registrations and other documents wherein you sought or applied for any registration, license, permission or authority to do or conduct business of any kind in Georgia.

19. Please produce all documents sufficient to reflect or show transactions you cleared for VT Brokers, LLC's office in Georgia.

20. Please produce documents sufficient to reflect or show any purchases or sales of securities in companies incorporated in Georgia which you cleared on behalf of any customer.

21. Please produce all documents (including marketing or online materials) representing or stating that you are registered in Georgia.

22. Please produce all documents you sent to or received from a Person in Georgia, with the exception of documents relating only to this litigation.

23. Please produce documents sufficient to show all trades or securities transactions you cleared for or at the request of Knight Capital's Georgia office or Susquehanna's Georgia office.

24. Please produce all documents stating all locations where, in the United States, you are registered.

25. Please produce any marketing or business plans discussing or referring to marketing or otherwise seeking to obtain business either: (a) nationwide; or (b) in Georgia.

26. Please produce documents sufficient to show any money you received from or sent to a Person in Georgia, including, but not limited to, any documents reflecting wire transfers to or from Georgia or checks sent to or received from Georgia.

27. Please produce documents discussing, describing or referring to whether your Compliance Department or any other Department performs duties or functions for any other Merrill Lynch entity, including, but not limited to, Merrill Lynch Pierce Fenner and Smith.

28. Please produce documents reflecting any instances in which your Compliance Department or any other Department investigated, reviewed or analyzed (on either your own behalf or on behalf of any other person) a security transaction that was made for or on behalf of a Person in Georgia.

29. Please produce documents sufficient to show any instances in which Merrill Lynch Pierce Fenner and Smith flipped or otherwise transferred shares to you for or on behalf of a customer that is a Person in Georgia.

30. Please produce documents sufficient to show each instance in which a Person in Georgia was a counterparty to a securities transaction you cleared.

31. To the extent not previously requested, please produce any and all documents submitted to any agency, SRO or other regulatory body located in Georgia.

Respectfully submitted this 1st day of November, 2010.

/s/ John E. Floyd

John E. Floyd
Georgia Bar No. 266413
floyd@bmelaw.com
Steven J. Rosenwasser
Georgia Bar No. 614908
rosenwasser@bmelaw.com
Nicole G. Iannarone
Georgia Bar No. 382510
iannarone@bmelaw.com
Michael A. Caplan
Georgia Bar No. 601039
caplan@bmelaw.com
Elizabeth G. Eager
Georgia Bar No. 644007
eager@bmelaw.com
Robert L. Ashe
Georgia Bar No. 208077
ashe@bmelaw.com
Bondurant, Mixson & Elmore, LLP
3900 One Atlantic Center
1201 West Peachtree Street, N.W.
Atlanta, Georgia 30309-3417

(404) 881-4100 Tel.
(404) 881-4111 Fax

813607.1

12

James W. Christian
State Bar No. 04228700
jchristian@csj-law.com
Gary M. Jewell
State Bar No. 10664800
gjewell@csj-law.com
Scott R. Link
State Bar No. 12390900
slink@csj-law.com
Katherine Morton-Gonyea
State Bar No. 24066701
kgonyea@csj-law.com
Christian, Smith, & Jewell, LLP
2302 Fannin, Suite 500
Houston, Texas  77002
(713) 659-7617 Tel.
(713) 659-7641 Fax
(admitted *pro hac vice*)

Attorneys for Plaintiffs

# CERTIFICATE OF SERVICE

I hereby certify that on this day, I caused to be served a true and correct copy of **PLAINTIFFS' SECOND REQUESTS FOR PRODUCTION TO DEFENDANT MERRILL LYNCH PROFESSIONAL CLEARING CORP.** via e-mail and United States mail, with adequate postage thereon and addressed as follows:

**Attorneys for Defendants:**
Richard H. Sinkfield, Esq.
Dan F. Laney, III, Esq.
Kristina M. Jones, Esq.
Stefanie H. Jackman, Esq.
James W. Cobb, Esq.
Rogers & Hardin
2700 International Tower, Peachtree Center
229 Peachtree Street, N.E.
Atlanta, GA  30303-1601
rsinkfield@rh-law.com

**Attorneys for Banc of America Securities, LLC;**
**Merrill Lynch, Pierce, Fenner & Smith, Inc.; and Merrill Lynch**
**Professional Clearing Corporation:**
Andrew J. Frackman, Esq.
Brad Elias, Esq.
O'Melveny & Myers LLP
7 Times Square
New York, NY  10036
afrackman@omm.com

Further, I hereby certify that on this day, I caused to be served a true and correct copy of the foregoing via United States mail on:

813607.1

14

**Attorneys for Morgan Stanley & Co. Incorporated:**
Robert F. Wise, Jr., Esq.
William J. Fenrich, Esq.
Melissa T. Aoyagi, Esq.
Davis Polk & Wardwell LLP
450 Lexington Avenue
New York, NY  10017

**Attorneys for Bear Stearns & Co., Inc. and Bear Stearns Securities Corp.:**
Stephen L. Ratner, Esq.
Harry Frischer, Esq.
Brian L. Friedman, Esq.
Proskauer Rose LLP
1585 Broadway
New York, NY  10036

**Attorneys for Goldman, Sachs & Co. and Goldman Sachs Execution & Clearing, L.P.:**
Richard C. Pepperman II, Esq.
Richard H. Klapper, Esq.
Tracy Richelle High, Esq.
Sullivan & Cromwell LLP
125 Broad Street
New York, NY  10004

**Attorneys for Deutsche Bank Securities Inc.:**
Heather L. Fesnak, Esq.
Peter J. Isajiw, Esq.
Gregory A. Markel, Esq.
Cadwalader Wickersham & Taft LLP
One World Financial Center
New York, NY  10281

**Attorneys for UBS Securities, LLC:**
Andrew B. Clubok, Esq.
Jeffrey G. Landis, Esq.
Daniel Gomez, Esq.
Kirkland & Ellis LLP
655 Fifteenth Street, N.W., Suite 1200
Washington, DC 20005-5793

Maria Ginzburg, Esq.
Kirkland & Ellis LLP
Citigroup Center
153 East 53rd Street
New York, NY 10022-4611

**Attorneys for Credit Suisse Securities (USA), LLC.:**
Fraser L. Hunter, Jr., Esq.
Wilmer Cutler Pickering Hale & Dorr LLP
399 Park Avenue
New York, NY 10022

This 1st day of November, 2010.

Nicole G. Iannarone
Georgia Bar No. 382510

813607.1

16