IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| TASER INTERNATIONAL, INC., *et al.*, | |
| Plaintiffs, | Civil Case No. |
| v. | 1:10-CV-03108-JEC |
| MORGAN STANLEY & CO., INC., *et al.*, | |
| Defendants. | |

**DEFENDANT MERRILL LYNCH PROFESSIONAL CLEARING CORP.'S
MOTION FOR LEAVE TO FILE *INSTANTER*
SURREPLY IN FURTHER SUPPORT OF ITS
OPPOSITION TO PLAINTIFFS' MOTION FOR REMAND**

Defendant Merrill Lynch Professional Clearing Corp. ("Merrill Pro") respectfully moves this Court for an order granting Merrill Pro leave to file a brief (10-page) surreply in response to the Reply Plaintiffs submitted in support of their Motion for Remand, Fees and Costs. (Dkt. No. 76). A copy of Merrill Pro's proposed surreply is attached as Exhibit A to this motion.[1] The Declaration of Christina J. Hayes is attached as Exhibit B.

---

[1] Merrill Pro has also requested a hearing on Plaintiffs' remand motion. Merrill Pro continues to believe that a hearing would be helpful to the Court, given the complexities of the National System at issue.

While a surreply is not usually necessary or required, Merrill Pro believes that a surreply is warranted under the circumstances presented here.  In a typical motion, the movant bears the burden of persuasion.  But here Merrill Pro bears the burden of establishing this Court's jurisdiction and therefore should be permitted to have the last word.  *See generally United States v. Arboleda*, 20 F.3d 58, 59 (2d Cir. 1994) ("The law of course permits the prosecution, because of the burden of proof imposed on it, to have the last word."); *Minnick v. Lee*, 174 Ga. App. 182, 188, 329 S.E.2d 548, 553 (Ga. Ct. App. 1985) ("Plaintiffs were entitled to 'the last word' by way of rebuttal, since they had the burden of proof.") (Beasley, J., concurring).

Indeed, courts in this circuit and others routinely consider surreplies when deciding motions to remand.  *See, e.g.*, *Muhammad v. Humanadental Ins. Co.*, 2009 U.S. Dist. LEXIS 96818, at *16 (N.D. Ga. Oct. 16, 2009) (granting leave to file surreply in response to motion to remand); *Davenport v. Ford Motor Co.*, 2006 U.S. Dist. LEXIS 49481, at *1 (N.D. Ga. July 19, 2006) (accepting surreply in response to motion for remand after recognizing that surreplies are "not anticipated by the Court's local rules"); *see also Jones v. Life Ins. Co. of N. Am.*, 2010 U.S. Dist. LEXIS 113385, at *3 (W.D. Ky. Oct. 22, 2010) (granting leave to file surreply in response to motion to remand); *Nat'l City Bank v. Aronson*, 474

F. Supp. 2d 925, 930 (S.D. Ohio 2006) ("Because the tendered sur-reply and the declaration attached to that filing address the merits of the issue of this Court's jurisdiction, this Court will consider the sur-reply."); *Hunter v. CSX Transp., Inc.*, 2006 U.S. Dist. LEXIS 48670, at *1 (D.S.C. July 12, 2006) (considering surreply on motion to remand); *Tomblin v. XLNT Veterinary Care, Inc.*, 2010 U.S. Dist. LEXIS 69643, at *1 (S.D. Cal. July 12, 2010) (same); *Smith v. Trusted Universal Stds. in Elec. Transactions, Inc.*, 2010 U.S. Dist. LEXIS 43360, at *1 (D.N.J. May 4, 2010) (same).

A surreply is particularly appropriate here, because Plaintiffs' Reply contains several legal and factual inaccuracies. First, Plaintiffs conflate the standards for assessing federal jurisdiction under 15 U.S.C. § 78aa and 28 U.S.C. § 1331. These statutes offer separate and independent grounds for federal jurisdiction, and the "essential element" analysis required under Section 1331 is irrelevant to the Section 78aa analysis. Second, Plaintiffs contend that the Complaint's central allegation—that Defendants' conduct created counterfeit shares—is not an "essential element" of their claims. But without their counterfeit-share allegations, Plaintiffs cannot allege the requisite injury. They are legally "essential" to Plaintiffs' claims. The Court should have the benefit of these arguments when it considers its jurisdiction. *See Jones*, 2010 U.S. Dist. LEXIS

113385, at *3 (granting surreply on remand motion because "the arguments contained in [defendant's] sur-reply will aid [the court] in reaching a proper decision on the merits").

WHEREFORE, for all these reasons, Merrill Pro respectfully requests that the Court grant this motion and permit the attached surreply to be filed *instanter*.

Dated:  November 18, 2010

/s/ Richard H. Sinkfield
Richard H. Sinkfield
Georgia Bar No. 649100
RSinkfield@rh-law.com

Dan F. Laney III
Georgia Bar No. 435290
DLaney@rh-law.com

ROGERS & HARDIN LLP
229 Peachtree Street, N.E.
2700 International Tower
Atlanta, Georgia  30303
Tel.:  404-522-4700
Fax:  404-525-2224

Andrew J. Frackman
Abby F. Rudzin
Brad M. Elias
*Pro Hac Vice* Applications Pending

O'MELVENY & MYERS LLP
7 Times Square
New York, New York  10036
Phone:  212-326-2000

5

Fax:  212-326-2061

*Attorneys for Defendant Merrill Lynch
Professional Clearing Corp.*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| TASER INTERNATIONAL, INC., *et al.*<br><br>　　Plaintiffs,<br><br>v.<br><br>MORGAN STANLEY & CO., INC., *et al.*<br><br>　　Defendants. | CIVIL ACTION NUMBER:<br>1:10-CV-03108-JEC |

## CERTIFICATE OF SERVICE

I hereby certify that on November 18, 2010, I caused a copy of the foregoing **DEFENDANT MERRILL LYNCH PROFESSIONAL CLEARING CORP.'S MOTION FOR LEAVE TO FILE *INSTANTER* SURREPLY IN FURTHER SUPPORT OF ITS OPPOSITION TO PLAINTIFFS' MOTION FOR REMAND** to be filed with the Clerk of Court using the CM/ECF system, which will automatically send e-mail notification of such filing to the following attorneys of record:

　　　　John E. Floyd, Esq.
　　　　floyd@bmelaw.com

　　　　Steven J. Rosenwasser, Esq.
　　　　rosenwasser@bmelaw.com

>Nicole G. Iannarone
>iannarone@bmelaw.com
>
>Jill A. Pryor
>pryor@bmelaw.com
>
>Robert L. Ashe, III, Esq.
>ashe@bmelaw.com
>
>Michael A. Caplan, Esq.
>caplan@bmelaw.com
>
>Elizabeth G. Eager
>eager@bmelaw.com

and that I have caused a copy to be served by U.S. Mail on the following attorneys

of record:

>James W. Christian, Esq.
>CHRISTIAN, SMITH & JEWELL LLP
>2302 Fannin, Suite 500
>Houston, TX  77002
>
>Robert F. Wise, Jr., Esq.
>William J. Fenrich, Esq.
>Melissa Aoyagi, Esq.
>DAVIS POLK & WARDWELL LLP
>450 Lexington Avenue
>New York, NY  10017
>
>Richard H. Klapper, Esq.
>Richard C. Pepperman, II, Esq.
>Tracy Richelle High, Esq.
>SULLIVAN & CROMWELL LLP
>125 Broad Street
>New York, NY  10004-2498

Stephen L. Ratner, Esq.
Brian L. Friedman, Esq.
PROSKAUER ROSE LLP
1585 Broadway
New York, NY  10036

Gregory A. Markel, Esq.
Martin L. Seidel, Esq.
Peter J. Isajiw, Esq.
Heather L. Fesnak, Esq.
CADWALADER, WICKERSHAM &
TAFT LLP
One World Financial Center
New York, NY  10281

Fraser L. Hunter, Jr., Esq.
WILMER CUTLER PICKERING HALE
AND DORR LLP
399 Park Avenue
New York, NY  10022

Andrew J. Frackman, Esq.
O'MELVENY & MYERS LLP
Times Square Tower
7 Times Square
New York, NY  10036

- 4 -

Andrew B. Clubok, Esq.
Jeffrey G. Landis, Esq.
Jeffrey M. Gould, Esq.
KIRKLAND & ELLIS LLP
655 Fifteenth Street, N.W.
Washington, DC  20005

/*s*/ Richard H. Sinkfield

Richard H. Sinkfield
Georgia Bar No. 649100
rsinkfield@rh-law.com