IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| TASER INTERNATIONAL, INC., *et al.*, ) | |
| ) | Case No.: 1:10-cv-3108-JEC |
| Plaintiffs, ) | |
| ) | [On removal from the State |
| v. ) | Court of Fulton County, |
| ) | Georgia Case No.: |
| MORGAN STANLEY & CO., INC., *et al.*, ) | 2008-EV-004739-B] |
| ) | |
| Defendants. ) | |
| _____ ) | |

**PLAINTIFFS' BRIEF IN OPPOSITION TO MERRILL LYNCH
PROFESSIONAL CLEARING CORP.'S MOTION FOR LEAVE TO FILE
INSTANTER SURREPLY IN FURTHER SUPPORT OF ITS OPPOSITION
TO PLAINTIFFS' MOTION FOR REMAND**

The Court should deny Merrill Lynch Professional Clearing Corp.'s ("ML Pro") motion for leave to file a sur-reply. This District permits sur-replies only in "***unusual***" circumstances "such as where a movant raises new arguments or facts in a reply brief, or where a party wishes to inform the Court of a new decision or rule implicating the motion under review." *Stephens v. Trust for Public Land*, 475 F. Supp. 2d 1299, 1303 (N.D. Ga. 2007) (emphasis added). ML Pro has not identified any new argument Plaintiffs raised on reply or any new, intervening caselaw. Instead, recognizing that its original arguments against remand fail, ML Pro files a sur-reply (1) making the ***new*** argument that the essential element rule, a

819859.1

long-standing principle of federal removal jurisprudence, does not apply at all to ML Pro's contentions based on 15 U.S.C. § 78aa; and (2) *repeating* its previous argument that the "counterfeit shares" allegation is essential to Plaintiffs' claims of injury. Dkt. #55 at 16-17 (making this precise argument).

Putting aside that the arguments in the sur-reply are wrong – because the essential element rule applies under binding Eleventh Circuit and Supreme Court authority, because remand would required even if that rule did not apply, and because Plaintiffs have alleged illegal conduct that causes harm, regardless of whether it is deemed to create counterfeit shares (*see* Exhibit A attached hereto) – raising new arguments and repeating old ones does not justify a sur-reply. ML Pro had a full opportunity to raise all arguments against remand in its Opposition and even benefited from an extra Opposition filed by its co-defendants, including its parent company, Merrill Lynch Pierce Fenner & Smith, Inc. ML Pro is not countering any "inaccuracies" in Plaintiffs' Reply; it simply wants to continue arguing against Plaintiffs' positions. The Court should reject this effort and deny ML Pro leave to file yet another brief in opposition to Plaintiffs' Motion for Remand. In the event the Court permits the filing of ML Pro's sur-reply, Plaintiffs request that the Court deem filed Plaintiffs' Reply in Opposition to ML Pro's Sur-

Reply and in Support of Plaintiffs' Motion for Remand, Fees and Costs, which is attached hereto as Exhibit A.

**I.     ML Pro Is Not Entitled to File a Sur-Reply Simply Because It Bears the Burden of Proof.**

This Court's Local Rules contemplate only three briefs being filed in connection with a motion:  an initial brief, a response brief, and a reply brief.[1]  *See* Northern District of Georgia Local Rule 7.1.  As this Court has repeatedly stated, "[n]either the Federal Rules of Civil Procedure nor this Court's Local Rules authorize the filing of surreplies."  *Fedrick v. Mercedes-Benz USA, LLC*, 366 F. Supp. 2d 1190, 1197 (N.D. Ga. 2005) (citing *Byrom v. Delta Family Care-Disability & Survivorship Plan*, 343 F. Supp. 2d 1163, 1188 (N.D. Ga. 2004) (Carnes, J.)); *see also Atwater v. NFLPA*, No. 1:06-CV-1510, 2007 WL 1020848 at *15 (N.D. Ga. Mar. 29, 2007) (Carnes, J.).  Indeed, in this District, sur-replies are permitted "only in unusual circumstances."  *Stephens*, 475 F. Supp. 2d at 1303.

Remand motions are not "unusual circumstances" in which sur-replies are permitted.  Courts routinely ***reject*** motions to file sur-replies to oppose motions to remand.  *See Garrison v. Northeast Ga. Med. Ctr., Inc.*, 66. F. Supp. 2d 1336,

---

[1] The sur-reply is not the first time ML Pro has ignored the Local Rules regarding briefs.  ML Pro filed a supplemental brief to support its motion to dismiss (Dkt. #96) without seeking leave of court, even though the Local Rules do not contemplate or permit such a pleading.

1339-40 (N.D. Ga. 1999), *aff'd*, 211 F.3d 130 (11th Cir. 2000); *see also Aeronautical Accessories, Inc. v. Petroleum Helicopter, Inc.*, No. 2:09-CV-286, 2010 WL 3619969, at *1 (E.D. Tenn. Sept. 13, 2010); *Nichols v. Golden Rule Ins. Co.*, No. 10-CV-00331, 2010 WL 1769742 (D. Colo. May 3, 2010); *Power Mktg. Direct, Inc. v. Moy*, No. 2:08-CV-826, 2008 WL 4849289, at *2 (S.D. Ohio Nov. 6, 2008); *Smith v. Time Ins. Co.*, No. 08-CV-00419, 2008 WL 4452147 (D. Colo. Sept. 30, 2008).

    Notwithstanding this clear law, ML Pro claims that because it has the burden of proof on the issue of remand, it is entitled to have the last word. But, ML Pro cites ***no*** case where a court has adopted such a rule to permit sur-replies. Instead, ML Pro relies on cases discussing how the party that bears the burden of proof is generally entitled to the last word ***at trial***. *See United States v. Arboleda*, 20 F.3d 58 (1994) (stating in dicta that prosecution has the right to have the last word in closing statements in a criminal jury trial); *Minnick v. Lee*, 174 Ga. App. 182, 188 (1985) (Beasley, J.) (stating in a concurring opinion that plaintiff has right to have last word to present evidence in a jury trial).[2]

---

[2] Similarly, *Smith v. Trusted Universal Standards in Electronic Transactions, Inc.*, No. 09-4567, 2010 WL 1799456, at *2 n.3 (D.N.J. May 4, 2010), addresses whether a *pro se* plaintiff could file a sur-reply in response to a ***motion to dismiss***,

The cases ML Pro cites that are in the context of remand are no more helpful to its position.  For example, in *Davenport v. Ford Motor Co.*, No. 1:05-CV-3047, 2006 WL 2048308, at *1 n.1 (N.D. Ga. July 20, 2006), this Court permitted the sur-reply because it was "unopposed."  In *Jones v. Life Insurance Co. of North America*, ___ F. Supp. 2d ___, 2010 WL 4261470 (W.D. Ky. Oct. 25, 2010), the court granted leave to file a sur-reply because the party seeking remand had raised a new issue on reply.[3]  Neither of those situations is present here.

ML Pro's proposed rule, permitting sur-replies where a party bears a burden of proof, has not been adopted by a single court and would result in many additional, redundant pleadings.[4]  As such, it should be rejected.

---

and thus does not support ML Pro's claimed rule that sur-replies are permitted in the context of a remand motion.

[3] Most of the other cases ML Pro cites do not explain why the sur-reply was granted and do not state whether the motion seeking leave to file a sur-reply was opposed.  *See, e.g.*, *Muhammad v. Humanadental Ins. Co.*, No. 1:09-CV-01941, 2009 WL 3365959 (N.D. Ga. Oct. 19, 2009); *Hunter v. CSX Transp., Inc.*, No. 3:06-1454, 2006 U.S. Dist. LEXIS 48670, at *1 (D.S.C. July 12, 2006).  These cases do not support adopting a rule permitting sur-replies opposing motions to remand.

[4] Neither the Eleventh Circuit's nor the Supreme Court's rules contemplate the party that bears the burden of proof being permitted to file a sur-reply.  *See* Eleventh Circuit Internal Operating Procedures Rule 28 ¶ 5; Supreme Court Rule 24.

## II. ML Pro Is Not Entitled to File a Sur-Reply.

Recognizing that its previous arguments against remand fail, ML Pro has filed a sur-reply to raise a *new* argument and to expand upon an argument it already made. Neither of those purposes warrants a sur-reply.

This District permits sur-replies "where a movant raises new arguments or facts in a reply brief, or where a party wishes to inform the Court of a new decision or rule implicating the motion under review." *Stephens*, 475 F. Supp. 2d at 1303. ML Pro does not claim that Plaintiffs have raised new arguments or facts in reply, and ML Pro is not informing the Court of a new decision or rule.

Instead, ML Pro's proposed sur-reply raises one new argument and then "merely extend[s] the arguments that [it] originally made." *Garrison*, 66 F. Supp. 2d at 1340; *see also Fedrick*, 366 F. Supp. 2d 1190. On the latter score, ML Pro's sur-reply "rehash[es] all the arguments already presented in the response brief and [is an attempt] to get 'another bite at the apple.'" *Benton v. Cousin Props. Inc.*, 230 F. Supp. 2d 1351, 1367 (N.D. Ga. 2002). ML Pro already argued, erroneously, that the "counterfeit shares" allegation in Plaintiffs' complaint is an essential element of their claims. Dkt. #55 at 11-18. In its Opposition, ML Pro also already cited and argued about the various cases it cites and argues about in the sur-reply.

ML Pro argues for the first time in its sur-reply that the Court need not apply the essential element rule to ML Pro's arguments relating to 15 U.S.C. § 78aa. But, a party cannot use a sur-reply brief to raise a new argument. *See Gary v. Menlo Logistics Global Transp. Servs., Inc.*, No. 1:06-cv-2139, 2007 WL 528096 (N.D. Ga. Feb. 13, 2007) (striking sur-reply brief raising new arguments); *see United States v. Georgia Dep't of Natural Resources*, 897 F. Supp. 1464, 1471 (N.D. Ga. 1995) ("This Court will not consider arguments raised for the first time in a reply brief."); *Bruce v. Pharmacentra, LLC*, No. 1:07-cv-3053, 2008 WL 1902090, at *1 (N.D. Ga. Apr. 25, 2008) ("The Court will not consider arguments raised for the first time in a reply brief."). ML Pro could have raised this argument before, but chose not to do so.

ML Pro's claim that it needs to file a sur-reply because Plaintiffs' reply contains "legal and factual inaccuracies" is a transparent attempt to create a justification for the sur-reply where none exists. ML Pro does not identify any inaccuracies—rather, ML Pro simply disagrees with Plaintiffs' arguments. But, such disagreements do not justify permitting an additional brief; if they did, supplemental briefing would go on forever when parties disagree about the law or the facts. As this Court has warned, "[t]o allow such surreplies as a regular practice would put the court in the position of refereeing an endless volley of

briefs." *Hornor, Townsend & Kent, Inc. v. Hamilton*, No. Civ. A. 1:01 CV 2979 J, 2004 WL 2284503, at *10 (N.D. Ga. Sept. 30, 2004).

This Court's Local Rules establish a 25-page page limit for response briefs, which ML Pro used in its Opposition brief. In addition, ML Pro's parent company (along with the other Defendants) filed a separate 25-page opposition brief. ML Pro has already had more than ample opportunity to brief the Motion to Remand, and its latest effort to skirt the page limits should be rejected. ML Pro has already delayed this action, increased Plaintiffs' costs and increased this Court's caseload by removing based on arguments that contradict applicable law. Its conduct warrants remand and the imposition of fees, not permission to file another brief.

If, however, the Court considers ML Pro's sur-reply, Plaintiffs request that it also consider Plaintiffs' reply in opposition to that sur-reply, which responds to ML Pro's new arguments, and is attached hereto as Exhibit A.

Respectfully submitted this 22nd day of November, 2010.

/s/ Elizabeth G. Eager
John E. Floyd
Georgia Bar No. 266413
floyd@bmelaw.com
Jill A. Pryor
Georgia Bar No. 589140
pryor@bmelaw.com
Steven J. Rosenwasser
Georgia Bar No. 614908
rosenwasser@bmelaw.com
Nicole G. Iannarone
Georgia Bar No. 382510
iannarone@bmelaw.com
Michael A. Caplan
Georgia Bar No. 601039
caplan@bmelaw.com
Elizabeth G. Eager
Georgia Bar No. 644007
eager@bmelaw.com
Robert L. Ashe
Georgia Bar No. 208077
ashe@bmelaw.com
Bondurant, Mixson & Elmore, LLP
3900 One Atlantic Center
1201 West Peachtree Street, N.W.
Atlanta, Georgia  30309-3417
(404) 881-4100 Telephone
(404) 881-4111 Facsimile

819859.1

9

        James W. Christian  
        State Bar No. 04228700  
        jchristian@csj-law.com  
        Gary M. Jewell  
        State Bar No. 10664800  
        gjewell@csj-law.com  
        Scott R. Link  
        State Bar No. 12390900  
        slink@csj-law.com  
        Katherine Morton-Gonyea  
        State Bar No. 24066701  
        kgonyea@csj-law.com  
        Christian, Smith, & Jewell, LLP  
        2302 Fannin, Suite 500  
        Houston, Texas  77002  
        (713) 659-7617 Tel.  
        (713) 659-7641 Fax  
        (admitted *pro hac vice* in State Court)

        Attorneys for Plaintiffs

## **CERTIFICATE OF COMPLIANCE**

Pursuant to Local Rule 7.1D of the Local Rules for the District Court for the Northern District of Georgia, I hereby certify that the foregoing pleading has been prepared in Times New Roman, 14 point font, as permitted by Local Rule 5.1B.

Respectfully submitted this 22nd day of November, 2010.

>*/s/ Elizabeth G. Eager*
>Elizabeth G. Eager
>Georgia Bar No. 644007

## CERTIFICATE OF SERVICE

I hereby certify that on this day, a true and correct copy of the foregoing **PLAINTIFFS' BRIEF IN OPPOSITION TO MERRILL LYNCH PROFESSIONAL CLEARING CORP.'S MOTION FOR LEAVE TO FILE INSTANTER SURREPLY IN FURTHER SUPPORT OF ITS OPPOSITION TO PLAINTIFFS' MOTION FOR REMAND** was electronically filed with the Clerk of Court using the Court's electronic filing system which will automatically send an email notification of such filing to the following attorneys of record who are registered participants in the Court's electronic notice and filing system:

> **Attorneys for Defendants:**
> Richard H. Sinkfield, Esq.
> Dan F. Laney, III, Esq.
> Kristina M. Jones, Esq.
> Stefanie H. Jackman, Esq.
> James W. Cobb, Esq.
> Rogers & Hardin
> 2700 International Tower, Peachtree Center
> 229 Peachtree Street, N.E.
> Atlanta, GA  30303-1601
> rsinkfield@rh-law.com

Further, I hereby certify that on this day, I caused to be served a true and correct copy of the foregoing via United States mail on:

819859.1

**Attorneys for Banc of America Securities, LLC; Merrill Lynch, Pierce, Fenner & Smith, Inc.; and Merrill Lynch Professional Clearing Corporation:**
Andrew J. Frackman, Esq.
Brad Elias, Esq.
O'Melveny & Myers LLP
7 Times Square
New York, NY  10036

**Attorneys for Morgan Stanley & Co. Incorporated:**
Robert F. Wise, Jr., Esq.
William J. Fenrich, Esq.
Melissa T. Aoyagi, Esq.
Davis Polk & Wardwell LLP
450 Lexington Avenue
New York, NY  10017

**Attorneys for Bear Stearns & Co., Inc. and Bear Stearns Securities Corp.:**
Stephen L. Ratner, Esq.
Harry Frischer, Esq.
Brian L. Friedman, Esq.
Proskauer Rose LLP
1585 Broadway
New York, NY  10036

**Attorneys for Goldman, Sachs & Co. and Goldman Sachs Execution & Clearing, L.P.:**
Richard C. Pepperman II, Esq.
Richard H. Klapper, Esq.
Tracy Richelle High, Esq.
Sullivan & Cromwell LLP
125 Broad Street
New York, NY  10004

**Attorneys for Deutsche Bank Securities Inc.:**
Heather L. Fesnak, Esq.
Peter J. Isajiw, Esq.
Gregory A. Markel, Esq.
Cadwalader Wickersham & Taft LLP
One World Financial Center
New York, NY  10281

**Attorneys for UBS Securities, LLC:**
Andrew B. Clubok, Esq.
Jeffrey G. Landis, Esq.
Daniel Gomez, Esq.
Kirkland & Ellis LLP
655 Fifteenth Street, N.W., Suite 1200
Washington, DC  20005-5793

Maria Ginzburg, Esq.
Kirkland & Ellis LLP
Citigroup Center
153 East 53rd Street
New York, NY  10022-4611

**Attorneys for Credit Suisse Securities (USA), LLC.:**
Fraser L. Hunter, Jr., Esq.
Wilmer Cutler Pickering Hale & Dorr LLP
399 Park Avenue
New York, NY  10022

This 22nd day of November, 2010.


/s/ Elizabeth G. Eager
Elizabeth G. Eager
Georgia Bar No. 644007