# EXHIBIT A

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| TASER INTERNATIONAL, INC., *et al.*, ) | |
| ) | Case No.: 1:10-cv-3108-JEC |
| Plaintiffs, ) | |
| ) | [On removal from the State |
| v. ) | Court of Fulton County, |
| ) | Georgia Case No.: |
| MORGAN STANLEY & CO., INC., *et al.*, ) | 2008-EV-004739-B] |
| ) | |
| Defendants. ) | |
| _____) | |

### PLAINTIFFS' REPLY IN OPPOSITION TO ML PRO'S SUR-REPLY AND IN SUPPORT OF MOTION FOR REMAND, FEES AND COSTS

John E. Floyd
Georgia Bar No. 266413
Steven J. Rosenwasser
Georgia Bar No. 614908
Nicole G. Iannarone
Georgia Bar No. 382510
Michael A. Caplan
Georgia Bar No. 601039
Elizabeth G. Eager
Georgia Bar No. 644007
Robert L. Ashe
Georgia Bar No. 208077
BONDURANT, MIXSON & ELMORE, LLP
3900 One Atlantic Center
1201 West Peachtree Street, N.W.
Atlanta, Georgia  30309
Telephone:  (404) 881-4100
Facsimile:  (404) 881-4100

*Attorneys for Plaintiff*

# **INTRODUCTION**

ML Pro has finally recognized that Defendants cannot meet their burden of proving that a substantial, disputed federal question is an "essential element" of Plaintiffs' state law claims. In desperation, ML Pro now seeks leave to file a sur-reply arguing that the essential element requirement does not apply at all when a defendant contends that federal jurisdiction exists because a state RICO claim alleges violations of the Exchange Act as predicate acts. ML Pro's new position contradicts even the Opposition to remand filed by the ten Original Defendants in this case (Dkt. 60). That Opposition expressly argues that the test for removal here is whether Plaintiffs' allegations of Exchange Act violations **_necessarily raise_** a substantial, disputed federal question.[1]

ML Pro's new position, like its previous positions, fails. First, even if the essential element requirement did not apply to Plaintiffs' allegations of Exchange Act violations, remand would be required. The parties cite two decisions – *Fairfax*

---

[1] Dkt. 60 at 1 (arguing that allegations "that Defendants violated section 10 of the Exchange Act as a predicate act supporting [Plaintiffs'] RICO claim" are "essential to [Plaintiffs'] claim" and pose a "substantial and disputed federal question"); *id.* at 9-23 (arguing that Plaintiffs' allegations of Exchange Act violations satisfy a "tripartite test for assessing the propriety of removal in cases involving state-law claims implicating federal issues" that asks whether a "state-law claim necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities") (citation omitted).

819619.1

1

*Fin. Holdings, Ltd. v. S.A.C. Capital Mgmt., LLC*, 2007 U.S. Dist. LEXIS 39214 (D.N.J. May 15, 2007) and *Meinders v. Refco Sec., Inc.*, 865 F. Supp. 721 (D. Colo. 1994) – that directly address complaints alleging violations of the Exchange Act *as predicate acts supporting a state RICO claim*.  In both decisions, the courts ordered remand.  These decisions confirm the applicability to this case of the Northern District's repeated holdings that alleged violations of federal statutes *as predicate acts supporting a state RICO claim* do not justify remand, *i.e.*, the caselaw rejects ML Pro's argument that the result should be different when the alleged predicates include Exchange Act violations.  Regardless of the predicate alleged, the plaintiff is bringing a claim for relief under state law, not federal law.

Second, the essential element requirement is mandated by Eleventh Circuit and Supreme Court precedent and is a function of long-standing principles of federal removal law and long-standing limits on federal court jurisdiction.  These principles and limits apply regardless of the particular federal statute a defendant uses to try to establish federal jurisdiction.  ML Pro is *not* attempting to remove *under* 15 U.S.C. § 78aa or even 28 U.S.C. § 1331, as neither of those statutes is a removal statute.  ML Pro is attempting to remove *under* 28 U.S.C. § 1441.  The notion that a defendant may remove under § 1441 even if a federal issue is not an essential element of a plaintiff's claim – which is ML Pro's contention here –

819619.1

2

directly contradicts settled law, including the rules that removal statutes are strictly construed and that federal courts are courts of limited jurisdiction.  As the Supreme Court has held, "Under our interpretations, Congress has given the lower federal courts jurisdiction to hear, originally or by removal from a state court, ***only those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law***."  *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983) (emphasis added).

ML Pro's repetition in the sur-reply of its argument that the "counterfeit shares" allegation is an essential element of Plaintiffs' claims is a non-starter.  ML Pro does not answer the substance of Plaintiffs' position, which is that Defendants' abusive naked short selling is illegal and causes harm ***regardless*** of whether a court or jury concludes that "counterfeit shares" are the mechanism through which that harm occurs.  Defendants' abusive naked short selling illegally depressed the price of TASER stock – period.  Indeed, ML Pro also has no answer for Plaintiffs' showing that the SEC *agrees* that abusive naked short selling is illegal and can depress the price of a stock ***even if such misconduct does not create "counterfeit***

*shares."*[2]  Because the complaint alleges conduct that is illegal and causes harm *whether or not it creates "counterfeit shares,"* the counterfeit shares allegation cannot possibly be an essential element of Plaintiffs' claims.[3]

## ARGUMENT

**I.   EVEN IF THE ESSENTIAL ELEMENT REQUIREMENT DID NOT APPLY TO DEFENDANTS' ATTEMPT TO REMOVE BASED ON ALLEGATIONS OF EXCHANGE ACT VIOLATIONS, REMAND WOULD BE REQUIRED.**

What is striking about ML Pro's sur-reply is that, despite taking the unusual (and unwarranted) step of seeking leave to file an extra brief, ML Pro does not address either *Fairfax* or *Meinders*, the only two cases the parties cite in which plaintiffs alleged Exchange Act violations as predicate acts for claims under state RICO statutes.  Instead, ML Pro pretends that it distinguished these cases in its prior brief, when all it did was disagree with them.  These state RICO decisions reject ML Pro's argument and no state RICO decision supports it.

---

[2] *See* Dkt. 88 (Plaintiffs' Reply to ML Pro's Opposition to the Motion for Remand) at 1-2 & n.1, 10-11; *id.*, Dkt. 88-5 (Ex. E) at 9 ("The [SEC] has repeatedly recognized that naked short selling can depress stock prices and may have harmful effects on the market.").

[3] ML Pro misses the point entirely with regard to Plaintiffs' allegations of abusive naked short selling outside the CNS.  The point is that – because the *only* federal issue ML Pro alleges is a claimed dispute between Plaintiffs and the SEC over whether naked short selling creates counterfeit shares in the CNS – *no federal issue*, much less a substantial, disputed federal issue, is an essential element of Plaintiffs' claims for abusive naked short selling in ex-clearing transactions.

*Fairfax* points out the obvious problem with ML Pro's argument, which is that state RICO plaintiffs are not asserting claims for relief for violations of the Exchange Act, but are asserting claims for relief for violations of state RICO laws. 15 U.S.C. § 78aa does not govern claims for relief under state law.  As *Fairfax* held, "[15 U.S.C. § 78aa] does not grant this Court with exclusive jurisdiction because Plaintiffs' action is not an action brought to enforce the securities laws. Rather, Plaintiffs' allegations that Defendants violated provisions of the Exchange Act merely support Plaintiffs' state causes of action."  2007 U.S. Dist. LEXIS 39214, at *15; *see Meinders*, 865 F. Supp. at 723 ("Given the limited purpose for which violations of federal law are asserted in this case, the presence of the claimed violation of federal law ***as an element of the [Colorado RICO] claim*** is not sufficiently substantial to confer federal-question jurisdiction.") (emphasis added).  ML Pro does not even attempt to answer this point, which establishes that 15 U.S.C. § 78aa does not justify removal because that statute simply does not apply to Plaintiffs' state law claims.

ML Pro also utterly fails to distinguish *Gordon v. Buntrock*, 2000 U.S. Dist. LEXIS 5977 (N.D. Ill. Apr. 28, 2000).  Given the language of that decision, there can be no doubt that the plaintiff in *Gordon* did not merely ***refer*** to the Exchange Act, but expressly alleged that the defendants violated it.  The court stated:

819619.1

5

> Defendants argue that *because plaintiff's complaint alleges that defendants violated the duties which arise under the Act and the rules and regulations promulgated thereunder*, it is an action "brought to enforce" the Act and its rules. This court rejects this argument. This is not an action "brought to enforce" the Act and its rules. Rather, *plaintiff alleges defendants' violation of the Act and its rules as support for the allegation that defendants breached their common law duties of full and fair disclosure*.

*Id.* at **14-15 (emphasis added). Like *Fairfax*, *Gordon* rejects the argument that 15 U.S.C. § 78aa applies to claims for relief brought under state law. *Barbara v. NYSE*, 99 F.3d 49, 55 (2d Cir. 1996) ("[15 U.S.C. § 78aa] plainly refers to claims created by the Act or by rules promulgated thereunder, but not to claims created by state law. Thus, federal jurisdiction over [plaintiff's] state law claims may not be premised on [15 U.S.C. § 78aa].").

## II. THE ESSENTIAL ELEMENT REQUIREMENT APPLIES TO DEFENDANTS' ATTEMPT TO REMOVE BASED ON PLAINTIFFS' ALLEGATIONS OF EXCHANGE ACT VIOLATIONS.

As the Opposition filed by the ten Defendants other than ML Pro acknowledges, in order to remove based on Plaintiffs' allegations that Defendants have violated the Exchange Act, ML Pro must prove that those allegations are an essential element of Plaintiffs' state law claims. There are two bases for removal under 28 U.S.C. § 1441: (1) a federal court has original jurisdiction by virtue of diversity and (2) a federal court has original jurisdiction because the plaintiff asserts a "claim or right *arising under* the Constitution, laws or treaties of the

819619.1

6

United States."  28 U.S.C. § 1441(b) (emphasis added).  Where, as here, diversity does not exist, a removing defendant *must* prove that a federal question is an essential element of the plaintiff's claims.

The Eleventh Circuit set out this framework in *Dunlap v. G&L Holding Group, Inc.*, 381 F.3d 1285, 1289-90 (11th Cir. 2004):

> Any claim that was originally filed in state court may be removed by a defendant to federal court if the case could have been filed in federal court originally.  ***Where, as here, there is not complete diversity of citizenship, the defendant must show that federal question jurisdiction is present.***  Federal courts have federal question jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States."
>
> Whether a claim "arises under" federal law "is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."  Thus, "the plaintiff [is] the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law," even where a federal claim is also available.  However, even when a plaintiff has pled only state-law causes of action, he may not avoid federal jurisdiction if either (1) his state-law claims raise substantial questions of federal law or (2) federal law completely preempts his state-law claims.
>
> ***In order for a state-law claim to raise substantial questions of federal law, "[federal] law must be an essential element of [the plaintiff's] claim***[, and] the federal right or immunity that forms the basis of the claim must be such that the claim will be supported if the federal law is given one construction or effect and defeated if it is given another."  (Emphasis added; citations omitted).

In short, to justify removal in this non-diversity case, Defendants must prove that Plaintiffs assert a claim arising under federal law,[4] and because Plaintiffs assert only state law claims (not subject to complete preemption), Defendants must do so by proving that federal law – the Exchange Act or some other provision of federal law – is an essential element of those state law claims. The Supreme Court set forth this rule in *Franchise Tax Board*, where it addressed two state law claims: "As an initial proposition, then, the 'law that creates the cause of action' is state law, and ***original federal jurisdiction is unavailable unless it appears that some substantial, disputed question of federal law is a necessary element of one of the well-pleaded state claims***, or that one or the other claim is 'really' one of federal law," *i.e.*, is completely preempted. 463 U.S. at 13 (emphasis added).

Thus, under binding Eleventh Circuit and Supreme Court precedent, ML Pro's argument that Plaintiffs have alleged violations of the Exchange Act that are encompassed by 15 U.S.C. § 78aa is ***insufficient*** to justify removal. Because Plaintiffs assert claims for relief under state law, not claims for relief under the Exchange Act, ML Pro bears the burden of proving that those Exchange Act violations are essential elements of Plaintiffs' state law claims. Neither the

---

[4] *Franchise Tax Bd.*, 463 U.S. at 10 ("under the present statutory scheme as it has existed since 1887, a defendant may not remove a case to federal court unless the *plaintiff's* complaint establishes that the case 'arises under' federal law") (emphasis in original) (footnote omitted).

819619.1

8

Eleventh Circuit nor the Supreme Court has created *any* exception, much less an exception for claims involving the Exchange Act, to the rule that "[i]n order for a state-law claim to raise substantial questions of federal law, '[federal] law must be an essential element of [the plaintiff's] claim.'" *Id.* at 1290 (citation omitted). This rule is a basic principle of removal law, it applies here, and, as ML Pro now realizes, it requires remand because there is no question that Plaintiffs can prevail on their Georgia RICO claim without proving violations of the Exchange Act.[5]

ML Pro's suggestion that this Court should refuse to follow the essential element rule set forth by the Eleventh Circuit and Supreme Court because 15 U.S.C. § 78aa provides for exclusive jurisdiction is improper as a matter of this Court's power and as a matter of basic logic. This Court has repeatedly followed the essential element rule in Georgia RICO cases alleging violations of the federal mail and wire fraud statutes. ML Pro's response that federal courts do not have exclusive jurisdiction over these federal crimes is patently erroneous. 18 U.S.C. § 3231 provides, "The district courts of the United States shall have original

---

[5] ML Pro's claim that Plaintiffs have "conflated" the standards for removal under 28 U.S.C. § 1331 and 15 U.S.C. § 78aa makes no sense. The standards for removal are not created by those two statutes, but by the federal removal statute, 28 U.S.C. § 1441. As set forth above, whether a defendant seeks to establish federal question jurisdiction over a state law claim under 28 U.S.C. § 1331 or under 15 U.S.C. § 78aa, the defendant must prove that federal law is an essential element of that state law claim.

819619.1

9

jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States." As this Court has recognized, however, when federal offenses are alleged as predicate acts supporting a claim for relief under a state RICO law, this statutory grant of exclusive jurisdiction does not automatically justify removal. Instead, the propriety of removal depends on whether the federal offense is an essential element of the state RICO claim.[6]

The notion ML Pro advocates – that a defendant may remove based on alleged Exchange Act violations even if proof of such violations is *not* an essential element of a state law claim – further contradicts the cases holding that "if a claim is supported not only by a theory establishing federal subject matter jurisdiction but also by an alternative theory which would not establish such jurisdiction, then federal subject matter jurisdiction does not exist." *Mulcahey v. Columbia Organic Chems. Co.,* 29 F.3d 148, 153 (4th Cir. 1994); *Howery v. Allstate Ins. Co.,* 243 F.3d 912, 918 (5th Cir. 2001) (where a violation of federal law is "an alternate theory supporting a single claim, the federal question is not a *necessary* element of the state claim, and thus does not create federal question jurisdiction").

---

[6] In a further parallel, just as 15 U.S.C. § 78bb is a savings clause that preserves state court jurisdiction over state law causes of action for securities violations, 18 U.S.C § 3231 provides, "Nothing in this title shall be held to take away or impair the jurisdiction of the courts of the several States under the laws thereof."

819619.1

10

Neither *Sparta Surgical Corp. v. NASD*, 159 F.3d 1209 (9th Cir. 1998), nor *D'Alessio v. NYSE*, 258 F.3d 93 (2d Cir. 2001), which are obviously not Eleventh Circuit cases, can be read as creating an exception to the long-standing principles of removal jurisprudence set forth above. In *Sparta*, the court expressly stated that, "although [plaintiff's] theories are posited as state law claims, they are founded on the defendants' conduct in suspending trading and de-listing the offering, the propriety of which must be ***exclusively*** determined by federal law. The viability of ***any cause of action*** founded upon NASD's conduct in de-listing a stock or suspending trading depends on whether the association's rules were violated." 159 F.3d at 1212 (emphasis added). Thus, the plaintiff's state law claims arose under federal law because the plaintiff could not prevail on those claims without proving that the NASD had violated rules promulgated under the Exchange Act. *Sparta* did not rule on a situation – such as this case – in which Exchange Act violations were not an essential element of a plaintiff's claims.

*D'Alessio* refutes ML Pro's argument that the essential element requirement is inapplicable to attempts to remove based on alleged Exchange Act violations. In *D'Alessio*, the defendant, like ML Pro, argued that federal jurisdiction existed under 28 U.S.C. § 1331 and 15 U.S.C. § 78aa. The Second Circuit held that "'[t]he propriety of the removal in this case thus turns on whether the case falls within the

819619.1

11

original 'federal question' jurisdiction of the federal courts.'" 258 F.3d at 99 (*quoting Merrell Dow Pharms. v. Thompson*, 478 U.S. 804, 808 (1986)). Whether original federal question jurisdiction existed in turn depended on whether the plaintiff's state law claims necessarily required proof of violations of Exchange Act rules: "While 'the mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction,' a case is deemed to 'arise under' federal law where the vindication of a right under state law ***necessarily turns on*** some construction of federal law." *Id.* (*quoting Merrell Dow*, 478 U.S. at 813) (emphasis added). The court ultimately concluded that federal question jurisdiction existed "***because*** [plaintiff's] claims ***necessarily require*** a court to construe both the federal law governing securities trading on a national exchange *and* the NYSE's role, as defined under federal law, in enforcing and monitoring a member's compliance with those laws." *Id.* at 104 (first two emphases added). *D'Alessio* thus ***confirms*** that to obtain removal of a state law claim that alleges violations of Exchange Act rules, a defendant must prove that the state law claim ***necessarily requires*** proof of such violations.

   ML Pro has simply made up a rule that when a defendant seeks to remove a state law claim based on the inclusion of alleged Exchange Act violations, federal courts throw out long-standing principles of removal jurisprudence. No such rule

819619.1

12

exists, and this Court should not create it. The Court should instead remand and award fees for ML Pro's obstinate effort to remove in the face of applicable law.

Respectfully submitted this 22d day of November, 2010.

                                  <u>/s/ Elizabeth G. Eager</u>
                                  John E. Floyd
                                  Georgia Bar No. 266413
                                  floyd@bmelaw.com
                                  Steven J. Rosenwasser
                                  Georgia Bar No. 614908
                                  rosenwasser@bmelaw.com
                                  Nicole G. Iannarone
                                  Georgia Bar No. 382510
                                  iannarone@bmelaw.com
                                  Michael A. Caplan
                                  Georgia Bar No. 601039
                                  caplan@bmelaw.com
                                  Elizabeth G. Eager
                                  Georgia Bar No. 644007
                                  eager@bmelaw.com
                                  Robert L. Ashe
                                  Georgia Bar No. 208077
                                  ashe@bmelaw.com
                                  Bondurant, Mixson & Elmore, LLP
                                  3900 One Atlantic Center
                                  1201 West Peachtree Street, N.W.
                                  Atlanta, Georgia  30309-3417
                                  (404) 881-4100 Tel.
                                  (404) 881-4111 Fax

James W. Christian
State Bar No. 04228700
jchristian@csj-law.com
Gary M. Jewell
State Bar No. 10664800
gjewell@csj-law.com
Scott R. Link
State Bar No. 12390900
slink@csj-law.com
Katherine Morton-Gonyea
State Bar No. 24066701
kgonyea@csj-law.com
Christian, Smith, & Jewell, LLP
2302 Fannin, Suite 500
Houston, Texas  77002
(713) 659-7617 Tel.
(713) 659-7641 Fax
(admitted *pro hac vice* in State Court)

Attorneys for Plaintiffs

819619.1

14

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.1D of the Local Rules for the District Court for the Northern District of Georgia, I hereby certify that the foregoing pleading has been prepared in Times New Roman, 14 point font, as permitted by Local Rule 5.1B.

Respectfully submitted this 22nd day of November, 2010.

*/s/ Elizabeth G. Eager*
Elizabeth G. Eager
Georgia Bar No. 644007

## CERTIFICATE OF SERVICE

I hereby certify that on this day, a true and correct copy of the foregoing **PLAINTIFFS' REPLY IN OPPOSITION TO ML PRO'S SUR-REPLY AND IN SUPPORT OF MOTION FOR REMAND, FEES AND COSTS** was electronically filed with the Clerk of Court using the Court's electronic filing system which will automatically send an email notification of such filing to the following attorneys of record who are registered participants in the Court's electronic notice and filing system:

> **Attorneys for Defendants:**
> Richard H. Sinkfield, Esq.
> Dan F. Laney, III, Esq.
> Kristina M. Jones, Esq.
> Stefanie H. Jackman, Esq.
> James W. Cobb, Esq.
> Rogers & Hardin
> 2700 International Tower, Peachtree Center
> 229 Peachtree Street, N.E.
> Atlanta, GA  30303-1601
> rsinkfield@rh-law.com

Further, I hereby certify that on this day, I caused to be served a true and correct copy of the foregoing via United States mail on:

819619.1

**Attorneys for Banc of America Securities, LLC; Merrill Lynch, Pierce, Fenner & Smith, Inc.; and Merrill Lynch Professional Clearing Corporation:**
Andrew J. Frackman, Esq.
Brad Elias, Esq.
O'Melveny & Myers LLP
7 Times Square
New York, NY  10036

**Attorneys for Morgan Stanley & Co. Incorporated:**
Robert F. Wise, Jr., Esq.
William J. Fenrich, Esq.
Melissa T. Aoyagi, Esq.
Davis Polk & Wardwell LLP
450 Lexington Avenue
New York, NY  10017

**Attorneys for Bear Stearns & Co., Inc. and Bear Stearns Securities Corp.:**
Stephen L. Ratner, Esq.
Harry Frischer, Esq.
Brian L. Friedman, Esq.
Proskauer Rose LLP
1585 Broadway
New York, NY  10036

**Attorneys for Goldman, Sachs & Co. and Goldman Sachs Execution & Clearing, L.P.:**
Richard C. Pepperman II, Esq.
Richard H. Klapper, Esq.
Tracy Richelle High, Esq.
Sullivan & Cromwell LLP
125 Broad Street
New York, NY  10004

**Attorneys for Deutsche Bank Securities Inc.:**
Heather L. Fesnak, Esq.
Peter J. Isajiw, Esq.
Gregory A. Markel, Esq.
Cadwalader Wickersham & Taft LLP
One World Financial Center
New York, NY  10281

**Attorneys for UBS Securities, LLC:**
Andrew B. Clubok, Esq.
Jeffrey G. Landis, Esq.
Daniel Gomez, Esq.
Kirkland & Ellis LLP
655 Fifteenth Street, N.W., Suite 1200
Washington, DC  20005-5793

Maria Ginzburg, Esq.
Kirkland & Ellis LLP
Citigroup Center
153 East 53rd Street
New York, NY  10022-4611

**Attorneys for Credit Suisse Securities (USA), LLC.:**
Fraser L. Hunter, Jr., Esq.
Wilmer Cutler Pickering Hale & Dorr LLP
399 Park Avenue
New York, NY  10022

This 22d day of November, 2010.

/s/ Elizabeth G. Eager
Elizabeth G. Eager
Georgia Bar No. 644007
