IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| TASER INTERNATIONAL, INC., *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>MORGAN STANLEY & CO., INC.,<br><br>*et al.*,<br><br>Defendants. | Civil Case No.<br><br>1:10-CV-03108-JEC |

**DEFENDANT MERRILL LYNCH'S MEMORANDUM OF LAW IN SUPPORT OF ITS *EMERGENCY MOTION* TO STAY RULE 30(b)(6) DEPOSITION PENDING RESOLUTION OF ITS MOTION FOR A PROTECTIVE ORDER**

Defendant Merrill Lynch, Pierce, Fenner & Smith Incorporated ("Merrill Lynch") submits this memorandum of law in support of its motion for an order staying the Rule 30(b)(6) deposition noticed for December 10, 2010, until after the Court rules on Merrill Lynch's Motion for a Protective Order With Respect to Plaintiffs' Amended Notice to Take Rule 30(b)(6) deposition (the "Protective Order Motion"). Merrill Lynch also requests, under Local Rule 7.2(B), that the Court schedule an expedited hearing on this motion to occur before December 10, 2010.

**BACKGROUND**

The complete background of this motion is described in detail in the Protective Order Motion (filed concurrently herewith). This brief summary is presented for the Court's convenience.

On May 26, 2010, Plaintiffs served a Notice to Take O.C.G.A. § 9-11-30(b)(6) Deposition of Merrill Lynch, Pierce, Fenner & Smith, Inc. The Notice sought testimony from a corporate representative on the "facts, issues, and circumstances," underlying sixteen different regulatory settlements. Merrill Lynch responded on June 18, 2010, by serving formal objections to the Notice.

After months of meet and confers, the parties reached an impasse on November 17, 2010, and Plaintiffs served an Amended Notice to Take Rule

30(b)(6) Deposition of Defendant Merrill Lynch, Pierce, Fenner & Inc. (the "Amended Notice"). The Amended Notice seeks testimony on December 10, 2010, from a corporate representative on the "facts, issues and circumstances" underlying eleven different regulatory settlements and includes fourteen to nineteen sub-topics applicable to each settlement. Merrill Lynch again met and conferred with Plaintiffs on November 22 and 23 regarding the Amended Notice, but its attempts at negotiating a compromise were unsuccessful.

Merrill Lynch also asked Plaintiffs to adjourn the Amended Notice pending resolution of the Protective Order Motion, so as to avoid burdening the Court with this emergency motion. Plaintiffs refused. Because briefing on the Protective Order Motion will not be complete under the Local Rules until at least December 22, Merrill Lynch seeks a stay from this Court on an expedited basis.

## ARGUMENT

### I. The Court Should Grant an Expedited Hearing on this Motion to Stay the December 10 2010, Rule 30(b)(6) Deposition.

Under Local Rule 7.2(B), this Court may waive, "for good cause shown," the usual motion time requirements and grant an immediate hearing on any matter requiring an expedited procedure. *See* N.D. Ga. Civ. Local R. 7.2(B). "Good cause" exists here because, absent an expedited hearing, briefing on this motion would not be complete until at least December 22, and by that date the requested

relief—an order staying the December 10 deposition—would be rendered moot. *See generally Alaska Ctr. for the Env't v. U. S. Forest Serv.*, 189 F.3d 851, 855 (9th Cir. 1999) ("[G]ood cause . . . includes situations where, in the absence of expedited treatment, the appeal may become moot."). Accordingly, Merrill Lynch respectfully requests that the Court schedule a hearing on this motion before December 10, 2010, so as to preserve Merrill Lynch's ability to obtain the requested relief.

## II. A Stay Is Required to Protect Merrill Lynch From the Undue Burden and Expense of Attempting to Prepare a Rule 30(b)(6) Witness Before the Resolution of Its Motion for a Protective Order.

This Court should stay the Rule 30(b)(6) deposition currently scheduled for December 10 in order to protect Merrill Lynch from the burden and expense of having to present a witness for deposition before the Court has had an opportunity to rule on Merrill Lynch's Protective Order Motion to prevent that deposition. *See* Fed. R. Civ. P. 26(c) (granting federal courts power to specify time and place of discovery when necessary to protect parties from undue burden or expense).

As set forth in detail in the Protective Order Motion, the Amended Notice is incredibly overbroad and burdensome, and it would be impossible for Merrill Lynch to prepare a corporate representative to testify on the hundreds of topics requested. Merrill Lynch will not repeat the arguments in the Protective Order

Motion here, but incorporates them by reference. Absent a stay, Merrill Lynch would be required to expend significant time and resources attempting to prepare a corporate representative to testify on hundreds of broad and vague topics. If the Court ultimately finds the Amended Notice improper, the burden and expense of compliance would have been unnecessary. This constitutes "undue burden," and thus courts in this circuit have not hesitated to stay a deposition pending resolution of a motion for a protective order. *See, e.g.*, *Palma v. Safe Hurricane Shutters, Inc.*, 2009 WL 653305, at *2 (S.D. Fla. Mar. 12, 2009) (stating that court entered order staying all scheduled depositions until it ruled on motion for protective order); *Levick v. Steiner Transocean Ltd.*, 228 F.R.D. 671, 672 n.2 (S.D. Fla. Apr. 29, 2005) (noting that court had previously entered an order staying deposition until motion for protective order was resolved); *see also Wrangen v. Pennsylvania Lumbermans Mut. Ins. Co.*, 593 F. Supp. 2d 1273, 1274 (S.D. Fla. Nov. 24, 2008) (noting that court ordered expedited briefing schedule and moved up hearing date to ensure protective order motion was heard before deposition).

In fact, the policy favoring this type of stay is so strong that several federal district courts have adopted local rules imposing an automatic stay when a protective order motion is filed in connection with a deposition. The District of Delaware, for example, has adopted the following rule:

> Pending resolution of any motion under Fed. R. Civ. P. 26(c) or 30(d), or such other form of application for relief as the Court may prescribe, neither the objecting party, witness, nor any attorney is required to appear at a deposition to which a motion is directed until the motion is resolved.

D. Del. Local Civ. R. 30.2. The District of Colorado has a similar rule:

> Pending resolution of any motion under Fed. R. Civ. P. 26(c) or 30(d), no party, attorney, or witness is required to appear at the deposition to which the motion is directed until the motion has been resolved. The filing of a motion under either of these rules shall stay the discovery to which the motion is directed until further order of the court.

D. Col. Local Civ. R. 30.2. In short, there is no legitimate reason to require a deponent to appear while it has a protective order motion pending.

**III. Plaintiffs Will Not Be Prejudiced by a Short Delay.**

Plaintiffs refused to agree to delay the deposition on the ground that they would suffer "prejudice" from the delay. Plaintiffs did not and cannot explain what that prejudice could possibly be. Plaintiffs served nearly identical deposition notices to all eight Defendants in May 2010 and have not taken a single one of those depositions. And there are at least four more months of fact discovery. Plaintiffs' insistence that they would be prejudiced if the Merrill Lynch deposition is delayed by even a few weeks simply does not make sense, and it highlights how Plaintiffs are abusing the discovery process.

**CONCLUSION**

For all of the foregoing reasons, Merrill Lynch respectfully requests that the Court enter an order staying the Amended Notice until the Court resolves the Protective Order Motion. Merrill Lynch further requests that the Court schedule a hearing on this motion before December 10, 2010.

Dated: November 24, 2010

/s/ Richard H. Sinkfield
Richard H. Sinkfield
Georgia Bar No. 649100
RSinkfield@rh-law.com

ROGERS & HARDIN LLP
229 Peachtree Street, N.E.
2700 International Tower
Atlanta, Georgia 30303
Tel.: 404-522-4700
Fax: 404-525-2224

Andrew J. Frackman
Abby F. Rudzin
Brad M. Elias
*Pro Hac Vice* Applications Pending

O'MELVENY & MYERS LLP
7 Times Square
New York, New York 10036
Phone: 212-326-2000
Fax: 212-326-2061

*Attorneys for Defendant Merrill Lynch, Pierce, Fenner & Smith Incorporated*

**CERTIFICATE OF COMPLIANCE**

Pursuant to Local Rule 7.1(D), I hereby certify that the foregoing DEFENDANT MERRILL LYNCH'S MEMORANDUM OF LAW IN SUPPORT OF ITS *EMERGENCY MOTION* TO STAY RULE 30(b)(6) DEPOSITION PENDING RESOLUTION OF ITS MOTION FOR A PROTECTIVE ORDER has been prepared in Times New Roman, 14-point font, as permitted by Local Rule 5.1(C).

/s/ Richard H. Sinkfield

Richard H. Sinkfield
Georgia Bar No. 649100
RSinkfield@rh-law.com

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

**TASER INTERNATIONAL, INC., *et al.***

**Plaintiffs,**

**v.**

**MORGAN STANLEY & CO., INC., *et al.***

**Defendants.**

**CIVIL ACTION NUMBER: 1:10-CV-03108-JEC**

**CERTIFICATE OF SERVICE**

I hereby certify that on November 24, 2010, I caused a copy of the foregoing DEFENDANT MERRILL LYNCH'S MEMORANDUM OF LAW IN SUPPORT OF ITS *EMERGENCY MOTION* TO STAY RULE 30(b)(6) DEPOSITION PENDING RESOLUTION OF ITS MOTION FOR A PROTECTIVE ORDER to be filed with the Clerk of Court using the CM/ECF system, which will automatically send e-mail notification of such filing to the following attorneys of record:

John E. Floyd, Esq.
floyd@bmelaw.com

Steven J. Rosenwasser, Esq.
rosenwasser@bmelaw.com

Nicole G. Iannarone, Esq.
iannarone@bmelaw.com

Jill A. Pryor, Esq.
pryor@bmelaw.com

Robert L. Ashe, III, Esq.
ashe@bmelaw.com

Michael A. Caplan, Esq.
caplan@bmelaw.com

Elizabeth G. Eager
eager@bmelaw.com

and that I have caused a copy to be served by U.S. Mail on the following attorneys of record:

James W. Christian, Esq.
CHRISTIAN, SMITH & JEWELL LLP
2302 Fannin, Suite 500
Houston, TX 77002

Robert F. Wise, Jr., Esq.
William J. Fenrich, Esq.
Melissa Aoyagi, Esq.
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, NY 10017

Richard H. Klapper, Esq.
Richard C. Pepperman, II, Esq.
Tracy Richelle High, Esq.
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, NY 10004-2498

Stephen L. Ratner, Esq.
Brian L. Friedman, Esq.
PROSKAUER ROSE LLP
1585 Broadway
New York, NY 10036

Gregory A. Markel, Esq.
Martin L. Seidel, Esq.
Peter J. Isajiw, Esq.
Heather L. Fesnak, Esq.
CADWALADER, WICKERSHAM & TAFT LLP
One World Financial Center
New York, NY 10281

Fraser L. Hunter, Jr., Esq.
WILMER CUTLER PICKERING HALE AND DORR LLP
399 Park Avenue
New York, NY 10022

Andrew J. Frackman, Esq.
O'MELVENY & MYERS LLP
Times Square Tower
7 Times Square
New York, NY 10036

Andrew B. Clubok, Esq.
Jeffrey G. Landis, Esq.
Jeffrey M. Gould, Esq.
KIRKLAND & ELLIS LLP
655 Fifteenth Street, N.W.
Washington, DC 20005

/s/ Richard H. Sinkfield

Richard H. Sinkfield
Georgia Bar No. 649100
RSinkfield@rh-law.com

ROGERS & HARDIN LLP
229 Peachtree Street, N.E.
2700 International Tower
Atlanta, Georgia 30303
Tel.: 404-522-4700
Fax: 404-525-2224