# EXHIBIT 1

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| TASER INTERNATIONAL, INC., *et al.*, | : : : | |
| Plaintiffs, | : : : | CIVIL ACTION FILE NO.: 2008-EV-004739-B |
| v. | : : : | |
| MORGAN STANLEY & CO., INC., *et al.*, | : : : : | JURY TRIAL DEMANDED |
| Defendants. | : | |

**PLAINTIFFS' THIRD SET OF INTERROGATORIES TO ALL DEFENDANTS EXCEPT UBS, FOURTH SET OF INTERROGATORIES TO UBS, AND FOURTH REQUESTS FOR THE PRODUCTION OF DOCUMENTS TO ALL DEFENDANTS**

Pursuant to O.C.G.A. § 9-11-26, O.C.G.A. § 9-11-33 and O.C.G.A. § 9-11-34, Plaintiffs hereby serve the following interrogatory and requests for production of documents, requesting that each defendant separately respond to the interrogatory and produce the documents as herein requested and described for inspection and copying at the offices of Bondurant, Mixson & Elmore, 1201 W. Peachtree St., Suite 3900, Atlanta, Georgia 30309 within thirty days.

**Definitions**

1. "Conduct at Issue" refers to the Court's use of the term "conduct at issue in this case" in the February 10, 2010 Order Granting Plaintiffs' Motion to Compel Production of Documents and includes, but is not limited to, abusive or

736206.1

1

illegal naked short sales; violations of Regulations SHO; inaccurate Blue Sheets; failures to locate; failures to comply with recordkeeping requirements regarding locates or other matters relating to short selling; failures to comply with supervisory requirements relating to locates and/or short selling; violations of UPC71; mismarking short sales as long sales; mismarked tickets; improper use of options or derivatives in conjunction with short sales or Reg. SHO; manipulating a security's price through or in conjunction with short selling; or any other allegation of the defendants' wrongdoing contained in the Complaint or in Plaintiffs' interrogatory response.

2. "TASER" shall mean TASER International, Inc., a company publicly traded on the NASDAQ stock market under the symbol TASR.

3. "Plaintiffs" shall mean the individuals and entities identified as plaintiffs in this case, both individually and collectively.

4. "Security" or "Securities" mean any note, common stock, preferred stock, treasury stock, put, call, straddle, option, bond, debenture, evidence of indebtedness, transferable share, investment contract or, in general, any interest or instrument commonly known as a "security."

5. "Documents" means all writings and things of any nature by which information may be stored or communicated, including originals and all non-identical copies and drafts thereof, in your possession, custody, or control,

regardless of where located, including without limitation contracts, agreements, memoranda, notes, correspondence, letters, e-mails, communications, telegrams, teletypes, telecopies, transmissions, messages (including, but not limited to, records, reports, or memoranda of telephone calls and conversations), reports, studies, summaries, analyses, minutes, diaries, calendars, logs, notes, agenda, bulletins, notices, circulars, announcements, instructions, charts, tables, manuals, brochures, schedules, price lists, records, orders, invoices, statements, bills, books of account, ledgers, statistical, accounting, and financial statements, forecasts, work papers, notebooks, data sheets, translations, photographs, drawings, tape recordings, computer-stored information which can be retrieved or placed into reasonably usable form, written communications and written evidence of oral communications, and any other "document" from which information can be obtained or translated, if necessary, by you through detection devices into reasonably usable form. In all cases where originals and/or non-identical copies are not available, "documents" also means identical copies of original documents and copies of non-identical copies.

6. "And" as well as "or" shall be construed disjunctively or conjunctively so as to bring within the scope of each request all documents, writings, and things which might otherwise be construed to be outside its scope.

7. The use herein of the singular form of any noun or pronoun shall include, where appropriate, the plural thereof; the use herein of the masculine gender shall include, where appropriate, the feminine.

8. The term "Person" as used herein shall mean an individual, corporation, partnership, or association, or any other business or governmental entity.

9. The terms "record", "reflect", "relate to", and "concern" are intended to have the broadest possible scope so that all documents, including drafts, are included if they in any way constitute, contain, pertain to, or mention the indicated subject or document. Whenever a document provides part, but less than all, of the information requested, such document should be produced along with all other related documents.

10. "Time Period" refers to January 1, 2003 through May 31, 2009.

11. "You" or "your" designates the Defendant responding to the interrogatory or request for production and includes any parents, subsidiaries, divisions, affiliates, predecessors, assigns or successors, and of their present or former officers, directors, trustees, employees, agents, representatives, attorneys and/or other persons acting on their behalf.

736206.1

4

## Instructions

1.  Each interrogatory herein shall be construed independently and shall not be limited by reference to any other interrogatory.

2.  When an interrogatory does not specifically request a particular fact, but such fact is necessary in order to make the answer to the interrogatory either comprehensible, complete, or not misleading, you are to include such fact as part of the answer and the interrogatory shall be deemed specifically to request such fact.

3.  When, after a reasonable investigation using due diligence, you are unable to answer any interrogatory or any part thereof because of lack of information available to you, specify in detail the type of information which you claim is not available, the reason the information is not available to you, and what you have done to locate such information. In addition, specify what knowledge or belief you have concerning the unanswered portion of the interrogatory, set forth the facts upon which such knowledge or belief is based, and identify, the person who has or is likely to have the information which you claim is not available.

4.  When an interrogatory asks for specific information, as for example, a date, identify the information precisely, if known. If the precise date or other specific information is unknown to you or your agents, you are to give your best

approximation of the information requested, provided that you indicate in your response that the information being provided is an approximation and is incomplete in certain specific respects. Also identify any person who may be able to provide the exact or complete information requested.

5. The interrogatories shall be deemed continuing in nature. With respect to any of the following interrogatories as to which you, after answering, acquire additional information or documents, you are asked to serve on the undersigned further answers to such interrogatories and produce any additional responsive documents immediately after acquiring the additional information or documents.

6. If you refuse to answer any interrogatory in whole or in part, describe the basis for your refusal to answer, including any claim of privilege or work product, in sufficient detail to permit the court to adjudicate the validity of your refusal, and identify each document and oral communication for which a privilege is claimed.

7. Documents attached to other documents or materials shall not be separated unless sufficient records are kept to permit reconstruction of the grouping or context in which the document is maintained in the ordinary course of your business.

8. If any document which you would have produced in response to any request was, but is no longer, in your present possession or subject to your control or is no longer in existence, please state whether any such document is: (1) missing or lost; (2) destroyed; (3) transferred to others; or (4) otherwise disposed of. In any such instance set forth the surrounding circumstances and any authorization for such disposition and state the approximate date of any such disposition, and, if known, state the present location and custodian of such document.

9. These document requests specifically seek electronic records (e.g., email, word processing documents, PowerPoints, Excel spreadsheets). Plaintiff shall produce all such records regardless of whether they are maintained or stored on an active, storage or archived system. Thus, these requests specifically include, but are not limited to, active, near-line and off-line electronic records, as well as electronic records stored on back-up tapes, floppy disc, compact disc, disaster tapes, magnetic tapes or any other medium used to store or archive email. These requests also specifically include "deleted" emails that can be retrieved. Finally, these requests seek metadata.

10. Unless expressly stated otherwise, each of the document requests seeks documents from January 1, 2003, to May 31, 2009.

11. If you contend that any document requested to be produced for inspection and copying is protected from disclosure by virtue of a privilege, provide the following with respect to each such document:

    (a) The type of each such document (e.g., letter, memoranda, e-mail, telegram, telefax, notes, or memoranda of telephone conversations, etc.);

    (b) The date of each such document;

    (c) The author of each such document;

    (d) The person to whom such document was directed;

    (e) The person who received a copy of each such document; and

    (f) The general subject matter of each such document.

    (g) With respect to each document which you claim is protected from disclosure by virtue of a privilege, as provided for in the foregoing instruction, it is requested that you shall provide as part of such description thereof:

    (h) Each privilege whereby you contend the contents of such document are protected from disclosure; and

    (i) Each and every fact upon which you rely to support such claim.

## INTERROGATORY

1. Please identify every formal or informal examination, inquiry or investigation (collectively, "investigation") of You by any agency, regulatory body or SRO (including but not limited to NASDAQ, FINRA, SEC, NYSE, ARCA, CBOE, any options trading board or any other similar self-regulatory agency) related to the Conduct at Issue whether or not specifically related to TASER securities. For purposes of this interrogatory, identify includes, but is not limited to, stating the agency, regulatory body or self-regulatory organization (SRO) at issue; describing, in detail, the conduct being examined, inquired about or investigated; the security or securities at issue; the dates of the investigation; the name of any outside entity or firm that represented or assisted you in the investigation (including, but not limited to, outside counsel); the names and titles of any persons who actively participated in responding to the investigation; the findings/conclusions of the investigation; and the result of the investigation (e.g., censure, letter of caution, fine, settlement, etc).

## REQUESTS FOR PRODUCTION

1. To the extent not already produced, please produce all documents relating to any examination, inquiry or investigation identified in response to Interrogatory No. 1. This includes, but is not limited to, any documents/data sent to or received from the agency or regulatory body, any findings by the agency or regulatory body and any non-privileged internal communications relating to or discussing the examination, inquiry or investigation.

2. To the extent not already produced, please produce all documents that support or relate to your response to Interrogatory No. 1.

Respectfully submitted this 11th day of February, 2010.

_____
John E. Floyd
Georgia Bar No. 266413
Steven J. Rosenwasser
Georgia Bar No. 614908
Nicole G. Iannarone
Georgia Bar No. 382510
Bondurant, Mixson & Elmore, LLP
3900 One Atlantic Center
1201 West Peachtree Street, N.W.
Atlanta, Georgia 30309-3417
(404) 881-4100 Tel.
(404) 881-4111 Fax

James W. Christian
State Bar No. 04228700
Gary M. Jewell
State Bar No. 10664800
Scott R. Link
State Bar No. 12390900
Christian, Smith, & Jewell, LLP
2302 Fannin, Suite 500
Houston, Texas 77002
(713) 659-7617 Tel.
(713) 659-7641 Fax
(admitted pro hac vice)

## CERTIFICATE OF SERVICE

I hereby certify that on this 11th day of February, 2010, a true and correct copy of the foregoing **PLAINTIFFS' THIRD SET OF INTERROGATORIES TO ALL DEFENDANTS EXCEPT UBS, FOURTH SET OF INTERROGATORIES TO UBS, AND FOURTH REQUESTS FOR THE PRODUCTION OF DOCUMENTS TO ALL DEFENDANTS** was served via Email and U.S. Mail delivery to the following:

**Attorneys for Defendants:**
Richard H. Sinkfield, Esq.
Rogers & Hardin
2700 International Tower, Peachtree Center
229 Peachtree Street, N.E.
Atlanta, GA  30303-1601

**Attorneys for Banc of America Securities, LLC:**
Andrew J. Frackman, Esq.
Benjamin D. Petrosky, Esq.
Brendan J. Dowd, Esq.
O'Melveny & Myers LLP
7 Times Square
New York, NY  10036

**Attorneys for Morgan Stanley & Co. Incorporated:**
Robert F. Wise, Jr., Esq.
William J. Fenrich, Esq.
David B. Steinberg, Esq.
Melissa T. Aoyagi, Esq.
Davis Polk & Wardwell
450 Lexington Avenue
New York, NY  10017

736206.1

**Attorneys for Bear Stearns:**
Stephen L. Ratner, Esq.
Harry Frischer, Esq.
Brian L. Friedman, Esq.
Proskauer Rose LLP
1585 Broadway
New York, NY 10036

**Attorneys for The Goldman Sachs Group, Inc.:**
Richard C. Pepperman II, Esq.
Richard H. Klapper, Esq.
Tracy Richelle High, Esq.
Sullivan & Cromwell LLP
125 Broad Street
New York, NY 10004

**Attorneys for Deutsche Bank Securities Inc.:**
Heather L. Fesnak, Esq.
Peter J. Isajiw, Esq.
Gregory A. Markel, Esq.
Martin L. Seidel, Esq.
Cadwalader Wickersham & Taft LLP
One World Financial Center
New York, NY 10281

**Attorneys for UBS Securities, LLC:**
Andrew B. Clubok, Esq.
Daniel Gomez, Esq.
Jeffrey G. Landis, Esq.
Kirkland & Ellis LLP
655 Fifteenth Street, N.W., Suite 1200
Washington, DC 20005-5793

Maria Ginzburg, Esq.
Kirkland & Ellis LLP
Citigroup Center
153 East 53rd Street
New York, NY 10022-4611

**Attorneys for Credit Suisse USA, Inc.:**
Fraser L. Hunter, Jr., Esq.
Wilmer Cutler Pickering Hale & Dorr LLP
399 Park Avenue
New York, NY 10022

**Attorneys for Merrill Lynch, Pierce, Fenner & Smith, Inc.:**
Paul M. Eckles, Esq.
Shepard Goldfein, Esq.
Skadden, Arps, Slate, Meagher & Flom LLP
4 Times Square
New York, NY 10036

Richard S. Horvath, Jr., Esq.
Skadden, Arps, Slate, Meagher & Flom LLP
Four Embarcadero Center
Suite 3800
San Francisco, CA 94111-4144

This 11th day of February, 2010.

Steven J. Rosenwasser
Georgia Bar No. 614908

BONDURANT, MIXSON & ELMORE, LLP
3900 One Atlantic Center
1201 West Peachtree Street, N.W.
Atlanta, GA 30309-3417
Tel.: (404) 881-4100
Fax: (404) 881-4111

736206.1