# EXHIBIT 2

State Court of Fulton County
**E-FILED***
LexisNexis Transaction ID: 31325537
Date: May 26 2010 3:54PM
Mark Harper, Clerk

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| TASER INTERNATIONAL, INC., *et al.*, | : : : | |
| Plaintiffs, | : : | CIVIL ACTION FILE NO.: 2008-EV-004739-B |
| v. | : : | |
| MORGAN STANLEY & CO., INC., *et al.*, | : : : : | JURY TRIAL DEMANDED |
| Defendants. | : | |

### NOTICE TO TAKE O.C.G.A. § 9-11-30(b)(6) DEPOSITION OF DEFENDANT MERRILL LYNCH, PIERCE, FENNER & SMITH, INC.

**TO:** Merrill Lynch Pierce Fenner & Smith, Inc.
c/o Paul Eckles
Skadden Arps Slate Meagher & Flom, LLP
Four Times Square
New York, NY 10036

**COME NOW** plaintiffs in the above-referenced matter pursuant to O.C.G.A. § 9-11-30(b)(6) and notice the deposition of an individual designated by MERRILL, LYNCH, PIERCE, FENNER, & SMITH, INC. to testify about the matters identified on Exhibit A attached hereto. The deposition will take place on June 18, 2010, beginning at 9:00 a.m. The deposition will occur at the offices of Rogers & Hardin, 2700 International Tower, Peachtree Center, 229 Peachtree Street, N.E., Atlanta, GA 30303, or at such other time and place as may be mutually agreed upon by the parties. The deposition will take place before a court

770297.1

reporter authorized to administer oaths in the State of Georgia and before a videographer. The deposition will be taken for all purposes allowable under the Georgia Civil Practice Act.

Respectfully submitted this 26th day of May, 2010.

/s/ Steven J. Rosenwasser
John E. Floyd
Georgia Bar No. 266413
Steven J. Rosenwasser
Georgia Bar No. 614908
Nicole G. Iannarone
Georgia Bar No. 382510
Bondurant, Mixson & Elmore, LLP
3900 One Atlantic Center
1201 West Peachtree Street, N.W.
Atlanta, Georgia 30309-3417
(404) 881-4100 Tel.
(404) 881-4111 Fax

James W. Christian
State Bar No. 04228700
Gary M. Jewell
State Bar No. 10664800
Scott R. Link
State Bar No. 12390900
Christian, Smith, & Jewell, LLP
2302 Fannin, Suite 500
Houston, Texas 77002
(713) 659-7617 Tel.
(713) 659-7641 Fax
(admitted pro hac vice)

770297.1

## CERTIFICATE OF SERVICE

I hereby certify that on this day, a true and correct copy of the foregoing **NOTICE TO TAKE O.C.G.A. § 9-11-30(b)(6) DEPOSITION OF DEFENDANT MERRILL LYNCH, PIERCE, FENNER & SMITH, INC.** was served on the following counsel of record electronically via Lexis File & Serve:

**Attorneys for Defendants:**
Richard H. Sinkfield, Esq.
Rogers & Hardin
2700 International Tower, Peachtree Center
229 Peachtree Street, N.E.
Atlanta, GA  30303-1601

**Attorneys for Banc of America Securities, LLC:**
Andrew J. Frackman, Esq.
O'Melveny & Myers LLP
7 Times Square
New York, NY  10036

**Attorneys for Morgan Stanley & Co. Incorporated:**
Robert F. Wise, Jr., Esq.
William J. Fenrich, Esq.
Melissa T. Aoyagi, Esq.
Davis Polk & Wardwell LLP
450 Lexington Avenue
New York, NY  10017

**Attorneys for Bear Stearns:**
Stephen L. Ratner, Esq.
Harry Frischer, Esq.
Brian L. Friedman, Esq.
Proskauer Rose LLP
1585 Broadway
New York, NY  10036

770297.1

**Attorneys for The Goldman Sachs Group, Inc.:**
Richard C. Pepperman II, Esq.
Richard H. Klapper, Esq.
Tracy Richelle High, Esq.
Sullivan & Cromwell LLP
125 Broad Street
New York, NY  10004

**Attorneys for Deutsche Bank Securities Inc.:**
Heather L. Fesnak, Esq.
Peter J. Isajiw, Esq.
Gregory A. Markel, Esq.
Martin L. Seidel, Esq.
Cadwalader Wickersham & Taft LLP
One World Financial Center
New York, NY  10281

**Attorneys for UBS Securities, LLC:**
Andrew B. Clubok, Esq.
Jeffrey G. Landis, Esq.
Daniel Gomez, Esq.
Kirkland & Ellis LLP
655 Fifteenth Street, N.W., Suite 1200
Washington, DC  20005-5793

Maria Ginzburg, Esq.
Kirkland & Ellis LLP
Citigroup Center
153 East 53rd Street
New York, NY  10022-4611

**Attorneys for Credit Suisse USA, Inc.:**
Fraser L. Hunter, Jr., Esq.
Wilmer Cutler Pickering Hale & Dorr LLP
399 Park Avenue
New York, NY  10022

770297.1

**Attorneys for Merrill Lynch, Pierce, Fenner & Smith, Inc.:**
Paul M. Eckles, Esq.
Shepard Goldfein, Esq.
Skadden, Arps, Slate, Meagher & Flom LLP
4 Times Square
New York, NY  10036

Richard S. Horvath, Jr., Esq.
Skadden, Arps, Slate, Meagher & Flom LLP
Four Embarcadero Center
Suite 3800
San Francisco, CA  94111-4144

This 26th day of May, 2010.


        /s/ Steven J. Rosenwasser
        Steven J. Rosenwasser
        Georgia Bar No. 614908

BONDURANT, MIXSON & ELMORE, LLP
3900 One Atlantic Center
1201 West Peachtree Street, N.W.
Atlanta, GA  30309-3417
Telephone (404) 881-4100
Facsimile (404) 881-4111

770297.1

# EXHIBIT A

1. The facts, issues and circumstances underlying:

    (a) NASD Case No. 20042000136-01 which resulted in an AWC;

    (b) NASD Case No. 20050004610, which resulted in a Letter of Caution;

    (c) NYSE Exchange Hearing Panel Decision 05-149;

    (d) AMEX Case No. 05-95;

    (e) FINRA Case No. 20050000367-01, which resulted in an AWC (see ML-TASR63200);

    (f) FINRA January 15, 2009 Cautionary Action;

    (g) FINRA Case No. 20050020953;

    (h) FINRA Case No. 20060061811;

    (i) The June 26, 2007 AWC;

    (j) The February 6, 2007, NYSE Decision and Order;

    (k) March 13, 2006, SEC Cease and Desist Order;

    (l) July 8, 2005, NYSE Decision;

    (m) March 7, 2005, NYSE Decision;

    (n) August 20, 2004, AWC;

    (o) June 13, 2003, NYSE Decision;

    (i) the Stipulation of Facts and Consent to Penalty (ML-TASR63178-84).

Each of the above, together with the underlying investigation, inquiry and examination, shall be referred to individually as the "Investigation" or collectively as the "Investigations"

770297.1

For each Investigation, this topic specifically includes, but is not limited to:

a. The scope of the Investigation, including when the Investigation started, the securities investigated, the time periods examined and the types of conduct investigated;

b. Merrill Lynch's knowledge of the conduct described in each Investigation's AWC, Cautionary Action, Decision, Stipulation of Facts and Consent to Penalty or Letter of Caution, including (i) when Merrill Lynch first learned of each alleged violation or each type of alleged improper or illegal conduct; and (ii) the persons within Merrill Lynch who knew of the alleged violation or improper or illegal conduct, and when they obtained that knowledge;

c. From January 1, 2003 to May 31, 2009, the means, methods, policies and procedures Merrill Lynch has employed and now employs to prevent the conduct described in the AWC, Cautionary Action, Decision, Stipulation of Facts and Consent to Penalty or Letter of Caution;

d. Merrill Lynch's position as to whether the conduct described in the AWC, Cautionary Action, Decision, Stipulation of Facts and Consent to Penalty or Letter of Caution occurred and, if Merrill Lynch denies that any of the conduct occurred, the facts and bases for that denial;

e. Whether the conduct described in the AWC, Cautionary Action, Decision, Stipulation of Facts and Consent to Penalty or Letter of Caution violated any Merrill Lynch rule, regulation or procedure (including any rule, regulation or procedure contained in any compliance manuals) and, if so, which one(s);

f. What actions, if any, Merrill Lynch took in response to the AWC, Cautionary Action, Decision, Stipulation of Facts and Consent to Penalty or Letter of Caution;

g. Whether Merrill Lynch is aware of any other instances in which the conduct described in the AWC, Cautionary Action, Decision, Stipulation of Facts and Consent to Penalty or Letter of Caution

770297.1

occurred and, if so, what the conduct was, when it occurred and the securities involved;

h. Whether Merrill Lynch conducted its own internal investigation into the issues raised by the Investigation or in the AWC, Cautionary Action, Decision, Stipulation of Facts and Consent to Penalty or Letter of Caution and, if so: (i) when the investigation occurred, (ii) the persons actively involved in the investigation, (iii) securities involved and (iv) the identification of any reports, analyses or memoranda showing the results of the investigation and who reviewed them.

i. The impact and effect the conduct described in the AWC, Cautionary Action, Decision, Stipulation of Facts and Consent to Penalty or Letter of Caution had or could have on the accuracy of records, the delivery or receipt of securities and/or stock price;

j. Merrill Lynch's position as to whether the conduct described in the AWC, Cautionary Action, Decision, Stipulation of Facts and Consent to Penalty or Letter of Caution violates any federal securities laws, rules and regulations and the facts in support thereof;

k. The means through which Merrill Lynch monitored or supervised the conduct described in the AWC, Cautionary Action, Decision, Stipulation of Facts and Consent to Penalty or Letter of Caution and any changes in that monitoring or supervision from January 1, 2003 to May 31, 2009;

m. From January 1, 2003 to May 31, 2009, the person(s) responsible for ensuring that the conduct described in the AWC, Cautionary Action, Decision, Stipulation of Facts and Consent to Penalty or Letter of Caution did not occur, including their name and titles;

n. Merrill Lynch's rights and responsibilities with respect to the Investigation, including, but not limited to, the information it can and/or must provide to the regulator, the ability to provide witnesses or evidence and the right to a hearing or to challenge findings;

o. For each of the trading desks and traders involved in the conduct described in the AWC, Cautionary Action, Decision, Stipulation of

770297.1

    Facts and Consent to Penalty or Letter of Caution, information relating to any other instances in which they were alleged or in fact violated any Merrill Lynch rule, regulation or procedure or federal, state or agency rule or regulation relating to short selling, mismarking or inaccurately marking tickets or Reg. SHO;

 p. The steps taken to preserve and locate all of the hard copy and electronic documents and data relating to the Investigation;

 q. Identification of the trading desks and traders involved in the conduct;

 r. For the conduct or matters referenced in the AWC, Cautionary Action, Decision, Stipulation of Facts and Consent to Penalty or Letter of Caution, all facts relating to: (i) the securities involved; (ii) the amount of shares traded; and (iii) when the conduct occurred;

 s. Identification of any in-person meetings (and any notes relating to the meeting), audio recordings or video recordings relating to or discussing the investigation, including telephone calls. This includes the date(s) of the meetings, the participants, what documents were exchanged or shown and the substance of the discussions;

 t. Whether any of the conduct described in the AWC, Cautionary Action, Decision, Stipulation of Facts and Consent to Penalty or Letter of Caution ever occurred with respect to TASER securities, options or derivatives;

 u. Merrill Lynch's explanation as to why each type of conduct described in the AWC, Cautionary Action, Decision, Stipulation of Facts and Consent to Penalty or Letter of Caution occurred; and

 v. The basis for any claim that the violation did not occur or that the conduct was lawful and in accordance with Merrill Lynch's own rules, regulations and procedures and/or federal securities laws, rules and regulations.

2. For Hearing Decision 05-149 and Case No. 05-95:

 a. The blue sheets at issue, including the securities listed on the incomplete or erroneous blue sheets and the time periods;

770297.1

b.  The manner in which the blue sheets were allegedly incomplete or inaccurate;

c.  Whether the incomplete or inaccurate information in any way involved a TASER transaction;

d.  Whether Merrill Lynch engaged in any of the conduct alleged in the Decision after January 3, 2006 and, if so, when, which conduct and with respect to which securities;

e.  When and how the exchange notified Merrill of blue sheet inaccuracies, including identification of any documents containing such notifications (see ML-TASR63179)

770297.1