# EXHIBIT 3

# Elias, Brad

| | |
|---|---|
| **From:** | Elias, Brad |
| **Sent:** | Wednesday, November 17, 2010 1:04 PM |
| **To:** | Steven J. Rosenwasser; Nicole G. Iannarone; Elizabeth G. Eager |
| **Cc:** | Frackman, Andrew; Rudzin, Abby |
| **Subject:** | RE: 30(b)(6) Re Regulatory Investigations |

Steven,

It may be helpful to clarify our position on the 30(b)(6) notices.  We have no intention of making you re-serve a 30(b)(6) notice with respect to BAS, and we are still willing to produce the BAS witnesses on a date to be agreed upon by the parties.  However, with respect to Merrill Lynch, we have determined that there is no use in further negotiating 30(b)(6) topics because Merrill Lynch does not have any employees with knowledge of the regulatory investigations at issue.  Thus, Plaintiffs may choose to re-serve their notice in federal court, in which case Merrill Lynch will seek a protective order from what it views as an unnecessary and overly burdensome discovery request.  Our intention was not to call the parties' previous agreement on depositions that had already been scheduled into question.  Indeed, the Merrill Lynch 30(b)(6) was never scheduled and we have not engaged in negotiations for several months.

With respect to our specific objections about the 30(b)(6) notice on average loan rate information, the notice is vague and ambiguous in how it defines average loan rate and the requested information is not kept in the ordinary course of business.  Thus, it would be impossible for us to prepare a witness on the proposed topics.  In addition, we have already produced documents showing rates charged on TASER loans, so we do not believe that there is a need for additional testimony on this topic.  We are happy to point you to the Loanet reports.

And with respect to the Certain Threshold Securities investigation, we believe that discovery on the merits of your claims against ML Pro should be stayed pending the outcome of ML Pro's motion to dismiss.  Thus, your efforts to indirectly gather information from ML Pro's parent corporation should be similarly stayed.

Regards,

Brad Elias

---

**From:** Steven J. Rosenwasser [mailto:rosenwasser@bmelaw.com]
**Sent:** Wednesday, November 17, 2010 12:17 PM
**To:** Elias, Brad; Nicole G. Iannarone; Elizabeth G. Eager; Jill A. Pryor
**Cc:** Rudzin, Abby; Frackman, Andrew
**Subject:** RE: 30(b)(6) Re Regulatory Investigations

Brad,

Thank you for the response below.  A few questions:

1.	Do you withdraw your objection to the original 30b6 notice on regulatory investigations on the ground that it is "inoperable."  That will help us answer about tomorrow.
2.	With respect to the 30b6 notice:
	a.	On average loan rate information, is it your position that ML has no information responsive to any of Topics 1-4.  Will you certify to that fact?
	b.	On the Certain Threshold Securities Investigation, we are entitled to ML's knowledge.  In light of the fact that ML produced over 200,000 documents from that investigation, we do not see how ML can legitimately claim it has no knowledge as to the topics posed.   Is it ML's position that it has no information responsive to Topics 5-9.

Thanks

---

**From:** Elias, Brad [mailto:belias@OMM.com]
**Sent:** Wednesday, November 17, 2010 12:09 PM
**To:** Steven J. Rosenwasser; Nicole G. Iannarone; Elizabeth G. Eager
**Cc:** Rudzin, Abby; Frackman, Andrew
**Subject:** RE: 30(b)(6) Re Regulatory Investigations

Steven,

We plan to move for a protective order on your 30(b)(6) deposition notice on two grounds: (i) we do not maintain average loan rate information (as defined by plaintiffs) in the ordinary course of business, and (ii) the Certain Threshold Securities investigation involves only ML Pro and its customers, and this discovery is nothing more than an attempt to endrun our motion for a merits discovery stay with respect to ML Pro.

With respect to tomorrow's depositions, please let us know whether you are producing a witness as previously agreed.


Regards,

Brad Elias

---

**From:** Steven J. Rosenwasser [mailto:rosenwasser@bmelaw.com]
**Sent:** Wednesday, November 17, 2010 11:40 AM
**To:** Elias, Brad; Nicole G. Iannarone; Elizabeth G. Eager
**Cc:** Rudzin, Abby; Frackman, Andrew
**Subject:** RE: 30(b)(6) Re Regulatory Investigations

Brad,

1.	Is it your position that a deposition served in state court is "inoperable"? Yes or no?
2.	Our discussion that the depositions would go forward was based on all parties agreeing that deposition notices would not have to be reserved. You are trying to change the rules midway.

Again, we regret that ML has decided to litigate and stonewall in this manner. We will serve a new 30b6 today for a firm date.

Steven

---

**From:** Elias, Brad [mailto:belias@OMM.com]
**Sent:** Wednesday, November 17, 2010 11:35 AM
**To:** Steven J. Rosenwasser; Nicole G. Iannarone; Elizabeth G. Eager
**Cc:** Rudzin, Abby; Frackman, Andrew
**Subject:** RE: 30(b)(6) Re Regulatory Investigations

Steven,

Your effort to conflate the 30(b)(6) notice, to which we served objections and never agreed to produce a witness, with the plaintiffs' depositions is absurd. First, Plaintiffs explicitly stated during the Rule 26(f) conference that they wanted to

go forward with the negotiated dates.  Second, your associate Michael Caplan has refused to change the negotiated dates and has repeatedly argued that you would be entitled to costs if the depositions do not go forward as planned.

Accordingly, I plan to be on a plane to Atlanta this evening for tomorrow's deposition.  If you are canceling it or any others, please let us know immediately.

Regards,

Brad Elias

---

**From:** Steven J. Rosenwasser [mailto:rosenwasser@bmelaw.com]
**Sent:** Wednesday, November 17, 2010 11:25 AM
**To:** Elias, Brad; Nicole G. Iannarone; Elizabeth G. Eager
**Subject:** RE: 30(b)(6) Re Regulatory Investigations

Brad,

I assume then that you are going to renotice all of the depositions for the plaintiffs and tomorrow's deposition is off?  If that is the case, we need to have a discussion today and we reserve all rights for costs and expenses incurred in scheduling the depositions.

---

**From:** Elias, Brad [mailto:belias@OMM.com]
**Sent:** Wednesday, November 17, 2010 11:22 AM
**To:** Nicole G. Iannarone; Elizabeth G. Eager; Steven J. Rosenwasser
**Subject:** 30(b)(6) Re Regulatory Investigations

Counsel,

On behalf of Merrill Lynch, Pierce, Fenner & Smith Incorporated, we write in response to your email from last week to inform you that we view the 30(b)(6) notice served in state court as inoperable and we will not be proposing revised topics relating to regulatory inquiries.  As we previously informed you, Merrill Lynch has no knowledge on these topics outside of that provided in the documents that have already been produced.

Regards,

**Brad M. Elias**
**O'Melveny & Myers LLP**
7 Times Square
New York, NY 10036
belias@omm.com
(212) 326-2248

*This message and any attached documents contain information from the law firm of O'Melveny & Myers LLP that may be confidential and/or privileged. If you are not the intended recipient, you may not read, copy, distribute, or use this information. If you have received this transmission in error, please notify the sender immediately by reply e-mail and then delete this message.*