# EXHIBIT 4

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| TASER INTERNATIONAL, INC., *et al.*, ) | |
| ) | Case No.: 1:10-cv-3108-JEC |
| Plaintiffs, ) | |
| ) | [On removal from the State |
| v. ) | Court of Fulton County, |
| ) | Georgia Case No.: |
| MORGAN STANLEY & CO., INC., *et al.*, ) | 2008-EV-004739-B] |
| ) | |
| Defendants. ) | |
| ) | |

### AMENDED NOTICE TO TAKE RULE 30(b)(6) DEPOSITION OF DEFENDANT MERRILL LYNCH, PIERCE, FENNER & SMITH, INC.

**TO:** Merrill Lynch Pierce Fenner & Smith, Inc.
Richard H. Sinkfield, Esq.
Rogers & Hardin
2700 International Tower, Peachtree Center
229 Peachtree Street, N.E.
Atlanta, Georgia 30303-1601

**COME NOW** plaintiffs[1] in the above-referenced matter pursuant to Federal Rule of Civil Procedure 30(b)(6) and notice the deposition of an individual designated by MERRILL, LYNCH, PIERCE, FENNER, & SMITH, INC. to testify about the matters identified on Exhibit A attached hereto. The deposition will take place on December 10, 2010, beginning at 10:00 a.m. The deposition will occur at

---

[1] Plaintiffs object to the improper removal of this case and do not believe that this court has subject matter jurisdiction in this case. Plaintiffs have filed a motion to remand which is currently pending.

2

the offices of Rogers & Hardin, 2700 International Tower, Peachtree Center, 229 Peachtree Street, N.E., Atlanta, GA 30303, or at such other time and place as may be mutually agreed upon by the parties. The depositions will take place before a person authorized by law to administer oaths and will be recorded by sound, videotape and/or stenographic means. The deposition will be taken for all purposes allowable under the Federal Rules of Civil Procedure.

Respectfully submitted this 17th day of November, 2010.

*Elizabeth G. Eager*
John E. Floyd
Georgia Bar No. 266413
Jill A. Pryor
Georgia Bar No. 589140
Steven J. Rosenwasser
Georgia Bar No. 614908
Nicole G. Iannarone
Georgia Bar No. 382510
Elizabeth G. Eager
Georgia Bar No. 644007
Michael A. Caplan
Georgia Bar No. 601039
Robert L. Ashe
Georgia Bar No. 208077
Bondurant, Mixson & Elmore, LLP
3900 One Atlantic Center
1201 West Peachtree Street, N.W.
Atlanta, Georgia 30309-3417
(404) 881-4100 Tel.
(404) 881-4111 Fax

James W. Christian
State Bar No. 04228700
Gary M. Jewell
State Bar No. 10664800
Scott R. Link
State Bar No. 12390900
Katherine Morton-Gonyea
State Bar No. 24066701
Christian, Smith, & Jewell, LLP
2302 Fannin, Suite 500
Houston, Texas 77002
(713) 659-7617 Tel.
(713) 659-7641 Fax
(admitted *pro hac vice* in State Court)

Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that on this day, a true and correct copy of the foregoing

**AMENDED NOTICE TO TAKE RULE 30(b)(6) DEPOSITION OF DEFENDANT MERRILL LYNCH, PIERCE, FENNER & SMITH, INC.** was

served via Email and United States mail on:

> **Attorneys for Defendants:**
> Richard H. Sinkfield, Esq.
> Dan F. Laney, III, Esq.
> Kristina M. Jones, Esq.
> Stefanie H. Jackman, Esq.
> James W. Cobb, Esq.
> Rogers & Hardin
> 2700 International Tower, Peachtree Center
> 229 Peachtree Street, N.E.
> Atlanta, GA  30303-1601
> rsinkfield@rh-law.com

Further, I hereby certify that on this day, I caused to be served a true and correct copy of the foregoing via United States mail on:

> **Attorneys for Banc of America Securities, LLC;**
> **Merrill Lynch, Pierce, Fenner & Smith, Inc.; and Merrill Lynch**
> **Professional Clearing Corporation:**
> Andrew J. Frackman, Esq.
> Brad Elias, Esq.
> O'Melveny & Myers LLP
> 7 Times Square
> New York, NY  10036

818826.1

5

**Attorneys for Morgan Stanley & Co. Incorporated:**
Robert F. Wise, Jr., Esq.
William J. Fenrich, Esq.
Melissa T. Aoyagi, Esq.
Davis Polk & Wardwell LLP
450 Lexington Avenue
New York, NY  10017

**Attorneys for Bear Stearns & Co., Inc. and Bear Stearns Securities Corp.:**
Stephen L. Ratner, Esq.
Harry Frischer, Esq.
Brian L. Friedman, Esq.
Proskauer Rose LLP
1585 Broadway
New York, NY  10036

**Attorneys for Goldman, Sachs & Co. and Goldman Sachs Execution & Clearing, L.P.:**
Richard C. Pepperman II, Esq.
Richard H. Klapper, Esq.
Tracy Richelle High, Esq.
Sullivan & Cromwell LLP
125 Broad Street
New York, NY  10004

**Attorneys for Deutsche Bank Securities Inc.:**
Heather L. Fesnak, Esq.
Peter J. Isajiw, Esq.
Gregory A. Markel, Esq.
Cadwalader Wickersham & Taft LLP
One World Financial Center
New York, NY  10281

**Attorneys for UBS Securities, LLC:**
Andrew B. Clubok, Esq.
Jeffrey G. Landis, Esq.
Daniel Gomez, Esq.
Kirkland & Ellis LLP
655 Fifteenth Street, N.W., Suite 1200
Washington, DC  20005-5793

Maria Ginzburg, Esq.
Kirkland & Ellis LLP
Citigroup Center
153 East 53rd Street
New York, NY  10022-4611

**Attorneys for Credit Suisse Securities (USA), LLC.:**
Fraser L. Hunter, Jr., Esq.
Wilmer Cutler Pickering Hale & Dorr LLP
399 Park Avenue
New York, NY  10022

This 17th day of November, 2010.

Elizabeth G. Eager
Georgia Bar No. 644007

# EXHIBIT A

1. The facts, issues and circumstances underlying:

    (a) NASD Case No. 20042000136-01 which resulted in an AWC;[2]

    (b) NASD Case No. 20050004610, which resulted in a Letter of Caution;

    (c) NYSE Exchange Hearing Panel Decision 05-149;

    (d) AMEX Case No. 05-95;

    (e) FINRA January 15, 2009 Cautionary Action;

    (f) FINRA Case No. 20050020953;[3]

    (g) FINRA Case No. 20060061811;[4]

    (h) The June 26, 2007 AWC;[5]

    (i) The February 6, 2007, NYSE Decision and Order;[6]

    (j) August 20, 2004 AWC;[7] and

---

[2] Plaintiffs agree to limit the scope of any deposition regarding this Investigation to issues surrounding the failure to report the correct symbol indication whether transactions were "buy," "sell," "sell short," "sell short exempt" or "cross."

[3] Plaintiffs agree to limit the scope of any deposition regarding this Investigation to the conduct identified in paragraphs 9, 13 of ML-TASR0063200.

[4] Plaintiffs agree to limit the scope of any deposition regarding this Investigation to the conduct identified in paragraphs 29, 30 of ML-TASR0063200.

[5] Plaintiffs agree to exclude from the scope of any deposition regarding this Investigation the conduct related to MRD200444986/20050000654 identified in Paragraph 1 at ML-TSINTL0091491.

[6] Plaintiffs agree to limit the scope of any deposition regarding this Investigation to the conduct identified in Paragraphs 4, 22-24.

    (k)    the Stipulation of Facts and Consent to Penalty (ML-TASR63178-84).

Each of the above, together with the underlying investigation, inquiry and examination, shall be referred to individually as the "Investigation" or collectively as the "Investigations"

For each Investigation, except as noted in footnotes 2-7, please provide a witness to testify as to the following:

    a.    The scope of the Investigation: when the Investigation started, the securities investigated, the time periods examined and the types of conduct investigated;

    b.    Merrill Lynch's knowledge of the conduct described in each Investigation's AWC, Cautionary Action, Decision, Stipulation of Facts and Consent to Penalty or Letter of Caution, including (i) when Merrill Lynch first learned of each alleged violation or each type of alleged improper or illegal conduct; and (ii) the persons within Merrill Lynch who knew of the alleged violation or improper or illegal conduct, and when they obtained that knowledge;[8]

    c.    From January 1, 2003 to May 31, 2009, the policies and procedures Merrill Lynch employed to prevent the conduct described in the AWC, Cautionary Action, Decision, Stipulation of Facts and Consent to Penalty or Letter; from January 1, 2003 to May 31, 2009, the means through which Merrill Lynch monitored or supervised the conduct described in the AWC, Cautionary Action, Decision, Stipulation of Facts and Consent to Penalty or Letter; and the actions, if any, Merrill

---

[7] This Investigation is included to the extent it involves violations of NASD Rule 3370.

[8] Plaintiffs note that they are **not** asking Merrill Lynch to now first engage in an audit or investigation, but rather to follow Rule 30(b)(6), which requires it to provide information on "information known or reasonably available" to the firm.

818826.1                      9

        Lynch took in response to the AWC, Cautionary Action, Decision, Stipulation of Facts and Consent to Penalty or Letter;[9]

d.     Merrill Lynch's position as to whether the conduct described in the AWC, Cautionary Action, Decision, Stipulation of Facts and Consent to Penalty or Letter of Caution occurred and, if Merrill Lynch denies that any of the conduct occurred, the facts and bases for that denial;[10]

e.     Whether the conduct described in the AWC, Cautionary Action, Decision, Stipulation of Facts and Consent to Penalty or Letter of Caution violated any Merrill Lynch policy or procedure (including any policy or procedure contained in any compliance manuals) and, if so, which one(s);[11]

f.     Whether Merrill Lynch is currently aware of any other instances in which the conduct described in the AWC, Cautionary Action, Decision, Stipulation of Facts and Consent to Penalty or Letter

---

[9] For Investigations or portions of Investigations involving supervisory procedures, the topic is limited to the actions, if any, Merrill Lynch took in response to the AWC, Cautionary Action, Decision, Stipulation of Facts and Consent to Penalty or Letter.

[10] Plaintiffs are not requesting that Merrill Lynch first conduct an audit. Rather this topic only seeks Merrill Lynch' current knowledge. Thus, if Merrill Lynch does not currently have a position or know whether the conduct occurred, it need only testify as to that fact.

For Investigations or portions of Investigations involving supervisory procedures, the topic is limited to whether the procedures you had in place were adequate. If you contend the procedures were adequate, explain the basis for your contention.

[11] For Investigations or portions of Investigations involving supervisory procedures, the topic is whether the procedures cited complied with your internal policies or procedures, or deviated from them.

818826.1           10

      occurred and, if so, what the conduct was, when it occurred, the trading desks and traders involved and the securities involved;[12]

g. Whether, apart from responding to the regulatory inquiry, Merrill Lynch conducted its own internal investigation into the issues raised by the Investigation or in the AWC, Cautionary Action, Decision, Stipulation of Facts and Consent to Penalty or Letter and, if so: (i) when the investigation occurred, (ii) the persons actively involved in the investigation, (iii) securities involved and (iv) the identification of any reports, analyses or memoranda showing the results of the investigation and who reviewed them;

h. The impact and effect the conduct described in the AWC, Cautionary Action, Decision, Stipulation of Facts and Consent to Penalty or Letter of Caution had or could have on (a) the accuracy of records; (b) the delivery or receipt of securities and/or (c) stock price;[13]

i. Merrill Lynch's rights and responsibilities with respect to the Investigation: the information it can and/or must provide to the regulator, the ability to provide witnesses or evidence and the right to a hearing or to challenge findings;[14]

---

[12] If Merrill Lynch's position is that for one or more types of the conduct it does not track or otherwise log or monitor violations, then the company can provide this as its response to the topic. Additionally, *see* footnote 8.

For Investigations or portions of Investigations involving supervisory procedures, this topic is limited to other instances involving the same supervisory procedures.

[13] This topic does not seek expert opinion or conclusions. Rather, this topic seeks any non-expert positions the Company has or may have taken.

[14] Plaintiffs are not seeking a legal opinion or any more information than what is presented on the AWCs, Letter of Caution, Hearing Decision or Stipulation. The witness need not be educated on any aspects of the appeals process or other procedures beyond what is presented in the AWC, Letter of Caution, Hearing Decision, or Stipulation.

  j. For each of the trading desks and traders involved in the conduct described in the AWC, Cautionary Action, Decision, Stipulation of Facts and Consent to Penalty or Letter, information relating to any other known instances in which they were alleged or in fact violated any Merrill Lynch policy or procedure relating to short selling, mismarking or inaccurately marking tickets or Reg. SHO;[15]

  k. Identification of the trading desks and traders involved in the conduct;[16]

  l. For the conduct or matters referenced in the AWC, Cautionary Action, Decision, Stipulation of Facts and Consent to Penalty or Letter, facts sufficient to show: (i) the securities involved; (ii) the amount of shares traded; (iii) the trading desks and traders involved and (iv) when the conduct occurred;[17]

  m. Whether any of the conduct described in the AWC, Cautionary Action, Decision, Stipulation of Facts and Consent to Penalty or Letter ever occurred with respect to TASER securities, options or derivatives; and

  n. Merrill Lynch's explanation as to why each type of conduct described in the AWC, Cautionary Action, Decision, Stipulation of Facts and Consent to Penalty or Letter occurred.[18]

---

[15] *See* Footnote 8.

For Investigations or portions of Investigations involving supervisory procedures, this Topic calls for any other known instances where the procedures were alleged to be or found to be inadequate.

[16] *See* Footnote 8.

[17] This subtopic shall not apply to the Investigations or portions of Investigations involving supervisory procedures.

[18] Plaintiffs are not seeking any more information than what is presented on the AWCs, Letter of Caution, Hearing Decision or Stipulation.

2. For Hearing Decision 05-149 and Case No. 05-95:

   a. The blue sheets at issue, including the securities listed on the incomplete or erroneous blue sheets and the time periods;

   b. The manner in which the blue sheets were allegedly incomplete or inaccurate;

   c. Whether the incomplete or inaccurate information in any way involved a TASER transaction;

   d. Whether Merrill Lynch engaged in any of the conduct alleged in the Decision after January 3, 2006 and, if so, when, which conduct and with respect to which securities;

   e. When and how the exchange notified Merrill of blue sheet inaccuracies, including identification of any documents containing such notifications (see ML-TASR63179)