# EXHIBIT 7

# Elias, Brad

| | |
|---|---|
| **From:** | Elias, Brad |
| **Sent:** | Tuesday, November 23, 2010 12:07 PM |
| **To:** | Steven J. Rosenwasser |
| **Cc:** | Nicole G. Iannarone; Elizabeth G. Eager; Jill A. Pryor |
| **Subject:** | RE: 30(b)(6) Meet and Confer |

Steven,

Would your position change if we agreed to identify by Bates number the documents in your possession relating to each of the eleven regulatory investigations for which you seek testimony? This would eliminate the need for you to "cull" through the documents. And as a practical matter, the number of relevant documents is relatively small. This would effectively give you a roadmap of all the information within Merrill Lynch's possession, custody or control relating to these investigations.

We are also willing to provide verified responses regarding whether any of the conduct alleged in the inquiries would have violated Merrill Lynch's policies and procedures, whether Merrill Lynch conducted an internal investigation in response to any of the inquiries, Merrill Lynch's rights with respect to the inquiries, and the traders and/or trading desks involved in the inquiries(to the extent this information is available). We hope that this verified response, along with the stipulations that we previously proposed regarding the fact that Merrill Lynch has been unable to identify any witnesses with personal knowledge of these inquiries and that Merrill Lynch does not currently have a position on whether any of the alleged conduct occurred, will be sufficient to convince you to withdraw the notice, or at least serve an amended version.

We also ask that you to reconsider your position regarding the firm December 10 deposition date. We are currently preparing an emergency motion for a protective order that we will be filing tomorrow. We believe your refusal to delay the deposition pending the Court's decision on our protective order motion is unreasonable, especially given the limited relevance of these inquiries and the fact that there is no urgency to your request. There is no reason to burden the court in this manner.

We would appreciate a prompt response given the time sensitive nature of these issues.

Regards,

Brad Elias

---

**From:** Steven J. Rosenwasser [mailto:rosenwasser@bmelaw.com]
**Sent:** Monday, November 22, 2010 12:56 PM
**To:** Elias, Brad
**Cc:** Nicole G. Iannarone; Elizabeth G. Eager; Jill A. Pryor
**Subject:** RE: 30(b)(6) Meet and Confer

Brad,

Thank you for your email below. We respectfully disagree that we are not entitled to testimony on a subject matter simply because you claim that the information can be culled from the millions of pages of documents you produced. We are entitled to have a witness testify as to the company's position on matters, as well as to ask reasonable follow up questions. Indeed, under your theory no party would be entitled to a deposition if there is arguably a document in existence that covers the subject matter of the deposition. Of course, that is not the law. Thus, we believe a deposition is appropriate.

1

Steven

---

**From:** Elias, Brad [mailto:belias@OMM.com]
**Sent:** Friday, November 19, 2010 5:23 PM
**To:** Steven J. Rosenwasser
**Subject:** 30(b)(6) Meet and Confer

Steven,

We write on behalf of Merrill Lynch, Pierce, Fenner & Smith to confer in good faith on the deposition that you have noticed for December 10, in Atlanta, Georgia. As we have previously informed you, Merrill Lynch has no additional information on the topics that you have noticed that is not contained in the documents that it produced in response to your fourth document requests. Merrill Lynch is willing to stipulate to this fact and to the fact that it does not currently have a position on whether any of the conduct alleged in those investigations ever occurred. There is therefore no reason for Merrill Lynch to spend time and money preparing a witness to simply read aloud the contents of documents that are already in your possession. Accordingly, Merrill Lynch asks that Plaintiffs agree to accept this stipulation and withdraw the notice. To the extent Plaintiffs' do not agree, we will be seeking a protective order from the court to prevent your burdensome and unnecessary discovery requests.

Regards,

**Brad M. Elias**
**O'Melveny & Myers LLP**
7 Times Square
New York, NY 10036
belias@omm.com
(212) 326-2248

*This message and any attached documents contain information from the law firm of O'Melveny & Myers LLP that may be confidential and/or privileged. If you are not the intended recipient, you may not read, copy, distribute, or use this information. If you have received this transmission in error, please notify the sender immediately by reply e-mail and then delete this message.*