IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| TASER INTERNATIONAL, INC., *et al.*, | Case No.: 1:10-CV-03108-JEC |
| Plaintiffs, | |
| v. | [On removal from the State Court of Fulton County, Georgia Case No.: 2008-EV-004739-B] |
| MORGAN STANLEY & CO., INC., *et al.*, | |
| Defendants. | |

**MOTION FOR PERMISSION TO EXCEED PAGE LIMITATIONS IN RESPONSE TO DEFENDANT MERRILL LYNCH PROFESSIONAL CLEARING CORP.'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND "SUPPLEMENTAL MEMORANDUM <u>IN FURTHER SUPPORT</u>" OF ITS MOTION**

Without seeking leave of Court, Defendant Merrill Lynch Professional Clearing Corp. ("ML Pro") filed a "Supplemental Memorandum in Further Support of its Motion to Dismiss for Lack of Personal Jurisdiction" attempting to explain to the Court why ML Pro failed to disclose in its original Motion, supporting Memorandum and Declaration that ML Pro is registered to do business in Georgia and has been so registered for the entire time period relevant to this case—until after the Plaintiffs pointed that fact out to ML Pro's counsel. There is no provision in the Court's Local Rules permitting ML Pro to submit a "supplemental

822078.1

memorandum." Plaintiffs do not object to ML Pro's correction of the misimpression it had previously given to the Court; however, the Supplemental Memorandum also includes pages of additional argument in support of ML Pro's Motion to Dismiss. Plaintiffs therefore request an extension of the page limitation for responding to the Motion to Dismiss in light of the fact that ML Pro's original memorandum and supplemental memorandum collectively exceed the page limitation set forth in Local Rule 7.1.D.

In ML Pro's original Memorandum in support of its Motion to Dismiss for Lack of Personal Jurisdiction or, in the Alternative, to Transfer ("Memorandum") [Dkt # 59], ML Pro argued that it had no connection to Georgia whatsoever. ML Pro stated in its Memorandum:

> [T]he only allegation discussing Merrill Pro's connection with Georgia is the vague assertion that '[Merrill Pro] is registered to conduct business in Georgia …. **But in fact:** [reciting statements from supporting Declaration disclaiming any connection with Georgia] ….

Memorandum at 3 (emphasis added). No where in the Motion, Memorandum or Declaration of Peter Melz submitted in support of the Motion ("Melz Declaration") [Dkt # 59] does ML Pro reveal to the Court that, in fact, ML Pro has been registered to conduct business as a broker-dealer in the state of Georgia since 1993. In its Supplemental Memorandum, ML Pro attempts to explain:

822078.1

2

> Before filing the Motion to Dismiss **[on October 26, 2010]**, counsel for ML Pro accessed the website for the Georgia Secretary of State to determine whether ML Pro was registered to do business in Georgia. ML Pro concluded, through counsel, that it was not so registered.
> On **October 27, 2010**, plaintiffs' counsel contacted ML Pro's counsel and informed them that the Financial Industry Regulatory Authority's ("FINRA") "broker check report" indicated the ML Pro was registered to do business in the State of Georgia. Upon further investigation, it was determined that, although ML Pro is not registered with the **Georgia Secretary of State, *Corporations Division***, it has been registered as a broker-dealer with the **Georgia Secretary of State, *as Commissioner of Securities*,** since October 19, 1993.

Supplemental Memorandum at 1-2 (emphasis added) (citations omitted) [Dkt # 96].[1]

Plaintiffs submit that there is no excuse for this oversight: It took Plaintiffs' counsel less than a day after service of the Motion to find this information and, further, ML Pro's counsel should have known that a securities broker-dealer like ML Pro would be registered with the state's Commissioner of Securities. Indeed, the very person who signed ML Pro's Declaration in support of the Motion, Mr. Melz, testified in his deposition that he was advised by ML Pro's compliance

---

[1] Plaintiffs' counsel further pointed out to ML Pro's counsel that the "Form BD" ML Pro is required to file with FINRA also contains a provision in which ML Pro consents to jurisdiction and service of process in each state in which is registered to do business as a broker-dealer (*see id.* at 2-3), and asked ML Pro's counsel to withdraw the Motion to Dismiss on that basis. *See* Elias Nov. 12, 2010 Decl. ¶ 7. ML Pro declined the request. *Id.*

822078.1

3

group that he, as President of ML Pro, needed to be registered to conduct business in all 50 states to do his job. Melz Dep. at 34:15-34:23 (excerpt attached as Exhibit A hereto). ML Pro has stipulated that Mr. Melz completed and submitted a FINRA "Form U4" indicating registration in all 50 states shortly after he became President in 2009. Stipulation ¶ 7b (attached as Exhibit A to Elias Nov. 12, 2010 Decl.) Thus, had ML Pro's counsel simply asked their declarant, they would have discovered that ML Pro was in fact registered to conduct business in Georgia. But, in any event, ML Pro could and should have simply amended its original Memorandum instead of submitting an unauthorized "Supplemental Memorandum" making additional pages of argument, including two pages of string citations.

ML Pro's Memorandum and Supplemental Memorandum in support of its Motion to Dismiss total 28 pages. Plaintiffs therefore respectfully request an additional 3 pages over the 25 page limitation, for a total of 28 pages, in which to respond to the Motion.

A proposed order is submitted with this motion.

Respectfully submitted this 3rd day of December, 2010.

/s/ Jill A. Pryor
John E. Floyd
Georgia Bar No. 266413
floyd@bmelaw.com

822078.1

Jill A. Pryor
Georgia Bar No. 589140
pryor@bmelaw.com
Steven J. Rosenwasser
Georgia Bar No. 614908
rosenwasser@bmelaw.com
Nicole G. Iannarone
Georgia Bar No. 382510
iannarone@bmelaw.com
Michael A. Caplan
Georgia Bar No. 601039
caplan@bmelaw.com
Elizabeth G. Eager
Georgia Bar No. 644007
eager@bmelaw.com
Robert L. Ashe
Georgia Bar No. 208077
ashe@bmelaw.com
Bondurant, Mixson & Elmore, LLP
3900 One Atlantic Center
1201 West Peachtree Street, N.W.
Atlanta, Georgia 30309-3417
(404) 881-4100 Tel.
(404) 881-4111 Fax

James W. Christian
State Bar No. 04228700
jchristian@csj-law.com
Gary M. Jewell
State Bar No. 10664800
gjewell@csj-law.com
Scott R. Link
State Bar No. 12390900
slink@csj-law.com
Katherine Morton-Gonyea
State Bar No. 24066701
kgonyea@csj-law.com

822078.1

5

Christian, Smith, & Jewell, LLP
2302 Fannin, Suite 500
Houston, Texas 77002
(713) 659-7617 Tel.
(713) 659-7641 Fax
(admitted *pro hac vice* in State Court)

Attorneys for Plaintiffs

822078.1

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.1D of the Local Rules for the District Court for the Northern District of Georgia, I hereby certify that the foregoing pleading has been prepared in Times New Roman, 14 point font, as permitted by Local Rule 5.1B.

Respectfully submitted, this 3rd day of December, 2010.

/s/ Jill A. Pryor
Jill A. Pryor
Georgia Bar No. 589140

## CERTIFICATE OF SERVICE

I hereby certify that on this day, a true and correct copy of the foregoing **MOTION FOR PERMISSION TO EXCEED PAGE LIMITATIONS IN RESPONSE TO DEFENDANT MERRILL LYNCH PROFESSIONAL CLEARING CORP.'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND "SUPPLEMENTAL MEMORANDUM IN FURTHER SUPPORT" OF ITS MOTION** was served via hand delivery and email as follows:

>   **Attorneys for Defendants:**
>   Richard H. Sinkfield, Esq.
>   Dan F. Laney, III, Esq.
>   Kristina M. Jones, Esq.
>   Stefanie H. Jackman, Esq.
>   James W. Cobb, Esq.
>   Rogers & Hardin
>   2700 International Tower, Peachtree Center
>   229 Peachtree Street, N.E.
>   Atlanta, GA  30303-1601
>   rsinkfield@rh-law.com

Further, I hereby certify that on this day, I caused to be served a true and correct copy of the foregoing via email on:

822078.1

**Attorneys for Banc of America Securities, LLC;
Merrill Lynch, Pierce, Fenner & Smith, Inc.; and Merrill Lynch
Professional Clearing Corporation:**
Andrew J. Frackman, Esq.
Brad Elias, Esq.
O'Melveny & Myers LLP
7 Times Square
New York, NY 10036

**Attorneys for Morgan Stanley & Co. Incorporated:**
Robert F. Wise, Jr., Esq.
William J. Fenrich, Esq.
Melissa T. Aoyagi, Esq.
Davis Polk & Wardwell LLP
450 Lexington Avenue
New York, NY 10017

**Attorneys for Bear Stearns & Co., Inc. and Bear Stearns
Securities Corp.:**
Stephen L. Ratner, Esq.
Harry Frischer, Esq.
Brian L. Friedman, Esq.
Proskauer Rose LLP
1585 Broadway
New York, NY 10036

**Attorneys for Goldman, Sachs & Co. and Goldman Sachs
Execution & Clearing, L.P.:**
Richard C. Pepperman II, Esq.
Richard H. Klapper, Esq.
Tracy Richelle High, Esq.
Sullivan & Cromwell LLP
125 Broad Street
New York, NY 10004

**Attorneys for Deutsche Bank Securities Inc.:**
Heather L. Fesnak, Esq.
Peter J. Isajiw, Esq.
Gregory A. Markel, Esq.
Cadwalader Wickersham & Taft LLP
One World Financial Center
New York, NY  10281

**Attorneys for UBS Securities, LLC:**
Andrew B. Clubok, Esq.
Jeffrey G. Landis, Esq.
Daniel Gomez, Esq.
Kirkland & Ellis LLP
655 Fifteenth Street, N.W., Suite 1200
Washington, DC  20005-5793

Maria Ginzburg, Esq.
Kirkland & Ellis LLP
Citigroup Center
153 East 53rd Street
New York, NY  10022-4611

**Attorneys for Credit Suisse Securities (USA), LLC.:**
Fraser L. Hunter, Jr., Esq.
Wilmer Cutler Pickering Hale & Dorr LLP
399 Park Avenue
New York, NY  10022

This 3rd day of December, 2010.

/s/   Jill A. Pryor
Jill A. Pryor
Georgia Bar. No. 589140

822078.1