IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| TASER INTERNATIONAL, INC., *et al.*, | |
| Plaintiffs, | Civil Case No. |
| v. | 1:10-CV-03108-JEC |
| MORGAN STANLEY & CO., INC., *et al.*, | |
| Defendants. | |

**ANSWER OF MERRILL LYNCH PROFESSIONAL CLEARING CORP.
TO PLAINTIFFS' SEVENTH AMENDED COMPLAINT**

Defendant Merrill Lynch Professional Clearing Corp. ("Merrill Pro"), by its undersigned counsel, answers Plaintiffs' Seventh Amended Complaint (the "Complaint") as follows:

1.     Merrill Pro denies the allegations of paragraph 1, except admits on information and belief that TASER International, Inc. ("TASER") is a publicly-traded company.

2.     Merrill Pro denies the allegations of the first sentence of paragraph 2 and denies that the remaining allegations of paragraph 2 provide a complete and accurate description of a "typical legal short selling" transaction or an "illustrative example" of such a transaction.

3.     Merrill Pro denies the allegations of paragraph 3, except (a) admits and avers that short selling is an entirely legal activity authorized by the applicable federal securities laws and regulations, and (b) respectfully refers the Court to the laws and regulations applicable to short selling and settlement of short sales for a complete and accurate statement of their contents.

4.     Merrill Pro denies the allegations of paragraph 4, except (a) admits and avers that most securities trades in the United States are settled today through the DTCC and (b) further avers that the third and fourth sentences of paragraph 4 do

not provide a complete and accurate description of DTCC or the DTCC settlement process.

5.     Merrill Pro denies the allegations of paragraph 5, but respectfully refers the Court to the quoted documents for a complete and accurate statement of their contents and to the applicable laws and regulations governing short selling for their contents.

6.     Merrill Pro denies the allegations of paragraph 6, but respectfully refers the Court to the quoted documents for a complete and accurate statement of their contents.

7.     Merrill Pro denies the allegations of paragraph 7.

8.     Merrill Pro denies the allegations of paragraph 8, except (a) admits that Merrill Pro entered into a settlement with the NASD without admitting or denying the NASD's allegations and respectfully refers the Court to that settlement for a complete and accurate description of its contents, and (b) states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning the other defendants and therefore denies them.

9.     Merrill Pro denies the allegations of paragraph 9.

10.   Merrill Pro denies the allegations of paragraph 10, except (a) admits and avers on information and belief that (i) most securities trades in the United

States are conducted electronically and (ii) prime brokers maintain beneficial share records, and (b) states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning other defendants and therefore denies them.

11.   Merrill Pro denies the allegations of paragraph 11, except (a) states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning other defendants and therefore denies them, and (b) respectfully refers the Court to all relevant DTCC data for an accurate description of their contents.

12.   Merrill Pro denies the allegations of paragraph 12, except states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning the voting of TASER shares at TASER's 2005 annual meeting and therefore denies them.

13.   Merrill Pro denies the allegations of paragraph 13.

14.   Merrill Pro denies the allegations of paragraph 14, but respectfully refers the Court to the quoted document for a complete and accurate statement of its contents.

15.   Merrill Pro denies the allegations of paragraph 15, but respectfully refers the Court to the federal laws and regulations applicable to short selling and settlement of short sales for a complete and accurate statement of their contents.

16.   Merrill Pro denies the allegations of paragraph 16.

17.   Merrill Pro is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 17 and therefore denies them.

18.   Merrill Pro is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 18 and therefore denies them.

19.   Merrill Pro is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 19 and therefore denies them.

20.   Merrill Pro is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 20 and therefore denies them.

21.   Merrill Pro is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 21 and therefore denies them.

22.   Merrill Pro is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 22 and therefore denies them.

23.   Merrill Pro is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 23 and therefore denies them.

24.   Merrill Pro is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 24 and therefore denies them.

25.   Merrill Pro is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 25 and therefore denies them.

26.   Merrill Pro is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 26 and therefore denies them.

27.   Merrill Pro is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 27 and therefore denies them.

28.   Merrill Pro is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 28 and therefore denies them.

29.   Merrill Pro is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 29 and therefore denies them.

30.   Merrill Pro is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 30 and therefore denies them.

31.   Merrill Pro is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 31 and therefore denies them.

32.   Merrill Pro is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 32 and therefore denies them.

33.   Merrill Pro is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 33 and therefore denies them.

34.   Merrill Pro is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 34 and therefore denies them.

35.   Merrill Pro is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 35 and therefore denies them.

36.   Merrill Pro is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 36 and therefore denies them.

37.   Merrill Pro is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 37 and therefore denies them.

38.   Merrill Pro is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 38 and therefore denies them.

39.   Merrill Pro is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 39 and therefore denies them.

40.   Merrill Pro is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 40 and therefore denies them.

41.   Merrill Pro is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 41 and therefore denies them.

42.   Merrill Pro is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 42 and therefore denies them.

43.   Merrill Pro is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 43 and therefore denies them.

44.   Merrill Pro is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 44 and therefore denies them.

45.   Merrill Pro is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 45 and therefore denies them.

46.   Merrill Pro is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 46 and therefore denies them.

47.   Merrill Pro is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 47 and therefore denies them.

48.   Merrill Pro denies the allegations of paragraph 48, except (a) admits and avers that Merrill Lynch, Pierce, Fenner & Smith, Inc. (i) is a Delaware corporation with its principal offices in New York, (ii) is registered to conduct business in Georgia, (iii) has appointed CT Corporation as its registered agent for service in Georgia, and (iv) maintains an office in Fulton County, Georgia, and (b) states that it is without knowledge or information sufficient to form a belief as to the allegations of the third sentence of paragraph 48, which it therefore denies.

49.  Merrill Pro denies the allegations of paragraph 49, except admits and avers that Merrill Pro (a) is a Delaware corporation and (b) has been registered as a broker-dealer with the Georgia Commissioner of Securities since 1993.

50.  Merrill Pro is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 50 and therefore denies them.

51.  Merrill Pro is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 51 and therefore denies them.

52.  Merrill Pro denies the allegations of paragraph 52, except (a) admits that Banc of America Securities, LLC (i) was a Delaware limited liability company, (ii) is registered to conduct business in Georgia, and (iii) has appointed CT Corporation as its registered agent for service in Georgia, and (b) states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations of the third sentence of paragraph 52, which it therefore denies.

53.  Merrill Pro is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 53 and therefore denies them.

54.  Merrill Pro is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 54 and therefore denies them.

55.   Merrill Pro denies the allegations of paragraph 55, except Merrill Pro is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning other defendants and therefore denies them.

56.   Merrill Pro avers that the allegations of paragraph 56 consist of legal conclusions as to which no response is required or appropriate.  To the extent that a response is required, Merrill Pro denies the allegations of paragraph 56.

57.   Merrill Pro avers that the allegations of paragraph 57 consist of legal conclusions as to which no response is required or appropriate.  To the extent that a response is required, Merrill Pro denies the allegations of paragraph 57.

58.   Merrill Pro denies the allegations of paragraph 58, except Merrill Pro is without knowledge or information sufficient to form a belief as to the truth of the allegations of the first and second sentences of paragraph 58 and therefore denies them.

59.   Merrill Pro denies the allegations of paragraph 59.

60.   Merrill Pro denies the allegations of paragraph 60, except admits and avers that Merrill Pro has from time to time engaged in clearing activities involving TASER stock.

61.   Merrill Pro denies the allegations of paragraph 61, except admits that DTCC facilitates the clearance and settlement of securities transactions.

62.   Merrill Pro denies the allegations of paragraph 62, except admits and avers that the DTCC maintains a stock borrow program.  Merrill Pro avers that the second and third sentences of paragraph 62 do not provide a complete and accurate description of the stock borrow program and that the last sentence of that paragraph consists of a legal conclusion as to which no response is required or appropriate.

63.   Merrill Pro denies the allegations of paragraph 63, except admits on information and belief that DTCC is owned by its member firms, that Ms. Schueneman was a member of DTCC's board of directors in 2006, and that Mr. Cowen was a member of DTCC's board of directors in 2006.

64.   Merrill Pro is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 64 and therefore denies them.

65.   Merrill Pro denies the allegations of paragraph 65, except is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning other defendants and therefore denies them.

66.   Merrill Pro denies the allegations of paragraph 66 and denies that the allegations of paragraph 66 provide a complete and accurate description of a "typical" short sale transaction.  Merrill Pro incorporates its responses to paragraphs 1 through 16 of the Complaint as if fully set forth herein.

67.   Merrill Pro denies the allegations of paragraph 67 and denies that the allegations of paragraph 67 provide a complete and accurate description of a "typical" short sale transaction.  Merrill Pro avers that paragraph 67 also includes legal conclusions as to which no response is required or appropriate and respectfully refers the Court to the federal laws and regulations applicable to short selling and settlement of short sales for a complete and accurate statement of their contents.

68.   Merrill Pro denies the allegations of paragraph 68 and denies that the allegations of paragraph 68 provide a complete and accurate description of short sale transactions and the operation of the DTCC.

69.   Merrill Pro denies the allegations of paragraph 69 and denies that the allegations of paragraph 69 provide a complete and accurate description of short sale transactions and the operation of the DTCC.

70.   Merrill Pro denies the allegations of paragraph 70 and denies that the allegations of paragraph 70 provide a complete and accurate description of "fails to deliver" or a "fail in the DTCC system."

71.   Merrill Pro is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 71 and therefore denies them.

72.   Merrill Pro denies the allegations of paragraph 72, but respectfully refers the Court to appropriate SEC rules and regulations related to short sale transactions.

73.   Merrill Pro denies the allegations of paragraph 73.

74.   Merrill Pro denies the allegations of paragraph 74, but respectfully refers the Court to the quoted document for a complete and accurate statement of its contents.

75.   Merrill Pro denies the allegations of paragraph 75.

76.   Merrill Pro avers that the allegations of paragraph 76 consist of legal conclusions as to which no response is required or appropriate.  To the extent that a response is required, Merrill Pro denies the allegations of paragraph 76, but respectfully refers the Court to the cited SEC Release and the rules and regulations governing short sale transactions for a complete and accurate statement of their contents.

77.   Merrill Pro denies the allegations of paragraph 77, except is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning the concerns of issuers and investors and therefore denies them.  Merrill Pro avers that paragraph 77 includes legal conclusions as to which no response is required or appropriate and respectfully refers the Court to the cited

SEC Release and the rules and regulations governing short sale transactions for a complete and accurate statement of their contents.

78.   Merrill Pro denies the allegations of paragraph 78.

79.   Merrill Pro denies the allegations of paragraph 79, but respectfully refers the Court to the laws and regulations applicable to short selling and settlement of short sales for a complete and accurate statement of their contents.

79(i).   Merrill Pro denies the allegations of paragraph 79(i), except (a) admits and avers that its clients have at times conducted short sale transactions of TASER stock, and (b) respectfully refers the Court to the federal laws and regulations applicable to short selling and settlement of short sales for a complete and accurate statement of their contents.

79(ii).   Merrill Pro denies the allegations of paragraph 79(ii) and respectfully refers the Court to the federal laws and regulations applicable to short selling and settlement of short sales for a complete and accurate statement of their contents.

79(iii).  Merrill Pro denies the allegations of paragraph 79(iii), except (a) avers that the allegations of paragraph 79(iii) consist of legal conclusions as to which no response is required or appropriate, and (b) respectfully refers the Court

13

to the laws and regulations applicable to short selling and settlement of short sales for a complete and accurate statement of their contents.

79(iv).  Merrill Pro denies the allegations of paragraph 79(iv), but respectfully refers the Court to the DTCC's rules for a complete and accurate statement of their contents.

79(v).   Merrill Pro denies the allegations of paragraph 79(v), but respectfully refers the Court to the applicable federal securities laws and regulations for a complete and accurate statement of their contents.

79(vi).  Merrill Pro denies the allegations of paragraph 79(vi), except (a) avers that the second sentence of that paragraph consists of a legal conclusion as to which no response is required or appropriate, and (b) respectfully refers the Court to the federal laws and regulations applicable to short selling and settlement of short sales for a complete and accurate statement of their contents.

79(vii). Merrill Pro denies the allegations of paragraph 79(vii), but respectfully refers the Court to the quoted document for a complete and accurate statement of its contents.

80.  Merrill Pro denies the allegations of paragraph 80, except (a) admits and avers that DTCC maintains a stock borrow program, and (b) further avers that

paragraph 80 does not provide a complete and accurate description of that program.

81.   Merrill Pro denies the allegations of paragraph 81.

82.   Merrill Pro denies the allegations of paragraph 82, except that Merrill Pro (a) admits that Merrill Pro entered into a settlement with the NASD without admitting or denying the NASD's allegations and respectfully refers the Court to that settlement for a complete and accurate description of its contents, and (b) states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning the other defendants and therefore denies them.  Merrill Pro avers that the allegations concerning the Georgia Securities Act and other Georgia laws consist of legal conclusions as to which no response is required or appropriate.

83.   Merrill Pro denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 83 and therefore denies them.

84.   Merrill Pro denies the allegations of paragraph 84, except (a) admits that the SEC has adopted and implemented comprehensive regulations related to short selling, (b) respectfully refers the Court to those regulations for a complete and accurate statement of their contents, and (c) states that it is without knowledge

or information sufficient to form a belief as to the accuracy of the statistics provided in the Table in paragraph 84 and therefore denies them.

85.   Merrill Pro is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 85 and therefore denies them.

86.   Merrill Pro denies the allegations of paragraph 86, but states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations of the first sentence of paragraph 86 and therefore denies them.

87.   Merrill Pro denies the allegations of paragraph 87.

88.   Merrill Pro denies the allegations of paragraph 88.

89.   Merrill Pro denies the allegations of paragraph 89.

90.   Merrill Pro denies the allegations of paragraph 90.

91.   Merrill Pro denies the allegations of the first sentence of paragraph 91, and states that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 91 and therefore denies them.

92.   Merrill Pro denies the allegations of the last sentence of paragraph 92, and states that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 92 and therefore denies them.

93.   Merrill Pro denies the allegations of paragraph 93, except incorporates its response to paragraph 8.

94.   Merrill Pro denies the allegations of paragraph 94, but states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning the voting of TASER shares at TASER's 2005 annual meeting and therefore denies them.

95.   Merrill Pro avers that the allegations of Paragraph 95 consist of legal conclusions as to which no response is required or appropriate.  To the extent that a response is required, Merrill Pro denies the allegations of paragraph 95.  Merrill Pro further respectfully refers the Court to the cited SEC Release and the rules and regulations governing market makers and options market makers for a complete and accurate statement of their contents.

96.   Merrill Pro denies the allegations of paragraph 96, but respectfully refers the Court to the cited decisions for a complete and accurate statement of their contents.

97.   Merrill Pro denies the allegations of paragraph 97.

98.   Merrill Pro denies the allegations of paragraph 98.

99.   In answer to the allegations of paragraph 99, Merrill Pro incorporates and restates its answers to paragraphs 1 through 98 of the Complaint as if fully set forth herein.

100. Merrill Pro denies the allegations of paragraph 100.

101. Merrill Pro denies the allegations of paragraph 101.

102. Merrill Pro is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 102 and therefore denies them. Merrill Pro denies that any of its conduct that is the subject of plaintiffs' claims "took place, in whole or in part, in Georgia."

103. Merrill Pro is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 103 and therefore denies them.

104. Merrill Pro denies the allegations of paragraph 104.

105. Merrill Pro denies the allegations of paragraph 105.

106. Merrill Pro denies the allegations of paragraph 106.

107. Merrill Pro denies the allegations of paragraph 107.

108. Merrill Pro denies the allegations of paragraph 108, but respectfully refers the Court to the quoted documents for a complete and accurate statement of their contents.

109. Merrill Pro denies the allegations of paragraph 109.

110. Merrill Pro denies the allegations of paragraph 110.

111. Merrill Pro denies the allegations of paragraph 111.

112. Merrill Pro is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 112 and therefore denies them.

Merrill Pro denies that any of its conduct that is the subject of plaintiffs' claims "took place, in whole or in part, in Georgia."

113. Merrill Pro is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 113 and therefore denies them.

114. Merrill Pro denies the allegations of paragraph 114.

115. Merrill Pro denies the allegations of paragraph 115.

116. Merrill Pro denies the allegations of paragraph 116.

117. Merrill Pro denies the allegations of paragraph 117.

118. Merrill Pro denies the allegations of paragraph 118.

119. Merrill Pro denies the allegations of paragraph 119.

120. Merrill Pro denies the allegations of paragraph 120.

121. Merrill Pro denies the allegations of paragraph 121.

122. Merrill Pro denies the allegations of paragraph 122.

123. Merrill Pro denies the allegations of paragraph 123.

124. Merrill Pro is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 124 and therefore denies them.

125. Merrill Pro is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 125 and therefore denies them.

126. Merrill Pro is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 126 and therefore denies them.

127. Merrill Pro is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 127 and therefore denies them.

128. Merrill Pro is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 128 and therefore denies them.

129. Merrill Pro denies the allegations of paragraph 129.

130. Merrill Pro is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 130 and therefore denies them.

131. Merrill Pro denies the allegations of paragraph 131, except avers that the allegations of the last sentence of that paragraph consist of legal conclusions as to which no response is required or appropriate.

132. Merrill Pro denies the allegations of paragraph 132.

133. Merrill Pro denies the allegations of paragraph 133.

134. Merrill Pro denies the allegations of paragraph 134.

135. Merrill Pro denies the allegations of paragraph 135.

136. Merrill Pro denies the allegations of paragraph 136.

137. Merrill Pro denies the allegations of paragraph 137.

138. Merrill Pro denies the allegations of paragraph 138.

139. Merrill Pro denies the allegations of paragraph 139.

140. Merrill Pro denies the allegations of paragraph 140.

141. Merrill Pro denies the allegations of paragraph 141.

142. Merrill Pro denies the allegations of paragraph 142.

143. Merrill Pro denies the allegations of paragraph 143.

144. Merrill Pro denies the allegations of paragraph 144.

145. Merrill Pro is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 145 and therefore denies them.[1]

146. Merrill Pro avers that the allegations of paragraph 146 consist of legal conclusions as to which no response is required or appropriate.  To the extent that a response is required, Merrill Pro denies the allegations of paragraph 146.

147. Merrill Pro is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 147 and therefore denies them.

148. Merrill Pro is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 148 and therefore denies them.

149. Merrill Pro is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 149 and therefore denies them.

---

[1] For purposes of paragraphs 145 to 154 of the Seventh Amended Complaint, plaintiffs defined "each Defendant" as excluding Merrill Pro.

150. Merrill Pro is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 150 and therefore denies them.

151. Merrill Pro is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 151 and therefore denies them.

152. Merrill Pro is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 152 and therefore denies them.

153. Merrill Pro is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 153 and therefore denies them.

154. Merrill Pro is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 154 and therefore denies them.

155. Merrill Pro denies the allegations of paragraph 155.

156. Merrill Pro denies the allegations of paragraph 156.

157. Merrill Pro denies the allegations of paragraph 157.

158. Merrill Pro denies the allegations of paragraph 158.

159. Merrill Pro denies the allegations of paragraph 159.

160. Merrill Pro denies the allegations of paragraph 160.

161. Merrill Pro denies the allegations of paragraph 161.

162. Merrill Pro denies the allegations of paragraph 162.

163. Merrill Pro denies the allegations of paragraph 163.

164. In answer to the allegations of paragraph 164, Merrill Pro incorporates and restates its answers to paragraphs 1 through 163 of the Complaint as if fully set forth herein.

165. Merrill Pro is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 165 and therefore denies them.

166. Merrill Pro is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 166 and therefore denies them.

167. Merrill Pro denies the allegations of paragraph 167.

168. Merrill Pro denies the allegations of paragraph 168.

169. In answer to the allegations of paragraph 169, Merrill Pro incorporates and restates its answers to paragraphs 1 through 168 of the Complaint as if fully set forth herein.

170. Merrill Pro denies the allegations of paragraph 170.

171. In answer to the allegations of paragraph 171, Merrill Pro incorporates and restates its answers to paragraphs 1 through 170 of the Complaint as if fully set forth herein.

172. Merrill Pro is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 172 and therefore denies them.

173. Merrill Pro denies the allegations of paragraph 173.

174. Merrill Pro denies the allegations of paragraph 174.

175. In answer to the allegations of paragraph 175, Merrill Pro incorporates and restates its answers to paragraphs 1 through 174 of the Complaint as if fully set forth herein.

176. Merrill Pro denies the allegations of paragraph 176.

177. Merrill Pro denies the allegations of paragraph 177.

178. Merrill Pro denies the allegations of paragraph 178, except states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning Plaintiff TASER's conduct regarding other defendants and therefore denies them.

179. Merrill Pro denies the allegations of paragraph 179, except states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning other defendants and therefore denies them.

180. Merrill Pro denies the allegations of paragraph 180.

181. Merrill Pro denies the allegations of paragraph 181.

Unnumbered ¶.  No response is required to plaintiffs' prayer for relief, but Merrill Pro denies said prayer to the extent a response is required.

Merrill Pro denies all of the allegations of the Seventh Amended Complaint not specifically admitted above.

## DEFENSES

Merrill Pro states the following defenses and reserves its right to assert other and additional defenses when and if they become appropriate.  In asserting these defenses, Merrill Pro does not assume any burden of proof with respect to any issue where the applicable law places the burden upon plaintiffs.

### FIRST DEFENSE

The State Court of Fulton County, Georgia, lacks jurisdiction over this action.

### SECOND DEFENSE

This Court lacks personal jurisdiction over defendant Merrill Pro.

### THIRD DEFENSE

Neither the United States District Court for the Northern District of Georgia nor the State Court of Fulton County, Georgia, is the proper forum for this action.

### FOURTH DEFENSE

Plaintiffs' claims are preempted by federal law.

### FIFTH DEFENSE

Plaintiffs' claims under Counts One through Five of the Complaint are barred by the statute of limitations and/or laches.

### SIXTH DEFENSE

Upon information and belief, plaintiffs' claims are barred, in whole or in part, by the doctrine of unclean hands.

### SEVENTH DEFENSE

Plaintiffs cannot establish that Merrill Pro's conduct caused them any injury in fact.

### EIGHTH DEFENSE

Plaintiffs were not damaged by Merrill Pro's conduct.

### NINTH DEFENSE

Upon information and belief, any diminution in the market price of TASER stock reflects the fundamental performance and prospects of the company and its management, based on informational disclosures issued by the company itself.

### TENTH DEFENSE

Merrill Pro is not subject to liability under Georgia law because it acted in good faith in conformity with the rules, regulations, and pronouncements of the SEC and the National Association of Securities Dealers and because the alleged conduct by Defendants did not occur in Georgia.

## ELEVENTH DEFENSE

Merrill Pro's conduct related to short sales of TASER stock was in full compliance with applicable federal laws and regulations.

## TWELFTH DEFENSE

The constitutions of the United States and the State of Georgia limit the scope of any award of punitive damages against Merrill Pro.

## THIRTEENTH DEFENSE

The Commerce Clause of the United States Constitution, U.S. Const, art. I, § 8, cl. 3, prohibits the application of Georgia law to transactions and activities occurring wholly outside of Georgia, and thus plaintiffs, or one or more of them, are not entitled to the protections of Georgia law.

## PRAYER FOR RELIEF

WHEREFORE, Merrill Pro prays (a) that judgment be entered dismissing the Seventh Amended Complaint on the merits, in its entirety and with prejudice, (b) for a jury of 12 persons on any triable issues, and (c) that this Court grant such other relief as it deems just and appropriate.

27

Dated:  December 8, 2010      /s/ Richard H. Sinkfield

                            Richard H. Sinkfield
                            Georgia Bar No. 649100
                            RSinkfield@rh-law.com

                            Dan F. Laney III
                            Georgia Bar No. 435290
                            DLaney@rh-law.com

                            ROGERS & HARDIN LLP
                            229 Peachtree Street, N.E.
                            2700 International Tower
                            Atlanta, Georgia  30303
                            Tel.:  404-522-4700
                            Fax:  404-525-2224

                            Andrew J. Frackman
                            Abby F. Rudzin
                            Brad M. Elias
                            *Pro Hac Vice* Applications Pending

                            O'MELVENY & MYERS LLP
                            7 Times Square
                            New York, New York  10036
                            Phone:  212-326-2000
                            Fax:  212-326-2061

                            *Attorneys for Defendant Merrill Lynch Professional Clearing Corp.*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

TASER INTERNATIONAL, INC.,
*et al.*

      Plaintiffs,

v.

MORGAN STANLEY & CO., INC.,
*et al.*

      Defendants.

CIVIL ACTION NUMBER:
1:10-CV-03108-JEC

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on December 8, 2010, I caused a copy of the foregoing

**ANSWER OF MERRILL LYNCH PROFESSIONAL CLEARING CORP.**

**TO PLAINTIFFS' SEVENTH AMENDED COMPLAINT** to be filed with the

Clerk of Court using the CM/ECF system, which will automatically send e-mail

notification of such filing to the following attorneys of record:

        John E. Floyd, Esq.
        floyd@bmelaw.com

        Steven J. Rosenwasser, Esq.
        rosenwasser@bmelaw.com

        Nicole G. Iannarone, Esq.
        iannarone@bmelaw.com

Jill A. Pryor, Esq.
pryor@bmelaw.com

Robert L. Ashe, III, Esq.
ashe@bmelaw.com

Michael A. Caplan, Esq.
caplan@bmelaw.com

Elizabeth G. Eager
eager@bmelaw.com

and that I have caused a copy to be served by U.S. Mail on the following attorneys

of record:

James W. Christian, Esq.
CHRISTIAN, SMITH & JEWELL LLP
2302 Fannin, Suite 500
Houston, TX  77002

Robert F. Wise, Jr., Esq.
Melissa Aoyagi, Esq.
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, NY  10017

Richard H. Klapper, Esq.
Richard C. Pepperman, II, Esq.
Tracy Richelle High, Esq.
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, NY  10004-2498

Stephen L. Ratner, Esq.
Brian L. Friedman, Esq.
PROSKAUER ROSE LLP
1585 Broadway
New York, NY  10036

Gregory A. Markel, Esq.
Martin L. Seidel, Esq.
Peter J. Isajiw, Esq.
Heather L. Fesnak, Esq.
CADWALADER, WICKERSHAM &
TAFT LLP
One World Financial Center
New York, NY  10281

Fraser L. Hunter, Jr., Esq.
WILMER CUTLER PICKERING HALE
AND DORR LLP
399 Park Avenue
New York, NY  10022

Andrew J. Frackman, Esq.
O'MELVENY & MYERS LLP
Times Square Tower
7 Times Square
New York, NY  10036

Andrew B. Clubok, Esq.
Jeffrey G. Landis, Esq.
Jeffrey M. Gould, Esq.
KIRKLAND & ELLIS LLP
655 Fifteenth Street, N.W.
Washington, DC  20005


_/s/_ Richard H. Sinkfield

Richard H. Sinkfield
Georgia Bar No. 649100
rsinkfield@rh-law.com