# Exhibit A

**IN THE STATE COURT OF FULTON COUNTY**
**STATE OF GEORGIA**

TASER INTERNATIONAL, INC., *et al.*,

    Plaintiffs,

v.

MORGAN STANLEY & CO., INC., *et al.*,

    Defendants.

CIVIL CASE NUMBER
2008-EV-004739-B

**ORDER APPOINTING SPECIAL MASTER**

Considering the volume of discovery, the number of motions concerning discovery that the parties have filed, and the parties' progress in resolving issues through the meet and confer process, the Court and parties have determined that the most efficient, effective, and prompt manner to address the supervision of discovery in this action is to appoint a Special Master to oversee such discovery, including resolving the parties' discovery-related disputes and issues.  In accordance with the Court's ruling from the bench during a hearing held on August 17, 2010, therefore, a Special Master is hereby appointed pursuant to and in accordance with Uniform State Court Rule 46.  All parties agree that they have been provided the required notice and opportunity to be heard as set forth in Uniform State Court Rule 46.

1.    **Selection of the Special Master**

    a.    Pursuant to Uniform State Court Rule 46(A)(1)(a) and all other applicable authority, the Court hereby appoints Henry D. ("Hank") Fellows, Jr. to serve as (the "Special Master") with respect to all existing and future discovery issues in this action.  The Special Master's duties, powers and authorities are set forth in this Order.

    b.    The appointment of Mr. Fellows as the Special Master is subject to and conditioned upon his submitted to this Court an affidavit certifying that he and his firm: (i) do not have a conflict of interest; (ii) has not previously and does not presently represent any party

Exhibit A

or law firm in this action; (iii) will discharge the Special Master's duties as required by law and

pursuant to the Court's instructions without favor to, or prejudice against, any party; (iv) is

unaware of any ground for disqualification and (v) is an attorney in good standing and currently

admitted to practice law in the State of Georgia and is located in Atlanta, Georgia. Mr. Fellows

shall submit the affidavit no later than the __13th__ day of September, 2010.

## 2.    Appointment, Scope of Authority and Duties.

The parties consent and the Court Orders that:

a.    The Special Master shall have the duty and power to supervise all aspects of

discovery and to resolve issues and disputes concerning all matters related to discovery,

including any prior Orders of the Court regarding discovery issues, questions of relevancy,

scope, burden, privilege, timing of discovery, and requests for discovery stays. The Special

Master shall have the power to take evidence, hear discovery motions,[1] pass on questions of law

and fact, and determine appropriate relief within the scope of this Order. Unif. State Ct. R.

46(C).

The Special Master shall have authority to <u>recommend</u> sanctions (including, but not

limited to, sanctions for violations of any of the Court's prior Orders) pursuant to

O.C.G.A. §§ 9-11-37 and 9-11-45, or to recommend contempt sanctions against a party

or any sanction against a nonparty

The Special Master does not have the power or authority to rule on summary judgment,

*Daubert* motions, motions in limine, motions for judgment on the pleadings or any other non-

discovery motion.

---

[1]    The Special Master shall hear all pending discovery motions, a list of which is attached as
Exhibit A.



2

b.      The Special Master's appointment shall expire sixty (60) days after the close of expert discovery. However, any discovery motions to be ruled upon by the Special Master shall be filed no later than the final day of expert discovery to provide the Special Master with sufficient time to rule on the motion before his or her term expires.

c.      At the request of any affected party or at his/her own discretion, the Special Master may permit a telephonic or in-person hearing on any discovery motions. Any in-person hearing shall be transcribed. In conducting evidentiary hearings (which shall be limited to discovery matters), the Special Master may exercise the power of the Court to compel, take, and record evidence. Unif. State Ct. R. 46(D).

d.      To assist in the management of discovery, the Special Master shall schedule telephone status conferences with the parties at least once per month to discuss any pending matters, issues, and/or disputes raised by any party or by the Special Master. Further, the parties shall be permitted to contact the Special Master on matters where any affected party believes the matter can be resolved without formal briefing, so long as the contact is not *ex parte*.

3.      **Reasonable Diligence.** The Special Master is directed to proceed with all reasonable diligence. Unif. State Ct. R. 46(B)(2). The Special Master shall have 30 days to review all current and pending discovery motions from the Date of this Order appointing him as Special Master at which point the Court will provide the parties with a revised detailed scheduling order regarding all rulings on discovery motions.

4.      **Ex Parte Communications.** The Special Master may communicate *ex parte* with the Court. The Special Master may not communicate *ex parte* with the parties without consent of the Court and notice to all parties. Unif. State Ct. R. 46(B)(2)(b).



3

5.     **Record/Report.** The Special Master shall preserve, as a record of his activities, all
written submissions received from the parties, all written submissions sent to the parties, and any
transcripts of hearings before the Special Master. All such materials shall be filed with the Clerk
of the Court. Unif. State Ct. R. 46(B)(2)(c). The Special Master shall also report to the Court by
filing with the Clerk of the Court any order, report, or recommendation to the Court, and such
report will, at minimum, include: (1) all motions submitted by the parties; (2) all rulings made on
all or orders made on all issues presented, including all appropriate findings of fact and
conclusions of law; (3) any evidence not contained within the briefing or exhibits offered by the
parties and, if appropriate, any rulings as to the admissibility of such evidence; and (4) such other
matters as the master may deem appropriate. Unif. State Ct. R. 46(F). The Special Master must
file the report and promptly serve a copy of the report on each party.

6.     **Informal Rulings.** If the Special Master makes a ruling during a telephone call,
deposition, or in any other oral manner, the Special Master must reduce that ruling to writing no
later than five days after the ruling has been made and comply with the requirements of
paragraph 5 above regarding reporting to the Court. Such report must be filed with the Clerk of
the Court.

7.     **Time.** The Special Master's order, report, or recommendations shall be deemed received
three days after mailing by United States mail or on the same day if transmitted electronically or
by hand-delivery. Unif. State Ct. R. 46(G)(2).

8.     **Objections.** A party that seeks to file objections to any order (formal or informal),
report, or recommendation of the Special Master must file its objections no later than 14 calendar
days from the time the relevant order, report, or recommendation was received under Paragraph
7 above. Any response to the objection shall be filed by the non-moving party within 14

4



calendar days. Objections to an order, report, or recommendation by the Special Master shall be
determined based on the record before the Special Master. Unif. State Ct. R. 46(B)(2)(d), (G)(1).

    a.    **Standard of Review.** Objections to findings of fact by the Special Master shall
be reviewed *de novo*. Unif. State Ct. R. 46(G)(3). Objections to a ruling by the Special Master
on a procedural matter may be set aside only for abuse of discretion. Unif. State Ct. R. 46(G)(5).
Objections to conclusions of law made or recommended by the Special Master must be reviewed
*de novo*. Unif. State Ct. R. 46(G)(4).

    b.    **Adoption.** If a party does not file objections to the Special Master's order, report,
or recommendation in accordance with the time limits set by this Order, such order, report, or
recommendation shall have the force and effect of an order of the Court. Unif. State Ct. R.
46(G)(2).

    c.    The parties are advised not to abuse the right to request that this Court modify or
reject a decision of the Special Master. The Court reserves the right to award fees and expenses
to any party that unsuccessfully challenges any Special Master order.

**9.    Compensation.**

    a.    The parties consent and the Court orders that the default recommendation shall be
that Plaintiffs, as a group, bear 50% of the Special Master's compensation, costs, and expenses,
and Defendants, as a group, bear 50% of the Special Master's compensation, costs, and
expenses. The group of Plaintiffs may allocate their 50% share of such compensation, costs, and
expenses among each Plaintiff in whatever manner the Plaintiffs desire. The group of
Defendants may allocate their 50% share of such compensation, costs, and expenses among each
Defendant in whatever manner the Defendants desire. Unif. State Ct. R. 46(H).



5

b.      The Special Master shall be compensated at a rate of $ 450.00 per hour.  Further,

the Special Master may employ one associate at his/her law firm to assist at that associate's

customary hourly rate, which shall not exceed $ 260.00 per hour.

c.      The Special Master may make recommendations to the Court concerning a
particular party or parties paying a greater proportion of or all of the Special
Master's fees, costs and expenses associated with a particular motion.

10.    **Rule 46.** The Special Master shall act in accordance with the provisions of Unif. State

Ct. R. 46 to the extent the provisions of that Rule have not expressly been modified by this

Order.

11.    **Amendment.** This Order may be amended at any time after notice to the parties and an

opportunity to be heard.

This _15_ day of _September_, 2010.

Patsy Y. Porter, Chief Judge
Fulton County State Court

6

## EXHIBIT A

The following discovery motions are pending, and will be resolved by the Special Master:

1.  Plaintiffs' Motion for Relief Concerning Defendant UBS Securities' Violation of this Court's Order, filed May 24, 2010;

2.  Plaintiffs' Motion to Compel Production of Documents Improperly Withheld as Privileged or Alternatively, to Appoint Special Master to Conduct an in Camera Review, filed May 24, 2010;

3.  Plaintiffs' Motion for Relief Concerning Defendants' Violation of the Court's Protective Order, filed May 24, 2010;

4.  Plaintiffs' Motion for Relief and Sanctions Against Defendants Bear Stearns, Credit Suisse Securities, Deutsche Bank Securities, Inc., Goldman Sachs, Merrill Lynch and Morgan Stanley for Violations of this Court's Discovery Orders, filed June 2, 2010;

5.  Plaintiffs' Motion to Compel Defendants to Produce Documents Related to Their Affirmative Defense of Good-Faith Reliance or, in the Alternative, to Strike that Defense, filed June 4, 2010;

6.  Supplement to Plaintiffs' Motion for Relief and Sanctions for Defendants' Violations of this Court's Discovery Orders as to Defendant Morgan Stanley, filed June 11, 2010;

7.  Defendants' Motion to Compel Plaintiffs to Answer Interrogatory Nos. 1, 2, and 4 in Defendants' Second Set of Interrogatories to Plaintiffs, filed June 10, 2010;

8.  Plaintiffs' Motion to Strike Defendants' Motion to Compel and For Fees, filed July 12, 2010;



7

9.      Defendants' Cross-Motion and Supporting Memorandum of Law to Compel the Production of Documents Inappropriately Withheld Under the Accountant-Client Privilege and the Production of Supplemental Privilege Logs, filed June 23, 2010;

10.     The Goldman Sachs Defendants' Motion for Sanctions Against Plaintiffs Pursuant to O.C.G.A. § 9-15-14(b), filed July 2, 2010;

11.     Merrill Lynch, Pierce, Fenner & Smith Incorporated's Motion for Sanctions Against Plaintiffs Pursuant to O.C.G.A. § 9-15-14(b), filed July 2, 2010;

12.     Defendants' Motion for Hearing on Additional Pending Motions, filed July 8, 2010;

13.     Defendants' Motion for Protective Order with Respect to Plaintiffs' June 10, 2010 Discovery and Memorandum in Support Thereof including Exhibits and Affidavits, filed July 19, 2010;

14.     Plaintiffs' Motion to Compel Responses to Discovery Served on June 10, 2010 and Plaintiffs' Motion for Relief from Defendants' Violation of this Court's February 10, 2010 Order, filed 7/19/2010.

15.     UBS Securities, LLC's Motion to Strike Part of Plaintiffs' Reply in Support of May 24, 2010 Omnibus Discovery Motion, or, in the Alternative for Leave to File the Incorporated Sur-Reply, Motion for Relief Pursuant to O.C.G.A. § 9-15-14, filed July 27, 2010;

16.     Plaintiffs Motion to Compel Merrill Lynch, Pierce, Fenner & Smith to Produce Non-Privileged Documents, or Alternatively, for in Camera Review, filed July 29, 2010;

17.     Defendant Merrill Lynch, Pierce, Fenner & Smith Incorporated's Emergency Motion to Protect Privileged Communications by Striking Plaintiffs' Motion to Compel and for Sanctions Against Plaintiffs Pursuant to O.C.G.A. § 9-11-37, filed August 2, 2010;



8

18.    Plaintiffs' Motion to Set Hearing on Plaintiffs' Motion to Compel and Merrill

Lynch's Related Motion to Strike, filed August 3, 2010; and

19.    Plaintiffs' Motion for Sanctions Against Deutsche Bank Securities, Inc. for

Undisputed Violation of the Court's July 16, 2009 Scheduling Order, filed August 23, 2010.

