# Exhibit D

Case 1:10-cv-03108-JEC   Document 127-4   Filed 12/08/10   Page 2 of 9

07/13/2009  12:33    4042340575              JUDGE PATSY PORTER                    PAGE   01

State Court of Fulton County
***EFILED***
LexisNexis Transaction ID: 26145799
Date: Jul 16 2009 4:05PM
Mark Harper, Clerk

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| TASER INTERNATIONAL, INC., *et al.*, | : | |
| Plaintiffs, | : | CIVIL ACTION FILE NO.: 2008-EV-004739-B |
| v. | : | |
| MORGAN STANLEY & CO., INC., *et al.*, | : | JURY TRIAL DEMANDED |
| Defendants. | : | |

## SCHEDULING ORDER

In the interests of efficient and effective case management, the Court enters the following Scheduling Order. This Order shall supersede and replace all schedules previously entered by the Court or agreed to by the parties.

### I. DISCOVERY

#### A. Preliminary Disclosures.

1. <u>Individual Plaintiffs:</u> Within sixty (60) days of the date of this Order, the individual plaintiffs (*i.e.*, all plaintiffs except Taser International, Inc.) shall complete production to defendants of documents reflecting all of their purchases, sales, account transfers or other purchase, sale or transfer activity relating to their holdings of stock in TASER International, Inc. ("TASER").

669604.1

Exhibit D

2.  TASER International:

Within sixty (60) days of the date of the entry of this Order, Plaintiff TASER International, Inc. shall complete production of documents reflecting all of its (and its Section 16 officers and directors) purchases, sales, account transfers or other purchase, sale or transfer activity (excluding the awarding of options) relating to TASER stock.

3.  Injury

Within ninety (90) days of the entry of this Order, each plaintiff shall complete production of all documents in his, her, or its possession, custody, or control that support the allegation that each such plaintiff was directly injured by a predicate act allegedly committed by each defendant.

4.  Defendants:

Plaintiffs and Defendants have conferred on the scope of production for request numbers 1 through 15 of Plaintiffs' First Request for Production of Documents. Although the parties have not reached agreement on all issues relating to those requests, the parties have reached some agreements, which are reflected in Attachment A to this Order and incorporated herein by reference.

By reaching the agreements set forth in Attachment A, Plaintiffs do not concede or agree that the Defendants have satisfied their discovery obligations or produced all documents and data responsive to any of the document requests.

Plaintiffs reserve all rights to obtain additional data or documents responsive to any document requests, including request numbers 1 through 15. Similarly, by reaching the agreements set forth in Attachment A, Defendants do not waive any of their objections and defenses to any document requests.

5. <u>Outstanding Interrogatory Responses:</u>

On or before July 3, 2009, Plaintiffs and Defendants shall meet and confer with respect to the objections served by Defendants to Plaintiffs' First Interrogatories to Each Defendant. On or before July 24, 2009, Defendants shall serve substantive responses to those interrogatories (or subparts thereof) for which there is no objection. Plaintiffs may immediately move to compel Defendants to respond to any interrogatories (or subparts thereof) for which a dispute remains after the parties have conferred.

**B. 30(b)(6) Depositions of Corporate Representatives Regarding Document Retention.**

The parties may begin taking the depositions of witnesses pursuant to O.C.G.A. § 9-11-30 (b)(6) forty-five (45) days after the beginning of the period for general fact discovery.

3

C. **General Fact Discovery.**

1. <u>Length of Fact Discovery</u>:

General fact discovery shall commence forty-five (45) days from the date of entry of this order. The general fact discovery period in this action shall expire twelve months from the date on which general fact discovery commences; provided, however, that any party may request that the general fact discovery period be extended if it can demonstrate good cause.

2. <u>Commencement of Depositions</u>:

The parties may begin taking the depositions of witnesses pursuant to O.C.G.A. § 9-11-30(b)(6) thirty (30) days after the beginning of the period for general fact discovery.

3. <u>Commencement of Document Production</u>:

Within sixty (60) days after general fact discovery commences, and except as provided in Section I.A. of this Scheduling Order, each party shall commence production of documents not objected to and responsive to the requests served upon that party prior to the commencement of general fact discovery. Each party may produce responsive documents on a rolling basis, and each party will make reasonable efforts to complete production of all responsive, non-objected to and non-privileged documents within 120 days of the date of this Order; provided,

4

however, that a party can request an extension of this deadline for good cause shown.

4. Upon and after the commencement of general fact discovery, the parties may serve additional discovery requests within the limitations established by the Civil Practice Act, O.C.G.A. § 9-11-1 et seq.

5. The parties may take depositions for the preservation of testimony for use at trial outside the general fact discovery period.

6. The time frame for discovery shall be January 1, 2003 to and through May 31, 2009.

C. **Expert Discovery.**

1. Initial Designations - The party with the burden of proof on an issue for which it seeks to introduce expert evidence shall, within ten (10) days of the close of the general fact discovery period, identify each person whom that party expects to call as an expert witness at trial and state the subject matter on which the expert is expected to testify, the substance of the facts and opinions to which the expert is expected to testify and a summary of the grounds for each opinion. O.C.G.A. § 9-11-26(b)(4)(A)(i).

2. Rebuttal Designations – Within thirty (30) days after the initial designation of experts, as set forth above, each party shall identify any additional person whom that party expects to call as an expert witness at trial and state the

subject matter on which the expert is expected to testify, the substance of the facts and opinions to which the expert is expected to testify and a summary of the grounds for each opinion.

3.  <u>Expert Depositions</u> - The parties shall complete the depositions of expert witnesses within forty-five (45) days after the date for designating rebuttal expert witnesses.

D.  **Procedure for Resolving Discovery Disputes.**

1.  For discovery disputes, the Court adopts the good-faith conferral requirement of Uniform Superior Court Rule 6.4(B). For a verbal conference to have Rule 6.4(B) status, one party to the conference must give written or e-mail notice prior to the conference that the conference is intended to serve as a Rule 6.4(B) conference. If the parties reach an impasse regarding the discovery dispute and are unable to resolve it by agreement, the party seeking relief regarding the matter in dispute shall contact the Court to determine whether written motions should be filed and/or the dispute will be resolved through a hearing or conference with the Court. If the parties' Rule 6.4(B) conference addresses multiple disputed issues, and if the parties resolve one or more of those issues by agreement, then any motions filed with the Court pursuant to this Section shall briefly describe the issues resolved by agreement and the resolution of the issue to which the parties agreed.

2.      All discovery motions relating to discovery timely served must be filed within one-hundred-twenty (120) days of the date the impasse between the parties is reached in the Rule 6.4(B) conference; provided, however, that no motion to compel relating to fact discovery may be filed more than fifteen (15) days after the close of general fact discovery and no motion to compel relating to experts may be filed more than fifteen (15) days after the close of expert discovery.

E.      **Cost Allocation.** This Order does not address the allocation of costs that may be associated with responding to a party's discovery request. To the extent that issues arise with respect to the allocation of such costs, the Court directs the parties to confer as provided in Uniform Superior Court Rule 6.4(B). If the parties are unable to agree on the proper allocation of costs, the party seeking relief shall contact the Court to determine whether a written motion should be filed and/or the dispute will be resolved through a hearing or conference with the Court.

## II.   DISPOSITIVE AND *DAUBERT* MOTIONS

Dispositive motions shall be filed no later than forty-five (45) days after the close of expert discovery. Motions filed in advance of that date shall include a certification that, in the opinion of the filing party, further discovery regarding the issues addressed in the motion will not reveal additional facts relevant to the motion. Responses to dispositive motions shall be filed no later than forty-five (45) days after the dispositive motion is filed.

7

Motions to exclude expert testimony under O.C.G.A. § 24-9-67.1 or *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993), shall be filed by the date on which a Pretrial Order is submitted pursuant to Part III of this Order.

## III. PRETRIAL ORDER AND TRIAL DATE

1. <u>Pre-Trial Order:</u>

The Pre-Trial Order in this action shall be due forty-five (45) days after the Court rules on any timely filed dispositive motions or, if no such motions are filed, within forty-five (45) days after the close of expert discovery.

2. <u>Trial Date:</u>

Upon the entry of the Pretrial Order, the Court shall specially set the date for the trial of this action.

## IV. PARTIES TO THIS ACTION

The Court hereby GRANTS the Joint Motion to Add, Substitute and Remove Parties as of March 6, 2009, the date the motion was filed with this Court. The parties listed on the caption of that pleading shall be the parties in this action.

**SO ORDERED**, this ___16___ day of ~~June~~ July, 2009

_____
The Honorable Patsy Porter
Judge, State Court of Fulton County