IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| TASER INTERNATIONAL, INC., *et al.*, Plaintiffs, v. MORGAN STANLEY & CO., INC., *et al.*, Defendants. | Civil Case No. 1:10-CV-03108-JEC |

**DEFENDANT MERRILL LYNCH'S REPLY MEMORANDUM OF LAW
IN FURTHER SUPPORT OF ITS *EMERGENCY MOTION*
TO STAY RULE 30(b)(6) DEPOSITION PENDING
RESOLUTION OF ITS MOTION FOR A PROTECTIVE ORDER**

Plaintiffs' Opposition rests entirely on the assertion that they have been prejudiced by Merrill Lynch's delay in negotiating the scope of a Rule 30(b)(6) deposition notice that was initially served in late May but amended as late as November 17 (the "Amended Notice"). Plaintiffs contend that they are now so pressed for time that Merrill Lynch should be punished and forced to educate a corporate representative for deposition before the Court can resolve the merits of Merrill Lynch's Protective Order Motion. Plaintiffs are wrong on both counts.

**I.    Plaintiffs will not be prejudiced by a short delay.**

Plaintiffs assert in a conclusory fashion that delaying the deposition would prejudice them. (*See* Opp. at 9.) But Plaintiffs do not, and cannot, explain how a

short delay hurts them.  Plaintiffs have been taking discovery from Merrill Lynch and seven other Defendants for the last year and a half and *have yet to take a single deposition of any of them*.[1]  Plaintiffs make no effort to explain why the deposition of Merrill Lynch concerning certain regulatory inquiries must be the first of the eight similar Rule 30(b)(6) depositions noticed in May, let alone among the *first depositions* they take.[2]

Indeed, Plaintiffs reached an agreement several months ago with Defendant Banc of America Securities—which is represented by the same counsel as Merrill Lynch—regarding the scope of a Rule 30(b)(6) deposition concerning its regulatory inquiries.  Plaintiffs have yet to even schedule that deposition (though they say they plan to do so "shortly").  This undermines Plaintiffs' claim that the deposition of Merrill Lynch is so urgent that the Court should not be afforded an opportunity to even consider its Protective Order Motion.

---

[1] Plaintiffs recently added Merrill Lynch Professional Clearing Corp. as a Defendant and have deposed it in connection with its motion to dismiss for lack of personal jurisdiction.

[2] To minimize their travel to New York, Plaintiffs have now agreed to delay the deposition from December 10 to December 22, which immediately follows the first two depositions Plaintiffs will take in this case.

## II. Merrill Lynch deserves to have its Protective Order Motion heard.

Plaintiffs also claim that Merrill Lynch is not entitled to this Court's protection because it "chose [to] delay" the deposition for six months. (Opp. at 7–8.) But the mere fact that the parties' negotiations lasted six months before reaching an impasse does not demonstrate any intentional delay or bad faith by Merrill Lynch.[3] And Plaintiffs fail to acknowledge that the negotiations were meaningful—Plaintiffs have significantly narrowed the notice in response to those negotiations—and that Merrill Lynch filed the Protective Order Motion within a week of receiving the latest amended notice. To deny Merrill Lynch its right to the Court's consideration of the Protective Order Motion because Merrill Lynch tried to obviate the need for that motion by negotiating with Plaintiffs makes no sense. As Plaintiffs point out, there are already approximately 24 discovery motions pending before the Court because the parties could not reach agreement on numerous discovery issues. There is nothing nefarious about these negotiations taking several months, and Merrill Lynch should not be punished for trying.

Moreover, Merrill Lynch conducted a thorough investigation of Plaintiffs proposed topics—which initially concerned sixteen different regulatory inquiries

---

[3] A portion of the delay was caused by Merrill Lynch's change in counsel, a fact Plaintiffs do not dispute.

over the last five years—before concluding that it had no corporate knowledge of the topics (other than what is contained in the documents that have been produced). That investigation itself took months, with counsel calling numerous employees that might have some knowledge of any of the investigations. When Merrill Lynch eventually concluded that it had no additional information to offer Plaintiffs, Merrill Lynch immediately informed Plaintiffs of that fact and its decision not to provide a witness. And then Merrill Lynch still tried to negotiate to eliminate the need for the Protective Order Motion by offering Plaintiffs several additional compromises that would have given Plaintiffs much of the information they seek. Plaintiffs' disparagement of those efforts (*see* Opp. at 5) does not show why Merrill Lynch should be denied the right to even have its Protective Order Motion heard on the merits.

### III. Merrill Lynch had no obligation to undertake the burdensome task of preparing a corporate witness while the parties were negotiating.

Plaintiffs contend also that Merrill Lynch is not entitled to the short stay that would permit the Court to hear the Protective Order Motion because Merrill Lynch "could have spent the past six months preparing a witness." (Opp. at 7.) But the premise of the Protective Order Motion is that Merrill Lynch should not have to undertake the significant burden to prepare for Plaintiffs' overbroad notice. Suggesting that Merrill Lynch should have self-imposed that burden *before filing*

the Protective Order Motion puts the cart before the horse.  And Merrill Lynch should not have to comply with such a burdensome discovery request until the Court determines that it is appropriate under the Federal Rules.

For the same reason, Merrill Lynch had no obligation to be preparing a witness while the parties were negotiating the scope of the notice.  As Plaintiffs acknowledge, Merrill Lynch served objections to the notice approximately three weeks after receiving it.  (*See* Opp. at 2 n.3.)  Plaintiffs then *immediately* acknowledged its overbreadth and agreed to narrow it.  (*Id.* at 2 n.4.)  The Amended Notice that is now before the Court, which was served on November 17, seeks information concerning eleven regulatory investigations—five fewer than the sixteen identified in the earlier version of the notice.  Plaintiffs' suggestion that Merrill Lynch should have been preparing a witness all autumn for the sixteen-investigation notice that Plaintiffs recently superseded with the narrower Amended Notice only highlights their fundamental misconception that merely filing a lawsuit entitles them to impose any burden they choose on a defendant.  Here it would have been not only burdensome but also wasteful for Merrill Lynch to begin preparing a witness on the overbroad notice, and Merrill Lynch has not forfeited its right to the Court's protection by failing to do so.

## CONCLUSION

For all of the foregoing reasons, Merrill Lynch respectfully requests that the Court enter an order before December 22, 2010—the date noticed for the 30(b)(6) deposition of Merrill Lynch—staying the Amended Notice until the Court resolves the Protective Order Motion.

Dated:  December 8, 2010

        /*s*/ Richard H. Sinkfield
Richard H. Sinkfield
Georgia Bar No. 649100
RSinkfield@rh-law.com

Dan F. Laney, III
Georgia Bar No. 435290
DLaney@rh-law.com

ROGERS & HARDIN LLP
229 Peachtree Street, N.E.
2700 International Tower
Atlanta, Georgia  30303
Tel.:  404-522-4700
Fax:  404-525-2224

Andrew J. Frackman
Abby F. Rudzin
Brad M. Elias
*Pro Hac Vice* Applications Pending

O'MELVENY & MYERS LLP
7 Times Square
New York, New York  10036
Phone:  212-326-2000
Fax:  212-326-2061

*Attorneys for Defendant Merrill Lynch,
Pierce, Fenner & Smith Incorporated*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| TASER INTERNATIONAL, INC., *et al.*<br><br>   Plaintiffs,<br><br>v.<br><br>MORGAN STANLEY & CO., INC., *et al.*<br><br>   Defendants. | CIVIL ACTION NUMBER:<br>1:10-CV-03108-JEC |

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 8, 2010, I caused a copy of the foregoing **DEFENDANT MERRILL LYNCH'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF ITS *EMERGENCY MOTION* TO STAY RULE 30(b)(6) DEPOSITION PENDING RESOLUTION OF ITS MOTION FOR A PROTECTIVE ORDER** to be filed with the Clerk of Court using the CM/ECF system, which will automatically send e-mail notification of such filing to the following attorneys of record:

> John E. Floyd, Esq.
> floyd@bmelaw.com
>
> Steven J. Rosenwasser, Esq.
> rosenwasser@bmelaw.com

Nicole G. Iannarone, Esq.
iannarone@bmelaw.com

Jill A. Pryor, Esq.
pryor@bmelaw.com

Robert L. Ashe, III, Esq.
ashe@bmelaw.com

Michael A. Caplan, Esq.
caplan@bmelaw.com

Elizabeth G. Eager
eager@bmelaw.com

and that I have caused a copy to be served by U.S. Mail on the following attorneys

of record:

James W. Christian, Esq.
CHRISTIAN, SMITH & JEWELL LLP
2302 Fannin, Suite 500
Houston, TX  77002

Robert F. Wise, Jr., Esq.
Melissa Aoyagi, Esq.
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, NY  10017

Richard H. Klapper, Esq.
Richard C. Pepperman, II, Esq.
Tracy Richelle High, Esq.
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, NY  10004-2498

2

Stephen L. Ratner, Esq.
Brian L. Friedman, Esq.
PROSKAUER ROSE LLP
1585 Broadway
New York, NY  10036

Gregory A. Markel, Esq.
Martin L. Seidel, Esq.
Peter J. Isajiw, Esq.
Heather L. Fesnak, Esq.
CADWALADER, WICKERSHAM &
TAFT LLP
One World Financial Center
New York, NY  10281

Fraser L. Hunter, Jr., Esq.
WILMER CUTLER PICKERING HALE
AND DORR LLP
399 Park Avenue
New York, NY  10022

Andrew J. Frackman, Esq.
O'MELVENY & MYERS LLP
Times Square Tower
7 Times Square
New York, NY  10036

3

4

Andrew B. Clubok, Esq.
Jeffrey G. Landis, Esq.
Jeffrey M. Gould, Esq.
KIRKLAND & ELLIS LLP
655 Fifteenth Street, N.W.
Washington, DC  20005

/*s*/ Richard H. Sinkfield

Richard H. Sinkfield
Georgia Bar No. 649100
rsinkfield@rh-law.com