# EXHIBIT A

138129.1

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

TASER INTERNATIONAL, INC., *et al.*,

    Plaintiffs,

v.

MORGAN STANLEY & CO., INC., *et al.*,

    Defendants.

CIVIL ACTION
FILE NO. 2008-EV-004739-B

### DEFENDANT BANC OF AMERICA SECURITIES LLC'S
### FIRST SET OF REQUESTS FOR ADMISSION TO EACH PLAINTIFF

**COMES NOW** Defendant Banc of America Securities LLC ("BAS"), by and through its undersigned counsel, pursuant to O.C.G.A. § 9-11-26 and O.C.G.A § 9-11-36, and hereby serves the following requests for admission, requesting that Plaintiffs provide responses, separately and fully in writing, to the below requests for admission and that the responses be served upon BAS within thirty (30) days of service of these requests.

### GENERAL INSTRUCTIONS

A. In answering these requests for admission, consult all information available to you, including information in the possession of your attorneys or investigators, and not merely such information based on your personal knowledge. If you cannot admit the following requests in full after exercising due diligence to secure the necessary information, so state and answer to the extent possible, specifying each portion which you admit to be true and which portion you do not admit to be true.

B. If disclosure of any privileged attorney-client communications is necessary to provide a complete response, so indicate in the response without disclosing any such attorney

client communication or client confidence. The discovery propounded herein seeks non-privileged information.

C. Each of these requests for admission is to be regarded as continuing and requires a supplemental response in conformity with O.C.G.A. § 9-11-26(e), upon the discovery of other or further information affecting your response. If, subsequent to serving an answer to any request for admission, you obtain or become aware of, or any other person on your behalf obtains or becomes aware of, additional information pertaining to any request for admission, you are requested to provide, by way of supplemental answers thereto, any such information that will augment or otherwise modify your answers as given. Such supplemental responses are to be served upon BAS's counsel within thirty (30) days after receipt of such information, but no later than ten (10) days prior to any hearing or trial of this action, whichever period is sooner.

D. In the context of a request for admission or response thereto, the singular includes the plural, the masculine gender includes the feminine, the present tense encompasses the past tense, and vice versa.

E. Unless otherwise stated, the relevant time period for these requests for admission is from January 1, 2003 to May 31, 2009 (the "Time Period"), or such other time period as the Court may require.

F. By propounding these requests for admission, BAS does not concede the legitimacy, accuracy, or sufficiency of any of Plaintiffs' factual or legal statements, characterizations, assertions or theories as described in the Sixth Amended Complaint or in Plaintiffs' Responses to Defendants' Second Set of Interrogatories and Third Request for Production of Documents to All Plaintiffs.

## DEFINITIONS

A.    The terms "and" and "or," as used herein, are to be construed both conjunctively and disjunctively, and each includes the other wherever a dual construction will serve to bring within the scope of these requests for admission any responses that would otherwise not be brought within its scope.

B.    The term "any," as used herein, shall be construed to mean "any and all."

C.    The term "BAS," as used herein, means Banc of America Securities LLC, all of its successors and subsidiary companies, officers, managing partners, directors, employees, agents, representatives, and all persons working on its behalf.

D.    The term "TASER," as used herein, means TASER International, Inc., all of its successor and subsidiary companies, officers, managing partners, directors, employees, agents, representatives, and all persons working on its behalf.

E.    The term "DTCC," as used herein, means the Depository Trust and Clearing Corporation, all of its successor and subsidiary companies, officers, managing partners, directors, employees, agents, representatives, and all persons working on its behalf.

F.    The term "this action," as used herein, means the civil action that Plaintiffs have filed against defendants that is pending in the State Court of Fulton County, State of Georgia, Civil Case No. 2008-EV-004739-8.

G.    The term "person," as used herein, means any natural person, corporation, partnership, sole proprietorship, association, company, joint venture, business entity, governmental body, trust and/or estate.

H.     The terms "you" and "your," as used herein, means the Plaintiff(s) responding to these requests for admissions, their attorneys, and any persons acting or purporting to act on their behalf.

I.     The term "communication," as used herein, means anything that is transmitted, sent and/or received, by and/or through any and all means, including, but not limited to, verbal, written, electronic or any other form of communicating.

J.     The term "Complaint," as used herein, means the Sixth Amended Complaint in this action.

K.     The term "Proprietary Trading," as used herein, means trading by BAS, as principal, using BAS assets for the purpose of generating profits by taking positions in the financial markets. Proprietary Trading does not include market-making and other trading for the purpose of facilitating customer orders, nor does it include hedging activities.

L.     The term "Proprietary Accounts," as used herein, means those BAS accounts that facilitate Proprietary Trading, as defined herein.

M.     The terms "relating to" or "concerning" shall mean, with respect to a given subject, constitutes, embodies, reflects, identifies, states, refers to, evidences, substantiates and/or being in any way relevant to the subject.

## REQUESTS FOR ADMISSION

1.

BAS had a net failure to deliver position in TASER common stock at the DTCC on only the following 50 settlement days:

| 6/16/2003 | 12/16/2003 | 2/14/2005 | 2/28/2007 | 5/6/2008 |
|---|---|---|---|---|
| 6/17/2003 | 7/21/2004 | 4/1/2005 | 3/9/2007 | 6/11/2008 |

| 6/18/2003 | 7/22/2004 | 6/29/2005 | 5/1/2007 | 6/16/2008 |
|---|---|---|---|---|
| 6/19/2003 | 8/16/2004 | 12/21/2005 | 7/23/2007 | 6/25/2008 |
| 6/20/2003 | 8/19/2004 | 12/22/2005 | 8/7/2007 | 7/2/2008 |
| 6/23/2003 | 8/25/2004 | 12/23/2005 | 8/8/2007 | 7/3/2008 |
| 6/24/2003 | 9/15/2004 | 12/27/2005 | 1/15/2008 | 9/22/2008 |
| 6/25/2003 | 10/21/2004 | 10/2/2006 | 3/7/2008 | 10/15/2008 |
| 12/4/2003 | 1/19/2005 | 12/12/2006 | 3/10/2008 | 12/4/2008 |
| 12/12/2003 | 2/1/2005 | 12/13/2006 | 4/29/2008 | 12/24/2008 |

2.

There were more than 1500 settlement days during the Time Period.

3.

BAS never had a net failure to deliver position in TASER common stock at the DTCC that lasted for more than 8 consecutive settlement days.

4.

BAS had only 2 net failure to deliver positions in TASER common stock at the DTCC that lasted for 4 or more consecutive settlement days.

5.

BAS did not engage in Proprietary Trading in TASER common stock on any of the 50 settlement days on which BAS had a net failure to deliver position in TASER common stock at the DTCC.

6.

BAS never had a failure to deliver position in TASER common stock resulting from a broker-to-broker trade executed outside the DTCC that lasted for 13 settlement days.

NYI:1815468.3

7.

BAS did not engage in Proprietary Trading in TASER common stock on any of the days on which BAS had a failure to deliver position resulting from a broker-to-broker trade executed outside the DTCC system.

8.

BAS did not profit from any decline in the price of TASER common stock.

9.

BAS never voted more shares of TASER common stock than it had on deposit at the DTCC as of the applicable record date.

10.

BAS never executed a short sale in TASER common stock in its Proprietary Accounts without possessing or intending to obtain TASER common stock to deliver by the settlement date.

11.

BAS never executed a short sale in TASER common stock in its Proprietary Accounts at a time it knew a locate had not been obtained.

12.

BAS never executed a short sale in TASER common stock on behalf of a customer without possessing or intending to obtain TASER stock to deliver by the settlement date.

13.

BAS never executed a short sale in TASER common stock on behalf of a customer at a time it knew a locate had not been obtained.

14.

BAS has never marked a short sale in TASER common stock as a long sale.

15.

BAS has never entered into a fictitious options contract relating to TASER securities.

16.

BAS has never used an options contract to close out a failure to deliver position in TASER securities.

17.

BAS never permitted an "indefinite delivery fail" in TASER common stock as alleged in the Complaint.

18.

BAS never agreed to loan TASER common stock at a time it neither possessed, nor had any intention of obtaining, sufficient TASER common stock to cover those loans.

19.

BAS has never created a "counterfeit" or "phantom" share of TASER common stock as alleged in the Complaint.

20.

BAS never agreed to loan TASER common stock that it failed to deliver.

21.

BAS never took Plaintiffs' property interest in TASER common stock.

22.

BAS never charged fees or commissions to short sellers for loans of TASER common stock that were never delivered.

23.

BAS never represented to customers or other prime brokers that it had shares of TASER common stock available to loan when BAS knew that it did not possess such shares.

24.

BAS did not knowingly create and/or alter electronic forms of data to falsely indicate its and its clients' level and type of ownership of TASER stock.

25.

BAS did not create, alter or delete electronic data pertaining to TASER common stock in such a manner that it constituted a forgery.

26.

BAS never unlawfully took or appropriated TASER common stock from the Plaintiffs.

27.

BAS never manipulated the market in TASER common stock by failing to deliver TASER common stock to the DTCC in accordance with the federal securities laws.

28.

BAS never interfered with Plaintiffs' "non-monetary rights" in TASER common stock as alleged in the Complaint.

29.

BAS never caused TASER common stock to decline in price by failing to deliver TASER common stock to the DTCC in accordance with the federal securities laws.

30.

BAS never engaged in willful misconduct with respect to TASER common stock.

31.

BAS did not have a fiduciary duty to TASER or its shareholders.

32.

BAS never violated Regulation SHO with respect to TASER common stock.

33.

BAS never violated NASD Rule 3370 with respect to TASER common stock.

34.

BAS never violated SEC Rule 3b-3 with respect to TASER common stock.

35.

BAS never violated SEC Rule 10a-2 with respect to TASER common stock.

36.

BAS never violated NASD Rule 3210 with respect to TASER common stock.

37.

BAS never violated NASD Rule 11830 with respect to TASER common stock.

38.

BAS never violated NYSE Rule 440C with respect to TASER common stock.

39.

BAS never violated SEC Rule 200 with respect to TASER common stock.

40.

BAS never violated SEC Rule 203 with respect to TASER common stock.

41.

BAS's failure to make an "affirmative determination" prior to executing a short sale did not create "counterfeit" or "phantom" shares (as those terms are used in the Complaint) where the shares were borrowed and delivered to the DTCC by the settlement date (T+3).

42.

BAS's execution of a short sale on behalf of a customer who failed to properly obtain a "locate" did not create "counterfeit" or "phantom" shares (as those terms are used in the Complaint) where the shares were borrowed and delivered to the DTCC by the settlement date (T+3).

43.

Mismarking a short sale as a long sale does not create "counterfeit" or "phantom" shares (as those terms are used in the Complaint) where the shares are borrowed and delivered by the settlement date (T+3).

44.

There was no federal securities law requiring BAS to close out (through a "buy-in" or otherwise) its net failure to receive positions at the DTCC.

45.

Regulation SHO did not impose any obligations on BAS relating to its net failure to receive positions at the DTCC.

46.

There was no federal securities law requiring BAS to close out (through a "buy-in" or otherwise) failure to deliver positions that existed outside the DTCC system.

Dated: June 21, 2010

[signature]

Andrew J. Frackman
Admitted Pro Hac Vice

O'MELVENY & MYERS LLP
Times Square Tower
7 Times Square
New York, New York 10036
Phone: 212-326-2000
Fax: 212-326-2061

*Attorneys for Banc of America Securities LLC*

Richard H. Sinkfield, Esq.
Georgia Bar No. 649100
Dan F. Laney, III
Georgia Bar No. 435290
ROGERS & HARDIN LLP
2700 International Tower
229 Peachtree St, NW
Atlanta, Georgia 30307
Phone: 404-522-4700
Fax: 404-525-2224

*Attorneys for Defendants Morgan Stanley & Co. Incorporated; Goldman, Sachs & Co., Goldman Sachs Execution & Clearing, L.P.; Bear, Stearns Securities Corp. (n/k/a JP Morgan Clearing Corp.); Bear, Stearns & Co. Inc. (n/k/a JP Morgan Securities Inc.); Merrill Lynch, Pierce, Fenner & Smith, Inc.; Deutsche Bank Securities Inc.; Credit Suisse Securities (USA) LLC, Inc.; Banc of America Securities LLC; and UBS Securities, LLC*

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

| | |
|---|---|
| TASER INTERNATIONAL, INC.,<br>*et al.*,<br><br>        Plaintiffs,<br>v.<br><br>MORGAN STANLEY & CO., INC.,<br>*et al.*,<br><br>        Defendants. | )<br>)<br>)<br>)<br>) CIVIL ACTION FILE NO.<br>)<br>) 2008-EV-004739-B<br>)<br>)<br>)<br>)<br>) |

## CERTIFICATE OF SERVICE

I hereby certify that on this 21st day of June, 2010, a true and correct copy of the foregoing DEFENDANT BANC OF AMERICA SECURITIES, LLC'S FIRST SET OF REQUESTS FOR ADMISSION TO EACH PLAINTIFF was served via Hand Delivery upon the following attorneys of record:

    John E. Floyd, Esq.
    Steven J. Rosenwasser, Esq.
    Bondurant, Mixson & Elmore, LLP
    3900 One Atlantic Center
    1201 West Peachtree Street, N.W.
    Atlanta, Georgia 30309;

and via U.S. Mail postage prepaid and addressed to the following attorney of record:

    James W. Christian, Esq.
    Christian, Smith & Jewell LLP
    2302 Fannin, Suite 500
    Houston, Texas 77002

and via electronic mail to the following attorneys of record:

Melissa Aoyagi, Esq.
Davis Polk & Wardwell LLP
450 Lexington Avenue
New York, NY 10017
*melissa.aoyagi@dpw.com*

Brian L. Friedman, Esq.
Proskauer Rose LLP
1585 Broadway
New York, NY 10036-8299
*blfriedman@proskauer.com*

Fraser L. Hunter, Jr., Esq.
Wilmer Cutler Pickering Hale and Dorr LLP
399 Park Avenue
New York, NY 10022-4955
*Fraser.hunter@wilmerhale.com*

Gregory A. Markel, Esq.
Cadwalader, Wickersham & Taft LLP
One World Financial Center
New York, NY 10281
*Greg.markel@cwt.com*

Richard H. Klapper, Esq.
Sullivan & Cromwell LLP
125 Broad Street
New York, NY 10004-2498
*klapperr@sullcrom.com*

Paul M. Eckles, Esq.
Skadden, Arps, Slate, Meagher & Flom LLP
4 Times Square
New York, NY 10036
*pmeckles@skadden.com*

Andrew J. Frackman, Esq.
O'Melveny & Myers LLP
Times Square Tower
7 Times Square
New York, NY 10036
*afrackman@omm.com*

Andrew B. Clubok, Esq.
Kirkland & Ellis LLP
655 Fifteenth Street, N.W.
Washington, D.C. 20005
*aclubok@kirkland.com*

This 21st day of June, 2010.

Richard H. Sinkfield
Georgia Bar No. 649100

ROGERS & HARDIN LLP
2700 International Tower
229 Peachtree Street, NE
Atlanta, GA 30303-1601
Tel.   (404) 522-4700
Fax   (404) 525-2224

2