# EXHIBIT  F

138129.1

**State Court of Fulton County**
**\*\*\*EFILED\*\*\***
LexisNexis Transaction ID: 19976955
Date:  May 27 2008 10:29AM
Mark Harper, Clerk

## IN THE STATE COURT OF FULTON COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| DAVID and NATALIE BATCHELOR, DR. THOMAS and JUDITH COLLENTINE, CHARLES and SANDRA FAIRES, MASAJI and KELLY KELLEY, STEPHEN and PATRICIA LISENBY, RICHARD and CONSTANCE ALMEROTH, JAMES BAKER, JR., ROBERT BAKER, WILLIAM BURNSIDE, DAVID EVERETT, KELLIE BURNSIDE, HELEN BURNSIDE, ESTATE OF JAMES CONNELLY, DOROTHY CONNELLY, JAMES L. DUNAGIN, JR. TTEE SOUTHEAST EYE SURGERY CLINIC, INC. EMPLOYEE PSP, JAMES and EMILY DUNAGIN, RICHARD C. HASKELL, SUSAN HASKELL, RICHARD C. and AMY HASKELL, JR., MARY RICHARDSON, PAMELA LEWIS, JANE MAJ, ROZALIA MAJ, CRAIG MILLER, MARGARET ROCHE, CHET SCOTT, JOHN SCOTT, PAULA SCOTT, PETER and MICHELLE SCOTT, MARY ROSE STUCKER, DAVID and ANNE ZEBER, and MICHAEL BOYER, <br><br> Plaintiffs, <br> v. <br><br> MORGAN STANLEY & CO., INC., GOLDMAN SACHS GROUP, INC., BEAR STEARNS SECURITIES CORP., MERRILL LYNCH, PIERCE, FENNER & SMITH, INC., DEUTSCHE BANK SECURITIES, INC., CREDIT SUISSE USA, INC., BANC OF AMERICA SECURITIES, LLC, and UBS SECURITIES, LLC, <br><br> Defendants. | JURY TRIAL DEMANDED <br><br><br><br> **<u>PLAINTIFFS' FIRST INTERROGATORIES TO EACH DEFENDANT</u>** |

Pursuant to O.C.G.A. § 9-11-26 and O.C.G.A. § 9-11-33, Plaintiffs hereby serve the following interrogatories, requesting that defendants Morgan Stanley & Co., Inc., Goldman Sachs Group, Inc., Bear Stearns Securities Corp., Merrill Lynch, Pierce, Fenner & Smith, Inc., Deutsche Bank Securities, Inc., Credit Suisse USA, Inc., Banc of America Securities, LLC and UBS Securities, LLC (collectively "Defendants"), respond to the offices of Bondurant, Mixson & Elmore, 1201 W. Peachtree St., Suite 3900, Atlanta, Georgia 30309.

## Definitions

1.      "Defendants" shall mean Morgan Stanley & Co., Inc., Goldman Sachs Group, Inc., Bear Stearns Securities Corp., Merrill Lynch, Pierce, Fenner & Smith, Inc., Deutsche Bank Securities, Inc., Credit Suisse USA, Inc., Banc of America Securities, LLC and UBS Securities, LLC, both individually and collectively, and includes any of their parents, subsidiaries, divisions, affiliates, predecessors, assigns, or successors, and any of their present or former officers, directors, trustees, employees, agents, representatives, attorneys and/or other persons acting on their behalf.

2.      "TASER" shall mean TASER International, Inc., a company publicly traded on the NASDAQ stock market under the symbol TASR.

3.      "Plaintiffs" shall mean the individuals identified as plaintiffs in the caption above, both individually and collectively.

4.     "DTCC" shall mean the Depository Trust and Clearing Company, as well as its parents, subsidiaries, divisions, affiliates, predecessors, assigns, or successors, and any of its present or former liquidators, officers, directors, trustees, employees, agents, representatives, attorneys and/or other persons acting on its behalf.  This specifically includes, but is not limited to, the National Securities Clearing Corporation.

5.     "Security" or "Securities" mean any note, common stock, preferred stock, treasury stock, put, call, straddle, option, bond, debenture, evidence of indebtedness, transferable share, investment contract or, in general, any interest or instrument commonly known as a "security."

6.     "Documents" means all writings and things of any nature by which information may be stored or communicated, including originals and all non-identical copies and drafts thereof, in your possession, custody, or control, regardless of where located, including without limitation contracts, agreements, memoranda, notes, correspondence, letters, e-mails, communications, telegrams, teletypes, telecopies, transmissions, messages (including, but not limited to, records, reports, or memoranda of telephone calls and conversations), reports, studies, summaries, analyses, minutes, diaries, calendars, logs, notes, agenda, bulletins, notices, circulars, announcements, instructions, charts, tables, manuals, brochures, schedules, price lists, records, orders, invoices, statements, bills, books

of account, ledgers, statistical, accounting, and financial statements, forecasts, work papers, notebooks, data sheets, translations, photographs, drawings, tape recordings, computer-stored information which can be retrieved or placed into reasonably usable form, written communications and written evidence of oral communications, and any other "document" from which information can be obtained or translated, if necessary, by you through detection devices into reasonably usable form.  In all cases where originals and/or non-identical copies are not available, "documents" also means identical copies of original documents and copies of non-identical copies.

7.    "And" as well as "or" shall be construed disjunctively or conjunctively so as to bring within the scope of each request all documents, writings, and things which might otherwise be construed to be outside its scope.

8.    The use herein of the singular form of any noun or pronoun shall include, where appropriate, the plural thereof; the use herein of the masculine gender shall include, where appropriate, the feminine.

9.    The term "Person" as used herein shall mean an individual, corporation, partnership, or association, or any other business or governmental entity.

10.    The terms "record", "reflect", "relate to", and "concern" are intended to have the broadest possible scope so that all documents, including drafts, are

157891                                           4

included if they in any way constitute, contain, pertain to, or mention the indicated subject or document.  Whenever a document provides part, but less than all, of the information requested, such document should be produced along with all other related documents.

      11.    The term "communication" includes, but is not limited to, all inquiries, discussions, conversations, negotiations, agreements, understandings, meetings, conferences, interviews, telephone conversations, correspondence, notes, minutes, memoranda, telegrams, telexes, electronic mail messages, facsimiles, advertisements, or other forms of oral or written intercourse, however transmitted.

      12.    "Time Period" refers to January 1, 2002 to and through the present.

## Instructions

      1.    Each interrogatory herein shall be construed independently and shall not be limited by reference to any other interrogatory.

      2.    When an interrogatory does not specifically request a particular fact, but such fact is necessary in order to make the answer to the interrogatory either comprehensible, complete, or not misleading, you are to include such fact as part of the answer and the interrogatory shall be deemed specifically to request such fact.

      3.    When, after a reasonable investigation using due diligence, you are unable to answer any interrogatory or any part thereof because of lack of

information available to you, specify in detail the type of information which you claim is not available, the reason the information is not available to you, and what you have done to locate such information. In addition, specify what knowledge or belief you have concerning the unanswered portion of the interrogatory, set forth the facts upon which such knowledge or belief is based, and identify, the person who has or is likely to have the information which you claim is not available.

4.     When an interrogatory asks for specific information, as for example, a date, identify the information precisely, if known. If the precise date or other specific information is unknown to you or your agents, you are to give your best approximation of the information requested, provided that you indicate in your response that the information being provided is an approximation and is incomplete in certain specific respects. Also identify any person who may be able to provide the exact or complete information requested.

5.     The interrogatories shall be deemed continuing in nature. With respect to any of the following interrogatories as to which you, after answering, acquire additional information or documents, you are asked to serve on the undersigned further answers to such interrogatories and produce any additional responsive documents immediately after acquiring the additional information or documents.

6.     If you refuse to answer any interrogatory in whole or in part, describe

the basis for your refusal to answer, including any claim of privilege or work

product, in sufficient detail to permit the court to adjudicate the validity of your

refusal, and identify each document and oral communication for which a privilege

is claimed.

## Interrogatories

### 1.

Please identify each person who, during the Time Period, has or had

supervisory, managerial, officer or executive-level responsibility that includes

ensuring that, with respect to TASER securities, the company is abiding by all

rules, regulations and laws, including all rules, regulations and laws governing

short sales.  In responding to this interrogatory, please provide each person's name,

title, time period during which he/she had the responsibility and a detailed

description of the responsibility.

### 2.

Please identify each person who has knowledge of ten or more instances

during the Time Period in which you had a fail to receive or a failure to deliver

position with the DTCC (or any of its affiliates including the NSCC) or any other

custodian, depository, clearing firm, clearing agency or broker dealer, domestic or

157891                                    7

foreign, with respect to TASER securities.  In responding to this interrogatory, please provide each person's name, title and a description of their knowledge.

### 3.

Please identify each person who, during the Time Period, had or has substantive responsibility for investigating any claims, complaints or allegations that, with respect to TASER securities, you may not be in full compliance with all applicable rules, regulations and laws, including all rules, regulations and laws governing short sales.

### 4.

Please identify all witnesses, including expert witnesses, whom the Defendants expect to call to testify at the trial of this action.  For each expert witness, please state the qualifications of the expert, the facts and opinions to which the expert is expected to testify and the grounds for the expert's opinions.

### 5.

Please identify each person who during the Time Period:

(a)   Had substantive responsibility for determining, overseeing or supervising the amount of TASER securities, options or futures derivatives contracts the company traded, borrowed loaned or contracted for (long or short) for its own proprietary accounts;

(b)    Had substantive responsibility for determining, overseeing or supervising the amount of TASER securities, options or futures derivatives contracts the company's market making division traded, borrowed, loaned or contracted for (long or short) in either its own proprietary accounts or its clients' accounts;

(c)    Had substantive responsibility for determining, overseeing or supervising the amount of TASER securities, options or futures derivatives contracts the company's prime broker division traded, borrowed, loaned or contracted for (long or short) in either its own proprietary accounts or its clients' accounts;

(d)    Had substantive responsibility for determining, overseeing or supervising the amount of TASER securities, options or futures derivatives contracts the company's clearing firm division traded, borrowed, loaned or contracted for (long or short) in either its own proprietary accounts or its clients' accounts;

(e)    Had substantive responsibility for determining, overseeing or supervising the amount of TASER securities to be segregated in compliance with section 15c3-3, Customer Protection – Reserves and Custody of Securities of the 1934 Exchange Act;

(f)     Had substantive responsibility for overseeing or supervising the affirmative determinations received/delivered for the borrowing, loaning or short selling of TASER securities;

(g)     Had substantive responsibility for ensuring that the company delivered/fulfilled TASER securities, options or futures derivative contracts in compliance with securities laws and regulations by the settlement date;

(h)     Had substantive responsibility for overseeing or supervising communications with other clearing firms or clearing agencies, the DTCC, the Options Clearing Corporation, exchanges, electronic communications networks, electronic trading facilities, the Securities Industry Automation Corporation, custodians, qualified service representatives, depositories or any other trading venues or settlement services with respect to TASER securities;

(i)     Had substantive responsibility for ensuring that the company complied with securities laws and in particular, Regulation SHO, with respect to TASER securities;

(j)     Investigated the company's trading practices with respect to TASER securities.

In responding to this interrogatory, please provide each person's name, title and a description of their knowledge.

6.

Please identify the number of shares of TASER securities you held in your own proprietary accounts (i.e., not on behalf of a client or other third party) during the Time Period, indicating whether the securities were held as long or short and any changes in position.

This 27th day of May, 2008.

John E. Floyd
Georgia Bar No. 266413
Steven J. Rosenwasser
Georgia Bar No. 614908
Bondurant, Mixson & Elmore, LLP
3900 One Atlantic Center
1201 West Peachtree Street, N.W.
Atlanta, Georgia 30309
(404) 881-4100

JAMES W. CHRISTIAN
State Bar No. 04228700
Christian, Smith, & Jewell, LLP
2302 Fannin, Suite 500
Houston, Texas 77002
(713) 659-7616 Tel.
(713) 659-7641 Fax
(pro hac application to be filed)

John O'Quinn
State Bar No.15296000
The O'Quinn Law Firm
440 Louisiana St, Ste. 2300
Houston, Texas 77002
(713) 223-1000 Tel.
(713) 222-6903 Fax
(pro hac application to be filed)

*ATTORNEYS FOR PLAINTIFFS*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 27th day of May, 2008, a copy

of the foregoing PLAINTIFFS' FIRST INTERROGATORIES TO EACH

DEFENDANT was served on the following counsel of record as follows:

>   Goldman Sachs Group, Inc.
>   Bear Stearns Securities Corp
>   Merrill Lynch, Pierce, Fenner & Smith, Inc.
>   Deutsche Bank Securities, Inc.
>   Credit Suisse (USA) Inc.
>   Banc of America Securities, LLC
>   c/o Their Registered Agent
>   CT Corporation System
>   1201 Peachtree St., NE
>   Atlanta, Georgia
>
>   UBS Securities, LLC
>   c/o Their Registered Agent
>   Corporation Service Company
>   40 Technology Parkway South, #300
>   Norcross, Georgia 30092

John E. Floyd
Georgia Bar No. 266413
Steven J. Rosenwasser
Georgia Bar No. 614908

157891                                    13