EXHIBIT

1

**From:** Andrew Clubok [mailto:aclubok@kirkland.com]
**Sent:** Wednesday, August 12, 2009 5:08 PM
**To:** Steven J. Rosenwasser
**Cc:** Daniel Gomez
**Subject:** Re: Interrogatories

Steven:

As we discussed today, here is (what I hope is) the "final" compromise on interrogatory responses, that reflects the "track changes" version I sent you earlier today. Subject to proofing, this should be our agreement. I believe that every defendant on our side has signed off, but please let me have until tomorrow to confirm. In any event, as we discussed, assuming this is our substantive agreement, the interrogatory response date will be September 1, 2009.

I am glad we could work this out.

Thanks,

Andrew Clubok

Kirkland & Ellis, LLP
202-879-5173 (w)
202-879-5200 (f)
655 Fifteenth Street, N.W.
Washington, D.C. 20005


Andrew.clubok@kirkland.com

"Steven J. Rosenwasser"
<rosenwasser@bmelaw.com>

08/12/2009 08:28 AM

To "Andrew Clubok" <aclubok@kirkland.com>
cc
Subject Interrogatories


Andrew,

It was good speaking with you yesterday. I am writing to confirm that, during our call, we reached agreement on the substantive disputes relating to the interrogatories and that the defendants agreed to provide their responses on or before September 1, 2009. Moreover, you agreed to amend the document to reflect our agreements and intend on sending it today. Please let me know if this is incorrect.

Thank you for your cooperation,

Steven

************************************************************
The information contained in this communication is
confidential, may be attorney-client privileged, may
constitute inside information, and is intended only for
the use of the addressee. It is the property of
Kirkland & Ellis LLP or Kirkland & Ellis International LLP.
Unauthorized use, disclosure or copying of this
communication or any part thereof is strictly prohibited
and may be unlawful. If you have received this
communication in error, please notify us immediately by
return e-mail or by e-mail to postmaster@kirkland.com, and
destroy this communication and all copies thereof,
including all attachments.
************************************************************

The following applies to all interrogatories:

(1)  All interrogatories seek information from January 1, 2003 to and through May 31, 2009. Defendants have advised Plaintiffs that to the extent an interrogatory response requires the identification of individuals, identifying any such individuals for a six-year period may impose a significant burden.

Accordingly, to the extent an interrogatory response requires the identification of an individual or individuals, Defendants will identify the individual or individuals whose job responsibilities as of May 31, 2009 fall within the agreed-upon scope of that interrogatory (including the approximate time period during which he or she has had these job responsibilities). Defendants will also identify the immediate predecessor of any such individual. If the immediate predecessor first obtained the relevant job responsibilities on or after January 1, 2007, Defendants will also identify his/her predecessor unless doing so would constitute a burden pursuant to the following paragraph.

Defendants will also endeavor, for the above-referenced six-year period, to identify any other individuals (predating the predecessor(s)), if any, called for by the interrogatories. To the extent that it would be overly burdensome for a Defendant to identify such an individual or individuals, that Defendant will advise Plaintiffs in writing of why it contends obtaining the information constitutes an undue burden and will meet and confer with Plaintiffs within 10 business days of producing its response.

(2)  For purposes of these interrogatories, the term "committees" refers to a group of people formally designated to perform the function or task specified in the interrogatory.

(3)  As to all interrogatories, by agreeing to this information, Plaintiffs do not contend that they have received all of the information responsive to these interrogatories, and thus do not waive their right to seek additional information responsive to these interrogatories and to move to compel. Similarly, Defendants do not waive any objections or defenses they may have to these interrogatories.

(4)  For purposes of these interrogatories, the term "identify" shall mean as to an individual or individual(s), providing his/her name, job title at the relevant time, if readily available, approximate dates he/she had the relevant responsibility and whether he/she is a current employee of the defendant.

681177.1



**Interrogatory Nos. 1 and 2**:

At this time, Plaintiffs are willing to accept the following information as responsive to Interrogatory Nos. 1 and 2, and Defendants have agreed to provide it, subject to the four conditions on the preceding page:

(1) Identify all divisions, committees, groups, departments, or business units with primary responsibility for overseeing, enforcing and/or monitoring the company's adherence to rules, regulations and laws applicable to trading, short sales, settlement and clearance of Taser stock and/or derivatives. This is limited to those divisions, committees, groups, departments, or business units that have such responsibility beyond the general responsibility applicable to all employees to follow the rules, regulations and laws. Please state the time frames during which the division, committee, group, department, or business unit held the responsibility, and generally describe the responsibilities.

(2) For each division, committee, group, department, or business unit identified in response to (1) above, the production of organizational charts from January 1, 2003 to and through May 31, 2009. Each Defendant will make a good faith effort to produce as many organization charts as it reasonably locates, if any, by the time the interrogatory response is due, and will complete production by the date on which documents are first due to be produced in response to plaintiffs' Requests for Production Nos. 1-15. Defendants are only required to produce those charts that already exist, and are not required to create any new organizational charts to respond to this subpart.

(3) For each division, committee, group, department, or business unit identified in response to (1) above, identify the name and title of each person with a specific responsibility for TASER stock. If no person(s) has a specific responsibility with respect to TASER stock, please state so and identify the person(s) within each division, committee, group, department, or business unit identified in response to (1) above with primary responsibility for overseeing, enforcing and/or monitoring the company's adherence to rules, regulations and laws applicable to trading short sales, settlement and clearance and the approximate time frames he/she has held that responsibility. If there is a more than one person with such responsibility, each person will be identified.

To the extent this interrogatory seeks identification of traders or any trading and/or sales personnel, Plaintiffs and Defendants agree that Defendants are not required to identify such persons at this time. Instead, after Plaintiffs have received and reviewed trading and other data, Plaintiffs will inform Defendants of specific trades, traders, trading and/or sales personnel, trading accounts, trading desks, or trading time frames for which they seek information as to traders. Plaintiffs will provide their specific requests in writing, and Defendants will inform Plaintiffs, in writing, of any objections within 15 calendar days of receiving Plaintiffs' request. Plaintiffs and Defendants will meet and confer in

DRAFT

good faith concerning any objections. Defendants will provide the non-objectionable, responsive information within 30 calendar days of receiving a request for which there is no objection or the resolution of an objection to a request.

(4)  To the extent that the company bought, sold, or held any securities or derivatives relating to TASER for its proprietary account(s), identify the person(s) responsible for overseeing the relevant trading desk(s). Further, if there is a person or persons primarily responsible for approving the decision to buy, sell or hold TASER securities or derivatives for such proprietary accounts, Defendants will identify that person and dates he/she held that responsibility.

With respect to traders or any trading and/or sales personnel involved in transactions related to Taser securities or derivatives, Plaintiffs and Defendants agree that Defendants are not required to identify such persons now. Instead, after Plaintiffs have received and reviewed trading and other data, Plaintiffs will inform Defendants of specific trades, traders, trading and/or sales personnel, trading accounts, trading desks, or trading time frames for which they seek information as to traders. Plaintiffs will provide their specific requests in writing, and Defendants will inform Plaintiffs, in writing, of any objections within 15 calendar days of receiving Plaintiffs' request. Plaintiffs and Defendants will meet and confer in good faith concerning any objections. Defendants will provide the non-objectionable, responsive information within 30 calendar days of receiving a request for which there is no objection or the resolution of an objection to a request.

(5)  Identify and provide samples of exception reports[1], if any, relating to: (i) fails to deliver or receive; (ii) locates (including, but not limited to, failures to locate); (iii) securities lending (including, but not limited to, the amount of securities the company borrowed or loaned for itself or its clients); (iv) short sales; (v) order marking or (vi) unusual or suspicious fails, stock borrowing/lending, order marking or derivatives trading  For each report, identify the area of the firm with principal responsibility for reviewing the report. Defendants agree to produce samples within 10 business days of when they provide substantive responses to the interrogatories. Upon review of the sample reports, Plaintiffs reserve their right to seek names of particular persons who may have or had created and/or reviewed such reports in the ordinary course of business. If Plaintiffs seek such names, Defendants will indicate, in writing, any objections within 15 calendar days of the request. Plaintiffs and Defendants will meet and confer in good faith concerning any objections. Defendants will provide the non-objectionable, responsive information within 30 calendar days of receiving a request for which there is no objection or the resolution of an objection to a request.

---

[1] For purposes of this paragraph, "exception reports," means regularly produced reports that are intended to identify potentially abnormal and/or suspicious deviations from ordinary course of business or expected trading or operational parameters, regardless of whether such reports are called "exception reports" or go by some other name specific to a particular defendant.

681177.1

(6) Identify any person who, at any point between January 1, 2003 and May 31, 2009, conducted an investigation, audit or inquiry concerning: (i) any suspicious, improper or unlawful activities relating to the trading of TASER securities or derivatives (regardless of whether the allegation was proven true); (ii) the borrowing or lending of TASER securities; or (iii) fails relating to TASER securities. Please state the person's name, job title and the dates of responsibility. If no one, please state so. This interrogatory does not include persons who, in the ordinary course of business, received reports relating to borrowing, loaning or fails of securities generally, unless that person conducted an investigation, audit or inquiry specifically relating to TASER.

(7) Identify by name any hotline established to receive questions, reports or complaints about conduct that may violate securities laws, regulations, or rules.

**Interrogatory Nos. 3, 4 and 6** – No changes.

No. 3: Please identify each person who, during the Time Period, had or has substantive responsibility for investigating any claims, complaints or allegations that, with respect to TASER securities, you may not be in full compliance with all applicable rules, regulations and laws, including all rules, regulations and laws governing short sales.

No. 4: Please identify all witnesses, including expert witnesses, whom the Defendants expect to call to testify at the trial of this action. For each expert witness, please state the qualifications of the expert, the facts and opinions to which the expert is expected to testify and the grounds for the expert's opinions.

No. 6: Please identify the number of shares of TASER securities you held in your own proprietary accounts (i.e., not on behalf of a client or other third party) during the Time Period, including whether the securities were held as long or short and any changes in position.

**Interrogatory No. 5** –

At this time, Plaintiffs are willing to accept the following information as responsive to Interrogatory No. 5:

(1) Identify a person(s) knowledgeable about the company's policies, practices and systems of supervision and oversight of the amount of TASER securities, options or derivatives contracts the company borrowed or loaned in support of customer or company activity during the Time Period. Defendants will make a good faith effort to identify the person(s) likely to be most knowledgeable on these topics.

(2) If, during the Time Period, the company employed a person or persons to have substantive responsibility for overseeing or supervising the amount of TASER securities, options or derivatives contracts the company loaned to its customers,

681177.1

      identify that person or those persons and provide his/her title and dates he/she held that responsibility. If no person was assigned that task specifically as to TASER, please state so and identify the most senior employee(s) whose ordinary job duties included overseeing the company's loaning of securities, which would include TASER.

(3) Identify a person(s) knowledgeable about the company's policies, practices and systems of supervision and oversight of: (a) whether the company is locating TASER stock in accordance with all securities rules, laws and regulations and (b) the amount of TASER securities for which the company provided locates during the Time Period. Defendants will make a good faith effort to identify the person(s) likely to be most knowledgeable on these topics.

(4) Identify the person primarily responsible for overseeing any company trading desks that traded TASER securities, options or derivatives contracts. For each person identified, please provide his/her title, the trading desk he/she oversaw and the dates of that responsibility. With respect to trading desks, trading and/or sales personnel, Plaintiffs and Defendants agree that Defendants are not required to identify such persons now. Instead, after Plaintiffs have received and reviewed trading and other data, Plaintiffs will inform Defendants of specific trades, traders, trading and/or sales personnel, trading accounts, trading desks, or trading time frames for which they seek information as to traders. Plaintiffs will provide their specific requests in writing, and Defendants will inform Plaintiffs, in writing, of any objections within 15 calendar days of receiving Plaintiffs' request. Plaintiffs and Defendants will meet and confer in good faith concerning any objections. Defendants will provide the non-objectionable, responsive information within 30 calendar days of receiving a request for which there is no objection or the resolution of an objection to a request.

(5) Identify a person(s) knowledgeable about the company's policies, practices and systems of supervision and oversight of the company's clearance and/or settlement of transactions, including transactions in TASER securities. Defendants will make a good faith effort to identify the person(s) likely to be most knowledgeable on these topics.

(6) Identify the most senior employee(s) whose ordinary job duties include overseeing the company's clearance and/or settlement of TASER securities. If no person was assigned that task specifically as to TASER securities, please state so and identify the most senior employee(s) whose ordinary job duties included overseeing the company's clearance and/or settlement of securities, which would include TASER securities.

(7) Identify the person(s) with substantive responsibility for: (a) monitoring fails to deliver, including fails to deliver concerning TASER securities and/or (b) monitoring fails to receive, including fails to receive concerning TASER securities.

681177.1

(8)   Identify a person(s) knowledgeable about the company's policies, practices and systems of supervision and oversight of the amount of securities to be segregated in compliance with section 15c3-3, Customer Protection – Reserves and Custody of Securities of the 1934 Exchange Act. And, identify the person(s) who had responsibility for overseeing and monitoring those policies, practices and systems generally, and with respect to TASER securities specifically, if anyone. Defendants will make a good faith effort to identify the person(s) likely to be most knowledgeable on these topics.

(9)   Identify a person(s) knowledgeable about the company's policies, practices and systems of supervision and oversight concerning the company's interactions with clearance and settlement agencies or facilities, the DTCC, the Options Clearing Corporation, the Securities Industry Automation Corporation, depositories or any other trade clearance or settlement services with respect to the clearance and settlement of transactions, including transactions in TASER securities.

(10)  Identify any person who investigated whether the company was in compliance with securities laws—and, in particular (but not limited to), Regulation SHO—specifically with respect to TASER securities or derivatives.

(11)  Identify any person who investigated the company's trading, loaning, borrowing or other activity specifically with respect to TASER securities or derivatives.

For each of the above, if the answer is no one, please state so.

681177.1