EXHIBIT 7

# Elizabeth G. Eager

| | |
|---|---|
| **From:** | Elizabeth G. Eager |
| **Sent:** | Monday, October 18, 2010 10:38 AM |
| **To:** | 'Elias, Brad' |
| **Cc:** | Steven J. Rosenwasser |
| **Subject:** | TASER Follow up on to ML/ BAS 10-13 Phone Call |
| **Attachments:** | RE: Merrill Doc Production |

Brad,

I am emailing to follow up on our phone conversation from Friday. Below is a summary of our call. If you disagree with the summary in any way, please let us know.

On the call, we discussed the following:

### 26(f) and Merrill Pro
This is now the subject of separate email discussions.

### Updates from ML/ BAS
You updated us on the status of some items as to ML and BAS.
*Merrill's privilege log.* You indicated that this would likely be finished on Friday and that we would receive it either Friday or early next week.

*Document productions.* You indicated that you would be making two productions in connection with documents that you had initially withheld on the basis from privilege but later concluded they were not privileged. You asked whether we take the position that the protective order is still in place so that you can designate documents as highly confidential or confidential. Plaintiffs agree that under 28 USC 1450 the protective order is still in place. We noted, however, that to the extent we have to file documents with the Court, the Revised Case Instructions also control, and we have to follow those procedures as well. We agree that you can still produce documents with confidential and highly confidential documents pursuant to the Protective Order, but reserve the right to challenge any such designations.

**REDACTED**

1

**REDACTED**

*Seventh Interrogatories to ML and Goldman.* Your responses are due on Monday. We discussed your earlier statements that you would provide us the information we requested. However, you indicated that the joint defense group is taking the position that Plaintiffs are over the limit on interrogatories, but that you still intended to provide us the information sought in the interrogatories. You indicated you will send us the information informally. Plaintiffs expressed concern that without a formal response we may have trouble getting this information into evidence. You responded that we should wait to see what you sent us. Then, you would discuss with us ways to get it into evidence.

**REDACTED**

**BAS Open Issues**
*30b6 Deposition Date.* You indicated this would likely be the second week in November. You are trying to schedule it consecutive to the Tranfaglia deposition and that you would be presenting two witnesses. You have not been able to confirm the dates because one of the witnesses has been on vacation. You will get back to us.

**REDACTED**

*Traders.* You indicated that for BAS we are at an impasse at this point. You expressed the point of view that searching for the hedge funds Plaintiffs identified would be burdensome and that Plaintiffs had not identified suspicious trades. We responded that we identified suspicious trades in our interrogatory responses. You stated that you took the BAS suspicious trades we identified to business people. They looked at the information and do not believe those trades are suspicious.

You gave us an example of a Pinnacle trade. You explained that Pinnacle did not create an artificial long but that they were originally long. They then decided to transfer to a cheaper to maintain artifical long and sold their actual long position. I understand that Plaintiffs have identified two Pinnacle transactions in our interrogatory responses. Can you please let us know for which transaction this explanation applies? Additionally, to the extent, you have information that "explains" transactions identified in Plaintiffs' interrogatory responses, we are always happy to discuss.

You indicated that for hedge funds you were willing to produce ESI for hedge funds "like Hazan." Plaintiffs explained that we have given you a list of hedge funds for which we think the production of ESI is appropriate. You appear to be willing to produce ESI for some and not for others. We suggested you look at the lists we created for BAS and ML and make us a proposal on what you would be willing to do. We can then negotiated from there. You indicated you will get back to us.

*Privilege Log.* Produced.

**REDACTED**

ML Open Issues

**REDACTED**

Liz