EXHIBIT 10

# Elizabeth G. Eager

**From:** Elizabeth G. Eager
**Sent:** Friday, June 11, 2010 3:19 PM
**To:** 'Wise, Jr., Robert F.'; 'Aoyagi, Melissa T.'
**Cc:** Steven J. Rosenwasser
**Subject:** Morgan Stanley June 10 Phone Call Follow Up

Bob and Melissa,

I am emailing to follow up on our telephone call of yesterday. This email is to serve as a summary of our discussion. Please let us know if you disagree with the substance of our summary.

On the phone we described the following topics: (1) Traders; (2) Data questions; (3) 3rd interrogatories and 4th Requests for Production; (4) 30b6 Deposition Notice regarding investigations and inquiries; (5) Amended Second Interrogatory response; (6) Evaluations; (7) Requests for Admissions; (8) Profit and Loss Data; (9) Position documents; (10) Lobbyists; (11) 30b6 on ESI.

## *(1) TRADERS*

Plaintiffs have identified certain numbers and asked you to identify the traders associated with those codes. You say the codes we have identified are tied to systems and/or trading desks. We asked you to provide us more information about the systems and desks that are associated with the trading desks to see if we can get you more information to identify the traders we are interested in. You agreed.

You stated that there would be traders at the NASDAQ trading desk and at proprietary trading desks who handled TASER trades. You agreed to use reasonable efforts to identify those traders.

For the proprietary trading desks, there are two types of prop traders: (1) algorithmic/ quant traders and (2) stock pickers. You indicated that most proprietary traders do trading through individual accounts that are tied to the specific proprietary trader. You agreed to use reasonable efforts to identify those traders.

You indicated that algorithmic/ quant traders are unlikely to have responsive ESI because the trades they make are based on computer formulas that look at market data, not at specific stocks. Steven explained that Plaintiffs have seen instances where algorithmic/ quant traders violated Regulation SHO because, among other things, they failed to use locates. Plaintiffs request that you identify these traders. Steven explained we can still negotiate on keywords and limit the time frame based on when the traders were engage in TASER transactions.

For the second group of prop traders who you described as "stock pickers," you are working on identifying the proprietary traders who traded in TASER accounts. Plaintiffs request you identify these traders.

## *(2) DATA QUESTIONS*
You will give us written answers on these questions. We specifically addressed issues related to MSSI and blue sheets/ trade runs for listed options.

## *(3) THIRD INTERROGATORIES/ FOURTH REQUESTS FOR PRODUCTION*
You object to identifying all individuals involved in the investigations or inquiries. Steven explained that the interrogatory does not ask you to identify every individual who ever worked on an investigation or inquiry. Your obligation is instead to identify those who "actively participated." We are not asking you to identify individuals who were only tangentially involved. We agreed to address this issue in conjunction with the 30b6 notice on investigations (see below).

1

We requested that you please go through our notice and inform us of those topics and subtopics you object to, partially object to and consent to. You agreed that you would do this and would get us a response by next Friday. We agreed to postpone the deposition while we conferred in good faith. Though, we reserved the right to provide a new date for the deposition at any time (though, providing you with the same period of time you had between yesterday and the original deposition date).

*(4) AMENDED SECOND INTERROGATORIES*

**REDACTED**

*(5) EVALUATION DOCUMENTS*
We will discuss this issue on a group call.

*(6) SECOND & THIRD REQUESTS FOR ADMISSIONS*

**REDACTED**

*(7) PROFIT & LOSS DATA*

**REDACTED**

*(8) DEFENDANTS' POSITION DOCUMENTS*

2

We sent an email on this earlier today.

*(9) LOBBYING*

**REDACTED**

*(10) 30b6 ON ROLLING PRODUCTION*
You explained that your response to Plaintiffs' motion is due on July 2 and that the deposition is currently scheduled for July 15. Plaintiffs indicated that if you move for a protective order between July 2 and July 15, we will not take the position that you should have moved for a protective order in the time between being served with the deposition notice and July 2. If you do move for a protective order in July, Plaintiffs will cooperate in trying to schedule an emergency hearing, but we will not postpone the deposition for a hearing.

Thanks,
Liz