EXHIBIT

16

# Elizabeth G. Eager

| | |
|---|---|
| From: | Elizabeth G. Eager |
| Sent: | Friday, August 20, 2010 12:25 PM |
| To: | 'Elias, Brad' |
| Cc: | Steven J. Rosenwasser |
| Subject: | TASER BAS/ Merrill Lynch Follow Up to 8-19 Phone Call |
| Attachments: | GSE_T 01459847.pdf; 8-20-2010 - Proposed BAS 30(b)(6) Deposition Topics (2) (2).doc.doc; 30b6 follow up |

Brad,

I am emailing to follow up on our phone call from yesterday. During the call, we discussed various issues related to BAS and Merrill Lynch. Please let us know if you disagree with our summary in any way.

On the call we discussed the 30b6 notices served on BAS and Merrill Lynch, open issues with each Defendant, and BAS's Requests for Admissions.

**BAS's 30b6 Notice**
Our discussion centered around the proposed deposition topics that Plaintiffs sent you on August 9.

Plaintiffs agreed that footnote 1 would include Topic 6. We also agreed that the language of footnote 1 would change to "For Topic Nos. 1, 2 and 6. Plaintiffs and BAS agree that if BAS concludes it has no position on the applicable issue, it may so testify."

BAS agreed to the addition of NASD to topic 7.

Topics 8, 9, and 10 contemplate certifications. You will get back to us on this issue and indicated we might need to discuss alternate language. You indicated that this particular issue is taking longer because the client representative has been out of the office. Plaintiffs look forward to hearing from you on these issues.

Topic 11: The parties agreed to remove the word "first."

Topic 14: The parties at an impasse on this topic. BAS stands on its objections to this topic. Plaintiffs will not withdraw this deposition topic. For now, we agreed to try and finalize all other items and then see how to address this issue in light of the Special Master appointment.

Footnote 2: You requested that Plaintiffs remove language stating "The witness will also not be required to provide the date on which any specific system transferred from a 'soft block' to a 'hard block.'" We indicated that this information is relevant, and asked that you please see whether it is reasonably available.

Topic 15: Brad we never discussed the certification language in Topic 15. Please get back to us as to whether you accept our earlier change.

I have attached a modified version of the August 9 document accepting or rejecting the previous changes based on our agreement. Any new language is entered in track changes. We will wait to hear back from you on the certification issue. The parties will then set a date for the deposition.

**Merrill 30b6**
Plaintiffs sent Skadden an email on the 30b6 deposition on June 21. I have attached a copy of that email to this one for your reference (subject line "30b6 follow up"). You indicated that Merrill would be amending its response to the third interrogatories next week and be making a small production of additional documents.

1

You voiced the concern that the extent of Merrill's knowledge may be the information contained within the documents because key people are no longer with the company. We indicated that if ML's answer is that it has no position, than that is its answer (so long as a reasonable search under the rules was conducted). The parties agreed to proceed as follows: Plaintiffs will review the list of investigations in light of the amended discovery responses and document production from next week. We will then let you know which investigations (or parts thereof) we are interested in. At the same time, Merrill will review the subtopics under Topic 1 in the deposition notice and provide any objections. We may end up using the same agreed upon topics as for BAS.

You also agreed to look at the remaining topics on the notice and provide any objections.

Plaintiffs note that this deposition notice is nearly four months old. We ask that you please provide all objections by the end of next week as this process is taking too long.

**Threshold Security Investigation**

**REDACTED**

**BAS Open Issues**

**REDACTED**

(4) Traders. You indicated that BAS had two prop trading desks: quant arbitrage and index arbitrage. For the hedge funds Plaintiffs identified you asked why they are relevant. Plaintiffs explained that some of this information is in our interrogatories. Moreover, you are reversing the order of discovery. Plaintiffs are seeking documents from traders to identify illegal activities but you are making us identify which trades we think are illegal in order to get the very documents we need. Plaintiffs reiterated our position that Defendants engaged in a complicated scheme of movements of positions to engage in abusive naked short selling. You will look into the logistics of responding.

You also indicated that BAS may not be able to identify traders because BAS sold its prime brokerage business so the traders are no longer its employee. Moreover, hedge funds may have simply entered their orders automatically through the DMA system. While Plaintiffs understand your position, we still request you identify the traders responsible for the hedge funds.

After our phone call, you sent Plaintiffs an email, asking whether all of the hedge funds we identified were customers of BAS. It is Plaintiffs understanding that all of the hedge funds identified are BAS clients except for: Cutler, SBA and Hazan. Plaintiffs understand that BAS Branch 774 engaged in transactions with Merrill Lynch that are related to Cutler accounts. We agree to withdraw our request for SBA and Hazan at this time, but we reserve the right to request a search later if we have information showing that BAS engaged in transactions associated with these hedge funds.

**Merrill Lynch Open Issues**

REDACTED

**BAS's RFAs**
Plaintiffs indicated that for many of the requests are objections are based on the fact that we do not have a full stock record. Until Plaintiffs receive a complete stock record, they cannot provide a response to most of the requests for admission. You indicated that you generally agreed with that position. You asked Plaintiffs about the basis for our denial (i.e., whether it was substantive or based upon an objection for the following requests):

For Requests 1-4, Plaintiffs are not relying on an objection. Instead, our denial is substantive.

For Request 9, Plaintiffs are relying on the objection that we have not received complete records from the DTCC necessary to answer the question. At this point, Plaintiffs have weekly record from the DTCC showing BAS's stock holdings. We do not have at this time records showing BAS's holdings on the record date. Until we receive daily positions, Plaintiffs cannot answer the question. Plaintiffs indicate that upon receiving such records, we will supplement our answer as needed.

For Request 17, Plaintiffs objected because we do not have the stock record, because we have subpoenaed and are waiting on additional records related to ex-clearing and broker-to-broker data, and because this is an issue for expert testimony. This topic is an issue for expert testimony because of the complex share movements.

For Request 41, Plaintiffs objected because it calls for expert testimony.

3

Have a good vacation, and we look forward to hearing from you after your return from Maine.

Thanks,
Liz