# EXHIBIT  I

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

TASER INTERNATIONAL, INC., DAVID and
NATALIE BATCHELOR, DR. THOMAS and
JUDITH COLLENTINE, CHARLES and
SANDRA FAIRES, MASAJI and KELLY
KELLEY, STEPHEN and PATRICIA
LISENBY, RICHARD and CONSTANCE
ALMEROTH, JAMES BAKER, JR., ROBERT
BAKER, WILLIAM BURNSIDE, DAVID
EVERETT, KELLIE BURNSIDE, HELEN
BURNSIDE, ESTATE OF JAMES
CONNELLY, DOROTHY CONNELLY,
JAMES L. DUNAGIN, JR. TTEE
SOUTHEAST EYE SURGERY CLINIC, INC.,
EMPLOYEE PSP, JAMES and EMILY
DUNAGIN, RICHARD C. HASKELL, SUSAN
HASKELL, RICHARD C. and AMY
HASKELL, JR., MARY RICHARDSON,
PAMELA LEWIS, JANE MAJ, ROZALIA
MAJ, CRAIG MILLER, MARGARET ROCHE,
CHET SCOTT, JOHN SCOTT, PAULA
SCOTT, PETER and MICHELLE SCOTT,
MARY ROSE STUCKER, DAVID and ANNE
ZEBER, and MICHAEL BOYER,

       Plaintiffs,

v.

MORGAN STANLEY & CO., INC.,
GOLDMAN SACHS GROUP, INC., BEAR
STEARNS CAPITAL MARKETS, INC., BEAR
STEARNS & CO., INC., THE BEAR
STEARNS COMPANIES, INC., MERRILL
LYNCH, PIERCE, FENNER & SMITH, INC.,
DEUTSCHE BANK SECURITIES, LLC,
CREDIT SUISSE USA, INC., BANC OF
AMERICA SECURITIES, LLC and UBS
SECURITIES, LLC

       Defendants.

Civil Case No.
2008-EV-004739-B

**DEFENDANT BANC OF AMERICA
SECURITIES LLC's RESPONSE TO
PLAINTIFFS' FIRST REQUESTS
FOR PRODUCTION OF
DOCUMENTS**

Defendant Banc of America Securities LLC ("BAS"), hereby provides these objections and responses to Plaintiffs' First Request for Production of Documents to Each Defendant pursuant to the parties' September 9, 2008 and September 29, 2008 stipulations.  BAS agrees to meet and confer with Plaintiffs in an attempt to resolve Plaintiffs' disagreements, if any, with BAS's responses and objections.

## GENERAL OBJECTIONS

BAS hereby makes the following General Objections, which apply to each and every specific request for production of documents and are incorporated by reference into each and every response below as if set forth fully therein.  BAS's responses to specific requests are made subject to and without waiving these General Objections or any specific objections raised by BAS.  BAS has not repeated these objections in every response to improve readability.  Failure to reiterate a General Objection below does not constitute a waiver of that or any other objection. Any statements contained in this Response to Plaintiffs' First Request for Production of Documents regarding the future production of documents are contingent upon the Court's ruling on the pending motions filed on September 17, 2008 and shall not be read as a waiver of BAS's position regarding discovery.

1.     BAS objects to all Instructions, Definitions and Requests to the extent that they call for BAS to do more than is required under the Official Code of Georgia, the Uniform State Court Rules, and the Local Rules or other applicable law.

2.     BAS reserves all objections which may be available to it at any hearing or trial or on any motion to the use or admissibility of any information and/or documents provided, as well as the right to object to further discovery relating to the subject matter of any information and/or documents provided.

2

3.     BAS objects to each of the requests to the extent that it seeks information and/or documents protected from disclosure by the attorney-client privilege, the joint defense or common interest privilege, the work product doctrine, the accountant-client privilege, or any other legally recognized privilege, immunity, or exemption from discovery.  BAS will not produce documents containing such information or will produce such documents in redacted form.  BAS will provide a log in accordance with Rule 26 of the Federal Rules of Civil Procedure if documents are redacted or withheld because they are protected from disclosure.

4.     To the extent that BAS, pursuant to any request by Plaintiffs, provides information and/or documents that any party may later argue or claim is privileged, or that any party characterizes as privileged, it is understood that such provision does not constitute a waiver of the attorney-client privilege, the joint defense or common-interest privileged, the attorney work product doctrine, the accountant-client privilege or any other legally recognized privilege, immunity, or exemption from discovery with respect to the information and/or documents.  BAS reserves the right to request the return of any information.

5.     BAS objects to each request on the grounds that, taken on a whole and as written, the requests are overly broad, unduly burdensome, vague, and would purport to require the production of irrelevant documents and data for a six-year period.  BAS objects to the production of the requested data and documents absent an appropriate meet and confer process to narrow the scope of Plaintiffs' requests, establish a logical order for discovery and an appropriate allocation of the burdens of retrieving and collecting the substantial data sought.

6.     BAS objects to each request to the extent it purports to require BAS to seek documents in the possession of other persons or entities, including its outside counsel, or to create documents not presently in the possession, custody or control of BAS.  BAS further

objects to each document request to the extent that it requests documents that are in the public domain and are therefore equally available to all parties.  BAS will produce documents or information only to the extent that such documents or information are in the possession, custody, or control of BAS and are not publicly available or otherwise in the possession of Plaintiffs.

7.     BAS objects to each of Plaintiffs' requests to the extent it purports to seek documents for transactions in accounts other than prime brokerage or proprietary accounts.

8.     BAS's failure to object to any request on a particular ground or grounds shall not be construed as a waiver of its right to object on any additional ground(s).  BAS reserves the right at any time to revise, amend, supplement, correct, clarify, or add to its responses and objections to the requests or to revise, amend, supplement, correct, clarify, or add to any production of documents or information made pursuant to any request, consistent with further investigation and discovery.  BAS also reserves the right to use or rely on, at any time, subsequently discovered information or information omitted from these responses and objections as a result of mistake, error, oversight or inadvertence.

9.     BAS objects to each of the requests insofar as it purports to require BAS to create, generate, compile, or develop documents that do not currently exist.

10.     BAS objects to each of the requests to the extent it purports to seek documents that contain personal, private, confidential, proprietary, financial or commercial information. BAS will produce such documents only pursuant to an appropriate confidentiality stipulation and protective order.

11.     BAS objects to each of the requests to the extent it seeks to impose an obligation on BAS to conduct anything beyond a diligent search of files where responsive documents reasonably would be expected to be found.  Subject to the objections stated herein, whenever

4

BAS agrees to produce documents in response to a request, it will search for responsive documents from the readily accessible and centrally located files of individuals whom they reasonably believe may have responsive documents. Any requests that seek to require BAS to go beyond such a search are overbroad and unduly burdensome. BAS agrees to meet and confer with Plaintiffs concerning the scope of any search and the allocation of costs associated with such search.

12.     BAS objects to each of the requests to the extent it seeks to require BAS to search for and produce email and other electronic documents (e.g., Microsoft Word and Powerpoint documents, Excel spreadsheets, calendars, instant messages, etc.) beyond those that are readily accessible or centrally maintained. BAS further objects to the extent that the requests seek to require BAS to undertake a search for and the production of email and other electronic documents that would impose unreasonable costs and burdens and that would exceed BAS's obligations under the Official Code of Georgia. BAS also incorporates by reference into this objection paragraph 22 of its General Objections.

13.     BAS's responses and objections shall not be deemed to constitute a representation or admission that any particular document or thing exists, is relevant, non-privileged, or admissible in evidence; or that any statement or characterization in the Requests is accurate or complete. Rather, BAS's agreement to produce documents in response to any requests means only that responsive documents will be produced if they exist, can be located with reasonable diligence, and are not otherwise protected from disclosure.

14.     BAS objects to the definition of the term "communications" to the extent it seeks to impose obligations beyond those under the Official Code of Georgia.

15.     BAS objects to the definition of the term "Defendants" to the extent Plaintiffs employ the term to seek documents beyond BAS's possession, custody or control.

16.     BAS objects to the definition of the term "documents" to the extent it seeks to impose obligations beyond those under the Official Code of Georgia.

17.     BAS objects to the definition of "DTCC" as overbroad to the extent it seeks to define "DTCC" beyond The Depository Trust & Clearing Corporation, its officers, directors and employees.

18.     BAS objects to the definition of the terms "record," "reflect," "relate to," and "concern" to the extent they seek to impose obligations beyond those under the Official Code of Georgia.

19.     BAS objects to the definition of "Security" or "Securities" to the extent they define a security or securities as instruments other than common stock and objects to responding to any requests based upon this definition because instruments other than common stock are outside the scope of Plaintiffs' allegations.

20.     BAS objects to the Time Period of "January 1, 2002 to and through the present" and Instruction Number 4 on the grounds that they are overly broad, unduly burdensome, inconsistent with the relevant time periods encompassed by the Third Amended Complaint, and they seek irrelevant information, and therefore are not reasonably calculated to lead to the discovery of admissible evidence.  BAS also objects to the definition of "Time Period" and Instruction Number 4 to the extent they impose a continuing obligation to produce documents. Without waiving these objections, whenever BAS agrees to produce documents responsive to a request, BAS will produce responsive, non-privileged documents created during the time period January 1, 2004 (the earliest year in which Plaintiffs allege any wrongdoing in the Third

Amended Complaint) through May 27, 2008 (the date Plaintiffs commenced this action), and reserves the right to seek a narrower period, as appropriate, during the meet and confer process.

21.     BAS objects to Instruction No. 2 to the extent it purports to require BAS to identify the existence of documents not presently in its possession, custody or control.  BAS will respond to the requests in accordance with its obligations under the Official Code of Georgia.

22.     BAS objects to Instruction No. 3 on the grounds that it purports to require BAS to search through computer records or other electronic data storage media that are not readily accessible, manageable or searchable.  BAS also objects to this instruction on the grounds identified in paragraph 12 of its General Objections.  BAS is willing to meet and confer with Plaintiffs to establish the appropriate scope and parameters of any electronic search, including but not limited to establishing appropriate limitations on the custodians to be searched and an appropriate search protocol and allocation of the costs and burdens of retrieving and collecting such electronic data.  Until those issues have been resolved, BAS will not search for electronic documents that are not centrally maintained.  Absent such a meet and confer process, the requests would require BAS to undertake a search for and the production of email and other electronic documents that would impose unreasonable costs and burdens and that would exceed BAS's obligations under applicable law.

23.     BAS objects to Instruction No. 5 to the extent it purports to require BAS to provide information beyond Rule 26 of the Federal Rules of Civil Procedure.

## RESPONSES AND OBJECTIONS TO SPECIFIC REQUESTS

Request No. 1:

All Blotters (or other records of original entry) showing itemized daily record of purchase and sales of TASER securities, including:

        (a)     the account for which each such transaction was effectuated;

        (b)     the name and amount of securities;

        (c)     the unit and aggregate purchase or sale price;

        (d)     the trade date; and

        (e)     the name or other designation of the person from whom purchased or received or to whom sold or delivered.

*See* 17 C.F.R. 240.17a-3(a)(1).

**Response**:

BAS objects to this request on the grounds that it is overly broad and unduly burdensome because it seeks all blotters or other records of original entry and it is not limited to common stock transactions in prime brokerage or proprietary accounts, which are the transactions at issue in this action. BAS further objects to this request on the ground that it seeks personal or identifying information of its customers. Subject to and without waiving its specific and General Objections, BAS agrees to meet and confer with counsel for Plaintiffs, in good faith, to define a mutually acceptable set of data or documents, to the extent any exist, sufficient to show relevant and responsive transactional information concerning TASER common stock over a reasonable time frame, with the exception of customer names and/or identifying information.

Request No. 2:

A memorandum of each brokerage order, and of any other instruction given or received for the purchase or sale of TASER securities, whether executed or unexecuted, and showing:

        (a)     the terms and conditions of the order or instructions and of any modification or cancellation thereof;

8

(b)     the account for which entered;

(c)     the time the order was received;

(d)     the time of entry;

(e)     the price at which executed;

(f)     the identity of each associated person, if any, responsible for the account;

(g)     the identity of any other person who entered or accepted the order on behalf of the customer or, if a customer entered the order on an electronic system, a notation of that entry; and, to the extent feasible, the time of execution or cancellation.

*See* 17 C.F.R. 24.0.17a-3(a)(6).

**Response**:

BAS objects to this request on the grounds that it is overly broad and unduly burdensome because it seeks documents concerning all transactions for a six-year period and is not limited to common stock transactions for prime brokerage or proprietary accounts.  BAS also objects to this request on the ground that it is duplicative of the data sought in Request No. 1.  BAS further objects to this request to the extent it seeks personal or identifying information of its customers. Subject to and without waiving its specific and General Objections, BAS agrees to meet and confer with counsel for Plaintiffs, in good faith, to define a mutually acceptable set of data or documents, to the extent any exist, sufficient to show relevant and responsive transactional information concerning TASER common stock over a reasonable time frame, with the exception of customer names and/or identifying information.

Request No. 3:

A memorandum of each purchase and sale of TASER securities, for the account of the member, broker, or dealer showing the price and, to the extent feasible, the time of execution; and, in addition, where the purchase or sale is with a customer other than a broker or dealer, a memorandum of each order received, showing the time of receipt, the terms and conditions of the order and of any modification thereof, the account for which it was entered, the identity of each associated person, if any, responsible for the account, the identity of any other person who

9

entered or accepted the order on behalf of the customer or, if a customer entered the order on an electronic system, a notation of that entry. *See* 17 C.F.R. 240, 17a-3(a)(7).

**Response**:

BAS objects to this request on the grounds that it is overly broad and unduly burdensome because it seeks documents concerning all transactions for a six-year period and is not limited to common stock transactions for prime brokerage or proprietary accounts. BAS also objects to this request on the grounds that it is duplicative of the data sought in Request No. 1. BAS further objects to this request on the ground that it seeks confidential or proprietary information. Finally, BAS objects to this request to the extent it seeks personal or identifying information of its customers. Subject to and without waiving its specific and General Objections, BAS agrees to meet and confer with counsel for Plaintiffs, in good faith, to define a mutually acceptable set of data or documents, to the extent any exist, sufficient to show relevant and responsive transactional information concerning TASER common stock over a reasonable time frame, with the exception of customer names and/or identifying information.

**Request No. 4**:

Copies of confirmations of all purchase and sales of TASER securities, including all repurchase and repurchase agreements, and copies of notices of all other debits and credits for securities, cash and other items for the account of customers and partners of defendant. *See* 17 C.F.R. 240.17a-3(a)(8).

**Response**:

BAS objects to this request on the grounds that it is overly broad and unduly burdensome because it seeks documents that contain information duplicative of that sought by Request No. 1, seeks confirmations for all transactions for a six-year period, and is not limited to common stock transactions in prime brokerage or proprietary accounts. BAS also objects to this request on the ground that it seeks confidential or proprietary information. BAS further objects

to this request to the extent it seeks personal or identifying information of its customers. Subject to and without waiving its specific and General Objections, BAS agrees to meet and confer with counsel for Plaintiffs, in good faith, to define a mutually acceptable set of data or documents, to the extent any exist, sufficient to show relevant and responsive transactional information concerning TASER common stock over a reasonable time frame, with the exception of customer names and/or identifying information.

Request No. 5:

Time-sequenced records of each transaction relating to TASER securities effected through the internal broker-dealer system, including date and time executed, price, size, counterparty identification information and method of execution (if internal broker-dealer system allows alternative means or locations for execution, such as routing to another market, matching with limit orders or executing against the quotations of the broker or dealer sponsoring the system). *See* 17 C.F.R. 240.17a-3(a)(16)(i).

**Response**:

BAS objects to this request on the grounds that it is overly broad and unduly burdensome because it seeks documents concerning all transactions for a six-year period and is not limited to common stock transactions for prime brokerage or proprietary accounts. BAS also objects to this request on the ground that it is duplicative of the data sought by Request No. 1. BAS further objects to this request on the ground that it seeks confidential or proprietary information. Finally, BAS objects to this request to the extent it seeks personal or identifying information of its customers. Subject to and without waiving its specific and General Objections, BAS agrees to meet and confer with counsel for Plaintiffs, in good faith, to define a mutually acceptable set of data or documents, to the extent any exist, sufficient to show relevant and responsive transactional information concerning TASER common stock over a reasonable time frame, with the exception of customer names and/or identifying information.

Request No. 6:

All ledger accounts (or other records) reflecting TASER securities in transfer. *See* 17 C.F.R. 240.17a-3(a)(4)(i).

**Response**:

BAS objects to this request on the grounds that it seeks disclosure of information not relevant to the claims or defenses of any party and/or not reasonably calculated to lead to the discovery of admissible evidence. BAS also objects to this request on the grounds that it is overly broad and unduly burdensome because it seeks all documents for a six-year period reflecting TASER securities in transfer. BAS further objects to this request on the ground that it seeks confidential or proprietary information. Finally, BAS objects to this request to the extent it seeks personal or identifying information of its customers. Subject to and without waiving its specific and General Objections, BAS agrees to meet and confer with counsel for Plaintiffs, in good faith, to define a mutually acceptable set of data or documents, to the extent any exist, sufficient to show relevant and responsive transactional information concerning TASER common stock over a reasonable time frame, with the exception of customer names and/or identifying information.

Request No. 7:

All ledger accounts (or other records) reflecting TASER securities borrowed and TASER securities loaned. *See* 17 C.F.R. 240.17a-3(a)(4)(iii).

**Response**:

BAS objects to this request on the grounds that it is overly broad and unduly burdensome because it seeks all ledger accounts or other records for a six-year period. BAS also objects to this request on the grounds that it seeks confidential or proprietary information. BAS further objects to this request to the extent it seeks personal or identifying information of its customers.

12

Subject to and without waiving its specific and General Objections, BAS agrees to meet and

confer with counsel for Plaintiffs, in good faith, to define a mutually acceptable set of data or

documents, to the extent any exist, sufficient to show relevant and responsive transactional

information concerning TASER common stock over a reasonable time frame, with the exception

of customer names and/or identifying information.

Request No. 8:

All ledger accounts (or other records) reflecting moneys borrowed and moneys loaned (together
with a record of collateral therefore and any substitutions in such collateral) relating to loans
made using TASER securities as collateral. *See* 17 C.F.R. 240a-3(a)(4)(iv).

**Response**:

BAS objects to this request on the grounds that it is overly broad and unduly burdensome

because it seeks documents concerning all transactions for a six-year period and is not limited to

common stock transactions for prime brokerage or proprietary accounts.  BAS also objects to

this request on the ground that it seeks confidential or proprietary information.  BAS further

objects to this request to the extent it seeks personal or identifying information of its customers.

Subject to and without waiving its specific and General Objections, BAS agrees to meet and

confer with counsel for Plaintiffs, in good faith, to define a mutually acceptable set of data or

documents, to the extent any exist, sufficient to show relevant and responsive transactional

information concerning TASER common stock over a reasonable time frame, with the exception

of customer names and/or identifying information.

Request No. 9:

A securities record or ledger reflecting separately for each TASER security as of the clearance
dates all long or short positions (including securities in safekeeping and securities that are
subjects of repurchase or reverse repurchase agreements) carried by defendant for its account or
for the account of its customers or partners or others and showing the location of all securities
long and the offsetting position to all securities short, including long security count differences

and short security count differences classified by the date of the physical count and verification in which they were discovered, and in all cases the name or designation of the account in which each position is carried. *See* 17 C.F.R. 240.17a-3(a)(5).

**Response**:

      BAS objects to this request on the grounds that it is overly broad and unduly burdensome because it seeks documents concerning all positions for a six-year period and is not limited to common stock positions in prime brokerage or proprietary accounts. BAS also objects to this request on the grounds that the phrase "or partners or others" is vague and ambiguous. BAS further objects to this request on the ground that it seeks confidential or proprietary information. Finally, BAS objects to this request to the extent it seeks personal or identifying information of its customers. Subject to and without waiving its specific and General Objections, BAS agrees to meet and confer with counsel for Plaintiffs, in good faith, to define a mutually acceptable set of data or documents, to the extent any exist, sufficient to show relevant and responsive transactional information concerning TASER common stock over a reasonable time frame, with the exception of customer names and/or identifying information.

Request No. 10:

For each customer or partner of defendant, as well as for each defendant, all ledgers accounts (or other records) itemized separately of all purchases, sales, receipts and deliveries of TASER securities for such account. *See* 17 C.F.R. 240-17a-3(a)(3).

**Response**:

      BAS objects to this request on the grounds that it is overly broad and unduly burdensome because it seeks documents for all transactions for a six-year period, is duplicative of other requests, and is not limited to prime brokerage or proprietary transactions. BAS also objects to this request on the grounds that the phrase "or partner of defendant" is vague and ambiguous. BAS further objects to this request on the ground that it seeks confidential or proprietary

information.  Finally, BAS objects to this request to the extent it seeks personal or identifying

information of its customers.  Subject to and without waiving its specific and General

Objections, BAS agrees to meet and confer with counsel for Plaintiffs, in good faith, to define a

mutually acceptable set of data or documents, to the extent any exist, sufficient to show relevant

and responsive transactional information concerning TASER common stock over a reasonable

time frame, with the exception of customer names and/or identifying information.


Request No. 11:

A record in respect of each margin account from which has been pledged or otherwise loaned
TASER securities, indicating the name and address of the beneficial owner of the account and
the signature of such owner.  *See* 17 C.F.R. 240.17a-3(a)(9)(iii).

**Response**:

BAS objects to this request on the grounds that it seeks documents or information not

relevant to the claims or defenses of any party and/or not reasonably calculated to lead to the

discovery of admissible evidence.  BAS also objects to this request on the ground that it seeks

personal or identifying information of its customers.  BAS further objects to this request on the

grounds that it is overly broad and unduly burdensome because it seeks documents concerning

all accounts for a six-year period and is not limited to prime brokerage or proprietary accounts.

Subject to and without waiving its specific and General Objections, BAS agrees to meet and

confer with counsel for Plaintiffs, in good faith, to define a mutually acceptable set of data or

documents, to the extent any exist, sufficient to show relevant and responsive transactional

information concerning TASER common stock over a reasonable time frame, with the exception

of customer names and/or identifying information.

Request No. 12:

A record of all puts, calls, spreads, straddles and other options relating to TASER securities in which a defendant has any direct or indirect interest or which a defendant has granted or guaranteed. The record shall include, at a minimum, an identification of the security and the number of units involved. *See* 17 C.F.R. 240.17a-3(a)(10).

**Response**:

BAS objects to this request on the grounds that it seeks documents or information not

relevant to the claims or defenses of any party and/or not reasonably calculated to lead to the

discovery of admissible evidence because it seeks documents pertaining to transactions in

instruments other than common stock. BAS further objects to this request on the grounds that it

is overly broad and unduly burdensome because it seeks documents pertaining to all transactions

for a six-year period and is not limited to transactions for prime brokerage or proprietary

accounts. Subject to and without waiving its specific and General Objections, BAS agrees to

meet and confer with counsel for Plaintiffs, in good faith, to define a mutually acceptable set of

data or documents, to the extent any exist, sufficient to show relevant and responsive

transactional information concerning TASER common stock over a reasonable time frame, with

the exception of customer names and/or identifying information.

Request No. 13:

A record of all eligible OTC derivative instruments (as defined in Rule 3b-13), relating to TASER securities, in which the OTC derivatives dealer has any direct or indirect interest or which it has written or guaranteed. The record shall contain, at a minimum, an identification of the security or other instrument, the number of units involved and the identity of the counterparty. *See* 17 C.F.R. 240.17a-3(a)(10).

**Response**:

BAS objects to this request on the grounds that it seeks documents or information not

relevant to the claims or defenses of any party and/or not reasonably calculated to lead to the

discovery of admissible evidence because it seeks documents pertaining to transactions other

than the purchase or sale of common stock. BAS further objects to this request on the grounds

that it is overly broad and unduly burdensome because it seeks documents pertaining to all

transactions for a six-year period and is not limited to transactions in prime brokerage or

proprietary accounts. Subject to and without waiving its specific and General Objections, BAS

agrees to meet and confer with counsel for Plaintiffs, in good faith, to define a mutually

acceptable set of data or documents, to the extent any exist, sufficient to show relevant and

responsive transactional information concerning TASER common stock over a reasonable time

frame, with the exception of customer names and/or identifying information.

Request No. 14:

All blotters (or other records of original entry) showing all receipts and deliveries of TASER
securities (including certificate numbers), including the account for which each such transaction
was effected, the name and amount of securities, the unit and aggregate purchase or sale price,
the trade date, and the name or other designation of the person from whom purchased or received
or to whom sold or delivered. *See* 17 C.F.R. 240.17a-3(a)(1).

**Response**:

BAS objects to this request on the grounds that it is overly broad and unduly burdensome

because it seeks documents pertaining to all transactions for a six-year period, which would

require significant man-hours to prepare, is duplicative of other requests, and is not limited to

common stock transactions in prime brokerage or proprietary accounts. BAS further objects to

this request on the ground that it seeks confidential personal or identifying information of its

customers. Subject to and without waiving its specific and General Objections, BAS agrees to

meet and confer with counsel for Plaintiffs, in good faith, to define a mutually acceptable set of

data or documents, to the extent any exist, sufficient to show relevant and responsive

transactional information concerning TASER common stock over a reasonable time frame, with

the exception of customer names and/or identifying information.

17

Request No. 15:

All blotters (or other records of original entry) showing all receipts of cash and all other debits and credits related to TASER securities, including the account for which each such transaction was effected, the name and amount of securities, the unit and aggregate purchase or sale price, the trade date, and the name or other designation of the person from whom purchased or received or to whom sold or delivered. *See* 17 C.F.R. 240.17a-3(a)(1).

**Response**:

BAS objects to this request on the grounds that it is overly broad and unduly burdensome because it seeks documents concerning all transactions for a six-year period and is not limited to common stock transactions for prime brokerage or proprietary accounts.  BAS further objects to this request on the grounds that it seeks confidential personal or identifying information of its customers.  Subject to and without waiving its specific and General Objections, BAS agrees to meet and confer with counsel for Plaintiffs, in good faith, to define a mutually acceptable set of data or documents, to the extent any exist, sufficient to show relevant and responsive transactional information concerning TASER common stock over a reasonable time frame, with the exception of customer names and/or identifying information.

Request No. 16:

All data dictionaries, legends or other documents necessary to read and understand any databases or other electronic data produced in response to these or any other document Requests.

**Response**:

BAS objects to this request to the extent it purports to require BAS to create or generate documents that do not currently exist.  Subject to and without waiving its specific and General Objections, BAS will produce, as provided by stipulation or at such other time as may be permitted by the Court, documents sufficient to explain any databases produced by BAS to the extent such documents or information exist.

18

Request No. 17:

All documents discussing or referencing short sales of TASER securities.

**Response:**

      BAS objects to this request on the grounds that it is overly broad and unduly burdensome because it requests all documents discussing or referencing short sales of TASER securities and, as drafted, would require a search for electronic communications and other documents of an undefined large number of individuals. Additionally, this request also is overly broad and unduly burdensome because it is duplicative of Request No. 1, seeks information about all transactions for a six-year period, and is not limited to common stock transactions in prime brokerage or proprietary accounts. BAS also objects to this request on the ground that it seeks confidential or proprietary information. BAS further objects to the request to the extent it seeks information subject to the attorney-client privilege, attorney work product doctrine or any other applicable privilege. Subject to and without waiving its specific and General Objections, BAS refers to the documents responsive to Request No. 1 in response to this request.

Request No. 18:

All documents discussing or referencing the amount of short interest in TASER securities.

**Response:**

      BAS objects to this request on the grounds that it is overly broad and unduly burdensome because it requests all documents discussing or referencing the short interest in TASER securities and, as drafted, would require a search for electronic communications and other documents of an undefined large number of individuals. BAS also objects to this request on the grounds that it is vague and ambiguous because the phrase "the short interest in TASER securities" is not defined. BAS further objects to the request to the extent it seeks information

subject to the attorney-client privilege, attorney work product doctrine or any other applicable privilege. Subject to and without waiving its specific and General Objections, BAS will produce, as provided by stipulation or at such other time as may be permitted by the Court, the short interest reports that it has provided to NASDAQ concerning short sales of TASER securities for a reasonable time period.

Request No. 19:

All documents discussing or referencing the availability of TASER securities.

**Response**:

BAS objects to this request on the grounds that it is overly broad and unduly burdensome because it requests all documents discussing or referencing the availability of TASER securities is duplicative of other requests, and, as drafted, would require a search for electronic communications and other documents of an undefined large number of individuals. Additionally, this request is overly broad and unduly burdensome because it seeks information about the availability of TASER securities for a six-year period. BAS also objects to this request on the grounds that it is vague and ambiguous because the phrase "the availability of TASER securities" is not defined. BAS further objects to this request on the grounds that it seeks confidential or proprietary information. Finally, BAS objects to the request to the extent it seeks information subject to the attorney-client privilege, attorney work product doctrine or any other applicable privilege. Subject to and without waiving its specific and General Objections, BAS will produce, as provided by stipulation or at such other time as may be permitted by this Court, non-privileged documents or information from its centralized stock loan system concerning the availability of TASER common stock for a reasonable time period, such as the dates that TASER common stock was on the good to borrow list or equivalent list.

Request No. 20:

All documents discussing or referencing the borrowing or loaning of TASER securities.

**Response**:

BAS objects to this request on the grounds that it is overly broad and unduly burdensome because it requests all documents for a six-year period discussing or referencing the borrowing of TASER securities, is duplicative of other requests, and, as drafted, would require a search for electronic communications and other documents of an undefined large number of individuals. BAS also objects to this request on the grounds that it seeks confidential or proprietary information. BAS further objects to the request to the extent it seeks personal or identifying information about its customers. Finally, BAS objects to the request to the extent it seeks information subject to the attorney-client privilege, attorney work product doctrine or any other applicable privilege. Subject to and without waiving its specific and General Objections, BAS will produce, as provided by stipulation or at such other time as may be permitted by the Court, non-privileged documents or information from its centralized stock loan system sufficient to show borrowing or loan activity for TASER common stock for a reasonable time period.

Request No. 21:

All documents discussing or referencing the delivery, or failure to deliver, of TASER securities.

**Response**:

BAS objects to this request on the grounds that it is overly broad and unduly burdensome because it requests all documents for a six-year period discussing or referencing the delivery, or failure to deliver TASER securities and, as drafted, would require a search for electronic communications and other documents of an undefined large number of individuals. Additionally, this request is overly broad and unduly burdensome because it seeks information

about all transactions for a six-year period and is not limited to prime brokerage or proprietary transactions. BAS also objects to this request on the ground that it seeks confidential or proprietary information. BAS further objects to this request to the extent it seeks personal or identifying information of its customers. Finally, BAS objects to the request to the extent it seeks information subject to the attorney-client privilege, attorney work product doctrine or any other applicable privilege. Subject to and without waiving its specific and General Objections, BAS will produce, as provided by stipulation or at such other time as may be permitted by the Court, non-privileged documents sufficient to show the delivery or failure to deliver of TASER common stock within the CNS system for a reasonable time period, such as the CNS Accounting Summaries, CNS Fail Reports, daily stock records, or daily stock position data.

Request No. 22:

All documents discussing or referencing the impact, effect or result of failing to deliver TASER securities by the settlement date.

**Response**:

BAS objects to this request on the grounds that it is overly broad and unduly burdensome because it requests all documents discussing or referencing the impact, effect or result of failing to deliver TASER securities for a six-year period is not limited to common stock transactions in prime brokerage or proprietary accounts, and is duplicative of other requests. BAS also objects to this request on the grounds that the phrase "the impact, effect or result of failing to deliver TASER Securities by the settlement date" is vague and ambiguous. BAS further objects to the request to the extent it seeks information subject to the attorney-client privilege, attorney work product doctrine or any other applicable privilege. Subject to and without waiving its specific and General Objections, BAS agrees to meet and confer with counsel for Plaintiffs, in good faith,

22

to determine what non-privileged responsive documents, if any, sought by Plaintiffs could be produced by BAS in response to this request.

<u>Request No. 23</u>:

All documents discussing or referencing the amount of profit made or money lost through the short sale (either directly for proprietary accounts or indirectly for customers or partners) of TASER securities.

**Response**:

BAS objects to this request on the grounds that it seeks documents or information not relevant to the claims or defenses of any party and/or not reasonably calculated to lead to the discovery of admissible evidence. BAS also objects to this request on the grounds that it is overly broad and unduly burdensome because it seeks all documents for a six-year period, is not limited to common stock transactions in prime brokerage or proprietary accounts, and appears to request, at a minimum, the account statements, confirmations, and all other trading records for every account that engaged in short sales of TASER, which involves the review of several hundred accounts. BAS further objects to this request on the grounds that it seeks confidential or proprietary information and/or the personal or identifying information of its customers. Subject to and without waiving its specific and General Objections, BAS BAS agrees to meet and confer with counsel for Plaintiffs, in good faith, to determine what non-privileged responsive documents, if any, sought by Plaintiffs could be produced by BAS in response to this request.

<u>Request No. 24</u>:

All documents discussing or referencing the amount of revenues and/or profits received in connection with borrowing or loaning TASER securities.

**Response**:

BAS objects to this request on the grounds that it seeks documents or information not relevant to the claims or defenses of any party and/or not reasonably calculated to lead to the discovery of admissible evidence. BAS also objects to this request on the grounds that it is overly broad and unduly burdensome because it seeks all documents for a six-year period. BAS further objects to this request on the grounds that it seeks confidential or proprietary information. Subject to and without waiving its specific and General Objections, BAS is willing to meet and confer with counsel for Plaintiffs, in good faith, to determine what non-privileged responsive documents, if any, sought by Plaintiffs could be produced by BAS in response to this request.

Request No. 25:

All documents, including emails, discussing whether you are in compliance with (or in violation of) all laws, rules and regulations regarding short selling, including, but not limited to, whether you are in compliance with (or in violation of) short selling laws, rules and regulations with respect to TASER securities.

**Response**:

BAS objects to this request on the grounds that it seeks documents or information not relevant to the claims or defenses of any party and/or not reasonably calculated to lead to the discovery of admissible evidence because it is not limited to transactions involving TASER securities. BAS also objects to this request on the grounds that it is overly broad and unduly burdensome because it seeks all documents for a six-year period regarding short sale compliance. BAS further objects to the request to the extent it seeks information subject to the attorney-client privilege, attorney work product doctrine or any other applicable privilege. Subject to and without waiving its specific and General Objections, BAS agrees to meet and confer with counsel for Plaintiffs, in good faith, to determine what non-privileged responsive documents, if any, sought by Plaintiffs could be produced by BAS in response to this request.

Request No. 26:

All documents, including emails, discussing whether you are in compliance with Regulation SHO with respect to TASER securities.

**Response**:

BAS objects to this request on the grounds that it is overly broad and unduly burdensome because it seeks all documents for a six-year period. BAS further objects to the request to the extent it seeks information subject to the attorney-client privilege, attorney work product doctrine or any other applicable privilege. Subject to and without waiving its specific and General Objections, BAS agrees to meet and confer with counsel for Plaintiffs, in good faith, to determine what non-privileged responsive documents, if any, sought by Plaintiffs could be produced by BAS in response to this request..

Request No. 27:

All documents, including emails, sent or received from any of the defendants discussing TASER securities, including, but not limited to, the delivery of TASER securities or the short sale of TASER securities.

**Response**:

BAS objects to this request on the grounds that it is overly broad and unduly burdensome because it seeks all documents for a six-year period discussing TASER securities, which appears to include every document that mentions TASER securities and, as drafted, conceivably requires the search of every employee's electronic communications and other documents. Additionally, the request is overly broad and unduly burdensome because it is not limited to prime brokerage or proprietary accounts or transactions and is duplicative of other requests. BAS further objects to the request to the extent it seeks information subject to the attorney-client privilege, attorney work product doctrine or any other applicable privilege. Subject to and without waiving its specific and General Objections, BAS agrees to meet and confer with counsel for Plaintiffs, in

good faith, to determine what non-privileged responsive documents, if any, sought by Plaintiffs

could be produced by BAS in response to this request.

Request No. 28:

All correspondence to and from the DTCC (including its subsidiaries and affiliates such as the
NSCC) relating to or discussing TASER securities.

**Response**:

      BAS objects to this request on the grounds that it seeks documents or information not

relevant to the claims or defenses of any party and/or not reasonably calculated to lead to the

discovery of admissible evidence because it seeks all correspondence and is not limited to the

specific claims in this litigation.  BAS also objects to this request to the extent it seeks

documents that are not within BAS's knowledge, possession, custody, or control.  BAS further

objects to this request on the grounds that it is overly broad and unduly burdensome because it

seeks all documents for a six-year period.  Subject to and without waiving its specific and

General Objections, BAS agrees to meet and confer with counsel for Plaintiffs, in good faith, to

determine what non-privileged responsive documents, if any, sought by Plaintiffs could be

produced by BAS in response to this request.

Request No. 29:

All documents or data reflecting the number of TASER securities you loaned during the Time
Period.

**Response**:

      BAS objects to this request on the grounds that it is overly broad and unduly burdensome

because it seeks all documents for a seven-year period and is duplicative of other requests.  BAS

further objects to this request on the grounds that it seeks confidential or proprietary information.

Subject to and without waiving its specific and General Objections, BAS will produce, as

provided by stipulation or at such other time as may be permitted by the Court, non-privileged

documents sufficient to show the number of shares of TASER common stock BAS loaned for a

reasonable time period in BAS's possession, custody, and control which BAS has been able to

locate after a reasonably diligent search.

Request No. 30:

All documents and data reflecting the number of TASER securities you borrowed during Time
Period.

**Response**:

BAS objects to this request on the grounds that it is overly broad and unduly burdensome

because it seeks all documents for a seven-year period and is duplicative of other requests. BAS

further objects to this request on the grounds that it seeks confidential or proprietary information.

Subject to and without waiving its specific and General Objections, BAS will produce, as

provided by stipulation or at such other time as may be permitted by the Court, non-privileged

documents sufficient to show the number of shares of TASER common stock BAS borrowed for

a reasonable time period in BAS's possession, custody, and control which BAS has been able to

locate after a reasonably diligent search.

Request No. 31:

All documents and data discussing and/or reflecting the amount of fees, costs, interest and/or
commissions you charged for the borrowing or loaning of TASER securities.

**Response**:

BAS objects to this request on the grounds that it seeks documents or information not

relevant to the claims or defenses of any party and/or not reasonably calculated to lead to the

discovery of admissible evidence. BAS further objects to this request on the grounds that it is

overly broad and unduly burdensome because it seeks all documents for a six-year period and is

not limited to prime brokerage or proprietary transactions.  BAS also objects to this request on

the grounds that it seeks confidential or proprietary information.  Subject to and without waiving

its specific and General Objections, BAS agrees to meet and confer with counsel for Plaintiffs, in

good faith, to determine what non-privileged responsive documents, if any, sought by Plaintiffs

could be produced by BAS in response to this request.

Request No. 32:

All analyses, ratings, recommendations, reports, memoranda, opinions or other documents
created by the defendant or on the defendant's behalf discussing TASER securities.

**Response:**

BAS objects to this request on the grounds that it seeks documents or information not

relevant to the claims or defenses of any party and/or are not reasonably calculated to lead to the

discovery of admissible evidence.  BAS also objects to this request on the grounds that it is

overly broad and unduly burdensome because it appears to seek all documents for a six-year

period that in any way discuss TASER securities.  BAS further objects to this request on the

ground that it seeks confidential or proprietary information.  Subject to and without waiving its

specific and General Objections, BAS will produce, as provided by stipulation or at such other

time as may be permitted by the Court, all published analyst reports or published

recommendations concerning TASER or its common stock created by BAS or on its behalf for a

reasonable time period in BAS's possession, custody, and control which BAS has been able to

locate after a reasonably diligent search, if any exist.

Request No. 33:

Documents reflecting any settlement services resulting from trading activity in TASER
securities, including data transmitted through the Securities Industry Automation Corporation
("SIAC"), or to or from the National Securities Clearing Corporation ("NSCC"), the Depository
Trust Company ("DTC"), the Depository Trust and Clearing Corporation ("DTCC"), or any

market participant, exchange, clearing firm, custodian, depository, market maker or broker-dealer, both foreign and domestic.

**Response**:

BAS objects to this request on the grounds that it is overly broad and unduly burdensome because it seeks numerous reports regarding the settlement of all transactions for a six-year period, is duplicative or cumulative of other requests, and is not limited to prime brokerage or proprietary transactions. BAS also objects to this request to the extent it seeks documents that are not within BAS's knowledge, possession, custody, or control. BAS further objects to this request on the ground that the phrase "settlement services" is vague and ambiguous. Subject to and without waiving its specific and General Objections, BAS agrees to meet and confer with counsel for Plaintiffs, in good faith, to determine what non-privileged responsive documents, if any, sought by Plaintiffs could be produced by BAS in response to this request.

Request No. 34:

Documents discussing, referring to or evidencing any irregular stock trading and/or irregular share accounting in TASER securities.

**Response**:

BAS objects to this request on the grounds that the phrase "any irregular stock trading and/or irregular share accounting" is vague and ambiguous. BAS also objects to the request to the extent it seeks information subject to the attorney-client privilege, attorney work product doctrine or any other applicable privilege. BAS further objects to this request on the grounds that it is overly broad and unduly burdensome because it seeks documents for a six-year period and, as drafted, conceivably requires the search of every employee's electronic communications and other documents. Subject to and without waiving its specific and General Objections, BAS agrees to meet and confer with counsel for Plaintiffs, in good faith, to determine what non-

29

privileged responsive documents, if any, sought by Plaintiffs could be produced by BAS in response to this request.

Request No. 35:

Documents or reports evidencing or discussing actual market trading in TASER securities as compared with actual settlements of TASER securities.

**Response:**

BAS objects to this request on the grounds that the request is vague and ambiguous. BAS further objects to the request to the extent it seeks information subject to the attorney-client privilege, attorney work product doctrine or any other applicable privilege.  Subject to and without waiving its specific and General Objections, BAS agrees to meet and confer with counsel for Plaintiffs, in good faith, to determine what non-privileged responsive documents, if any, sought by Plaintiffs could be produced by BAS in response to this request.

Request No. 36:

Documents or reports discussing or evidencing suspicious transactional activity in TASER securities as defined by regulations and industry standards.

**Response:**

BAS objects to this request on the grounds that the phrases "suspicious transactional activity in TASER securities" and "regulations and industry standards" are vague and ambiguous.  BAS also objects to this request on the grounds that it is overly broad and unduly burdensome because it seeks documents concerning all transactions for a six-year period and is not limited to common stock transactions in prime brokerage or proprietary accounts.  BAS further objects to this request to the extent it seeks documents protected by the attorney-client privilege, attorney work product doctrine or any other applicable privilege.  Finally, BAS objects to this request on the grounds that it seeks documents or information not relevant to the claims or

defenses of any party and/or not reasonably calculated to lead to the discovery of admissible

evidence.  Subject to and without waiving its specific and General Objections, BAS agrees to

meet and confer with counsel for Plaintiffs, in good faith, to determine what non-privileged

responsive documents, if any, sought by Plaintiffs could be produced by BAS in response to this

request.

Request No. 37:

Documents discussing or evidencing any actions, notice or inquiries of the ECN's participants in
regards to short selling of TASER securities.

**Response**:

    BAS objects to this request on the grounds that the request is vague and ambiguous.

Subject to and without waiving its specific and General Objections, BAS agrees to meet and

confer with counsel for Plaintiffs, in good faith, to determine what non-privileged responsive

documents, if any, sought by Plaintiffs could be produced by BAS in response to this request.

Request No. 38:

Documents received from or sent to any securities agencies, bodies or regulators (including, but
not limited to, the SEC or NASDAQ) relating to TASER securities.

**Response**:

    BAS objects to this request on the grounds that it is overly broad and unduly burdensome

because it seeks all documents relating to TASER securities for a six-year period and is not

limited to documents concerning short sales in TASER securities.  BAS also objects to this

request to the extent it seeks documents that are not within BAS's knowledge, possession,

custody, or control.  BAS further objects to this request to the extent it seeks material subject to

confidentiality or non-disclosure agreements or requirements.  Finally, BAS objects to this

request on the grounds that it seeks documents or information not relevant to the claims or

defenses of any party and/or not reasonably calculated to lead to the discovery of admissible

evidence. Subject to and without waiving its specific and General Objections, BAS agrees to

meet and confer with counsel for Plaintiffs, in good faith, to determine what non-privileged

responsive documents, if any, sought by Plaintiffs could be produced by BAS in response to this

request.

Request No. 39:

Documents reflecting or evidencing the failure to deliver shares of TASER securities (i.e.,
leaving the trade uncovered, naked short sale).

**Response**:

BAS objects to this request on the ground that it is duplicative of other requests. Subject

to and without waiving its specific and General Objections, BAS will produce, as provided by

stipulation or at such other time as may be permitted by the Court, non-privileged documents

sufficient to show failures to deliver in TASER common stock within the CNS system for a

reasonable time period, such as CNS Accounting Summaries, CNS Fail Reports, daily stock

records, or daily stock position data.

Request No. 40:

Documents reflecting or discussing any fines or sanctions levied that in any way involve or relate
to TASER securities.

**Response**:

BAS objects to this request on the grounds that it seeks documents or information not

reasonably calculated to lead to the discovery of admissible evidence. BAS also objects to this

request to the extent it seeks information protected by the attorney-client privilege, attorney work

product doctrine or any other applicable privilege. BAS further objects to this request to the

extent it seeks documents that are not within BAS's knowledge, possession, custody, or control,

or to the extent that it seeks publicly available information that can be obtained by Plaintiffs themselves. Subject to and without waiving its specific and General Objections, BAS will produce, as provided by stipulation or at such other time as may be permitted by the Court, non-privileged documents, if any, sufficient to identify any fines or sanctions expressly relating to or discussing TASER securities for a reasonable time period in BAS's possession, custody, and control which BAS has been able to locate after a reasonably diligent search

Request No. 41:

Documents reflecting or discussing any fines or sanctions levied relating to improperly marking short sales as longs.

**Response**:

BAS objects to this request on the grounds that it seeks documents or information not reasonably calculated to lead to the discovery of admissible evidence, is overly broad and unduly burdensome to the extent that it is not limited to transactions in TASER, and is duplicative of other requests. BAS also objects to this request to the extent it seeks information protected by the attorney-client privilege, attorney work product doctrine or any other applicable privilege. BAS further objects to this request to the extent it seeks documents that are not within BAS's knowledge, possession, custody, or control, or to the extent that it seeks publicly available information that can be obtained by Plaintiffs themselves. Subject to and without waiving its specific and General Objections, BAS will produce, as provided by stipulation or at such other time as may be permitted by the Court, non-privileged documents, if any, sufficient to identify any fines or sanctions relating to improperly marking short sales of TASER common stock as longs for a reasonable time period in BAS's possession, custody, and control which BAS has been able to locate after a reasonably diligent search.

33

Request No. 42:

Documents reflecting or discussing any fines or sanctions levied relating to creating, distributing or submitted inaccurate or false short interest reports.

**Response**:

      BAS objects to this request on the ground that it seeks documents or information not reasonably calculated to lead to the discovery of admissible evidence, is overly broad and unduly burdensome to the extent that it is not limited to transactions in TASER, and is duplicative of other requests. BAS also objects to this request to the extent it seeks information protected by the attorney-client privilege, attorney work product doctrine or any other applicable privilege. BAS further object to this request to the extent that it seeks documents that are not within BAS's possession, custody or control or to the extent that it seeks publicly available information that can be obtained by Plaintiffs themselves. Subject to and without waiving its specific and General Objections, BAS will produce, as provided by stipulation or at such other time as may be permitted by the Court, non-privileged documents, if any, sufficient to identify any fines or sanctions levied relating to creating, distributing or submitted inaccurate or false short interest reports for TASER common stock for a reasonable time period in BAS's possession, custody, and control which BAS has been able to locate after a reasonably diligent search.

Request No. 43:

Documents reflecting or discussing any fines or sanctions levied relating to short sales, including, but not limited to, failing to deliver shares of a stock sold short (i.e., failing to cover a trade, naked short selling).

**Response**:

      BAS objects to this request on the ground that it seeks documents or information not reasonably calculated to lead to the discovery of admissible evidence, is overly broad and unduly burdensome to the extent that it is not limited to transactions in TASER, and is duplicative of

other requests.  BAS also objects to this request to the extent it seeks information protected by

the attorney-client privilege, attorney work product doctrine or any other applicable privilege.

BAS further objects to this request to the extent that it seeks documents that are not within

BAS's possession, custody or control or to the extent that it seeks publicly available information

that can be obtained by Plaintiffs themselves.  Subject to and without waiving its specific and

General Objections, BAS will produce, as provided by stipulation or at such other time as may

be permitted by the Court, non-privileged documents, if any, sufficient to identify any fines or

sanctions levied relating to short sales of TASER common stock, including but not limited to,

failing to deliver shares of stock sold short for a reasonable time period in BAS's possession,

custody, and control which BAS has been able to locate after a reasonably diligent search.

Request No. 44:

Documents discussing requesting, or the failure to request, the delivery or "buy in" of TASER
securities.

**Response**:

BAS objects to this request on the grounds that it is overly broad and unduly burdensome

because it appears to request all documents regarding buy-ins for TASER securities for a six-

year period, is duplicative of other requests, and, as drafted, would require a search for electronic

communications and other documents of an undefined large number of individuals.  Subject to

and without waiving its specific and General Objections, BAS will produce, as provided by

stipulation or at such other time as may be permitted by the Court, non-privileged documents

sufficient to show executed "buy-ins" of TASER common stock for a reasonable time period in

BAS's possession, custody, and control which BAS has been able to locate after a reasonably

diligent search.

Request No. 45:

All documents referenced in or in support of any responses you provide to interrogatories or requests for admission served by plaintiffs.

**Response**:

BAS objects to this request to the extent it seeks documents or information protected by the attorney-client privilege, attorney work product doctrine, or any other applicable privilege. Subject to and without waiving its specific and General Objections, BAS will produce, as provided by stipulation or at such other time as may be permitted by the Court, responsive non-privileged documents referenced in or in support of any responses to Plaintiffs' interrogatories or requests for admission once BAS responds to Plaintiffs' interrogatories or requests for admission.

Request No. 46:

All documents supporting any responses or affirmative defenses set forth in your Answer.

**Response**:

BAS objects to this request to the extent it seeks documents or information protected by the attorney-client privilege, attorney work product doctrine, or any other applicable privilege. Subject to and without waiving its specific and General Objections, BAS will produce, as provided by stipulation or at such other time as may be permitted by the Court, responsive non-privileged documents supporting any responses or affirmative defenses set forth in BAS's Answer.

Request No. 47:

Documents reflecting or discussing any fines or sanctions levied relating to failing to make affirmative determination prior to effecting short sales and failing to ensure compliance that delivery is made on or before the settlement date.

**Response**:

BAS objects to this request on the ground that it seeks documents or information not

reasonably calculated to lead to the discovery of admissible evidence, is overly broad and unduly

burdensome to the extent that it is not limited to transactions in TASER, is duplicative of other

requests.  BAS also objects to this request to the extent it seeks information protected by the

attorney-client privilege, attorney work product doctrine or any other applicable privilege.  BAS

further objects to this request to the extent that it seeks documents that are not within BAS's

possession, custody, or control or to the extent it seeks publicly available information that can be

obtained by Plaintiffs themselves.  Subject to and without waiving its specific and General

Objections, BAS will produce, as provided by stipulation or at such other time as may be

permitted by the Court, non-privileged documents, if any, sufficient to identify any fines or

sanctions levied relating to failing to make affirmative determination prior to effecting short

sales and failing to ensure compliance that delivery is made on or before the settlement date for a

reasonable time period in BAS's possession, custody, and control which BAS has been able to

locate after a reasonably diligent search.

Request No. 48:

For the time period, all documents reflecting or discussing any open, fail or fail to deliver
positions with respect to TASER securities.

**Response**:

BAS objects to this request on the ground that it is overly broad and unduly burdensome

because it seeks all documents reflecting or discussing any open, fail or fail to deliver positions

with respect to TASER securities for a seven-year period, is duplicative of other requests, and is

not limited to common stock transactions in prime brokerage or proprietary accounts.  BAS

further objects to this request on the ground that it seeks information protected by the attorney-

client privilege, attorney work product doctrine or any other applicable privilege.  Subject to and

without waiving its specific and General Objections, BAS will produce, as provided by

stipulation or at such other time as may be permitted by the Court, documents sufficient to show

fails to deliver TASER common stock within the CNS system for a reasonable time period, such

as CNS Accounting Summaries, CNS Fail Reports, daily stock records, or daily stock position

data.

Request No. 49:

Documents or data discussing, referencing or comparing the number of TASER securities
beneficially owned relative to the number of TASER securities held at the DTCC (either at an
individual company or broader level).

**Response:**

      BAS objects to this request on the grounds that it is overly broad and unduly burdensome

because it seeks all documents for a six-year period, is duplicative of other requests, and is not

limited to common stock transactions in prime brokerage or proprietary accounts.  BAS also

objects to this request on the ground that the phrase "either at an individual company or broader

level" is vague and ambiguous.  Subject to and without waiving its specific and General

Objections, BAS refers to the documents responsive to Request No. 9 in response to this request.

Request No. 50:

Documents discussing or referencing large or unusually high volume trading of TASER
securities.

**Response:**

      BAS objects to this request on the grounds that it seeks disclosure of information not

relevant to the claims or defenses of any party and/or not reasonably calculated to lead to the

discovery of admissible evidence.  BAS also objects to this request on the grounds that the

phrase "large or unusually high volume" is vague and ambiguous. BAS further objects to this request on the grounds that it is overly broad and unduly burdensome because it seeks documents for a six-year period and, as drafted, conceivably requires the search of every employee's electronic communications and other documents. Finally, BAS objects to this request to the extent that it seeks information protected by the attorney-client privilege, attorney work product doctrine or any other applicable privilege. Subject to and without waiving its specific and General Objections, BAS agrees to meet and confer with counsel for Plaintiffs, in good faith, to determine what non-privileged responsive documents, if any, sought by Plaintiffs could be produced by BAS in response to this request.

Request No. 51:

Documents discussing potential changes to SEC rules and/or regulations regarding short sales.

**Response**:

BAS objects to this request on the grounds that it seeks information protected by the attorney-client privilege, attorney work product doctrine on any other applicable privilege. BAS also objects to this request on the ground that the phrase "potential changes" is vague and ambiguous. Subject to and without waiving its specific and General Objections, BAS will produce, as provided by stipulation or at such other time as may be permitted by the Court, its Regulation SHO compliance policies from BAS's compliance manual for a reasonable time period.

Request No. 52:

Documents relied upon by any experts you may hire in this matter.

**Response**:

BAS objects to this request to the extent it seeks documents or information protected by the attorney-client privilege, attorney work product doctrine or any other applicable privilege. BAS further objects to this request on the ground that it is premature. BAS also objects to this request to the extent it seeks information other than information required to be provided by O.C.G.A. § 9-11-26(b) with respect to the experts that BAS expects to call as witnesses at trial. Subject to and without waiving its specific and General Objections, BAS will produce, as provided by stipulation or at such other time as may be permitted by the Court, documents subject to the parameters of discovery of experts that BAS expects to call as witnesses at trial, as provided by the Official Code of Georgia.

Request No. 53:

Documents you receive from any third party relating to or arising out of this litigation.

**Response**:

BAS objects to this request to the extent it seeks information protected by the attorney-client privilege, attorney work product doctrine or any other applicable privilege. Subject to and without waiving its specific and General Objections, BAS will produce, as provided by stipulation or at such other time as may be permitted by the Court, any documents it received from a third party pursuant to any subpoena it serves on any third party in connection with this litigation.

Request No. 54:

Please produce organizational charts for the Time Period.

**Response**:

BAS objects to this request on the grounds that it is overly broad and unduly burdensome because it seeks documents for a seven-year period and it does not identify the specific divisions or business units requested.  Subject to and without waiving its specific and General Objections, BAS will produce, as provided by stipulation or at such other time as may be permitted by the Court, organizational charts related to the prime brokerage and stock loan operations for a reasonable time period, to the extent such documents exist, in BAS's possession, custody, and control which BAS has been able to locate after a reasonably diligent search.

Dated:  October 3, 2008

Andrew J. Frackman (*pro hac vice*)
Brendan J. Dowd (*pro hac vice*)
Benjamin D. Petrosky (*pro hac vice*)
O'MELVENY & MYERS LLP
7 Times Square
New York, New York 10036
Ph:      (212) 326-2000
Fax:     (212) 326-2061

*Attorneys for Banc of America Securities LLC*

Richard H. Sinkfield (649100)
ROGERS & HARDIN LLP
2700 International Tower
229 Peachtree St, NW
Atlanta, Georgia  30307
(404) 522-4700