# EXHIBIT  K

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

TASER INTERNATIONAL, INC., DAVID and
NATALIE BATCHELOR, DR. THOMAS and
JUDITH COLLENTINE, CHARLES and
SANDRA FAIRES,
MASAJI and KELLY KELLEY, STEPHEN and
PATRICIA LISENBY, RICHARD and
CONSTANCE ALMEROTH, JAMES BAKER,
JR., ROBERT BAKER, WILLIAM
BURNSIDE, DAVID EVERETT, KELLIE
BURNSIDE, HELEN BURNSIDE, ESTATE
OF JAMES CONNELLY, DOROTHY
CONNELLY, JAMES L. DUNAGIN, JR. TTEE
SOUTHEAST EYE SURGERY CLINIC, INC.
EMPLOYEE PSP, JAMES and EMILY
DUNAGIN, RICHARD C. HASKELL, SUSAN
HASKELL, RICHARD C. and AMY
HASKELL, JR., MARY RICHARDSON,
PAMELA LEWIS, JANE MAJ, ROZALIA
MAJ, CRAIG MILLER, MARGARET ROCHE,
CHET SCOTT, JOHN SCOTT, PAULA
SCOTT, PETER and MICHELLE SCOTT,
MARY ROSE STUCKER, DAVID and ANNE
ZEBER, and MICHAEL BOYER,

        Plaintiffs,

v.

MORGAN STANLEY & CO., INC.,
GOLDMAN SACHS GROUP, INC., BEAR
STEARNS CAPITAL MARKETS, INC., BEAR
STEARNS & CO, INC., THE BEAR STEARNS
COMPANIES, INC., MERRILL LYNCH,
PIERCE, FENNER & SMITH, INC.,
DEUTSCHE BANK SECURITIES, INC.,
CREDIT SUISSE USA, INC., BANC OF
AMERICA SECURITIES, LLC, and UBS
SECURITIES, LLC,

        Defendants.

Civil Case No.
2008-EV-004739-B

**DEFENDANT MORGAN
STANLEY & CO.
INCORPORATED'S
RESPONSES AND OBJECTIONS
TO PLAINTIFFS' FIRST
REQUESTS FOR PRODUCTION
OF DOCUMENTS TO EACH
DEFENDANT**

Pursuant to the parties' September 9, 2008 and September 29, 2008 stipulations, Morgan Stanley & Co. Incorporated ("Morgan Stanley") hereby provides these objections and responses to Plaintiffs' First Requests for Production of Documents to Each Defendant ("Requests"). Morgan Stanley agrees to meet and confer with counsel for Plaintiffs in an attempt to resolve Plaintiffs' disagreements, if any, with Morgan Stanley's responses and objections.

## GENERAL OBJECTIONS

Morgan Stanley makes the following General Objections, which apply to each and every specific request for production of documents and are incorporated by reference in each and every response below as if set forth fully therein. Morgan Stanley's responses to specific Requests are made subject to and without waiving these General Objections or any specific objections raised by Morgan Stanley. Morgan Stanley has not repeated these objections in every response to improve readability. Failure to reiterate a General Objection below does not constitute a waiver of that or any other objection. Any statements contained in this Response to Plaintiffs' First Request for Production of Documents regarding the future production of documents are contingent upon the Court's ruling on the pending motions filed on September 17, 2008 and shall not be read as a waiver of Morgan Stanley's position regarding discovery.

1.     Morgan Stanley objects to all Instructions, Definitions and Requests to the extent that they call for Morgan Stanley to do more than is required under the Official Code of Georgia, the Uniform State Court Rules, the Local Rules or other applicable law.

2.     Morgan Stanley reserves all objections that may be available to it at any hearing or trial or on any motion to the use or admissibility of any information and/or

2

documents provided, as well as the right to object to further discovery relating to the subject matter of any information and/or documents provided.

      3.     Morgan Stanley objects to each of the Requests to the extent that it seeks information and/or documents protected from disclosure by the attorney-client privilege, the joint defense or common interest privilege, the work product doctrine, the accountant-client privilege or any other legally recognized privilege, immunity or exemption from discovery.  Morgan Stanley will not produce documents containing such information or will produce such documents in redacted form.  Morgan Stanley will provide a log in accordance with Rule 26 of the Federal Rules of Civil Procedure if documents are redacted or withheld because they are protected from disclosure.

      4.     To the extent that Morgan Stanley, pursuant to any request by Plaintiffs, provide information and/or documents that any party may later argue or claim is privileged, or that any party characterizes as privileged, it is understood that such provision does not constitute a waiver of the attorney-client privilege, the joint defense or common-interest privilege, the attorney work product doctrine, the accountant-client privilege or any other legally recognized privilege, immunity or exemption from discovery with respect to the information and/or documents.  Morgan Stanley reserves the right to request the return of any information.

      5.     Morgan Stanley objects to the Requests on the grounds that, taken on a whole and as written, they are overly broad, unduly burdensome, vague and would purport to require the production of irrelevant documents and data for a six-year period. Morgan Stanley objects to the production of the requested data and documents absent an appropriate meet-and-confer process to narrow the scope of Plaintiffs' requests, establish

a logical order for discovery and an appropriate allocation of the burdens of retrieving and collecting the substantial data sought.

6.       Morgan Stanley objects to each of the Requests to the extent that it purports to require Morgan Stanley to seek documents in the possession of other persons or entities, including its outside counsel, or to create documents not presently in the possession, custody or control of Morgan Stanley.  Morgan Stanley further objects to each Request to the extent that it requests documents that are in the public domain and are therefore equally available to all parties.  Morgan Stanley will produce documents or information only to the extent that such documents or information are in the possession, custody, or control of Morgan Stanley and are not otherwise in the possession of Plaintiffs.

7.       Morgan Stanley objects to the Requests to the extent that they purport to seek documents for transactions in accounts other than prime brokerage or proprietary accounts.

8.       Morgan Stanley's failure to object to any Request on a particular ground or grounds shall not be construed as a waiver of its rights to object on any additional ground(s).  Morgan Stanley reserves the right at any time to revise, amend, supplement, correct, clarify or add to their responses and objections to the Requests, or to revise, amend, supplement, correct, clarify or add to any production of documents or information made pursuant to any Request, consistent with further investigation and discovery.  Morgan Stanley also reserves the right to use or rely on, at any time, subsequently discovered information or information omitted from these responses and objections as a result of mistake, error, oversight or inadvertence.

9.     Morgan Stanley objects to each of the Requests insofar as it purports to require Morgan Stanley to create, generate, compile or develop documents that do not currently exist.

10.     Morgan Stanley objects to each of the Requests to the extent that it purports to seek documents that contain personal, private, confidential, proprietary, financial or commercial information.  Morgan Stanley will produce such documents only pursuant to an appropriate confidentiality stipulation and protective order.

11.     Morgan Stanley objects to each of the Requests to the extent that it seeks to impose an obligation on Morgan Stanley to conduct anything beyond a diligent search of files where responsive documents reasonably would be expected to be found.  Subject to the objections stated herein, whenever Morgan Stanley agrees to produce documents in response to a Request, it will search for responsive documents from the readily accessible and centrally located files of individuals whom it reasonably believes may have responsive documents.  Any Requests that seek to require Morgan Stanley to go beyond such a search are overbroad and unduly burdensome.  Morgan Stanley agrees to meet and confer with Plaintiffs concerning the scope of any search and the allocation of costs associated with any such search.

12.     Morgan Stanley objects to each of the Requests to the extent that it seeks to require Morgan Stanley to search for and produce e-mail and other electronic documents (e.g., Microsoft Word and Powerpoint documents, Excel spreadsheets, calendars, instant messages, etc.) beyond those that are readily accessible or centrally maintained.  Morgan Stanley further objects to the extent that the Requests seek to require Morgan Stanley to undertake a search for and the production of e-mail and other

5

electronic documents that would impose unreasonable costs and burdens and that would exceed Morgan Stanley's obligations under the Official Code of Georgia. Morgan Stanley also incorporates by reference into this objection paragraph 22 of its General Objections.

13.    Morgan Stanley's responses and objections shall not be deemed to constitute a representation or admission that any particular document or thing exists, is relevant, non-privileged, or admissible in evidence; or that any statement or characterization in the Requests is accurate or complete. Rather, Morgan Stanley's agreement to produce documents in response to the Requests means only that responsive documents will be produced if they exist, can be located with reasonable diligence, and are not otherwise protected from disclosure.

14.    Morgan Stanley objects to the definition of the term "communications" to the extent that it seeks to impose obligations beyond those under the Official Code of Georgia.

15.    Morgan Stanley objects to the definition of the term "Defendants" to the extent that Plaintiffs employ the term to seek documents beyond Morgan Stanley's possession, custody or control.

16.    Morgan Stanley objects to the definition of the term "documents" to the extent that it seeks to impose obligations beyond those under the Official Code of Georgia.

17.    Morgan Stanley objects to the definition of "DTCC" as overbroad to the extent that it seeks to define "DTCC" beyond The Depository Trust & Clearing Corporation, its officers, directors and employees.

6

18.     Morgan Stanley objects to the definition of the terms "record," "reflect," "relate to" and "concern" to the extent that they seek to impose obligations beyond those under the Official Code of Georgia.

19.     Morgan Stanley objects to the definition of "Security" or "Securities" to the extent that it defines a security or securities as instruments other than common stock and objects to responding to any Requests based upon this definition because instruments other than common stock are outside the scope of Plaintiffs' allegations.

20.     Morgan Stanley objects to the "Time Period" of "January 1, 2002 to and through the present" and Instruction No. 4 on the grounds that they are overly broad and unduly burdensome, inconsistent with the relevant time periods encompassed by the Third Amended Complaint and seek irrelevant information, and therefore are not reasonably calculated to lead to the discovery of admissible evidence.  Morgan Stanley also objects to the definition of "Time Period" and  Instruction No. 4 to the extent that they impose a continuing obligation to produce documents.  Without waiving these objections, whenever Morgan Stanley agrees to produce documents responsive to a Request, Morgan Stanley will produce responsive, non-privileged documents created during the time period January 1, 2004 (the earliest year in which Plaintiffs allege any wrongdoing in the Third Amended Complaint) through May 27, 2008 (the date Plaintiffs commenced this action) and reserves the right to seek a narrower period, as appropriate, during the meet-and-confer process.

21.     Morgan Stanley objects to Instruction No. 2 to the extent that it purports to require Morgan Stanley to identify the existence of documents not presently in its

possession, custody or control.  Morgan Stanley will respond to the Requests in accordance with its obligations under the Official Code of Georgia.

22.    Morgan Stanley objects to Instruction No. 3 on the grounds that it purports to require Morgan Stanley to search through computer records or other electronic data storage media that are not readily accessible, manageable or searchable.  Morgan Stanley also objects to this instruction on the grounds identified in paragraph 12 of its General Objections.  Morgan Stanley agrees to meet and confer with Plaintiffs, in good faith, to establish the appropriate scope and parameters of any electronic search, including but not limited to establishing appropriate limitations on the custodians to be searched and an appropriate search protocol and allocation of the costs and burdens of retrieving and collecting such electronic data.  Until those issues have been resolved, Morgan Stanley will not search for electronic documents that are not centrally maintained.  Absent such a meet-and-confer process, the Requests would require Morgan Stanley to undertake a search for and the production of e-mail and other electronic documents that would impose unreasonable costs and burdens and that would exceed Morgan Stanley's obligations under applicable law.

23.    Morgan Stanley objects to Instruction No. 5 to the extent that it purports to require Morgan Stanley to provide information beyond Rule 26 of the Federal Rules of Civil Procedure.

## RESPONSES AND OBJECTIONS TO SPECIFIC REQUESTS

**REQUEST NO. 1**:

All Blotters (or other records of original entry) showing itemized daily record of purchase and sales of TASER securities, including:

(a)    the account for which each such transaction was effectuated;

8

(b)     the name and amount of securities;
(c)     the unit and aggregate purchase or sale price;
(d)     the trade date; and
(e)     the name or other designation of the person from whom purchased or received or to whom sold or delivered.

*See* 17 C.F.R. 240.17a-3(a)(1).

**RESPONSE TO REQUEST NO. 1**:

Morgan Stanley objects to Request No. 1 on the grounds that it is overly broad and unduly burdensome because it seeks all blotters or other records of original entry and it is not limited to common stock transactions in prime brokerage or proprietary accounts, which are the transactions at issue in this action.  Morgan Stanley further objects to this Request on the ground that it seeks confidential or proprietary information.  Morgan Stanley further objects to this Request on the ground that it seeks confidential personal or identifying information of its customers.  Subject to and without waiving the foregoing General Objections, which are incorporated herein by reference, and subject to and without waiving the foregoing specific objections, Morgan Stanley agrees to meet and confer with counsel for Plaintiffs, in good faith, to define a mutually acceptable set of data or documents, to the extent any exist, sufficient to show relevant and responsive transactional information concerning TASER common stock over a reasonable time frame, with the exception of customer names and/or identifying information.

**REQUEST NO. 2**:

A memorandum of each brokerage order, and of any other instruction given or received for the purchase or sale of TASER securities, whether executed or unexecuted, and showing:

(a)     the terms and conditions of the order or instructions and of any modification or cancellation thereof;
(b)     the account for which entered;
(c)     the time the order was received;

9

(d)     the time of entry;
(e)     the price at which executed;
(f)     the identity of each associated person, if any, responsible for the account;
(g)     the identity of any other person who entered or accepted the order on behalf of the customer or, if a customer entered the order on an electronic system, a notation of that entry; and, to the extent feasible, the time of execution or cancellation.

*See* 17 C.F.R. 24.0.17a-3(a)(6).

**RESPONSE TO REQUEST NO. 2:**

Morgan Stanley objects to Request No. 2 on the grounds that it is overly broad and unduly burdensome because it seeks documents concerning all transactions for a six-year period and is not limited to common stock transactions for prime brokerage or proprietary accounts. Morgan Stanley also objects to this Request on the ground that it is duplicative of the data sought by Request No. 1. Morgan Stanley further objects to this Request on the ground that it seeks confidential or proprietary information. Morgan Stanley further objects to this Request to the extent that it seeks confidential personal or identifying information of its customers. Subject to and without waiving the foregoing General Objections, which are incorporated herein by reference, and subject to and without waiving the foregoing specific objections, Morgan Stanley agrees to meet and confer with counsel for Plaintiffs, in good faith, to define a mutually acceptable set of data or documents, to the extent any exist, sufficient to show relevant and responsive transactional information concerning TASER common stock over a reasonable time frame, with the exception of customer names and/or identifying information.

**REQUEST NO. 3:**

A memorandum of each purchase and sale of TASER securities, for the account of the member, broker, or dealer showing the price and, to the extent feasible, the time of execution; and, in addition, where the purchase or sale is with a customer other than a broker or dealer, a memorandum of each order received, showing the time of receipt, the terms and conditions of the order and of any modification thereof, the account for which

10

it was entered, the identity of each associated person, if any, responsible for the account, the identity of any other person who entered or accepted the order on behalf of the customer or, if a customer entered the order on an electronic system, a notation of that entry. *See* 17 C.F.R. 240, 17a-3(a)(7).

**RESPONSE TO REQUEST NO. 3**:

Morgan Stanley objects to this Request on the grounds that it is overly broad and unduly burdensome because it seeks documents concerning all transactions for a six-year period and is not limited to common stock transactions for prime brokerage or proprietary accounts. Morgan Stanley also objects to this Request on the ground that it is duplicative of the data sought by Request No. 1. Morgan Stanley further objects to this Request on the ground that it seeks confidential or proprietary information. Finally, Morgan Stanley objects to this Request to the extent that it seeks confidential personal or identifying information of its customers. Subject to and without waiving the foregoing General Objections, which are incorporated herein by reference, and subject to and without waiving the foregoing specific objections, Morgan Stanley agrees to meet and confer with counsel for Plaintiffs, in good faith, to define a mutually acceptable set of data or documents, to the extent any exist, sufficient to show relevant and responsive transactional information concerning TASER common stock over a reasonable time frame, with the exception of customer names and/or identifying information.

**REQUEST NO. 4**:

Copies of confirmations of all purchase and sales of TASER securities, including all repurchase and repurchase agreements, and copies of notices of all other debits and credits for securities, cash and other items for the account of customers and partners of defendant. *See* 17 C.F.R. 240.17a-3(a)(8).

11

**RESPONSE TO REQUEST NO. 4:**

Morgan Stanley objects to this Request on the grounds that it is overly broad and unduly burdensome because it seeks documents that contain information duplicative of that sought by Request No. 1, seeks confirmations for all transactions for a six-year period and is not limited to common stock transactions in prime brokerage or proprietary accounts. Additionally, Morgan Stanley objects to the use of undefined terms that are vague and ambiguous, such as "partners." Morgan Stanley also objects to this Request on the ground that it seeks confidential or proprietary information. Morgan Stanley further objects to this Request to the extent that it seeks confidential personal or identifying information of its customers. Subject to and without waiving the foregoing General Objections, which are incorporated herein by reference, and subject to and without waiving the foregoing specific objections, Morgan Stanley agrees to meet and confer with counsel for Plaintiffs, in good faith, to define a mutually acceptable set of data or documents, to the extent any exist, sufficient to show relevant and responsive transactional information concerning TASER common stock over a reasonable time frame, with the exception of customer names and/or identifying information.

**REQUEST NO. 5:**

Time-sequenced records of each transaction relating to TASER securities effected through the internal broker-dealer system, including date and time executed, price, size, counterparty identification information and method of execution (if internal broker-dealer system allows alternative means or locations for execution, such as routing to another market, matching with limit orders or executing against the quotations of the broker or dealer sponsoring the system). *See* 17 C.F.R. 240.17a-3(a)(16)(i).

**RESPONSE TO REQUEST NO. 5:**

Morgan Stanley objects to this Request on the grounds that it is overly broad and unduly burdensome because it seeks documents concerning all transactions for a six-year

period and is not limited to common stock transactions for prime brokerage or proprietary accounts. Morgan Stanley also objects to this Request on the ground that it is duplicative of the data sought by Request No. 1. Morgan Stanley further objects to this Request on the ground that it seeks confidential or proprietary information. Finally, Morgan Stanley objects to this Request to the extent that it seeks confidential personal or identifying information of its customers. Subject to and without waiving the foregoing General Objections, which are incorporated herein by reference, and subject to and without waiving the foregoing specific objections, Morgan Stanley agrees to meet and confer with counsel for Plaintiffs, in good faith, to define a mutually acceptable set of data or documents, to the extent any exist, sufficient to show relevant and responsive transactional information concerning TASER common stock over a reasonable time frame, with the exception of customer names and/or identifying information.

**REQUEST NO. 6:**

All ledger accounts (or other records) reflecting TASER securities in transfer. *See* 17 C.F.R. 240.17a-3(a)(4)(i).

**RESPONSE TO REQUEST NO. 6:**

Morgan Stanley objects to this Request on the grounds that it seeks disclosure of information not relevant to the claims or defenses of any party and/or not reasonably calculated to lead to the discovery of admissible evidence. Morgan Stanley also objects to this Request on the grounds that it is overly broad and unduly burdensome because it seeks all documents for a six-year period reflecting TASER securities in transfer. Morgan Stanley further objects to this Request on the ground that it seeks confidential or proprietary information. Finally, Morgan Stanley objects to this Request to the extent that it seeks confidential personal or identifying information of its customers. Subject to

13

and without waiving the foregoing General Objections, which are incorporated herein by reference, and subject to and without waiving the foregoing specific objections, Morgan Stanley agrees to meet and confer with counsel for Plaintiffs, in good faith, to define a mutually acceptable set of data or documents, to the extent any exist, sufficient to show relevant and responsive transactional information concerning TASER common stock over a reasonable time frame, with the exception of customer names and/or identifying information.

**REQUEST NO. 7:**

All ledger accounts (or other records) reflecting TASER securities borrowed and TASER securities loaned.  *See* 17 C.F.R. 240.17a-3(a)(4)(iii).

**RESPONSE TO REQUEST NO. 7:**

Morgan Stanley objects to this Request on the grounds that it is overly broad and unduly burdensome because it seeks all ledger accounts or other records for a six-year period.  Morgan Stanley also objects to this Request on the ground that it seeks confidential or proprietary information.  Morgan Stanley further objects to this Request to the extent that it seeks confidential personal or identifying information of its customers. Subject to and without waiving the foregoing General Objections, which are incorporated herein by reference, and subject to and without waiving the foregoing specific objections, Morgan Stanley agrees to meet and confer with counsel for Plaintiffs, in good faith, to define a mutually acceptable set of data or documents, to the extent any exist, sufficient to show relevant and responsive transactional information concerning TASER common stock over a reasonable time frame, with the exception of customer names and/or identifying information.

14

**REQUEST NO. 8:**

All ledger accounts (or other records) reflecting moneys borrowed and moneys loaned (together with a record of collateral therefore and any substitutions in such collateral) relating to loans made using TASER securities as collateral.  *See* 17 C.F.R. 240a-3(a)(4)(iv).

**RESPONSE TO REQUEST NO. 8:**

Morgan Stanley objects to this Request on the grounds that it is overly broad and unduly burdensome because it seeks documents concerning all transactions for a six-year period and is not limited to common stock transactions for prime brokerage or proprietary accounts.  Morgan Stanley also objects to this Request on the ground that it seeks confidential or proprietary information.  Morgan Stanley further objects to this Request to the extent that it seeks confidential personal or identifying information of its customers.  Subject to and without waiving the foregoing General Objections, which are incorporated herein by reference, and subject to and without waiving the foregoing specific objections, Morgan Stanley agrees to meet and confer with counsel for Plaintiffs, in good faith, to define a mutually acceptable set of data or documents, to the extent any exist, sufficient to show relevant and responsive transactional information concerning TASER common stock over a reasonable time frame, with the exception of customer names and/or identifying information.

**REQUEST NO. 9:**

A securities record or ledger reflecting separately for each TASER security as of the clearance dates all long or short positions (including securities in safekeeping and securities that are subjects of repurchase or reverse repurchase agreements) carried by defendant for its account or for the account of its customers or partners or others and showing the location of all securities long and the offsetting position to all securities short, including long security count differences and short security count differences classified by the date of the physical count and verification in which they were discovered, and in all cases the name or designation of the account in which each position is carried. *See* 17 C.F.R. 240.17a-3(a)(5).

**RESPONSE TO REQUEST NO. 9:**

Morgan Stanley objects to this Request on the grounds that it is overly broad and unduly burdensome because it seeks documents concerning all positions for a six-year period and is not limited to common stock positions in prime brokerage or proprietary accounts.   Morgan Stanley also objects to this Request on the grounds that the phrase "or partners or others" is vague and ambiguous.  Morgan Stanley further objects to this Request on the ground that it seeks confidential or proprietary information.  Finally, Morgan Stanley objects to this Request to the extent that it seeks confidential personal or identifying information of its customers.  Subject to and without waiving the foregoing General Objections, which are incorporated herein by reference, and subject to and without waiving the foregoing specific objections, Morgan Stanley agrees to meet and confer with counsel for Plaintiffs, in good faith, to define a mutually acceptable set of data or documents, to the extent any exist, sufficient to show relevant and responsive transactional information concerning TASER common stock over a reasonable time frame, with the exception of customer names and/or identifying information.

**REQUEST NO. 10:**

For each customer or partner of defendant, as well as for each defendant, all ledgers accounts (or other records) itemized separately of all purchases, sales, receipts and deliveries of TASER securities for such account. *See* 17 C.F.R. 240-17a-3(a)(3).

**RESPONSE TO REQUEST NO. 10:**

Morgan Stanley objects to this Request on the grounds that it is overly broad and unduly burdensome because it seeks documents for all transactions for a six-year period, is duplicative of other Requests, and is not limited to prime brokerage or proprietary transactions.  Morgan Stanley also objects to this Request on the grounds that the phrase "or partner of defendant" is vague and ambiguous.  Morgan Stanley further objects to this

16

Request on the ground that it seeks confidential or proprietary information. Finally, Morgan Stanley objects to this Request to the extent that it seeks confidential personal or identifying information of its customers. Subject to and without waiving the foregoing General Objections, which are incorporated herein by reference, and subject to and without waiving the foregoing specific objections, Morgan Stanley agrees to meet and confer with counsel for Plaintiffs, in good faith, to define a mutually acceptable set of data or documents, to the extent any exist, sufficient to show relevant and responsive transactional information concerning TASER common stock over a reasonable time frame, with the exception of customer names and/or identifying information.

**REQUEST NO. 11:**

A record in respect of each margin account from which has been pledged or otherwise loaned TASER securities, indicating the name and address of the beneficial owner of the account and the signature of such owner. *See* 17 C.F.R. 240.17a-3(a)(9)(iii).

**RESPONSE TO REQUEST NO. 11:**

Morgan Stanley objects to this Request on the grounds that it seeks documents or information not relevant to the claims or defenses of any party and/or not reasonably calculated to lead to the discovery of admissible evidence. Morgan Stanley also objects to this Request on the ground that it seeks confidential personal or identifying information of its customers. Morgan Stanley further objects to this Request on the grounds that it is overly broad and unduly burdensome because it seeks documents concerning all accounts for a six-year period and is not limited to prime brokerage or proprietary accounts. Subject to and without waiving the foregoing General Objections, which are incorporated herein by reference, and subject to and without waiving the foregoing specific objections, Morgan Stanley agrees to meet and confer with counsel for Plaintiffs, in good faith, to define a mutually acceptable set of data or documents, to the

17

extent any exist, sufficient to show relevant and responsive transactional information

concerning TASER common stock over a reasonable time frame, with the exception of

customer names and/or identifying information.

**REQUEST NO. 12:**

A record of all puts, calls, spreads, straddles and other options relating to TASER
securities in which a defendant has any direct or indirect interest or which a defendant
has granted or guaranteed.  The record shall include, at a minimum, an identification of
the security and the number of units involved.  *See* 17 C.F.R. 240.17a-3(a)(10).

**RESPONSE TO REQUEST NO. 12:**

Morgan Stanley objects to this Request on the grounds that it seeks documents or

information not relevant to the claims or defenses of any party and/or not reasonably

calculated to lead to the discovery of admissible evidence because it seeks documents

pertaining to transactions in instruments other than common stock.  Morgan Stanley

further objects to this Request on the grounds that it is overly broad and unduly

burdensome because it seeks documents pertaining to all transactions for a six-year

period and is not limited to transactions for prime brokerage or proprietary accounts.

Subject to and without waiving the foregoing General Objections, which are incorporated

herein by reference, and subject to and without waiving the foregoing specific objections,

Morgan Stanley agrees to meet and confer with counsel for Plaintiffs, in good faith, to

define a mutually acceptable set of data or documents, to the extent any exist, sufficient

to show relevant and responsive transactional information concerning TASER common

stock over a reasonable time frame, with the exception of customer names and/or

identifying information.

**REQUEST NO. 13:**

A record of all eligible OTC derivative instruments (as defined in Rule 3b-13), relating to
TASER securities, in which the OTC derivatives dealer has any direct or indirect interest

or which it has written or guaranteed. The record shall contain, at a minimum, an identification of the security or other instrument, the number of units involved and the identity of the counterparty. *See* 17 C.F.R. 240.17a-3(a)(10).

## RESPONSE TO REQUEST NO. 13:

Morgan Stanley objects to this Request on the grounds that it seeks documents or information not relevant to the claims or defenses of any party and/or not reasonably calculated to lead to the discovery of admissible evidence because it seeks documents pertaining to transactions other than the purchase or sale of common stock. Morgan Stanley further objects to this Request on the grounds that it is overly broad and unduly burdensome because it seeks documents pertaining to all transactions for a six-year period and is not limited to transactions in prime brokerage or proprietary accounts. Subject to and without waiving the foregoing General Objections, which are incorporated herein by reference, and subject to and without waiving the foregoing specific objections, Morgan Stanley agrees to meet and confer with counsel for Plaintiffs, in good faith, to define a mutually acceptable set of data or documents, to the extent any exist, sufficient to show relevant and responsive transactional information concerning TASER common stock over a reasonable time frame, with the exception of customer names and/or identifying information.

## REQUEST NO. 14:

All blotters (or other records of original entry) showing all receipts and deliveries of TASER securities (including certificate numbers), including the account for which each such transaction was effected, the name and amount of securities, the unit and aggregate purchase or sale price, the trade date, and the name or other designation of the person from whom purchased or received or to whom sold or delivered. *See* 17 C.F.R. 240.17a-3(a)(1).

**RESPONSE TO REQUEST NO. 14**:

Morgan Stanley objects to this Request on the grounds that it is overly broad and unduly burdensome because it seeks documents pertaining to all transactions for a six-year period, is duplicative of other Requests and is not limited to common stock transactions in prime brokerage or proprietary accounts.  Morgan Stanley further objects to this Request on the ground that it seeks confidential personal or identifying information of its customers.  Subject to and without waiving the foregoing General Objections, which are incorporated herein by reference, and subject to and without waiving the foregoing specific objections, Morgan Stanley agrees to meet and confer with counsel for Plaintiffs, in good faith, to define a mutually acceptable set of data or documents, to the extent any exist, sufficient to show relevant and responsive transactional information concerning TASER common stock over a reasonable time frame, with the exception of customer names and/or identifying information.

**REQUEST NO. 15:**

All blotters (or other records of original entry) showing all receipts of cash and all other debits and credits related to TASER securities, including the account for which each such transaction was effected, the name and amount of securities, the unit and aggregate purchase or sale price, the trade date, and the name or other designation of the person from whom purchased or received or to whom sold or delivered. *See* 17 C.F.R. 240.17a-3(a)(1).

**RESPONSE TO REQUEST NO. 15**:

Morgan Stanley objects to this Request on the grounds that it is overly broad and unduly burdensome because it seeks documents concerning all transactions for a six-year period and is not limited to common stock transactions for prime brokerage or proprietary accounts.  Morgan Stanley also objects to this Request on the ground that it seeks confidential personal or identifying information of its customers. Subject to and without

waiving the foregoing General Objections, which are incorporated herein by reference, and subject to and without waiving the foregoing specific objections, Morgan Stanley agrees to meet and confer with counsel for Plaintiffs, in good faith, to define a mutually acceptable set of data or documents, to the extent any exist, sufficient to show relevant and responsive transactional information concerning TASER common stock over a reasonable time frame, with the exception of customer names and/or identifying information.

**REQUEST NO. 16:**

All data dictionaries, legends or other documents necessary to read and understand any databases or other electronic data produced in response to these or any other document Requests.

**RESPONSE TO REQUEST NO. 16:**

Morgan Stanley objects to this Request to the extent that it purports to require Morgan Stanley to create or generate documents that do not currently exist. Subject to and without waiving the foregoing General Objections, which are incorporated herein by reference, and subject to and without waiving the foregoing specific objection, Morgan Stanley will produce, as provided by stipulation or at such other time as may be permitted by the Court, documents sufficient to explain any databases produced by Morgan Stanley to the extent such documents or information exist.

**REQUEST NO. 17:**

All documents discussing or referencing short sales of TASER securities.

**RESPONSE TO REQUEST NO. 17:**

Morgan Stanley objects to this Request on the grounds that it is overly broad and unduly burdensome because it requests all documents discussing or referencing short sales of TASER securities and, as drafted, would require a search for electronic

communications and other documents of an undefined large number of individuals. Additionally, this Request also is overly broad and unduly burdensome because it is duplicative of Request No. 1, seeks information about all transactions for a six-year period and is not limited to common stock transactions in prime brokerage or proprietary accounts. Morgan Stanley also objects to this Request on the ground that it seeks confidential or proprietary information. Morgan Stanley further objects to the Request to the extent that it seeks information subject to the attorney-client privilege, attorney work product doctrine or any other applicable privilege. Subject to and without waiving the foregoing General Objections, which are incorporated herein by reference, and subject to and without waiving the foregoing specific objections, Morgan Stanley refers the documents responsive to Request No. 1 in response to this Request.

**REQUEST NO. 18:**

All documents discussing or referencing the amount of short interest in TASER securities.

**RESPONSE TO REQUEST NO. 18:**

Morgan Stanley objects to this Request on the grounds that it is overly broad and unduly burdensome because it requests all documents discussing or referencing the short interest in TASER securities and, as drafted, would require a search for electronic communications and other documents of an undefined large number of individuals. Morgan Stanley also objects to the use of undefined terms that are vague and ambiguous such as "the short interest in TASER securities." Morgan Stanley further objects to the Request to the extent that it seeks information subject to the attorney-client privilege, attorney work product doctrine or any other applicable privilege. Subject to and without waiving the foregoing General Objections, which are incorporated herein by reference,

22

and subject to and without waiving the foregoing specific objections, Morgan Stanley will produce, as provided by stipulation or at such other time as may be permitted by the Court, the short interest reports that it has provided to NASDAQ concerning TASER securities for a reasonable time period.

**REQUEST NO. 19:**

All documents discussing or referencing the availability of TASER securities.

**RESPONSE TO REQUEST NO. 19:**

Morgan Stanley objects to this Request on the grounds that it is overly broad and unduly burdensome because it requests all documents discussing or referencing the availability of TASER securities, is duplicative of other Requests, and, as drafted, would require a search for electronic communications and other documents of an undefined large number of individuals. Additionally, this Request is overly broad and unduly burdensome because it seeks information about the availability of TASER securities for a six-year period. Morgan Stanley also objects to this Request on the grounds that it is vague and ambiguous because the phrase "the availability of TASER securities" is not defined. Morgan Stanley further objects to this Request on the ground that it seeks confidential or proprietary information. Finally, Morgan Stanley objects to the Request to the extent that it seeks information subject to the attorney-client privilege, attorney work product doctrine or any other applicable privilege. Subject to and without waiving the foregoing General Objections, which are incorporated herein by reference, and subject to and without waiving the foregoing specific objections, Morgan Stanley will produce, as provided by stipulation or at such other time as may be permitted by the Court, non-privileged documents or information from its centralized stock loan system concerning the availability of TASER common stock for a reasonable time period.

23

**REQUEST NO. 20:**

All documents discussing or referencing the borrowing or loaning of TASER securities.

**RESPONSE TO REQUEST NO. 20:**

Morgan Stanley objects to this Request on the grounds that it is overly broad and unduly burdensome because it requests all documents for a six-year period discussing or referencing the borrowing of TASER securities, is duplicative of other Requests, and, as drafted, would require a search for electronic communications and other documents of an undefined large number of individuals. Morgan Stanley also objects to this Request on the ground that it seeks confidential or proprietary information. Morgan Stanley further objects to the Request to the extent that it seeks confidential personal or identifying information of its customers. Finally, Morgan Stanley objects to the Request to the extent that it seeks information subject to the attorney-client privilege, attorney work product doctrine or any other applicable privilege. Subject to and without waiving the foregoing General Objections, which are incorporated herein by reference, and subject to and without waiving the foregoing specific objections, Morgan Stanley will produce, as provided by stipulation or at such other time as may be permitted by the Court, non-privileged documents or information from its centralized stock loan system sufficient to show borrowing or loan activity for TASER common stock for a reasonable time period.

**REQUEST NO. 21:**

All documents discussing or referencing the delivery, or failure to deliver, of TASER securities.

24

**RESPONSE TO REQUEST NO. 21:**

Morgan Stanley objects to this Request on the grounds that it is overly broad and unduly burdensome because it requests all documents for a six-year period discussing or referencing the delivery, or failure to deliver TASER securities and, as drafted, would require a search for electronic communications and other documents of an undefined large number of individuals. Additionally, this Request is overly broad and unduly burdensome because it seeks information about all transactions for a six-year period and is not limited to prime brokerage or proprietary transactions. Morgan Stanley also objects to this Request on the ground that it seeks confidential or proprietary information. Morgan Stanley further objects to this Request to the extent that it seeks confidential personal or identifying information of its customers. Morgan Stanley also objects to the Request to the extent that it seeks information subject to the attorney-client privilege, attorney work product doctrine or any other applicable privilege. Subject to and without waiving the foregoing General Objections, which are incorporated herein by reference, and subject to and without waiving the foregoing specific objections, Morgan Stanley will produce, as provided by stipulation or at such other time as may be permitted by the Court, non-privileged documents sufficient to show the delivery or failure to deliver of TASER common stock within the CNS system for a reasonable time period, such as the CNS Accounting Summaries, CNS Fail Reports, daily stock records or daily stock position data.

**REQUEST NO. 22:**

All documents discussing or referencing the impact, effect or result of failing to deliver TASER securities by the settlement date.

**RESPONSE TO REQUEST NO. 22:**

      Morgan Stanley objects to this Request on the grounds that it is overly broad and

unduly burdensome because it requests all documents discussing or referencing the

impact, effect or result of failing to deliver TASER securities for a six-year period, is not

limited to common stock transactions in prime brokerage or proprietary accounts and is

duplicative of other Requests.  Morgan Stanley also objects to this Request on the

grounds that the phrase "the impact, effect or result of failing to deliver TASER

Securities by the settlement date" is vague and ambiguous.  Morgan Stanley further

objects to the Request to the extent that it seeks information subject to the attorney-client

privilege, attorney work product doctrine or any other applicable privilege.  Subject to

and without waiving the foregoing General Objections, which are incorporated herein by

reference, and subject to and without waiving the foregoing specific objections, Morgan

Stanley agrees to meet and confer with Plaintiffs, in good faith, to determine what non-

privileged responsive documents, if any, sought by Plaintiffs could be produced by

Morgan Stanley in response to this Request.

**REQUEST NO. 23:**

All documents discussing or referencing the amount of profit made or money lost through
the short sale (either directly for proprietary accounts or indirectly for customers or
partners) of TASER securities.

**RESPONSE TO REQUEST NO. 23:**

      Morgan Stanley objects to this Request on the grounds that it seeks documents or

information not relevant to the claims or defenses of any party and/or not reasonably

calculated to lead to the discovery of admissible evidence.  Additionally, Morgan Stanley

objects to the use of undefined terms that are vague and ambiguous, such as "partners."

Morgan Stanley also objects to this Request on the grounds that it is overly broad and

unduly burdensome because it seeks all documents for a six-year period, is not limited to

common stock transactions in prime brokerage or proprietary accounts, and appears to

request, at a minimum, the account statements, confirmations, and all other trading

records for every account that engaged in short sales of TASER, which involves the

review of hundreds, if not thousands, of accounts.  Morgan Stanley further objects to this

Request on the grounds that it seeks confidential or proprietary information and/or the

personal or identifying information of its customers.  Subject to and without waiving the

foregoing General Objections, which are incorporated herein by reference, and subject to

and without waiving the foregoing specific objections, Morgan Stanley agrees to meet

and confer with counsel for Plaintiffs, in good faith, to determine what non-privileged

responsive documents, if any, sought by Plaintiffs could be produced by Morgan Stanley

in response to this Request.

**REQUEST NO. 24:**

All documents discussing or referencing the amount of revenues and/or profits received
in connection with borrowing or loaning TASER securities.

**RESPONSE TO REQUEST NO. 24:**

Morgan Stanley objects to this Request on the grounds that it seeks documents or

information not relevant to the claims or defenses of any party and/or not reasonably

calculated to lead to the discovery of admissible evidence.  Morgan Stanley also objects

to this Request on the grounds that it is overly broad and unduly burdensome because it

seeks all documents for a six-year period.  Morgan Stanley further objects to this Request

on the ground that it seeks confidential or proprietary information.  Subject to and

without waiving the foregoing General Objections, which are incorporated herein by

reference, and subject to and without waiving the foregoing specific objections, Morgan

Stanley agrees to meet and confer with Plaintiffs, in good faith, to determine what non-privileged responsive documents, if any, sought by Plaintiffs could be produced by Morgan Stanley in response to this Request.

## REQUEST NO. 25:

All documents, including emails, discussing whether you are in compliance with (or in violation of) all laws, rules and regulations regarding short selling, including, but not limited to, whether you are in compliance with (or in violation of) short selling laws, rules and regulations with respect to TASER securities.

## RESPONSE TO REQUEST NO. 25:

Morgan Stanley objects to this Request on the grounds that it seeks documents or information not relevant to the claims or defenses of any party and/or not reasonably calculated to lead to the discovery of admissible evidence because it is not limited to transactions involving TASER securities.  Morgan Stanley also objects to this Request on the grounds that it is overly broad and unduly burdensome because it seeks all documents for a six-year period regarding short sale compliance.  Morgan Stanley further objects to the Request to the extent that it seeks information subject to the attorney-client privilege, attorney work product doctrine or any other applicable privilege.  Subject to and without waiving the foregoing General Objections, which are incorporated herein by reference, and subject to and without waiving the foregoing specific objections, Morgan Stanley agrees to meet and confer with Plaintiffs, in good faith, to determine what non-privileged responsive documents, if any, sought by Plaintiffs could be produced by Morgan Stanley in response to this Request.

## REQUEST NO. 26:

All documents, including emails, discussing whether you are in compliance with Regulation SHO with respect to TASER securities.

**RESPONSE TO REQUEST NO. 26**:

Morgan Stanley objects to this Request on the grounds that it is overly broad and unduly burdensome because it seeks all documents for a six-year period. Morgan Stanley also objects to the Request to the extent that it seeks information subject to the attorney-client privilege, attorney work product doctrine or any other applicable privilege. Further, Morgan Stanley objects to this Request on the ground that it is duplicative of other Requests. Subject to and without waiving the foregoing General Objections, which are incorporated herein by reference, and subject to and without waiving the foregoing specific objections, Morgan Stanley agrees to meet and confer with Plaintiffs, in good faith, to determine what non-privileged responsive documents, if any, sought by Plaintiffs could be produced by Morgan Stanley in response to this Request.

**REQUEST NO. 27**:

All documents, including emails, sent or received from any of the defendants discussing TASER securities, including, but not limited to, the delivery of TASER securities or the short sale of TASER securities.

**RESPONSE TO REQUEST NO. 27**:

Morgan Stanley objects to this Request on the grounds that it is overly broad and unduly burdensome because it seeks all documents for a six-year period discussing TASER securities, which appears to include every document that mentions TASER securities and, as drafted, conceivably requires the search of every employee's electronic communications and other documents. Additionally, the Request is overly broad and unduly burdensome because it is not limited to prime brokerage or proprietary accounts or transactions and is duplicative of other Requests. Morgan Stanley further objects to the Request to the extent that it seeks information subject to the attorney-client privilege, attorney work product doctrine or any other applicable privilege. Subject to and without

waiving the foregoing General Objections, which are incorporated herein by reference,
and subject to and without waiving the foregoing specific objections, Morgan Stanley
agrees to meet and confer with Plaintiffs, in good faith, to determine what non-privileged
responsive documents, if any, sought by Plaintiffs could be produced by Morgan Stanley
in response to this Request.

**REQUEST NO. 28:**

All correspondence to and from the DTCC (including its subsidiaries and affiliates such
as the NSCC) relating to or discussing TASER securities.

**RESPONSE TO REQUEST NO. 28:**

Morgan Stanley objects to this Request on the grounds that it seeks documents or
information not relevant to the claims or defenses of any party and/or not reasonably
calculated to lead to the discovery of admissible evidence because it seeks all
correspondence and is not limited to the specific claims in this litigation.  Morgan Stanley
further objects to this Request on the grounds that it is overly broad and unduly
burdensome because it seeks all documents for a six-year period.  Further, Morgan
Stanley objects to this Request to the extent that it seeks documents that are not within
Morgan Stanley's knowledge, possession, custody or control.  Subject to and without
waiving the foregoing General Objections, which are incorporated herein by reference,
and subject to and without waiving the foregoing specific objections, Morgan Stanley
agrees to meet and confer with Plaintiffs, in good faith, to determine what non-privileged
responsive documents, if any, sought by Plaintiffs could be produced by Morgan Stanley
in response to this Request.

**REQUEST NO. 29:**

All documents or data reflecting the number of TASER securities you loaned during the
Time Period.

**RESPONSE TO REQUEST NO. 29:**

Morgan Stanley objects to this Request on the grounds that it is overly broad and unduly burdensome because it seeks all documents for a seven-year period and is duplicative of other Requests. Morgan Stanley further objects to this Request on the ground that it seeks confidential or proprietary information. Subject to and without waiving the foregoing General Objections, which are incorporated herein by reference, and subject to and without waiving the foregoing specific objections, Morgan Stanley will conduct a reasonably diligent search for and will produce, as provided by stipulation or at such other time as may be permitted by the Court, non-privileged documents or information sufficient to show the number of shares of TASER common stock that Morgan Stanley loaned for a reasonable time period, to the extent Morgan Stanley is able to locate such documents or information.

**REQUEST NO. 30:**

All documents and data reflecting the number of TASER securities you borrowed during Time Period.

**RESPONSE TO REQUEST NO. 30:**

Morgan Stanley objects to this Request on the grounds that it is overly broad and unduly burdensome because it seeks all documents for a seven-year period and is duplicative of other requests. Morgan Stanley further objects to this Request on the ground that it seeks confidential or proprietary information. Subject to and without waiving the foregoing General Objections, which are incorporated herein by reference, and subject to and without waiving the foregoing specific objections, Morgan Stanley will conduct a reasonably diligent search for and produce, as provided by stipulation or at such other time as may be permitted by the Court, non-privileged documents or data in its

31

possession, custody, and control sufficient to show the number of shares of TASER

common stock that Morgan Stanley borrowed for a reasonable time period, to the extent

that Morgan Stanley is able to locate such documents or data.

**REQUEST NO. 31:**

All documents and data discussing and/or reflecting the amount of fees, costs, interest and/or commissions you charged for the borrowing or loaning of TASER securities.

**RESPONSE TO REQUEST NO. 31:**

Morgan Stanley objects to this Request on the grounds that it seeks documents or

information not relevant to the claims or defenses of any party and/or not reasonably

calculated to lead to the discovery of admissible evidence. Morgan Stanley further

objects to this Request on the grounds that it is overly broad and unduly burdensome

because it seeks all documents for a six-year period, is not limited to prime brokerage or

proprietary transactions and is duplicative or cumulative of other requests. Morgan

Stanley also objects to this Request on the ground that it seeks confidential or proprietary

information. Subject to and without waiving the foregoing General Objections, which are

incorporated herein by reference, and subject to and without waiving the foregoing

specific objections, Morgan Stanley agrees to meet and confer with Plaintiffs, in good

faith, to determine what non-privileged responsive documents, if any, sought by Plaintiffs

could be produced by Morgan Stanley in response to this Request.

**REQUEST NO. 32:**

All analyses, ratings, recommendations, reports, memoranda, opinions or other documents created by the defendant or on the defendant's behalf discussing TASER securities.

**RESPONSE TO REQUEST NO. 32:**

Morgan Stanley objects to this Request on the grounds that it seeks documents or information not relevant to the claims or defenses of any party and/or not reasonably calculated to lead to the discovery of admissible evidence. Morgan Stanley further objects to this Request on the grounds that it is overly broad and unduly burdensome because it appears to seek all documents for a six-year period that in any way discuss TASER securities. Morgan Stanley also objects to this Request on the ground that it seeks confidential or proprietary information. Subject to and without waiving the foregoing General Objections, which are incorporated herein by reference, and subject to and without waiving the foregoing specific objections, Morgan Stanley will conduct a reasonably diligent search for and produce, as provided by stipulation or at such other time as may be permitted by the Court, all published analyst reports or recommendations concerning TASER or its common stock created by Morgan Stanley in its possession, custody, and control for a reasonable time period, to the extent Morgan Stanley is able to locate such documents.

**REQUEST NO. 33:**

Documents reflecting any settlement services resulting from trading activity in TASER securities, including data transmitted through the Securities Industry Automation Corporation ("SAIC") [*sic*], or to or from the National Securities Clearing Corporation ("NSCC"), the Depository Trust Company ("DTC"), the Depository Trust and Clearing Corporation ("DTCC"), or any market participant, exchange, clearing firm, custodian, depository, market maker or broker-dealer, both foreign and domestic.

**RESPONSE TO REQUEST NO. 33:**

Morgan Stanley objects to this Request on the grounds that it is overly broad and unduly burdensome because it seeks numerous reports regarding the settlement of all transactions for a six-year period, is duplicative or cumulative of other Requests and is

not limited to prime brokerage or proprietary transactions.  Morgan Stanley further

objects to the use of undefined phrases or terms that are vague and ambiguous, such as

"any settlement services."  Further, Morgan Stanley objects to this Request to the extent

that it seeks documents that are not within Morgan Stanley's knowledge, possession,

custody or control.  Subject to and without waiving the foregoing General Objections,

which are incorporated herein by reference, and subject to and without waiving the

foregoing specific objections, Morgan Stanley agrees to meet and confer with Plaintiffs,

in good faith, to determine what non-privileged responsive documents, if any, sought by

Plaintiffs could be produced by Morgan Stanley in response to this Request.

**REQUEST NO. 34:**

Documents discussing, referring to or evidencing any irregular stock trading and/or
irregular share accounting in TASER securities.

**RESPONSE TO REQUEST NO. 34:**

Morgan Stanley objects to this Request on the grounds that the phrase "any

irregular stock trading and/or irregular share accounting" is vague and ambiguous.

Morgan Stanley also objects to the request to the extent that it seeks information subject

to the attorney-client privilege, attorney work product doctrine or any other applicable

privilege.  Morgan Stanley further objects to this Request on the grounds that it is overly

broad and unduly burdensome because it seeks documents for a six-year period and, as

drafted, conceivably requires the search of every employee's electronic communications

and other documents.  Subject to and without waiving the foregoing General Objections,

which are incorporated herein by reference, and subject to and without waiving the

foregoing specific objections, Morgan Stanley agrees to meet and confer with Plaintiffs,

in good faith, to determine what non-privileged responsive documents, if any, sought by

Plaintiffs could be produced by Morgan Stanley in response to this Request.

**REQUEST NO. 35:**

Documents or reports evidencing or discussing actual market trading in TASER
securities as compared with actual settlements of TASER securities.

**RESPONSE TO REQUEST NO. 35:**

Morgan Stanley objects to this Request on the grounds that the Request is vague

and ambiguous.  Morgan Stanley further objects to the request to the extent that it seeks

information subject to the attorney-client privilege, attorney work product doctrine or any

other applicable privilege.  Subject to and without waiving the foregoing General

Objections, which are incorporated herein by reference, and subject to and without

waiving the foregoing specific objections, Morgan Stanley agrees to meet and confer

with Plaintiffs, in good faith, to determine what non-privileged responsive documents, if

any, sought by Plaintiffs could be produced by Morgan Stanley in response to this

Request.

**REQUEST NO. 36:**

Documents or reports discussing or evidencing suspicious transactional activity in
TASER securities as defined by regulations and industry standards.

**RESPONSE TO REQUEST NO. 36:**

Morgan Stanley objects to this Request on the grounds that the phrases

"suspicious transactional activity in TASER securities" and "regulations and industry

standards" are vague and ambiguous.  Morgan Stanley also objects to this Request on the

grounds that it is overly broad and unduly burdensome because it seeks documents

concerning all transactions for a six-year period and is not limited to common stock

transactions in prime brokerage or proprietary accounts.  Morgan Stanley further objects

to this Request to the extent that it seeks documents protected by the attorney-client privilege, attorney work product doctrine or any other applicable privilege. Finally, Morgan Stanley objects to this Request on the grounds that it seeks documents or information not relevant to the claims or defenses of any party and/or not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing General Objections, which are incorporated herein by reference, and subject to and without waiving the foregoing specific objections, Morgan Stanley agrees to meet and confer with Plaintiffs, in good faith, to determine what non-privileged responsive documents, if any, sought by Plaintiffs could be produced by Morgan Stanley in response to this Request.

**REQUEST NO. 37:**

Documents discussing or evidencing any actions, notice or inquiries of the ECN's participants in regards to short selling of TASER securities.

**RESPONSE TO REQUEST NO. 37:**

Morgan Stanley objects to this Request on the grounds that the Request is vague and ambiguous. Subject to and without waiving the foregoing General Objections, which are incorporated herein by reference, and subject to and without waiving the foregoing specific objections, Morgan Stanley agrees to meet and confer with Plaintiffs, in good faith, to determine what non-privileged responsive documents, if any, sought by Plaintiffs could be produced by Morgan Stanley in response to this Request.

**REQUEST NO. 38:**

Documents received from or sent to any securities agencies, bodies or regulators (including, but not limited to, the SEC or NASDAQ) relating to TASER securities.

36

**RESPONSE TO REQUEST NO. 38:**

Morgan Stanley objects to this Request on the grounds that it is overly broad and unduly burdensome because it seeks all documents relating to TASER securities and is not limited to documents concerning short sales of TASER securities. Morgan Stanley further objects to this Request to the extent that it seeks material subject to confidentiality or non-disclosure agreements or requirements. Further, Morgan Stanley objects to this Request to the extent that it seeks documents that are not within Morgan Stanley's possession, custody or control. Finally, Morgan Stanley objects to this Request on the grounds that it seeks documents or information not relevant to the claims or defenses of any party and/or not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing General Objections, which are incorporated herein by reference, and subject to and without waiving the foregoing specific objections, Morgan Stanley agrees to meet and confer with Plaintiffs, in good faith, to determine what non-privileged responsive documents, if any, sought by Plaintiffs could be produced by Morgan Stanley in response to this Request.

**REQUEST NO. 39:**

Documents reflecting or evidencing the failure to deliver shares of TASER securities (i.e., leaving the trade uncovered, naked short sale).

**RESPONSE TO REQUEST NO. 39:**

Morgan Stanley objects to this Request on the ground that it is duplicative of other Requests. Subject to and without waiving the foregoing General Objections, which are incorporated herein by reference, and subject to and without waiving the foregoing specific objection, Morgan Stanley will produce, as provided by stipulation or at such other time as may be permitted by the Court, non privileged documents sufficient to show

failures to deliver in TASER common stock within the CNS system for a reasonable time period, such as CNS Accounting Summaries, CNS Fail Reports, daily stock records, or daily stock position data.

**REQUEST NO. 40:**

Documents reflecting or discussing any fines or sanctions levied that in any way involve or relate to TASER securities.

**RESPONSE TO REQUEST NO. 40:**

Morgan Stanley objects to this Request on the grounds that it seeks documents or information not relevant to the claims or defenses of any party and/or not reasonably calculated to lead to the discovery of admissible evidence. Morgan Stanley also objects to this Request to the extent that it seeks information protected by the attorney-client privilege, attorney work product doctrine or any other applicable privilege. Morgan Stanley further objects to this Request to the extent that it seeks documents that are not within Morgan Stanley's knowledge, possession, custody or control, or to the extent that it seeks publicly available information that can be obtained by Plaintiffs themselves. Subject to and without waiving the foregoing General Objections, which are incorporated herein by reference, and subject to and without waiving the foregoing specific objections, Morgan Stanley will conduct a reasonably diligent search for and will produce, as provided by stipulation or at such other time as may be permitted by the Court, non-privileged documents, if any, sufficient to identify any fines or sanctions expressly relating to or discussing TASER securities for a reasonable time period, to the extent that Morgan Stanley is able to locate such documents.

**REQUEST NO. 41:**

Documents reflecting or discussing any fines or sanctions levied relating to improperly marking short sales as longs.

38

**RESPONSE TO REQUEST NO. 41**:

  Morgan Stanley objects to this Request on the grounds that it seeks documents or information not relevant to the claims or defenses of any party and/or not reasonably calculated to lead to the discovery of admissible evidence, is overly broad and unduly burdensome to the extent that it is not limited to transactions in TASER and is duplicative of other Requests. Morgan Stanley also objects to this Request to the extent that it seeks information protected by the attorney-client privilege, attorney work product doctrine or any other applicable privilege. Further, Morgan Stanley objects to this Request to the extent that it seeks documents that are not within Morgan Stanley's possession, custody or control or to the extent that this Request seeks publicly available information that can be obtained by Plaintiffs themselves. Subject to and without waiving the foregoing General Objections, which are incorporated herein by reference, and subject to and without waiving the foregoing specific objections, Morgan Stanley will conduct a reasonably diligent search for and will produce, as provided by stipulation or at such other time as may be permitted by the Court, non-privileged documents, if any, sufficient to identify any fines or sanctions relating to improperly marking short sales of TASER common stock as longs for a reasonable time period, to the extent that Morgan Stanley is able to locate such documents.

**REQUEST NO. 42:**

Documents reflecting or discussing any fines or sanctions levied relating to creating, distributing or submitted inaccurate or false short interest reports.

**RESPONSE TO REQUEST NO. 42:**

  Morgan Stanley objects to this Request on the grounds that it seeks documents or information not relevant to the claims or defenses of any party and/or not reasonably

39

calculated to lead to the discovery of admissible evidence, is overly broad and unduly

burdensome to the extent that it is not limited to transactions in TASER and is duplicative

of other Requests.  Morgan Stanley also objects to this Request to the extent that it seeks

information protected by the attorney-client privilege, attorney work product doctrine or

any other applicable privilege.  Further, Morgan Stanley objects to this Request to the

extent that it seeks documents that are not within Morgan Stanley's possession, custody

or control or to the extent that this Request seeks publicly available information that can

be obtained by Plaintiffs themselves.  Subject to and without waiving the foregoing

General Objections, which are incorporated herein by reference, and subject to and

without waiving the foregoing specific objections, Morgan Stanley will conduct a

reasonably diligent search for and will produce, as provided by stipulation or at such

other time as may be permitted by the Court, non-privileged documents, if any, sufficient

to identify any fines or sanctions levied relating to "creating, distributing or submitted

inaccurate or false short interest reports" concerning TASER common stock for a

reasonable time period, to the extent that Morgan Stanley is able to locate such

documents.

**REQUEST NO. 43:**

Documents reflecting or discussing any fines or sanctions levied relating to short sales,
including, but not limited to, failing to deliver shares of a stock sold short (i.e., failing to
cover a trade, naked short selling).

**RESPONSE TO REQUEST NO. 43:**

Morgan Stanley objects to this Request on the grounds that it seeks documents or

information not relevant to the claims or defenses of any party and/or not reasonably

calculated to lead to the discovery of admissible evidence, is overly broad and unduly

burdensome to the extent that it is not limited to transactions in TASER and is duplicative

of other Requests. Morgan Stanley also objects to this Request to the extent that it seeks

information protected by the attorney-client privilege, attorney work product doctrine or

any other applicable privilege. Further, Morgan Stanley objects to this Request to the

extent that it seeks documents that are not within Morgan Stanley's possession, custody

or control or to the extent that this Request seeks publicly available information that can

be obtained by Plaintiffs themselves. Subject to and without waiving the foregoing

General Objections, which are incorporated herein by reference, and subject to and

without waiving the foregoing specific objections, Morgan Stanley will conduct a

reasonably diligent search for and will produce, as provided by stipulation or at such

other time as may be permitted by the Court, non-privileged documents, if any, sufficient

to identify any fines or sanctions levied relating to short sales of TASER common stock

for a reasonable time period, including but not limited to, failing to deliver shares of

stock sold short, to the extent that Morgan Stanley is able to locate such documents.

**REQUEST NO. 44:**

Documents discussing requesting, or the failure to request, the delivery or "buy in" of
TASER securities.

**RESPONSE TO REQUEST NO. 44:**

Morgan Stanley objects to this Request on the grounds that it is overly broad and

unduly burdensome because it appears to request all documents regarding buy-ins for

TASER securities for a six-year period, is duplicative of other Requests, and, as drafted,

would require a search for electronic communications and other documents of an

undefined large number of individuals. Subject to and without waiving the foregoing

General Objections, which are incorporated herein by reference, and subject to and

without waiving the foregoing specific objections, Morgan Stanley will produce, as

provided by stipulation or at such other time as may be permitted by the Court, non-
privileged documents in its possession, custody, and control sufficient to show executed
"buy-ins" of TASER common stock for a reasonable time period.

**REQUEST NO. 45:**

All documents referenced in or in support of any responses you provide to interrogatories
or requests for admission served by plaintiffs.

**RESPONSE TO REQUEST NO. 45:**

      Morgan Stanley objects to this Request to the extent that it seeks documents or
information protected by the attorney-client privilege, attorney work product doctrine or
any other applicable privilege.  Subject to and without waiving the foregoing General
Objections, which are incorporated herein by reference, and subject to and without
waiving the foregoing specific objections, Morgan Stanley will produce as provided by
stipulation or at such other time as may be permitted by the Court, responsive non-
privileged documents referenced in or in support of any responses to Plaintiffs'
interrogatories or requests for admission once Morgan Stanley responds to Plaintiffs'
interrogatories or requests for admission.

**REQUEST NO. 46:**

All documents supporting any responses or affirmative defenses set forth in your Answer.

**RESPONSE TO REQUEST NO. 46:**

      Morgan Stanley objects to this Request to the extent that it seeks documents or
information protected by the attorney-client privilege, attorney work product doctrine or
any other applicable privilege.  Subject to and without waiving the foregoing General
Objections, which are incorporated herein by reference, and subject to and without
waiving the foregoing specific objections, Morgan Stanley will produce, as provided by

stipulation or at such other time as may be permitted by the Court, responsive non-privileged documents supporting any responses or affirmative defenses set forth in Morgan Stanley's Answer.

**REQUEST NO. 47:**

Documents reflecting or discussing any fines or sanctions levied relating to failing to make affirmative determination prior to effecting short sales and failing to ensure compliance that delivery is made on or before the settlement date.

**RESPONSE TO REQUEST NO. 47:**

Morgan Stanley objects to this Request on the grounds that it seeks documents or information not relevant to the claims or defenses of any party and/or not reasonably calculated to lead to the discovery of admissible evidence, is overly broad and unduly burdensome to the extent that it is not limited to transactions in TASER and is duplicative of other Requests. Morgan Stanley also objects to this Request to the extent that it seeks information protected by the attorney-client privilege, attorney work product doctrine or any other applicable privilege. Further, Morgan Stanley objects to this Request to the extent that it seeks documents that are not within Morgan Stanley's possession, custody or control or to the extent that this Request seeks publicly available information that can be obtained by Plaintiffs themselves. Subject to and without waiving the foregoing General Objections, which are incorporated herein by reference, and subject to and without waiving the foregoing specific objections, Morgan Stanley will conduct a reasonably diligent search for and will produce, as provided by stipulation or at such other time as may be permitted by the Court, non-privileged documents, if any, sufficient to identify any fines or sanctions levied relating to failing to make affirmative determination prior to effecting short sales of TASER common stock and failing to

ensure compliance that delivery is made on or before the settlement date for a reasonable time period, to the extent that Morgan Stanley is able to locate such documents.

**REQUEST NO. 48:**

For the time period, all documents reflecting or discussing any open, fail or fail to deliver positions with respect to TASER securities.

**RESPONSE TO REQUEST NO. 48:**

Morgan Stanley objects to this Request on the grounds that it is overly broad and unduly burdensome because it seeks all documents reflecting or discussing any open, fail or fail to deliver positions with respect to TASER securities for a seven-year period, is duplicative of other requests and is not limited to common stock transactions in prime brokerage or proprietary accounts. Morgan Stanley further objects to this Request on the ground that it seeks information protected by the attorney-client privilege, attorney work product doctrine or any other applicable privilege. Subject to and without waiving the foregoing General Objections, which are incorporated herein by reference, and subject to and without waiving the foregoing specific objections, Morgan Stanley will produce, as provided by stipulation or at such other time as may be permitted by the Court, documents sufficient to show fails to deliver TASER common stock within the CNS system for a reasonable time period, such as CNS Accounting Summaries, CNS Fail Reports, daily stock records or daily stock position data.

**REQUEST NO. 49:**

Documents or data discussing, referencing or comparing the number of TASER securities beneficially owned relative to the number of TASER securities held at the DTCC (either at an individual company or broader level).

44

**RESPONSE TO REQUEST NO. 49**:

Morgan Stanley objects to this Request on the grounds that it is overly broad and

unduly burdensome because it seeks all documents for a six-year period, is duplicative of

other Requests, and is not limited to common stock transactions in prime brokerage or

proprietary accounts.  Morgan Stanley also objects to this Request on the ground that the

phrase "either at an individual company or broader level" is vague and ambiguous.

Subject to and without waiving the foregoing General Objections, which are incorporated

herein by reference, and subject to and without waiving the foregoing specific objections,

Morgan Stanley refers to the documents responsive to Request No. 9 in response to this

Request.

**REQUEST NO. 50**:

Documents discussing or referencing large or unusually high volume trading of TASER
securities.

**RESPONSE TO REQUEST NO. 50**:

Morgan Stanley objects to this Request on the grounds that it seeks disclosure of

information not relevant to the claims or defenses of any party and/or not reasonably

calculated to lead to the discovery of admissible evidence.  Morgan Stanley also objects

to this Request on the grounds that the phrase "large or unusually high volume" is vague

and ambiguous.  Morgan Stanley further objects to this Request on the grounds that it is

overly broad and unduly burdensome because it seeks documents for a six-year period

and, as drafted, conceivably requires the search of every employee's electronic

communications and other documents.  Finally, Morgan Stanley objects to this Request to

the extent that it seeks information protected by the attorney-client privilege, attorney

work product doctrine or any other applicable privilege.  Subject to and without waiving

the foregoing General Objections, which are incorporated herein by reference, and subject to and without waiving the foregoing specific objections, Morgan Stanley agrees to meet and confer with Plaintiffs, in good faith, to determine what non-privileged responsive documents, if any, sought by Plaintiffs could be produced by Morgan Stanley in response to this Request.

**REQUEST NO. 51:**

Documents discussing potential changes to SEC rules and/or regulations regarding short sales.

**RESPONSE TO REQUEST NO. 51:**

Morgan Stanley objects to this Request on the ground that it seeks information protected by the attorney-client privilege, attorney work product doctrine or any other applicable privilege. Morgan Stanley also objects to the use of undefined terms or phrases that are vague and ambiguous, such as "potential changes." Subject to and without waiving the foregoing General Objections, which are incorporated herein by reference, and subject to and without waiving the foregoing specific objections, Morgan Stanley will produce, as provided by stipulation or at such other time as may be permitted by the Court, its compliance policies concerning Regulation SHO for a reasonable time period.

**REQUEST NO. 52:**

Documents relied upon by any experts you may hire in this matter.

**RESPONSE TO REQUEST NO. 52:**

Morgan Stanley objects to this Request to the extent that it seeks documents or information protected by the attorney-client privilege, attorney work product doctrine or any other applicable privilege. Morgan Stanley further objects to this Request on the

ground that it is premature. Morgan Stanley also objects to this Request to the extent that it seeks information other than information required to be provided by O.C.G.A. § 9-11-26(b) with respect to the experts that Morgan Stanley expects to call as witnesses at trial. Subject to and without waiving the foregoing General Objections, which are incorporated herein by reference, and subject to and without waiving the foregoing specific objections, Morgan Stanley will produce, as provided by stipulation or at such other time as may be permitted by the Court, documents subject to the parameters of discovery of experts that Morgan Stanley expects to call as witnesses at trial, as provided by the Official Code of Georgia.

**REQUEST NO. 53:**

Documents you receive from any third party relating to or arising out of this litigation.

**RESPONSE TO REQUEST NO. 53:**

Morgan Stanley objects to this Request to the extent that it seeks information protected by the attorney-client privilege, attorney work product doctrine or any other applicable privilege. Subject to and without waiving the foregoing General Objections, which are incorporated herein by reference, and subject to and without waiving the foregoing specific objections, Morgan Stanley will produce, as provided by stipulation or at such other time as may be permitted by the Court, any documents it receives from a third party pursuant to any subpoena it serves on any third party in connection with this litigation.

**REQUEST NO. 54:**

Please produce organizational charts for the Time Period.

**RESPONSE TO REQUEST NO. 54:**

Morgan Stanley objects to this Request on the grounds that it is vague, ambiguous, overly broad and unduly burdensome because it seeks documents for a seven-year period and it does not identify the specific divisions or business units requested.  Subject to and without waiving the foregoing General Objections, which are incorporated herein by reference, and subject to and without waiving the foregoing specific objections, Morgan Stanley will conduct a reasonably diligent search for and will produce, as provided by stipulation or at such other time as may be permitted by the Court, organizational charts in its possession, custody, and control related to prime brokerage and stock loan operations for a reasonable time period, to the extent such documents exist.

Dated:  October 3, 2008

Robert F. Wise, Jr. (admitted *pro hac vice*)
William J. Fenrich (admitted *pro hac vice*)
Melissa T. Aoyagi (admitted *pro hac vice*)

DAVIS POLK & WARDWELL
450 Lexington Avenue
New York, NY  10017
Tel: (212) 450-4000
Fax: (212) 450-3800

*Attorneys for Morgan Stanley & Co. Incorporated*

48

Richard H. Sinkfield
Georgia Bar No. 649100
ROGERS & HARDIN LLP
2700 International Tower
229 Peachtree Street, NE
Atlanta, GA  30303-1601

*Attorneys for Defendants Morgan Stanley & Co.*
*Incorporated; The Goldman Sachs Group, Inc.;*
*Bear Stearns Capital Markets, Inc.; Bear Stearns & Co., Inc.;*
*The Bear Stearns Companies Inc.; Merrill Lynch, Pierce, Fenner & Smith, Inc.;*
*Deutsche Bank Securities Inc.; Credit Suisse USA, Inc.;*
*Bank of America Securities LLC; and UBS Securities, LLC*

## IN THE STATE COURT OF FULTON COUNTY
## STATE OF GEORGIA

TASER INTERNATIONAL, INC.,     )
*et al.*,     )
     )
     **Plaintiffs,**     )
     )
v.     )     **CIVIL ACTION FILE NO.**
     )     **2008-EV-004739-B**
MORGAN STANLEY & CO., INC.,     )
GOLDMAN SACHS GROUP, INC.,     )
BEAR STEARNS CAPITAL     )
MARKETS, INC., BEAR STEARNS &     )
CO., INC., THE BEAR STEARNS     )
COMPANIES, INC., MERRILL     )
LYNCH, PIERCE, FENNER & SMITH,     )
INC., DEUTSCHE BANK SECURITIES, )
INC., CREDIT SUISSE USA, INC.,     )
BANC OF AMERICA SECURITIES,     )
LLC, and UBS SECURITIES, LLC,     )
     )
     **Defendants.**     )
_____)

## CERTIFICATE OF SERVICE

       I hereby certify that on this 3rd day of October, 2008, true and correct copies of

Defendant Morgan Stanley & Co. Incorporated's Responses and Objections to Plaintiffs' First

Requests for Production of Documents to Each Defendant were served via U.S. Mail postage

prepaid upon the following attorneys of record:

ATTORNEYS FOR PLAINTIFFS

     John E. Floyd, Esq.
     Steven J. Rosenwasser, Esq.
     Bondurant, Mixson & Elmore, LLP
     3900 One Atlantic Center
     1201 West Peachtree Street, N.W.
     Atlanta, Georgia  30309

James W. Christian, Esq.
Christian, Smith & Jewell LLP
2302 Fannin, Suite 500
Houston, Texas  77002

John O'Quinn, Esq.
The O'Quinn Law Firm
440 Louisiana Street, Suite 2300
Houston, Texas  77002

And via electronic mail upon the following attorneys of record:

ATTORNEYS FOR DEFENDANTS

Richard H. Sinkfield, Esq.
Rogers & Hardin LLP
2700 International Tower
Atlanta, GA  30303
rsinkfield@rh-law.com

Andrew J. Frackman, Esq.
O'Melveny & Myers LLP
Times Square Tower
7 Times Square
New York, NY  10036
afrackman@omm.com

Harry Frischer, Esq.
Proskauer Rose LLP
1585 Broadway
New York, NY  10036
hfrischer@proskauer.com

Robert McCaw, Esq.
Wilmer Cutler Pickering Hale
and Dorr LLP
399 Park Avenue
New York, NY  10022
robert.mccaw@wilmerhale.com

Gregory Markel, Esq.
Cadwalader, Wickersham &
Taft LLP
One World Financial Center
New York, NY  10281
greg.markel@cwt.com

Jay B. Kasner, Esq.
Skadden, Arps, Slate, Meagher
& Flom LLP
4 Times Square
New York, NY  10036
jkasner@skadden.com

Richard H. Klapper, Esq.
Sullivan & Cromwell LLP
125 Broad Street
New York, NY  10004
klapperr@sullcrom.com

Andrew B. Clubok, Esq.
Kirkland & Ellis LLP
655 Fifteenth Street, N.W.
Washington, DC 20005
aclubok@kirkland.com

This 3rd day of October, 2008.

_____
Melissa T. Aoyagi
Admitted *Pro Hac Vice*

DAVIS POLK & WARDWELL
450 Lexington Avenue
New York, NY 10017
Tel: (212) 450-4000
Fax: (212) 450-3800
melissa.aoyagi@dpw.com

*Attorneys for Morgan Stanley & Co. Incorporated*

Richard H. Sinkfield
Georgia Bar No. 649100
ROGERS & HARDIN LLP
2700 International Tower
229 Peachtree Street, NE
Atlanta, GA 30303-1601

*Attorneys for Defendants Morgan Stanley & Co.*
*Incorporated; The Goldman Sachs Group, Inc.;*
*Bear Stearns Capital Markets, Inc.; Bear Stearns & Co., Inc.;*
*The Bear Stearns Companies Inc.;*
*Merrill Lynch, Pierce, Fenner & Smith, Inc.;*
*Deutche Bank Securities, Inc.; Credit Suisse USA, Inc.;*
*Bank of America Securities LLC; and UBS Securities, LLC*