# EXHIBIT  L

138129.1

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

TASER INTERNATIONAL, INC., DAVID
BATCHELOR, NATALIE BATCHELOR, DR.
THOMAS COLLENTINE, JUDITH
COLLENTINE, CHARLES FAIRES, SANDRA
FAIRES, MASAJI KELLEY, KELLY KELLEY,
STEPHEN LISENBY, PATRICIA LISENBY,          Civil Case No.
RICHARD D. ALMEROTH, CONSTANCE L.           2008-EV-004739-B
ALMEROTH, JAMES BAKER, JR., ROBERT
BAKER, WILLIAM BURNSIDE, ESTATE OF
DOROTHY A. CONNELLY, SOUTHEAST
EYE SURGERY CLINIC, INC. EMPLOYEE
PSP, JAMES DUNAGIN, JR., EMILY
DUNAGIN, RICHARD C. HASKELL, JR.,
AMY HASKELL, MARY RICHARDSON,
PAMELA LEWIS, JANE MAJ, CRAIG W.
MILLER, MARGARET ROCHE, CHET
SCOTT, JOHN SCOTT, PAULA SCOTT,             **DEFENDANT BANC OF**
PETER SCOTT, MICHELLE SCOTT, MARY           **AMERICA SECURITIES LLC'S**
ROSE STUCKER, DAVID ZEBER, ANNE             **RESPONSE TO PLAINTIFFS'**
ZELTEN, MICHAEL BOYER, PHILLIPS             **SECOND REQUESTS FOR**
WALLER SMITH, PATRICK W. SMITH,             **PRODUCTION OF DOCUMENTS**
THOMAS P. SMITH and DEANNA M. SMITH,

        Plaintiffs,

v.

MORGAN STANLEY & CO., INC.,
GOLDMAN SACHS & CO., INC., GOLDMAN
SACHS EXECUTION & CLEARING, L.P.,
BEAR STEARNS & CO., INC., N/K/A JP
MORGAN SECURITIES, INC., BEAR
STEARNS SECURITIES CORP., N/K/A JP
MORGAN CLEARING CORP., MERRILL
LYNCH, PIERCE, FENNER & SMITH, INC.,
DEUTSCHE BANK SECURITIES, INC.,
CREDIT SUISSE SECURITIES (USA) LLC,
BANC OF AMERICA SECURITIES, LLC, UBS
SECURITIES, LLC, and JOHN DOES 1-10,

        Defendants.

Defendant Banc of America Securities LLC ("BAS") hereby provides these objections and responses to Plaintiffs' Second Request for Production of Documents to Each Defendant. BAS agrees to meet and confer with Plaintiffs in an attempt to resolve Plaintiffs' disagreements, if any, with BAS's responses and objections.

## GENERAL OBJECTIONS

BAS makes the following General Objections, which apply to each and every specific request for production of documents and are incorporated by reference in each and every response below as if set forth fully therein.  BAS's responses to specific requests are made subject to and without waiving these General Objections or any specific objections raised by BAS.  BAS has not repeated these objections in every response to improve readability.  Failure to reiterate a General Objection below does not constitute a waiver of that or any other objection. Any statements contained in this response regarding the future production of documents shall not be read as a waiver of BAS's position regarding discovery.

1.       BAS objects to all Instructions, Definitions and Requests to the extent that they call for BAS to do more than is required under the Official Code of Georgia, the Uniform State Court Rules, the Local Rules or other applicable law.

2.       BAS reserves all objections that may be available to it at any hearing or trial or on any motion to the use or admissibility of any information and/or documents provided, as well as the right to object to further discovery relating to the subject matter of any information and/or documents provided.

3.       BAS objects to each request to the extent that it seeks information and/or documents protected from disclosure by the attorney-client privilege, the joint-defense or common-interest privilege, the work-product doctrine, the accountant-client privilege, or any

2

other legally recognized privilege, immunity or exemption from discovery.  BAS will not produce documents containing such information or will produce such documents in redacted form.  BAS will provide a log in accordance with the governing rules if documents are redacted or withheld because they are protected from disclosure.

4.     To the extent that BAS, pursuant to any request by Plaintiffs, provides information and/or documents that any party may later argue or claim is/are privileged, or that any party characterizes as privileged, it is understood that such provision does not constitute a waiver of the attorney-client privilege, the joint-defense or common-interest privilege, the attorney work-product doctrine, the accountant-client privilege or any other legally recognized privilege, immunity or exemption from discovery with respect to the information and/or documents.  BAS reserves the right to request the return of any information.

5.     BAS objects to each request on the grounds that, taken as a whole and as written, the requests are overly broad, unduly burdensome, vague, and would purport to require the production of irrelevant documents and data for a six-to-seven year time period.  BAS objects to the production of the requested data and documents absent an appropriate meet and confer process to narrow the scope of Plaintiffs' requests, establish a logical order for discovery and an appropriate allocation of the burdens of retrieving and collecting the substantial data sought. BAS also incorporates by reference into this objection paragraph 21 of its General Objections.

6.     BAS objects to each request to the extent it purports to require BAS to seek documents in the possession of other persons or entities, including its outside counsel, or to create documents not presently in the possession, custody or control of BAS.  BAS further objects to each document request to the extent it requests documents that are in the public domain and are therefore equally available to all parties.  BAS will produce documents only on

3

behalf of the entity named as a Defendant in the Fifth Amended Complaint and only to the extent those documents are not publicly available or otherwise in the possession of Plaintiffs.

7.      BAS objects to each request to the extent it purports to seek documents relating to securities other than TASER.

8.      BAS's failure to object to any request on a particular ground or grounds shall not be construed as a waiver of its rights to object on any additional ground(s).  BAS reserves the right at any time to revise, amend, supplement, correct, clarify, or add to its responses and objections to the requests or to revise, amend, supplement, correct, clarify, or add to any production of documents or information made pursuant to any request, consistent with further investigation and discovery.  BAS also reserves the right to use or rely on, at any time, subsequently discovered information or information omitted from these responses and objections as a result of mistake, error, oversight or inadvertence.

9.      BAS objects to each of the requests insofar as it purports to require BAS to create, generate, compile, or develop documents that do not currently exist.

10.      BAS objects to each of the requests to the extent it purports to seek documents that contain personal, private, confidential, proprietary, financial or commercial information relating to BAS or its clients.  BAS will produce such documents only pursuant to the Stipulation and [Proposed] Protective Order Regarding Confidential Information which was sent to the Court on August 26, 2009 ("Protective Order").

11.      BAS objects to each of the requests to the extent it seeks to impose an obligation on BAS to conduct anything beyond a diligent search of files where responsive documents reasonably would be expected to be found.  Subject to the objections stated herein, whenever BAS agrees to produce documents in response to a request, it will search for responsive

4

documents from the readily accessible and centrally located files of individuals whom BAS reasonably believes may have responsive documents. Any requests that seek to require BAS to go beyond such a search are overbroad and unduly burdensome. BAS agrees to meet and confer with Plaintiffs concerning the scope of any search and the allocation of costs associated with such search.

12.   BAS objects to each of the requests to the extent it seeks to require BAS to search for and produce email and other electronic documents (e.g., Microsoft Word and Powerpoint documents, Excel spreadsheets, calendars, instant messages, etc.) beyond those that are readily accessible or centrally maintained. BAS further objects to the extent that the requests seek to require BAS to undertake a search for and the production of email and other electronic documents that would impose unreasonable costs and burdens and that would exceed BAS's obligations under the Official Code of Georgia. BAS also incorporates by reference into this objection paragraph 22 of its General Objections.

13.   BAS's responses and objections shall not be deemed to constitute a representation or admission that any particular document or thing exists, is relevant, non-privileged, or admissible in evidence; or that any statement or characterization in the Requests is accurate or complete. Rather, BAS's agreement to produce documents in response to any requests means only that responsive documents will be produced if they exist, can be located with reasonable diligence, and are not otherwise protected from disclosure.

14.   BAS objects to the definition of the term "communications" to the extent it seeks to impose obligations beyond those under the Official Code of Georgia.

15.   BAS objects to the definition of the term "Defendants" to the extent Plaintiffs employ the term to seek documents beyond BAS's possession, custody or control. BAS further

5

objects to this definition to the extent that it purports to include entities and persons that are not parties to this action.  Moreover, while BAS intends to conduct a reasonable search for responsive documents, it hereby states that it will not take any responsibility to search for documents in the possession or control of other persons, including separate corporate entities, on the bases that these documents are beyond BAS's possession, custody, and control, as well as neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

16.     BAS objects to the definition of the term "documents" to the extent it seeks to impose obligations beyond those under the Official Code of Georgia.

17.     BAS objects to the definition of "DTCC" as overbroad to the extent it seeks to define "DTCC" beyond The Depository Trust & Clearing Corporation, its officers, directors and employees.

18.     BAS objects to the definition of the terms "record," "reflect," "relate to," and "concern" to the extent they seek to impose obligations beyond those under the Official Code of Georgia.

19.     BAS objects to the definition of "Security" or "Securities" to the extent it defines a security or securities as instruments other than common stock and object to responding to any requests based upon this definition because instruments other than common stock are outside the scope of Plaintiffs' allegations.

20.     BAS objects to the Time Period of "January 1, 2002 to and through the present" and Instruction No. 4 on the grounds that they are inconsistent with the Scheduling Order, dated July 16, 2009, overly broad and unduly burdensome, inconsistent with the relevant time periods encompassed by the Fifth Amended Complaint, and seek irrelevant information so that they are

not reasonably calculated to lead to the discovery of admissible evidence.  BAS also objects to

the definition of "Time Period" and Instruction No. 4 to the extent they impose a continuing

obligation to produce documents.  Without waiving these objections, whenever BAS agrees to

produce documents responsive to a request, BAS will produce responsive, non-privileged

documents created during the time period January 1, 2003 through May 31, 2009 (consistent

with the Scheduling Order) and reserves the right to further object and seek a narrower period, as

appropriate, during the meet and confer process.

      21.    BAS objects to Instruction No. 2 to the extent it purports to require BAS to

identify the existence of documents not presently in its possession, custody or control.  BAS will

respond to the requests in accordance with its obligations under the Official Code of Georgia.

      22.    BAS objects to Instruction No. 3 on the grounds that it purports to require BAS to

search through computer records or other electronic data storage media that are not readily

accessible, manageable or searchable.  BAS also objects to this instruction on the grounds

identified in paragraph 12 of its General Objections.  BAS agrees to meet and confer with

counsel for Plaintiffs, in good faith, to establish the appropriate scope and parameters of any

electronic search, including but not limited to establishing appropriate limitations on the

custodians to be searched and an appropriate search protocol and allocation of the costs and

burdens of retrieving and collecting such electronic data.  Absent such a meet and confer

process, the requests would require BAS to undertake a search for and the production of email

and other electronic documents that would impose unreasonable costs and burdens and that

would exceed BAS's obligations under applicable law.  Until those issues have been resolved, in

response to any specific document request BAS will not search for email and will not search

electronic documents that are not centrally maintained.

23.    BAS objects to Instruction No. 5 to the extent it purports to require BAS to provide information beyond that required by Official Code of Georgia § 9-11-26.

## RESPONSES AND OBJECTIONS TO SPECIFIC REQUESTS

Request No. 1: "Each compliance, supervisory, and procedures manual, including any updates, modifications, and revisions to the manual, describing the policies and practices of [defendant] with respect to compliance with applicable laws and rules." 17 C.F.R. § 240.17a-4(e)(7).

Response:

BAS objects to this request on the grounds that it seeks documents or information not relevant to the claims or defenses of any party and/or not reasonably calculated to lead to the discovery of admissible evidence.  BAS also objects to this request on the grounds that it is overly broad and unduly burdensome because it seeks all manuals relating to the compliance with applicable laws and rules (as defined under 17 C.F.R. § 240.17a-4(e)(7)) and it is not limited to relevant policies and procedures manuals concerning (a) prime brokerage, (b) short sales of common stock, (c) common stock lending, (d) clearance, delivery, and settlement of short sales of common stock, and (e) relevant proprietary trading.  BAS further objects to this request on the ground that it seeks confidential or proprietary information.  Subject to and without waiving the foregoing General Objections, which are incorporated herein by reference, and subject to and without waiving the foregoing specific objections, BAS will produce relevant portions of its relevant U.S. policies or procedures manuals concerning (a) prime brokerage, (b) short sales of common stock, (c) common stock lending, (d) clearance, delivery, and settlement of short sales of common stock, and (e) relevant proprietary trading.  Such production will be pursuant to the Protective Order.

8

Request No. 2:  Please provide documents sufficient to show each self-regulatory organization(s) of which Defendants are members.

Response:

BAS objects to this request on the grounds that it seeks documents or information not relevant to the claims or defenses of any party and/or not reasonably calculated to lead to the discovery of admissible evidence.  BAS also objects to this request to the extent it seeks publicly available information that can be obtained by Plaintiffs themselves.  Subject to and without waiving the foregoing General Objections, which are incorporated herein by reference, and subject to and without waiving the foregoing specific objections, BAS agrees to meet and confer with counsel for Plaintiffs, in good faith, to determine what non-privileged responsive documents, if any, sought by Plaintiffs could be produced by BAS in response to this request.

Request No. 3:  "Each report which a securities regulatory authority has requested or required the [defendant] to make and furnish to it pursuant to an order or settlement" that involves or pertains to short selling, fails to deliver or TASER stock.  17 CFR § 240.17a-4(e)(6).

Response:

BAS objects to this request on the grounds that it seeks documents or information not relevant to the claims or defenses of any party and/or not reasonably calculated to lead to the discovery of admissible evidence.  BAS also objects to this request on the grounds that it is overly broad and unduly burdensome.  Subject to and without waiving the foregoing General Objections, which are incorporated herein by reference, and subject to and without waiving the foregoing specific objections, BAS agrees to meet and confer with counsel for Plaintiffs, in good

9

faith, to determine what non-privileged responsive documents, if any, sought by Plaintiffs could

be produced by BAS in response to this request that specifically relate to TASER common stock.

Request No. 4:  "[E]ach securities regulatory examination report" that involves or pertains to

short selling, fails to deliver or TASER stock.  17 CFR § 240.17a-4(e)(6).

**Response**:

        BAS objects to this request on the grounds that it seeks documents or information not

relevant to the claims or defenses of any party and/or not reasonably calculated to lead to the

discovery of admissible evidence.  BAS also objects to this request on the grounds that it is

overly broad and unduly burdensome.  Subject to and without waiving the foregoing General

Objections, which are incorporated herein by reference, and subject to and without waiving the

foregoing specific objections, BAS agrees to meet and confer with counsel for Plaintiffs, in good

faith, to determine what non-privileged responsive documents, if any, sought by Plaintiffs could

be produced by BAS in response to this request that specifically relate to TASER common stock.

Request No. 5:  Please provide any minutes, notes or any other documents made in preparation

for, memorializing, discussing or referencing communications, discussions and/or meetings any

Defendant had with a regulatory agency, including the Securities Exchange Commission,

involving naked short selling or TASER stock.  This request includes, but is not limited to,

documents relating to meetings with the SEC relating to: (a) any amendments to Reg SHO; (b)

naked short selling; (c) the "Naked" Short Selling Antifraud Rule (*see*

*http://www.sec.gov/rules/final/2008/34-58774.pdf*); or (d) any Emergency Order by the SEC

10

relating to short selling of any of the Defendants' stock, including, but not limited to, SEC

Release No. 34-58166, SEC Release No. 34-58190 and SEC Release No. 34-58572.

**Response**:

BAS objects to this request on the grounds that it seeks documents or information not

relevant to the claims or defenses of any party and/or not reasonably calculated to lead to the

discovery of admissible evidence. BAS also objects to this request on the grounds that it is

overly broad and unduly burdensome. BAS further objects to this request to the extent it seeks

documents or information protected by the attorney-client privilege, attorney work-product

doctrine, or any other applicable privilege. Subject to and without waiving the foregoing

General Objections, which are incorporated herein by reference, and subject to and without

waiving the foregoing specific objections, BAS agrees to meet and confer with counsel for

Plaintiffs, in good faith, to determine what non-privileged responsive documents, if any, sought

by Plaintiffs could be produced by BAS in response to this request that specifically relate to

TASER common stock.


**Request No. 6**: Please produce all documents provided to any testifying expert witness and any

document otherwise known to, used by, or available to such witness in connection with that

witness' role in this case or which forms any part of the basis of any opinion to which such

expert is expected to testify.

**Response**:

BAS objects to this request on the ground that it is premature. BAS also objects to this

request to the extent it imposes obligations or burdens greater than or inconsistent with the

Official Code of Georgia, the Uniform State Court Rules and the Local Rules. Subject to and

without waiving the foregoing General Objections, which are incorporated herein by reference, and subject to and without waiving the foregoing specific objections, BAS will produce information and materials relied upon by an expert in coming to his or her conclusions in accordance with any stipulation entered into by the parties or any schedule adopted by the Court and consistent with its obligations under the Official Code of Georgia, the Uniform Court Rules and the Local Rules.

<u>Request No. 7</u>:  Please produce all documents you have received from third parties for purpose of or use in this litigation.

**Response**:

     BAS objects to this request to the extent it seeks documents subject to the attorney-client privilege, attorney work-product doctrine or any other applicable privilege.  Subject to and without waiving the foregoing General Objections, which are incorporated herein by reference, and subject to and without waiving the foregoing specific objections, BAS will provide Plaintiffs with a copy of any documents it obtains pursuant to any subpoenas issued by BAS in connection with this action.

<u>Request No. 8</u>:  Please provide all stock loan availability lists created by or for any Defendant.

**Response**:

     BAS objects to this request on the grounds that the phrase "stock loan availability list" is vague and ambiguous.  BAS also objects to this request on the grounds that it is overly broad and unduly burdensome because it seeks documents concerning the availability of all securities for a six-year period.  BAS further objects to this request on the ground that it seeks confidential or

proprietary information. Subject to and without waiving the foregoing General Objections, which are incorporated herein by reference, and subject to and without waiving the foregoing specific objections, BAS will produce documents or information sufficient to show the dates on which TASER common stock appeared on an easy-to-borrow or equivalent list.

Request No. 9: Please provide a listing of securities for which any Defendant has provided a reduced stock loan rebate rate for short positions.

Response:

BAS objects to this request on the grounds that the phrase "a listing of securities for which any Defendant has provided a reduced stock loan rebate rate for short positions" is vague and ambiguous. BAS also objects to this request on the grounds that it seeks documents or information not relevant to the claims or defenses of any party and/or not reasonably calculated to lead to the discovery of admissible evidence. BAS further objects to this request on the grounds that it is overly broad and unduly burdensome because it seeks documents concerning all securities with a "reduced stock loan rebate" for a six-year period and is not limited to information relating to TASER securities. Additionally, BAS objects to this request on the grounds that it seeks confidential or proprietary information. Subject to and without waiving the foregoing General Objections, which are incorporated herein by reference, and subject to and without waiving the foregoing specific objections, BAS agrees to meet and confer with counsel for Plaintiffs, in good faith, to define a mutually acceptable set of data or documents, to the extent any exist, sufficient to show relevant and responsive information specifically relating to TASER common stock.

<u>Request No. 10</u>:  Please provide all daily Security Position Listing reports which reflect each daily closing balance in TASER securities for each Defendant that is a DTCC market participant.

<u>Response</u>:

BAS objects to this request on the grounds that the term "daily Security Position Listing reports" is vague and ambiguous.  BAS also objects to this request on the grounds that it seeks documents or information not relevant to the claims or defenses of any party and/or not reasonably calculated to lead to the discovery of admissible evidence.  BAS further objects to this request on the grounds that it is overly broad and unduly burdensome because it seeks all daily Security Position Listing reports for a six-year period.  Subject to and without waiving the foregoing General Objections, which are incorporated herein by reference, and subject to and without waiving the foregoing specific objections, BAS will produce non-privileged responsive documents sufficient to show BAS's daily closing position in TASER common stock with the DTCC.

<u>Request No. 11</u>:  Please provide all documents evidencing the accounting of trades and settlement of trades in TASER securities provided to Defendants by the DTCC through the Continuous Net Settlement System, the Balance Order System, the Break and Inquiry Tracking System, Clearance Security Master Files, or otherwise, including, without limitation, CNS Accounting Summary Sheets, Daily Reconciliation Clearing Sheets and Daily Participant Position Reports including sub account activity.

<u>Response</u>:

BAS objects to this request on the grounds that the terms "the accounting of trades" and "or otherwise" are vague and ambiguous.  BAS also objects to this request on the grounds that it

14

seeks documents or information not relevant to the claims or defenses of any party and/or not reasonably calculated to lead to the discovery of admissible evidence. BAS further objects to this request on the grounds that it is overly broad and unduly burdensome because it seeks all documents concerning trades and settlement of trades for a six-year period. Additionally, BAS objects to this request on the ground that it is duplicative of other requests. Subject to and without waiving the foregoing General Objections, which are incorporated herein by reference, and subject to and without waiving the foregoing specific objections, BAS agrees to meet and confer with counsel for Plaintiffs, in good faith, to define a mutually agreeable set of data or documents sufficient to show DTCC activities in TASER common stock.

Request No. 12: Please provide all stock locate reports involving TASER securities created by or for any Defendant.

**Response**:

BAS objects to this request on the grounds that the term "stock locate reports" is vague and ambiguous. BAS also objects to this request on the grounds that it is overly broad and unduly burdensome. Subject to and without waiving the foregoing General Objections, which are incorporated herein by reference, and subject to and without waiving the foregoing specific objections, BAS will produce non-privileged responsive documents sufficient to show locates provided by BAS to its customers relating to TASER common stock.

Request No. 13: All documents sent to or received from the NYSE, NASDAQ, SEC or any other security regulator in connection with Exchange Hearing Panel Decision 05-159 and the complaints and/or investigation underlying that decision.

15

**Response:**

     BAS objects to this request on the grounds that the phrase "the complaints and/or investigation underlying that decision" is vague and ambiguous.  BAS also objects to this request on the grounds that it seeks documents or information not relevant to the claims or defenses of any party and/or not reasonably calculated to lead to the discovery of admissible evidence.  BAS further objects to this request on the grounds that it is overly broad and unduly burdensome. BAS further objects to this request to the extent it seeks documents or information protected by the attorney-client privilege, attorney work-product doctrine or any other applicable privilege.

**Request No. 14:**  All documents discussing, referencing or relating to Exchange Hearing Panel Decision 05-159 and the complaints and investigation underlying that decision.

**Response:**

     BAS objects to this request on the grounds that it is overly broad and unduly burdensome. BAS also objects to this request on the grounds that the phrase "the complaints and investigation underlying that decision" is vague and ambiguous.  BAS also objects to this request on the grounds that it seeks documents or information not relevant to the claims or defenses of any party and/or not reasonably calculated to lead to the discovery of admissible evidence.  BAS further objects to this request to the extent it seeks documents or information protected by the attorney-client privilege, attorney work-product doctrine or any other applicable privilege.

**Request No. 15:**  Documents sufficient to show each Defendants' document retention policies, practices and procedures, including, but not limited to, any litigation holds put on place for purposes of this litigation.

**Response:**

BAS objects to this request on the grounds that it seeks documents or information not relevant to the claims or defenses of any party and/or not reasonably calculated to lead to the discovery of admissible evidence. BAS also objects to this request to the extent it seeks documents protected by the attorney-client privilege, attorney work-product or any other applicable privilege. Subject to and without waiving the foregoing General Objections, which are incorporated herein by reference, and subject to and without waiving the foregoing specific objections, BAS agrees to meet and confer with counsel for Plaintiffs, in good faith, to determine what non-privileged relevant and responsive documents, if any, sought by Plaintiffs could be produced by BAS in response to this request.

**Request No. 16:** All documents discussing the potential impact or effect of: (a) any amendments to Reg SHO; (b) abusive naked short selling; (c) the "Naked" Short Selling Antifraud Rule (*see http://www.sec.gov/rules/final/2008/34-58774.pdf*); or (d) any Emergency Order by the SEC relating to short selling of any of the Defendants' stock, including, but not limited to, SEC Release No. 34-58166, SEC Release No. 34-58190 and SEC Release No. 34-58572.

**Response:**

BAS objects to this request on the grounds that it is overly broad and burdensome. BAS objects to this request on the grounds that it seeks documents or information not relevant to the claims or defenses of any party and/or not reasonably calculated to lead to the discovery of admissible evidence. BAS further objects to this request to the extent it seeks documents protected by the attorney-client privilege, attorney work-product doctrine or any other applicable privilege. Subject to and without waiving the foregoing General Objections, which are

17

incorporated herein by reference, and subject to and without waiving the foregoing specific

objections, BAS agrees to meet and confer with counsel for Plaintiffs, in good faith, to determine

what non-privileged responsive documents, if any, sought by Plaintiffs could be produced by

BAS in response to this request that specifically relate to TASER common stock.

Dated:  August 31, 2009

Andrew J. Frackman (*pro hac vice*)
Brendan Dowd (*pro hac vice*)
Benjamin Petrosky (*pro hac vice*)

*Attorneys for Defendant*
*Banc of America Securities LLC*

O'MELVENY & MYERS LLP
Times Square Tower
7 Times Square
New York, New York 10036
Ph:  212-326-2000
Fax:  212-326-2061

Richard H. Sinkfield, Esq.
Georgia Bar No. 649100
Dan F. Laney, III
Georgia Bar No. 435290
ROGERS & HARDIN LLP
2700 International Tower
229 Peachtree St, NW
Atlanta, Georgia  30307
Ph:  404 522-4700
Fax:  404-525-2224

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

TASER INTERNATIONAL, INC., et al.,                     Civil Case No.
                                                       2008-EV-004739-B
      Plaintiffs,

v.

MORGAN STANLEY & CO., INC., GOLDMAN,
SACHS &CO., INC., GOLDMAN SACHS
EXECUTION & CLEARING, L.P., BEAR STEARNS
& CO., INC., K/N/A JP MORGAN SECURITIES, INC.,
BEAR STEARNS SECURITIES CORP., K/N/A JP
MORGAN CLEARING CORP., MERRILL LYNCH,
PIERCE, FENNER & SMITH, INC., DEUTSCHE
BANK SECURITIES, INC., CREDIT SUISSE
SECURITIES (USA) LLC, BANC OF AMERICA
SECURITIES LLC, UBS SECURITIES, LLC, and
JOHN DOES 1-10,

      Defendants.

## CERTIFICATE OF SERVICE

      I hereby certify that on this 31st day of August, 2009, a true and correct copy of

Defendant Banc of America Securities LLC's Response to Plaintiffs' Second Requests for

Production of Documents was served via email (with courtesy copies sent via U.S. Mail postage

prepaid on the 1st day of September, 2009) upon the following attorneys of record:

ATTORNEYS FOR PLAINTIFFS

      Steven J. Rosenwasser, Esq.
      Bondurant, Mixson & Elmore, LLP
      3900 One Atlantic Center
      1201 West Peachtree Street, N.W.
      Atlanta, Georgia  30309

And via electronic mail upon the following attorneys of record:

ATTORNEYS FOR DEFENDANTS

Melissa Aoyagi, Esq.
Davis Polk & Wardwell LLP
450 Lexington Avenue
New York, NY 10017
Tel: (212) 450-4000
Fax: (212) 450-3800
melissa.aoyagi@dpw.com

Brian L. Friedman, Esq.
Proskauer Rose LLP
1585 Broadway
New York, NY 10036
blfriedman@proskauer.com

Gregory Markel, Esq.
Cadwalader, Wickersham &
Taft LLP
One World Financial Center
New York, NY 10281
greg.markel@cwt.com

Richard H. Klapper, Esq.
Sullivan & Cromwell LLP
125 Broad Street
New York, NY 10004
klapperr@sullcrom.com

Richard H. Sinkfield, Esq.
Rogers & Hardin LLP
2700 International Tower
Atlanta, GA 30303
rsinkfield@rh-law.com

Fraser L. Hunter, Jr., Esq.
Wilmer Cutler Pickering Hale
and Dorr LLP
399 Park Avenue
New York, NY 10022
fraser.hunter@wilmerhale.com

Paul M. Eckles, Esq.
Skadden, Arps, Slate, Meagher
& Flom LLP
4 Times Square
New York, NY 10036
pmeckles@skadden.com

Andrew B. Clubok, Esq.
Kirkland & Ellis LLP
655 Fifteenth Street, N.W.
Washington, DC 20005
aclubok@kirkland.com

Dated:  August 31, 2009

Andrew J. Frackman (*pro hac vice*)
Brendan Dowd (*pro hac vice*)
Benjamin Petrosky (*pro hac vice*)

*Attorneys for Defendant*
*Banc of America Securities LLC*

O'MELVENY & MYERS LLP
Times Square Tower
7 Times Square
New York, New York 10036
Ph: 212-326-2000
Fax: 212-326-2061