# EXHIBIT  N

138129.1

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

TASER INTERNATIONAL, INC., DAVID
BATCHELOR, NATALIE BATCHELOR, DR.
THOMAS COLLENTINE, JUDITH COLLENTINE,
CHARLES FAIRES, SANDRA FAIRES, MASAJI
KELLEY, KELLY KELLEY, STEPHEN LISENBY,
PATRICIA LISENBY, RICHARD D. ALMEROTH,
CONSTANCE L. ALMEROTH, JAMES BAKER,
JR., ROBERT BAKER, WILLIAM BURNSIDE,
ESTATE OF DOROTHY A. CONNELLY,
SOUTHEAST EYE SURGERY CLINIC, INC.
EMPLOYEE PSP, JAMES DUNAGIN, EMILY
DUNAGIN, RICHARD C. HASKELL, JR., AMY
HASKELL, MARY RICHARDSON, PAMELA
LEWIS, JANE MAJ, CRAIG W. MILLER,
MARGARET ROCHE, CHET SCOTT, JOHN
SCOTT, PAULA SCOTT, PETER SCOTT,
MICHELLE SCOTT, MARY ROSE STUCKER,
DAVID ZEBER, ANNE ZELTEN, MICHAEL
BOYER, PHILLIPS WALLER SMITH, PATRICK W.
SMITH, THOMAS P. SMITH and DEANNA M.
SMITH,

       Plaintiffs,

v.

MORGAN STANLEY & CO., INC., GOLDMAN,
SACHS &CO., INC., GOLDMAN SACHS
EXECUTION & CLEARING, L.P., BEAR STEARNS
& CO., INC., K/N/A JP MORGAN SECURITIES,
INC., BEAR STEARNS SECURITIES CORP., K/N/A
JP MORGAN CLEARING CORP., MERRILL
LYNCH, PIERCE, FENNER & SMITH, INC.,
DEUTSCHE BANK SECURITIES, INC., CREDIT
SUISSE SECURITIES (USA) LLC, BANC OF
AMERICA SECURITIES, LLC, UBS SECURITIES,
LLC, and JOHN DOES 1-10,

       Defendants.

Civil Case No.
2008-EV-004739-B

**DEFENDANT MORGAN STANLEY
& CO. INCORPORATED'S
RESPONSES AND OBJECTIONS TO
PLAINTIFFS' SECOND REQUESTS
FOR PRODUCTION OF
DOCUMENTS TO EACH
DEFENDANT**

Defendant Morgan Stanley & Co. Incorporated ("MSCO") hereby provides these objections and responses to Plaintiffs' Second Requests for Production of Documents to Each Defendant ("Requests").  MSCO agrees to meet and confer with counsel for Plaintiffs in an attempt to resolve Plaintiffs' disagreements, if any, with MSCO's responses and objections.

## GENERAL OBJECTIONS

MSCO makes the following General Objections, which apply to each and every specific request for production of documents and are incorporated by reference in each and every response below as if set forth fully therein.  MSCO's responses to specific Requests are made subject to and without waiving these General Objections or any specific objections raised by MSCO.  MSCO has not repeated these objections in every response to improve readability.  Failure to reiterate a General Objection below does not constitute a waiver of that or any other objection.  Any statements contained in this Response to Plaintiffs' Second Requests for Production of Documents regarding the future production of documents shall not be read as a waiver of MSCO's position regarding discovery.

1.       MSCO objects to all Instructions, Definitions and Requests to the extent that they call for MSCO to do more than is required under the Official Code of Georgia, the Uniform State Court Rules, the Local Rules or other applicable law.

2.       MSCO reserves all objections that may be available to it at any hearing or trial or on any motion to the use or admissibility of any information and/or documents provided, as well as the right to object to further discovery relating to the subject matter of any information and/or documents provided.

2

3.      MSCO objects to each of the Requests to the extent that it seeks information and/or documents protected from disclosure by the attorney-client privilege, the joint defense or common interest privilege, the work product doctrine, the accountant-client privilege or any other legally recognized privilege, immunity or exemption from discovery.  MSCO will not produce documents containing such information or will produce such documents in redacted form.  MSCO will provide a log in accordance with the governing rules if documents are redacted or withheld because they are protected from disclosure.

4.      To the extent that MSCO, pursuant to any request by Plaintiffs, provide information and/or documents that any party may later argue or claim is privileged, or that any party characterizes as privileged, it is understood that such provision does not constitute a waiver of the attorney-client privilege, the joint defense or common-interest privilege, the attorney work product doctrine, the accountant-client privilege or any other legally recognized privilege, immunity or exemption from discovery with respect to the information and/or documents.  MSCO reserves the right to request the return of any information.

5.      MSCO objects to the Requests on the grounds that, taken as a whole and as written, they are overly broad, unduly burdensome, vague and would purport to require the production of irrelevant documents and data for a six- to seven-year time period.  MSCO objects to the production of the requested data and documents absent an appropriate meet-and-confer process to narrow the scope of Plaintiffs' requests, establish a logical order for discovery and an appropriate allocation of the burdens of retrieving

3

and collecting the substantial data sought.  MSCO also incorporates by reference into this objection paragraph 21 of its General Objections.

6.    MSCO objects to each of the Requests to the extent that it purports to require MSCO to seek documents in the possession of other persons or entities, including its outside counsel, or to create documents not presently in the possession, custody or control of MSCO.  MSCO further objects to each Request to the extent that it requests documents that are in the public domain and are therefore equally available to all parties. MSCO will produce documents or information only on behalf of MSCO, the named defendants in the Fifth Amended Complaint, and only to the extent those documents are not publicly available or otherwise in the possession of Plaintiffs.

7.    MSCO objects to the Requests to the extent that they purport to seek documents concerning retail accounts other than "private wealth management" accounts. MSCO further objects to the Requests to the extent that they purport to seek documents relating to securities other than TASER.

8.    MSCO's failure to object to any Request on a particular ground or grounds shall not be construed as a waiver of its rights to object on any additional ground(s). MSCO reserves the right at any time to revise, amend, supplement, correct, clarify or add to their responses and objections to the Requests, or to revise, amend, supplement, correct, clarify or add to any production of documents or information made pursuant to any Request, consistent with further investigation and discovery.  MSCO also reserves the right to use or rely on, at any time, subsequently discovered information or information omitted from these responses and objections as a result of mistake, error, oversight or inadvertence.

9.      MSCO objects to each of the Requests insofar as it purports to require MSCO to create, generate, compile or develop documents that do not currently exist.

10.     MSCO objects to each of the Requests to the extent that it purports to seek documents that contain personal, private, confidential, proprietary, financial or commercial information relating to MSCO or its clients.  MSCO will produce such documents only pursuant to an appropriate confidentiality stipulation and protective order.

11.     MSCO objects to each of the Requests to the extent that it seeks to impose an obligation on MSCO to conduct anything beyond a diligent search of files where responsive documents reasonably would be expected to be found.  Subject to the objections stated herein, whenever MSCO agrees to produce documents in response to a Request, it will search for responsive documents from the readily accessible and centrally located files of individuals whom it reasonably believes may have responsive documents. Any Requests that seek to require MSCO to go beyond such a search are overbroad and unduly burdensome.  MSCO agrees to meet and confer with Plaintiffs concerning the scope of any search and the allocation of costs associated with any such search.

12.     MSCO objects to each of the Requests to the extent that it seeks to require MSCO to search for and produce electronic mail and other electronic documents (e.g., Microsoft Word and Powerpoint documents, Excel spreadsheets, calendars, instant messages, etc.) beyond those that are readily accessible or centrally maintained.  MSCO further objects to the extent that the Requests seek to require MSCO to undertake a search for and the production of electronic mail and other electronic documents that would impose unreasonable costs and burdens and that would exceed MSCO's

5

obligations under the Official Code of Georgia.  MSCO also incorporates by reference into this objection paragraph 22 of its General Objections.

13.     MSCO's responses and objections shall not be deemed to constitute a representation or admission that any particular document or thing exists, is relevant, non-privileged or admissible in evidence; or that any statement or characterization in the Requests is accurate or complete.  Rather, MSCO's agreement to produce documents in response to the Requests means only that responsive documents will be produced if they exist, can be located with reasonable diligence, and are not otherwise protected from disclosure.

14.     MSCO objects to the definition of the term "communications" to the extent that it seeks to impose obligations beyond those under the Official Code of Georgia.

15.     MSCO objects to the definition of the term "Defendants" to the extent that Plaintiffs employ the term to seek documents beyond MSCO's possession, custody or control.  MSCO further objects to this definition to the extent that it purports to include entities and persons that are not parties to this action.  Moreover, while MSCO intends to conduct a reasonable search for responsive documents, it hereby states that it will not take any responsibility to search for documents in the possession or control of other persons, including separate corporate entities, on the bases that these documents are beyond MSCO's possession, custody, and control, as well as neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

16.     MSCO objects to the definition of the term "documents" to the extent that it seeks to impose obligations beyond those under the Official Code of Georgia.

17.     MSCO objects to the definition of "DTCC" as overbroad to the extent that it seeks to define "DTCC" beyond The Depository Trust & Clearing Corporation, its officers, directors and employees.

18.     MSCO objects to the definitions of the terms "record," "reflect," "relate to" and "concern" to the extent that they seek to impose obligations beyond those under the Official Code of Georgia.

19.     MSCO objects to the definition of "Security" or "Securities" to the extent that it defines a security or securities as instruments other than common stock and objects to responding to any Requests based upon this definition because instruments other than common stock are outside the scope of Plaintiffs' allegations.

20.     MSCO objects to the "Time Period" of "January 1, 2002 to and through the present" and Instruction No. 4 on the grounds that they are inconsistent with the Scheduling Order dated July 16, 2009, overly broad and unduly burdensome, inconsistent with the relevant time periods encompassed by the Fifth Amended Complaint and seek irrelevant information, so that they are not reasonably calculated to lead to the discovery of admissible evidence.  MSCO also objects to the definition of "Time Period" and Instruction No. 4 to the extent that they impose a continuing obligation to produce documents.  Without waiving these objections, whenever MSCO agrees to produce documents responsive to a Request, MSCO will produce responsive, non-privileged documents created during the time period January 1, 2003 through May 31, 2009

7

(consistent with the scheduling order) and reserve the right to seek a narrower period, as appropriate, during the meet and confer process.

21.    MSCO objects to Instruction No. 2 to the extent that it purports to require MSCO to identify the existence of documents not presently in its possession, custody or control.  MSCO will respond to the Requests in accordance with its obligations under the Official Code of Georgia.

22.    MSCO objects to Instruction No. 3 on the ground that it purports to require MSCO to search through computer records or other electronic data storage media that are not readily accessible, manageable or searchable.  MSCO also objects to this instruction on the grounds identified in paragraph 12 of its General Objections.  MSCO agrees to meet and confer with counsel for Plaintiffs, in good faith, to establish the appropriate scope and parameters of any electronic search, including but not limited to establishing appropriate limitations on the custodians to be searched and an appropriate search protocol and allocation of the costs and burdens of retrieving and collecting such electronic data.  Until those issues have been resolved, MSCO will not search for electronic documents that are not centrally maintained.  Absent such a meet-and-confer process, the Requests would require MSCO to undertake a search for and the production of electronic mail and other electronic documents that would impose unreasonable costs and burdens and that would exceed MSCO's obligations under applicable law.

23.    MSCO objects to Instruction No. 5 to the extent that it purports to require MSCO to provide information beyond that required by Official Code of Georgia § 9-11-26.

8

## RESPONSES AND OBJECTIONS TO SPECIFIC REQUESTS

**REQUEST NO. 1**:

"Each compliance, supervisory, and procedures manual, including any updates, modifications, and revisions to the manual, describing the policies and practices of [defendant] with respect to compliance with applicable laws and rules." 17 C.F.R. § 240.17a-4(e)(7).

**RESPONSE TO REQUEST NO. 1**:

MSCO objects to Request No. 1 on the ground that it seeks documents or information not relevant to the claims or defenses of any party and/or not reasonably calculated to lead to the discovery of admissible evidence. MSCO also objects to this Request on the grounds that it is overly broad and unduly burdensome because it seeks all manuals relating to the compliance with applicable laws and rules (as defined under 17 C.F.R. § 240.17a-4(e)(7)) and it is not limited to policies and procedures manuals concerning (a) prime brokerage, (b) short sales of common stock, (c) common stock lending, (d) clearance, delivery and settlement of short sales of common stock and (e) proprietary trading. MSCO further objects to this Request on the ground that it seeks confidential or proprietary information. Subject to and without waiving the foregoing General Objections, which are incorporated herein by reference, and subject to and without waiving the foregoing specific objections, MSCO will produce relevant portions of its U.S. supervisory or compliance policies or procedures manuals concerning (a) prime brokerage, (b) short sales of common stock, (c) common stock lending, (d) clearance, delivery and settlement of short sales of common stock and (e) proprietary trading.

9

**REQUEST NO. 2**:

Please provide documents sufficient to show each self-regulatory organization(s) of which Defendants are members.

**RESPONSE TO REQUEST NO. 2**:

MSCO objects to Request No. 2 on the ground that it seeks documents or information not relevant to the claims or defenses of any party and/or not reasonably calculated to lead to the discovery of admissible evidence. MSCO also objects to this Request to the extent that it seeks publicly available information that can be obtained by Plaintiffs themselves. Subject to and without waiving the foregoing General Objections, which are incorporated herein by reference, and subject to and without waiving the foregoing specific objections, MSCO will produce documents or information sufficient to show membership in self-regulatory organizations related to MSCO's core domestic securities business.

**REQUEST NO. 3**:

"Each report which a securities regulatory authority has requested or required the [defendant] to make and furnish to it pursuant to an order or settlement" that involves or pertains to short selling, fails to deliver or TASER stock. 17 CFR § 240.17a-4(e)(6).

**RESPONSE TO REQUEST NO. 3**:

MSCO objects to Request No. 3 on the ground that it seeks documents or information not relevant to the claims or defenses of any party and/or not reasonably calculated to lead to the discovery of admissible evidence. MSCO also objects to this Request on the grounds that it is overly broad and unduly burdensome. Subject to and without waiving the foregoing General Objections, which are incorporated herein by reference, and subject to and without waiving the foregoing specific objections, MSCO

will produce non-privileged responsive documents, if any, concerning TASER common

stock.

**REQUEST NO. 4**:

"[E]ach securities regulatory examination report" that involves or pertains to short selling, fails to deliver or TASER stock.  17 CFR § 240.17a-4(e)(6).

**RESPONSE TO REQUEST NO. 4:**

MSCO objects to Request No. 4 on the ground that it seeks documents or

information not relevant to the claims or defenses of any party and/or not reasonably

calculated to lead to the discovery of admissible evidence.  MSCO also objects to this

Request on the grounds that it is overly broad and unduly burdensome.  Subject to and

without waiving the foregoing General Objections, which are incorporated herein by

reference, and subject to and without waiving the foregoing specific objections, MSCO

will produce non-privileged responsive documents, if any, reflecting securities regulatory

examination reports relating specifically to TASER common stock.

**REQUEST NO. 5**:

Please provide any minutes, notes or any other documents made in preparation for, memorializing, discussing or referencing communications, discussions and/or meetings any Defendant had with a regulatory agency, including the Securities and Exchange Commission, involving naked short selling or TASER stock.  This request includes, but is not limited to, documents relating to meetings with the SEC relating to: (a) any amendments to Reg SHO; (b) naked short selling; (c) the "Naked" Short Selling Antifraud Rule (see http://www.sec.gov/rules/final/2008/34-58774.pdf); or (d) any Emergency Order by the SEC relating to short selling of any of the Defendants' stock, including, but not limited to, SEC Release No. 34-58166, SEC Release No. 34-58190 and SEC Release No. 34-58572.

**RESPONSE TO REQUEST NO. 5**:

MSCO objects to Request No. 5 on the ground that it seeks documents or

information not relevant to the claims or defenses of any party and/or not reasonably

calculated to lead to the discovery of admissible evidence. MSCO also objects to this

.Request on the grounds that it is overly broad and unduly burdensome. MSCO further

objects to this request to the extent that it seeks documents or information protected by

the attorney-client privilege, attorney work product doctrine or any other applicable

privilege. Subject to and without waiving the foregoing General Objections, which are

incorporated herein by reference, and subject to and without waiving the foregoing

specific objections, MSCO will produce non-privileged responsive documents, if any,

specifically relating to TASER common stock.

**REQUEST NO. 6:**

Please produce all documents provided to any testifying expert witness and any document
otherwise known to, used by, or available to such witness in connection with that
witness' role in this case or which forms any part of the basis of any opinion to which
such expert is expected to testify.

**RESPONSE TO REQUEST NO. 6:**

MSCO objects to this Request on the ground that it is premature. MSCO also

objects to this Request to the extent that it imposes obligations or burdens greater than or

inconsistent with the Official Code of Georgia, the Uniform State Court Rules and the

Local Rules. Subject to and without waiving the foregoing General Objections, which

are incorporated herein by reference, and subject to and without waiving the foregoing

specific objections, MSCO will produce information and materials relied upon by an

expert in coming to his or her conclusions in accordance with any stipulation entered into

by the parties or any schedule adopted by the Court and consistent with their obligations

under the Official Code of Georgia, the Uniform Court Rules and the Local Rules.

**REQUEST NO. 7:**

12

Please produce all documents you have received from third parties for purpose of or use in this litigation.

**RESPONSE TO REQUEST NO. 7:**

MSCO objects to this Request to the extent that it seeks documents subject to the attorney-client privilege, attorney work product doctrine or any other applicable privilege. Subject to and without waiving the foregoing General Objections, which are incorporated herein by reference, and subject to and without waiving the foregoing specific objections, MSCO will provide Plaintiffs with a copy of any documents it obtains pursuant to any subpoenas issued by MSCO in connection with this action.

**REQUEST NO. 8:**

Please provide all stock loan availability lists created by or for any Defendant.

**RESPONSE TO REQUEST NO. 8:**

MSCO objects to this Request on the grounds that the phrase "stock loan availability list" is vague and ambiguous. MSCO also objects to this Request on the grounds that it is overly broad and unduly burdensome because it seeks documents concerning availability relating to all securities for all accounts, including retail accounts other than "private wealth management," for a greater than six-year period. MSCO also objects to this Request on the ground that it seeks confidential or proprietary information. Further, MSCO objects to this Request to the extent that it is duplicative of Request No. 19 of Plaintiffs' First Requests for the Production of Documents. Subject to and without waiving the foregoing General Objections, which are incorporated herein by reference, and subject to and without waiving the foregoing specific objections, MSCO will produce non-privileged responsive documents sufficient to show locates provided to customers,

excluding all retail accounts other than "private wealth management" accounts, relating to TASER common stock.

**REQUEST NO. 9:**

Please provide a listing of securities for which any Defendant has provided a reduced stock loan rebate rate for short positions.

**RESPONSE TO REQUEST NO. 9:**

MSCO objects to this Request on the grounds that the phrase "a listing of securities for which any Defendant has provided a reduced stock loan rebate rate for short positions" is vague and ambiguous. MSCO also objects to Request No. 9 on the ground that it seeks documents or information not relevant to the claims or defenses of any party and/or not reasonably calculated to lead to the discovery of admissible evidence. MSCO further objects to this Request on the grounds that it is overly broad and unduly burdensome because it seeks documents concerning all securities with a "reduced stock loan rebate" for a greater than six-year period and is not limited to information relating to TASER securities. Additionally, MSCO objects to this Request on the ground that it seeks confidential or proprietary information. Subject to and without waiving the foregoing General Objections, which are incorporated herein by reference, and subject to and without waiving the foregoing specific objections, MSCO agrees to meet and confer with counsel for Plaintiffs, in good faith, to define a mutually acceptable set of data or documents, to the extent any exist, sufficient to show relevant and responsive information concerning TASER common stock.

**REQUEST NO. 10:**

Please provide all daily Security Position Listing reports which reflect each daily closing balance in TASER securities for each Defendant that is a DTCC market participant.

**RESPONSE TO REQUEST NO. 10**:

MSCO objects to this Request on the grounds that the term "daily Security

Position Listing reports" is vague and ambiguous.  Additionally, MSCO objects to

Request No. 10 on the ground that it seeks documents or information not relevant to the

claims or defenses of any party and/or not reasonably calculated to lead to the discovery

of admissible evidence.  MSCO further objects to this Request on the grounds that it is

overly broad and unduly burdensome because it seeks all daily Security Listings reports

for a greater than six-year period..  Subject to and without waiving the foregoing General

Objections, which are incorporated herein by reference, and subject to and without

waiving the foregoing specific objections, MSCO will produce non-privileged responsive

information or documents sufficient to show MSCO's daily closing position in TASER

common stock with DTCC.

**REQUEST NO. 11**:

Please provide all documents evidencing the accounting of trades and settlement of trades
in TASER securities provided to Defendants by the DTCC through the Continuous Net
Settlement System, the Balance Order System, the Break and Inquiry Tracking System,
Clearance Security Master Files, or otherwise, including, without limitation, CNS
Accounting Summary Sheets, Daily Reconciliation Clearing Sheets and Daily Participant
Position Reports including sub account activity.

**RESPONSE TO REQUEST NO. 11**:

MSCO objects to this Request on the grounds that the terms "the accounting of

trades" and "or otherwise" are vague and ambiguous.  MSCO also objects to this Request

on the grounds that it seeks documents or information not relevant to the claims or

defenses of any party and/or not reasonably calculated to lead to the discovery of

admissible evidence.  MSCO further objects to this Request on the grounds that it is

overly broad and unduly burdensome because it seeks documents concerning trades and

settlement of trades in all accounts, including retail accounts other than "private wealth management" accounts for a greater than six-year period. Additionally, MSCO objects to this Request on the ground that it is duplicative of other Requests. Subject to and without waiving the foregoing General Objections, which are incorporated herein by reference, and subject to and without waiving the foregoing specific objections, MSCO agrees to meet and confer with counsel for Plaintiffs, in good faith, to define a mutually agreeable set of data or documents sufficient to show DTCC activities in TASER securities.

**REQUEST NO. 12**:

Please provide all stock locate reports involving TASER securities created by or for any Defendant.

**RESPONSE TO REQUEST NO. 12**:

MSCO objects to Request No. 12 on the grounds that the term "stock locate reports" is vague and ambiguous. MSCO also objects to this Request on the grounds that it is overly broad and unduly burdensome because, among other things, it includes information concerning retail accounts other than "private wealth management" accounts. MSCO also objects to this Request on the ground that it seeks confidential or proprietary information. Further, MSCO objects to this Request to the extent that it is duplicative of Request No. 19 of Plaintiffs' First Requests for the Production of Documents. Subject to and without waiving the foregoing General Objections, which are incorporated herein by reference, and subject to and without waiving the foregoing specific objections, MSCO will produce non-privileged responsive documents sufficient to show locates provided to customers, excluding all retail accounts other than "private wealth management" accounts, relating to TASER common stock.

16

**REQUEST NO. 13**:

All documents sent to or received from the NYSE, NASDAQ, SEC or any other security regulator in connection with Exchange Hearing Panel Decision 05-159 and the complaints and/or investigation underlying that decision.

**RESPONSE TO REQUEST NO. 13**:

MSCO objects to Request No. 13 on the grounds that the phrase "the complaints and/or investigation underlying that decision" is vague and ambiguous. MSCO also objects to this Request on the grounds that it seeks documents or information not relevant to the claims or defenses of any party and/or not reasonably calculated to lead to the discovery of admissible evidence. MSCO further objects to this Request on the grounds that it is overly broad and unduly burdensome.

**REQUEST NO. 14**:

All documents discussing, referencing or relating to Exchange Hearing Panel Decision 05-159 and the complaints and investigation underlying that decision.

**RESPONSE TO REQUEST NO. 14**:

MSCO objects to Request No. 14 on the grounds that the phrase "the complaints and/or investigation underlying that decision" is vague and ambiguous. MSCO also objects to this Request on the grounds that it seeks documents or information not relevant to the claims or defenses of any party and/or not reasonably calculated to lead to the discovery of admissible evidence. MSCO further objects to this Request on the grounds that it is overly broad and unduly burdensome. MSCO further objects to this Request to the extent that it seeks documents or information protected by the attorney-client privilege, attorney work product doctrine or any other applicable privilege.

**REQUEST NO. 15**:

Documents sufficient to show each Defendants' document retention policies, practices and procedures, including, but not limited to, any litigation holds put on place for purposes of this litigation.

**RESPONSE TO REQUEST NO. 15**:

MSCO objects to this Request on the grounds that it seeks documents or information not relevant to the claims or defenses of any party and/or not reasonably calculated to lead to the discovery of admissible evidence. MSCO also objects to this Request to the extent that it seeks documents protected by the attorney-client privilege, attorney work product or any other applicable privilege. Subject to and without waiving the foregoing General Objections, which are incorporated herein by reference, and subject to and without waiving the foregoing specific objections, MSCO agrees to meet and confer with counsel for Plaintiffs, in good faith, to determine what non-privileged relevant and responsive documents, if any, sought by Plaintiffs could be produced by MSCO in response to this Request.

**REQUEST NO. 16**:

All documents discussing the potential impact or effect of: (a) any amendments to Reg SHO; (b) abusive naked short selling; (c) the "Naked" Short Selling Antifraud Rule (see http://www.sec.gov/rules/final/2008/34-58774.pdf); or (d) any Emergency Order by the SEC relating to short selling of any of the Defendants' stock, including, but not limited to, SEC Release No. 34-58166, SEC Release No. 34-58190 and SEC Release No. 34-58572.

**RESPONSE TO REQUEST NO. 16**:

MSCO objects to this Request on the grounds that it is overly broad and burdensome. MSCO also objects to this Request on the grounds that it seeks documents or information not relevant to the claims or defenses of any party and/or not reasonably calculated to lead to the discovery of admissible evidence. MSCO further objects to this

Request to the extent that it seeks documents protected by the attorney-client privilege, attorney work product doctrine or any other applicable privilege. Subject to and without waiving the foregoing General Objections, which are incorporated herein by reference, and subject to and without waiving the foregoing specific objections, MSCO agrees to meet and confer with counsel for Plaintiffs, in good faith, to determine what non-privileged responsive documents, if any, sought by Plaintiffs could be produced by MSCO in response to this Request.

Dated: August 31, 2009

Robert F. Wise, Jr. (admitted *pro hac vice*)
William J. Fenrich (admitted *pro hac vice*)
Melissa T. Aoyagi (admitted *pro hac vice*)

DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Tel: (212) 450-4000
Fax: (212) 450-3800

*Attorneys for Morgan Stanley & Co.*
*Incorporated*

Richard H. Sinkfield, Esq.
Georgia Bar No. 649100
Dan F. Laney, III
Georgia Bar No. 435290
ROGERS & HARDIN LLP
2700 International Tower
229 Peachtree St, NW
Atlanta, Georgia 30307
Tel:  404 522-4700
Fax:  404-525-2224

*Attorneys for Defendants Morgan Stanley &*
*Co. Incorporated; Goldman Sachs & Co.;*
*Goldman Sachs Execution & Clearing L.P.;*
*Bear, Stearns Securities Corp. (n/k/a JP*
*Morgan Clearing Corp.) Bear, Stearns &*
*Co. Inc. (n/k/a JP Morgan Securities Inc.);*
*Merrill Lynch, Pierce, Fenner & Smith, Inc.;*
*Deutsche Bank Securities Inc.; Credit Suisse*
*Securities (USA) LLC, Inc.; Banc of*
*America Securities LLC; and UBS*
*Securities, LLC*