# Exhibit O

144910.1

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

TASER INTERNATIONAL, INC., et al.,

                Plaintiffs,

v.

MORGAN STANLEY & CO., INC., et al.,

                Defendants.

Civil Case No.
2008-EV-004739-B

## DEFENDANT BANC OF AMERICA SECURITIES LLC'S RESPONSE TO PLAINTIFFS' THIRD REQUESTS FOR PRODUCTION OF DOCUMENTS

Defendant Banc of America Securities LLC ("BAS") hereby provides these objections and responses to Plaintiffs' Third Request for Production of Documents to Each Defendant (the "Requests"). BAS agrees to meet and confer with counsel for Plaintiffs in an attempt to resolve Plaintiffs' disagreements, if any, with BAS's responses and objections.

## GENERAL OBJECTIONS

BAS hereby makes the following General Objections, which apply to each and every specific request for production of documents and are incorporated by reference in each and every response below as if set forth fully therein. BAS's responses to specific requests are made subject to and without waiving these General Objections. BAS has not repeated these objections in every response to improve readability. Failure to reiterate a General Objection below does not constitute a waiver of that or any other objection. Any statements contained in this response regarding the future production of documents shall not be read as a waiver of BAS's position regarding discovery.

1.    BAS objects to all Instructions, Definitions and Requests to the extent that they call for BAS to do more than is required under the Official Code of Georgia, the Uniform State Court Rules, the Local Rules or other applicable law.

2.    BAS objects to each of the requests to the extent that it is overbroad and unduly burdensome or seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

3.    BAS reserves all objections that may be available to it at any hearing or trial or on any motion to the use or admissibility of any information and/or documents provided, as well as the right to object to further discovery relating to the subject matter of any information and/or documents provided.

4.    BAS objects to each of the requests to the extent that it seeks information and/or documents protected from disclosure by the attorney-client privilege, the joint defense or common-interest privilege, the attorney work product doctrine, the accountant-client privilege, or any other legally recognized privilege, immunity or exemption from discovery.  BAS will not produce documents containing such information or will produce such documents in redacted form.  BAS will provide a log in accordance with governing rules if documents are withheld or redacted because they are protected from disclosure.

5.    To the extent that BAS, pursuant to any request by Plaintiffs, provides information and/or documents that any party may later argue or claim is privileged, or that any party characterizes as privileged, it is understood that such provision does not constitute a waiver of the attorney-client privilege, the joint defense or common-interest privilege, the attorney work product doctrine, the accountant-client privilege or any other legally recognized privilege,

immunity or exemption from discovery with respect to the information and/or documents. BAS reserves the right to request the return of any information.

6.  BAS objects to each request on the grounds that, taken on a whole and as written, the requests are overly broad, unduly burdensome, vague, and would purport to require the production of irrelevant documents and data for a six- to seven-year time period. BAS objects to the production of the requested data and documents absent an appropriate meet and confer process to narrow the scope of Plaintiffs' requests, establish a logical order for discovery and agree upon an appropriate allocation of the burdens of retrieving and collecting the substantial data sought. BAS also incorporates by reference into this objection paragraph 22 of its General Objections.

7.  BAS objects to each request to the extent it purports to require BAS to seek documents in the possession of other persons or entities, including its outside counsel, or to create documents not presently in the possession, custody, or control of BAS. BAS further objects to each document request to the extent it requests documents that are in the public domain and are therefore equally available to all parties. BAS will produce documents only on behalf of those entities named as Defendants in the Sixth Amended Complaint to the extent that those documents are not publicly available or otherwise in the possession of Plaintiffs.

8.  BAS objects to each of Plaintiffs' requests to the extent it purports to seek documents relating to securities other than TASER International, Inc. ("TASER").

9.  BAS objects to each of Plaintiffs' requests to the extent it purports to seek documents and/or information from trading and/or sales personnel. Pursuant to the parties' agreement, BAS will not endeavor to provide documents or information concerning trading and/or sales personnel until after Plaintiffs identify the relevant trading activity based on

Plaintiffs' review of the trading information BAS produces (and has produced) through discovery.

10.    BAS's failure to object to any request on a particular ground or grounds shall not be construed as a waiver of its rights to object on any additional ground(s).  BAS reserves the right at any time to revise, amend, supplement, correct, clarify, or add to its responses and objections to the requests or to revise, amend, supplement, correct, clarify, or add to any production of documents or information made pursuant to any request consistent with further investigation and discovery.  BAS also reserves the right to use or rely on, at any time, subsequently discovered information or information omitted from these responses and objections as a result of mistake, error, oversight or inadvertence.

11.    BAS objects to each of the requests insofar as it purports to require BAS to create, generate, compile, or develop documents that do not currently exist.

12.    BAS objects to each of the requests to the extent it purports to seek documents that contain personal, private, confidential, proprietary, financial or commercial information relating to BAS or its clients.  BAS will produce such documents only pursuant to an appropriate confidentiality stipulation and protective order.

13.    BAS objects to each of Plaintiffs' requests to the extent it purports to seek documents for transactions in accounts other than prime brokerage or proprietary accounts.

14.    BAS objects to each of Plaintiff's requests to the extent they seek to impose an obligation on BAS to conduct anything beyond a diligent search of files where responsive documents reasonably would be expected to be found.  Subject to the objections stated herein, whenever BAS agrees to produce documents in response to a request, it will search for responsive documents from the readily accessible and centrally located files of individuals whom

they reasonably believe may have responsive documents.  Any requests that seek to require BAS to go beyond such a search are overbroad and unduly burdensome.  BAS agrees to meet and confer with Plaintiffs concerning the scope of any search and the allocation of costs associated with such search.

15.    BAS objects to each of Plaintiff's requests to the extent they seek to require BAS to search for and produce email and other electronic documents (e.g., Microsoft Word and Powerpoint documents, Excel spreadsheets, calendars, instant messages, etc.) beyond those that are readily accessible or centrally maintained.  BAS objects to all of the requests to the extent that the requests seek to require BAS to undertake a search for and the production of email and other electronic documents that would impose unreasonable costs and burdens and that would exceed BAS's obligations under the Official Code of Georgia.  BAS also incorporates by reference into this objection paragraph 24 of its General Objections.

16.    BAS's responses and objections shall not be deemed to constitute a representation or admission that any particular document or thing exists, is relevant, non-privileged, or admissible in evidence; or that any statement or characterization in the Requests is accurate or complete.  Rather, BAS's agreement to produce documents in response to any requests means only that responsive documents will be produced if they exist, can be located with reasonable diligence, and are not otherwise protected from disclosure.

17.    BAS objects to the term "Abusive Naked Short Selling" as vague, ambiguous, and overbroad.

18.    BAS objects to the definition of "DTCC" as overbroad to the extent it seeks to define "DTCC" beyond The Depository Trust & Clearing Corporation, its officers, directors and employees.

- 5 -

19.     BAS objects to the definition of the terms "Security" or "Securities" to the extent it defines a security or securities as instruments other than common stock and objects to responding to any requests based upon this definition because instruments other than common stock are outside the scope of Plaintiffs' allegations.

20.     BAS objects to the definition of the term "documents" to the extent it seeks to impose obligations beyond those under the Official Code of Georgia.  While BAS intends to conduct a reasonable search for responsive documents, it hereby states that it will not take any responsibility to search for documents in the possession or control of other persons, including separate corporate entities, on the bases that these documents are beyond BAS's possession, custody, and control, as well as neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

21.     BAS objects to the definition of the terms "record," "reflect," "relate to," and "concern" to the extent they seek to impose obligations beyond those under the Official Code of Georgia.

22.     BAS objects to the definition of the term "communication" to the extent it seeks to impose obligations beyond those under the Official Code of Georgia.

23.     BAS objects to the "Time Period" of "January 1, 2003 to May 31, 2009" and Instruction No. 4 on the grounds that they are overly broad and unduly burdensome to the extent they are inconsistent with the relevant time periods encompassed by the Sixth Amended Complaint, and seek irrelevant information so that they are not reasonably calculated to lead to the discovery of admissible evidence.  Without waiving these objections, whenever BAS agrees to produce documents responsive to a request, BAS will produce responsive, non-privileged

documents created during the Time Period, but reserves the right to seek a narrower period, as appropriate, during the meet and confer process.

24.     BAS objects to Instruction No. 2 to the extent it purports to require BAS to identify the existence of documents not presently in its possession, custody or control. BAS will respond to the requests in accordance with its obligations under the Official Code of Georgia.

25.     BAS objects to Instruction No. 3 on the grounds that it purports to require BAS to search through computer records or other electronic data storage media that are not readily accessible, manageable or searchable. BAS also objects to this instruction on the grounds identified in paragraph 13 of its General Objections. BAS agrees to meet and confer with counsel for Plaintiffs, in good faith, to establish the appropriate scope and parameters of any electronic search, including, but not limited to, establishing appropriate limitations on the custodians to be searched and an appropriate search protocol and allocation of the costs and burdens of retrieving and collecting such electronic data. Until those issues have been resolved, BAS will not search for electronic documents that are not centrally maintained. Absent such a meet and confer process, the requests would require BAS to undertake a search for and the production of email and other electronic documents that would impose unreasonable costs and burdens and that would exceed BAS's obligations under applicable law.

26.     BAS objects to Instruction No. 5 to the extent it purports to require BAS to provide information beyond that required by Official Code of Georgia § 9-11-26.

- 7 -

## RESPONSES AND OBJECTIONS TO SPECIFIC REQUESTS

<u>Request No. 1</u>:  For the agreed upon custodians, please produce all documents concerning, discussing, relating to or referencing abusive naked short selling.

<u>Response</u>:

BAS objects to this request on the grounds that the phrase "abusive naked short selling" is vague and ambiguous.  BAS also objects to this request on the grounds it seeks documents or information not relevant to the claims or defenses of any party and/or not reasonably calculated to lead to the discovery of admissible evidence.  BAS further objects to this request on the grounds that it is overly broad and unduly burdensome.  Additionally, BAS objects to this request to the extent it seeks documents or information protected by the attorney-client privilege, attorney work product doctrine, or any other applicable privilege.  Subject to and without waiving the foregoing General Objections, which are incorporated herein by reference, and subject to and without waiving the foregoing specific objections, BAS agrees to meet and confer with counsel for Plaintiffs, in good faith, to define a mutually acceptable search group and set of search terms to identify responsive documents related specifically to TASER common stock.

<u>Request No. 2</u>:  For the agreed upon custodians, please produce all documents concerning, discussing, relating to or referencing any instance in which a defendant allegedly or actually failed to follow Regulation SHO's locate requirement.

<u>Response</u>:

BAS objects to this request on the grounds that the phrase "failed to follow" is vague and ambiguous.  BAS also objects to this request on the grounds that it seeks documents or information not relevant to the claims or defenses of any party and/or not reasonably calculated to lead to the discovery of admissible evidence.  BAS further objects to this request on the grounds that it is overly broad and unduly burdensome.  Additionally, BAS objects to this

request to the extent it seeks documents or information protected by the attorney-client privilege, attorney work product doctrine, or any other applicable privilege. Subject to and without waiving the foregoing General Objections, which are incorporated herein by reference, and subject to and without waiving the foregoing specific objections, BAS agrees to meet and confer with counsel for Plaintiffs, in good faith, to define a mutually acceptable search group and set of search terms to identify responsive documents related specifically to TASER common stock.

Request No. 3: For the agreed upon custodians, please produce documents relating to constituting, referencing or concerning any instances of alleged or actual abusive naked short selling undertaken by any of the defendants.

Response:

BAS objects to this request on the grounds that the phrase "abusive naked short selling" is vague and ambiguous. BAS also objects to this request on the grounds that it seeks documents or information not relevant to the claims or defenses of any party and/or not reasonably calculated to lead to the discovery of admissible evidence. BAS further objects to this request on the grounds that it is overly broad and unduly burdensome. Additionally, BAS objects to this request to the extent it seeks documents or information protected by the attorney-client privilege, attorney work product doctrine, or any other applicable privilege. Subject to and without waiving the foregoing General Objections, which are incorporated herein by reference, and subject to and without waiving the foregoing specific objections, BAS agrees to meet and confer with counsel for Plaintiffs, in good faith, to define a mutually acceptable search group and set of search terms to identify responsive documents related specifically to TASER common stock.

<u>Request No. 4</u>:  For the agreed upon custodians, please produce all documents concerning, discussing, relating to or referencing any instance in which a defendant allegedly or actually failed to meet Regulation SHO's close out requirement.

<u>Response</u>:

BAS objects to this request on the grounds that it seeks documents or information not relevant to the claims or defenses of any party and/or not reasonably calculated to lead to the discovery of admissible evidence.  BAS also objects to this request on the grounds that it is overly broad and unduly burdensome.  BAS further objects to this request to the extent it seeks documents or information protected by the attorney-client privilege, attorney work product doctrine, or any other applicable privilege.  Subject to and without waiving the foregoing General Objections, which are incorporated herein by reference, and subject to and without waiving the foregoing specific objections, BAS agrees to meet and confer with counsel for Plaintiffs, in good faith, to define a mutually acceptable search group and set of search terms to identify responsive documents related specifically to TASER common stock.

<u>Request No. 5</u>:  For the agreed upon custodians, please produce all documents concerning, discussing, relating to or referencing any concern(s) that a defendant was not following or did not follow Regulation SHO, including, but not limited to, failing to follow the locate, failing to deliver or close out requirements.

<u>Response</u>:

BAS objects to this request on the grounds that the phrases "was not following or did not follow," "failing to follow" and "concern(s)" are vague and ambiguous.  BAS also objects to this request on the grounds that it seeks documents or information not relevant to the claims or defenses of any party and/or not reasonably calculated to lead to the discovery of admissible

- 10 -

evidence.  BAS further objects to this request on the grounds that it is overly broad and unduly

burdensome.  Additionally, BAS objects to this request to the extent it seeks documents or

information protected by the attorney-client privilege, attorney work product doctrine, or any

other applicable privilege.  Subject to and without waiving the foregoing General Objections,

which are incorporated herein by reference, and subject to and without waiving the foregoing

specific objections, BAS agrees to meet and confer with counsel for Plaintiffs, in good faith, to

define a mutually acceptable search group and set of search terms to identify responsive

documents related specifically to TASER common stock.

Request No. 6:  All drafts and versions of the June 19, 2009 letter from Paul Russo, Managing

Director and Head of U.S. Equity Trading at Goldman to Elizabeth Murphy, Secretary,

Securities and Exchange Commission.

Response:

      BAS objects to this request on the grounds that it seeks documents or information not

relevant to the claims or defenses of any party and/or not reasonably calculated to lead to the

discovery of admissible evidence.  BAS also objects to this request on the grounds that it is

overly broad and unduly burdensome. BAS further objects to this request to the extent it seeks

documents or information protected by the attorney-client privilege, attorney work product

doctrine, or any other applicable privilege.

Request No. 7:  All documents concerning, discussing or relating to the June 19, 2009 letter from

Paul Russo, Managing Director and Head of U.S. Equity Trading at Goldman to Elizabeth

Murphy, Secretary, Securities and Exchange Commission.

Response:

BAS objects to this request on the grounds that it seeks documents or information not relevant to the claims or defenses of any party and/or not reasonably calculated to lead to the discovery of admissible evidence.  BAS also objects to this request on the grounds that it is overly broad and unduly burdensome.  BAS further objects to this request to the extent it seeks documents subject to the attorney-client privilege, attorney work product doctrine or any other applicable privilege.

Request No. 8:  For the agreed upon custodians, please produce documents relating to, constituting, referencing or concerning any in which a defendant allegedly or actually failed to deliver or receive stock in accordance with Regulation SHO.

Response:

BAS objects to this request on the grounds that it seeks documents or information not relevant to the claims or defenses of any party and/or not reasonably calculated to lead to the discovery of admissible evidence.  BAS also objects to this request on the grounds that it is overly broad and unduly burdensome and vague and ambiguous.  BAS further objects to this request to the extent it seeks documents subject to the attorney-client privilege, attorney work product doctrine or any other applicable privilege.  Subject to and without waiving the foregoing General Objections, which are incorporated herein by reference, and subject to and without waiving the foregoing specific objections, BAS agrees to meet and confer with counsel for Plaintiffs, in good faith, to define a mutually acceptable search group and set of search terms to identify responsive documents related specifically to TASER common stock.

Request No. 9:  Please produce all documents provided to NYSE Arca in response to any inquiries or investigations underlying or relating to Equities Enforcement Decision No. 08-AE-02.

- 12 -

Response:

BAS objects to this request on the grounds that the phrase "any inquiries or investigations underlying or relating to" is vague and ambiguous. BAS also objects to this request on the grounds that it seeks documents or information not relevant to the claims or defenses of any party and/or not reasonably calculated to lead to the discovery of admissible evidence. BAS further objects to this request to on the grounds that it is overly broad and unduly burdensome.

Request No. 10: Please produce all documents related to, concerning or discussing Equities Enforcement Decision No. 08-AE-02.

Response:

BAS objects to this request on the grounds that it is overly broad and unduly burdensome. BAS also objects to this request on the grounds that it is vague and ambiguous. BAS further objects to this request on the grounds that it seeks documents or information not relevant to the claims or defenses of any party and/or not reasonably calculated to lead to the discovery of admissible evidence. In addition, BAS objects to this request to the extent it seeks documents or information protected by the attorney-client privilege, attorney work product doctrine or any other applicable privilege.

Request No. 11: Please produce all insurance agreements and/or policies under which any insurance company may be liable to satisfy part or all of any judgment which may be rendered in this action, or indemnity or reimburse for payments made to satisfy the judgment or legal fees, including all endorsements, riders, other supplemental information, and declarations page(s).

Response:

BAS does not possess any documents responsive to this request.

Dated:  October 13, 2009

_____
Andrew J. Frackman
  Admitted Pro Hac Vice
Brendan Dowd
  Admitted Pro Hac Vice
Benjamin Petrosky
  Admitted Pro Hac Vice

*Attorneys for Banc of America Securities LLC*

O'MELVENY & MYERS LLP
Times Square Tower
7 Times Square
New York, New York 10036
Phone:  212-326-2000
Fax:  212-326-2061

Richard H. Sinkfield
Georgia Bar No. 649100
Don F. Laney III
Georgia Bar No. 435290

*Attorneys for Defendants Morgan Stanley &
Co. Incorporated; Goldman, Sachs & Co.,
Goldman Sachs Execution & Clearing, L.P.;
Bear, Stearns Securities Corp. (n/k/a JP
Morgan Clearing Corp.) Bear, Stearns & Co.
Inc. (n/k/a JP Morgan Securities Inc.); Merrill
Lynch, Pierce, Fenner & Smith Inc.; Deutsche
Bank Securities Inc.; Credit Suisse Securities
(USA) LLC, Inc.; Banc of America Securities
LLC; and UBS Securities, LLC*

ROGERS & HARDIN LLP
2700 International Tower
 Peachtree Center
229 Peachtree St, NW
Atlanta, Georgia  30307
Phone:  404 522-4700
Fax:  404-525-2224

NY1:1794469.1

- 14 -

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

TASER INTERNATIONAL, INC., et al.,

                Plaintiffs,

v.

MORGAN STANLEY & CO., INC., et al.,

                Defendants.

Civil Case No.
2008-EV-004739-B

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 13th day of October, 2009, a true and correct copy of

Defendant Banc of America Securities LLC's Response to Plaintiffs' Third Requests for

Production of Documents was served via U.S. Mail postage prepaid (with courtesy copies sent

via email) upon the following attorneys of record:

ATTORNEYS FOR PLAINTIFFS

    Steven J. Rosenwasser, Esq.
    Bondurant, Mixson & Elmore, LLP
    3900 One Atlantic Center
    1201 West Peachtree Street, N.W.
    Atlanta, Georgia  30309
    rosenwasser@bmelaw.com

    James W. Christian, Esq.
    Christian, Smith & Jewell LLP
    2302 Fannin, Suite 500
    Houston, Texas  77002
    jchristian@csj-law.com

    John O'Quinn, Esq.
    The O'Quinn Law Firm
    440 Louisiana Street, Suite 2300
    Houston, Texas  77002
    johnm@oqlaw.com

And via electronic mail upon the following attorneys of record:

ATTORNEYS FOR DEFENDANTS

Melissa Aoyagi, Esq.
Davis Polk & Wardwell LLP
450 Lexington Avenue
New York, NY  10017
Tel: (212) 450-4000
Fax: (212) 450-3800
melissa.aoyagi@dpw.com

Richard H. Sinkfield, Esq.
Rogers & Hardin LLP
2700 International Tower
Atlanta, GA  30303
rsinkfield@rh-law.com

Brian L. Friedman, Esq.
Proskauer Rose LLP
1585 Broadway
New York, NY  10036
blfriedman@proskauer.com

Fraser L. Hunter, Jr., Esq.
Wilmer Cutler Pickering Hale
and Dorr LLP
399 Park Avenue
New York, NY  10022
fraser.hunter@wilmerhale.com

Gregory Markel, Esq.
Cadwalader, Wickersham &
Taft LLP
One World Financial Center
New York, NY  10281
greg.markel@cwt.com

Paul M. Eckles, Esq.
Skadden, Arps, Slate, Meagher
& Flom LLP
4 Times Square
New York, NY  10036
pmeckles@skadden.com

Richard H. Klapper, Esq.
Sullivan & Cromwell LLP
125 Broad Street
New York, NY  10004
klapperr@sullcrom.com

Andrew B. Clubok, Esq.
Kirkland & Ellis LLP
655 Fifteenth Street, N.W.
Washington, DC 20005
aclubok@kirkland.com

Dated:  October 13, 2009

Benjamin Petrosky
Admitted Pro Hac Vice

*Attorneys for Banc of America Securities*

O'MELVENY & MYERS LLP
Times Square Tower
7 Times Square
New York, New York 10036
Phone:  212-326-2000
Fax:  212-326-2061

Richard H. Sinkfield
Georgia Bar No. 649100
Don F. Laney III
Georgia Bar No. 435290

*Attorneys for Defendants Morgan Stanley &*
*Co. Incorporated; Goldman, Sachs & Co.,*
*Goldman Sachs Execution & Clearing, L.P.;*
*Bear, Stearns Securities Corp. (n/k/a JP*
*Morgan Clearing Corp.) Bear, Stearns & Co.*
*Inc. (n/k/a JP Morgan Securities Inc.); Merrill*
*Lynch, Pierce, Fenner & Smith Inc.; Deutsche*
*Bank Securities Inc.; Credit Suisse Securities*
*(USA) LLC, Inc.; Banc of America Securities*
*LLC; and UBS Securities, LLC*

ROGERS & HARDIN LLP
2700 International Tower
 Peachtree Center
229 Peachtree St, NW
Atlanta, Georgia  30307
Phone:  404 522-4700
Fax:  404-525-2224

NY1:1794481.1