# Exhibit P

144910.1

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

TASER INTERNATIONAL, INC., et al.,

        Plaintiffs,

v.

MORGAN STANLEY & CO., INC., et al.,

        Defendants.

Civil Case No.
2008-EV-004739-B

## DEFENDANT MERRILL LYNCH, PIERCE, FENNER & SMITH INCORPORATED'S RESPONSE TO PLAINTIFFS' THIRD REQUESTS FOR PRODUCTION OF DOCUMENTS

Defendant Merrill Lynch, Pierce, Fenner & Smith Incorporated ("Merrill Lynch") hereby provide these objections and responses to Plaintiffs' Third Request for Production of Documents to Each Defendant (the "Requests"). Merrill Lynch agrees to meet and confer with counsel for Plaintiffs in an attempt to resolve Plaintiffs' disagreements, if any, with Merrill Lynch's responses and objections.

### GENERAL OBJECTIONS

Merrill Lynch hereby makes the following General Objections, which apply to each and every specific request for production of documents and are incorporated by reference in each and every response below as if set forth fully therein. Merrill Lynch's responses to specific requests are made subject to and without waiving these General Objections. Merrill Lynch has not repeated these objections in every response to improve readability. Failure to reiterate a General

Objection below does not constitute a waiver of that or any other objection. Any statements contained in this response regarding the future production of documents shall not be read as a waiver of Merrill Lynch's position regarding discovery.

1. Merrill Lynch objects to all Instructions, Definitions and Requests to the extent that they call for Merrill Lynch to do more than is required under the Official Code of Georgia, the Uniform State Court Rules, the Local Rules or other applicable law.

2. Merrill Lynch objects to each of the requests to the extent that it is overbroad and unduly burdensome or seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

3. Merrill Lynch reserves all objections that may be available to it at any hearing or trial or on any motion to the use or admissibility of any information and/or documents provided, as well as the right to object to further discovery relating to the subject matter of any information and/or documents provided.

4. Merrill Lynch objects to each of the requests to the extent that it seeks information and/or documents protected from disclosure by the attorney-client privilege, the joint defense or common-interest privilege, the attorney work product doctrine, the accountant-client privilege, or any other legally recognized privilege, immunity or exemption from discovery. Merrill Lynch will not produce documents containing such information or will produce such documents in redacted form. Merrill Lynch will provide a log in accordance with governing rules if documents are withheld or redacted because they are protected from disclosure.

5. To the extent that Merrill Lynch, pursuant to any request by Plaintiffs, provides information and/or documents that any party may later argue or claim is privileged, or that any party characterizes as privileged, it is understood that such provision does not constitute a waiver

of the attorney-client privilege, the joint defense or common-interest privilege, the attorney work product doctrine, the accountant-client privilege or any other legally recognized privilege, immunity or exemption from discovery with respect to the information and/or documents. Merrill Lynch reserves the right to request the return of any information.

6. Merrill Lynch objects to each request on the grounds that, taken on a whole and as written, the requests are overly broad, unduly burdensome, vague, and would purport to require the production of irrelevant documents and data for a six- to seven-year time period. Merrill Lynch objects to the production of the requested data and documents absent an appropriate meet and confer process to narrow the scope of Plaintiffs' requests, establish a logical order for discovery and agree upon an appropriate allocation of the burdens of retrieving and collecting the substantial data sought. Merrill Lynch also incorporates by reference into this objection paragraph 22 of its General Objections.

7. Merrill Lynch objects to each request to the extent it purports to require Merrill Lynch to seek documents in the possession of other persons or entities, including its outside counsel, or to create documents not presently in the possession, custody, or control of Merrill Lynch. Merrill Lynch further objects to each document request to the extent it requests documents that are in the public domain and are therefore equally available to all parties. Merrill Lynch will produce documents only on behalf of those entities named as Defendants in the Sixth Amended Complaint to the extent that those documents are not publicly available or otherwise in the possession of Plaintiffs.

8. Merrill Lynch objects to each of Plaintiffs' requests to the extent it purports to seek documents relating to securities other than TASER International, Inc. ("TASER").

9. Merrill Lynch objects to each of Plaintiffs' requests to the extent it purports to seek documents and/or information from trading and/or sales personnel. Pursuant to the parties' agreement, Merrill Lynch will not endeavor to provide documents or information concerning trading and/or sales personnel until after Plaintiffs identify the relevant trading activity based on Plaintiffs' review of the trading information Merrill Lynch produces (and has produced) through discovery.

10. Merrill Lynch's failure to object to any request on a particular ground or grounds shall not be construed as a waiver of its rights to object on any additional ground(s). Merrill Lynch reserves the right at any time to revise, amend, supplement, correct, clarify, or add to its responses and objections to the requests or to revise, amend, supplement, correct, clarify, or add to any production of documents or information made pursuant to any request consistent with further investigation and discovery. Merrill Lynch also reserves the right to use or rely on, at any time, subsequently discovered information or information omitted from these responses and objections as a result of mistake, error, oversight or inadvertence.

11. Merrill Lynch objects to each of the requests insofar as it purports to require Merrill Lynch to create, generate, compile, or develop documents that do not currently exist.

12. Merrill Lynch objects to each of the requests to the extent it purports to seek documents that contain personal, private, confidential, proprietary, financial or commercial information relating to Merrill Lynch or its clients. Merrill Lynch will produce such documents only pursuant to an appropriate confidentiality stipulation and protective order.

13. Merrill Lynch objects to each of Plaintiffs' requests to the extent it purports to seek documents for transactions in accounts other than prime brokerage or proprietary accounts.

14. Merrill Lynch objects to each of Plaintiffs' requests to the extent they seek to impose an obligation on Merrill Lynch to conduct anything beyond a diligent search of files where responsive documents reasonably would be expected to be found. Subject to the objections stated herein, whenever Merrill Lynch agrees to produce documents in response to a request, it will search for responsive documents from the readily accessible and centrally located files of individuals whom they reasonably believe may have responsive documents. Any requests that seek to require Merrill Lynch to go beyond such a search are overbroad and unduly burdensome. Merrill Lynch agrees to meet and confer with Plaintiffs concerning the scope of any search and the allocation of costs associated with such search.

15. Merrill Lynch objects to each of Plaintiffs' requests to the extent they seek to require Merrill Lynch to search for and produce email and other electronic documents (e.g., Microsoft Word and Powerpoint documents, Excel spreadsheets, calendars, instant messages, etc.) beyond those that are readily accessible or centrally maintained. Merrill Lynch objects to all of the requests to the extent that the requests seek to require Merrill Lynch to undertake a search for and the production of email and other electronic documents that would impose unreasonable costs and burdens and that would exceed Merrill Lynch's obligations under the Official Code of Georgia. Merrill Lynch also incorporates by reference into this objection paragraph 24 of its General Objections.

16. Merrill Lynch's responses and objections shall not be deemed to constitute a representation or admission that any particular document or thing exists, is relevant, non-privileged, or admissible in evidence; or that any statement or characterization in the Requests is accurate or complete. Rather, Merrill Lynch's agreement to produce documents in response to

-5-

any requests means only that responsive documents will be produced if they exist, can be located with reasonable diligence, and are not otherwise protected from disclosure.

17. Merrill Lynch objects to the term "Abusive Naked Short Selling" as vague, ambiguous, and overbroad.

18. Merrill Lynch objects to the definition of "DTCC" as overbroad to the extent it seeks to define "DTCC" beyond The Depository Trust & Clearing Corporation, its officers, directors and employees.

19. Merrill Lynch objects to the definition of the terms "Security" or "Securities" to the extent it defines a security or securities as instruments other than common stock and objects to responding to any requests based upon this definition because instruments other than common stock are outside the scope of Plaintiffs' allegations.

20. Merrill Lynch objects to the definition of the term "documents" to the extent it seeks to impose obligations beyond those under the Official Code of Georgia. While Merrill Lynch intends to conduct a reasonable search for responsive documents, it hereby states that it will not take any responsibility to search for documents in the possession or control of other persons, including separate corporate entities, on the bases that these documents are beyond Merrill Lynch's possession, custody, and control, as well as neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

21. Merrill Lynch objects to the definition of the terms "record," "reflect," "relate to," and "concern" to the extent they seek to impose obligations beyond those under the Official Code of Georgia.

22. Merrill Lynch objects to the definition of the term "communication" to the extent it seeks to impose obligations beyond those under the Official Code of Georgia.

23. Merrill Lynch objects to the "Time Period" of "January 1, 2003 to May 31, 2009" and Instruction No. 4 on the grounds that they are overly broad and unduly burdensome to the extent that they are inconsistent with the relevant time periods encompassed by the Sixth Amended Complaint, and seek irrelevant information so that they are not reasonably calculated to lead to the discovery of admissible evidence. Without waiving these objections, whenever Merrill Lynch agrees to produce documents responsive to a request, Merrill Lynch will produce responsive, non-privileged documents created during the Time Period, but reserves the right to seek a narrower period, as appropriate, during the meet and confer process.

24. Merrill Lynch objects to Instruction No. 2 to the extent it purports to require Merrill Lynch to identify the existence of documents not presently in its possession, custody or control. Merrill Lynch will respond to the requests in accordance with its obligations under the Official Code of Georgia.

25. Merrill Lynch objects to Instruction No. 3 on the grounds that it purports to require Merrill Lynch to search through computer records or other electronic data storage media that are not readily accessible, manageable or searchable. Merrill Lynch also objects to this instruction on the grounds identified in paragraph 13 of its General Objections. Merrill Lynch agrees to meet and confer with counsel for Plaintiffs, in good faith, to establish the appropriate scope and parameters of any electronic search, including, but not limited to, establishing appropriate limitations on the custodians to be searched and an appropriate search protocol and allocation of the costs and burdens of retrieving and collecting such electronic data. Until those issues have been resolved, Merrill Lynch will not search for electronic documents that are not centrally maintained. Absent such a meet and confer process, the requests would require Merrill Lynch to undertake a search for and the production of email and other electronic documents that

would impose unreasonable costs and burdens and that would exceed Merrill Lynch's obligations under applicable law.

26. Merrill Lynch objects to Instruction No. 5 to the extent it purports to require Merrill Lynch to provide information beyond that required by Official Code of Georgia § 9-11-26.

## RESPONSES AND OBJECTIONS TO SPECIFIC REQUESTS

Request No. 1: For the agreed upon custodians, please produce all documents concerning, discussing, relating to or referencing abusive naked short selling.

Response:

Merrill Lynch objects to this request on the grounds that the phrase "abusive naked short selling" is vague and ambiguous. Merrill Lynch also objects to this request on the grounds it seeks documents or information not relevant to the claims or defenses of any party and/or not reasonably calculated to lead to the discovery of admissible evidence. Merrill Lynch further objects to this request on the grounds that it is overly broad and unduly burdensome. Additionally, Merrill Lynch objects to this request to the extent it seeks documents or information protected by the attorney-client privilege, attorney work product doctrine, or any other applicable privilege. Subject to and without waiving the foregoing General Objections, which are incorporated herein by reference, and subject to and without waiving the foregoing specific objections, Merrill Lynch agrees to meet and confer with counsel for Plaintiffs, in good faith, to define a mutually acceptable search group and set of search terms to identify responsive documents related specifically to TASER common stock.

Request No. 2: For the agreed upon custodians, please produce all documents concerning, discussing, relating to or referencing any instance in which a defendant allegedly or actually failed to follow Regulation SHO's locate requirement.

Response:

Merrill Lynch objects to this request on the grounds that the phrase "failed to follow" is vague and ambiguous. Merrill Lynch also objects to this request on the grounds that it seeks documents or information not relevant to the claims or defenses of any party and/or not reasonably calculated to lead to the discovery of admissible evidence. Merrill Lynch further objects to this request on the grounds that it is overly broad and unduly burdensome. Additionally, Merrill Lynch objects to this request to the extent it seeks documents or information protected by the attorney-client privilege, attorney work product doctrine, or any other applicable privilege. Subject to and without waiving the foregoing General Objections, which are incorporated herein by reference, and subject to and without waiving the foregoing specific objections, Merrill Lynch agrees to meet and confer with counsel for Plaintiffs, in good faith, to define a mutually acceptable search group and set of search terms to identify responsive documents related specifically to TASER common stock.

Request No. 3: For the agreed upon custodians, please produce documents relating to constituting, referencing or concerning any instances of alleged or actual abusive naked short selling undertaken by any of the defendants.

Response:

Merrill Lynch objects to this request on the grounds that the phrase "abusive naked short selling" is vague and ambiguous. Merrill Lynch also objects to this request on the grounds that it seeks documents or information not relevant to the claims or defenses of any party and/or not reasonably calculated to lead to the discovery of admissible evidence. Merrill Lynch further objects to this request on the grounds that it is overly broad and unduly burdensome. Additionally, Merrill Lynch objects to this request to the extent it seeks documents or

information protected by the attorney-client privilege, attorney work product doctrine, or any other applicable privilege. Subject to and without waiving the foregoing General Objections, which are incorporated herein by reference, and subject to and without waiving the foregoing specific objections, Merrill Lynch agrees to meet and confer with counsel for Plaintiffs, in good faith, to define a mutually acceptable search group and set of search terms to identify responsive documents related specifically to TASER common stock.

Request No. 4: For the agreed upon custodians, please produce all documents concerning, discussing, relating to or referencing any instance in which a defendant allegedly or actually failed to meet Regulation SHO's close out requirement.

Response:

Merrill Lynch objects to this request on the grounds that it seeks documents or information not relevant to the claims or defenses of any party and/or not reasonably calculated to lead to the discovery of admissible evidence. Merrill Lynch also objects to this request on the grounds that it is overly broad and unduly burdensome. Merrill Lynch further objects to this request to the extent it seeks documents or information protected by the attorney-client privilege, attorney work product doctrine, or any other applicable privilege. Subject to and without waiving the foregoing General Objections, which are incorporated herein by reference, and subject to and without waiving the foregoing specific objections, Merrill Lynch agrees to meet and confer with counsel for Plaintiffs, in good faith, to define a mutually acceptable search group and set of search terms to identify responsive documents related specifically to TASER common stock.

Request No. 5: For the agreed upon custodians, please produce all documents concerning, discussing, relating to or referencing any concern(s) that a defendant was not following or did

not follow Regulation SHO, including, but not limited to, failing to follow the locate, failing to deliver or close out requirements.

Response:

Merrill Lynch objects to this request on the grounds that the phrases "was not following or did not follow," "failing to follow" and "concern(s)" are vague and ambiguous. Merrill Lynch also objects to this request on the grounds that it seeks documents or information not relevant to the claims or defenses of any party and/or not reasonably calculated to lead to the discovery of admissible evidence. Merrill Lynch further objects to this request on the grounds that it is overly broad and unduly burdensome. Additionally, Merrill Lynch objects to this request to the extent it seeks documents or information protected by the attorney-client privilege, attorney work product doctrine, or any other applicable privilege. Subject to and without waiving the foregoing General Objections, which are incorporated herein by reference, and subject to and without waiving the foregoing specific objections, Merrill Lynch agrees to meet and confer with counsel for Plaintiffs, in good faith, to define a mutually acceptable search group and set of search terms to identify responsive documents related specifically to TASER common stock.

Request No. 6: All drafts and versions of the June 19, 2009 letter from Paul Russo, Managing Director and Head of U.S. Equity Trading at Goldman to Elizabeth Murphy, Secretary, Securities and Exchange Commission.

Response:

Merrill Lynch objects to this request on the grounds that it seeks documents or information not relevant to the claims or defenses of any party and/or not reasonably calculated to lead to the discovery of admissible evidence. Merrill Lynch also objects to this request on the grounds that it is overly broad and unduly burdensome. Merrill Lynch further objects to this

request to the extent it seeks documents or information protected by the attorney-client privilege, attorney work product doctrine, or any other applicable privilege.

Request No. 7: All documents concerning, discussing or relating to the June 19, 2009 letter from Paul Russo, Managing Director and Head of U.S. Equity Trading at Goldman to Elizabeth Murphy, Secretary, Securities and Exchange Commission.

Response:

Merrill Lynch objects to this request on the grounds that it seeks documents or information not relevant to the claims or defenses of any party and/or not reasonably calculated to lead to the discovery of admissible evidence. Merrill Lynch also objects to this request on the grounds that it is overly broad and unduly burdensome. Merrill Lynch further objects to this request to the extent it seeks documents subject to the attorney-client privilege, attorney work product doctrine or any other applicable privilege.

Request No. 8: For the agreed upon custodians, please produce documents relating to, constituting, referencing or concerning any [instance] [sic] in which a defendant allegedly or actually failed to deliver or receive stock in accordance with Regulation SHO.

Response:

Merrill Lynch objects to this request on the grounds that it seeks documents or information not relevant to the claims or defenses of any party and/or not reasonably calculated to lead to the discovery of admissible evidence. Merrill Lynch also objects to this request on the grounds that it is overly broad and unduly burdensome and vague and ambiguous. Merrill Lynch further objects to this request to the extent it seeks documents subject to the attorney-client privilege, attorney work product doctrine or any other applicable privilege. Subject to and without waiving the foregoing General Objections, which are incorporated herein by reference,

and subject to and without waiving the foregoing specific objections, Merrill Lynch agrees to meet and confer with counsel for Plaintiffs, in good faith, to define a mutually acceptable search group and set of search terms to identify responsive documents related specifically to TASER common stock.

Request No. 9: Please produce all documents provided to NYSE Arca in response to any inquiries or investigations underlying or relating to Equities Enforcement Decision No. 08-AE-02.

Response:

Merrill Lynch objects to this request on the grounds that the phrase "any inquiries or investigations underlying or relating to" is vague and ambiguous. Merrill Lynch also objects to this request on the grounds that it seeks documents or information not relevant to the claims or defenses of any party and/or not reasonably calculated to lead to the discovery of admissible evidence. Merrill Lynch further objects to this request to on the grounds that it is overly broad and unduly burdensome.

Request No. 10: Please produce all documents related to, concerning or discussing Equities Enforcement Decision No. 08-AE-02.

Response:

Merrill Lynch objects to this request on the grounds that it is overly broad and unduly burdensome. Merrill Lynch also objects to this requests on the grounds that it is vague and ambiguous. Merrill Lynch also objects to this request on the grounds that it seeks documents or information not relevant to the claims or defenses of any party and/or not reasonably calculated to lead to the discovery of admissible evidence. In addition, Merrill Lynch objects to this request

to the extent it seeks documents or information protected by the attorney-client privilege, attorney work product doctrine or any other applicable privilege.

<u>Request No. 11</u>: Please produce all insurance agreements and/or policies under which any insurance company may be liable to satisfy part or all of any judgment which may be rendered in this action, or indemnity or reimburse for payments made to satisfy the judgment or legal fees, including all endorsements, riders, other supplemental information, and declarations page(s).

Response:

    Merrill Lynch does not possess any documents responsive to this request.

Dated: October 13, 2009

                                                 */s/ Paul M. Eckles*

                                                 Shepard Goldfein
                                                 Admitted Pro Hac Vice
                                                 Paul M. Eckles
                                                 Admitted Pro Hac Vice

                                                 *Attorneys for Defendant Merrill Lynch,*
                                                 *Pierce, Fenner & Smith Incorporated*

SKADDEN, ARPS, SLATE,
   MEAGHER & FLOM LLP
4 Times Square
New York, New York 10036
Ph: 212-735-3000
Fax: 212-735-2000

                                                 Richard H. Sinkfield
                                                 Georgia Bar No. 649100
                                                 Don F. Laney III
                                                 Georgia Bar No. 435290

                                               *Attorneys for Defendants Morgan Stanley &*
                                               *Co. Incorporated; Goldman, Sachs & Co.,*
                                               *Merrill Lynch Execution & Clearing, L.P.;*
                                               *Bear, Stearns Securities Corp. (n/k/a JP*
                                               *Morgan Clearing Corp.) Bear, Stearns & Co.*
                                               *Inc. (n/k/a JP Morgan Securities Inc.);*
                                               *Merrill Lynch, Pierce, Fenner & Smith*
                                               *Incorporated; Deutsche Bank Securities Inc.;*
                                               *Credit Suisse Securities (USA) LLC, Inc.;*
                                               *Banc of America Securities LLC; and UBS*
                                               *Securities, LLC*

ROGERS & HARDIN LLP
2700 International Tower
 Peachtree Center
229 Peachtree St, NW
Atlanta, Georgia 30307
Phone: 404 522-4700
Fax: 404-525-2224

- 15 -

State Court of Fulton County
\*\*\*EFILED\*\*\*
LexisNexis Transaction ID: 27557577
Date: Oct 14 2009 5:03PM
Mark Harper, Clerk

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

TASER INTERNATIONAL, INC., et al.,

Civil Case No.
2008-EV-004739-B

    Plaintiffs,

v.

MORGAN STANLEY & CO., INC., GOLDMAN, SACHS &CO., INC., GOLDMAN SACHS EXECUTION & CLEARING, L.P., BEAR STEARNS & CO., INC., K/N/A JP MORGAN SECURITIES, INC., BEAR STEARNS SECURITIES CORP., K/N/A JP MORGAN CLEARING CORP., MERRILL LYNCH, PIERCE, FENNER & SMITH, INC., DEUTSCHE BANK SECURITIES, INC., CREDIT SUISSE SECURITIES (USA) LLC, BANC OF AMERICA SECURITIES, LLC, UBS SECURITIES, LLC, and JOHN DOES 1-10,

## CERTIFICATE OF SERVICE

        I hereby certify that on this 13th day of October, 2009, true and correct copies of Defendant Merrill Lynch, Pierce, Fenner & Smith Incorporated's Response to Plaintiffs' Third Request For Production of Documents were served via email and/or via U.S. Mail postage prepaid upon the following attorneys of record:

ATTORNEYS FOR PLAINTIFFS

    John E. Floyd, Esq.
    Steven J. Rosenwasser, Esq.
    Bondurant, Mixson & Elmore, LLP
    3900 One Atlantic Center
    1201 West Peachtree Street, N.W.
    Atlanta, Georgia 30309

    James W. Christian, Esq.
    Christian, Smith & Jewell LLP
    2302 Fannin, Suite 500
    Houston, Texas 77002

John O'Quinn, Esq.
The O'Quinn Law Firm
440 Louisiana Street, Suite 2300
Houston, Texas 77002

And via electronic mail upon the following attorneys of record:

ATTORNEYS FOR DEFENDANTS

Richard H. Sinkfield, Esq.
Rogers & Hardin LLP
2700 International Tower
Atlanta, GA 30303
rsinkfield@rh-law.com

Brendan Dowd, Esq.
O'Melveny & Myers LLP
Times Square Tower
7 Times Square
New York, NY 10036
bdowd@omm.com

Brian L. Friedman, Esq.
Proskauer Rose LLP
1585 Broadway
New York, NY 10036
blfriedman@proskauer.com

Fraser L. Hunter, Jr., Esq.
Wilmer Cutler Pickering Hale
and Dorr LLP
399 Park Avenue
New York, NY 10022
fraser.hunter@wilmerhale.com

Gregory Markel, Esq.
Cadwalader, Wickersham &
Taft LLP
One World Financial Center
New York, NY 10281
greg.markel@cwt.com

Robert F. Wise, Jr., Esq.
Davis Polk & Wardwell LLP
450 Lexington Avenue
New York, NY 10017
robert.wise@davispolk.com

Richard H. Klapper, Esq.
Sullivan & Cromwell LLP
125 Broad Street
New York, NY 10004
klapperr@sullcrom.com

Andrew B. Clubok, Esq.
Kirkland & Ellis LLP
655 Fifteenth Street, N.W.
Washington, DC 20005
aclubok@kirkland.com

This 13th day of October, 2009.

*Paul M. Eckles* /s/

Paul M. Eckles
Admitted *Pro Hac Vice*

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
4 Times Square
New York, NY 10036
TEL: (212) 735-3000
FAX: (212) 735-2000
pmeckles@skadden.com

*Attorneys for Merrill Lynch, Pierce, Fenner & Smith Incorporated*

Richard H. Sinkfield, Esq.
Georgia Bar No. 649100
Dan F. Laney, III
Georgia Bar No. 435290
ROGERS & HARDIN LLP
2700 International Tower
229 Peachtree St, NW
Atlanta, Georgia 30307
Ph: 404 522-4700
Fax: 404-525-2224

*Attorneys for Defendants Morgan Stanley & Co. Incorporated; Goldman Sachs & Co.; Goldman Sachs Execution & Clearing L.P.; Group, Inc.; Bear, Stearns Securities Corp. (n/k/a JP Morgan Clearing Corp.) Bear, Stearns & Co. Inc. (n/k/a JP Morgan Securities Inc.); Merrill Lynch, Pierce, Fenner & Smith, Inc.; Deutsche Bank Securities Inc.; Credit Suisse Securities (USA) LLC, Inc.; Banc of America Securities LLC; and UBS Securities, LLC*