# Exhibit Q

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

TASER INTERNATIONAL, INC., *et al.*,

      Plaintiffs,

v.

MORGAN STANLEY & CO., INC., *et al.*,

      Defendants.

Civil Case No.
2008-EV-004739-B

## DEFENDANT MORGAN STANLEY & CO. INCORPORATED'S RESPONSES TO PLAINTIFFS' THIRD REQUESTS FOR THE PRODUCTION OF DOCUMENTS

Defendant Morgan Stanley & Co. Incorporated ("MSCO") hereby provides these

objections and responses to Plaintiffs' Third Requests for the Production of Documents

("Requests").  MSCO agrees to meet and confer with counsel for Plaintiffs in an attempt

to resolve Plaintiffs' disagreements, if any, with MSCO's responses and objections.

### GENERAL OBJECTIONS

MSCO makes the following General Objections, which apply to each and every

specific request for production of documents and are incorporated by reference in each

and every response below as if set forth fully therein.  MSCO's responses to specific

Requests are made subject to and without waiving these General Objections or any

specific objections raised by MSCO.  MSCO has not repeated these objections in every

response to improve readability.  Failure to reiterate a General Objection below does not

constitute a waiver of that or any other objection.  Any statements contained in this

Response to Plaintiffs' Third Requests for Production of Documents regarding the future

production of documents shall not be read as a waiver of MSCO's position regarding discovery.

1.     MSCO objects to all Instructions, Definitions and Requests to the extent that they call for MSCO to do more than is required under the Official Code of Georgia, the Uniform State Court Rules, the Local Rules or other applicable law.

2.     MSCO objects to each of the Requests to the extent that it is overbroad and unduly burdensome or seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

3.     MSCO reserves all objections that may be available to it at any hearing or trial or on any motion to the use or admissibility of any information and/or documents provided, as well as the right to object to further discovery relating to the subject matter of any information and/or documents provided.

4.     MSCO objects to each of the Requests to the extent that it seeks information and/or documents protected from disclosure by the attorney-client privilege, the joint defense or common-interest privilege, the work product doctrine, the accountant-client privilege or any other legally recognized privilege, immunity or exemption from discovery.  MSCO will not produce documents containing such information or will produce such documents in redacted form.  MSCO will provide a log in accordance with the governing rules if documents are withheld or redacted because they are protected from disclosure.

5.     To the extent that MSCO, pursuant to any request by Plaintiffs, provides information and/or documents that any party may later argue or claim is privileged, or that any party characterizes as privileged, it is understood that such provision does not

2

constitute a waiver of the attorney-client privilege, the joint defense or common-interest privilege, the attorney work product doctrine, the accountant-client privilege or any other legally recognized privilege, immunity or exemption from discovery with respect to the information and/or documents.  MSCO reserves the right to request the return of any information.

6.      MSCO objects to the Requests on the grounds that, taken as a whole and as written, they are overly broad, unduly burdensome, vague and would purport to require the production of irrelevant documents and data for a six- to seven-year time period. MSCO objects to the production of the requested data and documents absent an appropriate meet-and-confer process to narrow the scope of Plaintiffs' requests, establish a logical order for discovery and an appropriate allocation of the burdens of retrieving and collecting the substantial data sought.

7.      MSCO objects to each of the Requests to the extent that it purports to require MSCO to seek documents in the possession of other persons or entities, including its outside counsel, or to create documents not presently in the possession, custody or control of MSCO.  MSCO further objects to each Request to the extent that it requests documents that are in the public domain and are therefore equally available to all parties. MSCO will produce documents or information only on behalf of MSCO, the named defendant in the Sixth Amended Complaint, and to the extent that those documents are, or information is, not publicly available or otherwise in the possession of Plaintiffs.

8.·     MSCO objects to the Requests to the extent that they purport to seek documents concerning retail accounts other than "private wealth management" accounts.

3

MSCO further objects to the Requests to the extent that they purport to seek documents relating to securities other than those of TASER International Inc. ("TASER").

9.      MSCO's failure to object to any Request on a particular ground or grounds shall not be construed as a waiver of its rights to object on any additional ground(s). MSCO reserves the right at any time to revise, amend, supplement, correct, clarify or add to its responses and objections to the Requests, or to revise, amend, supplement, correct, clarify or add to any production of documents or information made pursuant to any Request, consistent with further investigation and discovery.  MSCO also reserves the right to use or rely on, at any time, subsequently discovered information or information omitted from these responses and objections as a result of mistake, error, oversight or inadvertence.

10.      MSCO objects to each of the Requests insofar as it purports to require MSCO to create, generate, compile or develop documents that do not currently exist.

11.      MSCO objects to each of the Requests to the extent that it purports to seek documents that contain personal, private, confidential, proprietary, financial or commercial information relating to MSCO or its clients.  MSCO will produce such documents only pursuant to an appropriate confidentiality stipulation and protective order.

12.      MSCO objects to each of the Requests to the extent that it seeks to impose an obligation on MSCO to conduct anything beyond a diligent search of files where responsive documents reasonably would be expected to be found.  Subject to the objections stated herein, whenever MSCO agrees to produce documents in response to a Request, it will search for responsive documents from the readily accessible and centrally

4

located files of individuals who it reasonably believes may have responsive documents.
Any Requests that seek to require MSCO to go beyond such a search are overbroad and
unduly burdensome.  MSCO agrees to meet and confer with Plaintiffs concerning the
scope of any search and the allocation of costs associated with any such search.

13.     MSCO objects to each of the Requests to the extent that it seeks to require
MSCO to search for and produce electronic mail and other electronic documents (e.g.,
Microsoft Word and Powerpoint documents, Excel spreadsheets, calendars, instant
messages, etc.) beyond those that are readily accessible or centrally maintained.  MSCO
further objects to the extent that the Requests seek to require MSCO to undertake a
search for and the production of electronic mail and other electronic documents that
would impose unreasonable costs and burdens and that would exceed MSCO's
obligations under the Official Code of Georgia.  MSCO also incorporates by reference
into this objection paragraph 23 of its General Objections.

14.     MSCO's responses and objections shall not be deemed to constitute a
representation or admission that any particular document or thing exists, is relevant, non-
privileged or admissible in evidence; or that any statement or characterization in the
Requests is accurate or complete.  Rather, MSCO's agreement to produce documents in
response to the Requests means only that responsive documents will be produced if they
exist, can be located with reasonable diligence, and are not otherwise protected from
disclosure.

15.     MSCO objects to the term "Abusive Naked Short Selling," as vague,
ambiguous, and overbroad.

16.     MSCO objects to the definition of the term "DTCC" as overbroad to the extent that it seeks to define "DTCC" beyond The Depository Trust & Clearing Corporation, its officers, directors and employees.

17.     MSCO objects to the definitions of the terms "Security" or "Securities" to the extent that they define a security or securities as instruments other than common stock, and objects to responding to any Requests based upon this definition because instruments other than common stock are outside the scope of Plaintiffs' allegations.

18.     MSCO objects to the definition of the term "documents" to the extent that it seeks to impose obligations beyond those under the Official Code of Georgia.  While MSCO intends to conduct a reasonable search for responsive documents, it hereby states that it will not take any responsibility to search for documents in the possession or control of other persons, including separate corporate entities, on the bases that these documents are neither relevant to the subject matter of the litigation, nor reasonably calculated to lead to the discovery of admissible evidence, as well as neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

19.     MSCO objects to the definitions of the terms "record," "reflect," "relate to" and "concern" to the extent that they seek to impose obligations beyond those under the Official Code of Georgia.

20.     MSCO objects to the definition of the term "communication" to the extent that it seeks to impose obligations beyond those under the Official Code of Georgia.

21.     MSCO objects to the "Time Period" of "January 1, 2003 to May 31, 2009" as well as Instruction No. 4 on the grounds that it is overly broad and unduly burdensome

6

to the extent inconsistent with the relevant time periods encompassed by the Sixth

Amended Complaint and seeks irrelevant information, so that it is not reasonably

calculated to lead to the discovery of admissible evidence. Without waiving these

objections, whenever MSCO agrees to produce documents responsive to a request,

MSCO will produce responsive, non-privileged documents created during the relevant

Time Period, but reserves the right to seek a narrower period, as appropriate, during the

meet-and-confer process.

      22.     MSCO objects to Instruction No. 2 to the extent that it purports to require

MSCO to identify the existence of documents not presently in its possession, custody or

control. MSCO will respond to the Requests in accordance with its obligations under the

Official Code of Georgia.

      23.     MSCO objects to Instruction No. 3 on the ground that it purports to

require MSCO to search through computer records or other electronic data storage media

that are not readily accessible, manageable or searchable. MSCO also objects to this

instruction on the grounds identified in paragraph 13 of its General Objections. MSCO

agrees to meet and confer with counsel for Plaintiffs, in good faith, to establish the

appropriate scope and parameters of any electronic search, including but not limited to

establishing appropriate limitations on the custodians to be searched, appropriately

phased discovery, and an appropriate search protocol and allocation of the costs and

burdens of retrieving and collecting such electronic data. Absent such a meet-and-confer

process, the Requests would require MSCO to undertake a search for and the production

of electronic mail and other electronic documents that would impose unreasonable costs

and burdens and that would exceed MSCO's obligations under applicable law.

7

24.     MSCO objects to Instruction No. 5 to the extent that it purports to require MSCO to provide information beyond that required by Official Code of Georgia § 9-11-26.

## RESPONSES AND OBJECTIONS TO SPECIFIC REQUESTS

### REQUEST NO. 1:

For the agreed upon custodians, please produce all documents concerning, discussing, relating to or referencing abusive naked short selling.

### RESPONSE TO REQUEST NO. 1:

MSCO objects to Request No. 1 on the grounds that the phrase "abusive naked short selling" is vague and ambiguous.  MSCO also objects to this Request on the grounds that it seeks documents or information not relevant to the claims or defenses of any party and/or not reasonably calculated to lead to the discovery of admissible evidence.  MSCO further objects to this Request on the grounds that it is overly broad and unduly burdensome.  Additionally, MSCO objects to this Request to the extent that it seeks documents or information protected by the attorney-client privilege, attorney work product doctrine or any other applicable privilege.  MSCO further objects to this Request to the extent that it seeks documents that are, or information that is, not within MSCO's knowledge, possession, custody or control.  Subject to and without waiving the foregoing General Objections, which are incorporated herein by reference, and subject to and without waiving the foregoing specific objections, MSCO agrees to meet and confer with counsel for Plaintiffs, in good faith, to define a mutually acceptable search group, search protocols (including appropriately phased discovery) and search terms to identify responsive documents, if any, related to TASER common stock.

8

**REQUEST NO. 2**:

For the agreed upon custodians, please produce all documents concerning, discussing, relating to or referencing any instance in which a defendant allegedly or actually failed to follow Regulation SHO's locate requirement.

**RESPONSE TO REQUEST NO. 2**:

MSCO objects to Request No. 2 on the grounds that the phrase "failed to follow" is vague and ambiguous. MSCO also objects to this Request on the grounds that it seeks documents or information not relevant to the claims or defenses of any party and/or not reasonably calculated to lead to the discovery of admissible evidence. MSCO further objects to this Request on the grounds that it is overly broad and unduly burdensome. Additionally, MSCO objects to this Request to the extent that it seeks documents or information protected by the attorney-client privilege, attorney work product doctrine or any other applicable privilege. MSCO further objects to this Request to the extent that it seeks documents that are, or information that is, not within MSCO's knowledge, possession, custody or control. Subject to and without waiving the foregoing General Objections, which are incorporated herein by reference, and subject to and without waiving the foregoing specific objections, MSCO agrees to meet and confer with counsel for Plaintiffs, in good faith, to define a mutually acceptable search group, search protocols (including appropriately phased discovery) and search terms to identify responsive documents, if any, related to TASER common stock.

9

**REQUEST NO. 3**:

For the agreed upon custodians, please produce documents relating to constituting, referencing or concerning any instances of alleged or actual abusive naked short selling undertaken by any of the defendants.

**RESPONSE TO REQUEST NO. 3**:

MSCO objects to Request No. 3 on the grounds that the phrase "abusive naked short selling" is vague and ambiguous. MSCO also objects to this Request on the grounds that it seeks documents or information not relevant to the claims or defenses of any party and/or not reasonably calculated to lead to the discovery of admissible evidence. MSCO further objects to this Request on the grounds that it is overly broad and unduly burdensome. MSCO also objects to this Request to the extent that it seeks documents that are, or information that is, not within MSCO's knowledge, possession, custody or control. Additionally, MSCO objects to this Request to the extent that it seeks documents or information protected by the attorney-client privilege, attorney work product doctrine or any other applicable privilege. Subject to and without waiving the foregoing General Objections, which are incorporated herein by reference, and subject to and without waiving the foregoing specific objections, MSCO agrees to meet and confer with counsel for Plaintiffs, in good faith, to define a mutually acceptable search group, search protocols (including appropriately phased discovery) and search terms to identify responsive documents, if any, related to TASER common stock.

**REQUEST NO. 4**:

For the agreed upon custodians, please produce all documents concerning, discussing, relating to or referencing any instance in which a defendant allegedly or actually failed to meet Regulation SHO's close out requirement.

**RESPONSE TO REQUEST NO. 4**:

MSCO objects to Request No. 4 on the grounds that the phrase "actually failed to meet" is vague and ambiguous. MSCO also objects to this Request on the grounds that it seeks documents or information not relevant to the claims or defenses of any party and/or not reasonably calculated to lead to the discovery of admissible evidence. MSCO also objects to this Request on the grounds that it is overly broad and unduly burdensome. MSCO further objects to this Request to the extent that it seeks documents or information protected by the attorney-client privilege, attorney work product doctrine or any other applicable privilege. MSCO also objects to this Request to the extent that it seeks documents that are, or information that is, not within MSCO's knowledge, possession, custody or control. Subject to and without waiving the foregoing General Objections, which are incorporated herein by reference, and subject to and without waiving the foregoing specific objections, MSCO agrees to meet and confer with counsel for Plaintiffs, in good faith, to define a mutually acceptable search group, search protocols (including appropriately phased discovery) and search terms to identify responsive documents, if any, related to TASER common stock.

**REQUEST NO. 5**:

For the agreed upon custodians, please produce all documents concerning, discussing, relating to or referencing any concern(s) that a defendant was not following or did not follow Regulation SHO, including, but not limited to, failing to follow the locate, failing to deliver or close out requirements.

**RESPONSE TO REQUEST NO. 5**:

MSCO objects to Request No. 5 on the grounds that the phrases "was not following or did not follow," "failing to follow" and "concern(s)" are vague and ambiguous. MSCO also objects to this Request on the grounds that it seeks documents or

information not relevant to the claims or defenses of any party and/or not reasonably

calculated to lead to the discovery of admissible evidence.  MSCO further objects to this

Request on the grounds that it is overly broad and unduly burdensome.  Additionally,

MSCO objects to this Request to the extent that it seeks documents or information

protected by the attorney-client privilege, attorney work product doctrine or any other

applicable privilege.  MSCO also objects to this Request to the extent that it seeks

documents that are, or information that is, not within MSCO's knowledge, possession,

custody or control.  Subject to and without waiving the foregoing General Objections,

which are incorporated herein by reference, and subject to and without waiving the

foregoing specific objections, MSCO agrees to meet and confer with counsel for

Plaintiffs, in good faith, to define a mutually acceptable search group, search protocols

(including appropriately phased discovery) and search terms to identify responsive

documents, if any, related to TASER common stock.

**REQUEST NO. 6:**

All drafts and versions of the June 19, 2009 letter from Paul Russo, Managing Director
and Head of U.S. Equity Trading at Goldman to Elizabeth Murphy, Secretary, Securities
and Exchange Commission.

**RESPONSE TO REQUEST NO. 6:**

MSCO objects to Request No. 6 on the grounds that it seeks documents or

information concerning a party other than MSCO and, further, is not relevant to the

claims or defenses of any party and/or not reasonably calculated to lead to the discovery

of admissible evidence.  MSCO also objects to this Request to the extent that it seeks

documents that are, or information that is, not within MSCO's knowledge, possession,

custody or control. MSCO further objects to this Request on the grounds that it is overly

broad.

**REQUEST NO. 7**:

All documents concerning, discussing or relating to the June 19, 2009 letter from Paul Russo, Managing Director and Head of U.S. Equity Trading at Goldman to Elizabeth Murphy, Secretary, Securities and Exchange Commission.

**RESPONSE TO REQUEST NO. 7**:

MSCO objects to Request No. 7 on the grounds that it seeks documents or

information concerning a party other than MSCO and, further, is not relevant to the

claims or defenses of any party and/or not reasonably calculated to lead to the discovery

of admissible evidence. MSCO also objects to this Request to the extent that it seeks

documents that are, or information that is, not within MSCO's knowledge, possession,

custody or control. MSCO further objects to this Request on the grounds that it is overly

broad and unduly burdensome.

**REQUEST NO. 8**:

For the agreed upon custodians, please produce documents relating to, constituting, referencing or concerning any in which a defendant allegedly or actually failed to deliver or receive stock in accordance with Regulation SHO.

**RESPONSE TO REQUEST NO. 8**:

MSCO objects to Request No. 8 on the ground that it is vague and ambiguous in

that it seeks "documents relating to, constituting, referencing or concerning any in which

a defendant allegedly or actually failed to deliver or receive stock in accordance with

Regulation SHO." MSCO further objects to this Request on the grounds that it seeks

documents or information not relevant to the claims or defenses of any party and/or not

reasonably calculated to lead to the discovery of admissible evidence. MSCO also

13

objects to this Request on the grounds that it is overly broad and unduly burdensome and, to the extent that it is duplicative of other requests previously made of MSCO (*see, e.g.,* Plaintiffs' First Request for the Production of Documents from Each Defendant, Request No. 21). MSCO further objects to this Request to the extent that it seeks documents subject to the attorney-client privilege, attorney work product doctrine or any other applicable privilege. MSCO also objects to this Request to the extent that it seeks documents that are, or information that is, not within MSCO's knowledge, possession, custody or control. Subject to and without waiving the foregoing General Objections, which are incorporated herein by reference, and subject to and without waiving the foregoing specific objections, MSCO agrees to meet and confer with counsel for Plaintiffs, in good faith, to clarify what Plaintiffs are seeking through this Request.

**REQUEST NO. 9**:

Please produce all documents provided to NYSE Arca in response to any inquiries or investigations underlying or relating to Equities Enforcement Decision No. 08-AE-02.

**RESPONSE TO REQUEST NO. 9**:

MSCO objects to Request No. 9 on the grounds that the phrase "any inquiries or investigations underlying or relating to" is vague and ambiguous. MSCO also objects to this Request on the grounds that it seeks documents or information concerning a party other than MSCO and, further, are not relevant to the claims or defenses of any party and/or not reasonably calculated to lead to the discovery of admissible evidence. MSCO further objects to this Request on the grounds that it is overly broad and unduly burdensome.

14

**REQUEST NO. 10:**

Please produce all documents related to, concerning or discussing Equities Enforcement Decision No. 08-AE-02.

**RESPONSE TO REQUEST NO. 10:**

MSCO objects to Request No. 10 on the grounds that it is overly broad and unduly burdensome. MSCO also objects to this Request on the grounds that it is vague and ambiguous. Additionally, MSCO objects to this Request on the grounds that it seeks documents or information concerning a party that is not MSCO and, further, are not relevant to the claims or defenses of any party and/or not reasonably calculated to lead to the discovery of admissible evidence. MSCO further objects to this Request to the extent that it seeks documents or information protected by the attorney-client privilege, attorney work product doctrine or any other applicable privilege.

**REQUEST NO. 11:**

Please produce all insurance agreements and/or policies under which any insurance company may be liable to satisfy part or all of any judgment which may be rendered in this action, or indemnity or reimburse for payments made to satisfy the judgment or legal fees, including all endorsements, riders, other supplemental information, and declarations page(s).

**RESPONSE TO REQUEST NO. 11:**

MSCO is not aware of any documents responsive to Request No. 11.

Dated: October 13, 2009

W1 M

Robert F. Wise, Jr. (admitted *pro hac vice*)
William J. Fenrich (admitted *pro hac vice*)
Melissa T. Aoyagi (admitted *pro hac vice*)

*Attorneys for Morgan Stanley & Co.*
*Incorporated*

DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York  10017
Tel: (212) 450-4000
Fax: (212) 701-5800

Richard H. Sinkfield
Georgia Bar No. 649100
Dan F. Laney, III
Georgia Bar No. 435290

*Attorneys for Defendants Morgan Stanley &*
*Co. Incorporated; Goldman, Sachs & Co.,*
*Goldman Sachs Execution & Clearing, L.P.;*
*Bear, Stearns Securities Corp. (n/k/a JP*
*Morgan Clearing Corp.) Bear, Stearns &*
*Co. Inc. (n/k/a JP Morgan Securities Inc.);*
*Merrill Lynch, Pierce, Fenner & Smith, Inc.;*
*Deutsche Bank Securities Inc.; Credit Suisse*
*Securities (USA) LLC, Inc.; Banc of America*
*Securities LLC; and UBS Securities, LLC*

ROGERS & HARDIN LLP
2700 International Tower
 Peachtree Center
229 Peachtree St, NW
Atlanta, Georgia  30307
Phone:  (404) 522-4700
Fax:  (404) 525-2224

16

## IN THE STATE COURT OF FULTON COUNTY
## STATE OF GEORGIA

TASER INTERNATIONAL, INC., *et al.*,

      Plaintiffs,

v.

MORGAN STANLEY & CO., INC., *et al.*,

      Defendants.

Civil Case No.
2008-EV-004739-B

### CERTIFICATE OF SERVICE

      I hereby certify that on this 13th day of October, 2009, true and correct copies of

Defendant Morgan Stanley & Co. Incorporated's Responses to Plaintiffs' Third Requests for the

Production of Documents were served via U.S. Mail postage prepaid upon the following

attorneys of record:

ATTORNEYS FOR PLAINTIFFS

      John E. Floyd, Esq.
      Steven J. Rosenwasser, Esq.
      Bondurant, Mixson & Elmore, LLP
      3900 One Atlantic Center
      1201 West Peachtree Street, N.W.
      Atlanta, Georgia  30309


      James W. Christian, Esq.
      Christian, Smith & Jewell LLP
      2302 Fannin, Suite 500
      Houston, Texas  77002

      John O'Quinn, Esq.
      The O'Quinn Law Firm
      440 Louisiana Street, Suite 2300
      Houston, Texas  77002

And via electronic mail upon the following attorneys of record:

ATTORNEYS FOR DEFENDANTS

Richard H. Sinkfield, Esq.
Rogers & Hardin LLP
2700 International Tower
Atlanta, GA 30303
rsinkfield@rh-law.com

Brian L. Friedman, Esq.
Proskauer Rose LLP
1585 Broadway
New York, NY 10036
blfriedman@proskauer.com

Gregory Markel, Esq.
Cadwalader, Wickersham &
Taft LLP
One World Financial Center
New York, NY 10281
greg.markel@cwt.com

Richard H. Klapper, Esq.
Sullivan & Cromwell LLP
125 Broad Street
New York, NY 10004
klapperr@sullcrom.com

Brendan Dowd, Esq.
O'Melveny & Myers LLP
Times Square Tower
7 Times Square
New York, NY 10036
bdowd@omm.com

Fraser L. Hunter, Jr., Esq.
Wilmer Cutler Pickering Hale
and Dorr LLP
399 Park Avenue
New York, NY 10022
fraser.hunter@wilmerhale.com

Paul M. Eckles, Esq.
Skadden, Arps, Slate, Meagher
& Flom LLP
4 Times Square
New York, NY 10036
pmeckles@skadden.com

Andrew B. Clubok, Esq.
Kirkland & Ellis LLP
655 Fifteenth Street, N.W.
Washington, DC 20005
aclubok@kirkland.com

This 13th day of October, 2009.

Melissa T. Aoyagi
Admitted *Pro Hac Vice*

DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York  10017
Tel: (212) 450-4000
Fax: (212) 701-5800
melissa.aoyagi@davispolk.com

*Attorneys for Morgan Stanley & Co. Incorporated*

Richard H. Sinkfield, Esq.
Georgia Bar No. 649100
Dan F. Laney, III
Georgia Bar No. 435290
ROGERS & HARDIN LLP
2700 International Tower
229 Peachtree St, NW
Atlanta, Georgia  30307
Ph:  (404) 522-4700
Fax:  (404) 525-2224

*Attorneys for Defendants Morgan Stanley & Co.*
*Incorporated; Goldman Sachs & Co.; Goldman*
*Sachs Execution & Clearing L.P.; Bear, Stearns*
*Securities Corp. (n/k/a JP Morgan Clearing*
*Corp.); Bear, Stearns & Co. Inc. (n/k/a JP Morgan*
*Securities Inc.); Merrill Lynch, Pierce, Fenner &*
*Smith, Inc.; Deutsche Bank Securities Inc.; Credit*
*Suisse Securities (USA) LLC, Inc.; Banc of*
*America Securities LLC; and UBS Securities, LLC*