IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| TASER INTERNATIONAL, INC., *et al.*,<br><br>　　　Plaintiffs,<br><br>　　　　　v.<br><br>MORGAN STANLEY & CO., INC., *et al.*,<br><br>　　　Defendants. | Civil Case No.<br><br>1:10-CV-03108-JEC |

## MEMORANDUM OF LAW IN SUPPORT OF
## DEFENDANT MERRILL LYNCH PROFESSIONAL
## <u>CLEARING CORP.'S MOTION FOR RECONSIDERATION</u>

Defendant Merrill Lynch Professional Clearing Corp. ("Merrill Pro")

respectfully seeks reconsideration of the Court's December 17, 2010 order (the

"Order") denying Merrill Pro's motion to stay non-jurisdictional discovery (the

"Stay Motion").  We would ordinarily not burden the Court with this motion, but

in this case the Court ruled in advance of receiving Merrill Pro's reply in further

support of its motion.  Merrill Pro intended in that reply to address certain

inaccurate factual assertions by Plaintiffs, including the claim that Plaintiffs would

be able to obtain discovery on the same basis from Merrill Pro whether or not it is

a Defendant in this case because Merrill Pro's parent company, Merrill Lynch,

Pierce, Fenner & Smith Incorporated ("Merrill Lynch"), is a Defendant.  Merrill

Pro provides in this motion the response to Plaintiffs' contentions and asks the

Court to reconsider its ruling to the extent that it was based on a misunderstanding of the facts.[1]

## ARGUMENT

Merrill Pro seeks a stay of merits discovery against Merrill Pro until the Court decides whether Merrill Pro is a party to this action.  Plaintiffs' assertion that they would obtain discovery on the same basis whether or not Merrill Pro remains a Defendant is, simply stated, wrong.  In fact, Plaintiffs added Merrill Pro as a Defendant two years into this litigation precisely because they were not able to obtain Merrill Pro discovery from Merrill Lynch.[2]  Plaintiffs' argument "that Merrill Pro is actively engaged in merits discovery against plaintiffs" (Order at 10

---

[1] Local Rule 7.2(E) provides that motions for reconsideration "shall not be filed as a matter of routine practice" and permits such motions when a "party believes it is absolutely necessary."  This standard may be met "where there is (1) newly discovered evidence; (2) an intervening development or change in controlling law; or (3) a need to correct a clear error of law or fact."  *Miller v. Martin*, 2007 WL 2406879, at *2 (N.D. Ga. Aug. 20, 2007).  Here Merrill Pro believes that there is a clear error of fact if the Court based its ruling on a misunderstanding of the facts as presented in the Plaintiffs' Opposition.

Merrill Pro does not respond to all the arguments in Plaintiffs' Opposition but only to the arguments accepted by the Court.  If the Court desires, Merrill Pro could submit its complete reply to all of Plaintiffs' arguments.

[2] Plaintiffs added Merrill Pro as a Defendant after Merrill Lynch refused to produce documents concerning an SEC inquiry of Merrill Pro on the ground that they were not relevant.  Plaintiffs then argued in their motion to compel Merrill Lynch to produce them that the documents were relevant because Plaintiffs had added Merrill Pro as a Defendant.  (*See* Ex. 10 at 8.)  All exhibits are attached to the December 22, 2010 Declaration of Brad M. Elias.

(quoting Opp. at 4–6)) is also inconsistent with the record.  A stay of non-jurisdictional discovery is necessary to avoid imposing a substantial burden (over half-a-million dollars) on Merrill Pro that would not exist if the Court grants its motion to dismiss and any discovery of Merrill Pro is conducted under the rules applicable to non-parties.  The Court should reconsider its decision.

## I.   Plaintiffs Would Not Be Entitled to the Burdensome Discovery They Seek If Merrill Pro Prevails on Its Motion to Dismiss.

Courts customarily permit only jurisdictional discovery until a party's motion to dismiss for lack of personal jurisdiction is decided.  *See Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367–69 (11th Cir. 1997) (reversing as abuse of discretion district court's insistence that defendant comply with discovery before resolution of motion to dismiss); *Canty v. Fry's Elec., Inc.*, 2010 WL 3516834, at *25 (N.D. Ga. Sept. 1, 2010) (staying discovery until resolution of defendants' dispositive motions, including motion to dismiss for lack of personal jurisdiction).  This practice is grounded in common sense notions of fairness, particularly given the enormous discovery burdens that a case such as this imposes. The primary reason the Court gave for departing from normal practice and denying the Stay Motion here is Plaintiffs' contention that they would be entitled to the same Merrill Pro-related discovery whether the motion to dismiss is granted or not. (*See* Order at 10 (citing Opp. at 2).)  In adopting Plaintiffs' argument on this point,

the Court credited Plaintiffs' statement that "Merrill Lynch has already identified Merrill Pro employees and documents as relevant to the issues in the case." (Order at 10 (citing Opp. at 2).) But the Court did not have the benefit of the complete discovery record. That record does not support Plaintiffs' contention that they are entitled to put the burden on Merrill Pro of spending hundreds of thousands of dollars to respond to Plaintiffs' discovery requests before the Court even determines whether it has jurisdiction over Merrill Pro.[3]

First, Plaintiffs mistakenly asserted that Merrill Lynch has already identified four Merrill Pro employees "as having information relevant to Plaintiffs' claims against Merrill Lynch." (Opp. at 10.) But Plaintiffs fail to disclose that three of the four were *also employed by Merrill Lynch*. Merrill Lynch employed Tom Tranfaglia from 2005 to 2009 (Ex. 4), Joe Mastrianni since 2004 (Ex. 5), and Peter Melz since 2009 (Ex. 6). Although Mr. Melz was not employed by Merrill Lynch during the discovery period, he was identified as a custodian because he sat on a "Reg SHO Committee" comprised of both Merrill Lynch and Merrill Pro

---

[3] In addition to broad interrogatories, Plaintiffs have issued 33 document requests and demanded that Merrill Pro run more than 40 search terms through more than 20 e-mail custodians to collect responsive documents. (*See* Exs. 1, 2.) More narrow searches through 80 Merrill Lynch custodians cost Merrill Lynch more than $1.8 million. (*See* Ex. 3 ¶ 18.)

employees.[4]  As for Peter Dorenbos, Merrill Lynch's good-faith effort to comply with its discovery obligations by identifying a non-employee who might have relevant information should not open it up to the burden and expense of searching e-mails of the more than twenty Merrill Pro employees Plaintiffs demand.

Plaintiffs' assertion that Merrill Lynch already produced documents and data relating to Merrill Pro is similarly misleading.  Merrill Lynch does not dispute that some of the e-mails produced from Merrill Pro employees—whether also Merrill Lynch employees or not—might have concerned only Merrill Pro.  But it would have been prohibitively expensive and time-consuming (and in some cases impossible) to investigate each of the more than 1 million e-mails Merrill Lynch collected and reviewed for Plaintiffs in order to determine whether it related only to Merrill Pro or its customers.  Merrill Lynch's utilitarian decision to produce some Merrill Pro-related documents did not concede the relevance of such documents.  Merrill Lynch was merely attempting to comply in good faith with its discovery obligations.

Plaintiffs' argument that Merrill Lynch produced Merrill Pro trading data (*see* Opp. at 8) is particularly off the mark.  As Plaintiffs' counsel well knows,

---

[4] "Reg SHO" is the SEC regulation adopted in 2004 to govern short selling. Merrill Lynch thus thought committee members might have documents relevant to Plaintiffs' claims against Merrill Lynch.

Merrill Lynch never conceded that the Merrill Pro data was relevant to Plaintiffs' claims against Merrill Lynch, and Merrill Lynch initially refused to produce the data.  Merrill Lynch compromised on that position only when Plaintiffs agreed that they "would not argue that, by doing so, it opens [Merrill Pro and its subsidiaries] up to full discovery."  (Ex. 7.)  This agreement was memorialized in a Stipulation and Order the Parties submitted to the State Court on January 13, 2010, providing:

> **Plaintiffs will not take the position that by producing this [trading] data, ML Professional Clearing Corp/PAX and ML Professional Clearing Corp. are subject to general discovery in this case.**

(Ex. 8 (incorporated by reference into Ex. 9).)  Yet that is precisely what Plaintiffs' counsel did, in violation of his agreement.

Similarly, Plaintiffs incorrectly argue that Merrill Lynch has conceded the relevance of Merrill Pro documents by producing "over 2 million pages of ML Pro documents relating to an SEC investigation involving conduct mirroring that alleged by Plaintiffs here."  (Opp. at 12.)  Again, Plaintiffs fail to include the relevant facts.  Plaintiffs fail to disclose that Merrill Lynch *refused* to produce those documents for several months on the ground that they are not relevant to Merrill Lynch, but relevant only to non-party Merrill Pro.  Merrill Lynch eventually agreed to produce the documents only after Plaintiffs filed a motion to compel arguing that the investigation related to *Merrill Lynch* and was not limited

-6-

to Merrill Pro.[5]  Merrill Lynch agreed to produce the documents because it ultimately concluded that it could do so with relatively little burden (the documents of course had already been collected for the SEC), and because it wanted to avoid putting yet another discovery dispute before the Court.  Plaintiffs thus misstate the record in their attempt to characterize Merrill Lynch's willingness to compromise in an effort to avoid motion practice as an admission that Merrill Pro information is relevant to claims against Merrill Lynch.

If Merrill Pro is dismissed from this case, it would be shielded from at least some of the tremendous discovery burden that Plaintiffs seek to impose.  Although Rule 45 provides for non-party discovery under certain circumstances, it is well established that non-parties should not be forced to bear the significant litigation costs of others.  *See, e.g.*, *Cusumano v. Microsoft Corp.*, 162 F.3d 708, 717 (1st Cir. 1998) ("Although discovery is by definition invasive, parties to a lawsuit must accept its travails as a natural concomitant of modern civil litigation.  Non-parties have a different set of expectations.  Accordingly, concern for the unwanted burden thrust upon non-parties is a factor entitled to special weight in evaluating the balance of competing needs."); *Fears v. Wilhelmina Model Agency, Inc.*, 2004

---

[5] Plaintiffs asserted, for example, that "the Threshold Securities Investigation alleges that the subjects of the investigation acted along with their affiliates and other persons."  (Ex. 10 at 7.)

WL 719185, at *1–3 (S.D.N.Y. Apr. 1, 2004) (sustaining objections to subpoena and noting that courts must be "particularly sensitive" to the burden of subpoenas on non-parties).[6] *See also Concord Boat Corp. v. Brunswick Corp.*, 169 F.R.D. 44, 50, 52–53 (S.D.N.Y. 1996) (quashing subpoena to Merrill Lynch as "overbroad on its face" and an "undue burden" despite plaintiffs' arguments that Merrill Lynch had sufficient resources to comply and that importance of plaintiffs' claims justified burden).

Rule 45(c)(2)(B) provides that any court order to compel compliance with a document subpoena "must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance."  Fed. R. Civ. P. 45(c)(2)(B)(ii).  Thus, even if Merrill Pro is subject to Rule 45 discovery after dismissal, *Plaintiffs would have to pay for Merrill Pro's discovery costs* because the Court should not impose a half-million-dollar burden on a non-party.  *See, e.g.*, *United States v. Columbia Broad. Sys.*, 666 F.2d 364, 371–72 (9th Cir. 1982) ("[A]

---

[6] *Accord In re Fannie Mae Secs. Litig.*, 552 F.3d 814, 821 (D.C. Cir. 2009) ("Federal Rule of Civil Procedure 45 requires courts to safeguard non-party subpoena recipients from significant expense resulting from compliance."); *Exxon Shipping Co. v. U.S. Dep't. of Interior*, 34 F.3d 774, 779 (9th Cir. 1994) (non-parties are afforded "special protection against the time and expense of complying with subpoenas"); *Robinson v. Stanley*, 2010 WL 1005736, at *3 (N.D. Ill. Mar. 17, 2010) ("[I]t has been consistently held that 'non-party status' is a significant factor to be considered in determining whether the burden imposed by a subpoena is undue.").

witness's nonparty status is an important factor to be considered in determining whether to allocate discovery costs on the demanding or the producing party."); *Georgia-Pacific LLC v. Am. Int'l. Specialty Lines Ins. Co.*, 2010 WL 420036, at *2 (S.D. Ohio Jan. 29, 2010) ("[T]he entire tenor of Rule 45 is to prohibit a party from shifting its litigation expenses to a non-party."); *Broussard v. Lemons*, 186 F.R.D. 396, 398 (W.D. La. 1999) ("Courts addressing the issue of how the costs of subpoena compliance should be allocated have consistently emphasized that non-parties who have no interest in a litigation should not be required to subsidize the costs of a litigation."). Merrill Pro could be substantially prejudiced unless the Court stays non-jurisdictional discovery.

## II. Merrill Pro Has Not Engaged in Merits Discovery So As to Waive Its Right to Judicial Relief.

The second ground the Court gave for denying the Stay Motion was Plaintiffs' assertion that Merrill Pro is actively engaging in merits discovery. (*See* Order at 10.) Again, Plaintiffs' assertion is incorrect. Merrill Pro has not served a single deposition notice, document request, interrogatory, or request for admission. Plaintiffs' only basis for making this assertion is that defense counsel taking or attending Plaintiffs' depositions stated on the record that they represent "all defendants" or a specified group of defendants including Merrill Pro. (*See* Opp. at

4–5.)  But Plaintiffs failed to tell the Court that at the *first* deposition after Merrill

Pro was added as a defendant in this case, Merrill Pro's counsel explicitly stated:

> MR. ELIAS:   Brad Elias of O'Melveny & Myers for defendants Banc of America Securities, LLC and Merrill Lynch Pierce Fenner & Smith, Incorporated.   We also represent Merrill Lynch Professional Clearing Corporation, although ***Merrill Lynch Professional Clearing Corporation is not appearing at this deposition today***.

(Baker Tr. at 10:21–11:3, Ex. 11 (emphasis added).)  This led to the following

exchange with Plaintiffs' counsel:

> MR. JEWELL:  Brad, before you start with your next question I went back, and I have to apologize, I have a head cold today, ***you said something prior to the witness being sworn and before the first question was asked that Merrill Lynch Professional Clearing   Corporation was not making an appearance at this deposition.***  By my silence or no comment I didn't want to be interpreted as us acquiescing or consenting to that position.  ***We disagree.***
>
> <div align="center">*    *    *</div>
>
> MR. ELIAS:   And I just want to add that we have not -- O'Melveny & Myers, LLP has not made an appearance in this action on behalf of Merrill Lynch Professional Clearing Corporation, and ***we are not appearing here today on behalf of Merrill Lynch Professional Clearing Corporation***.
>
> MR. JEWELL:  I understand, but after the witness was sworn in we basically agreed that the initial stipulations would apply to this deposition, those applied in the past, and one of them is ***we're only producing this guy one time for a deposition***. Everyone had notice of the deposition, everyone had an ability to participate in this deposition, and subject to your ability to recall him because of a lack of a document being produced,

> which we understand, ***we're not going to simply volunteer him because a particular defendant decided not to make an appearance at this deposition***.

(*Id.* at 122:14–124:1, Ex. 12 (emphasis added).)

As this exchange demonstrates, when Merrill Pro's counsel stated that it was not appearing at the deposition—*i.e.*, not engaging in discovery—Plaintiffs responded that such appearance was *required* because Merrill Pro would never again have the opportunity to question the witness.  Merrill Pro should not be put in the Catch-22 of having to decide between losing its opportunity to depose Plaintiffs and losing its right to object to burdensome discovery.

Moreover, the mere fact that counsel appeared at a deposition on behalf of "all defendants"—which may or may not have included Merrill Pro since it had not yet answered the complaint and instead appeared only to contest personal jurisdiction—does not warrant denying Merrill Pro the discovery stay that it seeks. If anything, Merrill Pro simply acceded to Plaintiffs' counsel's request that it appear at the depositions in order to save Plaintiffs the time and money of having to appear again in the unlikely event that Merrill Pro's motion to dismiss is denied.

# CONCLUSION

For the foregoing reasons, Merrill Pro requests that the Court reconsider the

Order and grant Merrill Pro's Motion to Stay merits discovery pending a decision

on the motion to dismiss for lack of personal jurisdiction.

Dated:  December 22, 2010

<div style="margin-left: 40%;">

 */s/* Richard H. Sinkfield

Richard H. Sinkfield
Georgia Bar No. 649100
RSinkfield@rh-law.com

Dan F. Laney III
Georgia Bar No. 435290
DLaney@rh-law.com

ROGERS & HARDIN LLP
229 Peachtree Street, N.E.
2700 International Tower
Atlanta, Georgia  30303
Tel.:  404-522-4700
Fax:  404-525-2224


Andrew J. Frackman
afrackman@omm.com
New York Bar No. 1751288

Abby F. Rudzin
arudzin@omm.com
New York Bar No. 4126330

Brad M. Elias
belias@omm.com
New York Bar No. 4675555

</div>

Admitted *Pro Hac Vice*

O'MELVENY & MYERS LLP
7 Times Square
New York, New York  10036
Tel.:  212-326-2000
Fax:  212-326-2061


*Attorneys for Defendant Merrill Lynch
Professional Clearing Corp.*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

TASER INTERNATIONAL, INC.,
*et al.*

      Plaintiffs,

v.

MORGAN STANLEY & CO., INC.,
*et al.*

      Defendants.

CIVIL ACTION NUMBER:
1:10-CV-03108-JEC

### <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on December 22, 2010 I caused a copy of the foregoing

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT MERRILL**

**LYNCH PROFESSIONAL CLEARING CORP.'S MOTION FOR**

**RECONSIDERATION** to be served by hand on the following attorneys of record:

        John E. Floyd, Esq.
        Steven J. Rosenwasser, Esq.
        Nicole G. Iannarone, Esq.
        Jill A. Pryor, Esq.
        Robert L. Ashe, III, Esq.
        Michael A. Caplan, Esq.
        Elizabeth G. Eager, Esq.
        BONDURANT, MIXON & ELMORE LLP
        3900 One Atlantic Center
        1201 West Peachtree Street, N.W.
        Atlanta, Georgia 30309

and that I have caused a copy to be served by U.S. Mail on the following attorneys

of record:

        James W. Christian, Esq.
        CHRISTIAN, SMITH & JEWELL LLP
        2302 Fannin, Suite 500
        Houston, TX  77002

        Robert F. Wise, Jr., Esq.
        Melissa Aoyagi, Esq.
        DAVIS POLK & WARDWELL LLP
        450 Lexington Avenue
        New York, NY  10017

        Richard H. Klapper, Esq.
        Richard C. Pepperman, II, Esq.
        Tracy Richelle High, Esq.
        SULLIVAN & CROMWELL LLP
        125 Broad Street
        New York, NY  10004-2498

        Stephen L. Ratner, Esq.
        Brian L. Friedman, Esq.
        PROSKAUER ROSE LLP
        1585 Broadway
        New York, NY  10036

        Gregory A. Markel, Esq.
        Martin L. Seidel, Esq.
        Peter J. Isajiw, Esq.
        Heather L. Fesnak, Esq.
        CADWALADER, WICKERSHAM & TAFT LLP
        One World Financial Center
        New York, NY  10281

Fraser L. Hunter, Jr., Esq.
WILMER CUTLER PICKERING HALE AND
DORR LLP
399 Park Avenue
New York, NY  10022

Andrew J. Frackman, Esq.
O'MELVENY & MYERS LLP
Times Square Tower
7 Times Square
New York, NY  10036

Andrew B. Clubok, Esq.
Jeffrey G. Landis, Esq.
Jeffrey M. Gould, Esq.
KIRKLAND & ELLIS LLP
655 Fifteenth Street, N.W.
Washington, DC  20005

/s/ Richard H. Sinkfield

Richard H. Sinkfield
Georgia Bar No. 649100
rsinkfield@rh-law.com

3