# EXHIBIT 3

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

TASER INTERNATIONAL, INC., *et al*,

      Plaintiffs,                            Civil Case No.
                                          2008-EV-004739-B

v.

MORGAN STANLEY & CO., INC., *et al*,

      Defendants.

## AFFIDAVIT OF PAUL M. ECKLES

I, PAUL M. ECKLES, hereby declare and state, under penalty of perjury, as follows:

1.      I am a Partner at the law firm of Skadden, Arps, Slate, Meagher & Flom LLP

("Skadden"), former counsel for Merrill Lynch, Pierce, Fenner & Smith Incorporated ("Merrill

Lynch"). I submit this affidavit in support of Merrill Lynch's Opposition to Plaintiffs' June 2,

2010 Motion for Relief and Sanctions Against Defendants Bear Sterns, Credit Suisse Securities,

Deutsche Bank Securities, Inc., Goldman Sachs, Merrill Lynch and Morgan Stanley for

Violations of this Court's Discovery Orders, as well as Merrill Lynch's Motion for Sanctions

Against Plaintiffs Pursuant to O.C.G.A. § 9-15-14(b).  Unless otherwise stated, the facts stated

herein are based on my own personal knowledge.

2.      Merrill Lynch retained DiscoverReady, a firm that assists with discovery strategy,

technology management, document review, and document management, in connection with the

collection, processing, review and production of electronically stored information ("ESI") in this

matter.

1

3.      Merrill Lynch produced to Plaintiffs responsive, non-privileged ESI collected using the "TASER" search terms on November 24, 2009, December 15, 2009, December 31, 2009, January 15, 2010, January 22, 2010, January 29, 2010, February 5, 2010, February 11, 2010, February 17, 2010, February 19, 2010, February 23, 2010, and February 26, 2010.

4.      Merrill Lynch completed its rolling production of 101,281 TASER ESI documents on February 26, 2010.

5.      Merrill Lynch produced to Plaintiffs responsive, non-privileged ESI collected using the "non-TASER" search terms on April 23, 2010, April 30, 2010, May 18, 2010, May 21, 2010, May 28, 2010, and June 1, 2010.

6.      Merrill Lynch produced ESI collected using the "TASER" and "non-TASER" search terms on a custodian basis.  Merrill Lynch produced documents for custodians with smaller productions, first, in order to produce documents on a rolling basis.  This order of production enabled Merrill Lynch to produce documents sooner.

7.      At no time was anyone instructed not to produce documents that had been reviewed.

8.      Merrill Lynch produced non-TASER ESI totaling 715,479 documents before June 1, 2010.  By June 1, Merrill Lynch produced 1,012,426 non-TASER ESI documents.

9.      Merrill Lynch began the process of collecting, processing, and reviewing non-TASER ESI while it was still completing production of its TASER ESI.  Merrill Lynch took these steps with regard to the non-TASER ESI before the parties reached final agreement on the scope of that production.

10.     Plaintiffs' counsel never objected to Merrill Lynch's statement that it would begin its non-TASER production after it had completed its TASER production at the end of February.

11.     From February 10, 2010 through May 31, 2010, Plaintiffs never contacted me or any other Skadden attorney to complain about the timing of Merrill Lynch's production of ESI collected using the "non-TASER" search terms.

12.     After February 10, 2010, the only time Plaintiffs contacted me to raise questions related to Merrill Lynch's "rolling production" of ESI collected using the "non-TASER" search terms was during a June 1, 2010 meet and confer on unrelated discovery issues.

13.     During the June 1 meet and confer, Steven Rosenwasser informed me that they were preparing to file a motion as to some Defendants that Plaintiffs were certain did not provide rolling productions.  In response, I informed Mr. Rosenwasser that Merrill Lynch had in fact been producing ESI collected using the "non-TASER" search terms by custodians on a rolling basis as soon as it was available for production.  Plaintiffs responded that they did not know whether Merrill Lynch would be one of the "certain Defendants" against whom Plaintiffs would seek relief.

14.     Plaintiffs filed their Motion for Sanctions the next day, June 2, 2010.

15.     On June 4 and June 8, I corresponded with Plaintiffs regarding their Motion for Sanctions and explained that Merrill Lynch had complied with the Order to produce non-TASER ESI on a rolling basis and that, as a result, there was no good faith basis for Plaintiffs to impose the burden and expense on Merrill Lynch of replying to that Motion.  During this correspondence, I requested that Plaintiffs withdraw their motion, but they refused.

16.     On September 14, 2009, Merrill Lynch produced trading data, position stock records, and daily activity records reflecting trading in the common stock of TASER from January 1, 2003, through May 31, 2009.

17.     The collection and review of TASER and non-TASER ESI was done at the direction of Merrill Lynch's internal and outside counsel.

18.     Excluding Skadden personnel and fees for services rendered by those personnel, Merrill Lynch employed a team of at least 59 people and spent over 1.8 million dollars to produce the TASER and non-TASER ESI in this case.

I declare under penalty of perjury that the forgoing is true and correct.

Executed this 1st day of July, 2010, in New York, New York.

Paul M. Eckles

Sworn to and subscribed
before me this 1st day
of July 2010.

Notary Public

My commission expires

HEATHER CRAWFORD
NOTARY PUBLIC, State of New York
No. 01CR6173727
Qualified in New York County
Commission Expires Sept. 4, 2011

4