# EXHIBIT 8

| | |
|---|---|
| **From:** | Steven J. Rosenwasser [rosenwasser@bmelaw.com] |
| **Sent:** | Wednesday, January 13, 2010 1:56 PM |
| **To:** | paul.eckles@skadden.com; Dowd, Brendan |
| **Cc:** | Elizabeth G. Eager |
| **Subject:** | Final Stipulation and Order |
| **Attachments:** | Stipulation -- Redline Version.doc |

**Importance:** High

Paul and Brendan,

I have reviewed the redlined Stipulation and Order, and we have accepted all of the changes. In addition, we needed to add a paragraph to address the fact that part of our agreement is set forth via email. Those redlines are attached and the terms and conditions incorporated in the Order by reference are as follows:

(1) Per BAS's response to New Interrogatory Nos. 1 & 2, Item 6, BAS represents and warrants that it has not had any investigations or inquiries by any federal, state or local agency, FINRA, Nasdaq or any SRO that involved TASER securities, in whole or in part, during the relevant time period (i.e., January 1, 2003 to May 31, 2009).

(2) BAS represents that after a diligent review, Bank of America N.A. did not execute any transactions involving TASER equities with BAS during the relevant time period. This includes not only sales or purchases, but the transferring of TASER equities to/from BAS, as well as any borrowing or lending of TASER. If, based on further review, BAS discovers otherwise, it will promptly provide plaintiffs with the information necessary to locate the transactions in the data BAS has produced

(3) Plaintiffs have requested data from Banc of America Investment Services, Inc. ("BAI"), including (a) daily trade blotters; (b) blue sheets; (c) daily/ weekly stock positions; (d) loan/ borrow records; and (e) listed OTC and derivatives. BAS represents that after a diligent search, BAI did not borrow, lend or transfer TASER equities or derivatives (excluding broad based index options, such as options based off of the S&P 500) to or from BAS during the relevant time period. If based on further review, BAS discovers otherwise, it will promptly provide plaintiffs with the information necessary to locate the transactions in the data BAS has produced. Plaintiffs reserve the right to seek the other information identified above, and BAS retains the right to object.

(4) Merrill agrees to produce the following data from ML Professional Clearing Corp./PAX- 0671 and ML Professional Clearing Corp. - 0551 regarding TASER: (a) daily trade blotters; (b) blue sheets; (c) daily/ weekly stock positions; (d) loan/ borrow records; and (e) listed OTC derivatives. Merrill agrees to produce the data on or before January 29, 2010. Plaintiffs will not take the position that by producing this data, ML Professional Clearing Corp/PAX and ML Professional Clearing Corp. are subject to general discovery in this case. By January 15, 2010, Merrill Lynch will provide a written certification that ML SFKPG engaged in no transactions in any way involving Taser stock, options or derivatives during the relevant time period.

If you agree to the above terms, conditions and agreements, and the redlined changes, please let me know and we will file the Stipulation and Order now.

Thanks,

Steven