# EXHIBIT 9

Case 1:10-cv-03108-JEC   Document 145-11   Filed 12/22/10   Page 2 of 7

State Court of Fulton County
**\*\*\*EFILED\*\*\***
LexisNexis Transaction ID: 29007489
Date: Jan 13 2010  4:16PM
Mark Harper, Clerk

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| TASER INTERNATIONAL, INC., et al., | : : : | |
| Plaintiffs, | : : | CIVIL ACTION FILE NO.: 2008-EV-004739-B |
| v. | : : | |
| MORGAN STANLEY & CO., INC., et al., | : : : : | JURY TRIAL DEMANDED |
| Defendants. | : | |

## **STIPULATION AND ORDER**

All Plaintiffs and Defendants Banc of America Securities LLC ("BAS"), and Merrill Lynch Pierce, Fenner & Smith, Inc. ("Merrill") (collectively, the "Parties"), by and through their respective undersigned counsel, hereby stipulate and agree as follows:

(1) BAS agrees to accept the custodian list proposed by Plaintiffs on December 18, 2009, subject to the terms and conditions set forth in the January 11, 2010 email from Plaintiffs to BAS and Merrill.

(2) Regarding the production of documents referencing TASER, TASR, and the CUSIP for TASER (the "TASER Documents"), the Parties agree to the following production schedule:

   a. Merrill Lynch represents and warrants that it made a substantial production of TASER Documents on or before December 31, 2009;

   b. Merrill Lynch agrees to continue producing documents on a rolling basis, and will complete its production by February 26;

   c. BAS will complete production of 18 of the original 19 custodians (everyone except Edward Boller) by January 15, with the exception of documents for which redactions have not been completed and those documents will be produced no later than February 5.  BAS will also complete production of Edward Boller's emails no later than January 29;

   d. BAS agrees to produce all of the TASER Documents for the remaining custodians on a rolling basis and will complete that production no later than February 26;

   e. BAS and ML will produce documents on a rolling basis.  In particular, BAS and ML will promptly produce all responsive, non-privileged emails as document review is completed and will make weekly productions to the extent documents

728532.1

      are ready for production until production is completed.  In addition, BAS and ML will produce all of the documents that have been reviewed and are ready for production as of the following dates: January 20, February 1 and February 14.

(3) With regard to keywords,

    a.  BAS agrees to use the keywords set forth in an email from BAS to Plaintiffs sent on January 11, 2010.

    b.  Merrill agrees to use the keywords as set forth in an email from Merrill Lynch to Plaintiffs sent on January 12, 2010, at 2:54 p.m. EST.

(4) With respect to all documents covered by the November 13 Stipulation and Order and this Agreement, Merrill and BAS agree not to seek from Plaintiffs any costs associated with gathering, processing and/or searching emails or other electronic information that has been requested as of the date of this agreement.

(5) Merrill and BAS will not seek another extension relating to any of the matters covered by this Agreement or the Nov. 13 Stipulation and Order absent extraordinary circumstances unforeseen by any party.

(6) This agreement shall constitute an amendment to the Stipulation and Order agreed to on November 13 and later entered into by the Court.  The parties shall jointly submit this agreement to the Court to enter as an Order, and the parties agree that in the event of any breach, deviation or violation of this Agreement, plaintiffs may seek and the Court may enter all available sanctions for violation or breaches of a Court Order.  Except as expressly set forth herein, the original Stipulation and Order remains fully intact and without change.  Thus, this amendment shall have no bearing or effect on any deadlines for any defendants other than Merrill and BAS.

(7) Merrill and BAS acknowledge that Plaintiffs may not be able to respond, in whole or in part, to certain written or deposition discovery (e.g., discovery relating to trading activity and damages) without having received all of the data and documents covered by this Agreement and without having adequate time to review and analyze it.  Accordingly:

(a) Plaintiffs shall not be required to provide any response to Defendants' Second Set of Interrogatories and Third Request for Production of Documents with respect to Merrill or BAS until March 15, 2010;

(b) Merrill and BAS acknowledge that any response Plaintiffs provide to other defendants' discovery prior to March 15, 2010 may be incomplete because Plaintiffs had not received or had adequate time to review documents/data from Merrill and BAS which may bear on the liability or damages of other defendants; and

(c) Timing of depositions.

728532.1

    (i)      As to depositions of individual plaintiffs, if defendants elect to take the depositions of any individual plaintiffs prior to May 1, they may examine the witnesses regarding their own trading activity, including any gains and/or losses resulting from such trading and why he/she purchased and/or sold TASER.  If defendants take the deposition prior to May 1, they do so understanding and agreeing that: (1) the witness(es) shall not be required to answer questions that require knowledge of information contained within defendants' documents or data, including, but not limited to, questions about defendants' trading activity, the amount by which defendants' conduct caused damage or impacted TASER's stock price and any alleged wrongdoing by defendants; and (2) the defendants (individually or collectively) would not be permitted to depose that witness again.

    (ii)     As to any 30(b)(6) deposition of Taser, if defendants elect to take the deposition prior to May 1, the parties agree that Taser's representatives shall be required to testify only as to facts within the corporation's knowledge as of the time of the deposition (for clarity, such knowledge shall not include information produced by defendants in this action).  If defendants take the deposition prior to May 1, they do so understanding and agreeing that: (1) the witness(es) shall not be required to answer questions that require knowledge of information contained within defendants' documents or data, including, but not limited to, defendants' trading activity, the amount by which defendants' conduct caused damage or impacted TASER's stock price and any alleged wrongdoing by defendants; and (2) the defendants (individually or collectively) would not be permitted to take another 30(b)(6) deposition on the same or similar topic.

    (iii)    The defendants shall not be permitted to move for partial or full summary judgment until May 1, 2010.  If the Defendants move in advance of the deadline for summary judgment as set forth in the Scheduling Order, Plaintiffs reserve all rights to object, including the right to object on the ground that it is premature.

    (iv)    ML and BAS have conferred with all of the defendants with respect to this paragraph 7(c) and represent that all defendants agree to it.

(8) BAS and ML have made representations and agreed to produce data in an email dated January 13, 2010 with the subject line "Final Stipulation and Order."  Plaintiffs, BAS and ML stipulate and agree that all of the terms, conditions and agreements in that email are incorporated into this Stipulation and Order by reference.  Therefore, any violation of the terms, conditions and agreements set forth in that email shall constitute a violation of this Order and the violating party may be subject to appropriate sanctions.

(9) Nothing in this Agreement alters the parties' previous agreement to allow plaintiffs to obtain e-discovery from specific traders.  Further, except as expressly set forth above, nothing in this Agreement alters the November 13 Stipulation and Order.

728532.1

SO ORDERED this day of January _____, 2010

_____
Hon. Patsy Y. Porter
Judge, State Court of Fulton County

728532.1

Dated: January 13, 2010                    BONDURANT, MIXSON & ELMORE, LLP


                                                                                                                        By   /s/ Steven Rosenwasser
                                                                  John E. Floyd
                                                                  Georgia Bar No. 266413
                                                                  Steven J. Rosenwasser
                                                                  Georgia Bar No. 614908
                                                                  Nicole G. Iannarone
                                                                  Georgia Bar No. 382510
                                                                  Alison B. Prout
    Georgia Bar No. 141666
    3900 One Atlantic Center
    1201 West Peachtree Street, N.W.
    Atlanta, Georgia 30309
    (404) 881-4100 Tel.
    (404) 881-4111 Fax


    CHRISTIAN, SMITH, & JEWELL, LLP


    By   /s/ James W. Christian
    James W. Christian
    State Bar No. 04228700
    2302 Fannin, Suite 500
    Houston, Texas 77002
    (713) 659-7616 Tel.
    (713) 659-7641 Fax

**Attorneys for Plaintiffs**

728532.1

Dated: January 13, 2010	O'MELVENY & MYERS LLP

By   /s/ Andrew J. Frackman
Andrew J. Frackman
Benjamin D. Petrosky
Brendan J. Dowd
7 Times Square
New York, New York  10036
(212) 326-2101 Tel.
(212) 326-2061 Fax

**Attorneys for Banc of America Securities LLC**

SKADDEN, ARPS, SLATE, MEAGHER
     & FLOM LLP

By   /s/ Paul M. Eckles
Paul M. Eckles
Shepard Goldfein
4 Times Square
New York, New York  10036

**Attorneys for Merrill Lynch, Pierce, Fenner & Smith, Inc.**

728532.1