IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| TASER INTERNATIONAL, INC., *et al.*, <br><br> Plaintiffs, <br> v. <br> MORGAN STANLEY & CO., INC., *et al.*, <br><br> Defendants. | Civil Case No. <br> 1:10-CV-03108-JEC |

### DECLARATION OF BRAD M. ELIAS

I, Brad M. Elias, declare as follows:

1. I am an associate at the law firm of O'Melveny & Myers LLP ("OMM") and am one of the attorneys representing Defendants Banc of America Securities LLC ("BAS") and Merrill Lynch, Pierce, Fenner & Smith Incorporated ("Merrill Lynch"). I make this declaration in support of BAS's and Merrill Lynch's Opposition to Plaintiffs' Motion to Compel a Response to Interrogatories and Production of Documents from Traders and Sales Personnel. Except as otherwise indicated, I have personal knowledge of the facts recited herein. If called to testify under oath, I could and would competently testify to them.

2.      Attached to this declaration as Exhibit 1 is a true and correct copy of the Stipulation and Order entered in this action by the State Court of Fulton County, State of Georgia, on December 17, 2009.

3.      Attached to this declaration as Exhibit 2 is a true and correct copy of an e-mail sent by Brian Friedman, counsel to Defendant Bear Stearns, on behalf of all Defendants, to Plaintiffs' counsel Steven Rosenwasser on August 19, 2009.

4.      Attached to this declaration as Exhibit 3 is a true and correct copy of an e-mail that I sent to Plaintiffs' counsel Elizabeth Eager on May 4, 2010.

5.      Attached to this declaration as Exhibit 4 is a true and correct copy of an e-mail sent by Brian Friedman, counsel to Defendant Bear Stearns, to Plaintiffs' counsel Elizabeth Eager on May 5, 2010.

6.      Attached to this declaration as Exhibit 5 is a true and correct copy of an e-mail sent by Plaintiffs' counsel Steven Rosenwasser to Richard Horvath (former counsel to Merrill Lynch) on October 26, 2009.

7.      Attached to this declaration as Exhibit 6 is a true and correct copy of the Responses of All Plaintiffs to Banc of America Securities LCC's First Set of Requests for Admission to Each Plaintiff, dated August 10, 2010.

8.      Based on my review of records and the Bates numbers assigned to date, BAS has produced approximately 7,033,000 pages of e-mails and other

electronically stored information ("ESI").  This estimate does not include a significant number of additional pages produced in native format.

9.      Based on my review of records and the Bates numbers assigned to date, Merrill Lynch has produced approximately 14,670,000 pages of e-mails and other ESI.  This estimate does not include a significant number of additional pages produced in native format.

10.     Based on my communications with BAS and Merrill Lynch, I conservatively estimate that the ESI search requested by Plaintiffs in their Motion to Compel would require BAS to search at least 60 custodians and Merrill Lynch to search at least 100 custodians.  I believe these estimates to be conservative based on the total number of customers and trading desks for which Plaintiffs seek ESI.  For BAS, I have already identified at least 65 specific sales personnel associated with the customers on Plaintiffs' list.  For Merrill Lynch, I have not yet identified all relevant sales personnel, but the total appears to be significantly higher.  For example, a single large customer, Susquehanna Investment Group, has 19 sales personnel associated with it.  There are also at least 18 quantitative traders at Merrill Lynch who potentially would be covered by Plaintiffs' request.

11.     Attached to this declaration as Exhibit 7 is a true and correct copy of the Declaration of Brendan Dowd, an Assistant General Counsel at Bank of

America Corporation.  Mr. Dowd calculates that in this litigation BAS and Merrill Lynch have spent approximately $32,000 in vendor fees per custodian.  (*See* Ex. 7 ¶¶ 3–4.)  Based on that figure, I estimate that the ESI collection and review requested by Plaintiffs would cost BAS $1,920,000 and Merrill Lynch $3,200,000 in vendor fees.  BAS and Merrill Lynch would also be likely to incur hundreds of thousands of dollars in attorneys' fees in connection with OMM's review of the documents for privilege and responsiveness.

12.     In preparing BAS's and Merrill Lynch's Opposition, I analyzed the TASER trading data on the blue sheets produced to Plaintiffs and isolated those trades executed by Merrill Lynch's Strategic Investment Group ("SIG").  Based on my review of this data, I believe that only two SIG traders executed TASER trades during the relevant period.  One SIG trader bought 2500 TASER shares on March 24, 2005, and sold them the same day.  Another SIG trader engaged in thirty-two TASER transactions (totaling approximately 4400 shares) during an eight-day period in January 2007.

13.     In response to Plaintiffs' request that BAS collect and review ESI from BAS-employee Kevin Sharkey, I contacted BAS and obtained Kevin Sharkey's title and job description.  According to BAS's records, Kevin Sharkey was a "Senior Middle Office Manager" responsible for, among other things,

resolving "broad operational issues and coordinat[ing] activities and processes with other business and operations segments." Thus, it does not appear from BAS's records that Kevin Sharkey was ever employed as a trader or sales person.

14. In preparing BAS's and Merrill Lynch's Opposition, I instructed an associate at OMM to compare the lists of "market participants" attached to the Motion to Compel with the TASER trading records produced to Plaintiffs. According to the analysis provided to me by this associate, 109 of the market participants on the Merrill Lynch-specific list do not appear on Merrill Lynch's TASER trading records. In addition, 36 of the market participants on the BAS-specific list do not appear on BAS's TASER trading records.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 27th day of December, 2010, in New York, New York.

                                              /s/ Brad M. Elias
                                              Brad M. Elias

## CERTIFICATE OF SERVICE

I hereby certify that on December 27, 2010, I caused a copy of the foregoing DECLARATION OF BRAD M. ELIAS to be filed with the Clerk of Court using the CM/ECF system, which will automatically send e-mail notification of such filing to the following attorneys of record:

>John E. Floyd, Esq.
>floyd@bmelaw.com
>
>Steven J. Rosenwasser, Esq.
>rosenwasser@bmelaw.com
>
>Nicole G. Iannarone, Esq.
>iannarone@bmelaw.com
>
>Jill A. Pryor, Esq.
>pryor@bmelaw.com
>
>Robert L. Ashe, III, Esq.
>ashe@bmelaw.com
>
>Michael A. Caplan, Esq.
>caplan@bmelaw.com
>
>Elizabeth G. Eager
>eager@bmelaw.com

and that I have caused a copy to be served by U.S. Mail on the following attorneys of record:

James W. Christian, Esq.
CHRISTIAN, SMITH & JEWELL LLP
2302 Fannin, Suite 500
Houston, TX  77002

Robert F. Wise, Jr., Esq.
Melissa Aoyagi, Esq.
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, NY  10017

Richard H. Klapper, Esq.
Richard C. Pepperman, II, Esq.
Tracy Richelle High, Esq.
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, NY  10004-2498

Stephen L. Ratner, Esq.
Brian L. Friedman, Esq.
PROSKAUER ROSE LLP
1585 Broadway
New York, NY  10036

Gregory A. Markel, Esq.
Martin L. Seidel, Esq.
Peter J. Isajiw, Esq.
Heather L. Fesnak, Esq.
CADWALADER, WICKERSHAM &
TAFT LLP
One World Financial Center
New York, NY  10281

Fraser L. Hunter, Jr., Esq.
WILMER CUTLER PICKERING HALE
AND DORR LLP
399 Park Avenue
New York, NY  10022

Andrew J. Frackman, Esq.
O'MELVENY & MYERS LLP
Times Square Tower
7 Times Square
New York, NY  10036

Andrew B. Clubok, Esq.
Jeffrey G. Landis, Esq.
Jeffrey M. Gould, Esq.
KIRKLAND & ELLIS LLP
655 Fifteenth Street, N.W.
Washington, DC  20005

/*s*/ James W. Cobb
James W. Cobb
Georgia Bar No. 420133
rsinkfield@rh-law.com