## Elias, Brad

| | |
|---|---|
| **From:** | taser.short-bounces@davispolk.com on behalf of Friedman, Brian L. [BLFriedman@proskauer.com] |
| **Sent:** | Wednesday, August 19, 2009 2:32 PM |
| **To:** | Steven J. Rosenwasser |
| **Subject:** | E-discovery proposal |
| **Attachments:** | EAS |

Steven:
On behalf of the defense group, we are attaching a joint response to your proposed e-discovery schedule. A comparison against your proposal is also attached.

As you will see, we have removed the portion of your proposal concerning searches for traders' email. We agree conceptually that those searches should be conducted on a separate schedule, after you identify specific trades, traders, trading and/or sales personnel, trading accounts, trading desks, or trading time frames. And, as the e-discovery group discussed with you on August 5, 2009, we would like to continue to discuss with you the types of trading you believe are relevant so that we can work to together to identify those trades and to prevent unnecessary discovery. Defendants also have concerns about the scope of your proposed searches for trading related email, some of which may be addressed by your identification of the types of trading for which you seek information. As the scope of the search for trading related email is going to require additional information from Plaintiffs (and likely further meeting and conferring), we did not want to hold up the rest of the schedule for the resolution of this issue. We suggest that we proceed on separate tracks to try to come to resolution on the protocol for non-traders' email and Taser email on one hand and for the trading related email on the other.

Also, Defendants agree to provide to Plaintiffs the policies, procedures, or compliance manuals that were produced in the Avenius and Overstock actions in order for Plaintiffs to refine their search terms. But, such documents are highly confidential and need to be treated accordingly under the terms of the Confidentiality Agreement, which is not yet finalized. If you agree to treat all highly confidential documents as attorneys' eyes only until the Confidentiality Agreement is finalized, Defendants will produce the policies, procedures or compliance manuals. Please confirm your agreement to treat the highly confidential documents in such manner.

Please let us have your comments after you have reviewed Defendants' proposal. If you believe it would be more efficient to discuss your comments rather than sending drafts back and forth, please let is know and we will arrange a call.

Regards,

Brian

Brian L. Friedman | **PROSKAUER ROSE LLP**
1585 Broadway | New York, NY 10036-8299
V: 212.969.3256 | F: 212.969.2900
blfriedman@proskauer.com | www.proskauer.com <http://www.proskauer.com/index.html>

<<Redline.rtf>> <<#15432907v7_Current_ - E-discovery proposal.DOC>>

***********************************************************
To ensure compliance with requirements imposed by U.S.
Treasury Regulations, Proskauer Rose LLP informs you that
any U.S. tax advice contained in this communication
(including any attachments) was not intended or written to
be used, and cannot be used, for the purpose of (i)
avoiding penalties under the Internal Revenue Code or (ii)
promoting, marketing or recommending to another party any
transaction or matter addressed herein.

***********************************************************

```
This message and its attachments are sent from a law firm
and may contain information that is confidential and
protected by privilege from disclosure. If you are not the
intended recipient, you are prohibited from printing,
copying, forwarding or saving them. Please delete the
message and attachments without printing, copying,
forwarding or saving them, and notify the sender
immediately.

================================================================================
==================
```