| | |
|---|---|
| **From:** | Steven J. Rosenwasser |
| **Sent:** | Monday, October 26, 2009 04:37 AM |
| **To:** | Horvath, Jr., Richard S |
| **CC:** | Eckles, Paul M; Alison Prout; Elizabeth G. Eager |
| **Subject:** | RE: TASER -- Custodians and Compliance Manuals |

Rick and Paul,

Good morning. I am responding to your email of October 23 (copied below). First, thank you for agreeing to search for Devin Gordon, Donna Fremgen, Joseph Allota, Andrew Primiano, Desiree Garced, Dwayne Chase, Richie Strohschein, Thomas Trangafilia Jr. and Eduardo Quintana. We appreciate the cooperation.

As to the remaining custodians, we propose the compromise set forth below. If you agree, we have an agreement as to the custodians.

1.      With respect to Misty Habib, John Catarcio, Doug Gifford, James Graczyk, Larry Pezza, Mark Adams, Wing law and Roger Anerella, we agree to hold our request that you search their email boxes in abeyance. We retain the right to request that you search them at a later date, and you reserve your right to object.

2.      Given their positions or potential knowledge, we think the following persons are reasonably likely to have responsive information and should be searched now: Sharad Bhavnani, Mark Willis, Ernest Rodriguez.

3.      With respect to John Callegari, Frank DiMarco, Brian Oppici, Pat Marvello, Brian Urkowitz, and Chuck Winters (other members of the Reg. SHO committee), we are willing to hold our request that you search their email boxes in abeyance if you certify, in writing, that we have at least one member of the Reg. SHO committee for the entire time period. If there are any gaps, we need them filled with one or more of these individuals.

6.      With respect to Mike Loftus, given his position and other information we received, we believe he is reasonably likely to have responsive information. I understand that he is a lawyer, but that does not make all of his communications privileged (indeed, we searched Taser's General Counsel email box). This is particularly true here, where the defendants claim that they acted in "good faith" believing they were following the law. Thus, we ask that you please search his email box now.

7.      With respect to John Panichi, Frank Laino and Robert Moir, I first note that there is no trader "exception." We simply agree to withhold requesting that you identify individual traders at this point in time. We never agreed to withhold any requests to search individuals that are reasonably likely to possess responsive information, including traders. In any event, in an effort to compromise, if you agree to the above, we will hold our request for these individuals in abeyance, with the right to request again later.

Please let me know if we have an agreement.

In addition, your email requests an extension to produce all documents with the keywords "TASER", "TASR" or its CUSIP until December 31. As you know, discovery in this case is governed by the Scheduling Order (which the Court made very clear in the last hearing governs this case). The Scheduling Order provides that an extension may be warranted for "good cause" shown. We are willing to consider consenting to your request to an extension if you can help us understand why one is needed. In particular, we are interested in knowing, among other things, when you actively begin searching for, gathering and reviewing the documents with "TASER," TASR" and its CUSIP (to be clear, we are distinguishing between running samples/test searches and an actual review). Once we get that information, we are glad to discuss this issue with you further.

Thanks,

Steven

From: Horvath, Jr., Richard S [mailto:Richard.Horvath@skadden.com]
Sent: Friday, October 23, 2009 8:51 PM
To: Steven J. Rosenwasser
Cc: Eckles, Paul M; Alison Prout
Subject: TASER -- Custodians and Compliance Manuals

Steven,

I write in response to your October 19 email regarding adding 32 individuals to Merrill Lynch's list of proposed custodians. As you know, on October 12 Merrill Lynch sent Plaintiffs a list of 59 custodians. Merrill Lynch omitted from that list many of the 62 individuals who Plaintiffs had initially proposed including. While we appreciate that you have withdrawn your request that Merrill Lynch search electronic documents for many of those 62 individuals, we believe that adding another 32 custodians is too much.

Nonetheless, Merrill Lynch is willing to compromise and add some of the 32 individuals Plaintiffs identified on October 19 to its initial searches. Those custodians are: Devin Gordon, Donna Fremgen, Joseph Allota, Andrew Primiano, Desiree Garced, Dwayne Chase, and Richie Strohschein. In addition, Merrill Lynch is also willing to add Thomas Tranfaglia, Jr. and Eduardo Quintana from the Reg. SHO Committee to the searches. With these additional custodians, Merrill Lynch would perform email searches for 68 custodians, as compared to the approximately 20 custodians that Plaintiff TASER has identified for its own searches. (I also note that Merrill Lynch identified Linda Kasnia and Joel Attenson as custodians on October 12.)

Merrill Lynch still objects, however, to including many of the people identified in your October 19 email as initial custodians. Merrill Lynch will not collect and review electronic documents for the following people:

Misty Habib (ML_TASR1344): Ms. Habib was responsible for government or mortgage backed securities and is not reasonably likely to possess responsive documents.

Ernest Rodriguez (ML_TASR1358): Mr. Rodriguez was responsible for non-DTC settlements, and Merrill Lynch has agreed to include Mr. Rodriguez's immediate superior, Donna Fremgen, as a custodian. Given the few non-DTC fails Merrill Lynch has throughout the time period and that Mr. Rodriguez's superior has been identified as a custodian, Merrill Lynch believes that the burden of collecting and reviewing emails for Mr. Rodriquez substantially outweighs the probative value of any non-privileged emails he is likely to possess.

John Catarcio (ML_TASR1358): Mr. Catarcio would not have dealt with TASER securities, and Merrill Lynch has agreed to include Mr. Catarcio's immediate superior, Donna Fremgen, as a custodian. Given that Mr. Catarcio would not have dealt with TASER and that Mr. Catarcio's superior has been identified as a custodian, Merrill Lynch believes that the burden of collecting and reviewing emails for Mr. Catarcio substantially outweighs the probative value of any non-privileged emails he is likely to possess.

Doug Gifford (ML_TASR1405): Mr. Gifford worked with internal IT and vendors to handle client processes and would not have been involved in any transactions or trades. Further, Merrill Lynch identified his immediate superior, Sean Gettens, as a custodian. Accordingly, Merrill Lynch believes that the burden of collecting and reviewing emails for Mr. Gifford substantially outweighs the probative value of any non-privileged emails he is likely to possess.

Sharad Bhavnani (ML_TASR1413); James Graczyk (ML_TASR1416); and Larry Pezza (ML_TASR1420): Mr. Bhavnani, Mr. Graczyk, and Mr. Pezza handled retail accounts, and Merrill Lynch identified their superiors, Ben Wojciehowski and Joel Attenson, as custodians. Given that few short sales would be effected through retail accounts and that their superiors have been identified as custodians, Merrill Lynch believes that the burden of collecting and reviewing emails for Mr. Bhavnani, Mr. Graczyk, and Mr. Pezza substantially outweighs the probative value of any non-privileged emails they are likely to possess.

Wing Law, Vice President Electronic Trading Data; Mark Adams, VP High Touch Trading; Roger Anerella, Managing Director Cash Trading & Sales Trading Management; and Mark Willis, GMIS Trading Management (Reg SHO Committee): Consistent with the parties' agreement related to the interrogatories, Merrill Lynch is not required to search emails for traders until Plaintiffs identify specific trades and trading time frames that they are interested in (the "Trader Exception"). As Mr. Law, Mr. Adams, Mr. Anerella, and Mr. Willis are each affiliated with a trading area, the Trader Exception applies. Further, Merrill Lynch identified other Reg. SHO Committee members, including Keith Babbit, Linda Messinger, Robert Genkinger, and Thomas Tranfaglia, whose emails Merrill Lynch will search for much of the time period. Accordingly, Merrill Lynch believes that the burden of collecting and reviewing emails for Mr. Law, Mr. Adams, Mr. Anerella, and Mr. Willis substantially outweighs the probative value of any non-privileged emails they are likely to possess.

John Callegari, Frank DiMarco, Brian Oppici, Pat Marvello, Brian Urkowitz, and Chuck Winters (Reg. SHO Committee): Merrill Lynch identified other Reg. SHO Committee members, including Keith Babbit, Linda Messinger, Robert Genkinger, and Thomas Tranfaglia, whose emails Merrill Lynch will search for much of the time period. Accordingly, Merrill Lynch believes that the burden of collecting and reviewing emails for Mr. Callegari, Mr. DiMarco, Mr. Oppici, Mr. Marvello, Mr. Urkowitz, and Mr.

Winters substantially outweighs the probative value of any non-privileged emails they are likely to possess.

Mike Loftus, First Vice President Equity Counsel (Reg. SHO Committee):  First, Mr. Loftus is internal counsel at Merrill Lynch and his emails would more likely than not be privileged.  Second, Merrill Lynch identified other Reg. SHO Committee members, including Keith Babbit, Linda Messinger, Robert Genkinger, and Thomas Tranfaglia, whose emails Merrill Lynch will search for much of the time period.  Accordingly, Merrill Lynch believes that the burden of collecting and reviewing emails for Mr. Loftus substantially outweighs the probative value of any non-privileged emails he is likely to possess.

John Panichi, prior Senior Trader for Small Cap Trading Desk, and Frank Laino, Senior Trader for Small Cap Trading Desk:  As Mr. Panichi and Mr. Laino are affiliated with small cap trading, the Trader Exception applies.

Robert Moir, U.S. Cash Trading Desk Support Team Head:  As Mr. Moir is affiliated with U.S. Cash Trading, the Trader Exception applies.

I also need to address your characterization of comments we made during Monday's meet and confer.  Namely, you claimed in your October 19 email that we said Merrill Lynch is "'getting prepared' to begin the substantive gathering and review of the documents."  This statement is inaccurate.  Instead, we told you that Merrill Lynch had been gathering email for the custodians it has identified and that process was ongoing.  We also said that we cannot complete that process until we have agreement on all of the custodians and the search terms.  Given the need to reach agreement on custodians and search terms, and the voluminous materials that must be searched due to Plaintiffs' refusal to compromise on their demands that discovery must span 6.5 years, a final production date of November 13 is neither realistic nor feasible.  Instead, we propose that Merrill Lynch will undertake to complete production of the TASER-specific ESI by December 31.  If the December 31 deadline is acceptable to you, we would also agree to make a rolling production of the TASER-specific ESI as those materials become available and are reviewed for production.  Can you please promptly inform us if you are agreeable to the December 31 deadline?  I also note that adding any additional custodians to the custodian list will likely cause further delay, both for reviewing emails containing the TASER-specific search terms and for running test searches on the non-TASER search terms.

Finally, I want to address an omission from your October 19 email regarding the compliance manuals Merrill Lynch has produced.  During our meet and confer on Monday, we informed Plaintiffs that we had produced all responsive manuals that we were aware of based on a reasonable search, and Plaintiffs stated that they were not aware of any omissions.

Regards,
Rick

------------------------------------------------------------------------
*******************************************************
To ensure compliance with Treasury Department regulations, we advise you that, unless otherwise expressly indicated, any federal tax advice contained in this message was not intended or written to be used, and cannot be used, for the purpose of (i) avoiding tax-related penalties under the Internal Revenue Code or applicable state or local tax law provisions or (ii) promoting, marketing or recommending to another party any tax-related matters addressed herein.
*******************************************************
*******************************************************

This email and any attachments thereto, is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this email, you are hereby notified any dissemination, distribution or copying of this email, and any attachments thereto, is strictly prohibited. If you receive this email in error please immediately notify me at (212) 735-3000 and permanently delete the original copy and any copy of any email, and any printout thereof.

Further information about the firm, a list of the Partners and their professional qualifications will be provided upon request.
*******************************************************
================================================================================