IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

TASER INTERNATIONAL, INC.,  :
*et al.*,                    :
                            :
    Plaintiffs,          :      CIVIL ACTION
                            :      FILE NO.: 2008-EV-004739-B
v.                           :
                            :
MORGAN STANLEY & CO., INC.,  :      JURY TRIAL DEMANDED
*et al.*,                    :
                            :
    Defendants.          :

**RESPONSES OF ALL PLAINTIFFS TO BANC OF AMERICA
SECURITIES LLC'S FIRST SET OF REQUESTS
<u>FOR ADMISSION TO EACH PLAINTIFF</u>**

Plaintiffs hereby submit their Responses to Banc of America Securities

LLC's ("BAS") First Set of Requests for Admission to Each Plaintiff.  Plaintiffs

reserve the right to enter additional objections and responses, and to supplement

their responses as necessary.  The failure to object to any of the Requests for

Admission does not waive any general or specific objection or privilege.  Plaintiffs

also agree to meet and confer with Defendants' counsel, in good faith, in an

attempt to resolve any disagreements with Plaintiffs' Responses and Objections

herein.

## OBJECTIONS TO THE GENERAL INSTRUCTIONS

1.      Plaintiffs object to the General Instructions to the extent that they are unduly burdensome or seek to impose greater obligations than those imposed by the Georgia Civil Procedure Act or any applicable Order from the Court.  Plaintiffs will only provide responses and information (including supplementation) in accordance with obligations set forth in the Georgia Civil Practice Act or as ordered by the Court in this action.

2.      Plaintiffs object to the General Instructions to the extent that they seek information outside of their own knowledge.  Plaintiffs will not provide information that is privileged and/or exclusively within the knowledge of any third parties, including but not limited to, their attorneys, agents, consultants or investigators.

## OBJECTIONS TO THE DEFINITIONS

1.      Plaintiffs object to the definitions of "TASER" and "you" and "your" on the ground that they are overly broad and vague.  For example, the definition provided defines "TASER," "you" and "your" as including agents, representatives and other third parties unrelated to this case.  Plaintiffs further object to these definitions on the ground that they include "attorneys," thereby making the definitions seek information protected by the attorney-client and work-product privileges.  Plaintiffs further object to the definitions to the extent they seek

791869.1

2

information outside of Plaintiffs' possession, custody or control. To the extent that Plaintiffs respond to the Requests for Admission, Plaintiffs assume that the definition of "TASER," "you" or "your" does not include its attorneys or other third parties that it does not control. These responses are provided on behalf of Plaintiffs only and not on behalf of any third parties, including any individual directors, officers, attorneys or agents.

2.      Plaintiffs object to the definitions of "Proprietary Accounts" and "Proprietary Trading" on the ground that they are vague and ambiguous, particularly insofar as those terms are defined as "trading by BAS, as principal, using BAS assets for the purpose of generating profits," and as excluding both "other trading for the purpose of facilitating customer orders" and "hedging activities." The definition is inconsistent with the definition of "proprietary account" as provided in the federal securities laws. *See, e.g.*, 17 C.F.R. § 240.15c3-3; 17 C.F.R. § 1.3(y). Furthermore, BAS has not yet provided Plaintiffs account-specific information that is necessary to determine, *inter alia*, whether BAS accounts were traded or managed on a proprietary basis; whether the accounts contain "BAS assets;" whether the accounts were traded by BAS "for the purpose of generating profits;" whether the accounts constituted "other trading for the purpose of facilitating customer orders;" and whether the accounts included or excluded "hedging activities."

3.      Plaintiffs object to the definitions to the extent they seek to impose obligations upon TASER in excess of the Georgia Civil Practice Act.

## GENERAL OBJECTIONS

The following objections apply to each and every Request for Admission and shall have the same force and effect as if set forth in full in response to each. The absence of a reference to a general objection shall not be construed as a waiver of any general objection to a specific Request for Admission.

1.      Plaintiffs object to each Request for Admission to the extent that it is overly burdensome.

2.      Plaintiffs object to each Request for Admission to the extent each seeks information neither relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence.

3.      Plaintiffs object to each Request for Admission to the extent each seeks to impose greater obligations on TASER than those imposed by the Georgia Civil Procedure Act or any applicable Order from the Court.

4.      Plaintiffs object to each Request for Admission to the extent each seeks information that is protected by applicable privileges or immunities from disclosure, including, without limitation, the attorney-client privilege, accountant-client privilege and the work-product doctrine.  Inadvertent disclosure, if any, of information subject to any privilege, including without limitation the attorney-

791869.1

4

client privilege or work-product doctrine, is not intended to, and shall not, waive any such privilege or doctrine.

5.    Plaintiffs object to each Request for Admission to the extent each seeks a response which involves or requires expert opinion, testimony or information in advance of the time agreed on by the parties as memorialized in the Scheduling Order or any Order from the Court in this case.  Moreover, expert opinion and testimony is not appropriately gained through Requests for Admission. Plaintiffs will provide expert opinion and testimony during expert discovery. Many of Plaintiffs' denials are based in whole or in part on this general objection.

6.    Plaintiffs object to each Request for Admission as premature. Discovery in this action is ongoing and the subject matter of the Requests for Admission is under continuing investigation.  Although Plaintiffs will make a good faith attempt to respond to the Requests for Admission based on its knowledge of the relevant facts *at this time*, Plaintiffs continue to review the relevant substantive and procedural facts of this case, and their current position with respect to any of the Requests for Admission might change as a result of this ongoing review. Therefore, Plaintiffs reserve the right to supplement, change or alter their responses at any time pursuant to § 9-11-26(e) of the Official Code of Georgia.  Plaintiffs also reserve the right to use or rely on, at any time, subsequently discovered information or information omitted from these responses as a result of mistake,

error, oversight or inadvertence.  Many of Plaintiffs' denials are based in whole or in part on this objection.

7.     Plaintiffs object to each Request for Admission because Plaintiffs have not received all documents from BAS, other Defendants, and third parties upon which their responses to the Request for Admissions may be based.  For example, Plaintiffs have not received complete transactional and stock movement data from BAS, which is relevant to analyze BAS's transactions in TASER stock and provide answers to many of the Requests.  Likewise, Plaintiffs have not received necessary account-level information from BAS, including, but not limited to, information concerning account number 095-0074.  Further, Plaintiffs have not received trader emails and all of BAS's profit and loss data.  By the parties' stipulations and the Court's orders, Plaintiffs are not required to provide responses until all of the information from which Plaintiffs' response would be derived has been produced and Plaintiffs have had "adequate time to review and analyze it." *See, e.g.,* Stipulation and Order of January 13, 2010 ¶ 7 (agreement with BAS); Order of Dec. 17, 2009 ¶ 13.  Moreover, Plaintiffs note that Defendants have failed to produce documents on a rolling basis in violation of Court Orders.  Any response Plaintiffs provide to a Request for Admission prior to the time BAS, the other Defendants, and third parties complete their document productions will be incomplete because Plaintiffs have not received or had adequate time to review

documents and data.  Many of Plaintiffs' denials are based in whole or in part on this General Objection.

8.      Plaintiffs further object to the Requests for Admission on the grounds that Defendants have marked significant portions of their document productions as "confidential" or "highly confidential" such that the Individual Plaintiffs and some TASER executives, managers and employees are not permitted to review the documents at issue and cannot rely upon or consider such information in providing their response.

9.      Plaintiffs' responses are limited to Banc of America Securities only, and do not pertain to any other affiliate, subsidiary or entity relating to Banc of America, including, but not limited to, any Merrill Lynch entity (e.g., Merrill Lynch Pierce Fenner & Smith, Merrill Pax or Merrill Pro).

## INDIVIDUAL OBJECTIONS AND RESPONSES TO REQUESTS FOR ADMISSION

## 1.

**BAS had a net failure to deliver position in TASER common stock at the DTCC on only the following 50 settlement days:**

| | | | | |
|---|---|---|---|---|
| 6/16/2003 | 12/16/2003 | 2/14/2005 | 2/28/2007 | 5/6/2008 |
| 6/17/2003 | 7/21/2004 | 4/1/2005 | 3/9/2007 | 6/11/2008 |
| 6/18/2003 | 7/22/2004 | 6/29/2005 | 5/1/2007 | 6/16/2008 |
| 6/19/2003 | 8/16/2004 | 12/21/2005 | 7/23/2007 | 6/25/2008 |
| 6/20/2003 | 8/19/2004 | 12/22/2005 | 8/7/2007 | 7/2/2008 |
| 6/23/2003 | 8/25/2004 | 12/23/2005 | 8/8/2007 | 7/3/2008 |
| 6/24/2003 | 9/15/2004 | 12/27/2005 | 1/15/2008 | 9/22/2008 |

| 6/25/2003 | 10/21/2004 | 10/2/2006 | 3/7/2008 | 10/15/2008 |
|-----------|------------|-----------|----------|------------|
| 12/4/2003 | 1/19/2005 | 12/12/2006 | 3/10/2008 | 12/4/2008 |
| 12/12/2003 | 2/1/2005 | 12/13/2006 | 4/29/2008 | 12/24/2008 |

**RESPONSE:**

a.      Admitted in part and denied in part.  Plaintiffs admit Request No. 1

only insofar as it states that records of the Continuous Net Settlement ("CNS")

system of the National Securities Clearing Corporation ("NSCC") reflect that BAS

had a net failure-to-deliver position in TASER stock within the CNS system on the

above-listed dates.  Plaintiffs deny Request No. 1 in all other respects, and

specifically deny that BAS only had failures-to-deliver in TASER common stock

only on the above-listed dates.  By way of further explanation, Plaintiffs state that

the records of the CNS system may not reflect all failures-to-deliver occurring "at

the DTCC"; the records of the CNS system also may not account for any failures-

to-deliver occurring outside of the DTCC, such as failures to deliver occurring as a

result of broker-to-broker transactions and ex-clearing transactions.  Moreover, the

records of the CNS system may not reflect close-outs of failure-to-deliver positions

that were the result of CNS exits, the purchase of paired positions, or other

transactions designed to conceal failure-to-deliver positions on the CNS system.

b.      Objections:

1.      Plaintiffs object to this Request to the extent that it prematurely

seeks expert opinion, testimony or discovery and expert discovery has not

yet begun.  This response does not reflect expert opinion or testimony (which may change Plaintiffs' response).  Rather, it reflects the best good-faith efforts of lay persons to provide a response that they may not be qualified to provide.

      2.      Plaintiffs object to Request No. 1 as premature.  Plaintiffs have not received all documents and data from BAS, other Defendants, and third parties, which are necessary to properly formulate their response to this Request.  By the parties' stipulations and the Court's orders, Plaintiffs are not required to provide responses until <u>all</u> of the information from which Plaintiffs' response would be derived has been produced <u>and</u> Plaintiffs have had adequate time to review and analyze this information.  *See* Stipulation and Order of January 13, 2010 ¶ 7 (agreement with BAS); *see also* Order of Dec. 17, 2009 ¶ 13.  Further, Plaintiffs have not had adequate time to review the large amount of data and documents produced by Defendants which may bear on this Request.  Discovery in this action is ongoing and the subject matter of this Request is under continuing investigation.   Plaintiffs reserve the right to supplement, alter or change their response to this request at the appropriate time, including during the expert-discovery phase of this litigation.

3.      Plaintiffs object to Request No. 1 on the ground that it is unclear, vague, and ambiguous, particularly in its use of the terms "at the DTCC," and insofar as it inaccurately suggests that all clearance and settlement activities "at the DTCC" take place on the National Securities Clearing Corporation's CNS system.  As written, the Request ignores that failures to deliver can occur at the DTCC in its Institutional Delivery Netting Service ("ID Net"), and outside of the DTCC, in ex-clearing.

## 2.

**There were more than 1500 settlement days during the Time Period.**

**RESPONSE:**

Admitted.

## 3.

**BAS never had a net failure to deliver position in TASER common stock at the DTCC that lasted for more than 8 consecutive settlement days.**

**RESPONSE:**

a.      Admitted in part and denied in part.  Plaintiffs admit Request No. 3 only insofar as it states that records of the Continuous Net Settlement ("CNS") system of the National Securities Clearing Corporation ("NSCC") do not reflect that BAS had a net failure-to-deliver position in TASER stock for more than 8

consecutive settlement days.   Plaintiffs deny Request No. 3 in all other respects. By way of further explanation, Plaintiffs state that the records of the CNS system may not reflect all failures-to-deliver occurring "at the DTCC"; the records of the CNS system also may not account for any failures-to-deliver occurring outside of the DTCC, such as failures to deliver occurring as a result of broker-to-broker transactions and ex-clearing transactions.  Moreover, the records of the CNS system may not reflect close-outs of failure-to-deliver positions that were the result of CNS exits, the purchase of paired positions, or other transactions designed to conceal failure-to-deliver positions on the CNS system.

        b.      Objections:

            1.      Plaintiffs object to this Request to the extent that it prematurely seeks expert opinion, testimony or discovery and expert discovery has not yet begun.  This response does not reflect expert opinion or testimony (which may change Plaintiffs' response).  Rather, it reflects the best good-faith efforts of lay persons to provide a response that they may not be qualified to provide.

            2.      Plaintiffs object to Request No. 3 as premature.  Plaintiffs have not received all documents and data from BAS, other Defendants, and third parties, which are necessary to properly formulate their response to this Request.  By the parties' stipulations and the Court's orders, Plaintiffs are

791869.1

not required to provide responses until <u>all</u> of the information from which

Plaintiffs' response would be derived has been produced <u>and</u> Plaintiffs have

had adequate time to review and analyze this information.  *See* Stipulation

and Order of January 13, 2010 ¶ 7 (agreement with BAS); *see also* Order of

Dec. 17, 2009 ¶ 13.   Further, Plaintiffs have not had adequate time to

review the large amount of data and documents produced by Defendants

which may bear on this Request.  Discovery in this action is ongoing and the

subject matter of this Request is under continuing investigation.   Plaintiffs

reserve the right to supplement, alter or change their response to this request

at the appropriate time, including during the expert-discovery phase of this

litigation.  Plaintiffs' response is based on their knowledge at this time, and

may change as discovery progresses.

3.      Plaintiffs object to Request No. 3 on the ground that it is

unclear, vague, and ambiguous, particularly in its use of the terms "at the

DTCC," and insofar as it inaccurately suggests that all clearance and

settlement activities "at the DTCC" take place on the National Securities

Clearing Corporation's CNS system.  As written, the Request ignores that

failures to deliver can occur at the DTCC in its Institutional Delivery Netting

Service ("ID Net"), and outside of the DTCC, in ex-clearing.

## 4.

**BAS had only 2 net failure to deliver positions in TASER common stock at the DTCC that lasted for 4 or more consecutive settlement days.**

## RESPONSE:

a.      Admitted in part and denied in part.  Plaintiffs admit Request No. 4 only insofar as it states that records of the Continuous Net Settlement ("CNS") system of the National Securities Clearing Corporation ("NSCC") reflect that BAS had 2 net failure-to-deliver positions in TASER stock that lasted for more than 4 consecutive settlement days.   Plaintiffs deny Request No. 4 in all other respects. By way of further explanation, Plaintiffs state that the records of the CNS system may not reflect all failures-to-deliver occurring "at the DTCC"; the records of the CNS system also may not account for any failures-to-deliver occurring outside of the DTCC, such as failures to deliver occurring as a result of broker-to-broker transactions and ex-clearing transactions.  Moreover, the records of the CNS system may not reflect close-outs of failure-to-deliver positions that were the result of CNS exits, the purchase of paired positions, or other transactions designed to conceal failure-to-deliver positions on the CNS system.

b.      Objections:

1.      Plaintiffs object to this Request to the extent that it prematurely seeks expert opinion, testimony or discovery and expert discovery has not

yet begun.  This response does not reflect expert opinion or testimony (which may change Plaintiffs' response).  Rather, it reflects the best good-faith efforts of lay persons to provide a response that they may not be qualified to provide.

　　2.　　Plaintiffs object to Request No. 4 as premature.  Plaintiffs have not received all documents and data from BAS, other Defendants, and third parties, which are necessary to properly formulate their response to this Request.  By the parties' stipulations and the Court's orders, Plaintiffs are not required to provide responses until _all_ of the information from which Plaintiffs' response would be derived has been produced _and_ Plaintiffs have had adequate time to review and analyze this information.  _See_ Stipulation and Order of January 13, 2010 ¶ 7 (agreement with BAS); _see also_ Order of Dec. 17, 2009 ¶ 13.  Further, Plaintiffs have not had adequate time to review the large amount of data and documents produced by Defendants which may bear on this Request.  Discovery in this action is ongoing and the subject matter of this Request is under continuing investigation.   Plaintiffs reserve the right to supplement alter or change their response to this request at the appropriate time, including during the expert-discovery phase of this litigation.  Plaintiffs' response is based on their knowledge at this time, and may change as discovery progresses.

3.     Plaintiffs object to Request No. 4 on the ground that it is unclear, vague, and ambiguous, particularly in its use of the terms "at the DTCC," and insofar as it inaccurately suggests that all clearance and settlement activities "at the DTCC" take place on the National Securities Clearing Corporation's CNS system.  As written, the Request ignores that failures to deliver can occur at the DTCC in its Institutional Delivery Netting Service ("ID Net"), and outside of the DTCC, in ex-clearing.

**5.**

**BAS did not engage in Proprietary Trading in TASER common stock on any of the 50 settlement days on which BAS had a net failure to deliver position in TASER common stock at the DTCC.**

**RESPONSE:**

a.     Denied.

b.     Objections:

1.     Plaintiffs object to this Request to the extent that it prematurely seeks expert opinion, testimony or discovery and expert discovery has not yet begun.  Plaintiffs will not provide expert testimony or opinion at this time.  Plaintiffs' denial of this Request is based in whole or in part on this Objection.

2.     Plaintiffs object to Request No. 5 as premature.  Plaintiffs have not received all documents and data from BAS, other Defendants, and third

parties, which are necessary to properly formulate their response to this Request. By the parties' stipulations and the Court's orders, Plaintiffs are not required to provide responses until <u>all</u> of the information from which Plaintiffs' response would be derived has been produced <u>and</u> Plaintiffs have had adequate time to review and analyze this information. *See* Stipulation and Order of January 13, 2010 ¶ 7 (agreement with BAS); *see also* Order of Dec. 17, 2009 ¶ 13. Further, Plaintiffs have not had adequate time to review the large amount of data and documents produced by Defendants which may bear on this Request. Discovery in this action is ongoing and the subject matter of this Request is under continuing investigation. Plaintiffs reserve the right to supplement, alter or change their response to this request at the appropriate time, including during the expert-discovery phase of this litigation. Plaintiffs' denial of this request is based in whole or in part on this Objection.

3.     Plaintiffs object to Request No. 5 on the ground that it is vague and ambiguous, particularly in use of the phrase "Proprietary Trading," which BAS narrowly defines as "trading by BAS, as principal, using BAS assets for the purpose of generating profits," and as excluding both "other trading for the purpose of facilitating customer orders" and "hedging activities." Plaintiffs do not have sufficient information to answer the

Request based on this definition of "Proprietary Trading."  For example,
BAS has not yet provided account-specific information that is necessary to
determine, *inter alia*, whether BAS accounts were traded or managed on a
proprietary basis; whether the accounts contain "BAS assets;" whether the
accounts were traded by BAS "for the purpose of generating profits;"
whether the accounts constituted "other trading for the purpose of
facilitating customer orders;" and whether the accounts included or excluded
"hedging activities."  Plaintiffs will respond to this Request based upon their
present knowledge and based upon the definition of "proprietary accounts"
provided in the federal securities laws.   *See, e.g.*, 17 C.F.R. § 240.15c3-3;
17 C.F.R. § 1.3(y).

      4.     Plaintiffs object to Request No. 5 on the ground that it is
unclear, vague, and ambiguous, particularly in its use of the terms "at the
DTCC," and insofar as it inaccurately assumes that there were only 50
settlement days on which BAS had a net failure to deliver position in
TASER common stock at the DTCC.  Plaintiffs further object to Request
No. 5 insofar as it inaccurately suggests that all clearance and settlement
activities "at the DTCC" take place on the National Securities Clearing
Corporation's CNS system.  As written, the Request ignores that failures to

deliver can occur at the DTCC in its Institutional Delivery Netting Service

("ID Net"), and outside of the DTCC, in ex-clearing.

### 6.

**BAS never had a failure to deliver position in TASER common stock resulting from a broker-to-broker trade executed outside the DTCC that lasted for 13 settlement days.**

### RESPONSE:

a.   Denied.

b.   Objections:

1.   Plaintiffs object to this Request to the extent that it prematurely seeks expert opinion, testimony or discovery and expert discovery has not yet begun.  Plaintiffs will not provide expert testimony or opinion at this time.  Plaintiffs' denial of this request is based in whole or in part on this Objection.

2.   Plaintiffs object to Request No. 6 as premature.  Plaintiffs have not received all documents and data from BAS, other Defendants, and third parties, which are necessary to properly formulate their response to this Request.  By the parties' stipulations and the Court's orders, Plaintiffs are not required to provide responses until all of the information from which Plaintiffs' response would be derived has been produced and Plaintiffs have had adequate time to review and analyze this information.  *See* Stipulation

791869.1

and Order of January 13, 2010 ¶ 7 (agreement with BAS); *see also* Order of Dec. 17, 2009 ¶ 13.   Further, Plaintiffs have not had adequate time to review the large amount of data and documents produced by Defendants which may bear on this Request.   Discovery in this action is ongoing and the subject matter of this Request is under continuing investigation.   Plaintiffs reserve the right to supplement, change or alter their response to this request at the appropriate time, including during the expert-discovery phase of this litigation.   Plaintiffs' denial of this request is based in whole or in part on this Objection.

      3.     Plaintiffs object to Request No. 6 as vague and ambiguous, particularly insofar as it uses the phrase "failure to deliver position."  As drafted, it is unclear whether the Request seeks information concerning actual positions recorded at the DTCC or elsewhere, or seeks information concerning whether BAS failed to deliver stock where it was legally required to do so.  Plaintiffs further object to Request No. 6 insofar as it implies that the absence of a "failure to deliver position" obviates the legal requirement to properly deliver stock and settle a broker-to-broker transaction.

**7.**

**BAS did not engage in Proprietary Trading in TASER common stock on any of the days on which BAS had a failure to deliver position resulting from a broker-to-broker trade executed outside the DTCC system.**

**RESPONSE:**

    a.    Denied.

    b.    Objections:

    1.    Plaintiffs object to this Request to the extent that it prematurely seeks expert opinion, testimony or discovery and expert discovery has not yet begun.  Plaintiffs will not provide expert testimony or opinion at this time.  Plaintiffs' denial of this request is based in whole or in part on this Objection.

    2.    Plaintiffs object to Request No. 7 as premature.  Plaintiffs have not received all documents and data from BAS, other Defendants, and third parties, which are necessary to properly formulate their response to this Request.  By the parties' stipulations and the Court's orders, Plaintiffs are not required to provide responses until <u>all</u> of the information from which Plaintiffs' response would be derived has been produced <u>and</u> Plaintiffs have had adequate time to review and analyze this information.  *See* Stipulation and Order of January 13, 2010 ¶ 7 (agreement with BAS); *see also* Order of Dec. 17, 2009 ¶ 13.  Further, Plaintiffs have not had adequate time to review

the large amount of data and documents produced by Defendants which may bear on this Request. Discovery in this action is ongoing and the subject matter of this Request is under continuing investigation. Plaintiffs reserve the right to supplement, change or alter their response to this request at the appropriate time, including during the expert-discovery phase of this litigation. Plaintiffs' denial of this request is based in whole or in part on this Objection.

3.     Plaintiffs object to Request No. 7 on the ground that it is vague and ambiguous, particularly in use of the phrase "Proprietary Trading," which BAS narrowly defines as "trading by BAS, as principal, using BAS assets for the purpose of generating profits," and as excluding both "other trading for the purpose of facilitating customer orders" and "hedging activities." Plaintiffs do not have sufficient information to answer the Request based on this definition of "Proprietary Trading." For example, BAS has not yet provided Plaintiffs account-specific information that is necessary to determine, *inter alia*, whether BAS accounts were traded or managed on a proprietary basis; whether the accounts contain "BAS assets;" whether the accounts were traded by BAS "for the purpose of generating profits;" whether the accounts constituted "other trading for the purpose of facilitating customer orders;" and whether the accounts included or excluded

"hedging activities."  Plaintiffs will respond to this Request based upon their present knowledge and based upon the definition of "proprietary accounts" provided in the federal securities laws.  *See*, *e.g.*, 17 C.F.R. § 240.15c3-3; 17 C.F.R. § 1.3(y).

      4.     Plaintiffs object to Request No. 7 as vague and ambiguous, particularly insofar as it uses the phrase "failure to deliver position resulting from a broker-to-broker trade."  As drafted, it is unclear whether the Request seeks information concerning actual positions recorded at the DTCC or elsewhere, or seeks information concerning whether BAS failed to deliver stock where it was legally required to do so.  Plaintiffs further object to Request No. 7 insofar as it implies that the absence of a "failure to deliver position" obviates the legal requirement to properly deliver stock and settle a broker-to-broker transaction.

## 8.

**BAS did not profit from any decline in the price of TASER common stock.**

**RESPONSE:**

      a.     Denied.

      b.     Objections:

1.      Plaintiffs object to this Request to the extent that it prematurely seeks expert opinion, testimony or discovery and expert discovery has not yet begun.  Plaintiffs will not provide expert testimony or opinion at this time.  Plaintiffs' denial of this request is based in whole or in part on this Objection.

2.      Plaintiffs object to Request No. 8 as premature.  Plaintiffs have not received all documents and data from BAS, other Defendants, and third parties, which are necessary to properly formulate their response to this Request.  By the parties' stipulations and the Court's orders, Plaintiffs are not required to provide responses until <u>all</u> of the information from which Plaintiffs' response would be derived has been produced <u>and</u> Plaintiffs have had adequate time to review and analyze this information.  *See* Stipulation and Order of January 13, 2010 ¶ 7 (agreement with BAS); *see also* Order of Dec. 17, 2009 ¶ 13.  For example, BAS has not yet provided Plaintiffs account-specific information that is necessary to determine, *inter alia*, whether BAS accounts were traded or managed on a proprietary basis; and whether the accounts contain BAS-owned assets; whether the accounts were traded by BAS for the purpose of generating profits.  Further, Plaintiffs have not had adequate time to review the large amount of data and documents produced by Defendants which may bear on this Request.  Discovery in this

791869.1

action is ongoing and the subject matter of this Request is under continuing

investigation.   Plaintiffs reserve the right to supplement, change or alter

their response to this request at the appropriate time, including during the

expert-discovery phase of this litigation.  Plaintiffs' denial of this request is

based in whole or in part on this Objection.

     3.     Plaintiffs object to this Request as premature because BAS has

not yet produced all of its profit and loss data.

## 9.

**BAS never voted more shares of TASER common stock than it had on deposit at the DTCC as of the applicable record date.**

**<u>RESPONSE</u>:**

     a.     Denied.

     b.     Objections:

     1.     Plaintiffs object to this Request to the extent that it prematurely

seeks expert opinion, testimony or discovery and expert discovery has not

yet begun.  Plaintiffs will not provide expert testimony or opinion at this

time.  Plaintiffs' denial of this request is based in whole or in part on this

Objection.

     2.     Plaintiffs object to Request No. 9 as premature.  Plaintiffs have

not received all documents and data from BAS, other Defendants, and third

parties, which are necessary to properly formulate their response to this Request. By the parties' stipulations and the Court's orders, Plaintiffs are not required to provide responses until <u>all</u> of the information from which Plaintiffs' response would be derived has been produced <u>and</u> Plaintiffs have had adequate time to review and analyze this information. *See* Stipulation and Order of January 13, 2010 ¶ 7 (agreement with BAS); *see also* Order of Dec. 17, 2009 ¶ 13. Further, Plaintiffs have not had adequate time to review the large amount of data and documents produced by Defendants which may bear on this Request. Discovery in this action is ongoing and the subject matter of this Request is under continuing investigation. Plaintiffs reserve the right to supplement, change or alter their response to this request at the appropriate time, including during the expert-discovery phase of this litigation. Plaintiffs' denial of this request is based in whole or in part on this Objection.

## 10.

**BAS never executed a short sale in TASER common stock in its Proprietary Accounts without possessing or intending to obtain TASER common stock to deliver by the settlement date.**

**<u>RESPONSE</u>:**

a.    Denied.

b.    Objections:

1.    Plaintiffs object to this Request to the extent that it prematurely seeks expert opinion, testimony or discovery and expert discovery has not yet begun.  Plaintiffs will not provide expert testimony or opinion at this time.  Plaintiffs' denial of this request is based in whole or in part on this Objection.

2.    Plaintiffs object to Request No. 10 as premature.  Plaintiffs have not received all documents and data from BAS, other Defendants, and third parties, which are necessary to properly formulate their response to this Request.  By the parties' stipulations and the Court's orders, Plaintiffs are not required to provide responses until all of the information from which Plaintiffs' response would be derived has been produced and Plaintiffs have had adequate time to review and analyze this information.  *See* Stipulation and Order of January 13, 2010 ¶ 7 (agreement with BAS); *see also* Order of Dec. 17, 2009 ¶ 13.  Further, Plaintiffs have not had adequate time to review the large amount of data and documents produced by Defendants which may bear on this Request.  Discovery in this action is ongoing and the subject matter of this Request is under continuing investigation.  Plaintiffs reserve the right to supplement, change or alter their response to this request at the appropriate time, including during the expert-discovery phase of this

litigation.  Plaintiffs' denial of this request is based in whole or in part on this Objection.

3.      Plaintiffs object to Request No. 10 on the ground that it is vague and ambiguous, particularly in use of the phrase "Proprietary Accounts," which BAS narrowly defines as accounts facilitating "trading by BAS, as principal, using BAS assets for the purpose of generating profits," and as excluding both "other trading for the purpose of facilitating customer orders" and "hedging activities."  Plaintiffs do not have sufficient information to answer the Request based on this definition of "Proprietary Accounts."  For example, BAS has not yet provided Plaintiffs account-specific information that is necessary to determine, *inter alia*, whether BAS accounts were traded or managed on a proprietary basis; whether the accounts contain "BAS assets;" whether the accounts were traded by BAS "for the purpose of generating profits;" whether the accounts constituted "other trading for the purpose of facilitating customer orders;" and whether the accounts included or excluded "hedging activities."  Plaintiffs respond to this Request based upon the definition of "proprietary accounts" provided in the federal securities laws.  *See, e.g.*, 17 C.F.R. § 240.15c3-3; 17 C.F.R. § 1.3(y).

## 11.

**BAS never executed a short sale in TASER common stock in its Proprietary Accounts at a time it knew a locate had not been obtained.**

**RESPONSE:**

a.    Denied.

b.    Objections:

1.    Plaintiffs object to this Request to the extent that it prematurely seeks expert opinion, testimony or discovery and expert discovery has not yet begun.  This response does not reflect expert opinion or testimony (which may change Plaintiffs' response).  Plaintiffs' denial of this request is based in whole or in part on this Objection.

2.    Plaintiffs object to Request No. 11 as premature.  Plaintiffs have not received all documents and data from BAS, other Defendants, and third parties, which are necessary to properly formulate their response to this Request.  For example, BAS has not produced information, documents, and emails from its traders who executed transactions in TASER stock.   By the parties' stipulations and the Court's orders, Plaintiffs are not required to provide responses until _all_ of the information from which Plaintiffs' response would be derived has been produced _and_ Plaintiffs have had adequate time to review and analyze this information.  *See* Stipulation and

Order of January 13, 2010 ¶ 7 (agreement with BAS); *see also* Order of Dec. 17, 2009 ¶ 13.   Further, Plaintiffs have not had adequate time to review the large amount of data and documents produced by Defendants which may bear on this Request.   Discovery in this action is ongoing and the subject matter of this Request is under continuing investigation.   Plaintiffs reserve the right to supplement, change or alter their response to this request at the appropriate time, including during the expert-discovery phase of this litigation.   Plaintiffs' denial of this request is based in whole or in part on this Objection.

      3.     Plaintiffs object to Request No. 11 on the ground that it is vague and ambiguous, particularly in use of the phrase "Proprietary Accounts," which BAS narrowly defines as accounts facilitating "trading by BAS, as principal, using BAS assets for the purpose of generating profits," and as excluding both "other trading for the purpose of facilitating customer orders" and "hedging activities."   Plaintiffs do not have sufficient information to answer the Request based on this definition of "Proprietary Accounts."   For example, BAS has not yet provided Plaintiffs account-specific information that is necessary to determine, *inter alia*, whether BAS accounts were traded or managed on a proprietary basis; whether the accounts contain "BAS assets;" whether the accounts were traded by BAS

"for the purpose of generating profits;" whether the accounts constituted

"other trading for the purpose of facilitating customer orders;" and whether

the accounts included or excluded "hedging activities."  Plaintiffs will

respond to this Request based upon their present knowledge and based upon

the definition of "proprietary accounts" provided in the federal securities

laws.  *See, e.g.*, 17 C.F.R. § 240.15c3-3; 17 C.F.R. § 1.3(y).

4.     Plaintiffs object to this request as premature because BAS has

not yet produced trader emails, and depositions have not yet taken place.

Thus, Plaintiffs have not received all of the information necessary to respond

to this request.   Plaintiffs' denial of this request is based in whole or in part

on this Objection.

## 12.

**BAS never executed a short sale in TASER common stock on behalf of a customer without possessing or intending to obtain TASER stock to deliver by the settlement date.**

**RESPONSE:**

a.     Denied.

b.     Objections:

1.     Plaintiffs object to this Request to the extent that it prematurely

seeks expert opinion, testimony or discovery and expert discovery has not

yet begun.  Plaintiffs will not provide expert testimony or opinion at this time.  Plaintiffs' denial of this request is based in whole or in part on this Objection.

2.      Plaintiffs object to Request No. 12 as premature.  Plaintiffs have not received all documents and data from BAS, other Defendants, and third parties, which are necessary to properly formulate their response to this Request.  For example, BAS has not produced information, documents, and emails from its traders who executed transactions in TASER stock.   By the parties' stipulations and the Court's orders, Plaintiffs are not required to provide responses until <u>all</u> of the information from which Plaintiffs' response would be derived has been produced <u>and</u> Plaintiffs have had adequate time to review and analyze this information. *See* Stipulation and Order of January 13, 2010 ¶ 7 (agreement with BAS); *see also* Order of Dec. 17, 2009 ¶ 13.   Further, Plaintiffs have not had adequate time to review the large amount of data and documents produced by Defendants which may bear on this Request.  Discovery in this action is ongoing and the subject matter of this Request is under continuing investigation.   Plaintiffs reserve the right to supplement, change or alter their response to this request at the appropriate time, including during the expert-discovery phase of this

litigation.  Plaintiffs' denial of this request is based in whole or in part on this Objection.

3.     Plaintiffs object to this request as premature because BAS has not yet produced trader emails, and depositions have not yet taken place. Thus, Plaintiffs have not received all of the information necessary to respond to this request.   Plaintiffs' denial of this request is based in whole or in part on this Objection.

## 13.

**BAS never executed a short sale in TASER common stock on behalf of a customer at a time it knew a locate had not been obtained.**

**RESPONSE:**

a.     Denied.

b.     Objections:

1.     Plaintiffs object to this Request to the extent that it prematurely seeks expert opinion, testimony or discovery and expert discovery has not yet begun.  Plaintiffs will not provide expert testimony or opinion at this time.  Plaintiffs' denial of this request is based in whole or in part on this Objection.

2.     Plaintiffs object to Request No. 13 as premature.  Plaintiffs have not received all documents and data from BAS, other Defendants, and

third parties, which are necessary to properly formulate their response to this Request.  For example, BAS has not produced information, documents, and emails from its traders who executed transactions in TASER stock.   By the parties' stipulations and the Court's orders, Plaintiffs are not required to provide responses until <u>all</u> of the information from which Plaintiffs' response would be derived has been produced <u>and</u> Plaintiffs have had adequate time to review and analyze this information. *See* Stipulation and Order of January 13, 2010 ¶ 7 (agreement with BAS); *see also* Order of Dec. 17, 2009 ¶ 13.   Further, Plaintiffs have not had adequate time to review the large amount of data and documents produced by Defendants which may bear on this Request.  Discovery in this action is ongoing and the subject matter of this Request is under continuing investigation.   Plaintiffs reserve the right to supplement, change or alter their response to this request at the appropriate time, including during the expert-discovery phase of this litigation.  Plaintiffs' denial of this request is based in whole or in part on this Objection.

      3.    Plaintiffs object to this request as premature because BAS has not yet produced trader emails, and depositions have not yet taken place. Thus, Plaintiffs have not received all of the information necessary to respond

to this request.   Plaintiffs' denial of this request is based in whole or in part on this Objection.

## 14.

**BAS has never marked a short sale in TASER common stock as a long sale.**

**<u>RESPONSE</u>:**

a.   Denied.

b.   Objections:

1.   Plaintiffs object to this Request to the extent that it prematurely seeks expert opinion, testimony or discovery and expert discovery has not yet begun.  Plaintiffs will not provide expert testimony or opinion at this time.  Plaintiffs' denial of this request is based in whole or in part on this Objection.

2.   Plaintiffs object to Request No. 14 as premature.  Plaintiffs have not received all documents and data from BAS, other Defendants, and third parties, which are necessary to properly formulate their response to this Request.  For example, BAS has not produced information, documents, and emails from its traders who executed transactions in TASER stock.  By the parties' stipulations and the Court's orders, Plaintiffs are not required to provide responses until <u>all</u> of the information from which Plaintiffs'

response would be derived has been produced <u>and</u> Plaintiffs have had adequate time to review and analyze this information. *See* Stipulation and Order of January 13, 2010 ¶ 7 (agreement with BAS); *see also* Order of Dec. 17, 2009 ¶ 13.   Further, Plaintiffs have not had adequate time to review the large amount of data and documents produced by Defendants which may bear on this Request.  Discovery in this action is ongoing and the subject matter of this Request is under continuing investigation.   Plaintiffs reserve the right to supplement, change or alter their response to this request at the appropriate time, including during the expert-discovery phase of this litigation.   Plaintiffs' denial of this request is based in whole or in part on this Objection.

## 15.

**BAS has never entered into a fictitious options contract relating to TASER securities.**

**<u>RESPONSE:</u>**

a.   Denied.

b.   Objections:

1.   Plaintiffs object to Request No. 15 to the extent that it prematurely seeks expert opinion, testimony or discovery and expert discovery has not yet begun.  Plaintiffs will not provide expert testimony or

opinion at this time. Plaintiffs' denial of this request is based in whole or in part on this Objection.

2.    Plaintiffs object to Request No. 15 as premature. Plaintiffs have not received all documents and data from BAS, other Defendants, and third parties, which are necessary to properly formulate their response to this Request. For example, BAS has not produced information, documents, and emails from its traders who executed transactions in TASER stock. By the parties' stipulations and the Court's orders, Plaintiffs are not required to provide responses until all of the information from which Plaintiffs' response would be derived has been produced and Plaintiffs have had adequate time to review and analyze this information. *See* Stipulation and Order of January 13, 2010 ¶ 7 (agreement with BAS); *see also* Order of Dec. 17, 2009 ¶ 13. Further, Plaintiffs have not had adequate time to review the large amount of data and documents produced by Defendants which may bear on this Request. Discovery in this action is ongoing and the subject matter of this Request is under continuing investigation. Plaintiffs reserve the right to supplement, change or alter their response to this request at the appropriate time, including during the expert-discovery phase of this litigation. Plaintiffs' denial of this request is based in whole or in part on this Objection.

791869.1

3.     Plaintiffs object to Request No. 15 on the ground that it is

vague and ambiguous, particularly in use of the undefined phrase "fictitious

options contracts." Plaintiffs construe this term to mean sham options

contracts which are actual options contracts entered for the purpose of

concealing illegal short sales that violate Regulation SHO, other securities

laws and regulations, and/or that result in a failure to deliver stock.

4.     Plaintiffs object to this request as premature because BAS has

not yet produced trader emails, and depositions have not yet taken place.

Thus, Plaintiffs have not received all of the information necessary to respond

to this request.   Plaintiffs' denial of this request is based in whole or in part

on this Objection.

## 16.

**BAS has never used an options contract to close out a failure to deliver
position in TASER securities.**

**RESPONSE:**

a.     Denied.

b.     Objections:

1.     Plaintiffs object to this Request to the extent that it prematurely

seeks expert opinion, testimony or discovery and expert discovery has not

yet begun.  Plaintiffs will not provide expert testimony or opinion at this

time.  Plaintiffs' denial of this request is based in whole or in part on this Objection.

2.      Plaintiffs object to Request No. 16 as premature.  Plaintiffs have not received all documents and data from BAS, other Defendants, and third parties, which are necessary to properly formulate their response to this Request.  For example, BAS has not produced information, documents, and emails from its traders who executed transactions in TASER stock.   By the parties' stipulations and the Court's orders, Plaintiffs are not required to provide responses until <u>all</u> of the information from which Plaintiffs' response would be derived has been produced <u>and</u> Plaintiffs have had adequate time to review and analyze this information.  *See* Stipulation and Order of January 13, 2010 ¶ 7 (agreement with BAS); *see also* Order of Dec. 17, 2009 ¶ 13.   Further, Plaintiffs have not had adequate time to review the large amount of data and documents produced by Defendants which may bear on this Request.  Discovery in this action is ongoing and the subject matter of this Request is under continuing investigation.   Plaintiffs reserve the right to supplement, change or alter their response to this request at the appropriate time, including during the expert-discovery phase of this litigation.  Plaintiffs' denial of this request is based in whole or in part on this Objection.

3.    Plaintiffs object to Request No. 16 as vague and ambiguous,

particularly insofar as it uses the phrase "used an options contract."

Plaintiffs construe this phrase to mean executing an options transaction for

the purpose of hedging against the underlying security.

**17.**

**BAS never permitted an "indefinite delivery fail" in TASER common stock as alleged in the Complaint.**

**RESPONSE:**

a.    Denied.

b.    Objections:

1.    Plaintiffs object to this Request to the extent that it prematurely

seeks expert opinion, testimony or discovery and expert discovery has not

yet begun.  Plaintiffs will not provide expert testimony or opinion at this

time.  Plaintiffs' denial of this request is based in whole or in part on this

Objection.

2.    Plaintiffs object to Request No. 17 as premature.  Plaintiffs

have not received all documents and data from BAS, other Defendants, and

third parties, which are necessary to properly formulate their response to this

Request.  By the parties' stipulations and the Court's orders, Plaintiffs are

not required to provide responses until <u>all</u> of the information from which

Plaintiffs' response would be derived has been produced <u>and</u> Plaintiffs have had adequate time to review and analyze this information. *See* Stipulation and Order of January 13, 2010 ¶ 7 (agreement with BAS); *see also* Order of Dec. 17, 2009 ¶ 13.   Further, Plaintiffs have not had adequate time to review the large amount of data and documents produced by Defendants which may bear on this Request.  Discovery in this action is ongoing and the subject matter of this Request is under continuing investigation.   Plaintiffs reserve the right to supplement, alter or change their response to this request at the appropriate time, including during the expert-discovery phase of this litigation.  Plaintiffs' denial of this request is based in whole or in part on this Objection.

## 18.

**BAS never agreed to loan TASER common stock at a time it neither possessed, nor had any intention of obtaining, sufficient TASER common stock to cover those loans.**

<u>**RESPONSE**</u>**:**

a.    Denied.

b.    Objections:

1.    Plaintiffs object to this Request to the extent that it prematurely seeks expert opinion, testimony or discovery and expert discovery has not yet begun.  Plaintiffs will not provide expert testimony or opinion at this

time.  Plaintiffs' denial of this request is based in whole or in part on this Objection.

2.      Plaintiffs object to Request No. 18 as premature.  Plaintiffs have not received all documents and data from BAS, other Defendants, and third parties, which are necessary to properly formulate their response to this Request.  By the parties' stipulations and the Court's orders, Plaintiffs are not required to provide responses until <u>all</u> of the information from which Plaintiffs' response would be derived has been produced <u>and</u> Plaintiffs have had adequate time to review and analyze this information.  *See* Stipulation and Order of January 13, 2010 ¶ 7 (agreement with BAS); *see also* Order of Dec. 17, 2009 ¶ 13.  Further, Plaintiffs have not had adequate time to review the large amount of data and documents produced by Defendants which may bear on this Request.  Discovery in this action is ongoing and the subject matter of this Request is under continuing investigation.   Plaintiffs reserve the right to supplement, change or alter this request at the appropriate time, including during the expert-discovery phase of this litigation.  Plaintiffs' denial of this request is based in whole or in part on this Objection.

## 19.

**BAS has never created a "counterfeit" or "phantom" share of TASER common stock as alleged in the Complaint.**

**RESPONSE:**

a.   Denied.

b.   Objections:

1.    Plaintiffs object to Request No. 19 to the extent that it prematurely seeks expert opinion, testimony or discovery and expert discovery has not yet begun.  Plaintiffs will not provide expert testimony or opinion at this time.  Plaintiffs' denial of this request is based in whole or in part on this Objection.

2.    Plaintiffs object to Request No. 19 as premature.  Plaintiffs have not received all documents and data from BAS, other Defendants, and third parties, which are necessary to properly formulate their response to this Request.  For example, BAS has not produced information, documents, and emails from its traders who executed transactions in TASER stock.   By the parties' stipulations and the Court's orders, Plaintiffs are not required to provide responses until all of the information from which Plaintiffs' response would be derived has been produced and Plaintiffs have had adequate time to review and analyze this information.  *See* Stipulation and

Order of January 13, 2010 ¶ 7 (agreement with BAS); *see also* Order of Dec. 17, 2009 ¶ 13.   Further, Plaintiffs have not had adequate time to review the large amount of data and documents produced by Defendants which may bear on this Request.  Discovery in this action is ongoing and the subject matter of this Request is under continuing investigation.   Plaintiffs reserve the right to supplement, change or alter their response to this request at the appropriate time, including during the expert-discovery phase of this litigation.  Plaintiffs' denial of this request is based in whole or in part on this Objection.

**20.**

**BAS never agreed to loan TASER common stock that it failed to deliver.**

<u>**RESPONSE**</u>**:**

    a.    Denied.

    b.    Objections:

    1.    Plaintiffs object to Request No. 20 to the extent that it prematurely seeks expert opinion, testimony or discovery and expert discovery has not yet begun.  Plaintiffs will not provide expert testimony or opinion at this time.  Plaintiffs' denial of this request is based in whole or in part on this Objection.

2.      Plaintiffs object to Request No. 20 as premature.  Plaintiffs have not received all documents and data from BAS, other Defendants, and third parties, which are necessary to properly formulate their response to this Request.  By the parties' stipulations and the Court's orders, Plaintiffs are not required to provide responses until <u>all</u> of the information from which Plaintiffs' response would be derived has been produced <u>and</u> Plaintiffs have had adequate time to review and analyze this information.  *See* Stipulation and Order of January 13, 2010 ¶ 7 (agreement with BAS); *see also* Order of Dec. 17, 2009 ¶ 13.   Further, Plaintiffs have not had adequate time to review the large amount of data and documents produced by Defendants which may bear on this Request.  Discovery in this action is ongoing and the subject matter of this Request is under continuing investigation.   Plaintiffs reserve the right to supplement, change or alter their response to this request at the appropriate time, including during the expert-discovery phase of this litigation.  Plaintiffs' denial of this request is based in whole or in part on this Objection.

## 21.

**BAS never took Plaintiffs' property interest in TASER common stock.**

**RESPONSE:**

    a.    Denied.

    b.    Objections:

    1.    Plaintiffs object to Request No. 21 to the extent that it prematurely seeks expert opinion, testimony or discovery and expert discovery has not yet begun.  Plaintiffs' denial of this request is based in whole or in part on this Objection.

    2.    Plaintiffs object to Request No. 21 as premature.  Plaintiffs have not received all documents and data from BAS, other Defendants, and third parties, which are necessary to properly formulate their response to this Request.  For example, BAS has not produced information, documents, and emails from its traders who executed transactions in TASER stock.   By the parties' stipulations and the Court's orders, Plaintiffs are not required to provide responses until <u>all</u> of the information from which Plaintiffs' response would be derived has been produced <u>and</u> Plaintiffs have had adequate time to review and analyze this information.  *See* Stipulation and Order of January 13, 2010 ¶ 7 (agreement with BAS); *see also* Order of Dec. 17, 2009 ¶ 13.   Further, Plaintiffs have not had adequate time to review the large amount of data and documents produced by Defendants which may bear on this Request.  Discovery in this action is ongoing and the

subject matter of this Request is under continuing investigation.   Plaintiffs

reserve the right to supplement, change or alter this request at the

appropriate time, including during the expert-discovery phase of this

litigation.  Plaintiffs' denial of this request is based in whole or in part on

this Objection.

**22.**

**BAS never charged fees or commissions to short sellers for loans of TASER common stock that were never delivered.**

**RESPONSE:**

a.    Denied.

b.    Objections:

1.    Plaintiffs object to Request No. 22 to the extent that it

prematurely seeks expert opinion, testimony or discovery and expert

discovery has not yet begun.  Plaintiffs will not provide expert testimony or

opinion at this time.  Plaintiffs' denial of this request is based in whole or in

part on this Objection.

2.    Plaintiffs object to Request No. 22 as premature.  Plaintiffs

have not received all documents and data from BAS, other Defendants, and

third parties, which are necessary to properly formulate their response to this

Request.  For example, Defendant BOA has not produced information,

documents, and emails from its traders who executed transactions in TASER

stock.   For example, BAS has not produced information, documents, and

emails from its traders who executed transactions in TASER stock.   By the

parties' stipulations and the Court's orders, Plaintiffs are not required to

provide responses until <u>all</u> of the information from which Plaintiffs'

response would be derived has been produced <u>and</u> Plaintiffs have had

adequate time to review and analyze this information.  *See* Stipulation and

Order of January 13, 2010 ¶ 7 (agreement with BAS); *see also* Order of

Dec. 17, 2009 ¶ 13.   Further, Plaintiffs have not had adequate time to

review the large amount of data and documents produced by Defendants

which may bear on this Request.  Discovery in this action is ongoing and the

subject matter of this Request is under continuing investigation.   Plaintiffs

reserve the right to supplement, change or alter their response to this request

at the appropriate time, including during the expert-discovery phase of this

litigation.  Plaintiffs' denial of this request is based in whole or in part on

this Objection.

      3.      Plaintiffs further object to this Request as premature because

BAS has not yet produced all of its profit and loss documents and data.

**23.**

BAS never represented to customers or other prime brokers that it had shares of TASER common stock available to loan when BAS knew that it did not possess such shares.

## RESPONSE:

a.    Denied.

b.    Objections:

1.    Plaintiffs object to Request No. 23 to the extent that it prematurely seeks expert opinion, testimony or discovery and expert discovery has not yet begun.  Plaintiffs will not provide expert testimony or opinion at this time.  Plaintiffs' denial of this request is based in whole or in part on this Objection.

2.    Plaintiffs object to Request No. 23 as premature.  Plaintiffs have not received all documents and data from BAS, other Defendants, and third parties, which are necessary to properly formulate their response to this Request.  For example, Defendant BOA has not produced information, documents, and emails from its traders who executed transactions in TASER stock.   By the parties' stipulations and the Court's orders, Plaintiffs are not required to provide responses until all of the information from which Plaintiffs' response would be derived has been produced and Plaintiffs have had adequate time to review and analyze this information.  *See* Stipulation

and Order of January 13, 2010 ¶ 7 (agreement with BAS); *see also* Order of Dec. 17, 2009 ¶ 13.   Further, Plaintiffs have not had adequate time to review the large amount of data and documents produced by Defendants which may bear on this Request.   Discovery in this action is ongoing and the subject matter of this Request is under continuing investigation.   Plaintiffs reserve the right to supplement, change or alter their response to this request at the appropriate time, including during the expert-discovery phase of this litigation.   Plaintiffs' denial of this request is based in whole or in part on this Objection.

      3.     Plaintiffs object to this Request as premature because BAS has not yet produced its traders' emails and other documents, and depositions have not yet taken place.   Thus, Plaintiffs have not received all of the information necessary to respond to this request.   Plaintiffs' denial of this request is based in whole or in part on this Objection.

### 24.

**BAS did not knowingly create and/or alter electronic forms of data to falsely indicate its and its clients' level and type of ownership of TASER stock.**

**<u>RESPONSE</u>:**

      a.     Denied.

      b.     Objections:

1.      Plaintiffs object to Request No. 24 to the extent that it prematurely seeks expert testimony, opinion or discovery and expert discovery has not yet begun.  Plaintiffs will not provide expert testimony or opinion at this time.  Plaintiffs' denial of this request is based in whole or in part on this Objection.

2.      Plaintiffs object to Request No. 24 as premature.  Plaintiffs have not received all documents and data from BAS, other Defendants, and third parties, which are necessary to properly formulate their response to this Request.  For example, BAS has not produced information, documents, and emails from its traders who executed transactions in TASER stock.   By the parties' stipulations and the Court's orders, Plaintiffs are not required to provide responses until all of the information from which Plaintiffs' response would be derived has been produced and Plaintiffs have had adequate time to review and analyze this information.  *See* Stipulation and Order of January 13, 2010 ¶ 7 (agreement with BAS); *see also* Order of Dec. 17, 2009 ¶ 13.  Further, Plaintiffs have not had adequate time to review the large amount of data and documents produced by Defendants which may bear on this Request.  Discovery in this action is ongoing and the subject matter of this Request is under continuing investigation.   Plaintiffs reserve the right to supplement, change or alter their response to this request at the

appropriate time, including during the expert-discovery phase of this litigation.     Plaintiffs' denial of this request is based in whole or in part on this Objection.

      3.     Plaintiffs object to this Request on the ground that it is vague and ambiguous, particularly insofar as it uses the phrase "level and type of ownership of TASER stock."  As drafted, the Request is unclear as to which electronic data the request is referring, and the terms "level" and "type" are undefined.

## 25.

**BAS did not create, alter or delete electronic data pertaining to TASER common stock in such a manner that it constituted a forgery.**

## RESPONSE:

    a.    Denied.

    b.    Objections:

      1.     Plaintiffs object to Request No. 25 to the extent that it prematurely seeks expert opinion, testimony or discovery and expert discovery has not yet begun.  Plaintiffs will not provide expert testimony or opinion at this time.  Plaintiffs' denial of this request is based in whole or in part on this Objection.

2.     Plaintiffs object to Request No. 25 as premature.  Plaintiffs have not received all documents and data from BAS, other Defendants, and third parties, which are necessary to properly formulate their response to this Request.  For example, BAS has not produced information, documents, and emails from its traders who executed transactions in TASER stock.   By the parties' stipulations and the Court's orders, Plaintiffs are not required to provide responses until <u>all</u> of the information from which Plaintiffs' response would be derived has been produced <u>and</u> Plaintiffs have had adequate time to review and analyze this information.  *See* Stipulation and Order of January 13, 2010 ¶ 7 (agreement with BAS); *see also* Order of Dec. 17, 2009 ¶ 13.   Further, Plaintiffs have not had adequate time to review the large amount of data and documents produced by Defendants which may bear on this Request.  Discovery in this action is ongoing and the subject matter of this Request is under continuing investigation.   Plaintiffs reserve the right to supplement, change or alter their response to this request at the appropriate time, including during the expert-discovery phase of this litigation.

3.     Plaintiffs object to the word "forgery" as vague and ambiguous, particularly insofar as the Request fails to specify a legal context or definition to which the term is referring.

## 26.

**BAS never unlawfully took or appropriated TASER common stock from the Plaintiffs.**

**RESPONSE:**

a.    Denied.

b.    Objections:

1.    Plaintiffs object to Request No. 26 to the extent that it seeks expert opinion, testimony or discovery and expert discovery has not yet begun.  Plaintiffs will not provide expert testimony or opinion at this time. Plaintiffs' denial of this request is based in whole or in part on this Objection.

2.    Plaintiffs object to Request No. 26 as premature.  Plaintiffs have not received all documents and data from BAS, other Defendants, and third parties, which are necessary to properly formulate their response to this Request.  For example, BAS has not produced information, documents, and emails from its traders who executed transactions in TASER stock.   By the parties' stipulations and the Court's orders, Plaintiffs are not required to provide responses until <u>all</u> of the information from which Plaintiffs' response would be derived has been produced <u>and</u> Plaintiffs have had adequate time to review and analyze this information.  *See* Stipulation and

Order of January 13, 2010 ¶ 7 (agreement with BAS); *see also* Order of Dec. 17, 2009 ¶ 13. Further, Plaintiffs have not had adequate time to review the large amount of data and documents produced by Defendants which may bear on this Request. Discovery in this action is ongoing and the subject matter of this Request is under continuing investigation. Plaintiffs reserve the right to supplement, change or alter their response to this request at the appropriate time, including during the expert-discovery phase of this litigation. Plaintiffs' denial of this request is based in whole or in part on this Objection.

3. Plaintiffs object to Request No. 26 as vague and ambiguous, particularly insofar as it uses the phrase "from the Plaintiffs."

## 27.

**BAS never manipulated the market in TASER common stock by failing to deliver TASER common stock to the DTCC in accordance with the federal securities laws.**

**RESPONSE:**

a. Denied.

b. Objections:

1. Plaintiffs object to Request No. 27 to the extent that it prematurely seeks expert opinion, testimony or discovery and expert

discovery has not yet begun.  Plaintiffs will not provide expert testimony or opinion at this time.  Plaintiffs' denial of this request is based in whole or in part on this Objection.

2.     Plaintiffs object to Request No. 27 as premature.  Plaintiffs have not received all documents and data from BAS, other Defendants, and third parties, which are necessary to properly formulate their response to this Request.  For example, BAS has not produced information, documents, and emails from its traders who executed transactions in TASER stock.   By the parties' stipulations and the Court's orders, Plaintiffs are not required to provide responses until all of the information from which Plaintiffs' response would be derived has been produced and Plaintiffs have had adequate time to review and analyze this information.  *See* Stipulation and Order of January 13, 2010 ¶ 7 (agreement with BAS); *see also* Order of Dec. 17, 2009 ¶ 13.   Further, Plaintiffs have not had adequate time to review the large amount of data and documents produced by Defendants which may bear on this Request.  Discovery in this action is ongoing and the subject matter of this Request is under continuing investigation.   Plaintiffs reserve the right to supplement, change or alter their response to this request at the appropriate time, including during the expert-discovery phase of this

litigation.  Plaintiffs' denial of this request is based in whole or in part on this Objection.

3.      Plaintiffs object to this Request as premature because BAS has not yet produced its traders' emails and other documents, and depositions have not yet taken place.  Thus, Plaintiffs have not received all of the information necessary to respond to this request.   Plaintiffs' denial of this request is based in whole or in part on this Objection.

**28.**

**BAS never interfered with Plaintiffs' "non-monetary rights" in TASER common stock as alleged in the Complaint.**

**RESPONSE:**

a.      Denied.

b.      Objections:

1.      Plaintiffs object to Request No. 28 to the extent that it prematurely seeks expert opinion, testimony or discovery and expert discovery has not yet begun.  Plaintiffs will not provide expert testimony or opinion at this time.  Plaintiffs' denial of this request is based in whole or in part on this Objection.

2.      Plaintiffs object to Request No. 28 as premature.  Plaintiffs have not received all documents and data from BAS, other Defendants, and

third parties, which are necessary to properly formulate their response to this Request.  For example, BAS has not produced information, documents, and emails from its traders who executed transactions in TASER stock.   By the parties' stipulations and the Court's orders, Plaintiffs are not required to provide responses until <u>all</u> of the information from which Plaintiffs' response would be derived has been produced <u>and</u> Plaintiffs have had adequate time to review and analyze this information.  *See* Stipulation and Order of January 13, 2010 ¶ 7 (agreement with BAS); *see also* Order of Dec. 17, 2009 ¶ 13.  Further, Plaintiffs have not had adequate time to review the large amount of data and documents produced by Defendants which may bear on this Request.  Discovery in this action is ongoing and the subject matter of this Request is under continuing investigation.   Plaintiffs reserve the right to supplement, change or alter their response to this request at the appropriate time, including during the expert-discovery phase of this litigation.  Plaintiffs' denial of this request is based in whole or in part on this Objection.

## 29.

**BAS never caused TASER common stock to decline in price by failing to deliver TASER common stock to the DTCC in accordance with the federal securities laws.**

**RESPONSE:**

a.    Denied.

b.    Objections:

1.    Plaintiffs object to Request No. 29 to the extent that it

prematurely seeks expert opinion, testimony or discovery and expert

discovery has not yet begun.  Plaintiffs will not provide expert testimony or

opinion at this time.  Plaintiffs' denial of this request is based in whole or in

part on this Objection.

2.    Plaintiffs object to Request No. 29 as premature.  Plaintiffs

have not received all documents and data from BAS, other Defendants, and

third parties, which are necessary to properly formulate their response to this

Request.  By the parties' stipulations and the Court's orders, Plaintiffs are

not required to provide responses until <u>all</u> of the information from which

Plaintiffs' response would be derived has been produced <u>and</u> Plaintiffs have

had adequate time to review and analyze this information.  *See* Stipulation

and Order of January 13, 2010 ¶ 7 (agreement with BAS); *see also* Order of

Dec. 17, 2009 ¶ 13.  Further, Plaintiffs have not had adequate time to

review the large amount of data and documents produced by Defendants

which may bear on this Request.  Discovery in this action is ongoing and the

subject matter of this Request is under continuing investigation.   Plaintiffs

reserve the right to supplement, change or alter their response to this request at the appropriate time, including during the expert-discovery phase of this litigation.  Plaintiffs' denial of this request is based in whole or in part on this Objection.

### 30.

**BAS never engaged in willful misconduct with respect to TASER common stock.**

**RESPONSE:**

a.    Denied.

b.    Objections:

1.    Plaintiffs object to Request No. 30 to the extent that it prematurely seeks expert discovery and expert discovery has not yet begun. Plaintiffs will not provide expert testimony or opinion at this time. Plaintiffs' denial of this request is based in whole or in part on this Objection.

2.    Plaintiffs object to Request No. 30 as premature.  Plaintiffs have not received all documents and data from BAS, other Defendants, and third parties, which are necessary to properly formulate their response to this Request.  For example, Defendant BOA has not produced information, documents, and emails from its traders who executed transactions in TASER

stock.   Further, Plaintiffs have not had adequate time to review the large

amount of data and documents produced by Defendants which may bear on

this Request.  Discovery in this action is ongoing and the subject matter of

this Request is under continuing investigation.   Plaintiffs reserve the right to

supplement this request at the appropriate time, including during the expert-

discovery phase of this litigation.  Plaintiffs' denial of this request is based

in whole or in part on this Objection.

      3.     Plaintiffs object to this Request as premature because BAS has

not yet produced its traders' emails and other documents, and depositions

have not yet taken place.  Thus, Plaintiffs have not received all of the

information necessary to respond to this request.   Plaintiffs' denial of this

request is based in whole or in part on this Objection.

### 31.

**BAS did not have a fiduciary duty to TASER or its shareholders.**

**<u>RESPONSE</u>:**

    a.    Denied.

    b.    Objections:

      1.     Plaintiffs object to Request No. 31 as vague and ambiguous,

particularly insofar as it fails to identify any factual context to determine the

existence of a fiduciary relationship.  For example, at the very least, BAS owed a

fiduciary duty to TASER shareholders who held managed accounts at BAS.

Because this request does not contain necessary facts to determine the existence of

a relationship of trust, it is impossible to answer the Request as written and it is

therefore denied.

**32.**

**BAS never violated Regulation SHO with respect to TASER common
stock.**

**RESPONSE:**

a.    Denied.

b.    Objections:

1.    Plaintiffs object to Request No. 32 to the extent that it

prematurely seeks expert opinion, testimony or discovery and expert

discovery has not yet begun.  Plaintiffs will not provide expert testimony or

opinion at this time.  Plaintiffs' denial of this request is based in whole or in

part on this Objection.

2.    Plaintiffs object to Request No. 32 as premature.  Plaintiffs

have not received all documents and data from BAS, other Defendants, and

third parties, which are necessary to properly formulate their response to this

Request.  For example, BAS has not produced information, documents, and

emails from its traders who executed transactions in TASER stock.   By the parties' stipulations and the Court's orders, Plaintiffs are not required to provide responses until <u>all</u> of the information from which Plaintiffs' response would be derived has been produced <u>and</u> Plaintiffs have had adequate time to review and analyze this information.  *See* Stipulation and Order of January 13, 2010 ¶ 7 (agreement with BAS); *see also* Order of Dec. 17, 2009 ¶ 13.   Further, Plaintiffs have not had adequate time to review the large amount of data and documents produced by Defendants which may bear on this Request.  Discovery in this action is ongoing and the subject matter of this Request is under continuing investigation.   Plaintiffs reserve the right to supplement this request at the appropriate time, including during the expert-discovery phase of this litigation. Plaintiffs' denial of this request is based in whole or in part on this Objection.

3.     Plaintiffs object to this Request as premature because BAS has not yet produced its traders' emails and other documents, and depositions have not yet taken place.  Thus, Plaintiffs have not received all of the information necessary to respond to this request.   Plaintiffs' denial of this request is based in whole or in part on this Objection.

**33.**

**BAS never violated NASD Rule 3370 with respect to TASER common stock.**

**<u>RESPONSE</u>:**

    a.    Denied.

    b.    Objections:

    1.    Plaintiffs object to Request No. 33 to the extent that it seeks expert opinion, testimony or discovery and expert discovery has not yet begun.  Plaintiffs will not provide expert testimony or opinion at this time. Plaintiffs' denial of this request is based in whole or in part on this Objection.

    2.    Plaintiffs object to Request No. 33 as premature.  Plaintiffs have not received all documents and data from BAS, other Defendants, and third parties, which are necessary to properly formulate their response to this Request.  For example, BAS has not produced information, documents, and emails from its traders who executed transactions in TASER stock.   By the parties' stipulations and the Court's orders, Plaintiffs are not required to provide responses until <u>all</u> of the information from which Plaintiffs' response would be derived has been produced <u>and</u> Plaintiffs have had adequate time to review and analyze this information.  Further, Plaintiffs have not had adequate time to review the large amount of data and

documents produced by Defendants which may bear on this Request. Discovery in this action is ongoing and the subject matter of this Request is under continuing investigation. Plaintiffs reserve the right to supplement, alter or change their response to this request at the appropriate time, including during the expert-discovery phase of this litigation. Plaintiffs' denial of this request is based in whole or in part on this Objection.

3.      Plaintiffs object to this Request as premature because BAS has not yet produced its traders' emails and other documents, and depositions have not yet taken place. Thus, Plaintiffs have not received all of the information necessary to respond to this request. Plaintiffs' denial of this request is based in whole or in part on this Objection.

## 34.

**BAS never violated SEC Rule 3b-3 with respect to TASER common stock.**

## RESPONSE:

a.      Denied.

b.      Objections:

1.      Plaintiffs object to Request No. 34 to the extent that it seeks expert opinion, testimony or discovery and expert discovery has not yet begun. Plaintiffs will not provide expert testimony or opinion at this time.

Plaintiffs' denial of this request is based in whole or in part on this Objection.

2.      Plaintiffs object to Request No. 34 as premature.  Plaintiffs have not received all documents and data from BAS, other Defendants, and third parties, which are necessary to properly formulate their response to this Request.  For example, BAS has not produced information, documents, and emails from its traders who executed transactions in TASER stock.   By the parties' stipulations and the Court's orders, Plaintiffs are not required to provide responses until all of the information from which Plaintiffs' response would be derived has been produced and Plaintiffs have had adequate time to review and analyze this information.  Further, Plaintiffs have not had adequate time to review the large amount of data and documents produced by Defendants which may bear on this Request.  Discovery in this action is ongoing and the subject matter of this Request is under continuing investigation.   Plaintiffs reserve the right to supplement, change or alter their response to this request at the appropriate time, including during the expert-discovery phase of this litigation.  Plaintiffs' denial of this request is based in whole or in part on this Objection.

3.      Plaintiffs object to this Request as premature because BAS has not yet produced its traders' emails and other documents, and depositions

have not yet taken place.  Thus, Plaintiffs have not received all of the

information necessary to respond to this request.   Plaintiffs' denial of this

request is based in whole or in part on this Objection.

### 35.

### BAS never violated SEC Rule 10a-2 with respect to TASER common stock.

**RESPONSE:**

a.    Denied.

b.    Objections:

1.    Plaintiffs object to Request No. 35 to the extent that it

prematurely seeks expert opinion, testimony or discovery and expert

discovery has not yet begun.  Plaintiffs will not provide expert testimony or

opinion at this time.  Plaintiffs' denial of this request is based in whole or in

part on this Objection.

2.    Plaintiffs object to Request No. 35 as premature.  Plaintiffs

have not received all documents and data from BAS, other Defendants, and

third parties, which are necessary to properly formulate their response to this

Request.  For example, BAS has not produced information, documents, and

emails from its traders who executed transactions in TASER stock.   By the

parties' stipulations and the Court's orders, Plaintiffs are not required to

provide responses until <u>all</u> of the information from which Plaintiffs'
response would be derived has been produced <u>and</u> Plaintiffs have had
adequate time to review and analyze this information.  Further, Plaintiffs
have not had adequate time to review the large amount of data and
documents produced by Defendants which may bear on this Request.
Discovery in this action is ongoing and the subject matter of this Request is
under continuing investigation.   Plaintiffs reserve the right to supplement,
change or alter this request at the appropriate time, including during the
expert-discovery phase of this litigation.

> 3.     Plaintiffs object to this Request as premature because BAS has
not yet produced its traders' emails and other documents, and depositions
have not yet taken place.  Thus, Plaintiffs have not received all of the
information necessary to respond to this request.   Plaintiffs' denial of this
request is based in whole or in part on this Objection.

## 36.

**BAS never violated NASD Rule 3210 with respect to TASER common
stock.**

**RESPONSE:**

    a.    Denied.

    b.    Objections:

    1.    Plaintiffs object to Request No. 36 to the extent that it prematurely seeks expert opinion, testimony or discovery and expert discovery has not yet begun. Plaintiffs will not provide expert testimony or opinion at this time. Plaintiffs' denial of this request is based in whole or in part on this Objection.

    2.    Plaintiffs object to Request No. 36 as premature. Plaintiffs have not received all documents and data from BAS, other Defendants, and third parties, which are necessary to properly formulate their response to this Request. For example, BAS has not produced information, documents, and emails from its traders who executed transactions in TASER stock. By the parties' stipulations and the Court's orders, Plaintiffs are not required to provide responses until all of the information from which Plaintiffs' response would be derived has been produced and Plaintiffs have had adequate time to review and analyze this information. Further, Plaintiffs have not had adequate time to review the large amount of data and documents produced by Defendants which may bear on this Request. Discovery in this action is ongoing and the subject matter of this Request is

under continuing investigation.   Plaintiffs reserve the right to supplement, alter or change their response to this request at the appropriate time, including during the expert-discovery phase of this litigation.  Plaintiffs' denial of this request is based in whole or in part on this Objection.

     3.     Plaintiffs object to this Request as premature because BAS has not yet produced its traders' emails and other documents, and depositions have not yet taken place.  Thus, Plaintiffs have not received all of the information necessary to respond to this request.   Plaintiffs' denial of this request is based in whole or in part on this Objection.

**37.**

**BAS never violated NASD Rule 11830 with respect to TASER common stock.**

    a.    Denied.

    b.    Objections:

     1.     Plaintiffs object to Request No. 37 to the extent that it prematurely seeks expert opinion, testimony or discovery and expert discovery has not yet begun.  Plaintiffs will not provide expert testimony or opinion at this time.  Plaintiffs' denial of this request is based in whole or in part on this Objection.

2.      Plaintiffs object to Request No. 37 as premature.  Plaintiffs have not received all documents and data from BAS, other Defendants, and third parties, which are necessary to properly formulate their response to this Request.  For example, BAS has not produced information, documents, and emails from its traders who executed transactions in TASER stock.   By the parties' stipulations and the Court's orders, Plaintiffs are not required to provide responses until <u>all</u> of the information from which Plaintiffs' response would be derived has been produced <u>and</u> Plaintiffs have had adequate time to review and analyze this information.  Further, Plaintiffs have not had adequate time to review the large amount of data and documents produced by Defendants which may bear on this Request. Discovery in this action is ongoing and the subject matter of this Request is under continuing investigation.   Plaintiffs reserve the right to supplement, alter or change their response to this request at the appropriate time, including during the expert-discovery phase of this litigation.  Plaintiffs' denial of this request is based in whole or in part on this Objection.

3.      Plaintiffs object to this Request as premature because BAS has not yet produced its traders' emails and other documents, and depositions have not yet taken place.  Thus, Plaintiffs have not received all of the

information necessary to respond to this request.   Plaintiffs' denial of this request is based in whole or in part on this Objection.

### 38.

**BAS never violated NYSE Rule 440C with respect to TASER common stock.**

**<u>RESPONSE</u>:**

a.    Denied.

b.    Objections:

1.    Plaintiffs object to Request No. 38 to the extent that it prematurely seeks expert opinion, testimony or discovery and expert discovery has not yet begun.  Plaintiffs will not provide expert testimony or opinion at this time.  Plaintiffs' denial of this request is based in whole or in part on this Objection.

2.    Plaintiffs object to Request No. 38 as premature.  Plaintiffs have not received all documents and data from BAS, other Defendants, and third parties, which are necessary to properly formulate their response to this Request.  For example, BAS has not produced information, documents, and emails from its traders who executed transactions in TASER stock.   By the parties' stipulations and the Court's orders, Plaintiffs are not required to provide responses until <u>all</u> of the information from which Plaintiffs'

response would be derived has been produced <u>and</u> Plaintiffs have had adequate time to review and analyze this information.  Further, Plaintiffs have not had adequate time to review the large amount of data and documents produced by Defendants which may bear on this Request. Discovery in this action is ongoing and the subject matter of this Request is under continuing investigation.   Plaintiffs reserve the right to supplement, change or alter their response to this request at the appropriate time, including during the expert-discovery phase of this litigation.  Plaintiffs' denial of this request is based in whole or in part on this Objection.

   3. Plaintiffs object to this Request as premature because BAS has not yet produced its traders' emails and other documents, and depositions have not yet taken place.  Thus, Plaintiffs have not received all of the information necessary to respond to this request.   Plaintiffs' denial of this request is based in whole or in part on this Objection.

**39.**

  **BAS never violated SEC Rule 200 with respect to TASER common stock.**

<u>**RESPONSE:**</u>

  a. Denied.

  b. Objections:

1.      Plaintiffs object to Request No. 39 to the extent that it prematurely seeks expert opinion, testimony or discovery and expert discovery has not yet begun.  Plaintiffs will not provide expert testimony or opinion at this time.  Plaintiffs' denial of this request is based in whole or in part on this Objection.

2.      Plaintiffs object to Request No. 39 as premature.  Plaintiffs have not received all documents and data from BAS, other Defendants, and third parties, which are necessary to properly formulate their response to this Request.  For example, BAS has not produced information, documents, and emails from its traders who executed transactions in TASER stock.   By the parties' stipulations and the Court's orders, Plaintiffs are not required to provide responses until all of the information from which Plaintiffs' response would be derived has been produced and Plaintiffs have had adequate time to review and analyze this information.  Further, Plaintiffs have not had adequate time to review the large amount of data and documents produced by Defendants which may bear on this Request.  Discovery in this action is ongoing and the subject matter of this Request is under continuing investigation.   Plaintiffs reserve the right to supplement, change or alter this request at the appropriate time, including during the expert-discovery phase of this litigation.

3.      Plaintiffs object to this Request as premature because BAS has

not yet produced its traders' emails and other documents, and depositions

have not yet taken place.  Thus, Plaintiffs have not received all of the

information necessary to respond to this request.   Plaintiffs' denial of this

request is based in whole or in part on this Objection.

**40.**

**BAS never violated SEC Rule 203 with respect to TASER common
stock.**

**RESPONSE:**

a.      Denied.

b.      Objections:

1.      Plaintiffs object to Request No. 40 to the extent that it

prematurely seeks expert opinion, testimony or discovery and expert

discovery has not yet begun.  Plaintiffs will not provide expert testimony or

opinion at this time.  Plaintiffs' denial of this request is based in whole or in

part on this Objection.

2.      Plaintiffs object to Request No. 40 as premature.  Plaintiffs

have not received all documents and data from BAS, other Defendants, and

third parties, which are necessary to properly formulate their response to this

Request.  For example, BAS has not produced information, documents, and

emails from its traders who executed transactions in TASER stock.   By the parties' stipulations and the Court's orders, Plaintiffs are not required to provide responses until all of the information from which Plaintiffs' response would be derived has been produced and Plaintiffs have had adequate time to review and analyze this information.  Further, Plaintiffs have not had adequate time to review the large amount of data and documents produced by Defendants which may bear on this Request. Discovery in this action is ongoing and the subject matter of this Request is under continuing investigation.   Plaintiffs reserve the right to supplement, change or alter their response to this request at the appropriate time, including during the expert-discovery phase of this litigation.  Plaintiffs' denial of this request is based in whole or in part on this Objection.

3.      Plaintiffs object to this Request as premature because BAS has not yet produced its traders' emails and other documents, and depositions have not yet taken place.  Thus, Plaintiffs have not received all of the information necessary to respond to this request.   Plaintiffs' denial of this request is based in whole or in part on this Objection.

## 41.

**BAS's failure to make an "affirmative determination" prior to executing a short sale did not create "counterfeit" or "phantom" shares (as**

those terms are used in the Complaint) where the shares were borrowed and delivered to the DTCC by the settlement date (T+3).

**RESPONSE:**

    a.    Denied.

    b.    Objections:

        1.    Plaintiffs object to Request No. 41 to the extent that it seeks expert opinion, testimony or discovery and expert discovery has not yet begun.  Plaintiffs' denial of this request is based in whole or in part on this Objection.

        2.    Plaintiffs object to Request No. 41 on the grounds that it is vague and ambiguous and provides an incomplete hypothetical lacking sufficient facts to permit Plaintiffs to respond.

**42.**

    BAS's execution of a short sale on behalf of a customer who failed to properly obtain a "locate" did not create "counterfeit" or "phantom" shares (as those terms are used in the Complaint) where the shares were borrowed and delivered to the DTCC by the settlement date (T+3).

**RESPONSE:**

    a.    Denied.

    b.    Objections:

        1.    Plaintiffs object to Request No. 42 to the extent that it seeks expert opinion, testimony or discovery and expert discovery has not yet

begun.  Plaintiffs will not provide expert testimony or opinion at this time. Plaintiffs' denial of this request is based in whole or in part on this Objection.

2.      Plaintiffs object to Request No. 42 on the grounds that it is vague and ambiguous and provides an incomplete hypothetical lacking sufficient facts to permit Plaintiffs to respond.

### 43.

**Mismarking a short sale as a long sale does not create "counterfeit" or "phantom" shares (as those terms are used in the Complaint) where the shares are borrowed and delivered by the settlement date (T+3).**

**RESPONSE**:

a.      Denied.

b.      Objections:

1.      Plaintiffs object to Request No. 43 to the extent that it prematurely seeks expert opinion, testimony or discovery and expert discovery has not yet begun.  Plaintiffs' denial of this request is based in whole or in part on this Objection.

2.      Plaintiffs object to Request No. 43 on the grounds that it is vague and ambiguous and provides an incomplete hypothetical lacking sufficient facts to permit Plaintiffs to respond.

## 44.

There was no federal securities law requiring BAS to close out (through a "buy-in" or otherwise) its net failure to receive positions at the DTCC.

**RESPONSE:**

    a.     Denied.

    b.     Objections:

          1.     Plaintiffs object to Request No. 44 on the grounds that it is vague and ambiguous and provides an incomplete hypothetical lacking sufficient facts to permit Plaintiffs to respond.

## 45.

Regulation SHO did not impose any obligations on BAS relating to its net failure to receive positions at the DTCC.

**RESPONSE:**

    a.     Denied.

    b.     Objections:

          1.     Plaintiffs object to Request No. 45 on the grounds that it is vague and ambiguous and provides an incomplete hypothetical lacking sufficient facts to permit Plaintiffs to respond.

## 46.

There was no federal securities law requiring BAS to close out (through a "buy-in" or otherwise) failure to deliver positions that existed outside the DTCC system.

**RESPONSE:**

a.   Denied.

 b.   Objections:

1.   Plaintiffs object to Request No. 46 on the grounds that it is vague and ambiguous and provides an incomplete hypothetical lacking sufficient facts to permit Plaintiffs to respond.

Respectfully submitted, this 10th day of August, 2010.

John E. Floyd
Georgia Bar No. 266413
Steven J. Rosenwasser
Georgia Bar No. 614908
Nicole G. Iannarone
Georgia Bar No. 382510
Bondurant, Mixson & Elmore, LLP
3900 One Atlantic Center
1201 West Peachtree Street, N.W.
Atlanta, Georgia 30309
(404) 881-4100

James W. Christian
State Bar No. 04228700
Christian, Smith & Jewell, LLP
2302 Fannin, Suite 500
Houston, Texas 77002
(713) 659-7617
*Pro hac vice*

***ATTORNEYS FOR PLAINTIFFS***

791869.1

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on this day, a true and correct copy of

the foregoing **RESPONSES OF PLAINTIFF TO BANC OF AMERICA**

**SECURITIES LLC'S FIRST SET OF REQUESTS FOR ADMISSION TO**

**EACH PLAINTIFF** was served via United States mail to the following:

**Attorneys for Defendants:**
Richard H. Sinkfield, Esq.
Rogers & Hardin
2700 International Tower, Peachtree Center
229 Peachtree Street, N.E.
Atlanta, GA  30303-1601

**Attorneys for Banc of America Securities, LLC and**
**Merrill Lynch, Pierce, Fenner & Smith, Inc.:**
Andrew J. Frackman, Esq.
O'Melveny & Myers LLP
7 Times Square
New York, NY  10036

**Attorneys for Morgan Stanley & Co. Incorporated:**
Robert F. Wise, Jr., Esq.
William J. Fenrich, Esq.
Melissa T. Aoyagi, Esq.
Davis Polk & Wardwell
450 Lexington Avenue
New York, NY  10017

**Attorneys for Bear Stearns:**
Stephen L. Ratner, Esq.
Harry Frischer, Esq.
Brian L. Friedman, Esq.
Proskauer Rose LLP
1585 Broadway
New York, NY  10036

791869.1

**Attorneys for The Goldman Sachs Group, Inc.:**
Richard C. Pepperman II, Esq.
Richard H. Klapper, Esq.
Tracy Richelle High, Esq.
Sullivan & Cromwell LLP
125 Broad Street
New York, NY  10004

**Attorneys for Deutsche Bank Securities Inc.:**
Heather L. Fesnak, Esq.
Peter J. Isajiw, Esq.
Gregory A. Markel, Esq.
Martin L. Seidel, Esq.
Cadwalader Wickersham & Taft LLP
One World Financial Center
New York, NY  10281

**Attorneys for UBS Securities, LLC:**
Andrew B. Clubok, Esq.
Jeffrey G. Landis, Esq.
Daniel Gomez, Esq.
Kirkland & Ellis LLP
655 Fifteenth Street, N.W., Suite 1200
Washington, DC  20005-5793

Maria Ginzburg, Esq.
Kirkland & Ellis LLP
Citigroup Center
153 East 53rd Street
New York, NY  10022-4611

**Attorneys for Credit Suisse USA, Inc.:**
Fraser L. Hunter, Jr., Esq.
Wilmer Cutler Pickering Hale & Dorr LLP
399 Park Avenue
New York, NY  10022

791869.1

This 10th day of August, 2010.

Michael A. Caplan
Georgia Bar No. 601039

BONDURANT, MIXSON & ELMORE, LLP
3900 One Atlantic Center
1201 West Peachtree Street, N.W.
Atlanta, GA  30309-3417
Tel.: (404) 881-4100
Fax: (404) 881-4111