# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| TASER INTERNATIONAL, INC., *et al.*, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| MORGAN STANLEY & CO., INC., *et al.*, | ) ) ) |

CIVIL ACTION NO.
1:10-CV-03108-JEC

## DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO COMPEL PRODUCTION OF PRESENTATION NOTEBOOK IMPROPERLY TAKEN FROM DEFENDANTS' TABLE, IN COURT

Defendants file this reply in support of their motion to compel Plaintiffs to immediately produce and return materials wrongfully taken by Plaintiffs' counsel from Defendants' counsel table following a hearing in State Court on August 17, 2010. While they oppose Defendants' motion, Plaintiffs offer no legal basis for withholding the materials. They ignore the controlling facts and rely heavily on unfounded assertions that Defendants have an improper purpose and seek an unfair tactical advantage. The Court should grant Defendants' motion and order Plaintiffs to produce the materials *instanter*.

## FACTS

Plaintiffs' counsel served a notebook on the Court and defense counsel in connection with a hearing in State Court.  Thereafter – without any notice, without any discussion, and without defense counsel's knowledge – Plaintiffs' counsel took the notebook from defense counsel's table and left the courthouse with it.  Given Plaintiffs' unsupported accusations that Defendants seek some unfair advantage by requesting return of the notebook, we repeat the facts below in some detail.[1]

1.      On August 17, 2010, Plaintiffs delivered a copy of a presentation binder to the Court at the beginning of argument on a number of pending motions.  Plaintiffs also served a copy on Defendants.  There were no conditions attached to the delivery and service of those materials.

2.      As Plaintiffs' initial presentation proceeded, defense counsel reviewed portions of the notebook that related to then-upcoming arguments.

3.      Following the hearing, defense counsel at Rogers & Hardin realized that they did not have the notebook.  After inquiring of other defense counsel, we concluded that none of defense counsel had the materials and that the appropriate thing to do was to ask Plaintiffs for another copy.  We did not start with the

---

[1] These facts are supported by the Affidavit of Richard H. Sinkfield, filed with Defendants' motion.  Plaintiffs have not filed any affidavit supporting their opposition.

assumption that Plaintiffs, without a word of discussion, had taken the notebook.[2]

4.     When we inquired, Mr. Rosenwasser declined to provide a copy of the notebook. On further inquiry, Mr. Rosenwasser asserted "work product" with respect to the binder and disclosed for the first time that the disappearance of the notebook from defense counsel's table was a deliberate taking by Plaintiffs' counsel.

5.     On September 1, 2010, Mr. Sinkfield wrote to Mr. Rosenwasser. As noted in the letter, Plaintiffs' counsel's service of the notebook and defense counsel's review of the notebook ended any claim of privilege by Plaintiffs. Mr. Sinkfield also protested Plaintiffs' counsel's misconduct in taking the notebook.

6.     The next morning, Plaintiffs' counsel – without first responding to Mr. Sinkfield's letter – wrote to the Court to request that the Court dispose of or return its copy of the presentation notebook. Plaintiffs' counsel admitted having taken Defendants' copy of the notebook, asserting that Defendants had relinquished ownership of the binder by leaving it – "and only it – on the table,

---

[2] Plaintiffs argued in a letter to the State Court and again in their response to Defendants' motion that Defendants delayed in requesting return of the notebook. Defense counsel did not initially assume that Plaintiffs' counsel would have simply taken the notebook without a word of discussion, and defense counsel therefore undertook first to locate the notebook among themselves. When that effort failed, we asked Plaintiffs' counsel for a copy.

taking their own materials with them." Plaintiffs continue this argument in their response brief, suggesting that defense counsel had left the courthouse and abandoned the notebook. In fact, Defendants sought and expressly received permission from the Court to leave materials in the courtroom and had engaged in discussions with court personnel as to how to gain access to those materials (which would have included the notebook) later for pick-up. Moreover, Plaintiffs' counsel himself acknowledged in a subsequent e-mail to Mr. Sinkfield that defense counsel had not left the courthouse but in fact returned to the courtroom while he was still present (presumably before he had actually removed the notebook from the courthouse but after he took it from the defense table).

7. In response to Plaintiffs' counsel's letter, Mr. Sinkfield also wrote to the Court on September 2 and requested that the Court direct return of the notebook to Defendants. To defense counsel's knowledge, the State Court still has the notebook. On September 3, 2010, Defendants also served a formal request for production of the notebook and asked that Plaintiffs expedite their response and production.

8. Plaintiffs' position, in conduct and in writing, is clear: They do not intend to produce the notebook, which is Defendants' property. The issue is therefore ripe for decision.

## **ARGUMENT**

Defendants are entitled to prompt return of the notebook that Plaintiffs served on them at the same time Plaintiffs delivered the notebook to the Court. While Plaintiffs argue that they were not aware when they provided the notebook that the Court would suspend the hearing without argument on all matters covered by the notebook, that argument rings hollow. Plaintiffs' counsel provided the notebook to the Court and to defense counsel without any qualification, without any reservation of the right to withdraw some or all of its contents, and without request that counsel review portions of the notebook only as they came up for specific argument. Plaintiffs' counsel did not object as defense counsel reviewed the notebook in open court.

Plaintiffs' counsel are sufficiently experienced to know that the Court might not hear all matters covered in the notebook. They nevertheless chose to provide the notebook in its entirety to both the Court and defense counsel at the beginning of the hearing rather than on a piecemeal basis. Notably, if Plaintiffs' counsel perceived any inequity in the Court's method of proceeding and in their own strategic decision to serve the notebook on the Court and counsel at the outset of the hearing, the time to raise the question was at the conclusion of the hearing, openly and directly with both the Court and defense counsel. Plaintiffs' counsel

did not do so, deciding instead to take the notebook without a word to the Court or to defense counsel.  That was improper.

When Plaintiffs' counsel delivered the notebook to defense counsel in open court, the notebook became Defendants' property.  There is no basis for accusing Defendants of now seeking a strategic advantage or acting for an improper purpose.  From the time Plaintiffs provided the papers to Defendants, the notebook was Defendants' property to use as they deem appropriate in the course of preparing their defense in the case.  If any effort is being made to take a strategic advantage, it would be Plaintiffs' own effort – so far successful – to alter the natural course of their own strategic decision to deliver the notebook to the Court and to defense counsel at the outset of the hearing.[3]

Although Plaintiffs offer no more substantive arguments in their brief, Defendants briefly address below the four objections made by Plaintiffs in their formal response to Defendants' request for production.  Plaintiffs' first objection is that Defendants' request sought production in advance of the ordinary thirty-day

---

[3] The effect of Plaintiffs' conduct, if not redressed, is an *ex parte* communication with the Court in violation of Georgia Rule of Professional Conduct 3.5.  While Plaintiffs' counsel initially provided the notebook to both the Court and defense counsel, their subsequent misconduct has left only the Court with a copy.

period.  Since Plaintiffs took more than thirty days to respond, this objection is moot.

Plaintiffs' second objection is that they have no responsive documents because Defendants' request seeks a notebook that was "served on counsel" and Plaintiffs argue that no such notebook was "formally served upon counsel." Plaintiffs know exactly what materials are in issue.  Moreover, their suggestion that nothing was "served on counsel" is squarely at odds with O.C.G.A. §9-11-5(b), the service provision that governed proceedings when the case was in State Court.  The rule provides that service on an attorney may be made "by delivering a copy to the person to be served."  *Id.*  "'[D]elivery of a copy' means handing it to the person to be served," *id.*, which is exactly what occurred in court on August 17, 2010.  If Plaintiffs are relying on their failure to formally certify service in asserting that the notebook was not "formally served," then that contention is answered by the rule as well:  "Failure to make proof of service shall not affect the validity of service."  *Id.*

Plaintiffs' third objection is that Defendants' request is "harassing, oppressive and prejudicial" in that it "seeks production of documents intended to be used with an argument before that argument has taken place."  This objection misconstrues the facts.  Plaintiffs provided the notebook in open court at the time

of the hearing and then took it back without consultation or disclosing what they had done. Defendants simply seek return of *their* property, which is certainly not harassment or oppression to Plaintiffs. And the notebook taken *from Defendants* cannot be considered protected by any Plaintiff's claim of privilege or work product.

Plaintiffs' fourth objection is that Defendants' request "misstates the facts regarding the notebook." Plaintiffs have not explained how that would constitute an objection to producing a copy of the binder. Moreover, Plaintiffs themselves have confirmed that they provided Defendants with a copy of the notebook and then took it back without notice or discussion. Plaintiffs have offered no facts that contradict Defendants' submission, and they offer no enlightenment in their brief beyond unsupported supposition. None of Plaintiffs' objections has merit.

## **CONCLUSION**

Defendants respectfully request that Plaintiffs be immediately directed to return the notebook to Defendants in the same condition as it was previously served.

/s/  Richard H. Sinkfield
Richard H. Sinkfield
Georgia Bar No. 649100
Dan F. Laney
Georgia Bar No. 435290

*Attorneys for Defendants Morgan Stanley & Co. Incorporated; Goldman, Sachs & Co.; Goldman Sachs Execution & Clearing, L.P.; Merrill Lynch, Pierce, Fenner & Smith, Inc.; and Banc of America Securities LLC*

ROGERS & HARDIN LLP
2700 International Tower
 Peachtree Center
229 Peachtree Street, N.E.
Atlanta, GA 30303-1601
Phone:  404-522-4700
Fax:  404-525-2224

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 5.1(B)

Pursuant to Local Rule 7.1, the undersigned counsel hereby certifies that the foregoing DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO COMPEL PRODUCTION OF PRESENTATION NOTEBOOK IMPROPERLY TAKEN FROM DEFENDANTS' TABLE, IN COURT has been prepared in accordance with Local Rule 5.1(c) with 14-point Times New Roman font.

/s/ Richard H. Sinkfield
Richard H. Sinkfield
Georgia Bar No. 649100
RSinkfield@rh-law.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 6, 2011, I caused a copy of the foregoing DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO COMPEL PRODUCTION OF PRESENTATION NOTEBOOK IMPROPERLY TAKEN FROM DEFENDANTS' TABLE, IN COURT to be filed with the Clerk of Court using the CM/ECF system, which will automatically send e-mail notification of such filing to the following attorneys of record:

>John E. Floyd, Esq.
>floyd@bmelaw.com
>
>Steven J. Rosenwasser, Esq.
>rosenwasser@bmelaw.com
>
>Nicole G. Iannarone, Esq.
>iannarone@bmelaw.com
>
>Jill A. Pryor, Esq.
>pryor@bmelaw.com
>
>Robert L. Ashe, III, Esq.
>ashe@bmelaw.com
>
>Michael A. Caplan, Esq.
>caplan@bmelaw.com
>
>Elizabeth G. Eager
>eager@bmelaw.com

and that I have caused a copy to be served by U.S. Mail on the following attorneys of record:

James W. Christian, Esq.
CHRISTIAN, SMITH & JEWELL LLP
2302 Fannin, Suite 500
Houston, TX  77002

Robert F. Wise, Jr., Esq.
Melissa Aoyagi, Esq.
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, NY  10017

Richard H. Klapper, Esq.
Richard C. Pepperman, II, Esq.
Tracy Richelle High, Esq.
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, NY  10004-2498

Stephen L. Ratner, Esq.
Brian L. Friedman, Esq.
PROSKAUER ROSE LLP
1585 Broadway
New York, NY  10036

Gregory A. Markel, Esq.
Martin L. Seidel, Esq.
Peter J. Isajiw, Esq.
Heather L. Fesnak, Esq.
CADWALADER, WICKERSHAM &
TAFT LLP
One World Financial Center
New York, NY  10281

Fraser L. Hunter, Jr., Esq.
WILMER CUTLER PICKERING HALE
AND DORR LLP
399 Park Avenue
New York, NY  10022

Andrew J. Frackman, Esq.
O'MELVENY & MYERS LLP
Times Square Tower
7 Times Square
New York, NY  10036

Andrew B. Clubok, Esq.
Jeffrey G. Landis, Esq.
Jeffrey M. Gould, Esq.
KIRKLAND & ELLIS LLP
655 Fifteenth Street, N.W.
Washington, DC  20005


/s/ Richard H. Sinkfield

Richard H. Sinkfield
Georgia Bar No. 649100
Dan F. Laney
Georgia Bar No. 435290

*Attorneys for Defendants Morgan Stanley & Co. Incorporated; Goldman, Sachs & Co.; Goldman Sachs Execution & Clearing, L.P.; Merrill Lynch, Pierce, Fenner & Smith, Inc.; and Banc of America Securities LLC*

ROGERS & HARDIN LLP
2700 International Tower
 Peachtree Center
229 Peachtree Street, N.E.
Atlanta, GA 30303-1601
Phone:  404-522-4700
Fax:  404-525-2224