# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| TASER INTERNATIONAL, INC., *et al.*,<br><br>       Plaintiffs,<br><br>v.<br><br>MORGAN STANLEY & CO., INC., *et al.*,<br><br>       Defendants. | Civil Case No.<br>1:10-CV-03108-JEC |

## REPLY DECLARATION OF BRAD M. ELIAS

I, Brad M. Elias, declare as follows:

1.     I am an associate at the law firm of O'Melveny & Myers LLP ("OMM") and am one of the attorneys representing Defendant Merrill Lynch Professional Clearing Corp. ("Merrill Pro") in this litigation. I make this declaration in support of Merrill Pro's Reply Memorandum in Further Support of its Motion to Dismiss for Lack of Personal Jurisdiction. Except as otherwise indicated, I have personal knowledge of the facts recited herein. If called to testify under oath, I could and would competently testify to them.

2.     Attached to this declaration as Exhibit 1 is a true and correct copy of the Stipulation filed by Merrill Pro with this Court on November 5, 2010.

3. Attached to this declaration as Exhibit 2 is a true and correct copy of the North American Securities Administrators Association's Form U-2, as obtained from http://www.nasaa.org/content/Files/FormU-2.doc.

4. Attached to this declaration as Exhibit 3 is a true and correct excerpt from the transcript of the December 21, 2010 deposition of Peter Melz.

5. Attached to this declaration as Exhibit 4 is a true and correct copy of the Georgia Commissioner of Securities, Uniform Act Implementation Order 2009-08, as obtained from http://www.sos.ga.gov/securities/ GUSA/pdf%20orders/ Uniform%20Act%20Implementation%20Order%202009-08.pdf.

6. Attached to this declaration as Exhibit 5 is a true and correct copy of Henry F. Minnerop, *Clearing Arrangements*, 58 Bus. Law. 917 (2003).

7. Attached to this declaration as Exhibit 6 is a true and correct copy of the Declaration of Peter Melz filed with this Court on October 26, 2010, in support of Merrill Pro's Motion to Dismiss for Lack of Personal Jurisdiction.

8. Attached to this declaration as Exhibit 7 is a true and correct excerpt from the transcript of the November 11, 2010 deposition of Peter Melz.

9. Attached to this declaration as Exhibit 8 is a true and correct copy of the Reply Declaration of Peter Melz, submitted in support of Merrill Pro's Reply

Memorandum in Further Support of its Motion to Dismiss for Lack of Personal Jurisdiction, dated January 10, 2011.

11. On November 29, 2010, I contacted the sales personnel at Merrill Pro and Merrill Lynch, Pierce, Fenner & Smith Incorporated ("Merrill Lynch") that are associated with Susquehanna Investment Group, VT Brokers, and Knight Capital Group (including Knight Equity Markets) and inquired as to whether they had ever communicated with or had contact with those clients' Georgia offices. The sales personnel stated that they were unaware of any correspondence with Georgia, had not knowingly spoken to any client representative in Georgia, and had no knowledge of any other contacts with those clients in Georgia.

11. On December 15, 2010, I asked OMM's IT Department to compare the account numbers of Merrill Pro's Introduced Customers in Georgia to the account numbers of Merrill Pro and Merrill Lynch customers that traded TASER securities during the relevant period. On December 17, 2010, I was informed by the IT Department that their analysis revealed that the Introduced Customers in Georgia had not executed any trades in TASER securities during the relevant period.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 11th day of January, 2011, in New York, New York.

                                                      /s/ Brad M. Elias
                                                     Brad M. Elias