# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| TASER INTERNATIONAL, INC., *et al.*, ) | |
| ) | Case No.: 1:10-CV-03108-JEC |
| Plaintiffs, ) | |
| ) | |
| v. ) | [On removal from the State |
| ) | Court of Fulton County, |
| MORGAN STANLEY & CO., INC., *et al.*, ) | Georgia Case No.: |
| ) | 2008-EV-004739-B] |
| Defendants. ) | |

## PLAINTIFFS' REPLY BRIEF IN SUPPORT OF PLAINTIFFS' MOTION FOR SANCTIONS AGAINST BANC OF AMERICA SECURITIES, LLC FOR UNDISPUTED VIOLATION OF THE COURT'S JULY 16, 2009 SCHEDULING ORDER

Plaintiffs submit this memorandum in support of their Motion for Sanctions Against Banc of America Securities, LLC ("BAS") for Undisputed Violation of the Court's July 16, 2009 Scheduling Order (the "Motion").

## ARGUMENT

Defendant BAS does not dispute that it failed to produce by September 15, 2009, a complete daily stock record detailing the movements of TASER stock by or within BAS, the date required by the Court's July 16, 2009 Scheduling Order. Rather, its response details the extraordinary amount of data that it did *not* produce until September 20, 2010, *more than a year late*, and only after Plaintiffs filed the

833171.1

pending motion. As a result of this delay, Plaintiffs have been deprived of over two-thirds of the fact discovery period to review and analyze the stock position movements in BAS accounts—an important source of evidence bearing on the claims at issue in this case. With fact discovery scheduled to end on March 31, 2010, Plaintiffs are also restricted in their ability to conduct follow-up discovery relating to position movements in TASER stock at BAS. BAS's failure to produce a complete stock record warrants the limited extension of the fact-discovery period that Plaintiffs seek herein.

At the same time BAS seeks to excuse its failure to produce a complete record, BAS blames Plaintiffs for failing to discover the error until eight months after receiving BAS's original production of the stock record. (*See* BAS's Resp. [Dkt. # 39] at 2.) However, even after being put on notice of its deficient production, it took BAS almost a month to admit that it had failed to produce a complete stock record. In fact, when Plaintiffs first brought this error to BAS's attention, it initially denied that any TASER stock position movements were excluded from the stock record originally produced. *See* Exhibit A, Declaration of Michael A. Caplan ("Caplan Decl.") at Exhibit 1(Email from B. Elias to M. Caplan, dated Jul. 20, 2010)("[Y]ou are misreading the data . . . . We did not withhold any TASER stock position movements from any date."). Plaintiffs

833171.1

2

responded by noting that large numbers of account numbers listed in BAS's blue sheets as transacting in TASER stock did not appear within BAS's stock record as moving positions in TASER stock. *See id.* at Exhibit 2 (Email from M. Caplan to B. Elias, dated July 21, 2010). Despite learning of this inconsistency, BAS continued to believe that it has produced a complete stock record: "As of now, however, we have no reason to believe that you received inaccurate or incomplete information." *Id.* at Exhibit 3 (Email from B. Elias to M. Caplan, dated August 4, 2010). All told, it took BAS almost a month after being informed of the discrepancies that Plaintiffs discovered to confirm that its stock record was incomplete, and over two more months to produce a completed stock record. *See id* at Exhibit 4 (Email from B. Elias to M. Caplan dated August 11, 2010). Therefore, BAS's effort to shift the blame to Plaintiffs for the delays caused by BAS's incomplete production is not sustainable.

BAS also attempts to shift the burden to Plaintiffs by demanding, without legal support, that Plaintiffs introduce evidence of prejudice. Of course, it is BAS's burden, and not Plaintiffs, to demonstrate that it did not violate the Court's Scheduling Order. It has failed to do so. And, even if Plaintiffs were required to show prejudice, that burden would be easily met. BAS's revised production comprises over 2,200 pages containing dozens of daily individual stock position

833171.1

3

movements over the course of an over six year time period. Plaintiffs must now carefully examine these newly produced records, compare these records to other, correlative documents and data to give context to the reported position movements, and potentially conduct further discovery relating to the information revealed in the revised stock record. There is no question that it will take months to complete this effort. Furthermore, Plaintiffs' discovery of the deficiencies in BAS's stock record was precipitated by an exhaustive and costly review and analysis of the data produced by BAS, including its stock record and blue sheets. That investigation must now be effectively restarted and duplicated due to the fact that Plaintiffs did not have complete information.

Put simply, there is no question that BAS failed to produce data by the deadline set in the Scheduling Order. Plaintiffs' request that the Court add three months to the period in which they may conduct fact discovery of BAS is hardly a drastic or disproportionate sanction, but is rather a reasonable measure tailored to compensate for the delay caused by BAS's incomplete production while not needlessly delaying resolution of this action.

WHEREFORE, Plaintiffs respectfully request that the Court grant their Motion for Sanctions and award all relief requested in the Motion.

Respectfully submitted, this 13th day of January, 2011.

/s/ *Michael A. Caplan*
John E. Floyd
Georgia Bar No. 266413
floyd@bmelaw.com
Jill A. Pryor
Georgia Bar No. 589140
pryor@bmelaw.com
Steven J. Rosenwasser
Georgia Bar No. 614908
rosenwasser@bmelaw.com
Nicole G. Iannarone
Georgia Bar No. 382510
iannarone@bmelaw.com
Michael A. Caplan
Georgia Bar No. 601039
caplan@bmelaw.com
Elizabeth G. Eager
Georgia Bar No. 644007
eager@bmelaw.com
Robert L. Ashe
Georgia Bar No. 208077
ashe@bmelaw.com
Bondurant, Mixson & Elmore, LLP
3900 One Atlantic Center
1201 West Peachtree Street, N.W.
Atlanta, Georgia 30309-3417
(404) 881-4100 Tel.
(404) 881-4111 Fax

James W. Christian
State Bar No. 04228700
jchristian@csj-law.com
Gary M. Jewell
State Bar No. 10664800
gjewell@csj-law.com
Katherine Morton-Gonyea
State Bar No. 24066701
kgonyea@csj-law.com
Christian, Smith, & Jewell, LLP
2302 Fannin, Suite 500
Houston, Texas 77002
(713) 659-7617 Tel.
(713) 659-7641 Fax
(admitted *pro hac vice*)

***ATTORNEYS FOR PLAINTIFFS***

## **CERTIFICATE OF COMPLIANCE**

Pursuant to Local Rule 7.1D of the Local Rules for the District Court for the Northern District of Georgia, I hereby certify that the foregoing pleading has been prepared in Times New Roman, 14 point font, as permitted by Local Rule 5.1B.

Respectfully submitted, this 13th day of January, 2011.

/s/ *Michael A. Caplan*
Michael A. Caplan
Georgia Bar No. 601039

## CERTIFICATE OF SERVICE

I hereby certify that on this day, a true and correct copy of the foregoing **PLAINTIFFS' REPLY BRIEF IN SUPPORT OF MOTION FOR SANCTIONS AGAINST BANC OF AMERICA SECURITIES, LLC FOR UNDISPUTED VIOLATION OF THE COURT'S JULY 16, 2009 SCHEDULING ORDER** was electronically filed with the Clerk of Court using the Court's electronic filing system which will automatically send an email notification of such filing to the following attorneys of record who are registered participants in the Court's electronic notice and filing system:

**Attorneys for Defendants:**
Richard H. Sinkfield, Esq.
Dan F. Laney, III, Esq.
Kristina M. Jones, Esq.
Stefanie H. Jackman, Esq.
James W. Cobb, Esq.
Rogers & Hardin
2700 International Tower, Peachtree Center
229 Peachtree Street, N.E.
Atlanta, GA 30303-1601
rsinkfield@rh-law.com

Further, I hereby certify that on this day, I caused a true and correct copy of the foregoing to be served by U.S. Mail on:

833171.1

8

**Attorneys for Banc of America Securities, LLC; Merrill Lynch, Pierce, Fenner & Smith, Inc.; and Merrill Lynch Professional Clearing Corporation:**
Andrew J. Frackman, Esq.
Brad Elias, Esq.
O'Melveny & Myers LLP
7 Times Square
New York, NY 10036
afrackman@omm.com

**Attorneys for Morgan Stanley & Co. Incorporated:**
Robert F. Wise, Jr., Esq.
William J. Fenrich, Esq.
Melissa T. Aoyagi, Esq.
Davis Polk & Wardwell LLP
450 Lexington Avenue
New York, NY 10017
robert.wise@davispolk.com

**Attorneys for Bear Stearns & Co., Inc. and Bear Stearns Securities Corp.:**
Stephen L. Ratner, Esq.
Harry Frischer, Esq.
Brian L. Friedman, Esq.
Proskauer Rose LLP
1585 Broadway
New York, NY 10036
blfriedman@proskauer.com

**Attorneys for Goldman, Sachs & Co. and Goldman Sachs Execution & Clearing, L.P.:**
Richard C. Pepperman II, Esq.
Richard H. Klapper, Esq.
Tracy Richelle High, Esq.
Sullivan & Cromwell LLP
125 Broad Street
New York, NY 10004
peppermanr@sullcrom.com

**Attorneys for Deutsche Bank Securities Inc.:**
Heather L. Fesnak, Esq.
Peter J. Isajiw, Esq.
Gregory A. Markel, Esq.
Cadwalader Wickersham & Taft LLP
One World Financial Center
New York, NY  10281
peter.isajiw@cwt.com

**Attorneys for UBS Securities, LLC:**
Andrew B. Clubok, Esq.
Jeffrey G. Landis, Esq.
Daniel Gomez, Esq.
Kirkland & Ellis LLP
655 Fifteenth Street, N.W., Suite 1200
Washington, DC  20005-5793
aclubok@kirkland.com

Maria Ginzburg, Esq.
Kirkland & Ellis LLP
Citigroup Center
153 East 53rd Street
New York, NY  10022-4611

**Attorneys for Credit Suisse Securities (USA), LLC.:**
Fraser L. Hunter, Jr., Esq.
Wilmer Cutler Pickering Hale & Dorr LLP
399 Park Avenue
New York, NY  10022
fraser.hunter@wilmerhale.com

This 13th day of January, 2011.

/s/ *Michael A. Caplan*
Michael A. Caplan
Georgia Bar No. 601039