FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

DEC 17 2010

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| TASER INTERNATIONAL, INC., et al., <br><br> Plaintiffs, <br><br> v. <br><br> MORGAN STANLEY & CO., INC., et al., <br><br> Defendants. | CIVIL ACTION NO. <br> 1:10-CV-3108-JEC |

# O R D E R

This case is presently before the Court on plaintiffs' Motion for Remand [7], plaintiffs' Motion for Leave to File Opposition to UBS Securities, LLC's Motion to Strike [9], plaintiffs' Motion for Leave to File Under Seal [10], plaintiffs' and defendants' Joint Motion Requesting Confirmation of Pro Hac Orders [25], defendants' Motion for Extension of Time to Respond to Motion for Remand [51], defendants' Motion for Oral Hearing on Motion for Remand [57], defendant Merrill Lynch Professional Clearing Corp.'s ("Merrill Pro's") Motion to Dismiss for Lack of Personal Jurisdiction [59], defendant Merrill Pro and plaintiffs' Joint Motion for Extension of Time for Plaintiff to Respond to Motion to Dismiss [89], defendant

Merrill Pro's Motion to Stay Non-Jurisdictional Discovery [97], defendant Merrill Pro's Motion for Leave to File Surreply in Opposition to Motion for Remand [100], defendant Merrill Pro and plaintiffs' Joint Motion for Extension of Time for Plaintiff to Respond to Merill Pro's Motion to Stay Discovery [103], defendant Merrill Lynch's Emergency Motion to Stay Rule 30(b)(6) Deposition Pending Resolution of Its Protective Order [110], defendant Merrill Lynch's Motion for Protective Order With Respect to Plaintiffs' Amended Rule 30(b)(6) Notice [111], plaintiffs' Motion for a Telephone Conference with the Court to Authorize Special Master to Commence Work on Discovery Motions [127], plaintiffs' Motion to Compel [131], and plaintiffs and defendant Merrill Pro's Joint Motion for Extension of Time for Plaintiffs to Respond to Motion to Dismiss [134].

The Court **GRANTS as unopposed** the following motions: plaintiffs' Motion for Leave to File Brief [9], plaintiffs' Motion for Leave to File Under Seal [10], the parties' Joint Motion for Confirmation of Pro Hac Orders [25], defendants' Motion for Extension of Time [51], and the parties' Joint Motions for Extension of Time [89], [103], and [134]. For the reasons set out below, the Court **GRANTS** defendant Merrill Pro's Motion for Leave to File Surreply [100] and defendant Merrill Lynch's Motion to Stay [110], and **DENIES** defendants' Motion for Oral Hearing [57], defendant Merrill Pro's

2

Motion to Stay Non-Jurisdictional Discovery [97], and plaintiffs' Motion for a Telephone Conference [127]. The Court **GRANTS in part** defendant Merrill Lynch's Motion for Protective Order [111]. Plaintiffs' Motion for Remand [7] and defendant Merrill Pro's Motion to Dismiss [59] are **TAKEN UNDER ADVISEMENT**. Plaintiffs' Motion to Compel [131] is **DENIED without prejudice** and **REFERRED** to the Special Master.

## BACKGROUND

This is a securities action involving TASER stock. (Compl., attached to Def. Merrill Pro's Notice of Removal [1] at Ex. A.) Plaintiffs own, or during the relevant time frame owned, shares of TASER stock. (*Id.* at ¶ 58.) Plaintiffs allege that the price of their stock was artificially depressed as a result of defendants' unlawful "naked short selling" activities.[1] (*Id.* at ¶¶ 7-14.) They filed this action in the Fulton County State Court, asserting claims under Georgia's RICO Act, Securities Act, and Computer Systems Protection Act.[2] (*Id.* at ¶¶ 99-170.)

Defendant Merrill Pro removed the case to federal court on

---

[1] Naked short selling is the unlawful practice of selling a stock short without first making an affirmative determination that the shares are available and without actually borrowing or otherwise obtaining the stock. (Compl. [1] at ¶¶ 3-6.)

[2] Plaintiffs also asserted claims for conversion and money had and received. (Compl. [1] at ¶¶ 171-180.)

3

September 28, 2010. (Notice of Removal [1].) Plaintiffs subsequently filed a motion for remand, which is presently before the Court. (Pls.' Mot. for Remand [7].) Defendant Merrill Pro responded with a motion to dismiss for lack of personal jurisdiction, which is also before the Court. (Def. Merrill Pro's Mot. to Dismiss [59].) There are numerous additional pending motions, several of which threaten to delay discovery in the case. (*See* Def. Merrill Lynch's Emergency Mot. to Stay [110] and Mot. for Protective Order [111].)

## DISCUSSION

### I. Administrative and Unopposed Motions

As indicated above, many of the pending motions deal with administrative matters and are uncontested. As such, the following motions are **GRANTED as unopposed**: plaintiffs' Motion for Leave to File Brief [9], plaintiffs' Motion for Leave to File Under Seal [10], the parties' Joint Motion for Confirmation of Pro Hac Orders [25], defendants' Motion for Extension of Time [51], and the parties' Joint Motions for Extension of Time [89], [103], and [134]. The Court also **GRANTS** defendant Merrill Pro's Motion for Leave to File Surreply [100]. Although this motion is opposed, the Court believes that it would benefit from the additional argument, and finds that a surreply is warranted under the circumstances.

4

## II. **Defendant Merrill Lynch's Motion for Protective Order**

The most pressing contested motions deal with a Rule 30(b)(6) deposition notice that plaintiffs have served on defendant Merrill Lynch. (Def. Merrill Lynch's Emergency Mot. to Stay Rule 30(b)(6) Deposition [110] and Mot. for Protective Order With Respect to Pls.' Amended Notice to Take Rule 30(b)(6) Deposition [111].) The Notice requires Merrill Lynch to produce a corporate representative to testify about eleven regulatory settlements that resulted from investigations into Merrill Lynch's short selling activities. (Merrill Lynch's Mot. for Protective Order [111] at Ex. 4.) The deposition is currently scheduled for December 22, 2010. Merrill Lynch argues that it would be unduly burdensome to comply with the Rule 30(b)(6) Notice. (Merrill Lynch's Br. in Supp. of Mot. for Protective Order [111].)

There is no question that plaintiffs are entitled to discovery concerning the topics listed in the Rule 30(b)(6) Notice. *See* FED. R. CIV. P. 26(b)(permitting discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense" as long as it is "reasonably calculated to lead to the discovery of admissible evidence"). The settlements referenced in the Notice concern activities that are similar to the conduct alleged in this case. (*See* Pls.' Opp'n to Mot. for Protective Order [121] at 2-4.) The facts surrounding the settlements, and the underpinning regulatory

5

investigations, are relevant to show Merrill Lynch's knowledge that it was engaging in illegal conduct and its intent to engage in such conduct despite incurring sanctions. (*Id.* at 1.)

Moreover, plaintiffs persuasively argue that a Rule 30(b)(6) deposition is an appropriate form of discovery for the topics listed in the Notice. (*Id.* at 23-24.) Although Merrill Lynch has offered to provide written discovery on the referenced topics, plaintiffs contend that they need testimony that will bind the company and that can be presented to a jury. (*Id.* at 23.) In addition, plaintiffs would like the opportunity that is available in a deposition to ask follow-up questions. (*Id.*)

For the above reasons, the Court agrees with plaintiffs that a Rule 30(b)(6) deposition may ultimately be necessary. However, the Court finds that it would be inefficient and unduly burdensome to require Merrill Lynch to participate in a Rule 30(b)(6) deposition without first giving the company an opportunity to provide written discovery, including verified statements, so that the deposition notice may be more narrowly tailored. Merrill Lynch has offered to identify the specific documents that it has produced regarding each settlement referenced in the Notice, and to provide a verified statement containing numerous categories of information sought in the Notice. (Merrill Lynch's Br. in Supp. of Protective Order [111] at 2.) The proposed written discovery may obviate the need for a Rule

6

30(b)(6) deposition, and will certainly narrow its focus.

In accordance with the above findings, the Court **GRANTS** defendant Merrill Lynch's Motion to Stay [110] the Rule 30(b)(6) deposition that is scheduled for December 22, 2010, and **GRANTS in part** Merrill Lynch's Motion for a Protective Order [111]. The Court **ORDERS** Merrill Lynch to: (1) produce to plaintiffs any previously withheld documents that are relevant to the topics listed in the Amended Rule 30(b)(6) Notice, (2) identify by Bates number the specific documents that it has already produced that are relevant to the listed topics in the Notice, and (3) where possible, provide a verified written statement on the specific categories of information sought in the Notice. Merrill Lynch should make this production by **Monday, January 17, 2010.** Subsequently, plaintiffs may serve an Amended Rule 30(b)(6) Notice that takes into account the written discovery provided by Merrill Lynch, and appropriately limits the topics upon which a corporate representative is expected to testify. If after reviewing Merrill Lynch's production plaintiffs determine that a Rule 30(b)(6) deposition still is necessary, the deposition will occur in, and should be noticed for, New York as opposed to Atlanta. See *Salter v. Upjohn Co.*, 593 F.2d 649, 651 (5th Cir. 1979)("It is well settled that '[t]he deposition of a corporation by its agents and officers should ordinarily be taken at is principal

7

place of business'").

## III. **Remaining Discovery Motions**

There are several additional discovery disputes that have yet to be resolved, the most recent of which is described in plaintiffs' Motion to Compel [131]. Prior to removal of this action, the parties agreed to submit their discovery disputes to a Special Master, and the State Court issued an order appointing Henry D. Fellows to hear and determine all discovery motions. (Pls.' Mot. for Telephone Conference [127] at Ex. A.) Following removal, the parties confirmed that they were still amenable to allowing Mr. Fellows to oversee discovery and resolve their discovery disputes. (*Id.* at 1.) However, Mr. Fellows indicated that he would not proceed in the absence of direction from this Court. (*Id.* at 2.) Plaintiffs have thus filed a motion to request a telephone conference with the Court to discuss authorizing Mr. Fellows to begin work on the pending discovery motions. (*Id.*)

The Court does not believe that a telephone conference is necessary, and therefore **DENIES** plaintiffs' motion [127]. Defendants have confirmed that they are still agreeable to having Mr. Fellows serve as a Special Master to resolve the pending discovery disputes. (*See* Defs.' Resp. to Pls.' Mot. for a Telephone Conference [130].) Moreover, the State Court's order appointing Mr. Fellows as a Special Master, and charging him with ruling on the parties' discovery

8

motions, remains "in full force and effect" despite removal, pursuant to 28 U.S.C. § 1450. Accordingly, the Court **AUTHORIZES** Mr. Fellows to commence his work on the parties' discovery motions pursuant to the terms of the State Court's order. (Pls.' Mot. for Telephone Conference [127] at Ex. A.) The Court **DENIES without prejudice** plaintiffs' recently filed Motion to Compel [131], and instead **REFERS** the motion to Mr. Fellows to consider in connection with the other pending discovery motions.

### IV.   Motions for Remand and to Dismiss

The Court has **TAKEN UNDER ADVISEMENT** plaintiffs' Motion for Remand [7] and defendant Merrill Pro's Motion to Dismiss for Lack of Personal Jurisdiction [59]. The Court will issue a separate order ruling on those motions as soon as practicable. Defendants have filed a motion for an oral hearing on the remand issue, but they do not present any argument as to why an oral hearing is necessary or how it might aid the Court in deciding whether to remand the case. At the present time, the Court sees no reason to depart from its general practice of resolving such motions on the basis of the written submissions. Accordingly, the Court **DENIES** defendants' Motion for an Oral Hearing [57].

Defendant Merrill Pro has also filed a motion to stay non-jurisdictional discovery pending the Court's decision on its motion

9

to dismiss. (Def. Merrill Pro's Mot. to Stay [97].) The Court finds that a stay is unnecessary and unwarranted. As an initial matter, granting Merrill Pro's motion to dismiss is not likely to eliminate the need for the discovery that plaintiffs seek from Merrill Pro. Merrill Pro is a subsidiary of Merrill Lynch, a defendant over whom the Court unquestionably has jurisdiction. (Pls.' Resp. to Mot. to Stay [113] at 2.) Merrill Lynch has already identified Merrill Pro employees and documents as relevant to the issues in the case. (*Id.*) Thus, even if Merrill Pro is dismissed, plaintiffs are entitled to merits discovery related to Merrill Pro.

Moreover, it appears that Merrill Pro is actively engaged in merits discovery against plaintiffs. (*Id.* at 4-6.) Under the circumstances, a stay would be prejudicial to plaintiffs and would needlessly delay merits discovery in the case. Accordingly, the Court **DENIES** defendant Merrill Pro's Motion to Stay [97].

## CONCLUSION

For the foregoing reasons, the Court **GRANTS as unopposed** the following motions: plaintiffs' Motion for Leave to File Brief [9], plaintiffs' Motion for Leave to File Under Seal [10], the parties' Joint Motion for Confirmation of Pro Hac Orders [25], defendants' Motion for Extension of Time [51], and the parties' Joint Motions for Extension of Time [89], [103], and [134]. The Court **GRANTS** defendant

Merrill Pro's Motion for Leave to File Surreply [100] and defendant Merrill Lynch's Motion to Stay [110], and **DENIES** defendants' Motion for Oral Hearing [57], defendant Merrill Pro's Motion to Stay Non-Jurisdictional Discovery [97], and plaintiffs' Motion for a Telephone Conference [127]. The Court **GRANTS in part** defendant Merrill Lynch's Motion for Protective Order [111]. Plaintiffs' Motion for Remand [7] and defendant Merrill Pro's Motion to Dismiss [59] are **TAKEN UNDER ADVISEMENT**. Plaintiffs' Motion to Compel [131] is **DENIED without prejudice** and **REFERRED** to the Special Master.

SO ORDERED, this 17 day of December, 2010.

JULIE E. CARNES
CHIEF UNITED STATES DISTRICT JUDGE