# Exhibit A

## EXHIBIT A

## GENERAL INSTRUCTIONS

A.   Unless otherwise stated, the relevant time period for the topics is from January 1, 2003 to May 31, 2009, or such other time period as the Court may require.

B.   The singular includes the plural, and the masculine gender includes the feminine.

C.   The present tenses shall encompass the past tenses, and vice versa.

## DEFINITIONS

A.   The terms "TASER," "you," "your," and "Plaintiff" as used herein, mean TASER International, Inc., all of its successor and subsidiary companies, officers, managing partners, directors, employees, agents, representatives, and all persons acting on its behalf.

B.   The words "and" and "or" are to be construed both conjunctively and disjunctively, and each includes the other wherever a dual construction will serve to bring within the scope of these requests any responses that would otherwise not be brought within their scope.

C.   The term "any," as used herein, shall be construed to mean "any and all."

D.     The term "Complaint," as used herein, means the Seventh Amended Complaint in this action.

E.     The term "communication," as used herein, means anything that is transmitted, sent and/or received, by and/or through any and all means, including, but not limited to, verbal, written, electronic or any other form of communicating.

F.     The terms "related to," "relating to," or "concerning" shall mean, with respect to a given subject, constitutes, embodies, reflects, identifies, states, refers to, evidences, substantiates and/or being in any way relevant to the subject.

G.     The term "including" is not restrictive, and shall be read to include in its meaning "without limitation" and "but not limited to" any example set out in these requests

H.     The term "this action," as used herein, means the civil action that plaintiffs have filed against defendants and that is pending in the United States District Court for the Northern District of Georgia, Civil Action No. 1:10-CV-03108-JEC.

## DEPOSITION TOPICS

1.     Your allegations that TASER has allegedly been injured by the actions of Defendants, including the following allegations:

      a.     that "[n]aked short selling damages rightful shareholders of a company because it floods the market with counterfeit shares,

thereby diluting the value of each legitimate share of stock, diluting the shareholder's right to a fixed percentage ownership of the company and diluting the shareholder's voting rights" (Compl. ¶ 6);

b.      that "by flooding the market with counterfeit TASER shares, the defendants have diluted the value of each legitimate share of TASER stock, including diluting the shareholder's right to a fixed percentage ownership of the company and associated voting rights" (Compl. ¶ 14);

c.      that "defendants' conspiracy has harmed TASER by, among other things, electronically issuing TASER treasury shares without authorization or compensation to TASER, limiting TASER's access to capital, lowering its market capitalization, damaging its perception in the market and making it more difficult for the company to expand and/or merge" (Compl. ¶¶ 14, 97);

d.      that "[o]ne of the primary harms caused by naked short selling is the dilution of a company's legitimate, authorized stock. These new shares dilute the value of authorized shares (including both the monetary value and voting rights), depressing the stock's price" (Compl. ¶ 78);

e.      that "defendants' unlawful conduct . . . has and continues to cause legitimate TASER shareholders . . . harm" (Compl. ¶ 97);

3

f.   that "defendants' persistent and unlawful naked short selling has resulted in the creation and circulation of tens of millions of counterfeit TASER shares, which dilute the value of legitimate, authorized TASER stock, and thereby artificially depress the stock price" (Compl. ¶ 97);

g.   that "counterfeit TASER shares deprive legitimate, authorized TASER shareholders of the economic trading value and their voting and other stock rights" (Compl. ¶ 97);

h.   that "defendants' unlawful conduct has also created uncertainty in the market regarding the integrity of TASER stock, causing further stock price depression" (Compl. ¶ 97);

i.   that defendants' actions "have proximately caused plaintiffs' injury, including, but not limited to, (i) lost value of the stock; (ii) impairment of non-monetary rights; and (iii) interference with the ordinary and intended operation of these rights" (Compl. ¶¶ 168, 170, 174);

j.   that "defendants have committed an unauthorized assumption and exercise of ownership over personal property (*i.e.*, TASER stock) belonging to plaintiffs, and have unlawfully appropriated it" (Compl. ¶ 173); and

k.   that "defendants have also substantially and wrongfully interfered with the plaintiffs' right to possession of their property" (Compl. ¶ 173).

2.   Any calculation of TASER's alleged damages in this action.

4

3.   TASER's financial and business performance, including:

    a.   TASER's internal tracking, analysis, and reporting of its financial and business performance.

    b.   TASER's analysis of the competitive marketplace, including any existing competitors or new entrants.

    c.   TASER's attempts to raise capital or obtain financing, including TASER's communications with any financial institution or advisor in connection with such attempts.

    d.   TASER's failures to meet its financial projections, including analysts' earnings estimates or interal TASER revenue goals, and the reasons therefor.

    e.   TASER's restatements of its financial statements or amendments to forms filed with the U.S. Securities and Exchange Commission ("SEC").

    f.   TASER's late filing of forms with the SEC, and the possibility that the NASDAQ Stock Market would delist TASER stock.

    g.   Your communications with your auditors, Deloitte & Touche LLP and Grant Thornton LLP, including any disagreements with your auditors and the reasons for your dismissal of your auditor Deloitte & Touche LLP.

    h.   Your communications with actual or potential investors in TASER stock.

5

    i.      Your communications with, and retention of, any third-party public relations, lobbying, or investor relations firms.

    j.      Any cancellation, delay, or slowdown of customer or distributor orders for TASER products.

4.    The safety (or lack thereof) of TASER products, including the following:

    a.      Studies of TASER product safety.

    b.      Injuries to users of TASER products or persons upon whom TASER products were used.

    c.      Your communications with or concerning coroners, medical examiners, or other persons investigating the cause of death of any person who died after being stunned with a TASER product.

    d.      Your communications with or concerning governmental bodies concerning the safety and regulation of TASER products.

    e.      Criticism of TASER products by third parties, including the American Civil Liberties Union, Amnesty International, and the United Nations Committee Against Torture, and TASER's responses to such criticism.

5.    Defects in TASER products, including the following:

    a.      Recalls of TASER products.

    b.      Returns of TASER products purchased by customers or distributors.

    c.    Complaints concerning TASER products from customers or distributors.

6.    TASER stock splits during 2004, including the following :

    a.    The reasons for, and decision-making process with respect to, TASER's stock splits; and

    b.    Any consideration or analysis of possible effects, positive or negative, of TASER engaging in stock splits.

7.    Your efforts to counter naked short selling of TASER stock.

8.    Your efforts to purchase alleged counterfeit or artificially created TASER shares or security entitlements out of the market, including any assumption of cost associated with such efforts.

9.    Your tracking of, or estimates concerning, naked short positions in TASER stock.

10.    The results of all TASER shareholder votes.

11.    Any instance in which any of the following occurred as a result of alleged unlawful naked short selling of TASER stock and/or the creation of alleged counterfeit or artificially created TASER shares or security entitlements:

    a.  Control or authority of TASER's Board of Directors was diluted;

    b.  An analyst was discouraged from covering TASER stock;

    c.  TASER's business plans or operations, including any stock buybacks, stock issuances, stock splits or employee compensation tied to TASER securities, were affected; or

    d.  TASER's name, likeness, good will or property (either tangible or intangible) were misappropriated.

12.    Any instance where allegedly false news or information was disseminated about TASER securities, including any instance where such false news or information detrimentally affected TASER's stock price or its relationship with customers or potential customers resulting in delays, reductions or cancellations of sales or orders.

13.    Numbered topics 1, 3, 5, 6, 7, 9, 10, 11, 12, 13, 14, 15, and 16 from Defendants' August 21, 2009 Notice of Taking 30(b)(6) Deposition of TASER, which was postponed pursuant to the Stipulation and Order dated December 15, 2009.[1]

---

[1]    Defendants' August 21, 2009 Notice of Taking 30(b)(6) Deposition of TASER is attached hereto as Exhibit A-1. Defendants reserve their rights with respect to all other topics, including the additional topics set forth in Defendants' August 21, 2009 Notice of Taking 30(b)(6) Deposition of TASER.

# EXHIBIT A-1

State Court of Fulton County
***EFILED***
LexisNexis Transaction ID: 26722409
Date: Aug 21 2009  4:51PM
Mark Harper, Clerk

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

TASER INTERNATIONAL, INC., DAVID
BATCHELOR, NATALIE BATCHELOR,
DR .THOMAS COLLENTINE, JUDITH
COLLENTINE, CHARLES FAIRES, SANDRA
FAIRES, MASAJI KELLEY, KELLY KELLEY,
STEPHEN LISENBY, PATRICIA LISENBY,
RICHARD D. ALMEROTH, CONSTANCE L.
ALMEROTH, JAMES BAKER, JR., ROBERT
BAKER, WILLIAM BURNSIDE, ESTATE OF
DOROTHY A. CONNELLY, SOUTHEAST EYE
SURGERY CLINIC, INC. EMPLOYEE PSP,
JAMES DUNAGIN, JR., EMILY DUNAGIN,
RICHARD C. HASKELL, JR., AMY HASKELL,
MARY RICHARDSON, PAMELA LEWIS, JANE
MAJ, CRAIG W. MILLER, MARGARET
ROCHE, CHET SCOTT, JOHN SCOTT, PAULA
SCOTT, PETER SCOTT, MICHELLE SCOTT,
MARY ROSE STUCKER, DAVID ZEBER,
ANNE ZELTEN, MICHAEL BOYER, PHILLIPS
WALLER SMITH, PATRICK W. SMITH,
THOMAS P. SMITH and DEANNA M. SMITH,

       Plaintiffs,

          v.

MORGAN STANLEY & CO., INC., GOLDMAN,
SACHS & CO., GOLDMAN SACHS
EXECUTION & CLEARING, L.P.,  BEAR
STEARNS & CO., INC. K/N/A JP MORGAN
SECURITIES INC., BEAR STEARNS
SECURITIES CORP. K/N/A JP MORGAN
CLEARING CORP., MERRILL LYNCH, PIERCE,
FENNER & SMITH, INC., DEUTSCHE BANK
SECURITIES, INC., CREDIT SUISSE
SECURITIES (USA) LLC, BANC OF AMERICA
SECURITIES, LLC, UBS SECURITIES, LLC and
JOHN DOES 1-10

       Defendants.

Civil Case No.
2008-EV-004739-B

**NOTICE OF TAKING
30(B)(6) DEPOSITION**

## <u>NOTICE OF TAKING 30(B)(6) DEPOSITION</u>

TO:   TASER INTERNATIONAL, INC.
  c/o Steven J. Rosenwasser
  Bondurant, Mixson & Elmore, LLP
  1201 West Peachtree Street, N.W., Suite 3900
  Atlanta, Georgia  30309

Please take notice that pursuant to O.C.G.A. § 9-11-30(b)(6), defendants will take the deposition on oral examination of the designated representative of plaintiff TASER International, Inc. ("TASER") on October 20, 2009, commencing at 9:00 a.m.  The deposition will be taken at the offices of Bondurant, Mixson & Elmore, LLP, 1201 West Peachtree Street, N.W., Suite 3900, Atlanta, Georgia, or at such other time and place as may be mutually agreed upon by the parties.  The deposition will be recorded by stenographic means and by sound and visual means. Pursuant to Section 30(b)(6), TASER shall designate one or more persons who consent to testify on its behalf who, after due inquiry, possess knowledge of the matters set out on Exhibit "A" attached hereto.

Dated: August 21, 2009

          Richard H. Sinkfield
          Georgia Bar No. 649100
          Don F. Laney III
          Georgia Bar No. 435290

          *Attorneys for Defendants Morgan Stanley &*
          *Co. Incorporated, Goldman, Sachs & Co.,*
          *Goldman Sachs Execution & Clearing, L.P.,*
          *Bear Stearns & Co., Inc. K/N/A/ JP Morgan*
          *Securities, Inc., Bear Stearns Securities*
          *Corp., K/N/A JP Morgan Clearing Corp.,*
          *Merrill Lynch, Pierce, Fenner & Smith, Inc.,*
          *Deutsche Bank Securities, Inc., Credit Suisse*
          *Securities (USA) LLC, Banc of America*
          *Securities, LLC and UBS Securities, LLC*

ROGERS & HARDIN LLP
2700 International Tower
 Peachtree Center
229 Peachtree St, NW
Atlanta, Georgia  30307
Phone:  404-522-4700
Fax:  404-525-2224

## EXHIBIT A

## GENERAL INSTRUCTIONS

A.      Unless otherwise stated, the relevant time period for the topics is from January 1, 2003 to May 31, 2009, or such other time period as the Court may require.

B.      The singular includes the plural, and the masculine gender includes the feminine.

C.      The present tenses shall encompass the past tenses, and vice versa.

## DEFINITIONS

A.      The terms "document" is used herein in its broadest sense and includes "documents," "other tangible things," and any other materials within the scope of O.C.G.A. §§ 9-11-26(b) and 9-11-34, including, without limitation, any copy or non-identical copy of any handwriting, tape recording, transcript, electronic record, computer file, note, printing, photocopying, photographing and every other means of recording upon any tangible thing, or any form of communication or representation, including letters, words, pictures, sounds and symbols or any combination of them.

B.      The term "TASER," as used herein, means TASER International, Inc., all of its successor and subsidiary companies, officers, managing partners, directors, employees, agents, representatives, and all persons acting on its behalf.

C.      The term "your," as used herein, means plaintiff TASER and its attorneys, and any persons acting or purporting to act on its behalf.

D.      The words "and" and "or" are to be construed both conjunctively and disjunctively, and each includes the other wherever a dual construction will serve to bring within the scope of these requests any responses that would otherwise not be brought within their scope.

E.      The term "any," as used herein, shall be construed to mean "any and all."

F.      The term "Complaint," as used herein, means the Fifth Amended Complaint in this action.

G.      The term "communication," as used herein, means anything that is transmitted, sent and/or received, by and/or through any and all means, including, but not limited to, verbal, written, electronic or any other form of communicating.

H.      The terms "related to," "relating to," or "concerning" shall mean, with respect to a given subject, constitutes, embodies, reflects, identifies, states, refers to, evidences, substantiates and/or being in any way relevant to the subject.

I.      The term "this action," as used herein, means the civil action that plaintiffs have filed against defendants and that is pending in the State Court of Fulton County, State of Georgia, Civil Case No. 2008-EV-004739-B.

## DEPOSITION TOPICS

1.      Your policies and procedures relating to filings with the U.S. Securities and Exchange Commission ("SEC").

2.      Your policies and procedures relating to reporting financial performance.

3.      Your policies and procedures relating to communications with investors and analysts.

4.      Identification and status of lawsuits related to injuries and/or deaths arising from the use of TASER products.

5.      TASER shareholder voting, including, but not limited to, any alleged "over-voted" shares in TASER's 2005 annual vote.

6.      The existence or non-existence of "counterfeit" TASER shares.

7.      Any calculation of TASER's alleged damages in this action.

8.      Your communications, either internally or with third parties, concerning this action.

-2-

9.     Your communications, either internally or with third parties, concerning short selling, "naked" short selling, fails to deliver, fails to receive, or Regulation SHO.

10.     Any investigations, subpoenas, informal or voluntary requests for information or reviews of you by any financial or government entities, stock exchanges, or regulators, including, but not limited to, the SEC, the New York Stock Exchange ("NYSE"), the Financial Industry Regulatory Authority ("FINRA"), any United States Attorney's Office, or the Attorney General's Office of any state.

11.     Any communications from financial or government entities, stock exchanges, or regulators relating to whether  you have complied with applicable SEC rules and regulations, Generally Accepted Accounting Principles, NYSE rules and regulations, or FINRA rules and regulations.

12.     Your September 18, 2006 letter to the SEC.

13.     Your policies, procedures, and practices relating to purchases or sales of TASER stock by TASER employees, officers, or directors.

14.     Sales of TASER stock, including short sales, by TASER officers, directors, or employees.

15.     Any resignations of any of your officers or directors for reasons related to TASER's performance or allegations of illegal conduct.

16.     The allegations at issue in the litigation *In re: TASER International Securities Litigation*, No. C05-01150PHX-SRB (D. Az.).

17.     Your policies, procedures, and practices relating to document retention.

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

TASER INTERNATIONAL, INC., DAVID
BATCHELOR, NATALIE BATCHELOR,
DR .THOMAS COLLENTINE, JUDITH
COLLENTINE, CHARLES FAIRES, SANDRA
FAIRES, MASAJI KELLEY, KELLY KELLEY,
STEPHEN LISENBY, PATRICIA LISENBY,
RICHARD D. ALMEROTH, CONSTANCE L.
ALMEROTH, JAMES BAKER, JR., ROBERT
BAKER, WILLIAM BURNSIDE, ESTATE OF
DOROTHY A. CONNELLY, SOUTHEAST EYE
SURGERY CLINIC, INC. EMPLOYEE PSP,
JAMES DUNAGIN, JR., EMILY DUNAGIN,
RICHARD C. HASKELL, JR., AMY HASKELL,
MARY RICHARDSON, PAMELA LEWIS,
JANE MAJ, CRAIG W. MILLER, MARGARET
ROCHE, CHET SCOTT, JOHN SCOTT, PAULA
SCOTT, PETER SCOTT, MICHELLE SCOTT,
MARY ROSE STUCKER, DAVID ZEBER,
ANNE ZELTEN, MICHAEL BOYER, PHILLIPS
WALLER SMITH, PATRICK W. SMITH,
THOMAS P. SMITH and DEANNA M. SMITH,

       Plaintiffs,

          v.

MORGAN STANLEY & CO., INC., GOLDMAN,
SACHS & CO., GOLDMAN SACHS
EXECUTION & CLEARING, L.P.,  BEAR
STEARNS & CO., INC. K/N/A JP MORGAN
SECURITIES INC., BEAR STEARNS
SECURITIES CORP. K/N/A JP MORGAN
CLEARING CORP., MERRILL LYNCH,
PIERCE, FENNER & SMITH, INC., DEUTSCHE
BANK SECURITIES, INC., CREDIT SUISSE
SECURITIES (USA) LLC, BANC OF AMERICA
SECURITIES, LLC, UBS SECURITIES, LLC
and JOHN DOES 1-10

       Defendants.

Civil Case No.
2008-EV-004739-B

**CERTIFICATE OF SERVICE**

## CERTIFICATE OF SERVICE

I hereby certify that on this 21st day of August, 2009, a true and correct copy of the foregoing NOTICE OF TAKING 30(B)(6) DEPOSITION was electronically filed with the Clerk of Court using the Court's electronic filing system which will automatically send an email notification of such filing to the following attorneys of record who are registered participants in the Court's electronic notice and filing system:

> John E. Floyd, Esq.
> Steven J. Rosenwasser, Esq.
> Bondurant, Mixson & Elmore, LLP
> 3900 One Atlantic Center
> 1201 West Peachtree Street, N.W.
> Atlanta, Georgia 30309

And via U.S. Mail postage prepaid and addressed as follows:

> James W. Christian, Esq.
> Christian, Smith & Jewell LLP
> 2302 Fannin, Suite 500
> Houston, Texas 77002
>
> John O'Quinn, Esq.
> The O'Quinn Law Firm
> 440 Louisiana Street, Suite 2300
> Houston, Texas 77002

This 21st day of August, 2009.

Richard H. Sinkfield
Georgia Bar No. 649100

ROGERS & HARDIN LLP
2700 International Tower
229 Peachtree Street, NE
Atlanta, GA 30303-1601
Tel. (404) 522-4700
Fax (404) 525-2224

2