IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| TASER INTERNATIONAL, INC., et al., | ) | Case No.: 1:10-CV-03108-JEC |
| Plaintiffs, | ) | |
| v. | ) | [On removal from the State Court of Fulton County, Georgia Case No.: 2008-EV-004739-B] |
| MORGAN STANLEY & CO., INC., et al., | ) | |
| Defendants. | ) | |

## NOTICE OF FILING ORDER OF SPECIAL MASTER

COMES NOW, Henry D. Fellows, Jr., in his capacity as Special Master appointed by Chief U.S. District Judge Julie E. Carnes by Order entered on December 17, 2010 [139], and hereby files the attached Order of Special Master which is being served electronically upon all counsel of record.

Respectfully submitted this 7th day of February, 2011.

FELLOWS LABRIOLA LLP

s/Henry D. Fellows, Jr.
Henry D. Fellows, Jr.
Georgia Bar No.: 216298
Fellows LaBriola LLP
Peachtree Center
225 Peachtree St., NE
Suite 2300 South Tower
Atlanta, Georgia 30303
(404) 586-9200 Telephone

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| TASER INTERNATIONAL, INC., et al., | ) | Case No.: 1:10-CV-03108-JEC |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | [On removal from the State |
| | ) | Court of Fulton County, |
| MORGAN STANLEY & CO., INC., et al., | ) | Georgia Case No.: |
| | ) | 2008-EV-004739-B] |
| Defendants. | ) | |
| | ) | |

## ORDER OF SPECIAL MASTER

This is an action for damages in which Plaintiffs claim that Defendants engaged in unlawful short sales and market manipulation of shares of Taser International, Inc. ("Taser") common stock, a publicly traded security within the meaning of the federal securities laws. Defendants deny Plaintiffs' allegations.

Plaintiffs originally filed this action on May 27, 2008, in the State Court of Fulton County, Georgia ("the State Court"). During the period from May 27, 2008, through September 15, 2010, the parties filed amended complaints and answers, conducted discovery, filed certain motions which were resolved by the State Court, and filed certain other discovery motions which were not resolved by the State Court.

On September 15, 2010, the State Court entered an Order Appointing Special Master, a genuine, true, and correct copy of which is attached to this Order as Exhibit "A."   On the same date, Plaintiffs filed their Seventh Amended Complaint in the State Court, which all parties acknowledge is the operative pleading containing Plaintiffs' statement of claims.  It asserts five causes of action: violation of the Georgia RICO statute, O.C.G.A. § 16-14-1 *et seq.*; violation of the Georgia Uniform Securities Act of 2008, O.C.G.A. § 10-5-1 *et seq.*; violations of the Georgia Computer Systems Protection Act, O.C.G.A. § 16-9-93; common law conversion; and claims for money had and received.  Defendants deny Plaintiffs' allegations.

On September 28, 2010, Defendant Merrill Lynch Professional Clearing Corporation ("Merrill Lynch Pro") filed a Notice of Removal of the State Court action to this Court [1].  On the same date, the other Defendants filed a Consent to the removal of the State Court action to this Court [2].  On October 6, 2010, Plaintiffs filed a Motion to Remand this action to the State Court, which Motion remains pending [7].

During October and November, 2010, the parties filed various motions with the Court.  By Order entered on December 17, 2010, the Court appointed Henry D. Fellows, Jr., Esq., to serve as a Special Master to review and decide the pending,

unresolved discovery motions pursuant to the State Court Order entered on September 15, 2010. Most of the motions have been pending for many months.

The parties have provided the undersigned with copies of all pending discovery motions, memoranda in support of motions, memoranda in opposition to motions, affidavits and declarations in support of motions, affidavits and declarations in opposition to motions, exhibits to motions and responses, discovery requests, pleadings, and other documents related to the pending discovery motions. The undersigned has reviewed and analyzed all pending discovery motions, memoranda in support of motions, memoranda in opposition to motions, affidavits and declarations in support of motions, affidavits and declarations in opposition to motions, exhibits to motions and responses, discovery requests, pleadings, and other documents related to the pending discovery motions. The undersigned also conducted a lengthy hearing on the pending motions with counsel of record on Friday, January 28, 2011, at the offices of Fellows LaBriola LLP.

The undersigned explained to counsel at the hearing that when serving as a Special Master, he typically issues a proposed Order or Report to the judge presiding over the case rather than issuing the Order or Report directly to counsel for the parties. The undersigned offered to issue his Order directly to counsel for the parties, consistent with Paragraph 7 of the Order Appointing Special Master

entered by the State Court on September 15, 2010.   Counsel for the parties have informed the undersigned that they consent to his issuance of this Order directly to counsel for the parties.   The undersigned is therefore issuing the Order directly to the parties and will also file the Order with the Clerk of Court.   Pursuant to Paragraph 8 of the Order Appointing Special Master, the parties have fourteen (14) calendar days to file objections to the Order.

In reviewing and resolving the pending discovery motions, the undersigned notes that this is a complex case involving multiple parties and claims which has been pending since May, 2008, for almost three years.   Counsel for Plaintiffs and counsel for Defendants have been zealous advocates for their respective clients in a case involving complex procedural, substantive, and electronic discovery issues. Discovery motions have accumulated, leading to strains on all parties and their counsel.   All of the motions request the recovery of attorneys' fees, and each side has filed motions for sanctions, including the recovery of attorneys' fees and other relief.

The undersigned has taken all of these factors into account in reviewing, analyzing, and assessing the pending discovery motions.   Also, based upon the earnestness of the affidavits, declarations, and presentations of counsel who attended the hearing on January 28, 2010, the undersigned has accepted as true the

explanations provided by affiants, declarants, and the presenting attorneys at the hearing in deciding the pending motions. The specific rulings for the motions are presented *seriatim*:

I.   **Plaintiffs' Motion to Compel Production of Documents Improperly Withheld as Privileged or Alternatively, to Appoint Special Master to Conduct an *in Camera* Review.**

Plaintiffs filed this Motion in the State Court on May 24, 2010. Plaintiffs contend that Defendants have refused to produce a substantial number of documents relating to regulatory investigations and their short-selling activities on the ground that they are allegedly protected by the attorney-client privilege. Plaintiffs note that they tried to resolve this issue without Court intervention by proposing that the parties jointly request that the State Court appoint a Special Master to analyze the appropriateness of the parties' privilege claims. Plaintiffs state that under their proposal, all parties (including Plaintiffs) would provide the Special Master with the documents on their privilege logs to allow the Special Master to conduct an *in camera* review to determine whether the privilege was properly asserted.

Defendants contend that the appointment of a Special Master to conduct an *in camera* review of documents is unnecessary because Defendants have properly invoked the attorney-client privilege and/or work product doctrines, and they have

worked in good faith to resolve Plaintiffs' concerns about Defendants' privilege logs.

Federal Rule of Evidence 501 states that "the privilege of a witness... shall be governed by the principles of the common law as they may be interpreted by the courts of the United States in light of reason and experience." The attorney-client privilege applies to communications between an attorney for a corporation and certain officers, directors, and other employees of a corporation, subject to certain limitations, under federal common law and Georgia law. *Upjohn Co. v. United States,* 449 U.S. 383, 389-391 (1981); *Marriott Corp. v. American Academy of Psychotherapists, Inc.,* 157 Ga. App. 497, 277 S.E.2d 785 (1981). "The party asserting the attorney-client privilege bears the burden of demonstrating that the privilege applies." *Carpenter v. Mohawk Industries, Inc.,* 4:07-CV-0049-HLM, 2007 WL 5971741, at 9 (N.D. Ga. 2007), quoting *Abdallah v. Coca-Cola Co.,* 1:98-CV-03679-RWS, 2000 WL 33249254, at 2 (N.D. Ga. 2000); *Zielinski v. Clorox Co.,* 270 Ga. 38, 40 (1998); *McKesson Corp. v. Green,* 279 Ga. 95, 96 (2005) (burden of proving attorney-client privilege "lies on party claiming the privilege").

The undersigned, as Special Master, is well equipped to review the documents which are the subject of Plaintiffs' Motion on *in camera* basis. The

Special Master **GRANTS in part** Plaintiffs' Motion and **DIRECTS** Defendants to deliver the documents which are the subject of this Motion with accompanying privilege logs to the Special Master's office on or before Monday, March 7, 2011, so that the Special Master can evaluate the attorney-client privilege assertions as to these documents.   The Special Master will issue a Supplemental Order within thirty (30) days of receipt of the documents informing the parties which, if any, documents must be produced to Plaintiffs.   The undersigned **DENIES** Plaintiffs' request for the award of attorneys' fees and expenses in connection with this Motion because Defendants have presented legitimate, good faith reasons in opposition to the Motion which are substantially justified within the meaning of Fed. R. Civ. P. 37.

**II.**   **Plaintiffs' Motion for Relief and Sanctions against Defendants for Violations of this Court's Discovery Orders; Supplement to Plaintiffs' Motion for Relief and Sanctions for Defendants' Violations of this Court's Discovery Orders as to Morgan Stanley; Merrill Lynch's Motion for Sanctions against Plaintiffs pursuant to O.C.G.A. § 9-15-14(b); and Goldman Sachs' Motion for Sanctions against Plaintiffs pursuant to O.C.G.A. § 9-15-14(b).**

Plaintiffs filed their Motion in State Court on June 2, 2010, and the Supplement to the Motion on June 11, 2010.   Defendants filed their Motions in State Court on July 2, 2010.   Counsel for the parties agreed that these Motions should be addressed and resolved simultaneously.

Plaintiffs explained to the undersigned that their Motion as to Defendants Bear Stearns, Credit Suisse Securities, and Deutsch Bank Securities was moot because Plaintiffs have entered into settlement agreements with those Defendants. Plaintiffs contend that three of the remaining Defendants, Goldman Sachs, Merrill Lynch, and Morgan Stanley, violated the State Court's discovery orders by not producing documents on a timely basis in compliance with the Orders. In response to questions at the hearing, Plaintiffs' counsel acknowledged that Plaintiffs are not contending that the remaining Defendants have failed to produce the documents required to be produced by the State Court Orders. Rather, Plaintiffs contend that the remaining Defendants did not produce documents to Plaintiffs on a timely basis, thereby causing Plaintiffs a loss of at least four months in discovery time.

Defendants have explained in their responses and at the hearing the substantial efforts which they undertook to produce millions of pages of electronically stored documents to Plaintiffs on a "rolling production" basis. They also explained the comprehensive phases of production which they undertook, including the First Phase Production of Centrally Maintained Files, the Second Phase Production of Taser electronically stored information ("ESI"), and the Third Phase Production of Non-Taser ESI. Defendants maintain that they did produce the documents on a timely basis.

Defendants Merrill Lynch and Goldman Sachs have each filed Motions for Sanctions against Plaintiffs pursuant to O.C.G.A. § 9-15-14(b), contending that Plaintiffs' Motion "lack[s] substantial justification" and "was interposed for delay or harassment." O.C.G.A. § 9-15-14(b). Defendants assert that they timely and fully complied with all of the State Court Orders on which Plaintiffs' Motion is based. Plaintiffs oppose Defendants' Motion, contending that Defendants violated the State Court Orders and that Plaintiffs' Motion was necessitated by Defendants' failure to comply with the Orders.

The Special Master finds that the parties have asserted legitimate, good-faith responses in opposition to each of these Motions which are substantially justified within the meaning of Fed R. Civ. P. 37. The Special Master further finds that while Plaintiffs may have lost time in discovery, the overall delay in this lengthy case supersedes any discrete delay associated with the production of documents which are associated with this Motion. Therefore, the Special Master **DENIES** each of these Motions and declines to impose sanctions or award attorneys' fees associated with these Motions.

III.   **Plaintiffs' Motion to Compel Defendants to Produce Documents Related to their Affirmative Defense of Good-Faith Reliance or, in the Alternative, to Strike that Defense.**

Plaintiffs filed this Motion in State Court on June 4, 2010.  Defendants Banc of America Securities LLC ("Banc America"), Goldman, Sachs & Co. ("Goldman Sachs"), Merrill Lynch, Pierce, Fenner & Smith Incorporated ("Merrill Lynch"), and Morgan Stanley & Co. Incorporated ("Morgan Stanley") have included the following affirmative defense in their respective Answers:  "[Defendant] is not subject to liability under Georgia law because it acted in good faith in conformity with the rules, regulations and pronouncements of the SEC and the National Association of Securities Dealers and because the alleged conduct by Defendants did not occur in Georgia."[1]

Plaintiffs contend that Defendants are vague as to what they mean by their good-faith reliance defense, and Plaintiffs contend that Defendants have refused to clarify whether they are invoking a good faith defense based upon reliance on the advice of counsel.  Plaintiffs further contend that they wrote a letter dated May 20, 2010, asking Defendants certain questions, including whether they intend to raise the defense of reliance upon advice of counsel for their conduct.

---

[1] Answer to the Sixth Amended Complaint of Banc America, Tenth Defense; Answer to the Sixth Amended Complaint of Goldman Sachs, Tenth Defense; Answer to the Sixth Amended Complaint of Merrill Lynch, Tenth Defense; Answer to the Sixth Amended Complaint of Morgan Stanley, Eighth Defense.

Defendants oppose Plaintiffs' Motion on the grounds that Defendants have not asserted a reliance on advice of counsel as a defense in this action, that Defendants have not waived the attorney-client privilege, and that Plaintiffs' request that Defendants be ordered to certify their defenses within a specified time period is premature.

The Special Master **DENIES** Plaintiffs' Motion to Compel or, in the Alternative, to Strike because Defendants have not asserted the defense of reliance on advice of counsel in this action. The defense of reliance on advice of counsel is not an affirmative defense and therefore may be asserted at a later time. See Fed. R. Civ. P. 8(c); O.C.G.A. § 9-11-8(c). However, if Defendants later elect to assert the defense of reliance on advice of counsel in this action, then the Special Master will authorize Plaintiffs to conduct narrowly tailored discovery as to that later asserted defense. The Special Master **DENIES** Plaintiffs' request for attorneys' fees.

IV. **Defendants' Motion to Compel Plaintiffs to Answer Interrogatory Nos. 1, 2, and 4 in Defendants' Second Set of Interrogatories to Plaintiffs; Plaintiffs' Motion to Strike Defendants' Motion to Compel and for Fees.**

Defendants filed their Motion in State Court on June 10, 2010. Plaintiffs filed their Motion in State Court on July 12, 2010. Counsel for the parties agreed that these Motions should be addressed and resolved simultaneously.

Defendants contend in support of their Motion that Plaintiffs have refused to answer Interrogatory Nos. 1, 2, and 4 of Defendants' Second Set of Interrogatories which ask Plaintiffs to identify the transactions on which their claims are based and the factual basis for Plaintiffs' allegation that each Defendant committed a predicate act that directly injured each Plaintiff.  Defendants quote Interrogatory Nos. 1, 2, and 4 in their moving papers which essentially request Plaintiffs to identify the allegedly illegal short sales at issue in this case and Plaintiffs' basis for alleging that Defendants' conduct caused each of them direct harm.

Defendants note that in response to these interrogatories, Plaintiffs served lengthy answers which do not identify a single allegedly illegal transaction that purportedly lowered the market value for Taser shares.  Nor do the responses adequately identify any trading days on which any Defendant engaged in an allegedly illegal short sale, the price at which any such sale was effected, the number of shares involved in any such sales, the amount of any loss incurred by any of the Plaintiffs, the amount of damages that each Plaintiff claims to have suffered, or the facts describing how each Defendant allegedly committed a predicate act that directly injured each Plaintiff.

Plaintiffs oppose Defendants' Motion on the grounds that: (i) their responses contain more than 200 pages of general and specific examples of unlawful conduct

with a substantial number of pages describing specific transactions on specific days; (ii) Defendants' Motion is knowingly false; and (iii) Defendants' Motion violates two State Court orders.  Plaintiffs have filed their own responsive Motion to Strike Defendants' Motion to Compel and for Fees.  At the hearing, Plaintiffs' counsel also noted that they will be able to provide more complete information as to damages after they have selected an expert witness in this case.

The Special Master has reviewed Plaintiffs' Answers to Interrogatory Nos. 1, 2, and 4 and notes that they are lengthy and difficult to comprehend.  While Plaintiffs have conveyed a great deal of information in their Answers to Interrogatory Nos. 1, 2, and 4, the responses do not answer the questions presented in the Interrogatories.  The undersigned also notes that Plaintiffs have requested and received substantial discovery from Defendants during more than three years of litigation in this case, and it is only reasonable for Plaintiffs to provide Defendants with specific answers to Interrogatory Nos. 1, 2, and 4.  The undersigned finds that Defendants' Motion is not knowingly false and does not violate the State Court Orders.

The Special Master **GRANTS in part** Defendants' Motion and **DIRECTS** Plaintiffs to provide specific, responsive answers to Interrogatory Nos. 1, 2, and 4 in Defendants' Second Set of Interrogatories to Plaintiffs on or before March 7,

2011.  The undersigned **DENIES** Defendants' request for attorneys' fees, and the undersigned **DENIES** Plaintiffs' Motion to Strike and for Fees.

**V.**     **Defendants' Cross-Motion to Compel the Production of Documents Inappropriately Withheld under the Accountant-Client Privilege and the Production of Supplemental Privilege Logs.**

Through this Cross-Motion filed in State Court on June 23, 2010, Defendants request the Court to compel Plaintiffs to produce all documents currently withheld on the grounds of accountant-client privilege and to produce privilege logs in accordance with Georgia law and discovery rules.  Defendants further contend that by their own allegations, Plaintiffs have injected into this case the issue of Taser's financial condition and therefore waived Taser's accountant-client privilege.

In their response and at the hearing, Plaintiffs' counsel emphasize that they have volunteered to allow a Court-appointed Special Master review *in camera* each and every document Plaintiffs have designated as privileged.  Plaintiffs are also willing for the Special Master to review their privilege designations as to the documents which Plaintiffs claim are protected from disclosure by the accountant-client privilege.  Plaintiffs deny that they have waived Taser's accountant-client privilege in this case.

At the hearing, the Special Master asked counsel for the parties to provide him with case authorities as to whether the Georgia accountant-client privilege contained in O.C.G.A. § 43-3-32(b) is applicable to this removed case pursuant to Fed. R. Evid. 501. Counsel for both sides have provided case authorities to the Special Master, and it appears that this issue is related to arguments raised in connection with Plaintiffs' pending Motion to Remand. It is beyond the purview of this Order to decide the issue as a matter of law, but for purposes of Defendants' Cross-Motion, the undersigned will review the documents produced by Plaintiffs under the belief that: (i) the accountant-client privilege continues whether the case remains in this Court or is remanded to State Court; and (ii) Plaintiffs have not waived the accountant-client privilege in this case.

The Special Master informed the parties at the hearing and in a telephonic conference call among counsel of record on Monday, January 10, 2011, that he would employ a consistent, uniform approach in evaluating claims of privilege, whether based upon the attorney-client privilege or the accountant-client privilege. The undersigned will do so as to the documents for which Plaintiffs have asserted the accountant-client privilege.

The Special Master **GRANTS in part** Defendants' Cross-Motion and **DIRECTS** Plaintiffs to deliver the documents which are the subject of this Cross-

Motion with accompanying privilege logs to the Special Master's office on or before Monday, March 7, 2011, so that the Special Master can evaluate the accountant-client privilege assertions as to these documents. The Special Master will issue a Supplemental Order within thirty (30) days of receipt of the documents informing the parties which, if any, documents must be produced to Defendants. The undersigned **DENIES** Defendants' request for the award of attorneys' fees and expenses in connection with this Motion because Plaintiffs have volunteered to produce the documents for an *in camera* inspection by the Special Master and have presented legitimate, good faith reasons in opposition to the Motion which are substantially justified within the meaning of Fed. R. Civ. P. 37.

**VI.** **Defendants' Motion for Protective Order with respect to Plaintiffs' June 10, 2010 Discovery; Plaintiffs' Motion to Compel Responses to Discovery Served on June 10, 2010, and Plaintiffs' Motion for Relief from Defendants' Violation of this Court's February 10, 2010 Order.**

Defendants filed their Motion for Protective Order in State Court on July 19, 2010. Later on the same date, Plaintiffs filed their Motion to Compel Responses to Discovery Served on June 10, 2010, and their Motion for Relief from Defendants' Violation of this Court's February 10, 2010 Order. These Cross-Motions relate to the following discovery requests served by Plaintiffs on June 10, 2010: Plaintiffs' Notice to Take Depositions of all Defendants; Plaintiffs' Fifth Interrogatories to all

Defendants except UBS[2]; Plaintiffs' Fourth Requests for Admission to all Defendants except Goldman Sachs; and Plaintiffs' Fifth Requests for Admission to Goldman Sachs. Also on July 19, 2010, Defendants served Objections to the June 10, 2010 Interrogatories and Requests for Admission.

In support of their Motion for Protective Order, Defendants contend that Plaintiffs' discovery requests served on June 10, 2010, are overly broad and burdensome and not tailored to the claims and defenses in this case. Defendants explain that they produced millions of pages of documents and spent millions of dollars in responding to previous discovery requests from Plaintiffs before June, 2010. More specifically, Defendants responded to Taser related discovery by December, 2009, and responded to non-Taser related discovery by June, 2010. Defendants contend that Plaintiffs' June 10, 2010 discovery requests would require them to conduct a general audit of their short selling and trade settlement activities in approximately 10,000 publicly traded securities over a five-year period concerning conduct that is not the subject of any of Plaintiffs' claims relating to Taser.

Plaintiffs oppose Defendants' Motion for Protective Order, and they filed their Motion to Compel Responses to Discovery Served on June 10, 2010, and

---

[2] UBS is no longer a defendant in the case.

their Motion for Relief from Defendants' Violation of this Court's February 10, 2010 Order. Plaintiffs contend that they have alleged a pattern of unlawful activity relating to short sales involving Taser and other stocks and that the State Court has already ruled by Order dated February 10, 2010, that information pertaining to other stocks is discoverable. Plaintiffs further contend that the discovery requests are narrowly tailored and not unduly burdensome, noting that their discovery requests require Defendants to answer only "to the extent they are <u>currently</u> aware of responsive information." (Plaintiffs' Fifth Interrogatories, Instruction No. 7, Page 3).

The Special Master finds that the parties' counsel engaged in good-faith conferences with each other during June, 2010, in an effort to resolve the discovery dispute before filing the Motions. The undersigned has carefully reviewed the record as to the substantial discovery information and documents which Defendants have provided to Plaintiffs before June, 2010, in response to previous interrogatories, requests for production of documents and ESI, requests for admission, and depositions. The undersigned finds that Defendants have demonstrated good cause for the issuance of some form of protective order to protect Defendants from undue burden or expense as to the June, 2010 discovery

within the meaning of Fed. R. Civ. P. 26(c). However, the undersigned will not issue a blanket protective order as to the June, 2010 discovery.

As the Special Master indicated at the hearing on January 28, 2011, he **DIRECTS** the parties to undertake the following "timing and sequence" approach with respect to Plaintiffs' June, 2010 discovery. The Special Master **DIRECTS** Defendants to each designate a suitable compliance officer to testify regarding how Defendants' compliance departments monitor short selling of securities, failures to deliver securities, "locates," exceptions, and the manner in which the compliance departments have maintained compliance records as to these activities. The Special Master **DIRECTS** the parties to confer as to the appropriate time period to be covered by the depositions.

The Special Master **DIRECTS** counsel to the parties to report back to the undersigned after Plaintiffs have taken the depositions to inform the undersigned whether Plaintiffs have been able to obtain the discovery they are seeking in connection with the June 10, 2010 discovery through the depositions. Accordingly, the undersigned **DEFERS** a final decision on these cross-motions until after Plaintiffs have taken depositions of Defendants' designated compliance officers regarding the subjects identified above. To the extent that the parties need clarification as to the subjects of the depositions or the time period to be covered

by the depositions, the Special Master will provide that clarification at the next hearing during the week of February 21, 2011.

**VII.**   **Plaintiffs' Motion to Compel Merrill Lynch to Produce Non-Privileged Document, or Alternatively, for in Camera Review; Defendant Merrill Lynch's Emergency Motion to Protect Privileged Communications by Striking Plaintiffs' Motion to Compel and for Sanctions against Plaintiffs Pursuant to O.C.G.A. § 9-11-37.**

Plaintiffs filed their Motion to Compel Merrill Lynch to Produce Non-Privileged Document, or Alternatively, for in Camera Review in State Court on July 29, 2010, but filed a Notice of Withdrawal of the Motion in this Court on January 20, 2011 [188]. Plaintiffs' counsel explained at the hearing on January 28, 2011, that Plaintiffs withdrew the Motion without prejudice because the issue relating to this Motion should be held for decision until after discovery is completed. Plaintiffs' counsel also explained why Plaintiffs described the e-mail document in their Motion to Compel that was "clawed back" by Merrill Lynch's counsel pursuant to the April 15, 2010 Protective Order and confirmed that Plaintiffs' counsel destroyed the e-mail document that is the subject of these related Motions.

Defendant Merrill Lynch's counsel contended in support of Merrill Lynch's Motion that Plaintiffs received the subject e-mail document in discovery that was a request for legal advice from the Office of General Counsel of Merrill Lynch and

that it was privileged on its face. Merrill Lynch's counsel contended that Plaintiffs improperly kept the document and then drew public attention to the document through an electronically filed Motion to Compel after Merrill Lynch clawed back the inadvertently produced document to Plaintiffs. Defendant Merrill Lynch contends that it has spent approximately $100,000 in legal fees in dealing with this issue and that Plaintiffs should be sanctioned for their conduct in connection with this specific matter.

The Special Master notes that this dispute and the parties' inability to resolve it is symptomatic of the strained relations and acrimony between counsel for Plaintiffs and counsel for Defendants resulting from hard-fought litigation in this case for almost three years. Plaintiffs have withdrawn their Motion, but Defendants' Motion to Compel and for Sanctions remains pending. The Special Master will **DEFER** ruling on Defendants' Motion until a later date. If Plaintiffs re-file their Motion to Compel, then the undersigned will consider Defendants' Motion when reviewing Plaintiffs' Motion. If Plaintiffs do not re-file their Motion, the undersigned will issue a decision on Defendants' Motion when he issues his final Order in this case.

**VIII.** **Plaintiffs' Motion for Sanctions against BAS for Undisputed Violation**
**of the Court's 7/16/09 Scheduling Order.**

Plaintiffs filed this Motion for Sanctions against Banc of America Securities,
LLC, for Undisputed Violation of the Court's July 16, 2009 Scheduling Order in
State Court on August 30, 2010.    Plaintiffs contend that Defendant Banc of
America failed to produce a complete and accurate record of its stock position
movements (i.e., "stock record") in Taser securities no later than September, 2009
(i.e., 60 days from the entry of the Scheduling Order).    Plaintiffs contend that after
several inquiries by Plaintiffs, Banc of America admitted on August 11, 2010,
almost a year after Banc of America was required to provide a complete stock
record, that the stock record it produced was incomplete.    Plaintiffs acknowledge
that they received a complete and accurate stock record from Banc of America in
September, 2010.

Defendant Banc of America's counsel acknowledged at the hearing on
January 28, 2011, that the initial stock record provided by Banc of America was
inaccurate.    He then stated that Banc of America was not made aware of any
deficiencies in the stock record until well into 2010.    Once Banc of America was
made aware of the deficiencies, it undertook, at its expense, the steps necessary to
provide Plaintiffs with an accurate and complete "data set" for the Taser securities.
He also noted that Banc of America's conduct was not intentional or willful.

The Special Master **DENIES** Plaintiffs' Motion for Sanctions.   The circumstances presented in connection with this discovery dispute make an award of expenses unjust within the meaning of Fed. R. Civ. P. 37.   Defendant Banc of America remedied the deficiencies in the data set once Plaintiffs notified Defendant Banc of America of the deficiencies.   There is no evidence that Banc of America intentionally provided Plaintiffs with deficient data in connection with its production of Taser stock position movements.   Therefore, the undersigned will not impose sanctions in connection with this dispute.

IX.   **Defendants' Motion to Compel Production of Presentation Notebook Improperly Taken from Defendants' Table in Court.**

Defendants filed this Motion in State Court on September 17, 2010, one month after the hearing held by the State Court on motions pending before the State Court.   Defendants request this Court to issue an Order directing Plaintiffs to return to Defendants immediately the duplicate notebook binder that Plaintiffs presented to the State Court in connection with oral argument on August 17, 2010. Plaintiffs served this notebook binder on Defendants' counsel during the oral argument, but one of Plaintiffs' counsel took the notebook binder from defense counsel's table at the conclusion of the August 17, 2010 hearing without notice, without discussion, and without defense counsel's knowledge.   Defendants note

that they have requested a return of the notebook binder from Plaintiffs' counsel, but Plaintiffs' counsel has refused to return the notebook binder to defense counsel.

At the hearing, Plaintiffs' counsel presented Plaintiffs' position as to this Motion. Counsel explained that the notebook binder contained Plaintiffs' arguments on numerous motions pending before the State Court and that the State Court adjourned the hearing after receiving oral argument on only one motion. The State Court did so because the State Court decided during the August 17, 2010 hearing to appoint a Special Master to review and consider all discovery motions. Plaintiffs' counsel also noted that following the conclusion of the hearing after only one argument, it appeared to Plaintiffs' counsel that Defense counsel had taken all of their belongings from the Courtroom except for the notebook binder and certain boxes of documents as to which they had requested permission from the Court to retrieve at a later date.

The Special Master notes that what occurred in connection with this incident is regrettable and unfortunate. It is another example of the level of acrimony that has occurred in this litigation. The undersigned will supervise all remaining discovery in this case to ensure that this type of incident does not occur in the future.

The Special Master **GRANTS** Defendants' Motion and **DIRECTS** Plaintiffs to immediately deliver the notebook binder taken from defense counsel's table at the hearing on August 17, 2010, to the office of Richard H. Sinkfield, Esq., of Rogers & Hardin LLP.   The undersigned **DENIES** Defendants' request for attorneys' fees, but reserves the right to impose sanctions for this type of conduct in the future.

**X.**   **Plaintiffs' Motion to Compel Defendants Banc of America Securities, LLC, Merrill Lynch, and Morgan Stanley to Respond to Interrogatories and Produce Documents from Traders and Sales Personnel [133].**

Plaintiffs filed this Motion to Compel on December 9, 2010, in this Court. Defendants filed their Oppositions to this Motion on December 27, 2010.   Counsel for the parties presented brief oral argument to the Special Master as to this Motion on January 28, 2011.   The Special Master has reviewed the Motion, memoranda, and other documents filed by all parties in connection with the Motion.   The Special Master believes that it will be productive for counsel for the parties to meet and confer in an effort to reach agreement as to the scope of discovery associated with this Motion.   The Special Master therefore **DEFERS** ruling on this Motion and **DIRECTS** the parties to meet and confer in advance of the next hearing.   If the parties are unable to resolve their differences as to the scope of discovery, the

undersigned will hear full oral argument on this Motion at the hearing during the week of February 21, 2011.

## XI.   Plaintiffs' Motion to Compel the Production of Responsive Recordings from Defendants Merrill Lynch and Merrill Lynch Professional Clearing Corporation [152].

Plaintiffs filed this Motion to Compel the Production of Responsive Recordings from Defendants Merrill Lynch and Merrill Lynch Professional Clearing Corporation ("Merrill Lynch Pro") on January 4, 2011, and Merrill Lynch and Merrill Lynch Pro filed their Opposition on January 19, 2011. The undersigned heard limited argument on this Motion at the hearing on January 28, 2011, because he had not received the moving papers and opposition documents before the hearing. The Special Master wants to conduct a full oral argument on this Motion at the hearing during the week of February 21, 2011, before issuing a ruling on this Motion. The undersigned therefore **DEFERS** ruling on this Motion until after the next hearing. The undersigned encourages counsel for the parties to again meet and confer as to the subject matter of this Motion in an effort to resolve this discovery dispute or reduce the scope of the dispute before the next hearing.

## XII. Plaintiffs' Motion to Compel Defendant Merrill Lynch Professional Clearing Corp. to Identify Certain Employees Likely to Have Responsive Information and to Produce Documents from a Limited Set of Persons [165].

Plaintiffs filed this Motion on January 18, 2011, and Defendant Merrill Lynch Pro filed its Opposition to this Motion on January 26, 2011. The Special Master heard only limited argument on this Motion and wants to conduct a full oral argument on this Motion at the hearing during the week of February 21, 2011, before issuing a ruling on this Motion. The undersigned therefore **DEFERS** ruling on this Motion until after the next hearing. The undersigned encourages counsel for the parties to again meet and confer as to the subject matter of this Motion in an effort to resolve this discovery dispute or reduce the scope of the dispute before the next hearing.

## XIII. Extension of the Discovery Period.

The discovery period in this action was last re-set in 2010 when the case was pending in the State Court. After presiding over the lengthy hearing on January 28, 2011, it is apparent to the undersigned that the existing discovery schedule is no longer realistic. Accordingly, pursuant to the authority derived from Paragraph 2 of the attached Order Appointing Special Master, the Special Master hereby **ORDERS** that the discovery deadlines and all other deadlines associated with the

close of discovery shall be extended by three months.  The new set of deadlines is

displayed on the Calendar of Dates and Deadlines attached hereto as Exhibit "B."

SO ORDERED, this 7th day of February, 2011.

Henry D. Fellows, Jr.
Georgia Bar No. 257825

FELLOWS LABRIOLA LLP
Peachtree Center, Suite 2300, South Tower
225 Peachtree Street, N.E.
Atlanta, GA  30303-1731
(404) 586-9200

28

State Court of Fulton County
***EFILED***
PAGE  01
LexisNexis Transaction ID: 33251765
Date:  Sep 15 2010  3:02PM
Mark Harper, Clerk

09/15/2010  14:45     4042340575                   JUDGE PATSY PORTER

# IN THE STATE COURT OF FULTON COUNTY
## STATE OF GEORGIA

TASER INTERNATIONAL, INC., *et al.*,

    Plaintiffs,

v.

MORGAN STANLEY & CO., INC., *et al.*,

    Defendants.

CIVIL CASE NUMBER
2008-EV-004739-B

## ORDER APPOINTING SPECIAL MASTER

    Considering the volume of discovery, the number of motions concerning discovery that the parties have filed, and the parties' progress in resolving issues through the meet and confer process, the Court and parties have determined that the most efficient, effective, and prompt manner to address the supervision of discovery in this action is to appoint a Special Master to oversee such discovery, including resolving the parties' discovery-related disputes and issues. In accordance with the Court's ruling from the bench during a hearing held on August 17, 2010, therefore, a Special Master is hereby appointed pursuant to and in accordance with Uniform State Court Rule 46. All parties agree that they have been provided the required notice and opportunity to be heard as set forth in Uniform State Court Rule 46.

1.     **Selection of the Special Master**

    a.     Pursuant to Uniform State Court Rule 46(A)(1)(a) and all other applicable authority, the Court hereby appoints Henry D. ("Hank") Fellows, Jr. to serve as (the "Special Master") with respect to all existing and future discovery issues in this action. The Special Master's duties, powers and authorities are set forth in this Order.

    b.     The appointment of Mr. Fellows as the Special Master is subject to and conditioned upon his submitted to this Court an affidavit certifying that he and his firm: (i) do not have a conflict of interest; (ii) has not previously and does not presently represent any party

Exhibit A

or law firm in this action; (iii) will discharge the Special Master's duties as required by law and

pursuant to the Court's instructions without favor to, or prejudice against, any party; (iv) is

unaware of any ground for disqualification and (v) is an attorney in good standing and currently

admitted to practice law in the State of Georgia and is located in Atlanta, Georgia. Mr. Fellows

shall submit the affidavit no later than the _13th_ day of September, 2010.

**2.      Appointment, Scope of Authority and Duties.**

The parties consent and the Court Orders that:

a.      The Special Master shall have the duty and power to supervise all aspects of

discovery and to resolve issues and disputes concerning all matters related to discovery,

including any prior Orders of the Court regarding discovery issues, questions of relevancy,

scope, burden, privilege, timing of discovery, and requests for discovery stays. The Special

Master shall have the power to take evidence, hear discovery motions,[1] pass on questions of law

and fact, and determine appropriate relief within the scope of this Order. Unif. State Ct. R.

46(C).

The Special Master shall have authority to <u>recommend</u> sanctions (including, but not

limited to, sanctions for violations of any of the Court's prior Orders) pursuant to

O.C.G.A. §§ 9-11-37 and 9-11-45, or to recommend contempt sanctions against a party

or any sanction against a nonparty

The Special Master does not have the power or authority to rule on summary judgment,

*Daubert* motions, motions in limine, motions for judgment on the pleadings or any other non-

discovery motion.

---

[1]      The Special Master shall hear all pending discovery motions, a list of which is attached as
Exhibit A.



2

b.      The Special Master's appointment shall expire sixty (60) days after the close of expert discovery.  However, any discovery motions to be ruled upon by the Special Master shall be filed no later than the final day of expert discovery to provide the Special Master with sufficient time to rule on the motion before his or her term expires.

c.      At the request of any affected party or at his/her own discretion, the Special Master may permit a telephonic or in-person hearing on any discovery motions.  Any in-person hearing shall be transcribed.  In conducting evidentiary hearings (which shall be limited to discovery matters), the Special Master may exercise the power of the Court to compel, take, and record evidence.  Unif. State Ct. R. 46(D).

d.      To assist in the management of discovery, the Special Master shall schedule telephone status conferences with the parties at least once per month to discuss any pending matters, issues, and/or disputes raised by any party or by the Special Master.  Further, the parties shall be permitted to contact the Special Master on matters where any affected party believes the matter can be resolved without formal briefing, so long as the contact is not *ex parte*.

3.      **Reasonable Diligence.**  The Special Master is directed to proceed with all reasonable diligence.  Unif. State Ct. R. 46(B)(2).  The Special Master shall have 30 days to review all current and pending discovery motions from the Date of this Order appointing him as Special Master at which point the Court will provide the parties with a revised detailed scheduling order regarding all rulings on discovery motions.

4.      **Ex Parte Communications.**  The Special Master may communicate *ex parte* with the Court.  The Special Master may not communicate *ex parte* with the parties without consent of the Court and notice to all parties.  Unif. State Ct. R. 46(B)(2)(b).



5.    **Record/Report.**  The Special Master shall preserve, as a record of his activities, all

written submissions received from the parties, all written submissions sent to the parties, and any

transcripts of hearings before the Special Master.  All such materials shall be filed with the Clerk

of the Court.  Unif. State Ct. R. 46(B)(2)(c).  The Special Master shall also report to the Court by

filing with the Clerk of the Court any order, report, or recommendation to the Court, and such

report will, at minimum, include: (1) all motions submitted by the parties; (2) all rulings made on

all or orders made on all issues presented, including all appropriate findings of fact and

conclusions of law; (3) any evidence not contained within the briefing or exhibits offered by the

parties and, if appropriate, any rulings as to the admissibility of such evidence; and (4) such other

matters as the master may deem appropriate.  Unif. State Ct. R. 46(F).  The Special Master must

file the report and promptly serve a copy of the report on each party.

6.    **Informal Rulings.**  If the Special Master makes a ruling during a telephone call,

deposition, or in any other oral manner, the Special Master must reduce that ruling to writing no

later than five days after the ruling has been made and comply with the requirements of

paragraph 5 above regarding reporting to the Court.  Such report must be filed with the Clerk of

the Court.

7.    **Time.**  The Special Master's order, report, or recommendations shall be deemed received

three days after mailing by United States mail or on the same day if transmitted electronically or

by hand-delivery.  Unif. State Ct. R. 46(G)(2).

8.    **Objections.**  A party that seeks to file objections to any order (formal or informal),

report, or recommendation of the Special Master must file its objections no later than 14 calendar

days from the time the relevant order, report, or recommendation was received under Paragraph

7 above.  Any response to the objection shall be filed by the non-moving party within 14

4



calendar days. Objections to an order, report, or recommendation by the Special Master shall be determined based on the record before the Special Master.  Unif. State Ct. R. 46(B)(2)(d), (G)(1).

     a.    **Standard of Review.**  Objections to findings of fact by the Special Master shall be reviewed *de novo*.  Unif. State Ct. R. 46(G)(3).  Objections to a ruling by the Special Master on a procedural matter may be set aside only for abuse of discretion.  Unif. State Ct. R. 46(G)(5).  Objections to conclusions of law made or recommended by the Special Master must be reviewed *de novo*.  Unif. State Ct. R. 46(G)(4).

     b.    **Adoption.**  If a party does not file objections to the Special Master's order, report, or recommendation in accordance with the time limits set by this Order, such order, report, or recommendation shall have the force and effect of an order of the Court.  Unif. State Ct. R. 46(G)(2).

     c.    The parties are advised not to abuse the right to request that this Court modify or reject a decision of the Special Master.  The Court reserves the right to award fees and expenses to any party that unsuccessfully challenges any Special Master order.

**9.**    **Compensation.**

     a.    The parties consent and the Court orders that the default recommendation shall be that Plaintiffs, as a group, bear 50% of the Special Master's compensation, costs, and expenses, and Defendants, as a group, bear 50% of the Special Master's compensation, costs, and expenses. The group of Plaintiffs may allocate their 50% share of such compensation, costs, and expenses among each Plaintiff in whatever manner the Plaintiffs desire.  The group of Defendants may allocate their 50% share of such compensation, costs, and expenses among each Defendant in whatever manner the Defendants desire.  Unif. State Ct. R. 46(H).



    b.      The Special Master shall be compensated at a rate of $ <u>450.00</u> per hour.  Further,

the Special Master may employ one associate at his/her law firm to assist at that associate's

customary hourly rate, which shall not exceed $ <u>260.00</u> per hour.

    c.      The Special Master may make recommendations to the Court concerning a
particular party or parties paying a greater proportion of or all of the Special
Master's fees, costs and expenses associated with a particular motion.

10.    **Rule 46.**  The Special Master shall act in accordance with the provisions of Unif. State

Ct. R. 46 to the extent the provisions of that Rule have not expressly been modified by this

Order.

11.    **Amendment.**  This Order may be amended at any time after notice to the parties and an

opportunity to be heard.

This _15_ day of _September_, 2010.

                        Patsy Y. Porter, Chief Judge
                        Fulton County State Court

## EXHIBIT A

The following discovery motions are pending, and will be resolved by the Special Master:

1.     Plaintiffs' Motion for Relief Concerning Defendant UBS Securities' Violation of this Court's Order, filed May 24, 2010;

2.     Plaintiffs' Motion to Compel Production of Documents Improperly Withheld as Privileged or Alternatively, to Appoint Special Master to Conduct an in Camera Review, filed May 24, 2010;

3.     Plaintiffs' Motion for Relief Concerning Defendants' Violation of the Court's Protective Order, filed May 24, 2010;

4.     Plaintiffs' Motion for Relief and Sanctions Against Defendants Bear Stearns, Credit Suisse Securities, Deutsche Bank Securities, Inc., Goldman Sachs, Merrill Lynch and Morgan Stanley for Violations of this Court's Discovery Orders, filed June 2, 2010;

5.     Plaintiffs' Motion to Compel Defendants to Produce Documents Related to Their Affirmative Defense of Good-Faith Reliance or, in the Alternative, to Strike that Defense, filed June 4, 2010;

6.     Supplement to Plaintiffs' Motion for Relief and Sanctions for Defendants' Violations of this Court's Discovery Orders as to Defendant Morgan Stanley, filed June 11, 2010;

7.     Defendants' Motion to Compel Plaintiffs to Answer Interrogatory Nos. 1, 2, and 4 in Defendants' Second Set of Interrogatories to Plaintiffs, filed June 10, 2010;

8.     Plaintiffs' Motion to Strike Defendants' Motion to Compel and For Fees, filed July 12, 2010;



7

9.      Defendants' Cross-Motion and Supporting Memorandum of Law to Compel the Production of Documents Inappropriately Withheld Under the Accountant-Client Privilege and the Production of Supplemental Privilege Logs, filed June 23, 2010;

10.     The Goldman Sachs Defendants' Motion for Sanctions Against Plaintiffs Pursuant to O.C.G.A. § 9-15-14(b), filed July 2, 2010;

11.     Merrill Lynch, Pierce, Fenner & Smith Incorporated's Motion for Sanctions Against Plaintiffs Pursuant to O.C.G.A. § 9-15-14(b), filed July 2, 2010;

12.     Defendants' Motion for Hearing on Additional Pending Motions, filed July 8, 2010;

13.     Defendants' Motion for Protective Order with Respect to Plaintiffs' June 10, 2010 Discovery and Memorandum in Support Thereof including Exhibits and Affidavits, filed July 19, 2010;

14.     Plaintiffs' Motion to Compel Responses to Discovery Served on June 10, 2010 and Plaintiffs' Motion for Relief from Defendants' Violation of this Court's February 10, 2010 Order, filed 7/19/2010.

15.     UBS Securities, LLC's Motion to Strike Part of Plaintiffs' Reply in Support of May 24, 2010 Omnibus Discovery Motion, or, in the Alternative for Leave to File the Incorporated Sur-Reply, Motion for Relief Pursuant to O.C.G.A. § 9-15-14, filed July 27, 2010;

16.     Plaintiffs Motion to Compel Merrill Lynch, Pierce, Fenner & Smith to Produce Non-Privileged Documents, or Alternatively, for in Camera Review, filed July 29, 2010;

17.     Defendant Merrill Lynch, Pierce, Fenner & Smith Incorporated's Emergency Motion to Protect Privileged Communications by Striking Plaintiffs' Motion to Compel and for Sanctions Against Plaintiffs Pursuant to O.C.G.A. § 9-11-37, filed August 2, 2010;



8

18.    Plaintiffs' Motion to Set Hearing on Plaintiffs' Motion to Compel and Merrill Lynch's Related Motion to Strike, filed August 3, 2010; and

19.    Plaintiffs' Motion for Sanctions Against Deutsche Bank Securities, Inc. for Undisputed Violation of the Court's July 16, 2009 Scheduling Order, filed August 23, 2010.



9

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| TASER INTERNATIONAL, INC., et al., | ) |
| | ) Case No.: 1:10-CV-03108-JEC |
| Plaintiffs, | ) |
| | ) |
| v. | ) [On removal from the State |
| | ) Court of Fulton County, |
| MORGAN STANLEY & CO., INC., et al., | ) Georgia Case No.: |
| | ) 2008-EV-004739-B] |
| | ) |
| Defendants. | ) |
| | ) |

## REVISED CALENDAR OF DATES AND DEADLINES

| | |
|---|---|
| Close of General Fact Discovery | **06/30/11** |
| Expert Witness Initial Designation Deadline | **07/11/11** |
| Motion to Compel (General Fact Discovery) | **07/15/11** |
| Expert Witness Rebuttal Designation | **8/11/2011** |
| Expert Depositions Deadline | **9/27/2011** |
| End of Expert Discovery Period | **9/27/2011** |
| Motion to Compel:  Experts | **10/13/2011**[1] |
| Dispositive Motions Deadline | **11/10/2011**[2] |
| Response to Dispositive Motions | **12/27/2011**[3] |

[1] Assumes Expert Discovery Closes at Expert Depositions Deadline
[2] Assumes Expert Discovery Closes at Expert Depositions Deadline
[3] Assumes Motion is Filed on Deadline Date

Exhibit B

| Pretrial Order | 11/10/2011[4] |
|---|---|
| Motions to Exclude Experts/Daubert Motions | 11/10/2011[5] |

[4] Assumes that No Dispositive Motions are Filed and Expert Discovery Closes at Expert Depositions Deadline
[5] Assumes Expert Discovery Closes at Expert Depositions Deadlines

## CERTIFICATE OF SERVICE

I hereby certify that I have on this day served the foregoing **Notice of Filing Order of Special Master** upon counsel of record via electronic mail and the CM/ECF filing system, which will also send email notification to all counsel of record.

This 7th day of February, 2011.

s/Henry D. Fellows, Jr.
Henry D. Fellows, Jr.