**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| TASER INTERNATIONAL, INC., *et al.*, | ) | |
| | ) | Case No.: 1:10-CV-03108-JEC |
| Plaintiffs, | ) | |
| | ) | [On removal from the State |
| v. | ) | Court of Fulton County, |
| | ) | Georgia Case No.: |
| MORGAN STANLEY & CO., INC., *et al.*, | ) | 2008-EV-004739-B] |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**PLAINTIFFS' OBJECTIONS TO FEBRUARY 1, 2011 NOTICE OF
30(B)(6) DEPOSITION OF TASER INTERNATIONAL, INC.**

Plaintiff TASER International, Inc. ("TASER") hereby submits its

Objections and Responses to Defendants' February 1, 2011 Notice of 30(B)(6)

Deposition of Plaintiff TASER International, Inc.

**GENERAL OBJECTIONS**

TASER incorporates the following general objections into each of its

responses below.  To avoid redundancy, the general objections are not repeated in

the specific responses below.

1.

TASER objects to the extent that the deposition topics seek testimony

concerning matters protected by attorney-client privilege, the work-product

doctrine or any other applicable privilege.  TASER will disclose no privileged information.

2.

TASER objects to the extent that the deposition topics seek information that is outside TASER's knowledge.  TASER will not provide information known only to third parties and/or within the knowledge of its attorneys or investigators.

3.

TASER objects to the definitions of "TASER" and "your" on the ground that they are overly broad and vague.  For example, the definition provided defines TASER as including agents, representatives and other third parties unrelated to this case.  TASER further objects to these definitions insofar as they may be construed to include attorneys, thereby making the definitions seek information protected by the attorney-client and work-product privileges.  TASER further objects to the definitions to the extent they seek information outside of TASER's possession, custody or control.

4.

TASER objects to the deposition topics to the extent they seek to impose obligations upon TASER in excess of the Georgia Civil Practice Act and Federal Rules of Civil Procedure.

841851.1

5.

TASER objects to the deposition topics to the extent they are premature and seek information in advance of the time contemplated by the Scheduling Order. Defendants are seeking to take a deposition a prior to the time that the defendants will have completed their document and data production in this case. The deposition is also scheduled prior to the time that TASER anticipates receiving data and other information from third parties. The deposition is also scheduled prior to the time for expert discovery. Consequently, any responses TASER may provide are without the benefit of that information which will change, clarify and/or supplement any responses given. Therefore, if defendants decide to move forward with the deposition now, they do so with the knowledge that the answers they receive will likely be incomplete and subject to change. Plaintiffs are not willing to provide two depositions on the same 30(b)(6) topics. If defendants want to move forward with the deposition now, they have full knowledge that TASER will not produce a second witness on these same topics later.

6.

TASER objects to each of the topics to the extent they are repetitive of prior topics served by defendants and upon which the parties previously conferred, but

the topics now included do not reflect the parties' earlier agreements and discussions.

7.

TASER also incorporates, as if fully stated herein, all of its objections and responses to Defendants' August 21, 2009 Notice of Taking 30(b)(6) Deposition.

8.

TASER objects to each of the topics on the ground that defendants are using the instant notice as an attempt to take this deposition before those depositions that plaintiffs have had noticed for several months prior to the instant notice.

9.

TASER objects to each of the topics on the ground that it seeks expert testimony and opinion.   Such a deposition is both not permitted at this time under the Scheduling Order and improper for a 30(b)(6) deposition.

10.

TASER objects to each of the topics to the extent full and complete answers require TASER to review highly confidential and other materials for which Defendants have refused to permit TASER to review.  TASER's answers will necessarily be limited by the fact that TASER does not have access to all discovery in this case.

11.

TASER objects to the extent this topic seeks information about Plaintiffs other than TASER.

12.

TASER objects to each of the topics to the extent they are overly broad and unduly burdensome, particularly with respect to matters that are not relevant to this case.  Defendants have taken the position in this litigation that each corporate party will be subject to only one 7-hour 30(b)(6) deposition.  Accordingly, unless and until the Special Master rules or the parties agree otherwise, TASER will submit to a single, 7-hour deposition only.  Further, TASER objects on the ground that, in many cases, the topics are more appropriately suited for a written response or a form of discovery other than a 30(b)(6) deposition.  TASER is willing to meet and confer on the most appropriate means for Defendants to obtain relevant information.

TASER reserves the right to supplement or amend these responses and objections as discovery in this case continues.

## DEPOSITION TOPICS AND OBJECTIONS

1.      Your allegations that TASER has allegedly been injured by the actions of Defendants, including the following allegations:

a.   that "[n]aked short selling damages rightful shareholders of a company because it floods the market with counterfeit shares, thereby diluting the value of each legitimate share of stock, diluting the shareholder's right to a fixed percentage ownership of the company and diluting the shareholder's voting rights" (Compl. ¶ 6);

b.   that "by flooding the market with counterfeit TASER shares, the defendants have diluted the value of each legitimate share of TASER stock, including diluting the shareholder's right to a fixed percentage ownership of the company and associated voting rights" (Compl. ¶ 14);

c.   that "defendants' conspiracy has harmed TASER by, among other things, electronically issuing TASER treasury shares without authorization or compensation to TASER, limiting TASER's access to capital, lowering its market capitalization, damaging its perception in the market and making it more difficult for the company to expand and/or merge" (Compl. ¶¶ 14, 97);

d.   that "[o]ne of the primary harms caused by naked short selling is the dilution of a company's legitimate, authorized stock. These new shares dilute the value of authorized shares (including both the monetary value and voting rights), depressing the stock's price" (Compl. ¶ 78);

e.   that "defendants' unlawful conduct . . . has and continues to cause legitimate TASER shareholders . . . harm" (Compl. ¶ 97);

f.   that "defendants' persistent and unlawful naked short selling has resulted in the creation and circulation of tens of millions of counterfeit TASER shares, which dilute the value of legitimate, authorized TASER stock, and thereby artificially depress the stock price" (Compl. ¶ 97);

g.      that "counterfeit TASER shares deprive legitimate, authorized
        TASER shareholders of the economic trading value and their
        voting and other stock rights" (Compl. ¶ 97);

h.      that "defendants' unlawful conduct has also created uncertainty
        in the market regarding the integrity of TASER stock, causing
        further stock price depression" (Compl. ¶ 97);

i.      that defendants' actions "have proximately caused plaintiffs'
        injury, including, but not limited to, (i) lost value of the stock;
        (ii) impairment of non-monetary rights; and (iii) interference
        with the ordinary and intended operation of these rights"
        (Compl. ¶¶ 168, 170, 174);

j.      that "defendants have committed an unauthorized assumption
        and exercise of ownership over personal property (*i.e.,* TASER
        stock) belonging to plaintiffs, and have unlawfully appropriated
        it" (Compl. ¶ 173); and

k.      that "defendants have also substantially and wrongfully
        interfered with the plaintiffs' right to possession of their
        property" (Compl. ¶ 173).

**RESPONSE:**

In addition to its general objections, TASER objects to this topic, including

all subtopics, on the following grounds:

TASER objects to this topic on the grounds that it seeks expert discovery in

advance of the time for expert discovery as outlined in the Scheduling Order

entered in this case.  Further, expert testimony and opinion is not proper for a

30(b)(6).

TASER also objects to this topic on the ground that it seeks testimony related to documents and data that the defendants or third parties have not yet completely produced or for which plaintiffs have not had adequate time to analyze the data.  Any response TASER provides now will be limited, incomplete and subject to change.

TASER objects to this topic on the ground that it seeks information subject to protection by the attorney client privilege, accountant-client privilege or the work production doctrine.  No such protected information will be provided.

TASER objects to the extent this topic seeks legal opinions or conclusions.

TASER objects to the extent this topic seeks subjective beliefs or opinions, which may not be appropriate for a 30(b)(6).

TASER objects to the extent this topic seeks information about Plaintiffs other than TASER.

TASER objects to the extent that this topic seeks information on positions or opinions of a legal entity, as opposed to any individual.   TASER, the legal entity, may have no position on the topics posed.

TASER objects on the ground that a full and complete answer to many, if not all, of the topics would require TASER to have access to all of the discovery that has been produced in this case.  To date, Defendants have not permitted such

access by, *inter alia*, improperly designating a substantial amount of documents and data as "highly confidential."

2.      Any calculation of TASER's alleged damages in this action.

**<u>RESPONSE</u>:**

In addition to its general objections, TASER objects to this topic on the grounds that it seeks expert discovery in advance of the time for expert discovery as outlined in the Scheduling Order entered in this case.  TASER will not provide any expert discovery until the time required by the Court's scheduling order. TASER objects to this topic on the grounds that it seeks information subject to protection by the attorney client privilege, account-client privilege or the work production doctrine.  No such protected information will be provided.

TASER also objects to this topic on the ground that it seeks testimony related to documents and data that the defendants or third parties have not yet completely produced or for which plaintiffs have not had adequate time to analyze the data.  Any response TASER provides now will be limited, incomplete and subject to change.

TASER objects to the extent this topic seeks legal opinions or conclusions.

TASER objects to this topic on the ground that the information sought is duplicative of already served discovery.

TASER objects to this topic on the ground that it is inappropriate for a

30(b)(6) and more appropriately served as an interrogatory.

3.    TASER's financial and business performance, including:

    a.    TASER's internal tracking, analysis, and reporting of its financial and business performance.

    b.    TASER's analysis of the competitive marketplace, including any existing competitors or new entrants.

    c.    TASER's attempts to raise capital or obtain financing, including TASER's communications with any financial institution or advisor in connection with such attempts.

    d.    TASER's failures to meet its financial projections, including analysts' earnings estimates or internal TASER revenue goals, and the reasons therefor.

    e.    TASER's restatements of its financial statements or amendments, to forms filed with the U.S. Securities and Exchange Commission ("SEC").

    f.    TASER's late filing of forms with the SEC, and the possibility that the NASDAQ Stock Market would delist TASER stock.

    g.    Your communications with your auditors, Deloitte & Touche LLP and Grant Thornton LLP, including any disagreements with your auditors and the reasons for your dismissal of your auditor Deloitte & Touche LLP.

    h.    Your communications with actual or potential investors in TASER stock.

    i.    Your communications with, and retention of, any third-party public relations, lobbying, or investor relations firms.

j.     Any cancellation, delay, or slowdown of customer or distributor orders for TASER products.

**RESPONSE:**

In addition to its general objections, TASER objects to this topic, including all of the subparts on the following grounds:

TASER objects to this topic on the grounds that it seeks expert discovery in advance of the time for expert discovery as outlined in the Scheduling Order entered in this case.  TASER will not provide any expert discovery until the time required by the Court's scheduling order.

TASER objects to this topic on the grounds that it seeks information subject to protection by the attorney client privilege, accountant client privilege or the work production doctrine.  No such protected information will be provided.

TASER also objects to this topic on the grounds that it seeks information that is neither relevant nor reasonably tailored to lead to the discovery of admissible evidence or testimony.  TASER objects to this topic on the grounds that it is harassing and unduly burdensome because it is not limited to matters at issue in this case.  TASER requests a meet and confer to appropriately narrow the scope of the topics.

Moreover, TASER notes documents relating to these topics have not yet been fully produced as a result of Defendants' dilatory conduct with respect to

841851.1

11

negotiating the scope of their documents.  In the event that the parties resolve

TASER's objections to these requests and defendants elect to move forward with

this topic before documents are produced, TASER will not provide another

deposition on the same topic.

TASER also objects to this topic on the grounds that it, and its numbered

subtopics, are vague and ambiguous.  TASER requests a meet and confer to obtain

substantially more specificity as to the information sought so TASER can properly

prepare a witness.  Indeed, as written, it is impossible to provide a witness.

TASER objects to the extent this interrogatory is not appropriately limited in

temporal scope.

TASER objects to this topic on the ground that it is inappropriate for a

30(b)(6) and more appropriately served as an interrogatory (assuming arguendo the

topics are even appropriate for this case).

4.      The safety (or lack thereof) of TASER products, including the
        following:

       a.      Studies of TASER product safety.

       b.      Injuries to users of TASER products or persons upon whom
        TASER products were used.

       c.      Your communications with or concerning coroners, medical
        examiners, or other persons investigating the cause of death of
        any person who died after being stunned with a TASER
        product.

841851.1

     d.     Your communications with or concerning governmental bodies concerning the safety and regulation of TASER products.

     e.     Criticism of TASER products by third parties, including the American Civil Liberties Union, Amnesty International, and the United Nations Committee Against Torture, and TASER's responses to such criticism.

**<u>RESPONSE</u>:**

In addition to its general objections, TASER objects to this topic, including all subtopics, on the following grounds:

TASER objects to this topic on the ground that it is unduly burdensome, harassing and oppressive because it seeks information that has no bearing on the facts of this case. TASER further objects to this topic on the ground that it seeks information that is neither relevant nor reasonably tailored the lead to the discovery of admissible evidence or testimony. TASER is willing to meet and confer to see what, if any, portions of this topic it can provide a witness on.

TASER also objects to this topic on the grounds that it seeks information that is protected from disclosure pursuant to the attorney client privilege or the attorney work product doctrine. TASER also objects to this topic to the extent that it seeks information that is subject to any protective order issued in another lawsuit. TASER objects to this topic on the grounds that it is overly broad.

841851.1

TASER also objects to this interrogatory on the grounds that it, and its numbered subtopics, are vague and ambiguous.  TASER requests a meet and confer to obtain substantially more specificity as to the information sought so TASER can properly prepare a witness.  Indeed, as written, it is impossible to provide a witness.

TASER objects to the extent this interrogatory is not appropriately limited in temporal scope.

TASER objects to this topic on the ground that it is inappropriate for a 30(b)(6) and more appropriately served as an interrogatory (assuming arguendo the topics are even appropriate for this case).

5.      Defects in TASER products, including the following:

      a.      Recalls of TASER products.

      b.      Returns of TASER products purchased by customers or distributors.

      c.      Complaints concerning TASER products from customers or distributors.

**RESPONSE:**

In addition to its general objections, TASER objects to this topic, including all subtopics, on the following grounds:

TASER objects to this topic on the ground that it is unduly burdensome, harassing and oppressive because it seeks information that has no bearing on the facts of this case.  TASER further objects to this topic on the ground that it seeks information that is neither relevant nor reasonably tailored the lead to the discovery of admissible evidence or testimony.  TASER is willing to meet and confer to see what, if any, portions of this topic it can provide a witness on.

TASER also objects to this topic on the grounds that it seeks information that is protected from disclosure pursuant to the attorney client privilege or the attorney work product doctrine.  TASER objects to this topic on the grounds that it is overly broad.

TASER also objects to this interrogatory on the grounds that it, and its numbered subtopics, are vague and ambiguous.  TASER requests a meet and confer to obtain substantially more specificity as to the information sought so TASER can properly prepare a witness.  Indeed, as written, it is impossible to provide a witness.

TASER objects to the extent this interrogatory is not appropriately limited in temporal scope.

TASER objects to this topic on the ground that it is inappropriate for a 30(b)(6) and more appropriately served as an interrogatory (assuming arguendo the topics are even appropriate for this case).

6.     TASER stock splits during 2004, including the following:

    a.     The reasons for, and decision-making process with respect to, TASER's stock splits; and

    b.     Any consideration or analysis of possible effects, positive or negative, of TASER engaging in stock splits.

**RESPONSE:**

In addition to its general objections, TASER objects to this topic, including all subtopics, on the following grounds:

TASER objects to this topic on the ground that it seeks information that is protected from disclosure by the attorney client privilege, the accountant client privilege or the attorney work product doctrine.  No privileged information will be provided.  TASER also objects to this topic on the ground that it is unduly burdensome and overly broad.

TASER objects to the extent this topic seeks subjective beliefs or opinions, which may not be appropriate for a 30(b)(6).

TASER objects to this topic on the grounds that it seeks expert discovery in advance of the time for expert discovery as outlined in the Scheduling Order

entered in this case.  Further, expert testimony and opinion is not proper for a

30(b)(6) deposition

TASER also objects to this interrogatory on the grounds that it, and its

numbered subtopics, are vague and ambiguous.  TASER requests a meet and

confer to obtain substantially more specificity as to the information sought so

TASER can properly prepare a witness.  Indeed, as written, it is impossible to

provide a witness.

TASER objects to this topic on the ground that it is inappropriate for a

30(b)(6) and more appropriately served as an interrogatory (assuming arguendo the

topics are even appropriate for this case).

7.      Your efforts to counter naked short selling of TASER stock.

**RESPONSE:**

TASER objects to this topic on the ground that it seeks information that is

protected from disclosure by the attorney client privilege, the accountant client

privilege or the attorney work product doctrine.  No privileged information will be

provided.

8.      Your efforts to purchase alleged counterfeit or artificially created
        TASER shares or security entitlements out of the market, including
        any assumption of cost associated with such efforts.

**<u>RESPONSE</u>:**

TASER objects to this topic on the ground that it seeks information that is protected from disclosure by the attorney client privilege, the accountant client privilege or the attorney work product doctrine.  No privileged information will be provided.  TASER objects to this topic on the grounds that it seeks expert discovery in advance of the time for expert discovery as outlined in the Scheduling Order entered in this case.  Further, expert testimony and opinion is not proper for a 30(b)(6) depositions.

> 9.      Your tracking of, or estimates concerning, naked short positions in TASER stock.

**<u>RESPONSE</u>:**

TASER objects to this topic on the ground that it seeks information protected from disclosure by the attorney client privilege or the attorney work product doctrine.  No such privileged or protected information will be produced.  TASER objects to this topic on the grounds that it seeks expert discovery in advance of the time for expert discovery as outlined in the Scheduling Order entered in this case.  Further, expert testimony and opinion is not proper for a 30(b)(6).

TASER also objects to this topic on the ground that it seeks testimony related to documents and data that the defendants or third parties have not yet completely produced or for which plaintiffs have not had adequate time to analyze

the data.  Any response TASER provides now will be limited, incomplete and subject to change.

      10.    The results of all TASER shareholder votes.

**<u>RESPONSE</u>:**

TASER objects to this topic on the ground that it is overly broad and unduly burdensome because it is not limited to any particular topic or time frame but instead appears to seek information concerning each of TASER's shareholder votes.  TASER also objects to this topic on the grounds that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence or testimony.

TASER objects to this topic on the ground that it is inappropriate for a 30(b)(6) and more appropriately served as an interrogatory (assuming arguendo the topics are even appropriate for this case).

      11.    Any instance in which any of the following occurred as a result of alleged unlawful naked short selling of TASER stock and/or the creation of alleged counterfeit or artificially created TASER shares or security entitlements:

          a.    Control or authority of TASER's Board of Directors was diluted;

          b.    An analyst was discouraged from covering TASER stock;

      c.     TASER's business plans or operations, including any stock buybacks, stock issuances, stock splits or employee compensation tied to TASER securities, were affected; or

      d.     TASER's name, likeness, good will or property (either tangible or intangible) were misappropriated.

**RESPONSE:**

In addition to its general objections, TASER objects to this topic, including all subtopics, on the following grounds:

TASER objects to this topic on the grounds that it seeks information protected from disclosure by the attorney client privilege or the attorney work product doctrine.  No such privileged or protected information will be produced. TASER objects to this topic on the grounds that it seeks expert discovery in advance of the time for expert discovery as outlined in the Scheduling Order entered in this case.  Further, expert testimony and opinion is not proper for a 30(b)(6) deposition.

TASER further objects to this topic on the grounds that discovery is ongoing in this case and any information provided at this point in the case may be incomplete because TASER's investigation and analysis of documents is not yet complete and all of the defendants have not yet provided all of the information in a complete, accurate and readable form.  Any information provided now will likely be incomplete and subject to change.

841851.1

TASER objects to the extent this calls for a legal conclusion or opinion.

12.   Any instance where allegedly false news or information was disseminated about TASER securities, including any instance where such false news or information detrimentally affected TASER's stock price or its relationship with customers or potential customers resulting in delays, reductions or cancellations of sales or orders.

**RESPONSE:**

TASER objects to this topic on the grounds that it seeks information protected from disclosure by the attorney client privilege or the attorney work product doctrine.  No such privileged or protected information will be produced.

TASER also objects to this topic on the grounds that is seeks expert discovery prior to the time permitted by the Court's Scheduling Order in this case. Further, expert opinion and testimony is not proper for a 30(b)(6).

TASER further objects to this topic on the grounds that discovery is ongoing in this case and any information provided at this point in the case may be incomplete because TASER's investigation and analysis of documents is not yet complete and all of the defendants have not yet provided all of the information in a complete, accurate and readable form. Any information provided now will likely be incomplete and subject to change.

TASER objects to the extent this topic seeks subjective beliefs or opinions, which may not be appropriate for a 30(b)(6).

13.     Numbered topics 1,3, 5,6,7,9, 10, 11, 12, 13, 14, 15, and 16 from
        Defendants' August 21, 2009 Notice of Taking 30(b)(6) Deposition of
        TASER, which was postponed pursuant to the Stipulation and Order
        dated December 15, 2009.

**RESPONSE:**

TASER objects to this topic on the ground that it is overly broad and unduly

burdensome.  Among other things, TASER objects to topic 13 on the grounds that

it incorporates numerous different topical areas as one topic.  TASER also objects

to this topic on the ground that it duplicative of prior topics where TASER has

already levied objections and those objections are not taken into account in the

topic even where the parties have conferred on those particular topics.  TASER

incorporates by reference, as if fully stated herein, each of the objections that it

previously levied to each of the numbered topics listed herein.  TASER attaches

these prior objections as Exhibit A hereto for the convenience of the defendants.

TASER objects to this topic on the grounds that it seeks expert discovery in

advance of the time for expert discovery as outlined in the Scheduling Order

entered in this case.  Further, expert testimony and opinion is not proper for a

30(b)(6).

TASER also objects to this topic on the ground that it seeks testimony

related to documents and data that the defendants or third parties have not yet

completely produced or for which plaintiffs have not had adequate time to analyze

the data.  Any response TASER provides now will be limited, incomplete and subject to change.

TASER objects to this topic on the ground that it seeks information subject to protection by the attorney client privilege, accountant-client privilege or the work production doctrine.  No such protected information will be provided.

TASER objects to the extent this topic seeks legal opinions or conclusions.

TASER objects to the extent this topic seeks subjective beliefs or opinions, which may not be appropriate for a 30(b)(6).

TASER objects to the extent this topic seeks information about Plaintiffs other than TASER.

TASER also objects to this interrogatory on the grounds that it, and its numbered subtopics, are vague and ambiguous.  TASER requests a meet and confer to obtain substantially more specificity as to the information sought so TASER can properly prepare a witness.  Indeed, as written, it is impossible to provide a witness.

TASER objects to this topic on the ground that it is inappropriate for a 30(b)(6) and more appropriately served as an interrogatory (assuming arguendo the topics are even appropriate for this case).

Respectfully submitted this 17th day of February, 2011.

/s/ Michael A. Caplan
John E. Floyd
Georgia Bar No. 266413
floyd@bmelaw.com
Jill A. Pryor
Georgia Bar No. 589140
pryor@bmelaw.com
Steven J. Rosenwasser
Georgia Bar No. 614908
rosenwasser@bmelaw.com
Nicole G. Iannarone
Georgia Bar No. 382510
iannarone@bmelaw.com
Michael A. Caplan
Georgia Bar No. 601039
caplan@bmelaw.com
Elizabeth G. Eager
Georgia Bar No. 644007
eager@bmelaw.com
Robert L. Ashe
Georgia Bar No. 208077
ashe@bmelaw.com
Bondurant, Mixson & Elmore, LLP
3900 One Atlantic Center
1201 West Peachtree Street, N.W.
Atlanta, Georgia  30309-3417
(404) 881-4100 Tel.
(404) 881-4111 Fax

James W. Christian
State Bar No. 04228700
jchristian@csj-law.com
Gary M. Jewell
State Bar No. 10664800
gjewell@csj-law.com
Katherine Morton-Gonyea
State Bar No. 24066701
kgonyea@csj-law.com
Christian, Smith, & Jewell, LLP
2302 Fannin, Suite 500
Houston, Texas  77002
(713) 659-7617 Tel.
(713) 659-7641 Fax
(admitted *pro hac vice*)

Attorneys for Plaintiffs

841851.1

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 17th day of February, 2011, a true and correct copy of

the foregoing  **PLAINTIFFS' OBJECTIONS TO FEBRUARY 1, 2011**

**NOTICE OF 30(B)(6) DEPOSITION OF TASER INTERNATIONAL, INC.**

was electronically filed with the Clerk of Court using the Court's electronic filing

system which will automatically send an email notification of such filing to the

following attorneys of record who are registered participants in the Court's

electronic notice and filing system and further, I hereby certify that I caused to be

served a true and correct copy of the foregoing by electronic mail on the following

attorneys:

> **Attorneys for Defendants:**
> Richard H. Sinkfield, Esq.
> Dan F. Laney, III, Esq.
> Kristina M. Jones, Esq.
> Stefanie H. Jackman, Esq.
> James W. Cobb, Esq.
> Rogers & Hardin
> 2700 International Tower, Peachtree Center
> 229 Peachtree Street, N.E.
> Atlanta, GA  30303-1601
> rsinkfield@rh-law.com

Further, I hereby certify that on this day, I caused to be served a true and

correct copy of the foregoing by United States mail and electronic mail on:

841851.1

**Attorneys for Banc of America Securities, LLC;
Merrill Lynch, Pierce, Fenner & Smith, Inc.; and Merrill Lynch
Professional Clearing Corporation:**
Andrew J. Frackman, Esq.
Brad Elias, Esq.
O'Melveny & Myers LLP
7 Times Square
New York, NY  10036

**Attorneys for Morgan Stanley & Co. Incorporated:**
Robert F. Wise, Jr., Esq.
William J. Fenrich, Esq.
Melissa T. Aoyagi, Esq.
Davis Polk & Wardwell LLP
450 Lexington Avenue
New York, NY  10017

**Attorneys for Bear Stearns & Co., Inc. and Bear Stearns
Securities Corp.:**
Stephen L. Ratner, Esq.
Harry Frischer, Esq.
Brian L. Friedman, Esq.
Proskauer Rose LLP
1585 Broadway
New York, NY  10036

**Attorneys for Goldman, Sachs & Co. and Goldman Sachs
Execution & Clearing, L.P.:**
Richard C. Pepperman II, Esq.
Richard H. Klapper, Esq.
Tracy Richelle High, Esq.
Sullivan & Cromwell LLP
125 Broad Street
New York, NY  10004

**Attorneys for Deutsche Bank Securities Inc.:**
Heather L. Fesnak, Esq.
Peter J. Isajiw, Esq.
Gregory A. Markel, Esq.
Cadwalader Wickersham & Taft LLP
One World Financial Center
New York, NY  10281

**Attorneys for UBS Securities, LLC:**
Andrew B. Clubok, Esq.
Jeffrey G. Landis, Esq.
Daniel Gomez, Esq.
Kirkland & Ellis LLP
655 Fifteenth Street, N.W., Suite 1200
Washington, DC  20005-5793

Maria Ginzburg, Esq.
Kirkland & Ellis LLP
Citigroup Center
153 East 53rd Street
New York, NY  10022-4611

**Attorneys for Credit Suisse Securities (USA), LLC.:**
Fraser L. Hunter, Jr., Esq.
Wilmer Cutler Pickering Hale & Dorr LLP
399 Park Avenue
New York, NY  10022

This 17th day of February, 2011.


*/s/ Michael A. Caplan*
Michael A. Caplan

841851.1