IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| TASER INTERNATIONAL, INC., *et al.*, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> MORGAN STANLEY & CO., INC., *et al.*, ) <br> ) <br> Defendants. ) <br> ) | Case No: 1:10-CV-03108-JEC <br> [On removal from the State <br> Court of Fulton County, <br> Georgia Case No.: <br> 2008-EV-004739-B] |

## NOTICE TO TAKE VIDEOTAPED
## DEPOSITION OF TIMOTHY J. YOUNG

**TO:** Timothy J. Young
9 Highland Road
Rye, New York 10580-1632

**PLEASE TAKE NOTICE** that, pursuant to the Federal Rules of Civil Procedure, Plaintiffs will take the deposition of TIMOTHY J. YOUNG on March 22, 2011, beginning at 9:30 a.m. at the offices of Simon & Partners LLP, The French Building, 551 Fifth Avenue, New York, NY 10176 or at such other time and place as may be mutually agreed upon by the parties. A copy of the subpoena is attached hereto as Exhibit A. The deposition will take place before an authorized officer and pursuant to the Federal Rules of Civil Procedure. The deposition will be recorded by sound, videotape and/or stenographic means.

This 1st day of March, 2011.

/s/ Robert L. Ashe
John E. Floyd
Georgia Bar No. 266413
floyd@bmelaw.com
Steven J. Rosenwasser
Georgia Bar No. 614908
rosenwasser@bmelaw.com
Nicole G. Iannarone
Georgia Bar No. 382510
iannarone@bmelaw.com
Elizabeth G. Eager
Georgia Bar No. 644007
eager@bmelaw.com
Michael A. Caplan
Georgia Bar No. 601039
caplan@bmelaw.com
Robert L. Ashe
Georgia Bar No. 208077
ashe@bmelaw.com
Bondurant, Mixson & Elmore, LLP
3900 One Atlantic Center
1201 West Peachtree Street, N.W.
Atlanta, Georgia 30309-3417
(404) 881-4100 Tel.
(404) 881-4111 Fax

## **CERTIFICATE OF SERVICE**

I hereby certify that on this day, a true and correct copy of the foregoing **NOTICE TO TAKE VIDEOTAPED DEPOSITION OF TIMOTHY J. YOUNG** was electronically filed with the Clerk of Court using the Court's electronic filing system which will automatically send an email notification of such filing to the following attorneys of record who are registered participants in the Court's electronic notice and filing system:

**Attorneys for Defendants:**
Richard H. Sinkfield, Esq.
Dan F. Laney, III, Esq.
Kristina M. Jones, Esq.
Stefanie H. Jackman, Esq.
James W. Cobb, Esq.
Rogers & Hardin
2700 International Tower, Peachtree Center
229 Peachtree Street, N.E.
Atlanta, GA 30303-1601

**Attorneys for Banc of America Securities, LLC;
Merrill Lynch, Pierce, Fenner & Smith, Inc.; and Merrill Lynch
Professional Clearing Corporation:**
Andrew J. Frackman, Esq.
Brad Elias, Esq.
O'Melveny & Myers LLP
7 Times Square
New York, NY 10036

**Attorneys for Morgan Stanley & Co. Incorporated:**
Melissa T. Aoyagi, Esq.
Davis Polk & Wardwell LLP
450 Lexington Avenue

845440.1

3

New York, NY 10017

**Attorneys for Goldman, Sachs & Co. and Goldman Sachs Execution & Clearing, L.P.:**
Richard C. Pepperman II, Esq.
Sullivan & Cromwell LLP
125 Broad Street
New York, NY 10004

**Attorneys for Deutsche Bank Securities Inc.:**
Heather L. Fesnak, Esq.
Peter J. Isajiw, Esq.
Gregory A. Markel, Esq.
Cadwalader Wickersham & Taft LLP
One World Financial Center
New York, NY 10281

**Attorneys for Credit Suisse Securities (USA), LLC.:**
Fraser L. Hunter, Jr., Esq.
Wilmer Cutler Pickering Hale & Dorr LLP
399 Park Avenue
New York, NY 10022

Further, I hereby certify that on this day, I caused to be served a true and correct copy of the foregoing by Unites States mail and electronic mail on:

**Attorneys for Bear Stearns & Co., Inc. and Bear Stearns Securities Corp.:**
Stephen L. Ratner, Esq.
Harry Frischer, Esq.
Brian L. Friedman, Esq.
Proskauer Rose LLP
1585 Broadway
New York, NY 10036

845440.1

**Attorneys for UBS Securities, LLC:**
Andrew B. Clubok, Esq.
Jeffrey G. Landis, Esq.
Daniel Gomez, Esq.
Kirkland & Ellis LLP
655 Fifteenth Street, N.W., Suite 1200
Washington, DC  20005-5793

This 1st day of March, 2011.

/s/Robert L. Ashe
Robert L. Ashe
Georgia Bar No. 208077

EXHIBIT A

AO 88A (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Southern District of New York

| TASER INTERNATIONAL, INC., et al | ) | |
|---|---|---|
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.  1:10-cv-03108-JEC |
| MORGAN STANLEY & CO., INC., et al | ) | |
| | ) | (If the action is pending in another district, state where: |
| *Defendant* | ) | Northern District of Georgia    ) |

### SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:  Timothy J. Young
     9 Highland Road, Rye, New York, 10580-1632

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization that is *not* a party in this case, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: Simon & Partners LLP, The French Building<br>551 Fifth Avenue, New York, NY 10176 | Date and Time:<br>03/22/2011 9:30 am |
|---|---|

The deposition will be recorded by this method:  __Stenographer and Videographer__

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

The documents identified in Exhibit A, attached hereto.

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: _____

   *CLERK OF COURT*

                                                OR    _____
   _____                      *Attorney's signature*
   *Signature of Clerk or Deputy Clerk*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* _____
Plaintiff TASER International et. al.                      , who issues or requests this subpoena, are:
Robert L. Ashe, III
Bondurant Mixson & Elmore LLP - Phone (404) 881-4169 - Email - ashe@bmelaw.com
1201 W. Peachtree St. NW, Suite 3900, Atlanta, Georgia 30309

AO 88A (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 1:10-cv-03108-JEC

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

                                              _____
                                              *Server's signature*

                                              _____
                                              *Printed name and title*

                                              _____
                                              *Server's address*

Additional information regarding attempted service, etc:

### Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

# EXHIBIT A

# DEFINITIONS

1.  The terms "Security," "Securities," and "TASR Securities" mean any note, common stock, preferred stock, treasury stock, put, call, straddle, option, bond, conversion, reverse conversion, flex option, debenture, evidence of indebtedness, transferable share, investment contract, group or index of securities (including any interest therein or based on the value thereof) or, in general, any interest or instrument commonly known as a "security;" or any certificate of interest or participation in, temporary or interim certificate for, receipt for, guarantee of, or warrant or right to subscribe to or purchase, which references, which is derived from, or whose value is determined based upon the common stock of TASR. All of the foregoing interests are Securities whether or not evidenced by a written document.

2.  "Documents" means all writings and things of any nature by which information may be stored or communicated, including originals and all non-identical copies and drafts thereof, in your possession, custody, or control, regardless of where located, including, without limitation, contracts, agreements, memoranda, notes, correspondence, letters, e-mails, communications, telegrams, teletypes, telecopies, transmissions, messages (including, but not limited to, records, reports, or memoranda of telephone calls and conversations), reports, studies, summaries, analyses, minutes, diaries, calendars, logs, notes, agenda, bulletins, notices, circulars, announcements, instructions, charts, tables, manuals, brochures, schedules, price lists, records, orders, invoices, statements, bills, books of account, ledgers, statistics, accounting, and financial statements, forecasts, work papers, notebooks, data sheets, translations, photographs, drawings, tape recordings, computer-stored information which can be retrieved or placed into reasonably usable form, written communications and written evidence of oral communications, and any other "document" from which information can be obtained or translated, if necessary, by you through detection devices into reasonably usable form. In all cases where originals and/or non-identical copies are not available, "documents" also means identical copies of original documents and copies of non-identical copies.

3.  "And" as well as "or" shall be construed disjunctively or conjunctively so as to bring within the scope of each request all documents, writings, and things which might otherwise be construed to be outside its scope.

843823.1

1

4.  The terms "record", "reflect", "relate to", and "concern" are intended to have the broadest possible scope so that all documents, including drafts, are included if they in any way constitute, contain, pertain to, or mention the indicated subject or document. Whenever a document provides part, but less than all, of the information requested, such document should be produced along with all other related documents.

5.  The term "Communication" includes, but is not limited to, all inquiries, discussions, conversations, negotiations, agreements, understandings, meetings, conferences, interviews, telephone conversations, correspondence, notes, minutes, memoranda, telegrams, telexes, electronic mail messages, facsimiles, advertisements, or other forms of oral or written intercourse, however transmitted.

## INSTRUCTIONS

1.  Documents attached to other documents or materials shall not be separated unless sufficient records are kept to permit reconstruction of the grouping or context in which the document is maintained in the ordinary course of your business.

2.  These document requests specifically seek electronic records (e.g., email, word processing documents, PowerPoints, Excel spreadsheets). You shall produce all such records regardless of whether they are maintained or stored on an active, storage or archived system. Thus, these requests specifically include, but are not limited to, active, near-line and off-line electronic records, as well as electronic records stored on back-up tapes, floppy disc, compact disc, disaster tapes, magnetic tapes or any other medium used to store or archive email. Documents that exist in electronic format must also be produced in electronic format, with an identification of the hardware and software necessary to convert the data from machine-readable to human readable form.

3.  Unless expressly stated otherwise, each of the document requests seeks documents during the following time period: January 1, 2003, through May 31, 2009.

4.  If any responsive document cannot be produced in its entirety, you are requested to produce the document to the fullest extent possible, specifying the

reasons for your inability to produce the remainder of the document and describing to the fullest extent possible the contents of the un-produced portion.

5. If any responsive documents have been destroyed or discarded, each document is to be identified in writing.

6. If you object to any request or any portion thereof, you are required to state the ground for any such objection in full.

7. With respect to any document or any portion of any document withheld because of a claim of privilege, state in writing the basis for your claim of privilege with respect to such document or portion of document.

8. If you contend it would be unreasonably burdensome to obtain and provide all of the documents or information called for in response to any request, then as to that request you should produce all documents or information available without unreasonable burden, and describe with particularity the efforts made to secure any documents or information the provision of which you claim would be an unreasonable burden. Plaintiffs' Counsel is willing to meet and confer with you concerning the scope or burden of producing documents responsive to any request.

## **DOCUMENTS REQUESTED**

1. All Documents, including but not limited to emails, communications, transcripts, audio recordings, and video recordings, discussing, referring to or involving TASER International, Inc., TASER Securities, or options or derivatives in TASER Securities.

2. All Documents, including but not limited to emails, transcripts, audio recordings, and video recordings, discussing, referring to or involving short selling, naked short selling, abusive naked short selling, conversions, reverse conversions, flex options, locates, or loans obtained.

3. All Documents, including but not limited to emails, transcripts, audio recordings, and video recordings, discussing, referring to or involving Regulation SHO.

4. All transcripts from testimony you have provided before the SEC, FINRA, NASD, NYSE, AMEX, Chicago Board of Options Exchange, or any other

self-regulatory organization.

5. All Documents that you provided to or received from any government agency or self regulatory organization, the SEC, Department of Justice, any United States Attorney's Office or representative thereof concerning or relating to short sales or Regulation SHO, including but not limited to the In re Certain Threshold Securities Investigation.

6. All Documents relating or referring to any discussions or meetings with any government agency or self regulatory organization ("SRO"), the Securities & Exchange Commission ("SEC"), Department of Justice, any United States Attorney's Office or representative thereof concerning or relating to short sales or Regulation SHO, including but not limited to the In re Certain Threshold Securities Investigation.

7. All Communications with any employee, agent, representative, or officer of Goldman, Sachs & Co., Goldman Sachs Execution & Clearing, L.P., Merrill, Lynch, Pierce, Fenner, & Smith, Inc., or Merrill Lynch Professional Clearing Corp. discussing, referring to, or involving short selling, conversions, reverse conversions, flex options, Regulation SHO, the market maker exemption to Regulation SHO, locates, or loans obtained, failures to deliver, or failures to receive securities.

8. All Documents, including but not limited to emails, discussing, referring to or involving whether Merrill, Lynch, Pierce, Fenner, & Smith, Inc. or Merrill Lynch Professional Clearing Corp. has paid or may pay for any portion of your legal expenses in connection with this case or the In re Certain Threshold Securities Investigation.