# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

TASER INTERNATIONAL, INC., et al.,    )
                                    )     Case No.: 1:10-CV-03108-JEC
     Plaintiffs,              )
                                      )
v.                                 )     [On removal from the State
                                      )     Court of Fulton County,
MORGAN STANLEY & CO., INC., et al.,    )     Georgia Case No.:
                                      )     2008-EV-004739-B]
     Defendants.            )
_____)

## NOTICE OF FILING SECOND ORDER OF SPECIAL MASTER

COMES NOW, Henry D. Fellows, Jr., in his capacity as Special Master appointed by Chief U.S. District Judge Julie E. Carnes by Order entered on December 17, 2010 [139], and hereby files the attached Second Order of Special Master which is being served electronically upon all counsel of record.

Respectfully submitted this 17th day of March, 2011.

                                      FELLOWS LABRIOLA LLP

                                      s/Henry D. Fellows, Jr.
                                      Henry D. Fellows, Jr.
                                      Georgia Bar No.: 216298
                                      Fellows LaBriola LLP
                                      Peachtree Center
                                      225 Peachtree St., NE
                                      Suite 2300 South Tower
                                      Atlanta, Georgia 30303
                                      (404) 586-9200 Telephone

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| TASER INTERNATIONAL, INC., et al., | ) | Case No.: 1:10-CV-03108-JEC |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | [On removal from the State |
| | ) | Court of Fulton County, |
| MORGAN STANLEY & CO., INC., et al., | ) | Georgia Case No.: |
| | ) | 2008-EV-004739-B] |
| Defendants. | ) | |
| | ) | |

## SECOND ORDER OF SPECIAL MASTER

This is an action for damages in which Plaintiffs claim that Defendants engaged in unlawful short sales and market manipulation of shares of Taser International, Inc. ("Taser") common stock, a publicly traded security within the meaning of the federal securities laws. Defendants deny Plaintiffs' allegations.

The Special Master conducted a second hearing on February 25, 2011, on the pending discovery motions and disputes identified below. The parties have provided the undersigned with copies of the pending discovery motions, memoranda in support of motions, memoranda in opposition to motions, affidavits and declarations in support of motions, affidavits and declarations in opposition to motions, exhibits to motions and responses, discovery requests, pleadings, and other documents related to the pending discovery motions. The undersigned has

1

reviewed and analyzed the pending discovery motions, memoranda in support of motions, memoranda in opposition to motions, affidavits and declarations in support of motions, affidavits and declarations in opposition to motions, exhibits to motions and responses, discovery requests, pleadings, and other documents related to the pending discovery motions.   The undersigned has accepted as true the explanations provided by affiants, declarants, and the presenting attorneys at the hearing in deciding the discovery motions and disputes identified below.

In ruling on the pending discovery disputes, the Special Master has attempted to balance the needs for Plaintiffs to conduct additional discovery against the substantial monetary burdens, costs, and expenses which have already been incurred by Defendants in responding to Plaintiffs' previous discovery requests and which will be incurred by Defendants in responding to the pending requests.  The undersigned is issuing this Order directly to the parties and will also file the Order with the Clerk of Court.  Pursuant to Paragraph 8 of the Order Appointing Special Master, the parties have fourteen (14) calendar days to file objections to the Order.

The specific rulings for the motions are presented *seriatim* using the same numbering sequence as in the first Order entered on February 7, 2011:

**X.**     **Plaintiffs' Motion to Compel Defendants Banc of America Securities, LLC, Merrill Lynch, and Morgan Stanley to Respond to Interrogatories and Produce Documents from Traders and Sales Personnel [133].**

Plaintiffs filed this Motion to Compel on December 9, 2010.  Defendants filed their Oppositions to the Motion on December 27, 2010.  Counsel for the parties presented brief oral argument to the Special Master as to this Motion on January 28, 2011, and additional argument on February 25, 2011.  Counsel for the parties informed the undersigned that the dispute as to Morgan Stanley & Co., Inc. ("Morgan Stanley") has been resolved, but that the dispute between Plaintiffs and Defendants Merrill Lynch, Pierce, Fenner & Smith Incorporated ("Merrill Lynch") and Banc of America Securities LLC ("BAS") has not been resolved.  The dispute relates to Plaintiffs' requests for the additional production of electronically stored information ("ESI") from Defendants Merrill Lynch and BAS.

At the request of the undersigned, Plaintiffs and Defendants Merrill Lynch and BAS provided the undersigned with supplemental memoranda on March 7, 2011, with specific charts and information as to the current status of the parties' efforts to resolve this discovery dispute.  Defendants Merrill Lynch and BAS also provided the undersigned with the Declaration of Brad M. Elias, specific information regarding the substantial dollar amounts which Defendants Merrill Lynch and BAS have already expended for the production of ESI in this case, and

estimates as to the vendor fees and attorney review fees which will be incurred for the additional production of ESI.

Counsel for the parties have engaged in good-faith discussions in an effort to resolve this discovery dispute.  It appears that Plaintiffs, Merrill Lynch, and BAS have reached agreement on all issues other than (i) the total number of custodians and (ii) the finality of the additional search of ESI.  After review of all briefs, memoranda, and the proposals exchanged among counsel, the undersigned **GRANTS IN PART** Plaintiffs' Motion and **DIRECTS** Plaintiffs and Defendants Merrill Lynch and BAS to abide by the following approach:

(1)    Plaintiffs shall be entitled to ESI from seven (7) Merrill Lynch account representatives or custodians for the accounts displayed on Exhibit "A" to Plaintiffs' Supplemental Brief and one (1) Merrill Lynch trader identified on Exhibit "A" based upon a search of the keywords for market participant custodians displayed on Exhibit "A."

(2)    Plaintiffs shall be entitled to ESI from two (2) BAS account representatives for the accounts displayed on Exhibit "A" to Plaintiffs' Supplemental Brief and one (1) BAS employee based upon a search of the keywords for market participant custodians displayed on Exhibit "A."

(3)     Plaintiffs may not seek additional ESI discovery from Defendants Merrill Lynch and BAS as to this subject matter without first obtaining permission from the Court or the Special Master.

The Special Master has carefully analyzed the alleged roles of Merrill Lynch and BAS in connection with Plaintiffs' claims, and the undersigned believes that differentiation in the scope of additional ESI discovery from Merrill Lynch and BAS is warranted.  The Special Master declines to delineate all of the facts which he has considered in reaching his decision as to this Motion because he does not want to inadvertently place in the public record information or documents which have been filed with the Court under seal.  The Special Master **DENIES** Plaintiffs' request for attorneys' fees because Defendants Merrill Lynch and BAS have presented legitimate, good faith reasons in opposition to the Motion which are substantially justified within the meaning of Fed. R. Civ. P. 37.

## XI.     **Plaintiffs' Motion to Compel the Production of Responsive Recordings from Defendants Merrill Lynch and Merrill Lynch Professional Clearing Corporation [152].**

Plaintiffs filed this Motion to Compel the Production of Responsive Recordings from Defendants Merrill Lynch and Merrill Lynch Professional Clearing Corporation ("Merrill Pro") on January 4, 2011.  Merrill Lynch and Merrill Pro filed their Opposition to Plaintiffs' Motion and the Declaration of Brad M. Elias on January 19, 2011.  Plaintiffs filed their Reply Brief in Support of the

Motion on January 26, 2011.  The Special Master heard oral argument on the Motion on February 25, 2011, and invited the parties to submit supplemental memoranda on the Motion.  Plaintiffs submitted a supplemental memorandum and exhibits on March 7, 2011, and Defendants Merrill Lynch and Merrill Lynch Pro submitted supplemental memoranda and the Declaration of Brad Elias on March 7, 2011.

Plaintiffs contend that their motion is narrowly tailored.  They note that although Defendants Merrill Lynch and Merrill Pro have designated more than 70 employees as custodians for purposes of searching for ESI, Plaintiffs have requested telephone recordings for only four employees.  Plaintiffs further note that while the stipulated time frame for discovery is from January 1, 2003, through May 31, 2009, their motion seeks telephone recordings for a period of approximately eight months, which is approximately ten percent of the discovery period.

Plaintiffs further contend that the recordings which they seek differ from the recordings which Merrill Lynch and Merrill Pro previously produced to the U.S. Securities and Exchange Commission ("SEC") for two material reasons:  (1) the production to the SEC was limited in substantive scope and did not include conduct at issue in this case; and (2) Plaintiffs seek recordings for time periods which were not a part of the SEC production.

After the first hearing on January 28, 2011, Plaintiffs proposed a specific compromise to Defendants' counsel which includes an offer to split equally the cost of having a non-party service provide "rough" transcripts of the telephone calls.  The estimated cost of the service by the non-party appears to range from $30,000 to $50,000.

Defendants Merrill Lynch and Merrill Pro contend that to date, Merrill Lynch has produced to Plaintiffs recordings and/or transcripts of 1400 telephone conversations culled from more than 547 hours of recordings which were collected from six custodians in response to an SEC subpoena.  Defendants further state that Merrill Pro's outside counsel in the SEC investigation spent approximately 3,000 attorney hours reviewing those recordings for responsiveness and privilege. Defendants maintain that Merrill Pro will need to review 941 hours of additional recordings from four of the same custodians which will require at least 1,900 attorney hours for an initial responsiveness review and hundreds of additional hours of secondary review.

Counsel for the parties have engaged in good-faith discussions in an effort to resolve this discovery dispute, and they have provided the Special Master with their respective proposals for resolution of the dispute.  After review of all briefs, memoranda, and the proposals exchanged among counsel, the undersigned

**GRANTS IN PART** Plaintiffs' Motion and **DIRECTS** Plaintiffs and Defendants Merrill Lynch and Merrill Pro to abide by the following approach:

(1)     Plaintiffs and Merrill Pro will split evenly (50/50 basis) the cost of a non-party firm to be mutually agreed upon by the parties to provide "rough" transcripts of the telephone calls which are the subject of this Motion.  The total cost of the transcripts shall not exceed $50,000, and the prevailing party(ies) at the conclusion of the case may include their pro rata cost incurred as taxable costs.

(2)     On a rolling basis, the non-party firm will provide the transcripts to Merrill Pro, which will determine if the transcripts are responsive (i.e., deal with the conduct at issue as defined in the Stipulation) and, if so, produce the transcripts to Plaintiffs (along with the call itself) within twenty days of receipt of the transcripts.

(3)     Any transcript that Merrill Pro does not produce will be logged, with the log stating the date, identities of participants (where known), and reason for not being produced (e.g., relevance, privilege).  The log will be produced to Plaintiffs within twenty days of receipt of the final transcript.

(4)     Either party can later (at its own cost) create a "final" transcript, if needed, for any call.  If such a transcript is made by either party, it will be produced to the opposing party within twenty days of being created.

(5)    For each produced transcript, Merrill Pro will identify, where known, the participants and date of the call.

(6)    Merrill Pro will provide Plaintiffs with any logs or other identifying information it has already created as to the calls.

The Special Master **DENIES** Plaintiffs' request for attorneys' fees because Defendants Merrill Lynch and Merrill Pro have presented legitimate, good faith reasons in opposition to the Motion which are substantially justified within the meaning of Fed. R. Civ. P. 37.

XII.    **Plaintiffs' Motion to Compel Defendant Merrill Lynch Professional Clearing Corp. to Identify Certain Employees Likely to Have Responsive Information and to Produce Documents from a Limited Set of Persons [165].**

Pursuant to notice received from counsel to the parties on February 18, 2011, this Motion has been resolved by the parties and is therefore **MOOT.**

XIII.   **Plaintiffs' Motion to Compel Regarding their Second Requests for Production to Defendant ML Pro [171].**

Plaintiffs filed this Motion on January 19, 2011, and Defendant Merrill Pro filed its Memorandum of Law in Opposition and Declaration of Brad M. Elias on February 11, 2011.  Plaintiffs filed their Reply Brief on February 23, 2011.  The Special Master heard oral argument on the Motion on February 25, 2011, and counsel to the parties have provided the undersigned with illustrative case law,

including this Court's Order and Opinion in *Jimmy Smith Racing Tires, Inc. v. Ashleman*, 2006 WL 2699127 (N.D. Ga. 2007) (Carnes, C.J.); *Eaton v. Dorchester Development, Inc.*, 692 F.2d 727 (11th Cir. 1982); and *Exhibit Icons, LLC v. XP Cos.*, 2008 U.S. Dist. LEXIS 15971 (S.D. Fla. 2008).

As a general proposition, "Eleventh Circuit precedent indicates that jurisdictional discovery is highly favored before resolving Federal Rule of Civil Procedure 12(b)(2) motions to dismiss for want of personal jurisdiction." *Exhibit Icons, LLC, supra*, citing *Eaton v. Dorchester Development, Inc.*, 692 F.2d 727, 729 (11th Cir. 1982) ("federal courts have the power to order, at their discretion, the discovery of facts necessary to ascertain their competency to entertain the merits").

Plaintiffs acknowledge that Merrill Pro has produced some documents in response to Plaintiffs' jurisdictional discovery requests, but contend that Merrill Pro has refused to search its ESI for communications between Merrill Pro and individuals or entities in Georgia.  Plaintiffs contend that Merrill Pro has instead limited its production of communications to "hard copy" documents with a single entity in Georgia.

Defendant Merrill Pro contends that Plaintiffs have taken the position that they have already collected enough evidence to establish personal jurisdiction over Merrill Pro, as demonstrated by Plaintiffs' 28-page opposition to Merrill Pro's Motion to Dismiss for Lack of Personal Jurisdiction [59].  Chief Judge Carnes

stated in her Order entered on December 17, 2010, that the Court has taken Defendant Merrill Pro's Motion under advisement [139].

Defendant Merrill Pro asserts that it has already provided Plaintiffs with extensive jurisdictional discovery, including (i) sworn deposition testimony; (ii) account statements and other documents sent to one customer in Georgia, and (iii) the names and account numbers of its "Introduced Customers" in Georgia, despite the fact that they are merely customers of other broker-dealers which hire Merrill Pro to perform back-office services.  Merrill Pro further contends that Plaintiffs are seeking a search of ESI that would cost Merrill Pro millions of dollars in costs to complete the search.  Specifically, Merrill Pro contends that the search requested by Plaintiffs would cost more than $3.2 million in vendor fees alone for the collection and review process.  Merrill Pro cites as evidence the vendor fee expenses which have already been incurred by Defendants Merrill Lynch and BAS for collecting, reviewing, producing, and hosting ESI for more than 100 custodians to support its contention regarding the projected cost of the additional ESI requested by Plaintiffs.

In reviewing the record, it does not appear that counsel for the parties have engaged in the same level of "meet and confer" dialogue in which they have engaged as to the other pending discovery disputes.  This particular discovery dispute is difficult to resolve because it involves jurisdictional discovery which

may be of assistance to the Court in deciding the pending Motion to Dismiss, yet the nature of the requested ESI discovery is extremely burdensome and expensive. At this time, the Special Master **DEFERS** ruling on this Motion and directs counsel to Plaintiffs and counsel to Merrill Pro to engage in good-faith discussions regarding the additional jurisdictional discovery requested by Plaintiffs. The undersigned is extremely reluctant to impose additional ESI costs and expenses upon Merrill Pro in light of the fact that Merrill Pro has already provided jurisdictional discovery information and documents to Plaintiffs which Plaintiffs have been able to use to oppose Merrill Pro's Motion to Dismiss. The undersigned requests the parties to inform the undersigned by Wednesday, April 6, 2011, of their progress in attempting to resolve this dispute. If the parties are unable to resolve the dispute by that date, the undersigned will address this issue in his next Order to be issued during April, 2011.

## IV.   Plaintiffs' Motion to Compel Morgan Stanley's Production of Unredacted Documents [211].

Plaintiffs filed this Motion on February 3, 2011. At the hearing on February 25, 2011, counsel for Plaintiffs and counsel for Morgan Stanley informed the Special Master that they have resolved the Motion. The Motion is therefore **MOOT.** The parties will submit the documents at issue to the Special Master for

an *in camera* review, and he will inform the parties which of the documents must be produced.

## V.   Plaintiffs' Request to Depose John Mack, Morgan Stanley's Chairman and Former CEO.

On February 15, 2011, counsel for Plaintiffs and counsel for Defendant Morgan Stanley requested the Special Master to resolve a discovery dispute that has arisen over Plaintiffs' request to take the deposition of Mr. John Mack, Morgan Stanley's Chairman and former Chief Executive Officer ("CEO").   Plaintiffs contend, inter alia, that Mr. Mack made statements to representatives of the U.S. Securities and Exchange Commission ("SEC") and the U.S. Department of the Treasury during and after 2008 indicating that short selling can negatively impact the price of a public security.   Plaintiffs contend that only Mr. Mack has knowledge of whether those statements were made and the meaning of those statements.

In response to Morgan Stanley's objection to the deposition of Mr. Mack, Plaintiffs have offered the following accommodations to Mr. Mack, including:  (1) limiting the deposition to one hour in duration; (2) holding the deposition at any time of day convenient to Mr. Mack, whether morning, afternoon or evening; and (4) consenting to having the deposition be monitored by the Special Master.

Defendant Morgan Stanley objects to the deposition of Mr. Mack on the grounds that the deposition would subject Mr. Mack to annoyance, embarrassment, oppression, undue burden, and expense within the meaning of Fed. R. Civ. P. 26(c), and complete lack of relevance.  Specifically, Morgan Stanley notes that Plaintiffs do not argue that Mr. Mack has any personal knowledge regarding trading in Taser stock, or more generally, the rules, procedures, and policies governing equity short sales, which Morgan Stanley emphasizes are the facts at issue in this case.  Morgan Stanley notes that, instead, Plaintiffs seek to depose Mr. Mack regarding his conversations with government officials regarding short selling during the financial crisis in September and October, 2008.  Morgan Stanley contends that such opinions are irrelevant because (1) they are not probative regarding trading in Taser stock, which was not a financial stock and which dropped in price under totally different market conditions several years ago before the financial crisis, citing to Fed. R. Civ. P. 401; and (2) even as to the impact of short selling on financial stocks during the crisis, Mr. Mack's opinions were not based on personal knowledge regarding such trading and would therefore not be admissible on competence grounds.

Morgan Stanley also asserts that Plaintiffs have presented a "straw man" position by Morgan Stanley which they claim to need Mr. Mack's deposition to refute.  Morgan Stanley notes that Plaintiffs argue in their memorandum that

"Morgan Stanley's position is that naked short selling does not impact stock prices" and that naked short selling "could not cause injury to Plaintiffs." Morgan Stanley contends that it has not made those arguments and that the real issue is what happened to Taser stock over a period of years. Morgan Stanley asserts that there is no contention by Plaintiffs that Mr. Mack has any information on that issue.

In response to the Special Master's request, counsel for the parties have provided the undersigned with illustrative case law regarding "apex" depositions. "Under the apex rule, a court may bar a deposition of a high level executive who lacks unique or personal knowledge related to the case." *In re Mentor Corp. Obtape Transobturator Sling Products Liability Litigation*, 2009 WL 4730321 (M.D. Ga. 2009), citing the seminal case from the Fifth (now the Eleventh) Circuit on this subject, which is *Salter v. Upjohn Company*, 593 F.2d 649, 651 (1979) ("unusual for a court to prohibit the taking of a deposition altogether," but district court did not abuse discretion in preventing deposition of defendant's president who "was extremely busy and did not have any direct knowledge of the facts").[1]

Counsel have also provided the undersigned with citations to *Baine v. General Motors Corp.,* 141 F.R.D. 332, 334-35 (M.D. Ala. 1991) (protective order

---

[1] The decisions of the Former Fifth Circuit rendered prior to October 1, 1981, are binding authority in the Eleventh Circuit. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

granted to senior GM vice president); *Thomas v. International Business Machines*, 48 F.3d 478, 482-84 (10th Cir. 1995) (no abuse of discretion found in denying deposition of IBM's Chairman who lacked personal knowledge); *Minter v. Wells Fargo Bank, N.A.*, 258 F.R.D. 118, 125-127 (D. Md. 2009) (where corporate officer has any first-hand knowledge of alleged relevant facts, the deposition should be allowed).

The Special Master has carefully considered the arguments of Plaintiffs and Defendant Morgan Stanley, and the undersigned believes that the fairest approach under the circumstances of this case is to permit Plaintiffs to depose Mr. Mack for one hour at a mutually agreeable time and place. Accordingly, the undersigned **GRANTS** Plaintiffs' request to depose Mr. Mack for one hour.

The undersigned will not attend the deposition, but will be available by telephone to monitor the one-hour deposition. The undersigned further notes that Morgan Stanley will have opportunities later in this case to renew its objection to the relevance of Mr. Mack's deposition testimony (i) in connection with whatever dispositive motions are filed in this case; and/or (ii) at the trial of this case. *Geophysical Systems Corp. v. Raytheon Company*, 117 F.R.D. 646, 647 (C.D. Cal. 1987).

SO ORDERED, this 17th day of March, 2011.

Henry D. Fellows, Jr.
Georgia Bar No. 257825

FELLOWS LABRIOLA LLP
Peachtree Center, Suite 2300, South Tower
225 Peachtree Street, N.E.
Atlanta, GA  30303-1731
(404) 586-9200

17

## CERTIFICATE OF SERVICE

I hereby certify that I have on this day served the foregoing **Notice of Filing Second Order of Special Master** upon counsel of record via electronic mail and the CM/ECF filing system, which will also send email notification to all counsel of record.

This 17th day of March, 2011.

s/Henry D. Fellows, Jr.
Henry D. Fellows, Jr.
