**EXHIBIT A**

AO 88A (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
## for the
### Northern District of Ohio

| | | |
|---|---|---|
| TASER INTERNATIONAL, INC., et al. | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   1:10-CV-03108-JEC |
| MORGAN STANLEY & CO., INC., et al. | ) | |
| | ) | (If the action is pending in another district, state where: |
| *Defendant* | ) | Northern District of Georgia          ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:  Chester B. Scott, III
     9534 Lakeshore Blvd., Bratenahl, OH  44108

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action.  If you are an organization that is *not* a party in this case, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: Rennillo-Veritext<br>100 Erieview Tower, 1301 E. 9th St.<br>Cleveland, OH  44114 | Date and Time:<br>05/26/2011 10:00 am |
|---|---|

     The deposition will be recorded by this method:  _stenographer and video and/or audio_

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

See Attachment A.

     The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: _____

                 *CLERK OF COURT*

                                          OR

_____    _____
    *Signature of Clerk or Deputy Clerk*                 *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*     Morgan Stanley & Co.
Incorporated _____ , who issues or requests this subpoena, are:
Melissa T. Aoyagi
Davis Polk & Wardwell, LLP, 450 Lexington Avenue, New York, NY  10024
(212) 450-4000, melissa.aoyagi@davispolk.com

AO 88A  (Rev.  06/09) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.  1:10-CV-03108-JEC

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____0.00_____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 88A  (Rev.  06/09) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

## ATTACHMENT A

## DOCUMENTS TO BE PRODUCED

### DEFINITIONS

1.      The term "document" is used herein in its broadest sense and includes all "documents" and all "electronically stored information," giving those terms the broadest meaning provided by Rule 34 of the Federal Rules of Civil Procedure, including, without limitation, all drafts and non-identical copies of documents.

2.      The term "TASER," as used herein, means TASER International, Inc. and all of its officers, directors, employees, agents, representatives and persons acting on its behalf.

3.      The terms "You" and "Your" refer to Chester B. Scott, III and any person and/or entity acting or purporting to act on Chester B. Scott, III's behalf, whether authorized to do so or not.

4.      The term "This Action," as used herein, means the civil action referenced in the attached Subpoena that is pending in the Northern District of Georgia, Civil Action No. 1:10-CV-03108-JEC.

5.      The term "Plaintiff(s)" as used herein, means the plaintiffs in This Action:  Taser International, Inc., David Batchelor, Natalie Batchelor, Dr. Thomas Collentine, Judith Collentine, Charles Faires, Sandra Faires, Masaji Kelley, Kelly Kelley, Stephen Lisenby, Patricia Lisenby, Richard D. Almeroth, Constance L. Almeroth, James Baker, Jr., Robert Baker, William Burnside, Donna C. Cash, as Personal Representative of the Estate of Dorothy A. Connelly, Southeast Eye Surgery Clinic, Inc. Employee PSP, James Dunagin, Jr., Emily Dunagin, Richard C. Haskell, Susan Haskell, Richard C. Haskell, Jr., Amy Haskell, Mary Richardson, Pamela Lewis, Jane Maj, Margaret Roche, Rosemary Scott, as Personal Representative of the Estate of Chester Scott (*see*

Aug. 17, 2010 Order), John Scott, Peter Scott, Michelle Scott, Mary Rose Stucker, Michael

Boyer, Phillips Waller Smith, Patrick W. Smith, Thomas P. Smith, Deanna M. Smith, Bruce

Culver and Donna T. Culver, their attorneys, and any persons acting or purporting to act on their

behalf.

6.      The term "Communications," as used herein, means anything that is transmitted,

sent and/or received, by and/or through any and all means, including, but not limited to, verbal,

written, electronic and other forms of communicating.

7.      The terms "Relating to" or "Concerning" shall mean, with respect to a given

subject, constitutes, embodies, reflects, identifies, states, refers to, evidences, substantiates and/or

being in any way relevant to the subject.

8.      The terms "and" and "or" are to be construed both conjunctively and disjunctively,

and each includes the other wherever a dual construction will serve to bring within the scope of

these requests any responses that would otherwise not be brought within their scope.

**INSTRUCTIONS:**

The following instructions shall govern the response and production of documents:

1.      The document requests contained in this Attachment A are hereby served on the

person listed on the attached Subpoena.

2.      On or before April 29, 2011, you must search for, collect and produce all of the

described documents called for by the requests contained in this Attachment A, in accordance

with the provisions of Federal Rule of Civil Procedure 45.

3.      Selection of documents from your files and other sources and the numbering of

such documents shall be performed in such a manner as to ensure that the source of each

document may be determined.  Documents should bear production numbers.

4.      Documents attached to each other in original versions must not be separated in the versions provided pursuant to these requests.

5.      If an identified document has been destroyed, or is alleged to have been destroyed, state the date and reason for its destruction, and identify each person responsible for its destruction.

6.      You have the duty to supplement your production into the future.  If, subsequent to producing documents in response to these requests, or any part thereof, you obtain or become aware of, or any other person on your behalf obtains or becomes aware of, additional information or documents pertaining to any document request, or any part thereof, you are requested to provide such documents.

7.      Should you seek to withhold from production any document based on some limitation of discovery (including, without limitation, a claim of privilege or immunity), provide a log containing the information required by Federal Rule of Civil Procedure 45(d)(2), including (a) the identity of each person who prepared and/or signed the document; (b) the identity of each person designated as an addressee; (c) the identity of each person who received any copy of the document; (d) the date of the document; (e) the subject matter and contents of the document; and (f) the basis for withholding the document.

8.      Unless otherwise stated, this Attachment A seeks documents created, dated and/or received between January 1, 2003 and May 31, 2009.

**<u>DOCUMENTS AND THINGS SUBPOENAED:</u>**

1.      Documents sufficient to show any purchase or sale of TASER common stock and options by you, either for your own accounts or for the accounts of others, including the timing and amount of such purchases and sales and the broker(s) through which you purchased or sold TASER stock.

2.      Documents sufficient to show all of your holdings and positions of TASER common stock and options.

3.      All communications from, to or between you and any plaintiff concerning trading, holdings or positions in TASER common stock and options, including all documents relating to any such communications.

4.      All communications and any documents relating to such communications from or to you concerning TASER.

5.      All communications from, to or between you and any officer, director or employee of TASER.

6.      All communications from, to or between you and any broker-dealer regarding TASER.

7.      All communications from, to or between you and any research analyst regarding TASER.

8.      Any analysis or evaluation of TASER, its financial condition, its trading history or its market price.

9.      All communications concerning short selling, "naked" short selling, abusive "naked" short selling, threshold securities, the continuous net settlement system, fails to deliver,

"phantom" or "counterfeit" shares, or Regulation SHO, including all documents relating to any

such communications.