IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| TASER INTERNATIONAL, INC., *et al.*, ) | Case No.: 1:10-cv-3108-JEC |
| ) | |
| Plaintiffs, ) | [On removal from the State |
| ) | Court of Fulton County, |
| v. ) | Georgia Case No.: |
| ) | 2008-EV-004739-B] |
| MORGAN STANLEY & CO., INC., *et al.*, ) | |
| ) | |
| Defendants. ) | |

## NOTICE OF FILING

Pursuant to Federal Rule of Civil Procedure 45(b), Plaintiffs hereby give notice that a subpoena to produce documents has been served on Brian Ghalioungui. A true and correct copy of the subpoena is attached hereto as Exhibit A.

Respectfully submitted this 12th day of April, 2011.

/s/ Michael A. Caplan
John E. Floyd
Georgia Bar No. 266413
floyd@bmelaw.com
Jill A. Pryor
Georgia Bar No. 589140
pryor@bmelaw.com
Steven J. Rosenwasser

866323.1

Georgia Bar No. 614908
rosenwasser@bmelaw.com
Nicole G. Iannarone
Georgia Bar No. 382510
iannarone@bmelaw.com
Michael A. Caplan
Georgia Bar No. 601039
caplan@bmelaw.com
Elizabeth G. Eager
Georgia Bar No. 644007
eager@bmelaw.com
Robert L. Ashe
Georgia Bar No. 208077
ashe@bmelaw.com
Bondurant, Mixson & Elmore, LLP
3900 One Atlantic Center
1201 West Peachtree Street, N.W.
Atlanta, Georgia  30309-3417
(404) 881-4100 Tel.
(404) 881-4111 Fax

James W. Christian
State Bar No. 04228700
jchristian@csj-law.com
Gary M. Jewell
State Bar No. 10664800
gjewell@csj-law.com
Christian, Smith, & Jewell, LLP
2302 Fannin, Suite 500
Houston, Texas 77002
(713) 659-7617 Tel.
(713) 659-7641 Fax
(admitted *pro hac vice*)

Attorneys for Plaintiffs

866323.1

3

## CERTIFICATE OF SERVICE

I hereby certify that on this day, a true and correct copy of the foregoing **NOTICE OF FILING** was electronically filed with the Clerk of Court using the Court's electronic filing system which will automatically send an email notification of such filing to the following attorneys of record who are registered participants in the Court's electronic notice and filing system:

**Attorneys for Defendants:**
Richard H. Sinkfield, Esq.
Dan F. Laney, III, Esq.
Kristina M. Jones, Esq.
Stefanie H. Jackman, Esq.
James W. Cobb, Esq.
Rogers & Hardin
2700 International Tower, Peachtree Center
229 Peachtree Street, N.E.
Atlanta, GA  30303-1601

**Attorneys for Banc of America Securities, LLC;**
**Merrill Lynch, Pierce, Fenner & Smith, Inc.; and Merrill Lynch**
**Professional Clearing Corporation:**
Andrew J. Frackman, Esq.
Brad Elias, Esq.
O'Melveny & Myers LLP
7 Times Square
New York, NY  10036

**Attorneys for Morgan Stanley & Co. Incorporated:**
Robert F. Wise, Jr., Esq.
William J. Fenrich, Esq.
Melissa T. Aoyagi, Esq.
Davis Polk & Wardwell LLP
450 Lexington Avenue
New York, NY  10017

**Attorneys for Goldman, Sachs & Co. and Goldman Sachs Execution & Clearing, L.P.:**
Richard C. Pepperman II, Esq.
Richard H. Klapper, Esq.
Tracy Richelle High, Esq.
Sullivan & Cromwell LLP
125 Broad Street
New York, NY  10004

**Attorneys for Deutsche Bank Securities Inc.:**
Heather L. Fesnak, Esq.
Peter J. Isajiw, Esq.
Gregory A. Markel, Esq.
Cadwalader Wickersham & Taft LLP
One World Financial Center
New York, NY  10281

**Attorneys for Credit Suisse Securities (USA), LLC.:**
Fraser L. Hunter, Jr., Esq.
Wilmer Cutler Pickering Hale & Dorr LLP
399 Park Avenue
New York, NY  10022

Further, I hereby certify that on this day, I caused to be served a true and correct copy of the foregoing by United States mail and electronic mail on:

866323.1

5

**Attorneys for Bear Stearns & Co., Inc. and Bear Stearns Securities Corp.:**
Stephen L. Ratner, Esq.
Harry Frischer, Esq.
Brian L. Friedman, Esq.
Proskauer Rose LLP
11 Times Square
New York, NY  10036-8299

**Attorneys for UBS Securities, LLC:**
Andrew B. Clubok, Esq.
Jeffrey G. Landis, Esq.
Daniel Gomez, Esq.
Kirkland & Ellis LLP
655 Fifteenth Street, N.W., Suite 1200
Washington, DC  20005-5793

This 12th day of April, 2011.

*/s/ Michael A. Caplan*
Michael A. Caplan
Georgia Bar No. 601039

866323.1

6

EXHIBIT A

AO 88B (Rev. 01/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises

# UNITED STATES DISTRICT COURT
for the
Northern District of Georgia

| | |
|---|---|
| TASER INTERNATIONAL, INC., et al <br> *Plaintiff* <br> v. <br> MORGAN STANLEY & CO., INC., et al <br> *Defendant* | ) <br> ) <br> ) Civil Action No. 1:10-CV-03108-JEC <br> ) <br> ) (If the action is pending in another district, state where: <br> ) |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES

To: BRIAN GHALIOUNGUI
c/o Richard Pepperman, Esq., Sullivan & Cromwell LLP, 125 Broad Street, New York, NY 10004

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material: The Documents identified in Exhibit A, attached hereto.

| Place: Sullivan & Cromwell LLP <br> 125 Broad Street <br> New York, NY 10004 | Date and Time: <br> 04/29/2011 09:00 |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: 04/12/2011

*CLERK OF COURT*

OR

_____                   _____
*Signature of Clerk or Deputy Clerk*                             *Attorney's Signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* _____
Plaintiff TASER International, Inc., et al _____, who issues or requests this subpoena, are:

Michael A. Caplan, Esq.
Bondurant, Mixson & Elmore LLP, 1201 W. Peachtree St., Suite 3900, Atlanta, Georgia 30309
Email: caplan@bmelaw.com   Phone: (404) 881-4174

AO 88B (Rev. 01/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

**(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

## EXHIBIT A

## DEFINITIONS

1.  The terms "Security," "Securities," and "TASR Securities" mean any note, common stock, preferred stock, treasury stock, put, call, straddle, option, bond, conversion, reverse conversion, flex option, debenture, evidence of indebtedness, transferable share, investment contract, group or index of securities (including any interest therein or based on the value thereof) or, in general, any interest or instrument commonly known as a "security;" or any certificate of interest or participation in, temporary or interim certificate for, receipt for, guarantee of, or warrant or right to subscribe to or purchase, which references, which is derived from, or whose value is determined based upon the common stock of TASR. All of the foregoing interests are Securities whether or not evidenced by a written document.

2.  "Documents" means all writings and things of any nature by which information may be stored or communicated, including originals and all non-identical copies and drafts thereof, in your possession, custody, or control, regardless of where located, including, without limitation, contracts, agreements, memoranda, notes, correspondence, letters, e-mails, communications, telegrams, teletypes, telecopies, transmissions, messages (including, but not limited to, records, reports, or memoranda of telephone calls and conversations), reports, studies, summaries, analyses, minutes, diaries, calendars, logs, notes, agenda, bulletins, notices, circulars, announcements, instructions, charts, tables, manuals, brochures, schedules, price lists, records, orders, invoices, statements, bills, books of account, ledgers, statistics, accounting, and financial statements, forecasts, work papers, notebooks, data sheets, translations, photographs, drawings, tape recordings, computer-stored information which can be retrieved or placed into reasonably usable form, written communications and written evidence of oral communications, and any other "document" from which information can be obtained or translated, if necessary, by you through detection devices into reasonably usable form. In all cases where originals and/or non-identical copies are not available, "documents" also means identical copies of original documents and copies of non-identical copies.

3.  "And" as well as "or" shall be construed disjunctively or conjunctively so as to bring within the scope of each request all documents, writings, and things which might otherwise be construed to be outside its scope.

866308.1
1

4.  The terms "record", "reflect", "relate to", and "concern" are intended to have the broadest possible scope so that all documents, including drafts, are included if they in any way constitute, contain, pertain to, or mention the indicated subject or document. Whenever a document provides part, but less than all, of the information requested, such document should be produced along with all other related documents.

5.  The term "communication" includes, but is not limited to, all inquiries, discussions, conversations, negotiations, agreements, understandings, meetings, conferences, interviews, telephone conversations, correspondence, notes, minutes, memoranda, telegrams, telexes, electronic mail messages, facsimiles, advertisements, or other forms of oral or written intercourse, however transmitted.

## INSTRUCTIONS

1.  Documents attached to other documents or materials shall not be separated unless sufficient records are kept to permit reconstruction of the grouping or context in which the document is maintained in the ordinary course of your business.

2  These document requests specifically seek electronic records (e.g., email, word processing documents, PowerPoints, Excel spreadsheets). You shall produce all such records regardless of whether they are maintained or stored on an active, storage or archived system. Thus, these requests specifically include, but are not limited to, active, near-line and off-line electronic records, as well as electronic records stored on back-up tapes, floppy disc, compact disc, disaster tapes, magnetic tapes or any other medium used to store or archive email. Documents that exist in electronic format must also be produced in electronic format, with an identification of the hardware and software necessary to convert the data from machine-readable to human readable form.

3.  Unless expressly stated otherwise, each of the document requests seeks documents during the following time period: the later of January 1, 2003, or six months before your employment with Goldman Sachs Execution & Clearing, L.P. or Goldman Sachs & Company through the present.

4.  If any responsive document cannot be produced in its entirety, you are requested to produce the document to the fullest extent possible, specifying the

reasons for your inability to produce the remainder of the document and describing to the fullest extent possible the contents of the un-produced portion.

5.  If any responsive documents have been destroyed or discarded, each document is to be identified in writing.

6.  If you object to any request or any portion thereof, you are required to state the ground for any such objection in full.

7.  With respect to any document or any portion of any document withheld because of a claim of privilege, state in writing the basis for your claim of privilege with respect to such document or portion of document.

8.  If you contend it would be unreasonably burdensome to obtain and provide all of the documents or information called for in response to any request, then as to that request you should produce all documents or information available without unreasonable burden, and describe with particularity the efforts made to secure any documents or information the provision of which you claim would be an unreasonable burden.

## DOCUMENTS REQUESTED

1. All Documents, including but not limited to emails, transcripts, audio recordings, and video recordings, discussing, referring to or involving TASER International, Inc., TASER Securities, or options or derivatives in TASER.

2. All Documents, including but not limited to emails, transcripts, audio recordings, and video recordings, discussing, referring to or involving short selling, conversions, reverse conversions or flex options.

3. All Documents, including but not limited to emails, transcripts, audio recordings, and video recordings, discussing, referring to or involving Regulation SHO.

4. All transcripts from testimony or interviews you have provided before or to the SEC, United States Attorney, Department of Justice, FINRA, NASD, AMEX, CBOE or any other governmental or self-regulatory organization.

866308.1
3

5. All Documents, including but not limited to emails, transcripts, audio recordings, and video recordings, that you provided to or received from any government agency or self regulatory organization ("SRO"), the Securities & Exchange Commission ("SEC"), Department of Justice, any United States Attorney's Office or representative thereof concerning or relating to short sales or Regulation SHO, including but not limited to the Certain Threshold Securities Investigation.

6. All Documents, including but not limited to emails, transcripts, audio recordings, video recordings, or other materials, relating or referring to any discussions or meetings with any government agency or self regulatory organization ("SRO"), the Securities & Exchange Commission ("SEC"), Department of Justice, any United States Attorney's Office or representative thereof concerning or relating to short sales or Regulation SHO, including but not limited to the Certain Threshold Securities Investigation.

7. All Documents, including but not limited to emails, discussing, referring to or involving your performance at Goldman Sachs Execution & Clearing, L.P. or Goldman Sachs & Company. This request includes performance evaluations, disciplinary action and any documents relating to the termination of your employment (e.g., severance agreement).

8. All Documents, including but not limited to emails, transcripts, audio recordings, video recordings, or other materials, discussing, referring to or involving Scott Arenstein, Steven Hazan, SBA Trading, AFR, ALA or ALA Trading, Hazan Capital Management, Group One, Cutler Group, Jeff Wolfson, Sallerson Troob, Timothy Young, Buckley & Young, Matt Benson, R.C. Sheehan or Susquehanna.

9. All Documents, including but not limited to emails, discussing, referring to or involving whether Goldman Sachs Execution & Clearing, L.P. or Goldman Sachs & Company has paid or may pay for any portion of your legal expenses in connection with this case or the Certain Threshold Securities Investigation.

10. All Documents including but not limited to emails, discussing, referring to or involving abusive naked short selling.