IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| TASER INTERNATIONAL, INC., et al., ) | Case No.: 1:10-CV-03108-JEC |
| Plaintiffs, ) | |
| ) | |
| v. ) | [On removal from the State Court of Fulton County, Georgia Case No.: 2008-EV-004739-B] |
| MORGAN STANLEY & CO., INC., et al., ) | |
| Defendants. ) | |

## NOTICE OF FILING THIRD ORDER OF SPECIAL MASTER

COMES NOW, Henry D. Fellows, Jr., in his capacity as Special Master appointed by Chief U.S. District Judge Julie E. Carnes by Order entered on December 17, 2010 [139], and hereby files the attached Third Order of Special Master which is being served electronically upon all counsel of record.

Respectfully submitted this 14th day of April, 2011.

FELLOWS LABRIOLA LLP

s/Henry D. Fellows, Jr.
Henry D. Fellows, Jr.
Georgia Bar No.: 216298
Fellows LaBriola LLP
Peachtree Center
225 Peachtree St., NE
Suite 2300 South Tower
Atlanta, Georgia 30303
(404) 586-9200 Telephone

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| TASER INTERNATIONAL, INC., et al., | Case No.: 1:10-CV-03108-JEC |
| Plaintiffs, | |
| v. | [On removal from the State Court of Fulton County, Georgia Case No.: 2008-EV-004739-B] |
| MORGAN STANLEY & CO., INC., et al., | |
| Defendants. | |

## THIRD ORDER OF SPECIAL MASTER

The Special Master conducted a third hearing on April 7, 2011, as to the following discovery issues which counsel to the parties requested the Special Master to address:

(1) Clarification of First Order entered on February 7, 2011, regarding Plaintiffs' Motion to Compel Defendants to Produce Documents Related to their Affirmative Defense of Good-Faith Reliance or, in the Alternative, to Strike that Defense filed in the Fulton County State Court on June 4, 2010;

(2) Requested date certain for the parties to complete document production;

(3) Number of depositions each side will be permitted to take without Court/Special Master approval;

1

(4) Plaintiffs' Motion to Compel Regarding their Second Requests for Production to Defendant Merrill Lynch Professional Clearing Corporation ("Merrill Pro") [171];

(5) Scheduling the "suitable compliance officer" depositions for defendants Merrill Lynch, Pierce, Fenner & Smith Incorporated ("Merrill Lynch") and Merrill Pro;

(6) Framework for identifying individuals for depositions or other discovery;

(7) Scheduling of deposition of John Mack; and

(8) Defendants' subpoena directed to non-party Chester Scott III.

The telephonic hearing on April 7, 2011, lasted approximately 2.5 hours, and all counsel of record had an opportunity to present arguments as to the enumerated items above. Counsel also provided written arguments to the Special Master through e-mail memoranda. At the conclusion of the hearing, the Special Master stated that he would rule upon certain items verbally and memorialize the rulings in a written Order. During the week of April 11, 2011, counsel to the parties requested the Special Master to delay the issuance of his Order until at least Wednesday afternoon, April 13, 2011, pending continuing negotiations among counsel to the parties for the purpose of resolving certain discovery disputes.

The Special Master issues the following rulings:

As to Item No. 1, the Special Master finds that there is no need to clarify or elaborate on the Order entered on February 7, 2011, regarding Plaintiffs' Motion to Compel Defendants to Produce Documents Related to their Affirmative Defense of Good-Faith Reliance or, in the Alternative, to Strike that Defense. Defendants have not asserted the defense of reliance on advice of counsel in this action. The defense of reliance on advice of counsel is not an affirmative defense and therefore may be asserted at a later time. See Fed. R. Civ. P. 8(c); O.C.G.A. § 9-11-8(c). However, if Defendants later elect to assert the defense of reliance on advice of counsel in this action, then the Special Master will authorize Plaintiffs to conduct narrowly tailored discovery as to that later asserted defense. The Special Master **DENIES** Plaintiffs' request for clarification.

As to Item No. 2, during the past four months, the Special Master has reviewed the discovery requests and the responses to discovery requests which both Plaintiffs and Defendants have served in this case. Based upon that review, the Special Master finds that both Plaintiffs and Defendants have diligently engaged in generating discovery requests and responses to discovery requests for electronically stored information ("ESI") and other documents. The parties are proceeding as quickly as they can in responding to the voluminous discovery requests. Therefore, the Special Master declines to impose a date certain for the parties to complete document production. If the parties do not have sufficient time

to conduct depositions following the production of ESI and other documents, the Special Master will extend the discovery deadlines and all other deadlines associated with the close of discovery in this case. The Special Master **DENIES** Plaintiffs' request for the imposition of a date certain for the production of documents.

As to Item No. 3, pursuant to Fed. R. Civ. P. 26(b)(2)(A) and Fed. R. Civ. P. 30(a)(2)(A), the Special Master finds that there is good cause to permit Plaintiffs and Defendants to take more than ten (10) depositions per side in this complex case. Therefore, the Special Master **GRANTS** the parties' request to take more than ten (10) depositions per side. The Special Master **DIRECTS** the parties to exchange proposals as to the specific numbers of depositions which they want to take in this case. The Special Master further **DIRECTS** the parties to exchange rolling lists of individuals to be deposed with the understanding that the rolling lists may need to be amended during the remaining weeks of the current discovery period. If the parties are unable to reach agreement as to numbers of depositions to be taken by each side, then the Special Master will enter a ruling at a later date which establishes specific numbers of depositions permitted for each side.

As to Item No. 4, Plaintiffs' Motion to Compel Regarding their Second Requests for Production to Defendant Merrill Pro [171], the Special Master directed counsel to the parties to continue their discussions in an effort to resolve

this discovery dispute. Counsel for the parties informed the Special Master today that they have continued to make progress in resolving this issue, but have reached an impasse. The Special Master will review the chart of jurisdictional discovery negotiations which the parties transmitted to him today and issue a ruling on Item No. 4 during early May, 2011.

As to Item No. 5, Defendants Merrill Lynch and Merrill Pro have identified Joseph Mastrianni as the suitable compliance officer who will testify on their behalf. Plaintiffs wish to depose Mr. Mastrianni twice. They wish to depose him first as the designated compliance officer for Defendants, and, second, as a general fact witness. Defendants request that Plaintiffs depose Mr. Mastrianni on two consecutive days, but Plaintiffs need an interval of time between the two depositions so that they can review documents produced by Defendants before taking Mr. Mastrianni's deposition as a general fact witness.

The Special Master **GRANTS** Plaintiffs' request to take two depositions of Mr. Mastrianni on non-consecutive days during the remainder of the discovery period. Defendants have agreed that Plaintiffs' deposition of Mr. Mastrianni as a compliance officer will not count against Mr. Mastrianni's deposition as a general fact witness.

As to Item No. 6, which relates to the framework for identifying individuals for depositions or other discovery, the Special Master understands that Plaintiffs

wish to move forward with depositions of Defendants' employees as rapidly as possible, but it is apparent that Defendants have been acting in good faith in providing alternative dates for depositions of their current and former employees. The Special Master **DIRECTS** counsel to the parties to continue working together as to the timing and sequence of depositions, but **DENIES** Plaintiffs' request to require Defendants to respond to Plaintiffs' request for deposition dates within a certain time period.

As to Item No. 7, during the hearing, Defendant Morgan Stanley's counsel offered the date of May 24, 2011, at 11:00 am for the deposition of John Mack to Plaintiffs' counsel. Plaintiffs' counsel will inform Morgan Stanley's counsel as to whether that date is convenient. This issue is now **MOOT**.

As to Item No. 8, on April 12, 2011, counsel for the parties informed the Special Master that the parties have resolved the dispute associated with the deposition of non-party Chester Scott III, so this issue is now **MOOT**.

SO ORDERED, this 14th day of April, 2011.

*/s/ Henry D. Fellows, Jr.*
Henry D. Fellows, Jr.
Georgia Bar No. 257825

FELLOWS LABRIOLA LLP
Peachtree Center, Suite 2300, South Tower
225 Peachtree Street, N.E.
Atlanta, GA 30303-1731
(404) 586-9200

## CERTIFICATE OF SERVICE

I hereby certify that I have on this day served the foregoing **Notice of Filing Third Order of Special Master** upon counsel of record via electronic mail and the CM/ECF filing system, which will also send email notification to all counsel of record.

This 14th day of April, 2011.

                                           s/Henry D. Fellows, Jr.
                                           Henry D. Fellows, Jr.