## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| TASER INTERNATIONAL, INC., *et al.*, | ) | |
| | ) | Case No.: 1:10-cv-3108-JEC |
| Plaintiffs, | ) | |
| | ) | [On removal from the State |
| v. | ) | Court of Fulton County, |
| | ) | Georgia Case No.: |
| MORGAN STANLEY & CO., INC., *et al.*, | ) | 2008-EV-004739-B] |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## PLAINTIFFS' OBJECTIONS TO ITEM ONE OF THE
## THIRD ORDER OF SPECIAL MASTER DATED APRIL 14, 2011

Pursuant to Federal Rule of Civil Procedure 53(f)(2), Plaintiffs hereby object

to Item One of the Third Order of Special Master dated April 14, 2011 [Dkt. 298].

## PRELIMINARY STATEMENT

Throughout this litigation, the Defendants have indicated that they might

assert the defense of good faith reliance on counsel.  Yet, as the parties approach

the close of fact discovery, Defendants have and continue to refuse to permit

Plaintiffs to obtain any discovery into that potential defense.

On June 4, 2010, Plaintiffs filed a motion requesting, *inter alia*, that the

Special Master require Defendants to make an election, either to: (1) assert a good

faith reliance on counsel defense now and permit discovery concerning it, or (2)

873171.1

decline to assert the defense and thereby be precluded from raising it following the close of discovery.  The Special Master denied that motion, but held that if a Defendant later raises the defense, it would permit Plaintiffs to conduct discovery at that time, presumably even if the discovery period had closed.  The Special Master's Order was unclear as to whether, in the event a Defendant later asserts a reliance-on-counsel defense, Plaintiffs could argue still that the defense has been waived, which is the proper remedy under the law.  Thus, on April 7, 2011, Plaintiffs moved to amend and/or clarify the Special Master's Order, requesting that the Special Master make clear that in the event a reliance-on-counsel defense is later raised, Plaintiffs would be permitted to seek all remedies available under the law in response to that belated assertion of the defense, including a court determination that the defense has been waived.

On April 14, 2011, the Special Master denied Plaintiffs' Motion to Amend and/or for Clarification, holding that in the event that one or more Defendants later assert a good faith reliance on counsel defense (including asserting the defense after discovery, at summary judgment or at trial), the only remedy that will be available to Plaintiffs is the reopening of discovery.  That ruling conflicts with well-established law holding that an untimely invocation of a reliance-on-counsel defense results in a waiver of the defense.  Indeed, as discussed in detail below,

873171.1

courts have consistently held that a defendant must state sufficiently early *in discovery* whether it is asserting a good-faith-reliance-on-counsel defense to allow the plaintiff an opportunity to take appropriate discovery tailored to the veracity of that defense.  *E.g.*, *Brown v. Toscano*, 630 F. Supp. 2d 1342, 1351 (S.D. Fla. 2008) ("A defendant, however, does not have an unfettered right to determine when to raise the [reliance-on-counsel] defense.  Courts, therefore, have required defendants to choose whether to assert such a defense by a date certain."); *Am. Int'l Airways, Inc. v. Am. Int'l Group, Inc.*, Civ. A. No. 90-7135, 1991 WL 255661, at *1 (E.D. Pa. Nov. 14, 1991); *United States v. Exxon Corp.*, 94 F.R.D. 246, 249 (D.D.C. 1981); *United States v. Bilzerian*, 926 F.2d 1285 (2d Cir. 1991).  The Defendants' refusal to do so in response to Plaintiffs' discovery requests waives the defense, and precludes them from surprising the Plaintiffs with the defense after the close of discovery.  *Dorr-Oliver, Inc. v. Fluid-Quip, Inc.*, 834 F. Supp. 1008, 1012 (N.D. Ill. 1993).  The Special Master erred by failing to follow this law.

## BACKGROUND

From the outset of this litigation, Defendants have asserted a "good faith" defense, claiming that they are neither liable nor subject to punitive damages because they "acted in good faith in conformity with the rules, regulations and

873171.1

3

pronouncements of the SEC and the National Association of Securities Dealers."[1] But, Defendants are intentionally vague as to what they mean by their good-faith-reliance defense, and they have refused to definitively state whether they will invoke at summary judgment or trial a defense based upon the reliance on the advice of counsel.

In an email dated May 20, 2010, Plaintiffs asked Defendants whether they intend to raise the good-faith-reliance-on-counsel defense.[2]  Plaintiffs also asked, if Defendants refused to indicate their intention, whether they would agree not to rely on any testimony concerning the advice of counsel in support of that or any other

---

[1] *See* Merrill Lynch's Answer to Sixth Am. Compl. at 24 ("[Defendant] is not subject to liability under Georgia law because it acted in good faith in conformity with the rules, regulations and pronouncements of the SEC and the National Association of Securities Dealers . . . ."), attached hereto as Exhibit 1; Merrill Pro's Answer to Seventh Am. Compl. [Dkt. 126] at 27; Goldman Sachs' Answer to Sixth Am. Compl. at 24 (same), attached hereto as Exhibit 2; Banc of America's Answer to Sixth Am. Compl. at 24 (same), attached hereto as Exhibit 3; Morgan Stanley's Answer to Sixth Am. Compl. at 21 (same), attached hereto as Exhibit 4.  Plaintiffs Motion concerns the non-settling Defendants in this action, including Defendants Banc of America Securities LLC, Morgan Stanley & Co. Inc., the Goldman Sachs Group, Inc., Goldman USA, Inc., Merrill Lynch, Pierce, Fenner & Smith, Inc., and Merrill Lynch Professional Clearing Corp.  Plaintiffs refer to these parties collectively as the "Defendants."

[2] *See* Exhibit 5 at 3-4 & Ex. A (Email from S. Rosenwasser to Defense Counsel dated May 20, 2010).

defense.[3]  Despite that the parties were two years into the litigation, Defendants refused to answer these questions, claiming they were "premature."[4]  When Defendants refused to engage in further conferrals on the subject, Plaintiffs filed their Motion to Compel Defendants to Produce Documents Related to Their Affirmative Defense of Good-Faith Reliance or, in the Alternative, to Strike that Defense ("Motion").[5]  Based on *Cox v. Administrator U. S. Steel & Carnegie*, 17 F.3d 1386, 1419 (11th Cir. 1994), and the other authorities cited below, Plaintiffs sought an order (i) requiring Defendants to certify to the Court within 10 days whether they would assert the good faith reliance defense, and (ii) in the event that Defendants did not assert the defense, preventing Defendants from introducing evidence in support of the good-faith-reliance-on-counsel defense at trial.  *Id.* at 13-14.

On January 31, 2010, Plaintiff David Batchelor also served an Interrogatory and Request for Production of Documents concerning the good-faith-reliance-on-counsel defense.  Plaintiffs asked the Defendants as follows:

---

[3] *Id.*

[4] *Id.* at 4 and Ex. B.

[5] Plaintiffs' Motion was filed on June 4, 2010 in the State Court, and is attached hereto as Exhibit 5.  Defendants' Memorandum in Opposition to Plaintiffs' Motion ("Defs. Opp.") is attached hereto as Exhibit 6.  Plaintiffs' Reply in Support of their Motion is attached hereto as Exhibit 7.

1.   Do you intend on asserting a good faith reliance on counsel defense in this case?  If so, please state the subject matters and topics for which you intend on asserting that defense.

2.   Do you agree that you will not assert a good faith reliance on counsel defense at any time in this case (including summary judgment, trial, and appeal if any)?  If you do not agree, please state the subject matters and topics for which you may assert or currently intend on asserting that defense.

3.   Do you intend on submitting any evidence (documents, testimony or otherwise) that your actions or inactions, in whole or in part, were based on the opinion or advice of counsel?  If so, please state the actions or inactions that you intend on submitting evidence about that were based on reliance on the opinion or advice of counsel.

4.   Do you agree that you will not attempt or seek to introduce evidence (documents, testimony or otherwise) that your actions or inactions, in whole or in part, were based on the opinion or advice of counsel?  If you do not agree, please identify the subject matters or topics for which you may or will introduce evidence that you relied on counsel.[6]

Each Defendant responded to each of these Interrogatories by stating that

"they do not intend *at this time* to assert a good-faith reliance on counsel defense

in this case."[7]  However, each Defendant reserved the right to subsequently raise

_____

[6] Plaintiff David Batchelor's Interrogatories and Request for Production of Documents Relating to Good Faith Reliance on Counsel Defense to Certain Defendants at 4-5, attached hereto as Exhibit 8.

[7] *See* Response of Merrill Lynch Defendants and Banc of America at 3-6, attached hereto as Exhibit 9 (emphasis added); *see also* Response of Morgan Stanley & Co. at 5-8, attached hereto as Exhibit 10 (substantially same); Response of Goldman Sachs Defendants at 5-8, attached hereto as Exhibit 11 (substantially same).

873171.1

the defense in the future, presumably after the close of discovery in this case:  "If [any of the non-settling Defendants] subsequently decides to invoke such a defense, [that entity] will supplement its response to this Interrogatory as appropriate . . . . [*The Defendants] reserve [their] right to do so*."[8]  Discovery in this action presently closes on June 30, 2011, which means that the window for Plaintiffs to conduct discovery concerning any reliance-on-counsel defense is already too narrow, and soon to be shut.

On February 7, 2011 [Dkt. 216], the Special Master denied Plaintiffs' Motion.  The Special Master held that the Defendants were not required to disclose during discovery whether they intend to rely on the good-faith-reliance-on-counsel defense because it is not an affirmative defense listed in Fed. R. Civ. P. 8(c). Order of Feb. 7, 2011 [Dkt. 216], at 10-11.  The Special Master also held that "if Defendants later elect to assert the defense of reliance on advice of counsel, then the Special Master will authorize Plaintiffs to conduct "narrowly tailored discovery as to that later asserted defense."  *Id.* at 11.  The Special Master did not place any time limitation on when Defendants were required to assert the defense, thus arguably indicating that Defendants could raise the defense at any time before the pretrial order is entered and well after the close of discovery.

---

[8] *See id.* (emphasis added).

While the Special Master's Order indicated that he would authorize additional discovery if a Defendant later raised a good-faith-reliance-on-counsel defense, the Order was ambiguous as to whether Plaintiffs could also seek and obtain a finding of waiver as provided by established law.  Thus, Plaintiffs requested that the Special Master amend and/or clarify his Order to make clear that if any Defendant later asserted a good faith reliance on counsel defense, Plaintiffs could seek all remedies available under the law, including, but not limited to, waiver.

On April 7, 2011, the Special Master heard argument on Plaintiffs' oral motion to amend and/or for clarification.  *See* April 7th Hearing Tr. at 6–13, 127-128.  Plaintiffs argued that, if interpreted to authorize Defendants to raise the reliance-on-counsel defense after the close of discovery, then the Special Master's ruling conflicted with well-established law and could potentially lead to substantial delay of the case and substantial prejudice to Plaintiffs.  *Id.*  Plaintiffs also sought clarification that the Special Master's Order did not prejudice Plaintiffs' contention that Defendants have waived or will waive the defense of reliance on counsel by refusing discovery but simultaneously refusing to definitively state whether they will abandon the defense.  *Id.* at 9-10.  On April 14, 2011, the Special Master denied Plaintiffs' Motion to Amend and/or for Clarification in a written order.  *See*

Order of April 14, 2011 [Dkt. 298] at 3.  As before, the Special Master concluded that Defendants were not required to disclose during the discovery period whether they would invoke the reliance-on-counsel defense at trial.  *Id.*  And again, the Special Master did not place any time limitation on when Defendants could raise the defense.  *Id.*  For the reasons explained below and detailed in Plaintiffs' Motion, Plaintiffs object to that portion of the Special Master's Order.

## ARGUMENT AND CITATION OF AUTHORITIES

**I.     The Reliance-on-Counsel Defense Waives the Attorney-Client Privilege.**

It is well settled that the attorney-client privilege is waived "when a client asserts reliance on an attorney's advice as an element of a claim or defense." *Sedco Int'l, S.A. v. Cory*, 683 F.2d 1201, 1206 (8th Cir. 1982); *Cox v. Adm'r U.S. Steel & Carnegie*, 17 F.3d 1386, 1419 (11th Cir. 1994) ("[T]he attorney-client privilege is waived when a litigant places information protected by it in issue through some affirmative act for his own benefit, and to allow the privilege to protect against disclosure of such information would be manifestly unfair to the opposing party.") (citations and quotations omitted).  The reason for this rule is well founded: "a litigant cannot at one and the same time make use of those privileged communications which support his position while hoping to maintain the privilege as those communications which undercut his legal position." *In re*

873171.1

9

*Human Tissue Prods. Liab. Litig.*, 255 F.R.D. 151, 158 (D.N.J. 2008).[9]  Thus,

asserting a good faith defense makes all information related to that defense

discoverable and relevant to the case:

> [A] client's reliance on an attorney's advice as an element of a claim
> or defense, such as the assertion of a good faith defense…places
> otherwise privileged attorney-client communications at issue and
> implicitly waives the privilege.  Because a fact finder would be unable
> to evaluate the merits of the good faith defense without evidence of
> what legal advice the defendant relied on – a jury could not evaluate
> the defense without the protected information – the privilege must
> give way. *When the individual asserts his good faith defense, he
> squarely places at issue otherwise protected legal advice, and
> affirmatively waives the attorney-client privilege.*

*Morande Auto. Group v. Metropolitan Group, Inc.*, 2009 WL 650444, at *3

(D. Conn. Mar. 12, 2009) (emphasis added).

Defendants do not dispute that the invocation of the reliance-on-counsel

defense waives the attorney-client privilege.  *See* Defs. Opp. at 5-6, attached hereto

as Exhibit 6 (citing cases holding that a waiver of the privilege occurs when the

defendant puts at issue its reliance on the advice of its counsel).  Instead,

---

[9] *See also Bank Brussels Lambert v. Credit Lyonnais (Suisse) S.A.*, Nos. 93 Civ.
6876, 94 Civ. 1317, 1995 WL 598971, at *5-*6 (S.D.N.Y. Oct. 11, 1995) ("To
deny the plaintiffs this opportunity [for discovery of privileged documents where
an advice of counsel defense is raised] would result in a one-sided account and
prejudice the plaintiffs' ability to litigate their claim."); *Pitney-Bowes, Inc. v.
Mestre*, 86 F.R.D. 444, 447 (S.D. Fla. 1980) (to allow a litigant to assert a defense
of reliance on advice of counsel and simultaneously "to allow the privilege to
protect against disclosure of such information would [be] manifestly unfair to the
opposing party.").

Defendants argue only that they do not have to plead any defense based on reliance on the advice of counsel now, but rather can "preserve the right to raise these issues at a later time." *Id.* at 7.  The thrust of Defendants argument is that they can wait until the close of discovery to raise the defense, thus either evading the resulting waiver of the attorney-client privilege during the discovery period or substantially delaying the case by causing an unnecessary and belated re-opening of discovery not contemplated by this Court's Scheduling Order.  That is not the law.  The great weight of authorities have rejected Defendants' argument, requiring defendants to raise the defense sufficiently early in *the discovery period* to allow the opposing party the opportunity to discover any communications (including attorney-client communications) that may lead the discovery of admissible evidence supporting or rebutting the reliance-on-counsel defense.

**II.    The Special Master Erred by Not Clarifying that its Denial of Plaintiffs' Motion is Without Prejudice to the Issue of Whether Defendants Have Waived the Defense.**

While it is true that, as a general matter, defenses other than those enumerated in Rule 8(c) of the Federal Rules can be asserted until the filing of the pretrial order, [10] courts have routinely held that defendants cannot delay in

---

[10] None of the authorities upon which the Defendants rely in support of their assertion that they need only plead the defense of reliance on advice of counsel before the filing of the pretrial order and perhaps even later (*Rieder*, *Troxler*, and

asserting the reliance-on-counsel defense because of the potential for gamesmanship, prejudice, and needless delay.  Indeed, it is widely held that a defendant must state *during discovery* whether it is asserting a good faith reliance-on-counsel defense so that the plaintiff may take appropriate discovery bearing on the veracity of the reliance-on-counsel defense.  *Brown v. Toscano*, 630 F. Supp. 2d 1342, 1351 (S.D. Fla. 2008); *Square D Co. v. E.I. Elecs., Inc*., No. 06 C 5079, 2009 WL 3213638 (N.D. Ill. Sept. 30, 2009); *Intervet, Inc. v. Merial Ltd*., 256 F.R.D. 229 (D.D.C. 2009); *Am. Int'l Airways, Inc. v. Am. Int'l Group, Inc.*, 1991 WL 255661, at *1 (E.D. Pa. Nov. 14, 1991); *Keyes Fibre Co. v. Packaging Corp. of Am.*, 763 F. Supp. 374, 376 (N.D. Ill. 1991); *United States v. Exxon Corp.*, 94 F.R.D. 246, 249 (D.D.C. 1981); *United States v. Bilzerian*, 926 F.2d 1285 (2d Cir. 1991); *cf. Echometer Co. v. Lufkin Indus., Inc*., No. 7:00-CV-0101, 2002 WL 87323 (N.D. Tex. Jan. 16, 2002).  Plaintiffs discuss these authorities in detail in their Motion and reply brief in support of their Motion, and fully incorporate those arguments herein.  *See* Exhibit 5 at 1-2, 6-13; Exhibit 7 at 2-11.

Because of the material impact a reliance-on-counsel defense has both on the scope of discovery and on the plaintiff's ability to rebut the defense, courts

---

*Brown*, *see* Defs. Opp. at 7-8 & n. 13) address this specific defense, which is different from other defenses because of its attendant privilege waiver.

commonly impose a date-certain deadline within which parties must disclose whether they will assert a good-faith reliance defense.  *Brown v. Toscano*, 630 F. Supp. 2d 1342, 1351 (S.D. Fla. 2008) ("A defendant, however, does not have an unfettered right to determine when to raise the [reliance-on-counsel] defense. Courts, therefore, have required defendants to choose whether to assert such a defense by a date certain.").  For example, in *American International Airways, Inc. v. American International Group, Inc.*, 1991 WL 255661, at *1-2 (E.D. Pa. Nov. 14, 1991), the defendant, like Defendants here, asserted an ambiguous defense suggesting only that it *might* assert reliance on counsel as an affirmative defense at trial.  During the discovery period, the plaintiff moved to compel production of defendants' relevant attorney-client communications, and the court held that defendant either had to ***affirmatively abandon its reliance-on-counsel defense or produce the relevant documents within ten days***.  *Id.*

Likewise, in *Intervet, Inc. v. Merial Ltd.*, 256 F.R.D. 229 (D.D.C. 2009), the court imposed a five-day deadline for the defendant to decide whether it was invoking the good-faith-reliance defense so that the plaintiff could take appropriate discovery:

> While I appreciate that the decision whether to waive privilege and raise the advice of counsel defense is an important one, I do not find that its importance justifies Intervet's decision to wait until the latest possible time to assert it, particularly where doing so runs the risk of precluding

Merial from conducting adequate discovery.  Intervet has had a substantial amount of time to consider whether it intends to raise the advice of counsel defense, and as I understand it, has not yet taken a position. It shall do so within the next five days.  If it does assert the defense, then it must supplement the interrogatory fully with any information that is responsive but currently withheld on the basis of privilege …. ***Within five days, Intervet will file a praecipe indicating whether or not it intends to claim the defense of advice of counsel.***

*Id.* at 233-34 (emphasis added) (decision of magistrate).

And again in *Square D Co. v. E.I. Elecs., Inc*., No. 06 C 5079, 2009 WL 3213638 (N.D. Ill. Sept. 30, 2009), the court held that the defendant had to affirmatively elect whether it was raising the reliance-on-counsel defense during the discovery period:

To the extent EI is suggesting that it need not make its election concerning the advice-of-counsel defense until after Square D has put on its case-in-chief at trial, ***that is absurd***.  Of course Square D has the right to conduct discovery on the issue, just as EI has the right to conduct discovery before making its election. The election is therefore appropriately made—EI's hand is appropriately forced—***during the discovery phase of the case***.

*Id.* at *2 (emphasis added).  Other cases are in accord.  *See, e.g., Keyes Fibre Co. v. Packaging Corp. of Am.*, 763 F. Supp. 374, 376 (N.D. Ill. 1991) ("Privilege or no privilege, if PCA intends to use such information at trial, Keyes is entitled to full disclosure in order to prepare its case . . . . PCA must either waive the attorney-client privilege and comply with Keyes' discovery request or assure the court and

opposing counsel that it will not pursue a defense based on the information covered by the privilege.").

The Special Master's Order held that Defendants were not required to state now, or by any date certain in the future, whether Defendants intend to invoke the good-faith reliance defense at trial. Instead, the Special Master concluded that the defense on reliance of counsel, because it is not an affirmative defense, "therefore may be asserted at a later time." Order of Feb. 7, 2011 [Dkt. 216] at 11. The Special Master's order conflicts with the authorities above. By holding that Defendants could raise the defense at any time (presumably) leading up to the entry of the pretrial order, the Special Master's Order sanctions a belated, post-discovery, and eve-of-trial invocation of the defense—which will either materially prejudice Plaintiffs or substantially delay the case by forcing a reopening of discovery. By granting Defendants a unilateral right to raise the defense and reopen discovery at any time leading up to the entry of the pretrial order, the Special Master's Order also conflicts with the discovery schedule entered in the case. Fact discovery concludes by June 30, 2011, and there is no exception for fact discovery concerning a belatedly invoked defense. That is precisely the gamesmanship and prejudice that has led courts to uniformly require defendants to reveal their intent to assert the defense during the discovery period—or waive it.

873171.1

Significantly, however, the Special Master's Order of April 14, 2011 declined to clarify that the Special Master's denial of Plaintiffs' Motion was without prejudice to Plaintiffs' argument that Defendants will have waived the reliance-on-counsel defense by steadfastly invoking the attorney-client privilege and refusing to produce discovery that bears on the defense.  Instead, the Special Master's Order states that "if Defendants later elect to assert the defense of reliance on advice of counsel in this action, then the Special Master will authorize Plaintiffs to conduct narrowly tailored discovery as to that later asserted defense."  Order of April 14, 2011 [Dkt. 298] at 3.  The Special Master's denial of Plaintiffs' Motion to Amend and/or for Clarification not only grants Defendants the "unfettered right to determine when to raise the [reliance-on-counsel] defense eschewed by the courts, *Brown*, 630 F. Supp. 2d at 1351, but also fails to recognize that Defendants will have waived the defense by refusing to provide relevant discovery relating to the defense during the discovery period.

Indeed, in the event Defendants refuse to disclose their attorney-client communications in discovery, they are and should be prohibited from relying on the defense of good faith.  In *Dorr-Oliver, Inc. v. Fluid-Quip, Inc.*, 834 F. Supp. 1008, 1012 (N.D. Ill. 1993), for example, the defendant refused to provide discovery and answer questions concerning its attorney-client communications

during several depositions.  After the close of discovery, the defendant sought to

assert a reliance-on-counsel defense.  The court held that the defendant had waived

the defense by refusing the plaintiff's discovery requests:

> The Defendants cannot have it both ways; they cannot seek refuge in
> consultation with counsel as evidence of their good faith yet prevent
> [the plaintiff] from discovering the contents of the communication.
> Whether or not defendants acted in good faith depends on what legal
> advice they received and whether they followed that legal advice. . .
> .**Thus, defendants must have disclosed the advice of counsel or
> they are precluded from raising the fact of legal consultation as
> part of their good faith argument.**

*Id.* (emphasis added).

Here, Defendants will have waived their ability to raise the reliance-

on-counsel defense because they continue to refuse to disclose any advice of

counsel upon which they purport to have relied.  Indeed, even if Defendants

were to disclose such information before the end of discovery on June 30,

2011, Plaintiffs have been materially prejudiced by not having an adequate

opportunity to conduct document discovery relating to such advice (and

other possibly inconsistent advice provided by counsel) and take related

depositions.  Accordingly, this Court should overturn Item 1 of the Third

Order of Special Master dated April 14, 2011, and enter an Order providing

that if a Defendant later asserts a good-faith-reliance-on-counsel defense,

Plaintiffs are entitled to seek all available remedies, including, but not

873171.1

limited to, a determination by this Court that Defendants have waived the

defense.

      Respectfully submitted this 21st day of April, 2011.

                  */s/ Michael A. Caplan*
                  John E. Floyd
                  Georgia Bar No. 266413
                  floyd@bmelaw.com
                  Jill A. Pryor
                  Georgia Bar No. 589140
                  pryor@bmelaw.com
                  Steven J. Rosenwasser
                  Georgia Bar No. 614908
                  rosenwasser@bmelaw.com
                  Nicole G. Iannarone
                  Georgia Bar No. 382510
                  iannarone@bmelaw.com
                  Michael A. Caplan
                  Georgia Bar No. 601039
                  caplan@bmelaw.com
                  Elizabeth G. Eager
                  Georgia Bar No. 644007
                  eager@bmelaw.com
                  Robert L. Ashe
                  Georgia Bar No. 208077
                  ashe@bmelaw.com
                  Bondurant, Mixson & Elmore, LLP
                  3900 One Atlantic Center
                  1201 West Peachtree Street, N.W.
                  Atlanta, Georgia  30309-3417
                  (404) 881-4100 Tel.
                  (404) 881-4111 Fax

873171.1

James W. Christian
State Bar No. 04228700
jchristian@csj-law.com
Gary M. Jewell
State Bar No. 10664800
gjewell@csj-law.com
Christian, Smith & Jewell, LLP
2302 Fannin, Suite 500
Houston, Texas  77002
(713) 659-7617 Tel.
(713) 659-7641 Fax
(admitted *pro hac vice*)

Attorneys for Plaintiffs

873171.1

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on this day, a true and correct copy of the foregoing

**PLAINTIFFS' OBJECTIONS TO ITEM ONE OF THE THIRD ORDER OF**

**SPECIAL MASTER DATED APRIL 14, 2011** was electronically filed with the

Clerk of Court using the Court's electronic filing system which will automatically

send an email notification of such filing to the following attorneys of record who

are registered participants in the Court's electronic notice and filing system:

> **Attorneys for Defendants:**
> Richard H. Sinkfield, Esq.
> Dan F. Laney, III, Esq.
> Kristina M. Jones, Esq.
> Stefanie H. Jackman, Esq.
> James W. Cobb, Esq.
> Rogers & Hardin
> 2700 International Tower, Peachtree Center
> 229 Peachtree Street, N.E.
> Atlanta, GA  30303-1601
>
> **Attorneys for Banc of America Securities, LLC;**
> **Merrill Lynch, Pierce, Fenner & Smith, Inc.; and Merrill Lynch**
> **Professional Clearing Corporation:**
> Andrew J. Frackman, Esq.
> Brad Elias, Esq.
> O'Melveny & Myers LLP
> 7 Times Square
> New York, NY  10036

873171.1

20

**Attorneys for Morgan Stanley & Co. Incorporated:**
Robert F. Wise, Jr., Esq.
William J. Fenrich, Esq.
Melissa T. Aoyagi, Esq.
Davis Polk & Wardwell LLP
450 Lexington Avenue
New York, NY  10017

**Attorneys for Goldman, Sachs & Co. and Goldman Sachs
Execution & Clearing, L.P.:**
Richard C. Pepperman II, Esq.
Richard H. Klapper, Esq.
Tracy Richelle High, Esq.
Sullivan & Cromwell LLP
125 Broad Street
New York, NY  10004

**Attorneys for Deutsche Bank Securities Inc.:**
Heather L. Fesnak, Esq.
Peter J. Isajiw, Esq.
Gregory A. Markel, Esq.
Cadwalader Wickersham & Taft LLP
One World Financial Center
New York, NY  10281

**Attorneys for Credit Suisse Securities (USA), LLC.:**
Fraser L. Hunter, Jr., Esq.
Wilmer Cutler Pickering Hale & Dorr LLP
399 Park Avenue
New York, NY  10022

Further, I hereby certify that on this day, I caused to be served a true and

correct copy of the foregoing by United States mail and electronic mail on:

873171.1

**Attorneys for Bear Stearns & Co., Inc. and Bear Stearns Securities Corp.:**
Stephen L. Ratner, Esq.
Harry Frischer, Esq.
Brian L. Friedman, Esq.
Proskauer Rose LLP
11 Times Square
New York, NY  10036-8299

**Attorneys for UBS Securities, LLC:**
Andrew B. Clubok, Esq.
Jeffrey G. Landis, Esq.
Daniel Gomez, Esq.
Kirkland & Ellis LLP
655 Fifteenth Street, N.W., Suite 1200
Washington, DC  20005-5793

This 21st day of April, 2011.

_/s/ Michael A. Caplan_
Michael A. Caplan
Georgia Bar No. 601039

873171.1

22