EXHIBIT

1

**State Court of Fulton County**
**\*\*\*EFILED\*\*\***
LexisNexis Transaction ID: 27829643
Date:  Oct 30 2009  7:02PM
Mark Harper, Clerk

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

TASER INTERNATIONAL, INC., DAVID
BATCHELOR, NATALIE BATCHELOR,
DR .THOMAS COLLERTINE, JUDITH
COLLENTINE, CHARLES FAIRES, SANDRA
FAIRES, MASAJI KELLEY, KELLY KELLEY,
STEPHEN LISENBY, PATRICIA LISENBY,
RICHARD D. ALMEROTH, CONSTANCE L.
ALMEROTH, JAMES BAKER, JR., ROBERT
BAKER, WILLIAM BURNSIDE, DONNA C.
CASH, as Personal Representative of the Estate of
Dorothy A. Connelly, SOUTHEAST EYE
SURGERY CLINIC, INC. EMPLOYEE PSP,
JAMES DUNAGIN, JR., EMILY DUNAGIN,
RICHARD C. HASKELL, SUSAN HASKELL,
RICHARD C. HASKELL, JR., AMY HASKELL,
MARY RICHARDSON, PAMELA LEWIS,
JANE MAJ, CRAIG W. MILLER, MARGARET
ROCHE, CHET SCOTT, JOHN SCOTT, PAULA
SCOTT, PETER SCOTT, MICHELLE SCOTT,
MARY ROSE STUCKER, ANNE ZELTEN,
MICHAEL BOYER, PHILLIPS WALLER
SMITH, PATRICK W. SMITH, THOMAS P.
SMITH and DEANNA M. SMITH,

        Plaintiffs,

        v.

MORGAN STANLEY & CO., INC.,
GOLDMAN, SACHS & CO., GOLDMAN
SACHS EXECUTION & CLEARING, L.P.,
BEAR STEARNS & CO., INC. K/N/A JP
MORGAN SECURITIES INC., BEAR
STEARNS SECURITIES CORP. K/N/A JP
MORGAN CLEARING CORP., MERRILL
LYNCH, PIERCE, FENNER & SMITH, INC.,
DEUTSCHE BANK SECURITIES, INC.,
CREDIT SUISSE SECURITIES (USA) LLC,
BANC OF AMERICA SECURITIES, LLC, UBS
SECURITIES, LLC and JOHN DOES 1-10

        Defendants.

Civil Case No.
2008-EV-004739-B

**ANSWER TO THE SIXTH
AMENDED COMPLAINT**

## ANSWER OF DEFENDANT MERRILL LYNCH, PIERCE, FENNER & SMITH INCORPORATED TO PLAINTIFFS' SIXTH AMENDED COMPLAINT

Pursuant to Section 9-11-12 of the Official Code of Georgia, Defendant Merrill Lynch, Pierce, Fenner & Smith Incorporated ("Merrill Lynch"), by its undersigned counsel, answer Plaintiffs' Sixth Amended Complaint (the "Complaint") as follows:

1. Merrill Lynch denies the allegations of paragraph 1, except admits on information and belief that TASER International, Inc. ("TASER") is a publicly-traded company.[1]

2. Merrill Lynch denies the allegations of the first sentence of paragraph 2 and denies that the remaining allegations of paragraph 2 provide a complete and accurate description of a "typical legal short selling" transaction or an "illustrative example" of such a transaction.

3. Merrill Lynch denies the allegations of paragraph 3, except (a) admits and avers that short selling is an entirely legal activity authorized by the applicable federal securities laws and regulations, (b) that the allegations of paragraph 3 consist of legal conclusions as to which no response is required or appropriate, and (c) respectfully refers the Court to the laws and regulations applicable to short selling and settlement of short sales for a complete and accurate statement of their contents.

4. Merrill Lynch denies the allegations of paragraph 4, except admits and avers that most securities trades in the United States are settled today through the DTCC and further avers that the third and fourth sentences of paragraph 4 do not provide a complete and accurate

---

[1] Throughout this Answer, where Merrill Lynch responds to allegations that concern all defendants and not Merrill Lynch individually, Merrill Lynch is without knowledge or information sufficient to form a belief as to the truth of the allegations as to other defendants, and therefore they are denied, except where noted.

description of DTCC or the DTCC settlement process.  Merrill Lynch further avers that the first sentence of that paragraph consists of a legal conclusion as to which no response is required or appropriate.

5.  Merrill Lynch denies the allegations of paragraph 5, except (a) avers that the second and sixth sentences of that paragraph consist of legal conclusions as to which no response is required or appropriate, and (b) respectfully refers the Court to the quoted documents for a complete and accurate statement of their contents and to the applicable laws and regulations governing short selling for their contents.

6.  Merrill Lynch denies the allegations of paragraph 6, except respectfully refers the Court to the quoted documents for a complete and accurate statement of their contents.

7.  Merrill Lynch denies the allegations of paragraph 7.

8.  Merrill Lynch denies the allegations of paragraph 8, except (a) admits that its affiliate, Merrill Lynch Professional Clearing Corp., entered into a settlement with the NASD relating to the conduct of Pax Clearing Corporation without admitting or denying the allegations, and (b) is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning the other defendants, and therefore they are denied.

9.  Merrill Lynch denies the allegations of paragraph 9.

10.  Merrill Lynch denies the allegations of paragraph 10, except (a) admits and avers on information and belief that (i) most securities trades in the United States are conducted electronically and (ii) prime brokers maintain beneficial share records, and (b) is without

knowledge or information sufficient to form a belief as to the truth of the allegations concerning other defendants, and therefore they are denied.

11. Merrill Lynch denies the allegations of paragraph 11, except (a) is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning other defendants, and therefore they are denied, and (b) respectfully refers the Court to all relevant DTCC data for an accurate description of their contents.

12. Merrill Lynch denies the allegations of paragraph 12, except is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning the voting of TASER shares at TASER's 2005 annual meeting, and therefore they are denied.

13. Merrill Lynch denies the allegations of paragraph 13, except respectfully refers the Court to the quoted document for a complete and accurate statement of its contents.

14. Merrill Lynch denies the allegations of the introduction to paragraph 14.

14(a). Merrill Lynch denies the allegations of paragraph 14(a).

14(b). Merrill Lynch denies the allegations of paragraph 14(b), except respectfully refers the Court to the federal laws and regulations applicable to short selling and settlement of short sales for a complete and accurate statement of their contents.

14(c). Merrill Lynch denies the allegations of paragraph 14(c).

15. Merrill Lynch denies the allegations of paragraph 15.

16. Merrill Lynch is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 16, and therefore they are denied, except admits that the plaintiff at issue purports to sue in the capacity described therein.

17. Merrill Lynch is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 17, and therefore they are denied, except admits that the plaintiffs at issue purport to sue in the capacity described therein.

18. Merrill Lynch is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 18, and therefore they are denied, except admits that the plaintiffs at issue purport to sue in the capacity described therein.

19. Merrill Lynch is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 19, and therefore they are denied, except admits that the plaintiffs at issue purport to sue in the capacity described therein.

20. Merrill Lynch is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 20, and therefore they are denied, except admits that the plaintiffs at issue purport to sue in the capacity described therein.

21. Merrill Lynch is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 21, and therefore they are denied, except admits that the plaintiffs at issue purport to sue in the capacity described therein.

22. Merrill Lynch is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 22, and therefore they are denied, except admits that the plaintiffs at issue purport to sue in the capacity described therein.

23. Merrill Lynch is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 23, and therefore they are denied, except admits that the plaintiff at issue purports to sue in the capacity described therein.

24. Merrill Lynch is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 24, and therefore they are denied, except admits that the plaintiff at issue purports to sue in the capacity described therein.

25. Merrill Lynch is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 25, and therefore they are denied, except admits that the plaintiff at issue purports to sue in the capacity described therein.

26. Merrill Lynch is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 26, and therefore they are denied, except admits that the plaintiff at issue purports to sue in the capacity described therein.

27. Merrill Lynch is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 27, and therefore they are denied, except admits that the plaintiff at issue purports to sue in the capacity described therein.

28. Merrill Lynch is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 28, and therefore they are denied, except admits that the plaintiffs at issue purport to sue in the capacity described therein.

29. Merrill Lynch is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 29, and therefore they are denied, except admits that the plaintiffs at issue purport to sue in the capacity described therein.

30. Merrill Lynch is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 30, and therefore they are denied, except admits that the plaintiffs at issue purport to sue in the capacity described therein.

31. Merrill Lynch is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 31, and therefore they are denied, except admits that the plaintiff at issue purports to sue in the capacity described therein.

32. Merrill Lynch is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 32, and therefore they are denied, except admits that the plaintiff at issue purports to sue in the capacity described therein.

33. Merrill Lynch is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 33, and therefore they are denied, except admits that the plaintiff at issue purports to sue in the capacity described therein.

34. Merrill Lynch is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 34, and therefore they are denied, except admits that the plaintiff at issue purports to sue in the capacity described therein.

35. Merrill Lynch is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 35, and therefore they are denied, except admits that the plaintiff at issue purports to sue in the capacity described therein.

36. Merrill Lynch is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 36, and therefore they are denied, except admits that the plaintiff at issue purports to sue in the capacity described therein.

37. Merrill Lynch is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 37, and therefore they are denied, except admits that the plaintiff at issue purports to sue in the capacity described therein.

38. Merrill Lynch is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 38, and therefore they are denied, except admits that the plaintiff at issue purports to sue in the capacity described therein.

39. Merrill Lynch is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 39, and therefore they are denied, except admits that the plaintiffs at issue purport to sue in the capacity described therein.

40. Merrill Lynch is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 40, and therefore they are denied, except admits that the plaintiff at issue purports to sue in the capacity described therein.

41. Merrill Lynch is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 41, and therefore they are denied, except admits that the plaintiff at issue purports to sue in the capacity described therein.

42. Merrill Lynch is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 42, and therefore they are denied, except admits that the plaintiff at issue purports to sue in the capacity described therein.

43. Merrill Lynch is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 43, and therefore they are denied, except admits that the plaintiff at issue purports to sue in the capacity described therein.

44. Merrill Lynch is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 44, and therefore they are denied, except admits that the plaintiff at issue purports to sue in the capacity described therein.

45. Merrill Lynch is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 45, and therefore they are denied, except admits that the plaintiffs at issue purport to sue in the capacity described therein.

46. Merrill Lynch is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 46, and therefore they are denied.

47. Merrill Lynch is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 48, and therefore they are denied.

48. Merrill Lynch is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 48, and therefore they are denied.

49. Merrill Lynch denies the allegations of paragraph 49, except admits and avers that Merrill Lynch (a) is a Delaware corporation with its principal offices in New York, (b) is registered to conduct business in Georgia, (c) has appointed CT Corporation as its registered agent for service in Georgia, and (d) maintains an office in Fulton County, Georgia. Merrill Lynch denies, however, it has committed any acts or omissions which would render it subject to the jurisdiction or venue of this Court.

50. Merrill Lynch is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 50, and therefore they are denied.

51.  Merrill Lynch is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 51, and therefore they are denied.

52.  Merrill Lynch is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 52, and therefore they are denied.

53.  Merrill Lynch is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 53, and therefore they are denied.

54.  Merrill Lynch is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 54, and therefore they are denied.

55.  Merrill Lynch is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 55, and therefore they are denied, except Merrill Lynch incorporates its response to the allegations of paragraph 49, and admits and avers that it engages in the securities and clearing business, including activities incident to short sale transactions.

56.  Merrill Lynch avers that the allegations of paragraph 56 consist of legal conclusions as to which no response is required or appropriate.  To the extent that a response is required, the allegations of paragraph 56 are denied.

57.  Merrill Lynch avers that the allegations of paragraph 57 consist of legal conclusions as to which no response is required or appropriate.  To the extent that a response is required, the allegations of paragraph 57 are denied.

58. Merrill Lynch denies the allegations of paragraph 58, except is without knowledge or information sufficient to form a belief as to the truth of the allegations of the first and second sentences of paragraph 58, and therefore they are denied.

59. Merrill Lynch denies the allegations of paragraph 59.

60. Merrill Lynch denies the allegations of paragraph 60, except admits and avers that Merrill Lynch has from time to time engaged in prime brokerage and clearing activities involving TASER stock, and that Merrill Lynch has from time to time traded TASER stock for its own proprietary accounts and has from time to time been a market maker for TASER stock.

61. Merrill Lynch denies the allegations of paragraph 61, except admits that DTCC facilitates the clearance and settlement of securities transactions.

62. Merrill Lynch denies the allegations of paragraph 62, except admits and avers that the DTCC maintains a stock borrow program.  Merrill Lynch avers that the second and third sentences of paragraph 62 do not provide a complete and accurate description of the stock borrow program, and that the last sentence of that paragraph consists of a legal conclusion as to which no response is required or appropriate.

63. Merrill Lynch denies the allegations of paragraph 63, except admits on information and belief that DTCC is owned by its member firms, and that Ms. Schueneman was a member of DTCC's board of directors in 2006, and admits that Mr. Cowen was a member of DTCC's board of directors in 2006.

64.  Merrill Lynch is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 64, and therefore they are denied, except admits that it engages in the prime brokerage business.

65.  Merrill Lynch denies the allegations of paragraph 65, except admits and avers that it engages in prime brokerage activities, including those incident to short sale transactions.

66.  Merrill Lynch denies the allegations of paragraph 66 and denies that the allegations of paragraph 66 provide a complete and accurate description of a "typical" short sale transaction.  Merrill Lynch incorporates its responses to paragraphs 1 through 15 of the Complaint as if fully set forth herein.

67.  Merrill Lynch denies the allegations of paragraph 67 and denies that the allegations of paragraph 67 provide a complete and accurate description of a "typical" short sale transaction.  Merrill Lynch avers that paragraph 67 also includes legal conclusions as to which no response is required or appropriate, and respectfully refers the Court to the federal laws and regulations applicable to short selling and settlement of short sales for a complete and accurate statement of their contents.

68.  Merrill Lynch denies the allegations of paragraph 68 and denies that the allegations of paragraph 68 provide a complete and accurate description of short sale transactions and the operation of the DTCC.  Merrill Lynch avers that paragraph 68 also includes legal conclusions as to which no response is required or appropriate.

69.  Merrill Lynch denies the allegations of paragraph 69 and denies that the allegations of paragraph 69 provide a complete and accurate description of short sale transactions

and the operation of the DTCC.  Merrill Lynch avers that paragraph 69 also includes legal conclusions as to which no response is required or appropriate.

70.  Merrill Lynch denies the allegations of paragraph 70 and denies that the allegations of paragraph 70 provide a complete and accurate description of "fails to deliver" or "fail[s] in the DTCC system."

71. Merrill Lynch is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 71, and therefore they are denied.

72.  Merrill Lynch denies the allegations of paragraph 72, except respectfully refers the Court to appropriate SEC rules and regulations related to short sale transactions.

73.  Merrill Lynch denies the allegations of paragraph 73.

74.  Merrill Lynch denies the allegations of paragraph 74, except respectfully refers the Court to the quoted document for a complete and accurate statement of its contents.

75.  Merrill Lynch avers that the allegations of paragraph 75 consist of legal conclusions as to which no response is required or appropriate.  To the extent that a response is required, the allegations of paragraph 75 are denied, except Merrill Lynch respectfully refers the Court to the cited SEC Release and the rules and regulations governing short sale transactions for a complete and accurate statement of their contents.

76.  Merrill Lynch denies the allegations of paragraph 76, except is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning the concerns of issuers and investors, and therefore they are denied.  Merrill Lynch avers that

paragraph 76 includes legal conclusions as to which no response is required or appropriate, and respectfully refers the Court to the cited SEC Release and the rules and regulations governing short sale transactions for a complete and accurate statement of their contents.

77. Merrill Lynch denies the allegations of paragraph 77.

78. Merrill Lynch denies the allegations of paragraph 78, except respectfully refers the Court to the laws and regulations applicable to short selling and settlement of short sales for a complete and accurate statement of their contents.

78(i). Merrill Lynch denies the allegations of paragraph 78(i), except (a) admits and avers that its clients have at times conducted short sale transactions of TASER stock, and (b) respectfully refers the Court to the federal laws and regulations applicable to short selling and settlement of short sales for a complete and accurate statement of their contents.

78(ii). Merrill Lynch denies the allegations of paragraph 78(ii), except (a) admits and avers that Merrill Lynch maintains its own proprietary accounts from which it conducts stock transactions on its behalf, and (b) respectfully refers the Court to the federal laws and regulations applicable to short selling and settlement of short sales for a complete and accurate statement of their contents.

78(iii). Merrill Lynch denies the allegations of paragraph 78(iii), except respectfully refers the Court to the DTCC's rules for a complete and accurate statement of their contents.

78(iv).  Merrill Lynch denies the allegations of paragraph 78(iv), except respectfully refers the Court to the applicable federal securities laws and regulations for a complete and accurate statement of their contents.

78(v).  Merrill Lynch denies the allegations of paragraph 78(v).  Merrill Lynch avers that the second sentence of that paragraph consists of a legal conclusion as to which no response is required or appropriate, respectfully refers the Court to the federal laws and regulations applicable to short selling and settlement of short sales for a complete and accurate statement of their contents, and incorporates and restates its answers to paragraphs 1 through 78(v) of the Complaint as if fully set forth herein.

78(vi).  Merrill Lynch denies the allegations of paragraph 78(vi), except respectfully refers the Court to the quoted document for a complete and accurate statement of its contents.

79.  Merrill Lynch denies the allegations of paragraph 79, except admits and avers that DTCC maintains a stock borrow program.  Merrill Lynch avers that paragraph 79 does not provide a complete and accurate description of that program.

80.  Merrill Lynch denies the allegations of paragraph 80.

81.  Merrill Lynch denies the allegations of paragraph 81, except (a) admits that its affiliate, Merrill Lynch Professional Clearing Corp., entered into a settlement with the NASD relating to the conduct of Pax Clearing Corporation without admitting or denying the allegations, and (b) is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning the settlements purportedly entered into by other defendants, and

-15-

therefore they are denied.  Merrill Lynch avers that the allegations concerning the Georgia

Securities Act and other Georgia laws consist of legal conclusions as to which no response is

required or appropriate.

 82.  Merrill Lynch denies knowledge or information sufficient to form a belief as

to the truth of the allegations of paragraph 82, and therefore they are denied.

 83.  Merrill Lynch denies the allegations of paragraph 83, except (a) admits that

the SEC has adopted and implemented comprehensive regulations related to short selling,

(b) respectfully refers the Court to those regulations for a complete and accurate statement of

their contents, and (c) is without knowledge or information sufficient to form a belief as to the

accuracy of the statistics provided in the Table in paragraph 83, and therefore they are denied.

 84.  Merrill Lynch is without knowledge or information sufficient to form a belief

as to the truth of the allegations of paragraph 84, and therefore they are denied.

 85.  Merrill Lynch denies the allegations of paragraph 85.

 86. Merrill Lynch denies the allegations of the first sentence of paragraph 86, and

is without knowledge or information sufficient to form a belief as to the truth of the remaining

allegations of paragraph 86, and therefore they are denied.

 87.  Merrill Lynch denies the allegations of the last sentence of paragraph 87, and

is without knowledge or information sufficient to form a belief as to the truth of the remaining

allegations of paragraph 87, and therefore they are denied.

88.  Merrill Lynch is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 88, and therefore they are denied.

89.  Merrill Lynch denies the allegations of paragraph 89, except incorporates its response to paragraph 8.

90.  Merrill Lynch denies the allegations of paragraph 90, except is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning the voting of TASER shares at TASER's 2005 annual meeting, and therefore they are denied.

91.  Merrill Lynch denies the allegations of paragraph 91.

92.  Merrill Lynch denies the allegations of paragraph 92.

93.  In answer to the allegations of paragraph 93, Merrill Lynch incorporates and restates its answers to paragraphs 1 through 92 of the Complaint as if fully set forth herein.

94.  Merrill Lynch denies the allegations of paragraph 94.

95.  Merrill Lynch denies the allegations of paragraph 95, except avers that the allegations of the first and second sentences of paragraph 95 consist of legal conclusions as to which no response is required or appropriate.

96.  Merrill Lynch is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 96, and therefore they are denied.

97.  Merrill Lynch is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 97, and therefore they are denied.

98. Merrill Lynch denies the allegations of paragraph 98.

99. Merrill Lynch avers that the allegations of paragraph 99 consist of legal conclusions as to which no response is required or appropriate. To the extent that a response is required, the allegations of paragraph 99 are denied.

100. Merrill Lynch avers that the allegations of paragraph 100 consist of legal conclusions as to which no response is required or appropriate. To the extent that a response is required, the allegations of paragraph 100 are denied.

101. Merrill Lynch denies the allegations of paragraph 101.

102. Merrill Lynch denies the allegations of paragraph 102, except respectfully refers the Court to the quoted documents for a complete and accurate statement of their contents.

103. Merrill Lynch denies the allegations of paragraph 103, except admits and avers that Merrill Lynch has from time to time conducted short sale transactions of TASER stock through proprietary accounts, and avers that the allegations of the last sentence of that paragraph consist of legal conclusions as to which no response is required or appropriate.

104. Merrill Lynch denies the allegations of paragraph 104, except avers that the allegations of the second sentence of that paragraph consist of legal conclusions as to which no response is required or appropriate.

105. Merrill Lynch denies the allegations of paragraph 105.

106. Merrill Lynch denies the allegations of paragraph 106.

107. Merrill Lynch avers that the allegations of paragraph 107 consist of legal conclusions as to which no response is required or appropriate. To the extent that a response is required, the allegations of paragraph 107 are denied.

108. Merrill Lynch denies the allegations of paragraph 108.

109. Merrill Lynch avers that the allegations of paragraph 109 consist of legal conclusions as to which no response is required or appropriate. To the extent that a response is required, the allegations of paragraph 109 are denied.

110. Merrill Lynch denies the allegations of paragraph 110, except avers that the allegations of the last sentence of that paragraph consist of legal conclusions as to which no response is required or appropriate.

111. Merrill Lynch denies the allegations of paragraph 111.

112. Merrill Lynch denies the allegations of paragraph 112.

113. Merrill Lynch avers that the allegations of paragraph 113 consist of legal conclusions as to which no response is required or appropriate. To the extent that a response is required, the allegations of paragraph 113 are denied.

114. Merrill Lynch denies the allegations of paragraph 114.

115. Merrill Lynch denies the allegations of paragraph 115.

116. Merrill Lynch denies the allegations of paragraph 116.

117. Merrill Lynch denies the allegations of paragraph 117.

118. Merrill Lynch denies the allegations of paragraph 118.

119. Merrill Lynch denies the allegations of paragraph 119.

120. Merrill Lynch denies the allegations of paragraph 120, except (a) admits that it uses computers, computer networks and electronic data in the regular course of its business and admits that Merrill Lynch entered into a settlement with the NYSE, without admitting or denying the allegations, and (b) is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning other defendants, and therefore they are denied.

121. Merrill Lynch denies the allegations of paragraph 121.

122. Merrill Lynch denies the allegations of paragraph 122, except avers that the allegations of the first sentence of paragraph 122 consist of legal conclusions as to which no response is required or appropriate.

123. Merrill Lynch avers that the allegations of paragraph 123 consist of legal conclusions as to which no response is required or appropriate. To the extent that a response is required, the allegations of paragraph 123 are denied.

124. Merrill Lynch denies the allegations of paragraph 124.

125. Merrill Lynch denies the allegations of paragraph 125.

126. Merrill Lynch denies the allegations of paragraph 126.

127. Merrill Lynch denies the allegations of paragraph 127.

128. Merrill Lynch denies the allegations of paragraph 128.

129. Merrill Lynch denies the allegations of paragraph 129.

130. Merrill Lynch denies the allegations of paragraph 130.

131. Merrill Lynch denies the allegations of paragraph 131.

132. Merrill Lynch denies the allegations of paragraph 132.

133. In answer to the allegations of paragraph 133, Merrill Lynch incorporates and restates its answers to the allegations of the Complaint as if fully set forth herein.

134. Merrill Lynch is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 134, and therefore they are denied.

135. Merrill Lynch is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 135, and therefore they are denied.

136. Merrill Lynch denies the allegations of paragraph 136.

137. Merrill Lynch denies the allegations of paragraph 137.

138. In answer to the allegations of paragraph 138, Merrill Lynch incorporates and restates its answers to the allegations of the Complaint as if fully set forth herein.

139. Merrill Lynch denies the allegations of paragraph 139.

140. In answer to the allegations of paragraph 140, Merrill Lynch incorporates and restates its answers to the allegations of the Complaint as if fully set forth herein.

141. Merrill Lynch avers that the allegations of paragraph 141 consist of legal conclusions as to which no response is required or appropriate. To the extent that a response is required, the allegations of paragraph 141 are denied.

142. Merrill Lynch denies the allegations of paragraph 142.

143. Merrill Lynch denies the allegations of paragraph 143.

144. In answer to the allegations of paragraph 144, Merrill Lynch incorporates and restates its answers to the allegations of the Complaint as if fully set forth herein.

145. Merrill Lynch denies the allegations of paragraph 145.

146. Merrill Lynch denies the allegations of paragraph 146.

147. Merrill Lynch denies the allegations of paragraph 147, except (a) avers that the allegations of paragraph 147 consist of legal conclusions as to which no response is required or appropriate, (b) admits that TASER's counsel sent a letter to Merrill Lynch's counsel, dated August 11, 2009, demanding payment of money, and (c) respectfully refers the Court to that letter for a complete and accurate description of its contents.

148. Merrill Lynch denies the allegations of paragraph 148, except (a) admits and avers that on August 21, 2009, counsel for Merrill Lynch sent a letter to TASER's counsel in response to TASER's August 11 letter, and (b) respectfully refers the Court to that letter for a complete and accurate description of its contents.

149. Merrill Lynch denies the allegations of paragraph 149.

150. Merrill Lynch denies the allegations of paragraph 150.

Unnumbered ¶. No response is required to plaintiffs' prayer for relief, but Merrill Lynch denies said prayer to the extent a response is required.

Merrill Lynch denies all of the allegations of the Sixth Amended Complaint not specifically admitted above.

## DEFENSES

Merrill Lynch states the following defenses and reserves its right to assert other and additional defenses when and if they become appropriate. In asserting these defenses, Merrill Lynch does not assume any burden of proof with respect to any issue where the applicable law places the burden upon plaintiffs.

### FIRST DEFENSE

This Court lacks jurisdiction over this action.

### SECOND DEFENSE

The State Court of Fulton County, State of Georgia, is not the proper forum for this action.

### THIRD DEFENSE

Plaintiffs' claims are preempted by federal law.

### FOURTH DEFENSE

The Complaint fails to state a claim upon which relief can be granted against Merrill Lynch.

-23-

**FIFTH DEFENSE**

The Complaint is not sufficiently particularized to satisfy the requirement of O.C.G.A. § 9-11-9(b).

**SIXTH DEFENSE**

Plaintiffs' claims under Counts One through Five of the Complaint are barred by the statute of limitations and/or laches.

**SEVENTH DEFENSE**

Plaintiffs cannot establish that Merrill Lynch's conduct caused them any injury in fact.

**EIGHTH DEFENSE**

Plaintiffs were not damaged by Merrill Lynch's conduct.

**NINTH DEFENSE**

Upon information and belief, any diminution in the market price of TASER stock reflects the fundamental performance and prospects of the company and its management, based on informational disclosures issued by the company itself.

**TENTH DEFENSE**

Merrill Lynch is not subject to liability under Georgia law because it acted in good faith in conformity with the rules, regulations and pronouncements of the SEC and the National Association of Securities Dealers and because the alleged conduct by Defendants did not occur in Georgia.

### ELEVENTH DEFENSE

Merrill Lynch's conduct related to short sales of TASER stock was in full compliance with applicable federal laws and regulations.

### TWELFTH DEFENSE

The constitutions of the United States and the State of Georgia limit the scope of any award of punitive damages against Merrill Lynch.

## PRAYER FOR RELIEF

WHEREFORE, Merrill Lynch prays (a) that judgment be entered dismissing the

Sixth Amended Complaint on the merits, in its entirety and with prejudice, (b) for a jury of 12

persons on any triable issues, and (c) that this Court grant such other relief as it deems just and

appropriate.

Dated:  October 30, 2009

Richard H. Sinkfield
Georgia Bar No. 649100
Dan F. Laney, III
Georgia Bar No. 435290

ROGERS & HARDIN LLP
2700 International Tower
  Peachtree Center
229 Peachtree St, NE
Atlanta, Georgia  30307
Phone:  404-522-4700
Fax:  404-525-2224

Shepard Goldfein
Admitted Pro Hac Vice
  Signed by Dan F. Laney, III with
  express permission
Paul M. Eckles
Admitted Pro Hac Vice
Richard S. Horvath, Jr.
Admitted Pro Hac Vice

SKADDEN, ARPS, SLATE,
MEAGHER & FLOM LLP
4 Times Square
New York, NY 10036
Phone:  212 735-3000
Fax:  212 735-2000

*Attorneys for Defendants Merrill Lynch,*
*Pierce, Fenner & Smith Incorporated*

-26-

## IN THE STATE COURT OF FULTON COUNTY
## STATE OF GEORGIA

TASER INTERNATIONAL, INC.,      )
*et al.*,                       )
                                )
            Plaintiffs,         )
                                )
v.                              )        CIVIL ACTION FILE NO.
                                )        2008-EV-004739-B
MORGAN STANLEY & CO., INC.,     )
GOLDMAN SACHS GROUP, INC.,      )
BEAR STEARNS CAPITAL MARKETS, INC., )
BEAR STEARNS & CO., INC., THE BEAR  )
STEARNS COMPANIES, INC., MERRILL    )
LYNCH, PIERCE, FENNER & SMITH, INC., )
DEUTSCHE BANK SECURITIES, INC.,  )
CREDIT SUISSE USA, INC., BANC OF )
AMERICA SECURITIES, LLC, and     )
UBS SECURITIES, LLC,             )
                                )
            Defendants.          )
                                )

## CERTIFICATE OF SERVICE

I hereby certify that on this 30th day of October, 2009, a true and correct copy of the

foregoing ANSWER OF DEFENDANT MERRILL LYNCH, PIERCE, FENNER & SMITH

INCORPORATED TO PLAINTIFFS' SIXTH AMENDED COMPLAINT was

electronically filed with the Clerk of Court using the Court's electronic filing system, which

will automatically send an e-mail notification of such filing to the following attorneys of

record who are registered participants in the Court's electronic notice and filing system and

which constitutes service on such attorneys of record:

| | |
|---|---|
| John E. Floyd, Esq.<br>Steven J. Rosenwasser, Esq.<br>Bondurant, Mixson & Elmore, LLP<br>3900 One Atlantic Center<br>1201 West Peachtree Street, N.W.<br>Atlanta, Georgia 30309<br><br>*Attorneys for Plaintiffs* | Andrew J. Frackman, Esq.<br>Benjamin D. Petrosky, Esq.<br>Brendan J. Dowd, Esq.<br>O'Melveny & Myers LLP<br>7 Times Square<br>New York, NY 10036<br><br>*Attorneys for Banc of America Securities,*<br>*LLC* |
| Robert F. Wise, Jr., Esq.<br>William J. Fenrich, Esq.<br>Melissa T. Aoyagi, Esq.<br>Davis Polk & Wardwell<br>450 Lexington Avenue<br>New York, NY 10017<br><br>*Attorneys for Morgan Stanley & Co., Inc.* | Richard C. Pepperman II, Esq.<br>Richard H. Klapper, Esq.<br>Tracy Richelle High, Esq.<br>Sullivan & Cromwell LLP<br>125 Broad Street<br>New York, NY 10004<br><br>*Attorneys for Goldman Sachs Group, Inc* |
| Gregory A. Markel, Esq.<br>Martin L. Seidel, Esq.<br>Heather L. Fesnak, Esq.<br>Peter J. Isajiw, Esq.<br>Cadwalader Wickersham & Taft LLP<br>One World Financial Center<br>New York, NY 10281<br><br>*Attorneys for Deutsche Bank Securities, Inc* | Stephen L. Ratner, Esq.<br>Harry Frischer, Esq.<br>Brian L. Friedman, Esq.<br>Proskauer Rose LLP<br>1585 Broadway<br>New York, NY 10036<br><br>*Attorneys for Bears Stearns Securities Corp.*<br>*and Bear Stearns & Co., Inc.* |
| Andrew B. Clubok, Esq.<br>Jeffrey G. Landis, Esq.<br>Daniel J. Gomez, Esq.<br>Kirkland & Ellis LLP<br>655 Fifteenth Street, N.W., Suite 1200<br>Washington, DC 20005-5793<br><br>Maria Ginzburg, Esq.<br>Kirkland & Ellis LLP<br>Citigroup Center<br>153 East 53rd Street<br>New York, NY 10022-4611<br><br>*Attorneys for UBS Securities, LLC* | Fraser L. Hunter, Jr., Esq.<br>Wilmer Cutler Pickering Hale & Dorr LLP<br>399 Park Avenue<br>New York, NY 10022 |

And via U.S. Mail postage prepaid and addressed as follows:

James W. Christian, Esq.
Christian, Smith & Jewell LLP
2302 Fannin, Suite 500
Houston, Texas 77002

John O'Quinn, Esq.
The O'Quinn Law Firm
440 Louisiana Street, Suite 2300
Houston, Texas 77002

This 30th day of October, 2009.

Dan F. Laney, III
Georgia Bar No. 435290

ROGERS & HARDIN LLP
2700 International Tower
   Peachtree Center
229 Peachtree Street, NE
Atlanta, GA 30303-1601
Tel.    (404) 522-4700
Fax    (404) 525-2224

*Attorneys for Merrill Lynch, Pierce,
Fenner & Smith, Incorporated*