EXHIBIT

2

State Court of Fulton County
***EFILED***
LexisNexis Transaction ID: 27829518
Date:  Oct 30 2009  6:59PM
Mark Harper, Clerk

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

TASER INTERNATIONAL, INC., DAVID
BATCHELOR, NATALIE BATCHELOR,
DR .THOMAS COLLERTINE, JUDITH
COLLENTINE, CHARLES FAIRES, SANDRA
FAIRES, MASAJI KELLEY, KELLY KELLEY,
STEPHEN LISENBY, PATRICIA LISENBY,
RICHARD D. ALMEROTH, CONSTANCE L.
ALMEROTH, JAMES BAKER, JR., ROBERT
BAKER, WILLIAM BURNSIDE, DONNA C.
CASH, as Personal Representative of the Estate of
Dorothy A. Connelly, SOUTHEAST EYE
SURGERY CLINIC, INC. EMPLOYEE PSP,
JAMES DUNAGIN, JR., EMILY DUNAGIN,
RICHARD C. HASKELL, SUSAN HASKELL,
RICHARD C. HASKELL, JR., AMY HASKELL,
MARY RICHARDSON, PAMELA LEWIS,
JANE MAJ, CRAIG W. MILLER, MARGARET
ROCHE, CHET SCOTT, JOHN SCOTT, PAULA
SCOTT, PETER SCOTT, MICHELLE SCOTT,
MARY ROSE STUCKER, ANNE ZELTEN,
MICHAEL BOYER, PHILLIPS WALLER
SMITH, PATRICK W. SMITH, THOMAS P.
SMITH and DEANNA M. SMITH,

        Plaintiffs,

           v.

MORGAN STANLEY & CO., INC.,
GOLDMAN, SACHS & CO., GOLDMAN
SACHS EXECUTION & CLEARING, L.P.,
BEAR STEARNS & CO., INC. K/N/A JP
MORGAN SECURITIES INC., BEAR
STEARNS SECURITIES CORP. K/N/A JP
MORGAN CLEARING CORP., MERRILL
LYNCH, PIERCE, FENNER & SMITH, INC.,
DEUTSCHE BANK SECURITIES, INC.,
CREDIT SUISSE SECURITIES (USA) LLC,
BANC OF AMERICA SECURITIES, LLC, UBS
SECURITIES, LLC and JOHN DOES 1-10,

        Defendants.

Civil Case No.
2008-EV-004739-B

**ANSWER TO THE SIXTH
AMENDED COMPLAINT**

## ANSWER OF DEFENDANTS GOLDMAN, SACHS & CO.
## AND GOLDMAN SACHS EXECUTION & CLEARING, L.P.
## TO PLAINTIFFS' SIXTH AMENDED COMPLAINT

Pursuant to Section 9-11-12 of the Official Code of Georgia, Defendants

Goldman, Sachs & Co. ("GS&Co.") and Goldman Sachs Execution & Clearing, L.P. ("GSEC")

(collectively "Goldman Sachs"), by their undersigned counsel, answer Plaintiffs' Sixth Amended

Complaint (the "Complaint") as follows:

1.  Goldman Sachs denies the allegations of paragraph 1, except admits on

information and belief that TASER International, Inc. ("TASER") is a publicly-traded company.[1]

2.  Goldman Sachs denies the allegations of the first sentence of paragraph 2 and

denies that the remaining allegations of paragraph 2 provide a complete and accurate description

of a "typical legal short selling" transaction or an "illustrative example" of such a transaction.

3.  Goldman Sachs denies the allegations of paragraph 3, except (a) admits and

avers that short selling is an entirely legal activity authorized by the applicable federal securities

laws and regulations, (b) that the allegations of paragraph 3 consist of legal conclusions as to

which no response is required or appropriate, and (c) respectfully refers the Court to the laws and

regulations applicable to short selling and settlement of short sales for a complete and accurate

statement of their contents.

4.  Goldman Sachs denies the allegations of paragraph 4, except admits and avers

that most securities trades in the United States are settled today through the DTCC and further

---

[1]    Throughout this Answer, where Goldman Sachs responds to allegations that concern all
defendants and not Goldman Sachs individually, Goldman Sachs is without knowledge or
information sufficient to form a belief as to the truth of the allegations as to other defendants, and
therefore they are denied, except where noted.

avers that the third and fourth sentences of paragraph 4 do not provide a complete and accurate description of DTCC or the DTCC settlement process. Goldman Sachs further avers that the first sentence of that paragraph consists of a legal conclusion as to which no response is required or appropriate.

5. Goldman Sachs denies the allegations of paragraph 5, except (a) avers that the second and sixth sentences of that paragraph consist of legal conclusions as to which no response is required or appropriate, and (b) respectfully refers the Court to the quoted documents for a complete and accurate statement of their contents and to the applicable laws and regulations governing short selling for their contents.

6. Goldman Sachs denies the allegations of paragraph 6, except respectfully refers the Court to the quoted documents for a complete and accurate statement of their contents.

7. Goldman Sachs denies the allegations of paragraph 7.

8. Goldman Sachs denies the allegations of paragraph 8, except (a) admits that GSEC entered into certain settlements with the SEC and NYSE Regulation without admitting or denying the allegations, and (b) is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning other defendants, and therefore they are denied.

9. Goldman Sachs denies the allegations of paragraph 9.

10. Goldman Sachs denies the allegations of paragraph 10, except (a) admits and avers on information and belief that (i) most securities trades in the United States are conducted electronically and (ii) prime brokers maintain beneficial share records, and (b) is without

knowledge or information sufficient to form a belief as to the truth of the allegations concerning other defendants, and therefore they are denied.

11.  Goldman Sachs denies the allegations of paragraph 11, except (a) is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning other defendants, and therefore they are denied, and (b) respectfully refers the Court to all relevant DTCC data for an accurate description of their contents.

12.  Goldman Sachs denies the allegations of paragraph 12, except is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning the voting of TASER shares at TASER's 2005 annual meeting, and therefore they are denied.

13.  Goldman Sachs denies the allegations of paragraph 13, except respectfully refers the Court to the quoted document for a complete and accurate statement of its contents.

14.  Goldman Sachs denies the allegations of the introduction to paragraph 14.

14(a).  Goldman Sachs denies the allegations of paragraph 14(a).

14(b).  Goldman Sachs denies the allegations of paragraph 14(b), except respectfully refers the Court to the federal laws and regulations applicable to short selling and settlement of short sales for a complete and accurate statement of their contents.

14(c).  Goldman Sachs denies the allegations of paragraph 14(c).

15.  Goldman Sachs denies the allegations of paragraph 15.

16. Goldman Sachs is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 16, and therefore they are denied, except admits that the plaintiff at issue purports to sue in the capacity described therein.

17. Goldman Sachs is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 17, and therefore they are denied, except admits that the plaintiffs at issue purport to sue in the capacity described therein.

18. Goldman Sachs is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 18, and therefore they are denied, except admits that the plaintiffs at issue purport to sue in the capacity described therein.

19. Goldman Sachs is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 19, and therefore they are denied, except admits that the plaintiffs at issue purport to sue in the capacity described therein.

20. Goldman Sachs is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 20, and therefore they are denied, except admits that the plaintiffs at issue purport to sue in the capacity described therein.

21. Goldman Sachs is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 21, and therefore they are denied, except admits that the plaintiffs at issue purport to sue in the capacity described therein.

22. Goldman Sachs is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 22, and therefore they are denied, except admits that the plaintiffs at issue purport to sue in the capacity described therein.

23.  Goldman Sachs is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 23, and therefore they are denied, except admits that the plaintiff at issue purports to sue in the capacity described therein.

24.  Goldman Sachs is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 24, and therefore they are denied, except admits that the plaintiff at issue purports to sue in the capacity described therein.

25.  Goldman Sachs is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 25, and therefore they are denied, except admits that the plaintiff at issue purports to sue in the capacity described therein.

26.  Goldman Sachs is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 26, and therefore they are denied, except admits that the plaintiff at issue purports to sue in the capacity described therein.

27.  Goldman Sachs is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 27, and therefore they are denied, except admits that the plaintiff at issue purports to sue in the capacity described therein.

28.  Goldman Sachs is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 28, and therefore they are denied, except admits that the plaintiffs at issue purport to sue in the capacity described therein.

29.  Goldman Sachs is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 29, and therefore they are denied, except admits that the plaintiffs at issue purport to sue in the capacity described therein.

30. Goldman Sachs is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 30, and therefore they are denied, except admits that the plaintiffs at issue purport to sue in the capacity described therein.

31. Goldman Sachs is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 31, and therefore they are denied, except admits that the plaintiff at issue purports to sue in the capacity described therein.

32. Goldman Sachs is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 32, and therefore they are denied, except admits that the plaintiff at issue purports to sue in the capacity described therein.

33. Goldman Sachs is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 33, and therefore they are denied, except admits that the plaintiff at issue purports to sue in the capacity described therein.

34. Goldman Sachs is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 34, and therefore they are denied, except admits that the plaintiff at issue purports to sue in the capacity described therein.

35. Goldman Sachs is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 35, and therefore they are denied, except admits that the plaintiff at issue purports to sue in the capacity described therein.

36. Goldman Sachs is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 36, and therefore they are denied, except admits that the plaintiff at issue purports to sue in the capacity described therein.

37.  Goldman Sachs is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 37, and therefore they are denied, except admits that the plaintiff at issue purports to sue in the capacity described therein.

38.  Goldman Sachs is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 38, and therefore they are denied, except admits that the plaintiff at issue purports to sue in the capacity described therein.

39.  Goldman Sachs is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 39, and therefore they are denied, except admits that the plaintiffs at issue purport to sue in the capacity described therein.

40.  Goldman Sachs is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 40, and therefore they are denied, except admits that the plaintiff at issue purports to sue in the capacity described therein.

41.  Goldman Sachs is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 41, and therefore they are denied, except admits that the plaintiff at issue purports to sue in the capacity described therein.

42.  Goldman Sachs is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 42, and therefore they are denied, except admits that the plaintiff at issue purports to sue in the capacity described therein.

43.  Goldman Sachs is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 43, and therefore they are denied, except admits that the plaintiff at issue purports to sue in the capacity described therein.

44. Goldman Sachs is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 44, and therefore they are denied, except admits that the plaintiff at issue purports to sue in the capacity described therein.

45. Goldman Sachs is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 45, and therefore they are denied, except admits that the plaintiffs at issue purport to sue in the capacity described therein.

46. Goldman Sachs is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 46, and therefore they are denied.

47. Goldman Sachs denies the allegations of paragraph 47, except admits and avers that (a) GS&Co. is a New York limited partnership with its principal offices in New York, (b) GS&Co. is registered to conduct business in Georgia, (c) GS&Co. maintains a branch office in Fulton County, Georgia, (d) GS&Co.'s counsel has agreed to accept service of the Sixth Amended Complaint on its behalf, (e) GSEC is a New York limited partnership with its principal offices in New Jersey, and (f) GSEC's counsel has agreed to accept service of the Sixth Amended Complaint on its behalf.

48. Goldman Sachs is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 48, and therefore they are denied.

49. Goldman Sachs is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 49, and therefore they are denied.

50. Goldman Sachs is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 50, and therefore they are denied.

51.  Goldman Sachs is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 51, and therefore they are denied.

52.  Goldman Sachs is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 52, and therefore they are denied.

53.  Goldman Sachs is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 53, and therefore they are denied.

54.  Goldman Sachs is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 54, and therefore they are denied.

55.  Goldman Sachs is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 55, and therefore they are denied, except Goldman Sachs incorporates its response to the allegations of paragraph 47, and admits and avers that it engages in the securities and clearing business, including activities incident to short sale transactions.

56.  Goldman Sachs avers that the allegations of paragraph 56 consist of legal conclusions as to which no response is required or appropriate.  To the extent that a response is required, the allegations of paragraph 56 are denied.

57.  Goldman Sachs avers that the allegations of paragraph 57 consist of legal conclusions as to which no response is required or appropriate.  To the extent that a response is required, the allegations of paragraph 56 are denied.

58.  Goldman Sachs denies the allegations of paragraph 58, except Goldman Sachs is without knowledge or information sufficient to form a belief as to the truth of the allegations of the first and second sentences of paragraph 58, and therefore they are denied.

59.  Goldman Sachs denies the allegations of paragraph 59.

60.  Goldman Sachs denies the allegations of paragraph 60, except admits and avers that GS&Co. and GSEC have from time to time engaged in prime brokerage and clearing activities involving TASER stock, and that GS&Co. has from time to time traded TASER stock for its own proprietary accounts and has from time to time been a market maker for TASER stock.

61.  Goldman Sachs denies the allegations of paragraph 61, except admits that DTCC facilitates the clearance and settlement of securities transactions.

62.  Goldman Sachs denies the allegations of paragraph 62, except admits and avers that the DTCC maintains a stock borrow program.  Goldman Sachs avers that the second and third sentences of paragraph 62 do not provide a complete and accurate description of the stock borrow program, and that the last sentence of that paragraph consists of a legal conclusion as to which no response is required or appropriate.

63.  Goldman Sachs denies the allegations of paragraph 63, except admits on information and belief that DTCC is owned by its member firms, and that Ms. Schueneman was a member of DTCC's board of directors in 2006, and admits that Mr. Cowen was a member of DTCC's board of directors in 2006.

64.  Goldman Sachs is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 64, and therefore they are denied, except admits that it engages in the prime brokerage business.

65.  Goldman Sachs denies the allegations of paragraph 65, except admits and avers that it engages in prime brokerage activities, including those incident to short sale transactions.

66.  Goldman Sachs denies the allegations of paragraph 66 and denies that the allegations of paragraph 66 provide a complete and accurate description of a "typical" short sale transaction.  Goldman Sachs incorporates its responses to paragraphs 1 through 15 of the Complaint as if fully set forth herein.

67.  Goldman Sachs denies the allegations of paragraph 67 and denies that the allegations of paragraph 67 provide a complete and accurate description of a "typical" short sale transaction.  Goldman Sachs avers that paragraph 67 also includes legal conclusions as to which no response is required or appropriate, and respectfully refers the Court to the federal laws and regulations applicable to short selling and settlement of short sales for a complete and accurate statement of their contents.

68.  Goldman Sachs denies the allegations of paragraph 68 and denies that the allegations of paragraph 68 provide a complete and accurate description of short sale transactions and the operation of the DTCC.  Goldman Sachs avers that paragraph 68 also includes legal conclusions as to which no response is required or appropriate.

69. Goldman Sachs denies the allegations of paragraph 69 and denies that the allegations of paragraph 69 provide a complete and accurate description of short sale transactions and the operation of the DTCC.  Goldman Sachs avers that paragraph 69 also includes legal conclusions as to which no response is required or appropriate.

70. Goldman Sachs denies the allegations of paragraph 70 and denies that the allegations of paragraph 70 provide a complete and accurate description of "fails to deliver" or "fail[s] in the DTCC system."

71. Goldman Sachs is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 71, and therefore they are denied.

72. Goldman Sachs denies the allegations of paragraph 72, except respectfully refers the Court to appropriate SEC rules and regulations related to short sale transactions.

73. Goldman Sachs denies the allegations of paragraph 73.

74. Goldman Sachs denies the allegations of paragraph 74, except respectfully refers the Court to the quoted document for a complete and accurate statement of its contents.

75. Goldman Sachs avers that the allegations of paragraph 75 consist of legal conclusions as to which no response is required or appropriate.  To the extent that a response is required, the allegations of paragraph 75 are denied, except Goldman Sachs respectfully refers the Court to the cited SEC Release and the rules and regulations governing short sale transactions for a complete and accurate statement of their contents.

76. Goldman Sachs denies the allegations of paragraph 76, except is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning the concerns of issuers and investors, and therefore they are denied. Goldman Sachs avers that paragraph 76 includes legal conclusions as to which no response is required or appropriate, and respectfully refers the Court to the cited SEC Release and the rules and regulations governing short sale transactions for a complete and accurate statement of their contents.

77. Goldman Sachs denies the allegations of paragraph 77.

78. Goldman Sachs denies the allegations of paragraph 78, except respectfully refers the Court to the laws and regulations applicable to short selling and settlement of short sales for a complete and accurate statement of their contents.

78(i). Goldman Sachs denies the allegations of paragraph 78(i), except (a) admits and avers that its clients have at times conducted short sale transactions of TASER stock, and (b) respectfully refers the Court to the federal laws and regulations applicable to short selling and settlement of short sales for a complete and accurate statement of their contents.

78(ii). Goldman Sachs denies the allegations of paragraph 78(ii), except (a) admits and avers that GS&Co. maintains its own proprietary accounts from which it conducts stock transactions on its behalf, and (b) respectfully refers the Court to the federal laws and regulations applicable to short selling and settlement of short sales for a complete and accurate statement of their contents.

78(iii).  Goldman Sachs denies the allegations of paragraph 78(iii), except respectfully refers the Court to the DTCC's rules for a complete and accurate statement of their contents.

78(iv).  Goldman Sachs denies the allegations of paragraph 78(iv), except respectfully refers the Court to the applicable federal securities laws and regulations for a complete and accurate statement of their contents.

78(v).  Goldman Sachs denies the allegations of paragraph 78(v).  Goldman Sachs avers that the second sentence of that paragraph consists of a legal conclusion as to which no response is required or appropriate, respectfully refers the Court to the federal laws and regulations applicable to short selling and settlement of short sales for a complete and accurate statement of their contents, and incorporates and restates its answers to paragraphs 1 through 78(v) of the Complaint as if fully set forth herein.

78(vi).  Goldman Sachs denies the allegations of paragraph 78(vi), except respectfully refers the Court to the quoted document for a complete and accurate statement of its contents.

79.  Goldman Sachs denies the allegations of paragraph 79, except admits and avers that DTCC maintains a stock borrow program.  Goldman Sachs avers that paragraph 79 does not provide a complete and accurate description of that program.

80.  Goldman Sachs denies the allegations of paragraph 80.

81.  Goldman Sachs denies the allegations of paragraph 81, except (a) admits that it entered into certain settlements with the SEC and NYSE Regulation without admitting or

denying the allegations, and (b) is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning settlements purportedly entered into by other defendants, and therefore they are denied.  Goldman Sachs avers that the allegations concerning the Georgia Securities Act and other Georgia laws consist of legal conclusions as to which no response is required or appropriate.

82.  Goldman Sachs denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 82, and therefore, they are denied.

83.  Goldman Sachs denies the allegations of paragraph 83, except (a) admits that the SEC has adopted and implemented comprehensive regulations related to short selling, (b) respectfully refers the Court to those regulations for a complete and accurate statement of their contents, and (c) is without knowledge or information sufficient to form a belief as to the accuracy of the statistics provided in the Table in paragraph 83, and therefore they are denied.

84.  Goldman Sachs is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 84, and therefore they are denied.

85.  Goldman Sachs denies the allegations of paragraph 85.

86. Goldman Sachs denies the allegations of the first sentence of paragraph 86, and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 86, and therefore they are denied.

87.  Goldman Sachs denies the allegations of the last sentence of paragraph 87, and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 87, and therefore they are denied.

88. Goldman Sachs is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 88, and therefore they are denied.

89. Goldman Sachs denies the allegations of paragraph 89, except incorporates its response to paragraph 8.

90. Goldman Sachs denies the allegations of paragraph 90, except is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning the voting of TASER shares at TASER's 2005 annual meeting, and therefore they are denied.

91. Goldman Sachs denies the allegations of paragraph 91.

92. Goldman Sachs denies the allegations of paragraph 92.

93. In answer to the allegations of paragraph 93, Goldman Sachs incorporates and restates its answers to paragraphs 1 through 92 of the Complaint as if fully set forth herein.

94. Goldman Sachs denies the allegations of paragraph 94.

95. Goldman Sachs denies the allegations of paragraph 95, except avers that the allegations of the first and second sentences of paragraph 95 consist of legal conclusions as to which no response is required or appropriate.

96. Goldman Sachs is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 96, and therefore they are denied.

97. Goldman Sachs is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 97, and therefore they are denied.

98. Goldman Sachs denies the allegations of paragraph 98.

99. Goldman Sachs avers that the allegations of paragraph 99 consist of legal conclusions as to which no response is required or appropriate. To the extent that a response is required, the allegations of paragraph 99 are denied.

100. Goldman Sachs avers that the allegations of paragraph 100 consist of legal conclusions as to which no response is required or appropriate. To the extent that a response is required, the allegations of paragraph 100 are denied.

101. Goldman Sachs denies the allegations of paragraph 101.

102. Goldman Sachs denies the allegations of paragraph 102, except respectfully refers the Court to the quoted documents for a complete and accurate statement of their contents.

103. Goldman Sachs denies the allegations of paragraph 103, except admits and avers that GS&Co. has from time to time conducted short sale transactions of TASER stock through proprietary accounts, and avers that the allegations of the last sentence of that paragraph consist of legal conclusions as to which no response is required or appropriate.

104. Goldman Sachs denies the allegations of paragraph 104, except avers that the allegations of the second sentence of that paragraph consist of legal conclusions as to which no response is required or appropriate.

105. Goldman Sachs denies the allegations of paragraph 105.

106. Goldman Sachs denies the allegations of paragraph 106.

107.  Goldman Sachs avers that the allegations of paragraph 107 consist of legal conclusions as to which no response is required or appropriate.  To the extent that a response is required, the allegations of paragraph 107 are denied.

108.  Goldman Sachs denies the allegations of paragraph 108.

109.  Goldman Sachs avers that the allegations of paragraph 109 consist of legal conclusions as to which no response is required or appropriate.  To the extent that a response is required, the allegations of paragraph 109 are denied.

110.  Goldman Sachs denies the allegations of paragraph 110, except avers that the allegations of the last sentence of that paragraph consist of legal conclusions as to which no response is required or appropriate.

111.  Goldman Sachs denies the allegations of paragraph 111.

112.  Goldman Sachs denies the allegations of paragraph 112.

113.  Goldman Sachs avers that the allegations of paragraph 113 consist of legal conclusions as to which no response is required or appropriate.  To the extent that a response is required, the allegations of paragraph 113 are denied.

114.  Goldman Sachs denies the allegations of paragraph 114.

115.  Goldman Sachs denies the allegations of paragraph 115.

116.  Goldman Sachs denies the allegations of paragraph 116.

117.  Goldman Sachs denies the allegations of paragraph 117.

118.  Goldman Sachs denies the allegations of paragraph 118.

119.  Goldman Sachs denies the allegations of paragraph 119.

120.  Goldman Sachs denies the allegations of paragraph 120, except (a) admits that it uses computers, computer networks and electronic data in the regular course of its business and admits that GS&Co. entered into a settlement with the NYSE, without admitting or denying the allegations, and (b) is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning other defendants, and therefore they are denied.

121.  Goldman Sachs denies the allegations of paragraph 121.

122.  Goldman Sachs denies the allegations of paragraph 122, except avers that the allegations of the first sentence of paragraph 122 consist of legal conclusions as to which no response is required or appropriate.

123.  Goldman Sachs avers that the allegations of paragraph 123 consist of legal conclusions as to which no response is required or appropriate.  To the extent that a response is required, the allegations of paragraph 123 are denied.

124.  Goldman Sachs denies the allegations of paragraph 124.

125.  Goldman Sachs denies the allegations of paragraph 125.

126.  Goldman Sachs denies the allegations of paragraph 126.

127.  Goldman Sachs denies the allegations of paragraph 127.

128.  Goldman Sachs denies the allegations of paragraph 128.

129. Goldman Sachs denies the allegations of paragraph 129.

130. Goldman Sachs denies the allegations of paragraph 130.

131. Goldman Sachs denies the allegations of paragraph 131.

132. Goldman Sachs denies the allegations of paragraph 132.

133. In answer to the allegations of paragraph 133, Goldman Sachs incorporates and restates its answers to the allegations of the Complaint as if fully set forth herein.

134. Goldman Sachs is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 134, and therefore they are denied.

135. Goldman Sachs is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 135, and therefore they are denied.

136. Goldman Sachs denies the allegations of paragraph 136.

137. Goldman Sachs denies the allegations of paragraph 137.

138. In answer to the allegations of paragraph 138, Goldman Sachs incorporates and restates its answers to the allegations of the Complaint as if fully set forth herein.

139. Goldman Sachs denies the allegations of paragraph 139.

140. In answer to the allegations of paragraph 140, Goldman Sachs incorporates and restates its answers to the allegations of the Complaint as if fully set forth herein.

141. Goldman Sachs avers that the allegations of paragraph 141 consist of legal conclusions as to which no response is required or appropriate. To the extent that a response is required, the allegations of paragraph 141 are denied.

142. Goldman Sachs denies the allegations of paragraph 142.

143. Goldman Sachs denies the allegations of paragraph 143.

144. In answer to the allegations of paragraph 144, Goldman Sachs incorporates and restates its answers to the allegations of the Complaint as if fully set forth herein.

145. Goldman Sachs denies the allegations of paragraph 145.

146. Goldman Sachs denies the allegations of paragraph 146.

147. Goldman Sachs denies the allegations of paragraph 147, except (a) avers that the allegations of paragraph 147 consist of legal conclusions as to which no response is required or appropriate, (b) admits that TASER's counsel sent a letter to Goldman Sachs's counsel, dated August 11, 2009, demanding payment of money, and (c) respectfully refers the Court to that letter for a complete and accurate description of its contents.

148. Goldman Sachs denies the allegations of paragraph 148, except (a) admits and avers that on August 21, 2009, counsel for Goldman Sachs sent a letter to TASER's counsel in response to TASER's August 11 letter, and (b) respectfully refers the Court to that letter for a complete and accurate description of its contents.

149. Goldman Sachs denies the allegations of paragraph 149.

150. Goldman Sachs denies the allegations of paragraph 150.

Unnumbered ¶. No response is required to plaintiffs' prayer for relief, but Goldman Sachs denies said prayer to the extent a response is required.

Goldman Sachs denies all of the allegations of the Sixth Amended Complaint not specifically admitted above.

## DEFENSES

Goldman Sachs states the following defenses and reserves its right to assert other and additional defenses when and if they become appropriate. In asserting these defenses, Goldman Sachs does not assume any burden of proof with respect to any issue where the applicable law places the burden upon plaintiffs.

### FIRST DEFENSE

This Court lacks jurisdiction over this action.

### SECOND DEFENSE

The State Court of Fulton County, State of Georgia, is not the proper forum for this action.

### THIRD DEFENSE

Plaintiffs' claims are preempted by federal law.

### FOURTH DEFENSE

The Complaint fails to state a claim upon which relief can be granted against Goldman Sachs.

### FIFTH DEFENSE

The Complaint is not sufficiently particularized to satisfy the requirement of O.C.G.A. § 9-11-9(b).

### SIXTH DEFENSE

Plaintiffs' claims under Counts One through Five of the Complaint are barred by the statute of limitations and/or laches.

### SEVENTH DEFENSE

Plaintiffs cannot establish that Goldman Sachs's conduct caused them any injury in fact.

### EIGHTH DEFENSE

Plaintiffs were not damaged by Goldman Sachs's conduct.

### NINTH DEFENSE

Upon information and belief, any diminution in the market price of TASER stock reflects the fundamental performance and prospects of the company and its management, based on informational disclosures issued by the company itself.

### TENTH DEFENSE

Goldman Sachs is not subject to liability under Georgia law because it acted in good faith in conformity with the rules, regulations and pronouncements of the SEC and the National Association of Securities Dealers and because the alleged conduct by Defendants did not occur in Georgia.

## ELEVENTH DEFENSE

Goldman Sachs's conduct related to short sales of TASER stock was in full compliance with applicable federal laws and regulations.

## TWELFTH DEFENSE

The constitutions of the United States and the State of Georgia limit the scope of any award of punitive damages against Goldman Sachs.

## **PRAYER FOR RELIEF**

WHEREFORE, Goldman Sachs prays (a) that judgment be entered dismissing the

Sixth Amended Complaint on the merits, in its entirety and with prejudice, (b) for a jury of 12

persons on any triable issues, and (c) that this Court grant such other relief as it deems just and

appropriate.

Dated:  October 30, 2009

Richard H. Sinkfield
Georgia Bar No. 649100
Dan F. Laney, III
Georgia Bar No. 435290

ROGERS & HARDIN LLP
2700 International Tower
  Peachtree Center
229 Peachtree Street, NE
Atlanta, Georgia  30307
Phone:  404-522-4700
Fax:  404-525-2224

Richard H. Klapper
Admitted Pro Hac Vice
  Signed by Dan F. Laney, III with
  express permission
Richard C. Pepperman, II
Admitted Pro Hac Vice
Tracy Richelle High
Admitted Pro Hac Vice

SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York  10004
Phone:  212-558-4000
Fax:  212-558-3588

*Attorneys for Defendants Goldman, Sachs & Co. and*
*Goldman Sachs Execution & Clearing, L.P.*

## IN THE STATE COURT OF FULTON COUNTY
## STATE OF GEORGIA

TASER INTERNATIONAL, INC.,  )
*et al.,*                    )
                            )
      Plaintiffs,  )
                            )
v.                          )    CIVIL ACTION FILE NO.
                            )    2008-EV-004739-B
MORGAN STANLEY & CO., INC., )
GOLDMAN SACHS GROUP, INC.,  )
BEAR STEARNS CAPITAL MARKETS, INC., )
BEAR STEARNS & CO., INC., THE BEAR )
STEARNS COMPANIES, INC., MERRILL )
LYNCH, PIERCE, FENNER & SMITH, INC., )
DEUTSCHE BANK SECURITIES, INC., )
CREDIT SUISSE USA, INC., BANC OF )
AMERICA SECURITIES, LLC, and )
UBS SECURITIES, LLC,        )
                            )
      Defendants.  )
_____ )

## CERTIFICATE OF SERVICE

I hereby certify that on this 30th day of October, 2009, a true and correct copy of the foregoing ANSWER OF DEFENDANTS GOLDMAN, SACHS & CO. AND GOLDMAN SACHS EXECUTION & CLEARING, L.P. TO PLAINTIFFS' SIXTH AMENDED COMPLAINT was electronically filed with the Clerk of Court using the Court's electronic filing system, which will automatically send an e-mail notification of such filing to the following attorneys of record who are registered participants in the Court's electronic notice and filing system and which constitutes service on such attorneys of record:

| | |
|---|---|
| John E. Floyd, Esq.<br>Steven J. Rosenwasser, Esq.<br>Bondurant, Mixson & Elmore, LLP<br>3900 One Atlantic Center<br>1201 West Peachtree Street, N.W.<br>Atlanta, Georgia 30309<br><br>*Attorneys for Plaintiffs* | Andrew J. Frackman, Esq.<br>Benjamin D. Petrosky, Esq.<br>Brendan J. Dowd, Esq.<br>O'Melveny & Myers LLP<br>7 Times Square<br>New York, NY 10036<br><br>*Attorneys for Banc of America Securities,*<br>*LLC* |
| Robert F. Wise, Jr., Esq.<br>William J. Fenrich, Esq.<br>Melissa T. Aoyagi, Esq.<br>Davis Polk & Wardwell<br>450 Lexington Avenue<br>New York, NY 10017<br><br>*Attorneys for Morgan Stanley & Co., Inc.* | Stephen L. Ratner, Esq.<br>Harry Frischer, Esq.<br>Brian L. Friedman, Esq.<br>Proskauer Rose LLP<br>1585 Broadway<br>New York, NY 10036<br><br>*Attorneys for Bears Stearns Securities Corp.*<br>*and Bear Stearns & Co., Inc.* |
| Gregory A. Markel, Esq.<br>Martin L. Seidel, Esq.<br>Heather L. Fesnak, Esq.<br>Peter J. Isajiw, Esq.<br>Cadwalader Wickersham & Taft LLP<br>One World Financial Center<br>New York, NY 10281<br><br>*Attorneys for Deutsche Bank Securities, Inc.* | Fraser L. Hunter, Jr., Esq.<br>Wilmer Cutler Pickering Hale & Dorr LLP<br>399 Park Avenue<br>New York, NY 10022 |
| Andrew B. Clubok, Esq.<br>Jeffrey G. Landis, Esq.<br>Daniel J. Gomez, Esq.<br>Kirkland & Ellis LLP<br>655 Fifteenth Street, N.W., Suite 1200<br>Washington, DC 20005-5793<br><br>Maria Ginzburg, Esq.<br>Kirkland & Ellis LLP<br>Citigroup Center<br>153 East 53rd Street<br>New York, NY 10022-4611<br><br>*Attorneys for UBS Securities, LLC* | Shepard Goldfein, Esq.<br>Paul M. Eckles, Esq.<br>Richard S. Horvath, Jr.<br>Skadden, Arps, Slate, Meagher & Flom LLP<br>4 Times Square<br>New York, NY 10036<br><br>*Attorneys for Merrill Lynch, Pierce, Fenner*<br>*& Smith, Incorporated* |

And via U.S. Mail postage prepaid and addressed as follows:

    James W. Christian, Esq.
    Christian, Smith & Jewell LLP
    2302 Fannin, Suite 500
    Houston, Texas 77002

    John O'Quinn, Esq.
    The O'Quinn Law Firm
    440 Louisiana Street, Suite 2300
    Houston, Texas 77002

This 30th day of October, 2009.

                                Dan F. Laney, III
                                Georgia Bar No. 435290

ROGERS & HARDIN LLP
2700 International Tower
  Peachtree Center
229 Peachtree Street, NE
Atlanta, GA 30303-1601
Tel.    (404) 522-4700
Fax    (404) 525-2224

                                *Attorneys for Goldman Sachs, & Co. and*
                                *Goldman Sachs Execution & Clearing,*
                                *L.P.*