EXHIBIT

4

State Court of Fulton County
***EFILED***
LexisNexis Transaction ID: 27829829
Date:  Oct 30 2009  7:14PM
Mark Harper, Clerk

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

TASER INTERNATIONAL, INC., DAVID
BATCHELOR, NATALIE BATCHELOR, DR
.THOMAS COLLERTINE, JUDITH COLLENTINE,
CHARLES FAIRES, SANDRA FAIRES, MASAJI
KELLEY, KELLY KELLEY, STEPHEN LISENBY,
PATRICIA LISENBY, RICHARD D. ALMEROTH,
CONSTANCE L. ALMEROTH, JAMES BAKER,
JR., ROBERT BAKER, WILLIAM BURNSIDE,
DONNA C. CASH, as Personal Representative of the
Estate of Dorothy A. Connelly, SOUTHEAST EYE
SURGERY CLINIC, INC. EMPLOYEE PSP, JAMES
DUNAGIN, JR., EMILY DUNAGIN, RICHARD C.
HASKELL, SUSAN HASKELL, RICHARD C.
HASKELL, JR., AMY HASKELL, MARY
RICHARDSON, PAMELA LEWIS, JANE MAJ,
CRAIG W. MILLER, MARGARET ROCHE, CHET
SCOTT, JOHN SCOTT, PAULA SCOTT, PETER
SCOTT, MICHELLE SCOTT, MARY ROSE
STUCKER, ANNE ZELTEN, MICHAEL BOYER,
PHILLIPS WALLER SMITH, PATRICK W. SMITH,
THOMAS P. SMITH and DEANNA M. SMITH,

     Plaintiffs,

v.

MORGAN STANLEY & CO., INC., GOLDMAN,
SACHS & CO., GOLDMAN SACHS EXECUTION &
CLEARING, L.P.,  BEAR STEARNS & CO., INC.
K/N/A JP MORGAN SECURITIES INC., BEAR
STEARNS SECURITIES CORP. K/N/A JP
MORGAN CLEARING CORP., MERRILL LYNCH,
PIERCE, FENNER & SMITH, INC., DEUTSCHE
BANK SECURITIES, INC., CREDIT SUISSE
SECURITIES (USA) LLC, BANC OF AMERICA
SECURITIES, LLC, UBS SECURITIES, LLC and
JOHN DOES 1-10,

     Defendants.

Civil Case No.
2008-EV-004739-B

**ANSWER TO SIXTH
AMENDED COMPLAINT**

## DEFENDANT MORGAN STANLEY & CO. INCORPORATED'S
## ANSWER TO PLAINTIFFS' SIXTH AMENDED COMPLAINT

Pursuant to Section 9-11-12 of the Official Code of Georgia, Defendant Morgan Stanley & Co. Incorporated ("MSCO"), by and through its undersigned counsel, answers Plaintiffs' Sixth Amended Complaint (the "Complaint") as follows:

1.      MSCO denies paragraph 1, except admits on information and belief that TASER International, Inc. ("TASER") is a publicly traded company.[1]

2.      MSCO denies the first sentence of paragraph 2 and denies that the remainder of paragraph 2 provides a complete and accurate description of a "typical legal short selling" transaction or an "illustrative example" of such a transaction.

3.      MSCO denies the allegations of paragraph 3, except (a) admits and avers that short selling is an entirely legal activity authorized by the applicable federal securities laws and regulations, (b) that paragraph 3 consists of legal conclusions as to which no response is required or appropriate, and (c) respectfully refers the Court to the laws and regulations applicable to short selling and settlement of short sales for a complete and accurate statement of their contents.

4.      MSCO denies paragraph 4, except admits and avers that most securities trades in the United States are settled today through the DTCC and further avers that the third and fourth sentences of paragraph 4 do not provide a complete and accurate description of DTCC or the DTCC settlement process.  MSCO further avers that the first

---

[1] Throughout this Answer, where MSCO responds to allegations that concern all defendants and not MSCO individually, MSCO is without knowledge or information sufficient to form a belief as to the truth of the allegations as to other defendants, and therefore they are denied, except where noted.

sentence of that paragraph consists of a legal conclusion as to which no response is required or appropriate.

5.      MSCO denies paragraph 5 and (a) avers that the second and sixth sentences of that paragraph consist of a legal conclusion to which no response is required or appropriate, and (b) respectfully refers the Court to the quoted documents for a complete and accurate statement of their contents and to the applicable laws and regulations governing short selling for their contents.

6.      MSCO denies paragraph 6, except respectfully refers the Court to the quoted documents for a complete and accurate statement of its contents.

7.      MSCO denies paragraph 7.

8.      MSCO denies paragraph 8, except (a) admits that (1) Morgan Stanley DW Inc. (the firm's predecessor retail firm) entered into a settlement with NYSE Regulation, Inc. on or about August 4, 2006 without admitting or denying the allegations and (2) MSCO entered into a settlement with the American Stock Exchange LLC on or about March 13, 2007 without admitting or denying the allegations and (b) is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning other defendants, and therefore they are denied.

9.      MSCO denies paragraph 9.

10.      MSCO denies paragraph 10, except (a) admits and avers on information and belief that (i) most securities trades in the United States are conducted electronically and (ii) prime brokers maintain beneficial share records, and (b) is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning other defendants, and therefore they are denied.

3

11.     MSCO denies paragraph 11, except (a) is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning other defendants, and therefore they are denied, and (b) respectfully refers the Court to all relevant DTCC data for an accurate description of their contents.

12.     MSCO denies paragraph 12, except is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning the voting of TASER shares at TASER's 2005 annual meeting, and therefore they are denied.  MSCO denies the remainder of paragraph 12.

13.     MSCO denies paragraph 13.  MSCO respectfully refers the Court to the quoted document for a complete and accurate statement of its content.

14.     MSCO denies the introduction to paragraph 14.

14(a).  MSCO denies paragraph 14(a).

14(b).  MSCO denies paragraph 14(b), except respectfully refers the Court to the federal laws and regulations applicable to short selling and settlement of short sales for a complete and accurate statement of their contents.

14(c).  MSCO denies paragraph 14(c).

15.     MSCO denies paragraph 15.

16.     MSCO is without knowledge or information sufficient to form a belief as to the truth of paragraph 16, and therefore it is denied, except admits that the plaintiff at issue purports to sue in the capacity described therein.

17.     MSCO is without knowledge or information sufficient to form a belief as to the truth of paragraph 17, and therefore it is denied, except admits that the plaintiffs at issue purport to sue in the capacity described therein.

4

18.     MSCO is without knowledge or information sufficient to form a belief as to the truth of paragraph 18, and therefore it is denied, except admits that the plaintiffs at issue purport to sue in the capacity described therein.

19.     MSCO is without knowledge or information sufficient to form a belief as to the truth of paragraph 19, and therefore it is denied, except admits that the plaintiffs at issue purport to sue in the capacity described therein.

20.     MSCO is without knowledge or information sufficient to form a belief as to the truth of paragraph 20, and therefore it is denied, except admits that the plaintiffs at issue purport to sue in the capacity described therein.

21.     MSCO is without knowledge or information sufficient to form a belief as to the truth of paragraph 21, and therefore it is denied, except admits that the plaintiffs at issue purport to sue in the capacity described therein.

22.     MSCO is without knowledge or information sufficient to form a belief as to the truth of paragraph 22, and therefore it is denied, except admits that the plaintiffs at issue purport to sue in the capacity described therein.

23.     MSCO is without knowledge or information sufficient to form a belief as to the truth of paragraph 23, and therefore it is denied, except admits that the plaintiff at issue purports to sue in the capacity described therein.

24.     MSCO is without knowledge or information sufficient to form a belief as to the truth of paragraph 24, and therefore it is denied, except admits that the plaintiff at issue purports to sue in the capacity described therein.

25.     MSCO is without knowledge or information sufficient to form a belief as to the truth of paragraph 25, and therefore it is denied, except admits that the plaintiff at issue purports to sue in the capacity described therein.

26.     MSCO is without knowledge or information sufficient to form a belief as to the truth of paragraph 26, and therefore it is denied, except admits that the plaintiff at issue purports to sue in the capacity described therein.

27.     MSCO is without knowledge or information sufficient to form a belief as to the truth of paragraph 27, and therefore it is denied, except admits that the plaintiff at issue purports to sue in the capacity described therein.

28.     MSCO is without knowledge or information sufficient to form a belief as to the truth of paragraph 28, and therefore it is denied, except admits that the plaintiffs at issue purport to sue in the capacity described therein.

29.     MSCO is without knowledge or information sufficient to form a belief as to the truth of paragraph 29, and therefore it is denied, except admits that the plaintiffs at issue purport to sue in the capacity described therein.

30.     MSCO is without knowledge or information sufficient to form a belief as to the truth of paragraph 30, and therefore it is denied, except admits that the plaintiffs at issue purport to sue in the capacity described therein.

31.     MSCO is without knowledge or information sufficient to form a belief as to the truth of paragraph 31, and therefore it is denied, except admits that the plaintiff at issue purports to sue in the capacity described therein.

32.    MSCO is without knowledge or information sufficient to form a belief as to the truth of paragraph 32, and therefore it is denied, except admits that the plaintiff at issue purports to sue in the capacity described therein.

33.    MSCO is without knowledge or information sufficient to form a belief as to the truth of paragraph 33, and therefore it is denied, except admits that the plaintiff at issue purports to sue in the capacity described therein.

34.    MSCO is without knowledge or information sufficient to form a belief as to the truth of paragraph 34, and therefore it is denied, except admits that the plaintiff at issue purports to sue in the capacity described therein.

35.    MSCO is without knowledge or information sufficient to form a belief as to the truth of paragraph 35, and therefore it is denied, except admits that the plaintiff at issue purports to sue in the capacity described therein.

36.    MSCO is without knowledge or information sufficient to form a belief as to the truth of paragraph 36, and therefore it is denied, except admits that the plaintiff at issue purports to sue in the capacity described therein.

37.    MSCO is without knowledge or information sufficient to form a belief as to the truth of paragraph 37, and therefore it is denied, except admits that the plaintiff at issue purports to sue in the capacity described therein.

38.    MSCO is without knowledge or information sufficient to form a belief as to the truth of paragraph 38, and therefore it is denied, except admits that the plaintiff at issue purports to sue in the capacity described therein.

39.     MSCO is without knowledge or information sufficient to form a belief as to the truth of paragraph 39, and therefore it is denied, except admits that the plaintiffs at issue purport to sue in the capacity described therein.

40.     MSCO is without knowledge or information sufficient to form a belief as to the truth of paragraph 40, and therefore it is denied, except admits that the plaintiff at issue purports to sue in the capacity described therein.

41.     MSCO is without knowledge or information sufficient to form a belief as to the truth of paragraph 41, and therefore it is denied, except admits that the plaintiff at issue purports to sue in the capacity described therein.

42.     MSCO is without knowledge or information sufficient to form a belief as to the truth of paragraph 42, and therefore it is denied, except admits that the plaintiff at issue purports to sue in the capacity described therein.

43.     MSCO is without knowledge or information sufficient to form a belief as to the truth of paragraph 43, and therefore it is denied, except admits that the plaintiff at issue purports to sue in the capacity described therein.

44.     MSCO is without knowledge or information sufficient to form a belief as to the truth of paragraph 44, and therefore it is denied, except admits that the plaintiff at issue purports to sue in the capacity described therein.

45.     MSCO is without knowledge or information sufficient to form a belief as to the truth of paragraph 45, and therefore it is denied, except admits that the plaintiffs at issue purport to sue in the capacity described therein.

46.     MSCO denies paragraph 46, except admits and avers that MSCO (a) is a Delaware corporation with its principal offices in New York, (b) is registered to conduct

8

business in Georgia, (c) has appointed CT Corporation as its registered agent for service in Georgia, and (d) maintains an office in Fulton County, Georgia.

47.    MSCO is without knowledge or information sufficient to form a belief as to the truth of paragraph 47, and therefore it is denied.

48.    MSCO is without knowledge or information sufficient to form a belief as to the truth of paragraph 48, and therefore it is denied.

49.    MSCO is without knowledge or information sufficient to form a belief as to the truth of paragraph 49, and therefore it is denied.

50.    MSCO is without knowledge or information sufficient to form a belief as to the truth of paragraph 50, and therefore it is denied.

51.    MSCO is without knowledge or information sufficient to form a belief as to the truth of paragraph 51, and therefore it is denied.

52.    MSCO is without knowledge or information sufficient to form a belief as to the truth of paragraph 52, and therefore it is denied.

53.    MSCO is without knowledge or information sufficient to form a belief as to the truth of paragraph 53, and therefore it is denied.

54.    MSCO is without knowledge or information sufficient to form a belief as to the truth of paragraph 54, and therefore it is denied.

55.    MSCO is without knowledge or information sufficient to form a belief as to the truth of paragraph 55, and therefore it is denied, except MSCO incorporates its response to the allegations of paragraph 46, and admits and avers that it engages in the securities and clearing business, including activities incident to short sale transactions.

9

56.     MSCO avers that paragraph 56 consists of legal conclusions as to which no response is required or appropriate. To the extent that a response is required, paragraph 56 is denied.

57.     MSCO avers that paragraph 57 consists of legal conclusions as to which no response is required or appropriate. To the extent that a response is required, paragraph 57 is denied.

58.     MSCO denies paragraph 58, except MSCO is without knowledge or information sufficient to form a belief as to the truth of the allegations of the first and second sentences of paragraph 58, and therefore they are denied.

59.     MSCO denies paragraph 59, except MSCO is without knowledge or information sufficient to form a belief as to the truth of the allegations of the first and third subsections of paragraph 59, and therefore they are denied.

60.     MSCO denies paragraph 60, except admits and avers that MSCO has from time to time engaged in prime brokerage and clearing activities involving TASER stock, has from time to time traded TASER stock for certain of its own proprietary accounts, and has from time to time been a market maker for TASER stock.

61.     MSCO denies paragraph 61, except admits that DTCC facilitates the clearance and settlement of securities transactions.

62.     MSCO denies paragraph 62, except admits and avers that the DTCC maintains a stock borrow program. MSCO further avers that the second and third sentences of paragraph 62 do not provide a complete and accurate description of the stock borrow program, and that the last sentence of that paragraph consists of a legal conclusion as to which no response is required or appropriate.

10

63.     MSCO denies paragraph 63, except admits on information and belief that DTCC is owned by its member firms, and that Ms. Schueneman and Mr. Cowen were members of DTCC's board of directors in 2006.

64.     MSCO is without knowledge or information sufficient to form a belief as to the truth of paragraph 64, and therefore it is denied, except MSCO admits it engages in the prime brokerage business.

65.     MSCO denies paragraph 65, except admits and avers that MSCO engages in prime brokerage activities, including those incident to short sale transactions.

66.     MSCO denies paragraph 66 and denies that paragraph 66 provides a complete and accurate description of a "typical" short sale transaction.  MSCO incorporates its responses to paragraphs 1 through 15 of the Complaint as if fully set forth herein.

67.     MSCO denies paragraph 67 and denies that paragraph 67 provides a complete and accurate description of a "typical" short sale transaction.  MSCO avers that paragraph 67 also includes legal conclusions as to which no response is required or appropriate, and respectfully refers the Court to the federal laws and regulations applicable to short selling and settlement of short sales for a  complete and accurate statement of their contents.

68.     MSCO denies paragraph 68 and denies that paragraph 68 provides a complete and accurate description of short sale transactions and the operation of the DTCC.  MSCO avers that paragraph 68 also includes legal conclusions as to which no response is required or appropriate.

11

69.     MSCO denies paragraph 69 and denies that the allegations of paragraph 69 provide a complete and accurate description of short sale transactions and the operation of the DTCC.  MSCO avers that paragraph 69 also includes legal conclusions as to which no response is required or appropriate.

70.     MSCO denies paragraph 70 and denies that the allegations of paragraph 70 provide a complete and accurate description of "fails to deliver" or "fail[s] in the DTCC system."

71.     MSCO is without knowledge or information sufficient to form a belief as to the truth of paragraph 71, and therefore it is denied.

72.     MSCO denies paragraph 72, except respectfully refers the Court to appropriate SEC rules and regulations related to short sale transactions.

73.     MSCO denies paragraph 73.

74.     MSCO denies paragraph 74, except respectfully refers the Court to the quoted document for a complete and accurate statement of its contents.

75.     MSCO avers that paragraph 75 consists of legal conclusions as to which no response is required or appropriate.  To the extent that a response is required, paragraph 75 is denied, except MSCO respectfully refers the Court to the cited SEC Release and the rules and regulations governing short sale transactions for a complete and accurate statement of their contents.

76.     MSCO denies paragraph 76, except is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning the concerns of issuers and investors, and therefore they are denied.  MSCO avers that paragraph 76 includes legal conclusions as to which no response is required or appropriate and

12

respectfully refers the Court to the cited SEC Release and the rules and regulations governing short sale transactions for a complete and accurate statement of their contents.

77.    MSCO denies paragraph 77.

78.    MSCO denies paragraph 78, except respectfully refers the Court to the laws and regulations applicable to short selling and settlement of short sales for a complete and accurate statement of their contents.

78(i).   MSCO denies paragraph 78(i), except (a) admits and avers that its clients have at times conducted short sale transactions of TASER stock, and (b) respectfully refers the Court to the federal laws and regulations applicable to short selling and settlement of short sales for a complete and accurate statement of their contents.

78(ii).   MSCO denies paragraph 78(ii), except (a) admits and avers that MSCO maintains its own proprietary accounts from which it conducts stock transactions on its behalf and (b) respectfully refers the Court to the federal laws and regulations applicable to short selling and settlement of short sales for a complete and accurate statement of their contents.

78(iii).   MSCO denies paragraph 78(iii), except respectfully refers the Court to the DTCC's rules for a complete and accurate statement of their contents.

78(iv).   MSCO denies paragraph 78(iv), except respectfully refers the Court to the applicable federal securities laws and regulations for a complete and accurate statement of their contents.

78(v).   MSCO denies paragraph 78(v).  MSCO avers that the second sentence of that paragraph consists of a legal conclusion as to which no response is required or appropriate, respectfully refers the Court to the federal laws and regulations applicable to

13

short selling and settlement of short sales for a complete and accurate statement of their contents, and incorporates and restates its answers to paragraphs 1 through 78(v) of the Complaint as if fully set forth herein.

78(vi).   MSCO denies paragraph 78(vi), except respectfully refers the Court to the quoted document for a complete and accurate statement of its contents.

79.   MSCO denies paragraph 79, except MSCO admits and avers that DTCC maintains a stock borrow program.  MSCO avers that paragraph 79 does not provide a complete and accurate description of that program.

80.   MSCO denies paragraph 80.

81.   MSCO denies paragraph 81, except (a) admits that Morgan Stanley DW Inc. entered into a settlement with NYSE Regulation, Inc. on or about August 4, 2006 and MSCO entered into a settlement with the American Stock Exchange LLC on or about March 13, 2007 and (b) is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning settlements purportedly entered into by other defendants, and therefore they are denied.  MSCO avers that the allegations concerning the Georgia Securities Act and other Georgia laws consist of legal conclusions as to which no response is required or appropriate.

82.   MSCO is without knowledge or information sufficient to form a belief as to the truth of paragraph 82, and therefore it is denied.

83.   MSCO denies paragraph 83, except (a) admits that the SEC has adopted and implemented comprehensive regulations related to short selling, (b) respectfully refers the Court to those regulations for a complete and accurate statement of their contents, and (c) is without knowledge or information sufficient to form a belief as to the

14

accuracy of the statistics provided in the Table in paragraph 83, and therefore they are denied.

84. MSCO is without knowledge or information sufficient to form a belief as to paragraph 84 and therefore it is denied.

85. MSCO denies paragraph 85.

86. MSCO denies the first sentence of paragraph 86, and is without knowledge or information sufficient to form a belief as to the truth of the remainder of paragraph 86, and therefore it is denied.

87. MSCO denies the last sentence of paragraph 87, and is without knowledge or information sufficient to form a belief as to the truth of the remainder of paragraph 87, and therefore it is denied.

88. MSCO is without knowledge or information sufficient to form a belief as to the truth of paragraph 88, and therefore it is denied.

89. MSCO denies paragraph 89, except incorporates its response to paragraph 8.

90. MSCO denies paragraph 90, except is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning the voting of TASER shares at TASER's 2005 annual meeting, and therefore they are denied.

91. MSCO denies paragraph 91.

92. MSCO denies paragraph 92.

93. In answer to paragraph 93, MSCO incorporates and restates its answers to paragraphs 1 through 92 of the Complaint as if fully set forth herein.

94. MSCO denies paragraph 94.

15

95.    MSCO denies paragraph 95.  MSCO avers that the first and second sentences of paragraph 95 consists of legal conclusions as to which no response is required or appropriate.

96.    MSCO is without knowledge or information sufficient to form a belief as to the truth of paragraph 96, except therefore it is denied.

97.    MSCO is without knowledge or information sufficient to form a belief as to the truth of paragraph 97, and therefore it is denied.

98.    MSCO denies paragraph 98.

99.    MSCO avers that paragraph 99 consists of legal conclusions as to which no response is required or appropriate.  To the extent that a response is required, MSCO denies paragraph 99.

100.    MSCO avers that paragraph 100 consists of legal conclusions as to which no response is required or appropriate.  To the extent that a response is required, MSCO denies paragraph 100.

101.    MSCO denies paragraph 101.

102.    MSCO denies paragraph 102, except respectfully refers the Court to the quoted documents for a complete and accurate statement of their contents.

103.    MSCO denies paragraph 103, except admits and avers that MSCO has from time to time conducted short sale transactions of TASER stock through certain of its proprietary accounts and avers that the last sentence of that paragraph consists of legal conclusions as to which no response is required or appropriate.

16

104.    MSCO denies paragraph 104, except avers that the second sentence of that paragraph consists of legal conclusions as to which no response is required or appropriate.

105.    MSCO denies paragraph 105.

106.    MSCO denies paragraph 106.

107.    MSCO avers that paragraph 107 consists of legal conclusions as to which no response is required or appropriate.  To the extent that a response is required, MSCO denies paragraph 107.

108.    MSCO denies paragraph 108.

109.    MSCO avers that paragraph 109 consists of legal conclusions as to which no response is required or appropriate.  To the extent that a response is required, MSCO denies paragraph 109.

110.    MSCO denies paragraph 110, except avers that the last sentence of that paragraph consist of legal conclusions as to which no response is required or appropriate.

111.    MSCO denies paragraph 111.

112.    MSCO denies paragraph 112.

113.    MSCO avers that paragraph 113 consists of legal conclusions as to which no response is required or appropriate.  To the extent that a response is required, MSCO denies paragraph 113.

114.    MSCO denies paragraph 114.

115.    MSCO denies paragraph 115.

116.    MSCO denies paragraph 116.

117.    MSCO denies paragraph 117.

17

118.    MSCO denies paragraph 118.

119.    MSCO denies paragraph 119.

120.    MSCO denies paragraph 120, except (a) admits that it uses computers, computer networks and electronic data in the regular course of its business and (b) is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning other defendants, and therefore they are denied.

121.    MSCO denies paragraph 121.

122.    MSCO denies paragraph 122, except avers that the first sentence of paragraph 122 consists of legal conclusions as to which no response is required or appropriate.

123.    MSCO avers that paragraph 123 consists of legal conclusions as to which no response is required or appropriate.  To the extent that a response is required, MSCO denies paragraph 123.

124.    MSCO denies paragraph 124.

125.    MSCO denies paragraph 125.

126.    MSCO denies paragraph 126.

127.    MSCO denies paragraph 127.

128.    MSCO denies paragraph 128.

129.    MSCO denies paragraph 129.

130.    MSCO denies paragraph 130.

131.    MSCO denies paragraph 131.

132.    MSCO denies paragraph 132.

133.   In answer to paragraph 133, MSCO incorporates and restates its answers to the allegations of the Complaint as if fully set forth herein.

134.   MSCO is without knowledge or information sufficient to form a belief as to the truth of paragraph 134, and therefore it is denied.

135.   MSCO is without knowledge or information sufficient to form a belief as to the truth of paragraph 135, and therefore it is denied.

136.   MSCO denies paragraph 136.

137.   MSCO denies paragraph 137.

138.   In answer to paragraph 138, MSCO incorporates and restates its answers to the allegations of the Complaint as if fully set forth herein.

139.   MSCO denies paragraph 139.

140.   In answer to paragraph 140, MSCO incorporates and restates its answers to the allegations of the Complaint as if fully set forth herein.

141.   MSCO is avers that paragraph 141 consists of legal conclusions as to which no response is required or appropriate.  To the extent that a response is required, paragraph 141 is denied.

142.   MSCO denies paragraph 142.

143.   MSCO denies paragraph 143.

144.   In answer to paragraph 144, MSCO incorporates and restates its answers to the allegations of the Complaint as if fully set forth herein.

145.   MSCO denies paragraph 145.

146.   MSCO denies paragraph 146.

147.    MSCO denies paragraph 147, except (a) avers that paragraph 147 consists of legal conclusions as to which no response is required or appropriate, (b) admits that TASER's counsel sent a letter to MSCO's counsel, dated August 11, 2009, demanding payment of money and (c) respectfully refers the Court to that letter for a complete and accurate description of its contents.

148.    MSCO denies paragraph 148, except (a) admits and avers that on August 21, 2009, counsel for MSCO sent a letter to TASER's counsel in response to TASER's August 11, 2009 letter and (b) respectfully refers the Court to that letter for a complete and accurate description of its contents.

149.    MSCO denies paragraph 149.

150.    MSCO denies paragraph 150.

Unnumbered ¶.  No response is required to Plaintiffs' prayer for relief, but MSCO denies said prayer to the extent a response is required.

MSCO denies all of the allegations of the Sixth Amended Complaint not specifically admitted above.


## DEFENSES

MSCO states the following defenses and reserves its right to assert other and additional defenses when and if they become appropriate.  In asserting these defenses, MSCO does not assume any burden of proof with respect to any issue where the applicable law places the burden upon Plaintiffs.

### FIRST DEFENSE

Plaintiffs' claims are preempted by federal law.

20

### SECOND DEFENSE

The Complaint fails to state a claim upon which relief can be granted against MSCO.

### THIRD DEFENSE

The Complaint is not sufficiently particularized to satisfy the requirement of O.C.G.A. § 9-11-9(b).

### FOURTH DEFENSE

Plaintiffs' claims under Counts One through Five of the Complaint are barred by the statute of limitations and/or laches.

### FIFTH DEFENSE

Plaintiffs cannot establish that MSCO's conduct caused them any injury in fact.

### SIXTH DEFENSE

Plaintiffs were not damaged by MSCO's conduct.

### SEVENTH DEFENSE

Upon information and belief, any diminution in the market price of TASER stock reflects the fundamental performance and prospects of the company and its management, based on informational disclosures issued by the company itself.

### EIGHTH DEFENSE

MSCO is not subject to liability under Georgia law because it acted in good faith in conformity with the rules, regulations and pronouncements of the SEC and the National Association of Securities Dealers and because the alleged conduct by Defendants did not occur in Georgia.

### NINTH DEFENSE

MSCO's conduct related to short sales of TASER stock was in full compliance with applicable federal laws and regulations.

### TENTH DEFENSE

The constitutions of the United States and the State of Georgia limit the scope of any award of punitive damages against MSCO.

### PRAYER FOR RELIEF

WHEREFORE, MSCO prays (a) that judgment be entered dismissing the Sixth Amended Complaint on the merits, in its entirety and with prejudice, (b) for a jury of twelve persons on any triable issues, and (c) that this Court grant such other relief as it deems just and appropriate.

22

Dated:   Atlanta, Georgia
         October 30, 2009

                                        _____
                                        Richard H. Sinkfield (649100)
                                        Dan F. Laney, III (435290)
                                        ROGERS & HARDIN LLP
                                        2700 International Tower
                                        229 Peachtree Street, NE
                                        Atlanta, Georgia  30303
                                        (404) 522-4700


                                        Robert F. Wise, Jr.
                                        William J. Fenrich
                                        DAVIS POLK & WARDWELL LLP
                                        450 Lexington Avenue
                                        New York, New York  10017
                                        Tel:  (212) 450-4000

                                        Attorneys for Morgan Stanley & Co.
                                        Incorporated

23

## IN THE STATE COURT OF FULTON COUNTY
## STATE OF GEORGIA

TASER INTERNATIONAL, INC.,           )
*et al.*,                            )
                                     )
       Plaintiffs,             )
                                     )
v.                                   )    CIVIL ACTION FILE NO.
                                     )    2008-EV-004739-B
MORGAN STANLEY & CO., INC.,          )
GOLDMAN SACHS GROUP, INC.,           )
BEAR STEARNS CAPITAL MARKETS, INC.,  )
BEAR STEARNS & CO., INC., THE BEAR   )
STEARNS COMPANIES, INC., MERRILL     )
LYNCH, PIERCE, FENNER & SMITH, INC., )
DEUTSCHE BANK SECURITIES, INC.,      )
CREDIT SUISSE USA, INC., BANC OF     )
AMERICA SECURITIES, LLC, and         )
UBS SECURITIES, LLC,                 )
                                     )
       Defendants.             )
_____)

### CERTIFICATE OF SERVICE

I hereby certify that on this 30th day of October, 2009, a true and correct copy of the foregoing ANSWER OF DEFENDANT MORGAN STANLEY & CO. INCORPORATED TO PLAINTIFFS' SIXTH AMENDED COMPLAINT was electronically filed with the Clerk of Court using the Court's electronic filing system, which will automatically send an e-mail notification of such filing to the following attorneys of record who are registered participants in the Court's electronic notice and filing system and which constitutes service on such attorneys of record:

| | |
|---|---|
| John E. Floyd, Esq.<br>Steven J. Rosenwasser, Esq.<br>Bondurant, Mixson & Elmore, LLP<br>3900 One Atlantic Center<br>1201 West Peachtree Street, N.W.<br>Atlanta, Georgia 30309<br><br>*Attorneys for Plaintiffs* | Gregory A. Markel, Esq.<br>Martin L. Seidel, Esq.<br>Heather L. Fesnak, Esq.<br>Peter J. Isajiw, Esq.<br>Cadwalader Wickersham & Taft LLP<br>One World Financial Center<br>New York, NY 10281<br><br>*Attorneys for Deutsche Bank Securities, Inc.* |
| Andrew J. Frackman, Esq.<br>Benjamin D. Petrosky, Esq.<br>Brendan J. Dowd, Esq.<br>O'Melveny & Myers LLP<br>7 Times Square<br>New York, NY 10036<br><br>*Attorneys for Banc of America Securities,*<br>*LLC* | Stephen L. Ratner, Esq.<br>Harry Frischer, Esq.<br>Brian L. Friedman, Esq.<br>Proskauer Rose LLP<br>1585 Broadway<br>New York, NY 10036<br><br>*Attorneys for Bears Stearns Securities Corp.*<br>*and Bear Stearns & Co., Inc.* |
| Richard C. Pepperman II, Esq.<br>Richard H. Klapper, Esq.<br>Tracy Richelle High, Esq.<br>Sullivan & Cromwell LLP<br>125 Broad Street<br>New York, NY 10004<br><br>*Attorneys for Goldman Sachs & Co. and*<br>*Goldman Sachs Execution & Clearing, L.P.* | Fraser L. Hunter, Jr., Esq.<br>Wilmer Cutler Pickering Hale & Dorr LLP<br>399 Park Avenue<br>New York, NY 10022 |
| Andrew B. Clubok, Esq.<br>Jeffrey G. Landis, Esq.<br>Daniel J. Gomez, Esq.<br>Kirkland & Ellis LLP<br>655 Fifteenth Street, N.W., Suite 1200<br>Washington, DC 20005-5793<br><br>Maria Ginzburg, Esq.<br>Kirkland & Ellis LLP<br>Citigroup Center<br>153 East 53rd Street<br>New York, NY 10022-4611<br><br>*Attorneys for UBS Securities, LLC* | Shepard Goldfein, Esq.<br>Paul M. Eckles, Esq.<br>Richard S. Horvath, Jr.<br>Skadden, Arps, Slate, Meagher & Flom LLP<br>4 Times Square<br>New York, NY 10036<br><br>*Attorneys for Merrill Lynch, Pierce, Fenner*<br>*& Smith, Incorporated* |

And via U.S. Mail postage prepaid and addressed as follows:

       James W. Christian, Esq.
       Christian, Smith & Jewell LLP
       2302 Fannin, Suite 500
       Houston, Texas 77002

       John O'Quinn, Esq.
       The O'Quinn Law Firm
       440 Louisiana Street, Suite 2300
       Houston, Texas 77002

This 30th day of October, 2009.

                                    Dan F. Laney, III
                                    Georgia Bar No. 435290

ROGERS & HARDIN LLP
2700 International Tower
  Peachtree Center
229 Peachtree Street, NE
Atlanta, GA 30303-1601
Tel.    (404) 522-4700
Fax    (404) 525-2224

                                      *Attorneys for Morgan Stanley & Co., Inc.*