EXHIBIT 6

State Court of Fulton County
***EFILED***
LexisNexis Transaction ID: 31991868
Date: Jul 6 2010 8:27PM
Mark Harper, Clerk

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

| | |
|---|---|
| TASER INTERNATIONAL, INC., *et al.*, <br><br> Plaintiffs, <br> v. <br><br> MORGAN STANLEY & CO., INC., *et al.*, <br><br> Defendants. | Civil Case No. <br> 2008-EV-004739-B |

### DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL DEFENDANTS TO PRODUCE DOCUMENTS RELATED TO THEIR AFFIRMATIVE DEFENSE OF GOOD FAITH RELIANCE OR, IN THE ALTERNATIVE, TO STRIKE THAT DEFENSE

Defendants respectfully submit this memorandum of law in opposition to Plaintiffs' Motion to Compel Defendants to Produce Documents Related to Their Affirmative Defense of Good Faith Reliance or, in the Alternative, to Strike that Defense ("Plaintiffs' Motion"), filed June 4, 2010. Plaintiffs' Motion is meritless, and is another transparent and unjustified attempt to invade Defendants' privileged communications.[1] Plaintiffs premise their motion on the affirmative defense asserted in Defendants' answers that Defendants are not subject to liability under Georgia law because they acted in good faith in conformity with the rules, regulations and pronouncements of the SEC and the National Association of Securities Dealers. As the plain language of that affirmative defense makes clear, Defendants have not at this time placed their counsels' advice at issue. Moreover, Plaintiffs offer no support for their extreme request that

---

[1] *See also* Plaintiffs' Motion to Compel Production of Documents Improperly Withheld As Privileged or Alternatively, to Appoint Special Master to Conduct an *In Camera* Review, filed May 24, 2010 (making meritless demands to gain access to Defendants' privileged communications).

Defendants should be ordered—nine months before the close of fact discovery—to "certify" whether they will at some point assert such a defense.

Indeed, Plaintiffs' position is based on a flawed, contradictory premise and contrary to well-settled law. On the one hand, Plaintiffs appear to argue, contrary to case law, that by referencing "good faith" in one of their affirmative defenses,[2] Defendants have asserted reliance on advice of counsel and thereby have waived the attorney-client privilege.[3] At the same time, Plaintiffs maintain that Defendants have *not* yet definitively asserted reliance on the advice of counsel and that Defendants therefore should be compelled to commit once and for all whether they intend to do so or to forego the right to rely on such a defense in the future.[4] In fact, both of Plaintiffs' conflicting contentions are wrong; and, in any event, Plaintiffs' Motion should be denied as premature.

## ARGUMENT

### I. Defendants Have Not Asserted a Reliance on Advice of Counsel as a Defense in This Action.

Plaintiffs contend, based on nothing more than a strained reading of Defendants' answers, that Defendants have placed reliance on advice of counsel at issue and have waived the attorney-client privilege. But that argument is directly contradicted by well-established case law and should be rejected.

---

[2] (*See, e.g.*, Morgan Stanley's Answer to Sixth Am. Compl. at 21 ("[Defendant] is not subject to liability under Georgia law because it acted in good faith in conformity with the rules, regulations and pronouncements of the SEC and the National Association of Securities Dealers . . . ."; *see also* Bear Stearns' Answer to Sixth Am. Compl. at 25 (same); Credit Suisse's Answer to Sixth Am. Compl. at 24 (same); Merrill Lynch's Answer to Sixth Am. Compl. at 24 (same); Goldman Sachs' Answer to Sixth Am. Compl. at 24 (same); Deutsche Bank's Answer to Sixth Am. Compl. at 19 (same); Banc of America's Answer to Sixth Am. Compl. at 24 (same); UBS's Answer to Sixth Am. Compl. at 24 (same).)

[3] (*See, e.g.*, Pl. Motion at 10–12.)

[4] For example, Plaintiffs' Motion frequently asks whether Defendants "*intend* on asserting good faith reliance on counsel as an affirmative defense." (*See* Pl. Motion at 1. (emphasis added).)

The law is clear that the mere use of the words "good faith" in a defense or statement "does not automatically place reliance on the advice of counsel at issue."[5] *See SmithKline Beecham Corp. v. Apotex Corp.*, No. 99-CV-4304, 2005 U.S. Dist. LEXIS 22228, at *12 (E.D. Pa. Sept. 28, 2005); *see also Haviland v. Catholic Health Initiatives-Iowa, Corp.*, No. 4:07-cv-18 RP-TJS, 2010 U.S. Dist. LEXIS 25246, at *16 n.2 (S.D. Iowa Mar. 12, 2010) (rejecting plaintiffs' contention that asserting good faith as affirmative defense implied reliance on advice of counsel); *Oak Lane Printing & Letter Serv., Inc. v. Atl. Mutual Ins. Co.*, No. 04-3301, 2007 U.S. Dist. LEXIS 42923, at *9 (E.D. Pa. June 13, 2007) (holding that defendant did not raise reliance on advice of counsel by asserting "good faith" in its answer and noting that numerous courts have rejected the argument that a defendant's "right to assert [attorney-client] privilege is waived once it asserts that it acted in good faith").

Similarly, a party's assertion that it believed it was in compliance with applicable rules, regulations and pronouncements of the government does not, by itself, put advice of counsel at issue.[6] *See Estes v. Health Ventures of S. Ill.*, No. 05-741-DRH, 2006 U.S. Dist. LEXIS 80719, at *10-11 (S.D. Ill. Nov. 3, 2006) (holding that defendant did not waive attorney-client privilege by including as an affirmative defense in its answer that it made good faith efforts to comply with federal and state anti-retaliation laws); *Sayre Enters., Inc. v. Allstate Ins. Co.*, No. 5:06-cv-

---

[5] Reliance on the advice of counsel "need not be a formal defense," but rather can simply be "evidence of good faith, a relevant consideration in evaluating a defendant's scienter." *Howard v. SEC*, 376 F.3d 1136, 1147 (D.C. Cir. 2004). Nevertheless, because Plaintiffs' Motion characterizes reliance on the advice of counsel as a defense, Defendants refer to it as such in this memorandum.

[6] Plaintiffs' Motion states that the defense asserted in *United States v. Bilzerian*, 926 F.2d 1285 (2d Cir. 1991), is "nearly identical to the one asserted by Defendants here" and that therefore Plaintiffs are entitled to discovery to determine whether the Defendants' claim that "their conduct was in accordance with federal and SEC laws . . . is true . . . includ[ing] the right to . . . privileged communications, related to the subject matter . . . ." (Pl. Motion at 9–10.) In *Bilzerian*, however, the defendant wished to testify that he believed that his actions were lawful, but wanted to prevent opposing counsel from cross-examining him on the basis of those beliefs. 926 F.2d at 1291. The court rejected that sword and shield tactic, and properly so. *Id.* at 1293. Defendants are clearly not employing such a tactic here.

3

00036, 2006 U.S. Dist. LEXIS 89097, at *12 (W.D. Va. Dec. 8, 2006) (holding that defendant's affirmative defense stating that its actions were "reasonable, appropriate, and legal" was "insufficient to set forth a cognizable 'advice of counsel' defense"); *In re AT&T Access Charge Litig.*, 451 F. Supp. 2d 651, 656-57 (D.N.J. 2006) (holding that defendant did not put advice of counsel at issue by asserting in its answer that it detrimentally relied on prior Federal Communications Commission decisions in making certain business decisions).[7]

For instance, in *Henry v. Quicken Loans, Inc.*, plaintiffs argued that defendants had waived the attorney-client privilege by asserting in their answer that to the extent that they had failed to comply with applicable laws, such conduct was not willful or intentional "but rather occurred in good faith." No. 04-40346, 2008 U.S. Dist. LEXIS 50513, at *4 (E.D. Mich. June 30, 2008), *aff'd*, 263 F.R.D. 458 (E.D. Mich. 2008). The court rejected that argument, holding that "the claim of good faith as an affirmative defense does not imply reliance on the advice of counsel, even in a case such as this where the party acknowledges seeking such advice. Rather the party must by some specific act or assertion put the *content* of that advice behind its claim of good faith – making it 'a factual basis of a . . . defense.'" *Id.* at *13; *accord Haviland*, 2010 U.S. Dist. LEXIS 25246, at *16 n.2.

Likewise here, Defendants have made no assertion to date that their conduct was in good faith because it was based on advice of counsel. Instead, as even Plaintiffs acknowledge (Pl. Motion at 3), Defendants have simply asserted at this point that they are not subject to liability

---

[7] Plaintiffs argue that the defense of good faith reliance on government regulations and communications that was at issue in *United States v. Exxon Corp.*, 94 F.R.D. 246 (D.D.C. 1981) is "precisely the defense Defendants raise" in the instant case. (Pl. Motion at 9.) In *Exxon*, where the central issue was the defendant's interpretation of federal regulations, the court held that the "*only* way to investigate the validity of [the defendant's] affirmative defenses" was to invade attorney-client communications. 94 F.R.D. at 247, 249 (emphasis added). By contrast, the dispute in this case is whether Defendants intentionally manipulated the stock price of TASER. Additionally, unlike in *Exxon*, there is nothing to suggest that invading the attorney-client privilege is the "only way" to determine whether Defendants acted in good faith in attempting to comply with federal law or regulations or that their interpretation thereof resides, as it did in *Exxon*, exclusively in attorney-client communications and work papers.

4

under Georgia law because, among other things, they "acted in good faith in conformity with the rules, regulations and pronouncements of the SEC and the National Association of Securities Dealers."[8] Accordingly, there is no basis to invade Defendants' attorney-client privilege.

## II. Defendants Have Not Waived the Attorney-Client Privilege.

Plaintiffs assert that Defendants somehow waived their attorney-client privilege because in-house compliance departments and outside counsel provide each Defendant with advice regarding whether their conduct is in good faith compliance with relevant laws.[9] But simply because attorney-client communications might be relevant to an affirmative defense does not mean that Defendants have waived the privilege. *See Rhone-Poulenc Rorer v. Home Indem. Co.*, 32 F.3d 851, 863 (3d Cir. 1994) ("Advice is not in issue merely because it is relevant . . . ."). Rather, a party must "affirmatively use privileged communications to defend itself or attack its opponent in the action before the implicit waiver rule is applicable." *See United States v. Ohio Edison Co.*, No. C2-99-1181, 2002 U.S. Dist. LEXIS 14290, at *16 (S.D. Ohio July 11, 2002) (citation omitted); *Hasty v. Lockheed Martin Corp.*, No. 98-1950, 1999 U.S. Dist. LEXIS 12373, at *3 (E.D. La. Aug. 6, 1999) (holding that until defendant "voluntarily injects [reliance on the advice of counsel] into this matter, there are no grounds for finding a waiver of the attorney-client privilege" (internal quotations omitted)), *aff'd*, 252 F.3d 1357 (5th Cir. 2001); *Harter v.*

---

[8] (*See, e.g.*, Morgan Stanley's Answer to Sixth Am. Compl. at 21; Bear Stearns' Answer to Sixth Am. Compl. at 25; Credit Suisse's Answer to Sixth Am. Compl. at 24; Merrill Lynch's Answer to Sixth Am. Compl. at 24; Goldman Sachs' Answer to Sixth Am. Compl. at 24; Deutsche Bank's Answer to Sixth Am. Compl. at 19; Banc of America's Answer to Sixth Am. Compl. at 24; UBS's Answer to Sixth Am. Compl. at 24.)

[9] Plaintiffs' Motion asserts that Defendants have "refused to clarify whether they are invoking a good faith defense based upon reliance on the advice of counsel" and references an e-mail that Plaintiffs sent to Defendants on May 20, 2010 asking them, among other things, to agree that they would never raise the defense of reliance on the advice of counsel, either separate from or as part of a good faith defense. (*See* Pl. Motion at 3–4.) Defendants did not, nor were they required to, respond to Plaintiffs' inappropriate questions, much less provide Plaintiffs the specific details they requested about Defendants' legal strategies and defenses. *See* O.C.G.A. § 9-11-26(b)(3).

5

*Univ. of Indianapolis*, 5 F. Supp. 2d 657, 665 n.2 (S.D. Ind. 1998) (stating that only when a party "seeks to take advantage of the privileged communications themselves should a waiver be found on the theory that the client has put the attorney's advice in issue"). Indeed, if Plaintiffs were correct on the standard for establishing a waiver of the attorney-client privilege, then Plaintiffs themselves have likely waived the privilege.

Plaintiffs do not and cannot identify any instances where Defendants have at this stage attempted to make use of privileged communications to prove their defenses. Therefore, Plaintiffs' concerns about selective disclosure of privileged documents are misplaced. *See Barclay v. Mercy Health Servs.-Iowa Corp.*, No. C 07-4074-MWB, 2009 U.S. Dist. LEXIS 28691, at *17 (N.D. Iowa Apr. 6, 2009) (rejecting plaintiffs' argument that defendants were attempting to use privilege as both a "'sword' and a 'shield' . . . because there [was] no indication that the defendants [were] making selective disclosures of privileged information"); *Chamberlain Group v. Interlogix, Inc.*, No. 01 C 6157, 2002 U.S. Dist. LEXIS 5468, at *14 (N.D. Ill. Mar. 26, 2002) (stating that concerns about a party's selective disclosure of privileged documents are "not present when a defendant pleads an affirmative defense but does not rely on privileged attorney-client communications to prove that defense").[10] Accordingly, Plaintiffs' waiver argument fails.

---

[10] Plaintiffs' Motion discusses at length *Bank Brussels Lambert v. Credit (Suisse) S.A.*, Nos. 93 Civ. 6876, 94 Civ. 1317, 1995 WL 598971 (S.D.N.Y Oct. 11, 1995). (*See* Pl. Motion at 11.) In *Bank Brussels*, the defendant asserted the defense of reliance on the advice of counsel and then selectively produced documents involving its attorney's advice while refusing to produce additional privileged communications. 1995 WL 598971, at *1. The issue in that case was the scope of the waiver of privilege rather than whether attorney-client privilege had been waived at all. By contrast, in this case, to date, Defendants have not claimed reliance on the advice of counsel nor have they produced or relied upon any privileged documents to prove such a claim or defense.

### III. Plaintiffs' Request that Defendants Be Ordered to Certify Their Defenses Within Ten Days Is Premature.

Although Defendants have not yet invoked advice of counsel defenses, there is no basis to compel them to commit to doing so (or not) at this stage. Courts do not compel defendants "to provide discovery on a defense that they may or may not raise." *See Vishay Dale Elecs., Inc. v. Cyntec Co.*, No. 8:07CV191, 2008 U.S. Dist. LEXIS 94492, at *9 (D. Neb. Nov. 6, 2008), *objection overruled by*, 2008 U.S. Dist. LEXIS 103560 (D. Neb. Dec. 23, 2008).[11]

Under Georgia law, Defendants were not—nor are they now—required to plead defenses related to good faith or reliance on the advice of counsel in order to preserve the right to raise these issues at a later time. The Georgia Code provides an exclusive list of affirmative defenses that a party must assert to avoid waiver.[12] *See* § 9-11-8(c). It is well-established that a party is not required to plead a defense not explicitly set forth in § 9-11-8(c) and, therefore, does not waive other defenses not listed in the Code by not pleading them. *See Wright Assocs. v. Rieder*, 247 Ga. 496, 500, 277 S.E.2d 41, 44 (1981); *see also Troxler v. Owens-Ill., Inc.*, 717 F.2d 530,

---

[11] Plaintiffs' Motion cites *Dorr-Oliver, Inc. v. Fluid-Quip, Inc.*, 834 F. Supp. 1008 (N.D. Ill. 1993), for the proposition that Defendants should be compelled to decide immediately whether they intend to assert reliance on the advice of counsel or agree never to introduce such evidence in the future. (*See* Pl. Motion at 12.) In *Dorr-Oliver*, defendants clearly stated that part of their good faith defense included seeking the advice of counsel and also did not assert this defense until after fact discovery had ended. 834 F. Supp. at 1011–12. By contrast, in this case, Defendants have not asserted reliance on the advice of counsel and fact discovery will not end until next year.

[12] Section 9-11-8(c) states: "Affirmative defenses. In pleading to a preceding pleading, a party shall set forth affirmatively accord and satisfaction, arbitration and award, discharge in bankruptcy, duress, estoppel, failure of consideration, fraud, illegality, injury by fellow servant, laches, license, payment, release, res judicata, statute of frauds, statute of limitations, and waiver. When a party has mistakenly designated a defense as a counterclaim or a counterclaim as a defense, the court on terms, if justice so requires, shall treat the pleadings as if there had been a proper designation."

533 (11th Cir. 1983).[13] "Reliance on counsel" is not among the defenses that must be asserted or else waived. Indeed, Defendants may modify their defenses up until the pre-trial order, if not later.

Fact discovery in this case is still ongoing and does not close until March 31, 2011—nearly nine months from now. (*See* Stipulation and Order (Nov. 13, 2009, entered Dec. 17, 2009).) Plaintiffs do not cite any Georgia authority for the proposition that a defendant may be compelled many months before the close of fact discovery—indeed, in this case, before a single deposition has been taken—to make a binding commitment with respect to possible defenses that the defendant might or might not raise based on the progress of discovery.[14] Plaintiffs' failure to cite any Georgia authority that supports their request that Defendants be ordered "to certify to the Court within ten days whether they will assert the good faith reliance defense" or else be precluded from ever raising that defense (Pl. Motion at 14) is telling and should be dispositive of their motion.

---

[13] Even with regard to those defenses that the Code mandates must be included in a party's pleadings, Georgia courts allow parties to amend their answers, without requiring the court's approval, at any time prior to the entry of a pre-trial order. O.C.G.A. § 9-11-15(a); *see also Brown v. Little*, 227 Ga. App. 484, 485, 489 S.E.2d 596, 598 (1997) (noting that defendant had the "opportunity to amend his answer to include an affirmative defense at any time prior to . . . the entry of a pre-trial order"). Additionally, after the entry of the pre-trial order, courts can permit a party to amend an answer "when justice so requires." O.C.G.A. § 9-11-15(a).

[14] Plaintiffs' demand that Defendants certify at this time whether or not they will rely on an advice of counsel defense is particularly inappropriate given Plaintiffs' repeated refusal to identify any purportedly manipulative transactions in TASER securities. Since Plaintiffs have refused to identify any transactions which they are asserting were manipulative (despite numerous requests from Defendants), Defendants certainly should not be placed in a position to have to determine whether they will rely on an advice of counsel defense in this action regarding such unspecified transactions.

8

## CONCLUSION

For the foregoing reasons, the Court should deny Plaintiffs' Motion to Compel Defendants to Produce Documents Related to Their Affirmative Defense of Good Faith Reliance or, in the Alternative, to Strike that Defense.

Dated: July 6, 2010

/s/ Richard H. Sinkfield
Richard H. Sinkfield
Georgia Bar No. 649100
Dan F. Laney, III
Georgia Bar No. 435290
*Attorneys for Defendants Morgan Stanley & Co. Incorporated; Goldman, Sachs & Co.; Goldman Sachs Execution & Clearing, L.P.; Bear, Stearns & Co. Inc. k/n/a/ JP Morgan Securities, Inc.; Bear Stearns Securities Corp. k/n/a/ JP Morgan Clearing Corp.; Merrill Lynch, Pierce, Fenner & Smith, Inc.; Deutsche Bank Securities Inc.; Credit Suisse Securities (USA) LLC; Banc of America Securities LLC; and UBS Securities, LLC*

ROGERS & HARDIN LLP
2700 International Tower
 Peachtree Center
229 Peachtree Street, N.E.
Atlanta, GA 30303-1601
Phone: 404-522-4700
Fax: 404-525-2224

Robert F. Wise, Jr.
Admitted Pro Hac Vice
William J. Fenrich
Admitted Pro Hac Vice
Melissa Aoyagi
Admitted Pro Hac Vice

*Attorneys for Defendant Morgan Stanley & Co. Incorporated.*

DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, NY 10017
Phone: 212-450-4000
Fax: 212-701-5800

9

|  |  |
|---|---|
|  | Richard H. Klapper<br>Admitted Pro Hac Vice<br>Richard C. Pepperman, II<br>Admitted Pro Hac Vice<br>Tracy Richelle High<br>Admitted Pro Hac Vice<br><br>*Attorneys for Defendans Goldman, Sachs &*<br>*Co. and Goldman Sachs Execution &*<br>*Clearing, L.P.* |
| SULLIVAN & CROMWELL LLP<br>125 Broad Street<br>New York, NY 10004-2498<br>Phone: 212-558-4000<br>Fax: 212-558-3588 |  |
|  | Stephen L. Ratner<br>Admitted Pro Hac Vice<br>Brian L. Friedman<br>Admitted Pro Hac Vice<br><br>*Attorneys Defendants Bear, Stearns & Co.,*<br>*Inc. k/n/a/ JP Morgan Securities, Inc. and Bear*<br>*Stearns Securities Corp. k/n/a/ JP Morgan*<br>*Clearing Corp.* |
| PROSKAUER ROSE LLP<br>1585 Broadway<br>New York, NY 10036<br>Phone: 212-969-3000<br>Fax: 212-969-2900 |  |

|  |  |
|---|---|
|  | Gregory A. Markel<br>Admitted Pro Hac Vice<br>Martin L. Seidel<br>Admitted Pro Hac Vice<br>Peter J. Isajiw<br>Admitted Pro Hac Vice<br>Heather L. Fesnak<br>Admitted Pro Hac Vice<br><br>*Attorneys for Defendant Deutsche Bank Securities Inc.* |
| CADWALADER, WICKERSHAM & TAFT LLP<br>One World Financial Center<br>New York, NY 10281<br>Phone: 212-504-6000<br>Fax: 212-504-6666 |  |
|  | Fraser L. Hunter, Jr.<br>Admitted Pro Hac Vice<br><br>*Attorney for Defendant Credit Suisse (USA) Inc.* |
| WILMER CUTLER PICKERING HALE AND DORR LLP<br>399 Park Avenue<br>New York, NY 10022<br>Phone: 212-230-8800<br>Fax: 212-230-8888 |  |
|  | Andrew J. Frackman<br>Admitted Pro Hac Vice<br><br>*Attorneys for Defendants Banc of America Securities LLC & Merrill Lynch, Pierce, Fenner & Smith, Inc.* |
| O'MELVENY & MYERS LLP<br>Times Square Tower<br>7 Times Square<br>New York, NY 10036<br>Phone: 212-326-2000<br>Fax: 212-326-2061 |  |

                                 Andrew B. Clubok
                                 Admitted Pro Hac Vice
                                 Jeffrey G. Landis
                                 Admitted Pro Hac Vice
                                 Jeffrey M. Gould
                                 Admitted Pro Hac Vice

                                 *Attorneys for Defendant UBS Securities, LLC*

KIRKLAND & ELLIS LLP
655 Fifteenth Street, N.W.
Washington, DC 20005
Phone: 202-879-5000
Fax: 202-879-5200

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

TASER INTERNATIONAL, INC., *et al.*,

    Plaintiffs,

v.

MORGAN STANLEY & CO., INC., *et al.*,

    Defendants.

Civil Case No.
2008-EV-004739-B

## CERTIFICATE OF SERVICE

    I hereby certify that on this 6th day of July, 2010, I caused to be served true and correct copies of Defendants' Memorandum of Law in Opposition to Plaintiffs' Motion to Compel Defendants to Produce Documents Related to Their Affirmative Defense of Good Faith Reliance or, in the Alternative, to Strike that Defense, via U.S. Mail postage prepaid upon the following attorneys of record:

ATTORNEYS FOR PLAINTIFFS

    John E. Floyd, Esq.
    Steven J. Rosenwasser, Esq.
    Bondurant, Mixson & Elmore, LLP
    3900 One Atlantic Center
    1201 West Peachtree Street, N.W.
    Atlanta, Georgia 30309

    James W. Christian, Esq.
    Christian, Smith & Jewell LLP
    2302 Fannin, Suite 500
    Houston, Texas 77002

And via electronic mail upon the following attorneys of record:

ATTORNEYS FOR DEFENDANTS

Richard H. Sinkfield, Esq.
Rogers & Hardin LLP
2700 International Tower
Atlanta, GA 30303
rsinkfield@rh-law.com

Brian L. Friedman, Esq.
Proskauer Rose LLP
1585 Broadway
New York, NY 10036
blfriedman@proskauer.com

Gregory Markel, Esq.
Cadwalader, Wickersham &
Taft LLP
One World Financial Center
New York, NY 10281
greg.markel@cwt.com

Andrew B. Clubok, Esq.
Kirkland & Ellis LLP
655 Fifteenth Street, N.W.
Washington, DC 20005
aclubok@kirkland.com

Andrew Frackman, Esq.
O'Melveny & Myers LLP
Times Square Tower
7 Times Square
New York, NY 10036
afrackman@omm.com

Fraser L. Hunter, Jr., Esq.
Wilmer Cutler Pickering Hale
and Dorr LLP
399 Park Avenue
New York, NY 10022
fraser.hunter@wilmerhale.com

Richard H. Klapper, Esq.
Sullivan & Cromwell LLP
125 Broad Street
New York, NY 10004
klapperr@sullcrom.com

This 6th day of July, 2010.

                                                                              _____
                                                                              Melissa T. Aoyagi
                                                                              Admitted *Pro Hac Vice*

DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Tel: (212) 450-4000
Fax: (212) 701-5800
melissa.aoyagi@davispolk.com

*Attorneys for Morgan Stanley & Co. Incorporated*

Richard H. Sinkfield, Esq.
Georgia Bar No. 649100
Dan F. Laney, III
Georgia Bar No. 435290
ROGERS & HARDIN LLP
2700 International Tower
229 Peachtree St, NE
Atlanta, Georgia 30303
Ph: (404) 522-4700
Fax: (404) 525-2224

*Attorneys for Defendants Morgan Stanley & Co. Incorporated; Goldman Sachs & Co.; Goldman Sachs Execution & Clearing L.P.; Bear, Stearns Securities Corp. (n/k/a J.P. Morgan Clearing Corp.); Bear, Stearns & Co. Inc. (n/k/a J.P. Morgan Securities Inc.); Merrill Lynch, Pierce, Fenner & Smith; Deutsche Bank Securities Inc.; Credit Suisse Securities (USA) LLC; Banc of America Securities LLC; and UBS Securities, LLC*