EXHIBIT

7

State Court of Fulton County
***EFILED***
LexisNexis Transaction ID: 32135085
Date: Jul 14 2010  4:18PM
Mark Harper, Clerk

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

TASER INTERNATIONAL, INC., :
*et al.*, :
                         :
    Plaintiffs, :     CIVIL ACTION
                         :     FILE NO.: 2008-EV-004739-B
v. :
                         :
MORGAN STANLEY & CO., INC., :    JURY TRIAL DEMANDED
*et al.*, :
                         :
    Defendants. :

**PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO COMPEL
DEFENDANTS TO PRODUCE DOCUMENTS RELATED TO THEIR
AFFIRMATIVE DEFENSE OF GOOD-FAITH RELIANCE OR,
IN THE ALTERNATIVE, TO STRIKE THAT DEFENSE**

In response to this Motion, Defendants **concede the well-settled principle**

**upon which this Motion is based --** the invocation of reliance on counsel or legal

advice as a defense to Plaintiffs' claims waives the attorney-client privilege.  *See*

Defendants' Memorandum in Opposition to Plaintiffs' Motion ("Def. Opp.") at 5-6

(citing cases holding that a waiver of the privilege occurs when the defendant puts

at issue its reliance on the advice of its counsel).  Thus, unable to legitimately

challenge that well-settled principle, Defendants spend most of their opposition

brief arguing that they have **"not yet definitively asserted"** a good faith reliance

on counsel defense, and therefore have **"not yet"** waived the privilege.  *Id.* at 2

(emphasis added).  But those statements simply prove Plaintiffs' point.  Defendants

admit that they may assert (and may have already asserted, though not "definitively") a good faith reliance on counsel defense; they simply want to delay informing Plaintiffs of whether they actually intend to put the advice of their counsel at issue until discovery is closed and it is too late for Plaintiffs to obtain the information necessary to rebut the defense.

Defendants argue that "there is no basis to compel them to commit to [invoking advice of counsel defenses] (or not) at this stage." *Id.* at 7. But they offer no response whatsoever to the legions of cases holding that a defendant cannot wait until the end of discovery to assert its reliance on the advice of counsel, thereby depriving the plaintiff of its right to conduct discovery into the defendant's counsel's advice and whether the defendant relied upon it. Defendants have made clear, by their actions and in their opposition brief, that unless the Court orders the Defendants to make their choice now, during fact discovery, the Defendants will simply lie in wait and "spring [the defense] upon plaintiffs" right before trial, "for the sake of obtaining a tactical advantage."[1]   This the Court must not permit.

---

[1] *Fox v. Calif. Sierra Fin. Servs.*, 120 F.R.D. 520, 530 (N.D. Cal. 1988).

782767.1

2

<u>**Argument and Citation of Authority**</u>

**I.      Defendants' Representation That They Have Not Yet Asserted Defenses Based On Reliance On Advice Of Counsel Misses the Point.**

In Section I of their opposition brief, Defendants admit that they have asserted a defense of "good faith in conformity" with government agency rules and regulations, but claim that they have not "definitively" "asserted a reliance on advice of counsel as a defense." Def. Opp. at 1-2. Yet, in that very same section, Defendants write:

> Reliance on the advice of counsel "need not be a formal defense," but rather can simply be **"evidence of good faith**, a relevant consideration in evaluating a defendant's scienter."

*Id.* at 3 n.5 (emphasis added). Thus, Defendants admit they have asserted a "good faith" defense, and that "evidence of good faith" "can" include "reliance on the advice of counsel." But Defendants are intentionally vague with the Court, just as they are with Plaintiffs, as to what their good faith defense in this case will entail.

Notwithstanding Defendants' intentional vagueness, for purposes of this Motion, Plaintiffs are willing to accept Defendants' representation (which Defendants refused to give in response to Plaintiffs' questions before Plaintiffs filed their Motion)[2] that Defendants have not asserted a reliance-on-advice-of-

---

[2] *See* Plaintiffs' Motion at 3-4.

counsel defense **at this point in time**.[3]  The Court therefore need not consider the cases and argument in Sections I and II of the opposition brief, which address whether the defense has already been raised.  But, as discussed below, Plaintiffs are entitled to know whether Defendants **intend** to assert good faith reliance on the advice of counsel as a defense in this case **in the future**.  This is particularly true where, as here, Defendants have already asserted defenses—*i.e.,* that Defendants complied in good faith with government rules and regulations—that they admit "can" include "reliance on the advice of counsel" (*e.g.,* advice involving the interpretation of rules and regulations or how to comply with them).

## II.   Defendants Should Be Compelled To Decide Now Whether To Assert The Advice Of Counsel Defense And Produce Their Privileged Documents Or Be Precluded From Asserting The Defense At Any Time.

Defendants do not even attempt to refute the well-established law that if the Defendants invoke their reliance on the advice of counsel in defense of Plaintiffs' claims, Plaintiffs are entitled to discover Defendants' relevant "attorney-client communications [and] documents relied upon or considered by counsel in rendering the opinions relied upon."[4]  *Aspex Eyewear, Inc. v. E'Lite Optik, Inc.,* 276 F. Supp. 2d 1084, 1092-93 (D. Nev. 2003) (gathering cases); *see* Motion at 6-

---

[3] *See* Def. Opp. at 4. ("Defendants have made no assertion to date that their conduct was in good faith because it was based on advice of counsel.")

[4] *See, e.g.,* Def. Opp. at 5-6 (citing cases holding that a waiver of the privilege occurs when the defendant puts at issue its reliance on the advice of its counsel).

12 & n. 4 (citing cases). Instead, Defendants argue only that they do not have to plead defenses based on reliance on the advice of counsel **now**, but can "preserve the right to raise these issues at a later time." Def. Opp. at 7. Although, generally speaking, defenses other than those enumerated in O.C.G.A. § 9-11-8 can be asserted until the filing of the pretrial order, [5] courts have routinely held that the defendant cannot delay in asserting **this particular defense** because of the potential for prejudice to the plaintiff, who is entitled, by virtue of the defense, to obtain **discovery** of __otherwise privileged__ communications. *See, e.g., Bank Brussels Lambert v. Credit Lyonnais (Suisse) S.A.*, Nos. 93 Civ. 6876, 94 Civ. 1317, 1995 WL 598971, at \*5-\*6 (S.D.N.Y. Oct. 11, 1995) ("To deny the plaintiffs this opportunity [for discovery of privileged documents where an advice of counsel defense is raised] would result in a one-sided account and prejudice the plaintiffs' ability to litigate their claim."); *Pitney-Bowes, Inc. v. Mestre*, 86 F.R.D. 444, 447 (S.D. Fla. 1980) (to allow a litigant to assert a defense of reliance on advice of counsel and simultaneously "to allow the privilege to protect against disclosure of such information would [be] manifestly unfair to the opposing party."); *In re Human Tissue Prods. Liab. Litig.*, 255 F.R.D. 151, 158 (D.N.J. 2008) ("a litigant

---

[5] None of the authorities upon which the Defendants rely in support of their assertion that they need only plead the defense of reliance on advice of counsel before the filing of the pretrial order and perhaps even later (*Rieder, Troxler*, and *Brown, see* Def. Opp. at 7-8 & n. 13) address this specific defense, which is different from other defenses because of its attendant privilege waiver.

cannot at one and the same time make use of those privileged communications which support his position while hoping to maintain the privilege as those communications which undercut his legal position.")

Indeed, the Defendants do not really dispute that courts have consistently required defendants to state **during the discovery period** whether or not they will assert reliance on the advice of counsel as a defense, so that if such a defense is asserted, the plaintiff has an opportunity to obtain otherwise privileged documents and testimony that would enable the plaintiff to test the defendants' alleged reliance.  For example, in *Square D Co. v. E.I. Elecs., Inc.*, No. 06 C 5079, 2009 WL 3213638 (N.D. Ill. Sept. 30, 2009), the Court held:

> To the extent EI is suggesting that it need not make its election concerning the advice-of-counsel defense until after Square D has put on its case-in-chief at trial, that is absurd. Of course Square D has the right to conduct discovery on the issue, just as EI has the right to conduct discovery before making its election. **The election is therefore appropriately made--EI's hand is appropriately forced-- during the discovery phase of the case**.

*Id.* at *2 (emphasis added).

Similarly, in *Dorr-Oliver, inc., v. Fluid-Quip, Inc.,* 834 F. Supp. 1008, 1012 (N.D. Ill. 1993), the Court held that after discovery had closed, "[D]efendants are precluded from relying on undisclosed advice of counsel as part of their good faith argument in their motion for partial summary judgment."  Defendants attempt to distinguish *Dorr-Oliver* on the grounds that, in that case, "[D]efendants clearly

782767.1

6

stated that part of their good faith defense included seeking the advice of counsel and also **did not assert this defense until after fact discovery had ended.**" Def. Opp. at 7 n. 11 (emphasis added). Thus, Defendants implicitly concede that it would be improper for them to wait until after discovery ended to reveal that "part of their good faith defense include[s] seeking the advice of counsel." *Id*

Further, because of this material impact upon the scope of discovery, courts commonly impose a deadline of a number of days or a date certain within which parties must disclose whether or they will assert a defense of good faith reliance upon advice of counsel.[6] For example, in *American International Airways, Inc. v. American International Group, Inc.*, Civ. A. No. 90-7135, 1991 WL 255661, at *1-*2 (E.D. Pa. Nov. 14, 1991), the defendant, like Defendants here, asserted an ambiguous defense suggesting that it **might** assert reliance on counsel as an affirmative defense at trial. During the discovery period, the plaintiff moved to compel production of defendants' relevant attorney-client communications, and the

---

[6] Defendants cite to *Vishay Dale Elecs., Inc., v. Cyntec Co.,* No. 8:07CV191, 2008 U.S. Dist. LEXIS 94492, at *9 (D. Neb. Nov. 6, 2008), *objection overruled by* 2008 U.S. Dist. LEXIS 103560 (D. Neb. Dec. 23, 2008), but it is easily distinguishable from this case and the litany of cases cited in Plaintiffs' briefs. In *Cyntec*, unlike here, the case had just started. Further, the defendant in *Cyntec* made no indication whatsoever that it would assert a good faith defense, unlike Defendants here, who have raised an affirmative defense of "good faith compliance" with legal authorities (SEC and NASD rules and regulations).

court held that defendant either had to affirmatively abandon its reliance-on-counsel defense or produce the relevant documents **within ten days.** *Id.*

Likewise, in *Intervet, Inc. v. Merial Ltd.*, 256 F.R.D. 229 (D.D.C. 2009), the Court held:

> While I appreciate that the decision whether to waive privilege and raise the advice of counsel defense is an important one, I do not find that its importance justifies Intervet's decision to wait until the latest possible time to assert it, particularly where doing so runs the risk of precluding Merial from conducting adequate discovery. Intervet has had a substantial amount of time to consider whether it intends to raise the advice of counsel defense, and as I understand it, has not yet taken a position. It shall do so within the next **five days**. If it does assert the defense, then it must supplement the interrogatory fully with any information that is responsive but currently withheld on the basis of privilege …. **Within five days, Intervet will file a praecipe indicating whether or not it intends to claim the defense of advice of counsel.**

*Id.* at 233 (emphasis added).

Numerous other cases are in accord. *See, e.g, Brown v. Toscano*, 630 F. Supp. 2d 1342, 1351 (S.D. Fla. 2008) ("The Court recognizes that 'the question of timing-of when to assert the advice of counsel defense and bear the burden of the attendant waiver of the attorney-client privilege that follows becomes crucial to [a defendant]. This concern must, of course, be counter-balanced by the concern of fairness to the [plaintiff] because ... that party becomes entitled to timely discovery concerning the advice of counsel.' A defendant, however, does not have 'an unfettered right to determine when to raise the defense.' **Courts, therefore, have required defendants to choose whether to assert such a defense by a date**

<u>certain</u>.") (emphasis added); *see also Echometer Co. v. Lufkin Industries, Inc.*, No. 7:00-CV-0101, 2002 WL 87323 (N.D. Tex. Jan. 16, 2002) (ordering patentee to produce documents it currently withheld on grounds of attorney-client privilege that related to its defense of "good faith" to rebut inequitable conduct charge and permit deposition of its prosecuting attorneys **unless patentee filed a binding stipulation that it would not raise at trial the defense of "good faith"** to counter the inequitable conduct charge and <u>**rejecting patentee's argument that it did not have to make that election until trial**</u> **since such a delay would effectively deny the accused infringer adequate pre-trial discovery on the "good-faith" defense**).

A short deadline for asserting a reliance-on-advice-of-counsel defense is especially necessary in a case as complex and document-intensive as this one, if Plaintiffs are to have enough time meaningfully to review the privileged documents to which they will be entitled if the Defendants assert this defense. Plaintiffs estimate that the Defendants have thus far identified and are withholding as privileged approximately **30,000 to 40,000 <u>responsive</u>** documents, *i.e.*, documents identified with agreed-upon key word searches. And because Defendants have in some instances refused to even identify in-house compliance attorneys with relevant knowledge (let alone search for their documents), Plaintiffs expect that there will be many more such documents. Further, the withheld

documents are relevant to depositions Plaintiffs have already noticed and intend to take in the near future.  Thus, if those documents are not produced soon, Plaintiffs will be prejudiced by not having those documents available during depositions.  As the Defendants well know, the later they assert reliance on advice-of-counsel defenses, the more difficult it will be for the Plaintiffs to obtain and make meaningful use of the privileged information to which they will then be entitled. Defendants should be compelled to make this election now. *See, e.g., Keyes Fibre Co. v. Packaging Corp. of Am.*, 763 F. Supp. 374, 376 (N.D. Ill. 1991) (Keyes moved to compel discovery of relevant legal advice given to PCA because Keyes was concerned that PCA would seek to prove its good faith by showing that its conduct conformed with counsel's advice. The court granted the motion to compel, explaining: "Privilege or no privilege, if PCA intends to use such information at trial, Keyes is entitled to full disclosure in order to prepare its case. … **PCA must either waive the attorney-client privilege and comply with Keyes' discovery request or assure the court and opposing counsel that it will not pursue a defense based on the information covered by the privilege.'**") (emphasis added).

Finally, Plaintiffs note that Defendants have not and cannot provide any bases for refusing to decide whether to assert the defense now.  Plaintiffs served their detailed **132-paragraph** Complaint in May 2008, **more than two years ago**.

Further, the parties have engaged in discovery for over a year, and Plaintiffs have provided Defendants with, *inter alia*, an over 200-page interrogatory response detailing their claims and the Defendants' conduct at issue in this case.  Defendants certainly have more than enough information to determine whether they are going to assert a good-faith reliance on counsel defense.  They are simply refusing to do so as an improper litigation tactic.   This Court should not permit Defendants to spring this defense at summary judgment or trial, thereby denying Plaintiffs the opportunity to obtain discovery necessary to rebut it.

The Court should grant the Motion and enter the Plaintiffs' proposed order.

Respectfully submitted, this 14th day of July, 2010.

/s/ Steven J. Rosenwasser
John E. Floyd
Georgia Bar No. 266413
Steven J. Rosenwasser
Georgia Bar No. 614908
Nicole G. Iannarone
Georgia Bar No. 382510
Bondurant, Mixson & Elmore, LLP
3900 One Atlantic Center
1201 West Peachtree Street, N.W.
Atlanta, Georgia  30309-3417
(404) 881-4100 Tel.

782767.1

11

James W. Christian
State Bar No. 04228700
Gary M. Jewell
State Bar No. 10664800
Scott R. Link
State Bar No. 12390900
Christian, Smith, & Jewell, LLP
2302 Fannin, Suite 500
Houston, Texas  77002
(admitted pro hac vice)

***ATTORNEYS FOR PLAINTIFFS***

782767.1

CERTIFICATE OF SERVICE

I hereby certify that on this day, a true and correct copy of the foregoing

**PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO COMPEL**

**DEFENDANTS TO PRODUCE DOCUMENTS RELATED TO THEIR**

**AFFIRMATIVE DEFENSE OF GOOD-FAITH RELIANCE OR, IN THE**

**ALTERNATIVE, TO STRIKE THAT DEFENSE** was electronically filed with

the Clerk of Court using the Court's electronic filing system which will send email

notification of such filing to the following attorneys of record who are registered

participants in the Court's electronic notice and filing system:

> **Attorneys for Defendants:**
> Richard H. Sinkfield, Esq.
> Rogers & Hardin
> 2700 International Tower, Peachtree Center
> 229 Peachtree Street, N.E.
> Atlanta, GA  30303-1601
>
> **Attorneys for Banc of America Securities, LLC and Merrill**
> **Lynch, Pierce, Fenner & Smith, Inc.:**
> Andrew J. Frackman, Esq.
> O'Melveny & Myers LLP
> 7 Times Square
> New York, NY  10036
>
> **Attorneys for Morgan Stanley & Co. Incorporated:**
> Robert F. Wise, Jr., Esq.
> William J. Fenrich, Esq.
> Melissa T. Aoyagi, Esq.
> Davis Polk & Wardwell LLP
> 450 Lexington Avenue
> New York, NY  10017

782767.1

**Attorneys for Bear Stearns:**
Stephen L. Ratner, Esq.
Harry Frischer, Esq.
Brian L. Friedman, Esq.
Proskauer Rose LLP
1585 Broadway
New York, NY  10036

**Attorneys for The Goldman Sachs Group, Inc.:**
Richard C. Pepperman II, Esq.
Richard H. Klapper, Esq.
Tracy Richelle High, Esq.
Sullivan & Cromwell LLP
125 Broad Street
New York, NY  10004

**Attorneys for Deutsche Bank Securities Inc.:**
Heather L. Fesnak, Esq.
Peter J. Isajiw, Esq.
Gregory A. Markel, Esq.
Martin L. Seidel, Esq.
Cadwalader Wickersham & Taft LLP
One World Financial Center
New York, NY  10281

**Attorneys for UBS Securities, LLC:**
Andrew B. Clubok, Esq.
Jeffrey G. Landis, Esq.
Daniel Gomez, Esq.
Kirkland & Ellis LLP
655 Fifteenth Street, N.W., Suite 1200
Washington, DC  20005-5793

Maria Ginzburg, Esq.
Kirkland & Ellis LLP
Citigroup Center
153 East 53rd Street
New York, NY  10022-4611

782767.1

**Attorneys for Goldman USA, Inc.:**
Fraser L. Hunter, Jr., Esq.
Wilmer Cutler Pickering Hale & Dorr LLP
399 Park Avenue
New York, NY  10022

This 14th day of July, 2010.


/s/ Steven J. Rosenwasser
Steven J. Rosenwasser