EXHIBIT

8

**IN THE UNITED STATES DISTRICT COURT** DUPLICATE
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| TASER INTERNATIONAL, INC., *et al.*, | ) | |
| | ) | Case No.: 1:10-CV-03108-JEC |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | [On removal from the State |
| | ) | Court of Fulton County, |
| MORGAN STANLEY & CO., INC., *et al.*, | ) | Georgia Case No.: |
| | ) | 2008-EV-004739-B] |
| Defendants. | ) | |
| | ) | |

## PLAINTIFF DAVID BATCHELOR'S INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS RELATING TO GOOD FAITH RELIANCE ON COUNSEL DEFENSE TO CERTAIN DEFENDANTS

Pursuant to Federal Rules of Civil Procedure Rules 33 and 34, Plaintiff

David Batchelor hereby serves the following interrogatories and request for

production of documents on Defendants Banc of America Securities, LLC; Merrill

Lynch, Pierce, Fenner & Smith, Inc.; Merrill Lynch Professional Clearing

Corporation; Morgan Stanley & Co., Inc.; Goldman, Sachs & Co.; and Goldman

Sachs Execution & Clearing, L.P., (collectively the "Reliance Defense

Defendants") requesting that each of the Reliance Defense Defendants individually

respond to the following interrogatory and request for production of documents.[1]

**Definitions**

---

[1] Defendants removed the case to this Court after it had been pending in the State

839188.1

1.     "You" or "your" designates the Defendant responding to the Interrogatories

and includes the Defendant's Legal Department and any outside counsel or

any other department or business unit which has responsive information.

2.     "Good faith reliance on counsel defense" refers to the set of defenses at issue

in Plaintiffs' Motion to Compel Defendants to Produce Documents Related

to Their Affirmative Defense of Good-Faith Reliance Or, In the Alternative,

To Strike That Defense, filed with the State Court of Fulton County on June

4, 2010.

### Instructions

1.     Each interrogatory herein shall be construed independently and shall not be

limited by reference to any other interrogatory.

2.     When an interrogatory does not specifically request a particular fact, but

such fact is necessary in order to make the answer to the interrogatory either

comprehensible, complete, or not misleading, you are to include such fact as

part of the answer and the interrogatory shall be deemed specifically to

request such fact.

---

Court of Fulton County for over two years.  Plaintiffs do not believe that the
removal of this action was proper.  Plaintiffs do not consent to removal or the
subject matter jurisdiction of this Court.

3.    When, after a reasonable investigation using due diligence, you are unable to answer any interrogatory or any part thereof because of lack of information available to you, specify in detail the type of information which you claim is not available, the reason the information is not available to you, and what you have done to locate such information.  In addition, specify what knowledge or belief you have concerning the unanswered portion of the interrogatory, set forth the facts upon which such knowledge or belief is based, and identify, the person who has or is likely to have the information which you claim is not available.

4.    When an interrogatory asks for specific information, as for example, a date, identify the information precisely, if known.  If the precise date or other specific information is unknown to you or your agents, you are to give your best approximation of the information requested, provided that you indicate in your response that the information being provided is an approximation and is incomplete in certain specific respects.  Also identify any person who may be able to provide the exact or complete information requested.

5.    The interrogatories shall be deemed continuing in nature.  With respect to any of the following interrogatories as to which you, after answering, acquire additional information or documents, you are asked to serve on the undersigned further answers to such interrogatories and produce any

additional responsive documents immediately after acquiring the additional
information or documents.

6.    If you refuse to answer any interrogatory in whole or in part, describe the
basis for your refusal to answer, including any claim of privilege or work
product, in sufficient detail to permit the court to adjudicate the validity of
your refusal, and identify each document and oral communication for which
a privilege is claimed.

### Interrogatories

1.    Do you intend on asserting a good faith reliance on counsel defense in this
case?  If so, please state the subject matters and topics for which you intend
on asserting that defense.

2.    Do you agree that you will not assert a good faith reliance on counsel
defense at any time in this case (including summary judgment, trial, and
appeal if any)?  If you do not agree, please state the subject matters and
topics for which you may assert or currently intend on asserting that defense.

3.    Do you intend on submitting any evidence (documents, testimony or
otherwise) that your actions or inactions, in whole or in part, were based on
the opinion or advice of counsel?  If so, please state the actions or inactions
that you intend on submitting evidence about that were based on reliance on
the opinion or advice of counsel.

4.      Do you agree that you will not attempt or seek to introduce evidence

(documents, testimony or otherwise) that your actions or inactions, in whole

or in part, were based on the opinion or advice of counsel?  If you do not

agree, please identify the subject matters or topics for which you may or will

introduce evidence that you relied on counsel.

### Request for Production

1.      For any subject matters or topics for which you may or will assert a good

faith reliance on counsel defense, please produce all documents sent to or

received from counsel relating to or discussing that topic.

Respectfully submitted this 31st day of January, 2011.

John E. Floyd
Georgia Bar No. 266413
Steven J. Rosenwasser
Georgia Bar No. 614908
Nicole G. Iannarone
Georgia Bar No. 382510
Robert L. Ashe, III
Georgia Bar No. 208077
Bondurant, Mixson & Elmore, LLP
3900 One Atlantic Center
1201 West Peachtree Street, N.W.
Atlanta, Georgia  30309-3417
(404) 881-4100 Tel.
(404) 881-4111 Fax

James W. Christian
State Bar No. 04228700
Gary M. Jewell
State Bar No. 10664800

839188.1

Christian, Smith, & Jewell, LLP
2302 Fannin, Suite 500
Houston, Texas  77002
(713) 659-7617 Tel.
(713) 659-7641 Fax
(admitted pro hac vice)

*ATTORNEYS FOR PLAINTIFFS*

## CERTIFICATE OF SERVICE

I hereby certify that on this day, I caused to be served a true and correct copy

of the foregoing **PLAINTIFF DAVID BATCHELOR'S INTERROGATORIES**

**AND REQUEST FOR PRODUCTION OF DOCUMENTS RELATING TO**

**GOOD FAITH RELIANCE ON COUNSEL DEFENSE TO CERTAIN**

**DEFENDANTS** upon counsel of record by e-mail and by U.S. Mail to:

> **Attorneys for Defendants:**
> Richard H. Sinkfield, Esq.
> Dan F. Laney, III, Esq.
> Kristina M. Jones, Esq.
> Stefanie H. Jackman, Esq.
> James W. Cobb, Esq.
> Rogers & Hardin
> 2700 International Tower, Peachtree Center
> 229 Peachtree Street, N.E.
> Atlanta, GA 30303-1601
> rsinkfield@rh-law.com

Further, I hereby certify that on this day, I served a true and correct copy of

the foregoing via United States mail and email to the following:

> **Attorneys for Banc of America Securities, LLC;**
> **Merrill Lynch, Pierce, Fenner & Smith, Inc.; and Merrill Lynch**
> **Professional Clearing Corporation:**
> Andrew J. Frackman, Esq.
> Brad Elias, Esq.
> O'Melveny & Myers LLP
> 7 Times Square
> New York, NY 10036

**Attorneys for Morgan Stanley & Co. Incorporated:**
Robert F. Wise, Jr., Esq.
William J. Fenrich, Esq.
Melissa T. Aoyagi, Esq.
Davis Polk & Wardwell LLP
450 Lexington Avenue
New York, NY 10017

**Attorneys for Bear Stearns & Co., Inc. and Bear Stearns Securities Corp.:**
Stephen L. Ratner, Esq.
Harry Frischer, Esq.
Brian L. Friedman, Esq.
Proskauer Rose LLP
1585 Broadway
New York, NY 10036

**Attorneys for Goldman, Sachs & Co. and Goldman Sachs Execution & Clearing, L.P.:**
Richard C. Pepperman II, Esq.
Richard H. Klapper, Esq.
Tracy Richelle High, Esq.
Sullivan & Cromwell LLP
125 Broad Street
New York, NY 10004

**Attorneys for Deutsche Bank Securities Inc.:**
Heather L. Fesnak, Esq.
Peter J. Isajiw, Esq.
Gregory A. Markel, Esq.
Cadwalader Wickersham & Taft LLP
One World Financial Center
New York, NY 10281

**Attorneys for UBS Securities, LLC:**
Andrew B. Clubok, Esq.
Jeffrey G. Landis, Esq.
Daniel Gomez, Esq.
Kirkland & Ellis LLP
655 Fifteenth Street, N.W., Suite 1200
Washington, DC  20005-5793

Maria Ginzburg, Esq.
Kirkland & Ellis LLP
Citigroup Center
153 East 53rd Street
New York, NY  10022-4611

**Attorneys for Credit Suisse Securities (USA), LLC.:**
Fraser L. Hunter, Jr., Esq.
Wilmer Cutler Pickering Hale & Dorr LLP
399 Park Avenue
New York, NY  10022

This 31st day of January, 2011.

_____
Robert L. Ashe
Georgia Bar No. 208077

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| TASER INTERNATIONAL, INC., *et al.*, | ) | |
| WBH | ) | Case No.: 1:10-CV-03108- |
|     Plaintiffs, | ) | |
| | ) | |
| v. | ) | [On removal from the State Court of Fulton County, Georgia Case No.: 2008-EV-004739-B] |
| | ) | |
| MORGAN STANLEY & CO., INC., *et al.*, | ) | |
| | ) | |
|     Defendants. | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on this day, a true and correct copy of the foregoing

**PLAINTIFF DAVID BATCHELOR'S INTERROGATORIES AND**

**REQUEST FOR PRODUCTION OF DOCUMENTS RELATING TO GOOD**

**FAITH RELIANCE ON COUNSEL DEFENSE TO CERTAIN**

**DEFENDANTS** upon counsel of record by hand delivery and email as follows:

      **Attorneys for Defendants:**
      Richard H. Sinkfield, Esq.
      Dan F. Laney, III, Esq.
      Kristina M. Jones, Esq.
      Stefanie H. Jackman, Esq.
      James W. Cobb, Esq.
      Rogers & Hardin
      2700 International Tower, Peachtree Center
      229 Peachtree Street, N.E.
      Atlanta, GA  30303-1601

825834.1

rsinkfield@rh-law.com

Further, I hereby certify that on this day, I caused to be served a true and

correct copy of the foregoing by United States mail and email on:

**Attorneys for Banc of America Securities, LLC;**
**Merrill Lynch, Pierce, Fenner & Smith, Inc.; and Merrill Lynch**
**Professional Clearing Corporation:**
Andrew J. Frackman, Esq.
Brad Elias, Esq.
O'Melveny & Myers LLP
7 Times Square
New York, NY 10036

**Attorneys for Morgan Stanley & Co. Incorporated:**
Robert F. Wise, Jr., Esq.
William J. Fenrich, Esq.
Melissa T. Aoyagi, Esq.
Davis Polk & Wardwell LLP
450 Lexington Avenue
New York, NY 10017

**Attorneys for Bear Stearns & Co., Inc. and Bear Stearns**
**Securities Corp.:**
Stephen L. Ratner, Esq.
Harry Frischer, Esq.
Brian L. Friedman, Esq.
Proskauer Rose LLP
1585 Broadway
New York, NY 10036

**Attorneys for Goldman, Sachs & Co. and Goldman Sachs
Execution & Clearing, L.P.:**
Richard C. Pepperman II, Esq.
Richard H. Klapper, Esq.
Tracy Richelle High, Esq.
Sullivan & Cromwell LLP
125 Broad Street
New York, NY  10004

**Attorneys for Deutsche Bank Securities Inc.:**
Heather L. Fesnak, Esq.
Peter J. Isajiw, Esq.
Gregory A. Markel, Esq.
Cadwalader Wickersham & Taft LLP
One World Financial Center
New York, NY  10281

**Attorneys for UBS Securities, LLC:**
Andrew B. Clubok, Esq.
Jeffrey G. Landis, Esq.
Daniel Gomez, Esq.
Kirkland & Ellis LLP
655 Fifteenth Street, N.W., Suite 1200
Washington, DC  20005-5793

Maria Ginzburg, Esq.
Kirkland & Ellis LLP
Citigroup Center
153 East 53rd Street
New York, NY  10022-4611

825834.1

3

**Attorneys for Credit Suisse Securities (USA), LLC.:**
Fraser L. Hunter, Jr., Esq.
Wilmer Cutler Pickering Hale & Dorr LLP
399 Park Avenue
New York, NY 10022

This 31st day of January, 2011.


/s/ Robert L. Ashe
Robert L. Ashe
Georgia Bar No. 208077

825834.1

4