EXHIBIT 9

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| TASER INTERNATIONAL, INC., *et al.*,<br><br>　　Plaintiffs,<br><br>　　v.<br><br>MORGAN STANLEY & CO., INC., *et al.*,<br><br>　　Defendants. | Civil Case No.<br>1:10-CV-03108-JEC |

**DEFENDANTS MERRILL LYNCH, PIERCE, FENNER & SMITH
INCORPORATED'S, MERRILL LYNCH PROFESSIONAL CLEARING CORP.'S,
AND BANC OF AMERICA SECURITIES LLC'S RESPONSES AND OBJECTIONS
TO PLAINTIFF DAVID BATCHELOR'S INTERROGATORIES AND REQUEST
FOR PRODUCTION OF DOCUMENTS RELATING TO GOOD FAITH
RELIANCE ON COUNSEL DEFENSE TO CERTAIN DEFENDANTS**

Defendants Merrill Lynch, Pierce, Fenner & Smith Incorporated, Merrill Lynch Professional Clearing Corp., and Banc of America Securities LLC (collectively, the "Bank of America Entities") hereby provide these responses and objections to Plaintiff David Batchelor's Interrogatories and Request for Production of Documents Relating to Good Faith Reliance on Counsel Defense to Certain Defendants (the "Interrogatories" and "Request").

**THE BANK OF AMERICA ENTITIES RESERVE ALL RIGHTS
TO OBJECT TO RESPONDING TO ADDITIONAL INTERROGATORIES**

Without waiving their objection that Plaintiff David Batchelor and the other Plaintiffs have exceeded the limit on the number of interrogatories established by Federal Rule of Civil Procedure 33(a)(1), the Bank of America Entities agree to respond to the Interrogatories because the Special Master suggested that Plaintiffs serve interrogatories inquiring whether Defendants intend to assert a good-faith reliance on counsel defense in this action. By responding to the Interrogatories, the Bank of America Entities do not agree to respond to any additional

interrogatories served by any or all Plaintiffs in this action unless and until such Plaintiffs obtain permission of the Special Master or the Court to serve additional interrogatories.

## GENERAL OBJECTIONS

The Bank of America Entities hereby make the following General Objections, which apply to each and every specific interrogatory and request for production and are incorporated by reference in each and every response below as if set forth fully therein:

1. The Bank of America Entities object to each Interrogatory on the ground that Plaintiffs have already exceeded the limit on the number of interrogatories established by Federal Rule of Civil Procedure 33(a)(1).

2. The Bank of America Entities object to all Instructions and Definitions set forth in the Interrogatories and Request to the extent that they call for Bank of America Entities to do more than is required under the Federal Rules of Civil Procedure, the Local Rules of this Court, or any other applicable law or rule.

3. The Bank of America Entities object to Definition No. 2 on the grounds that it is unclear, vague, and ambiguous. In particular, Definition No. 2 appears to mischaracterize or misunderstand the defenses raised in the Bank of America Entities' Answers. As the Special Master recognized at the January 28, 2011 hearing, the Bank of America Entities have not, at this time, invoked an advice of counsel defense. (*See* Special Master Hr'g Tr., Jan. 28, 2011 at 161:1-12 ("[Defendants] haven't asserted a defense that they undertook a specific course of conduct or, with respect to this matter, engaged in the transaction at issue of short selling because [they] consulted with our legal advisers and our legal advisers told us it was all right to do so. . . . They've stated that their conduct complies with applicable Federal State and local laws.").)

4. The Bank of America Entities object to each Interrogatory and Request to the extent that it seeks information and/or documents covered by the attorney-client privilege, the joint defense or common interest privilege, the attorney work product doctrine, or any legally recognized privilege, immunity, or exemption from production. The Bank of America Entities will not produce information and/or documents containing such information or will produce the material in redacted form.

5. The Bank of America Entities object to the Interrogatories and Request as premature. Discovery in this action is ongoing, and Plaintiffs' allegations and claims continue to change. Although the Bank of America Entities will make a good faith attempt to respond to the Interrogatories and Request based on their knowledge and intent at this time, the Bank of America Entities' positions might change as a result of subsequent developments in this litigation. The Bank of America Entities therefore reserve the right to supplement or alter their responses at any time.

## RESPONSES AND OBJECTIONS TO SPECIFIC INTERROGATORIES

### INTERROGATORY NO. 1:

Do you intend on asserting a good faith reliance on counsel defense in this case? If so, please state the subject matters and topics for which you intend on asserting that defense.

### RESPONSE TO INTERROGATORY NO. 1:

In addition to the objections set forth above, the Bank of America Entities object to Interrogatory No. 1 on the ground that it is premature.

Subject to and without waiving the foregoing General Objections, which are incorporated herein by reference, and subject to and without waiving the foregoing specific objection, the Bank of America Entities state that they do not intend at this time to assert a good-faith reliance on counsel defense in this case. If any of the Bank of America Entities subsequently decides to

invoke such a defense, that entity will supplement its response to this Interrogatory as appropriate. (*See* Order of Special Master, dated Feb. 7, 2011, at 11.)

### INTERROGATORY NO. 2:

Do you agree that you will not assert a good faith reliance on counsel defense at any time in this case (including summary judgment, trial, and appeal if any)? If you do not agree, please state the subject matters and topics for which you may assert or currently intend on asserting that defense.

### RESPONSE TO INTERROGATORY NO. 2:

In addition to the objections set forth above, the Bank of America Entities object to Interrogatory No. 2 on the ground that it is premature. The Bank of America Entities also object to this Interrogatory on the ground that an interrogatory is not an appropriate vehicle to seek such an agreement.

Subject to and without waiving the foregoing General Objections, which are incorporated herein by reference, and subject to and without waiving the foregoing specific objections, the Bank of America Entities state that they do not agree at this time that they will "not assert a good faith reliance on counsel defense at any time in this case." As the Special Master recognized, "[t]he defense of reliance on advice of counsel is not an affirmative defense and therefore may be asserted at a later time." (Order of Special Master, dated Feb. 7, 2011, at 11.) The Bank of America Entities reserve their right to do so.

### INTERROGATORY NO. 3:

Do you intend on submitting any evidence (documents, testimony or otherwise) that your actions or inactions, in whole or in part, were based on the opinion or advice of counsel? If so, please state the actions or inactions that you intend on submitting evidence about that were based on reliance on the opinion or advice of counsel.

### RESPONSE TO INTERROGATORY NO. 3:

In addition to the objections set forth above, the Bank of America Entities object to Interrogatory No. 3 on the grounds that it is unclear, vague, and ambiguous. The Bank of

4

America Entities also object to this Interrogatory on the ground that it is premature. The Bank of America Entities further object that this Interrogatory to the extent that it seeks information about evidence the Bank of America Entities intend to submit that does not implicate a good-faith reliance on counsel defense.

Subject to and without waiving the foregoing General Objections, which are incorporated herein by reference, and subject to and without waiving the foregoing specific objections, the Bank of America Entities state that they do not intend at this time to assert a good-faith reliance on counsel defense in this case. If any of the Bank of America Entities subsequently decides to invoke such a defense, that entity will supplement its response to this Interrogatory as appropriate. (*See* Special Master Order, Feb. 7, 2011 at 11.)

**INTERROGATORY NO. 4:**

Do you agree that you will not attempt or seek to introduce evidence (documents, testimony, or otherwise) that your actions or inactions, in whole or in part, were based on the opinion or advice of counsel? If you do not agree, please identify the subject matters or topics for which you may or will introduce evidence that you relied on counsel.

**RESPONSE TO INTERROGATORY NO. 4:**

In addition to the objections set forth above, the Bank of America Entities object to Interrogatory No. 4 on the grounds that it is unclear, vague, and ambiguous. The Bank of America Entities also object to this Interrogatory on the ground that it is premature. The Bank of America Entities further object to this Interrogatory on the ground that an interrogatory is not an appropriate vehicle to seek such an agreement. The Bank of America Entities further object that this Interrogatory to the extent that it seeks information about evidence the Bank of America Entities intend to submit that does not implicate a good-faith reliance on counsel defense.

Subject to and without waiving the foregoing General Objections, which are incorporated herein by reference, and subject to and without waiving the foregoing specific objections, the

Bank of America Entities state that they do not agree at this time that they "will not attempt or seek to introduce evidence (documents, testimony, or otherwise) that your actions or inactions, in whole or in part, were based on the opinion or advice of counsel." As the Special Master recognized, "[t]he defense of reliance on advice of counsel is not an affirmative defense and therefore may be asserted at a later time." (Order of Special Master, dated Feb. 7, 2011, at 11.) The Bank of America Entities reserve their right to do so.

## RESPONSES AND OBJECTIONS TO THE SPECIFIC DOCUMENT REQUEST

### REQUEST NO. 1:

For any subject matters or topics for which you may or will assert a good faith reliance on counsel defense, please produce all documents sent to or received from counsel relating to or discussing that topic.

### RESPONSE TO REQUEST NO. 1:

In addition to the objections set forth above, the Bank of America Entities object to Request No. 1 on the grounds that it is unclear, vague, and ambiguous. The Bank of America Entities also object to this Request on the grounds that it is overbroad and unduly burdensome because it seeks "all documents sent to or received from counsel" for an undefined period. The Bank of America Entities further object to this Request to the extent that it seeks information that is irrelevant to the claims or defenses in this action and therefore is not reasonably calculated to lead to the discovery of admissible evidence. The Bank of America Entities further object to this Request because it seeks documents protected by the attorney-client privilege, attorney work product doctrine, or any other applicable privilege. In addition, the Bank of America Entities object to this Request on the ground that it is premature. The Bank of America Entities further object to this Request on the ground that they have not currently placed the advice of their counsel at issue. Finally, the Bank of America Entities object to this Request on the ground that they are not required to provide discovery on a defense that they may not raise.

Dated: March 7, 2011

/s/ Abby F. Rudzin
Andrew J. Frackman
Abby F. Rudzin
Brad M. Elias
Admitted *Pro Hac Vice*

O'MELVENY & MYERS LLP
7 Times Square
New York, New York 10036
Phone: 212-326-2000
Fax: 212-326-2061

Richard H. Sinkfield
Georgia Bar No. 649100
RSinkfield@rh-law.com

ROGERS & HARDIN LLP
229 Peachtree Street, N.E.
2700 International Tower
Atlanta, Georgia 30303
Tel.: 404-522-4700
Fax: 404-525-2224

*Attorneys for Defendants Merrill Lynch, Pierce, Fenner & Smith Incorporated, Merrill Lynch Professional Clearing Corp., and Banc of America Securities LLC*

NY1:1839149.2

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| TASER INTERNATIONAL, INC., *et al.*, <br> Plaintiffs, <br> v. <br> MORGAN STANLEY & CO., INC., *et al.*, <br> Defendants. | Civil Case No. <br> 1:10-CV-03108-JEC |

## VERIFICATION

State of New York    )
County of New York   )

Personally appeared before me, the undersigned officer duly authorized by law to administer oaths, Brendan J. Dowd, who, after being duly sworn, deposes and states as follows:

I am an Assistant General Counsel in the legal department of Bank of America Corporation in New York, New York. I am authorized to make this verification on behalf of Defendants Merrill Lynch, Pierce, Fenner & Smith Incorporated, Merrill Lynch Professional Clearing Corp., and Banc of America Securities LLC (collectively, the "Bank of America Entities").

This verification concerns the responses contained in Defendants Merrill Lynch, Pierce, Fenner & Smith Incorporated's, Merrill Lynch Professional Clearing Corp.'s, and Banc of America Securities LLC's Responses and Objections to Plaintiff David Batchelor's Interrogatories Relating to Good Faith Reliance on Counsel Defense to Certain Defendants (the "Responses").

I have read the Responses. To the best of my knowledge, information and belief, the Responses accurately reflect the Bank of America Entities' position in this litigation at this time.

I reserve the right to make changes in these Responses if at any time the Bank of America Entities' position in this litigation changes.

This 8th day of March 2011.

*Brendan J. Dowd*
Brendan J. Dowd

Sworn to and subscribed before me this 8th day of March 2011.

*Marianne Bretton-Granatoor*
Notary Public
My commission expires: _____

MARIANNE BRETTON-GRANATOOR
NOTARY PUBLIC STATE OF NEW YORK
NO. 02BR4932444
QUALIFIED IN KINGS COUNTY
COMMISSION EXPIRES MAY 02 2014

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| TASER INTERNATIONAL, INC., *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> MORGAN STANLEY & CO., INC., *et al.*, <br><br> Defendants. | Civil Case No. <br> 1:10-CV-03108-JEC |

**DEFENDANT'S NOTICE OF FILING CERTIFICATE OF SERVICE**

Defendants Merrill Lynch, Pierce, Fenner & Smith, Incorporated, Merrill Lynch Professional Clearing Corp. and Banc of America Securities LLC hereby give notice that they have this day filed the attached Certificate of Service for DEFENDANTS MERRILL LYNCH, PIERCE, FENNER & SMITH INCORPORATED'S, MERRILL LYNCH PROFESSIONAL CLEARING CORP.'S, AND BANC OF AMERICA SECURITIES LLC'S RESPONSES AND OBJECTIONS TO PLAINTIFF DAVID BATCHELOR'S INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS RELATING TO GOOD FAITH RELIANCE ON COUNSEL DEFENSE TO CERTAIN DEFENDANTS.

/s/ Richard H. Sinkfield
Richard H. Sinkfield
Georgia Bar No. 649100
rsinkfield@rh-law.com

Dan F. Laney III
Georgia Bar No. 435290
dlaney@rh-law.com

ROGERS & HARDIN LLP
2700 International Tower
229 Peachtree St., N.E.
Atlanta, Georgia 30303
Phone: 404-522-4700
Fax:  404-525-2224

*Attorneys for Defendants Merrill Lynch, Pierce, Fenner & Smith, Incorporated, Merrill Lynch Professional Clearing Corp. and Banc of America Securities LLC*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| TASER INTERNATIONAL, INC., *et al.* <br><br> Plaintiffs, <br><br> v. <br><br> MORGAN STANLEY & CO., INC., *et al.* <br><br> Defendants. | CIVIL ACTION NUMBER: <br> 1:10-CV-03108-JEC |

## CERTIFICATE OF SERVICE

I hereby certify that on March 8, 2011, I caused a copy of the foregoing **DEFENDANT'S NOTICE OF FILING CERTIFICATE OF SERVICE** to be filed with the Clerk of Court using the CM/ECF system, which will automatically send notification of such filing to the following attorneys of record:

John E. Floyd, Esq.
floyd@bmelaw.com

Steven J. Rosenwasser, Esq.
rosenwasser@bmelaw.com

Nicole G. Iannarone, Esq.
iannarone@bmelaw.com

Jill A. Pryor, Esq.
pryor@bmelaw.com

Robert L. Ashe, III, Esq.
ashe@bmelaw.com

Michael A. Caplan, Esq.
caplan@bmelaw.com

Elizabeth G. Eager, Esq.
eager@bmelaw.com

Brad M. Elias, Esq.
belias@omm.com

Gregory A. Markel, Esq.
Greg.Markel@cwt.com

Jason M. Halper, Esq.
Jason.Halper@cwt.com

Richard C. Pepperman, Esq.
peppermanr@sullcrom.com

Melissa Aoyagi, Esq.
melissa.aoyagi@davispolk.com

David M.J. Rein, Esq.
reind@sullcrom.com

Heather L. Fesnak, Esq.
heather.fesnak@cwt.com

Peter Isajiw, Esq.
peter.isajiw@cwt.com

Fraser L. Hunter, Jr., Esq.
fraser.hunter@wilmerhale.com

2

Brad E. Konstandt, Esq.
brad.konstandt@wilmerhale.com

Andrew J. Frackman, Esq.
afrackman@omm.com

Abby F. Rudzin, Esq.
arudzin@omm.com

Mia N. Gonzalez, Esq.
mgonzalez@omm.com

Justin J. DeCamp, Esq.
decampj@sullcrom.com

James W. Christian, Esq.
Gary M. Jewell, Esq.
CHRISTIAN, SMITH & JEWELL LLP
2302 Fannin, Suite 500
Houston, TX 77002

Robert F. Wise, Jr., Esq.
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, NY 10017

Richard H. Klapper, Esq.
Tracy Richelle High, Esq.
Robin L. Nunn, Esq.
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, NY 10004-2498

Harry Frischer, Esq.
Stephen L. Ratner, Esq.
Brian L. Friedman, Esq.
PROSKAUER ROSE LLP
1585 Broadway
New York, NY 10036

Israel Dahan, Esq.
CADWALADER, WICKERSHAM &
TAFT LLP
One World Financial Center
New York, NY 10281

Douglas F. Curtis, Esq.
J. David Zetlin-Jones, Esq.
WILMER CUTLER PICKERING HALE
AND DORR LLP
399 Park Avenue
New York, NY 10022

Allen W. Burton, Esq.
Jacqueline V. Roeder, Esq.
Jeffrey A. Kopczynski, Esq.
O'MELVENY & MYERS LLP
Times Square Tower
7 Times Square
New York, NY 10036

Andrew B. Clubok, Esq.
Daniel J. Gomez, Esq.
Jeffrey G. Landis, Esq.
Jeffrey M. Gould, Esq.
KIRKLAND & ELLIS LLP
655 Fifteenth Street, N.W.
Washington, DC 20005

/s/ Richard H. Sinkfield
Richard H. Sinkfield
Georgia Bar No. 649100
rsinkfield@rh-law.com