EXHIBIT

10

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| TASER INTERNATIONAL, INC., *et al.*, | : | |
| | : | |
| | : | |
| Plaintiffs, | : | CIVIL ACTION NUMBER: |
| v. | : | 1:10-CV-03108-JEC |
| | : | |
| MORGAN STANLEY & CO., INC., *et al.*, | : | |
| | : | |
| Defendants. | : | |

**DEFENDANT MORGAN STANLEY & CO.  INCORPORATED'S
RESPONSES AND OBJECTIONS TO PLAINTIFF DAVID
BATCHELOR'S INTERROGATORIES AND REQUEST FOR
PRODUCTION OF DOCUMENTS RELATING TO GOOD FAITH
RELIANCE ON COUNSEL DEFENSE TO CERTAIN DEFENDANTS**

Morgan Stanley & Co. Incorporated ("MSCO") hereby objects as follows to

Plaintiff David Batchelor's Interrogatories and Request for Production of

Documents Relating to Good Faith Reliance on Counsel Defense to Certain

Defendants (the "Interrogatories and Request").

As an initial matter, Plaintiff David Batchelor and the other Plaintiffs have

already served in excess of 50 written interrogatories (including discrete subparts),

thereby exceeding the limit of 25 written interrogatories, including all discrete

subparts, established by Federal Rule of Civil Procedure 33(a)(1).  Nonetheless,

MSCO agrees to respond to the Interrogatories because the Special Master

suggested that Plaintiffs serve interrogatories inquiring whether Defendants intend to assert a good faith reliance on counsel defense in this action.  By responding to the Interrogatories, MSCO does not agree to respond to any additional interrogatories served by any or all Plaintiffs in this action unless and until such Plaintiffs obtain permission of the Special Master or the Court to serve additional interrogatories.

## GENERAL OBJECTIONS

MSCO hereby makes the following General Objections, which apply to each of the Interrogatories and the Request and are incorporated by reference in each and every response below as if set forth fully therein.  MSCO's responses to each of the Interrogatories and the Request are made subject to and without waiving these General Objections or any specific objections raised by MSCO.  To improve readability, MSCO has not repeated these objections with respect to each specific interrogatory below.  Failure to reiterate a General Objection below does not constitute a waiver of that or any other objection.

1.    MSCO objects to all Instructions and Definitions to the extent that they call for MSCO to do more than is required under the Federal Rules of Civil Procedure, the Local Rules of this Court, or any other applicable law or rule.

2.    MSCO objects to Definition No. 1 to the extent that it seeks to require MSCO to search for and produce information and/or documents that are not

2

centrally maintained or from persons not believed to have significant involvement in the subject matter at issue.  To the extent that Definition No. 1 purports to require MSCO to do so, it seeks to impose an undue burden and/or unreasonable costs upon MSCO.

3.      MSCO objects to Definition No. 2 on the grounds that it is unclear, vague and ambiguous.  In particular, Definition No. 2 appears to mischaracterize or misunderstand the Eighth Defense raised in MSCO's Answer to Plaintiffs' Sixth Amended Complaint, which states that "MSCO is not subject to liability under Georgia law because it acted in good faith in conformity with the rules, regulations and pronouncements of the SEC and the National Association of Securities Dealers and because the alleged conduct by Defendants did not occur in Georgia."  As the Special Master recognized at the January 28, 2011 hearing, MSCO has not, at this time, invoked an advice of counsel defense.  (*See* Special Master Hr'g Tr. (Jan. 28, 2011), at 161: 1–12 ("[Defendants] haven't asserted a defense that they undertook a specific course of conduct or, with respect to this matter, engaged in the transaction at issue of short selling because [they] consulted with our legal advisers and our legal advisers told us it was all right to do so. . . .  They've stated that their conduct complies with applicable Federal State and local laws.")).  If MSCO subsequently decides to invoke such a defense, MSCO will supplement its response to these Interrogatories as appropriate.

3

4.      MSCO objects to the Interrogatories and Request as premature.
Discovery in this action is ongoing, and Plaintiffs' allegations and claims continue
to change.  Although MSCO will make a good faith attempt to respond to the
Interrogatories and Request based on its knowledge and intent at this time,
MSCO's position might change as a result of subsequent developments in this
litigation.  MSCO therefore reserves the right to supplement or alter its responses
at any time.

5.      MSCO's failure to object to the Interrogatories and Request on a
particular ground or grounds shall not be construed as a waiver of its right to object
on any additional ground(s) consistent with further investigation and discovery.
MSCO reserves its right to amend, supplement, correct, clarify and/or add to its
responses and objections to the Interrogatories and Request at any time.  MSCO
also reserves the right to use or rely on, at any time, subsequently discovered
information or information omitted from these responses and objections as a result
of mistake, error, oversight or inadvertence.  MSCO further reserves all objections
that may be available to it at any hearing or trial or on any motion related to the use
or admissibility of any information provided, as well as the right to object to
further discovery relating to the subject matter of any provided.

In addition to the General Objections set forth above, which are expressly incorporated by reference in each response below, MSCO further makes the following responses and objections.

## RESPONSES AND OBJECTIONS TO INTERROGATORIES

### INTERROGATORY NO. 1:

Do you intend on asserting a good faith reliance on counsel defense in this case? If so, please state the subject matters and topics for which you intend on asserting that defense.

### RESPONSE TO INTERROGATORY NO. 1:

In addition to the General Objections, MSCO objects to Interrogatory No. 1 to the extent that it seeks information covered by the attorney-client privilege, work product or any other legally recognized privilege, immunity or exemption from production.

Subject to and without waiving the foregoing General Objections, which are incorporated herein by reference, and subject to and without waiving the foregoing specific objection, MSCO states that it does not intend at this time to assert a good faith reliance on counsel defense in this case. If MSCO subsequently decides to invoke such a defense, MSCO will supplement its response to this Interrogatory as appropriate.

**INTERROGATORY NO. 2**:

Do you agree that you will not assert a good faith reliance on counsel defense at any time in this case (including summary judgment, trial, and appeal if any)? If you do not agree, please state the subject matters and topics for which you may assert or currently intend on asserting that defense.

**RESPONSE TO INTERROGATORY NO. 2**:

In addition to the General Objections, MSCO objects to Interrogatory No. 2 on the ground that an interrogatory is not an appropriate vehicle to seek such an agreement. Additionally, MSCO objects to this Interrogatory to the extent that it seeks information covered by the attorney-client privilege, work product or any other legally recognized privilege, immunity or exemption from production.

Subject to and without waiving the foregoing General Objections, which are incorporated herein by reference, and subject to and without waiving the foregoing specific objections, MSCO states that it does not agree at this time that it will "not assert a good faith reliance on counsel defense at any time in this case." As the Special Master recognized, "[t]he defense of reliance on advice of counsel is not an affirmative defense and therefore may be asserted at a later time." (Order of Special Master (Feb. 7, 2011), at 11). MSCO reserves its right to do so.

**INTERROGATORY NO. 3**:

Do you intend on submitting any evidence (documents, testimony or otherwise) that your actions or inactions, in whole or in part, were based on the opinion or advice of counsel? If so, please state the actions or inactions that you intend on submitting evidence about that were based on reliance on the opinion or advice of counsel.

**RESPONSE TO INTERROGATORY NO. 3**:

In addition to the General Objections, MSCO objects to Interrogatory No. 3 on the grounds that it is unclear, vague and ambiguous, particularly to the extent that it seeks information concerning "any evidence" that MSCO's actions were based on the opinion or advice of counsel that MSCO might plan to submit in the future. MSCO also objects to this Interrogatory to the extent that it seeks information covered by the attorney-client privilege, work product or any other legally recognized privilege, immunity or exemption from production. MSCO further objects to this Interrogatory on the ground that it is premature.

Subject to and without waiving the foregoing General Objections, which are incorporated herein by reference, and subject to and without waiving the foregoing specific objections, MSCO states that it does not intend at this time to assert a good faith reliance on counsel defense in this case or otherwise rely on advice of counsel as part of its defenses.

**INTERROGATORY NO. 4**:

Do you agree that you will not attempt or seek to introduce evidence (documents, testimony, or otherwise) that your actions or inactions, in whole or in part, were based on the opinion or advice of counsel? If you do not agree, please identify the subject matters or topics for which you may or will introduce evidence that you relied on counsel.

## RESPONSE TO INTERROGATORY NO. 4:

In addition to the General Objections, MSCO objects to Interrogatory No. 4 on the ground that an interrogatory is not an appropriate vehicle to seek such an agreement.  MSCO also objects to this Interrogatory to the extent that it seeks information covered by the attorney-client privilege, work product or any other legally recognized privilege, immunity or exemption from production

Subject to and without waiving the foregoing General Objections, which are incorporated herein by reference, and subject to and without waiving the foregoing specific objections, MSCO states that it does not agree at this time that it "will not attempt or seek to introduce evidence (documents, testimony or otherwise) that your actions or inactions, in whole or in part, were based on the opinion or advice of counsel."  As the Special Master recognized, "[t]he defense of reliance on advice of counsel is not an affirmative defense and therefore may be asserted at a later time."  (Order of Special Master (Feb. 7, 2011), at 11.)  MSCO reserves its right to do so.

## RESPONSES AND OBJECTIONS TO REQUEST FOR PRODUCTION

## REQUEST FOR PRODUCTION NO. 1:

For any subject matters or topics for which you may or will assert a good faith reliance on counsel defense, please produce all documents sent to or received from counsel relating to or discussing that topic.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

In addition to the General Objections, MSCO objects to Request for Production No. 1 on the grounds that it is unclear, vague and ambiguous, particularly to the extent that it seeks documents concerning "any subject matters or topics for which you *may* or will assert a good faith reliance on counsel defense" (emphasis added). MSCO also objects to this Request on the grounds that it is overbroad and unduly burdensome because it seeks "all documents sent to or received from counsel relating to" the defense of good faith reliance for an undefined period. MSCO also objects to this Request to the extent that it seeks information and/or documents covered by the attorney-client privilege, work product or any other legally recognized privilege, immunity or exemption from production. Additionally, MSCO objects to this Request to the extent that it seeks information that is irrelevant to the claims or defenses in this action and therefore is not reasonably calculated to lead to the discovery of admissible evidence. MSCO further objects to this Request on the ground that it has not currently placed the advice of its counsel at issue. Finally, MSCO objects to this Request on the ground that it is not required to provide discovery on a defense that it may not raise.

New York, New York
Dated: March 7, 2011

Robert F. Wise, Jr.
New York Bar No. 1289198
robert.wise@davispolk.com

Melissa T. Aoyagi
New York Bar No. 4226080
melissa.aoyagi@davsipolk.com

Admitted *pro hac vice*

DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York  10017
Tel: (212) 450-4000
Fax: (212) 450-3800

Richard H. Sinkfield
Georgia Bar No. 649100
RSinkfield@rh-law.com

Dan F. Laney, III
Georgia Bar No. 435290
DLaney@rh-law.com

ROGERS & HARDIN LLP
229 Peachtree Street, N.E.
2700 International Tower
Atlanta, Georgia  30303
Tel.:  404-522-4700
 Fax: 404-525-2224

*Attorneys for Morgan Stanley & Co.
Incorporated*

10

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

TASER INTERNATIONAL, INC.,
*et al.*

      Plaintiffs,

v.

MORGAN STANLEY & CO., INC.,
*et al.*

      Defendants.

CIVIL ACTION NUMBER:
1:10-CV-03108-JEC

## CERTIFICATE OF SERVICE

    I hereby certify that on March 7, 2011, I caused a copy of the foregoing

**DEFENDANT MORGAN STANLEY & CO. INCORPORATED'S**

**RESPONSES AND OBJECTIONS TO PLAINTIFF DAVID BATCHELOR'S**

**INTERROGATORIES AND REQUEST FOR PRODUCTION OF**

**DOCUMENTS RELATING TO GOOD FAITH RELIANCE ON COUNSEL**

**DEFENSE TO CERTAIN DEFENDANTS** to be served by U.S. Mail on the

following attorneys of record:

John E. Floyd, Esq.
Steven J. Rosenwasser, Esq.
Nicole G. Iannarone, Esq.
Jill A. Pryor, Esq.
Robert L. Ashe, III, Esq.
Michael A. Caplan, Esq.
Elizabeth G. Eager, Esq.
BONDURANT, MIXON & ELMORE LLP
3900 One Atlantic Center
1201 West Peachtree Street, N.W.
Atlanta, Georgia 30309

James W. Christian, Esq.
Gary M. Jewell, Esq.
CHRISTIAN, SMITH & JEWELL LLP
2302 Fannin, Suite 500
Houston, TX  77002

Robert F. Wise, Jr., Esq.
Melissa Aoyagi, Esq.
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, NY  10017

Richard C. Pepperman, Esq.
David M.J. Rein, Esq.
Tracy Richelle High, Esq.
Robin L. Nunn, Esq.
Justin J. DeCamp, Esq.
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, NY  10004-2498

Harry Frischer, Esq.
Stephen L. Ratner, Esq.
Brian L. Friedman, Esq.
PROSKAUER ROSE LLP
1585 Broadway
New York, NY  10036

Gregory A. Markel, Esq.
Jason M. Halper, Esq.
Heather L. Fesnak, Esq.
Israel Dahan, Esq.
Peter Isajiw, Esq.
CADWALADER, WICKERSHAM &
TAFT LLP
One World Financial Center
New York, NY  10281

Fraser L. Hunter, Jr., Esq.
Brad E. Konstandt, Esq.
Douglas F. Curtis, Esq.
J. David Zetlin-Jones, Esq.
WILMER CUTLER PICKERING HALE
AND DORR LLP
399 Park Avenue
New York, NY  10022

Andrew J. Frackman, Esq.
Abby F. Rudzin, Esq.
Allen W. Burton, Esq.
Brad M. Elias, Esq.
Jacqueline V. Roeder, Esq.
Jeffrey A. Kopczynski, Esq.
Mia N. Gonzalez, Esq.
O'MELVENY & MYERS LLP
Times Square Tower
7 Times Square
New York, NY  10036

Andrew B. Clubok, Esq.
Daniel J. Gomez, Esq.
Jeffrey G. Landis, Esq.
Jeffrey M. Gould, Esq.
KIRKLAND & ELLIS LLP
655 Fifteenth Street, N.W.
Washington, DC  20005

_/s/ Richard H. Sinkfield_
Richard H. Sinkfield
Georgia Bar No. 649100
rsinkfield@rh-law.com

4

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

TASER INTERNATIONAL, INC.,
*et al.*

     Plaintiffs,

v.

MORGAN STANLEY & CO., INC.,
*et al.*

     Defendants.

CIVIL ACTION NUMBER:
1:10-CV-03108-JEC

## **VERIFICATION**

State of New York     )
                         )
County of New York    )

     Personally appeared before me, the undersigned officer duly authorized by law to administer oaths, Michael Stern, who, after being duly sworn, deposes and states as follows:

     I am a Managing Director for Morgan Stanley & Co. Incorporated.  I am authorized to make this verification on behalf of Defendant Morgan Stanley & Co. Incorporated.

     This verification concerns the responses contained in the Responses and Objections of Defendant Morgan Stanley & Co. Incorporated to Plaintiff David

Batchelor's Interrogatories Relating to Good Faith Reliance on Counsel Defense to Certain Defendants (the "Responses").

I have read the Responses. To the best of my knowledge, information and belief, the Responses accurately reflect Defendant Morgan Stanley & Co. Incorporated's position in this litigation at this time. I reserve the right to make changes in these Responses if at any time Defendant Morgan Stanley & Co. Incorporated's position in this litigation changes.

This 7th day of March 2011.

_____
Michael Stern

Sworn to and subscribed before me
this 7th day of March 2011.

_____
Notary Public
My commission expires: Nov. 27, 2013

DANA BALACEK
NOTARY PUBLIC, State of New York
No. 01BA5052647 ~~~~ Queens
Qualified in ~~Suffolk~~ County
Commission Expires Nov. 27, 2013

-2-

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| TASER INTERNATIONAL, INC., *et al.*,<br><br>        Plaintiffs,<br><br>v.<br><br>MORGAN STANLEY & CO., INC., *et al.*,<br><br>        Defendants. | Civil Case No.<br>1:10-CV-03108-JEC |

### <u>DEFENDANT'S NOTICE OF FILING CERTIFICATE OF SERVICE</u>

Defendant Morgan Stanley & Co. Incorporated hereby gives notice that it has this day filed the attached Certificate of Service for DEFENDANT MORGAN STANLEY & CO. INCORPORATED'S RESPONSES AND OBJECTIONS TO PLAINTIFF DAVID BATCHELOR'S INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS RELATING TO GOOD FAITH RELIANCE ON COUNSEL DEFENSE TO CERTAIN DEFENDANTS.

/s/ Richard H. Sinkfield

Richard H. Sinkfield
Georgia Bar No. 649100
rsinkfield@rh-law.com

Dan F. Laney III
Georgia Bar No. 435290
dlaney@rh-law.com

ROGERS & HARDIN LLP
2700 International Tower
229 Peachtree St., N.E.
Atlanta, Georgia 30303
Phone: 404-522-4700
Fax:  404-525-2224

*Attorneys for Defendant Morgan
Stanley & Co. Incorporated*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

TASER INTERNATIONAL, INC.,
*et al.*

      Plaintiffs,

v.

MORGAN STANLEY & CO., INC.,
*et al.*

      Defendants.

CIVIL ACTION NUMBER:
1:10-CV-03108-JEC

## CERTIFICATE OF SERVICE

I hereby certify that on March 8, 2011, I caused a copy of the foregoing

**DEFENDANT'S NOTICE OF FILING CERTIFICATE OF SERVICE** to be

filed with the Clerk of Court using the CM/ECF system, which will automatically

send notification of such filing to the following attorneys of record:

John E. Floyd, Esq.
floyd@bmelaw.com

Steven J. Rosenwasser, Esq.
rosenwasser@bmelaw.com

Nicole G. Iannarone, Esq.
iannarone@bmelaw.com

Jill A. Pryor, Esq.
pryor@bmelaw.com

Robert L. Ashe, III, Esq.
ashe@bmelaw.com

Michael A. Caplan, Esq.
caplan@bmelaw.com

Elizabeth G. Eager, Esq.
eager@bmelaw.com

Brad M. Elias, Esq.
belias@omm.com

Gregory A. Markel, Esq.
Greg.Markel@cwt.com

Jason M. Halper, Esq.
Jason.Halper@cwt.com

Richard C. Pepperman, Esq.
peppermanr@sullcrom.com

Melissa Aoyagi, Esq.
melissa.aoyagi@davispolk.com

David M.J. Rein, Esq.
reind@sullcrom.com

Heather L. Fesnak, Esq.
heather.fesnak@cwt.com

Peter Isajiw, Esq.
peter.isajiw@cwt.com

Fraser L. Hunter, Jr., Esq.
fraser.hunter@wilmerhale.com

Brad E. Konstandt, Esq.
brad.konstandt@wilmerhale.com

Andrew J. Frackman, Esq.
afrackman@omm.com

Abby F. Rudzin, Esq.
arudzin@omm.com

Mia N. Gonzalez, Esq.
mgonzalez@omm.com

Justin J. DeCamp, Esq.
decampj@sullcrom.com

James W. Christian, Esq.
Gary M. Jewell, Esq.
CHRISTIAN, SMITH & JEWELL LLP
2302 Fannin, Suite 500
Houston, TX  77002

Robert F. Wise, Jr., Esq.
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, NY  10017

Richard H. Klapper, Esq.
Tracy Richelle High, Esq.
Robin L. Nunn, Esq.
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, NY  10004-2498

3

Harry Frischer, Esq.
Stephen L. Ratner, Esq.
Brian L. Friedman, Esq.
PROSKAUER ROSE LLP
1585 Broadway
New York, NY  10036

Israel Dahan, Esq.
CADWALADER, WICKERSHAM &
TAFT LLP
One World Financial Center
New York, NY  10281

Douglas F. Curtis, Esq.
J. David Zetlin-Jones, Esq.
WILMER CUTLER PICKERING HALE
AND DORR LLP
399 Park Avenue
New York, NY  10022

Allen W. Burton, Esq.
Jacqueline V. Roeder, Esq.
Jeffrey A. Kopczynski, Esq.
O'MELVENY & MYERS LLP
Times Square Tower
7 Times Square
New York, NY  10036

Andrew B. Clubok, Esq.
Daniel J. Gomez, Esq.
Jeffrey G. Landis, Esq.
Jeffrey M. Gould, Esq.
KIRKLAND & ELLIS LLP
655 Fifteenth Street, N.W.
Washington, DC  20005

4

/s/ Richard H. Sinkfield

Richard H. Sinkfield
Georgia Bar No. 649100
rsinkfield@rh-law.com

5

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

TASER INTERNATIONAL, INC.,
*et al.*

      Plaintiffs,

v.

MORGAN STANLEY & CO., INC.,
*et al.*

      Defendants.

CIVIL ACTION NUMBER:
1:10-CV-03108-JEC

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 7, 2011, I caused a copy of the foregoing

**DEFENDANT MORGAN STANLEY & CO. INCORPORATED'S**

**RESPONSES AND OBJECTIONS TO PLAINTIFF DAVID BATCHELOR'S**

**INTERROGATORIES AND REQUEST FOR PRODUCTION OF**

**DOCUMENTS RELATING TO GOOD FAITH RELIANCE ON COUNSEL**

**DEFENSE TO CERTAIN DEFENDANTS** to be served by U.S. Mail on the

following attorneys of record:

John E. Floyd, Esq.
Steven J. Rosenwasser, Esq.
Nicole G. Iannarone, Esq.
Jill A. Pryor, Esq.
Robert L. Ashe, III, Esq.
Michael A. Caplan, Esq.
Elizabeth G. Eager, Esq.
BONDURANT, MIXON & ELMORE LLP
3900 One Atlantic Center
1201 West Peachtree Street, N.W.
Atlanta, Georgia 30309

James W. Christian, Esq.
Gary M. Jewell, Esq.
CHRISTIAN, SMITH & JEWELL LLP
2302 Fannin, Suite 500
Houston, TX  77002

Robert F. Wise, Jr., Esq.
Melissa Aoyagi, Esq.
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, NY  10017

Richard C. Pepperman, Esq.
David M.J. Rein, Esq.
Tracy Richelle High, Esq.
Robin L. Nunn, Esq.
Justin J. DeCamp, Esq.
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, NY  10004-2498

Harry Frischer, Esq.
Stephen L. Ratner, Esq.
Brian L. Friedman, Esq.
PROSKAUER ROSE LLP
1585 Broadway
New York, NY  10036

Gregory A. Markel, Esq.
Jason M. Halper, Esq.
Heather L. Fesnak, Esq.
Israel Dahan, Esq.
Peter Isajiw, Esq.
CADWALADER, WICKERSHAM &
TAFT LLP
One World Financial Center
New York, NY  10281

Fraser L. Hunter, Jr., Esq.
Brad E. Konstandt, Esq.
Douglas F. Curtis, Esq.
J. David Zetlin-Jones, Esq.
WILMER CUTLER PICKERING HALE
AND DORR LLP
399 Park Avenue
New York, NY  10022

Andrew J. Frackman, Esq.
Abby F. Rudzin, Esq.
Allen W. Burton, Esq.
Brad M. Elias, Esq.
Jacqueline V. Roeder, Esq.
Jeffrey A. Kopczynski, Esq.
Mia N. Gonzalez, Esq.
O'MELVENY & MYERS LLP
Times Square Tower
7 Times Square
New York, NY  10036

3

Andrew B. Clubok, Esq.
Daniel J. Gomez, Esq.
Jeffrey G. Landis, Esq.
Jeffrey M. Gould, Esq.
KIRKLAND & ELLIS LLP
655 Fifteenth Street, N.W.
Washington, DC  20005


/s/ Richard H. Sinkfield

Richard H. Sinkfield
Georgia Bar No. 649100
rsinkfield@rh-law.com