EXHIBIT

11

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

TASER INTERNATIONAL, INC.,
*et al.*

      Plaintiffs,

           v.

MORGAN STANLEY & CO. INC.,
*et al.*

      Defendants.

CIVIL ACTION NO.
1:10-CV-03108-JEC

## RESPONSES AND OBJECTIONS OF DEFENDANTS GOLDMAN, SACHS & CO. AND GOLDMAN SACHS EXECUTION & CLEARING, L.P. TO PLAINTIFF DAVID BATCHELOR'S INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS RELATING TO GOOD FAITH RELIANCE ON COUNSEL DEFENSE TO CERTAIN DEFENDANTS

Defendants Goldman, Sachs & Co. and Goldman Sachs Execution & Clearing, L.P. (collectively "Goldman Sachs") hereby respond and object as follows to Plaintiff David Batchelor's Interrogatories and Request for Production of Documents Relating to Good Faith Reliance on Counsel Defense to Certain Defendants (the "Interrogatories and Request"). Goldman Sachs agrees to meet and confer with Plaintiffs, in good faith, in an attempt to resolve Plaintiffs' disagreement, if any, with Goldman Sachs's responses and objections.

## GOLDMAN SACHS RESERVES ALL ITS RIGHTS
## TO OBJECT TO RESPONDING TO ADDITIONAL INTERROGATORIES

Without waiving its objection that Plaintiff David Batchelor and the other

Plaintiffs have exceeded the limit on the number of interrogatories established by

Federal Rule of Civil Procedure 33(a)(1), Goldman Sachs agrees to respond to the

Interrogatories because the Special Master suggested that Plaintiffs serve

interrogatories inquiring whether Defendants intend to assert a good-faith reliance

on counsel defense in this action.  By responding to the Interrogatories, Goldman

Sachs does not agree to respond to any additional interrogatories served by any or

all Plaintiffs in this action unless and until such Plaintiffs obtain permission of the

Special Master or the Court to serve additional interrogatories.

## GENERAL OBJECTIONS

1.       Goldman Sachs objects to the Definitions and Instructions to the

extent they call for Goldman Sachs to do more than is required under the Federal

Rules of Civil Procedure, the Local Rules of this Court, or any other applicable law

or rule.

2.       Goldman Sachs objects to Definition No. 1 to the extent that it seeks

to require Goldman Sachs to search for and produce information and/or documents

that are not centrally maintained or from persons not believed to have significant

involvement in the subject matter at issue.  To the extent that Definition No. 1

purports to require Goldman Sachs to do so, it seeks to impose an undue burden and/or unreasonable costs upon Goldman Sachs.

3.       Goldman Sachs objects to Definition No. 2 on the grounds that it is unclear, vague, and ambiguous.  In particular, Definition No. 2 appears to mischaracterize or misunderstand the Ninth Defense raised in Goldman Sachs's Answer, which states that "Goldman Sachs is not subject to liability under Georgia law because it acted in good faith in conformity with the rules, regulations and pronouncements of the SEC and the National Association of Securities Dealers and because the alleged conduct by Defendants did not occur in Georgia."  As the Special Master recognized at the January 28, 2011 hearing, Goldman Sachs has not, at this time, invoked an advice of counsel defense.  (*See* Special Master Hr'g Tr., Jan. 28, 2011 at 161:1-12 ("[Defendants] haven't asserted a defense that they undertook a specific course of conduct or, with respect to this matter, engaged in the transaction at issue of short selling because [they] consulted with our legal advisers and our legal advisers told us it was all right to do so. . . .  They've stated that their conduct complies with applicable Federal State and local laws."))

4.       Goldman Sachs objects to the Interrogatories and Request to the extent they are unclear, vague, ambiguous, overbroad and unduly burdensome, and seek information and/or documents not relevant to the claims and defenses in this

action and thus not reasonably calculated to lead to the discovery of admissible evidence.

5.       Goldman Sachs objects to the Interrogatories and Request to the extent they seek information and/or documents covered by the attorney-client privilege, the account-client privilege,[1] joint defense or common interest privilege, the attorney work product doctrine, or any other legally recognized privilege, immunity or exemption from production.

6.       Goldman Sachs objects to the Interrogatories and Request as premature.  Discovery in this action is ongoing, and Plaintiffs' allegations and claims continue to change.  Although Goldman Sachs will make a good faith attempt to respond to the Interrogatories and Request based on its knowledge and intent *at this time*, Goldman Sachs's position might change as a result of subsequent developments in this litigation.  Goldman Sachs therefore reserves the right to supplement or alter its responses at any time.

7.       Goldman Sachs reserves all objections that may be available to it at any hearing or trial or on any motion as to the use or admissibility of any

---

[1]      The applicability of the accountant-client privilege has not been finally resolved in this action.

information provided, as well as the right to object to further discovery relating to the subject matter of any information provided.

8.     Goldman Sachs's failure to object to the Interrogatories and Request on a particular ground or grounds shall not be construed as a waiver of its right to object on any additional ground(s) consistent with further investigation and discovery.

## RESPONSES AND OBJECTIONS TO SPECIFIC INTERROGATORIES

## INTERROGATORY NO. 1:

Do you intend on asserting a good faith reliance on counsel defense in this case? If so, please state the subject matters and topics for which you intend on asserting that defense.

## RESPONSE TO INTERROGATORY NO. 1:

In addition to the objections set forth above, Goldman Sachs objects to Interrogatory No. 1 on the ground that it is premature.

Subject to and without waiving the foregoing General Objections, which are incorporated herein by reference, and subject to and without waiving the foregoing specific objection, Goldman Sachs states that it does not intend at this time to assert a good-faith reliance on counsel defense in this case. If Goldman Sachs subsequently decides to invoke such a defense, Goldman Sachs will supplement its response to this Interrogatory as appropriate. (*See* Order of Special Master, dated Feb. 7, 2011, at 11)

## INTERROGATORY NO. 2:

Do you agree that you will not assert a good faith reliance on counsel defense at any time in this case (including summary judgment, trial, and appeal if any)? If you do not agree, please state the subject matters and topics for which you may assert or currently intend on asserting that defense.

## RESPONSE TO INTERROGATORY NO. 2:

In addition to the objections set forth above, Goldman Sachs objects to Interrogatory No. 2 on the ground that it is premature. Goldman Sachs also objects to this Interrogatory on the ground that an interrogatory is not an appropriate vehicle to seek such an agreement.

Subject to and without waiving the foregoing General Objections, which are incorporated herein by reference, and subject to and without waiving the foregoing specific objections, Goldman Sachs states that it does not agree at this time that it will "not assert a good faith reliance on counsel defense at any time in this case." As the Special Master recognized, "[t]he defense of reliance on advice of counsel is not an affirmative defense and therefore may be asserted at a later time." (Order of Special Master, dated Feb. 7, 2011, at 11) Goldman Sachs reserves its right to do so.

## INTERROGATORY NO. 3:

Do you intend on submitting any evidence (documents, testimony or otherwise) that your actions or inactions, in whole or in part, were based on the opinion or advice of counsel? If so, please state the actions or inactions that you intend on

submitting evidence about that were based on reliance on the opinion or advice of counsel.

**RESPONSE TO INTERROGATORY NO. 3:**

In addition to the objections set forth above, Goldman Sachs objects to Interrogatory No. 3 on the grounds that it is unclear, vague, and ambiguous. Goldman Sachs also objects to this Interrogatory on the ground that it is premature.

Subject to and without waiving the foregoing General Objections, which are incorporated herein by reference, and subject to and without waiving the foregoing specific objections, Goldman Sachs states that it does not intend at this time to assert a good-faith reliance on counsel defense in this case or otherwise rely on advice of counsel as part of its defenses. If Goldman Sachs subsequently decides to invoke such a defense or rely on advice of counsel, Goldman Sachs will supplement its response to this Interrogatory as appropriate. (*See* Special Master Order, Feb. 7, 2011 at 11)

**INTERROGATORY NO. 4:**

Do you agree that you will not attempt or seek to introduce evidence (documents, testimony, or otherwise) that your actions or inactions, in whole or in part, were based on the opinion or advice of counsel? If you do not agree, please identify the subject matters or topics for which you may or will introduce evidence that you relied on counsel.

**RESPONSE TO INTERROGATORY NO. 4:**

In addition to the objections set forth above, Goldman Sachs objects to Interrogatory No. 4 on the grounds that it is unclear, vague, and ambiguous. Goldman Sachs also objects to this Interrogatory on the ground that it is premature. Goldman Sachs further objects to this Interrogatory on the ground that an interrogatory is not an appropriate vehicle to seek such an agreement.

Subject to and without waiving the foregoing General Objections, which are incorporated herein by reference, and subject to and without waiving the foregoing specific objections, Goldman Sachs states that it does not agree at this time that it "will not attempt or seek to introduce evidence (documents, testimony, or otherwise) that your actions or inactions, in whole or in part, were based on the opinion or advice of counsel." As the Special Master recognized, "[t]he defense of reliance on advice of counsel is not an affirmative defense and therefore may be asserted at a later time." (Order of Special Master, dated Feb. 7, 2011, at 11) Goldman Sachs reserves its right to do so.

**RESPONSES AND OBJECTIONS
TO THE SPECIFIC DOCUMENT REQUEST**

**REQUEST NO. 1:**

For any subject matters or topics for which you may or will assert a good faith reliance on counsel defense, please produce all documents sent to or received from counsel relating to or discussing that topic.

-8-

## RESPONSE TO REQUEST NO. 1:

In addition to the objections set forth above, Goldman Sachs objects to Request No. 1 on the grounds that it is unclear, vague, and ambiguous.  Goldman Sachs also objects to this Request on the grounds that it is overbroad and· unduly burdensome because it seeks "all documents sent to or received from counsel" for an undefined period.  Goldman Sachs also objects to this Request to the extent that it seeks information that is irrelevant to the claims or defenses in this action and therefore is not reasonably calculated to lead to the discovery of admissible evidence.  Goldman Sachs further objects to this Request because it seeks documents protected by the attorney-client privilege, attorney work product· doctrine, or any other applicable privilege.  In addition, Goldman Sachs objects to this Request on the ground that it is premature.  Goldman Sachs further objects to this Request on the ground that it has not currently placed the advice of its counsel at issue.  Finally, Goldman Sachs objects to this Request on the ground that it is not required to provide discovery on a defense that it may not raise.

Atlanta, Georgia
Dated:  March 7, 2011

Richard H. Sinkfield
Georgia Bar No. 649100
RSinkfield@rh-law.com

Dan F. Laney
Georgia Bar No. 435290
DLaney@rh-law.com

ROGERS & HARDIN LLP
229 Peachtree Street, N.E.
2700 International Tower
Atlanta, Georgia  30303
Tel.:  404-522-4700
Fax:  404-525-2224

Richard C. Pepperman, II
New York Bar No. 2565737
peppermanr@sullcrom.com

David M.J. Rein
New York Bar No. 2868149
reind@sullcrom.com

Tracy Richelle High
New York Bar No. 3020096
hight@sullcrom.com

Admitted *pro hac vice*

SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York  10004
Phone:  212-558-4000
Fax:  212-558-3588

*Attorneys for Defendants Goldman,*
*Sachs & Co. and Goldman Sachs*
*Execution & Clearing, L.P.*

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**


TASER INTERNATIONAL, INC., *et al.,*

      Plaintiffs,                       CIVIL ACTION NO.
                                     1:10-CV-03108-JEC

          v.

MORGAN STANLEY & CO., INC., *et al.,*

      Defendants.


**<u>VERIFICATION</u>**

State of New York      )
                          )
County of New York   )

      Personally appeared before me, the undersigned officer duly authorized by

law to administer oaths, Christina Schulz, who, after being duly sworn, deposes

and states as follows:

      I am a Vice President, Associate General Counsel for Goldman Sachs

Execution & Clearing, L.P.  I am authorized to make this verification on behalf of

Defendants Goldman, Sachs & Co. and Goldman Sachs Execution & Clearing,

L.P. (collectively, "Goldman Sachs").

      This verification concerns the responses contained in the Responses and

Objections of Defendants Goldman, Sachs & Co. and Goldman Sachs Execution &

Clearing, L.P. to Plaintiff David Batchelor's Interrogatories Relating to Good Faith Reliance on Counsel Defense to Certain Defendants (the "Responses").

I have read the Responses. To the best of my knowledge, information and belief, the Responses accurately reflect Goldman Sachs's position in this litigation at this time. I reserve the right to make changes in these Responses if at any time Goldman Sachs's position in this litigation changes.

This 3rd day of March, 2011.

_____
Name

Sworn to and subscribed before me
this _3rd_ day of March, 2011.

_____
Notary Public
My commission expires: September 12, 2013

ALLISON GUERRA
Notary Public, State of New York
No. 01GU6133148
Qualified in New York County
Term Expires September 12, 2013

-2-

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

TASER INTERNATIONAL, INC.,
*et al.*

    Plaintiffs,


v.

MORGAN STANLEY & CO., INC.,
*et al.*

    Defendants.

CIVIL ACTION NUMBER:
1:10-CV-03108-JEC

## CERTIFICATE OF SERVICE

    I hereby certify that on March 7, 2011, I caused a copy of the foregoing

**RESPONSES AND OBJECTIONS OF DEFENDANTS GOLDMAN, SACHS**

**& CO. AND GOLDMAN SACHS EXECUTION & CLEARING, L.P. TO**

**PLAINTIFF DAVID BATCHELOR'S INTERROGATORIES AND**

**REQUEST FOR PRODUCTION OF DOCUMENTS RELATING TO GOOD**

**FAITH RELIANCE ON COUNSEL DEFENSE TO CERTAIN**

**DEFENDANTS** to be served by U.S. Mail on the following attorneys of record:

John E. Floyd, Esq.
Steven J. Rosenwasser, Esq.
Nicole G. Iannarone, Esq.
Jill A. Pryor, Esq.
Robert L. Ashe, III, Esq.
Michael A. Caplan, Esq.
Elizabeth G. Eager, Esq.
BONDURANT, MIXON & ELMORE LLP
3900 One Atlantic Center
1201 West Peachtree Street, N.W.
Atlanta, Georgia 30309

James W. Christian, Esq.
Gary M. Jewell, Esq.
CHRISTIAN, SMITH & JEWELL LLP
2302 Fannin, Suite 500
Houston, TX 77002

Robert F. Wise, Jr., Esq.
Melissa Aoyagi, Esq.
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, NY 10017

Richard C. Pepperman, Esq.
David M.J. Rein, Esq.
Tracy Richelle High, Esq.
Robin L. Nunn, Esq.
Justin J. DeCamp, Esq.
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, NY 10004-2498

Harry Frischer, Esq.
Stephen L. Ratner, Esq.
Brian L. Friedman, Esq.
PROSKAUER ROSE LLP
1585 Broadway
New York, NY  10036

Gregory A. Markel, Esq.
Jason M. Halper, Esq.
Heather L. Fesnak, Esq.
Israel Dahan, Esq.
Peter Isajiw, Esq.
CADWALADER, WICKERSHAM &
TAFT LLP
One World Financial Center
New York, NY  10281

Fraser L. Hunter, Jr., Esq.
Brad E. Konstandt, Esq.
Douglas F. Curtis, Esq.
J. David Zetlin-Jones, Esq.
WILMER CUTLER PICKERING HALE
AND DORR LLP
399 Park Avenue
New York, NY  10022

Andrew J. Frackman, Esq.
Abby F. Rudzin, Esq.
Allen W. Burton, Esq.
Brad M. Elias, Esq.
Jacqueline V. Roeder, Esq.
Jeffrey A. Kopczynski, Esq.
Mia N. Gonzalez, Esq.
O'MELVENY & MYERS LLP
Times Square Tower
7 Times Square
New York, NY  10036

3

Andrew B. Clubok, Esq.
Daniel J. Gomez, Esq.
Jeffrey G. Landis, Esq.
Jeffrey M. Gould, Esq.
KIRKLAND & ELLIS LLP
655 Fifteenth Street, N.W.
Washington, DC  20005


Richard H. Sinkfield
Georgia Bar No. 649100
rsinkfield@rh-law.com

4

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

TASER INTERNATIONAL, INC.,
*et al.*

    Plaintiffs,


v.

MORGAN STANLEY & CO., INC.,
*et al.*

    Defendants.

CIVIL ACTION NUMBER:
1:10-CV-03108-JEC

## CERTIFICATE OF SERVICE

I hereby certify that on March 7, 2011, I caused a copy of the foregoing

**RESPONSES AND OBJECTIONS OF DEFENDANTS GOLDMAN, SACHS**

**& CO. AND GOLDMAN SACHS EXECUTION & CLEARING, L.P. TO**

**PLAINTIFF DAVID BATCHELOR'S INTERROGATORIES AND**

**REQUEST FOR PRODUCTION OF DOCUMENTS RELATING TO GOOD**

**FAITH RELIANCE ON COUNSEL DEFENSE TO CERTAIN**

**DEFENDANTS** to be served by U.S. Mail on the following attorneys of record:

John E. Floyd, Esq.
Steven J. Rosenwasser, Esq.
Nicole G. Iannarone, Esq.
Jill A. Pryor, Esq.
Robert L. Ashe, III, Esq.
Michael A. Caplan, Esq.
Elizabeth G. Eager, Esq.
BONDURANT, MIXON & ELMORE LLP
3900 One Atlantic Center
1201 West Peachtree Street, N.W.
Atlanta, Georgia 30309

James W. Christian, Esq.
Gary M. Jewell, Esq.
CHRISTIAN, SMITH & JEWELL LLP
2302 Fannin, Suite 500
Houston, TX 77002

Robert F. Wise, Jr., Esq.
Melissa Aoyagi, Esq.
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, NY 10017

Richard C. Pepperman, Esq.
David M.J. Rein, Esq.
Tracy Richelle High, Esq.
Robin L. Nunn, Esq.
Justin J. DeCamp, Esq.
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, NY 10004-2498

Harry Frischer, Esq.
Stephen L. Ratner, Esq.
Brian L. Friedman, Esq.
PROSKAUER ROSE LLP
1585 Broadway
New York, NY  10036

Gregory A. Markel, Esq.
Jason M. Halper, Esq.
Heather L. Fesnak, Esq.
Israel Dahan, Esq.
Peter Isajiw, Esq.
CADWALADER, WICKERSHAM &
TAFT LLP
One World Financial Center
New York, NY  10281

Fraser L. Hunter, Jr., Esq.
Brad E. Konstandt, Esq.
Douglas F. Curtis, Esq.
J. David Zetlin-Jones, Esq.
WILMER CUTLER PICKERING HALE
AND DORR LLP
399 Park Avenue
New York, NY  10022

Andrew J. Frackman, Esq.
Abby F. Rudzin, Esq.
Allen W. Burton, Esq.
Brad M. Elias, Esq.
Jacqueline V. Roeder, Esq.
Jeffrey A. Kopczynski, Esq.
Mia N. Gonzalez, Esq.
O'MELVENY & MYERS LLP
Times Square Tower
7 Times Square
New York, NY  10036

3

Andrew B. Clubok, Esq.
Daniel J. Gomez, Esq.
Jeffrey G. Landis, Esq.
Jeffrey M. Gould, Esq.
KIRKLAND & ELLIS LLP
655 Fifteenth Street, N.W.
Washington, DC  20005


Richard H. Sinkfield
Georgia Bar No. 649100
rsinkfield@rh-law.com