EXHIBIT

12

Page 1

1        IN THE UNITED STATES DISTRICT COURT
         FOR THE NORTHERN DISTRICT OF GEORGIA
2                  ATLANTA DIVISION
3   TASER INTERNATIONAL,      )
    INC., et al.,             )
4                             )
        Plaintiffs,           )
5                             )
    vs.                       ) Civil Action File
6                             ) No.
    MORGAN STANLEY &          ) 1:10-CV-03108-JOF
7   CO., INC., ET AL.         )
                              )
8       Defendants.           )
9
10
11
12
13            PROCEEDINGS BEFORE
        SPECIAL MASTER HENRY D. FELLOWS, JR.
14              APRIL 7, 2011
15          FELLOWS LABRIOLA, LLP
            SUITE 2300 SOUTH TOWER
16         225 PEACHTREE STREET, NE
             ATLANTA, GEORGIA
17
18      CONTAINS CONFIDENTIAL PORTIONS
        PURSUANT TO PROTECTIVE ORDER
19
20  Reported by: Lynne C. Fulwood
             Certified Court Reporter
21
22
23
24
25

Page 6

| | | |
|---|---|---|
| 1 | your ruling with respect to the good | 10:04:24 |
| 2 | faith reliance on counsel defense. | 10:04:27 |
| 3 | That is the subject of Roman Numeral | 10:04:31 |
| 4 | III in the first order we did, dated | 10:04:36 |
| 5 | February 7th, 2011. | 10:04:39 |
| 6 | Who will speak for the plaintiff's | 10:04:43 |
| 7 | on that subject? | 10:04:45 |
| 8 | MR. ROSENWASSER:  Hi, Mr. Fellows, | 10:04:47 |
| 9 | it's Steven Rosenwasser again and I | |
| 10 | will be speaking on the subject. | 10:04:51 |
| 11 | Basically plaintiffs would like | 10:04:54 |
| 12 | clarification on your ruling relating | 10:04:57 |
| 13 | to the use or potential use of the good | 10:04:59 |
| 14 | faith reliance on counsel defense in | 10:05:02 |
| 15 | this case. | 10:05:04 |
| 16 | As you pointed out a moment ago, | 10:05:06 |
| 17 | there has previously been motions | 10:05:08 |
| 18 | practice on the issue of the | 10:05:11 |
| 19 | plaintiff's concern that the defendants | 10:05:14 |
| 20 | may be in our view improperly waiting | 10:05:17 |
| 21 | to state whether or not they're going | 10:05:21 |
| 22 | to invoke a good faith reliance on | 10:05:23 |
| 23 | counsel defense in this case. | 10:05:26 |
| 24 | And in particular, our worry was | 10:05:28 |
| 25 | and remains that the defense were going | 10:05:32 |

Page 7

| | | |
|---|---|---|
| 1 | to wait until very late in discovery or | 10:05:34 |
| 2 | maybe even after discovery to say | 10:05:38 |
| 3 | whether or not they're going to rely on | 10:05:41 |
| 4 | that defense at which time the | 10:05:42 |
| 5 | plaintiffs will be prejudiced because | 10:05:44 |
| 6 | we wouldn't have any discovery to wit | |
| 7 | we've already completed our | |
| 8 | depositions. | 10:05:47 |
| 9 | In the February order you had | 10:05:47 |
| 10 | referenced a moment ago, the Special | 10:05:50 |
| 11 | Master had ruled that in the event the | 10:05:55 |
| 12 | defendants raised the issue later on, | 10:05:57 |
| 13 | one potential course or consequence may | 10:06:00 |
| 14 | be that discovery is reopened to allow | 10:06:05 |
| 15 | to engage in discovery on that defense. | 10:06:08 |
| 16 | And the issue we have is while we | 10:06:11 |
| 17 | understand that that reopening | 10:06:14 |
| 18 | discovery or expanding discovery may be | 10:06:16 |
| 19 | one potential means of handling a later | 10:06:20 |
| 20 | raising of the good faith reliance | 10:06:24 |
| 21 | defense, the case law recognizes that | 10:06:27 |
| 22 | there are other potential consequences | 10:06:29 |
| 23 | to what we would believe to be an | 10:06:32 |
| 24 | untimely raising of the defense. | 10:06:34 |
| 25 | And what has happened is we became | 10:06:36 |

Page 8

```
 1        concerned that the defendants were        10:06:39
 2        taking your order to mean that if they    10:06:40
 3        raised the defense at summary judgment    10:06:43
 4        or at trial, the worst thing that would   10:06:46
 5        happen is that -- to them would be that   10:06:48
 6        basically the case would be delayed,      10:06:50
 7        discovery would be reopened and we'd      10:06:53
 8        have to start the process over again      10:06:56
 9        and that they were basically not --       10:06:57
10        that they were no longer in any danger    10:07:00
11        of facing a finding that they had         10:07:03
12        waived the defense by waiting too long    10:07:08
13        no matter when they raised it.            10:07:08
14             Rather than making the assumption    10:07:09
15        that that's what their position was, we   10:07:11
16        had contacted the defendant to confer    10:07:13
17        on the issue and it is my understanding  10:07:15
18        that their position is that there can     10:07:17
19        be no waiver of the defense.  And that    10:07:18
20        by virtue of your ruling, the worst       10:07:22
21        thing that can happen is that discovery   10:07:25
22        reopens.                                   10:07:25
23             So that's the issue that we wanted   10:07:28
24        clarification on and we're here today I   10:07:31
25        think to make a relatively simple         10:07:34
```

Page 9

| | | |
|---|---|---|
| 1 | request or at least in my view it is. | 10:07:38 |
| 2 | We're not asking you to reconsider your | 10:07:39 |
| 3 | order at this time or to say that we | 10:07:41 |
| 4 | get discovery to any good faith defense | 10:07:45 |
| 5 | or even find that there's been a waiver | 10:07:45 |
| 6 | but what we want to do is just make | 10:07:48 |
| 7 | clear that your order isn't foreclosing | 10:07:50 |
| 8 | any of the options that are available | 10:07:53 |
| 9 | under the case law in terms of what the | 10:07:55 |
| 10 | consequences would be if defendants | 10:07:58 |
| 11 | later raised a good faith reliance on | 10:08:00 |
| 12 | counsel defense. | 10:08:03 |
| 13 | By that I mean if they raised it | 10:08:04 |
| 14 | at some point in late discovery or | 10:08:07 |
| 15 | after, we can come to you or the court | 10:08:09 |
| 16 | and perhaps get more discovery as you | 10:08:11 |
| 17 | put in the order or perhaps argue that | |
| 18 | waiver is appropriate and that all | 10:08:14 |
| 19 | those options are available as | 10:08:16 |
| 20 | indicated in the cases cited in our | 10:08:17 |
| 21 | briefs and that your order wasn't meant | 10:08:22 |
| 22 | to foreclose the possibility of | 10:08:24 |
| 23 | consequences beyond just reopening | 10:08:26 |
| 24 | discovery in the event that defense is | 10:08:27 |
| 25 | later raised. | |

Page 10

| | | |
|---|---|---|
| 1 | So I don't think it's valuable to | 10:08:29 |
| 2 | debate now what the consequences could | 10:08:32 |
| 3 | be and I understand the defendants may | 10:08:34 |
| 4 | argue that the case law doesn't say | 10:08:36 |
| 5 | that there could be a waiver but I want | 10:08:38 |
| 6 | to at least make sure that that issue | 10:08:40 |
| 7 | is preserved and that nobody is | 10:08:42 |
| 8 | operating under the assumption that | 10:08:44 |
| 9 | waiver is definitively off the table if | 10:08:44 |
| 10 | the case law permits it. | 10:08:47 |
| 11 | We ask today that we get | 10:08:49 |
| 12 | clarification in the sense that you let | 10:08:52 |
| 13 | the defendant know that in the event | 10:08:54 |
| 14 | they raise it later, the plaintiffs | 10:08:57 |
| 15 | have the right to seek any and all | 10:08:57 |
| 16 | remedies available under the law and | 10:09:01 |
| 17 | that the only remedy is not going to be | 10:09:01 |
| 18 | just extending discovery. | 10:09:05 |
| 19 | SPECIAL MASTER:  All right.  Who | 10:09:06 |
| 20 | would like to speak on behalf of the | 10:09:08 |
| 21 | defendants? | 10:09:10 |
| 22 | MR. PEPPERMAN:  This is Rick | 10:09:12 |
| 23 | Pepperman for Goldman Sachs.  I will | 10:09:14 |
| 24 | briefly.  I don't know whether anyone | 10:09:17 |
| 25 | else has anything to add on this issue. | 10:09:19 |

Page 11

| | | |
|---|---|---|
| 1 | I do think, however, that this is | 10:09:21 |
| 2 | really a nonissue.  At the outset let | 10:09:24 |
| 3 | me state categorically at least on | 10:09:29 |
| 4 | behalf of my clients, that there is no | 10:09:33 |
| 5 | intent here at all or no plan at all | 10:09:35 |
| 6 | here to sandbag the plaintiffs and wait | 10:09:38 |
| 7 | until the eve of trial or summary | 10:09:43 |
| 8 | judgment briefing or some later time to | 10:09:47 |
| 9 | assert a defense of reliance on the | 10:09:50 |
| 10 | advice of counsel. | 10:09:54 |
| 11 | As we've said before, the | 10:09:56 |
| 12 | defendants have not yet asserted such a | 10:09:57 |
| 13 | defense and at present do not intend to | 10:10:01 |
| 14 | assert such a defense.  You know, in | 10:10:04 |
| 15 | terms of clarification of Special | 10:10:08 |
| 16 | Master's order, you know, when Mr. | 10:10:13 |
| 17 | Rosenwasser raised this issue with us, | 10:10:15 |
| 18 | I think our only response was that from | 10:10:18 |
| 19 | our perspective, we thought that the | 10:10:21 |
| 20 | order was clear. | 10:10:23 |
| 21 | On page 11 it states, the defense | 10:10:25 |
| 22 | of reliance on advice of counsel is not | 10:10:31 |
| 23 | an affirmative defense and, therefore, | 10:10:33 |
| 24 | may be asserted at a later time with | 10:10:36 |
| 25 | the cites 08(c) and the relevant | 10:10:38 |

Page 12

| | | |
|---|---|---|
| 1 | Georgia analog; however, if defendants | 10:10:41 |
| 2 | later elect to assert the defense of | 10:10:46 |
| 3 | reliance on advice of counsel in this | 10:10:49 |
| 4 | action, then the Special Master will | 10:10:51 |
| 5 | authorize plaintiff's to conduct | 10:10:53 |
| 6 | narrowly held discovery as to that | 10:10:56 |
| 7 | later asserted defense. | 10:10:58 |
| 8 | Our view was and is that the order | 10:11:00 |
| 9 | is clear and doesn't require | 10:11:02 |
| 10 | clarification. | 10:11:03 |
| 11 | SPECIAL MASTER:  All right.  Thank | 10:11:05 |
| 12 | you.  Does anyone else wish to be heard | 10:11:08 |
| 13 | on that point? | 10:11:09 |
| 14 | MR. ROSENWASSER:  Mr. Fellows, | 10:11:15 |
| 15 | Steven Rosenwasser.  I think one | 10:11:16 |
| 16 | additional fact might be useful.  We | 10:11:17 |
| 17 | served the interrogatories that you had | 10:11:20 |
| 18 | mentioned in the hearing asking the | 10:11:21 |
| 19 | defendants whether or not they intended | 10:11:23 |
| 20 | to raise a good faith reliance on | 10:11:24 |
| 21 | counsel defense. | 10:11:28 |
| 22 | And each of the defendants did | 10:11:29 |
| 23 | state as Mr. Pepperman indicated that | 10:11:31 |
| 24 | they don't currently intend on raising | 10:11:31 |
| 25 | it but none of them were willing to say | 10:11:33 |

Page 13

| | | |
|---|---|---|
| 1 | in their response that they'll never | 10:11:36 |
| 2 | raise it. | 10:11:38 |
| 3 | So they continue to leave the door | 10:11:38 |
| 4 | open that it was a possibility later | 10:11:41 |
| 5 | on, which is one of the reasons we | 10:11:42 |
| 6 | followed up with an inquiry and for | 10:11:44 |
| 7 | basically the same position we've | |
| 8 | always been in which is they say we're | 10:11:46 |
| 9 | not doing it now but we're reserving | 10:11:48 |
| 10 | the right to do it later. | 10:11:51 |
| 11 | SPECIAL MASTER:  All right.  Why | 10:11:52 |
| 12 | don't -- we'll take this approach. | 10:11:58 |
| 13 | Rather than me giving a ruling on each | 10:12:00 |
| 14 | point, I'd like to go through all of | 10:12:05 |
| 15 | these points and I may at the | 10:12:07 |
| 16 | conclusion of this conference try to | 10:12:11 |
| 17 | give you immediate rulings on certain | 10:12:13 |
| 18 | of these points or may say that we'll | 10:12:16 |
| 19 | bundle them all together in another | 10:12:21 |
| 20 | written order, which I would be able to | 10:12:24 |
| 21 | issue by Monday of next week. | 10:12:27 |
| 22 | I'm going to be out of the office | 10:12:31 |
| 23 | tomorrow and while I'll have my | 10:12:32 |
| 24 | computer with me, I won't be able to | 10:12:36 |
| 25 | work on this case tomorrow.  I'll have | 10:12:38 |

Page 127

```
 1        and who have made voluntarily the        12:05:37
 2        choice to have their records and their   12:05:39
 3        information as well as their trading     12:05:41
 4        kept by Mr. Scott.                       12:05:43
 5             It would be the same thing as if    12:05:46
 6        Morgan Stanley said when asked for data  12:05:48
 7        that it gets from a vendor that because  12:05:50
 8        the data is at a vendor, Morgan Stanley  12:05:54
 9        shouldn't have to bear the cost of       12:05:59
10        making the production.                   12:06:03
11             MR. ROSENWASSER:  We've given them  12:06:04
12        all the documents so I'm not sure what   12:06:05
13        they're referring to.  We're talking     12:06:06
14        about the cost of Chester's personal     12:06:07
15        e-mails.                                 12:06:10
16             MR. WISE:  Through the use of the   12:06:13
17        search terms, we are limiting that to    12:06:14
18        only the items that relate to this case  12:06:16
19        and the trading that he did for the      12:06:21
20        plaintiffs in this case.                 12:06:23
21             MR. ROSENWASSER:  I'm happy to      12:06:25
22        brief all this.  I don't know how much   12:06:27
23        Mr. Fellows wants to hear on this.       12:06:29
24             SPECIAL MASTER:  You can each do    12:06:32
25        it by e-mail or in a Word document.      12:06:33
```

Page 128

| | | |
|---|---|---|
| 1 | You won't be prejudiced if you choose | 12:06:36 |
| 2 | to do it by e-mail as to this cost | 12:06:38 |
| 3 | issue, too.  So I'll incorporate that | 12:06:42 |
| 4 | into the order that I'll get out by | 12:06:46 |
| 5 | Monday, April 11th. | 12:06:49 |
| 6 | So let me tell you what I'm going | 12:06:52 |
| 7 | to rule upon verbally now that the | 12:06:55 |
| 8 | Court Reporter is recording and will | 12:06:59 |
| 9 | memorialize these rulings in the | 12:07:05 |
| 10 | written order Monday.  Then I'll tell | 12:07:06 |
| 11 | you what I cannot rule upon yet. | 12:07:08 |
| 12 | First of all, with respect to item | 12:07:11 |
| 13 | one, clarification on our initial order | 12:07:13 |
| 14 | with respect to the good faith reliance | 12:07:18 |
| 15 | on counsel defense, I find that there | 12:07:20 |
| 16 | is no need to clarify or elaborate on | 12:07:24 |
| 17 | our initial order with respect to that | 12:07:30 |
| 18 | defense. | 12:07:33 |
| 19 | My order speaks for itself as to | 12:07:35 |
| 20 | what I think is the appropriate remedy | 12:07:38 |
| 21 | in the event that the defendants decide | 12:07:41 |
| 22 | to assert the defense of reliance on | 12:07:45 |
| 23 | counsel.  So I'm not going to change my | 12:07:50 |
| 24 | ruling or modify it in any respect. | 12:07:54 |
| 25 | As to item two, a date certain for | 12:07:58 |