# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

```
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
TASER INTERNATIONAL, INC., et al.,           :
                                             :
              Plaintiffs,                    :
                                             :
       v.                                    :    CIVIL ACTION NO:
                                             :    1:10-CV-03108-JEC
MORGAN STANLEY & CO., INC., et al.,          :
                                             :
              Defendants.                    :
                                             :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
```

## DEFENDANTS' RESPONSE TO PLAINTIFFS' OBJECTIONS TO ITEM ONE OF THE THIRD ORDER OF SPECIAL MASTER DATED APRIL 14, 2011

Richard H. Sinkfield, Esq.
Georgia Bar No. 649100
rsinkfield@rh-law.com
Dan F. Laney III Esq.
dlaney@rh-law.com
Georgia Bar No. 435290
ROGERS & HARDIN LLP
2700 International Tower
229 Peachtree St., NE
Atlanta, Georgia  30303
Phone:  (404) 522-4700
Fax:  (404) 525-2224

May 5, 2011

## TABLE OF CONTENTS

*Page*

PRELIMINARY STATEMENT ...................................................................................1

BACKGROUND ..........................................................................................................2

      A.    Defendants Have Not Asserted a "Reliance on Counsel" Defense ..................................................................................................2

      B.    Plaintiffs Have Sought to Invade Privileged Communications Premised on an Unasserted "Reliance on Counsel" Defense ...............3

      C.    The Special Master Denied Plaintiffs' Motion ...................................5

ARGUMENT ................................................................................................................6

      A.    The Special Master Correctly Held That Reliance on Counsel Is Not an Affirmative Defense That Is Waived Unless Asserted at This Time ...........................................................................................6

      B.    The Special Master's Ruling Does Not Prejudice Plaintiffs ...............10

CONCLUSION ...........................................................................................................12

## TABLE OF AUTHORITIES

*Page(s)*

**CASES**

*Am. Int'l Airways, Inc.* v. *Am. Int'l Group, Inc.*,
   1991 WL 255661 (E.D. Pa. Nov. 14, 1991) ....................................................... 9

*Clemco Indus.* v. *Commercial Union Ins. Co.*,
   665 F. Supp. 816 (N.D. Cal. 1987) ................................................................. 8

*Cox* v. *Admin. U.S. Steel & Carnegie*,
   17 F.3d 1386 (11th Cir. 1994) ........................................................................ 9

*Denton* v. *United States*,
   No. Civ. A. 1:04-CV-3285, 2006 WL 358273 (N.D. Ga. Feb. 15, 2006) ...... 7, 11

*Dorr-Oliver, Inc.* v. *Fluid-Quip, Inc.*,
   834 F. Supp. 1008 (N.D. Ill. 1993) .................................................................. 9

*Echometer Co.* v. *Lufkin Indus., Inc.*,
   2002 WL 87323 (N.D. Tex. Jan. 16, 2002) ..................................................... 9

*Estes* v. *Health Ventures of S. Ill.*,
   No. 05-741-DRH, 2006 U.S. Dist. LEXIS 80719 (S.D. Ill. Nov. 3, 2006) ........ 9

*Oak Lane Printing & Letter Serv., Inc.* v. *All. Mutual Ins. Co.*,
   No. 04-3301, 2007 U.S. Dist. LEXIS 42923 (E.D. Pa. June 13, 2007) ........... 9

*Oakley, Inc.* v. *Bugaboos*,
   2010 U.S. Dist. LEXIS 123976 (S.D. Cal. Nov. 23, 2010) ............................... 8

*SmithKline Beecham Corp.* v. *Apotex Corp.*,
   No. 99-CV-4304, 2005 U.S. Dist. LEXIS 22228 (E.D. Pa. Sept. 28,
   2005) .............................................................................................................. 9

*Square D Co.* v. *E.I. Elecs., Inc.*,
   264 F.R.D. 385 (N.D. Ill. 2009) ..................................................................... 10

# TABLE OF AUTHORITIES
## (continued)

*Page(s)*

*United States* v. *Bilzerian*,
  926 F.2d 1285 (2d Cir. 1991) ............................................................................. 9

*United States* v. *Exxon Corp.*,
  94 F.R.D. 246 (D.D.C. 1981) ............................................................................. 9

*United States* v. *Peterson*,
  101 F.3d 375 (5th Cir. 1996) ............................................................................. 8

*United States* v. *Stevens*,
  No. RWT 10cr0694, 2011 WL 1033707 (D. Md. Mar. 23, 2011) ....................... 8

*Vishay Dale Elecs., Inc.* v. *Cyntec Co.*,
  2008 U.S. Dist. LEXIS 94492 (D. Neb. Nov. 6, 2008), *objection
  overruled by*, 2008 U.S. Dist LEXIS 103560 (D. Neb. Dec. 23, 2008) ............. 11

*Wright Assocs* v. *Rieder*,
  247 Ga. 496, 277 S.E.2d 41 (1981) .................................................................... 7

**STATUTES**

O.C.G.A. § 9-11-8(c) ................................................................................................ 7

**OTHER AUTHORITIES**

Federal Rule of Civil Procedure 8(c) ......................................................................... 7

**PRELIMINARY STATEMENT**

In their Objections to Item One of the Third Order of Special Master Dated April 14, 2011 (the "Objections"), filed April 21, 2011, Plaintiffs asked Special Master Henry Fellows, and now ask this Court, to adjudicate a discovery dispute entirely of Plaintiffs' making, based on a defense that Defendants have never asserted but that Plaintiffs hypothesize that Defendants might someday assert in the future.

Plaintiffs demand that Defendants choose between (1) deciding now that they will assert that they relied in good faith on advice of counsel (thus permitting discovery into Defendants' privileged communications), or (2) forever waiving their right to assert that they relied in good faith on counsel.

The Special Master correctly held that "[t]he defense of reliance on advice of counsel is not an affirmative defense and therefore may be asserted at a later time."  (Order of Special Master [Docket No. 216], dated Feb. 7, 2011, at 11 ("February 7 Order"))  This ruling comports with applicable law that good-faith reliance on advice of counsel is not an affirmative defense that must be timely asserted by a defendant or else waived, but instead is evidence negating the intent element of a claim for which Plaintiffs bear the burden of proof.

The Special Master's ruling also assures that Plaintiffs will suffer no possible prejudice. The Special Master held that "if Defendants later elect to assert [this] defense, then the Special Master will authorize Plaintiffs to conduct narrowly tailored discovery as to that later asserted defense." (February 7 Order at 11) Accordingly, *if* and when Defendants assert a reliance-on-counsel defense, Plaintiffs will be entitled to appropriate discovery on that topic. The Special Master's decision to adjourn discovery on a hypothetical defense that Defendants have never asserted (and may never assert) was certainly not an abuse of discretion. The Special Master's ruling should thus be summarily affirmed.

## BACKGROUND

**A.     Defendants Have Not Asserted a "Reliance on Counsel" Defense.**

At no point in this litigation have Defendants stated that they intend to assert as a defense that they acted in good-faith reliance on counsel. Rather, each Defendant's Answer states, among other things, that it is not liable because it acted

in good faith in conformity with the regulatory scheme promulgated under federal law by the SEC and other securities regulators.[1]

In so stating, Defendants' Answers say *nothing* about reliance on advice of counsel. Plaintiffs recognize as much, agreeing that Defendants have never asserted a reliance of counsel defense and instead describing it as a "*potential defense*." (Objections at 1 (emphasis added); *see also* Objections at 17 (requesting relief "*if* a Defendant *later asserts* a good-faith-reliance-on-counsel-defense") (emphasis added))

B.  **Plaintiffs Have Sought to Invade Privileged Communications Premised on an Unasserted "Reliance on Counsel" Defense.**

Plaintiffs—not Defendants—first raised "reliance on counsel" as a hypothetical defense. In an e-mail dated May 20, 2010, Plaintiffs' counsel demanded "'yes' or 'no' answer[s]" to a series of questions ostensibly requiring Defendants to take positions on such matters as whether they would ever "contend that you acted in good faith reliance on any advice, input or other information you received from any in-house attorney or outside counsel." (Pls. Exh. 5A, E-Mail

---

[1] *See, e.g.*, Exhibit 4 to Objections ("Pls. Exh."), Morgan Stanley's Answer to Sixth Am. Compl. at 21 ("[Defendant] is not subject to liability . . . because it acted in good faith in conformity with the rules, regulations and pronouncements of the SEC and the National Association of Securities Dealers. . . ."); Pls. Exh. 1, Merrill Lynch's Answer to Sixth Am. Compl. at 25 (same); Pls. Exh. 2, Goldman Sachs' Answer to Sixth Am. Compl. at 24 (same); Pls. Exh. 3, Banc of America's Answer to Sixth Am. Compl. at 24 (same).

from Steven Rosenwasser to Defendants' Counsel, dated May 20, 2010)  Plaintiffs'

e-mail was unprompted by any indication from Defendants that they intended to

assert such a defense.

Defendants responded to the demand in Plaintiffs' e-mail that such questions

were "premature."[2]  (Pls. Exh. 5B, E-Mail from Jeffrey Gould to Steven

Rosenwasser, dated June 2, 2010)  In response, Plaintiffs filed a motion seeking to

"compel Defendants to produce documents related to their affirmative defense of

good-faith reliance" (based on Defendants' supposedly having waived the

attorney-client privilege by declining to agree to Plaintiffs' request) "or, in the

alternative, to strike that defense."  (Pls. Exh. 5, Motion to Compel Defendants to

Produce Documents Related to Their Affirmative Defense of Good-Faith Reliance

or, in the Alternative, To Strike That Defense, filed June 4, 2010 ("Pls. Mot."), at

1)  Plaintiffs demanded that, unless Defendants agree to produce their privileged

communications, Defendants should be permanently barred "from ever introducing

any evidence or testimony involving any reliance upon or advice, input or other

---

[2]  Although not providing the demanded "yes or no" responses to Plaintiffs' questions, Defendants have unequivocally represented to the Special Master that "there is . . . no plan at all here to . . . wait until the eve of trial or summary judgment or some later time to assert a defense of reliance on the advice of counsel.  As we've said before, the Defendants have not yet asserted such a defense and at present do not intend to assert such a defense." (Pls. Exh. 12, Apr. 7, 2011 Hr'g Tr. at 11:4-14)

4

information from any in-house attorney . . . or outside counsel." (Pls. Exh. 5, Pls. Mot. at 14)  The parties fully briefed Plaintiffs' motion (Pls. Exhs. 5–7), and the Special Master heard argument on January 28, 2011.[3]

### C. The Special Master Denied Plaintiffs' Motion.

On February 7, 2011, the Special Master denied Plaintiffs' Motion. The Special Master found that "Defendants have not asserted the defense of reliance on advice of counsel in this action." (February 7 Order at 11)  Rejecting Plaintiffs' theory that Defendants were obligated either to assert the defense now or forever waive the defense, the Special Master correctly held that "[t]he defense of reliance on counsel is not an affirmative defense and therefore may be asserted at a later time." (*Id.*)  In response to Plaintiffs' contention that they could possibly be prejudiced in the hypothetical event that Defendants assert the defense in the future, the Special Master held that "if Defendants later elect to assert the defense of reliance on advice of counsel in this action, then the Special Master will authorize Plaintiffs to conduct narrowly tailored discovery as to that later asserted defense." (*Id.*)

---

[3] On January 31, 2011, Plaintiff David Batchelor served a set of self-styled "Interrogatories and Requests for Production of Documents Related to Good Faith Reliance on Counsel Defense" (notwithstanding that, as Plaintiffs apparently now concede, no Defendant had ever asserted a "reliance on counsel defense"). (Pls. Exh. 8)

5

At an April 7, 2011 hearing, Plaintiffs requested that the Special Master "clarify" his February 7 Order and that Plaintiffs be permitted to argue in the future that the defense had been "waived" and to seek other remedies besides "extending discovery." (Pls. Exh. 12, Apr. 7, 2011 Hr'g Tr. at 9:18, 10:17-18) On April 14, 2011, the Special Master reiterated his ruling and denied Plaintiffs' request for "clarification." (Third Order of Special Master [Docket No. 298], dated Apr. 14, 2011 ("April 14 Order") at 3)

Plaintiffs subsequently filed their Objections with this Court. In their Objections, Plaintiffs no longer seek the relief requested in their original motion, but instead demand entry of "an Order providing that if a Defendant later asserts a good-faith-reliance-on-counsel defense, Plaintiffs are entitled to seek all available remedies including, but not limited to, a determination by this Court that Defendants have waived the defense." (Objections at 17–18)

## ARGUMENT

**A.   The Special Master Correctly Held That Reliance on Counsel Is Not an Affirmative Defense That Is Waived Unless Asserted at This Time.**

As the Special Master recognized, and as Plaintiffs now concede, Defendants to date have not asserted reliance on counsel as a defense in this action. Because reliance on counsel is not an affirmative defense, Defendants were not obligated to assert (or waive) this defense in their Answers to the Complaint, and

6

they were similarly not obligated to assert (or waive) this defense in response to an e-mail demand from Plaintiffs' counsel.[4]

Because reliance-on-counsel is not an affirmative defense, Defendants were not—and are not now—required under governing federal law to assert a reliance-on-counsel defense in order to preserve the right to raise that defense at a later time. Federal Rule of Civil Procedure 8(c) provides that "[i]n responding to a pleading, a party must affirmatively state any avoidance or affirmative defense," and sets forth a list of such "avoidance or affirmative defenses." This list does not include advice of counsel.[5] Fed. R. Civ. P. 8(c). Indeed, Plaintiffs concede that "as a general matter, defenses other than those enumerated in Rule 8(c) of the

---

[4] Although any findings of law or fact by the Special Master are reviewed *de novo*, "[o]bjections to a ruling by the Special Master on a procedural matter may be set aside only for abuse of discretion." (Order Appointing Special Master [Docket No. 63-4], dated Sept. 15, 2010, at 5)  "[D]iscovery timing and methods are procedural matters." *Denton* v. *United States*, No. Civ. A. 1:04-CV-3285, 2006 WL 358273, at *2 (N.D. Ga. Feb. 15, 2006) (Vining. J.).

The standard of review set forth in the Order Appointing Special Master (¶ 8.a) entered by the State Court of Fulton County is the same as that in the Federal Rule of Civil Procedure 53(f)(3)-(5). That Order remains in full force and effect. (Order [Docket No. 139], dated Dec. 17, 2010)

[5] The result would be the same under Georgia law. O.C.G.A. § 9-11-8(c) requires parties to "set forth affirmatively" their defenses in "pleading to a preceding pleading," and provides an exclusive list of affirmative defenses that a party must assert to avoid waiver, which does not include advice-of-counsel. It is well-established that a party is not required to plead a defense not explicitly set forth in § 9-11-8(c) and, therefore, does not waive other defenses by not pleading them. *See Wright Assocs*. v. *Rieder*, 247 Ga. 496, 500, 277 S.E.2d 41, 44 (1981).

7

Federal Rules can be asserted until the filing of the pretrial order." (Objections at 11)

"[G]ood faith reliance on the advice of counsel" is "simply a means of demonstrating good faith and represents possible evidence of an absence of any intent to defraud." *United States* v. *Peterson*, 101 F.3d 375, 381 (5th Cir. 1996). Accordingly, because "[a]dvice of [c]ounsel is [n]ot an [a]ffirmative [d]efense," Defendants are not obligated to plead or otherwise assert this "defense" in order to avoid waiver. *United States* v. *Stevens*, No. RWT 10cr0694, 2011 WL 1033707, at *8 (D. Md. Mar. 23, 2011); *see also Oakley, Inc.* v. *Bugaboos*, 2010 U.S. Dist. LEXIS 123976, at *11–12 (S.D. Cal. Nov. 23, 2010) (just because "'advice of counsel defense' contains the word defense . . . does not an affirmative defense make"); *Clemco Indus.* v. *Commercial Union Ins. Co.*, 665 F. Supp. 816, 830 (N.D. Cal. 1987) (observing in *dicta* "the defense of reliance on counsel is not an affirmative defense under the Federal Rules of Civil Procedure so as to require affirmative pleading").

Plaintiffs contend that "reliance on advice of counsel . . . is different from other defenses because of its attendant privilege waiver," but none of the cases they cite set forth any "uniform[ ] require[ment]" that the defense must be raised by a time certain. (Objections at 11–12 n.10, 15) Rather, these cases stand for the

8

unremarkable proposition that, as a matter of fairness, a defendant should not be able to refuse discovery into privileged communications *and* yet raise reliance on counsel at trial.  Courts have taken varied approaches to address that issue.[6]  *See*, *e.g.*, *United States* v. *Bilzerian*, 926 F.2d 1285, 1291, 1293 (2d Cir. 1991) (criminal defendant could not assert that he believed his conduct was lawful without subjecting himself to cross-examination on attorney-client communications); *Am. Int'l Airways, Inc.* v. *Am. Int'l Group, Inc.*, 1991 WL 255661 at *2 (E.D. Pa. Nov. 14, 1991) (granting motion to compel discovery where defendants had already asserted a reliance on counsel defense); *Cox* v. *Admin. U.S. Steel & Carnegie*, 17 F.3d 1386, 1419 (11th Cir. 1994) (same); *Echometer Co.* v. *Lufkin Indus., Inc.*, 2002 WL 87323 (N.D. Tex. Jan. 16, 2002) (same); *United States* v. *Exxon Corp.*, 94 F.R.D. 246, 249 (D.D.C. 1981) (same); *Dorr-Oliver, Inc.* v. *Fluid-Quip, Inc.*, 834 F. Supp. 1008, 1012 (N.D. Ill. 1993) (declining to reopen discovery because of plaintiffs' delay in bringing motion and instead precluding defendants from

---

[6] The mere use of the words "good faith" in a defense "does not automatically place reliance on the advice of counsel at issue."  *See SmithKline Beecham Corp.* v. *Apotex Corp.*, No. 99-CV-4304, 2005 U.S. Dist. LEXIS 22228, at *12 (E.D. Pa. Sept. 28, 2005); *see also Oak Lane Printing & Letter Serv., Inc.* v. *All. Mutual Ins. Co.*, No. 04-3301, 2007 U.S. Dist. LEXIS 42923, at *9 (E.D. Pa. June 13, 2007). Similarly, a party's assertion that it was in good-faith compliance with applicable rules and regulations does not put advice of counsel at issue.  *See Estes* v. *Health Ventures of S. Ill.*, No. 05-741-DRH, 2006 U.S. Dist. LEXIS 80719, at *10-11 (S.D. Ill. Nov. 3, 2006) (defendant did not waive attorney-client privilege by including as defense in its answer that it made good-faith efforts to comply with federal and state anti-retaliation laws).

asserting advice-of-counsel defense for first time in their summary judgment papers).

Plaintiffs quote an entire paragraph from *Square D Co.* v. *E.I. Elecs., Inc.*, 264 F.R.D. 385 (N.D. Ill. 2009), that points out the "absurd[ity]" of suggesting that a defendant "need not make its election concerning the advice-of-counsel defense until after [Plaintiff] has put on its case-in-chief at trial." (Objections at 14)  But Plaintiffs omit to point out the *Square D* Court's remedy:  reopening discovery. *Square D*, 264 F.R.D. at 389.  That is exactly what the Special Master has provided for in this case.  If Defendants ever assert a reliance-on-counsel defense, Plaintiffs will then be entitled to discovery under the Special Master's Order on that issue. (February 7 Order at 11; April 14 Order at 3)

**B.      The Special Master's Ruling Does Not Prejudice Plaintiffs.**

Plaintiffs argue that the Special Master's April 14 Order "will either materially prejudice Plaintiffs or substantially delay the case by forcing a reopening of discovery." (Objections at 15)  In fact, it will do neither.

The Special Master's Orders make explicit that "if Defendants later elect to assert the defense of reliance on advice of counsel in this action, then the Special Master will authorize Plaintiffs to conduct narrowly tailored discovery as to that later asserted defense." (February 7 Order at 11; *see also* April 14 Order at 3)

10

This ruling provides Plaintiffs with ample opportunity to obtain discovery but only *if and when* Defendants raise reliance-on-counsel as a defense—something they have no intent of doing at this time. To rule otherwise would have the effect of mutating "reliance on advice of counsel" into an affirmative defense and could lead to the anomalous outcome of defendants having "to provide discovery on a defense that they may or may not raise." *See Vishay Dale Elecs., Inc.* v. *Cyntec Co.*, 2008 U.S. Dist. LEXIS 94492, at *9 (D. Neb. Nov. 6, 2008), *objection overruled by*, 2008 U.S. Dist LEXIS 103560 (D. Neb. Dec. 23, 2008).

Nor does the Special Master's approach, as Plaintiffs contend, "substantially delay the case." (Objections at 15) Providing Plaintiffs with "narrowly tailored discovery" as to a single defense (should it ever be raised) should not cause material delay, and such a ruling certainly falls within the Special Master's broad discretion to adjudicate issues related to "discovery timing and methods." *Denton*, 2006 WL 358273, at *2.

## CONCLUSION

The Special Master's denial of Plaintiffs' motion fully complied with applicable law, and his ruling regarding the timing of potential discovery was not an abuse of discretion. The Special Master's Order should thus be affirmed.

Dated: May 5, 2011

                                            Respectfully Submitted,

                                            /s/ Richard H. Sinkfield
                                            Richard H. Sinkfield
                                            Georgia Bar No. 649100
                                            rsinkfield@rh-law.com
                                            Dan F. Laney III
                                            Georgia Bar No. 435290
                                            dlaney@rh-law.com

                                            *Attorneys for Defendants*

ROGERS & HARDIN LLP
2700 International Tower
Peachtree Center
229 Peachtree St., NE
Atlanta, Georgia  30303
Phone:  404 522-4700
Fax:  404 525-2224

12

# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

```
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
TASER INTERNATIONAL, INC., et al.,       :
                                         :
              Plaintiffs,                :
                                         :
         v.                              :   CIVIL ACTION NO:
                                         :   1:10-CV-03108-JEC
MORGAN STANLEY & CO., INC., et al.,      :
                                         :
              Defendants.                :
                                         :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
```

## CERTIFICATE OF SERVICE

I hereby certify that on May 5, 2011, I caused a copy of the foregoing **DEFENDANTS' RESPONSE TO PLAINTIFFS' OBJECTIONS TO ITEM ONE OF THE THIRD ORDER OF SPECIAL MASTER DATED APRIL 14, 2011** to be filed with the Clerk of Court using the CM/ECF system, which will automatically send notification of such filing to the following attorneys of record:

>Melissa Aoyagi, Esq.
>melissa.aoyagi@davispolk.com
>
>Robert L. Ashe, III, Esq.
>ashe@bmelaw.com
>
>Michael A. Caplan, Esq.
>caplan@bmelaw.com
>
>Justin J. DeCamp, Esq.
>decampj@sullcrom.com

Elizabeth G. Eager, Esq.
eager@bmelaw.com

Brad M. Elias, Esq.
belias@omm.com

Henry D. Fellows, Jr., Esq.
hfellows@fellab.com

Heather L. Fesnak, Esq.
heather.fesnak@cwt.com

John E. Floyd, Esq.
floyd@bmelaw.com

Andrew J. Frackman, Esq.
afrackman@omm.com

Mia N. Gonzalez, Esq.
mgonzalez@omm.com

Jason M. Halper, Esq.
Jason.Halper@cwt.com

Tracy Richelle High, Esq.
hight@sullcrom.com

Fraser L. Hunter, Jr., Esq.
fraser.hunter@wilmerhale.com

Nicole G. Iannarone, Esq.
iannarone@bmelaw.com

Peter Isajiw, Esq.
peter.isajiw@cwt.com

Brad E. Konstandt, Esq.
brad.konstandt@wilmerhale.com

Jeffrey A. Kopczynski, Esq.
jkopczynski@omm.com

Gregory A. Markel, Esq.
Greg.Markel@cwt.com

John G. McCarthy, Esq.
mccarthyj@sullcrom.com

Robin L. Nunn, Esq.
nunnr@sullcrom.com

Richard C. Pepperman, Esq.
peppermanr@sullcrom.com

Jill A. Pryor, Esq.
pryor@bmelaw.com

David M.J. Rein, Esq.
reind@sullcrom.com

Steven J. Rosenwasser, Esq.
rosenwasser@bmelaw.com

Abby F. Rudzin, Esq.
arudzin@omm.com

Robert F. Wise, Jr., Esq.
robert.wise@davispolk.com

Israel Dahan, Esq.
CADWALADER, WICKERSHAM
& TAFT LLP
One World Financial Center
New York, NY  10281

James W. Christian, Esq.
Gary M. Jewell, Esq.
CHRISTIAN, SMITH & JEWELL LLP
2302 Fannin, Suite 500
Houston, TX  77002

Andrew B. Clubok, Esq.
Daniel J. Gomez, Esq.
Jeffrey G. Landis, Esq.
Jeffrey M. Gould, Esq.
KIRKLAND & ELLIS LLP
655 Fifteenth Street, N.W.
Washington, DC  20005

Allen W. Burton, Esq.
Jacqueline V. Roeder, Esq.
O'MELVENY & MYERS LLP
Times Square Tower
7 Times Square
New York, NY  10036

3

Harry Frischer, Esq.
Stephen L. Ratner, Esq.
Brian L. Friedman, Esq.
PROSKAUER ROSE LLP
1585 Broadway
New York, NY  10036

Richard H. Klapper, Esq.
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, NY  10004-2498

Douglas F. Curtis, Esq.
J. David Zetlin-Jones, Esq.
WILMER CUTLER PICKERING
HALE AND DORR LLP
399 Park Avenue
New York, NY  10022

　　　　　　　　　　　　　　　　　　 /*s*/ Richard H. Sinkfield
　　　　　　　　　　　　　　　　　　Richard H. Sinkfield
　　　　　　　　　　　　　　　　　　Georgia Bar No. 649100
　　　　　　　　　　　　　　　　　　rsinkfield@rh-law.com