# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| TASER INTERNATIONAL, INC., *et al.*, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> MORGAN STANLEY & CO., INC., *et al.*, ) <br> ) <br> Defendants. ) <br> ) | Case No.: 1:10-cv-3108-JEC <br><br> [On removal from the State Court of Fulton County, Georgia Case No.: 2008-EV-004739-B] |

## NOTICE OF FILING

Pursuant to Federal Rule of Civil Procedure 45(b), Plaintiffs hereby give notice that a subpoena to produce documents has been served on Overstock.com, Inc. in which counsel has agreed to accept service. A true and correct copy of the subpoena is attached hereto as Exhibit A.

Respectfully submitted this 17th day of May, 2011.

                               */s/ Michael A. Caplan*
                               John E. Floyd
                               Georgia Bar No. 266413
                               floyd@bmelaw.com
                               Jill A. Pryor
                               Georgia Bar No. 589140
                               pryor@bmelaw.com
                               Steven J. Rosenwasser

Georgia Bar No. 614908
rosenwasser@bmelaw.com
Nicole G. Iannarone
Georgia Bar No. 382510
iannarone@bmelaw.com
Michael A. Caplan
Georgia Bar No. 601039
caplan@bmelaw.com
Elizabeth G. Eager
Georgia Bar No. 644007
eager@bmelaw.com
Robert L. Ashe
Georgia Bar No. 208077
ashe@bmelaw.com
Bondurant, Mixson & Elmore, LLP
3900 One Atlantic Center
1201 West Peachtree Street, N.W.
Atlanta, Georgia 30309-3417
(404) 881-4100 Tel.
(404) 881-4111 Fax

James W. Christian
State Bar No. 04228700
jchristian@csj-law.com
Gary M. Jewell
State Bar No. 10664800
gjewell@csj-law.com
Christian, Smith & Jewell, LLP
2302 Fannin, Suite 500
Houston, Texas 77002
(713) 659-7617 Tel.
(713) 659-7641 Fax
(admitted *pro hac vice*)

Attorneys for Plaintiffs

# CERTIFICATE OF SERVICE

I hereby certify that on this day, a true and correct copy of the foregoing **NOTICE OF FILING** was electronically filed with the Clerk of Court using the Court's electronic filing system which will automatically send an email notification of such filing to the following attorneys of record who are registered participants in the Court's electronic notice and filing system:

**Attorneys for Defendants:**
Richard H. Sinkfield, Esq.
Dan F. Laney, III, Esq.
Kristina M. Jones, Esq.
Stefanie H. Jackman, Esq.
James W. Cobb, Esq.
Rogers & Hardin
2700 International Tower, Peachtree Center
229 Peachtree Street, N.E.
Atlanta, GA  30303-1601

**Attorneys for Banc of America Securities, LLC;
Merrill Lynch, Pierce, Fenner & Smith, Inc.; and Merrill Lynch
Professional Clearing Corporation:**
Andrew J. Frackman, Esq.
Brad Elias, Esq.
O'Melveny & Myers LLP
7 Times Square
New York, NY  10036

**Attorneys for Morgan Stanley & Co. Incorporated:**
Robert F. Wise, Jr., Esq.
William J. Fenrich, Esq.
Melissa T. Aoyagi, Esq.
Davis Polk & Wardwell LLP
450 Lexington Avenue
New York, NY  10017

**Attorneys for Goldman, Sachs & Co. and Goldman Sachs Execution & Clearing, L.P.:**
Richard C. Pepperman II, Esq.
Richard H. Klapper, Esq.
Tracy Richelle High, Esq.
Sullivan & Cromwell LLP
125 Broad Street
New York, NY  10004

**Attorneys for Deutsche Bank Securities Inc.:**
Heather L. Fesnak, Esq.
Peter J. Isajiw, Esq.
Gregory A. Markel, Esq.
Cadwalader Wickersham & Taft LLP
One World Financial Center
New York, NY  10281

**Attorneys for Credit Suisse Securities (USA), LLC.:**
Fraser L. Hunter, Jr., Esq.
Wilmer Cutler Pickering Hale & Dorr LLP
399 Park Avenue
New York, NY  10022

Further, I hereby certify that on this day, I caused to be served a true and correct copy of the foregoing by United States mail and electronic mail on:

880003.1

**Attorneys for Bear Stearns & Co., Inc. and Bear Stearns Securities Corp.:**
Stephen L. Ratner, Esq.
Harry Frischer, Esq.
Brian L. Friedman, Esq.
Proskauer Rose LLP
11 Times Square
New York, NY 10036-8299

**Attorneys for UBS Securities, LLC:**
Andrew B. Clubok, Esq.
Jeffrey G. Landis, Esq.
Daniel Gomez, Esq.
Kirkland & Ellis LLP
655 Fifteenth Street, N.W., Suite 1200
Washington, DC 20005-5793

This 17th day of May, 2011.

/s/ *Michael A. Caplan*
Michael A. Caplan
Georgia Bar No. 601039

EXHIBIT A

AO 88B (Rev. 01/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises

# UNITED STATES DISTRICT COURT
for the
District of Delaware

| TASER INTERNATIONAL, INC., et al | ) |
|---|---|
| *Plaintiff* | ) |
| v. | ) Civil Action No. 1:10-CV-03108-JEC |
| MORGAN STANLEY & CO., INC., et al | ) |
| | ) (If the action is pending in another district, state where: |
| *Defendant* | ) Northern District of Georgia |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES

To: OVERSTOCK.COM, INC., The Corporation Trust Co.,1209 Orange Street, Wilmington, DE 19801
c/o Jonathan Sommer, Stein & Lubin LLP, 600 Montgomery Street, 14th Floor, San Francisco, CA 94111

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material: Copies of all documents you have received from any defendant or its agent in Overstock.com, Inc., et al v. Morgan Stanley & Co., et al, No. CGC-07-460147 (Sup. Ct. of Cal., County of San Francisco), since your last production of documents to Plaintiffs in the above-captioned case.

| Place: Bondurant, Mixson & Elmore LLP<br>Suite 3900, 1201 W. Peachtree St. NW<br>Atlanta, Georgia 30309 | Date and Time:<br><br>06/03/2011 09:00 |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: 05/16/2011

CLERK OF COURT

OR _____
*Signature of Clerk or Deputy Clerk*       *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*
Plaintiff TASER International, Inc., et al , who issues or requests this subpoena, are:
Michael Caplan, caplan@bmelaw.com, 404-881-4100, Bondurant, Mixson & Elmore LLP, Suite 3900, 1201 W. Peachtree St. NW, Atlanta, Georgia 30309

AO 88B (Rev. 01/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises (Page 2)

Civil Action No. 1:10-CV-03108-JEC

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____
was received by me on *(date)* _____.

☐ I personally served the subpoena on the individual at *(place)* _____
_____ on *(date)* _____ ; or

☐ I left the subpoena at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,
on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the subpoena to *(name of individual)* _____ , who is
designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because _____ ; or

☐ other *(specify)*:


Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____     _____
                                    *Server's signature*

                         _____
                                 *Printed name and title*

                         _____
                                    *Server's address*

Additional information regarding attempted service, etc:

AO 88B (Rev. 01/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).