## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| TASER INTERNATIONAL, INC., et al., | ) | Case No.: 1:10-CV-03108-JEC |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | [On removal from the State |
| | ) | Court of Fulton County, |
| MORGAN STANLEY & CO., INC., et al., | ) | Georgia Case No.: |
| | ) | 2008-EV-004739-B] |
| Defendants. | ) | |
| | ) | |

### NOTICE OF FILING FOURTH ORDER OF SPECIAL MASTER

COMES NOW, Henry D. Fellows, Jr., in his capacity as Special Master appointed by Chief U.S. District Judge Julie E. Carnes by Order entered on December 17, 2010 [139], and hereby files the attached Fourth Order of Special Master which is being served electronically upon all counsel of record.

Respectfully submitted this 17th day of May, 2011.

FELLOWS LABRIOLA LLP

s/Henry D. Fellows, Jr.
Henry D. Fellows, Jr.
Georgia Bar No.: 216298
Fellows LaBriola LLP
Peachtree Center
225 Peachtree St., NE
Suite 2300 South Tower
Atlanta, Georgia 30303
(404) 586-9200 Telephone

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| TASER INTERNATIONAL, INC., et al., | ) | |
| | ) | Case No.: 1:10-CV-03108-JEC |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | [On removal from the State |
| | ) | Court of Fulton County, |
| MORGAN STANLEY & CO., INC., et al., | ) | Georgia Case No.: |
| | ) | 2008-EV-004739-B] |
| Defendants. | ) | |
| | ) | |

## FOURTH ORDER OF SPECIAL MASTER

The Special Master conducted telephonic hearings on April 18, 2011, April 27, 2011, May 9, 2011, and May 13, 2011, as to the following discovery issues which counsel to the parties requested the Special Master to address:

(1)    Modification of Second Order entered on March 17, 2011, regarding Plaintiffs' Motion to Compel the Production of Responsive Recordings from Defendants Merrill Lynch and Merrill Lynch Professional Clearing Corporation ("Merrill Pro") [152];

(2)    Clarification of Item No. 3 of the Third Order of Special Master as to the number of depositions which Plaintiffs and Defendants can take in the case;

(3)    Plaintiffs' Motion to Compel Regarding their Second Requests for Production to Defendant Merrill Pro [171]; and

(4)    Defendants' Subpoena directed to Non-Party Chester Scott III.

Based upon the oral arguments presented during the telephonic hearings and the written memoranda which counsel provided to the undersigned by e-mail and other correspondence, the Special Master issues the following rulings:

As to Item No. 1, the Special Master modifies Page 8 of the Second Order of Special Master to increase the permitted cost of the transcripts to an amount not to exceed $130,000, which will be split equally (50/50 basis) between Plaintiffs and Merrill Pro. The prevailing party(ies) at the conclusion of the case may include their pro rata cost incurred as taxable costs. The Special Master also modifies Page 8 of the Second Order to increase the number of days from twenty days to thirty days for Merrill Pro to determine the responsiveness of the transcripts. The Special Master denies Plaintiffs' request to impose refinements as to how Merrill Pro is determining whether transcripts are responsive.

As to Item No. 2, the Special Master modifies Page 4 of the Third Order of Special Master to establish a specific limit on the number of depositions which Plaintiffs and Defendants can take, not including Fed. R. Civ. P. 30(b)(6) depositions or party depositions. Pursuant to Fed. R. Civ. P. 26(b)(2)(A) and Fed. R. Civ. P. 30(a)(2)(A), the Special Master finds that there is good cause to permit Plaintiffs and Defendants to take as many as forty-five (45) depositions apiece, not including Fed. R. Civ. P. 30(b)(6) depositions or party depositions.

As to Item No. 3, Plaintiffs' Motion to Compel Regarding their Second Requests for Production to Defendant Merrill Pro [171], the Special Master addressed this Motion in the Second Order of Special Master and directed counsel for the parties to continue their discussions in an effort to resolve this discovery dispute.   Counsel for the parties informed the Special Master that they made progress, but have reached an impasse.   They provided the Special Master with a chart of jurisdictional discovery proposals and responses which summarizes the status of their negotiations.

In ruling on Plaintiffs' Motion to Compel, the Special Master is attempting to balance Plaintiffs' need to conduct additional discovery against the substantial costs and expenses which Merrill Pro will incur in providing Plaintiffs with the additional discovery.   After review of all briefs, memoranda, and the chart of jurisdictional discovery proposals, the undersigned **GRANTS IN PART** Plaintiffs' Motion, **DENIES IN PART** Plaintiffs' Motion, and **DIRECTS** Plaintiffs and Defendant Merrill Pro to abide by the following resolution which uses the parties' chart as a framework for the specific rulings.   Merrill Pro shall provide the following additional discovery to Plaintiffs on or before Friday, June 10, 2011:

(1)   <u>Standardized Form used by Introducing Brokers:</u>   Merrill Pro has offered to provide a sample of the form and stipulate that Merrill Pro received a copy from the introducing brokers for each Georgia introduced account.   Plaintiffs have agreed to accept a sample of the form and consider Merrill Pro's stipulation offer.  The undersigned approves this proposed resolution of this issue.

(2)   <u>Contracts with Introduced Customers:</u>  Merrill Pro offered to produce all contracts with introduced customers in Georgia.  Plaintiffs proposed that the term "contract" should include "contracts, agreements, or other documents reflecting any term or condition under [which] Merrill Pro provides clearing or other services."  Merrill Pro has agreed to Plaintiffs' definition of "contract."  The undersigned approves this proposed resolution of this issue.

(3)   <u>Master Clearing Agreement:</u>  Merrill Pro has offered to stipulate that the Master Clearing Agreement that was produced to Plaintiffs governs Merrill Pro's relationship with introducing brokers.  Plaintiffs had expressed concern that the Agreement might have been different for different introducing brokers, but Merrill Pro has agreed to produce any versions of the Agreement which are different from those already produced which it can locate after a reasonable search. The undersigned approves this proposed resolution of this issue.

(4)   <u>Introduced Customer Account Statements:</u>  The undersigned declines to require Merrill Pro to produce copies of the account statements for the

approximately 570 introduced customer accounts due to the burden and expense of doing so, but directs Merrill Pro to produce a verified abstract or summary of the introduced customers' trading volume, commissions, and wire transfers to Plaintiffs.

(5)   Electronic Discovery:  The undersigned directs Merrill Pro to provide electronically stored information ("ESI") from the following four custodians:  (i) the Riverstar account representative; (ii) a Susquehanna account representative; (iii) a TJM account representative; and (iv) an OTR account representative.  The undersigned declines to require Merrill Pro to provide ESI from Knight Capital.

(6)   Advertising:  The undersigned directs Merrill Pro to provide Plaintiffs with a verified list of the trade journals or national trade publications in which Merrill Pro has advertised since 2003.  The undersigned declines to require Merrill Pro to provide a verified list of each year from 2003 through present when Merrill Pro advertised in each publication.

(7)   Terms of this Resolution:  In the event that the ESI searches by Merrill Pro reveal that Merrill Pro had communications regarding the introduced customers in Georgia or introduced accounts in Georgia, other than communications related to ministerial tasks, such as account openings and closings, the parties will meet and confer on the need for additional ESI searches. In the event that the ESI searches by Merrill Lynch do not reveal any

communications from, to, or within Merrill Pro regarding the introduced customers in Georgia or introduced accounts in Georgia, Plaintiffs will not be entitled to additional ESI searches as to the jurisdictional issue relating to Merrill Pro.

The Special Master **DENIES** Plaintiffs' request for attorneys' fees because Defendant Merrill Pro has presented legitimate, good faith reasons in opposition to the Motion which are substantially justified within the meaning of Fed. R. Civ. P. 37.

As to Item No. 4, Defendants issued a Subpoena to Non-Party Chester Scott III to testify at a deposition and to produce at the deposition the documents on Exhibit "A" to the Subpoena.  Mr. Scott is related by blood or marriage to approximately six of the Plaintiffs.  Plaintiffs' counsel were retained by Non-Party Scott, and they filed and served a Response and Objections to Defendants' Subpoena to Non-Party Scott.  The parties' dispute relates to the scope of the documents subpoenaed for production at the deposition of Mr. Scott.

At the telephonic hearing on May 9, 2011, counsel for the parties reported that they had resolved certain issues as to the deposition of Mr. Scott, but still have disagreements as to the scope of the documents to be produced by Mr. Scott at his deposition.  Counsel for Defendant Morgan Stanley stated that several of the Plaintiffs testified that Mr. Scott traded in their accounts, that Mr. Scott was authorized to make the trading decisions and execute trades on their behalf, that

Mr. Scott provided funds to several of the Plaintiffs to trade in Taser stock, that several Plaintiffs arranged for their account statements to be transmitted to Mr. Scott, that Mr. Scott communicated with Taser employees, and that Mr. Scott is the member of the Scott family who is most knowledgeable about the conduct at issue in this case.

There are nine categories of documents identified on Exhibit "A" to the Subpoena which relate generally to Mr. Scott's communications involving Taser, transactions involving Taser common stock and options, and Mr. Scott's communications involving the conduct at issue in this case. Mr. Scott objects to the request for documents showing Mr. Scott's holdings in Taser common stock and options for himself or others who are not actual Plaintiffs, and he also objects to other requests seeking documents evidencing communications or transactions which do not involve the Plaintiffs themselves. In response to Mr. Scott's objections, Defendants confirmed during the telephonic hearing that they are willing to remove the phrase "short selling" from Item No. 9 of the list of documents.

The Special Master declines to quash or modify the Subpoena issued to Non-Party Chester Scott III pursuant to Fed. R. Civ. P. 45, except for the deletion of the phrase "short selling" from Item No. 9 of the list of documents identified on Exhibit "A" to the Subpoena. Non-Party Scott has not demonstrated undue burden

within the meaning of Fed. R. Civ. P. 45(c)(3)(A)(iv), and the discovery sought by Defendants does not justify limitation pursuant to Fed. R. Civ. P. 26(b)(2)(C). Pursuant to Fed. R. Civ. P. 26(b)(1), "... the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claims or defense—including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. All discovery is subject to the limitations imposed by Rule 26(b)(2)(C)."

Finally, for the reasons expressed to counsel during the last telephonic hearing on May 13, 2011, the Special Master believes that it is advisable to extend the existing discovery deadlines and all other deadlines associated with the close of discovery by two months. Pursuant to the authority derived from Paragraph 2 of the original Order Appointing Special Master, the Special Master hereby **ORDERS** that the discovery deadlines and all other deadlines associated with the close of discovery shall be extended by two months. The new set of deadlines is displayed on the Calendar of Dates and Deadlines attached hereto as Exhibit "A,"

and is subject to further modification, depending upon the Court's Orders on pending non-discovery motions.

SO ORDERED, this 17th day of May, 2011.

Henry D. Fellows, Jr.
Georgia Bar No. 257825

FELLOWS LABRIOLA LLP
Peachtree Center, Suite 2300, South Tower
225 Peachtree Street, N.E.
Atlanta, GA 30303-1731
(404) 586-9200

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

TASER INTERNATIONAL, INC., et al.,   )
                                     )  Case No.: 1:10-CV-03108-JEC
       Plaintiffs,           )
                                     )
v.                                   )  [On removal from the State
                                   )  Court of Fulton County,
MORGAN STANLEY & CO., INC., et al.,  )  Georgia Case No.:
                                   )  2008-EV-004739-B]
                                   )
      Defendants.          )
_____)

## REVISED CALENDAR OF DATES AND DEADLINES

| | |
|---|---|
| Close of General Fact Discovery | 08/31/11 |
| Expert Witness Initial Designation Deadline | 09/12/11 |
| Motion to Compel (General Fact Discovery) | 09/15/11 |
| Expert Witness Rebuttal Designation | 10/11/2011 |
| Expert Depositions Deadline | 11/28/2011 |
| End of Expert Discovery Period | 11/28/2011 |
| Motion to Compel: Experts | 12/13/2011[1] |
| Dispositive Motions Deadline | 1/10/2012[2] |
| Response to Dispositive Motions | 2/27/2012[3] |

---

[1] Assumes Expert Discovery Closes at Expert Depositions Deadline
[2] Assumes Expert Discovery Closes at Expert Depositions Deadline
[3] Assumes Motion is Filed on Deadline Date

Exhibit "A"

| Pretrial Order | 1/10/2012[4] |
|---|---|
| Motions to Exclude Experts/Daubert Motions | 1/10/2012[5] |

---

[4] Assumes that No Dispositive Motions are Filed and Expert Discovery Closes at Expert Depositions Deadline
[5] Assumes Expert Discovery Closes at Expert Depositions Deadlines

## CERTIFICATE OF SERVICE

I hereby certify that I have on this day served the foregoing **Notice of Filing Fourth Order of Special Master** upon counsel of record via electronic mail and the CM/ECF filing system, which will also send email notification to all counsel of record.

This 17th day of May, 2011.

s/Henry D. Fellows, Jr.
Henry D. Fellows, Jr.
