IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

TASER INTERNATIONAL, INC., et al., )
 )  Case No.: 1:10-CV-03108-JEC
  Plaintiffs, )
 )
v. )  [On removal from the State
 )  Court of Fulton County,
MORGAN STANLEY & CO., INC., et al., )  Georgia Case No.:
 )  2008-EV-004739-B]
  Defendants. )
 )

## NOTICE OF FILING FIFTH ORDER OF SPECIAL MASTER

COMES NOW, Henry D. Fellows, Jr., in his capacity as Special Master appointed by Chief U.S. District Judge Julie E. Carnes by Order entered on December 17, 2010 [139], and hereby files the attached Fifth Order of Special Master which is being served electronically upon all counsel of record.

Respectfully submitted this 3rd day of June, 2011.

FELLOWS LABRIOLA LLP

s/Henry D. Fellows, Jr.
Henry D. Fellows, Jr.
Georgia Bar No.: 216298
Fellows LaBriola LLP
Peachtree Center
225 Peachtree St., NE
Suite 2300 South Tower
Atlanta, Georgia 30303
(404) 586-9200 Telephone

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

|  |  |  |
|---|---|---|
| TASER INTERNATIONAL, INC., et al., | ) | |
| | ) | Case No.: 1:10-CV-03108-JEC |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | [On removal from the State |
| | ) | Court of Fulton County, |
| MORGAN STANLEY & CO., INC., et al., | ) | Georgia Case No.: |
| | ) | 2008-EV-004739-B] |
| Defendants. | ) | |
| | ) | |

## FIFTH ORDER OF SPECIAL MASTER

The Fifth Order of Special Master addresses Plaintiffs' Motion to Compel
Production of Documents Improperly Withheld as Privileged or Alternatively, to
Appoint Special Master to Conduct an *in Camera* Review which was filed in the
Fulton County State Court on May 24, 2010.  In the First Order of Special Master
filed on February 7, 2011, the undersigned directed Defendants to transmit the
documents which are the subject of this Motion with accompanying privilege logs
to the Special Master so that he could evaluate the attorney-client privilege
assertions as to these documents.  Defendants fully complied with the Order by
providing the undersigned with electronic copies of documents, including
electronically stored information ("ESI"), and physical and electronic copies of
accompanying privilege logs.

1

During the months of March, April, May, and the first three days of June, 2011, the Special Master and two of his associates have conducted a thorough and comprehensive review of the more than 15,000 documents and accompanying attachments provided by the Defendants to determine whether the attorney-client privilege and/or work product doctrine have been properly asserted by Defendants. The Special Master has also carefully reviewed and considered Plaintiffs' Memorandum Relating to the Special Master's Review of Documents Designated as Privileged, Defendants' Response to Plaintiffs' Memorandum Relating to the Special Master's Review of Documents Designated as Privileged, Plaintiffs' Request for Review of Certain of Morgan Stanley's Redactions, and Morgan Stanley's Response to Plaintiffs' Request for Review of Certain of Morgan Stanley's Redactions in assessing and evaluating Defendants' assertions of attorney-client privilege and redactions of documents.

The Special Master has been guided by the following principles in evaluating Defendants' privilege assertions and redactions. Federal Rule of Evidence 501 states that "the privilege of a witness... shall be governed by the principles of the common law as they may be interpreted by the courts of the United States in light of reason and experience." The attorney-client privilege applies to communications between an attorney for a corporation and certain officers, directors, and other employees of a corporation, subject to certain

limitations, under federal common law and Georgia law. *Upjohn Co. v. United States,* 449 U.S. 383, 389-391 (1981); *Marriott Corp. v. American Academy of Psychotherapists, Inc.,* 157 Ga. App. 497, 277 S.E.2d 785 (1981). "The party asserting the attorney-client privilege bears the burden of demonstrating that the privilege applies." *Carpenter v. Mohawk Industries, Inc.,* 4:07-CV-0049-HLM, 2007 WL 5971741, at 9 (N.D. Ga. 2007), quoting *Abdallah v. Coca-Cola Co.,* 1:98-CV-03679-RWS, 2000 WL 33249254, at 2 (N.D. Ga. 2000); *Zielinski v. Clorox Co.,* 270 Ga. 38, 40 (1998); *McKesson Corp. v. Green,* 279 Ga. 95, 96 (2005) (burden of proving attorney-client privilege "lies on party claiming the privilege").

In reviewing the documents, including ESI, which are the subject of this Motion, the Special Master finds that Defendants have met their specific evidentiary burdens to justify their assertions of attorney-client privilege and work product doctrine as to an extremely high percentage of the documents which have been completely withheld from production and as to the documents which have been redacted. Defendants have met their burden "by an evidentiary showing based on competent evidence." *In re Mentor Corp. Obtape Transobturator Sling Prods. Liab. Litigation,* 632 F. Supp.2d 1370, 1379-80 (M.D. Ga. 2009). In reviewing Defendants' documents, the undersigned has carefully considered Plaintiffs' contentions as to Defendants' documents disclosed to regulators,

documents related to information disclosed to regulators, and documents prepared in response to regulations.   The undersigned has also assessed Defendants' privilege and redaction assertions based upon the principle that communications concerning business matters are not privileged and may not be withheld from discovery.   *United States v. Christou*, 2008 U.S. Dist. LEXIS 12498 (N.D. Ga. 2008).

The undersigned has adhered to the principle that "[n]either the attorney-client nor the work-product privilege can prevent the disclosure of underlying relevant facts." *Huff v. Huff*, 2006 U.S. Dist. LEXIS 57090, at *3 (N.D. Ga. 2006). The undersigned has also reviewed the documents based upon the principle that Defendants may not establish the applicability of the attorney-client privilege or work-product doctrine merely by noting that an attorney sent or received a document. *Bogle v. McClure*, 332 F.3d 1347, 1358 (11th Cir. 2003).

Furthermore, the Special Master has abided by the principle that documents disseminated to numerous employees cannot be deemed privileged absent a showing of "need to know." *Mentor Corp., supra*, 632 F. Supp.2d at 1380-1381; *Ga. Cash America, Inc. v. Strong*, 286 Ga. App. 405, 412 (2007).   The undersigned has specifically applied that standard to the documents sent by corporate employees to corporate attorneys employed by Defendants.   The undersigned has

applied all of the foregoing principles in evaluating Defendants' log entries for documents and attachments.

There is one category of documents which the undersigned declines to treat as privileged. That category consists of Defendants' logged communications with counsel for the Securities Industry and Financial Markets Association ("SIFMA"), formerly SIA. Defendants have cited cases from other federal courts which have held that "[c]ommunications between a trade association's counsel and its members can be privileged, provided the usual elements of the attorney-client privilege are satisfied." *See Robinson v. Texas Auto. Dealers Ass'n*, 214 F.R.D. 432, 438-40 (E.D. Tex. 2003); *In re Brand Name Prescription Drugs Antitrust Litig.*, 94 C 897, MDL 997, 1995 U.S. Dist. LEXIS 16523, at *17 (N.D. Ill. 1995). However, Defendants acknowledge that no courts in Georgia or the Eleventh Circuit have addressed this issue.

While the asserted privilege is analogous to the common interest privilege recognized by Georgia courts, *see McKesson Corp. v. Green*, 266 Ga. App. 157, 161 (2004), the undersigned believes that it is inappropriate for him to apply the attorney-client privilege to Defendants' communications with counsel for SIFMA in the absence of controlling Georgia or Eleventh Circuit case law. Accordingly, if Defendants wish to continue to assert the privilege as to those communications, they will need to do so by formally objecting to this component of the Order. The

SIFMA documents are identified in Exhibits "C," "D," "E," "F," and "G" to the Order.

The Special Master has also carefully reviewed the specific Morgan Stanley redactions which Plaintiffs have challenged as well as Defendant Morgan Stanley's responses to those challenges. The Special Master declines to address each of the challenges in the body of this Order, but notes that the undersigned has reviewed the subject documents and is directing Defendant Morgan Stanley to produce certain ESI, including e-mail chains, to Plaintiffs or "show cause" why they should not be produced to Plaintiffs.

Having carefully reviewed the documents, including ESI, and accompanying privilege logs provided by Defendants to the Special Master, the undersigned hereby **DIRECTS** Defendants to either: (1) produce to Plaintiffs within ten (10) days of this Order the documents listed on Exhibits "A" through "H" to this Order; or (2) "show cause" within ten (10) days of this Order why those documents should not be produced. Defendants may do so by supplementing the privilege log entries associated with those documents and providing the undersigned with the supplemental privilege log entries by June 13, 2011. The undersigned will then issue another Order as soon as practicable which will address those documents. Both Plaintiffs and Defendants can reserve their formal Objections to the undersigned's rulings on documents until after the issuance of the next Order.

SO ORDERED, this 3rd day of June, 2011.

Henry D. Fellows, Jr.
Georgia Bar No. 257825

FELLOWS LABRIOLA LLP
Peachtree Center, Suite 2300, South Tower
225 Peachtree Street, N.E.
Atlanta, GA  30303-1731
(404) 586-9200

7

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have on this day served the foregoing **Notice of Filing**

**Fifth Order of Special Master** upon counsel of record via electronic mail and the

CM/ECF filing system, which will also send email notification to all counsel of

record.

This 3rd day of June, 2011.

<u>s/Henry D. Fellows, Jr.</u>
Henry D. Fellows, Jr.
