IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| TASER INTERNATIONAL, INC., *et al.*, | |
| Plaintiffs, | Civil Case No. |
| v. | 1:10-CV-03108-JEC |
| MORGAN STANLEY & CO., INC., *et al.*, | |
| Defendants. | |

## DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO COMPEL THE PRODUCTION OF DOCUMENTS <u>RELATED TO PLAINTIFFS' CLAIM FOR ATTORNEYS' FEES</u>

Defendants Morgan Stanley & Co. Incorporated; Goldman, Sachs & Co.;

Goldman Sachs Execution & Clearing, L.P.; Merrill Lynch, Pierce, Fenner &

Smith, Inc.; and Banc of America Securities LLC submit this memorandum of law

in support of their motion to compel the production of documents sufficient to

show Plaintiffs' counsel's fee arrangement and the amount of attorneys' fees and

costs that Plaintiffs have incurred and/or paid to date in this litigation.

## PRELIMINARY STATEMENT

Plaintiffs have refused to produce documents or answer Defendants'

deposition questions concerning Plaintiffs' counsel's fee arrangement and the

amount of attorneys' fees that they have incurred and/or paid to date in this

litigation.  But because Plaintiffs have asserted a claim for attorneys' fees,

Plaintiffs have put these fees directly at issue, and numerous cases make clear that

Defendants are entitled to discovery on such fees, even before a decision on the

merits.  Plaintiffs should therefore be compelled to produce documents sufficient

to show the details of Plaintiffs' counsel's fee arrangement and the amount of

attorneys' fees that Plaintiffs have incurred and/or paid to date.

## BACKGROUND

**Plaintiffs Have Refused to Provide Discovery on Their Attorneys' Fee Arrangement or the Amount of Attorneys' Fees Incurred to Date on the Ground That Such Information Is Privileged.**

At multiple depositions, Defendants have asked Plaintiffs to describe the

details of their fee arrangement with Plaintiffs' counsel.[1]  On each occasion,

Plaintiffs' counsel instructed the witness not to answer on the basis that such

information is protected from disclosure by the attorney-client privilege.

At the September 8, 2010 deposition of Plaintiff Stephen Lisenby, for

example, Plaintiffs' counsel instructed him not to answer questions on this topic:

> Q.   What type of fee arrangement do you have with your lawyers?
> [PLAINTIFFS' COUNSEL]:    Object, calls for privileged information.  I'll instruct the witness not to answer.
> THE WITNESS:  Okay.

---

[1] *See* D. Batchelor Dep. Tr., Ex. A, at 134:4–135:5; D. Culver Dep. Tr., Ex. B, at 74:23–77:6; S. Lisenby Dep. Tr., Ex. C, at 231:6–232:6; J. Maj Dep. Tr., Ex. D, at 279:15–280:4.  "Ex." refers to the exhibits attached to the June 10, 2011 Declaration of Brad M. Elias (cited as "Elias Decl.") submitted herewith.

[DEFENSE COUNSEL]:   Could we ask your basis for that, please?

[PLAINTIFFS' COUNSEL]:   Our fee arrangement?  You're not entitled --

[DEFENSE COUNSEL]:   Basis for the claim that it's privileged.

[PLAINTIFFS' COUNSEL]:   Sure.   Our fee agreement is privileged information.  Do you have basis that it's not?

[DEFENSE COUNSEL]:   Yes.  You're seeking attorney's fees in the case; is that correct?

[PLAINTIFFS' COUNSEL]:   Correct, but I don't think that's discoverable now.  If and when there's a time and award, we can provide the information then.

(S. Lisenby Dep. Tr., Ex. C, at 231:6–232:2.)

The same instruction was given at the deposition of Plaintiff Donna Culver in response to inquiries regarding Plaintiffs' fee arrangement:

Q.   What type of fee arrangement do you have with your lawyers?

[PLAINTIFFS'   COUNSEL]:   Objection, attorney-client privilege.  I'll instruct the witness not to answer.

[DEFENSE COUNSEL]:  What's the basis for the claim that this is a question that invades the attorney-client privilege?

[PLAINTIFFS' COUNSEL]:   The agreement between us and what it is is privileged . . . .

(D. Culver Dep. Tr., Ex. B, 74:23–75:7.)

After Plaintiffs' counsel refused to permit the individual Plaintiffs to testify on the attorneys' fees issue, Defendants met and conferred with Plaintiffs' counsel and proposed that, in lieu of deposition testimony, Plaintiffs produce documents

sufficient to show the details of their fee arrangement and the amount of attorneys'

fees that have been incurred and/or paid to date in this litigation.  (*See* Elias Decl.

¶ 7.)  Plaintiffs refused this offer, however, and continue to assert that this

information is protected by the attorney-client privilege.  (*Id.*)

## ARGUMENT

**Plaintiffs Should Be Compelled to Produce Their Attorneys' Fee
Arrangement and Documents Sufficient to Show the Amount of Attorneys'
Fees and Costs Incurred to Date.**

Plaintiffs have refused to produce information about their attorneys' fees on

the ground that such information is privileged.  But a fee arrangement or the

amount of fees paid is neither legal advice nor a communication made to an

attorney for the purpose of seeking legal advice—the basic prerequisites for

information to be privileged.  Thus, courts routinely hold that this information is

not privileged.  *See, e.g.*, *In re Shargel*, 742 F.2d 61, 62 (2d Cir. 1984) ("We have

consistently held that client identity and fee information are, absent special

circumstances, not privileged."); *In re Semel*, 411 F.2d 195, 197 (3d Cir. 1969)

("In the absence of unusual circumstances, the fact of a retainer, the identity of the

client, the conditions of employment and the amount of the fee do not come within

the privilege of the attorney-client relationship."); *In re Stanziale*, 2008 Bankr.

LEXIS 1454, at *4 (Bankr. D.N.J. Apr. 21, 2008) ("The identity of the client, [and]

the amount of the fee . . . are usually not protected from disclosure by the attorney-client privilege.").

Moreover, because Plaintiffs have asserted a claim for attorneys' fees and costs in this action (*see* Compl. ¶ 181(d)), their fee arrangement and the amount of attorneys' fees and costs that they have incurred and/or paid in this litigation are relevant and discoverable now.  *See, e.g.*, *Callaway v. Papa John's USA, Inc.*, 2010 U.S. Dist. LEXIS 113274, at *5 (S.D. Fla. Oct. 12, 2010) (granting motion to compel production of plaintiffs' attorneys' fee agreement and rejecting request to delay production until after ruling on merits); *Gaus v. Conair Corp.*, 2000 U.S. Dist. LEXIS 4450, at *9 (S.D.N.Y. Apr. 6, 2000) ("Courts therefore have not hesitated to compel the production of written retainer or fee agreements when the information contained therein may be relevant.").

*OFS Fitel, LLC v. Epstein*, 549 F.3d 1344 (11th Cir. 2008), is binding precedent on this point.  There, plaintiff argued that Georgia law did not require it to disclose its ongoing attorney's bills on a regular basis, despite the fact that it had a claim for attorneys' fees.  *Id.* at 1350.  The district court rejected that argument, however, stating that "[i]f there was a personal injury case and your client was having ongoing medical bills would you say, well, I'm not going to give you any of the medical expenses because they're ongoing?  I mean, what's the difference?

. . . [T]o say we're demanding attorney's fees as part of our damages, and we refused to give you the bills that document what those fees are . . . I'm just mystified by that argument." *Id.* Going further, the court dismissed plaintiff's claim for attorneys' fees after plaintiff repeatedly failed to produce its attorneys' bills. *See id.*; *see also id.* at 1365-67 (affirming dismissal of claim for attorneys' fees where plaintiff failed to produce attorney's fee agreement and attorney bills).

Plaintiffs' claim that their attorneys' fee information is "privileged information" has no basis in the law. And Plaintiffs' refusal to produce their fee arrangement and the amount of attorneys' fees and costs incurred to date have prejudiced Defendants' ability to value Plaintiffs' claim and assess Defendants' potential liability in this case. Plaintiffs should be compelled to immediately produce their fee arrangement and documents sufficient to show the amount of attorneys' fees and costs that have been incurred and/or paid to date.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court order Plaintiffs to produce Plaintiffs' counsel's fee agreement and documents sufficient to show the amount of attorneys' fees and costs that Plaintiffs have incurred and/or paid to date, and to update such information on a regular basis for the duration of this litigation.

Respectfully submitted, this 10th day of June, 2011.

 /s/ Richard H. Sinkfield

Richard H. Sinkfield
Georgia Bar No. 649100
RSinkfield@rh-law.com

Dan F. Laney III
Georgia Bar No. 435290
DLaney@rh-law.com

ROGERS & HARDIN LLP
229 Peachtree Street, N.E.
2700 International Tower
Atlanta, Georgia  30303
Tel.:   404-522-4700
Fax:   404-525-2224

*Attorneys for Defendants*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| TASER INTERNATIONAL, INC., *et al.*, | |
| Plaintiffs, | Civil Case No. |
| v. | 1:10-CV-03108-JEC |
| MORGAN STANLEY & CO., INC., *et al.*, | |
| Defendants. | |

## <u>CERTIFICATE OF COMPLIANCE</u>

Pursuant to Local Rule 7.1(D), I hereby certify that the foregoing

DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR

MOTION TO COMPEL THE PRODUCTION OF DOCUMENTS RELATED TO

PLAINTIFFS' CLAIM FOR ATTORNEYS' FEES has been prepared in Times

New Roman, 14-point font, as permitted by Local Rule 5.1(C).

/s/ Richard H. Sinkfield
Richard H. Sinkfield
Georgia Bar No. 649100
RSinkfield@rh-law.com

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| TASER INTERNATIONAL, INC., *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>MORGAN STANLEY & CO., INC., *et al.*,<br><br>Defendants. | Civil Case No.<br><br>1:10-CV-03108-JEC |

## CERTIFICATE OF SERVICE

I hereby certify that on June 10, 2011, I caused a copy of the foregoing

DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR

MOTION TO COMPEL THE PRODUCTION OF DOCUMENTS RELATED TO

PLAINTIFFS' CLAIM FOR ATTORNEYS' FEES to be filed with the Clerk of

Court using the CM/ECF system, which will automatically send notification of

such filing to the following attorneys of record:

Melissa Aoyagi, Esq.
melissa.aoyagi@davispolk.com

Robert L. Ashe, III, Esq.
ashe@bmelaw.com

Michael A. Caplan, Esq.
caplan@bmelaw.com

Justin J. DeCamp, Esq.
decampj@sullcrom.com

Elizabeth G. Eager, Esq.
eager@bmelaw.com

Brad M. Elias, Esq.
belias@omm.com

Henry D. Fellows, Jr., Esq.
hfellows@fellab.com

Heather L. Fesnak, Esq.
heather.fesnak@cwt.com

John E. Floyd, Esq.
floyd@bmelaw.com

Andrew J. Frackman, Esq.
afrackman@omm.com

Mia N. Gonzalez, Esq.
mgonzalez@omm.com

Jason M. Halper, Esq.
Jason.Halper@cwt.com

Tracy Richelle High, Esq.
hight@sullcrom.com

Fraser L. Hunter, Jr., Esq.
fraser.hunter@wilmerhale.com

Nicole G. Iannarone, Esq.
iannarone@bmelaw.com

2

Peter Isajiw, Esq.
peter.isajiw@cwt.com

Brad E. Konstandt, Esq.
brad.konstandt@wilmerhale.com

Jeffrey A. Kopczynski, Esq.
jkopczynski@omm.com

Gregory A. Markel, Esq.
Greg.Markel@cwt.com

John G. McCarthy, Esq.
mccarthyj@sullcrom.com

Robin L. Nunn, Esq.
nunnr@sullcrom.com

Richard C. Pepperman, Esq.
peppermanr@sullcrom.com

Jill A. Pryor, Esq.
pryor@bmelaw.com

David M.J. Rein, Esq.
reind@sullcrom.com

Steven J. Rosenwasser, Esq.
rosenwasser@bmelaw.com

Abby F. Rudzin, Esq.
arudzin@omm.com

Robert F. Wise, Jr., Esq.
robert.wise@davispolk.com

Israel Dahan, Esq.
CADWALADER, WICKERSHAM
& TAFT LLP
One World Financial Center
New York, NY  10281

James W. Christian, Esq.
Gary M. Jewell, Esq.
CHRISTIAN, SMITH & JEWELL
LLP
2302 Fannin, Suite 500
Houston, TX  77002

Andrew B. Clubok, Esq.
Daniel J. Gomez, Esq.
Jeffrey G. Landis, Esq.
Jeffrey M. Gould, Esq.
KIRKLAND & ELLIS LLP
655 Fifteenth Street, N.W.
Washington, DC  20005

Allen W. Burton, Esq.
Jacqueline V. Roeder, Esq.
O'MELVENY & MYERS LLP
Times Square Tower
7 Times Square
New York, NY  10036

Harry Frischer, Esq.
Stephen L. Ratner, Esq.
Brian L. Friedman, Esq.
PROSKAUER ROSE LLP
1585 Broadway
New York, NY  10036

Richard H. Klapper, Esq.
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, NY  10004-2498

Douglas F. Curtis, Esq.
J. David Zetlin-Jones, Esq.
WILMER CUTLER PICKERING
HALE AND DORR LLP
399 Park Avenue
New York, NY  10022

/s/ Richard H. Sinkfield
Richard H. Sinkfield
Georgia Bar No. 649100
rsinkfield@rh-law.com