# EXHIBIT D

Page 1

1           IN THE UNITED STATES DISTRICT COURT
            FOR THE NORTHERN DISTRICT OF GEORGIA
2                   ATLANTA DIVISION

3

4   TASER INTERNATIONAL, INC.,      )
    et al.                          )
5                                   )
            Plaintiffs,             ) CIVIL ACTION
6                                   )
        vs.                         )    FILE NO.:
7                                   )
    MORGAN STANLEY & CO., INC.,     )1:10-CV-03108-JOF
8   et al.,                         )
                                    )
9           Defendants.             )
10

11

12

                VIDEOTAPED DEPOSITION OF
13                    JANE S. MAJ
                  JANUARY 27, 2011
14                    9:15 A.M.
15              BONDURANT, MIXSON & ELMORE
            1201 WEST PEACHTREE STREET, N.W.
16                    SUITE 3900
                  ATLANTA, GEORGIA
17

18          CONTAINS CONFIDENTIAL PORTIONS
             PURSUANT TO PROTECTIVE ORDER
19

20

21

22

23  REPORTED BY:
24  SUZANNE BEASLEY, RPR
25  CCR-B-1184

Page 278

1    A.   Yes.                    17:23:40
2    Q.   And how do you know that it is an account   17:23:40
3  that's located in Georgia?          17:23:43
4    A.   Maybe I've heard it from Dick Haskell.   17:23:45
5  And here's the address right here, James Baker,   17:23:47
6  One Ravinia Drive.                17:23:50
7    Q.   Now, going to just briefly about your   17:24:01
8  trust, who are the beneficiaries of the Jane S. Maj   17:24:05
9  Trust?                      17:24:12
10    A.   I am.                  17:24:12
11    Q.   Anyone else?              17:24:13
12    A.   My brother.              17:24:16
13    Q.   Your brother.  What is your brother's   17:24:17
14  name?                      17:24:21
15    A.   Ted.                  17:24:21
16    Q.   Ted Maj?                17:24:21
17    A.   Yes, M-a-j.              17:24:23
18    Q.   And how do you fund the trust?  Does Ted   17:24:28
19  also contribute?                17:24:32
20    A.   No.                  17:24:34
21    Q.   Only you contribute funds to --      17:24:34
22    A.   Correct.                17:24:38
23    Q.   And no one else?            17:24:39
24    A.   Correct.                17:24:40
25    Q.   And only yourself and Ted Maj are the   17:24:41

Page 279

1  beneficiaries of the trust?          17:24:45
2    A.   Yes.                  17:24:47
3    Q.   Do you have any documents related to the   17:24:47
4  trust?                      17:24:49
5    A.   Yes.                  17:24:50
6    Q.   Did you produce any of those documents to   17:24:50
7  your attorneys?                17:24:54
8    A.   I don't remember if I did.        17:24:56
9    Q.   We may seek copies of documents related to   17:24:58
10  the trust.                    17:25:07
11    A.   You're asking me if you may?        17:25:10
12    Q.   No.  I'm just letting you know.  I'll work   17:25:16
13  with your attorneys.              17:25:19
14    A.   Okay.                  17:25:20
15    Q.   How much money have you spent on      17:25:21
16  attorney's fees to date in this litigation?   17:25:23
17      MR. CAPLAN:  Object to the form and   17:25:27
18  the foundation, and I direct the witness   17:25:27
19  not to respond.  And I will say here that   17:25:30
20  we have discussed this issue in prior   17:25:34
21  depositions and suggested that the   17:25:38
22  attorneys have a conferral on this issue,   17:25:41
23  and to date have not received any inquiry.   17:25:47
24      MS. NUNN:  We believe it is improper   17:25:52
25  for you to instruct her not to answer this   17:25:55

Page 280

1  question.  And we reserve rights, including   17:25:58
2  to move to compel answers to this question   17:26:02
3  as well as reopen this deposition.      17:26:07
4      MR. CAPLAN:  I would suggest that you   17:26:10
5  meet and confer before you compel.      17:26:12
6  BY MS. NUNN:                  17:26:18
7    Q.   Are you going to follow your attorney's   17:26:18
8  advice?                    17:26:20
9    A.   I don't know.            17:26:20
10      MR. CAPLAN:  You're going to follow   17:26:21
11  my advice.  I instruct you to.  Don't   17:26:23
12  answer the question.            17:26:26
13      MS. NUNN:  That was a joke among   17:26:27
14  attorneys.                  17:26:29
15      THE WITNESS:  I am sure of that.    17:26:30
16  BY MS. NUNN:                  17:26:31
17    Q.   You understand if I successfully challenge   17:26:31
18  your attorney's instructions for you not to answer   17:26:40
19  that you will be required to come back at your   17:26:43
20  expense to answer the question, correct?   17:26:46
21    A.   Okay.                  17:26:50
22    Q.   How much money have you personally spent   17:26:50
23  to date on this litigation?          17:27:10
24      MR. CAPLAN:  Same objection and same   17:27:12
25  instruction.                17:27:14

Page 281

1      THE WITNESS:  I don't remember.      17:27:17
2  BY MS. NUNN:                  17:27:17
3    Q.   Are you aware of any settlement offer in   17:27:19
4  this litigation?                17:27:22
5    A.   No, I'm not.              17:27:23
6    Q.   Did your attorney ever inform you that you   17:27:24
7  were offered $1,000?              17:27:27
8    A.   Yes.                  17:27:29
9    Q.   And did you decline?          17:27:30
10    A.   Yes, I did.              17:27:33
11    Q.   Why did you decline the $1,000 offer?   17:27:34
12      MR. CAPLAN:  I object to this      17:27:54
13  question and instruct the witness that you   17:27:55
14  may answer the question insofar as it   17:27:59
15  doesn't require that you reveal      17:28:01
16  attorney-client privileged communications.   17:28:04
17  I'll also note for the record that I   17:28:06
18  consider this line of questioning to be   17:28:09
19  intimidating and harassing.          17:28:11
20  BY MS. NUNN:                  17:28:13
21    Q.   You can answer.            17:28:13
22    A.   I don't remember.            17:28:14
23    Q.   Do you have an engagement letter or   17:28:14
24  retainer agreement with your attorneys?   17:28:17
25    A.   Excuse me?              17:28:21

71 (Pages 278 - 281)