IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| TASER INTERNATIONAL, INC., et al., | Case No.: 1:10-CV-03108-JEC |
| Plaintiffs, | |
| v. | [On removal from the State Court of Fulton County, Georgia Case No.: 2008-EV-004739-B] |
| MORGAN STANLEY & CO., INC., et al., | |
| Defendants. | |

## NOTICE OF FILING SIXTH ORDER OF SPECIAL MASTER

COMES NOW, Henry D. Fellows, Jr., in his capacity as Special Master appointed by Chief U.S. District Judge Julie E. Carnes by Order entered on December 17, 2010 [139], and hereby files the attached Sixth Order of Special Master which is being served electronically upon all counsel of record.

Respectfully submitted this 14th day of June, 2011.

FELLOWS LABRIOLA LLP

s/Henry D. Fellows, Jr.
Henry D. Fellows, Jr.
Georgia Bar No.: 216298
Fellows LaBriola LLP
Peachtree Center
225 Peachtree St., NE
Suite 2300 South Tower
Atlanta, Georgia 30303
(404) 586-9200 Telephone

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| TASER INTERNATIONAL, INC., et al., ) | Case No.: 1:10-CV-03108-JEC |
| Plaintiffs, ) | |
| ) | |
| v. ) | [On removal from the State |
| ) | Court of Fulton County, |
| MORGAN STANLEY & CO., INC., et al., ) | Georgia Case No.: |
| ) | 2008-EV-004739-B] |
| Defendants. ) | |

## SIXTH ORDER OF SPECIAL MASTER

The Sixth Order of Special Master addresses two subjects: (i) the Parties' joint request expressed through an e-mail dated June 9, 2011, from Brad M. Elias, Esq., that the Special Master modify the deadlines stated in the Fourth Order relating to Plaintiffs' Motion to Compel Regarding their Second Requests for Production to Defendant Merrill Lynch Professional Clearing Corp. ("Merrill Pro") [171]; and (ii) the Special Master's review of documents partially or completely withheld from disclosure and production by Plaintiffs based upon assertions of the attorney-client privilege and the work product doctrine.

As to the first subject, good cause having been shown, the Special Master **ORDERS** that the deadlines stated in the Fourth Order are revised as follows: Merrill Pro will continue to produce documents, including electronically stored

1

information ("ESI"), to Plaintiffs on a rolling basis through and including July 9, 2011, by which time all jurisdictional discovery shall be completed. Specifically, the Parties agree, and the undersigned **ORDERS**:

(1)  Merrill Pro will produce the verified advertising list no later than June 20, 2011.

(2)  For the account statements, Merrill Pro will make rolling productions of the available statements to Plaintiffs each successive Friday through July 8, 2011.

(3)  For ESI, Merrill Pro will make rolling productions on a custodian-by-custodian basis and will actively work on at least one custodian at all times.

(4)  In the event that the Court grants Merrill Pro's Motion to Dismiss for Lack of Personal Jurisdiction on or before July 9, 2011, Merrill Pro will not argue that the documents produced between June 9, 2011, and July 9, 2011, were previously available to Plaintiffs or that Plaintiffs should have cited them when filing their original Memorandum in Opposition to the Motion to Dismiss. Merrill Pro reserves the right, however, to argue that the newly produced documents would not change any prior determination by the Court.

As to the second subject, during the first half of June, 2011, the Special Master and one of his associates have reviewed twenty-four boxes of documents which Plaintiffs delivered to the undersigned pursuant to the First Order of Special

Master filed on February 7, 2011. Plaintiffs fully complied with the Order by providing the undersigned with the documents, including ESI, and accompanying privilege logs which explain which documents have been withheld based upon the attorney-client privilege, the work product doctrine, the accountant-client privilege, or some combination of the aforesaid privileges and work product doctrine. The Special Master has reviewed those documents which have been withheld or redacted solely upon assertions of the attorney-client privilege and/or the work product doctrine. The undersigned will address the subject of the accountant-client privilege assertions in a subsequent order.

The Special Master has been guided by the same principles in evaluating Plaintiffs' privilege assertions and redactions based upon the attorney-client privilege as he applied in evaluating Defendants' privilege assertions and redactions. Federal Rule of Evidence 501 states that "the privilege of a witness... shall be governed by the principles of the common law as they may be interpreted by the courts of the United States in light of reason and experience." The attorney-client privilege applies to communications between an attorney for a corporation and certain officers, directors, and other employees of a corporation, subject to certain limitations, under federal common law and Georgia law. *Upjohn Co. v. United States,* 449 U.S. 383, 389-391 (1981); *Marriott Corp. v. American Academy of Psychotherapists, Inc.,* 157 Ga. App. 497, 277 S.E.2d 785 (1981). "The party

3

asserting the attorney-client privilege bears the burden of demonstrating that the privilege applies." *Carpenter v. Mohawk Industries, Inc.*, 4:07-CV-0049-HLM, 2007 WL 5971741, at 9 (N.D. Ga. 2007), quoting *Abdallah v. Coca-Cola Co.*, 1:98-CV-03679-RWS, 2000 WL 33249254, at 2 (N.D. Ga. 2000); *Zielinski v. Clorox Co.*, 270 Ga. 38, 40 (1998); *McKesson Corp. v. Green*, 279 Ga. 95, 96 (2005) (burden of proving attorney-client privilege "lies on party claiming the privilege").

In reviewing Plaintiffs' documents, including ESI, the Special Master finds that Plaintiffs have met their specific evidentiary burdens to justify their assertions of attorney-client privilege and work product doctrine as to an extremely high percentage of the documents which have been completely withheld from production and as to the documents which have been redacted. Plaintiffs have met their burden "by an evidentiary showing based on competent evidence." *In re Mentor Corp. Obtape Transobturator Sling Prods. Liab. Litigation*, 632 F. Supp.2d 1370, 1379-80 (M.D. Ga. 2009).

The undersigned has assessed Plaintiffs' privilege and redaction assertions based upon the principle that communications concerning business matters are not privileged and may not be withheld from discovery. *United States v. Christou*, 2008 U.S. Dist. LEXIS 12498 (N.D. Ga. 2008). The undersigned has adhered to the principle that "[n]either the attorney-client nor the work-product privilege can

prevent the disclosure of underlying relevant facts." *Huff v. Huff*, 2006 U.S. Dist. LEXIS 57090, at *3 (N.D. Ga. 2006). The undersigned has also reviewed the documents based upon the principle that Plaintiffs may not establish the applicability of the attorney-client privilege or work product doctrine merely by noting that an attorney sent or received a document. *Bogle v. McClure*, 332 F.3d 1347, 1358 (11th Cir. 2003).

Furthermore, the Special Master has abided by the principle that documents disseminated to numerous employees cannot be deemed privileged absent a showing of "need to know." *Mentor Corp., supra*, 632 F. Supp.2d at 1380-1381; *Ga. Cash America, Inc. v. Strong*, 286 Ga. App. 405, 412 (2007). The undersigned has specifically applied that standard to the documents sent by corporate employees of Plaintiff Taser International, Inc. ("Taser") to corporate attorneys employed by Plaintiff Taser.

Having carefully reviewed the documents, including ESI, and accompanying privilege logs provided by Plaintiffs to the Special Master, the undersigned hereby **DIRECTS** Plaintiffs to either: (1) produce to Defendants within ten (10) days of this Order the documents listed on Exhibits "A" through "C" to this Order; or (2) "show cause" within ten (10) days of this Order why those documents should not be produced. Plaintiffs may do so by supplementing the privilege log entries associated with those documents and providing the undersigned with the

5

supplemental privilege log entries by June 24, 2011. The undersigned will then issue another Order as soon as practicable which will address those documents. Both Plaintiffs and Defendants can reserve their formal Objections to the undersigned's rulings on documents until after the issuance of the next Order.

SO ORDERED, this 14th day of June, 2011.

_____
Henry D. Fellows, Jr.
Georgia Bar No. 257825

FELLOWS LABRIOLA LLP
Peachtree Center, Suite 2300, South Tower
225 Peachtree Street, N.E.
Atlanta, GA 30303-1731
(404) 586-9200

## CERTIFICATE OF SERVICE

I hereby certify that I have on this day served the foregoing **Notice of Filing Sixth Order of Special Master** upon counsel of record via electronic mail and the CM/ECF filing system, which will also send email notification to all counsel of record.

This 14th day of June, 2011.

s/Henry D. Fellows, Jr.
Henry D. Fellows, Jr.